JONATHAN E. NUECHTERLEIN
General Counsel

DAMA J. BROWN
Regional Director

REID TEPFER
rtepfer@ftc.gov
Texas Bar No. 24079444
LUIS GALLEGOS
lgallegos@ftc.gov
Oklahoma Bar No. 19098
Federal Trade Commission
1999 Bryan Street, Suite 2150
Dallas, Texas 75206
(214) 979-9395 (Tepfer)
(214) 979-9383 (Gallegos)
(214) 953-3079 (fax)

RAYMOND McKOWN
rmckown@ftc.gov
California Bar No. 150975
10877 Wilshire Boulevard, Suite 700
Los Angeles, California 90024
(310) 824-4325 (voice)
(310) 824-4380 (fax)

Attorneys for Plaintiff Federal Trade Commission

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

CV15 - 04527 - GW(PLAx)

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Case No. |
| Plaintiff, | PLAINTIFF'S *EX PARTE* APPLICATION AND MEMORANDUM IN SUPPORT OF APPLICATION FOR AN ORDER TEMPORARILY SEALING THE ENTIRE FILE AND DOCKET |
| v. | |
| BUNZAI MEDIA GROUP, INC., *et al.*, | |
| Defendants. | |
| | [FILED UNDER SEAL] |

FILED
CLERK, U.S. DISTRICT COURT

JUN 16 2015

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

LODGED
CLERK, U.S. DISTRICT COURT

JUN 15 2015

BY          CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

1    JONATHAN E. NUECHTERLEIN
     General Counsel
2
     DAMA J. BROWN
3    Regional Director

4    REID TEPFER
     rtepfer@ftc.gov
     Texas Bar No. 24079444
5    LUIS GALLEGOS
     lgallegos@ftc.gov
6    Oklahoma Bar No. 19098
     Federal Trade Commission
7    1999 Bryan Street, Suite 2150
     Dallas, Texas 75206
8    (214) 979-9395 (Tepfer)
     (214) 979-9383 (Gallegos)
     (214) 953-3079 (fax)
9

10   RAYMOND McKOWN
     rmckown@ftc.gov
     California Bar No. 150975
11   10877 Wilshire Boulevard, Suite 700
     Los Angeles, California 90024
12   (310) 824-4325 (voice)
     (310) 824-4380 (fax)

13   Attorneys for Plaintiff Federal Trade Commission

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

CV15 - 04527 - GW(PLAx)

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,** | Case No. |
| Plaintiff, | **PLAINTIFF'S *EX PARTE* APPLICATION AND MEMORANDUM IN SUPPORT OF APPLICATION FOR AN ORDER TEMPORARILY SEALING THE ENTIRE FILE AND DOCKET** |
| v. | |
| **BUNZAI MEDIA GROUP, INC.,** *et al.*, | |
| **Defendants.** | **[FILED UNDER SEAL]** |

FILED
CLERK, U.S. DISTRICT COURT
JUN 16 2015
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

LODGED
CLERK, U.S. DISTRICT COURT
JUN 15 2015
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

APPLICATION FOR SEAL AND MEMORANDUM IN SUPPORT        Page | 1

1    Plaintiff Federal Trade Commission ("FTC") files this *Ex Parte* Application

2    and Memorandum in Support of Application for an Order Temporarily Sealing the

3    Entire File and Docket ("Application for Seal") and requests an Order:

4        1.    Waiving notice of this *ex parte* application;

5        2.    Temporarily sealing all documents filed by the FTC and any orders

6    issued by the Court in this action, under the Court's inherent authority and Local

7    Rule 79-5.1;

8        3.    Prohibiting the Court Clerk from:

9            a.    Disclosing the filing of this case or the title of any documents

10   filed or lodged in this case;

11           b.    Disclosing that any of the Defendants have been named as

12   Defendants in an action filed by the FTC;

13           c.    Making available to any member of the public or press any

14   documents or copy of any documents filed or lodged in this case; and

15       4.    Automatically lifting the seal after the close of the fifth court day

16   following the issuance of the Order Temporarily Sealing the Entire File and

17   Docket, without motion by the FTC or further Order by the Court.

18                          **MEMORANDUM**

19       Plaintiff seeks a temporary seal for the same reasons it seeks an order

20   waiving the requirement that advance notice of Plaintiff's *Ex Parte* Application

APPLICATION FOR SEAL AND MEMORANDUM IN SUPPORT          Page | 2

1   for a Temporary Restraining Order (TRO) be provided to Defendants.  Plaintiff

2   has applied for a TRO that includes an asset freeze, the appointment of a

3   temporary receiver, a provision prohibiting the destruction, transfer or disposition

4   of documents, and immediate access to Defendants' business premises.  The

5   purpose of these provisions is to preserve the possibility of providing effective

6   final relief—including consumer restitution—to consumers who have been

7   victimized by Defendants' deceptive practices.  Advance notice of Plaintiff's

8   application for a TRO would create a substantial risk that Defendants would

9   dissipate assets or destroy documents, thereby defeating the purpose of the

10  requested TRO.

11      If this matter is filed and docketed as a non-sealed public record, there is a

12  substantial likelihood that Defendants will learn of the pending action before the

13  requested TRO could be issued and served on Defendants.  In fact, in a previous

14  action in which the FTC sought non-noticed relief, the defendants learned that the

15  FTC had sued them before the TRO was issued because they had retained a law

16  firm that had hired a company to monitor new filings to alert the firm when any of

17  its clients had been sued.[1]

18

---

19  [1] Certification and Declaration of Plaintiff's Counsel Reid A. Tepfer in Support of
    Plaintiff's:  (A) Ex Parte Temporary Restraining Order Application; (B) Ex Parte
20  Seal Order Application; and (C) Ex Parte Application for Waiver of Notice
    Requirement ("Tepfer Declaration") ¶ 16.

APPLICATION FOR SEAL AND MEMORANDUM IN SUPPORT        Page | 3

1    Preventing advance notice to Defendants is warranted for four reasons.

2    First, Defendants' conduct reflects a clear disregard for complying with federal

3    consumer protection laws.  As alleged in the Complaint, Defendants are violating:

4    (1) Section 5 of the Federal Trade Commission Act ("FTC Act), 15 U.S.C. §

5    45(a), by: failing to disclose adequately material terms of their offer, including the

6    offer's cost and negative option features; falsely representing that Defendants'

7    business is accredited by the Better Business Bureau with an "A-" rating; and

8    unfairly charging consumers' credit or financial accounts without authorization;

9    (2) Restore Online Shoppers' Confidence Act, 15 U.S.C. § 8403, by failing to

10   clearly and conspicuously disclose all material terms of the negative option

11   feature of their sales offer before obtaining consumers' credit card or financial

12   information; failing to obtain consumers' informed consent to a negative option

13   feature before charging consumers' credit cards or financial accounts; and failing

14   to provide a simple mechanism for consumers to stop recurring charges to credit

15   cards or financial accounts; and (3) the Electronic Funds Transfer Act 15 U.S.C. §

16   1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.10(b), by

17   debiting consumers' financial accounts without consent of the consumers.

18   Second, the temporary seal will help prevent immediate and irreparable

19   harm to the FTC's ability to obtain effective final relief in this matter.   Irreparable

20   harm may be presumed in a statutory enforcement action brought by a law

APPLICATION FOR SEAL AND MEMORANDUM IN SUPPORT        Page | 4

1   enforcement agency.[2]  In addition, evidence filed in this case shows that

2   Defendants are likely to dissipate assets or destroy documents.[3]  Such evidence

3   includes: (1) the fact that Defendants operate their deceptive enterprise through a

4   maze of interrelated shell companies that are used by Defendants to establish

5   dozens of accounts with merchant banks and payment processors so that

6   Defendants can continue their business practices without interruption even if a

7   merchant account is terminated due to consumer complaints, refund, or

8   chargeback activities; (2) Defendants present merchant banks and payment

9   processors with falsified documents in response to consumer chargeback requests;

10  (3) information obtained from a former employee, indicates that Defendants have

11  transferred funds overseas to hide assets and avoid tax liabilities.

12      Third, this suit involves millions of dollars in consumer injury.  Plaintiff

13  seeks the monetary equivalent of rescission, one of the equitable remedies

14  available under Section 13(b) of the FTC Act, 15 U.S.C. § 53(b).  *FTC v. H.N.*

15  *Singer, Inc.*, 668 F.2d 1107, 1113-14 (9th Cir. 1982).  The risk of steep monetary

16  liability provides Defendants incentive to hide their money.

17

18  _____

19  2 *See United States v. Odessa Union Warehouse Co-op*, 833 F.2d 172 (9th Cir. 1987); *FTC v. Warner Commc'ns, Inc.*, 742 F.2d 1156, (9th Cir. 1984) (citing *FTC v. Simeon Mgmt. Corp.*, 532 F.2d 708, 713-714 (9th Cir. 1976)).

20  3 Tepfer Declaration ¶ 11.

APPLICATION FOR SEAL AND MEMORANDUM IN SUPPORT          Page | 5

1    Finally, defendants in FTC actions who have been alerted to a pending TRO

2  or application for a TRO attempt to evade the terms of the order, dissipate assets,

3  or destroy documents.[4]

4    Taken together, these factors demonstrate a substantial risk to the Court's

5  ability to grant effective final relief to injured consumers if notice is provided to

6  Defendants before the entry of the requested TRO.  Therefore, it would serve the

7  public interest to temporarily seal the file and docket in this case.

8                                    **CONCLUSION**

9    For the foregoing reasons, the FTC respectfully requests that the file in this

10  matter be sealed until after the close of the fifth court day following issuance of

11  the Order Temporarily Sealing the Entire File and Docket.

12  Dated: 6/15/15

13                                        _____/s/ Reid Tepfer_____
                                          REID A. TEPFER
14                                        LUIS H. GALLEGOS
                                          Federal Trade Commission
15                                        1999 Bryan Street, Suite 2150
                                          Dallas, Texas 75077
16                                        (214) 979-9395 (Tepfer)
                                          (214) 979-9383 (Gallegos)
17                                        (214) 953-3079 (facsimile)
                                          rtepfer@ftc.gov
18                                        lgallegos@ftc.gov

19

20  _____
    4 Tepfer Declaration ¶¶ 13-14.

APPLICATION FOR SEAL AND MEMORANDUM IN SUPPORT        Page | 6