1  JONATHAN E. NUECHTERLEIN
   General Counsel

2  DAMA J. BROWN
3  Regional Director

4  REID TEPFER
   rtepfer@ftc.gov
   Texas Bar No. 24079444
5  LUIS GALLEGOS
   lgallegos@ftc.gov
6  Oklahoma Bar No. 19098
   Federal Trade Commission
   1999 Bryan Street, Suite 2150
7  Dallas, Texas 75201
   (214) 979-9395 (Tepfer)
8  (214) 979-9383 (Gallegos)
   (214) 953-3079 (fax)

9  RAYMOND McKOWN
   rmckown@ftc.gov
10 California Bar No. 150975
   10877 Wilshire Boulevard, Suite 700
11 Los Angeles, California 90024
   (310) 824-4325 (voice)
12 (310) 824-4380 (fax)

13 Attorneys for Plaintiff Federal Trade Commission

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Case No. CV15-04527-GW(PLAx) |
| Plaintiff, | FILED UNDER SEAL |
| v. | PLAINTIFF FEDERAL TRADE COMMISSION'S *EX PARTE* APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND OTHER EQUITABLE RELIEF AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE |
| BUNZAI MEDIA GROUP, INC., *et al.* Defendants. | |

JONATHAN E. NUECHTERLEIN
General Counsel

DAMA J. BROWN
Regional Director

REID TEPFER
rtepfer@ftc.gov
Texas Bar No. 24079444
LUIS GALLEGOS
lgallegos@ftc.gov
Oklahoma Bar No. 19098
Federal Trade Commission
1999 Bryan Street, Suite 2150
Dallas, Texas 75201
(214) 979-9395 (Tepfer)
(214) 979-9383 (Gallegos)
(214) 953-3079 (fax)

RAYMOND McKOWN
rmckown@ftc.gov
California Bar No. 150975
10877 Wilshire Boulevard, Suite 700
Los Angeles, California 90024
(310) 824-4325(voice)
(310) 824-4380 (fax)

Attorneys for Plaintiff Federal Trade Commission

FILED
CLERK, U.S. DISTRICT COURT
JUN 16 2015
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

LODGED
CLERK, U.S. DISTRICT COURT
JUN 15 2015
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>BUNZAI MEDIA GROUP, INC.,<br>*et al.*<br><br>Defendants. | Case No. CV15-04527-GW(PLAx)<br><br>**FILED UNDER SEAL**<br><br>**PLAINTIFF FEDERAL TRADE COMMISSION'S *EX PARTE* APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND OTHER EQUITABLE RELIEF AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE** |

**APPLICATION FOR TRO**

1

2   Plaintiff Federal Trade Commission ("FTC") having filed its Complaint for
3   Injunctive and Other Equitable Relief ("Complaint"), files Plaintiff's *Ex Parte*
4   Application for Temporary Restraining Order and Other Equitable Relief and
5   Order to Show Cause Why a Preliminary Injunction Should Not Issue ("TRO
6   Application"), and applies to this Court, under Section 13(b) of the Federal Trade
7   Commission Act ("FTC Act"), 15 U.S.C. § 53(b), and Rule 65(b) of the Federal
8   Rules of Civil Procedure, Fed. R. Civ. P. 65(b), for a non-noticed *ex parte*
9   temporary restraining order ("TRO") with provisions:

10   1.   Temporarily restraining Defendants BunZai Media Group, Inc.
11   ("BunZai"), Pinnacle Logistics, Inc. ("Pinnacle"), Media Urge, Inc., CalEnergy,
12   Inc., Adageo, LLC, SBM Management, Inc., Agoa Holdings, Inc., Zen Mobile
13   Media, Inc., SafeHaven Ventures, Inc., Heritage Alliance Group, Inc., AMD
14   Financial Network, Inc., Kai Media, Inc., Insight Media, Inc., Alon Nottea, Motti
15   Nottea, Doron Nottea, Igor Latsanovski, Oz Mizrahi, Roi Reuveni, and
16   Khristopher Bond, also known as Raymond Ibbot, from further violations of
17   Section 5 of the FTC Act, 15 U.S.C. § 45(a), Section 4 of the Restore Online
18   Shoppers Confidence Act ("ROSCA"), 15 U.S.C. § 8403; and Section 907(a) of
19   the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. § 1693e(a), and Section
20   205.10(b) of Regulation E, 12 C.F.R. § 205.10(b), as alleged in the Complaint;

2.   Temporarily restraining and enjoining Defendants from destroying or concealing documents, and from transferring, concealing, or otherwise disposing of assets and ordering the repatriation by Defendants of any foreign assets;

3.   Authorizing the FTC to inspect Defendants' business premises and review their business records;

4.   Appointing a temporary receiver;

5.   Requiring Defendants to show cause why this Court should not issue a preliminary injunction extending such temporary relief pending a final adjudication on the merits;

6.   Requiring Defendants or third parties to provide information concerning the location and amount of Defendants' assets;

7.   Permitting consumer reporting agencies to furnish to Plaintiff consumer credit reports of Defendants;

8.   Temporarily restraining Defendants from failing to maintain business records and from destroying or disposing of business records;

9.   Requiring persons who own or control any premises on which any Defendants' computer equipment is located to preserve such equipment and the information contained thereon and provide Plaintiff access to such equipment and information;

10.   Requiring Defendants to provide a copy of the entered

Temporary Restraining Order to each of their employees and affiliates; and

11. Permitting Plaintiff or its representatives to contact Defendants or their representatives directly for purposes of monitoring compliance with certain injunctive provisions of the Temporary Restraining Order.

As grounds for this TRO Application, the FTC states that Defendants have engaged and may continue to engage in acts and practices that violate Section 5(a) of the FTC Act, ROSCA, and EFTA as set forth in the FTC's Complaint, its Memorandum in Support of *Ex Parte* Application for a Temporary Restraining Order and Other Equitable Relief and Order to Show Cause Why a Preliminary Injunction Should Not Issue ("Plaintiff's Memorandum") in support of this TRO Application, and the supporting declarations and attachments.

*Ex parte* relief is warranted because Defendants are likely to dissipate assets and destroy or conceal evidence if notified of this action. If this occurs, it will likely cause irreparable damage to this Court's ability to provide effective final relief to consumers. Therefore, the FTC requests that the Court grant an *ex parte* TRO and waive any requirement of notice to the Defendants until after Defendants' assets are frozen and they have been served with the requested TRO.

In support of this Application, the FTC respectfully refers the Court to its Memorandum of Points and Authorities in Support of Plaintiff Federal Trade Commission's *Ex Parte* Motion for a Temporary Restraining Order with Asset

Freeze, Appointment of a Receiver, Other Equitable Relief and the exhibits filed in support of this Motion. Additionally, the FTC refers the Court to the Rule 65(b) Certification of FTC counsel Reid Tepfer concerning the need for *ex parte* relief. The FTC has not previously applied for the relief sought in this *ex parte* motion or any similar relief against Defendants.

Respectfully submitted,

JONATHAN E. NUECHTERLEIN
General Counsel

DAMA J. BROWN
Regional Director

Dated: 6/15/15

*Reid Tepfer*
REID TEPFER,
Texas Bar No. 24079444
LUIS GALLEGOS
Oklahoma Bar No. 19098
Federal Trade Commission
1999 Bryan Street, Suite 2150
Dallas, Texas 75201
(214) 979-9395 (Tepfer)
(214) 979-9383 (Gallegos)
(214) 953-3079 (fax)
rtepfer@ftc.gov; lgallegos@ftc.gov

RAYMOND MCKOWN
California Bar No. 150975
10877 Wilshire Boulevard, Suite 700
Los Angeles, California 90024
(310) 824-4325(voice)
(310) 824-4380 (fax)
rmckown@ftc.gov