1  JONATHAN E. NUECHTERLEIN
   General Counsel

2  DAMA J. BROWN
3  Regional Director

4  REID TEPFER
   rtepfer@ftc.gov
   Texas Bar No. 24079444
5  LUIS GALLEGOS
   lgallegos@ftc.gov
6  Oklahoma Bar No. 19098
   Federal Trade Commission
7  1999 Bryan Street, Suite 2150
   Dallas, Texas 75206
8  (214) 979-9395 (Tepfer)
   (214) 979-9383 (Gallegos)
   (214) 953-3079 (fax)

9
   RAYMOND McKOWN
10 rmckown@ftc.gov
   California Bar No. 150975
11 10877 Wilshire Boulevard, Suite 700
   Los Angeles, California 90024
12 (310) 824-4325 (voice)
   (310) 824-4380 (fax)

13 Attorneys for Plaintiff Federal Trade Commission

14           UNITED STATES DISTRICT COURT
            CENTRAL DISTRICT OF CALIFORNIA

15                                    Case No.    CV15-04527-GW(PLAx)

16 FEDERAL TRADE COMMISSION,

                                      FILED UNDER SEAL
   Plaintiff,
17                                    PLAINTIFF'S *EX PARTE*
        v.                            APPLICATION AND
                                      MEMORANDUM FOR ORDER
18 BUNZAI MEDIA GROUP, INC.,          WAIVING REQUIREMENT
   *et al.*                           THAT DEFENDANTS RECEIVE
19                                    ADVANCE NOTICE OF
        Defendants.                   PLAINTIFF'S *EX PARTE*
20                                    APPLICATIONS AND MOTIONS





PLAINTIFF'S *EX PARTE* APPLICATION FOR WAIVER

1   JONATHAN E. NUECHTERLEIN
    General Counsel

2   DAMA J. BROWN
3   Regional Director

4   REID TEPFER
    rtepfer@ftc.gov
    Texas Bar No. 24079444
5   LUIS GALLEGOS
    lgallegos@ftc.gov
6   Oklahoma Bar No. 19098
    Federal Trade Commission
7   1999 Bryan Street, Suite 2150
    Dallas, Texas 75206
8   (214) 979-9395 (Tepfer)
    (214) 979-9383 (Gallegos)
    (214) 953-3079 (fax)
9
    RAYMOND McKOWN
10  rmckown@ftc.gov
    California Bar No. 150975
11  10877 Wilshire Boulevard, Suite 700
    Los Angeles, California 90024
12  (310) 824-4325 (voice)
    (310) 824-4380 (fax)

13  Attorneys for Plaintiff Federal Trade Commission

FILED
CLERK, U.S. DISTRICT COURT

JUN 16 2015

CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

LODGED
CLERK, U.S. DISTRICT COURT

JUN 15 2015

CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

14   **UNITED STATES DISTRICT COURT**
     **CENTRAL DISTRICT OF CALIFORNIA**

15                                    Case No.  CV15- 04527 -GW(PLAx)

16   **FEDERAL TRADE COMMISSION,**

17           Plaintiff,                **FILED UNDER SEAL**

18           v.                        **PLAINTIFF'S *EX PARTE***
                                       **APPLICATION AND**
19   **BUNZAI MEDIA GROUP, INC.,**     **MEMORANDUM FOR ORDER**
     *et al.*                          **WAIVING REQUIREMENT**
                                       **THAT DEFENDANTS RECEIVE**
20           Defendants.               **ADVANCE NOTICE OF**
                                       **PLAINTIFF'S *EX PARTE***
                                       **APPLICATIONS AND MOTIONS**

**PLAINTIFF'S *EX PARTE* APPLICATION FOR WAIVER**

Plaintiff Federal Trade Commission ("FTC") files this *Ex Parte* Application and Memo for Order Waiving Requirement that Defendants Receive Advance Notice of Plaintiff's *Ex Parte* Applications and Motions ("Application for Waiver"), including but not limited to the following:

1. This document;

2. Plaintiff's *Ex Parte* Application and Memorandum in Support of Application for an Order Temporarily Sealing the Entire File and Docket;

3. Plaintiff's *Ex Parte* Application for a Temporary Restraining Order and Other Equitable Relief and Order to Show Cause Why a Preliminary Injunction Should Not Issue;

4. Certification and Declaration of Plaintiff's Counsel Reid Tepfer in Support of Plaintiff's: (A) *Ex Parte* Application for Waiver of Advance Notice Requirement; (B) *Ex Parte* Application for Temporary Restraining Order; and (C) *Ex Parte* Application for Temporarily Sealing the Case;

5. Memorandum in Support of *Ex Parte* Application for a Temporary Restraining Order and Other Equitable Relief;

6. Plaintiff FTC's *Ex Parte* Motion for Leave to File Excess Pages;

**PLAINTIFF'S *EX PARTE* APPLICATION FOR WAIVER**

1    7.  Exhibits of FTC Investigators and Consumers in Support of

2        Plaintiff's *Ex Parte* Application for Temporary Restraining Order

3        with Other Equitable Relief; and

4    8.  Plaintiff's Suggestion of Proposed Receiver.

5    Plaintiff respectfully requests that the Court waive the requirement that

6    Plaintiff provide Defendants with advance notice of Plaintiff's *ex parte*

7    applications, motions, and filings.  Plaintiff's request is supported by the

8    accompanying memorandum, declarations, exhibits, and other papers filed in

9    connection with Plaintiff's *ex parte* application for a temporary restraining order.

10   **MEMORANDUM**

11   **I.   INTRODUCTON**

12   Plaintiff asks the Court to waive the requirement that advance notice of

13   Plaintiff's *ex parte* applications be provided to Defendants BunZai Media Group,

14   Inc. ("BunZai"), Pinnacle Logistics, Inc. ("Pinnacle"), Media Urge, Inc.,

15   CalEnergy, Inc., Adageo, LLC, SBM Management, Inc., Agoa Holdings, Inc., Zen

16   Mobile Media, Inc., SafeHaven Ventures, Inc., Heritage Alliance Group, Inc.,

17   AMD Financial Network, Inc., Kai Media, Inc., Insight Media, Inc., Alon Nottea,

18   Motti Nottea, Doron Nottea, Igor Latsanovski, Oz Mizrahi, Roi Reuveni, and

19   Khristopher Bond, also known as Raymond Ibbot.  Under Fed. R. Civ. P. 65(b)(1),

20   a court may issue a Temporary Restraining Order ("TRO") without written or oral

**PLAINTIFF'S *EX PARTE* APPLICATION FOR WAIVER**

1   notice to the adverse party or the adverse party's attorney if it appears that

2   immediate and irreparable injury, loss, or damage will result if notice is given.

3   This standard is met if providing advance notice would likely defeat the purpose

4   of the TRO. Plaintiff seeks a TRO that includes, among other relief, an asset

5   freeze, the appointment of a temporary receiver, and immediate access to the

6   business premises. As discussed below,[1] Defendants' misconduct and disregard

7   for the law demonstrate a substantial risk that providing advance notice would

8   defeat the purpose of these provisions and would result in immediate and

9   irreparable injury to the Court's ability to provide full and effective final relief to

10   injured consumers.

11

12

13   **II.   FACTUAL BACKGROUND**

14         Defendants market skincare products over the Internet using deceptive

15   offers with hidden costs, negative option features, and return policies.

16   Specifically, Defendants falsely offer "risk free trials" or "gifts" of products to

---

17   [1] *See also* Certification and Declaration of Plaintiff's Counsel Reid Tepfer in
Support of Plaintiff's: (A) *Ex Parte* Application for Waiver of Advance Notice

18   Requirement; (B) *Ex Parte* Application for Temporary Restraining Order; and (C)
*Ex Parte* Application for Temporarily Sealing the Case, at 5-9, and Plaintiff

19   Federal Trade Commission's Memorandum in Support of *Ex Parte* Application
for Temporary Restraining Order and Other Equitable Relief ("TRO Memo"), at

20   44.

**PLAINTIFF'S *EX PARTE* APPLICATION FOR WAIVER**

1  consumers nationwide using online banners, popup advertisements, and websites.

2  Defendants' offers trick consumers into purchasing Defendants' product and

3  enrolling in a continuity plan that charges consumers for additional products each

4  month.

5       Defendants require consumers who accept their "risk free trials" or "gifts"

6  to provide credit or debit card billing information, purportedly to pay nominal

7  shipping and handling fees to receive the advertised products.[2] However, 10 days

8  after receiving consumers' billing information, Defendants charge consumers the

9  full cost of the products, imposing charges of up to $97.88 onto consumers' credit

10  or debit cards.[3] Defendants also enroll consumers into a negative option continuity

11  plan, in which Defendants ship additional products each month and charge

12  consumers' credit or debit cards the full costs of the products, usually $97.88 per

13  month.[4] Moreover, consumers often have significant difficulty receiving a refund

14  and cancelling the continuity plan. Finally, Defendants refuse to provide

15  consumers with refunds for product returns unless the products are returned

16

17

18  _____

19  [2] *See* discussion in TRO Memo at 4-5.

    [3] *See* discussion in TRO Memo at 9.

20  [4] *See* discussion in TRO Memo 9.

**PLAINTIFF'S *EX PARTE* APPLICATION FOR WAIVER**

1   unused and unopened within 30 days of the order's placement.[5] These practices

2   are unlawful and violate Section 5 of the FTC Act, ROSCA, and EFTA.6

3   **III.   ARGUMENT**

4           The FTC should not be required to provide the Defendants with advance

5   notice of the FTC's *ex parte* applications because of the likelihood that once the

6   Defendants learn of this action, one or more Defendants, would dissipate assets or

7   destroy documents before the requested TRO could be issued.

8       **A.   The Court Has the Authority to Waive Notice**

9           The Court has the authority to issue a TRO and other orders in this case

10   without providing advance notice to Defendants.  First, Rule 65(b) expressly

11   authorizes "a temporary restraining order [that] may be issued without written or

12   oral notice to the adverse party or that party's attorney."

13           Second, the legislative history of the 1994 amendments to the FTC Act

14   indicates that Congress has recognized the FTC's authority to obtain extraordinary

15   *ex parte* relief: "Section 13 of the FTC Act authorizes the FTC to file suit to

16   enjoin any violation of the FTC [Act].  The FTC can go into court *ex parte* to

17   obtain an order freezing assets, and is also able to obtain consumer redress."[7]

18   _____

19   [5] *See* Discussion in TRO Memo at 1.

    [6] *See* Discussion in TRO Memo at 1-2.
20   [7] S. Rep. No. 130, 103rd Cong., 1st Sess. 1516 (1993), reprinted in 1994
    U.S.C.C.A.N. 1776, 179091.

**PLAINTIFF'S *EX PARTE* APPLICATION FOR WAIVER**

1    Indeed, in many previous cases filed by the FTC, courts have entered *ex parte*

2    temporary restraining orders without notice.[8]

3    **B.    Waiver of Notice is Warranted**

4    **1.    Waiving Notice is Warranted When Giving Notice Would
        Defeat the Purpose of the TRO.**

5    Rule 65(b)(1) of the Federal Rules of Civil Procedure provides that a TRO

6    may be granted without notice if it appears that irreparable injury will result if

7    notice is given, and the applicant certifies why notice should not be given.[9]

8    Even in cases in which it would be possible to provide an adverse party

9    with notice, "[c]ourts have recognized 'a very narrow band of cases in which *ex*

10

11

12

13

14

15

---

16   [8] *See generally* Certification and Declaration of Plaintiff's Counsel Reid Tepfer in
     Support of Plaintiff's: (A) *Ex Parte* Application for Waiver of Advance Notice
17   Requirement; (B) *Ex Parte* Application for Temporary Restraining Order and
     Other Equitable Relief and Order to Show Cause Why a Preliminary Injunction
18   Should Not Issue; and (C) *Ex Parte* Application for Temporarily Sealing the Case.

19   [9] Further, Irreparable harm may be presumed in a statutory enforcement action
     brought by a law enforcement agency. *See United States v. Odessa Union
20   Warehouse Coop.*, 833 F.2d 172, 176 (9th Cir. 1987).

**PLAINTIFF'S *EX PARTE* APPLICATION FOR WAIVER**

*parte* orders are proper because notice to the defendant would render fruitless the further prosecution of the action.'" [10]

Accordingly, the Court may waive the notice requirement for Plaintiff's *ex parte* applications if it determines that giving notice may defeat the purpose of the requested TRO.

### 2. Providing Advance Notice to Defendants Would Defeat the Purpose of the Requested TRO.

Providing Defendants notice of Plaintiff's *ex parte* applications would stymie the Court's ability to provide the relief requested in Plaintiff's proposed TRO because Defendants are substantially likely to conceal assets if they are alerted before the proposed TRO is entered.

As explained in Plaintiff's Memorandum in Support of *Ex Parte* Application for a Temporary Restraining Order and Other Equitable Relief, Plaintiff seeks consumer restitution for Defendants' law violations. To preserve funds for consumer restitution, Plaintiff seeks a TRO with an asset freeze, the

---

[10] *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (citing *Am. Can co. v. Mansukhani*, 742 f.2d 314, 322 (7th Cir. 1984)). *See also Cenergy Corp. v. Bryson Oil & Gas P.L.C.*, 657 F. Supp. 867, 870 (D. Nev. 1987) (holding that a TRO is properly granted without notice when "giving notice itself may defeat the very purpose of the TRO"); *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995) (advance notice "might nullify the ability ever to achieve the end sought" in situations when opposing parties might act improperly to frustrate the moving party's ability to obtain the relief requested ("If we alert them, they will move the yacht before we can seize it")).

**PLAINTIFF'S *EX PARTE* APPLICATION FOR WAIVER**

1  appointment of a temporary receiver, and immediate access to their business

2  premises.

3       If Defendants receive advance notice, Defendants would have the

4  opportunity to dissipate assets or destroy documents before an order could be

5  issued prohibiting them to do so. Several factors establish substantial risk that

6  Defendants would take advantage of this opportunity.

7       Defendants' efforts to conceal their identities, their well-documented

8  deceptive conduct, and their suspicious banking activities demonstrate a strong

9  probability that Defendants are likely, if given advance notice of this action, to

10  obstruct or frustrate the law enforcement proceedings against them by dissipating

11  assets or destroying business records and documents.[11] And, in fact, a former

12  employee informed the FTC that Defendants have planned and attempted in the

13  past to hide assets in other companies or countries.[12] These measures were taken

14  to hide assets from the government to avoid taxes.[13] Defendants may also have

15  been avoiding possible government enforcement actions. Accordingly, Defendants

16  will likely move money out of the FTC's reach quickly if given the opportunity.[14]

17  _____

18  [11] *See* discussion in TRO Memo 45-46.

19  [12] App. 13.

20  13 App. 13.

[14] *See* App. 782.

**PLAINTIFF'S *EX PARTE* APPLICATION FOR WAIVER**

1    Moreover, many, if not all, of Defendants have connections abroad. In fact, one of

2    the key Defendants in this case, Igor Latsanovski, is currently in the process of

3    having his lawful status in the country revoked.[15]

4           The factors outlined above demonstrate that there is a substantial likelihood

5    that Defendants would immediately attempt to dissipate assets or destroy

6    documents if they received notice of the FTC's applications before the requested

7    TRO was entered.  The risk of harm from providing advance notice is substantial.

8    The ability to provide millions of dollars in restitution to Defendants' clients could

9    be lost.  The potential harm to the Defendants from not providing notice, on the

10   other hand, would be far less.  The TRO is intended merely to preserve the status

11   quo, and under Rule 65(b)(2) may last no more than 14 days, absent a finding of

12   good cause or consent by Defendants to extend it.

13   **IV.    CONCLUSION**

14          Accordingly, Plaintiff respectfully requests that the Court waive the

15   requirement that notice of Plaintiff's *ex parte* application for a TRO and other

16   applications and motions provided to Defendants.

17

18

19   _____

20   [15] *See* App. 32; 612-631.


**PLAINTIFF'S *EX PARTE* APPLICATION FOR WAIVER**

1

2

3                                              Respectfully submitted,

4   Dated: 6/15/15                              _____/s/ Reid Tepfer_____
                                                REID TEPFER,
5                                               Texas Bar No. 24079444
                                                LUIS GALLEGOS
6                                               Oklahoma Bar No. 19098
                                                Federal Trade Commission
7                                               1999 Bryan Street, Suite 2150
                                                Dallas, Texas 75206
8                                               (214) 979-9395 (Tepfer)
                                                (214) 979-9383 (Gallegos)
9                                               (214) 953-3079 (fax)
                                                rtepfer@ftc.gov; lgallegos@ftc.gov
10
                                                RAYMOND MCKOWN,
11                                              California Bar No. 150975
                                                10877 Wilshire Boulevard, Suite 700
12                                              Los Angeles, California 90024
                                                (310) 824-4343(voice)
13                                              (310) 824-4380 (fax)
                                                rmcknown@ftc.gov
14

15

16

17

18

19

20

**PLAINTIFF'S *EX PARTE* APPLICATION FOR WAIVER**