Michael J. Weiss (SBN 206473)
**ABRAMS GARFINKEL MARGOLIS BERGSON, LLP**
5900 Wilshire Blvd. Suite 2250
Los Angeles, CA 90036
310-300-2900
310-300-2901- Fax
Email: Mweiss@agmblaw.com

Brandi J. McKay
**SCHEEF & STONE, L.L.P.**
500 North Akard Street, Suite 2700
Dallas, Texas 75201
214-706-4200
214-706-4242 - Fax
Email: Brandi.Mckay@solidcounsel.com

Attorneys for Receiver
CHARLENE C. KOONCE

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**, <br><br> Plaintiff, <br> v. <br><br> **BUNZAI MEDIA GROUP, INC.**, a California corporation, also doing business as Aura Vie and Miracle Face Kit; et al. <br><br> **Defendants.** | Case No. 2:15-CV-4527-GW(PLAx) <br><br> **NOTICE OF SUBPOENA** |

**TO ALL INTERESTED PARTIES:**

   **PLEASE TAKE NOTICE** that, pursuant to Fed.R.Civ.P. 45, the Receiver Charlene C. Koonce served a subpoena on **Mobooka, LLC, c/o Shane Tackett,**

---

NOTICE OF SUBPOENA                                                                 PAGE 1

1  **Esq., 1295 Indian Street, San Francisco, CA 94107**, commanding production of
2  documents for inspection on or before June 30, 2015,[1] at the offices of Scheef &
3  Stone, L.L.P., 500 N. Akard Street, Suite 2700, Dallas, Texas 75201.  A true and
4  correct copy of the subpoena is attached as **Exhibit A**.

6  Dated:  July 1, 2015                                SCHEEF & STONE, L.L.P.

                                                      By:    */s/Brandi J. McKay*
                                                             Brandi J. McKay
                                                             Bar No: 203941
                                                             500 North Akard Street, Suite 2700
                                                             Dallas, Texas 75201
                                                             214-706-4200
                                                             214-706-4242 - Fax
                                                             Email: Brandi.Mckay@solidcounsel.com

                                                             ATTORNEYS FOR RECEIVER
                                                             CHARLENE C. KOONCE

---

[1] The date for production of some requested documents has been extended by agreement of the parties.

**PROOF OF SERVICE**

I am a citizen of the United States and employed in Dallas County, Texas. I am over the age of eighteen years, and not a party to the within-entitled action. My business address is: 500 North Akard Street, Suite 2700, Dallas, Texas 75201. On July 1, 2015, I served a copy of the document(s) named below:

**NOTICE OF SUBPOENA**

by email on those persons listed below, using the email addresses listed below:

William I. Rothbard
1217 Yale Street, #104
Santa Monica, CA 90404
bill@rothbardlaw.com

Marc S. Harris
Scheper Kim & Harris, LLP
601 W. Fifth Street, 12th Floor
Los Angeles, CA 90071
mharris@scheperkim.com

Reid Tepfer
Luis Gallegos
Brent D. McPeek
Federal Trade Commission
1999 Bryan Street, Suite 2150
Dallas, TX 7520
rtepfer@ftc.gov
lgallegos@ftc.gov
bmcpeek@ftc.gov

Robert M. Ungar
14724 Ventura Boulevard
Penthouse
Sherman Oaks, CA 91403
rmu@ungarlaw.com

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 1, 2015 at Dallas, Texas.

                                */s/ Brandi J. McKay*
                                Brandi J. McKay

EXHIBIT "A"

# SCHEEF & STONE, L.L.P.
*Legal counsel based on solid principles.*

**Writer's Direct Dial:**
(214) 706-4245

**Writer's E-mail Address:**
james.stafford@solidcounsel.com

June 29, 2015

**Via E-mail:s.tackett@tackettmull.com**
**& CMRRR No. 9207 1969 0087 3004 4243 64**

Mobooka, LLC
c/o Shane Tackett, Esq.
1295 Indian Street
San Francisco, CA 94107

Re: Subpoena to Produce Documents

*Federal Trade Commission v. Bunzai Media Group, Inc., et al.;* Case No. 2:15-cv-4527-GW(PLAx); In the United States District Court for the Central District of California, Western Division

Dear Mr. Tackett:

As you know, this Firm represents Charlene C. Koonce, the court-appointed Receiver in the above-referenced matter.

Please find enclosed a subpoena directing Mobooka, LLC to produce documents pursuant to the Temporary Restraining Order (the "*Order*") we included in our June 19, 2015 correspondence. The *Order* directs the Defendants and all other persons in active concert or participation with any of them with possession, custody or control of assets or documents relating to the Receivership Defendants to immediately transfer or deliver all documents of the Receivership Defendants upon request by the Receiver. (*See* ¶ XVII). Although no separate subpoena is required (*See* ¶ XVII), we understand that the enclosed subpoena will assist in expediting Mobooka's response to the Receiver's request.

Based on our communications, we understand that most if not all of the documents you are gathering will be produced in an electronic format. To this end, we request that you e-mail all electronic documents responsive to the subpoena to the Receiver at Charlene.Koonce@solidcounsel.com with a copy to Kelly Crawford (Kelly.Crawford@solidcounsel.com) and James Stafford (James.Stafford@solidcounsel.com). Hard copies of documents responsive to the subpoena may be delivered to the Receiver via FedEx at:

Charlene Koonce, Receiver
c/o Scheef & Stone, LLP
500 N. Akard Street, Suite 2700
Dallas, Texas 75201

Mr. Tackett
June 29, 2015
Page 2

---

       Thank you for your cooperation and please let me know if you have any questions.

                          Sincerely,

                          James Stafford, III

Enclosure
8477.102

cc:     Charlene Koonce, Receiver     (via e-mail: Charlene.Koonce@solidcounsel.com)
         Kelly Crawford, Esq.             (via e-mail: Kelly.Crawford@solidcounsel.com)
         Michael Weiss, Esq.             (via e-mail: Mweiss@agmblaw.com)
         Linda Goldstein, Esq.           (via e-mail: LGoldstein@manatt.com)

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of California

| FEDERAL TRADE COMMISSION | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 2:15-cv-4527-GW(PLAx) |
| BUNZAI MEDIA GROUP, INC., et al. | ) | |
| | ) | |
| *Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Mobooka, LLC c/o Shane M. Tackett, Esq.

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A attached hereto.

| Place: SCHEEF & STONE, LLP<br>500 N. Akard Street, Suite 2700<br>Dallas, TX 75201 | Date and Time:<br>06/30/2015 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____   _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* The Reciever appointed by the Court in the above referenced matter, who issues or requests this subpoena, are:
Kelly M. Crawford, 500 N. Akard, Suite 2700, Dallas, TX 75201, 214-706-4200, kelly.crawford@solidcounsel.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:15-cv-4527-GW(PLAx)

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☑ I served the subpoena by delivering a copy to the named person as follows: Shane M. Tackett

via e-mail (s.tackett@tackettmull.com) and via First Class Mail, RRR (1295 Indian Street, San Franciso, CA 94107) copy to Linda Goldstein (LGoldstein@manatt.com) on *(date)* 06/29/2015 ; or

☐ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
        **(i)** is a party or a party's officer; or
        **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        **(i)** fails to allow a reasonable time to comply;
        **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
        **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
         **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
         **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        **(i)** expressly make the claim; and
        **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A**

    1.    All documents in your possession or control regarding the following listed entities that: (1) represent or evidence the contract between you and any of the entities; (2) identify or reflect the products sold by such entities; (3) identify, evidence, or reflect the accounting of monies received from the sale of products by such entities, and the disposition of such monies by the entities; and (4) identify or refer to your primary contact person for communications with each of the entities:

    ADAGEO, LLC.

    AGOA HOLDINGS, INC.

    ALL STAR BEAUTY PRODUCTS, INC.

    AMD FINANCIAL NETWORK, INC.

    BUNZAI MEDIA GROUP, INC.

    CALENERGY, INC.

    DSA HOLDINGS, INC.

    DYNAMIC MEDIA, INC.

    ECCENTRIC INNOVATIONS, INC.

    FOCUS MEDIA SOLUTIONS, INC.

    FORWARD MOMENTUM, LLC

    GLOBAL MEDIA

    HERITAGE ALLIANCE GROUP, INC.

    IMPULSE MEDIA GROUP, INC.

    INSIGHT MEDIA, INC.

    INTENSIVE MEDIA, INC.

    KAI MEDIA, INC.

    LIFESTYLE MEDIA BRANDS, INC.

      M3D, INC.

      MEDIA URGE, INC.

      OPTIMIZED MEDIA SERVICES, INC.

      PINNACLE LOGISTICS, INC.

      SAFEHAVEN VENTURES, INC.

      SBM MANAGEMENT, INC.

      SECURED COMMERCE, LLC

      SECURED MERCHANTS, LLC

      SHALITA HOLDINGS, INC.

      USM PRODUCTS, INC.

      VERTEX HOLDIGNS GROUP, INC.

      ZEN MOBILE MEDIA, INC.

      2.    All documents in your possession or control regarding the sale of any of the following products that: (1) identify the merchant selling the product or the affiliate or marketer promoting the product; (2) identify or refer to your primary contact person for the account or accounts relating to the sale or marketing of the product; (3) represent or evidence the contract between you and the person or entity selling the product or the person or entity marketing the product; and (4) identify, evidence, or reflect the accounting of monies received from the sale or marketing of the product, and the disposition of such monies:

      AGE RENEW SKIN

      AGE RENEW SKIN SERUM

      ALLEURE ANTI AGING

      ANY PRODUCT WITH THE NAME "AURAVIE"

      BEAUTÃªmer

      BELLAPLEX

BIOGENISTE

CELLOGICA

CELLUMIS EYE

CELLUMIS SERUM

CLEANSE EXTREME

GARCINIA CAMBOGIA

GARCINIA PHARMA

HYDRAVELLA

JUNISSE

JUVESIIO

L'ENVI AGE DEFYING CREAM

L'ENVI ANTI AGING MOISTURIZER

L'ENVI ANTI WRINKLE EYE CREAM

L'ENVI EYE RENEWAL CREAM

LUMAGENEX SKIN CREAM

LUMAGENEX WRINGLE CREAM

NUVODERM

OPUDERM

PURE COLLAGEN SERUM

PURE GARCINIA SUPREME

PURE BELLA

RASPBERRY DETONE BLAST

REFLECTION

REJUVIDERME

ROVELLE

STEMOLOGICA

VULEXA