# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>BUNZAI MEDIA GROUP INC., et al.,<br><br>Defendants. | CASE NO. CV 15-04527-GW(PLAx)<br><br>**ORDER PURSUANT TO FRE RULE 502(d) RE: DEFENDANTS' NON-WAIVER OF ATTORNEY-CLIENT AND ATTORNEY WORK PRODUCT PRIVILEGES IN PRODUCTION OF DOCUMENTS UNDER THE TEMPORARY RESTRAINING ORDER** |

After review and consideration of the stipulation of the Plaintiff, Federal Trade Commission ("FTC), the Temporary Receiver, and Defendants Alon Nottea, Roi Reuveni, and Adageo, LLC (collectively, the "Stipulating Defendants"), for an order regarding non-waiver of attorney-client and attorney work product privileges in production of documents under the Temporary Restraining Order pursuant to Federal Rules of Evidence, Rule 502, the Court orders as follows:

  1. Pursuant to Fed. R. Evid. 502(d), the production of an attorney-client privileged or work-product-protected Documents (including but not limited to emails and file contents), whether inadvertent or otherwise, is not a waiver of the attorney-client or attorney work product privileges ("Privileges") in this case or in

1  any other federal or state proceeding. For example, the mere production of
2  Privileged Documents in this case as part of a mass production, such as provision of
3  access to Stipulating Defendants' emails, is not itself a waiver in this case or in any
4  other federal or state proceeding. The preservation of the Privileges, if any exists or
5  applies, shall apply whether Privileged Documents are produced to the FTC, the
6  Temporary Receiver, their respective representatives, agents or contractors, or a
7  third party litigation support firm engaged for the purpose of copying, searching
8  and/or transmitting the produced documents to the FTC or Temporary Receiver.
9      2.    The following protocol for production of Documents shall be observed
10 with respect to the Stipulating Defendants:
11     (a) Stipulating Defendants shall produce Documents which they
12 contend are subject to a privilege based on any Receivership Defendants'
13 communication with counsel, directly to the Receiver, and at their option, also to
14 third party litigation support firm for further review as discussed below.  Stipulating
15 Defendants shall produce documents which they contend are subject to a privilege
16 based on their individual communications with counsel, to a third party litigation
17 support firm engaged by Plaintiff or the Temporary Receiver for the purpose of
18 copying, searching and/or transmitting the produced Documents to Plaintiff and/or
19 the Temporary Receiver. In the case of electronically stored information ("ESI"),
20 including email accounts, Stipulating Defendants' delivery of ESI shall be
21 accomplished by providing identification of the accounts and username and
22 password access thereto.
23     (b) Identification of accounts and usernames and passwords to access
24 those accounts shall be provided within one hour after all parties to this Stipulation
25 agree to execute it.
26     (c) Production of documents which Stipulating Defendants contend are
27 subject to a claim of privilege by any Receivership Entity (rather than a claim of
28

1  privilege by any Stipulating Defendant), or any document created by any
2  Receivership Entity not arguably subject to a claim of privilege, shall be made to the
3  Receiver within 24 hours of the time on which all parties to this Stipulation agree to
4  execute it.
5        (d) In conjunction with provision of ESI, and as further outlined below,
6  Stipulating Defendants' counsel will provide the third party litigation support firm
7  with search criteria to locate potentially Privileged documents(e.g., date ranges,
8  keywords etc.). The third party litigation support firm will use the search criteria to
9  identify responsive but potentially Privileged items in the personal use email
10  accounts of the Stipulating Defendants and will create a privilege log for such
11  items.  Responsive but potentially Privileged emails contained in Stipulating
12  Defendants' personal use email accounts shall be segregated for safekeeping by the
13  third party litigation support firm and withheld from the Plaintiff and Temporary
14  Receiver, without waiver of the Plaintiff or Temporary Receiver's right to seek
15  production of such withheld documents. All other produced documents will be made
16  available to the Temporary Receiver by the third party litigation support firm, as
17  soon as possible.
18        (e)   Adageo, LLC has no personal use email accounts and treatment
19  of its emails and Documents shall be as provided for herein for all other
20  Receivership Defendants.
21        (f) Stipulating defendants' counsel shall be given access to the
22  Receivership Defendants' email accounts to review responsive but potentially
23  Privileged Documents, or excerpts thereof, to assert the Privileges. Alternatively,
24  Stipulating Defendants may request, at their sole expense, that the third party
25  litigation support firm identify potentially Privileged Documents in the Receivership
26  Defendants' email accounts. Stipulating Defendants' counsel may review emails in
27  business use accounts of Temporary Receivership Entities or such documents
28

identified by the third party litigation support firm as Potentially Privileged, but all documents other than those in the Stipulating Defendants' personal email accounts, including the Receivership Defendants' documents, and all documents from the Receivership Defendants' email accounts, shall be delivered immediately to the Temporary Receiver, while Stipulating Defendants' counsel conducts any such review. Stipulating Defendants' counsel or the third party litigation firm if so requested may provide a privilege log of any document of the Receivership Defendants, which they contend is subject to a privilege, and for which they seek notice as outlined below prior to the Temporary Receiver's disclosure to anyone other than the Court or her agents. The Temporary Receiver is under no limitation or obligation with respect to use or production of any such Potentially Privileged Documents owned by the Receivership Defendants until Stipulating Defendants provides a privilege log, if any. The Receiver nonetheless agrees to provide Stipulating Defendants' counsel 48 hours' notice prior to producing any document which has been identified by Stipulating Defendants counsel as potentially Privileged, and will not produce such documents except to the Court, her agents, or otherwise in furtherance of her mandate, if a motion for protective order is filed within the 48 hour period.

  (g) Non-Privileged emails in Stipulating Defendants' personal use email accounts shall also be delivered to the Temporary Receiver immediately following review and segregation of potentially Privileged Documents by the third party litigation support firm. As soon as practicable, but in no event later than two days after Stipulating Defendants receive access to review responsive but potentially Privileged documents, a privilege log created by the third party litigation support firm shall be provided to the Temporary Receiver to identify items that have been withheld and to explain why those items were withheld.

  (h) In the event the Temporary Receiver has good cause to believe that

an email in a personal use email account that has been identified as Privileged and thus withheld from her is in fact non-privileged and a business-related email to which the Temporary Receiver is entitled to access, the Temporary Receiver may state her objection to the withholding of such email to Stipulating Defendant(s), and the parties shall meet and confer.  Should the meet and confer conference not resolve the objection, the Temporary Receiver may move the Court to compel disclosure of the subject email(s).

3. The Temporary Receiver and the FTC reserve the right to contend that an asserted Privilege does not exist, that the Temporary Receiver holds such Privilege, or otherwise to seek full possession and control of any Document Stipulating Defendants may otherwise claim is subject to Privilege.

4. While still fully subject to the provisions of this Order, Documents containing communications of Stipulating Defendants with their counsel that post-date the filing of the Complaint in this lawsuit need not be placed on a privilege log. All other Privileged Documents to appear on a privilege log may be identified by category, rather than individually, if appropriate.

5. This Order may be modified by Order pursuant to Stipulation of the parties or by further Order of the Court for good cause shown.  Any Order finding that any Document is not subject to a Privilege nullifies and voids any terms of this Order to the contrary with respect to such Document(s).

IT IS SO ORDERED.

DATED: July 6, 2015

_____
The Honorable George H. Wu
Judge, United States District Court