1  SPERTUS, LANDES & UMHOFER, LLP
   James W. Spertus (SBN 159825)
2  Ezra D. Landes (SBN 253052)
   1990 South Bundy Dr., Suite 705
3  Los Angeles, California 90025
   Telephone: (310) 826-4700
4  Facsimile:  (310) 826-4711
   jim@spertuslaw.com
5  ezra@spertuslaw.com

6  Attorneys for Doron Nottea and Motti Nottea

7              UNITED STATES DISTRICT COURT

8             CENTRAL DISTRICT OF CALIFORNIA

9  FEDERAL TRADE COMMISSION,          Case No. 15-CV-4527-GW (PLAx)

10                    Plaintiff,       *[Assigned to the Hon. George H.
                                       Wu, Ctrm. 10]*
11         v.
                                       ***EX PARTE* APPLICATION TO**
12 BUNZAI MEDIA GROUP, INC., et        **VACATE OSC [DOCKET NO. 57],**
   al.,                                **OR, IN THE ALTERNATIVE, TO**
13                                      **CONTINUE HEARING DATE;**
                      Defendants.      **DECLARATION OF JAMES W.**
14                                      **SPERTUS**

15

16

17

18   TO THIS HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS

19   OF RECORD:

20         Defendants Doron Nottea and Motti Nottea (collectively, "Defendants")

21   hereby apply *ex parte* for an order vacating the OSC (Docket No. 57) issued by

22   the Court on July 6, 2015, or, in the alternative, continuing the OSC hearing to

23   any date and time the following week.  This *ex parte* application is based on the

24   facts set forth in the attached Declaration of James W. Spertus, which establish

25   that Defendants have complied with the Temporary Restraining Order that the

26   Court issued in this case, and that Movant failed to meet and confer prior to

27   filing the Affidavit of Non-compliance that caused the Court to set the OSC.

28

Spertus, Landes & Umhofer, LLP
1990 South Bundy Dr., Suite 705
Los Angeles, CA, CA 90025
Telephone 310-826-4700; Facsimile 310-826-4711

---

*EX PARTE APPLICATION TO VACATE OSC*

1   Further, counsel for Defendants had planned to be out-of-state on a personal

2   matter July 16-17, 2015.

3   Respectfully submitted,

4   Dated: July 8, 2015                    SPERTUS, LANDES & UMHOFER, LLP

5

6   _____

7                                         James W. Spertus

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Spertus, Landes & Umhofer, LLP
1990 South Bundy Dr., Suite 705
Los Angeles: CA, CA 90025
Telephone 310-826-4700; Facsimile 310-826-4711

ii.

## DECLARATION OF JAMES W. SPERTUS

1.    I was first retained by Defendants Doron Nottea and Motti Nottea on Friday, July 3, 2015, which was a federal holiday, and spent that day reading the voluminous TRO pleadings filed in this case.  On Sunday, July 5, 2015, our office filed Notices of Appearance (Docket Nos. 45 and 46) for me and Ezra D. Landes.  Within approximately 30 minutes of filing the Notices, I received an email from Receiver Charlene C. Koonce (the "Receiver") stating that unless she received no later than that same night, Sunday night, the sworn financial statements required by the Receivership Order (Docket No. 14) and detailed answers to numerous other questions raised in her email, the Receiver would file on Monday morning an Affidavit of Non-compliance and Emergency Motion for Show Cause Hearing.  A true and correct copy of the Receiver's first email to me is attached hereto as Exhibit "A."  Shortly thereafter, the Receiver's counsel sent another email demanding responses to many additional questions.  A true and correct copy of that second email is attached hereto as Exhibit "B."

2.    Approximately one hour later, on Sunday, July 5, 2015, I responded to the Receiver's emails and informed her that "[w]e will not be able to get you the answers you want by tonight, but we should be able to give you much of it by the end of the day tomorrow (Monday), including the financial disclosures."  A true and correct copy of my July 5, 2015 email to the Receiver is attached hereto as Exhibit "C."  Several hours later, I received an email from the Receiver's counsel stating that "as a showing of good faith you need to produce the email information tonight" and "[i]f that is done the Receiver will consider your request to produce the remaining information by the end of the day tomorrow."  I did not yet have the so-called "email information" and could not produce it within the few hours allotted by the Receiver's demand on Sunday, July 5, 2015.

1.

Spertus, Landes & Umhofer, LLP
1990 South Bundy Dr., Suite 705
Los Angeles, CA, CA 90025
Telephone 310-826-4700; Facsimile 310-826-4711

3.     My office spent all day Sunday and well into the early morning hours on Monday preparing the detailed financial disclosures required by the TRO and gathering responsive information to the Receiver's questions in Exhibits "A" and "B."  My partner, Ezra D. Landes, worked on preparing the financial disclosures and responses until past 2:00 a.m. on Monday, July 6, 2015, slept for approximately four hours, and then returned to the office to continue working on the disclosures and responses so they could be served on Monday, July 6, as I had promised in my July 5, 2015 email to the Receiver.

4.     On Monday, July 6, 2015, at 9:58 a.m., the Receiver filed her Affidavit of Non-compliance (Docket No. 48).  The Receiver's "Certificate of Conference" on page 14 states: "I provided current counsel notice on July 5, 2015 at approximately 3:00 p.m. CST that I would be filing this motion on July 6, 2015, but agreed to wait on filing this motion if Doron and Motti provided the email accounts and credentials which are the subject of a motion to compel, by midnight on July 5, 2015.  No information was provided, however." Respondent's Affidavit of Non-compliance made no mention whatsoever of my July 5 email to the Receiver that the information would be provided with the financial disclosures and the responses to her other questions on Monday, July 6.

5.     On Monday, July 6, 2015, at 3:14 p.m., as I had promised the previous day, I emailed to the Receiver the Defendants' signed financial statements and the responses to the Receiver's requests for additional information.  A true and correct copy of my email to the Receiver is attached hereto as Exhibit "D."[1]  As of that date and time, Defendants were in full compliance with the Receivership Order and there was no basis for the Receiver to seek an order that Defendants violated the Receivership Order "by failing to

---

[1] Certain information provided to the Receiver that is contained in the exhibits attached hereto has been appropriately redacted for purposes of this application.

2.

Spertus, Landes & Umhofer, LLP
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

provide the financial statements, documents and information to the Receiver." (Docket No. 57 (OSC), p.2, lns.6-7).  If the Receiver had engaged in a meaningful meet and confer effort before filing her Affidavit of Noncompliance, the Affidavit of Noncompliance would never have been filed.  In my Monday, July 6, 2015, at 3:14 pm email to the Receiver (Exhibit "D"), I asked the Receiver to withdraw her Affidavit of Non-compliance.

6.     On July 6, 2015, at 3:26 p.m., the Receiver responded by stating: "I will evaluate and get back to you about your request to withdraw the Motion for Show Cause, but not before I receive additional email accounts and credentials." A true and correct copy of the Receiver's email is attached hereto as Exhibit "E." In her email, the Receiver identified only one email account for which the Receiver sought additional information before agreeing to withdraw her motion. The email account for which the Receiver requested credentials was doron@bunzamedia.com.  After researching the issue, I confirmed to the Receiver in an email dated July 6, 2015, at 6:28, p.m., that Doron Nottea did not have the credentials for that account.  A true and correct copy of this email is attached hereto as Exhibit "F."

7.     On July 6, 2015, at 6:59 p.m., the Receiver responded by stating "I'm not going to change my mind about anything" and the Receiver would not agree to withdraw the Motion for Show Cause Hearing.  A true and correct copy of this email is attached hereto as Exhibit "G."

8.     On Tuesday, July 7, 2015, at 7:21 a.m., the Receiver emailed to me a list of 16 follow-up questions based on her review of the financial statements and responses that were produced the previous day.  A true and correct copy of this email is attached hereto as Exhibit "H."  All of the follow-up questions related to Doron Nottea only, as the Receiver had no follow-up questions

Spertus, Landes & Umhofer, LLP
1990 South Bundy Dr., Suite 705
Los Angeles, CA, CA 90025
Telephone 310-826-4700; Facsimile 310-826-4711

3.

Spertus, Landes & Umhofer, LLP
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

1  regarding Motti Nottea's financial statements.  On July 7, 2015, at 8:36 a.m., I

2  responded to the Receiver as follows:

> We are happy to answer follow-up questions, but we want
> confirmation from you that you are withdrawing your Affidavit of
> Non-compliance today.  Now that you have reviewed our initial
> production, you can see that we are doing  everything possible to get
> you information you request and to fully comply with the Court's
> order to the best of our ability.  If you will not withdraw your
> Affidavit, we will have to turn to our Opposition immediately,
> which will prevent us from responding to your questions as quickly
> as we would like.  Please consider these issues and respond.

8  A true and correct copy of this email is attached hereto as Exhibit "I."

9      9.      On July 7, 2015, at 9:25 a.m., the Receiver responded by stating that

10  she would withdraw the motion, "but before I withdraw the motion, I also need

11  Doron to identify all of his personal use email accounts (you can withhold the

12  password for those until we have privilege protocols in place) and identify all

13  business use emails and provide the pws for those accounts."  The Receiver

14  concluded by promising: "If I receive the email information above today, and a

15  definite date and time by which you will provide the additional requested

16  information which is acceptable, I will withdraw my motion for show cause

17  hearing."  A true and correct copy of this email is attached hereto as Exhibit "J."

18      10.     On July 7, 2015, at 10:44 a.m., I responded by informing the

19  Receiver that "[w]e can provide responses to the [follow-up] questions below by

20  the close of business tomorrow [Wednesday, July 8, 2015]."  I also provided the

21  Receiver with Doron Nottea's personal use email addresses, as requested, and

22  confirmed that aside from the three business email addresses provided the

23  previous day with the financial statements, Doron Nottea "has not used any other

24  email accounts in connection with the Receivership Defendants" and the only

25  other email accounts used by Doron Nottea were used in connection with a

26  separate business unrelated to the Receivership Defendants.  I concluded by

27  asking the Receiver to "confirm that you will withdraw your motion, so we can

28

4.

turn to responding to your questions."  A true and correct copy of this email is attached hereto as Exhibit "K."

11.     On July 7, 2015, at 12:09 p.m., the Receiver changed her position again and provided me with a new list of more questions and demands.  The Receiver concluded the email by stating: "[I]f you provide this information to me by the end of the day [3:30 p.m. PST], and pursuant to your agreement to provide the additional requested information by the end of the day tomorrow, <u>I will withdraw the motion to show cause</u>."  A true and correct copy of this email is attached hereto as Exhibit "L."

12.     On July 7, 2015, at 2:30 p.m., in response to the Receiver's Affidavit of Non-compliance and Emergency Motion for Show Cause Hearing, which had not been withdrawn as promised, the Court issued its Order directing Defendants to appear for a show cause hearing on July 16, 2015, at 8:30 a.m. (Docket No. 57).

13.     On July 7, 2015, at 2:40 p.m., the Receiver sent me an email confirming that if the demands in her 12:09 p.m. email were met by the end of the day, then the Receiver "<u>will withdraw the motion or request cancellation of the hearing, as to your clients.</u>"  A true and correct copy of this email is attached hereto as Exhibit "M."

14.     On July 7, 2015, at 3:19 p.m., I sent an email to the Receiver providing her with the most recent information that she had requested.  A true and correct copy of this email is attached hereto as Exhibit "N."

15.      On July 7, 2015, at 3:36, the Receiver sent me an email that contained numerous other questions and demands.  A true and correct copy of this email is attached hereto as Exhibit "O."

16.     On July 7, 2015, at 3:57 p.m., the Receiver informed me that she would be in her office on July 8, 2015, by 9:00 a.m., "and if we get everything

Spertus, Landes & Umhofer, LLP
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

5.

worked out tonight or in the morning [I] will get that motion to cancel the hearing/withdraw the motion on file asap[.]"  A true and correct copy of this email is attached hereto as Exhibit "P."

17.    On July 7, 2015, at 10:57 p.m., after working many hours to obtain the information requested in the Receiver's 3:57 p.m. email, I sent the Receiver an email containing the responses.  A true and correct copy of this email is attached hereto as Exhibit "Q."

18.    On July 8, 2015, at 5:38 a.m., I received an email from the Receiver with a new demand that Doron Nottea provide a sworn declaration in support of the responses provided in the email attached as Exhibit "Q."  A true and correct copy of this email is attached as Exhibit "R."

19.    On July 8, 2015, at approximately 10:00 a.m., I had a teleconference with the Receiver during which I informed her that Defendants intend to continue to cooperate with the Receiver and provide her with the information she needs, but as a matter of available resources, my office needed to turn to opposing the Order for Show Cause Hearing and preparing this application.  I asked the Receiver to confirm that if Doron Nottea provided her with the declaration she requested that she would agree to withdraw the motion and cancel the hearing on the OSC, but the Receiver flatly refused.  I also informed the Receiver that if she would not withdraw the motion and cancel the hearing, that I needed to request a continuance of the OSC hearing to any date during the following week of July 20-24, 2015, because I am scheduled to be out of state on July 16.  The Receiver informed me that she would not agree to any continuances and that she would oppose this *ex parte* application.

20.    In my email to the Receiver dated July 6, 2015, at 6:28, p.m. (Exhibit "F"), I also informed the Receiver that her Affidavit of Non-compliance and Emergency Motion for Show Cause Hearing should also be withdrawn

*EX PARTE APPLICATION TO VACATE OSC*

Spertus, Landes & Umhofer, LLP
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

because it seeks relief that cannot be obtained by the Receiver.  In her Affidavit of Non-compliance, the Receiver confirms that the "Receivership Order authorizes [the Receiver] to file an *Ex Parte* 'Affidavit of Noncompliance' regarding any persons' failure to comply with the terms of the Order, and request turnover of assets or any other equitable writs or relief necessary to enforce the Order."  (Affidavit of Non-compliance (Docket No. 48), ¶ 16, p.9, lns.10-14 & n.7).  However, despite the fact that the Receivership Order expressly limits the *ex parte* relief available to turnover orders and writs, the Application for which a hearing was granted on an expedited basis requests that Defendants "appear to show cause why they should <u>not be held in civil contempt and incarcerated</u> until such time as each complies with the Receivership Order as set forth above."  (*Id.* at p.12, lns.10-11).  Under the terms of the Receivership Order, the Receiver was not permitted to file an *ex parte* request to obtain a hearing on a motion that seeks the relief that the Receiver is seeking, and the Court would not be able to issue the orders that the Receiver requested without hold a hearing on a properly noticed motion.  *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827 (1994) ("[C]ivil contempt sanctions, or those penalties designed to compel compliance with a court order . . . may be imposed in an ordinary civil proceeding <u>upon notice and an opportunity to be heard</u>.").

21.     After my telephonic conference with the Receiver on July 8, 2015, my office spent the next 5.5 hours working on this *ex parte* application.  Then, at 3:38 p.m., the Receiver sent to me and counsel for co-defendants an email in which she stated: "I know you both have made good faith efforts to get me the information I have requested, which is needed on a continuing and rolling basis." The Receiver then proposed that she ask the Court to continue OSC hearing until after the August 6, 2015 hearing on the preliminary injunction and stated that "<u>if your clients continue to cooperate</u>, it may be unnecessary for resolution of my

7.

Spertus, Landes & Umhofer, LLP
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

Spertus, Landes & Umhofer, LLP
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

1  pending motions and I will withdraw them at that point."  A true and correct

2  copy of this email is attached hereto as Exhibit "S."

3      22.    The Receiver's suggestion that the OSC be based on continuing

4  cooperation efforts is not reasonably related to the basis for the OSC, which was

5  failure to provide financial statements that were produced on Monday.  To the

6  extent the Receiver forms a belief in the future that Defendants are not

7  complying with the Receivership Order, the Receiver should file a new motion to

8  describe specifically what the Defendants have failed to do, and should comply

9  with Local Rules requiring meaningful meet and confer efforts before filing any

10  motion.  The Receiver should not be permitted to continue a previously filed

11  affidavit of non-compliance that is no longer valid.

12      23.    The Federal Trade Commission spent months preparing for its TRO

13  proceeding, and the business that is the subject of this case was not owned or

14  operated by the Defendants represented by my firm.  Doron Nottea is the brother

15  of the business owner, Alon Nottea, and Motti Nottea is Alon Nottea's father,

16  who resides in Israel.  Doron and Motti Nottea hired counsel as fast and they

17  could, and counsel has worked hard to provide the Receiver with all available

18  information.  The Receiver has not engaged in any meaningful meet and confer

19  efforts, and Defendants respectfully request that the Court vacate the hearing date

20  on that basis.  Separately, I am scheduled to be out of state on July 16, 2015, so if

21  the Court forgives the Receiver's failure to meet and confer and does not vacate

22  the July 16, 2015 hearing, I respectfully request that the Court continue the

23  hearing to any date the following week, July 20-24, 2015.

24  Dated:  July 8, 2015                SPERTUS, LANDES & UMHOFER, LLP

25

26                          By:    _____

27                                 James W. Spertus
                                   Attorneys for Doron Nottea and
28                                 Motti Nottea

8.

# EXHIBIT A

**EXHIBIT A**

**Ezra Landes**

| | |
|---|---|
| **From:** | Charlene Koonce <charlene.koonce@solidcounsel.com> |
| **Sent:** | Sunday, July 05, 2015 12:55 PM |
| **To:** | Jim Spertus; Christopher Avalos; Ezra Landes |
| **Cc:** | Kelly Crawford |
| **Subject:** | FTC v. Bunzai Media |
| | |
| **Importance:** | High |

Counsel -  Having seen your notice of appearance, I need to advise you that a motion to show cause regarding your clients' numerous failures to produce information and documents required by the TRO is being currently being drafted and will be filed tomorrow unless I receive the following, tonight.  Additionally, an Affidavit of Non-Compliance and an Emergency Motion to Compel is already pending and may be obtained from the docket.  Your clients' conduct prior to your engagement, as well as conduct and gamesmanship of prior counsel for your clients has burned all patience, extensions, and good faith and I cannot wait any longer for this information.

1)  Identification of  ALL of the email accounts used by Doron and Motti to conduct the business  of the receivership defendants (which includes entities which fall within the definition of "receivership defendants" such as All Star Beauty, Shalita Holdings and Focus Media Solutions), and the credentials necessary to access those email accounts.

2)  Identification of all personal use email accounts used by Doron and Motti.  I will agree to a limited Rule 502 Stipulation to allow a 3rd party IT provider to review the personal use email accounts for privilege.  That Stipulation, however, must specifically identify the personal use email accounts, and will not include any email accounts that include a domain for any of the entities, of which I have discovered has been used in conducting the business operation of the entities.  I hold the privilege for any receivership defendant entities which are still active entities, and no privilege exists for any dissolved entities.  A pdf copy of the Rule 502 Stip (your predecessor has the last version in word, I believe), may also be obtained from the docket, but you will need to revise it to conform to the additional conditions regarding identification listed above.

3)  The Sworn Financial Statements required by the TRO;

4)  Identification of every entity owned, controlled, or operated by Doron or Motti, and any entity affiliated with either of them, including entities for which Doron is purportedly the "volunteer" bookkeeper.  Identification should include a list of owners/officers, the nature of the business conducted, and all signatories on that entities' bank accounts.

5)  Agreement by Doron for me or one of my agents to open and inventory the contents of his B of A safe deposit box – the one he immediately tried to access after I told him it was frozen.

Additional requests are outstanding and my counsel, Mr. Crawford, will forward those to you shortly.   I will agree to a very brief extension for those additional requests, but only if the information listed above is provided TONIGHT.

Thank you.



## CHARLENE KOONCE
## PARTNER

500 N. Akard, Suite 2700
Dallas, Texas 75201
**214.706.4215  (Direct)**
214.706.4200 (Main)
214.706.4242 (Facsimile)
charlene.koonce@solidcounsel.com
www.solidcounsel.com

# EXHIBIT B

**EXHIBIT B**

**Ezra Landes**

| | |
|---|---|
| **From:** | Kelly Crawford <kelly.crawford@solidcounsel.com> |
| **Sent:** | Sunday, July 05, 2015 1:07 PM |
| **To:** | Jim Spertus; Ezra Landes |
| **Cc:** | Charlene Koonce; Mitch Little |
| **Subject:** | FTC v. Bunzai |

As new counsel for Defendants Doron Nottea and Motti Nottea, please be advised that your clients are in violation of the Receivership Order for having failed to produce to the Receiver, after numerous requests, the following:

1. The identity of all email accounts used to conduct the business of the Receivership Defendants and any affiliated entities engaged in the same or similar business activities (i.e., All Star Beauty Products, Focus Media Solutions, DMA Media Holdings, Shalita Holdings, Trigen, LLC, etc.)  He also needs to provide all credentials necessary to log in to those email accounts and access all data (including documents) stored there.
2. Complete and accurate financial statements in the form of Attachments A and B to the Receivership Order, which were due 5 days after Mr. Nottea was given a copy of the Receivership Order.
3. A list of all locations where documents of the Receivership Defendants are located, and the means to access such documents (which means passcodes, etc.).  This information was due within 48 hours after the Receiver first requested it of Mr. Nottea.
4. A list of all agents, employees, officers, and those persons in active concert and participation with Mr. Nottea, who have been associated or done business with the Receivership Defendants.  This information was due within 48 hours after the Receiver first requested it of Mr. Nottea.

5. Provide passwords and user names and contact information for the following websites/software/processor services: Mobooka, Above All Offers, Click 2 Call Network, Convert 2 Media, Big Ads Media, LLC, Silver Ladder, Inc., BKCD, QLG, and Infotech24.  Also, confirm Doron Nottea has served a copy of the TRO on these entities, and provide the date of service.

6. We need PW/user name info for the following accounts:
   All account #, log-ins and user names for Pinnacle Logistics at WF
   PW for B of A accounts for: SBM Mgmt, Secured Merchants, Impulse Media Group, Insight Media Group, ipoint vision, Chargeback Armor
   User name and PW for AGoa Holdings at WF.

7. A list of every business entity pursuant to which Doron has conducted any business since 2013.  For each entity, provide:
   a. The date of incorporation;
   b. Status (active/dissolved and if dissolved, the date of dissolution)
   c. Officers and directors
   d. List Bank accounts, signatories, and current balances
   e. Nature of the business in which the entity was engaged.

This list needs to be comprehensive.  I need information about all of the entities we see popping up in the bank records, as well as any others that may exist.  By way of example only:  All Star Beauty Products, Forward Momentum, Trigen, Daria Media; Secured Commerce, Impulse Media; IVR Logix, Shalita Holdings, Tech Chiefs, Matrix Distribution, Access Distribution, Xcite Entertainment, Netstics, Multi Tech Interactive Private Limited, Telestar Solutions Private Limited, SJS IT Seven Solutions Private Limited, etc.  The list is extremely long and these are just examples.

I believe some of these relate to the porn business and some probably relate to other stuff.  We need the information requested above to help us confirm whether or not any of these entities are complicit in the enjoined conduct, or something else entirely.

1

8.  Identify which individual or entity has a relationship/account at HDFC bank in India, the account # for that bank, and the contact information for whomever at HDFC can facilitate production of records and assets if appropriate.

9.  ID any location at which any Receivership Defendant stores product inventory, and ID (with contact information) any entity that has manufactured or supplied any skin care products to any RD in the last 18 months.

10. Describe the role the following individuals play in connection with any Receivership Defendant.  If they are not assisting with operating any Receivership Defendant, please explain their role in operating any of the other entities through which the individuals conduct business:
    Tamer Ansalem
    Eran Link
    Tal TopelGilad Mirco
    Lori Bekhor

11. Copies of any loan agreements between Igor and any entity operated/controlled/ by Doron, if any exist.

The foregoing information is required to be produced to the Receiver on an expedited basis and to date has not been produced.  The information is long past due.  The Receiver has been more than patient in waiting for this information to be produced.  If the information is not produced by the end of the day the Receiver will need to file an Affidavit of Noncompliance – the remedy provided to her under the Receivership Order.  I understand you just assumed the representation of Doron and Motti, but ultimately they are the one who have been aware of these requirements and are the ones responsible for complying with the Receivership Order.  You have assumed representation of Doron and Motti at a time when there is a very short fuse for providing the information that to date has been withheld from the Receiver.

In addition to the foregoing, Doron has a safety deposit box at Bank of America that is frozen pursuant to the Receivership Order.  The Receiver has the key to the box.  The Receiver would like Doron and one of the Receiver's attorneys to jointly open the box so that the Receiver can prepare an inventory of its contents and make a report regarding the contents to the Court.  Please let me know when this can be done.  Obviously, time is of the essence.

Also, please see below an email with Doron and Motti's previous counsel regarding tampering with emails:

Kelly M. Crawford
Partner

Scheef & Stone, LLP
Ross Tower - Suite 2700
500 N. Akard Street
Dallas, Texas 75201

214.706.4213 (Direct)
214.706.4200 (Main)
214.706.4242 (Fax)
Kelly.Crawford@SolidCounsel.com
www.SolidCounsel.com

# EXHIBIT C

**EXHIBIT C**

**Ezra Landes**

| | |
|---|---|
| **From:** | Jim Spertus |
| **Sent:** | Sunday, July 05, 2015 2:15 PM |
| **To:** | Kelly Crawford; Ezra Landes |
| **Cc:** | Charlene Koonce; Mitch Little |
| **Subject:** | RE: FTC v. Bunzai |

Ms. Crawford,

We were just retained July 3, and we are learning about this case as fast as we can.  We will not be able to get you the answers you want by tonight, but we should be able to give you much of it by the end of the day tomorrow (Monday), including the financial disclosures.  We have a lot of material to absorb and we would appreciate your patience very much.  Thank you.

JAMES W. SPERTUS
SPERTUS, LANDES & UMHOFER, LLP
1990 S. Bundy Dr, Suite 705 | Los Angeles, CA 90025
t: (310) 826-4700 | f: (310) 826-4711 | jim@spertuslaw.com

This message may contain confidential and privileged information.  If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.  Thank you.

---

**From:** Kelly Crawford [mailto:kelly.crawford@solidcounsel.com]
**Sent:** Sunday, July 05, 2015 1:07 PM
**To:** Jim Spertus; Ezra Landes
**Cc:** Charlene Koonce; Mitch Little
**Subject:** FTC v. Bunzai

As new counsel for Defendants Doron Nottea and Motti Nottea, please be advised that your clients are in violation of the Receivership Order for having failed to produce to the Receiver, after numerous requests, the following:

1. The identity of all email accounts used to conduct the business of the Receivership Defendants and any affiliated entities engaged in the same or similar business activities (i.e., All Star Beauty Products, Focus Media Solutions, DMA Media Holdings, Shalita Holdings, Trigen, LLC, etc.)  He also needs to provide all credentials necessary to log in to those email accounts and access all data (including documents) stored there.
2. Complete and accurate financial statements in the form of Attachments A and B to the Receivership Order, which were due 5 days after Mr. Nottea was given a copy of the Receivership Order.
3. A list of all locations where documents of the Receivership Defendants are located, and the means to access such documents (which means passcodes, etc.).  This information was due within 48 hours after the Receiver first requested it of Mr. Nottea.
4. A list of all agents, employees, officers, and those persons in active concert and participation with Mr. Nottea, who have been associated or done business with the Receivership Defendants.  This information was due within 48 hours after the Receiver first requested it of Mr. Nottea.

5. Provide passwords and user names and contact information for the following websites/software/processor services: Mobooka, Above All Offers, Click 2 Call Network, Convert 2 Media, Big Ads Media, LLC, Silver Ladder, Inc., BKCD, QLG, and Infotech24.  Also, confirm Doron Nottea has served a copy of the TRO on these entities, and provide the date of service.

6. We need PW/user name info for the following accounts:
   All account #, log-ins and user names for Pinnacle Logistics at WF

# EXHIBIT D

**EXHIBIT D**

**Ezra Landes**

| | |
|---|---|
| **From:** | Jim Spertus |
| **Sent:** | Monday, July 06, 2015 3:14 PM |
| **To:** | Kelly Crawford |
| **Cc:** | Ezra Landes; Charlene Koonce; Mitch Little |
| **Subject:** | RE: FTC v. Bunzai |
| **Attachments:** | 2015-07-06 Doron Nottea Financial Statement.pdf; 2015-07-06 Motti Notea Financial Statement.pdf; 2015-07-6 Doron Nottea Consent to Release Financial Records.pdf; 2015-07-6 Motti Notea Consent to Release Financial Records.pdf |

Ms. Crawford:

Attached are the financial statements for Doron Nottea and Motti Nottea that I informed you yesterday we would provide today, and here are the answers to your remaining questions:

Item No. 1. accounting@sbmmgmt.com (password: ███████)
accounting818@gmail.com (password: ███████)
accounting@pinlogistics.com (Mr. Nottea does not have the password)

Item No. 2. The financial statements are attached to this email.  The documents that are being submitted with the forms will be burned to a disc and sent to you today by Federal Express.

Item No. 3. ████████████████, Reseda, CA 91335.

Item No. 4. Stephan Bauer, Phillip Camerino, Avi Argaman, Oz Mizrahi, Alon Nottea, Roi Reuveni, Igor Latsanovski and Khristopher Bond

Item No. 5. Mr. Nottea never used these websites/software/processor services, and has no access to them or knowledge of the user names and passwords.

Item No. 6. Although Mr. Nottea does not have personal knowledge of this information, he was able to obtain this information from other Receivership Defendants:

>    Pinnacle Logistics - BA 325001817388
>    User: ████████  Password: ████████
>    All security questions answers are: ████████
>
>    SBM Management – BA 164104245157
>    User: ████████ Password: ████████
>    All security questions answers are: ████████
>
>    Insight Media – WFB 3982239026
>    User: █████████  Password: ████████
>    Insight Media - BA 325015010919
>    User: █████████         Password: ████████
>    All security questions answers are: ████████
>    Agoa Holdings – WFB 9972872288
>    User: ████████  Password: ████████
>    (please notice it's a zero  (0) not o)

Item No. 7. NFT Holdings Inc.: (a) June 15, 2011; (b) active; (c) Doron Nottea; (d) see Attachment A to Mr. Nottea's financial statement; (e) adult distribution company.

Vertex Holdings Inc.: (a) April 20, 2010; (b) active; (c) Doron Nottea; (d) see Attachment A to Mr. Nottea's financial statement; (e) adult distribution company.

Secured Commerce LC: (a) June 26, 2012; (b) active; (c) Doron Nottea and Avi Argaman; (d) See Attachment A to Mr. Nottea's financial statement; (e) shipping company.

Item No. 8. Mr. Nottea has no information responsive to this request.

Item No. 9. Mr. Nottea is aware of some materials being stored at ███████████████ Reseda, CA 91335.

Item No. 10. Tomer Ansalem: Owns Excite Entertainment, Inc, an adult entertainment and distribution company; CEO and merchant account guarantor for SafeHaven Ventures, Inc.

Eran Link: CEO and merchant account guarantor for Shalita Holdings, Inc. and Optimized Media Solution, Inc.

Tal Topel: CEO and merchant account guarantor for Heritage Alliance Group, Inc.

Gilad Meron: CEO and merchant account guarantor for Insight Media, Inc.

Lori Bekhor: Mr. Nottea's wife

Item No. 11. None.

As I previously stated, we are making every effort to accommodate your requests.  Your office had many months to prepare for the TRO proceedings, which were filed under seal, and Mr. Nottea and his father have had mere days to gather a large volume of information.  That challenge, coupled with the fact that your office seized all of their bank accounts and their need to high counsel have created reasonable and short delays, and I do not believe your characterization of events is fair or accurate. We were first retained on July 3, 2015, a federal holiday, and filed our notices of appearance yesterday, on Sunday, July 5, 2015.  Attorneys in my office worked all day Sunday and late into the early morning hours Monday in order to provide you with the documents and responses today, as we said we would do, and you nonetheless filed an Affidavit of Non-compliance that we believe misstates the facts.  We do not believe that your conference with our office constituted a good faith effort to avoid the requested emergency motion to show cause and we hope you will withdraw it today or tomorrow so we do not have to waste resources opposing it.  These disclosures should confirm that Doron and Motti Nottea are cooperating to the best of their ability.  We want to work amicably and cooperatively with the Receiver as this litigation moves forward.  Thank you.

JAMES W. SPERTUS
SPERTUS, LANDES & UMHOFER, LLP
1990 S. Bundy Dr, Suite 705 | Los Angeles, CA 90025
t: (310) 826-4700 | f: (310) 826-4711 | jim@spertuslaw.com

This message may contain confidential and privileged information.  If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.  Thank you.


-----Original Message-----
From: Kelly Crawford [mailto:kelly.crawford@solidcounsel.com]
Sent: Sunday, July 05, 2015 3:54 PM
To: Jim Spertus
Cc: Ezra Landes; Charlene Koonce; Mitch Little
Subject: Re: FTC v. Bunzai

The Receiver has received promises of cooperation and requests for extension pertaining to Doron from now 2 previous attorneys.  The Receiver has given numerous extensions only to be met with the production promised not being fulfilled. Therefore as a showing of good faith you need to produce the email information tonight.  If that is done the Receiver will

# EXHIBIT E

**EXHIBIT E**

**Ezra Landes**

**From:**       Charlene Koonce <charlene.koonce@solidcounsel.com>
**Sent:**        Monday, July 06, 2015 3:26 PM
**To:**          Jim Spertus; Kelly Crawford
**Cc:**          Ezra Landes; Mitch Little
**Subject:**     RE: FTC v. Bunzai

Jim- thank you for this response.  I will evaluate and get back to you about your request to withdraw the Motion for Show Cause, but not before I receive additional email accounts and credentials.

As with Alon and Roi (see the Motion to Show Cause filed regarding those individuals this morning), Doron has not provided any of the email accounts he uses personally. (I will agree to privilege protocols for those so that I do not have access to any privileged information subject to his personal entitlement to privilege, but am not waiving any right to emails he exchanged prior to entry of the TRO with any counsel for the entities and am entitled to review the content of any non-privileged personal emails).  Likewise, Doron has not identified or provided the credentials for numerous other  business email accounts, including, but certainly not limited to, doron@bunzaimedia.com.

And, we can agree to disagree about the sufficiency of my conference regarding the motion, but I also note that the TRO permitted me to file *ex parte* motions regarding non-compliance.  I conferred with Doron's former counsel *extensively*, and Doron, rather than your firm was required to comply with the TRO.  Still, my preference would be to resolve this matter between ourselves without the court's assistance, and I look forward to receiving the additional email information from you.

Thank you.



# Charlene Koonce
## Partner

500 N. Akard, Suite 2700
Dallas, Texas 75201
**214.706.4215  (Direct)**
214.706.4200 (Main)
214.706.4242 (Facsimile)
charlene.koonce@solidcounsel.com
www.solidcounsel.com

# SCHEEF & STONE, L.L.P.
### LEGAL COUNSEL BASED ON SOLID PRINCIPLES



**Important:**  This electronic mail message and any attached files contain information intended for the exclusive use of the individual or entity to whom it is addressed and may contain information that is proprietary, privileged, confidential and/or exempt from disclosure under applicable law.  If you are neither the intended recipient nor an employee or agent responsible for delivering the communication to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited.  Please notify the sender, by electronic mail or telephone, of any unintended recipients and delete the original message without making any copies.

**Note:**  Please be advised that Scheef & Stone, L.L.P. reserves the right to record telephone conversations involving its employees or attorneys.  If you do not wish to be recorded, please limit your communications with Scheef & Stone, L.L.P. to regular mail, faxes, and/or electronic mail.

# EXHIBIT F

**EXHIBIT F**

**Ezra Landes**

| | |
|---|---|
| **From:** | Jim Spertus |
| **Sent:** | Monday, July 06, 2015 6:28 PM |
| **To:** | Charlene Koonce; Kelly Crawford |
| **Cc:** | Ezra Landes; Mitch Little |
| **Subject:** | RE: FTC v. Bunzai |

Charlene,

Doron has no credentials for the email address doron@bunzaimedia.com, but we are willing to work with you to get you everything you need and intend to cooperate fully.  I understand your position that since you discussed issues with prior counsel you did not need to discuss them with us, and yes it is fine for us to disagree on points of process.  We will file our opposition to your filing, but if you change your mind please let me know so we can avoid that effort.

With regard to personal email accounts, please propose the protocols you would accept, and we will review and agree to reasonable protocols.  We also would like a protective order for personal emails that would enable you to do your work, but otherwise limit dissemination of private material unrelated to this litigation.  I am confident we can agree to reasonable solutions.

Finally, with regard to your suggestion that you could have proceeded ex parte to obtain the relief you requested in your filing today, respectfully I disagree but do not want to offend you by my respectful disagreement.  If you proceed ex parte, I believe you are limited to asking "the Court [to] authorize, without additional process or demand, Writs of Possession or Sequestration or other equitable writs requested by the Temporary Receiver. The writs shall authorize and direct the United States Marshal or any sheriff or deputy sheriff of any county, or any other federal or state law enforcement officer, to seize the asset, document, or other item covered by this Section and to deliver it to the Temporary Receiver."  You requested different relief in your papers today, including incarceration.  I do not believe you could seek the remedies you sought through an ex parte filing.

JAMES W. SPERTUS
SPERTUS, LANDES & UMHOFER, LLP
1990 S. Bundy Dr, Suite 705 | Los Angeles, CA 90025
t: (310) 826-4700 | f: (310) 826-4711 | jim@spertuslaw.com

This message may contain confidential and privileged information.  If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.  Thank you.

**From:** Charlene Koonce [mailto:charlene.koonce@solidcounsel.com]
**Sent:** Monday, July 06, 2015 3:26 PM
**To:** Jim Spertus; Kelly Crawford
**Cc:** Ezra Landes; Mitch Little
**Subject:** RE: FTC v. Bunzai

Jim- thank you for this response.  I will evaluate and get back to you about your request to withdraw the Motion for Show Cause, but not before I receive additional email accounts and credentials.

As with Alon and Roi (see the Motion to Show Cause filed regarding those individuals this morning), Doron has not provided any of the email accounts he uses personally. (I will agree to privilege protocols for those so that I do not have access to any privileged information subject to his personal entitlement to privilege, but am not waiving any right to emails he exchanged prior to entry of the TRO with any counsel for the entities and am entitled to review the content of any non-privileged personal emails).  Likewise, Doron has not identified or provided the credentials for numerous other  business email accounts, including, but certainly not limited to, doron@bunzaimedia.com.

# EXHIBIT G

**EXHIBIT G**

**Ezra Landes**

| | |
|---|---|
| **From:** | Charlene Koonce <charlene.koonce@solidcounsel.com> |
| **Sent:** | Monday, July 06, 2015 6:59 PM |
| **To:** | Jim Spertus; Kelly Crawford |
| **Cc:** | Ezra Landes; Mitch Little |
| **Subject:** | RE: FTC v. Bunzai |

Jim, I'm not going to change my mind about anything.  As Mr. Crawford stated last night and as was set out in my motion today, by just providing the email accounts we requested last night as at least an initial step in complying with the TRO, we would have held off on filing the motion.  I waited until almost 11 my time this morning before filing, hoping that you would provide those email accounts this morning.  And, as noted below, even today, Doron has provided just a few out of a total of probably 20 emails accounts that we believe he uses or controls.  Nonetheless,  I think it would be more productive for us to discuss resolution of the outstanding issues rather than continuing to debate conference issues regarding your clients' violation of the TRO.  If we can get these matters resolved, and it sounds like we are on the same track, I will absolutely withdraw the motion to show cause as well as the motion to compel.  I need to know that we have accomplished that, however, before either motion is withdrawn.

As I said in my very first email to you, I agree that privilege protocols are appropriate for *personal use* emails.  Having already received one disingenuous designation of personal use emails, however, I will need you to specify which email accounts Doron contends are personal use.  Also in the first email I sent you (at approximately 3:00 yesterday) I  directed you to the Rule 502 stipulation filed on Thursday.  The privilege protocols I am proposing, with the modification noted above, are in that document.  Please let me know if you have any changes.

Likewise, I will consider a protective order, but it needs to be narrow and specific.  Please send me your proposal for that order and I will review and get back to you.

I am still in the process of reviewing the information you provided earlier, and will also provide you with feedback about that information first thing in the morning.

Thanks.



**CHARLENE KOONCE**
**PARTNER**

500 N. Akard, Suite 2700
Dallas, Texas 75201
**214.706.4215  (Direct)**
214.706.4200 (Main)
214.706.4242 (Facsimile)
charlene.koonce@solidcounsel.com
www.solidcounsel.com

# SCHEEF & STONE, L.L.P.
*LEGAL COUNSEL BASED ON SOLID PRINCIPLES*

.

# EXHIBIT H

**EXHIBIT H**

**Ezra Landes**

| | |
|---|---|
| **From:** | Charlene Koonce <charlene.koonce@solidcounsel.com> |
| **Sent:** | Tuesday, July 07, 2015 7:21 AM |
| **To:** | Jim Spertus; Kelly Crawford |
| **Cc:** | Ezra Landes; Mitch Little |
| **Subject:** | RE: FTC v. Bunzai |

Jim –

Kelly may forward you additional questions, but for now, this is the current list:

1. What is the approximate amount of cash in Mr. Nottea's safe deposit box, describe the jewelry and its approximate purchase price, and will Doron agree to my inspecting and inventorying it?

2. For any email account previously used by Doron, but for which he no longer has the access information, please provide a directive to Google, Go-Daddy or whichever entity hosted the account, directing them to provide me with immediate access.  If Doron knows an individual who has access information for any relevant email account, please identify that person for each such account.

3. What is the physical address for Annsofie Algarp and what is her current phone number?  Same questions for Sean Brennecke, Gilad Miron, David Yosafian, Tomer Amsalem, Matt Meron,  Amatsia Meron, and Dror Michaelo.  What role did those individuals play on a day to day basis, if any, in the entities with which they are affiliated?  Please explain why any is not an "agent, employee, officer, or a person in active concert and participation with Mr. Nottea, who have been associated with or done business with the Receivership Defendants."

4. What were the proceeds of the many, many checks payable to Bank of America or Wells Fargo on the accounts of Zen Mobile Media, SBM Mgmt., etc., used for?

5. What does Symbiotic Capital Group do?  Who are the officers and directors?  Where are its bank accounts and what assets does it have?

6. What is Merchant Leverage Group, Inc.

7. What was Rachel Nottea's role regarding DMA Media Holdings.

8. In QB entries for many of the entities, we see funds coming from BKCD.  What does that acronym stand for?

9. What is the date of dissolution for All Star Beauty?

10. Item No. 5. Mr. Nottea never used these websites/software/processor services, and has no access to them or knowledge of the user names and passwords.  <span style="color:red">Who does have that information?</span>

11. Why do Adageo, Trigen, Chargeback Armor and SJS IT Seven Solutions receive $ from SBM Mgt.  (The transfers is indirect).

12. Why do Telestar Solutions, iPoint Vision, Media Urge, and Secured Merchants receive $ from SBM Mgt.?

13. And, why does Media Urge transfer funds to Adageo?

14. Why does Secured Merchants transfer $ to:  Trigen; Adageo; SJS IT Seven Solutions; and Chargeback Armor?

15. Why does Forward Momentum transfer $ Secured Merchants

16. Why does Dynamic Media transfer $ to Impulse Media Group?



# CHARLENE KOONCE

## PARTNER

500 N. Akard, Suite 2700
Dallas, Texas 75201
**214.706.4215  (Direct)**
214.706.4200 (Main)
214.706.4242 (Facsimile)
charlene.koonce@solidcounsel.com
www.solidcounsel.com

# SCHEEF & STONE, L.L.P.

*LEGAL COUNSEL BASED ON SOLID PRINCIPLES*



**Important:**  This electronic mail message and any attached files contain information intended for the exclusive use of the individual or entity to whom it is addressed and may contain information that is proprietary, privileged, confidential and/or exempt from disclosure under applicable law.  If you are neither the intended recipient nor an employee or agent responsible for delivering the communication to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited.  Please notify the sender, by electronic mail or telephone, of any unintended recipients and delete the original message without making any copies.

**Note:**  Please be advised that Scheef & Stone, L.L.P. reserves the right to record telephone conversations involving its employees or attorneys.  If you do not wish to be recorded, please limit your communications with Scheef & Stone, L.L.P. to regular mail, faxes, and/or electronic mail.

**From:** Jim Spertus [mailto:jim@spertuslaw.com]
**Sent:** Monday, July 06, 2015 5:14 PM
**To:** Kelly Crawford
**Cc:** Ezra Landes; Charlene Koonce; Mitch Little
**Subject:** RE: FTC v. Bunzai

Ms. Crawford:

Attached are the financial statements for Doron Nottea and Motti Nottea that I informed you yesterday we would provide today, and here are the answers to your remaining questions:

Item No. 1. accounting@sbmmgmt.com (password:           )
accounting818@gmail.com (password:             )
accounting@pinlogistics.com (Mr. Nottea does not have the password)

Item No. 2. The financial statements are attached to this email.  The documents that are being submitted with the forms will be burned to a disc and sent to you today by Federal Express.

Item No. 3.                         , Reseda, CA 91335.

# EXHIBIT I

**EXHIBIT I**

**Ezra Landes**

| | |
|---|---|
| **From:** | Jim Spertus |
| **Sent:** | Tuesday, July 07, 2015 8:36 AM |
| **To:** | Charlene Koonce; Kelly Crawford |
| **Cc:** | Ezra Landes; Mitch Little |
| **Subject:** | RE: FTC v. Bunzai |

Charlene,

We are happy to answer follow-up questions, but we want confirmation from you that you are withdrawing your Affidavit of Non-compliance today. Now that you have reviewed our initial production, you can see that we are doing everything possible to get you information you request and to fully comply with the Court's orders to the best of our ability. If you will not withdraw your Affidavit, we will have to turn to our Opposition immediately, which will prevent us from responding to your questions as quickly as we would like. Please consider these issues and respond. Thank you.

JAMES W. SPERTUS
SPERTUS, LANDES & UMHOFER, LLP
1990 S. Bundy Dr, Suite 705 | Los Angeles, CA 90025
t: (310) 826-4700 | f: (310) 826-4711 | jim@spertuslaw.com

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message. Thank you.

**From:** Charlene Koonce [mailto:charlene.koonce@solidcounsel.com]
**Sent:** Tuesday, July 07, 2015 7:21 AM
**To:** Jim Spertus; Kelly Crawford
**Cc:** Ezra Landes; Mitch Little
**Subject:** RE: FTC v. Bunzai

Jim –

Kelly may forward you additional questions, but for now, this is the current list:

1. What is the approximate amount of cash in Mr. Nottea's safe deposit box, describe the jewelry and its approximate purchase price, and will Doron agree to my inspecting and inventorying it?

2. For any email account previously used by Doron, but for which he no longer has the access information, please provide a directive to Google, Go-Daddy or whichever entity hosted the account, directing them to provide me with immediate access. If Doron knows an individual who has access information for any relevant email account, please identify that person for each such account.

3. What is the physical address for Annsofie Algarp and what is her current phone number? Same questions for Sean Brennecke, Gilad Miron, David Yosafian, Tomer Amsalem, Matt Meron, Amatsia Meron, and Dror Michaelo. What role did those individuals play on a day to day basis, if any, in the entities with which they are affiliated? Please explain why any is not an "agent, employee, officer, or a person in active concert and participation with Mr. Nottea, who have been associated with or done business with the Receivership Defendants."

4. What were the proceeds of the many, many checks payable to Bank of America or Wells Fargo on the accounts of Zen Mobile Media, SBM Mgmt., etc., used for?

# EXHIBIT J

**EXHIBIT J**

**Ezra Landes**

| | |
|---|---|
| **From:** | Charlene Koonce <charlene.koonce@solidcounsel.com> |
| **Sent:** | Tuesday, July 07, 2015 9:25 AM |
| **To:** | Jim Spertus; Kelly Crawford |
| **Cc:** | Ezra Landes; Mitch Little |
| **Subject:** | RE: FTC v. Bunzai |

Jim- If I withdraw my Affidavit of Non-compliance, when will the information requested below be provided?  I am willing to consider doing that, but before I withdraw the motion, I also need Doron to identify all of his personal use email accounts (you can withhold the passwords for those until we have privilege protocols in place) and identify all business use emails and provide the pws for those accounts.

If I receive the email information above today, and a definite date and time by which you will provide the additional requested information which is acceptable, I will withdraw my motion for show cause hearing.



# CHARLENE KOONCE
## PARTNER

500 N. Akard, Suite 2700
Dallas, Texas 75201
**214.706.4215  (Direct)**
214.706.4200 (Main)
214.706.4242 (Facsimile)
charlene.koonce@solidcounsel.com
www.solidcounsel.com

# SCHEEF & STONE, L.L.P.
LEGAL COUNSEL BASED ON SOLID PRINCIPLES



**Important:**  This electronic mail message and any attached files contain information intended for the exclusive use of the individual or entity to whom it is addressed and may contain information that is proprietary, privileged, confidential and/or exempt from disclosure under applicable law.  If you are neither the intended recipient nor an employee or agent responsible for delivering the communication to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited.  Please notify the sender, by electronic mail or telephone, of any unintended recipients and delete the original message without making any copies.

**Note:**  Please be advised that Scheef & Stone, L.L.P. reserves the right to record telephone conversations involving its employees or attorneys.  If you do not wish to be recorded, please limit your communications with Scheef & Stone, L.L.P. to regular mail, faxes, and/or electronic mail.

**From:** Jim Spertus [mailto:jim@spertuslaw.com]
**Sent:** Tuesday, July 07, 2015 10:36 AM
**To:** Charlene Koonce; Kelly Crawford
**Cc:** Ezra Landes; Mitch Little
**Subject:** RE: FTC v. Bunzai

Charlene,

1

# EXHIBIT K

**EXHIBIT K**

**Ezra Landes**

| | |
|---|---|
| **From:** | Jim Spertus |
| **Sent:** | Tuesday, July 07, 2015 10:44 AM |
| **To:** | Charlene Koonce; Kelly Crawford |
| **Cc:** | Ezra Landes; Mitch Little |
| **Subject:** | RE: FTC v. Bunzai |

Charlene:

We can provide responses to the questions below by the close of business tomorrow.  Mr. Nottea's personal use email addresses are ▮▮▮▮▮@gmail.com and ▮▮▮▮@d▮▮▮.us.  Aside from the three email addresses identified below, Mr. Nottea has not used any other email accounts in connection with the Receivership Defendants.  The only other email accounts used by Mr. Nottea were used solely in connection with his adult business.  Please confirm that you will withdraw your motion, so we can turn to responding to your questions.  Thank you.

JAMES W. SPERTUS
SPERTUS, LANDES & UMHOFER, LLP
1990 S. Bundy Dr, Suite 705 | Los Angeles, CA 90025
t: (310) 826-4700 | f: (310) 826-4711 | jim@spertuslaw.com

This message may contain confidential and privileged information.  If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.  Thank you.

**From:** Charlene Koonce [mailto:charlene.koonce@solidcounsel.com]
**Sent:** Tuesday, July 07, 2015 9:25 AM
**To:** Jim Spertus; Kelly Crawford
**Cc:** Ezra Landes; Mitch Little
**Subject:** RE: FTC v. Bunzai

Jim-  If I withdraw my Affidavit of Non-compliance, when will the information requested below be provided?  I am willing to consider doing that, but before I withdraw the motion, I also need Doron to identify all of his personal use email accounts (you can withhold the passwords for those until we have privilege protocols in place) and identify all business use emails and provide the pws for those accounts.

If I receive the email information above today, and a definite date and time by which you will provide the additional requested information which is acceptable, I will withdraw my motion for show cause hearing.



# CHARLENE KOONCE
# PARTNER

500 N. Akard, Suite 2700
Dallas, Texas 75201
**214.706.4215  (Direct)**
214.706.4200 (Main)
214.706.4242 (Facsimile)
charlene.koonce@solidcounsel.com
www.solidcounsel.com

# EXHIBIT L

**EXHIBIT L**

**Ezra Landes**

**From:**        Charlene Koonce <charlene.koonce@solidcounsel.com>
**Sent:**        Tuesday, July 07, 2015 12:09 PM
**To:**          Jim Spertus; Kelly Crawford
**Cc:**          Ezra Landes; Mitch Little
**Subject:**     RE: FTC v. Bunzai

Jim - two nonparties who have communicated extensively with Doron provided several additional email addresses to me, which were or are used by Doron and which have not been provided. Additionally, I am aware of at least one employee for Doron's adult businesses (Phillip Camerino) who was also on the payroll for several of the Receivership Defendants. Doron was Camerino's supervisor, and I need Doron (or Alon) to provide the email accounts and access credentials for all emails used by or accessible to Camerino. I will also need access to Doron@securedcommerce.com, given that Secured Commerce is the entity which leased the office from which the Receivership Defendants operated.

I will also need you to at least identify the email addresses for Doron's adult businesses so that I can determine whether I need access to those to search for documents related to the Receivership Defendants' operations. As you must know, many, many entities operated from the same locations, and funds were transferred between and among those entities and the Receivership Defendants.

I also need to know when you will be providing the proposed stipulation and confidentiality agreement related to doron's personal emails, so that the IT expert can begin sorting those emails for privilege.

Again, if you provide this information to me by the end of the day (my assistant leaves at 5:30 CST and we won't be able to file by ECF after that point until 8:30 the next morning), and pursuant to your agreement to provide the additional requested information by the end of the day tomorrow, I will withdraw the motion to show cause.

Thanks.



## CHARLENE KOONCE
### PARTNER

500 N. Akard, Suite 2700
Dallas, Texas 75201
**214.706.4215  (Direct)**
214.706.4200 (Main)
214.706.4242 (Facsimile)
charlene.koonce@solidcounsel.com
www.solidcounsel.com

# EXHIBIT M

**EXHIBIT M**

**Ezra Landes**

**Subject:**                    FW: Activity in Case 2:15-cv-04527-GW-PLA Federal Trade Commission v. Bunzai Media
                                Group, Inc. et al Order

**From:** Charlene Koonce [mailto:charlene.koonce@solidcounsel.com]
**Sent:** Tuesday, July 07, 2015 2:40 PM
**To:** Jim Spertus; Kelly Crawford
**Subject:** FW: Activity in Case 2:15-cv-04527-GW-PLA Federal Trade Commission v. Bunzai Media Group, Inc. et al Order

Jim-   Based on our recent communications, I think we are going to be able to get this resolved and hope that neither of us needs to spend money on this hearing.

Again, based on your representations that you will provide additional information requested today by tomorrow and your continuing efforts to provide information.  If by the end of the day, I can get a complete list of email accounts from your clients (including Motti) with access credentials for the business use accounts and your agreement that we will have an agreement similar to the Rule 502 stipulation for the privilege protocols in the personal use email accounts within 72 hours, I will withdraw the motion or request cancellation of the hearing, as to your clients.   If I get that information tomorrow morning, likewise, I will file a notice of withdrawal or other notice requesting cancellation of the hearing as soon as possible, but within 12 business hours (probably less) of when I receive the requested information.

Thank you.



**CHARLENE KOONCE**
**PARTNER**

500 N. Akard, Suite 2700
Dallas, Texas 75201
**214.706.4215  (Direct)**
214.706.4200 (Main)
214.706.4242 (Facsimile)
charlene.koonce@solidcounsel.com
www.solidcounsel.com

## SCHEEF & STONE, L.L.P.

*LEGAL COUNSEL BASED ON SOLID PRINCIPLES*



**Important:**  This electronic mail message and any attached files contain information intended for the exclusive use of the individual or entity to whom it is addressed and may contain information that is proprietary, privileged, confidential and/or exempt from disclosure under applicable law.  If you are neither the intended recipient nor an employee or agent responsible for delivering the communication to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited.  Please notify the sender, by electronic mail or telephone, of any unintended recipients and delete the original message without making any copies.

**Note:**  Please be advised that Scheef & Stone, L.L.P. reserves the right to record telephone conversations involving its employees or attorneys.  If you do not wish to be recorded, please limit your communications with Scheef & Stone, L.L.P. to regular mail, faxes, and/or electronic mail.

# EXHIBIT N

**EXHIBIT N**

**Ezra Landes**

| | |
|---|---|
| **From:** | Jim Spertus |
| **Sent:** | Tuesday, July 07, 2015 3:19 PM |
| **To:** | Charlene Koonce; Kelly Crawford |
| **Cc:** | Ezra Landes |
| **Subject:** | RE: Activity in Case 2:15-cv-04527-GW-PLA Federal Trade Commission v. Bunzai Media Group, Inc. et al Order |

Charlene:

Mr. Nottea is not aware of the other email accounts to which you refer.  Can you please provide us with the additional email addresses that you said were provided to you by nonparties and we will ask Mr. Nottea about them?

Mr. Camerino used the same email addresses that were provided to you yesterday:
     accounting@sbmmgmt.com (password: ███████)
     accounting818@gmail.com (password: ███████ )
     accounting@pinlogistics.com (Mr. Nottea does not have the password)

The password for doron@securedcommerce.com is: ███████.

The email addresses used by Doron Nottea in connection with his adult business are:
nftholdings@gmail.com
xposedinc@gmail.com
criticalxxx@gmail.com

Please do not open or review any emails until we agree on privilege protocols, and please provide us with a copy of the proposed stipulation and confidentiality agreement you reference so we can review it.

With regard to Motti Nottea, the email provided on the financial statement for Motti @gmail.com) is the only email address that he has ever used, and that email is a personal use email account subject to the protocols we will negotiate for all email accounts.

Please also file the withdrawal of you affidavit, and request that the Court vacate the July 16 OSC.  Thank you.

JAMES W. SPERTUS
SPERTUS, LANDES & UMHOFER, LLP
1990 S. Bundy Dr, Suite 705 | Los Angeles, CA 90025
t: (310) 826-4700 | f: (310) 826-4711 | jim@spertuslaw.com

This message may contain confidential and privileged information.  If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.  Thank you.

**From:** Charlene Koonce [mailto:charlene.koonce@solidcounsel.com]
**Sent:** Tuesday, July 07, 2015 2:40 PM
**To:** Jim Spertus; Kelly Crawford
**Subject:** FW: Activity in Case 2:15-cv-04527-GW-PLA Federal Trade Commission v. Bunzai Media Group, Inc. et al Order

Jim-   Based on our recent communications, I think we are going to be able to get this resolved and hope that neither of us needs to spend money on this hearing.

Again, based on your representations that you will provide additional information requested today by tomorrow and your continuing efforts to provide information.  If by the end of the day, I can get a complete list of email accounts from your clients (including Motti) with access credentials for the business use accounts and your agreement that we will have an agreement similar to the Rule 502 stipulation for the privilege protocols in the personal use email accounts

# EXHIBIT O

**EXHIBIT O**

**Ezra Landes**

| | |
|---|---|
| **From:** | Charlene Koonce <charlene.koonce@solidcounsel.com> |
| **Sent:** | Tuesday, July 07, 2015 3:36 PM |
| **To:** | Jim Spertus; Kelly Crawford |
| **Cc:** | Ezra Landes |
| **Subject:** | RE: Activity in Case 2:15-cv-04527-GW-PLA Federal Trade Commission v. Bunzai Media Group, Inc. et al Order |
| **Attachments:** | EDOCS-#98273-v1-Docket_No__44-_STIPULATION.PDF |

Jim-   these were identified for me and are still missing, and I may discover others:

doron@bunzai.com

doron@nftholdings.com

accounting@nftholdings.com

accounting@pinlogistics.com

Stephan@sbmmgmt.com   (I am informed this account was not used by Stephan Bauer, and need to know whether Doron used it or Alon, and need one of them to provide the access credentials.).   I also need to know if Doron had an email account for mediaurge.com.  And, if Doron does not have the credentials to access the accounting@pinlogistics.com, please let me know who does.

I will agree not to attempt to access any *personal use* email accounts until we have protocols in place.  In the order setting the show cause hearing for Alon and Roi, the court determined that no email account with the domain name of any receivership entity is a personal use email account.  I am not agreeing to delay access to any business use email account, but will agree not to provide any potentially privileged information in any of the business use accounts to the FTC or any third party, except pursuant to the protocols I agreed to regarding Alon and Roi and except in furtherance of my mandate (which I doubt will require any production at all before we can get protocols in place).

I do not have the final word version of the Stipulation – I sent only a very red-line version of that back to Alon's former counsel, Bill Rothbard.  He (or Robert Unger) should have the last word version of it.  The pdf that was filed  is attached. (I'm looking for the proposed order, but haven't seen that in our system, and will need to forward it to you from an email) Likewise, I do not have a Confidentiality Order to send to you.  Rothbard sent a proposal on that, but it included confidential treatment for every single email in every single account, which is patently unacceptable.  Please send me your proposal for that- I don't think one is necessary and thus will not spend time drafting one from scratch, but will certainly consider what you send and agree to reasonable provisions if I can.



# Charlene Koonce
## Partner
500 N. Akard, Suite 2700
Dallas, Texas 75201
**214.706.4215  (Direct)**
214.706.4200 (Main)
214.706.4242 (Facsimile)
charlene.koonce@solidcounsel.com
www.solidcounsel.com

# EXHIBIT P

**EXHIBIT P**

**Ezra Landes**

| | |
|---|---|
| **From:** | Charlene Koonce <charlene.koonce@solidcounsel.com> |
| **Sent:** | Tuesday, July 07, 2015 3:57 PM |
| **To:** | Jim Spertus; Kelly Crawford |
| **Cc:** | Ezra Landes |
| **Subject:** | RE: Activity in Case 2:15-cv-04527-GW-PLA Federal Trade Commission v. Bunzai Media Group, Inc. et al Order |

Jim-  I wanted to give you a heads' up about my availability tomorrow. I'll be working for another hour or two tonight, but ██████████████ I think I'll be in the office by 9 your time and if we get everything worked out tonight or in the morning will get that motion to cancel the hearing/withdraw the motion on file asap after I get in, but wanted you to know that I will be unavailable for a little while.

Regards,



# Charlene Koonce
## Partner

500 N. Akard, Suite 2700
Dallas, Texas 75201
**214.706.4215  (Direct)**
214.706.4200 (Main)
214.706.4242 (Facsimile)
charlene.koonce@solidcounsel.com
www.solidcounsel.com

# SCHEEF & STONE, L.L.P.
*LEGAL COUNSEL BASED ON SOLID PRINCIPLES*



**Important:**  This electronic mail message and any attached files contain information intended for the exclusive use of the individual or entity to whom it is addressed and may contain information that is proprietary, privileged, confidential and/or exempt from disclosure under applicable law.  If you are neither the intended recipient nor an employee or agent responsible for delivering the communication to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited.  Please notify the sender, by electronic mail or telephone, of any unintended recipients and delete the original message without making any copies.

**Note:**  Please be advised that Scheef & Stone, L.L.P. reserves the right to record telephone conversations involving its employees or attorneys.  If you do not wish to be recorded, please limit your communications with Scheef & Stone, L.L.P. to regular mail, faxes, and/or electronic mail.

**From:** Jim Spertus [mailto:jim@spertuslaw.com]
**Sent:** Tuesday, July 07, 2015 5:19 PM
**To:** Charlene Koonce; Kelly Crawford
**Cc:** Ezra Landes
**Subject:** RE: Activity in Case 2:15-cv-04527-GW-PLA Federal Trade Commission v. Bunzai Media Group, Inc. et al Order

# EXHIBIT Q

**EXHIBIT Q**

**Ezra Landes**

| | |
|---|---|
| **From:** | Jim Spertus |
| **Sent:** | Tuesday, July 07, 2015 10:57 PM |
| **To:** | Charlene Koonce; Kelly Crawford |
| **Cc:** | Ezra Landes |
| **Subject:** | RE: Activity in Case 2:15-cv-04527-GW-PLA Federal Trade Commission v. Bunzai Media Group, Inc. et al Order |

Charlene,

Mr. Nottea is not aware of the email account doron@bunzai.com.

The credentials for doron@nftholdings.com are ███████████████████████ username: █████████████████ password: █████████

The credentials for accounting@nftholdings.com are ███████████████████████ username: █████████████████ password: █████████

Mr. Nottea did not use the account stephan@sbmmgmt.com.

Mr. Nottea does not have credentials to access accounting@pinlogistics.com, but believes that Phillip Camerino may have those credentials.

Mr. Nottea did not have an account for mediaurge.com.

We are now going to turn to our opposition and further briefing in response to your affidavit of noncompliance.  Thank you.

JAMES W. SPERTUS
SPERTUS, LANDES & UMHOFER, LLP
1990 S. Bundy Dr, Suite 705 | Los Angeles, CA 90025
t: (310) 826-4700 | f: (310) 826-4711 | jim@spertuslaw.com

This message may contain confidential and privileged information.  If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.  Thank you.

---

**From:** Charlene Koonce [mailto:charlene.koonce@solidcounsel.com]
**Sent:** Tuesday, July 07, 2015 3:36 PM
**To:** Jim Spertus; Kelly Crawford
**Cc:** Ezra Landes
**Subject:** RE: Activity in Case 2:15-cv-04527-GW-PLA Federal Trade Commission v. Bunzai Media Group, Inc. et al Order

Jim-  these were identified for me and are still missing, and I may discover others:

doron@bunzai.com

doron@nftholdings.com

accounting@nftholdings.com

accounting@pinlogistics.com

Stephan@sbmmgmt.com  (I am informed this account was not used by Stephan Bauer, and need to know whether Doron used it or Alon, and need one of them to provide the access credentials.).  I also need to know if Doron had an

1

# EXHIBIT R

**EXHIBIT R**

**Ezra Landes**

| | |
|---|---|
| **From:** | Charlene Koonce <charlene.koonce@solidcounsel.com> |
| **Sent:** | Wednesday, July 08, 2015 5:38 AM |
| **To:** | Jim Spertus; Kelly Crawford |
| **Cc:** | Ezra Landes |
| **Subject:** | RE: Activity in Case 2:15-cv-04527-GW-PLA Federal Trade Commission v. Bunzai Media Group, Inc. et al Order |

Jim-   Thank you for this information.  A non-party with intimate knowledge of the workings of these companies says Doron has used Doron@bunzaimedia.com.   Will Doron provide a declaration stating otherwise?.



# CHARLENE KOONCE
# PARTNER

500 N. Akard, Suite 2700
Dallas, Texas 75201
**214.706.4215  (Direct)**
214.706.4200 (Main)
214.706.4242 (Facsimile)
charlene.koonce@solidcounsel.com
www.solidcounsel.com

# SCHEEF & STONE, L.L.P.
## LEGAL COUNSEL BASED ON SOLID PRINCIPLES



**Important:**  This electronic mail message and any attached files contain information intended for the exclusive use of the individual or entity to whom it is addressed and may contain information that is proprietary, privileged, confidential and/or exempt from disclosure under applicable law.  If you are neither the intended recipient nor an employee or agent responsible for delivering the communication to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited.  Please notify the sender, by electronic mail or telephone, of any unintended recipients and delete the original message without making any copies.

**Note:**  Please be advised that Scheef & Stone, L.L.P. reserves the right to record telephone conversations involving its employees or attorneys.  If you do not wish to be recorded, please limit your communications with Scheef & Stone, L.L.P. to regular mail, faxes, and/or electronic mail.

**From:** Jim Spertus [mailto:jim@spertuslaw.com]
**Sent:** Wednesday, July 08, 2015 12:57 AM
**To:** Charlene Koonce; Kelly Crawford
**Cc:** Ezra Landes
**Subject:** RE: Activity in Case 2:15-cv-04527-GW-PLA Federal Trade Commission v. Bunzai Media Group, Inc. et al Order

Charlene,

Mr. Nottea is not aware of the email account doron@bunzai.com.

# EXHIBIT S

**EXHIBIT S**

**Ezra Landes**

**Subject:**                      FW: Motion to Compel and Show Cause hearings

**From:** Charlene Koonce [mailto:charlene.koonce@solidcounsel.com]
**Sent:** Wednesday, July 08, 2015 3:38 PM
**To:** Jim Spertus; 'Robert Ungar' (rmu@ungarlaw.com)
**Cc:** Kelly Crawford; Reid A. Tepfer
**Subject:** Motion to Compel and Show Cause hearings

Counsel - I know you both have made good faith efforts to get me the information I have requested, which is needed on a continuing and rolling basis. I also believe there is some information subject to the motions referenced above that I don't have. And I am certain that I still don't know what I don't know. For instance, I believe when Eric has had a chance to review emails he may discover additional accounts.

Nonetheless, in an effort to conserve everyone's time and stay focused on compliance and moving forward, I propose that I ask the court to continue the hearings set for next week, and all briefing obligations regarding those hearings, until after the PI hearing. We can also get all Rule 502 stips and confidentiality agreements in place in the interim. If your clients continue to cooperate, it may be unnecessary for resolution of my pending motions and I will withdraw them at that point.

Please let me know if you are agreeable to this proposal and I will get something on file with the court first thing in the morning (my secretary is gone for the day).



# Charlene Koonce
# Partner

500 N. Akard, Suite 2700
Dallas, Texas 75201
**214.706.4215 (Direct)**
214.706.4200 (Main)
214.706.4242 (Facsimile)
charlene.koonce@solidcounsel.com
www.solidcounsel.com

# SCHEEF & STONE, L.L.P.
LEGAL COUNSEL BASED ON SOLID PRINCIPLES



**Important:** This electronic mail message and any attached files contain information intended for the exclusive use of the individual or entity to whom it is addressed and may contain information that is proprietary, privileged, confidential and/or exempt from disclosure under applicable law. If you are neither the intended recipient nor an employee or agent responsible for delivering the communication to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. Please notify the sender, by electronic mail or telephone, of any unintended recipients and delete the original message without making any copies.