SPERTUS, LANDES & UMHOFER, LLP
James W. Spertus (SBN 159825)
Ezra D. Landes (SBN 253052)
1990 South Bundy Dr., Suite 705
Los Angeles, California 90025
Telephone: (310) 826-4700
Facsimile:  (310) 826-4711
jim@spertuslaw.com
ezra@spertuslaw.com

Attorneys for Doron Nottea and Motti Nottea

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>                    Plaintiff,<br><br>          v.<br><br>BUNZAI MEDIA GROUP, INC., et al.,<br><br>                    Defendants. | Case No. 15-CV-4527-GW (PLAx)<br><br>*[Assigned to the Hon. George H. Wu, Ctrm. 10]*<br><br>**REPLY MEMORANDUM IN SUPPORT OF *EX PARTE* APPLICATION TO VACATE OSC [DOCKET NO. 57], OR, IN THE ALTERNATIVE, TO CONTINUE HEARING DATE** |

*REPLY IN SUPPORT OF EX PARTE APPLICATION TO VACATE OSC*

**MEMORANDUM OF POINTS AND AUTHORITIES**

**A.    THE JULY 16, 2014 OSC SHOULD BE VACATED**

Doron and Motti Nottea do not "complain about the difficulty inherent in complying with the Receivership Order and the Receiver's efforts to enforce the Order." (Opposition, p.2, lns.18-19).  Doron (Alon Nottea's brother) and Motti (Alon Nottea's father) are aware of their obligations and are complying with numerous requests for information from the Receiver to enable the Receiver to do her work.  Neither Doron nor Motti Nottea are seeking protection from disclosure obligations, and likely never will.  However, Doron and Motti Nottea request that the Court vacate the July 16, 2015 OSC hearing that the Court set based on the Receiver's decision to file an Affidavit of Non-compliance without a prior meet and confer effort.  The alleged transgressions (e.g. failure to produce financial statements) were mooted by the production of information made hours after the Affidavit of Non-compliance was filed.

At the time the Receiver filed the Affidavit of Non-compliance, the Receiver well knew that failures to produce information were caused by Doron and Nottea's difficulty retaining qualified, conflict-free counsel.  That issue was remedied when present counsel was retained on July 3, 2015, and informed the Receiver that the production of information would be made on July 6, 2015.  While Doron and Motti Nottea were racing to gather information for the Receiver, the Receiver was apparently racing to beat the production time with her filing of an Affidavit of Non-compliance.  Although the Receiver won that race, Doron and Motti Nottea provided the requested information hours after the Affidavit of Non-compliance was filed.  Counsel for Doron and Motti filed Notices of Appearance on Sunday, July 5, 2015, told the Receiver that the requested information would be produced on July 6, 2015, and yet the Receiver filed an Affidavit of Non-compliance anyway.  Reasonable meet and confer

1.

*REPLY IN SUPPORT OF EX PARTE APPLICATION TO VACATE OSC*

Spertus, Landes & Umhofer, LLP
1990 South Bundy Dr., Suite 705
Los Angeles, CA, CA 90025
Telephone 310-826-4700; Facsimile 310-826-4711

efforts would have avoided the Receiver's filing and the Court would not have set an OSC hearing.

Since the stated reasons for the OSC are now moot, Doron and Motti Nottea respectfully request that the Court vacate the July 16, 2015 hearing as to them.  If issues of non-compliance arise in the future, the Receiver can then file an Affidavit of Non-compliance for those issues that cannot be resolved through reasonable meet and confer efforts.  Unless the Court requires the Receiver to undertake meaningful meet and confer efforts to avoid discovery disputes, the Court will become a discovery referee.

## B.   THE SCOPE OF THE OSC WOULD BE LIMITED

In opposition to Doron and Motti Nottea's ex parte application to vacate the OSC, the Receiver argues that "the Nottea Defendants, together with Alon Nottea and others, are wholly responsible for the deep and wide web of deceit, indeed fraud, that permeates their operation of the Receivership Defendants and numerous other entities."  (Opposition, p.2, lns.21-24).  Doron and Motti dispute that they had any involvement in the operation of Alon Nottea's businesses. Doron Nottea, Alon's brother, was a bookkeeper, and Motti Nottea, Alon's father, had no involvement in the businesses whatsoever.  If there were unfair consumer practices at Alon Nottea's businesses, Doron and Motti Nottea had no knowledge of them.  Nonetheless, the merits of the FTC's case are not relevant to the OSC hearing or the Receiver's work, and those issues should not arise at the July 16, 2015 OSC hearing.  All that is relevant to the hearing is whether Doron and Motti Nottea are complying to the best of their ability with the Court's TRO order, and the communications attached to the ex parte application to vacate the hearing establish that they are.  It is not appropriate for the Court-appointed Receiver to advance FTC trial arguments in opposition to an ex parte application to vacate a hearing date for moot issues.  Doron and Motti Nottea

Spertus, Landes & Umhofer, LLP
1990 South Bundy Dr., Suite 705
Los Angeles, CA, CA 90025
Telephone 310-826-4700; Facsimile 310-826-4711

2.

1    have never disputed their obligations to provide information requested by the

2    Receiver pursuant to the Court's TRO.[1]

3         To argue that the OSC remains meritorious with respect to the alleged

4    violations of paragraphs VII, XV, XVIII and XIX, despite Defendants' good

5    faith compliance and production of their financial statements, documents and

6    information, the Receiver cites to examples of alleged deficiencies in

7    Defendants' financial statements that simply do not exist.  The Receiver argues:

8         Defendants' financial statements, as required by paragraph VII of
     the Receivership Order are similarly deficient.  As one example
9         only, Motti Nottea's financial statement indicates he was an
     employee of three Receivership Defendants but fails to identify,
10        what if any "position" he held for those entities.  In other words,
     Motti failed to provide any facts related to his involvement with
11        those entities.

12   (Opposition, ¶12 (emphasis added)).  As set forth in Defendants' ex parte

13   application, Doron and Motti Nottea answered the Receiver's many follow-up

14   questions after its review of the financial statements.  However, the Receiver

15   never once asked Motti Nottea to explain why this particular information was

16   omitted, and had the Receiver asked and properly met and conferred with

17   Defendants' counsel, she would have been informed that Motti Nottea is not

18   _____

19   [1] The Receiver raises many new arguments of alleged non-compliance that were
     never raised in the Affidavit of Non-compliance that is the subject of the pending
20   OSC.  The Receiver cannot raise new arguments for the first time in opposition
     to the ex parte application.  For example, the Receiver argues that Defendants
21   failed to comply with paragraphs XXV and XVII of the Receivership Order
     (Opposition, ¶¶8-9, p.7), but the OSC expressly states that the Court "finds good
22   cause to believe that [Defendants] violated paragraphs VII, XV, XVIII and XIX
     of the Receivership Order by failing to provide the financial statements,
23   documents and information to the Receiver."  (OSC, ¶2).  The pending OSC has
     nothing to do with any alleged violations of paragraphs XXV and XVII, which
24   were raised for the first time in the Receiver's Opposition.  Again, these issues
     should be address in meet and confer efforts before they are raised to the Court.
25

26

27

28

Spertus, Landes & Umhofer, LLP
1990 South Bundy Dr., Suite 705
Los Angeles, CA, CA 90025
Telephone 310-826-4700; Facsimile 310-826-4711

*REPLY IN SUPPORT OF EX PARTE APPLICATION TO VACATE OSC*

aware of any positions he has held with these entities, and could not provide a sworn statement of having any positions at the entities.  He included these entities on his financial statements because he was paid small sums by his son from those entities.  As explained in Defendants' ex parte application, "Doron Nottea is the brother of the business owner, Alon Nottea, and Motti Nottea is Alon Nottea's father, who resides in Israel."  (Defendants' Ex Parte Application, ¶23, p.8, lns.14-16).

Similarly, the Receiver argues that there remain violations of paragraph XVIII of the Receivership Order because Defendants failed to identify two individuals allegedly affiliated with the 15 different Receivership Defendants named in this action, and the omission of these two names constitutes non-compliance.  (Opposition, ¶11, p.8.)  The Receiver even goes so far as to argue that the OSC is reasonable and remains necessary because "Defendants identify Erin Link as the CEO for Shalita Holdings" and "[t]hat representation, however is false because Erin Link himself states he has no connection to Shalita[.]" (Opposition, ¶11, p.9, lns.1-3).  The Receiver argues that because Defendants "have not provided truthful or complete information" it "demonstrates the necessity for and appropriateness of the Motion."  (*Id.* at p.3, lns.13-17).

Obviously, Mr. Link's denial cannot support a finding of contempt against Doron and Motti Nottea.  More importantly, none of these issues were raised in any meet and confer with Defendants' counsel, or in the Affidavit of Non-compliance, and the issues raised in the Receiver's opposition have nothing whatsoever to do with the pending OSC, which requests only that Defendants' "be held in civil contempt and incarcerated" until Defendants "provide the financial statements, documents and information to the Receiver."  (Affidavit of Non-compliance (Docket No. 48), p.12, lns.11-12; OSC, ¶2).

Spertus, Landes & Umhofer, LLP
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

4.

Because the financial statements, documents and information have been provided, the pending OSC is moot and should be vacated.  Doron and Motti Nottea have answered all of the Receiver's follow-up questions, and the Receiver acknowledges that Defendants "made good faith efforts to get me the information I have requested."  (Opposition, ¶15, p.11, lns.3-4).  To the extent Doron and Motti Nottea fail to comply with a specific request in the future, the parties can meet and confer to determine whether a motion can be avoided, and if not then the Receiver can file an Affidavit of Non-compliance.  The Receiver failed to do that with regard to the pending motion.

Dated:  July 10, 2015                SPERTUS, LANDES & UMHOFER, LLP


By:  _____

James W. Spertus
Attorneys for Doron Nottea and
Motti Nottea

*REPLY IN SUPPORT OF EX PARTE APPLICATION TO VACATE OSC*