ROBERT M. UNGAR (State Bar No. 102007)
rmu@ungarlaw.com
14724 Ventura Blvd., PH
Sherman Oaks, CA 91403
Telephone: (310) 405-1884

BEN PETTIT (State Bar No. 135941)
ben@benpettit.com
20 E. Pueblo Street
Santa Barbara, CA 93105
Telephone (805) 896-5113

**Attorneys for Defendants:** Alon Nottea and
Roi Reuveni

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | CASE NO.  2:15-CV-4527-GW (PLAx) |
| Plaintiff, | **DEFENDANT ALON NOTTEA'S ANSWER TO COMPLAINT FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF** |
| v. | |
| BUNZAI MEDIA GROUP, INC., et al., | |
| Defendants. | Complaint Filed: June 16, 2015 |

## ANSWER TO COMPLAINT

Defendant Alon Nottea ("Defendant") answers the Complaint of Plaintiff Federal Trade Commission ("Plaintiff") as follows:

1.      Defendant admits that Plaintiff brings this action against Defendants. The remaining allegations in Paragraph 1 consist of conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendant denies the remaining allegations in Paragraph 1.

1

2.     Defendant specifically and generally denies each allegation in Paragraph 2.

3.     Defendant specifically and generally denies each allegation in Paragraph 3.

4.     The allegations in Paragraph 4 consist of conclusions of law as to which no responsive pleading is required.

5.     The allegations in Paragraph 5 consist of conclusions of law as to which no responsive pleading is required.

6.     The allegations in Paragraph 6 consist of conclusions of law as to which no responsive pleading is required.

7.     The allegations in Paragraph 7 consist of conclusions of law as to which no responsive pleading is required.

8.     The allegations in Paragraph 8 consist of conclusions of law as to which no responsive pleading is required.

9.     Defendant admits that Bunzai Media Group, Inc. was a California corporation with its principal place of business at the Van Nuys Office that formerly transacted business in this district. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 9.

10.     Defendant admits that Pinnacle Logistics, Inc. was a California corporation with its principal place of business at the Van Nuys Office that formerly transacted business in this district. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 10.

11.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 11, and on that basis specifically and generally denies each allegation in Paragraph 11.

12.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 12, and on that basis specifically and generally denies each allegation in Paragraph 12.

DEFENDANT ALON NOTTEA'S ANSWER TO COMPLAINT

13.     Defendant admits that Agoa Holdings was a California corporation with its principal place of business at the Van Nuys Office that transacted business in this district. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 13.

14.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 14, and on that basis specifically and generally denies each allegation in Paragraph 14.

15.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 15, and on that basis specifically and generally denies each allegation in Paragraph 15.

16.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 16, and on that basis specifically and generally denies each allegation in Paragraph 16.

17.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 17, and on that basis specifically and generally denies each allegation in Paragraph 17.

18.     Defendant admits that SBM Management Group, Inc. is a California corporation that transacted business in this district. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 18.

19.     Defendant admits that Media Urge, Inc. was a California corporation that transacted business in this district. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 19.

20.     Defendant admits that Adageo, LLC is a California limited liability company that has transacted business in this district. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 20.

21.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 21, and on that basis specifically and generally denies each allegation in Paragraph 21.

22. Defendant is without sufficient information to admit or deny the allegations in Paragraph 22, and on that basis specifically and generally denies each allegation in Paragraph 22.

23. Defendant is without sufficient information to admit or deny the allegations in Paragraph 23, and on that basis specifically and generally denies each allegation in Paragraph 23.

24. Defendant admits that Alon Nottea resides in this district and has transacted business in this district. Defendant admits that Alon Nottea is a member of Adageo, LLC. Defendant admits that Alon Nottea provided consulting services to Media Urge, Inc. Defendant admits that Alon Nottea was the CEO of Bunzai Media Group, Inc. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 24.

25. Defendant is without sufficient information to admit or deny the allegations in Paragraph 25, and on that basis specifically and generally denies each allegation in Paragraph 25.

26. Defendant is without sufficient information to admit or deny the allegations in Paragraph 26, and on that basis specifically and generally denies each allegation in Paragraph 26.

27. Defendant is without sufficient information to admit or deny the allegations in Paragraph 27, and on that basis specifically and generally denies each allegation in Paragraph 27.

28. Defendant is without sufficient information to admit or deny the allegations in Paragraph 28, and on that basis specifically and generally denies each allegation in Paragraph 28.

29. Defendant admits that Roi Reuveni resides in this district. Defendant admits that Roi Reuveni was a manager at Pinnacle Logistics, Inc. and is an officer of Agoa Holdings, Inc. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 29.

30.     Defendant admits that Khristopher Bond was an owner of Bunzai Media Group, Inc., that Khristopher Bond has resided in this district and has transacted business in this district. Except as expressly admitted, Defendant is without sufficient information to admit or deny the allegations in Paragraph 30, and on that basis specifically and generally denies the remaining allegation in Paragraph 30.

31.     Defendant specifically and generally denies each allegation in Paragraph 31.

32.     Defendant specifically and generally denies each allegation in Paragraph 32.

33.     Defendant specifically and generally denies each allegation in Paragraph 33.

34.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 34, and on that basis specifically and generally denies each allegation in Paragraph 34.

35.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 35, and on that basis specifically and generally denies each allegation in Paragraph 35.

36.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 36, and on that basis specifically and generally denies each allegation in Paragraph 36.

37.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 37, and on that basis specifically and generally denies each allegation in Paragraph 37.

38.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 38, and on that basis specifically and generally denies each allegation in Paragraph 38.

39.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 39, and on that basis specifically and generally denies each allegation in Paragraph 39.

40.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 40, and on that basis specifically and generally denies each allegation in Paragraph 40.

41.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 41, and on that basis specifically and generally denies each allegation in Paragraph 41.

42.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 42, and on that basis specifically and generally denies each allegation in Paragraph 42.

43.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 43, and on that basis specifically and generally denies each allegation in Paragraph 43.

44.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 44, and on that basis specifically and generally denies each allegation in Paragraph 44.

45.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 45, and on that basis specifically and generally denies each allegation in Paragraph 45.

46.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 46, and on that basis specifically and generally denies each allegation in Paragraph 46.

47.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 47, and on that basis specifically and generally denies each allegation in Paragraph 47.

48.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 48, and on that basis specifically and generally denies each allegation in Paragraph 48.

49.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 49, and on that basis specifically and generally denies each allegation in Paragraph 49.

50.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 50, and on that basis specifically and generally denies each allegation in Paragraph 50.

51.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 51, and on that basis specifically and generally denies each allegation in Paragraph 51.

52.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 52, and on that basis specifically and generally denies each allegation in Paragraph 52.

53.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 53, and on that basis specifically and generally denies each allegation in Paragraph 53.

54.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 54, and on that basis specifically and generally denies each allegation in Paragraph 54.

55.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 55, and on that basis specifically and generally denies each allegation in Paragraph 55.

56.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 56, and on that basis specifically and generally denies each allegation in Paragraph 56.

57.    The allegations in Paragraph 57 consist of conclusions of law as to which no responsive pleading is required.

58.    The allegations in Paragraph 58 consist of conclusions of law as to which no responsive pleading is required.

59.    Defendant specifically and generally denies each allegation in Paragraph 59.

60.    Defendant specifically and generally denies each allegation in Paragraph 60.

61.    The allegations in Paragraph 61 consist of conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendant generally and specifically denies the allegations in Paragraph 61.

62.    Defendant specifically and generally denies each allegation in Paragraph 62.

63.    Defendant specifically and generally denies each allegation in Paragraph 63.

64.    The allegations in Paragraph 64 consist of conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendant generally and specifically denies the allegations in Paragraph 64.

65.    Defendant specifically and generally denies each allegation in Paragraph 65.

66.    Defendant specifically and generally denies each allegation in Paragraph 66.

67.    The allegations in Paragraph 67 consist of conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendant generally and specifically denies the allegations in Paragraph 67.

68.    Defendant specifically and generally denies each allegation in Paragraph 68.

DEFENDANT ALON NOTTEA'S ANSWER TO COMPLAINT

69.     Defendant specifically and generally denies each allegation in Paragraph 69.

70.     The allegations in Paragraph 70 consist of conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendant generally and specifically denies the allegations in Paragraph 70.

71.     The allegations in Paragraph 71 consist of conclusions of law as to which no responsive pleading is required.

72.     The allegations in Paragraph 72 consist of conclusions of law as to which no responsive pleading is required.

73.     The allegations in Paragraph 73 consist of conclusions of law as to which no responsive pleading is required.

74.     The allegations in Paragraph 74 consist of conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendant generally and specifically denies the allegations in Paragraph 74

75.     The allegations in Paragraph 75 consist of conclusions of law as to which no responsive pleading is required.

76.     The allegations in Paragraph 76 consist of conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendant generally and specifically denies the allegations in Paragraph 76.

77.     The allegations in Paragraph 77 consist of conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendant generally and specifically denies the allegations in Paragraph 77.

78.     The allegations in Paragraph 78 consist of conclusions of law as to which no responsive pleading is required.

79.     The allegations in Paragraph 79 consist of conclusions of law as to which no responsive pleading is required.

80.     The allegations in Paragraph 80 consist of conclusions of law as to which no responsive pleading is required.

81.     The allegations in Paragraph 81 consist of conclusions of law as to which no responsive pleading is required.

82.     The allegations in Paragraph 82 consist of conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendant generally and specifically denies the allegations in Paragraph 82.

83.     The allegations in Paragraph 83 consist of conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendant generally and specifically denies the allegations in Paragraph 83.

84.     The allegations in Paragraph 84 consist of conclusions of law as to which no responsive pleading is required.

85.     The allegations in Paragraph 85 consist of conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendant generally and specifically denies the allegations in Paragraph 85.

86.     The allegations in Paragraph 86 consist of conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendant generally and specifically denies the allegations in Paragraph 86.

87.     The allegations in Paragraph 87 consist of conclusions of law as to which no responsive pleading is required.

88.     The allegations in Paragraph 88 consist of conclusions of law as to which no responsive pleading is required.

DEFENDANT ALON NOTTEA'S ANSWER TO COMPLAINT

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

1.      The Complaint fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(Consent)**

2.      Consumers consented to receive and pay for any goods and/or services provided by Defendant.

**THIRD AFFIRMATIVE DEFENSE**

**(Acts of Third Parties - Causation)**

3.      Consumers' damages, if any, were caused solely, directly and proximately by the acts or omissions of third parties, not by any acts or omissions by Defendant, his agents, or employees. Those other persons are solely responsible for any damages caused thereby.

**FOURTH AFFIRMATIVE DEFENSE**

**(Acts of Third Parties - Apportionment)**

4.      The acts and/or omissions of independent third parties contributed to some or all of the damages, if any, complained of in the Complaint. Defendant is entitled to a judicial determination of fault of those third parties and to a reduction of damages, if any, in proportion to fault.

**FIFTH AFFIRMATIVE DEFENSE**

**(Compliance with Statute)**

5.      Defendant's compliance with the statutes, rules, and regulations that govern the subject matter of this lawsuit precludes liability to any consumer.

**SIXTH AFFIRMATIVE DEFENSE**

**(No Damages)**

6.      The conduct alleged by Plaintiff did not injure, harm, or damage consumers.

11

## SEVENTH AFFIRMATIVE DEFENSE

### (Excessive Fine)

7.     To the extent that Plaintiff seeks statutory penalties, the Complaint violates the prohibition against "excessive fines" of the United States Constitution, Eighth Amendment.

## EIGHTH AFFIRMATIVE DEFENSE

### (Bad Faith)

8.     On information and belief, this lawsuit was filed in bad faith and/or for objectively frivolous reasons, thereby barring Plaintiff from recovering on any cause of action in the Complaint, and entitling Defendant to recover his costs of suit incurred herein, including reasonable attorney fees.

## NINTH AFFIRMATIVE DEFENSE

### (Justification and Privilege)

9.     The actions of Defendant, respecting the subject matters alleged in the Complaint, were taken in good faith, and constitute lawful, proper and justified means to further the sole purpose of engaging in and continuing its business. By reason thereof, Plaintiff is barred, in whole or in part, from recovery on the Complaint.

## TENTH AFFIRMATIVE DEFENSE

### (Advice of Counsel)

10.    Defendant is not liable on any cause of action in the Complaint because, with regard to the subject matter of the Complaint, Defendant acted at all times in reasonable and good faith reliance on the opinion and advice of counsel, based on counsel's full and complete understanding of all relevant facts.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Right to Assert Additional Defenses)

11.    Defendant reserves the right to assert additional affirmative defenses as discovery and investigation proceed.

DEFENDANT ALON NOTTEA'S ANSWER TO COMPLAINT

1   **WHEREFORE**, Defendant prays for judgment as follows:

2       1.    That Plaintiff take nothing by its Complaint;

3       2.    That Defendant be awarded all of his costs, including attorney fees

4 incurred herein; and

5       3.    That the Court award such other and further relief as it deems just and

6 proper.

7

8 DATED: July 10, 2015

9

10                                     /s/ ROBERT M. UNGAR

                                      ROBERT M. UNGAR

11                                     Attorney for Defendants

                                    Alon Nottea and Roi Reuveni

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28