**SECOND DECLARATION OF FTC INVESTIGATOR
BRENT D. MCPEEK
<u>PURSUANT TO 28 U.S.C. § 1746</u>**

Pursuant to 28 U.S.C. § 1746, Brent D. McPeek declares that:

1.      My name is Brent D. McPeek.  I am over the age of 21 and competent to give this declaration.  I am a Federal Trade Investigator with the Federal Trade Commission ("FTC").  I have a Bachelor of Science degree in agricultural economics with a minor in finance, as well as a Master of Science degree in applied economics.  I have more than ten years' experience as an investigator and litigation consultant.  My business address is Federal Trade Commission, Southwest Region, 1999 Bryan Street, Suite 2150, Dallas, Texas 75201.

2.      My duties, as a Federal Trade Investigator, include investigating parties suspected of engaging in unfair or deceptive acts or practices in violation of the Federal Trade Commission Act and other laws and rules enforced by the Commission.

3.      I assisted in the FTC's investigation of Bunzai Media Group, Inc. ("Bunzai Media Group") and related companies and individuals, including Alon Nottea ("Alon"), Igor Latsanovski ("Igor"), Doron Nottea ("Doron"), Roi Reuveni, and Khristopher Bond.  I will refer to the subjects of the FTC's investigation collectively as the "Defendants."

SECOND DECLARATION OF FTC INVESTIGATOR BRENT D. MCPEEK

4.       During the FTC's investigation, I acquired personal knowledge of the facts stated here, and, if called, would testify to the same.  Personally Identifying Information ("PII") has been redacted from all documents referenced in this declaration.

## BUSINESS PREMISES

5.       On June 18, 2015, at approximately 10:45 a.m., pursuant to the Court's June 16, 2015, Ex Parte Temporary Restraining Order with Asset Freeze, Appointment of Temporary Receiver, and Other Equitable Relief, and Order to Show Cause Why a Preliminary Injunction Should Not Issue ("Order"), the Court-appointed Temporary Receiver ("Receiver") and officers of the Los Angeles Police Department made entry into the business premises of Corporate Defendants located at 6925 Canby Ave., Suite 105, Reseda, CA 91335.  The receiver subsequently invited the FTC and government contractors who specialize in electronic forensics onto the premises.

6.       At approximately 11:00 a.m. on the same date, I presented a copy of the Order to the manager in the leasing office and requested any information regarding additional buildings or suites the Defendants are using.  The manager informed me that Defendants are also using 6925 Canby Ave., Suite 109 and 6850 Canby Ave., Suite 103.  I informed the Receiver of this information, and she

SECOND DECLARATION OF FTC INVESTIGATOR BRENT D. MCPEEK       Page | 2

1   subsequently made entry into and secured those premises.  She invited the FTC

2   and the forensic contractors into those premises as well.

3         7.     On June 19, 2015, I located a folder labeled "Bunzai Partnership" in

4   the bottom left drawer of a desk in what had been identified as Doron Nottea's

5   office.  The folder contained records related to Bunzai Media Group, including

6   two executed versions of the partnership agreement and a loan agreement.  True

7   and correct copies of the documents, Bates numbered FTC-AUR-S1-0000137 to

8   0000150, are attached as **Attachment A** to this declaration.

9               **INTERVIEW OF FORMER EMPLOYEE**

10         8.     On June 23, 2015, I participated in a telephone conversation with

11   Dawn Goddard.  Ms. Goddard worked for Bunzai Media Group from

12   approximately August 2012 to February 2013.  Specifically, we discussed the

13   roles and functions of former and current employees and owners of the various

14   businesses.  She stated that Doron Nottea's role or position was "Chief

15   Accountant."  She also said "Nothing was paid without his approval.  He handled

16   all of the accounts.  He handled everything [monetary]."

17         9.     Ms. Goddard stated that the owners would set up a monetary

18   distribution or dividend to be paid to Alon Nottea, Igor Latsanovski, and

19   Khristopher Bond every three to four months.  She also said that Doron was

20   intimately involved in the discussion with Alon and Igor to determine the amount

of dividend[1] and that he would set up the payments for Alon and Igor.  Ms. Goddard said that Alon, Doron, and Igor would sometimes go to Palm Springs for an extended 3-day "work" weekend for these discussions.

10.     Ms. Goddard stated that Doron was the supervisor to Nancy "Nastassia" Yalley, the bookkeeper for the various business enterprises.  She said that Nastassia confirmed to her that Doron would also receive a share of the dividend payment and that Khristopher's dividend payment was less than the payments to the Alon, Doron, and Igor.  Ms. Goddard also said that Leor Araly, the "HR person," reported to Doron.

11.     Ms. Goddard generally described the function and roles of the various individuals as follows:

    a.     "Alon does all of the creative thinking and would come up with the ideas."

    b.     "Doron would figure out how they could get away with it."

    c.     "Roi Reuveni and Paul Medina would handle the payment processors."

    d.     "Igor was the money person."

12.     Ms. Goddard stated that there were many people with their names on merchant accounts and corporate records that had nothing to do with the actual

---

[1] According to Ms. Goddard, the dividend or payment usually amounted to approximately $275,000.

SECOND DECLARATION OF FTC INVESTIGATOR BRENT D. MCPEEK     Page | 4

businesses.  She said that Alon, Doron, and Paul would ask these individuals to put their names on these accounts, while Alon, Doron, or Paul would actually control the accounts.  Finally, Ms. Goddard stated that she believed that if the Notteas actually think they will be wiped out, they will just buy tickets and fly back to Israel, because much of the money is probably outside of the United States.

## VASTPAY.COM

13.     On July 16, 2015, I viewed the website at the URL http://vastpay.com.  I captured and printed the website using Adobe Pro software and preserved it for offline viewing.  A true and correct printed copy of the front or landing page of the website is attached as **Attachment B**.

## CORRESPONDENCE

14.     On July 16, 2015.  Reid Tepfer forwarded to me three email threads between Mr. Tepfer and counsel for Mr. Latsanovski and counsel for the Court-Appointed Temporary Receiver.  True and correct printed copies of these emails are attached as **Attachment C**.

SECOND DECLARATION OF FTC INVESTIGATOR BRENT D. MCPEEK     Page | 5

Ex. 19

1

2     I declare, under penalty of perjury, that the foregoing statement is true and

3     correct.

4     Executed on July 16, 2015, at Dallas, Texas.

5

6

7     **BRENT D. MCPEEK**

8

9

10

11

12

13

14

15

16

17

18

19

20

SECOND DECLARATION OF FTC INVESTIGATOR BRENT D. MCPEEK    Page | 6

Ex. 19

# ATTACHMENT A

Bin 241  DARINRESHIP

**BUNZAI MEDIA GROUP – PARTNERSHIP AGREEMENT**

This Partnership Agreement dated herein is by and between Alon Nottea ("Alon"), Khristopher Bond ("Khristopher") and Igor Latsanovski ("Igor") with respect to a Partnership in the existing company BunZai Media Group, Inc. ("Company").

Igor will invest $350K in exchange for 55% ownership of BunZai Media Group.
Ownership Shares in BunZai Media will be as follows:  55% Igor  22.5% Alon  22.5% Khristopher

If needed, Igor will provide additional investment to grow the company – these monies will be paid back by the company at fair market interest.

Alon & Khris will have total autonomy on how budget is spent, once approved by all shareholders every 6 months.  Anything above and beyond the budget must first be approved by the shareholders.

Alon & Khristopher shall both be signers on all accounts up to $10K – for all checks over $10K then either Alon and/or Khris and Igor's representative will need to sign $10K

After 18 months, the board will meet to see progress of company, at that time if Alon & Khris have not met company goals, without prejudice, then board may elect to remove them from their positions, without affecting their ownership percentage in the company.

Alon (C.E.O) & Khristopher (C.O.O) shall each earn the following:
$5K month 1 & month 2
5% of net profits from Month 3 onward

Upon signing this agreement, Igor shall invest $75K to run a continuity test for 30 days.  During this test, BunZai will purchase at least 1,000 orders (CPA of $45 to $50 each) within the first 15 days, and a conversion from Free Trial to Transitional stage (day 16 to day 30) of at least 75% of these orders.  If this goal is met and both parties agree to continue with the partnership, then Igor will immediately invest the remaining $275K to complete the financial requirements of this deal.  If Alon & Khristopher do not reasonably meet the goals outlined herein and Igor decides to not go forward with the deal, then Alon & Khristopher will have 90 days to repay the $75K.

If after the test period Alon & Khristopher meet the goals herein and Igor decides to not go forward with the deal, then Igor will forfeit 50% of the $75K invested thus far and Alon & Khristopher will have 90 days to repay the remaining balance.  If Alon and Khristopher decide after the test to not continue with the deal, then they will have 90 days to repay the $75K invested by Igor.

After month 2 of operations, the partners will divide 5% of the net profits of the company on a monthly basis.  The division of net profits will be revisited again every 6 months and the shareholders will agree to a division of net profits for the next 6 months.

FTC-AUR-S1-0000138

Ex. 19

IN WITNESS WHEREOF, the parties have executed this Agreement as of the effective date. All signed
copies of this Agreement shall be deemed originals.

Alon Nottea (Partner)
7900 Gloria Avenue, Van Nuys CA 91406

10-12-10
Date

Khristopher Bond (Partner)
7900 Gloria Avenue, Van Nuys CA 91406

10-12-10
Date

Igor Latsanovski (Partner)
██████████, Tarzana CA ████

10-12-10
Date

FTC-AUR-S1-0000139

Ex. 19



FTC-AUR-S1-0000140

Ex. 19

**BUNZAI MEDIA GROUP LOAN AGREEMENT**

This Agreement dated herein is by and between BunZai Media Group ("Company") represented by its principals Alon Nottea ("Alon"), Khristopher Bond ("Khristopher") and Igor Latsanovski ("Igor") with respect to the loan of $175K to existing company.

It is understood that Igor has loaned the Company $175K
$75K received on 10-12-2010
$100K received on 12-06-2010

The Company will repay the loan baring interest of $25K to Igor as follows:

April 5th – $50,000
May 5th – $50,000
June 5th – $100,000

Or

Igor's $175K loan will become an investment that will represent a percentage of ownership in the Company that will determined the first week of January 2011.

Furthermore, this loan is guaranteed by the assets of the company as well as personally guaranteed by Alon & Khristopher and all their personal assets.

The terms herein are agreed to and accepted by all parties as of the date signed herein. All signed copies of this Agreement shall be deemed originals.

_____
Alon Nottea (CEO)
7900 Gloria Avenue, Van Nuys CA 91406

_____
Igor Latsanovski (LOANER)
e, Tarzana CA

_____
Khristopher Bond (COO)
7900 Gloria Avenue, Van Nuys CA 91406

10/12/2010
_____
Date

**FTC-AUR-S1-0000141**

Ex. 19

## BUNZAI MEDIA GROUP – PARTNERSHIP AGREEMENT

Alon Nottea ("Alon"), Khristopher Bond ("Khristopher") & Igor Latsanovski ("Igor"), individually referred to as "Partner" "Party" and collectively "Parties" & "Partners"

### Explanatory Statement

The parties hereto desire to enter into a partnership agreement for the existing company named **Bunzai Media Group Inc.,** a company that manufactures, distributes & markets various products to the worldwide consumer via all mediums and medias.

NOW THEREFORE, in consideration of their mutual promises, covenants, and agreements, the parties hereto do hereby promise, covenant and agree as follows:

1. The name of the Company shall be "**Bunzai Media Group Inc./BunZai Media World**" and all worldwide subsidiaries and affiliates of the company and campaigns, domains, websites, intellectual properties and businesses including AuraVie Skincare.

2. The principal office and place of business of the Partnership (the "Office") shall be located at **7900 Gloria Avenue, Van Nuys, CA 91406.** The Partnership shall have such other or additional offices as the Partners may choose, from time to time.

3. The business and purposes of the Partnership is to manufacture, distribute and market various products in all mediums and media to the worldwide consumer.

4. Igor shall invest $500,000 into the company for Administration, Manufacturing and Marketing expenses. It is understood that Alon & Khristopher has invested $500,000 into the company. Both parties will receive their investment returned from 30% of net profits beginning July 2011. Investment shall be returned as follows:

   Igor $300K
   Alon & Khristopher (to go to French Partners) $200K
   Igor $200K
   Alon & Khristopher $300K

   The partnership shares/ownership shall be as follows:

   Alon – 1/3 of 100% of the company
   Khristopher - 1/3 of 100% of the company
   Igor - 1/3 of 100% of the company

5. It is understood by all parties that this will be Alon Nottea & Khristopher Bond's primary business and they shall devote to the conduct of the business so much of their respective time as may be reasonably necessary for the efficient operation of the business.

BUNZAI MEDIA GROUP INC – PARTNERSHIP AGREEMENT

FTC-AUR-S1-0000142

Ex. 19

6. It is understood by all parties that Alon & Khristopher shall receive a minimum salary of $15K per month each (starting January 1st, 2011) and Igor shall receive a minimum salary of $5K per month (starting April 1st, 2011).  Executive salaries shall not exceed 5% of net proceeds during any given month, and bonuses of an additional 5% of net proceeds of any given year.

7. This agreement shall commence from October 12th, 2010.

8. Accounting shall be transparent to all parties.  All parties shall have signatory rights on all bank accounts.

IN WITNESS WHEREOF, the parties hereunto agree to the terms and conditions set forth above.

_____

Alon Nottea (Partner)

7900 Gloria Avenue, Van Nuys CA 91406

_____

Khristopher Bond (Partner)

7900 Gloria Avenue, Van Nuys CA 91406

_____

Igor Latsanovski (Partner)

█████████, Tarzana CA ███

03-23-11

_____

Date

BUNZAI MEDIA GROUP INC – PARTNERSHIP AGREEMENT

**FTC-AUR-S1-0000143**

Ex. 19



## BUNZAI MEDIA GROUP – PARTNERSHIP AGREEMENT

Alon Nottea ("Alon"), Khristopher Bond ("Khristopher") & Igor Latsanovski ("Igor"), individually
referred to as "Partner" "Party" and collectively "Parties" & "Partners"

### Explanatory Statement

The parties hereto desire to enter into a partnership agreement for the existing company named
**Bunzai Media Group Inc.,** a company that manufactures, distributes & markets various
products to the worldwide consumer via all mediums and medias.

NOW THEREFORE, in consideration of their mutual promises, covenants, and agreements, the
parties hereto do hereby promise, covenant and agree as follows:

1. The name of the Company shall be "**Bunzai Media Group Inc./BunZai Media World**"
   and all worldwide subsidiaries and affiliates of the company and campaigns, domains,
   websites, intellectual properties and businesses including AuraVie Skincare.

2. The principal office and place of business of the Partnership (the "Office") shall be
   located at **7900 Gloria Avenue, Van Nuys, CA 91406**. The Partnership shall have such
   other or additional offices as the Partners may choose, from time to time.

3. The business and purposes of the Partnership is to manufacture, distribute and market
   various products in all mediums and media to the worldwide consumer.

4. Igor shall invest $500,000 into the company for Administration, Manufacturing and
   Marketing expenses.  It is understood that Alon & Khristopher has invested $500,000
   into the company.  Both parties will receive their investment returned from 30% of net
   profits beginning July 2011.  Investment shall be returned as follows:

   Igor $300K
   Alon & Khristopher (to go to French Partners) $200K
   Igor $200K
   Alon & Khristopher $300K

   The partnership shares/ownership shall be as follows:

   Alon – 1/3 of 100% of the company
   Khristopher - 1/3 of 100% of the company
   Igor - 1/3 of 100% of the company

5. It is understood by all parties that this will be Alon Nottea & Khristopher Bond's primary
   business and they shall devote to the conduct of the business so much of their respective
   time as may be reasonably necessary for the efficient operation of the business.

BUNZAI MEDIA GROUP INC – PARTNERSHIP AGREEMENT

**FTC-AUR-S1-0000144**

Ex. 19

6. It is understood by all parties that Alon & Khristopher shall receive a minimum salary of $15K per month each (starting January 1st, 2011) and Igor shall receive a minimum salary of $5K per month (starting April 1st, 2011).  Executive salaries shall not exceed 5% of net proceeds during any given month, and bonuses of an additional 5% of net proceeds of any given year.

7. This agreement shall commence from October 12th, 2010.

8. Accounting shall be transparent to all parties.  All parties shall have signatory rights on all bank accounts.

IN WITNESS WHEREOF, the parties hereunto agree to the terms and conditions set forth above.

Alon Nottea (Partner)

7900 Gloria Avenue, Van Nuys CA 91406

Khristopher Bond (Partner)

7900 Gloria Avenue, Van Nuys CA 91406

Igor Latsanovski (Partner)

████████████, Tarzana CA████

03-23-11

Date

BUNZAI MEDIA GROUP INC – PARTNERSHIP AGREEMENT

FTC-AUR-S1-0000145

Ex. 19

## BUNZAI MEDIA GROUP – PARTNERSHIP AGREEMENT

This Partnership Agreement dated herein is by and between Alon Nottea ("Alon"), Khristopher Bond ("Khristopher") and Igor Latsanovski ("Igor") with respect to a Partnership in the existing company BunZai Media Group, Inc. ("Company").

Igor will invest $350K in exchange for 55% ownership of BunZai Media Group.
Ownership Shares in BunZai Media will be as follows:  55% Igor  22.5% Alon  22.5% Khristopher

If needed, Igor will provide additional investment to grow the company – these monies will be paid back by the company at fair market interest.

Alon & Khris will have total autonomy on how budget is spent, once approved by all shareholders every 6 months.  Anything above and beyond the budget must first be approved by the shareholders.

Alon & Khristopher shall both be signers on all accounts up to $10K – for all checks over $10K then either Alon and/or Khris and Igor's representative will need to sign $10K

After 18 months, the board will meet to see progress of company, at that time if Alon & Khris have not met company goals, without prejudice, then board may elect to remove them from their positions, without affecting their ownership percentage in the company.

Alon (C.E.O) & Khristopher (C.O.O) shall each earn the following:
$5K month 1 & month 2
5% of net profits from Month 3 onward

Upon signing this agreement, Igor shall invest $75K to run a continuity test for 30 days.  During this test, BunZai will purchase at least 1,000 orders (CPA of $45 to $50 each) within the first 15 days, and a conversion from Free Trial to Transitional stage (day 16 to day 30) of at least 75% of these orders.  If this goal is met and both parties agree to continue with the partnership, then Igor will immediately invest the remaining $275K to complete the financial requirements of this deal.   If Alon & Khristopher do not reasonably meet the goals outlined herein and Igor decides to not go forward with the deal, then Alon & Khristopher will have 90 days to repay the $75K.

 If after the test period Alon & Khristopher meet the goals herein and Igor decides to not go forward with the deal, then Igor will forfeit 50% of the $75K invested thus far and Alon & Khristopher will have 90 days to repay the remaining balance. If Alon and Khristopher decide after the test to not continue with the deal, then they will have 90 days to repay the $75K invested by Igor.

After month 2 of operations, the partners will divide 5% of the net profits of the company on a monthly basis.  The division of net profits will be revisited again every 6 months and the shareholders will agree to a division of net profits for the next 6 months.

IN WITNESS WHEREOF, the parties have executed this Agreement as of the effective date. All signed copies of this Agreement shall be deemed originals.

_____          10·12·10
Alon Nottea (Partner)                     _____
7900 Gloria Avenue, Van Nuys CA 91406     Date

_____          10 - 12 - 10
Khristopher Bond (Partner)                _____
7900 Gloria Avenue, Van Nuys CA 91406     Date

_____          10 - 12 - 10
Igor Latsanovski (Partner)                _____
█████████████, Tarzana CA████             Date

**FTC-AUR-S1-0000147**

Ex. 19

**BUNZAI MEDIA GROUP – PARTNERSHIP AGREEMENT**

This Partnership Agreement dated herein is by and between Alon Nottea ("Alon"), Khristopher Bond ("Khristopher") and Igor Latsanovski ("Igor") with respect to a Partnership in the existing company BunZai Media Group, Inc. ("Company").

Igor will invest a minimum of US$350K in exchange for 50% ownership in BunZai Media Group. Ownership Shares in BunZai Media will be as follows: 50% Igor, 25% Alon, 25% Khristopher

Igor will invest $350K as follows:
$75K received on 10-12-2010
$100K received on 12-06-2010
$175K to be received by 12-15-2010
Further monies needed for Phase 1 will be determined and agreed upon by all parties prior to January 1st, 2010.

Starting in April 2011 – Igor will receive a minimum of 30% of Net Profits monthly until initial investment is recouped.

After Igor has recouped his initial Investment – Alon & Khristopher will recoup their investment of $500K. They will receive a minimum of 30% of Net Profits monthly until recoupment.

After all initial investments have been recouped Net profits will be distributed to the partners as determined by the partners at a later date.

If needed, Igor will provide additional investment to grow the company – these monies will be paid back by the company at fair market interest and terms.

Alon & Khristopher will have total autonomy on how the budget is spent once approved by all shareholders every 6 months. Any expense above and beyond the budget must first be approved by the shareholders.

Alon (C.E.O.) & Khristopher (C.O.O.) shall each paid a monthly salary as follows:
December 2010 & January 2011 - $5k
February 2011 onward – 5% of net profits

The terms herein are agreed to and accepted by all parties as of the date signed herein. All signed copies of this Agreement shall be deemed originals.

_____          _____
Alon Nottea (Partner)                              Khristopher Bond (Partner)
7900 Gloria Avenue, Van Nuys CA 91406    7900 Gloria Avenue, Van Nuys CA 91406

_____          _____
Igor Latsanovski (Partner)                          Date
███████████ Tarzana CA ███ ▌

**FTC-AUR-S1-0000148**

Ex. 19

### BUNZAI MEDIA GROUP – PARTNERSHIP AGREEMENT

This Partnership Agreement dated herein is by and between Alon Nottea ("Alon"), Khristopher Bond ("Khristopher") and Igor Latsanovski ("Igor") with respect to a Partnership in the existing company BunZai Media Group, Inc. ("Company").

Igor will invest $350K in exchange for 55% ownership of BunZai Media Group.
Ownership Shares in BunZai Media will be as follows:  55% Igor  22.5% Alon  22.5% Khristopher

If needed, Igor will provide additional investment to grow the company – these monies will be paid back by the company at fair market interest.

Alon & Khris will have total autonomy on how budget is spent, once approved by all shareholders every 6 months.  Anything above and beyond the budget must first be approved by the shareholders.

Alon & Khristopher shall both be signers on all accounts up to $10K – for all checks over $10K then either Alon and/or Khris and Igor's representative will need to sign $10K

After 18 months, the board will meet to see progress of company, at that time if Alon & Khris have not met company goals, without prejudice, then board may elect to remove them from their positions, without affecting their ownership percentage in the company.

Alon (C.E.O) & Khristopher (C.O.O) shall each earn the following:
$5K month 1 & month 2
5% of net profits from Month 3 onward

Upon signing this agreement, Igor shall invest $75K to run a continuity test for 30 days.  During this test, BunZai will purchase at least 1,000 orders (CPA of $45 to $50 each) within the first 15 days, and a conversion from Free Trial to Transitional stage (day 16 to day 30) of at least 75% of these orders.  If this goal is met and both parties agree to continue with the partnership, then Igor will immediately invest the remaining $275K to complete the financial requirements of this deal.  If Alon & Khristopher do not reasonably meet the goals outlined herein and Igor decides to not go forward with the deal, then Alon & Khristopher will have 90 days to repay the $75K.

If after the test period Alon & Khristopher meet the goals herein and Igor decides to not go forward with the deal, then Igor will forfeit 50% of the $75K invested thus far and Alon & Khristopher will have 90 days to repay the remaining balance.  If Alon and Khristopher decide after the test to not continue with the deal, then they will have 90 days to repay the $75K invested by Igor.

After month 2 of operations, the partners will divide 5% of the net profits of the company on a monthly basis.  The division of net profits will be revisited again every 6 months and the shareholders will agree to a division of net profits for the next 6 months.

IN WITNESS WHEREOF, the parties have executed this Agreement as of the effective date. All signed
copies of this Agreement shall be deemed originals.

_____          _____
Alon Nottea (Partner)                              Date
7900 Gloria Avenue, Van Nuys CA 91406

_____          _____
Khristopher Bond (Partner)                       Date
7900 Gloria Avenue, Van Nuys CA 91406

_____          _____
Igor Latsanovski (Partner)                        Date
_____, Tarzana CA ____

FTC-AUR-S1-0000150

Ex. 19

# ATTACHMENT B

Vast Pay | Payment Gateway Optimized

800-841-9885          info@vastpay.com

Top





MENU



# Merchant Processing
## Your Business Done Right

# Get paid faster with VastPay

It has never been easier to accept credit cards, checks, and ACH bank transfers.

Ex. 19

Vast Pay | Payment Gateway Optimized

## E-COMMERCE

Our service enables you to sell your products and services online. We provide you the ability to take, Visa, Mastercard, American express on your website.

## Payment Gateway

Because we are our own payment gateway we are able to provide our merchants a level of service, offering, and service far superior to our competitors

## MOBILE

With the growing need for mobile, and payments on the go, we have developed the perfect solution so you may take your business with you everywhere you go.

# Start Accepting Credit Cards Today!

Ex. 19

Vast Pay | Payment Gateway Optimized

# Now Offering Mobile Terminals



## Accept payments anywhere with our mobile credit card processing.

### Get a free card reader with no commitment

Simply apply for your merchant account with VastPay and when approved we will send you your own Free mobile credit card swiper. This device works specifically with our app and encrypts the credit card data. Take your mobile processing with you wherever you go.

### Export your sales to any accounting software

Our easy online interface makes it easy for you to export all or part of your data to any accounting service you choose. Simply go online and select export to CSV or XLS. You will be prompted to save the file and import to any accounting software like QuickBooks & Accountedge.

### Create personalized receipts with your business name and logo

Sending professional invoices to your customers is as important as the products you sell. They rely and go back to their purchases for information. We allow you to brand your receipts with your company logo and information. No more blank receipts.

Ex. 19

Vast Pay | Payment Gateway Optimized



Get Started Today

© Copyright Vastpay

VastPay, LLC is a registered ISO/MSP of Merrick Bank, South Jordan, UT

Website References

# ATTACHMENT C

**McPeek, Brent**

---

| | |
|---|---|
| **From:** | Tepfer, Reid A. |
| **Sent:** | Thursday, July 16, 2015 9:52 AM |
| **To:** | McPeek, Brent |
| **Subject:** | FW: Igor Latsanovski |

---

**From:** Marc S. Harris [mailto:mharris@scheperkim.com]
**Sent:** Wednesday, June 24, 2015 4:09 PM
**To:** Tepfer, Reid A.; William Rothbard; Robert Ungar
**Cc:** Annah Kim
**Subject:** FW: Igor Latsanovski

FYI.

---

**From:** Kelly Crawford [mailto:kelly.crawford@solidcounsel.com]
**Sent:** Wednesday, June 24, 2015 2:03 PM
**To:** Marc S. Harris
**Cc:** Charlene Koonce
**Subject:** RE: Igor Latsanovski

Terrific.  The Receiver is not opposed to the continuance.




Kelly M. Crawford
Partner

Scheef & Stone, LLP
Ross Tower - Suite 2700
500 N. Akard Street

Dallas, Texas 75201
214.706.4213 (Direct)
214.706.4200 (Main)
214.706.4242 (Fax)
Kelly.Crawford@SolidCounsel.com
www.SolidCounsel.com

# SCHEEF & STONE, L.L.P.
### LEGAL COUNSEL BASED ON SOLID PRINCIPLES

**IRS Circular 230 Notice:**  To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

Ex. 19

**Important:**  This electronic mail message and any attached files contain information intended for the exclusive use of the individual or entity to whom it is addressed and may contain information that is proprietary, privileged, confidential and/or exempt from disclosure under applicable law.  If you are neither the intended recipient nor an employee or agent responsible for delivering the communication to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited.  Please notify the sender, by electronic mail or telephone, of any unintended recipients and delete the original message without making any copies.

**Note:**  Please be advised that Scheef & Stone, L.L.P. reserves the right to record telephone conversations involving its employees or attorneys.  If you do not wish to be recorded, please limit your communications with Scheef & Stone, L.L.P. to regular mail, faxes, and/or electronic mail.

**From:** Marc S. Harris [mailto:mharris@scheperkim.com]
**Sent:** Wednesday, June 24, 2015 3:40 PM
**To:** Kelly Crawford
**Subject:** RE: Igor Latsanovski

Yes.  I am officially in.

I just spoke with Reid Tepner and Luis Gallegos.  We have agreed to move the hearing to August 6.  Can I represent to the Court that the Receiver has no objection to this continuance?

**From:** Kelly Crawford [mailto:kelly.crawford@solidcounsel.com]
**Sent:** Wednesday, June 24, 2015 1:25 PM
**To:** Marc S. Harris
**Cc:** Charlene Koonce
**Subject:** RE: Igor Latsanovski

Marc,

        I presume Mr. Latsanovski executed your engagement agreement and you are officially representing him in the FTC.  If not, please let me know so that I can contact Mr. Latsanovski.  We need to discuss the deposition of Mr. Latsonovski that was postponed until Friday.  Have you conferred with the FTC about a continuance of the PI hearing next week?  As we discussed on the telephone, the PI hearing is driving the need for the expedited deposition.  Thanks,


        Kelly M. Crawford
        Partner

        Scheef & Stone, LLP
        Ross Tower - Suite 2700
        500 N. Akard Street
        Dallas, Texas 75201
        214.706.4213 (Direct)
        214.706.4200 (Main)
        214.706.4242 (Fax)
        Kelly.Crawford@SolidCounsel.com
        www.SolidCounsel.com

# SCHEEF & STONE, L.L.P.
*LEGAL COUNSEL BASED ON SOLID PRINCIPLES*

Ex. 19

**IRS Circular 230 Notice:**  To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

**Important:**  This electronic mail message and any attached files contain information intended for the exclusive use of the individual or entity to whom it is addressed and may contain information that is proprietary, privileged, confidential and/or exempt from disclosure under applicable law.  If you are neither the intended recipient nor an employee or agent responsible for delivering the communication to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited.  Please notify the sender, by electronic mail or telephone, of any unintended recipients and delete the original message without making any copies.

**Note:**  Please be advised that Scheef & Stone, L.L.P. reserves the right to record telephone conversations involving its employees or attorneys.  If you do not wish to be recorded, please limit your communications with Scheef & Stone, L.L.P. to regular mail, faxes, and/or electronic mail.

**From:** Marc S. Harris [mailto:mharris@scheperkim.com]
**Sent:** Tuesday, June 23, 2015 11:39 AM
**To:** Kelly Crawford
**Subject:** Igor Latsanovski

Kelly:

I just left you a voicemail message.  I will be representing Mr. Latsanovski.  I have a message in to Reid Tepfer about trying to continue the PI hearing date (and other current deadlines) to give me some time to get up to speed, get the financial forms prepared, etc.  It also seems to make sense to continue the deposition for a short period of time so that we can get you the required financial information.

Please call me at your convenience.

Marc

**Marc S. Harris**
Scheper Kim & Harris LLP
601 W. Fifth Street, 12th Floor
Los Angeles, CA 90071-2025
T (213) 613-4690 ● F (213) 613-4656
mharris@scheperkim.com ● Vcard: link

Ex. 19

## McPeek, Brent

| | |
|---|---|
| **From:** | Tepfer, Reid A. |
| **Sent:** | Thursday, July 16, 2015 9:53 AM |
| **To:** | McPeek, Brent |
| **Subject:** | FW: Proposed Stipulated Preliminary Injunction |

**From:** Tepfer, Reid A.
**Sent:** Tuesday, July 14, 2015 3:38 PM
**To:** 'Annah Kim'
**Cc:** eberk@crimlawla.com
**Subject:** RE: Proposed Stipulated Preliminary Injunction

Annah,

Thanks for talking with me today. Just to confirm, I'd like to review documents showing the ownership/management of Nexipay, Vastpay, and Comicfix, as well as the source of their startup funds and documents showing the influx/outflow of money for those companies. And I will review the information you've provided on Sunset. I appreciate your assistance

Thanks,
Reid

**From:** Annah Kim [mailto:akim@scheperkim.com]
**Sent:** Tuesday, July 14, 2015 11:25 AM
**To:** Tepfer, Reid A.
**Cc:** eberk@crimlawla.com
**Subject:** RE: Proposed Stipulated Preliminary Injunction

Great.

Let's plan on talking around 11:30 am PST.

Elon, if you can join us, let's do a conference call.

Call in information:

Dial-in number:              (877) 810-9415
Participant access code          8318334 #

**Annah S. Kim**
Scheper Kim & Harris LLP
601 W. Fifth Street, 12th Floor
Los Angeles, CA 90071-2025
T (213) 613-4662 ● F (213) 613-4656
akim@scheperkim.com ● Vcard: link

Ex. 19

**From:** Tepfer, Reid A. [mailto:rtepfer@ftc.gov]
**Sent:** Tuesday, July 14, 2015 5:52 AM
**To:** Annah Kim
**Subject:** RE: Proposed Stipulated Preliminary Injunction

Annah,

Please feel free to call me any time today to discuss your proposal and this proposed stipulation.

Thanks,
Reid

**From:** Annah Kim [mailto:akim@scheperkim.com]
**Sent:** Monday, July 13, 2015 8:06 PM
**To:** Tepfer, Reid A.
**Subject:** RE: Proposed Stipulated Preliminary Injunction

Reid,

In reviewing the Proposed Stipulation, I wanted to raise a few concerns:

As currently phrased, this document reads as a Court order, not a stipulated injunction, that would apply to all defendants (not just those stipulating to this injunction).  *See* page 2 ("After considering the FTC's pleadings and declarations, exhibits, and memoranda in support, this Court finds").

If you intend to use this stipulation with any other defendant, I would request that the stipulation be clear that it is a stipulation and that non-stipulating defendants are not subject to these terms.

I look forward to speaking with you tomorrow regarding Calenergy's and Mr. Latsanovski's proposal.

Regards,

**Annah S. Kim**
Scheper Kim & Harris LLP
601 W. Fifth Street, 12th Floor
Los Angeles, CA 90071-2025
T (213) 613-4662 ● F (213) 613-4656
akim@scheperkim.com ● Vcard: link

**From:** Tepfer, Reid A. [mailto:rtepfer@ftc.gov]
**Sent:** Monday, July 13, 2015 10:47 AM
**To:** Steven T. Gebelin; 'Robert Ungar'; rmu@crosswindlaw.com; Annah Kim; Marc S. Harris; Jim Spertus (jim@spertuslaw.com); Ezra Landes (ezra@spertuslaw.com)
**Cc:** Gallegos, Luis
**Subject:** Proposed Stipulated Preliminary Injunction

Good morning counsel,

Please find attached the proposed stipulated preliminary injunction I have discussed with many of you. This proposed stipulated PI would continue most terms of the TRO but would unfreeze after-acquired assets. Please let me know if your clients would be amenable to signing this, and feel free to call me with any questions you may have. Thanks very much.

2

Ex. 19

Respectfully,

Reid

Reid Tepfer
Attorney
FEDERAL TRADE COMMISSION
1999 Bryan Street, Suite 2150
Dallas, Texas 75201
Direct: (214) 979-9395|Fax: (214) 953-3079
rtepfer@ftc.gov

Ex. 19

**McPeek, Brent**

| | |
|---|---|
| **From:** | Tepfer, Reid A. |
| **Sent:** | Thursday, July 16, 2015 9:53 AM |
| **To:** | McPeek, Brent |
| **Subject:** | FW: Proposed Stipulated Preliminary Injunction |

**From:** Annah Kim [mailto:akim@scheperkim.com]
**Sent:** Tuesday, July 14, 2015 3:50 PM
**To:** Tepfer, Reid A.
**Cc:** eberk@crimlawla.com
**Subject:** RE: Proposed Stipulated Preliminary Injunction

Reid,

Just a quick question -- if ComicsFix, Nexipay, Vastpay (Like Rilend) were funded by Mr. Latsanovski personally, i.e., not Calenergy -- would you agree that those entities would also be able to use after acquired funds to operate those businesses.

Thanks,

Annah S. Kim
Scheper Kim & Harris LLP
601 W. Fifth Street, 12th Floor
Los Angeles, CA 90071-2025
T (213) 613-4662 ● F (213) 613-4656
akim@scheperkim.com ● Vcard: link

**From:** Tepfer, Reid A. [mailto:rtepfer@ftc.gov]
**Sent:** Tuesday, July 14, 2015 1:38 PM
**To:** Annah Kim
**Cc:** eberk@crimlawla.com
**Subject:** RE: Proposed Stipulated Preliminary Injunction

Annah,

Thanks for talking with me today. Just to confirm, I'd like to review documents showing the ownership/management of Nexipay, Vastpay, and Comicfix, as well as the source of their startup funds and documents showing the influx/outflow of money for those companies. And I will review the information you've provided on Sunset. I appreciate your assistance

Thanks,
Reid

**From:** Annah Kim [mailto:akim@scheperkim.com]
**Sent:** Tuesday, July 14, 2015 11:25 AM
**To:** Tepfer, Reid A.
**Cc:** eberk@crimlawla.com
**Subject:** RE: Proposed Stipulated Preliminary Injunction

Ex. 19

Great.

Let's plan on talking around 11:30 am PST.

Elon, if you can join us, let's do a conference call.

Call in information:

Dial-in number:          (877) 810-9415
Participant access code        8318334 #

**Annah S. Kim**
Scheper Kim & Harris LLP
601 W. Fifth Street, 12th Floor
Los Angeles, CA 90071-2025
T (213) 613-4662 ● F (213) 613-4656
akim@scheperkim.com ● Vcard: link

**From:** Tepfer, Reid A. [mailto:rtepfer@ftc.gov]
**Sent:** Tuesday, July 14, 2015 5:52 AM
**To:** Annah Kim
**Subject:** RE: Proposed Stipulated Preliminary Injunction

Annah,

Please feel free to call me any time today to discuss your proposal and this proposed stipulation.

Thanks,
Reid

**From:** Annah Kim [mailto:akim@scheperkim.com]
**Sent:** Monday, July 13, 2015 8:06 PM
**To:** Tepfer, Reid A.
**Subject:** RE: Proposed Stipulated Preliminary Injunction

Reid,

In reviewing the Proposed Stipulation, I wanted to raise a few concerns:

As currently phrased, this document reads as a Court order, not a stipulated injunction, that would apply to all
defendants (not just those stipulating to this injunction).  *See* page 2 ("After considering the FTC's pleadings and
declarations, exhibits, and memoranda in support, this Court finds").

If you intend to use this stipulation with any other defendant, I would request that the stipulation be clear that it is a
stipulation and that non-stipulating defendants are not subject to these terms.

I look forward to speaking with you tomorrow regarding Calenergy's and Mr. Latsanovski's proposal.

Regards,

2

Ex. 19

**Annah S. Kim**
Scheper Kim & Harris LLP
601 W. Fifth Street, 12th Floor
Los Angeles, CA 90071-2025
T (213) 613-4662 ● F (213) 613-4656
akim@scheperkim.com ● Vcard: link

**From:** Tepfer, Reid A. [mailto:rtepfer@ftc.gov]
**Sent:** Monday, July 13, 2015 10:47 AM
**To:** Steven T. Gebelin; 'Robert Ungar'; rmu@crosswindlaw.com; Annah Kim; Marc S. Harris; Jim Spertus (jim@spertuslaw.com); Ezra Landes (ezra@spertuslaw.com)
**Cc:** Gallegos, Luis
**Subject:** Proposed Stipulated Preliminary Injunction

Good morning counsel,

Please find attached the proposed stipulated preliminary injunction I have discussed with many of you. This proposed stipulated PI would continue most terms of the TRO but would unfreeze after-acquired assets. Please let me know if your clients would be amenable to signing this, and feel free to call me with any questions you may have. Thanks very much.

Respectfully,

Reid

Reid Tepfer
Attorney
FEDERAL TRADE COMMISSION
1999 Bryan Street, Suite 2150
Dallas, Texas 75201
Direct: (214) 979-9395|Fax: (214) 953-3079
rtepfer@ftc.gov

Ex. 19