**SCHEPER KIM & HARRIS LLP**
MARC S. HARRIS (State Bar No. 136647)
mharris@scheperkim.com
ANNAH S. KIM (State Bar No. 190609)
akim@scheperkim.com
601 West Fifth Street, 12th Floor
Los Angeles, CA  90071-2025
Telephone: (213) 613-4655
Facsimile:  (213) 613-4656

**Attorneys for Defendants
Igor Latsanovski and Calenergy, Inc.**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>BUNZAI MEDIA GROUP INC., et al.,<br><br>Defendants. | CASE NO. CV 15-04527 GW (PLAx)<br><br>**JOINT STATUS REPORT BY DEFENDANTS IGOR LATSANOVSKI, CALENERGY, INC., PLAINTIFF FTC, AND TEMPORARY RECEIVER RE LIVING EXPENSES**<br><br>Date:  July 23, 2015<br>Time:  8:30 am<br>Court: Hon. George Wu |

Attachment A

Pursuant to this Court's July 20, 2015 Order (Doc. No. 97), counsel for defendants Calenergy, Inc. and Igor Latsanovski conferred telephonically with the Receiver, her counsel, Kelly Crawford, and FTC counsel, Reid Tepfer on July 21, 2015 regarding (1) the amount of money required for Mr. Latsanovski's living expenses until August 6, 2015 and (2) the source of funds that may be released for these expenses.  The parties agreed that any position taken regarding a carve-out for Mr. Latsanovski's position was without prejudice, was solely for the purpose of providing Mr. Latsanovski's sufficient living expenses until August 6, 2015, and did not waive any position that any party would take at the hearing for preliminary injunction.

The parties agreed not to include money for car leases, credit card payments, and mortgage payments based on the understanding that the TRO prohibits creditors from pursuing any legal action for delinquent payments, notwithstanding the impact on Mr. Latsanovski's credit rating.  Despite their best efforts, the parties were unable to agree to an acceptable amount for Mr. Latsanovski's living expenses or a source of funds for the disbursement of these living expenses.  The parties dispute which funds should be available for this disbursement and the amount of money to be disbursed.  Set forth below are the positions of the parties.

**Position of FTC.** The Federal Trade Commission and Defendant Igor Latsanovski dispute both the source and amount of funds needed to pay his personal expenses, and those of his wife and two adult children. The FTC asserts that frozen assets should not be released but should be preserved for future consumer restitution. Further, the FTC contends that the Court should not consider Latsanovski's request until he has complied with all the provisions of this Court's Order.  At this time, Latsanovski has not. Lastly, the FTC contends that these

expenses should only be paid by funds frozen for future consumer restitution as a last resort, after Defendant has attempted to secure personal loans and employment.

    Latsanovski has submitted egregiously deficient financial disclosure statements in violation of the TRO. In these sworn statements, Latsanovski claims to have $263,736 in annual expenses (based on $21,978 in monthly expenses). However, he also claims in those same disclosure statements that he made only $43,000 in 2014. In his most recent tax returns (2013), Defendant Latsanovski reported to the IRS that he earned only $34,000 in income. His FTC financial disclosures for that same year lists $24,000 in income. Latsanovski has provided no credible information concerning his income or assets, and this Court should therefore deny his request for a release of funds.

    Latsanovski initially claimed to require $25,000 for living expenses for the next two weeks—a sum equal to the total amount of reported income for all of 2012 based on his financial disclosures. Despite these inconsistencies, Latsanovski states he is the sole source of income for his household. No release of assets should be considered under these circumstances.

    Notwithstanding these deceptions, the FTC offered to stipulate to the release of $1,653.85 for Defendant Latsanovski's personal expenses for the next two weeks.[1]

---

[1] The FTC offered that these funds come from a line of credit at Wells Fargo that (footnote continued)

This amount is equivalent to two weeks of income from the highest income year reported to either the IRS or the FTC since 2011. This offer, however, was rejected by Latsanovski. And while Latsanovski has reduced his claimed financial need from the initial $25,000 to $8,800, an accounting of Latsanovski's expenses make this request too seem excessive.[2] Based on these requests, the FTC believes Latsanovski remains unwilling to alter his lavish lifestyle despite his circumstances.

Although Defendants emphasize the need for money for basic amenities such as groceries and medical expenses, these claims are dubious. Latsanovski has been able to hire legal assistance despite the asset freeze. Further, defense counsel has refused to identify the source of the funds used to pay for their services. These funds have either been received in violation of the Court's asset freeze,[3] or could offer a potential source of relief for Latsanovski until he is able to secure legitimate employment.

---

Latsanovski lists on his financial disclosure statement.

[2] In it, Latsanovski claimed a need for $1500 for groceries, $300 for Internet, $400 for four cell phones, and $600 for gasoline—for a two-week period.

[3] Section IV.A.1. of the Court's Temporary Restraining Order prohibits defendants' attorneys from "[a]ssigning, concealing, converting, disbursing, dissipating, encumbering, liquidating, loaning, pledging, selling, spending, transferring, or withdrawing . . . any asset that is held as a retainer or deposit for the provision of goods or services to any Defendant." Defense counsel's representation would appear to fall squarely within such a definition if paid with any of Defendant Latsanovski's assets that have not been frozen.

**Position of Igor Latsanovski and Calenergy, Inc.**

Mr. Latsanovski identified his personal Wells Fargo account (approximately $55,000) and his business Vastpay Bank of America account (approximately $42,000) as potential sources for the disbursement of Mr. Latsanovski and his family's living expenses.

Mr. Latsanovski is the sole provider for his wife, Tatiana, and two children, Anna (age 18) and Mihail (age 22). Mr. Latsanovski requested a one time disbursement of $8,800 for his living expenses from either his personal Wells Fargo Account, which has approximately $55,000, or the Vastpay Bank of America Account, which has $42,000. The $8,800 would be allocated as follows:

| | |
|---|---|
| Food (for four people) | $1,500 |
| Internet | $300 |
| Cell Phone (4 People) | $400 |
| Utilities (Water, Electricity, Gas) | $1,200 |
| Medical Insurance (to pay outstanding and past due bills) | $2,100 |
| Gas Money for Cars (four cars) | $600 |
| Outstanding therapist bills (to pay past due bills) | $2,700 |
| | |
| Total | $8,800 |

**Position of Receiver**. Defendants have requested release of funds from Latsanovski's personal or Vastpay LLC's bank accounts, neither of which are within the Receiver's scope of control or responsibility. She accordingly expresses no opinion as to Defendant's request for relief from those funds. To date, the Receiver has not traced assets from any Receivership Defendant to Vastpay LLC.

| | | |
|---|---|---|
| DATED: July 22, 2015 | | SCHEPER KIM & HARRIS LLP<br>MARC S. HARRIS<br>ANNAH S. KIM |
| | By: | /s/ Marc S. Harris<br>Marc S. Harris<br>Attorneys for Defendants Igor Latsanovski and Calenergy, Inc. |
| DATED: July 22, 2015 | | FEDERAL TRADE COMMISSION<br>REID TEPFER<br>RAYMOND McKOWN |
| | By: | /s/ Reid Tepfer<br>Attorneys for Plaintiff Federal Trade Commission |
| DATED: July 22, 2015 | | SCHEEF & STONE LLP<br>CHARLENE KOONCE |
| | By: | /s/ Charlene Koonce<br>Charlene Koonce<br>Receiver |

I hereby attest that all of the signatories electronically listed above concur in this filing's content and have authorized the filing in compliance with Local Rule 5-4.3.4.(a)(2)(i).

/s/ Marc S. Harris
Marc S. Harris

Attachment A