# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>BUNZAI MEDIA GROUP INC., et al.,<br><br>Defendants. | CASE NO. CV 15-04527 GW (PLAx)<br><br>**(PROPOSED) ORDER DENYING APPLICATION OF PLAINTIFF FEDERAL TRADE COMMISSION FOR PRELIMINARY INJUNCTION ASSET FREEZE AND APPOINTMENT OF RECEIVER** |

On June 16, 2015, in response to an *ex parte* application of the Federal Trade Commission ("FTC"), the Court issued a Temporary Restraining Order against Defendants Bunzai Media Group, Inc., Pinnacle Logistics, Inc., DSA Holdings, Inc., Lifestyle Media Brands, Inc., Agoa Holdings, Inc., Zen Mobile Media, Inc., SafeHaven Ventures, Inc., Heritage Alliance Group, Inc., AMD Financial Network, Inc., SBM Management, Inc., Media Urge, Inc., Adageo, LLC, Calenergy, Inc. ("Calenergy"), Kai Media, Inc., Insight Media, Inc., Alon Nottea, Motti Nottea, Doron Nottea, Igor Latsanovski ("Latsanovski"), Oz Mizrahi, Roi Reuveni and Khristopher Bond (collectively "Defendants"). Among its provisions, the TRO included an injunction against certain conduct by the Defendants, the appointment of a Temporary Receiver to manage the affairs of the corporate defendants, and an asset freeze as to the Defendants. By its terms, the TRO was to expire 14 days after entry unless extended with the consent of the parties.

On June 25, 2015, the FTC and Defendants Alon Nottea, Motti Nottea, Doron

Nottea, Oz Mizrahi, Roi Reuveni, Adageo LLC, Igor Latsanovski and Calenergy, Inc. stipulated that the terms of the TRO should remain in full force and effect until the hearing on the FTC's application for a Preliminary Injunction on August 6, 2015.

On August 6, 2015, having reviewed the pleadings, papers and arguments submitted by the parties, and good cause appearing, the Court ruled as follows:

1. The TRO issued on June 16, 2015 is dissolved against Igor Latsanovski and Calenergy, Inc. The orders, injunctions and prohibitions set forth in the TRO are hereby removed.

2. The receivership is terminated as to Calenergy, Inc. and the Receiver is discharged effective July 15, 2015.

   a. The Receiver shall return to Calenergy, Inc. any original business records of Calenergy, Inc. in the Receiver's possession.

   b. The Receiver's acts, transactions, and actions during his administration of the receivership as disclosed in the pleadings filed with the court in this matter are confirmed and approved as being in the best interests of the receivership estate.

   c. The Receiver is hereby released and exonerated from all duties, liabilities, claims, and responsibilities arising out of and/or pertaining to the receivership. The Receiver and the professionals retained by him shall have no personal liability of any nature for an act, omission, or matter pertaining to the receivership.

3. The asset freeze set forth in the TRO is lifted against Igor Latsanovski and Calenergy, Inc. Within 24 hours of entry of this order, the FTC shall notify all financial institutions which have reported that they are holding assets of the Latsanovski Defendants that the asset freeze has been lifted, and that any freeze or hold placed on Latsanovski Defendants' assets must be released.

**IT IS SO ORDERED.**

Dated: _____

_____
The Honorable George Wu
Judge, United States District Court