ROBERT M. UNGAR (State Bar No. 102007)
rmu@ungarlaw.com
14724 Ventura Blvd., PH
Sherman Oaks, CA 91403
Telephone: (310) 405-1884

BEN PETTIT (State Bar No. 135941)
ben@benpettit.com
20 E. Pueblo Street
Santa Barbara, CA 93105
Telephone (805) 896-5113

**Attorneys for Defendants:** Alon Nottea and Roi Reuveni

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> BUNZAI MEDIA GROUP, INC., et al., <br><br> Defendants. | CASE NO. 2:15-CV-4527-GW (PLAx) <br><br> **DEFENDANT ROI REUVENI'S FIRST AMENDED ANSWER TO COMPLAINT FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF** <br><br> Complaint Filed: June 16, 2015 |

## FIRST AMENDED ANSWER TO COMPLAINT

Defendant Roi Reuveni ("Defendant") answers the Complaint of Plaintiff Federal Trade Commission ("Plaintiff") as follows:

1. Defendant admits that Plaintiff brings this action against Defendants. The remaining allegations in Paragraph 1 consist of conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendant denies the remaining allegations in Paragraph 1.

1

DEFENDANT ROI REUVENI'S FIRST AMENDED ANSWER TO COMPLAINT

2. Defendant specifically and generally denies each allegation in Paragraph 2.

3. Defendant specifically and generally denies each allegation in Paragraph 3.

4. The allegations in Paragraph 4 consist of conclusions of law as to which no responsive pleading is required.

5. The allegations in Paragraph 5 consist of conclusions of law as to which no responsive pleading is required.

6. The allegations in Paragraph 6 consist of conclusions of law as to which no responsive pleading is required.

7. The allegations in Paragraph 7 consist of conclusions of law as to which no responsive pleading is required.

8. The allegations in Paragraph 8 consist of conclusions of law as to which no responsive pleading is required.

9. Defendant admits that Bunzai Media Group, Inc. was a California corporation with its principal place of business at the Van Nuys Office that formerly transacted business in this district. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 9.

10. Defendant admits that Pinnacle Logistics, Inc. was a California corporation with its principal place of business at the Van Nuys Office that formerly transacted business in this district. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 10.

11. Defendant is without sufficient information to admit or deny the allegations in Paragraph 11, and on that basis specifically and generally denies each allegation in Paragraph 11.

12. Defendant is without sufficient information to admit or deny the allegations in Paragraph 12, and on that basis specifically and generally denies each allegation in Paragraph 12.

13. Defendant admits that Agoa Holdings was a California corporation with its principal place of business at the Van Nuys Office that transacted business in this district. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 13.

14. Defendant is without sufficient information to admit or deny the allegations in Paragraph 14, and on that basis specifically and generally denies each allegation in Paragraph 14.

15. Defendant is without sufficient information to admit or deny the allegations in Paragraph 15, and on that basis specifically and generally denies each allegation in Paragraph 15.

16. Defendant is without sufficient information to admit or deny the allegations in Paragraph 16, and on that basis specifically and generally denies each allegation in Paragraph 16.

17. Defendant is without sufficient information to admit or deny the allegations in Paragraph 17, and on that basis specifically and generally denies each allegation in Paragraph 17.

18. Defendant admits that SBM Management Group, Inc. is a California corporation that transacted business in this district. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 18.

19. Defendant admits that Media Urge, Inc. was a California corporation that transacted business in this district. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 19.

20. Defendant admits that Adageo, LLC is a California limited liability company that has transacted business in this district. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 20.

21. Defendant is without sufficient information to admit or deny the allegations in Paragraph 21, and on that basis specifically and generally denies each allegation in Paragraph 21.

22. Defendant is without sufficient information to admit or deny the allegations in Paragraph 22, and on that basis specifically and generally denies each allegation in Paragraph 22.

23. Defendant is without sufficient information to admit or deny the allegations in Paragraph 23, and on that basis specifically and generally denies each allegation in Paragraph 23.

24. Defendant admits that Alon Nottea resides in this district and has transacted business in this district. Defendant admits that Alon Nottea was the CEO of Bunzai Media Group, Inc. Except as expressly admitted, Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 24, and on that basis specifically and generally denies the remaining allegations in Paragraph 24.

25. Defendant is without sufficient information to admit or deny the allegations in Paragraph 25, and on that basis specifically and generally denies each allegation in Paragraph 25.

26. Defendant is without sufficient information to admit or deny the allegations in Paragraph 26, and on that basis specifically and generally denies each allegation in Paragraph 26.

27. Defendant is without sufficient information to admit or deny the allegations in Paragraph 27, and on that basis specifically and generally denies each allegation in Paragraph 27.

28. Defendant is without sufficient information to admit or deny the allegations in Paragraph 28, and on that basis specifically and generally denies each allegation in Paragraph 28.

29. Defendant admits that Roi Reuveni resides in this district. Defendant admits that Roi Reuveni was a manager at Pinnacle Logistics, Inc. and is an officer of Agoa Holdings, Inc. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 29.

30. Defendant is without sufficient information to admit or deny the allegations in Paragraph 30, and on that basis specifically and generally denies the allegations in Paragraph 30.

31. Defendant specifically and generally denies each allegation in Paragraph 31.

32. Defendant specifically and generally denies each allegation in Paragraph 32.

33. Defendant specifically and generally denies each allegation in Paragraph 33.

34. Defendant is without sufficient information to admit or deny the allegations in Paragraph 34, and on that basis specifically and generally denies each allegation in Paragraph 34.

35. Defendant is without sufficient information to admit or deny the allegations in Paragraph 35, and on that basis specifically and generally denies each allegation in Paragraph 35.

36. Defendant is without sufficient information to admit or deny the allegations in Paragraph 36, and on that basis specifically and generally denies each allegation in Paragraph 36.

37. Defendant is without sufficient information to admit or deny the allegations in Paragraph 37, and on that basis specifically and generally denies each allegation in Paragraph 37.

38. Defendant is without sufficient information to admit or deny the allegations in Paragraph 38, and on that basis specifically and generally denies each allegation in Paragraph 38.

39. Defendant is without sufficient information to admit or deny the allegations in Paragraph 39, and on that basis specifically and generally denies each allegation in Paragraph 39.

40. Defendant is without sufficient information to admit or deny the allegations in Paragraph 40, and on that basis specifically and generally denies each allegation in Paragraph 40.

41. Defendant is without sufficient information to admit or deny the allegations in Paragraph 41, and on that basis specifically and generally denies each allegation in Paragraph 41.

42. Defendant is without sufficient information to admit or deny the allegations in Paragraph 42, and on that basis specifically and generally denies each allegation in Paragraph 42.

43. Defendant is without sufficient information to admit or deny the allegations in Paragraph 43, and on that basis specifically and generally denies each allegation in Paragraph 43.

44. Defendant is without sufficient information to admit or deny the allegations in Paragraph 44, and on that basis specifically and generally denies each allegation in Paragraph 44.

45. Defendant is without sufficient information to admit or deny the allegations in Paragraph 45, and on that basis specifically and generally denies each allegation in Paragraph 45.

46. Defendant is without sufficient information to admit or deny the allegations in Paragraph 46, and on that basis specifically and generally denies each allegation in Paragraph 46.

47. Defendant is without sufficient information to admit or deny the allegations in Paragraph 47, and on that basis specifically and generally denies each allegation in Paragraph 47.

48. Defendant is without sufficient information to admit or deny the allegations in Paragraph 48, and on that basis specifically and generally denies each allegation in Paragraph 48.

49. Defendant is without sufficient information to admit or deny the allegations in Paragraph 49, and on that basis specifically and generally denies each allegation in Paragraph 49.

50. Defendant is without sufficient information to admit or deny the allegations in Paragraph 50, and on that basis specifically and generally denies each allegation in Paragraph 50.

51. Defendant is without sufficient information to admit or deny the allegations in Paragraph 51, and on that basis specifically and generally denies each allegation in Paragraph 51.

52. Defendant is without sufficient information to admit or deny the allegations in Paragraph 52, and on that basis specifically and generally denies each allegation in Paragraph 52.

53. Defendant is without sufficient information to admit or deny the allegations in Paragraph 53, and on that basis specifically and generally denies each allegation in Paragraph 53.

54. Defendant is without sufficient information to admit or deny the allegations in Paragraph 54, and on that basis specifically and generally denies each allegation in Paragraph 54.

55. Defendant is without sufficient information to admit or deny the allegations in Paragraph 55, and on that basis specifically and generally denies each allegation in Paragraph 55.

56. Defendant is without sufficient information to admit or deny the allegations in Paragraph 56, and on that basis specifically and generally denies each allegation in Paragraph 56.

57. The allegations in Paragraph 57 consist of conclusions of law as to which no responsive pleading is required.

58. The allegations in Paragraph 58 consist of conclusions of law as to which no responsive pleading is required.

59. Defendant specifically and generally denies each allegation in Paragraph 59.

60. Defendant specifically and generally denies each allegation in Paragraph 60.

61. The allegations in Paragraph 61 consist of conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendant generally and specifically denies the allegations in Paragraph 61.

62. Defendant specifically and generally denies each allegation in Paragraph 62.

63. Defendant specifically and generally denies each allegation in Paragraph 63.

64. The allegations in Paragraph 64 consist of conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendant generally and specifically denies the allegations in Paragraph 64.

65. Defendant specifically and generally denies each allegation in Paragraph 65.

66. Defendant specifically and generally denies each allegation in Paragraph 66.

67. The allegations in Paragraph 67 consist of conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendant generally and specifically denies the allegations in Paragraph 67.

68. Defendant specifically and generally denies each allegation in Paragraph 68.

69. Defendant specifically and generally denies each allegation in Paragraph 69.

70. The allegations in Paragraph 70 consist of conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendant generally and specifically denies the allegations in Paragraph 70.

8
DEFENDANT ROI REUVENI'S FIRST AMENDED ANSWER TO COMPLAINT

71. The allegations in Paragraph 71 consist of conclusions of law as to which no responsive pleading is required.

72. The allegations in Paragraph 72 consist of conclusions of law as to which no responsive pleading is required.

73. The allegations in Paragraph 73 consist of conclusions of law as to which no responsive pleading is required.

74. The allegations in Paragraph 74 consist of conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendant generally and specifically denies the allegations in Paragraph 74

75. The allegations in Paragraph 75 consist of conclusions of law as to which no responsive pleading is required.

76. The allegations in Paragraph 76 consist of conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendant generally and specifically denies the allegations in Paragraph 76.

77. The allegations in Paragraph 77 consist of conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendant generally and specifically denies the allegations in Paragraph 77.

78. The allegations in Paragraph 78 consist of conclusions of law as to which no responsive pleading is required.

79. The allegations in Paragraph 79 consist of conclusions of law as to which no responsive pleading is required.

80. The allegations in Paragraph 80 consist of conclusions of law as to which no responsive pleading is required.

81. The allegations in Paragraph 81 consist of conclusions of law as to which no responsive pleading is required.

82. The allegations in Paragraph 82 consist of conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendant generally and specifically denies the allegations in Paragraph 82.

83. The allegations in Paragraph 83 consist of conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendant generally and specifically denies the allegations in Paragraph 83.

84. The allegations in Paragraph 84 consist of conclusions of law as to which no responsive pleading is required.

85. The allegations in Paragraph 85 consist of conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendant generally and specifically denies the allegations in Paragraph 85.

86. The allegations in Paragraph 86 consist of conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendant generally and specifically denies the allegations in Paragraph 86.

87. The allegations in Paragraph 87 consist of conclusions of law as to which no responsive pleading is required.

88. The allegations in Paragraph 88 consist of conclusions of law as to which no responsive pleading is required.

**WHEREFORE**, Defendant prays for judgment as follows:

1. That Plaintiff take nothing by its Complaint;

2. That Defendant be awarded all of his costs, including attorney fees incurred herein; and

3. That the Court award such other and further relief as it deems just and proper.

DATED: July 30, 2015

/s/ BEN PETTIT
BEN PETTIT
Attorney for Defendants
Alon Nottea and Roi Reuveni