**From:** Charlene Koonce
**Sent:** Tuesday, August 04, 2015 12:41 PM
**To:** Tepfer, Reid A. (rtepfer@ftc.gov); 'Robert Ungar' (rmu@ungarlaw.com); dbeitchman@bzlegal.com; Sagar Parikh (sp@beverlyhillslawcorp.com); Marc S. Harris (mharris@scheperkim.com)
**Cc:** Kelly Crawford
**Subject:** FTC v. Bunzai; conference on motion

Counsel – I am preparing a Motion to Designate Additional Entities Which are Subject to the TRO, PIs and all Subsequent Orders, based on my contention that those entities fall within the definition of "Receivership Defendants" in the TRO and PIs. The motion will list the entities identified below and seek the Court's finding that each is subject to the terms and mandates of the TRO and all subsequent PIs, etc. With the exception of Secured Merchants, Inc., (which will receive a different manner of service) the motion will also seek a finding that notice to Alon and Doron Nottea constitutes legal notice to each entity of the motion, and any orders issued regarding the order.

All Star Beauty Products, Inc.
Apogee Network, LLC
Daria Media, Inc.
DMA Media Holdings, Inc.
Focus Media Solutions, Inc.
Forward Momentum, LLC
Merchant Leverage Group, Inc.
Secured Commerce, LLC
Secured Merchants, LLC
Shalita Holdings, Inc.
Trigen, LLC
USM Products, Inc.

Please let me know if you oppose the relief described above.

Thank you.

---

**From:** Charlene Koonce
**Sent:** Friday, August 07, 2015 10:05 AM
**To:** dbeitchman@bzlegal.com; 'Robert Ungar' (rmu@ungarlaw.com)
**Subject:** Show Cause Hearings

Counsel – Show Cause hearings are currently scheduled for the 17th, with supplemental briefing due on Monday the 10th. In considering whether I can cancel those hearings, I need to confirm that neither of your clients intend to defend any of the entities that are named as Receivership Defendants, or any of the entities that I have identified as falling within the definition of "Receivership Defendants". In other words, I need to understand if I will need to continue requesting/receiving information from you about those entities, including Alon or Doron's control over any of them. Please let me know your position in this regard.



EXHIBIT B

Thank you.

---

On Aug 7, 2015, at 5:24 PM, "Robert Ungar" <rmu@ungarlaw.com> wrote:

Good afternoon,

I've looked at the Receiver's earlier email a few times and I don't think I understand it.
Does this mean the show cause hearings re Alon Nottea and Roi Reuveni are off-calendar?

Robert M. Ungar
rmu@ungarlaw.com
310-405-1884

---

**From:** Charlene Koonce
**Sent:** Friday, August 07, 2015 5:31 PM
**To:** Robert Ungar
**Cc:** Kelly Crawford
**Subject:** Re: FTC v BMG

That's what I'm trying to decide.

Sent from my iPhone

**Sent:** Friday, August 07, 2015 5:32 PM
**To:** Robert Ungar
**Cc:** Kelly Crawford
**Subject:** Re: FTC v BMG

Sorry, didn't mean to hit send on that. Could I call you to discuss?

Sent from my iPhone

**Sent:** Friday, August 07, 2015 6:08 PM
**To:** Charlene Koonce
**Cc:** Kelly Crawford
**Subject:** Re: FTC v BMG

Kindly first give me an email with the bullet points and some clarity on what you want so I can consider and confer with my clients.
Then a brief discussion may be appropriate.
Thank you.

Robert M. Ungar
rmu@ungarlaw.com
310-405-1884

**From:** Charlene Koonce
**Sent:** Saturday, August 08, 2015 10:52 AM
**To:** 'Robert Ungar'
**Cc:** Kelly Crawford
**Subject:** RE: FTC v BMG

Robert- As you know, for about the last ten plus days, you have not responded to my requests for information (for instance, explaining Alon's role in Vastpay, or providing the name of the merchant processor used by Bunzai and controlled by Eugene). Nonetheless, I need to deal with the entities that I think fall within the scope of the PI/TRO, including entities that are not yet named as defendants. If you are opposing my motion to designate entities as subject to those orders, or contend that notice to Alon is not notice to those entities, I will need to continue requesting information from you to figure out how to deal with those entities and their assets, and determine who was actually in control of each. If you are not going to provide the information I request and have requested, I need to go forward with the Show Cause hearing

If there is no opposition to the motion to designate and/or if you are going to provide the information I need going forward (which should be very limited) I do not need to move forward with the Show Cause hearing.

The entities I think Alon controlled (and which I would like your agreement that notice to Alon constitutes notice to each) are:
All-Star Beauty Products, Inc.
Apogee Network, LLC
Daria Media, Inc.
DMA Media Holdings, Inc.
Focus Media Solutions, Inc.
Merchant Leverage Group, Inc.
Shalita Holdings, LLC
USM Products, Inc.

I know we both would like to wind down the work involved in this case. That's all I'm trying to accomplish. I'm happy to discuss this with you over the weekend, but need to know your position as soon as possible so I have time to draft supplemental materials as necessary for Monday, or preferably, cancel the hearing.

---

**From:** Robert Ungar [mailto:rmu@ungarlaw.com]
**Sent:** Saturday, August 08, 2015 5:34 PM
**To:** Charlene Koonce
**Cc:** Kelly Crawford
**Subject:** Re: FTC v BMG

Good afternoon,

If you would kindly provide me the bullet points of the grounds of your motion (factual and legal) and the specific relief you are seeking in a proposed court order, then I could better understand what you are asking me to consent to and discuss with my clients. Lets discuss after --- if necessary.

I renew my request that you folks cause the Court to recall and vacate the OSC.

I do recall Alon Nottea responding to rolling requests about "vastpay". I'm not sure about the "eugene" inquiry. Sorry if that was overlooked. FYI- I think the FTC documents show that Bunzai was out of business in 2013.

Thank you.

Robert M. Ungar
rmu@ungarlaw.com
310-405-1884

---

**From:** Charlene Koonce
**Sent:** Saturday, August 08, 2015 5:51 PM
**To:** 'Robert Ungar'
**Cc:** Kelly Crawford
**Subject:** RE: FTC v BMG

Robert - I outlined the relief requested below and in a prior email sent to you as a conference on that motion. I am going to ask the Court to find that the assets of those entities (the ones identified below and the ones listed in the prior email pursuant to which I conferred earlier last week) are assets of "Receivership Defendants", because those entities fall within the definition of that term as provided by TRO and the PIs. The factual basis for that contention is provided in the Initial Report, and I believe, has been admitted by Alon and/or other defendants in their responses to my inquiries. The legal basis for the request is that those entities, many of which are still active (and please note that Bunzai as well as other entities that were dissolved had active bank and/or merchant accounts as of the date of the TRO), are subject to Court's control based on its findings which prompted entry of the TRO and the PIs.

As I stated below, I need your position regarding this motion, as explained earlier today, to decide whether to pass the Show Cause hearing or file supplemental papers. I believe any written response you might have would also be due on Monday. Please let me know whether you are going to provide the information I am requesting, including your position on my motion referenced above so I can determine whether to pass or cancel the Show Cause hearing. I am trying to save us both the time and expense related to that hearing, but I will not be able to do so based on where we stand right now.

And, while you did provide one response to my request about Vastpay, I requested clarification. Additional requests have been ignored. See the attached. I'm not positive the attached list is complete – but it includes at least some of the outstanding requests- most of which will not be relevant if you are not opposing the motion described above and below.

If you need additional information please call me to discuss. My cell is 214 727 431

**From:** Robert Ungar [mailto:rmu@ungarlaw.com]
**Sent:** Saturday, August 08, 2015 7:27 PM
**To:** Charlene Koonce
**Cc:** Kelly Crawford
**Subject:** Re: FTC v BMG

Sorry, but I don't understand the motion you are bringing. Maybe if you send me the motion and proposed order it will be easier to understand what's going on.

Also, is the information you are requesting the questions in the word document attached to your last email?

Thank you.

Robert M. Ungar
rmu@ungarlaw.com
310-405-1884

---

**From:** Charlene Koonce
**Sent:** Sunday, August 09, 2015 8:22 AM
**To:** 'Robert Ungar'
**Cc:** Kelly Crawford
**Subject:** RE: FTC v BMG

Robert,
Please let me know by 10 a.m. PST on August 10, 2015,
1) If Alon denies he was in control of any of the following entities:
   ("Control" means Alon had a) authority to make decisions about how the entity was operated; or, b) was able to direct or effect transfers of each respective entity's assets; or c) signed, used signature stamps to sign, or directed others to sign or use signature stamps on documents related to each respective entities' creation, or any respective entities' bank account).
   All-Star Beauty Products, Inc.
   Apogee Network, LLC
   Daria Media, Inc.
   DMA Media Holdings, Inc.
   Focus Media Solutions, Inc.
   Merchant Leverage Group, Inc.
   Shalita Holdings, LLC
   USM Products, Inc.
2) If Alon denies any of the entities listed above were engaged in the conduct specifically described for each in the Initial Report, Docket 120.  *See* Exh. 1, 3 and pp. 60-78.
3) If Alon denies that service on him (through you) would provide actual notice to each entity.

Please state the factual basis for any question above that Alon denies.  If Alon does not understand any part of one of these questions and you as his attorney are not able to explain the questions above to him , please have Alon answer to the best of his knowledge based on whatever his understanding is.

Thanks,

**From:** Robert Ungar [mailto:rmu@ungarlaw.com]
**Sent:** Sunday, August 09, 2015 9:42 AM
**To:** Charlene Koonce
**Cc:** Kelly Crawford
**Subject:** Re: FTC v BMG

Good morning,

So there is no misunderstanding, please confirm that if Alon Nottea answers the questions you emailed to me this morning then you will cause the the OSC to be taken off-calendar, but if Alon Nottea does not answer the questions by 10AM tomorrow morning then you will file "supplemental papers" and proceed on the OSC to have Alon Nottea and Roi Reuveni held in contempt of court.

Thank you.

Robert M. Ungar
rmu@ungarlaw.com
310-405-1884

---

**From:** Charlene Koonce
**Sent:** Sunday, August 09, 2015 11:40 AM
**To:** 'Robert Ungar'
**Cc:** Kelly Crawford
**Subject:** RE: FTC v BMG

Robert- I won't know whether I can take the hearing off calendar until I receive Alon's answers to the questions sent earlier. My hope is that Alon's answers will make the hearing unnecessary and if possible, I would like to cancel that hearing. I should be able to let you know if I need to go forward with the hearing once I receive Alon's answers, and will do that today if Alon can provide the information requested today.

Enjoy your Sunday.

---

**From:** Robert Ungar [mailto:rmu@ungarlaw.com]
**Sent:** Sunday, August 09, 2015 8:03 PM
**To:** Charlene Koonce
**Cc:** Kelly Crawford
**Subject:** FTC v BMG

Thank you.

I will discuss with my clients and let you know.

Robert M. Ungar
rmu@ungarlaw.com
310-405-1884