Scheef & Stone, L.L.P.
500 N. Akard, Suite 2700
Dallas, Texas  75201
(214) 706-4200



**EXHIBIT B**

INVOICE

-----------------------------------------------------------

Charlene C. Koonce, Receiver FTC v. Bunzai

07/31/2015
Account No:     8477-100
Invoice No:      846574

Matter 100 – Receiver

|            |     |                                                                                                                                                                                                                                                                                                                            | Hours |      |
|------------|-----|----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|-------|------|
| 04/30/2015 | CCK | Travel to FTC's office and meet to discuss background facts, details of what issues (IP, law enforcement assistance, etc.) they will be handling; email team re likely file date and additional information about the case; email accountant re same; update forms for employee questionnaire, letter to reserve account holders, etc. | 1.50  | n/c  |
| 05/14/2015 | CCK | Telephone conference with counsel at the FTC re timing/status and recommendations/request for language/scope of the TRO re receivership authority; review prior orders re same and forward to the FTC; Telephone conference with accountant re questions related to process, their indemnity/limitations on the use of any report they provide | 2.00  | n/c  |
| 05/28/2015 | CCK | Telephone conference with FTC regarding the need for a translator to communicate with individual defendants and status of other issues related to scope of receivership duties | 0.30  | n/c  |
| 06/01/2015 | CCK | Telephone conference with website/IT specialist re requesting assistance in taking control of websites, etc.; confer w/WH re status of obtaining law enforcement assistance and communicating with FTC re same; email to team re status | 0.60  | n/c  |
| 06/02/2015 | CCK | Telephone FTC re status of whether scope of receivership will include individual defendants and permit/require inspection/inventory/seizure of assets in the homes, which informs size of team necessary to accomplish first day activities; Confer w/WH re information he should look for and tasks to complete while in CA on an "initial look" trip; Confer w/JS re issues re copying emails/texts on individual phones; Telephone conference with IT professional re locking down/redirecting website and copying phones | 1.00  | n/c  |
| 06/03/2015 | CCK | Telephone conference with FTC re scope of receivership; confer w/KMC re same; review prior FTC drafted orders to evaluate potential scope of duties; email exchanges with IT assistance re website control/notices; Telephone conference with potential local counsel re case; email exchanges with WH re scope of his inspection; email exchanges with team re scope, timing and travel; email exchanges with accountant re potential necessity to evaluate re whether product can be sold profitably; review Auravie website re what is sold, |       |      |

Charlene C. Koonce, Receiver FTC v. Bunzai

07/31/2015

Account No:        8477-100
Invoice No:        846574

Matter 100 - Receiver

| | | | Hours | |
|---|---|---|---|---|
| | | how its sold, etc. | 1.30 | n/c |
| 06/04/2015 | CCK | Telephone conference with WH re his surveillance and no activity at location identified as business operation address for Auravie | 0.30 | n/c |
| 06/05/2015 | CCK | Confer w/WH re his surveillance, issues related to potential locations and strategy on initial access day re same; Continue drafting/revising employee questionnaire/interview outline; further review of websites; review prior FTC orders for guidance on likely scope of my duties so as to anticipate scope of necessary IT services, duties related to ensuring compliance with TRO, etc.; detailed email exchange with IT consultant re new websites that will be involved, etc.;  forward proposed engagement agreement to local counsel; continue drafting/revise notice letter to banks re freeze order; confer w/assistant re gathering information for getting a bond | 3.10 | n/c |
| 06/08/2015 | CCK | Telephone conference with Brandi McKay and Sarah Benes re assistance with notice of freeze to banks and immediate follow-up re same to ensure compliance | 0.20 | n/c |
| 06/09/2015 | CCK | Telephone conference with accountant re likely necessity to evaluate profitability of defendant business to recommend whether business can be continued legally; finalize engagement agreement for local counsel (necessary because we cannot file pro hac applications without counsel who reside in the district); confer w/KMC re information related to registered agent for many defendant entities; Telephone conference with FTC re bond, bank account information, their proposed scope for receivership duties, etc. | 1.00 | n/c |
| 06/10/2015 | CCK | Continue drafting employee questionaire and employee interview form; email exchanges with accountant and IT re identifying credit card processors and processing route/method, possibly copying CPUs if necessary, etc.; revise letter enclosing injunction with additional information | 1.00 | n/c |
| 06/11/2015 | CCK | Review and print various webpages re Auravie products; and prepare additional docs for meeting, including outline of strategy/discussion; add info/questions to employee questionnaire; Meeting/TC w/all team members re detailed information as available, timing, strategy, scope of responsibilities, issues, etc.; review additional information located by ML re locations, D's photos, etc. | 2.30 | n/c |
| 06/12/2015 | CCK | Continue drafting strategy/assignment sheet for initial access day; brief Telephone conference with FTC re whether commission has voted today; staging area, timing of faxes to banks, etc. | 1.00 | n/c |
| 06/17/2015 | CCK | Visit numerous d locations, meet with FTC re timing and coordination tomorrow re entry and their service of process on Defendant's, what our investigation will entail, law enforcement assistance, relationships between entities ISPs, and bank info; travel with team to various locations to assess current activity/occupants; review bond and communicate with assistant re local copy requirements; communicate with LS re drafting summary of order to communicate with Defendant's regarding specific prohibitions and mandates, review and revise same;communicate with BM re revisions to letter to banks to confirm to specific provisions of order, and bank account info;  travel to | | |

Charlene C. Koonce, Receiver FTC v. Bunzai

07/31/2015
Account No:      8477-100
Invoice No:       846574

Matter 100 - Receiver

|  |  |  | Hours |
|---|---|---|---|

courthouse and meet with judge and file bond; communicate with accountant re specific provisions of order and requirement for receiver's report that require his attention; communicate with IT re prohibiting sales by means of "free trial kit"sites: revise letter to go daddy re same

6.50

06/18/2015    CCK    Meet with FTC, accountants and IT; discuss computer access issues related to FTC's immediate access and imaging of computer hard drives, including their chain of custody issues; confer w/team re need to locate bank account and EIN information immediately, and strategy for accessing the site given the multiple cameras in use in the front and the back; confer w/law enforcement re same; travel to Canby location and enter premises; explain receivership to Doran, and other individuals on site, and attempt to interview him; review dozens of credit cards, cash on site, safe deposit box key, and other items on-site; travel to additional locations in the same complex identified by the leasing agent as controlled by the same lessee; brief interviews with individuals in suite 109, brief inventory review of products on site, including skin care products, travel to third location; confer w/KMC re the information provided by Paul Medina who professed to be in charge and conducting no business activities related to skin care products or "free trial kits"; brief interview with KMC and Paul Medina and other individuals in suite 103; review various documents, computer records, assets, products, etc. which are on site; confer w/team about next steps and additional assignments; confer w/IT assistance (Eric) and respond to inquiry from Go Daddy re access to websites; confer w/accountant re getting EIN for the receivership estate;

16.00

06/19/2015    CCK    Email emails with Defendant Mizrahi re terms of order; review financial, and operational data on D's computer and confer w/KMC and ML re their review of similar information last night; confer with belligerent individual who visited the office; confer w/owners of neighboring sites; confer with FTC re who has and has not been served ; Telephone conference with counsel for Igor; multiple and numerous emails and calls to Brandi and assistants re status of bank freezes, requesting additional accounts/banks to freeze; review/revise notice requesting freeze of Indian bank; confer w/accountants re their summary and access to financial information, issues related to D's potential and continuing access to Quickbooks in the cloud; confer w/LS re attempts to obtain on-line access to all of D's bank accounts; review lengthy email from counsel for all individual Ds except Igor and forward same to ML and KMC; confer w/DD re drafting subpoena to David Davidian, accountant who prepared all tax returns and is the registered agent for several entities; confer w/KMC, DD and accountant re which entity/person owns porn products, whether those can be abandoned and extent to which we must include their profitability in the report; review numerous products for sale, including Auravie and Delore products; confer w/WH re his access of mail box sites; confer w/KMC re issues related to safe deposit box; confer w/IT, Eric Robi, JS, and Go Daddy re requests to provide password and access information for an additional 88 websites directing traffic to Auravie and other "free trial kit" sites; confer w/accountant re efforts to obtain EIN for the receivership estate; email request for records to Jaceam Healthy products, believed to be the importer of the face cream and other skin care products; further email exchanges with counsel for Igor who is now declining the case; confer w/KMC re his Telephone conference with counsel for Nottea and other individual defendants (except Igor) and email exchanges with same attorney re immediate request for passwords and

Charlene C. Koonce, Receiver FTC v. Bunzai

07/31/2015
Account No:   8477-100
Invoice No:    846574

Matter 100 - Receiver

|  |  |  | Hours |
|---|---|---|---|
|  |  | access; confer w/IT re getting password access for Mobooka site, which has current data re all skin care/free trial product sales; review accountant summaries of income for entities from 2014 through the present; continue viewing information on Mobooka that is currently accessible; confer w/DD re tracking information on ownership of fork lift and other assets/inventory in the 109 location | 10.00 |
| 06/20/2015 | CCK | Begin drafting brief summary of factual/case assessment thus far for use in determining scope of depositions and communications with Ds going forward; Continue review of documents/data in suite 105; confer w/ML re discrepency of information available on Mobooka today with what we saw on Thursday; email D's lawyers re same; multiple email exchanges with D's lawyers re same and re continuing requests for user names/PW for all computers;  email exchanges with account managers for Mobooka, and other similar sites that offer tracking of "click activity" and sales on various websites used by defendants; review user names and passwords rec'd from D's counsel for WF and B of A accounts and provide to accountant re same; confer w/account re various items of evidence, questions, their review so far, and expectations/strategy re providing information required by court, physical inventory of assets/property, and whether the porn operations can/will fall outside the scope of the order; confer w/DD re contact info for two workers who were in porn suite and efforts to obtain information from same;  confer w/DD re his interview with Steven Bauer, his email exchange with new lawyer for Igor; continue review of Commission's Complaint and brief in support; locate and forward phone number for David Yasafain to KMC and others and confer by email with team re multiple entities/PWs related to Yasafain; review bank freeze info rec'd from Chase and communicate with BM re Chase's questions re term of hold;  travel to airport and return to Dallas; review summaries from LS interviews and DD interviews, summarize open issues and review and respond to various emails from D's counsel while en route | 12.00 |
| 06/21/2015 | CCK | Review message from CEO of chargeback armor and respond; brief on-line review of websites still operating and selling Dellure and Leor and email IT re same; continue evaluating open issues, concerns re scope and D's failure to provide virtually any information; schedule call with team re same; draft open issues/assignments summary; email accountant re tracking deposits in estate bank account, payroll tax issues for employees, etc.; continue multiple email exchanges with D's counsel re access issues; email Chargeback CEO with request for interview and production of documents; text Argoman again re request for information/access; continue review/summarizing known evidence and info we need/don't have; Telephone conference with DD, KMC, ML re same and strategy re depositions, timing, accessing addtional information, potential to release the location/entities operating in suite 109, discrepancies between what Paul Median, President of CEO said in his interview with info now being provided by D's lawyers; email accountants and review responses related to tracing funds, including payments for rent at various locations, which entities pay the employees for Focus Media; email JS re contacting Jacem Healthy products to follow up on invoice related to shipment by Jacem of Dellure and LeOr skin care products; begin drafting Report re summary of initial access day; review  photos from access/inspection; email WH re searching for contact information for David Yosafain; email UMS Banking to set up call tomorrow; email WH to get photos of all UMS correspondence from |  |

Charlene C. Koonce, Receiver FTC v. Bunzai

07/31/2015
Account No:     8477-100
Invoice No:       846574

Matter 100 - Receiver

Hours

access; forward various photos of signed checks to ML and team, and
application for account signed by Yosfain which matches some of the
signatures on entity checks; confer w/team re reserving depo notices to reflect
depos being taken by receiver not the FTC. and review provisions of Order
and Rule 45 re service of a subpoena on a non-party; draft email to assistant
re notice for depo of Kai Media/Yosafain;extensive email communications with
accountant re focus going forward, and request for specific analysis of $
transfer between entities and non entities, summary of frozen funds, etc.;
email WH to search for contact info for Yusafain                                              9.00

06/22/2015     CCK     Review summary from ML bank/doc review of info available on-line;
Telephone conference with FTC re posture/strategy related to Ds and
scheduled depos, intention to attempt to spin-off porn site and stuff, and timing
re PI hearing, etc.; confer w/JS re reaching out to on-line promoters who pay
or charge based on the # of clicks in pop up ads and getting that activity
stopped, getting PW/user names, etc.; confer w/Jacob Sparks re drafting
Affidavit of Noncompliance/MShow Cause re Argamon; confer w/FTC re
addresses for David Yosfain; confer w/DD re resetting Davidian and getting
Davidian and Yosfain served with a subpoena;  multiple and lengthy email
exchanges w/counsel for Chargeback armor and Argoman; confer w/team re
amount of $$ going to S Bauer and how that conflicts with his interview with
DD and getting him deposed; multiple email exchanges with BM re issues
related to certain frozen accounts and confer w/accountant re same; email
exchanges with IT re getting access to computers and email w/o passwords;
further and multiple emails with counsel for Chargeback Armor and Argoman;
review and revise Motion to Show Cause re Argoman; multiple extensive email
exchanges with counsel for Nottea defendants re computer log-ins and pws,
not having the same info for the computers in the front two offices, additional
information related to email accounts, etc.; Telephone conference with Nottea
counsel re their request to postpone depos and likely extension of PI hearing;
confer w/ team re strategy related to postponement; email counsel for Igor re
whether he will be presenting Igor for depo on Wednesday; review
address/contact info for Yosafain provided by Nottea Ds and forward same to
DD for communicating with Yosafain; email USM banking again to schedule a
call; review information from Nottea counsel re entities used by Doran to
conduct porn business, and coordinated efforts for us to release those entities
so they can continue operating; review account information related to
merchant accounts opened in the name of products rather than entities and
confer w/team re same;                                                                              12.50

06/23/2015     CCK     Review signature card rec'd from Chargeback Armor and respond to further
email from CA counsel; review TRO to determine whether I have the authority
to release frozen account where an individual is the signatory and the account
is related to on-line sales; further revisions to Affidavit of Noncompliance and
confer w/assistant re contacting the clerk asap about getting the seal lifted and
that Motion filed; Continued review of UMS Banking processing contracts;
research re entities identified in those apps as the merchant, such as
"EllaSkn"; email exchange with the FTC to schedule call; telephone UMS
Banking; LM; confer w/team re which depos are on/off, and whether to hold on
scheduled depos for Igor and Bond; further communications with KMC re
Igor's new counsel, strategy re depos for him; Telephone conference with FTC
re D's cooperation and possibility of PI hearing moving, issues with

Charlene C. Koonce, Receiver FTC v. Bunzai

07/31/2015
Account No:    8477-100
Invoice No:       846574

Matter 100 - Receiver

Hours

Chargeback Armor, etc.; continuing email exchanges (multiple and lengthy) w/Chargeback Armor counsel; confer w/FTC re getting the seal on the case lifted asap so we can file Aff of Non-compliance; review updated summary of all bank account information, including info we don't have; draft summary request to counsel for Nottea Ds, requesting map of entities/control, bank account info; review and revise letter to Google; email exchange with D's counsel re refusal to provide on-line access to their individual accounts; review and revise letter to HDFC in India enclosing consents and email D's counsel re request for consent from Alon individually; Telephone conference with accountants re status and what they still need; forward pw just received from Argaman to IT and Brandlin; review graphic summaries prepared by ML related to flow of $ and confer w/team re same; /TC with property manager re potential occupation in suite 118 by other defendants and their concerns about lease payments; email exchanges with the court re getting the case unsealed so as to be able to file § 754 notices, etc. confer w/KMC re continued requests by Chargeback Armor to allow it to resume using the fax server in Suite 105, unfreeze its account, etc.; further email exchanges with IT re any links between Focus to the other Receivership Defendants and demonstrating recent/continued sales of skin care products and the free trial campaigns referenced on Mobooka; forward access information to the "Above all Offers" sites, re sales/revenue related to free trial offers  to accountants; review multiple emails and messages from Focus email accounts related to recent control over LeOr products, customer care for Auravie, etc. obtained by IT support; email team re same; review summary by KMC of interview with Paul Medina and continue drafting Initial Report; numerous email exchanges/conferences with KMC and DD re what depositions are scheduled, interview scheduled for Kristopher Bond, request one of them interview former employee who was assistant to Doran, their additional interview of Stephen Bauer and contentions that his signature is forged on most account docs related to current operations; email BK re status of getting sig cards and other docs from banks, and putting pressure on any that are not responding, especially HSBC.

15.00

06/24/2015    CCK    Review sales summaries of various trial, log in data for on-line promoter websites, and accounting summaries pulled from D's records; confer w/ KMC re issues related to Chargeback and making a determination re same; confer w/WH re getting/summarizing O & D infor for each entity; continued review of websites related to free trial offers, skin care, T & C and emails to/from Focus' graphic designer re same; confer /w BM re HSBC and UMS Banking and email FTC re whether they have received a response from either; review email from DD re further summary of his communications with Bauer; confer w/DD re status of which depo are set, likelihood of getting Dec, continuing cooperation from Bauer instead, and info we would want/accept in lieu of depo from accountant; confer w/DD re stay of litigation re state court cases against various Receivership Entities; confer w/accountant, DBD and BM re status of summarizing bank amounts frozen by defendant/entity; confer w/KMC re info we need to obtain from Chargeback Armor; lengthy Telephone conference with Chargeback Armor re their operations, interactions with Defendants and Receivership Defendants, their questions, fax server they claim belongs to CBA, etc; continue review of diagrams/information being obtained/summarized by team; Telephone conference with FTC re status of continuance, CBA request to release their fax server, and discussions re releasing Doron's porn

Charlene C. Koonce, Receiver FTC v. Bunzai

07/31/2015
Account No: 8477-100
Invoice No: 846574

Matter 100 - Receiver

Hours

business; review summary of active/dissolved/o & D information for multiple entities included in investigation and which transfer or receive $ from Ds or Receivership Ds; confer w/ML and BM re additional accounts located by UMS and review TRO Re whether those accounts fall within the scope; further conference w/DBD re latest communications with Bauer and signature cards which demonstrate his signature does not match most accounts on which SBM is allegedly a signatory; email exchanges with IT re locating most recent emails in Focus Media suites re skin care/free trial work, and request to locate CBA fax server; email counsel for Doron re whether he claims ownership of the fax server CBA contends it owns; review Doron Dec re releasing Doron's porn business from receivership; review additional accounting summaries rec'd from accountants, including D's 2013 summary of merchant processing accounts for Auravie, etc.; email exchange w/team re additional requests for access/info from D's counse; and need for same from Igor's counsel; further email exchanges with KMC re changes to Doron's Dec re the porn businesses and potential need for an agreement re no liability for rent, etc. owed by the estate; continue drafting report

12.00

06/25/2015   CCK   Continue drafting Initial Report (lengthy); telephone FTC re status of stipulation extending PI date; LM; review stipulated extension of PI hearing for some defendants; confer w/KMC related to issues regarding releasing Doron's porn business but requiring accounting of sales since the assets are frozen; continue review of bank informaiton rec'd on a rolling basis; Telephone conference with Brandi re docs needed from B of A; review additional information rec'd from counsel for Focus Media Solutions and request additional information re same; Telephone conference with team re questions related to checks reflected in Focus Media Solutions' records; Telephone conference with Jeff Brandlin re structuring report, their continuing investigation, etc.; Telephone conference with counsel for Mobooka re background information, their request for a subpoena to comply with their contractual obligations; email exchanges with DD and BM re issues related to bank accounts on which only Bauer in his individual capacity is a signatory; review Bauer dec drafted by DBD; Telephone conference with FTC re status of continued PI hearing for some defendants and request for brief report as to non-stipulating defendants; draft email to accountants re same; confer w/counsel in ED TN re assistance with getting 754 notice filed there; review and respond to multiple emails from counsel for Focus Media and Chargeback Armor re repeated requests to release property, premises, server, etc.; begin drafting abbreviated report re non-stipulating defendants and Telephone conference with accountants re same; review summary of DBD and KMC interview of Davidian, accountant for all entities; further and multiple email exchanges with counsel for Chargeback Armor; reply to Nottea Ds response claiming lack of access to certain PWs;

12.40

06/26/2015   CCK   Email LS and SB re confirmation re whether any purchases of any of the products Ds claim they are no longer selling will be processed; review email from accountants and DBD re how many years of tax returns to review and request from Davidian; email WH re confirming PO box location associated with one of the nonstipulating defendants; review accountants' summary re non-stip defendants and continue drafting report re non-stipulating defendants; email D's counsel re second request for confirmation about CbA's involvement with any of the D's entities and what that entity does; review new password for

Charlene C. Koonce, Receiver FTC v. Bunzai

07/31/2015
Account No:      8477-100
Invoice No:        846574

Matter 100 - Receiver

Hours

Mobooka rec'd from JS and confer w/JS and Eric (IT) re continuing efforts to obtain access to D's email accounts; confer w/assistant re EIN issues for receivership estate and confer w/Amegy re getting new receivership account set up; review letter from EVO re refusal to forward all reserve accounts and claim for entitlement to hold same as security; email exchanges with accountants re water and a/c going out at Canby and ask DD to contact landlord re same; email defendants again re email access and respond to email refusing to produce access to personal email accounts; Telephone conference with IT re protocol for segregating privileged emails; confer w/ML, DD and KMC re documents/photos/info connecting various entities and individuals to on-line sales and skin care products, Telephone conference with JS and owner of Jacem Healthy Products, manufacturer of Auravie products; several email exchanges with counsel for Chargeback armor and my IT guy re the fax server and facilitating the pick of that info; review docs related to Sunset holdings and forward same to accountants; review emails from the Igor's counsel and the FTC re issue related to "Sunset Holdings" deal, and review Sunset organization docs to determine whether it is a Receivership Defendant; Telephone conference with consumer who saw notice on-line about the lawsuit and rec'd Auravie products in June and review information rec'd from consumer; email exchange with SB re further information about attempting to purchase product from free trial sites to ensure it is not still selling; review summary of information re email data and communicate with IT re same; review sales informaiton for All-Star; review BM summary re bank account data and provide further direction about same; continued and multiple reviews of Dec for Chargeback President to sign prior to removing the server, and Telephone conferences w/CB counsel re same; Telephone conference with accountants re QB access having been eliminated and report from QB customer support that PW/User names have been altered today; email all counsel and the FTC re same; review additional docs rec'd from Davidian (accountant) re Sunset Holdings and imminent real estate deal; email FTC re same and conclusion that Sunset is not a Receivership Defendant; multiple email exchanges with IT and ML re information having been deleted from email accounts today; Telephone conference with accountants re direction going forward; continue drafting report; review order continuing PI hearing; email all counsel re proposed protocol for segregating out potentially privileged emails; review summary of email deleting activity provided by M Little and email all counsel re same;

11.90

06/27/2015   CCK   Review and respond to D's emails re disappearing email issue; ask DBD to communicate with forklift driver re moving shipments of skin care products; communicate with KMC about issues re Doron dec related to extricating the porn businesses; review bank summary re what accounts and balances are frozen for various entities and defendants; review D's email re insistence that they can assert privilege as to dissolved entities; research re same and draft response to same; review ML emails and bank records re checks payable to cash; email exchanges with E Robi re what we need from Google to show who was responsible for deleting the email info; email counsel for Focus Media re continued request for email credentials for Focus Media Solutions; email WH re summary of entities for which we need officer/director/incorporator infor asap; further email communications with D's counsel re email/privilege issue and email LS re drafting Affidavit of Noncompliance re same; review detailed summary re merchant accounts and campaign descriptors for products sold

Charlene C. Koonce, Receiver FTC v. Bunzai

07/31/2015
Account No:      8477-100
Invoice No:        846574

Matter 100 - Receiver

| | | | Hours |
|---|---|---|---|

by defendant entities and continue drafting report re same; Telephone conference with accountant re QB issue and narrative summary for report    3.60

06/28/2015   CCK   Further email exchanges w/LS re Affidavit of Noncompliance and Motion to Compel re privileged docs for dissolved entities; reveiw emails from ML related to his review of Calenergy bank records; further email exchanges with IT re billing separately for privilege protocols; email D's counsel re request that Ds bear costs related to privilege protocols; review email from Igor's counsel re additional pw information for accounts, etc.; continue detailed analysis and review of non-defendant entities' merchant accounts, products and information connecting each to the common enterprise as a basis for inclusion of each as receivership defendants; email exchanges with counsel for Vbonita and IVR re request for bank records and incorporation docs; email exchange with Nottea counsel re request for stip conforming to FRE 502; continue drafting report; review updated bank account info for amounts frozen; email FTC re conference on whether they have an internal mechanism we can use for scanning emails for privilege; confer w/KMC re motion for clarification; email FTC re conference on motion for clarification/to include specific entities as receivership defendants; email exchanges with IT re email issues, and scans of the docs in D's computers; Telephone conference with team re issues related to source of funds and circular payments reflected in Calenergy bank records, taking depos of Igor and Doron; review paypal account info re disclosure of email addresses affiliated with same; confer w/DBD to ask S Bauer whether the paypal account for SBM is his as reflected by the application; continued review of existing data, summaries re same and organizing for best use (n/c); email accountants re confirmation for which entity pays FMS employees; email accountants re checks payable to banks and accounting related to same as support for request to open safe deposit boxes; further review of bank statement rec'd from consumer whose account was charged for "facecream" on 6/2/15 and match merchant account info to Safehaven Ventures merchant #s.    5.10

06/29/2015   CCK   Confer w/DD re May charges on S Bauer debit card for Heritage and checking whether Bauer made the purchase reflected, following up with Camerino, etc.; continue drafting report, summarizing data re each of the entities; confer w/ML re depos for Igor and Doron, issues re the D's production of information as required by the TRO, etc.; review and revise duces tecum attachment to subpoena to Mobooka; email exchanges with JS re terms of subpoena re same; review additional responses from Global Pay and other processors; Telephone conference with accountants re continuing receipt of bank records, their focus going forward and additional requests; begin review and revisions to affidavit of non-compliance re Nottea Ds assertion of privilege re dissolved entities; email exchange w/ML re getting depos scheduled; review Bill's email that he will no longer be representing Doron; Telephone conference with FTC re Sunset Holdings issues; confer w/KMC re details of real estate deal; review LLC agreement and memorialization of divesture of Calenergy's ownership re Sunset; Telephone conference with counsel for Igor re same and closing set for tomorrow; email exchanges with EVO (processor) re questions related to All Star Beauty processing invoices; begin review of Stip re Non waiver of A/C privilege re Nottea defendants; review and revise proposed FRE 502 stipulation; review and revise Stip re Sunset Properties sale and lis pendens related to same; further email exchanges with Nottea counsel re motion to

Charlene C. Koonce, Receiver FTC v. Bunzai

07/31/2015
Account No:      8477-100
Invoice No:       846574

Matter 100 - Receiver

|  |  |  | Hours |
|---|---|---|---|
|  |  | compel/affidavit of non-compliance and Telephone conference with LS re requesting Rule 37 sanctions in same, etc.; email exchange w/BM re urgency tomorrow in notifying WF re request to release certain account related to the Sunset Holdings deal; review updated summary of frozen accounts | 10.60 |
| 06/30/2015 | CCK | Review multiple Auravie/IVR Logix call scripts, call-directions for returns/complaints, D's summaries re sales of additional skin products, including LeOr and Dellure; review checks rec'd from landlord re which entities pay rent/sign the checks for the 3 Canby locations; email FTC re status/timing related to Sunset Holdings transaction; review email from D's counsel requesting hold on motion to compel; review DBA info rec'd from EVO (processor) re All Star merchant names; further email exchanges re finalizing stip releasing funds to get Sunset real estate transaction closed; review and revise letter to WF re same; further revisions to Affidavit of Noncompliance/Motion to Compel and multiple email exchanges with Ds re same; TC w/D re same and their agreement to produce the email accounts and protocols; forward abusive message from CbA president to KMC for response to their counsel; review and revise letter to insurance cos re freeze of any policies with cash value; continue drafting Report; review screen shots of products purchased by SB from Mobooka campaigns and T & C re same; confer w/SB re watching timing of cc charges re same and documenting efforts to cancel negative enrollment options; email exchange w/Nottea Ds re waiting on email confirmation of agreement, and email credentials, and extensive review re terms of agreement re same; further and continuing review of flow of money from Receivership Defendants and Secured Merchants; review additional summaries/exhibits provided by accountants and Telephone conference with accountants re same; review proposed stipulation rec'd from Nottea Defendant counsel, revise same and extensive email exchange re same; forward WF response to accountants; review and revise Notice of Subpoena re Mobooka subpoena and review contract between SBM and Mobooka re same; review additional request from Igor counsel for release of additonal funds re the Sunset real estate deal and confer w/KMC re same; Telephone conference with accountants re continuing prep of summaries and exhibits; | 9.40 |
| 07/01/2015 | CCK | Further email exchange with D's counsel (lengthy) re their Stip on privilege protocols; and extensive edits to same; review WF signature cards for FMS, and confer w/DD re determining whether Bauer's sig is authentic; lengthy email to ML and JB to explain issues related to Sunset Holdings real estate transaction and issues re Calenergy's interest; further review of additional details re Igor's request to unfreeze additional funds related to construction; , continuing to review documents, summaries and photos in shared dropbox utilized by all of my counsel working on the case and draft report en route; Telephone conference with ML re depo prep, Sunset Holdings issues; email WH to research properties owned by Sunset holdings; email NOttea counsel re lack of information/cooperation; email LS re drafting letter to escrow co's identifies in the Sunset Holdings' transaction summary; confer w/BW re evaluation of validity of Sunset Holdings' divestiture to Peniche; finalize motion to compel; travel to LA for Igor depo and confer w/ML re strategy, issues re same;Telephone conference with w/ new counsel for Oz; confer w/KmC re communicating all prior requests to Doron and Oz new counsel; review additional email summaries from accountants; exhange emails with counsel |  |

Charlene C. Koonce, Receiver FTC v. Bunzai

07/31/2015
Account No:     8477-100
Invoice No:       846574

Matter 100 - Receiver

|  |  |  | Hours |
|---|---|---|---|
| | | for Focus Media re basis for including Focus in the scope of the TRO; review further emails from D's counsel re motion to compel, stip re same; | 15.40 |
| 07/02/2015 | CCK | Confer w/ ML re questions, issues and strategy re Igor depo; review and respond to multiple emails from Alon counsel re motion to compel and their agreement on Stip, and request that I communicate impending agreement to the court;Telephone Judge Wu's chambers and Magistrate Abrams chambers re same;  email L'S re drafting notice of withdrawal, if/when we get requested info; attend depo of Igor Lats; review additional info rec'd from Mr. Lats' counsel during depo; confer w/KMC re privilege stip, and issues re same, and D's request for execution of confidentiality agreement; confer w/Mr. Lats counsel following depo; Telephone conference with Alon's cousnel re stip issues; Telephone conference with w/ accountants re access of B of A accounts; return to Dallas, review and respond to more than 100 emails re bank accounts, freeze, search terms to IT assistance for emails, issues re Sunset deal and closing, status of receivership bank account; questions from landlord for CAnby; demand for privileged comm' ns from counsel for SBM in collection lawsuit; status of Go-Daddy, Google and Mobooka communications; Igor's testimony about Alon's control over Focus (to Focus' attorney), etc.; review info rec'd from WF; further email exchanges with counsel for Alon re failure to provide timely email access, bad faith, etc. | 15.30 |
| 07/03/2015 | CCK | Review and forward message from escrow co re Rosewood deal; confer w/KMC re same and getting more info from Marc; review bank records, and info rec'd from counsel re Secured Merchants; review summary of frozen accounts and forward request for additional info; begin review of Adage financials and corp records rec'd from counsel; further email exchange re Adageo's counsel's bad faith and requests for additional info; confer w/DD re confirming with Davidian that "contact sheet" listing separate contacts for all affiliated entities was created and provided by either Alon or Doron; review docs related to lawsuit against SBM for Auravie lead-generation; review email from Bauer re statement that he never used stephan@sbm account; reply to David Dyer re getting more info from Davidian about email accounts used by the Ds in communicating with him; email Doron's lawyer re impending Show Cause; email counsel on SBM lawsuit requesting identification of all email user accounts used by "client" to communicate with him; review and revise letter to All-Star and other "new entities" re inclusion in the scope of the TRO; confer w/KMC re reaching out to Alon's lawyer re show cause and not having Alon's financial statement; email exchanges with IT re identification of email accounts; review and revise confidentiality agreement proposed by Alon's lawyer; Telephone conference with accountants re information rec'd from B of A re only permitted use of checks payable to the bank, and request for cc statements, and subpoena to B of A for on-line access; review email accounts identified by Alon's counsel and compare with emails provided by SBM Mgt counsel and Davidian; draft email to KMC summarizing same and requesting conference with Alon's counsel re show cause; review and revise letter to banks requesting transfer of funds for all entities; | 5.30 |
| 07/05/2015 | CCK | Review Oz financial statement and forward same to accountants and DD, with questions for DD to ask during interview; review accountant's summary of what they need from B of A and forward same to Leslie and Brandi; email Audra and JS re two different motions to show cause for Doron/Motti and Alon | |

Charlene C. Koonce, Receiver FTC v. Bunzai

07/31/2015
Account No:     8477-100
Invoice No:       846574

Matter 100 - Receiver

Hours

respectively; review additional email accounts identified by Davidian for defendants, for which we have not been provided access; email counsel for FMS and SM re emails his clients used to communicate with the RD; email JS and DD re additional information needed from Google; email KMC re further request to Unger for his communications with any entity; email WH asking for additonal summary re mailboxes associated with merchants/entities; review confirmation from counsel for OZ that he has provided email account information and revise notice of withdrawal of motion as to OZ, providing notice that no other defendant has complied.; continue drafting Initial Report, reviewing information rec'd from Lifestyle lawsuit, Bauer signature fraud, issues re lack of compliance by Doron and Motti; review notice of appearance filed by new counsel for Doron and Motti; email new counsel re pending motions and impending MOtion to Show Cause, and review additional emails re same sent by KMC; review and revise Affidavit of Noncompliance/Motion to Show Cause re Doron/Motti and confer w/Audra M re same; review further email exchanges with new counsel for Doron and Motti re impending motion to show cause; review and revise Affidavit of Noncompliance and Motion to Show Cause re Alon Defendants and confer w/JS re same                                          7.70

07/06/2015     CCK     Begin review of data rec'd from counsel for Alon (extensive and continuing) and email counsel re whether emails with any entities are included in the information produced; continue revisions to Motion to Show Cause re Alon, and related order; review docs/information rec'd from Ben Pettit, lawyer for SBM in Lifescript case and email Mr. Pettit re no further authority to communicate with anyone other than me on behalf of SBM, whether he holds any unapplied retainer, and whether he is representing any entity in the FTC lawsuit; revise notice re status of motion to compel; continue edits on Motion to Show Cause re Doron/Motti; revise notice of withdrawal re Oz Mizrahi; Telephone conference with counsel for Erin Link re frozen accounts; Telephone conference with FTC re status of their motion to amend and add new defendants; email exchange with counsel for Oz and review information provided by his attorney; review notice from Rothbard re withdrawal of representation of Alon, etc.; review response from Google and confer w/DD re appropriate and most effective response to same and revise demand/notice of Show Cause re same, and list of email accounts and websites; review settlement agreement between two prior employees and Bunzai, etc., and Telephone conference/email exchanges with their counsel re whether settlement payments will continue and whether the employees can accelerate their debt; Telephone conference with counsel for "Erin Link" re frozen accounts; draft brief list of questions re gaps/missing information in Doron's financial statements; respond to email from Doron's counsel re failure to id most email accounts, and their contention that motion to show cause was filed in bad faith and without sufficient conference; email exchanges w/counsel for Doron re his complaints about the sufficiency of the conference preceding the motion to show cause;                                          8.10

07/07/2015     CCK     Review email from E Robi re inability to access certain email accounts due to not having passwords and step 2 authorization blocks and email Unger re same; confer w/DD re same and including demand in correspondence with Google; continue drafting list of additional informaiton requested from Doron's counsel; extensive email exchanges with Doron's counsel re his request that we withdraw motion to compel; review additional email account information

Charlene C. Koonce, Receiver FTC v. Bunzai

07/31/2015
Account No:    8477-100
Invoice No:      846574

Matter 100 - Receiver

Hours

provided by Alon's counsel and respond re same; review form letter to banks re turning over frozen funds and edit list to which the letter should be sent; email exchanges with LS re letters to All-Star and Shalita given D's admissions that both were merchants used to sell skin cream; confer w/CbA counsel re new account on which only Costache is a signatory and forward same to LS; confer w/LS re additional open issues re B of A, such as on-line access, etc.; review and revise WH letter to escrow agent for second property to get the correct legal description to include in lis pendens; confer w/KMC re issues related to WF releasing the wrong amount of funds to the wrong escrow agent, and disregarding the stipulation re same and his communications with counsel for Sunset re same; review Dec from Oz Mizrahi re email access information; continue review of financial statements for SBM, AMD, etc.; review Secured Merchant invoices sent to SBM re IVR Logix and respond to counsel for SM re questions re same; review and respond to email questions from third-party vendors re requests for extensions to provide merchant agreement info; review information rec'd from Lions Bay Media re its contract with SBM for lead generation; email exchanges with Ben Pettit who states he represents Adageo, requesting email info for same;  email exchange with counsel for Alon re "partnership" between Bunzai media, which was purportedly dissolved in 2013, requesting additional information; review information rec'd from Above All Offers re sales/marketing by defendant entities, and similar information from Clickbooth.com, with particular attention to e-doc history from Clickbooth.com demonstrating e-signatures for different people from the same ip address and from email addresses that were not the email for the person purportedly signing; email E Robi to confirm understanding re same; email exchange with accountants re total sales/income for all entities; confer w/DBD re his interview of Oz; further and extensive email exchanges with counsel for Doron re Rule 502 stip, their request for a confidentiality order and email accounts i have not been provided access to; email exchanges with E Robi re same; email exchanges with JS re communications with Go Daddy; continue drafting initial report; further email to Alon's counsel re additional entities we have discovered a connection with, requesting additional information re same; email both Alon and Doron's counsel re why all webpages are registered to Jay Michaels; email accountants re status of $325k check on Calenergy account payable to Focus Media; review various orders issued today, including orders related to show cause hearings; review information rec'd from accountants re: $ leaving FMS' account on 6/18 for USM Product account and draft extensive emails re same to defenants' counsel

9.30

07/08/2015    CCK    Continue review of bank account information re transfers from FMS to USM after date of freeze; review additional information re USM; multiple lengthy email exchanges with D's counsel re USM transfer issues; review lengthy email from Secured Merchants attorney demanding release from freeze and respond to same; email FMS attorney re transfer from FMS account and request for interview of Paul Medina, purported CEO of FMS; confer w/JS re drafting Show Cause; review additional information re USM located by WH; email Igor's lawyer re request for additional information; review additional email information rec'd from counsel for Alon and requesting withdrawal of show cause hearing and respond to same, forward email account info to Eric, and request review of email accounts for communications with Yosifian (President, on paper, of FMS and USM); review information rec'd from Alon's attorney that Jay Michaels is fictitious name used by Alon and respond that

Charlene C. Koonce, Receiver FTC v. Bunzai

07/31/2015
Account No:     8477-100
Invoice No:       846574

Matter 100 - Receiver

Hours

Michaels is also an officer of USM; confer w/LS re getting wire transfer docs
from WF, and requesting addtional info about who is a signatory on the USM
accounts and date on which WF was requested to freeze FMS account;
Telephone conference with Medina and attorney for FMS; Telephone
conference with counsel for Doron re their continuing request to withdraw
show cause; confer w/DBD re same and additional identification issues re
email accounts, Yosifian and getting tax returns for USM; Telephone
conference with LS re her communications with Bof A and forwarding info re
getting on-line access to same for accountants; Telephone conference with
David Bell at Brandlin re pulling information re USM and Focus relationship;
Review email from counsel for Alon confirming funds have been sent back;
review list of open lawsuits against entities, and confer w/LS re getting notice
of stay filed for those; Telephone conference with FTC counsel re funds
having been returned; additional email exchanges with accountants re access
to USM account; email Alon's counsel re same and re whether Alon has
possession of RSA devices for any entities; confer w/DD re asking Davidian to
provide tax return info for USM; review and revise proposed Confidentiality
stipulation re emails; email D's counsel re conference on passing the hearing
on the various motions that are set for hearing next week; Telephone
conference with counsel for Igor and Sunset re $ applied improperly in closing,
management of entities, etc; Telephone conference with LS re status of
inquiries with WF; Telephone conference with manager of B of A re CbA CEO
yelling at them, issues re same; review additional emails from CbA re
continued, repeated requests to unfreeze the CbA account on which Doron is
a signatory; Telephone conference with attorney for Erin Link, whose name,
SSN and signature were used to open merchant accounts for Shalita
Holdings; review USM and other merchant account opening docs for Mr. Link's
signature and forward same to his attorney for confirmation of forgery; review
further (repeated) emails from CbA; email counsel for Alon re getting access
info for accounting@pinnlogistics.com account from Camerino                           8.10

07/09/2015     CCK     Review Doron's motion to vacate OSC; draft response (extensive), and confer
w/KMC and ML regarding strategy for same and whether to hold certain info
for Initial Report, forward dec for ML to sign, confer w/accountants to confirm
Camerino's employment, etc; draft order; review and respond to email from
Unger re agreement to continue Show Cause hearing, confidentiality issues,
etc.; confer w/BS and KMC re issues related to closing on Sunset properties;
review lengthy emails from KMC to counsel for Igor re same and confer with
KMC re their continued requests to have property close by releasing more
funds; confer w/KMC re contempt issues and review letter to WF re same;
several conferences by email over the phone with LS re getting funds
transferred from WF, whether and why certain accounts for unnamed
Receivership Defendants should be frozen/transferred; confer w/accountants
re totals frozen; Telephone conference with counsel for Erin Link re additional
fraud issues; review additional email from accountant re more email accounts
that were not disclosed; review email from counsel for Alon with additional
information, conference re moving the Show Cause hearing, and continuing
conference re confidentiality order; and draft lengthy and detailed response;
draft email to counsel for Doron re continued need for information/status;
numerous email exchanges with CEO of Chargeback and request that he stop
communicating with me directly; email FTC re bank fraud issues and provide
Bauer declaration re same; review information re Optimized Media Solutions

Charlene C. Koonce, Receiver FTC v. Bunzai

07/31/2015
Account No:     8477-100
Invoice No:       846574

Matter 100 - Receiver

|  |  |  | Hours |
|---|---|---|---|
|  |  | provide by Ds and located by WH and communicate with LS re instructing B of A to freeze those assets based on forgery of signature and Doron being in control;  review summary from IT re scans of emails and needing to narrow the search terms; draft lengthy response to same | 9.70 |
| 07/10/2015 | CCK | Email counsel for Alon requesting his file and all communications with Bunzai, Media Urge, etc re the settlement/partnership dissolution discussed in a September 2013 letter; respond to email from counsel for Motti re request to seal personal information inadvertently filed with my response to motion to vacate; further email communications with IT re search terms and production of emails; draft emails to counsel for opposing parties referenced in Bunzai media's counsel's letter re dissolution of partnership; email attorneys on the other side of that deal re the same request; Telephone conference with IT and JS re narrowing search terms to locate only relevant information that will be helpful to the report; provide additional information to JS re names/key terms to accomplish limited review; email all counsel re narrowing search terms if they want to reduce the scope of their privilege review; email counsel for Doron re additional request for WF statements and access to safe deposit box; review Doron's reply in support of motion to vacate; review letter from EVO continuing to assert security interest in funds and confer w/LS re drafting response; Telephone conference with FTC re bank records we've rec'd and connect Luis with LS re same; email exchange w/LS and BM re B of A request for an extension to produce records and include D Bell who is asking for on-line access which could eliminate much of the production; review first emails produced by IT using search terms; confer w/DD re getting status of tax returns from Davidian; and confer w/DD re additional information rec'd from Davidian re potential tax bill for Calenergy, request from Igor to Davidian to amend return, etc; review WF summary rec'd from LS re frozen accounts and getting assets turned over and provide instruction re same; email Doron's counsel re false statements in his reply in support of motion to vacate; confer w/KMC re same; review various orders and objections entered today and email cousnel for Doron re failure to produce information requested last week; confer w/DD re status of requests from Google and proposed order that Google needs each D to sign; confer w/ML re status of which hearings are still set, and strategy re same | 6.10 |
| 07/11/2015 | CCK | Draft email to counsel for Igor re still needing identification of all properties owned by Sunset; review draft letter from LS to title and escrow companies requesting information re the same; review and revise proposed order rec'd from Google re release of email account data and forward same to D's counsel; continue drafting Initial Report (extensive); review case cited by Alon counsel re potential personal privilege in entity accounts and review information to determine whether Alon was an employee with standing to even claim such privilege; email Mr. Davidian re questions related to tax return/payroll tax and reports status and estimated costs re same; review additional information rec'd from counsel for Doron re various open issues; respond to same; Telephone conference with counsel for Doron re email issues and hearing re motion to compel; email exchange with counsel for Alon re status of OSC and motion to compel; email exchanges with ML re availability to inspect safe deposit box next week; draft email to legal assistant re beginning prep on pay petition | 5.20 |

Charlene C. Koonce, Receiver FTC v. Bunzai

07/31/2015
Account No:    8477-100
Invoice No:       846574

Matter 100 - Receiver

Hours

07/12/2015    CCK    Review information provided by Davidian re tax returns due in September, status of payroll tax reports due, etc; and respond requesting engagement agreement and providing information about same; review email from Unger re status of confidentiality stip, withdrawal of OSC hearing, etc and draft lengthy continue drafting response to Doron's counsel re information provided, including request for whose name was forged, etc; create email master list from target list sent to google and forward same to counsel for Doron and Alon and forward same to OC re request for completion and execution of Google order; review and respond to further emails from Alon counsel re clarification of my position on the OSC, motion to show cause; review and respond to email from FTC re Doron's request to release funds from his adult/porn businesses; review and revise confidentiality stipulation; continue drafting report        4.10

07/13/2015    CCK    Confer w/DD re priorities for email accounts and accomplishing same; review info rec'd from Rueveni and Trigen and communicate with WH re getting drop box links renewed/ or getting more info; draft motion for continuance re OSC and motion to compel; review information rec'd from FTC re Igor's motion for relief from asset freeze and confer w/KMC and ML re same; email accounts requesting additional information in support of same; confer w/DD and JS re issues related to identification of email accounts and getting a workable order that Google will abide by and which each D can complete; review prior summaries re transfers of funds from SBM/skin care entities to Calenergy; review Igor and Calenergy's financial statements and request additional information from counsel for Igor; review check rec'd from B of A;  review info re life insurance for defendants and request information about source of payments/account used to pay; email defendants re addtional email account located this morning; continue review of information provided by defendants re each entity and draft follow up questions re same; confer w/KMC re status of show cause motion re sunset holdings transactions; continue drafting summary report for PI hearing; email exchanges w/WH re amount of rent due; execute checks for same and confer w/assistant re getting tracking/cash-based accounting for receivership account; review additional information rec'd from consumer who received Auravie shipment on June 15; confer w/WH re getting B of A clearance for ML and Doron's counsel to inspect the safe deposit box; confer w/LS re follow up with EVO; email PS re bankruptcy question/potential solution re EVO; multiple email exchanges with accountants and counsel for Igor re requesting additional access to B of A, QB, etc, and review accountant's summary re Calenergy transfers; email exchanges with Medina re FMS transactions and free trial promotions of other skin care products; email D's counsel re info about who is charging/shipping Auravie; Telephone conference with ML re his access to safe deposit box; email exchanges with counsel for Yalley plaintiffs re terms of that settlement with dissolved entities and Alon, and why i Point Vision was included as a party; review show cause motion drafted by KMC re Sunset deal; review list of Doron's adult businesses and confer w/accountants re searching records to confirm those businesses do not receive income from the skin care businesses; review and revise Show Cause motion re Igor/Sunset deal; review photos of Doron's safe deposit box and forward to FTC; finalize list of follow up questions for Alon's counsel        9.60

07/14/2015    CCK    Respond to LS and WH re getting information re who had access to Doron's

Charlene C. Koonce, Receiver FTC v. Bunzai

07/31/2015
Account No:      8477-100
Invoice No:       846574

Matter 100 - Receiver

Hours

safe deposit box, etc.; request QB, and on-line access for all bank accounts for Doron's adult businesses, review information rec'd from accountants re Igor having rec'd more than he loaned from the RD entities, until late 2013; begin drafting response to Igor's motion to lift asset freeze; review response to request for information rec'd from Flex Marketing Group, review summary of Kristopher Bond interview and incorporate into report; confer w/FTC re some of Bond's allegations re prior FTC freeze; compare partnership allegations with 9/27/13 letter from Alon's attorney and review Calenergy's list of prior counsel; continue drafting report; confer w/FTC re issues related to accounting/tracing for various entities requesting relief from TRO; confer w/DD re reports from Bauer that Alon is requesting assistance to close accounts that are not frozen; review and revise motion related to Google access and confer w/DD re same; respond to further email from Google about their limited preservation;Telephone conference with accountants re on-going issues, including gross sales, etc.; review notice of withdrawal/appearance for new counsel for Doron; draft email to new counsel and forward all known outstanding requests to new counsel; revise engagement agreement for Davidian re preparation of payroll tax reports and returns for various entities; Telephone conference with counsel for Erin Link re questions related to letter rec'd from firm; review additional information rec'd from accountants; review declaration for Mr. Link and email his attorney re requested clarification re same; forward and facilitate numerous emails for assistance in accessing Bof A accounts for CalEnergy from accountants to Igor's attorney and Telephone conference with counsel re same; draft request for additional information to Alon's attorney based on further matters discovered today; continue drafting report

8.90

07/15/2015      CCK      Review additional information rec'd from Alon; and forward various pieces to accountants for access to merchant accounts, to LS for connecting with merchants re which accounts are still processing, and to WH to retrieve additional information from drop box; review wire information rec'd from WF re the Sunset Holdings deal and confer w/KMC re same; continue drafting Response to Lats motion for relief from asset freeze and Dec in support (extensive); confer w/ML re same and re dec to authenticate doc from Lats depo; Review accountants' summary of gross sales of products, and confer w/FTC re same; review additional information rec'd from accountants re Adageo P/L and discrepancies re that information; confer w/KMC re status of closing on Sunset Holdings deal, and terms of "new" financing; Telephone conference with LS re various law suits found by WH that need to be or do not need to be stayed; email exchange w/LS re issues regarding continuing efforts to obtain on-line access for accountants to B of A accounts; confer w/ML and KMC re potential fraudulent transfer claim against CalEnergy, etc.; review responses from merchant entities re which entities accounts were still active; confer w/JS re issues regarding getting Google to preserve data and sending proosed stipulated order re same; pull exhibits for Dec and confer w/assistant re redacting same; review and revise email to Google drafted by JS re continuing issues; email accountants re review of my dec to ensure accuracy and completeness; continue drafting/revisions to response to Igor motion to release CalEnergy from the receivership/asset freeze, including review for admissibility; review emails between KMC and Igor counsel re whether final Sunset deal has closed;

11.10

Charlene C. Koonce, Receiver FTC v. Bunzai

07/31/2015
Account No:   8477-100
Invoice No:     846574

Matter 100 - Receiver

|  |  |  | Hours |
|---|---|---|---|
| 07/16/2015 | CCK | Continue drafting/revising Response and Dec in support of Lats/Calenergy motion for emergency relief from TRO; Telephone conference with accountants re same and continue review of their information for the same document and drafting/editing same; confer w/JS re further communications with Google re their preservation order; confer w/banker at Amegy re not having rec'd the B of A check for deposit yet; review summaries of total frozen amounts, etc.; continue drafting Initial Report for PI hearing; review closing statement for second Sunset property and confer w/KMC requesting additional information re source of additional funds; review FTC's response to Igor's motion and supporting docs re same; Telephone conference with accountants re continuing issues with access to various accounts, how far back to look at/summarize records, issues for Initial Report, etc.; forward accountant summary of accounts to which we do not have access to all counsel; review Igor's Reply in support of motion for relief | 8.10 |
| 07/17/2015 | CCK | Review info rec'd from PS re security interest claimed by EVO in merchant accounts and respond re strategy re same; Telephone conference with FTC re status of continuing investigation and timeline for Initial Report; review docs from FTC copies culled by ML; review check and summary re same provided by WF and confer w/LS re confirming all accounts included; review response from HSBC and confer w/assistant re getting pw access for disk production; email exchange with counsel for Doron re when he will be responding to requests and confer w/KMC re status on getting adult businesses spun out; review addt'l information rec'd from Doron's counsel; review stipulated PI re Alon and cnfer w/team re same; confer w/accountants re status of review/receipt of funds from payment processors | 2.00 |
| 07/19/2015 | CCK | Review summaries rec'd from accountants re Secured Merchants "gateway" data and forward same to Ds for interpretation, also requesting their contentions re potential profitability of any entity, why AMD is rec'ing funds from odd sources, etc; review latest response from Google counsel and confer w/DD and JS re same; email LS re potential funds for the entities as Yahoo and AOL; email Signapay Risk Manager re questions related to the manner in which Defendants utilized their merchant accounts; email counsel for Secured Merchants re questions related to the "gateway" information reviewed; email counsel for Paul Medina re multiple questions related to FMS operations and potential profitability;  continue drafting Initial Report (extensive) and email accountants re information rec'd from defendants, additional questions re data, and strategy re reporting requirements | 4.60 |
| 07/20/2015 | CCK | Review docs rec'd from HSBC and confer w/accountants re same; review Visa summary re chargeback percentages and programs and response from Signpay re status of having $ transferred; further review of Alon's response to most recent request and compare owner of AMD with alleged current operations; revise letter to banks drafted by LS re producing bank statements since we could not get on-line access; Telephone conference with risk manager for Signpay re "load balancing" and procedures merchants use to work around chargeback constraints; Telephone conference with Doron's counsel re all outstanding requests, efforts to extract the adult businesses, etc; forward all prior emails which have not been answered to Doron's counsel; confer w/WH re pulling photos for power point slides; review response from SBM's counsel re explanation of "lead generation"; confer w/BM re status of |  |

Charlene C. Koonce, Receiver FTC v. Bunzai

07/31/2015
Account No:     8477-100
Invoice No:      846574

Matter 100 - Receiver

|  |  |  | Hours |
|---|---|---|---|
| | | getting Signapay funds turned over from affiliate entity; Telephone conference with FTC re status of whether any entities are appearing/contesting, etc. continue drafting report; forward multiple requests to D's counsel re continuing issues/questions | 7.70 |
| 07/21/2015 | CCK | Review email from FTC re document obtained from imaged hard-drives which may contain potentially privileged exchange between Bunzai and its former counsel; review orders related to privilege and respond to request to waive the privilege; review summary from accountant responding to questions related to summary; review court's minute order re Igor's motion for relief from asset freeze; draft email to FTC re request to deposit cash from office into receivership estate bank account; confer w/LS continuing difficulties in getting WF to freeze all requested accounts and requests for additional informaiton from them; review doc re Secured Commerce's role in designing Auravie websites; review and revise letter to Yahoo about FMS funds on deposit; review various accounts summaries, Igor's FS, summaries re transfers to Zen, etc. re court's order to confer about relief from asset freeze; Telephone conference with landlord re Suite 109 rent; confer w/lawyer for Eran Link re release of his funds; Telephone conference with FTC re conference with Igor; email exchange with counsel for "Phresh Clicks" re their production and confidentiality agreement; Telephone conference with FTC and Igor re their request to release funds, etc.; email exchanges with LS re strategy for EVO, and status re turnover from other processors; continue drafting summary report; email Doron's attorney re their contention re Secured Commerce and several dbas for Secured and email LS re getting SC funds turned over based on additional information | 7.30 |
| 07/22/2015 | CCK | Review proposal rec'd from Igor's counsel re relief from asset freeze; review various information re specific accounts at issue for releasing funds, and confer w/KMC re strategy related to same; review additional informaiton rec'd from counsel re Trigen's activities and assets, and Secured Commerce's activities using a d/b/a; review information rec'd from accounting re fraudulent charge related to skin cream product and trace merchant information re same, looking at products marketed by Focus, etc.; review phone message rec'd from landlord re water leak and confer w/WH re addressing same; email D's counsel re outstanding liabilities, including insurance for leased premises; draft position statement for inclusion in Joint Status Report re Igor's motion for relief; confer w/KMC re report and issues re same, including his drafting discussion re Sunset Holdings transaction; lengthy Telephone conference with Brandlin group re open questions, reporting issues and summaries; further emails to Ds re why $ flows from one entity to another; review E Link and Bauer Decs noting entities for which Baue'rs sig was forged are generally new merchants Ds have ID'd as having no connection to skin cream businesses; email D's attorneys requesting more information re same and contact informaiton for individuals who are purportedly officers/owners of those new companies; email JS and DD re getting informaiton from Google; confer re their conference call with Google's counsel and Google's continuing failure to provide information as required by TRO; review email from DD to Google's counsel re MSC to be filed, and confer w/KMC re strategy re same; email exchanges with counsel for Click PHresh re their request for a confidentiality agreement; continue drafting Report; email counsel for Eran Link re questions related to identification/contact info for others whose signatures may have been forged; | |

Charlene C. Koonce, Receiver FTC v. Bunzai

07/31/2015
Account No:    8477-100
Invoice No:      846574

Matter 100 - Receiver

|  |  |  | Hours |
|---|---|---|---|
|  |  | confer w/LS re various questions related to banking issues, including whether Link's unrelated business account is unfrozen and balance on deposit in Sunset account; review KMC summary of Sunset Holdings deal and incorporate into report; review various emails rec'd from IT and confer w/accountants re same and ask IT to search for "new" entities info | 9.40 |
| 07/23/2015 | CCK | Review bank account information regarding Lats and summarize in prep for hearing; review notice filed by FTC regarding joint report; confer w/DS and JS regarding status of getting MSC filed regarding Google; review assignment agreement between Guayas and Sunset and confer w/KMC and ML regarding strategy regarding same; appear telephonically for hearing on Lats motion; numerous email exchanges with counsel regarding submission to court regarding same; review credit card data regarding new charge, and tracking to negative option enrollment product marketed by Focus (extensive); review detailed information rec'd from FMS regarding same; confer w/LS regarding motion for authorization to pay payroll taxes; forward summary of all "additional" - entities not yet named as receivership defendants but which fall within the definition; Telephone conference with accountants regarding Guayas issues; forward bank info to accountants regarding funds rec'd; review and revise motion to pay payroll taxes; review stip to PI regarding Doron and Motti; continue drafting Report | 6.70 |
| 07/24/2015 | CCK | Review documents pulled from email regarding Optimized Media; review SB personal docs pulled from Doron's computer; Telephone conference with FTC regarding issues regarding Optimized, and other new entities, tax issues regarding entities that haven't yet filed, status regarding stips entered into by individuals and impact on entities; confer w/KMC regarding call with Secured Merchants to figure out what service they provide, how much they get paid and why; email Doron's lawyer regarding continuing failure to provide requested info and need to reset Show Cause; confer w/KMC and Brandlin regarding powering down expenses/involvement if possible; confer w/LS regarding addt'l funds rec'd from WF; confer w/WH regarding searching for info regarding additional entity referenced as controlled/operated by Alon/other defendants; further review of Sunset/Guayas transaction and draft questions to Igor's counsel regarding same, with reference to the money laundering article referencing the specific banks at issue; review additional information from Igor's email account regarding personal involvement, agreement between Bunzai/Alon and Estonian company regarding purchase of skin care products; confer w/ML and KMC regarding strategy regarding same; confer w/IT regarding searches for similar info; review Dynamic Media docs rec'd from IT and email D's counsel regarding who was using those credit and debit cards since account owner was in Israel and not buying pizza in CA; review lease termination provisions to include same in report; review and revise stipulated orders requested by Google and forward same to each respective counsel; review court's order regarding release of funds from Lats' WF account, confer w/Lats counsel regarding manner in which they want the funds released, and confer w/LS to accomplish same; review additional docs rec'd from the FTC and respond to request for position regarding privilege regarding same; multiple email exchanges with counsel for Doron regarding getting MSC re-set next week if info not provided by Monday noon (CST); review full leases rec'd tonight from landlord and exchanges with landlord regarding addendum/holdover on leases; and confer w/WH regarding vacating 105 |  |

Charlene C. Koonce, Receiver FTC v. Bunzai

| | | 07/31/2015 |
|---|---|---|
| | Account No: | 8477-100 |
| | Invoice No: | 846574 |

Matter 100 - Receiver

| | | | | Hours |
|---|---|---|---|---|
| | | | asap; confer w/IT and FTC's IT regarding getting computer that doesn't boot fixed to permit abandonment of suite 105; continue drafting report (extensive) | 10.20 |
| 07/25/2015 | CCK | | Multiple email exchanges w/Doron's counsel regarding conference on getting Show Cause re-set if information is not provided tomorrow by noon CST as requested; email LS regarding following up with EVO regarding status; review additional doc regarding Igor's direction of funds out of SBM/control over that entity and confer w/KMc regarding same; email WH regarding vacating space at Canby; email FTC, IT and accountants regarding whether they need continuing access to computers there; continue drafting Report | 1.30 |
| 07/26/2015 | CCK | | Continue close review of information provided by Ds; draft email to counsel for Alon regarding information omitted from their resposes and requests for additional information; review various summaries provided by accountants for inclusion of same information in Report; continue drafting same (extensive); confer w/WH regarding pulling certain exhibits and checking with warehouse facility regarding rent owed; | 7.80 |
| 07/27/2015 | CCK | | Continue drafting/edits to Report, including argument regarding Sunset Holdings and "verbal agreement", reviewing information from Above All Offers and Clickbooth, particularly regarding Daria Media and reviewing D's contention that Daria only sold nicotine products; email Igor's counsel regarding their contention regarding whether Sunset/Cal could operate from estate assets; review email from Doron's counsel declining to product any additional information and asking for one summary email instead; confer regarding motion requesting reset on Show Cause and draft same; forward to Doron's counsel as conference on same and review responses rec'd from Doron; review information rec'd from KMC regarding call with Argaman to explain Secured Merchants transactions; review additional summary sheets rec'd from Will and incorp some info from same into Report; confer w/JS regarding issues regarding Unger and Google order; Telephone conference with accountants regarding my report and their attachment report | 7.13 |
| 07/28/2015 | CCK | | Review email static from Alon's attorney regarding Google order and respond to JS regarding same with additional information (n/c); review additional info rec'd from Igor regarding Sunset assets, Sunset/Guayas deals; confer w/WH regarding chart for report regarding how many entities we had to investigate; add Sunset/Guayas info to Report; confer w/Doron's attorney regarding truck at Canby; confer w/FTC regarding Doron's agreement to transfer title and confer w/Accountants regarding locating title for delivery truck; review info rec'd from Alon regarding Eugene's processing entity and request additional information; numerous emails and Telephone conference with LS regarding status of recovery of funds from processors, funds not turned over by WF; confer w/all counsel regarding personal items in 105 and vacating that space; review information about SM rec'd from Sagar and respond with questions regarding same; continue drafting report; | 8.70 |
| 07/29/2015 | CCK | | Telephone conference with LS regarding her conference w/EVO regarding getting chargeback funds turned over, and responses from processors regarding "New Entities";  Telephone conference with the FTC regarding email question and report; email exchange w/E Robi regarding review of email; review email from FTC regarding agreement to have truck transferred to the | |

Charlene C. Koonce, Receiver FTC v. Bunzai

07/31/2015
Account No:     8477-100
Invoice No:     846574

Matter 100 - Receiver

| | | | Hours | |
|---|---|---|---|---|
| | | Estate; continue drafting report, pulling and reviewing exhibits for same; email Davidian regarding which entities have payroll and who is on it, and compare with false info provided by Ds, including residence of several individual "employees" in Israel; | 6.80 | |
| 07/30/2015 | CCK | Brief review of amended pleadings filed by certain Ds; email exchanges w/JS regarding status of Google issues regarding Alon; email exchanges with JS regarding no access to Doron accounts now that Google Stip has been entered; email exchange with IT (Eric) regarding now not having access to Roi emails; continue review of evidence and summaries related to Merchant Leverage Group, discrepancies in information/admissions provided by Alon and Doron, and drafting Report, pulling exhibits for same; begin drafting pay petition; confer w/KMC regarding suggested edits to report; confer w/LS FMS employees and payroll they seek; confer w/JK regarding power point slides; confer w/WH regarding edits to summaries/exhibits we are creating for the Report; | 8.00 | |
| 07/31/2015 | CCK | Continue drafting/editing report, reviewing exhibits (extensive), confirming all entities are addressed; confer w/Brandlin about processor in UK and review evidence regarding same; confer w/JS and KMC regarding status of getting access to deleted information in Alon's and all entity accounts; Telephone conference with counsel for minomics entity that paid Media Urge and review informaiton regarding same rec'd from defendants; confer w/JK regarding slides for power point and begin review of same; review reply filed by FTC; review summary of amended answers filed by Alon (n/c); review and respond to email from Oz regarding payment of his fees; confer w/LS regarding check from processor regarding "New Entity" and instruct return of same; review merchant account application for All-Star Beauty using different product name than previously disclosed; review and summarize liquid estate assets | 7.90 | |
| | | For Current Services Rendered | 373.53 | 108,323.70 |

Recapitulation

| Timekeeper | Hours | Hourly Rate | Total |
|---|---|---|---|
| Charlene C. Koonce | 373.53 | $290.00 | $108,323.70 |

Total Current Services and Expenses                                           108,323.70

Balance Due                                                                   $108,323.70

TERMS: DUE AND PAYABLE UPON RECEIPT