# Exhibit C

1

```
                    UNITED STATES DISTRICT COURT

            CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

              HONORABLE GEORGE H. WU, U.S. DISTRICT JUDGE

FEDERAL TRADE COMMISSION,           )
                                    )
               Plaintiff,           )
                                    )        CASE NO.
        vs.                         )
                                    )        CV 15-4527-GW(PLAx)
BUNZAI MEDIA GROUP, INC., et al.,   )
                                    )
               Defendants.          )
                                    )




                        REPORTER'S TRANSCRIPT OF
               ORDER TO SHOW CAUSE WHY A PRELIMINARY
                       INJUNCTION SHOULD NOT ISSUE
                        THURSDAY, AUGUST 6, 2015
                               9:41 A.M.
                        LOS ANGELES, CALIFORNIA







        _____

                  DEBI READ, CSR 3949 CRR RMR RDR
                   FEDERAL OFFICIAL COURT REPORTER
                    312 NORTH SPRING STREET 432A
                   LOS ANGELES, CALIFORNIA 90012
                        READIT3949@GMAIL.COM
```

UNITED STATES DISTRICT COURT

Case 2:15-cv-04527-GW-PLA   Document 164-3   Filed 08/14/15   Page 3 of 6   Page ID #:3757
Case 2:15-cv-04527-GW-PLA   Document 145-3   Filed 06/10/15   Page 16 of 30   Page ID #:3256

16

```
 1              MS. KOONCE:  I just want to speak to --
 2   Mr. Latsanovski was very compliant in what he gave us.  But I
 3   will say the bank records for Bunzai have been -- they're
 4   nonexistent.  It's been closed for three years, and so they
 5   gave us a summary.  They gave us access to the accounts that
 6   were open and -- except one account which Bank of America
 7   wouldn't give anybody access to.  So they were compliant.
 8        But I want to be clear here that the information that we
 9   have has been limited as well, for instance, that the Sunset
10   Holdings that you're addressing now, we don't -- we don't have
11   the information.  We've been given a summary.  I don't have
12   closing statements.  I don't know where that money came from.
13              THE COURT:  All right.  I mean, I can hear other
14   arguments, but it seems to me that I think I'm showing where
15   I'm heading at this point in time in terms of the preliminary
16   injunction.  I think a preliminary injunction certainly as to
17   the operations aspect of it, I'm going to issue the preliminary
18   injunction insofar as, you know, what should be, you know --
19   anybody who's going to be continuing marketing, etc., etc.,
20   what they're supposed to disclose and things of that sort.
21              MR. HARRIS:  Your Honor, I should have said at the
22   outset, we have no problem with an injunction as to conduct.
23              THE COURT:  Well, okay.  So -- and as I spoke --
24   said in the beginning, the real question is the extent of any
25   asset freeze and things of that sort.  It seems to me that to
```

Case 2:15-cv-04527-GW-PLA   Document 164-3   Filed 08/14/15   Page 4 of 6   Page ID #:3758
Case 2:15-cv-04527-GW-PLA   Document 145-3   Filed 06/10/15   Page 17 of 30   Page ID #:3257

17

1   the extent -- and this is something, you know, if we want to,
2   you know, litigate further, I'll give you more time to litigate
3   it.  But it seems to me that hopefully the parties can get
4   together and agree upon -- I mean, there's going to have to be
5   some asset freeze, and as to certain of the defendants they've
6   already agreed to, for all intents and purposes.
7        But insofar as if CalEnergy has lawful or at least, put it
8   this way, sources of income and revenue that is being generated
9   that is outside of the alleged improper conduct, I don't see
10  why I'd be freezing those -- those asset-type things.
11       And even though I understand that -- with the following
12  proviso as well:  Obviously, I don't want CalEnergy or Mr. L to
13  go into accounts and take away all the assets in the accounts
14  and things of that sort too, because, obviously, you know, if
15  they are found to be liable, I want them -- there to be some
16  basis for -- for recovery.
17       But conversely, however, for example, if there're like
18  monthly expenses the corporation has, for example, if it has
19  any employees or something like that, if it has a payroll,
20  taxes, and things of that sort, those things, obviously, should
21  be paid, etc., etc., and if there is, you know, things of that
22  sort.
23       And, obviously, to the extent that I think Mr. L is
24  entitled to some living expenses, you know, and so I don't
25  think he should be deprived of those while this case is ongoing

Case 2:15-cv-04527-GW-PLA Document 164-3 Filed 08/14/15 Page 5 of 6 Page ID #:3759
Case 2:15-cv-04527-GW-PLA Document 145-3 Filed 06/10/15 Page 25 of 30 Page ID #:3265

25

1        MR. HARRIS:  But the reason I started with that
2 piece of it, even though I knew where the Court was going, is
3 'cause look where we've ended up.  We've got a situation where
4 the person who claims he was a past investor but the Court
5 finds no, I think more than that, I can see where the Court's
6 coming from on that issue, because of dipping his toe too far
7 into this company and injecting himself further than he should
8 have, so he can't get himself out of it right now on a motion
9 to dismiss or anything else.
10     We've now got completely separate legitimate companies
11 that are now being scrutinized by the Receiver, by the FTC; the
12 Receiver saying, Well, I don't know, that loan seems fishy to
13 me -- has nothing to do with the skin care business.  We've
14 gotten so far from sort of the core of this thing of what
15 should give the government rights as to Mr. Latsanovski, and
16 now we're -- we're now scrutinizing, liening up, or trying to
17 take money from a wholly legitimate business that is not
18 traceable to this skin care business.  And that's why we don't
19 see it the same way as the government.
20        THE COURT:  Oh --
21        MR. HARRIS:  That's what makes it challenging to --
22        ==THE COURT:  -- yes, you did.  Could it possibly be
23 that the parties could get together and resolve as many, for
24 example, of the companies that, you know, both sides can agree
25 upon, but then as to the companies where the parties cannot==

Case 2:15-cv-04527-GW-PLA Document 164-3 Filed 08/14/15 Page 6 of 6 Page ID #:3760
Case 2:15-cv-04527-GW-PLA Document 145-3 Filed 08/10/15 Page 26 of 30 Page ID #:3200

26

```
 1   agree upon, gear those up for like a mini hearing as just as to
 2   those, and I'll make a ruling as to those separate?
 3        You know, because the problem now is it will take a long
 4   time, you know, to do everything, but it might be of all the
 5   companies, it might be two or three that are at issue.  And
 6   I'll allow both sides to give me the evidence as to those and
 7   I'll make a determination as to whether or not I find that
 8   they -- those companies -- you know, there's enough evidence to
 9   make a determination that those companies are so divorced from
10   the improper conduct that is the source of this case that I
11   would say Hey, sorry, FTC, on that company at least up to
12   this -- as to this portion; I'm just giving it back to Mr.
13   Latsanovski.  He can do with it what he will.  I'm, in other
14   words, taking that out of the -- of the litigation, etc., etc.
15   Although if ultimately a judgment is found against him, you
16   know, whatever assets he has, including the val -- you know,
17   the proper assets that he might have gotten could be subject to
18   whatever penalty the FTC ultimately gets against him.  Then
19   they could seek to attach it at that point in time if they have
20   a judgment, etc.
21           MR. HARRIS:  We're happy to engage on that issue,
22   your Honor.
23           THE COURT:  Why don't you guys do that, see how far
24   you can get.  And, you know, just let me know how long -- much
25   period of time you need to do that sort of thing.
```