Michael J. Weiss (SBN 206473)
**ABRAMS GARFINKEL MARGOLIS BERGSON, LLP**
5900 Wilshire Blvd. Suite 2250
Los Angeles, CA 90036
310-300-2900
310-300-2901- Fax
Mweiss@agmblaw.com

Kelly M. Crawford (TX SBN 05030700)
*Admitted Pro Hac Vice*
**SCHEEF & STONE, L.L.P.**
500 N. Akard, Suite 2700
Dallas, Texas  75201
214-706-4200
214-706-4242 - Fax
Kelly.crawford@solidcounsel.com
Attorneys for Receiver

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>              Plaintiff,<br><br>      v.<br><br>BUNZAI MEDIA GROUP, INC., a California corporation, also doing business as AuraVie and Miracle Face Kit, et al.,<br><br>              Defendants. | Case No. CV 15-4527-GW(PLAx)<br><br>NOTICE OF MOTION AND MOTION FOR ORDER FINDING CERTAIN ASSETS SUBJECT TO THE TEMPORARY RESTRAINING ORDER, ETC. , AND PRELIMINARY INJUNCTIONS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT<br><br>Hearing Date:  September 14, 2015<br>Time: 10:30 am[1]<br>Place:  Courtroom 10 |

---

[1] To allow travel to Los Angeles on September 14, 2015 rather than the night before, the Receiver requests a 10:30 a.m. or later setting.

RECEIVER'S NOTICE OF MOTION, MOTION FOR ORDER FINDING CERTAIN ASSETS SUBJECT TO THE TEMPORARY RESTRAINING ORDER, ETC., AND PRELIMINARY INJUNCTIONS, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

# NOTICE OF MOTION

TO THE HONORABLE JUDGE GEORGE WU, UNITED STATES DISTRICT JUDGE, AND ALL PARTIES IN INTEREST:

PLEASE TAKE NOTICE that on September 14, 2015, commencing at 10:30 a.m. or as soon thereafter as the parties may be heard in Courtroom 10 of the above-entitled Court located at 312 North Spring Street, Los Angeles, California, 90012, Charlene Koonce, the Receiver in the above –entitled action, will and hereby does move the Court for an order finding the assets of All Star Beauty Products, Inc., DMA Media Holdings, Inc., Shalita Holdings, Inc., Focus Media Solutions, Inc., Merchant Leverage Group, Inc., USM Products, Inc., Secured Commerce, LLC, Secured Merchants, LLC, Trigen, LLC, and Forward Momentum, LLC are assets of "Receivership Defendants" as that term is defined by the TRO and Preliminary Injunctions entered in this case.

PLEASE TAKE FURTHER NOTICE that this Motion is based upon this Notice of Motion and Motion; the accompanying memorandum of points and authorities and the declaration of Charlene C. Koonce; the pleadings, records and files of this case of which the Receiver requests the Court take judicial notice; the separate Notice of Hearing filed and served concurrently; and all other further pleadings, oral and documentary evidence and arguments of counsel as may be presented by the Receiver at or before the time of the hearing on the Motion.

PLEASE TAKE FURTHER NOTICE that a copy of this Notice of Motion and Motion, the accompanying memorandum of points and authorities and declaration of Charlene C. Koonce will be mailed by first class mail to all interested persons who do not receive an ECF notice, personally served on David Migdal as the representative for Forward Momentum, LLC, and provided electronically to counsel for Secured Merchants, LLC who has agreed to accept such notice on behalf of Secured Merchants, LLC.

PLEASE TAKE FURTHER NOTICE that this Motion is made following the conference of counsel pursuant to Local Rule 7-3.  On August 4, 2015, the Receiver's counsel sent emails to counsel for each of the Individual Defendants and the FTC, listing the specific entities identified above whose assets the Receiver contends are assets of Receivership Defendants.   Counsel for the FTC indicated over the telephone that it does not oppose the relief requested.  No other party responded to the Receiver's conference, and none provided the additional information requested by the Receiver confirming their respective control over the Entities named above, which would have eliminated the need for part of this Motion.

*/s/Charlene Koonce*
Charlene C. Koonce
**Receiver**

RECEIVER'S NOTICE OF MOTION, MOTION FOR ORDER FINDING CERTAIN ASSETS SUBJECT TO THE TEMPORARY RESTRAINING ORDER, ETC., AND PRELIMINARY INJUNCTIONS, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

Charlene Koonce, the Court-appointed Receiver, moves the Court for an order finding that assets of certain entities are Assets belonging to "Receivership Defendants," and in support, respectfully shows the Court as follows:

## FACTS

The *Ex Parte* Temporary Restraining Order with Asset Freeze, Appointment of Temporary Receiver, and Other Equitable Relief, and Order to Show Cause Why a Preliminary Injunction Should Not Issue (the "TRO") and the numerous Preliminary Injunctions (the "Injunctions" and collectively, the "Orders"),[2] define "Receivership Defendants" as:

> "Bunzai Media Group, Inc., … Pinnacle Logistics, Inc.; DSA Holdings, Inc.; Lifestyle Media Brands, Inc.; Agoa Holdings, Inc.; Zen Mobile Media, Inc.; Safehaven Ventures, Inc.; Heritage Alliance Group, Inc…. AMD Financial Network, Inc.; SBM Management, Inc.; Media Urge, Inc., their successors and assigns, *as well as any subsidiaries, fictitious business entities, or business names created or used by these entities or by the Individual Defendants that are related to, or receive funds from, the sale of skincare or other products online*."[3]

### A.    The Additional Receivership Defendants (the "Entities")

As set forth in the Receiver's Initial Report,[4] Defendants operated a complex web of companies, pursuant to which at least 27 entities were used in the process of or received proceeds from selling sell skin cream products by means of the prohibited conduct described in the Orders (the "Enjoined Conduct").   Many of those entities

---

[2] *See* Docket Nos. 12, 105, 107, 108.
[3] *TRO* ¶ "Definitions" 4.b; *Injunction* ¶ 4b.

RECEIVER'S NOTICE OF MOTION, MOTION FOR ORDER FINDING CERTAIN ASSETS SUBJECT TO THE TEMPORARY RESTRAINING ORDER, ETC., AND PRELIMINARY INJUNCTIONS, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

were not named in the Original Complaint, and several had no function other than owning merchant accounts used to process the skin care sales, or, receiving funds from those sales, for the benefit of the Individual Defendants.

Defendants were careful to structure their business operation so that the Individual Defendants are not designated as officers or directors for most entities. As set forth below, however, the Individual Defendants nonetheless controlled these entities. A summary of the entities which are the subject of this Motion (the "Entities") and the nature of their operations are provided below:

| Entity | Owners / Officers | Status | Type of Business |
|---|---|---|---|
| All Star Beauty Products, Inc. | Sean Brenneck | Active | Retail merchant for skin care products |
| DMA Media Holdings, Inc. | Roi Reuveni-President | Dissolved | Retail merchant for skin care products |
| Focus Media Solutions, Inc. | David Yosafian | Active | Affiliate marketer for skin care products |
| Forward Momentum, LLC | David Migdal | Active | Personal consulting entity for David Migdal which received proceeds from skin care sales |
| Merchant Leverage Group, Inc. | Stephan Bauer | Active | Broker, marketer for merchant processing services |
| Secured Commerce, LLC | Doron Nottea and Alan Argaman | Active | Provided IT services in furtherance of skin care sales |
| Secured Merchants, LLC | Alan Argaman | Active | Provided chargeback defense and "ivr logix" – response to customer calls |

[4] Docket No. 120.

RECEIVER'S NOTICE OF MOTION, MOTION FOR ORDER FINDING CERTAIN ASSETS SUBJECT TO THE TEMPORARY RESTRAINING ORDER, ETC., AND PRELIMINARY INJUNCTIONS, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

| Shalita Holdings, Inc. | Eran Link | Active | Retail merchant for skin care products |
|---|---|---|---|
| USM Products, Inc. | David Yosafian<br><br>Jay Michaels<br><br>Jenik Shanazari | Active | Secured and purchased AuraVie product and containers |

Each of these Entities engaged in the Enjoined Conduct, was used by the Individual Defendants or the Receivership Defendants for the sale of skin care products on-line pursuant to the Enjoined Conduct, or received proceeds from the sale of the skin care products made pursuant the Enjoined Conduct.[5]  Each was controlled or "operated" from Suite 105 Canby."[6]  Except for Focus Media Solutions, each of these Entities appears to have only a P.O. Box or "virtual office" location.  One is already dissolved.[7]  For some entities, the Receiver has not yet discovered any assets, or, only minimal assets.  For other entities, however, substantial assets in merchant or bank accounts have been discovered.  All of the contents of Suite 105 are presumably owned by Secured Commerce, the lessee of that space.  All of the contents of Suite 103 are presumed owned by Media Urge, Inc., the successor entity to Focus Media Solutions, or, Focus Media Solutions.  The tax and other liabilities of these entities are unknown.

---

[5] *See* Declaration of Charlene Koonce, filed concurrently with this Motion.
[6] *Id.*
[7] *Id.*

RECEIVER'S NOTICE OF MOTION, MOTION FOR ORDER FINDING CERTAIN ASSETS SUBJECT TO THE TEMPORARY RESTRAINING ORDER, ETC., AND PRELIMINARY INJUNCTIONS, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

Because each Entity within the definition of a Receivership Defendant as further discussed below, the TRO and Preliminary Injunctions required transfer of their respective assets to the receivership estate.   The Receiver accordingly the Court's finding that the assets of each of the Entities are assets of "Receivership Defendants."[8] To avoid unknown obligations owed by the Entities, and to avoid further burdening estate with the potential operations or dissolution of these Entities, the Receiver also requests a finding that she bears no responsibility for these Entities' operations, liabilities, taxes or dissolution.

**B.     Notice to the Entities**

The Receiver also requests a finding that service on the respective individuals below provides actual notice and an opportunity to be heard for each Entity:[9]

Alon Nottea admitted control over all "retail merchant entities" and thus notice to Alon provides notice to All-Star Beauty Products, Inc., DMA Media Holdings, Inc., and Shalita Holdings, Inc.[10]

Defendants identified David Yosafian as the President of Focus Media Solution, but he purportedly lives in Israel. Defendants had a stamp with Yosafian's signature on it, in Doron's office, and Focus Media's CEO stated Yosafian was the president "on

---

[8] The Receiver has been informed that the FTC will seek leave to amend its complaint and may name the Entities as defendants or relief defendants.

[9] The Receiver asked Defendants to confirm their control over each Entity, and confirm that notice to the Individual Defendants as described above would constitute notice to each Entity.  *See* Docket Nos. 152 and 156.  To date, however, Defendants have failed and refused to provide responsive information.  Accordingly, a large portion of the cost of preparing this Motion was directly caused by Alon Nottea and Doron Nottea.

[10] *See Koonce Dec*.

RECEIVER'S NOTICE OF MOTION, MOTION FOR ORDER FINDING CERTAIN ASSETS SUBJECT TO THE TEMPORARY RESTRAINING ORDER, ETC., AND PRELIMINARY INJUNCTIONS, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

paper only."[11]   Yosafian, Stephen Bauer and Yaron Shamian are the signatories on Focus Media's WF bank account, but Bauer testified in a Declaration that he had no knowledge of the entity, and that his signature on the opening documents for Focus Media were forged.[12]   At least four individuals who were interviewed stated that Alon was in control of Focus Media Holdings.  Alon was also in control of Focus Media's bank account and was able to transfer funds out of an account on which he was not a signatory.[13]  Accordingly, notice to Alon is notice to Focus Media Solutions, Inc.

Alon admitted control over Merchant Leverage Group, Inc., an entity he described as

> "[a ]merchant processor or payment service provider has a direct relationship with a sponsoring bank whereby that company can provide merchant processing accounts for their customers.  Merchant Leverage Group is a sub-agent, independent sales organization, which may refer customers to different merchant processors for the purpose of getting a commission on the referral."[14]

Notice to Alon Nottea is thus notice to Merchant Leverage Group, Inc.

Alon Nottea was also in control of USM Products, Inc. Although Defendants identified Yosafian as the only officer for USM Products, Inc., Jay Michaels is also identified in corporate records as an officer, and Alon admitted Jay Michaels is an alias name he uses.[15]   Alon also transferred funds from Focus Media's account to USM

---

[11] *Id.*
[12] *Id.; see also, Docket No.* 121-7, pp. 118- 135.
[13] *Id.*
[14] *Koonce Dec.*
[15] *Id.*

Products' account, and then returned the funds from USM Products' account to Focus Media and Kai Media's accounts. Notice to Alon is notice to USM Products, Inc.

Doron Nottea is one of two "members" of Secured Commerce, LLC,[16] and thus notice to Doron is notice to Secured Commerce.

Roi Reuveni is the only "member" of Trigen, LLC, which defendants identified as a "personal consulting" entity for Reuveni. Notice to Reuveni thus provides notice to Trigen, LLC.[17]

David Migdal is the incorporator of Forward Momentum, LLC, a single member pass-through entity, which Defendants admit was Migdal's "personal consulting" entity. Defendants also admit Migdal was instrumental in the day-to-day operations of the companies engaged in the Enjoined Conduct, and Migdal was paid for his services through Forward Momentum.[18] Migdal is not a defendant, and the Receiver will personally serve Migdal with a copy of this Motion and the supporting Declaration, as well as the hearing place, date and time.

Alan Argaman is the only member of Secured Merchants, LLC, although Doron Nottea is also signatory on Secured Merchants' bank accounts. Argaman is a non-party, who occupied one of the office spaces at 105 Canby, and whose services provided through Secured Merchants were instrumental in conducting the Enjoined

---

[16] *Id.*
[17] *Koonce Dec.*
[18] *Koonce Dec.*

RECEIVER'S NOTICE OF MOTION, MOTION FOR ORDER FINDING CERTAIN ASSETS SUBJECT TO THE TEMPORARY RESTRAINING ORDER, ETC., AND PRELIMINARY INJUNCTIONS, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

Conduct.[19]  Secured Merchants is represented by counsel and who has agreed to accept service of this motion on behalf of Secured Merchants.

## ARGUMENT

**A.      Requested Factual Findings**

       **1.      The Entities' assets are assets of "Receivership Defendants"**

The Orders direct the Receiver to take possession and control over the assets of Receivership Defendants. "Receivership Defendants" includes the successors and assigns of the named Receivership Defendants, "as well as any subsidiaries, fictitious business entities, or business names created or used by these entities or by the Individual Defendants that are related to, or receive funds from, the sale of skincare or other products online."[20] In turn, the Receiver was directed to take possession and control over all "assets of the Receivership Defendants."[21]

The Receiver accordingly seeks the Court's finding that the assets of All Star Beauty Products, Inc.,  DMA Media Holdings, Inc., Focus Media Solutions, Inc., Forward Momentum, LLC, Merchant Leverage Group, Inc., Secured Commerce, Inc., Secured Merchants, Inc., Shalita Holdings, Inc.,  Trigen, LLC, and USM Products, Inc. are assets of Receivership Defendants.

---

[19] *Id.*
[20] *Preliminary Injunction*, "Definitions" 4.b.
[21] *Preliminary Injunction,* ¶ XIV C.; XVII D.

RECEIVER'S NOTICE OF MOTION, MOTION FOR ORDER FINDING CERTAIN ASSETS SUBJECT TO THE TEMPORARY RESTRAINING ORDER, ETC., AND PRELIMINARY INJUNCTIONS, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

Most of these entities currently have no operations, but until and unless they are added to the lawsuit as named defendants, the Receiver requests that the Court also find the estate bears no responsibility for any liability owed by any of the Entities, and further, that the Receiver has no responsibility for any of the Entities' operations.

**B.** **The Court's Authority to Enforce its Orders Against Non-Parties**

Rule 65(d) of the Federal Rules of Civil Procedure provides that an injunction is binding upon "the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise." Fed. R. Civ. P. 65. Likewise, a "court is authorized to impose a preliminary injunction on assets which were controlled by a party, even if that party did not expressly own or possess those assets." *FTC v. Johnson,* 567 Fed. Appx. 512, 514 (9th Cir. 2014). Accordingly, courts have authority to enforce their orders against non-parties who either aid and abet the named parties, or "are legally identified with the named defendant." *Peterson v. Highland Music Inc.,* 140 F.3d 1313, 1323 (9th Cir. 1998); *FTC v. Crittenden,* 823 F.Supp. 699, 703 (C.D. Cal. 1993), *aff'd,* 19 F.3d 26 (9th Cir. 1994); *see also, Fed. Trade Comm'n v. Gill*, 183 F. Supp. 2d 1171, 1184 (C.D. Cal. 2001)(Non-parties' participation in and facilitation of Defendants' enjoined conduct rendered non-party subject to the Court's authority).

Moreover, enforcement against the assets of non-parties requires only notice and an opportunity to be heard.  *See FTC v. Productive Mktg., Inc.,* 136 F. Supp.2d 1096, 1105 (C.D. Cal. 2001)("Federal courts have issued injunctions binding on all persons, regardless of notice, who come into contact with property which is the subject of a judicial decree")(internal quotation omitted); *Johnson,* 567 Fed. Appx. At 515 ("Such [summary proceedings to determine possession of assets of nonparties in receivership proceedings] satisfy due process so long as there is adequate notice and opportunity to be heard"); *see also, e.g., Irwin v. Mascott*, 370 F.3d 924, 931 (9th Cir. 2004)("Hence, when an injunction is addressed to a non-party and he is given notice of the injunction, Rule 71 permits a district court to use "the same processes for enforcing obedience to the order as if[he were] a party," such as holding him in contempt for violating it.")

And likewise, summary proceedings to adjudicate claims against non-parties in the context of administering a receivership are expressly approved and satisfy due process "so long as there is adequate notice and opportunity to be heard." *Commodity Futures Trading Comm'n v. Topworth Int'l, Ltd.,* 205 F.3d 1107, 1113 (9th Cir. 1999), *as amended* (Mar. 23, 2000); *Johnson,* 567 Fed. Appx. At 515.

After notice to each Entity identified above based on notice to the respective individuals in control of each, the Receiver accordingly requests an order finding that each Entity received actual notice and an opportunity to be heard regarding this motion; that the assets of each Entity are assets of Receivership Defendants, and that

the Estate and the Receiver have no further responsibility or obligation regarding any of these Entities' operations or liabilities.

## **CONCLUSION**

Accordingly, the Receiver requests the following findings from the Court:

1.     The assets of All Star Beauty Products, Inc.; DMA Media Holdings, Inc.; Focus Media Solutions, Inc.; Forward Momentum, LLC;  Merchant Leverage Group, Inc.; Secured Commerce, Inc., Secured Merchants, LLC, Shalita Holdings, Inc., Trigen, LLC, USM Products, Inc. are assets of "Receivership Defendants" as defined by the TRO and the Preliminary Injunctions (collectively "the Entities");

2.     Neither the Receiver nor the receivership estate shall have any responsibility for any liability owed by the Entities, and the Receiver has no duty to operate, dissolve, or otherwise manage any of the Entities, unless ordered to do so in the future;

3.     The contents of 6925 Canby, Suite 105 Reseda, CA are assets owned by Secured Commerce, LLC.

4.     The contents of 6850 Canby, Suite 103 Reseda, CA are assets owned by Media Urge, Inc., a named Receivership Defendant, or Focus Media Solutions, Inc.

5.     Notice of this motion to Alon Nottea provides notice to the following entities:  All Star Beauty Products, Inc.; DMA Media Holdings, Inc., Focus Media Solutions, Inc.; Merchant Leverage Group, Inc., Shalita Holdings, Inc., and USM Products;

6.     Notice of this motion to Doron Nottea constitutes notice to Secured Commerce, LLC;

7.     Notice of this motion to Roi Reuveni constitutes notice to Trigen, LLC;

8.     Notice of this motion to Alan Argaman, through Argaman's counsel by agreement, constitutes notice to Secured Merchants, LLC;

9.     Notice of this motion to David Migdal constitutes notice to Forward Momentum, LLC.

RECEIVER'S NOTICE OF MOTION, MOTION FOR ORDER FINDING CERTAIN ASSETS SUBJECT TO THE TEMPORARY RESTRAINING ORDER, ETC., AND PRELIMINARY INJUNCTIONS, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

WHEREFORE, PREMISES CONSIDERED, the Receiver respectfully requests that the Court grant this Motion and enter factual findings as requested above, and requests such other and further relief to which she may show herself entitled.

/s/Charlene Koonce
Charlene C. Koonce
**Receiver**
500 N. Akard Street, Suite 2700
Dallas, Texas 75201
Telephone: 214-706-4200
Telecopier: 214-706-4242
*Admitted Pro Hac Vice* (TX SBN 11672850)

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that this motion is filed following the conference of counsel pursuant to L.R. 7.3, which took place on August 4, 2015. The Receiver conferred with counsel for the Federal Trade Commission and counsel for the Individual Defendants and Receivership Defendants regarding this Motion and proposed order. The FTC does not oppose the requested relief.  No other Defendant responded to the Receiver's conference. The Receiver accordingly presumes the Motion is unopposed by the Defendants. Secured Merchants, LLC opposes the Motion. The Receiver will also provide notice to Forward Momentum, LLC, but has been unable to confer with that entity.

/s/Charlene Koonce

RECEIVER'S NOTICE OF MOTION, MOTION FOR ORDER FINDING CERTAIN ASSETS SUBJECT TO THE TEMPORARY RESTRAINING ORDER, ETC., AND PRELIMINARY INJUNCTIONS, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 14, 2015, a true and correct copy of the foregoing document was electronically filed with the clerk of the U.S. District Court, Central District of California, using the electronic case filing system of the court. The attorneys listed below were served by pursuant to the ECF notice generated by the Court, or by email.

Tom Vidal
Michael Weiss
Nina Nahal Ameri
Abrams Garfinkel Margolis Bergson
5900 Wilshire Blvd Suite 2250
Los Angeles, CA 90036
*Local counsel for Receiver*

David P. Beitchman
Andre Boniadi
Beitchman|Zekian, PC
16130 Ventura Boulevard, Suite 570
Encino, CA 91436
*Counsel for Doron Nottea and Motti Nottea*

Erik S Syverson
Scott M. Lesowitz
Steven T. Gebelin
Raines Feldman LLP
9720 Wilshire Boulevard Fifth Floor
Beverly Hills, CA 90212
*Counsel for Oz Mizrahi, as an officer or manager of BunZai Media Group, Inc. and Pinnacle Logistics, Inc.*

Marc S. Harris
Annah S Kim
Scheper Kim & Harris, LLP
601 W. Fifth Street, 12th Floor
Los Angeles, CA 90071
*Counsel for Igor Latsanovski and Calenergy, Inc.*

Robert M. Ungar
Crosswind Law
14724 Ventura Blvd Penthouse
Sherman Oaks, CA 91403
*Counsel for Alon Nottea, Roi Rueveni and Adageo, LLC*

Reid Tepfer
Luis Gallegos
Federal Trade Commission
1999 Bryan Street, Suite 2150
Dallas, TX 75201
*Counsel for the FTC*

Raymond E McKown
Federal Trade Commission
10877 Wilshire Boulevard, Suite 700
Los Angeles, CA 90024
*Counsel for the FTC*

Benjamin A Pettit
20 East Pueblo Street
Santa Barbara, CA 93105
*Counsel for Alon Nottea*

RECEIVER'S NOTICE OF MOTION, MOTION FOR ORDER FINDING CERTAIN ASSETS SUBJECT TO THE
TEMPORARY RESTRAINING ORDER, ETC., AND PRELIMINARY INJUNCTIONS, AND MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

The undersigned further certifies that the foregoing motion, and all supporting evidence, was served by email on counsel for Secured Merchants, LLC.  David Migdal will be personally served, with a return of service filed regarding that service.

/s/  *Charlene C. Koonce*
CHARLENE C. KOONCE

RECEIVER'S NOTICE OF MOTION, MOTION FOR ORDER FINDING CERTAIN ASSETS SUBJECT TO THE TEMPORARY RESTRAINING ORDER, ETC., AND PRELIMINARY INJUNCTIONS, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT