1
DAVID P. BEITCHMAN (SBN 198953)
dbeitchman@bzlegal.com
2
ANDRE BONIADI (SBN 266412)
3
aboniadi@bzlegal.com
**BEITCHMAN & ZEKIAN, P.C.**
4
16130 VENTURA BLVD., SUITE 570
5
ENCINO, CALIFORNIA 91436
TELEPHONE: (818) 986-9100
6
FACSIMILE:   (818) 986-9119
7
*Attorneys for Defendants,*
8
MOTTI NOTTEA and DORON NOTTEA
9
ROBERT M. UNGAR (SBN 102007)
10
rmu@ungarlaw.com
11
14724 VENTURA BLVD., PH
SHERMAN OAKS, CA 91403
12
TEL. (310) 405-1884
13
14
*Attorneys for Defendants,*
ALON NOTTEA and ROI REUVENI
15

16
## UNITED STATES DISTRICT COURT
17
## CENTRAL DISTRICT OF CALIFORNIA
18

| | |
|---|---|
| 19  FEDERAL TRADE COMMISSION, | **Case No. 2:15-cv-04527-GW (PLAx)** |
| 20            Plaintiff, | **DEFENDANTS' REPLY TO** |
| 21 | **PLAINTIFF'S OPPOSITION TO** |
| 22       vs. | **APPLICATION TO STAY PROCEEDINGS OR, IN THE** |
| 23  BUNZAI MEDIA GROU, INC., et al., | **ALTERNATIVE, FOR AN ORDER** |
| 24 | **SHORTENING TIME ON MOTION** |
| 25            Defendants. | **TO STAY PROCEEDINGS** |
| 26 | |
| 27 | |
| 28 | |

- 1 -

DEFENDANTS' REPLY TO OPPOSITION TO APPLICATION FOR AN ORDER STAYING
PROCEEDINGS

1    Defendants DORON NOTTEA, MOTTI NOTTEA, ALON NOTTEA, and ROI

2  REUVENI (collectively as "Defendants"), hereby jointly submit this memorandum of

3  points and authorities in reply to Plaintiff FEDERAL TRADE COMMISION's

4  ("Plaintiff" or "FTC") Opposition to Defendants' Application an order to stay

5  proceedings against them pending a criminal investigation, or in the alternative, for an

6  order establishing a shortened briefing schedule for Defendants to bring a motion to

7  stay proceedings.

8

9                    **MEMORANDUM OF POINTS AND AUTHORITIES**

10                                           **I.**

11                                   <u>**INTRODUCTION**</u>

12          Plaintiff FTC's Opposition fails to properly address the merits of Defendants'

13  Application for an order to stay these civil proceedings against them.  In essence,

14  Plaintiff proffers two arguments in hopes of clouding the rather straightforward issue

15  before this Court.

16          First, Plaintiff contends that Defendants' moving papers and the supporting

17  declaration of defense counsel, David P. Beitchman, lacks credible support for the

18  claim of an ongoing, multi-agency criminal investigation.  Plaintiff asserts that

19  Defendants' moving papers are devoid of "any evidence to support this claim."

20  (Plaintiff's Opposition, 4:2-20).  Therefore, Plaintiff concludes that Defendants'

21  request for a stay is entirely premature.  Plaintiff's position in this regard is troubling,

22  particularly given that defense counsel's declaration accounts for specific instances

23  whereby Defendants are clearly identified as "targets" of a criminal investigation led

24  by the Secret Service and FBI.

25          Second, Plaintiff would have this Court believe that granting a stay of

26  proceedings *only as to the moving Defendants* would somehow cause Plaintiff and

27

28

- 2 -

**DEFENDANTS' REPLY TO OPPOSITION TO APPLICATION FOR AN ORDER STAYING PROCEEDINGS**

1    consumers severe prejudice.  This could not be further from the truth.  On the

2    contrary, there will be zero prejudice to either Plaintiff or to consumers should this

3    Court grant Defendants' instant application, primarily because Defendants are seeking

4    to stay these civil proceedings only as to them, and more importantly, because

5    Defendants have since stipulated to the entry of a preliminary injunction that

6    effectively freezes all of Defendants' assets.  On the other hand, and for the reasons

7    detailed in the moving papers and outlined below, allowing this case to proceed

8    against the moving Defendants will undoubtedly subject the moving Defendants to

9    unduly prejudice.

10          Accordingly, Defendants respectfully request that this Court grant the instant

11   application to stay these civil proceedings *only* as to the moving Defendants.

12

13

14                                    **II.**

15                                **ARGUMENT**

16   **A.     Defendants' Application is Well Founded and Ripe Such that a Stay**
             **of Civil Proceedings is Justified against the Moving Defendants**
17
          Defendants' application is substantiated by the declaration of David P.

18   Beitchman.  Contained within Mr. Beitchman's declaration is a detailed account of

19   corroborated events that have transpired in a relatively short period of time, all of

20   which clearly demonstrate that the moving Defendants are the "targets" of an

21   investigation spearheaded by the U.S. Secret Service, the FBI, and possibly others.

22          At the core of this investigation is the issue of the numerous bank accounts

23   revealed in this action, and the relationship between said accounts and the individual

24   Defendants, as well as the allocation of funds deposited into said accounts.  It is

25   abundantly clear from the allegations that have been made by Plaintiff as well as the

26   Receiver that said accounts are actually those belonging to and controlled by the

27

28

- 3 -

**DEFENDANTS' REPLY TO OPPOSITION TO APPLICATION FOR AN ORDER STAYING**
**PROCEEDINGS**

1
2
3
moving Defendants.  As a result of the foregoing, the current multi-agency, investigation is focused on bank fraud, wire fraud and identity theft as part of a criminal enterprise.

4
5
6
7
8
9
10
11
12
13
14
Thus, it should come as no surprise that United States Secret Service agents have interviewed bank employees regarding the topic of said transactions, and in doing so, certain Defendants were specifically named.  If that is not enough to demonstrate the "target" status of the moving Defendants, there is credible evidence that said Secret Service agents showed photographs of at least one of the moving Defendants taken by a security camera at a Bank of America retail location.  In addition, various individuals, both domestic and abroad (Israel), were questioned for several hours regarding their knowledge of certain business transactions involving the moving Defendants.  During such questioning, it became apparent that authorities were tracking the movements of said moving Defendants.  (Beitchman Decl. ¶5).

15
16
17
18
19
20
21
Despite the foregoing facts, none of which have been contested, Plaintiff attempts to discount the same by claiming that Defendants' moving papers are devoid of any facts that they are "targets" of a criminal investigation, and that such a claim is based merely upon "suspicion" and "presumption."  Yet Plaintiff later quite candidly admits that "Defendants' appear to be involved in varied illegal activities.  Such activity may well merit attention from criminal authorities." (Plaintiff's Opposition, 5:2-5).

22
23
24
25
26
27
28
Indeed, it appears that the FTC is not alone in believing that criminal investigations are likely.  A review of the receiver's First Initial Report submitted to this Court on August 3, 2015 contains no less than eight (8) references to Defendants' commission of "bank fraud" in connection with the operation of the business enterprise. (*See* Docket Entry #120, Page ii at 23, Page 4 at 14, Page 36 at 23, Page 40 at 4, Page 70 at 4, Page 75 at 22, Page 77 at 14, Page 83 at 24). (Beitchman Decl., ¶6).

- 4 -

**DEFENDANTS' REPLY TO OPPOSITION TO APPLICATION FOR AN ORDER STAYING PROCEEDINGS**

1    In fact, when seeking to take the deposition of Defendant Doron Nottea, counsel for

2    the Receiver asks whether Mr. Nottea will assert his 5th Amendment right in the

3    deposition, as the answer would dictate the course of the deposition. (Beitchman

4    Decl., ¶8).

5         In totality, the aforementioned confirms the existence of an ongoing, multi-

6    agency criminal investigation of these moving Defendants.  Moreover, because of the

7    identity of issues between this civil action and the ongoing criminal investigation,

8    Defendants are unable to meaningfully participate in these proceedings, as doing so

9    would require the target Defendants to assert the Fifth Amendment at all stages of

10   litigation. *See Hoffman v. United States* (1951) 341 U.S. 479, 486; *see, e.g., London v.*

11   *Patterson* (9th Cir. 1972) 463 F.2d 95, 97-98, cert. denied, 411 U.S. 906 (1973).

12        Accordingly, federal courts consistently recognize that civil proceedings

13   including discovery, should be stayed in appropriate circumstances pending the

14   resolution of a parallel criminal proceeding. *See United States v. Kordel* (1970) 397

15   U.S. 1, 12, n.27; *Afro-Lecon, Inc. v. United States* (Fed. Cir. 1987) 820 F.2d 1198,

16   1204 (noting that "it has long been the practice to 'freeze' civil proceedings when a

17   criminal prosecution involving the same facts is warming up or under way"); *see also,*

18   *In re Grand Jury Subpoena Duces Tecum* (D. Md. 1987) 659 F.Supp. 628, 634

19   (recognizing a "preference that a court stay civil proceedings when there is a risk of

20   self-incrimination by a party").

21

22

23        **B.**    **The Balance Of Factors Weighs Overwhelmingly In Favor of Staying**
              **this Action as to the Moving Defendants**

24

25        Plaintiff stands by the proposition that by granting a stay of proceedings *only as*

26   *to the moving Defendants*, that Plaintiff and consumers would somehow suffer severe

27   prejudice.  Plaintiff makes the wild argument that "if this case proceeds to trial,

28

- 5 -

1  witness testimony may be necessary," and that quick resolution is crucial to ensure

2  recovery for deceived consumers. (Plaintiff's Opposition, 12-13).  However, imposing

3  a stay *only as to the moving Defendants* would have absolutely no effect on Plaintiff's

4  ability to take witness testimony at time of trial or otherwise secure assets of the

5  moving Defendants until final adjudication can be had after the stay is lifted.

6        Indeed, whether or not a stay is granted as to the moving Defendants, Plaintiff

7  will be afforded the opportunity to obtain witness testimony.  Of course, Plaintiff will

8  not suffer any prejudice if a stay shields the moving Defendants from testifying, since

9  they will ultimately assert the Fifth Amendment right against self-incrimination.

10       Furthermore, there is no evidence or suggestion of any danger of dissipation of

11 assets or any danger any witness or defendant will become ill, incapacitated, or

12 otherwise become unavailable.  Here, a receiver has already been appointed.  In fact,

13 prior to filing the instant application, and in order to alleviate any prejudice to

14 Plaintiff, the moving <u>Defendants stipulated to the entry of a preliminary injunction

15 that essentially freezes all of Defendants' assets</u>. (*See* Docket Entry #105 and #108 at

16

17 pgs. 15-16).

18       On the other hand, the prejudice to moving Defendants of providing any

19 responses to requests by the Plaintiff or Receiver would be severe and irreparable.

20       It is well established that "the right to assert one's privilege against self-

21 incrimination does not depend upon the *likelihood* but upon the *possibility* of

22 prosecution." *In re Master Key Litig.* (9th Cir. 1974) 507 F.2d 292, 293.  Thus,

23 Defendants will undoubtedly assert their Fifth Amendment right in these proceedings,

24 unless a stay is imposed.

25       It has consistently been held that a witness who invokes the self-incrimination

26 privilege may not be permitted to waive the privilege and testify (or submit

27 declarations or discovery responses) on matters as to which the privilege was claimed,

28

- 6 -

1   if doing so would prejudice the opposing party. *SEC v. Graystone Nash, Inc.* (3rd Cir.

2   1994) 25 F.3d 187, 190; *Gutierrez-Rodriguez v. Cartagena* (1st Cir. 1989) 882 F.2d

3   553, 576; *SEC v. Merrill Scott & Assocs., Ltd.* (D UT 2007) 505 F.Supp.2d 1193,

4   1208–1209.  Thus, should the moving Defendants invoke their Fifth Amendment right

5   against self-incrimination, they may forever be barred from presenting any sort of

6   defense to the civil claims lodged by Plaintiff.

7       In addition to the potential bar on future testimony, unlike criminal cases,

8   adverse inferences may be drawn in a civil case from a person's invoking the privilege

9   against self-incrimination. *Baxter v. Palmigiano* (1976) 425 U.S. 308, 318; *Keating v.*

10  *Office of Thrift Supervision* (9th Cir. 1995) 45 F.3d 322, 326.

11      Thus, the moving Defendants will face a dire choice:  either invoke their Fifth

12  Amendment rights and suffer adverse inferences (and potentially massive civil

13  liability) at trial, or testify now and possibly provide the government with

14  incriminating evidence otherwise unavailable because of the Fifth Amendment.  As a

15  result, if this case goes forward now, there is a serious risk that the moving

16  Defendants will be unable to present any meaningful defense at any stage of the

17  proceedings.

18      Thus, it is imperative that a stay be imposed until such time as the criminal

19  proceedings are complete, so as to avoid any prejudice that will certainly be cast

20  against the moving Defendants should they be forced to claim the Fifth.

21

22                                      **III.**

23                                  **CONCLUSION**

24      Predicated on the foregoing, Defendants respectfully request that this Court

25  grant their application and stay this case until the pending criminal proceedings

26  against the moving Defendants have concluded.

27

28

**DEFENDANTS' REPLY TO OPPOSITION TO APPLICATION FOR AN ORDER STAYING PROCEEDINGS**

1 | DATED:  August 19, 2015         **BEITCHMAN & ZEKIAN, P.C.**

2

3 | By:   /s/ Andre Boniadi

    David P. Beitchman,

4 |     Andre Boniadi,

    *Attorneys for Defendants,*

5 |     MOTTI NOTTEA and

6 |     DORON NOTTEA

7

8

9 | DATED:  August 19, 2015         **ROBERT M. UNGAR**

10

11 | By:   /s/ Robert M. Ungar

    Robert M. Ungar,

12 |     *Attorneys for Defendants,*

    ALON NOTTEA and ROI REUVENI

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' REPLY TO OPPOSITION TO APPLICATION FOR AN ORDER STAYING
PROCEEDINGS