**SCHEPER KIM & HARRIS LLP**
MARC S. HARRIS (State Bar No. 136647)
mharris@scheperkim.com
ANNAH S. KIM (State Bar No. 190609)
akim@scheperkim.com
601 West Fifth Street, 12th Floor
Los Angeles, CA  90071-2025
Telephone:  (213) 613-4655
Facsimile:   (213) 613-4656

**Attorneys for Defendants**
**Igor Latsanovski and Calenergy, Inc.**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | CASE NO. CV 15-04527 GW (PLAx) |
| Plaintiff, | **DEFENDANT CALENERGY INC.'S ANSWER TO COMPLAINT FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF** |
| v. | |
| BUNZAI MEDIA GROUP INC., et al., | |
| Defendants. | Complaint Filed: June 16, 2015 |

## ANSWER TO COMPLAINT

Defendant Calenergy, Inc. ("Defendant") answers the Complaint of Plaintiff Federal Trade Commission ("Plaintiff") as follows:

1. Defendant admits that Plaintiff brings this action against Defendants. The remaining allegations in Paragraph 1 consist of conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendant denies the remaining allegations in Paragraph 1.

2. Defendant denies directing or participating in any fraudulent operation by any defendant. Defendant admits that Igor Latsanovski ("Latsanovski") made investments and loans through Calenergy, Inc. ("Calenergy") to Alon Nottea for Mr. Nottea's internet skincare business. Except as admitted or denied, Defendant is without sufficient information to admit or deny the remaining allegations of Paragraph 2, and on that basis specifically and generally denies each remaining allegation in Paragraph 2.

3. Defendant denies directing or participating in any fraudulent operation by any defendant. Defendant admits that Latsanovski made investments and loans through Calenergy to Alon Nottea for Mr. Nottea's internet skincare business. Except as admitted or denied, Defendant is without sufficient information to admit or deny the remaining allegations of Paragraph 3, and on that basis specifically and generally denies each remaining allegation in Paragraph 3.

4. The allegations in Paragraph 4 consist of conclusions of law as to which no responsive pleading is required.

5. The allegations in Paragraph 5 consist of conclusions of law as to which no responsive pleading is required.

6. The allegations in Paragraph 6 consist of conclusions of law as to which no responsive pleading is required.

7. The allegations in Paragraph 7 consist of conclusions of law as to which no responsive pleading is required.

8. The allegations in Paragraph 8 consist of conclusions of law as to which no responsive pleading is required.

9. Defendant admits that Bunzai Media Group, Inc. was a corporation that formerly transacted business in this district. Except as expressly admitted, Defendant is without sufficient information to admit or deny the remaining allegations of Paragraph 9, and on that basis specifically and generally denies each remaining allegation in Paragraph 9.

10. Defendant admits that Pinnacle Logistics, Inc. was a corporation that formerly transacted business in this district. Except as expressly admitted, Defendant is without sufficient information to admit or deny the remaining allegations of Paragraph 10, and on that basis specifically and generally denies each remaining allegation in Paragraph 10.

11. Defendant is without sufficient information to admit or deny the allegations in Paragraph 11, and on that basis specifically and generally denies each allegation in Paragraph 11.

12. Defendant is without sufficient information to admit or deny the allegations in Paragraph 12, and on that basis specifically and generally denies each allegation in Paragraph 12.

13. Defendant is without sufficient information to admit or deny the allegations in Paragraph 13, and on that basis specifically and generally denies each allegation in Paragraph 13.

14. Defendant admits that Zen Mobile Media, Inc. was a California corporation. Except as expressly admitted, Defendant is without sufficient information to admit or deny the remaining allegations of Paragraph 14, and on that basis specifically and generally denies each remaining allegation in Paragraph 14.

15. Defendant is without sufficient information to admit or deny the allegations in Paragraph 15, and on that basis specifically and generally denies each allegation in Paragraph 15.

DEFENDANT CALENERGY INC.'S ANSWER TO COMPLAINT

16. Defendant is without sufficient information to admit or deny the allegations in Paragraph 16, and on that basis specifically and generally denies each allegation in Paragraph 16.

17. Defendant is without sufficient information to admit or deny the allegations in Paragraph 17, and on that basis specifically and generally denies each allegation in Paragraph 17.

18. Defendant is without sufficient information to admit or deny the allegations in Paragraph 18, and on that basis specifically and generally denies each allegation in Paragraph 18.

19. Defendant is without sufficient information to admit or deny the allegations in Paragraph 19, and on that basis specifically and generally denies each allegation in Paragraph 19.

20. Defendant is without sufficient information to admit or deny the allegations in Paragraph 20, and on that basis specifically and generally denies each allegation in Paragraph 20.

21. Defendant admits that it is a California corporation and transacted business in this district. Except as expressly admitted, Defendant specifically and generally denies the remaining allegations in Paragraph 21.

22. Defendant is without sufficient information to admit or deny the allegations in Paragraph 22, and on that basis specifically and generally denies each allegation in Paragraph 22.

23. Defendant is without sufficient information to admit or deny the allegations in Paragraph 23, and on that basis specifically and generally denies each allegation in Paragraph 23.

24. Defendant admits that Alon Nottea resides and has transacted business in this district. Except as expressly admitted, Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 24, and on that basis specifically and generally denies the remaining allegations in Paragraph 24.

25. Defendant is without sufficient information to admit or deny the allegations in Paragraph 25, and on that basis specifically and generally denies each allegation in Paragraph 25.

26. Defendant admits that Doron Nottea resides in this district. Except as expressly admitted, Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 26, and on that basis specifically and generally denies each remaining allegation in Paragraph 26.

27. Defendant is without sufficient information to admit or deny the allegations in Paragraph 27, and on that basis specifically and generally denies each allegation in Paragraph 27.

28. Defendant admits that Igor Latsanovski resides in this district and has transacted business in this district. Except as expressly admitted, Defendant specifically and generally denies the remaining allegations in Paragraph 28.

29. Defendant is without sufficient information to admit or deny the allegations in Paragraph 29, and on that basis specifically and generally denies the each allegation in Paragraph 29.

30. Defendant admits that Khristopher Bond resides and has transacted business in this district. Except as expressly admitted, Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 30, and on that basis specifically and generally denies each remaining allegation in Paragraph 30.

31. Defendant denies that it or Latsanovski ever engaged in any deceptive or unlawful practices and denies directing or participating in any fraudulent operation by any defendant. The remaining allegations of Paragraph 31 purport to address conduct of other defendants that is necessarily speculative. Except as expressly denied, Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 31, and on that basis specifically and generally denies each remaining allegation in Paragraph 31.

32. Defendant denies that it or Latsanovski ever engaged in any deceptive or unlawful practices and denies directing or participating in any fraudulent operation by any defendant. The remaining allegations of Paragraph 32 purport to address conduct of other defendants that is necessarily speculative. Except as expressly denied, Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 32, and on that basis specifically and generally denies each remaining allegation in Paragraph 32.

33. The allegations in Paragraph 33 consist of conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendant specifically and general denies each allegation in Paragraph 33.

34. Defendant denies that it or Latsanovski ever engaged in any deceptive or unlawful practices and denies directing or participating in any fraudulent operation by any defendant. The remaining allegations of Paragraph 34 purport to address conduct of other defendants that is necessarily speculative. Except as expressly denied, Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 34, and on that basis specifically and generally denies each remaining allegation in Paragraph 34.

35. Defendant denies that it or Latsanovski ever engaged in any deceptive or unlawful practices and denies directing or participating in any fraudulent operation by any defendant. The remaining allegations of Paragraph 35 purport to address conduct of other defendants that is necessarily speculative. Except as expressly denied, Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 35, and on that basis specifically and generally denies each remaining allegation in Paragraph 35.

36. Defendant denies that it or Latsanovski ever engaged in any deceptive or unlawful practices and denies directing or participating in any fraudulent operation by any defendant. The remaining allegations of Paragraph 35 purport to address conduct of other defendants or third parties that is necessarily speculative.

Except as expressly denied, Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 35, and on that basis specifically and generally denies each remaining allegation in Paragraph 35.

37. Defendant denies that it or Latsanovski ever engaged in any deceptive or unlawful practices and denies directing or participating in any fraudulent operation by any defendant. The remaining allegations of Paragraph 37 purport to address conduct of other defendants that is necessarily speculative. Except as expressly denied, Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 37, and on that basis specifically and generally denies each remaining allegation in Paragraph 37.

38. Defendant is without sufficient information to admit or deny the allegations in Paragraph 38, and on that basis specifically and generally denies each allegation in Paragraph 38.

39. Defendant denies that it or Latsanovski ever engaged in any deceptive or unlawful practices and denies directing or participating in any fraudulent operation by any defendant. The remaining allegations of Paragraph 39 purport to address conduct of other defendants that is necessarily speculative. Except as expressly denied, Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 39, and on that basis specifically and generally denies each remaining allegation in Paragraph 39.

40. Defendant denies that it or Latsanovski ever engaged in any deceptive or unlawful practices and denies directing or participating in any fraudulent operation by any defendant. The remaining allegations of Paragraph 40 purport to address conduct of other defendants that is necessarily speculative. Except as expressly denied, Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 40, and on that basis specifically and generally denies each remaining allegation in Paragraph 40.

41. Defendant denies that it or Latsanovski ever engaged in any deceptive

1  or unlawful practices and denies directing or participating in any fraudulent
2  operation by any defendant.  The remaining allegations of Paragraph 41 purport to
3  address conduct of other defendants that is necessarily speculative.  Except as
4  expressly denied, Defendant is without sufficient information to admit or deny the
5  remaining allegations in Paragraph 41, and on that basis specifically and generally
6  denies each remaining allegation in Paragraph 41.

7  42.  The allegations in Paragraph 42 purport to address the conduct or
8  understanding of consumers that is necessarily speculative.  Defendant is without
9  sufficient information to admit or deny the allegations in Paragraph 42, and on that
10 basis specifically and generally denies each allegation in Paragraph 42.

11 43.  Defendant denies that it or Latsanovski ever engaged in any deceptive
12 or unlawful practices and denies directing or participating in any fraudulent
13 operation by any defendant.  The remaining allegations of Paragraph 43 purport to
14 address conduct of other defendants that is necessarily speculative.  Except as
15 expressly denied, Defendant is without sufficient information to admit or deny the
16 remaining allegations in Paragraph 43, and on that basis specifically and generally
17 denies each remaining allegation in Paragraph 43.

18 44.  The allegations in Paragraph 44 purport to address the conduct or
19 understanding of consumers that is necessarily speculative.  Defendant is without
20 sufficient information to admit or deny the allegations in Paragraph 44, and on that
21 basis specifically and generally denies each allegation in Paragraph 44.

22 45.  Defendant denies that it or Latsanovski ever engaged in any deceptive
23 or unlawful practices and denies directing or participating in any fraudulent
24 operation by any defendant.  The remaining allegations of Paragraph 45 purport to
25 address conduct of other defendants that is necessarily speculative.  Except as
26 expressly denied, Defendant is without sufficient information to admit or deny the
27 remaining allegations in Paragraph 45, and on that basis specifically and generally
28 denies each remaining allegation in Paragraph 45.

46. Defendant is without sufficient information to admit or deny the allegations in Paragraph 46, and on that basis specifically and generally denies each allegation in Paragraph 46.

47. Defendant is without sufficient information to admit or deny the allegations in Paragraph 47, and on that basis specifically and generally denies each allegation in Paragraph 47.

48. Defendant is without sufficient information to admit or deny the allegations in Paragraph 48, and on that basis specifically and generally denies each allegation in Paragraph 48.

49. Defendant denies that it or Latsanovski ever engaged in any deceptive or unlawful practices and denies directing or participating in any fraudulent operation by any defendant.  The remaining allegations of Paragraph 49 purport to address conduct of other defendants that is necessarily speculative.  Except as expressly denied, Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 49, and on that basis specifically and generally denies each remaining allegation in Paragraph 49.

50. Defendant is without sufficient information to admit or deny the allegations in Paragraph 50, and on that basis specifically and generally denies each allegation in Paragraph 50.

51. The allegations in Paragraph 51 purport to address the conduct or understanding of consumers that is necessarily speculative.  Defendant is without sufficient information to admit or deny the allegations in Paragraph 51, and on that basis specifically and generally denies each allegation in Paragraph 51.

52. The allegations in Paragraph 52 purport to address the conduct or understanding of consumers that is necessarily speculative.  Defendant is without sufficient information to admit or deny the allegations in Paragraph 52, and on that basis specifically and generally denies each allegation in Paragraph 52.

53. Defendant denies that it or Latsanovski ever engaged in any deceptive

1 or unlawful practices and denies directing or participating in any fraudulent
2 operation by any defendant.  The remaining allegations of Paragraph 53 purport to
3 address conduct of other defendants and consumers that is necessarily speculative.
4 Except as expressly denied, Defendant is without sufficient information to admit or
5 deny the remaining allegations in Paragraph 53, and on that basis specifically and
6 generally denies each remaining allegation in Paragraph 53.

7   54.   Defendant denies that it or Latsanovski ever engaged in any deceptive
8 or unlawful practices and denies directing or participating in any fraudulent
9 operation by any defendant.  The remaining allegations of Paragraph 54 purport to
10 address conduct of other defendants or consumers that is necessarily speculative.
11 Except as expressly denied, Defendant is without sufficient information to admit or
12 deny the remaining allegations in Paragraph 54, and on that basis specifically and
13 generally denies each remaining allegation in Paragraph 54.

14   55.   Defendant denies that it or Latsanovski ever engaged in any deceptive
15 or unlawful practices and denies directing or participating in any fraudulent
16 operation by any defendant.  The remaining allegations of Paragraph 55 purport to
17 address conduct of other defendants that is necessarily speculative.  Except as
18 expressly denied, Defendant is without sufficient information to admit or deny the
19 remaining allegations in Paragraph 55, and on that basis specifically and generally
20 denies each remaining allegation in Paragraph 55.

21   56.   Defendant denies that it or Latsanovski ever engaged in any deceptive
22 or unlawful practices and denies directing or participating in any fraudulent
23 operation by any defendant.  The remaining allegations of Paragraph 56 purport to
24 address conduct of other defendants or consumers that is necessarily speculative.
25 Except as expressly denied, Defendant is without sufficient information to admit or
26 deny the remaining allegations in Paragraph 56, and on that basis specifically and
27 generally denies each remaining allegation in Paragraph 56.

28   57.   The allegations in Paragraph 57 consist of conclusions of law as to

which no responsive pleading is required.

58. The allegations in Paragraph 58 consist of conclusions of law as to which no responsive pleading is required.

59. Defendant denies that it or Latsanovski ever engaged in any deceptive or unlawful practices and denies directing or participating in any fraudulent operation by any defendant. The remaining allegations of Paragraph 59 purport to address conduct of other defendants that is necessarily speculative. Except as expressly denied, Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 59, and on that basis specifically and generally denies each remaining allegation in Paragraph 59.

60. Defendant denies that it or Latsanovski ever engaged in any deceptive or unlawful practices and denies directing or participating in any fraudulent operation by any defendant. The remaining allegations of Paragraph 60 purport to address conduct of other defendants that is necessarily speculative. Except as expressly denied, Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 60, and on that basis specifically and generally denies each remaining allegation in Paragraph 60.

61. The allegations in Paragraph 61 consist of conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendant denies that it or Latsanovski ever engaged in any deceptive or unlawful practices and denies directing or participating in any fraudulent operation by any defendant. The remaining allegations of Paragraph 61 purport to address conduct of other defendants that is necessarily speculative. Except as expressly denied, Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 61, and on that basis specifically and generally denies each remaining allegation in Paragraph 61.

62. Defendant denies that it or Latsanovski ever engaged in any deceptive or unlawful practices and denies directing or participating in any fraudulent

operation by any defendant.  The remaining allegations of Paragraph 62 purport to address conduct of other defendants that is necessarily speculative.  Except as expressly denied, Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 62, and on that basis specifically and generally denies each remaining allegation in Paragraph 62.

63.   Defendant denies that it or Latsanovski ever engaged in any deceptive or unlawful practices and denies directing or participating in any fraudulent operation by any defendant.  The remaining allegations of Paragraph 63 purport to address conduct of other defendants that is necessarily speculative.  Except as expressly denied, Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 63, and on that basis specifically and generally denies each remaining allegation in Paragraph 63.

64.   The allegations in Paragraph 64 consist of conclusions of law as to which no responsive pleading is required.  To the extent a response is required, Defendant denies that it or Latsanovski ever engaged in any deceptive or unlawful practices and denies directing or participating in any fraudulent operation by any defendant.  The remaining allegations of Paragraph 64 purport to address conduct of other defendants that is necessarily speculative.  Except as expressly denied, Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 64, and on that basis specifically and generally denies each remaining allegation in Paragraph 64.

65.   Defendant denies that it or Latsanovski ever engaged in any deceptive or unlawful practices and denies directing or participating in any fraudulent operation by any defendant.  The remaining allegations of Paragraph 65 purport to address conduct of other defendants that is necessarily speculative.  Except as expressly denied, Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 65, and on that basis specifically and generally denies each remaining allegation in Paragraph 65.

DEFENDANT CALENERGY INC.'S ANSWER TO COMPLAINT

66. Defendant is without sufficient information to admit or deny each allegation in Paragraph 66, and on that basis specifically and generally denies each allegation in Paragraph 66.

67. The allegations in Paragraph 67 consist of conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendant denies that it or Latsanovski ever engaged in any deceptive or unlawful practices and denies directing or participating in any fraudulent operation by any defendant. The remaining allegations of Paragraph 67 purport to address conduct of other defendants or consumers that is necessarily speculative. Except as expressly denied, Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 67, and on that basis specifically and generally denies each remaining allegation in Paragraph 67.

68. Defendant denies that it or Latsanovski ever engaged in any deceptive or unlawful practices and denies directing or participating in any fraudulent operation by any defendant. The remaining allegations of Paragraph 68 purport to address conduct of other defendants or consumers that is necessarily speculative. Except as expressly denied, Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 68, and on that basis specifically and generally denies each remaining allegation in Paragraph 68.

69. Defendant denies that it or Latsanovski ever engaged in any deceptive or unlawful practices and denies directing or participating in any fraudulent operation by any defendant. The allegations of Paragraph 69 also purport to address conduct of other defendants and consumers that is necessarily speculative. Except as expressly denied, Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 69, and on that basis specifically and generally denies each remaining allegation in Paragraph 69.

70. The allegations in Paragraph 70 consist of conclusions of law as to which no responsive pleading is required. To the extent a response is required,

1  Defendant denies that it or Latsanovski ever engaged in any deceptive or unlawful practices and denies directing or participating in any fraudulent operation by any defendant.  The allegations of Paragraph 70 also purport to address conduct of other defendants that is necessarily speculative.  Except as expressly denied, Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 70, and on that basis specifically and generally denies each remaining allegation in Paragraph 70.

71.   The allegations in Paragraph 71 consist of conclusions of law as to which no responsive pleading is required.

72.   The allegations in Paragraph 72 consist of conclusions of law as to which no responsive pleading is required.

73.   The allegations in Paragraph 73 consist of conclusions of law as to which no responsive pleading is required.

74.   The allegations in Paragraph 74 consist of conclusions of law as to which no responsive pleading is required.  To the extent a response is required, Defendant denies that it or Latsanovski ever engaged in any deceptive or unlawful practices and denies directing or participating in any fraudulent operation by any defendant.  The allegations of Paragraph 70 also purport to address conduct of other defendants that is necessarily speculative.  Except as expressly denied, Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 70, and on that basis specifically and generally denies each remaining allegation in Paragraph 70.

75.   The allegations in Paragraph 75 consist of conclusions of law as to which no responsive pleading is required.

76.   The allegations in Paragraph 76 consist of conclusions of law as to which no responsive pleading is required.  To the extent a response is required, Defendant denies that it or Latsanovski ever engaged in any deceptive or unlawful practices and denies directing or participating in any fraudulent operation by any

1  defendant.  The remaining allegations of Paragraph 76 also purport to address
2  conduct of other defendants that is necessarily speculative.  Except as expressly
3  denied, Defendant is without sufficient information to admit or deny the remaining
4  allegations in Paragraph 76, and on that basis specifically and generally denies each
5  remaining allegation in Paragraph 76.

6      77.   The allegations in Paragraph 77 consist of conclusions of law as to
7  which no responsive pleading is required.  To the extent a response is required,
8  Defendant denies that it or Latsanovski ever engaged in any deceptive or unlawful
9  practices and denies directing or participating in any fraudulent operation by any
10 defendant.  The allegations of Paragraph 76 also purport to address conduct of other
11 defendants that is necessarily speculative.  Except as expressly denied, Defendant is
12 without sufficient information to admit or deny the remaining allegations in
13 Paragraph 76, and on that basis specifically and generally denies each remaining
14 allegation in Paragraph 76.

15     78.   The allegations in Paragraph 78 consist of conclusions of law as to
16 which no responsive pleading is required.

17     79.   The allegations in Paragraph 79 consist of conclusions of law as to
18 which no responsive pleading is required.

19     80.   The allegations in Paragraph 80 consist of conclusions of law as to
20 which no responsive pleading is required.

21     81.   The allegations in Paragraph 81 consist of conclusions of law as to
22 which no responsive pleading is required.

23     82.   The allegations in Paragraph 82 consist of conclusions of law as to
24 which no responsive pleading is required.  To the extent a response is required,
25 Defendant denies that it or Latsanovski ever engaged in any deceptive or unlawful
26 practices and denies directing or participating in any fraudulent operation by any
27 defendant.  The remaining allegations of Paragraph 82 also purport to address
28 conduct of other defendants that is necessarily speculative.  Except as expressly

denied, Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 82, and on that basis specifically and generally denies each remaining allegation in Paragraph 82.

83. The allegations in Paragraph 83 consist of conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendant denies that it or Latsanovski ever engaged in any deceptive or unlawful practices and denies directing or participating in any fraudulent operation by any defendant. The remaining allegations of Paragraph 83 also purport to address conduct of other defendants that is necessarily speculative. Except as expressly denied, Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 83, and on that basis specifically and generally denies each remaining allegation in Paragraph 83.

84. The allegations in Paragraph 84 consist of conclusions of law as to which no responsive pleading is required.

85. The allegations in Paragraph 85 consist of conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendant denies that it or Latsanovski ever engaged in any deceptive or unlawful practices and denies directing or participating in any fraudulent operation by any defendant. The remaining allegations of Paragraph 85 also purport to address conduct of other defendants that is necessarily speculative. Except as expressly denied, Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 85, and on that basis specifically and generally denies each remaining allegation in Paragraph 85.

86. The allegations in Paragraph 86 consist of conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendant denies that it or Latsanovski ever engaged in any deceptive or unlawful practices and denies directing or participating in any fraudulent operation by any defendant. The remaining allegations of Paragraph 86 also purport to address

1 conduct of other defendants and consumers that is necessarily speculative. Except as expressly denied, Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 86, and on that basis specifically and generally denies each remaining allegation in Paragraph 86.

87. The allegations in Paragraph 87 consist of conclusions of law as to which no responsive pleading is required.

88. The allegations in Paragraph 88 consist of conclusions of law as to which no responsive pleading is required.

# AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1. The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Consent)

2. Consumers consented to receive and pay for any services provided by other defendants.

## THIRD AFFIRMATIVE DEFENSE

### (Acts of Third Parties - Causation)

3. Consumer's damages, if any, were caused solely, directly, and proximately by the acts or omissions of third parties, not by any acts or omissions by Defendant, its agents, or employees.  These other persons are solely responsible for any damages caused thereby.

## FOURTH AFFIRMATIVE DEFENSE

### (Acts of Third Parties – Apportionment)

4. The acts and/or omissions of independent third parties contributed to some or all of the damages, if any, complained of in the Complaint.  Defendant is entitled to a judicial determination of fault of those third parties and to a reduction of damages, if any, in proportion to fault.

## FIFTH AFFIRMATIVE DEFENSE

### (Compliance with Statute)

5. Defendant's compliance with the statutes, rules, and regulations which govern the subject matter of this lawsuit precludes liability to any consumer.

## SIXTH AFFIRMATIVE DEFENSE

### (No Damages)

6. The conduct alleged by Plaintiff did not injure, harm, or damage consumers.

## SEVENTH AFFIRMATIVE DEFENSE
### (Excessive Fines)

7. To the extent that Plaintiff seeks statutory penalties, the Complaint violates the prohibition against "excessive fines" of the United States Constitution, Eighth Amendment.

## EIGHTH AFFIRMATIVE DEFENSE
### (Bad Faith)

8. On information and belief, this lawsuit was filed in bad faith and/or for objectively frivolous reasons, thereby barring Plaintiff from recovering on any cause of action in the Complaint, and entitling Defendant to recover its costs of suit incurred herein, including reasonable attorneys' fees.

## NINTH AFFIRMATIVE DEFENSE
### (Justification and Privilege)

9. The actions of Defendant, respecting the subject matters alleged in the Complaint, were undertaken in good faith, and constitute lawful, proper, and justified means to further the sole purpose of engaging in and continuing its business. By reason thereof, Plaintiff is barred, in whole or in part, from recovery on the Complaint.

## TENTH AFFIRMATIVE DEFENSE
### (Right to Assert Additional Defenses)

10. Defendant reserves the right to assert additional affirmative defenses as discovery and investigation proceed.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff take nothing by its Complaint;
2. That Defendant be awarded all of its costs, including attorney fees incurred herein; and
3. That the Court award such other and further relief as it deems just and

1 | proper.

3 | DATED: August 20, 2015      SCHEPER KIM & HARRIS LLP
                                MARC S. HARRIS
                                ANNAH S. KIM


                                By:  /s/  Annah S. Kim
                                     Annah S. Kim
                                     Attorneys for Defendants Igor Latsanovski
                                     and Calenergy, Inc.