1  JONATHAN E. NUECHTERLEIN
   General Counsel

2
   DAMA J. BROWN
3  Regional Director

4  REID TEPFER
   rtepfer@ftc.gov
   Texas Bar No. 24079444
5  LUIS GALLEGOS
   lgallegos@ftc.gov
6  Oklahoma Bar No. 19098
   Federal Trade Commission
7  1999 Bryan Street, Suite 2150
   Dallas, Texas 75206
   (214) 979-9395 (Tepfer)
8  (214) 979-9383 (Gallegos)
   (214) 953-3079 (fax)

9
   RAYMOND McKOWN
10 rmckown@ftc.gov
   California Bar No. 150975
   10877 Wilshire Boulevard, Suite 700
11 Los Angeles, California 90024
   (310) 824-4325 (voice)
12 (310) 824-4380 (fax)

13 Attorneys for Plaintiff Federal Trade Commission

14
## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

15

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,** | **Case No.  CV 15-4527-GW(PLAx)** |
| **Plaintiff,** | **NOTICE OF LODGING AND SUPPLEMENT TO FTC'S POSITION CONCERNING DEFENDANTS LATSANOVSKI AND CALENERGY, INC.'S ASSET FREEZE** |
| **v.** | |
| **BUNZAI MEDIA GROUP, INC.,** *et al.* | |
| **Defendants.** | **HEARING DATE: August 24, 2015**<br>**TIME:  8:30 am**<br>**Court:   Hon. George Wu** |

16

17

18

19

20

FTC'S SUPPLEMENT TO JOINT REPORT

1    At the August 6, 2015 hearing, the Court instructed Plaintiff and

2  Defendants CalEnergy, Inc. and Igor Latsanovski to submit a joint report with the

3  parties' proposals for Defendants' asset freeze. The Court expressed an interest in

4  a solution that would both preserve Defendant Latsanovski's assets for future

5  consumer redress but also allow his companies to operate if doing so would be

6  legal and profitable. In this report, the FTC proffered a solution that would allow

7  for all of his companies to continue any legal operation. Defendants' section,

8  though, exceeds this limited scope, attempting without good cause to re-litigate

9  issues decided by the Court.[1] The FTC, accordingly, lodges this supplement to

10  address these issues briefly.

11    Most importantly, Defendants misstate the basis for the Court's asset freeze

12  of Defendants' companies. The Court possesses broad authority to fashion an

13  equitable remedy and award "any ancillary relief necessary to accomplish

14  complete justice."[2] The Court need not find that the assets are traceable to the

---

[1] Federal Rule of Civil Procedure 60(b) "provides for reconsideration only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *School Dist. No. 1J, Multnomah County v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (quoting *Fuller v. M.g. jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991)). Defendants satisfy none of these conditions but attempt to re-litigate issues such as Latsanovski's likelihood of dissipation, the propriety of an asset freeze for Latsanovski at all, and the proper standard for freezing his various assets.

[2] *FTC v. H. N. Singer, Inc.*, 668 F.2d 1107, 1111–13 (9th Cir. 1982).

FTC'S SUPPLEMENT TO JOINT REPORT

1    illegal conduct, as suggested by Defendants. Indeed, such a requirement is

2    incompatible with joint and several liability.[3]

3        Further, the facts here make clear that the assets at issue are Latsanovski's

4    own. Sunset Holdings and CalEnergy are merely alter egos of Latsanovski.[4] And

5    almost all the properties owned by Sunset are subject to loans not from innocent

6    foreign investors, as Defendants claim, but from another alter ego company of

7    Latsanovski's, Guayas.[5] Accordingly, justice requires that these assets remain

8    frozen, just as his other personal assets are.[6]

9

10   [3] *FTC v. J.K. Publs., Inc.*, CV 99-00044 ABC (AJWx), 2009 U.S. Dist. LEXIS
     36885, *15 (C.D. Cal. April 13, 2009) ("The applicability of joint and several
11   liability is entirely inconsistent with the proposition that traceability is required.").

12   [4] *See* Doc. No. 164 at 2-3; *see also Oceans II, Inc. v. Skinnervision, Inc.*, 2:12-cv-
     06867-CAS (Ex), 2015 U.S. Dist. LEXIS 95985, *9 (C.D. Cal. July 20, 2015)
13   (noting that "the alter ego doctrine 'prevents individuals or other corporations
     from misusing the corporate laws by the device of a sham corporate entity formed
14   for the purpose of committing fraud or other misdeeds'"). The Ninth Circuit has
     held that, under California law, alter ego liability is appropriate where "'there is
15   such a unity of interest and ownership that the individuality, or separateness, of
     the said person and corporation has ceased;' and, second, where 'adherence to the
16   fiction of the separate existence of the corporation would . . . sanction a fraud or
     promote injustice.'" *In re Schwarzkopf*, 626 F.3d 1032, 1038 (9th Cir. 2010)
17   (quoting *Wood v. Elling Corp.*, 20 Cal. 3d 353, 364 n.9, 142 Cal. Rptr. 696, 572
     P.2d 755 (1977)).

18
     [5] *See* Doc. No. 164 at 4.
19
     [6] At a minimum, an amount equal to the sum Sunset received from Defendant
20   CalEnergy should be frozen for disgorgement.

1

2                                          Respectfully submitted,

3

4   Dated: 8/20/15                          /s/ REID TEPFER_____
                                            REID TEPFER
5                                           LUIS H. GALLEGOS
                                            Attorneys for the Plaintiff
6                                           Federal Trade Commission
                                            1999 Bryan Street, Suite 2150
7                                           Dallas, Texas 75201
                                            (214) 979-9395 (Tepfer)
8                                           (214) 979-9383 (Gallegos)
                                            (214) 953-3079 (facsimile)
9                                           rtepfer@ftc.gov
                                            lgallegos@ftc.gov
10

11

12

13

14

15

16

17

18

19

20

FTC'S SUPPLEMENT TO JOINT REPORT

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 20, 2015, a true and correct copy of the foregoing document was electronically filed with the clerk of the U.S. District Court, Central District of California, using the electronic case filing system of the court. The attorneys listed below were served by pursuant to the ECF notice generated by the Court, or by email.

| | |
|---|---|
| Tom Vidal | Marc S. Harris |
| Michael Weiss | Scheper Kim & Harris, LLP |
| Nina Nahal Ameri | 601 W. Fifth Street, 12th Floor |
| Abrams Garfinkle Margolis Bergson | Los Angeles, CA 90071 |
| 5900 Wilshire Blvd Suite 2250 | mharris@scheperkim.com |
| Los Angeles, CA 90036 | *Counsel for Igor Latsanovski and* |
| nameri@agmblaw.com | *CalEnergy, Inc* |
| *Local counsel for Receiver* | |
| | Annah Kim |
| Erik S Syverson | Scheper Kim & Harris, LLP |
| Raines Feldman LLP | 601 W. Fifth Street, 12th Floor |
| 9720 Wilshire Boulevard Fifth Floor | Los Angeles, CA 90071 |
| Beverly Hills, CA 90212 | akim@scheperkim.com |
| esyverson@raineslaw.com | *Counsel for Igor Latsanovski and* |
| *Counsel for Oz Mizrahi* | *CalEnergy, Inc* |
| | |
| Robert M. Ungar | Charlene Cantrell Koonce |
| Crosswind Law | Receiver |
| 14724 Ventura Blvd Penthouse | Scheef & Stone |
| Sherman Oaks, CA 91403 | 500 N. Akard, Suite 2700 |
| rmu@crosswindlaw.com | Dallas, Texas 75201 |
| *Counsel for Alon Nottea and* | charlene.koonce@solidcounsel.com |
| *Roi Rueveni* | *Receiver* |
| | |
| David P. Beitchman | Kelly M. Crawford |
| Beitchman & Zekian | Scheef and Stone |
| 16130 Ventura Blvd., Suite 570 | 500 N. Akard, Suite 2700 |
| Encino, CA 91436 | Dallas, Texas 75201 |
| dbeitchman@bzlegal.com | kelly.crawford@solidcounsel.com |
| *Counsel for Doron Nottea and Motti* | *Counsel to Receiver* |
| *Nottea* | |

FTC'S SUPPLEMENT TO JOINT REPORT

1

2                                                /S/ REID TEPFER
                                                  REID TEPFER
3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20