**SCHEPER KIM & HARRIS LLP**
MARC S. HARRIS (State Bar No. 136647)
mharris@scheperkim.com
ANNAH S. KIM (State Bar No. 190609)
akim@scheperkim.com
601 West Fifth Street, 12th Floor
Los Angeles, CA  90071-2025
Telephone:  (213) 613-4655
Facsimile:   (213) 613-4656

**Attorneys for Defendants**
**Igor Latsanovski and Calenergy, Inc.**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>  Plaintiff,<br><br>  v.<br><br>BUNZAI MEDIA GROUP INC., et al.,<br><br>  Defendants. | CASE NO. CV 15-04527 GW (PLAx)<br><br>**DECLARATION OF ANNAH S. KIM IN SUPPORT OF POSITION OF DEFENDANTS IGOR LATSANOVSKI AND CALENERGY, INC. TO MODIFY ASSET FREEZE**<br><br>*[Filed concurrently with Response of Defendants' to FTC's Supplemental Position Concerning the Asset Freeze [Doc. No 175]; and Declaration of Cesar M. Peniche]*<br><br>Date:          August 24, 2015<br>Time:          8:30 a.m.<br>Courtroom:   10 |

DECLARATION OF ANNAH S. KIM

# DECLARATION OF ANNAH S. KIM

I, Annah S. Kyuim, hereby state and declare as follows:

1. I am an attorney duly admitted to practice before this Court. I am an associate at Scheper Kim & Harris LLP ("SKH"), attorneys of record for defendants Igor Latsanovski and Calenergy, Inc. in the case of *Federal Trade Commission v. Bunzai Media Group, Inc., et al.*, Case No. CV15-4527-GW (PLAx). I submit this declaration in support of Defendants' Position for the modification of the asset freeze as set forth in the Joint Report submitted on August 14, 2015 (Doc. No. 164). I have personal knowledge of the facts set forth herein. If called as a witness, I could and would competently testify to the matters stated herein.

2. Attached hereto as Exhibit 1 are true and correct copies of pages form the transcript of the August 6, 2015 hearing on the FTC's request for preliminary injunction.

3. On August 20, 2015, Mr. Alon e-mailed me a request to submit Cesar M. Peniche's declaration regarding his interests in Sunset Holding Partners LLC for this Court's consideration. Attached hereto as Exhibit 2 is a true and correct copy of that e-mail without attachments.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 21, 2015, at Los Angeles, California.

        /s/ Annah S. Kim
        ANNAH S. KIM

1
DECLARATION OF ANNAH S. KIM

# Exhibit 1

1

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

HONORABLE GEORGE H. WU, U.S. DISTRICT JUDGE

FEDERAL TRADE COMMISSION,  )
                           )
        Plaintiff,         )
                           )   CASE NO.
    vs.                    )
                           )   CV 15-4527-GW(PLAx)
BUNZAI MEDIA GROUP, INC., et al.,  )
                           )
        Defendants.        )
                           )

REPORTER'S TRANSCRIPT OF
ORDER TO SHOW CAUSE WHY A PRELIMINARY
INJUNCTION SHOULD NOT ISSUE
THURSDAY, AUGUST 6, 2015
9:41 A.M.
LOS ANGELES, CALIFORNIA

DEBI READ, CSR 3949 CRR RMR RDR
FEDERAL OFFICIAL COURT REPORTER
312 NORTH SPRING STREET 432A
LOS ANGELES, CALIFORNIA 90012
READIT3949@GMAIL.COM

UNITED STATES DISTRICT COURT

Case 2:15-cv-04527-GW-PLA Document 181-1 Filed 08/21/15 Page 5 of 12 Page ID #:5242
Case 2:15-cv-04527-GW-PLA Document 143-1 Filed 06/10/15 Page 29 of 36 Page ID #:4015

2

# A P P E A R A N C E S

**ON BEHALF OF THE PLAINTIFF:**

    FEDERAL TRADE COMMISSION
    BY:  REID A. TEPFER
        LUIS H. GALLEGOS
        Attorneys at Law
    Southwest Region
    1999 Bryan Street, Suite 2150
    Dallas, Texas 75201
    214-979-9395/214-979-9383
    rtepfer@ftc.gov/lgallegos@ftc.gov

**ON BEHALF OF THE DEFENDANTS:**

    SCHEPER KIM & HARRIS LLP
    BY:  MARC HARRIS
        ANNAH S. KIM
        Attorney at Law
    One Bunker Hill
    601 W. Fifth Street 12th Floor
    Los Angeles, California 90071
    213-613-4655/213-61304662
    mharris@scheperkim.com/akim@scheperkim.com

**RECEIVER:**

    SCHEEF & STONE, L.L.P.
    BY:  CHARLENE C. KOONCE
        Attorney at Law
    500 N. Akard, Suite 2700
    Dallas, Texas 75201
    214-706-4200
    charlene.koonce@solidcounsel.com

Case 2:15-cv-04527-GW-PLA Document 181-1 Filed 08/21/15 Page 6 of 12 Page ID #:9252
Case 2:15-cv-04527-GW-PLA Document 145 Filed 08/10/15 Page 12 of 30 Page ID #:4016

12

```
 1   determination to be made for purposes of preliminary injunction
 2   insofar as his role and that his role was more than a passive
 3   investor.  Yes, I agree with that.
 4        Okay.  So that being said, you want to say anything else?
 5            MR. TEPFER:  I'd be happy to address the role of
 6   CalEnergy --
 7            THE COURT:  Well, that's what I want you to address
 8   because that is a little more complicated to my mind.  So let
 9   me have you address that.  I'll allow defense counsel to
10   respond.
11            MR. TEPFER:  Yes.  So CalEnergy is essentially
12   Latsanovski's alter ego --
13            THE COURT:  I understand that.  But when you say
14   alter ego, do you mean alter ego in the -- well, let me put it
15   this way.  What law are you relying on for the elements of
16   alter ego status?
17            MR. TEPFER:  Well, perhaps not -- not technically
18   alter ego.  It's essentially CalEnergy is Igor Latsanovski and
19   as such it's every bit as involved as he is.  It's essentially
20   just a way to shield liability, to put another name on
21   documents for actions that defendant Latsanovski's taking.
22            THE COURT:  Well, let me just ask.  Is the FTC
23   taking the position that it's not a separate -- it's not, like,
24   properly incorporated or something to that extent?
25            MR. TEPFER:  No, your Honor, not that it wasn't
```

Case 2:15-cv-04527-GW-PLA Document 181-1 Filed 08/21/15 Page 7 of 12 Page ID #:5253
Case 2:15-cv-04527-GW-PLA Document 145 Filed 08/10/15 Page 13 of 30 Page ID #:4017

13

1  properly incorporated, but as with all the various shell
2  companies throughout, these companies don't observe corporate
3  formalities.  It's -- it's essentially just as involved as he
4  is and has an essential role in the common enterprise and is
5  liable for its role in the common enterprise for infusing the
6  various Bunzai companies --
7           THE COURT:  Let me just ask.  Did it write letters
8  of this sort, like, for example, you know, something came from
9  CalEnergy that had language that -- you know, similar to what
10 is contained in Document No. 119-1 at page 477?  Is there
11 something you have from CalEnergy that states something of
12 that --
13          MR. TEPFER:  We do have -- if I could reference --
14 this was in Docket 5 of the memo of points and authorities on
15 the temporary restraining order.  It shows the relationship of
16 CalEnergy.  It holds itself out to be the parent company of
17 Pinnacle which is the successor-in-interest to Bunzai Media
18 Group, and it also took actions in infusing the Bunzai
19 companies and keeping them afloat.  It was a part of the common
20 enterprise an an essential component of it, in fact.
21          THE COURT:  All right.  All right.  What else?
22          MR. TEPFER:  I would also make the point that
23 defendant Latsanovski claims that this is merely an investment
24 company and shouldn't be liable for infusing the common
25 enterprise with capital.  But in fact, even assuming that were

Case 2:15-cv-04527-GW-PLA Document 181-1 Filed 08/21/15 Page 8 of 12 Page ID #:5265
Case 2:15-cv-04527-GW-PLA Document 145 Filed 08/10/15 Page 25 of 30 Page ID #:4018

25

MR. HARRIS: But the reason I started with that piece of it, even though I knew where the Court was going, is 'cause look where we've ended up. We've got a situation where the person who claims he was a past investor but the Court finds no, I think more than that, I can see where the Court's coming from on that issue, because of dipping his toe too far into this company and injecting himself further than he should have, so he can't get himself out of it right now on a motion to dismiss or anything else.

We've now got completely separate legitimate companies that are now being scrutinized by the Receiver, by the FTC; the Receiver saying, Well, I don't know, that loan seems fishy to me -- has nothing to do with the skin care business. We've gotten so far from sort of the core of this thing of what should give the government rights as to Mr. Latsanovski, and now we're -- we're now scrutinizing, liening up, or trying to take money from a wholly legitimate business that is not traceable to this skin care business. And that's why we don't see it the same way as the government.

THE COURT: Oh --

MR. HARRIS: That's what makes it challenging to --

THE COURT: -- yes, you did. Could it possibly be that the parties could get together and resolve as many, for example, of the companies that, you know, both sides can agree upon, but then as to the companies where the parties cannot

Case 2:15-cv-04527-GW-PLA Document 181-1 Filed 08/21/15 Page 9 of 12 Page ID #:5266
Case 2:15-cv-04527-GW-PLA Document 145 Filed 08/10/15 Page 26 of 30 Page ID #:4019

26

agree upon, gear those up for like a mini hearing as just as to those, and I'll make a ruling as to those separate?

You know, because the problem now is it will take a long time, you know, to do everything, but it might be of all the companies, it might be two or three that are at issue. And I'll allow both sides to give me the evidence as to those and I'll make a determination as to whether or not I find that they -- those companies -- you know, there's enough evidence to make a determination that those companies are so divorced from the improper conduct that is the source of this case that I would say Hey, sorry, FTC, on that company at least up to this -- as to this portion; I'm just giving it back to Mr. Latsanovski. He can do with it what he will. I'm, in other words, taking that out of the -- of the litigation, etc., etc. Although if ultimately a judgment is found against him, you know, whatever assets he has, including the val -- you know, the proper assets that he might have gotten could be subject to whatever penalty the FTC ultimately gets against him. Then they could seek to attach it at that point in time if they have a judgment, etc.

MR. HARRIS: We're happy to engage on that issue, your Honor.

THE COURT: Why don't you guys do that, see how far you can get. And, you know, just let me know how long -- much period of time you need to do that sort of thing.

```
 1                    CERTIFICATE OF OFFICIAL REPORTER
 2
 3
 4
 5    I, DEBRA READ, FEDERAL OFFICIAL REALTIME COURT REPORTER, IN AND
 6    FOR THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT
 7    OF CALIFORNIA, DO HEREBY CERTIFY THAT PURSUANT TO SECTION 753,
 8    TITLE 28, UNITED STATES CODE, THAT THE FOREGOING IS A TRUE AND
 9    CORRECT TRANSCRIPT OF THE STENOGRAPHICALLY REPORTED PROCEEDINGS
10    HELD IN THE ABOVE-ENTITLED MATTER AND THAT THE TRANSCRIPT PAGE
11    FORMAT IS IN CONFORMANCE WITH THE REGULATIONS OF THE JUDICIAL
12    CONFERENCE OF THE UNITED STATES.
13
14         DATED THIS 8TH DAY OF AUGUST, 2015._____
15
16
17         /S/ DEBRA READ
           _____
18         DEBRA READ, CSR NO. 3949 CRR RMR
           FEDERAL OFFICIAL COURT REPORTER
19
20
21
22
23
24
25
```

UNITED STATES DISTRICT COURT

# Exhibit 2

| | |
|---|---|
| From: | Edward Alon [edwardalon@alonllp.com] |
| Sent: | Thursday, August 20, 2015 4:51 PM |
| To: | Marc S. Harris; Annah Kim |
| Subject: | FTC v. Bunzai Media Group, Inc., CV 15-4527-GW(PLAx): Cesar M. Peniche Declaration |
| Attachments: | Peniche Declaration.pdf |

Counsel:

I represent Cesar M. Peniche, who is the Chief Executive Officer at and part owner of Sunset Holding Partners LLC ("Sunset Holding"). Given his interests in and the FTC's position toward Sunset Holding, Mr. Peniche requests that you file his attached declaration with the Court. See FTC v. Pricewert LLC, C-09-2407-RMW, 2010 WL 94264, at *1-2 (N.F. Cal. Jan. 6, 2010) ("the G otions to intervene are denied but [interested third parties] are given elevated aG icus status to set forth any positions they have with respect to the terG s the FTC's proposed default judgG ent against defendant and the iG pleG entation of that judgG ent"H"the court will perG it . . . any other third party whose property interest G ay be affected by any judgG ent to be entered against [defendant], to participate . . . .").

Thank you for considering G y client's request.

**Edward E. Alon** | Partner
(818) 858-0051  |  edwardalon@alonllp.com
ALON LLP | 6303 Owensmouth Ave., 10th Floor  |  Woodland Hills, CA 91367



www.alonllp.com

===============================================================================
===============================================================================

This communication may be privileged and confidential and is intended only for the individual or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose this communication to others; also, please notify the sender by replying to this e-mail or by telephone at (818) 858-0050, and then delete the e-mail and any copies of it.

===============================================================================
===============================================================================

1