**BEVERLY HILLS LAW CORP., PC**
Sagar Parikh, Esq. (SBN 282655)
433 N. Camden Drive, 6th Floor
Beverly Hills, CA 90210
Telephone:   (310) 887-1338
Facsimile:    (310) 982-2603

Attorneys for Secured Merchants, LLC
and Chargeback Armor, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| FEDERAL TRADE COMMISSION, | Case No. 2:15-cv-04527-GW (PLAx) |
|---|---|
| Plaintiff, | **SECURED MERCHANTS, LLC AND CHARGEBACK ARMOR, INC.'S JOINT OPPOSITION TO MOTION FOR ORDER FINDING** |
| vs. | **CERTAIN ASSETS SUBJECT TO THE TEMPORARY RESTRAINING** |
| BUNZAI MEDIA GROU, INC., et al., | **ORDER, ETC., AND** |
| Defendants. | **PRELIMINARY INJUNCTIONS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF MICHAEL COSTACHE AND ALAN ARGAMAN** |
| | **Hearing Date:  September 17, 2015 Time: 10:30 am Location:  Courtroom 10** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

SECURED MERCHANTS, LLC AND CHARGEBACK ARMOR, INC.'S JOINT OPPOSITION TO
MOTION FOR ORDER FINDING CERTAIN ASSETS SUBJECT TO THE TEMPORARY
RESTRAINING ORDER, ETC., AND PRELIMINARY INJUNCTIONS; MEMORANDUM OF
POINTS AND AUTHORITIES; DECLARATIONS OF MICHAEL COSTACHE AND ALAN
ARGAMAN

1        SECURED MERCHANTS, LLC ("SM") and CHARGEBACK ARMOR, INC.

2   ("CBA") hereby submit this Opposition to the MOTION FOR ORDER FINDING

3   CERTAIN ASSETS SUBJECT TO THE TEMPORARY RESTRAINING ORDER,

4   ETC., AND PRELIMINARY INJUNCTIONS ("Motion") filed by the Receiver in

5   this matter and request that the Temporary Restraining Order and Preliminary

6   Injunction be modified to release and unfreeze the assets of Secured Merchants, LLC,

7   and Chargeback Armor, Inc.

8        This Opposition and request are based on the Memorandum of Points and

9   Authorities in support of the Opposition, the Declarations of Michael Costache, CEO

10  of CBA and Alan Argaman, CEO of SM and the pleadings, records, and files in this

11  action; and such other materials as may be presented to the Court, or judicially

12  noticed, at or before, or in connection with the hearing on the Receiver's Motion

13

14  DATED:  August 27, 2015          BEVERLY HILLS LAW CORP., PC

15

16              By:   /s/ Sagar Parikh   

17                 Sagar Parikh, Esq.

18                 Attorneys for Secured Merchants, LLC
                   and Chargeback Armor, Inc.

19

20

21

22

23

24

25

26

27  - 2 -

28  **SECURED MERCHANTS, LLC AND CHARGEBACK ARMOR, INC.'S JOINT OPPOSITION TO MOTION FOR ORDER FINDING CERTAIN ASSETS SUBJECT TO THE TEMPORARY RESTRAINING ORDER, ETC., AND PRELIMINARY INJUNCTIONS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF MICHAEL COSTACHE AND ALAN ARGAMAN**

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

The Receivership Estate's assets are insufficient to pay the Receiver's fees and expenses. The companies that allegedly engaged in prohibited activities are defunct and their business shuttered at the end of 2014.

In an obvious effort to find more cash to pay her own fees, the Receiver has cast an impermissibly broad dragnet (without prior court authorization) for nonparty business entities that may have done business with Defendants or, may have done business with a business that did business with Defendants; a tenuous connection to say the least.

The Receiver now asks the Court to ratify the Receiver's costly investigation into these nonparty Entities and summarily adjudicate --- without sufficient notice or the opportunity to have an evidentiary hearing--- that their cash be included in the Receivership Estate.

SM and CBA are not Receivership Defendants. They are not named party Defendants in this lawsuit.  The principals of these two companies are not named Defendants in the lawsuit.  They have never been a seller of skin care products. They do not market skin care products through online sales using "negative option" or "free trial offer" marketing nor have they ever engaged in this type of marketing.  They are both legitimate businesses completely unrelated to the alleged business conducted by the Defendants.

Nevertheless, both companies have had their cash assets frozen by the Receiver and FTC purportedly under the TRO previously issued by this Court. On June 18,

- 3 -

**SECURED MERCHANTS, LLC AND CHARGEBACK ARMOR, INC.'S JOINT OPPOSITION TO MOTION FOR ORDER FINDING CERTAIN ASSETS SUBJECT TO THE TEMPORARY RESTRAINING ORDER, ETC., AND PRELIMINARY INJUNCTIONS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF MICHAEL COSTACHE AND ALAN ARGAMAN**

2015 $133,075.19 of CBA's money and roughly $2,700 of SM monies have been restrained and frozen by the Receiver.

SM and CBA oppose the Receiver using their money to pay the Receiver's bloated fees and expenses.

By these summary proceedings, and following a hearing on any disputed facts, SM and CBA seek an adjudication modifying the TRO so that the assets of SM and CBA are released and unfrozen as they should not be subject to the TRO nor in the possession of the Receiver.

## II.
## FACTUAL BACKGROUND

### A. Chargeback Armor, Inc.

Chargeback Armor, Inc. is a California corporation formed in February 2015, after Defendants' skin care sales business had been shuttered.

CBA's sole shareholder, director, and officer is Michael Costache. Neither CBA nor Mr. Costache are Defendants in this lawsuit. CBA has never been a seller of skin care products, and does not market skin care products through online sales using "negative option" or "free trial offer" marketing.  Please see the Declaration of Michael Costache.

The Receiver's report agrees, stating (Doc. #120, pg. 24 of 90):

"Chargeback Armor, Inc. also argued that none of its activities fell within the scope of the Enjoined Conduct, and argued its assets were derived solely from its unrelated business activities. The Receiver reviewed Chargeback Armor Inc.'s client contracts, and reached the same conclusion with respect to the nature of Chargeback Armor's business operations."

- 4 -

**SECURED MERCHANTS, LLC AND CHARGEBACK ARMOR, INC.'S JOINT OPPOSITION TO MOTION FOR ORDER FINDING CERTAIN ASSETS SUBJECT TO THE TEMPORARY RESTRAINING ORDER, ETC., AND PRELIMINARY INJUNCTIONS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF MICHAEL COSTACHE AND ALAN ARGAMAN**

Despite this admission, the Receiver caused CBA's bank to freeze $133,075.19 of CBA's working capital.  This is the money CBA uses to pay its employees, fight chargebacks on behalf of its merchant clients, and pay other operational expenses.

Following repeated requests to release its funds, the Receiver and FTC have refused to release and unfreeze CBA's money, despite being given a plethora of evidence showing that no monies from any of the Defendants have entered CBA's bank account (Costache Decl.).

The reason given in the Receiver's report, and apparently adopted by the FTC, requires bootstrapping allegedly illicit skin care money paid by a Receivership Defendant (SBM Management Inc.) to SM --- to working capital contributed by SM to CBA (doc. #120, pgs. 24 and 25).

However, as Mr. Costache has explained to the Receiver and FTC numerous times, the $250,000 that was infused into CBA by SM was directly from another client of SM, and not SBM Management, Inc. (Costache Decl. and Declaration of Alan Argaman).

The other reason given for the freezing of CBA's account is purportedly because Doron Nottea was/is a co-signer on the bank account.  As has been explained to the Receiver and FTC numerous times, the only reason Mr. Nottea was a co-signer simply because he was to act as the bookkeeper for CBA and as Mr. Costache travels often overseas, it made sense to have Mr. Nottea available on the account to pay bills for CBA when Mr. Costache was gone (See Costache Decl.).

The Receiver's motion does not ask the Court to find that CBA's $133,075.19 is an asset of the Receivership Estate, but yet the Receiver and the FTC continue to refuse to unfreeze CBA's bank account.

**B. Secured Merchants, LLC**

- 5 -

1    Secured Merchants, LLC is a California limited liability company. Its sole
2    member is Alan Argaman.

3    Neither SM nor Mr. Argaman are Defendants in this lawsuit. SM has never
4    been a seller of skin care products, and does not market skin care products through
5    online sales using "negative option" or "free trial offer" marketing (See Argaman
6    Decl.).

7    According to the Receiver, SM provides customers with chargeback resolution
8    services, call routing for customer complaints, hosting and web-based support, data
9    input, and other high technology services. (Doc. #120, pgs. 24-25) The Receiver
10   reports:

11       "Secured Merchants, Inc. appears to provide legitimate services to Chargeback
12       Armor, and may likewise be engaged in other business activities which are not
13       enjoined." (Doc. #120, pgs. 81-82)

14   Thus, again, like with CBA, the Receiver admits that SM has nothing to do with
15   the activities alleged to have occurred in the underlying lawsuit and that it provides
16   legitimate services that do not harm consumers.

17   Nevertheless, the Receiver took possession of SM's bank accounts without any
18   authorization under the TRO for doing so. (Doc. #120, pg. 82, fn. 181)

19   The Receiver and the FTC have refused to release and unfreeze SM's money.
20   The reason given by the Receiver for seizing SM's assets is that "about 40% of
21   Secured Merchant's income since its inception was received from SBM Management
22   [a defendant] and it provided chargeback and voice logix services to the Bunzai Group
23   in furtherance of the Enjoined Conduct". (Doc. #120, pg. 82) The Receiver concludes,
24   without a hearing by this Court, that SML "is a Receivership Defendant."  (Doc. #120,
25   pg. 82).

26

27                                      - 6 -

28   **SECURED MERCHANTS, LLC AND CHARGEBACK ARMOR, INC.'S JOINT OPPOSITION TO
     MOTION FOR ORDER FINDING CERTAIN ASSETS SUBJECT TO THE TEMPORARY
     RESTRAINING ORDER, ETC., AND PRELIMINARY INJUNCTIONS; MEMORANDUM OF
     POINTS AND AUTHORITIES; DECLARATIONS OF MICHAEL COSTACHE AND ALAN
     ARGAMAN**

Using this logic, any company that SBM Management gave money to (including bank fees obtained from SBM by Wells Fargo or any other major bank) would be a Receivership Defendant.  SM simply provided legitimate technology services to SBM and it cannot be blamed for SBM having allegedly engaged in prohibited conduct.

Like CBA, the other reason given for the freezing of SM'S account is purportedly because Doron Nottea was/is a co-signer on the bank account.  As has been explained to the Receiver and FTC numerous times, the only reason Mr. Nottea was a co-signer simply because he was to act as the bookkeeper for SM and like Mr. Costache, Mr. Argaman travels often overseas, it made sense to have Mr. Nottea available on the account to pay bills for CBA when Mr. Argaman was gone (See Argaman Decl.).

The Receiver's motion asks this Court to find that SM's frozen bank accounts are assets of the Receivership Estate.

However, based on the foregoing, the Court should find that SM is not a Receivership Defendant and that its frozen bank account should be released.

## III.

## ARGUMENT

### A.   Notice Is Insufficient For the Summary Proceedings Sought By The Receiver

Strapped for cash, the Receiver has filed a noticed Motion asking the Court to summarily adjudicate whether the Receiver's bloated fees and expenses can be paid with the cash of nine (9) different nonparty limited liability companies and corporations (the "Entities"), including SM and likely CBA.

- 7 -

1    Apparently, the Receiver has not served the Entities' resident agents for service

2  of process. But even if actual notice was received, the Entities have less than two (2)

3  weeks to file opposition and only a month to prepare for a trial of disputed facts. The

4  notice is insufficient to provide a reasonable opportunity to be heard on the claims of

5  the Receiver and the nonparty entities herein.

6    For the claims of nonparties to property claimed by receivers, summary

7  proceedings satisfy due process so long as there is adequate notice and opportunity to

8  be heard.  *SEC v. Wencke*, 783 F.2d 829, 836–38 (9th Cir.1986) [notice deemed

9  sufficient given 2 years before a magistrate summary disgorgement hearing followed

10  by the district court's disgorgement hearing];  *SEC v. Universal Financial* 760 F.2d

11  1034, 1037 (9th Cir.1985) (where investors had been afforded virtually all procedural

12  protections which would have been available in plenary proceedings, and had notice

13  of the nature of the proceedings, it was not improper for the district court summarily

14  to adjudicate investors' claims to notes).

15    The Receiver cites *FTC v. Johnson*, 567 Fed. Appx. 512, 514 (9th Cir. 2014)

16  for the proposition that the court can summarily adjudicate this matter on a noticed

17  motion.

18    But *Johnson* is inapposite. In *Johnson*, the issue was whether assets in the hands

19  of nonparties should be subject to an injunction's asset freeze because controlled by

20  party defendants.

21    Here, the Receiver is not seeking to freeze assets --- the Receiver is asking the

22  Court to forever dispose of the Entities cash on the Receiver's fees and expenses. The

23  nature of this summary proceeding is more similar to *Wencke* that sought to forever

24  deprive the nonparty owner through summary disgorgement proceedings.

25    Accordingly, the Court should afford the Entities a longer opportunity, or

26  continuance, to prepare a defense on the disputed factual and legal issues.

27

- 8 -

28

**SECURED MERCHANTS, LLC AND CHARGEBACK ARMOR, INC.'S JOINT OPPOSITION TO MOTION FOR ORDER FINDING CERTAIN ASSETS SUBJECT TO THE TEMPORARY RESTRAINING ORDER, ETC., AND PRELIMINARY INJUNCTIONS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF MICHAEL COSTACHE AND ALAN ARGAMAN**

**B.**   **CBA and SM are Entitled to Summary Adjudication of Their Claims**

Claims of nonparties to property claimed by receivers may be adjudicated by summary proceedings. *SEC v. Wencke*, 783 F.2d 829, 836–38 (9th Cir.1986)

The Receiver and the FTC claim the cash and assets of SM and CBA. Therefore, SM and CBA are entitled to summary adjudication of their claims to money in frozen bank accounts.

**C**.   **Neither CBA or SM Are "Receivership Defendants"**

"Receivership Defendants" is a defined term under the TRO and subsequent Preliminary Injunctions:

"Receivership Defendants" means Bunzai Media Group, Inc., d/b/a AuraVie and Miracle Face Kit; Pinnacle Logistics, Inc.; DSA Holdings, Inc.; Lifestyle Media Brands, Inc.; Agoa Holdings, Inc.; Zen Mobile Media, Inc.; Safehaven Ventures, Inc.; Heritage Alliance Group, Inc., also doing business as AuraVie Distribution; AMD Financial Network, Inc.; SBM Management, Inc.; Media Urge, Inc.; Adageo, LLC; Calenergy, Inc.; KAI Media, Inc.; Insight Medial, Inc.; and their successors and assigns, as well as any subsidiaries, fictitious business entities, or business names created or used by these entities or by the Individual Defendants that are related to, or receive funds from, the sale of skincare or other products online."

CBA and SM are wholly separate and distinct entities from those above, and are not a successor, assign, subsidiary, fictitious business entity, or business name created or used by any of the above entities or by any of the individual defendants that are related to, or receive funds from, the sale of skincare.

Neither CBA nor SM received money from the sale of skincare products. SM performed legitimate services for SBM Management on a fee for services basis, which was memorialized in valid invoices that have been provided to the Receiver. CBA did

- 9 -

1  not perform services for any Defendant and did not receive payment from any

2  Defendant.

3         The Receiver's report does not contain evidence to the contrary.

4         The Receiver acknowledges that even an individual Defendant is not a

5  Receivership Defendant unless that Entity's business activities include skin care

6  products or enjoined online sales and marketing. For example, one of the individual

7  Defendants owns an adult entertainment business. The Receiver does not, and could

8  not, assert that its assets are receivership assets. The adult entertainment business is

9  neither selling skin care products nor engaged in enjoined activities.

10         Similarly, CBA nor SM are even Individual Defendants and neither has sold

11  skincare products or engaged in enjoined sales and marketing activities. Accordingly,

12  their assets are not subject to the Receivership Estate and there is no reason for the

13  Court to order dissolution of those entities.

14       **D.**    **Bank Accounts Belonging To CBA And SM Should Be Unfrozen**

15         CBA and SM are not "Receivership Defendants". The Receiver never had any

16  right under the TRO/Preliminary Injunction to take possession of their assets. Bank

17  accounts belonging to CBA and SM are not owned, controlled or held for the benefit

18  of Defendants in this lawsuit and should be unfrozen.

19                             **IV.**

20                   **CONCLUSION**

21         For the aforementioned reasons, CBA's funds in the amount of $133,075.19

22  and SM's funds in the approximate amount of $2,700 should be immediately unfrozen

23  and released to these respective entities, SM should not be determined to fall within

24  the definition of a "Receivership Defendant" and the claim of the Receiver to assets

25  of SM and CBA should be denied.

26

27                                 - 10 -

28  **SECURED MERCHANTS, LLC AND CHARGEBACK ARMOR, INC.'S JOINT OPPOSITION TO MOTION FOR ORDER FINDING CERTAIN ASSETS SUBJECT TO THE TEMPORARY RESTRAINING ORDER, ETC., AND PRELIMINARY INJUNCTIONS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF MICHAEL COSTACHE AND ALAN ARGAMAN**

1   DATED:  August 27, 2015          **BEVERLY HILLS LAW CORP., PC**

2

3                                    By: ___/s/ Sagar Parikh___
                                        Sagar Parikh, Esq.
4                                       *Attorneys for,*
                                        Chargeback Armor, Inc. and Secured
5                                       Merchants, LLC

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                          - 11 -

28   **SECURED MERCHANTS, LLC AND CHARGEBACK ARMOR, INC.'S JOINT OPPOSITION TO
     MOTION FOR ORDER FINDING CERTAIN ASSETS SUBJECT TO THE TEMPORARY
     RESTRAINING ORDER, ETC., AND PRELIMINARY INJUNCTIONS; MEMORANDUM OF
     POINTS AND AUTHORITIES; DECLARATIONS OF MICHAEL COSTACHE AND ALAN
     ARGAMAN**

## <u>DECLARATION OF MICHAEL COSTACHE</u>

I, Michael Costache declare:

I am the Chief Executive Officer and only shareholder of Chargeback Armor, Inc.  I have personal knowledge of the following facts and, if called upon to testify, I could and would so competently and truthfully testify to these facts:

1.  I am the founder, only current officer, and only current shareholder of Chargeback Armor, Inc. ("CBA").

2.  CBA is a start-up company that fights credit card chargebacks on behalf of its merchant clients.  It is currently not and never has been a seller of skin care products, and does not market skin care products through online sales using "negative option" or "free trial offer" marketing.  Its business is completely unrelated to the activities the Defendants were allegedly engaged in.

3.  CBA has never received any money from any of the Defendants in this case. The $250,000 received from Secured Merchants was a capital infusion from a separate client of Secured Merchants, not from any proceeds SBM Management may have paid to Secured Merchants.

- 12 -

**SECURED MERCHANTS, LLC AND CHARGEBACK ARMOR, INC.'S JOINT OPPOSITION TO MOTION FOR ORDER FINDING CERTAIN ASSETS SUBJECT TO THE TEMPORARY RESTRAINING ORDER, ETC., AND PRELIMINARY INJUNCTIONS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF MICHAEL COSTACHE AND ALAN ARGAMAN**

4.  On the CBA bank account, I made Doron Nottea a co-signer because he was to be the bookkeeper for the business and because I travel a lot for business overseas, I wanted Doron to be able to write checks to vendors, employees, and other expenses that CBA had to pay while I was out of town. Mr. Nottea is not, and never has been, an owner, officer, or shareholder of CBA.

5.  I have offered the Receiver numerous times to have Mr. Nottea immediately removed as a co-signer but she has rejected these offers.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: August 27, 2015          By:  _Michael Costache_
                                      Michael Costache

- 13 -

**SECURED MERCHANTS, LLC AND CHARGEBACK ARMOR, INC.'S JOINT OPPOSITION TO MOTION FOR ORDER FINDING CERTAIN ASSETS SUBJECT TO THE TEMPORARY RESTRAINING ORDER, ETC., AND PRELIMINARY INJUNCTIONS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF MICHAEL COSTACHE AND ALAN ARGAMAN**

## DECLARATION OF ALAN ARGAMAN

I, Alan Argaman, declare:

I am the sole member and managing member of Secured Merchants, LLC. I have personal knowledge of the following facts and, if called upon to testify, I could and would so competently and truthfully testify to these facts:

1. I am the founder, only current member, and only current manager of Secured Merchants, LLC ("SM").

2. SM is a technology services company that offers services including website development, software development, e-commerce software, and related technology services.  It is currently not and never has been a seller of skin care products, and does not market skin care products through online sales using "negative option" or "free trial offer" marketing.  Its business is completely unrelated to the activities the Defendants were allegedly engaged in.

3. SM has received money from SBM Management, but none of this money was used for the capital infusion made to Chargeback Armor.  The $250,000 put into Chargeback Armor by SM was from a separate client of SM from whom multi-level marketing software development services were provided.

- 14 -

**SECURED MERCHANTS, LLC AND CHARGEBACK ARMOR, INC.'S JOINT OPPOSITION TO MOTION FOR ORDER FINDING CERTAIN ASSETS SUBJECT TO THE TEMPORARY RESTRAINING ORDER, ETC., AND PRELIMINARY INJUNCTIONS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF MICHAEL COSTACHE AND ALAN ARGAMAN**

4. On the SM bank account, I made Doron Nottea a co-signer because he was to be the bookkeeper for the business and because I travel a lot for business overseas, I wanted Doron to be able to write checks to vendors, employees, and other expenses that SM had to pay while I was out of town.  Mr. Nottea is not, and never has been, an owner or shareholder of SM.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: August 27, 2015                    By:    _Alan Argaman_____
                                                              Alan Argaman

**SECURED MERCHANTS, LLC AND CHARGEBACK ARMOR, INC.'S JOINT OPPOSITION TO MOTION FOR ORDER FINDING CERTAIN ASSETS SUBJECT TO THE TEMPORARY RESTRAINING ORDER, ETC., AND PRELIMINARY INJUNCTIONS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF MICHAEL COSTACHE AND ALAN ARGAMAN**