**SCHEPER KIM & HARRIS LLP**
MARC S. HARRIS (State Bar No. 136647)
mharris@scheperkim.com
ANNAH S. KIM (State Bar No. 190609)
akim@scheperkim.com
601 West Fifth Street, 12th Floor
Los Angeles, CA  90071-2025
Telephone: (213) 613-4655
Facsimile:  (213) 613-4656

**Attorneys for Defendants**
**Igor Latsanovski and Calenergy, Inc.**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>BUNZAI MEDIA GROUP INC., et al.,<br><br>    Defendants. | CASE NO. CV 15-04527 GW (PLAx)<br><br>**DECLARATION OF MARC S. HARRIS IN SUPPORT OF OPPOSITION OF DEFENDANTS IGOR LATSANOVSKI AND CALENERGY, INC. TO RECEIVER'S MOTION FOR ORDER APPROVING AND AUTHORIZING PAYMENT FROM RECEIVERSHIP ASSETS OF RECEIVERSHIP FEES AND EXPENSES THROUGH JULY 31, 2015**<br><br>*[Opposition to Receiver's Motion for Order Approving Payment Filed Concurrently]*<br><br>**Date:       September 17, 2015**<br>**Time:       8:30 am**<br>**Judge:      Hon. George Wu** |

DECLARATION OF MARC HARRIS IN SUPPORT OF OPPOSITION TO RECEIVER'S
MOTION FOR FEES AND COSTS

## DECLARATION OF MARC S. HARRIS

I, Marc S. Harris, hereby state and declare as follows:

1. I am an attorney duly admitted to practice before this Court.  I am a partner of Scheper Kim & Harris LLP ("SKH"), attorneys of record for defendants Igor Latsanovski and Calenergy, Inc. in the case of *Federal Trade Commission v. Bunzai Media Group, Inc., et al.*, Case No. CV15-4527-GW (PLAx).  I have personal knowledge of the facts set forth herein.  If called as a witness, I could and would competently testify to the matters stated herein.

2. On August 6, 2015, counsel for the Receiver, Kelly Crawford, e-mailed counsel for the parties in this case regarding the Receiver's intention to file a motion requesting authorization to pay fees and expenses from the Receivership estate.  In this request, Mr. Crawford indicated that the Receiver would seek $758,033.44 in fees and costs, based on approximately 2,372 hours billed by her team.  Attached as Exhibit A is a true and correct copy Mr. Crawford's August 6 email.

3. On August 10, 2015, the Receiver advised me in an e-mail that her anticipated request for fees and expenses would be slightly lower than the amount reflected in Mr. Crawford's August 6 email.  She advised me that the request would be for $735,714.75, based on approximately 2,337 hours billed by her team, which reflected a reduction of 35.55 hours and $22,318.69 in fees.  Attached as Exhibit B is at true and correct copy of this e-mail from the Receiver to me.

4. On August 11, 2015, I informed counsel for the Receiver that Mr. Latsanovski and Calenergy, Inc. intended to oppose the Receiver's fee application.  Attached as Exhibit C is a true and correct copy of my August 11, 2015 e-mail to Kelly Crawford.

5. On August 14, 2015, the Receiver filed her motion for an order authorizing payment of fees and costs.  The motion requests $588,658.02 in fees and costs.  Although the requested fee amount has been reduced, the costs essentially remain the same as the August 10, 2015 request.  Prior to this filing, I was unaware that the Receiver intended to reduce the 8/10/15 request for fees.

6.   Late that same night (after midnight in Texas), I received an unsolicited e-mail from Mitch Little, another attorney for the Receiver.  Mr. Little stated that he believed my client was engaged in money laundering, and suggested that Mr. Latsanovski was creating problems for himself by "resisting the Receiver."  He suggested that Mr. Latsanovski "take the 5th and hunker down."  Earlier that same day, Mr. Little's partner, Kelly Crawford, had also sent me an unsolicited email stating that his office had provided materials related to the case to an Assistant United States Attorney in the Southern District of New York.  Attached as Exhibit D is a true and correct copy of my e-mail exchange with Mr. Little.

7.   As part of the asset freeze in this case, the FTC froze the Wells Fargo bank account of Sunset Holding Partners LLC ("Sunset"), a company partially owned by Mr. Latsanovski.  On June 26, 2015, I contacted the FTC to request that it release funds from the Sunset bank account to close two real estate transactions that were in escrow at the time the asset freeze was imposed.  The FTC asked that I consult with the Receiver because there was a question as to whether Sunset should be considered an asset of the receivership.  During the course of my conversations with Ms. Koonce, she conceded that there is a legitimate question as to who owned Sunset and whether it should be considered a receivership asset.  In an internal July 1, 2015 e-mail, she acknowledged that Mr. Latsanovski, as Managing Member of Sunset would have a "potentially persuasive argument that the transfer [from Calenergy to Mr. Latsanovski and Mr. Peniche] was valid" and Sunset should not be considered a receivership asset.  Attached as Exhibit E is a true and correct copy of an e-mail (without attachments) that Ms. Koonce sent to Mitch Little and Jeff Brandlin, which the Receiver's counsel provided to me on August 14, 2015.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 27, 2015 at Los Angeles, California.

/s/ Marc S. Harris
MARC S. HARRIS

2

DECLARATION OF MARC HARRIS IN SUPPORT OF OPPOSITION TO RECEIVER'S
MOTION FOR FEES AND COSTS