Exhibit A

**From:**                Kelly Crawford [kelly.crawford@solidcounsel.com]
**Sent:**                Thursday, August 06, 2015 11:36 AM
**To:**                   Tepfer, Reid A. (rtepfer@ftc.gov); Marc S. Harris; Robert Ungar (rmu@ungarlaw.com); dbeitchman@bzlegal.com; Sagar Parikh (sp@beverlyhillslawcorp.com); Steven T. Gebelin (sgebelin@raineslaw.com)
**Cc:**                Charlene Koonce; Mitch Little
**Subject:**         FTC v. Bunzai, et al.

Counsel:

The purpose of this email is to confer with you regarding the ***Receiver's First Interim Sworn Motion Requesting Authorization to Pay Fees and Expenses***.  The Receiver will be requesting the Court for authority to pay from the assets in receivership (the assets from the Receivership Defendants, and not the assets from the Individual Defendants) the following administrative fees and expenses of the receivership incurred from the inception of the receivership through July 31, 2015:

Receiver's fees:                               $108,323.70  (373.53 hours x $290 discounted hourly rate)

Receiver's attorneys' fees and expenses:
                Scheef & Stone fees:        $291,295 (1,070.95 hours x $272 discounted blended hourly rate)

                Scheef & Stone expenses:    $33,723.80 (expenses)

                Abrams Garfinkel
                Margolis Bergson, LLP      $3,250 in fees and $2,000 in expenses.

Receiver's accountants' fees and expenses:    $252,962.50  in fees (790.83 hours x $320 blended hourly rate) and $19,757.65 in expenses.

Receiver's IT professional:                $41,100 in fees (137 hours x $300 hourly rate) and $5,620.79 in expenses.

 The Receiver intends to file the Motion one week from today.  For purposes of the certificate of conference, please let me know by no later than August 11, 2015 if you agree or object to the relief requested.  Thank you.



Kelly M. Crawford
Partner

Scheef & Stone, LLP
Ross Tower - Suite 2700
500 N. Akard Street
Dallas, Texas 75201

Exhibit A, Page 3

214.706.4213 (Direct)
214.706.4200 (Main)
214.706.4242 (Fax)
Kelly.Crawford@SolidCounsel.com
www.SolidCounsel.com

# SCHEEF & STONE, L.L.P.

*LEGAL COUNSEL BASED ON SOLID PRINCIPLES*

**IRS Circular 230 Notice:**  To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

**Important:**  This electronic mail message and any attached files contain information intended for the exclusive use of the individual or entity to whom it is addressed and may contain information that is proprietary, privileged, confidential and/or exempt from disclosure under applicable law.  If you are neither the intended recipient nor an employee or agent responsible for delivering the communication to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited.  Please notify the sender, by electronic mail or telephone, of any unintended recipients and delete the original message without making any copies.

**Note:**  Please be advised that Scheef & Stone, L.L.P. reserves the right to record telephone conversations involving its employees or attorneys.  If you do not wish to be recorded, please limit your communications with Scheef & Stone, L.L.P. to regular mail, faxes, and/or electronic mail.

Exhibit A, Page 4

Exhibit B

| | |
|---|---|
| **From:** | Charlene Koonce [charlene.koonce@solidcounsel.com] |
| **Sent:** | Monday, August 10, 2015 10:25 AM |
| **To:** | Marc S. Harris |
| **Cc:** | Annah Kim |
| **Subject:** | FW: FTC v. Bunzai |
| **Attachments:** | EDOCS-#101760-v1-First_Status_Report_&_Pay_Petition-_Exhibit_A.PDF |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Marc-  I sent you this message earlier, but it bounced back because the attachments are too large.  (See below)  I will send two more emails with the additional invoices.



**Charlene Koonce**

**Partner**

500 N. Akard, Suite 2700
Dallas, Texas 75201
**214.706.4215  (Direct)**
214.706.4200 (Main)
214.706.4242 (Facsimile)
charlene.koonce@solidcounsel.com
www.solidcounsel.com

# SCHEEF & STONE, L.L.P.

*LEGAL COUNSEL BASED ON SOLID PRINCIPLES*



**Important:**  This electronic mail message and any attached files contain information intended for the exclusive use of the individual or entity to whom it is addressed and may contain information that is proprietary, privileged, confidential and/or exempt from disclosure under applicable law.  If you are neither the intended recipient nor an employee or agent responsible for delivering the communication to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited.  Please notify the sender, by electronic mail or telephone, of any unintended recipients and delete the original message without making any copies.

**Note:**  Please be advised that Scheef & Stone, L.L.P. reserves the right to record telephone conversations involving its employees or attorneys.  If you do not wish to be recorded, please limit your communications with Scheef & Stone, L.L.P. to regular mail, faxes, and/or electronic mail.

**From:** Charlene Koonce
**Sent:** Monday, August 10, 2015 11:34 AM
**To:** Marc S. Harris (mharris@scheperkim.com); Annah Kim (akim@scheperkim.com)
**Cc:** Kelly Crawford
**Subject:** FTC v. Bunzai

Marc- the invoices are attached.  The totals requested have changed slightly since Kelly conferred, and those amounts are now:

Exhibit B, Page 5

Receiver's fees:                                    $108,323.70  (373.53 hours x $290 discounted hourly rate)

    Receiver's attorneys' fees and expenses:
        Scheef & Stone fees:           $289,250 (1,024.60 hours x $282.30 discounted blended hourly rate)

        Scheef & Stone expenses:       $31,571.87 (expenses)

        Abrams Garfinkel
        Margolis Bergson, LLP          $3,064.55 in fees and $1,771.25 (expenses).

    Receiver's accountants' fees and expenses:     $252,962.50  in fees (790.83 hours x $320 blended hourly rate) and $2,050.09 in expenses.

    Receiver's IT professional:                    $41,100 in fees (137 hours x $300 hourly rate) and $5,620.79 in expenses.

You can see from reviewing the invoices that the majority of our efforts were directed at gathering information about all of the entities (1/2 of which were not named as defendants and most of which were not disclosed by Defendants, unless I specifically and repeatedly pressed for that information), all of the bank accounts (more than 70 merchant accounts – none of which were disclosed by the defendants), etc.  From my perspective (I'm sure the Nottea defendants see it differently) this case has been a  constant battle to get information I needed to figure out what was happening here, and who/how it was controlled and operated.  As noted in the Initial Report, I've also discovered bank fraud.  Not one instance, not two, but many.  That of course made my job even more difficult and time consuming because individuals who were signatories on accounts were not actually the signatories and were not actually in control.  And virtually none of the officers for any of these entities have anything to do with the operations, control, or income of any.

We also had a lot of difficulty getting the banks to comply.  WF for instance is painful to deal with. They've still not provided much of what we've asked for, and twice now, they've sent us the wrong amount of funds, omitting several accounts.  BA was more responsive but gave us the run-around about getting on-line access to accounts (Annah is familiar with just a tiny sliver of that).   We tried to get on-line access because it would have been so much cheaper and faster to review all info – for instance checks written on any account are visible on-line, whereas that information is not available from a paper statement.

My estimate of our time regarding Sunset (all time billed by Bruce Stockard, a real estate guy, and Brad Whitlock, a corporate guy, some of Kelly's time, time by Will Hester who prepared the lis pendens and communicated with the escrow companies, and some of mine) is about $30- 40k.  That also includes some of my time in responding to the motion you all filed for relief from the TRO, and the accountants' time in evaluating Sunset's financials and the flow of $$ in/out of Sunset's accounts and evaluating financials.   At this point, I can't agree that funds pulled from Sunset's account should be limited to that amount, but would certainly appreciate communications about the issue to the extent the issue is intertwined with whatever fee discussions you have with the FTC to extricate Sunset's operations and in furtherance of our conference on my fee petition.

Finally, as I mentioned to Annah, these fees get paid out of the Receivership Defendants' assets.  I think we received $66k from CalEnergy and Sunset has $212k on deposit that I have not yet transferred to the estate bank account (I'm waiting to see what kind of agreement, if any, you all reach with the FTC, but will need to transfer those funds soon).  The balance of the fund recovered are from the entities that no one is representing.

The fee petition will also be ready to go later today or in the morning.   Please let me know if you'd like to see that while you evaluate the invoices.  I will respond to your question about Cal separately.



## Charlene Koonce
### Partner

500 N. Akard, Suite 2700
Dallas, Texas 75201
**214.706.4215  (Direct)**
214.706.4200 (Main)
214.706.4242 (Facsimile)
charlene.koonce@solidcounsel.com
www.solidcounsel.com



**SCHEEF & STONE, L.L.P.**

*LEGAL COUNSEL BASED ON SOLID PRINCIPLES*

SCHEEF & STONE, L.L.P.
TOP LISTED IN
**Best Lawyers®**
LINKING LAWYERS AND CLIENTS WORLDWIDE

**Important:**  This electronic mail message and any attached files contain information intended for the exclusive use of the individual or entity to whom it is addressed and may contain information that is proprietary, privileged, confidential and/or exempt from disclosure under applicable law.  If you are neither the intended recipient nor an employee or agent responsible for delivering the communication to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited.  Please notify the sender, by electronic mail or telephone, of any unintended recipients and delete the original message without making any copies.

**Note:**  Please be advised that Scheef & Stone, L.L.P. reserves the right to record telephone conversations involving its employees or attorneys.  If you do not wish to be recorded, please limit your communications with Scheef & Stone, L.L.P. to regular mail, faxes, and/or electronic mail.

**From:** Kristine Bates
**Sent:** Monday, August 10, 2015 11:04 AM
**To:** Charlene Koonce
**Subject:**

| | |
|---|---|
| Abram Garfinkel: | $4,835.80 |
| Elluma: | $46,720.79 |
| Brandlin: | $272,719.90-$17,707.36= $255,012.54 |
| SS: | $291,295.00 |
| SS Expenses: | $31,571.87 |
| Receiver: | $108,323.70 |



### Kristine E. Bates
**Assistant to Charlene C. Koonce, Jane Taber, Doug Bracken and Mark Simon**
500 N. Akard, Suite 2700
Dallas, Texas 75201
**214.420.4256 (Direct)**
214.706.4200 (Main)
214.706.4242 (Facsimile)
kristine.bates@solidcounsel.com
www.solidcounsel.com

Exhibit B, Page 7

# SCHEEF & STONE, L.L.P.
*Legal counsel based on solid principles.*

**Important:**  This electronic mail message and any attached files contain information intended for the exclusive use of the individual or entity to whom it is addressed and may contain information that is proprietary, privileged, confidential and/or exempt from disclosure under applicable law.  If you are neither the intended recipient nor an employee or agent responsible for delivering the communication to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited.  Please notify the sender, by electronic mail or telephone, of any unintended recipients and delete the original message without making any copies.

**Note:**  Please be advised that Scheef & Stone, L.L.P. reserves the right to record telephone conversations involving its employees or attorneys.  If you do not wish to be recorded, please limit your communications with Scheef & Stone, L.L.P. to regular mail, faxes, and/or electronic mail.

Exhibit C

**From:**          Marc S. Harris
**Sent:**          Tuesday, August 11, 2015 5:26 PM
**To:**          Kelly Crawford; Tepfer, Reid A. (rtepfer@ftc.gov); Robert Ungar (rmu@ungarlaw.com);
          dbeitchman@bzlegal.com; Sagar Parikh (sp@beverlyhillslawcorp.com); Steven T. Gebelin
          (sgebelin@raineslaw.com)
**Cc:**          Charlene Koonce; Mitch Little; Annah Kim
**Subject:**        RE: FTC v. Bunzai, et al.

Kelly:

On behalf of defendants Latsanovski and Calenergy, we object to the relief sought on the grounds that:  (1) the Receiver's request appears to be excessive in light of the limited mandate of the TRO and the fact that the modest assets of the Receivership Defendants were not difficult to locate or ascertain; and (2) the Receiver appears to seek payment of these fees from assets that are not part of the Receivership Estate.


**Marc S. Harris**
Scheper Kim & Harris LLP
601 W. Fifth Street, 12th Floor
Los Angeles, CA 90071-2025
T (213) 613-4690 ● F (213) 613-4656
mharris@scheperkim.com ● Vcard: link

---

**From:** Kelly Crawford [mailto:kelly.crawford@solidcounsel.com]
**Sent:** Thursday, August 06, 2015 11:36 AM
**To:** Tepfer, Reid A. (rtepfer@ftc.gov); Marc S. Harris; Robert Ungar (rmu@ungarlaw.com); dbeitchman@bzlegal.com; Sagar Parikh (sp@beverlyhillslawcorp.com); Steven T. Gebelin (sgebelin@raineslaw.com)
**Cc:** Charlene Koonce; Mitch Little
**Subject:** FTC v. Bunzai, et al.

Counsel:

      The purpose of this email is to confer with you regarding the ***Receiver's First Interim Sworn Motion Requesting Authorization to Pay Fees and Expenses***.  The Receiver will be requesting the Court for authority to pay from the assets in receivership (the assets from the Receivership Defendants, and not the assets from the Individual Defendants) the following administrative fees and expenses of the receivership incurred from the inception of the receivership through July 31, 2015:

        Receiver's fees:                             $108,323.70  (373.53 hours x $290 discounted hourly rate)

        Receiver's attorneys' fees and expenses:
                Scheef & Stone fees:      $291,295 (1,070.95 hours x $272 discounted blended hourly rate)

                Scheef & Stone expenses:   $33,723.80 (expenses)

                Abrams Garfinkel
                Margolis Bergson, LLP     $3,250 in fees and $2,000 in expenses.

Exhibit C, Page 9

Receiver's accountants' fees and expenses:        $252,962.50  in fees (790.83 hours x $320 blended hourly rate) and $19,757.65 in expenses.

Receiver's IT professional:                            $41,100 in fees (137 hours x $300 hourly rate) and $5,620.79 in expenses.

 The Receiver intends to file the Motion one week from today.  For purposes of the certificate of conference, please let me know by no later than August 11, 2015 if you agree or object to the relief requested.  Thank you.

Kelly M. Crawford
Partner



Scheef & Stone, LLP
Ross Tower - Suite 2700
500 N. Akard Street
Dallas, Texas 75201
214.706.4213 (Direct)
214.706.4200 (Main)
214.706.4242 (Fax)
Kelly.Crawford@SolidCounsel.com
www.SolidCounsel.com

# SCHEEF & STONE, L.L.P.
LEGAL COUNSEL BASED ON SOLID PRINCIPLES

**IRS Circular 230 Notice:**  To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

**Important:**  This electronic mail message and any attached files contain information intended for the exclusive use of the individual or entity to whom it is addressed and may contain information that is proprietary, privileged, confidential and/or exempt from disclosure under applicable law.  If you are neither the intended recipient nor an employee or agent responsible for delivering the communication to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited.  Please notify the sender, by electronic mail or telephone, of any unintended recipients and delete the original message without making any copies.

**Note:**  Please be advised that Scheef & Stone, L.L.P. reserves the right to record telephone conversations involving its employees or attorneys.  If you do not wish to be recorded, please limit your communications with Scheef & Stone, L.L.P. to regular mail, faxes, and/or electronic mail.

Exhibit C, Page 10

Exhibit D

**From:**          Mitch Little [Mitch.Little@solidcounsel.com]
**Sent:**          Friday, August 14, 2015 10:40 PM
**To:**            Marc S. Harris
**Cc:**            Kelly Crawford
**Subject:**       Re: Igor Latsanovski

Marc, my point is that your client is involved in something bigger than you're maybe grasping
right now, and you may be making it worse.

Sent from my iPad

> On Aug 15, 2015, at 12:38 AM, Marc S. Harris <mharris@scheperkim.com> wrote:
>
> My client answered your questions at deposition and has provided all information requested
of him by the Receiver. The fact that he has asked the Court to release certain assets so he
can live and his companies can continue should not be perceived as an effort to resist the
Receiver.
>
>
>> On Aug 14, 2015, at 10:29 PM, Mitch Little <Mitch.Little@solidcounsel.com> wrote:
>>
>> Continued efforts to fight the scope of the receivership and the assets under its purview.
>>
>> Sent from my iPad
>>
>>> On Aug 15, 2015, at 12:29 AM, Marc S. Harris <mharris@scheperkim.com> wrote:
>>>
>>> Mitch,
>>> I don't understand the point of your email.  In what respect do you believe that my
Client has resisted the Receiver?
>>>
>>>
>>>
>>>
>>>> On Aug 14, 2015, at 9:46 PM, Mitch Little <Mitch.Little@solidcounsel.com> wrote:
>>>>
>>>> Marc,
>>>>
>>>> I have intentionally left the FTC off of this correspondence.  Attached is my diagram of
the transactions in which Mr. Latsanovski and his companies engaged.  This picture bears all
the classic hallmarks (placement, layering, and integration) of money laundering.
>>>>
>>>> It is obviously your decision whether to continue resisting the Receiver.  However, the
longer you hang in, the deeper I have to go and the more work I have to do to resist you.  I
would humbly submit that your client needs to take the 5th and hunker down.  I don't believe
Mr. Latsanovski's story that he was an investor, and the Court does not either.  Of course, I
don't know what the Court might decide if the Court has an opportunity to parse all of the
facts.
>>>> If you have any questions about any of this, please let me know.
>>>>
>>>> [image1.JPG]
>>>> Sent from my iPad
>>>>

1

Exhibit D, Page 11

>>>> On Aug 14, 2015, at 11:58 AM, Kelly Crawford

<kelly.crawford@solidcounsel.com<mailto:kelly.crawford@solidcounsel.com>> wrote:

>>>>

>>>> This message cannot be displayed because of the way it is

>>>> formatted. Ask the sender to send it again using a different format or email program.

message/rfc822 <image1.JPG>

Exhibit D, Page 12

Exhibit E

| | |
|---|---|
| **From:** | Jeff Brandlin [jeff@brandlin.com] |
| **Sent:** | Wednesday, July 01, 2015 4:35 PM |
| **To:** | Charlene Koonce; Mitch Little |
| **Cc:** | Kelly Crawford; David Bell |
| **Subject:** | RE: Sunset Holdings |
| **Attachments:** | Wells Fargo Bank Activity for Sunset Holdings (C2869829227 - XXXXXX9222)..xlsx; Check 1013 So. Calif Home Investors WFB Activity.png; Check 1058 Wells Fargo Bank Activity for Sunset Holdings (C2869829227 - XXXXXX9222).png; Ck 1007 - Opulenc Asset GroupWells Fargo Bank Activity for Sunset Holdings (C2869829227 - XXXXXX9222).png; Ck 1011 Schrader Construction Wells Fargo Bank Activity for Sunset Holdings (C2869829227 - XXXXXX9222).png; Ck 1022 Schrader Construction Wells Fargo Bank Activity for Sunset Holdings (C2869829227 - XXXXXX9222).png; Ck 1047 Schrader Construction Wells Fargo Bank Activity for Sunset Holdings (C2869829227 - XXXXXX9222).png; Ck 1048 Opulence Asset Group Wells Fargo Bank Activity for Sunset Holdings (C2869829227 - XXXXXX9222).png; Ck 10467 - Opulenc Asset GroupWells Fargo Bank Activity for Sunset Holdings (C2869829227 - XXXXXX9222).png |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Charlene & Mitch;

Our reconciliation of Sunset Holdings banking activity at WFB is attached as well as copies of relevant checks.

Here's a summary of the details of the WFB activity for Sunset Holdings.  We gave you 3 cuts –
    (1) Cum to date from inception – in other all activity since the account was opened in Jan 2015;
    (2) Inception through May 5, 2015; and
    (3) May 6, 2015 through June 29, 2015.

Let me know if you have any questions:

## Inception through June 29, 2015..........

**Charlene Koonce, Receiver**

**BunZai Media, etal**

**Wells Fargo Bank Activity for Sunset Holdings (C2869829227 - XXXXXX9222)**

**From Account Inception (i.e., January 21, 2015) through June 29, 2015**

| | |
|---|---|
| $  8,037,639.83 | **Total Cash Receipts / Deposits** |
| $  4,601,000.00 | ONLINE TRANSFER FROM CALENERGY, INC. BUSINESS CHECKING XXXXXX8997 |
| 1,100,000.00 | WT FED#09327 NK BANK /ORG=1/ZOLOTAREVA MARIYA ALEKSANDROVNA |
| 985,000.00 | WT FED#00761 CITIBANK NA NYBD C /ORG=LAWRENCE J RUBIN |
| 900,000.00 | ONLINE TRANSFER REF #IBER25TGXL FROM PCS LINE OF CREDIT |
| 7,586,000.00 | Total Coverage |

| | |
|---|---|
| **94%** | % Coverage |

| | |
|---|---|
| **$ (6,219,925.13)** | **Total Cash Disbursements / Withdrawals** |

| | |
|---|---|
| $    (300,000.00) | ONLINE TRANSFER TO CALENERGY, INC. |
| (1,029,153.05) | WT FED#03596 COMERICA BANK /FTR/BNF=GLEN OAKS ESCROW |
| (796,367.16) | WT FED#01499 BANK OF AMERICA, N /FTR/BNF=Fidelity National Title Company |
| (702,351.61) | WT FED#09887 MUFG UNION BANK, N /FTR/BNF=LAWYERS TITLE COMPANY |
| (682,972.68) | WT FED#03599 BANK OF THE WEST ( /FTR/BNF=Fidelity National Title Company |
| (450,160.58) | WT FED#04019 CITY NATIONAL BANK /FTR/BNF=Unique Escrow Inc |
| (351,127.09) | WT FED#03195 EAST-WEST BANK /FTR/BNF=pristine escrow inc |
| (300,000.00) | WT FED#00177 CITIZENS BUSINESS /FTR/BNF=PARKFIELD ESCROW, INC. |
| (262,858.56) | WT FED#09287 CITY NATIONAL BANK /FTR/BNF=HORMONY ESCROW INC |
| (216,631.17) | WT FED#03405 CITY NATIONAL BANK /FTR/BNF=OPTIMA ESCROW INC |
| (200,000.00) | WT FED#02879 COMERICA BANK /FTR/BNF=GLEN OAKS ESCROW |
| (100,000.00) | WT FED#01722 CITY NATIONAL BANK /FTR/BNF=LA CITIWIDE ESCROW MARINA |
| (100,000.00) | WT FED#04753 BANK OF AMERICA, N /FTR/BNF=Fidelity National Title Company |
| $ (5,491,621.90) | |
| **88%** | **% Coverage** |

## Inception through May 5, 2015..........

**Charlene Koonce, Receiver**
**BunZai Media, et al**
**Wells Fargo Bank Activity for Sunset Holdings (C2869829227 - XXXXXX9222)**
**From Account Inception (i.e., January 21, 2015) through May 5, 2015**

| | |
|---|---|
| $    5,280,365.49 | **Total Cash Receipts / Deposits** |
| $    4,371,000.00 | ONLINE TRANSFER FROM CALENERGY, INC. BUSINESS CHECKING XXXXXX8997 |
| - | WT FED#09327 NK BANK /ORG=1/ZOLOTAREVA MARIYA ALEKSANDROVNA |
| - | WT FED#00761 CITIBANK NA NYBD C /ORG=LAWRENCE J RUBIN |
| 900,000.00 | ONLINE TRANSFER REF #IBER25TGXL FROM PCS LINE OF CREDIT |
| 5,271,000.00 | Total Coverage |
| **100%** | % Coverage |

| | |
|---|---|
| **$    (5,276,906.70)** | **Total Cash Disbursements / Withdrawals** |

2

| | |
|---|---|
| $   (1,029,153.05) | WT FED#03596 COMERICA BANK /FTR/BNF=GLEN OAKS ESCROW SRF# 0000944125537089 TRN#150505142168 RFB# |
| (796,367.16) | WT FED#01499 BANK OF AMERICA, N /FTR/BNF=Fidelity National Title Company SRF# 0000944072323073 TRN#150313156639 RFB# |
| (702,351.61) | WT FED#09887 MUFG UNION BANK, N /FTR/BNF=LAWYERS TITLE COMPANY-LA SRF# 0000944111267488 TRN#150422140005 RFB# |
| (682,972.68) | WT FED#03599 BANK OF THE WEST ( /FTR/BNF=Fidelity National Title Company SRF# 0000944097556217 TRN#150407141357 RFB# |
| (450,160.58) | WT FED#04019 CITY NATIONAL BANK /FTR/BNF=Unique Escrow Inc SRF# 0000944030585058 TRN#150202169114 RFB# |
| (351,127.09) | WT FED#03195 EAST-WEST BANK /FTR/BNF=pristine escrow inc SRF# 0000737057361671 TRN#150227193677 RFB# |
| (262,858.56) | WT FED#09287 CITY NATIONAL BANK /FTR/BNF=HORMONY ESCROW INC SRF# 0000944070383833 TRN#150312121651 RFB# |
| (216,631.17) | WT FED#03405 CITY NATIONAL BANK /FTR/BNF=OPTIMA ESCROW INC SRF# 0000944083370915 TRN#150325129590 RFB# |
| (200,000.00) | WT FED#02879 COMERICA BANK /FTR/BNF=GLEN OAKS ESCROW SRF# 0000944106505738 TRN#150416103400 RFB# |
| (100,000.00) | WT FED#04753 BANK OF AMERICA, N /FTR/BNF=Fidelity National Title Company SRF# 0000944021542327 TRN#150122069966 RFB# |
| (50,000.00) | ONLINE TRANSFER TO CALENERGY, INC. BUSINESS CHECKING XXXXXX8997 REF #IBE5M6BGVW ON 02/25/15 |
| (289,000.00) | Various Disbursements evidenced by checks |
| (35,000.00) | WT FED#06780 EAST-WEST BANK /FTR/BNF=Pristine Escrow Inc SRF# 0000944043702500 TRN#150213142669 RFB# |

| | |
|---|---|
| $   (5,165,621.90) | |
| **98%** | **% Coverage** |

## May 6, 2015 through June 29, 2015..........

**Charlene Koonce, Receiver**

**BunZai Media, et al**

**Wells Fargo Bank Activity for Sunset Holdings (C2869829227 - XXXXXX9222)**

**From May 6, 2015 through June 29, 2015**

| | |
|---|---|
| $ 2,757,277.34 | **Total Cash Receipts  /  Deposits** |
| $   230,000.00 | ONLINE TRANSFER FROM CALENERGY, INC. BUSINESS CHECKING XXXXXX8997 |
| 1,100,000.00 | WT FED#09327 NK BANK /ORG=1/ZOLOTAREVA MARIYA ALEKSANDROVNA |
| 985,000.00 | WT FED#00761 CITIBANK NA NYBD C /ORG=LAWRENCE J RUBIN |

3

| | |
|---|---|
| 310,000.00 | ONLINE TRANSFER FROM LATSANOVSKI I COMPLETE ADVANTAGE(RM) XXXXXX3540 REF # |
| 100,000.00 | ONLINE TRANSFER REF #IBER25TGXL FROM PCS LINE OF CREDIT |
| 2,725,000.00 | Total Coverage |
| **99%** | **% Coverage** |
| **$ (943,021.43)** | |
| $ (300,000.00) | WT FED#00177 CITIZENS BUSINESS /FTR/BNF=PARKFIELD ESCROW, I |
| $ (250,000.00) | ONLINE TRANSFER TO CALENERGY, INC. BUSINESS CHECKING XXXXX8997 REF #IBE8KBC4 |
| $ (100,000.00) | WT FED#01722 CITY NATIONAL BANK /FTR/BNF=LA CITIWIDE ESCROW MARINA SRF# 000 |
| $ (50,000.00) | WT FED#09757 BANK OF AMERICA, N /FTR/BNF=southern california home investors SRF# RFB# |
| $ (50,000.00) | CHECK # 1047  (JEB - Schrader Construction) |
| $ (35,000.00) | WT FED#08176 BANK OF AMERICA, N /FTR/BNF=SOUTHERN CALIFORNIA HOME INVESTOR |
| $ (35,000.00) | CHECK # 1048 (JEB - Opulence Asset Group) |
| $ (820,000.00) | |
| **87%** | % Coverage |

Regards,

Jeff

Jeffrey E. Brandlin, CPA
Brandlin & Associates
1801 Century Park East, Suite 1040
Los Angeles, CA 90067
Cell: 310.990.4955
Office: 310.789.1777 ext.225
Fax: 310.201.4743
Email: jeff@brandlin.com
www.brandlin.com

This email contains information from Brandlin & Associates which is confidential and may be privileged. The information is for the exclusive use of the addressee named above. Access to this email by anyone else is unauthorized. If you are not the intended recipient, any disclosure, copying, distribution or any action taken or omitted to be taken in reliance on it, is prohibited and may be unlawful. When addressed to our clients, any

4

Exhibit E, Page 16

opinions or advice contained in this email are subject to
the terms, conditions, and qualifications expressed in any
applicable Brandlin & Associates' terms of business or
client engagement letter. If you have received this
communication in error, please notify us immediately
by telephone or in writing. Thank you.


-----Original Message-----
From: Charlene Koonce [mailto:charlene.koonce@solidcounsel.com]
Sent: Wednesday, July 1, 2015 4:54 AM
To: Mitch Little
Cc: Kelly Crawford; Jeff Brandlin
Subject: Re: Sunset Holdings

Yes, which is why the real estate will be frozen.  If we don't turn the funds lose we create
a claim by the seller for forfeiture of $400k.  If we close, the assets change shape but
remain frozen and subject to the receivership

Sent from my iPhone

On Jul 1, 2015, at 6:21 AM, "Mitch Little"
<Mitch.Little@solidcounsel.com<mailto:Mitch.Little@solidcounsel.com>> wrote:

The funds they intend to use are commingled with Auravie money.

Sent from my iPhone

On Jul 1, 2015, at 5:08 AM, Charlene Koonce
<charlene.koonce@solidcounsel.com<mailto:charlene.koonce@solidcounsel.com>> wrote:


Mitch & Jeff -  I want you to be aware of the details of the Sunset Holdings deal that Kelly
and I (and Bruce Stockard) have been looking at.   The FTC's position is that Sunset is a
Calenergy asset - so this transaction (by which we are allowing Sunset Holdings cash to be
converted into real estate - the closing has been extended to Thursday) is worth about $2M to
the estate.


See the attached, regarding the real estate transaction- Kelly can also provide more
details.  There are more expenses that were only disclosed after this Stipulation was
executed, and we're still trying to get more details on those, which relate to construction
on the new properties.  About $1M came from a "hard money" loan originating in Russia; the
rest came from the WF LOC, secured by Mrs. L's account there.  Here's the deal on who owns
Sunset – I will forward additional relevant docs shortly.


Igor is the Managing Member of Sunset.  Until May, according to Sunset's LLC agreement,
Calenergy owned 99% of Sunset; Igor owned 1%. Purportedly in May, Igor, as himself and as
Calenergy signed a document (I refer to it as the napkin agreement- because it looks like it
was written on a napkin) reorganizing Sunset's ownership.  According to the napkin agreement,
Igor now owns 60% and a guy named (Cesor?) Mike Peniche owns 40%.  The problem with the
napkin agreement is that it says it is a verbal agreement, and Peniche will create an
official agreement "reflecting the verbal written agreement."  Sunset's LLC agreement
requires various steps to be taken if interests owned by the members are assigned.  Any new

Exhibit E, Page 17

assignee is supposed to execute documents evidencing their acceptance and agreement of the terms of the LLC Agreement for instance, with such documents being in a form that is acceptable to the Managing Member – Igor.  There is no document that evidences Peniche ever provided such an agreement, or that Igor- as Sunset -ever accepted or agreed to it.  Bill Stone has looked at the Sunset LLC agmt and the napkin agreement and says we have a valid argument that the transfer is not valid, but given the discretion that Igor as MM has, they have the same potentially persuasive argument that the transfer was valid.  (I will look at Calenergy's bi-laws to look for any additional grounds to attack the transfer there).

I also don't know that the transfer would be valid from a fraudulent transfer perspective.  At the time of the transfer, Peniche agreed to provide certain services to Sunset, but I'm not sure that was reasonably equivalent value.  Jeff, what assets (in its bank account) did Sunset hold as of May 5, 2015 (the date of the transfer of Calenergy's interests in Sunset)?  We'd either have to show actual fraudulent intent behind the transfer, or demonstrate that Sunset was insolvent at the time the transfer was made and then demonstrate lack of REV.

<image001.gif>

Charlene Koonce
Partner
500 N. Akard, Suite 2700
Dallas, Texas 75201
214.706.4215  (Direct)
214.706.4200 (Main)
214.706.4242 (Facsimile)
charlene.koonce@solidcounsel.com<mailto:charlene.koonce@solidcounsel.com>
www.solidcounsel.com<http://www.solidcounsel.com/>

<image002.jpg>

<image003.png>

Important:  This electronic mail message and any attached files contain information intended for the exclusive use of the individual or entity to whom it is addressed and may contain information that is proprietary, privileged, confidential and/or exempt from disclosure under applicable law.  If you are neither the intended recipient nor an employee or agent responsible for delivering the communication to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited.  Please notify the sender, by electronic mail or telephone, of any unintended recipients and delete the original message without making any copies.

Note:  Please be advised that Scheef & Stone, L.L.P. reserves the right to record telephone conversations involving its employees or attorneys.  If you do not wish to be recorded,

Exhibit E, Page 18

please limit your communications with Scheef & Stone, L.L.P. to regular mail, faxes, and/or
electronic mail.

From: Annah Kim [mailto:akim@scheperkim.com]
Sent: Tuesday, June 30, 2015 1:51 PM
To: Charlene Koonce
Cc: Kelly Crawford; Tepfer, Reid A.; Marc S. Harris
Subject: FW: here you go
Importance: High




Annah S. Kim
Scheper Kim & Harris LLP
601 W. Fifth Street, 12th Floor
Los Angeles, CA 90071-2025
T (213) 613-4662 ● F (213) 613-4656
akim@scheperkim.com<mailto:akim@scheperkim.com> ● Vcard:
link<http://www.scheperkim.com/images/bios/akim>

From: Pamela Tanigawa
Sent: Tuesday, June 30, 2015 11:51 AM
To: Annah Kim
Subject: here you go
Importance: High




Pamela Tanigawa
Legal Assistant to Marc S. Harris,
Richard E. Drooyan and Gregory Ellis
Scheper Kim & Harris LLP
601 W. Fifth Street, 12th Floor
Los Angeles, CA 90071-2025
T (213) 613-4679 ● F (213) 613-4656
ptanigawa@scheperkim.com<mailto:jhibino@scheperkim.com>

<Stipulation to Release Funds of Sunset Holdings to Complete Real Estate Transctions.pdf>

7