DAVID P. BEITCHMAN (SBN 198953)
dbeitchman@bzlegal.com
ANDRE BONIADI (SBN 266412)
aboniadi@bzlegal.com
**BEITCHMAN & ZEKIAN, P.C.**
16130 VENTURA BLVD., SUITE 570
ENCINO, CALIFORNIA 91436
TELEPHONE: (818) 986-9100
FACSIMILE:   (818) 986-9119

*Attorneys for Defendants,*
MOTTI NOTTEA and DORON NOTTEA

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>                Plaintiff,<br><br>        vs.<br><br>BUNZAI MEDIA GROUP, INC., *et al.*,<br><br>                Defendants.<br>_____ | **Case No. 2:15-cv-04527-GW (PLAx)**<br><br>**DEFENDANTS MOTTIE NOTTEA AND DORON NOTTEA'S RESPONSE TO ORDER TO SHOW CAUSE RE NON-COMPLIANCE AND OPPOSITION TO MOTION TO COMPEL**<br><br>DATE:      9/17/2015<br>TIME:      10:30 a.m.<br>ROOM:    Courtroom "10" |

- 1 -

1   COMES NOW Defendants MOTTI NOTTEA and DORON NOTTEA
2   ("Defendants"), who jointly submit the following in response to the Order to Show
3   Cause Re Non-Compliance (Doc. #48 and #149) and in opposition to the Motion to
4   Compel and Request (Doc. #36):

5   The current Order to Show Cause against the responding Defendants was issued
6   on July 6, 2015, prior to defense counsel's involvement in the case and prior to the
7   discovery of a multi-agency criminal investigation stemming from the same facts and
8   circumstances as set forth in Plaintiff FEDERAL TRADE COMMISSION's ("FTC")
9   Complaint filed in this action.  As detailed in Defendants' previously filed *Ex Parte*
10  Application to Stay these Proceedings (*see* Doc. #150), the Federal Bureau of
11  Investigation, the United States Secret Service, and other law enforcement agencies
12  both domestic and abroad are actively involved in said investigation.  This is precisely
13  the reasoning for why Defendants have refrained from volunteering or otherwise
14  disclosing any additional information in connection with this civil matter, and hence
15  why brought the underlying motion to the attention of this Court.

16  Based upon these developments, the gravity of the allegations lodged by the
17  FTC, and the identical nature and scope of the criminal investigation that continues to
18  gain momentum, Defendants have elected to exercise their Fifth Amendment Right
19  against self-incrimination in connection with all inquiries and/or requests regarding
20  the allegations of this complaint, including their knowledge and/or involvement (if
21  any) with the multi-layered Receivership Defendants, other named individuals in this
22  lawsuit, and any other fact or identifying information that may have any direct or
23  indirect link in any chain of evidence that may be used against Defendants.

24  It is well settled that the privilege against self-incrimination may be raised in
25  civil as well as criminal proceedings and applies not only at trial, but also during the
26  discovery process. *See United States v. Balsys* (1998) 524 U.S. 666, 672 (privilege
27
28

- 2 -

**DEFENDANTS MOTTI NOTTEA AND DORON NOTTEA'S RESPONSE TO ORDER TO SHOW CAUSE
AND OPPOSITION TO MOTION TO COMPEL**

1    assertable in any type of proceeding, "civil or criminal, administrative or judicial,
2    investigatory or adjudicatory"); *see McCarthy v. Arndstein* 266 U.S. 34 (1924).

3        Indeed, it is not necessary that a witness explain how his answer will tend to
4    incriminate him, since this would compel him to surrender the protection to which the
5    privilege is designed to guarantee. *Malloy v. Hogan* (1964) 378 U.S. 1; *see also,*
6    *Hoffman v. United States* (1951) 341 U.S. 479, 486-487 (the privilege against self-
7    incrimination applies not only to responses that in themselves would sustain a
8    conviction, but also to responses that may furnish any link in the chain of evidence
9    necessary to prosecute the person claiming the privilege).  Thus, the privilege must be
10   sustained unless it clearly appears that the claim is mistaken, i.e., unless it is perfectly
11   clear from careful consideration of all circumstances that the witness is mistaken and
12   the answer cannot possibly have incriminating effect.

13       In light of the extremely broad application and protections afforded under the
14   Fifth Amendment, Defendants elect not to disclose any information in response to the
15   Receiver's requests that are the subject of the instant Order to Show Cause. *See*
16   *National Acceptance Co. of America v. Bathalter* (7th Cir. 1963) 705 F.2d 924 (the
17   burden lies with the plaintiff in situations where the defendant asserts the protections
18   under the Fifth Amendment).

20   Dated:  August 27, 2015                BEITCHMAN & ZEKIAN, PC


22                                          /s/ Andre Boniadi
23                                        David P. Beitchman,
24                                        Andre Boniadi,
                                          *Attorneys for Defendants,*
25                                        MOTTI and DORON NOTTEA

- 3 -