

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF DOCUMENT DISCREPANCIES

CLERK, U.S. DISTRICT COURT
AUG 27 2015
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

To: ☐ U.S. District Judge / ☐ U.S. Magistrate Judge  George H. Wu

From: Andres _____, Deputy Clerk    Date Received: 08/27/2015

Case No.: 2:15-cv-04527-GW-PLA _____    Case Title: Federal Trade Commission v. Bunzai Media Group, Inc. et al

Document Entitled: Declaration of David Midgal & Opposition to motion for order

---

Upon the submission of the attached document(s), it was noted that the following discrepancies exist:

| | | |
|---|---|---|
| ☐ Local Rule 5-4.1 | Documents must be filed electronically |
| ☐ Local Rule 6-1 | Written notice of motion lacking or timeliness of notice incorrect |
| ☐ Local Rule 7-19.1 | Notice to other parties of ex parte application lacking |
| ☑ Local Rule 7.1-1 | No Certification of Interested Parties and/or no copies |
| ☐ Local Rule 11-3.1 | Document not legible |
| ☐ Local Rule 11-3.8 | Lacking name, address, phone, facsimile numbers, and e-mail address |
| ☐ Local Rule 11-4.1 | No copy provided for judge |
| ☐ Local Rule 11-6 | Memorandum/brief exceeds 25 pages |
| ☐ Local Rule 11-8 | Memorandum/brief exceeding 10 pages shall contain table of contents |
| ☐ Local Rule 15-1 | Proposed amended pleading not under separate cover |
| ☐ Local Rule 16-7 | Pretrial conference order not signed by all counsel |
| ☐ Local Rule 19-1 | Complaint/Petition includes more than 10 Does or fictitiously named parties |
| ☐ Local Rule 56-1 | Statement of uncontroverted facts and/or proposed judgment lacking |
| ☐ Local Rule 56-2 | Statement of genuine disputes of material fact lacking |
| ☐ Local Rule 83-2.5 | No letters to the judge |
| ☑ Fed. R. Civ. P. 5 | No proof of service attached to document(s) |
| ☑ Other: | L.R. 83-2.2.2, Only individuals may represent themselves pro se. No organization or entity of any kind may appear in any action or proceeding unless represented by an attorney. |

**Please refer to the Court's website at www.cacd.uscourts.gov for Local Rules, General Orders, and applicable forms.**

---

### ORDER OF THE JUDGE/MAGISTRATE JUDGE

IT IS HEREBY ORDERED:

☐   The document is to be filed and processed.  The filing date is ORDERED to be the date the document was stamped "received but not filed" with the Clerk.  Counsel* is advised that any further failure to comply with the Local Rules may lead to penalties pursuant to Local Rule 83-7.

_____          _____
Date                                              U.S. District Judge / U.S. Magistrate Judge

☒   The document is **NOT** to be filed, but instead **REJECTED**, and is ORDERED returned to counsel.*  Counsel* shall immediately notify, in writing, all parties previously served with the attached documents that said documents have **not** been filed with the Court.

AUG 27 2015                       _____
Date                                              U.S. District Judge / U.S. Magistrate Judge

* The term "counsel" as used herein also includes any pro se party.  See Local Rule 1-3.

| COPY 1 -ORIGINAL-OFFICE | COPY 2 -JUDGE | COPY 3 -SIGNED & RETURNED TO FILER | COPY 4 -FILER RECEIPT |
|---|---|---|---|

August 26, 2015

# FILING AS PRO PER
## On Behalf of:

David Migdal, 1036 N. Avon Str., Burbank, CA 91505

-and-

Forward Momentum LLC. 670 San Antonio Rd. #19, Palo Alto, CA 94306

DAVIDMIGDAL@GMAIL.COM        650.291.4071

### Re: *Federal Trade Commission v Bunzai Media Group, Inc., et al;* Case No. 2:15-cv-4527-GW (PLAx); In the United States District Court for the Central District of California, Western Division

DECLERATION OF DAVID MIGDAL & OPPOSITION TO MOTION FOR ORDER FINDING CERTAIN ASSETS SUBJECT TO THE TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTIONS AND REQUEST THAT THE TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTIONS BE MODIFIED TO RELEASE AND UNFREEZE THE ASSETS OF FORWARD MOMENTUM LLC.

RECEIVED BUT NOT FILED
CLERK, U.S. DISTRICT COURT

AUG 2 7 2015

CENTRAL DISTRICT OF CALIFORNIA
BY_____ DEPUTY

Declaration

Pursuant to 28 U.S.C. Section 1746, David Migdal declares that:

1. My name is David Migdal. I am over the age of 21 & competent to give this decleration. My statements contained in this Decleration are based on my personal knowledge.
2. I have received, read, and understood the Motion, Supporting Declaration, Notice of Motion, Notice of Lodging and Amended Notice of Hearing entered by the United States District Court for the Central District of California on June 16, 2015 in Case No. 2:15-cv-4527-GW (PLAx).

Introduction

The Receivership Estate's assets are insufficient to pay the Receiver's fees and expenses. The companies that allegedly engaged in prohibited activities are defunct and their business shuttered at the end of 2014. In an effort to find more cash, the Receiver has cast a dragnet (without prior court authorization) for nonparty business entities that may have done business with Defendants or, may have done business with a business that did business with Defendants. The Receiver now asks the Court to ratify the Receiver's costly investigation into these nonparty Entities and summarily adjudicate --- without sufficient notice --- that their cash be included in the Receivership Estate.

Receiver has <u>incorrectly</u> made the assumption stating that Forward Momentum LLC (FML) was used by Defendants named in the lawsuit to conduct certain deceptive practices in connection with sale of skin cream products.

1

Because of this incorrect statement, the court has frozen all of FMLs assets and added them to Receivership Estate. The court allowing the freezing of FMLs assets was based on false information & incorrect assumptions.

Forward Momentum LLC (FML). This business is not a named party defendant in this lawsuit. This business has never been a seller of skin care products. They do not market skin care products through online sales using "negative option" or "free trial offer" marketing. Nevertheless, they have all had their cash assets frozen by the Receiver and FTC purportedly under the TRO previously issued by this Court.

FML opposes the Receiver using their money to pay the Receiver's fees and expenses. By these summary proceedings, and following a hearing on any disputed facts, FML seeks an adjudication modifying the TRO so that the assets of FML are released and unfrozen.

Factual Background

Forward Momentum LLC.

Forward Momentum LLC (FML) is a California LLC formed in January, 2014. FML's sole owner is David Migdal. Neither FML nor David Migdal are defendants in this lawsuit. FML has never been a seller of skin care products, and does not market skin care products through online sales using "negative option" or "free trial offer" marketing.

**Receiver uses this terminology to explain their case against FML and David Migdal:**

1. "Defendants operated a complex web of companies and were careful to structure their business operation so that Individual Defendants are not designated as officers or directors. Nonetheless, Defendants controlled these entities."
2. "Each of these entities engaged in the Enjoined Conduct and was used by Individual Defendants or Receivership Defendants for the sale of skin care products or received proceeds from the sale of skin care products."
3. "David Migdal was instrumental in day to day operations"

**In addition, Receivers Initial Report stated that:**

4. "FML funded two business entities and gave funds to Trigen LLC."

**Response to the above string of Incorrect & Misguided Information:**

FML is a single member LLC where I David Migdal am listed as the sole owner.

Contrary to what receiver says, I am neither hiding my ownership in this entity nor my control of this entity.

It should also be noted that Defendants have never had any access whatsoever, in any way shape or form, to any of the accounts connected to FML.

2

**Additional & Highly Relevant Information Receiver either failed to share with the court or Receiver was unaware of due to a lack of gathering quality & correct information:**

David Migdal has & continues to be an employee of Quality Life General Inc (QLG) since early 2010.

In May of 2013, QLG approached MediaUrge for help in marketing one of their dietary supplement products (Nicotrim). QLG hired MediaUrge several months later.

David Migdal relocated to Los Angeles to supervise this project on behalf of QLG while working with MediaUrge in their offices.

Unfortunately, none of these business opportunities materialized.

After the Nicotrim project failed & while QLG was looking for additional investment to continue its projects, David Migdal who was living in Los Angeles was offered a paid for services position at Defendants company.

David Migdals sole role was to assist Defendants in various day to day tasks.  Essentially a secretarial position. At no point in time whatsoever was David Migdal in any controlling position of the business, David Migdal did not direct business operations nor did David Migdal have any input on business operations. David Migdal was a consultant & nothing more.

Receiver goes as far as saying that David Migdal was "instrumental" in day to day operations. The actual term used by Defendants in their written testimony described David Migdal and his day to day activities as 'involved' in day to day operations. Defendants state David Migdal is involved in activities & receiver translates involvement to instrumental. I am not familiar with any employee who was not involved in day to day operations when their main function is to be exactly that.

To further see the receiver exaggerate an employee's general day to day tasks and insert the term 'instrumental' in order to imply some elements of benefitting in financial gains, controlling business operations or anything of the sort, in order to gain judge's approval to freeze assets highlights the form of judgement used on receivers behalf in order to further their own business.

Unsupported & inaccurate statements are the only correct representations of all the comments receiver has given in connection with David Migdal and FML.

At no time was David Migdal a partner in the business and more specifically, David was working on a completely different project during the time of the AuraVie skincare sales. David Migdal worked on a completely different product, the Nicotrim project for his Quality Life General employer, a completely different company not listed in this case. Receivers report itself states in Document 165-2, pg 10 of 21:

Daria Media – Established as Management Company for E-Cigarettes and Nicotrim product Lines. Never had a merchant account. <u>No relation to skincare.</u>
This is correct. Daria Media was established by Defendants to do business for the product belonging to QLG, a product that has <u>No Relation to Skincare.</u>

Receivers initial report also <u>completely incorrectly</u> stated that FML funded various business entities for Defendants including Trigen LLC & Secured Merchants. My assumption is that statements such as this, as well as the numerous other incorrect statements, led the judge of this case to place the asset freeze on FMLs account. I ask that the receiver prove these statements by sharing any documentation available showing this fact. To imply that FMLs Business Account was used for anything other than my salary and daily life & living expenses is <u>not correct.</u> I will happily share with the court all my bank transaction details so they can see that the above is the accurate reflection of actual reality as opposed to what receiver says.

I am not familiar with the process of how a court decides to make an important decision, such as a TRO & Asset Freeze however in review of the above information it is clear that the information that was presented to the court was highly inaccurate. To actively create such a false representation of the actual environment in order to freeze as much money as possible should have some consequence.

The court must be made aware that the receivers actions have created an enormous hardship on David Migdal and his family consisting of his fiancée and just born (May, 2015) 3-month old newborn daughter. The hardship created is to the point of highly unstable & unnecessary emotional stress & extreme difficulty in gathering funds needed to pay for basic life & living expenses & necessities for both David Migdal & fiancée and newborn daughter. This goes beyond areas such as health insurance and the like, not to mention mortgage and other life critical bills.

## **Argument**

A.   <u>FML is not a "Receivership Defendant"</u>

"Receivership Defendants" is a defined term under the TRO and subsequent Preliminary Injunctions:

"Receivership Defendants" means Bunzai Media Group, Inc., d/b/a AuraVie and Miracle Face Kit; Pinnacle Logistics, Inc.; DSA Holdings, Inc.; Lifestyle Media Brands, Inc.; Agoa Holdings, Inc.; Zen Mobile Media, Inc.; Safehaven Ventures, Inc.; Heritage Alliance Group, Inc., also doing business as AuraVie Distribution; AMD Financial Network, Inc.; SBM Management, Inc.; Media Urge, Inc.; Adageo, LLC; Calenergy, Inc.; KAI Media, Inc.; Insight Medial, Inc.; and their successors and assigns, as well as any subsidiaries, fictitious business entities, or business names created or used by these entities or by the Individual Defendants that are related to, or receive funds from, the sale of skincare or other products online."

FML is a separate and distinct entity from those above, and is not a successor, assignee, subsidiary, fictitious business entity, or business name created or used by any of the

4

above listed entities or by any of the individual defendants that are related to, or receive funds from, the sale of skincare.

FML is a simple business created by David Migdal to receive compensation for services provided.

D.  <u>FML did not Sell SkinCare Products nor Engaged in Enjoined Activities</u>

FML did not receive money from the sale of skincare products. FML performed legitimate services for SBM Management on a fee for services basis. FML was not in control of how SBM Management paid for services.
The Receiver's report does not contain evidence to the contrary & more important, the receiver's report highlights David Migdal/FML is not connected to skincare sales but rather to the Nicotrim product owned by QLG.

FML has not sold skincare products nor engaged in enjoined sales and marketing activities. Accordingly, their assets are not subject to the Receivership Estate and there is no reason for the Court to order dissolution of this entity.

E.  <u>Bank Account Belonging To FML Should Be Unfrozen</u>
FML is not a "Receivership Defendant". The Receiver never had any right under the TRO/Preliminary Injunction to take possession of these assets. Bank accounts belonging to FML are not owned, controlled or held for the benefit of Defendants in this lawsuit and should be unfrozen.  The amount in the account in question is approximately $18,000.00

F.  <u>An Evidentiary Hearing Should Be Set To Resolve Factual Disputes</u>

G.  <u>Emergency & Immediate Request to Release $5,000.00</u>

David Migdal & his family have urgent bills to pay including Mortgage & Health Insurance. David Migdal needs to feed his family, buy groceries & live life without the fear of losing his home or not feeding his newborn daughter due to false statements made by receiver.

David Migdal has already had to sell personal assets just to pay life necessary bills for the past two months since his bank account was frozen. The fact that this stage has already taken place, needing to sell personal assets to live, is unacceptable, most especially since FML was neither used by Defendants named in the lawsuit nor was it created or had anything to do with conduct regarding as receiver states: "certain deceptive practices in connection with the sale of skin care products".

I declare, under penalty of perjury, that the foregoing statements are true & correct. Executed on August 26, 2015 at Los Angeles, California.

_____
David Migdal

5