1    Michael J. Weiss (SBN 206473)
     **ABRAMS GARFINKEL MARGOLIS BERGSON, LLP**
2    5900 Wilshire Blvd. Suite 2250
     Los Angeles, CA 90036
3    310-300-2900
4    310-300-2901- Fax
     Mweiss@agmblaw.com
5
6    Charlene C. Koonce (TX SBN 11672850)
     *Admitted Pro Hac Vice*
7    **SCHEEF & STONE, L.L.P.**
     500 N. Akard, Suite 2700
8    Dallas, Texas  75201
9    214-706-4200
     214-706-4242 - Fax
10   charlene.koonce@solidcounsel.com
     Receiver
11

12                **UNITED STATES DISTRICT COURT**
                  **CENTRAL DISTRICT OF CALIFORNIA**
13

| 14 | FEDERAL TRADE COMMISSION, | Case No. 2:15-CV-4527-GW(PLAx) |
|---|---|---|
| 15 | | |
| 16 | Plaintiff, | REPLY IN SUPPORT OF MOTION FOR ORDER FINDING CERTAIN |
| 17 | v. | ASSETS SUBJECT TO THE TEMPORARY RESTRAINING |
| 18 | BUNZAI MEDIA GROUP, INC., a | ORDER, ETC., AND PRELIMINARY INJUNCTIONS |
| 19 | California corporation, also doing business as AuraVie and Miracle Face | |
| 20 | Kit, et al., | Hearing Date:  September 17, 2015 |
| 21 | Defendants. | Time: 10:30 am Place:  Courtroom 10 |
| 22 | | |

23

24

25

26

27

1
2
3
4
5

Charlene Koonce, the Court-appointed Receiver, files this Reply in support of her Motion for order finding that certain assets are subject to the TRO and Preliminary Injunctions, and responds to the document filed by non-party Secured Merchants,[1] and in support, respectfully shows the Court as follows:

6

## SUMMARY

7
8
9
10
11
12
13
14

Secured Merchants' response fails to provide any basis whatsoever for denying the requested relief; it fails to contest, even in a conclusory manner, the facts alleged in support of the Receiver's motion which support finding its assets are those of a "Receivership Defendant": it was used by the other Receivership Defendants and the Individual Defendants in the process of selling the skin care products at issue, and, "*receive[d] funds from, the sale of skincare or other products online*."[2]

15
16

## ARGUMENT

17
18

**A.    Secured Merchants' Received Proceeds from the Sale Of Defendants' Skin Care Products**

19
20
21
22
23
24

Secured Merchants is not a disinterested, unrelated vendor.  Its' "office," to the extent it has one, is the first room in the Canby office location utilized by all other Receivership Defendants.[3]  Alan Argaman was present in the office at the time the Receiver's team entered, and refused to provide *any* information, including the

25
26
27

---

[1] Chargeback Armor is not a party, not a respondent in this summary proceeding, and not properly before the Court. Thus the Receiver requests that any relief requested by Chargeback Armor be denied until Chargeback Armor intervenes or is named as a Defendant by the FTC.
[2] *TRO* ¶ "Definitions" 4.b; *Injunction* ¶ 4b.
[3] Docket No. 165-1, p. 12; Docket No. 120, p.20.

REPLY IN SUPPORT OF MOTION FOR ORDER FINDING CERTAIN ASSETS SUBJECT TO THE TEMPORARY RESTRAINING ORDER, ETC., AND PRELIMINARY INJUNCTIONS

credentials to his computer, until a Motion for Show Cause was prepared.  Argaman

and Doron Nottea are partners in another business that Defendants claimed was

inactive, Secured Commerce, LLC, the lessee of the Canby location.[4]  And, Secured

Merchants provided the voice-logix[5] and "chargeback" services which were integral to

the Receivership Defendants' efforts to hold onto the money swindled from

consumers.[6] Secured Merchants does not deny this fact. Instead it claims, irrelevantly,

that it did not *market or sell* the products at issue.[7] Notably, however, the TRO was not

limited to enjoining deceptive sales or marketing, but also prohibited sales *"and*

*assisting others in charging consumers"* for internet-based negative option sales,

without first "providing a simple mechanism for a consumer to stop recurring charges

from being placed on the consumer's credit card…"[8] Secured Merchants does not deny

its services were provided to assist the Defendants in charging consumers and keeping

consumer funds, by providing as complicated and ineffective method as possible to

prohibit consumers from cancelling charges.

---

[4] Docket No. 120, p. 8
[5] Docket No. 165-1, p. 12, and 165-9, p. 3892 (Exhibit U);  *see also,* Docket No. 122-5, pp. 2853-2856  for a call scripts and graphic depiction of some of the voice –logix used by Defendants in this regard.
[6] Docket No. 165-1, p. 12; see *also,* Docket No. 120, p. 3 for a brief discussion of the importance of Secured Merchants' chargeback and voice-logix services in the context of the deceptive skin care sales operations of the other Receivership Defendants.
[7] "It [Secured Merchants] is currently not and never has been a seller of skin care products, and does not market skin care products through on-line sales using "negative option" or "free trial offer" marketing." *Declaration of Alan Argaman,* Docket No. 185, p. 14.
[8] TRO ¶ II. C.

REPLY IN SUPPORT OF MOTION FOR ORDER FINDING CERTAIN ASSETS SUBJECT TO THE TEMPORARY
RESTRAINING ORDER, ETC., AND PRELIMINARY INJUNCTIONS

In exchange for these services, Secured Merchants received more than $300,000 from SBM- funds derived *only* from the sale of skin care products on-line.[9]  Secured Merchants does not deny this fact.  Instead, despite the invoices submitted in support of the Motion, Secured Merchants unpersuasively claims "[i]ts business is completely unrelated to the activities the Defendants were allegedly engaged in."[10]  It offers no explanation, however, how assisting other Receivership Defendants fight consumer efforts to cancel unwanted and undisclosed negative option enrollments is "completely unrelated" to the Enjoined Conduct.

Moreover, while it claims to provide legitimate services to other companies, it identifies no such client, other than Chargeback Armor, which is hardly independent of the Receivership Defendants.  And, like virtually every other entity operated from the Canby location and related to the other Receivership Defendants, Doron Nottea is a signatory on Secured Merchants' bank account.  Further, the address Secured Merchants identified as its address in incorporation documents, 16830 Ventura Blvd., Suite 360, Encino, CA, 91436, is the same address utilized by All Star Beauty, one of the retail merchants for skin care products.[11]

Finally, Secured Merchants' borrowed refrain that the Receiver sought to expand the scope of the TRO to cover the estate's administrative costs lacks even a

---

[9] Docket No. 165-1, p. 12.
[10] Docket No. 165-1, p. 12.
[11] *See,* Docket No. 124-11, pp. 3057 and 3063.

REPLY IN SUPPORT OF MOTION FOR ORDER FINDING CERTAIN ASSETS SUBJECT TO THE TEMPORARY RESTRAINING ORDER, ETC., AND PRELIMINARY INJUNCTIONS

shred of support.  First, Secured Merchants' assets would be subject to the asset freeze, even without the relief sought by the Receiver because those assets are subject to the control of and held for the benefit of Doron Nottea, who is a signatory on Secured Merchants' bank account.[12] The same is true for the assets of every other entity whose assets were subject to the instant Motion, based on Alon Nottea's actual control over those entities and assets.  Second, as a result of the Receiver's teams' work, the estate holds more than $935,000, far more than is requested to cover the fees necessitated by the Receiver's mandate and increased by Defendants' fraud and lack of cooperation. Third, the $2,700 discovered to date in Secured Merchants' account is hardly worth the effort of trapping for the limited purpose alleged by Secured Merchants. Because the TRO and subsequent PIs mandated the Receiver's efforts to freeze Secured Merchants' assets, however, the relief requested is appropriate and should be granted.

**B.    Chargeback Armor**

No relief has been requested of Chargeback Armor, as it has not sought to intervene in this matter, and thus is neither a party nor a respondent.  The Receiver requests that any relief requested by Chargeback Armor be denied on this basis, and that the Receiver be given an opportunity to submit evidence in response to any motion properly filed by Chargeback Armor. Nonetheless, to the extent Court desires to consider Chargeback's motion, the Receiver submits the following information.

---

[12] *See,* PI ¶ IV.A.1 and 4.

REPLY IN SUPPORT OF MOTION FOR ORDER FINDING CERTAIN ASSETS SUBJECT TO THE TEMPORARY RESTRAINING ORDER, ETC., AND PRELIMINARY INJUNCTIONS

1    1.    Doron Nottea is an *account owner* for Chargeback's frozen bank account,
2    and a signatory on that account.[13]  Accordingly, its funds were frozen pursuant to ¶ IV
3
4    of the TRO, and continue to be appropriately frozen pursuant to the same provision of
5    the PI.

6        2.    The Receiver has not attempted or requested permission to take
7    possession or control over Chargeback's assets; they are frozen because of Doron's
8
9    access and entitlement to those assets.  Thus any contention that Chargeback Armor's
10   assets are frozen in an effort to fund administrative expenses is simply uniformed mud-
11
12   slinging.

13       3.    Chargeback, regardless of who incorporated it and is identified as its
14   officer, is controlled by Alon Nottea. Latsanovski testified Chargeback Armor is
15
16   Alon's company, and that Alon sought Latsanovski's investment in Chargeback
17   Armor.   In an email, Costache, Chargeback Armor's CEO, stated Alon was his
18   "partner," and, documents discovered after the Receiver's Motion was filed
19
20   demonstrate that "AuraVie" was Chargeback Armor's first client. Chargeback Armor
21   operated from 105 Canby, despite having no sub-lease, and employs Roi Reuveni, as
22   well as another individual previously employed by Pinnacle Logistics, a named
23
24   defendant who operated Defendants' call center. Chargeback Armor's assets are
25   appropriately frozen and it is entitled to no relief at this juncture.

26

27   [13] Docket No. 120, p. 19.

REPLY IN SUPPORT OF MOTION FOR ORDER FINDING CERTAIN ASSETS SUBJECT TO THE TEMPORARY
RESTRAINING ORDER, ETC., AND PRELIMINARY INJUNCTIONS

**C.      The Sufficiency of Notice and an Opportunity to Be Heard**

On the one-hand, Secured Merchants contends it received inadequate notice and an opportunity to be heard for the Court to summarily adjudicate the Receiver's claim against it.  At the same time, it seeks the Court's ruling that its assets should be unfrozen and a finding that it does not fall within the scope of the Court's orders.[14] The two arguments are irreconcilable, and, the second defeats the first.

Secured Merchants' attorney has been demanding since not later than June 21, 2015 that the Receiver unfreeze its bank account and turn over the computer purportedly used to operate its business.[15] Moreover, Secured Merchants was served with a copy of the Receiver's Initial Report, which included the same information supporting the instant motion and provided notice that the instant Motion would be filed. Secured Merchants' attorney agreed to accept service of the Receiver's Motion, and indeed, by its response has already meaningfully participated and been heard. And no facts support Secured Merchants' contention that it has had an inadequate opportunity to prepare and file its response. It asked for no extension and provides no factual support for any additional information it could provide if given more time, and demonstrates no prejudice whatsoever from use of the summary proceedings utilized for this motion.

---

[14] Secured Merchants has no standing to object to use of its assets, or any other assets, pay administrative expenses for the estate.
[15] *See* for example, the Receiver's time entries reflecting extensive communications with Alan Argaman, and then Secured Merchants' attorney (who also represents Chargeback Armor), on 6/21, 6/22 and 6/23 regarding the

REPLY IN SUPPORT OF MOTION FOR ORDER FINDING CERTAIN ASSETS SUBJECT TO THE TEMPORARY RESTRAINING ORDER, ETC., AND PRELIMINARY INJUNCTIONS

Further, Secured Merchants' efforts to distinguish *Johnson*[16] are unavailing. As in *Johnson*, the Receiver seeks a ruling that Secured Merchants' assets *are those of a Receivership Defendant,* relying on the terms of the Court's orders the Receiver was charged with enforcing. And Secured Merchants' wholly ignores the Court's authority to enforce its orders with respect to persons and entities who are in active concert and participation, or legally identified with, named defendants even if not named parties. *Peterson v. Highland Music Inc.,* 140 F.3d 1313, 1323 (9th Cir. 1998); *FTC v. Gill,* 183 F.Supp.2d 1171, 1184 (C.D. Cal. 2001)(Non-parties who participate in and facilitate Defendants' enjoined conduct subject non-party to court's authority to enforce its orders). Finally, to the extent the Court deems it necessary, the Receiver will either leave Secured Merchants' assets frozen, or if directed to transfer those assets to an estate bank account, can segregate them in a separate receivership estate account.[17]

Like its claims that it is a disinterested vendor unrelated to the fraudulent operations of all other Receivership Defendants, Secured Merchants' claims of inadequate notice and insufficient opportunity to be heard are baseless conclusions contrary to evidence demonstrating otherwise.

---

Receivers' contentions that Secured Merchants' accounts were appropriately frozen, and obtaining access to Secured Merchants' computer, utilized in the Canby office. Docket No. 161-2, pp. 3420-3422.

[16] *FTC v. Johnson,* 567 Fed. Appx. 512, 514 (9th Cir. 2014).

[17] The banks in which other Receivership Defendants' assets were held informed the Receiver that substantial monthly fees would continue to accrue on those entities' bank accounts and advised her to close the accounts once the assets were transferred to the estate bank account.

REPLY IN SUPPORT OF MOTION FOR ORDER FINDING CERTAIN ASSETS SUBJECT TO THE TEMPORARY RESTRAINING ORDER, ETC., AND PRELIMINARY INJUNCTIONS

1
2
3
4
5
6
7
8
9

WHEREFORE, PREMISES CONSIDERED, the Receiver requests that the Court find Secured Merchants received notice and an opportunity to be heard regarding the relief requested in her Motion for Order Finding That Certain Assets Are Subject to the Temporary Restraining Order, Etc. And Preliminary Injunctions, and further, that Secured Merchants' assets are those of a "Receivership Defendant," which the Receiver is authorized to have and take possession of. The Receiver requests such other and further relief to which she may show herself entitled.

10

               Respectfully submitted,

11
12
13
14
15
16

               */s/Charlene Koonce*
               Charlene C. Koonce
               ***Receiver***
               500 N. Akard Street, Suite 2700
               Dallas, Texas 75201
               Telephone: 214-706-4200
               Telecopier: 214-706-4242
               *Admitted Pro Hac Vice* (TX SBN 11672850)

17
18
19
20
21
22
23
24
25
26
27

REPLY IN SUPPORT OF MOTION FOR ORDER FINDING CERTAIN ASSETS SUBJECT TO THE TEMPORARY RESTRAINING ORDER, ETC., AND PRELIMINARY INJUNCTIONS

1

**CERTIFICATE OF SERVICE**

2

The undersigned certifies that on September 3, 2015, a true and correct copy of

3

the foregoing document was electronically filed with the clerk of the U.S. District
Court, Central District of California, using the electronic case filing system of the

4

court. The attorneys listed below were served by pursuant to the ECF notice generated

5

by the Court, or by email.

6

Tom Vidal

7

Michael Weiss
Nina Nahal Ameri

8

Abrams Garfinkel Margolis Bergson
5900 Wilshire Blvd Suite 2250

9

Los Angeles, CA 90036

10

*Local counsel for Receiver*

11

Erik S Syverson

12

Scott M. Lesowitz
Steven T. Gebelin

13

Raines Feldman LLP

14

9720 Wilshire Boulevard Fifth Floor
Beverly Hills, CA 90212

15

*Counsel for Oz Mizrahi, as an officer or*

16

*manager of BunZai Media Group, Inc.*
*and Pinnacle Logistics, Inc.*

17

18

Robert M. Ungar

19

Crosswind Law
14724 Ventura Blvd Penthouse

20

Sherman Oaks, CA 91403

21

*Counsel for Alon Nottea, Roi Rueveni*
*and Adageo, LLC*

22

23

Raymond E McKown

24

Federal Trade Commission
10877 Wilshire Boulevard, Suite 700

25

Los Angeles, CA 90024

26

*Counsel for the FTC*

27

David P. Beitchman
Andre Boniadi
Beitchman|Zekian, PC
16130 Ventura Boulevard, Suite 570
Encino, CA 91436
*Counsel for Doron Nottea and Motti*
*Nottea*

Marc S. Harris
Annah S Kim
Scheper Kim & Harris, LLP
601 W. Fifth Street, 12th Floor
Los Angeles, CA 90071
*Counsel for Igor Latsanovski and*
*Calenergy, Inc.*

Reid Tepfer
Luis Gallegos
Federal Trade Commission
1999 Bryan Street, Suite 2150
Dallas, TX 75201
*Counsel for the FTC*

Benjamin A Pettit
20 East Pueblo Street
Santa Barbara, CA 93105
*Counsel for Alon Nottea*

REPLY IN SUPPORT OF MOTION FOR ORDER FINDING CERTAIN ASSETS SUBJECT TO THE TEMPORARY
RESTRAINING ORDER, ETC., AND PRELIMINARY INJUNCTIONS

1

2

The undersigned further certifies that the foregoing reply will be served electronically on counsel for Secured Merchants, LLC.

3

4

5

*/s/  Charlene C. Koonce*
CHARLENE C. KOONCE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

REPLY IN SUPPORT OF MOTION FOR ORDER FINDING CERTAIN ASSETS SUBJECT TO THE TEMPORARY RESTRAINING ORDER, ETC., AND PRELIMINARY INJUNCTIONS