Michael J. Weiss (SBN 206473)
**ABRAMS GARFINKEL MARGOLIS BERGSON, LLP**
5900 Wilshire Blvd. Suite 2250
Los Angeles, CA 90036
310-300-2900
310-300-2901- Fax
Email: Mweiss@agmblaw.com

Kelly M. Crawford  (Texas SBN 05030700)
*Admitted Pro Hac Vice*
**SCHEEF & STONE, L.L.P.**
500 North Akard Street, Suite 2700
Dallas, Texas 75201
214-706-4200
214-706-4242 - Fax
Email: kelly.crawford@solidcounsel.com
Attorneys for Receiver
CHARLENE C. KOONCE

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**, <br><br> Plaintiff, <br><br> v. <br><br> **BUNZAI MEDIA GROUP, INC.**, a California corporation, also doing business as Aura Vie and Miracle Face Kit; et al., <br><br> **Defendants.** | Case No. 2:15-CV-4527-GW(PLAx) <br><br> **JOINT STIPULATION AND NOTICE OF WITHDRAWAL OF MOTION REGARDING FORWARD MOMENTUM, LLC** |

Charlene C. Koonce, the Receiver further identified below and Forward Momentum, LLC, hereby stipulate and agree as follows:

Whereas, Charlene C. Koonce was appointed as Temporary and then Permanent Receiver for those certain entities named and otherwise defined in certain orders (the "Orders") issued in *FTC v. Bunzai Media et al.,* Cause No. 15-CV-04527, pending in the United States District Court for the Central District of California, and in that capacity directed Bank of America to freeze an account owned by Forward Momentum LLC based on a good faith belief that Forward Momentum fell within the definition of "Receivership Defendant"; and,

Whereas, on August 14, 2015, the Receiver filed that certain motion seeking a finding that Forward Momentum's assets are the assets of a Receivership Defendant (the "Motion"),[1] and personally served Forward Momentum's only agent for service of process and owner, David Migdal, with that Motion; and,

Whereas, Forward Momentum, by and through Migdal contests and disputes that Forward Momentum, by its activities falls within the definition of "Receivership Defendant" and disputes the propriety of the freeze on Forward Momentum's bank account; and

Whereas, Forward Momentum and the Receiver wish to avoid the expense and uncertainty of further litigation regarding this matter;

**NOW, THEREFORE**, in consideration of the foregoing, the Receiver and Forward Momentum agree as follows:

---

[1] Docket No. 165.

1. Forward Momentum's owner agrees and has executed a Declaration fully explaining and setting out all relevant facts regarding his and Forward Momentum's activities which relate to Defendants and Relief Defendants.

2. Not more than 24 hours of the execution of this Joint Stipulation by both the Receiver and Forward Momentum, but sooner if possible, the Receiver will instruct Bank of America to release the freeze on Forward Momentum's bank account;

3. Forward Momentum agrees that solely as a compromise and to reimburse the receivership estate for some of the expenses incurred in connection with the Motion, at the time the Receiver directs Bank of America to release the freeze on Forward Momentum's bank account, the receivership estate is entitled to retain and take possession of $1,250.00 (the "Funds") from Forward Momentum's Bank of America account;

4. Forward Momentum agrees that it will not dispute or contest the receivership estate's receipt and use of the Funds, and hereby releases and waives any and all claims against the estate arising from or relating to the Funds and from the freeze previously placed on Forward Momentum's Bank of America account;

5. The Receiver agrees that upon filing this Joint Stipulation, she withdraws the request for relief requested against Forward Momentum as set forth in the Motion.

6. The Receiver and Forward Momentum both understand and expressly agree that this Stipulation creates no waiver or prejudice regarding any other party,

person, or entities' rights to assert claims by or against Forward Momentum, or its owner.

7. It is expressly understood and agreed that the terms of this Stipulation are contractual in nature and not mere recitals and that the agreements contained herein and the consideration transferred are to compromise doubtful and disputed claims and that no releases or other consideration given shall be construed or considered an admission of liability. On the contrary, this Stipulation is entered into merely to avoid litigation and any further dispute or claims and to buy peace to the extent described herein.

**8. IN SIGNING THIS JOINT STIPULATION, FORWARD MOMENTUM AND THE RECEIVER ACKNOWLEDGE, REPRESENT, WARRANT, AND CONFIRM TO EACH OTHER AS FOLLOWS:**

**A. THEY HAVE EACH CAREFULLY READ AND UNDERSTAND THE EFFECT OF THE STIPULATION;**

**B. THEY EACH HAVE THE CAPACITY TO UNDERSTAND THE EFFECT OF THE STIPULATION;**

**C. THE STIPULATION IS ENTERED INTO AS A FREE AND VOLUNTARY ACT, WITHOUT ANY DURESS, COERCION, OR UNDUE INFLUENCE EXERTED BY OR ON BEHALF OF ANY PERSON OR ENTITY;**

**D. THE RECEIVER ON BEHALF OF THE RECEIVERSHIP ESTATE AND FORWARD MOMENTUM ON ITS OWN BEHALF ARE THE SOLE OWNERS OF THE ASSETS, CLAIMS OR CAUSES OF ACTION RELEASED ABOVE AND NEITHER HAVE CONVEYED NOR ASSIGNED ANY INTEREST IN ANY SUCH ASSETS, CLAIMS OR CAUSES OF ACTION TO ANY PERSON OR ENTITY NOT A PARTY HERETO.**

IN WITNESS WHEREOF, this instrument has been executed by the parties on the dates hereafter indicated.

*[signature]*

FORWARD MOMENTUM, LLC
By: David Migdal, its sole member

Dated: SEPT. 3, 2015

*[signature]*

Charlene C. Koonce, Receiver

Dated: 9/3/15