Michael J. Weiss (SBN 206473)
**ABRAMS GARFINKEL MARGOLIS BERGSON, LLP**
5900 Wilshire Blvd. Suite 2250
Los Angeles, CA 90036
310-300-2900
310-300-2901- Fax
Mweiss@agmblaw.com

Kelly M. Crawford (TX SBN 05030700)
*Admitted Pro Hac Vice*
**SCHEEF & STONE, L.L.P.**
500 N. Akard, Suite 2700
Dallas, Texas  75201
214-706-4200
214-706-4242 - Fax
Kelly.crawford@solidcounsel.com
Attorneys for Receiver

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> BUNZAI MEDIA GROUP, INC., a California corporation, also doing business as AuraVie and Miracle Face Kit, et al. <br><br> Defendants. | Case No. 2:15-CV-4527-GW(PLAx) <br><br> **RECEIVER'S DECLARATION IN SUPPORT OF REPLY TO DEFENDANTS' OPPOSITION TO RECEIVER'S MOTION FOR PAYMENT** |

I, Charlene Koonce, declare under penalty of perjury under the laws of the United States of America, that the following statements are true and correct:

1.     I am over the age of 18 years, have never been convicted of a crime involving moral turpitude, and am otherwise competent to make this Declaration. I have personal knowledge of the facts stated herein.

2.     I am an attorney licensed to practice law in the state of Texas and am a partner with the law firm of Scheef & Stone, LLP. I am the court-appointed Receiver in the lawsuit referenced above. I have been licensed to practice law in Texas since 1991. I am admitted to practice before all state and federal courts in Texas, and am admitted to practice before the Fifth and Eleventh Circuit Courts of Appeal. My practice focuses on complex business litigation, and I have extensive experience in serving as or representing equity receivers in government enforcement cases.

3.     I have been appointed as a receiver or special master in government enforcement cases filed by the FTC and the SEC in seven cases, and served as a receiver in a state case involving allegations of fraud between and among the owners and operators of a strip mall. I have served as lead counsel to other receivers in more than a dozen similar government enforcement cases. My experience with receivership cases began in 1999 when I served as associate counsel for another receiver. Over the course of approximately 15 years, I have acquired the requisite skill, expertise, experience and training to investigate and formulate opinions about the operations of receivership entities and the nature of the businesses in which those entities engage.

4. I was appointed as Receiver in the case styled above on June 17, 2015, and was ordered to investigate various aspects of the operations of various entities and report to the Court regarding my investigation. The activities undertaken to perform my appointment are detailed in my Initial Report, filed on August 3, 2015.

5. The balance of the bank account owned by the receivership estate as of September 3, 2015 is $938,126.80. In addition to the funds reflected in **Exhibit A** to my Motion for Payment, since filing the Motion the estate has received $202.757.81 from EVO, and $98,158.81 from Priority Payments, both merchant processors. The funds received from EVO were from merchant accounts owned by All Star Beauty Products, DMA Media Holdings, and Shalita Holdings, and the funds received from Priority Payments were from accounts owned by named Receivership Defendants. Priority Payments owes an additional $8,600, which it has informed me has been processed for payment.

6. Latsanovski's and CalEnergy's objections regarding efficiencies and the "simplicity" of my tasks should be viewed in the context of his own lack of cooperation, and his role in the massive fraudulent enterprise he helped create and used to hide his participation. In particular, Latsanovski's failure to provide the cooperation required by the Receivership Order and otherwise provide truthful information includes the following:

      a)      Having monies wired out of the Sunset Holdings account at Wells Fargo Bank contrary to my consent as set forth in a Stipulation filed with this Court on June 30, 2015 [Docket No. 33].

      b)      Failing to provide me a list of properties owned by Sunset Holdings as I requested until last week when the Court specifically ordered the production of such list.  Attached as **Exhibit A** is a true and correct copy of my email to Marc Harris, Mr. Latsanovski's counsel asking for a list of all realty owned by Sunset.

      c)      Not being forthcoming at his deposition about his role in the skin care business operated by the Defendants. Attached as **Exhibit B** is a true and correct copy of an email my counsel sent to Mr. Latsanovski's counsel expressing concern about Mr. Latsanovski's deposition testimony and attaching documents that contradicted Latsanovski's position that he was an investor with the Defendants in the skin care business and not involved as a partner.  No response to this email was received by me or my counsel.

      d)      Failing to respond to my request for information to assist in my determination of whether Defendant CalEnergy could continue operating profitably. Attached as **Exhibit C** is a true and correct copy of my email to CalEnergy's counsel requesting information, to which I received no response.

      7.      On July 2, 2015, I attended the deposition of Mr. Latsanovski taken by my counsel J. Mitchell Little.  Attached hereto as **Exhibit D** are excerpts from that

deposition transcript reflecting Latsanovski's claims to be a disinterested investor. Documents obtained after the deposition demonstrated Latsanovski was instead a 1/3 partner, who was able to transfer funds out of Receivership Defendant accounts for his own personal use, strategized about the entities' direction and future, used Zen Mobile Media to pay his personal credit card bills, and received reports regarding the chargeback rates for the entities. In addition, relevant pages from the deposition transcript are attached as **Exhibit E**, in which Mr. Latsanovski explains his knowledge of and participation in the sham operation and control of the many Receivership Defendant entities. Additionally, Mr. Latsanovski testified so long as Defendants' sales practices and products did not "kill someone" he had no interest in how the products were sold, and did not care where the funds he was repaid with came from. Pages with this excerpted testimony are attached as **Exhibit F**.

8. Additionally, after attending Mr. Latsanovski's deposition, I obtained documents from various email accounts and the computers in the Receivership Defendants' offices, and which included email to Mr. Latsanovski in which chargeback rates for the product sales were discussed. One such example of those emails is included in **Exhibit B**, and was sent to Latsanovski – with a request for an explanation about the obvious difference between Latsanovski's role as reflected in those documents, and his deposition testimony.

Executed this 3rd day of September, 2015

*/s/ Charlene Koonce*
Charlene Koonce
**Receiver**

## CERTIFICATE OF SERVICE

The undersigned certifies that on September 3, 2015, a true and correct copy of the foregoing document was electronically filed with the clerk of the U.S. District Court, Central District of California, using the electronic case filing system of the court. The attorneys listed below were served by pursuant to the ECF notice generated by the Court, or by email.

| | |
|---|---|
| Tom Vidal<br>Michael Weiss<br>Nina Nahal Ameri<br>Abrams Garfinkel Margolis Bergson<br>5900 Wilshire Blvd Suite 2250<br>Los Angeles, CA 90036<br><br>*Local counsel for Receiver* | David P. Beitchman<br>Andre Boniadi<br>Beitchman\|Zekian, PC<br>16130 Ventura Boulevard, Suite 570<br>Encino, CA 91436<br><br>*Counsel for Doron Nottea and Motti Nottea* |
| Erik S Syverson<br>Scott M. Lesowitz<br>Steven T. Gebelin<br>Raines Feldman LLP<br>9720 Wilshire Boulevard Fifth Floor<br>Beverly Hills, CA 90212<br><br>*Counsel for Oz Mizrahi, as an officer or manager of BunZai Media Group, Inc. and Pinnacle Logistics, Inc.* | Marc S. Harris<br>Annah S Kim<br>Scheper Kim & Harris, LLP<br>601 W. Fifth Street, 12th Floor<br>Los Angeles, CA 90071<br><br>*Counsel for Igor Latsanovski and Calenergy, Inc.* |

| | |
|---|---|
| Robert M. Ungar<br>Crosswind Law<br>14724 Ventura Blvd Penthouse<br>Sherman Oaks, CA 91403<br><br>*Counsel for Alon Nottea, Roi Rueveni and Adageo, LLC* | Reid Tepfer<br>Luis Gallegos<br>Federal Trade Commission<br>1999 Bryan Street, Suite 2150<br>Dallas, TX  75201<br><br>*Counsel for the FTC* |
| Raymond E McKown<br>Federal Trade Commission<br>10877 Wilshire Boulevard, Suite 700<br>Los Angeles, CA 90024<br>Counsel for the FTC | Benjamin A Pettit<br>20 East Pueblo Street<br>Santa Barbara, CA 93105<br>Counsel for Alon Nottea |

        */s/  Charlene C. Koonce*
        CHARLENE C. KOONCE