JONATHAN E. NUECHTERLEIN
General Counsel

DAMA J. BROWN
Regional Director

REID TEPFER
rtepfer@ftc.gov
Texas Bar No. 24079444
LUIS GALLEGOS
lgallegos@ftc.gov
Oklahoma Bar No. 19098
Federal Trade Commission
1999 Bryan Street, Suite 2150
Dallas, Texas 75206
(214) 979-9395 (Tepfer)
(214) 979-9383 (Gallegos)
(214) 953-3079 (fax)

RAYMOND McKOWN
rmckown@ftc.gov
California Bar No. 150975
10877 Wilshire Boulevard, Suite 700
Los Angeles, California 90024
(310) 824-4325 (voice)
(310) 824-4380 (fax)

Attorneys for Plaintiff Federal Trade Commission

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,**<br><br>Plaintiff,<br><br>v.<br><br>**BUNZAI MEDIA GROUP, INC.**, *et al.*<br><br>**Defendants.** | Case No. CV 15-4527-GW(PLAx)<br><br>**PLAINTIFF'S MOTION FOR LEAVE AND MOTION TO STRIKE AFFIRMATIVE DEFENSES OF IGOR LATSANOVSKI AND CALENERGY, INC.** |

**MOTION TO STRIKE AFFIRMATIVE DEFENSES**

Page | 1

The Federal Trade Commission has sued Defendants Igor Latsanovski and CalEnergy, Inc. for violations of the Federal Trade Commission Act ("FTC Act"),[1] Section 4 of the Restore Online Shoppers' Confidence Act ("ROSCA"), the Electronic Funds Transfer Act ("EFTA"),[2] and Section 205.10(b) of Regulation E.[3]

In Defendants Igor Latsanovski and CalEnergy, Inc.'s Answers to the Complaint, Defendants raise many affirmative defenses that are insufficiently pled and legally unavailable in defense of this action.[4] Accordingly, Plaintiff respectfully requests that the Court strike all of Defendants Igor Latsanovski and CalEnergy, Inc.'s defenses.[5]

## I. Argument

### A. Good Cause Exists for Leave to File a Motion to Strike.

Plaintiff request leave to file its Motion to Strike Defendants Igor Latsanovski and Calenergy's Affirmative Defenses (Motion to Strike). Federal

---

[1] 15 U.S.C. § 45(a).

[2] 15 U.S.C. § 1693e(a).

[3] 12 C.F.R. § 205.10(b).

[4] *See* Doc. No. 171 & 173.

[5] *See id.*

Rule of Civil Procedure allows the Court to strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act on its own or on a motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.[6] In the present matter, Defendants Igor Latsanovski and Calenergy, Inc. filed their respective Answers[7] to the Plaintiff's Complaint on August 20, 2015.

Based on the Federal Rules and Local Rules, Plaintiff's Motion to Strike would have been due on September 14. However, an extension may be permitted for good cause including excusable neglect.[8] Because of the number of defendants involved in this matter, several of which have raised improper affirmative defenses or jury demands, Plaintiff inadvertently missed the due date to file its Motion to Strike for these two defendants by a single days. Although the Court may strike Defendant's and affirmative defense, Plaintiff requests that the Court grant it leave to file its Motion to Strike so that it may brief the Court on the case law dealing with Defendants' request.

### B. The Legal Standard for Striking Affirmative Defenses

---

[6] *See* FED. R. CIV. P. 12(f).

[7] Doc. No. 171 & 173.

[8] FED. R. CIV. P. 6(b)(1)(B).

A party may move to strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."[9] Such a request "should be granted where the defenses to be stricken are insufficient as a matter of law, immaterial, in that they have no essential or important relationship to the claim for relief . . . or are impertinent in that the matter consists of statements that do not pertain, and are not necessary, to the issues in question."[10] When evaluating a motion to strike affirmative defenses, a court should treat "all well-pleaded facts as admitted and cannot consider matters beyond the pleadings."[11]

An affirmative defense is insufficient on its face if it contains no more than bare conclusory allegations of law unsupported by any asserted facts.[12] Affirmative defenses must meet minimum pleading standards to provide the

---

[9] *See* FED. R. CIV. P. 12(f).

[10] *FDIC v. Butcher*, 660 F. Supp. 1274, 1277 (E.D. Tenn. 1987) (citations omitted).

[11] *Reyher v. Trans World Airlines*, 881 F. Supp. 574, 576 (M.D. Fla. 1995); *see also Kelly v. Kosuga*, 358 U.S. 516 (1959) ("[T]he facts underlying [a motion to strike] must be taken to be those set up in the . . . [pleadings].").

[12] *See*, *e.g., Schechter v. Comptroller of N.Y.*, 79 F.3d 265, 270 (2nd Cir. 1996) (quoting *National Acceptance Co. of Am. v. Regal Prods., Inc.*, 155 F.R.D. 631, 634 (E.D. Wis. 1994)) ("Affirmative 'defenses which amount to nothing more than mere conclusions of law and are not warranted by any asserted facts have no efficacy.'"); *Renalds v. S.R.G. Rest. Group*, 119 F. Supp. 2d 800, 803 (N.D. Ill. 2000) (finding affirmative defenses insufficient on their face where bare-boned conclusory allegations simply stated legal theories without indicating how they were connected to the case).

**MOTION TO STRIKE AFFIRMATIVE DEFENSES**
Page | 4

opposing party with "fair notice" of the defense and the grounds on which it rests.[13] An affirmative defense is invalid if "the plaintiff would succeed despite any set of facts that could be proved in support of the defense."[14]

A district court has the power to limit pleadings to "avoid the expenditure of time and money that would arise from litigating spurious issues, by dispensing with those issues prior to trial."[15] Striking irrelevant affirmative defenses is an appropriate use of such authority. If an affirmative defense is invalid as a matter of law, that determination should be made at an early stage of the proceedings, "in order to avoid the needless expenditures of time and money involved in litigating" fruitless matters and to focus the parties on the bona fide issues in the case.[16]

---

[13] *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 458 (10th Cir. 1982) ("The policy behind Rule 8(c) is to put plaintiff on notice well in advance of trial that defendant intends to present a defense in the nature of an avoidance.").

[14] *EEOC v. First Nat'l Bank of Jackson*, 614 F. 2d 1004, 1008 (5th Cir. 1980).

[15] *See* 2-12 MOORE'S FEDERAL PRACTICE § 12.37[3] (2009); *Sky Harbor Air Serv., Inc. v. Reams*, 491 F. App'x 875, 884 (10th Cir. 2012) (holding that trial judge has discretion in barring faulty affirmative defense claims that impede "the expeditious conclusion of litigation").

[16] *Purex Corp., Ltd. v. Gen. Foods Corp.*, 318 F. Supp. 322, 323 (C.D. Cal. 1970); *Hart v. Baca*, 204 F.R.D. 456, 457 (C.D. Cal. 2001); *see also California ex rel. State Lands Com. v. United States*, 512 F. Supp. 36, 38 (N.D. Cal. 1981) ("Where the motion may have the effect of making the trial of the action less complicated, or have the effect of otherwise streamlining the ultimate resolution of the action, the motion to strike will be well taken."); *Fed. Sav. & Loan Ins. Corp. v. Budette*, 696 F. Supp. 1183, 1187 (E.D. Tenn. 1988) ("Forthrightly dealing with inadequate or improper affirmative defenses . . . at an early stage in the litigation helps the

Further, sound policy reasons support striking redundant or legally insufficient affirmative defenses. Defendants should not be permitted to use legally insufficient "affirmative defenses" to frustrate the purpose of a federal statute or to thwart public policy.[17] An agency charged with enforcement of an important regulatory scheme in the public interest, such as the FTC, should not be thwarted or distracted by conclusory and improbable allegations.[18]

### C. Defendants' Alleged Affirmative Defenses Are Not Adequately Pled

As an initial matter, Defendants have not set forth in their Answer circumstances or conduct to support each of their affirmative defenses, as required by Fed. R. Civ. P. 8. They simply assert that Plaintiff's claims are barred by various affirmative defenses, without giving any indication of what conduct they

---

parties focus discovery on the real issues in the case and reduces the cost of litigation to the parties."); *FDIC v. Main Hurdman*, 655 F. Supp. 259, 263 n.6 (E.D. Cal. 1987) (noting that motions to strike further the goal of judicial efficiency).

[17] *See*, *e.g.*, *Pan Am. Petroleum 11 & Transp. Co. v. U.S.*, 273 U.S. 456, 506 (1927) ("[The general principles of equity] will not be applied to frustrate the purpose of its laws or thwart public policy.").

[18] *See Donovan v. Robbins,* 99 F.R.D. 593, 600 (N.D. Ill. 1983) (finding "substantial policy consideration militating against inhibiting the enforcement of an important regulatory scheme based on some alleged 'unclean hands' of the agency charged with enforcement").

**MOTION TO STRIKE AFFIRMATIVE DEFENSES**
Page | 6

are referring to or how these vague legal concepts are adequate defenses.[19] By listing generic affirmative defenses—without any facts, details, or elaboration—Defendants fail to provide Plaintiff the required "fair notice" of their defense and the grounds on which it rests.[20] On this basis alone, Defendants' affirmative defenses should be stricken.

---

[19] *See* Doc. No. 171 & 173, at 17-18.

[20] *See Conley v. Gibson*, 355 U.S. 41, 47 (1957) ("[T]he Rules require a short plain statement of the claim [here, defense] that will give fair notice of what [it] is and the grounds upon which it rests."); *Qarbon.com, Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1049-50 (N.D.Cal. 2004) (affirmative defenses stating only that plaintiffs are barred from recovery by doctrines of waiver, estoppel, and unclean hands insufficient to provide fair notice to plaintiffs).

## D. Defendants Latsanovski and CalEnergy's Affirmative Defenses Are Unavailable as a Matter of Law.

### 1. Defendants' Affirmative Defense of Failure to State a Claim Should Be Stricken.

Defendants assert that the FTC failed to state a claim or cause of action upon which relief can be granted.[21] In evaluating this defense, the Court must presume that all factual allegations in the FTC's Complaint are true and make all reasonable inferences in favor of the FTC in assessing the legal sufficiency of the affirmative defense.[22] The FTC's complaint alleges facts, which taken as true for the purposes of this motion, are sufficient to support the three counts set forth in the Complaint.[23]

### 2. Defendants' Affirmative Defense of Reservation of Rights to Allege Additional Affirmative Defenses Should Be Stricken.

Defendants assert that they further reserve the right to allege additional affirmative defenses throughout the course of discovery.[24]

---

[21] *See* Docs. 171 & 173, at 17.

[22] *See Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976).

[23] Further, the Court has already held the FTC is likely to succeed on the merits in this case. *See* Doc. 10 (granting TRO against Defendants).

[24] *See* Docs. 171 & 173, at 18.

**MOTION TO STRIKE AFFIRMATIVE DEFENSES**
Page | 8

This is an improper defense.[25] Rule 8(c) does not provide this unilateral assertion as a valid defense. In *Boss Prods. Corp. v. Tapco Int'l Corp.*,[26] the court struck the defendant's affirmative defense that sought to reserve "the right to add additional Affirmative Defenses as discovery proceeds in this case." The court reasoned that if by the inclusion of such an affirmative defense the defendant sought to reserve the unilateral right to add new and different affirmative defenses, any such addition would violate, *inter alia*, the fair notice requirement of Fed. R. Civ. P. 8 and circumvent Fed. R. Civ. P. 15.[27]

Rule 12(b) of the Federal Rules of Civil Procedure is clear in its direction that "[e]very defense, in law or fact, to a claim for relief in any pleading . . . shall

---

[25] *FTC v. Bay Area Business Council, Inc.*, 2003 U.S. Dist. LEXIS 7261, at *10 (N.D. Ill. 2003).

[26] No. 00-CV-0689E(M), 2001 WL 135819, at *3 (W.D.N.Y. Feb. 16, 2001).

[27] In *County Van Lines, Inc. v. Experian Information Solutions, Inc.*, the court struck this affirmative defense, stating: "if, by the inclusion of such defense, defendant wishes to reserve the unilateral right to add new and different affirmative defenses as they become known to it at indeterminate times in the future, any such addition would violate, inter alia, the fair notice requirement of Fed. R. Civ. P. 8 and circumvent Fed. R. Civ. P. 15." 205 F.R.D. 148, 157-58 (S.D.N.Y. 2002); *see also Krisa v. Equitable Life Assurance Society*, 113 F. Supp. 2d 694, 708 (M.D. Pa. 2000) ("There is neither a need nor a right to express such a 'reservation' in an affirmative defense."); *Liberty Motor & Mach. Co. v. The Hartford Accident & Indem. Co.*, No. 90 3861 WLB, 1992 U.S. Dist. LEXIS 22529, at *6-7 (S.D. Ill. Mar. 18, 1992) ("This general attempt to reserve the right to set forth further affirmative defenses does not satisfy the requirement of Rule 8(c)").

**MOTION TO STRIKE AFFIRMATIVE DEFENSES**
Page | 9

be asserted in the responsive pleading thereto if one is required . . . ." That rule goes on to provide for seven exceptions, not applicable here, for defenses that may, at the option of the pleader, be made by motion.[28]

The proper remedy where a defendant wishes to assert an affirmative defense after failing to do so in its initial responsive pleading is to seek leave of Court to amend the answer to plead the omitted defense.[29] Since Defendants have the right to add affirmative defenses by seeking leave of Court to amend their Answer or raising them in a dispositive pre-trial motion, there is no need to hold a "reservation" as Defendants wish to do here. Accordingly, the Defendants' affirmative defense that reserves the right to assert defenses later should be stricken.

### 3. Defendants Affirmative Defense that the FTC's Complaint Violates the Eighth Amendment's Is Irrelevant.

Defendants raise as an affirmative defense that the FTC's Complaint violates the Eighth Amendment's prohibition of excessive fines. This affirmative defense is irrelevant and legally unavailable because the FTC does not seek statutory penalties or fines in its Complaint.[30]

---

[28] FED. R. CIV. P. 12(b).

[29] *See* FED. R. CIV. P. 15(a)(2).

[30] *See* Doc. 3, at 37-38.

### *E. Many of Defendants Alleged Affirmative Defenses Are in Fact Negative Defenses.*

Defendants raise as affirmative defenses including: that consumers consented;[31] that any alleged damages[32] were caused by third parties;[33] that their actions caused no damages;[34] and that they complied with "statutes, rules, and regulations that govern the subject matter of this lawsuit"[35] and were "lawful, proper and justified means to further the sole purpose of engaging in and continuing its business." [36] As explained below, these so-called affirmative defenses are actually negative defenses and should be stricken.

Negative defenses simply repeat a defendant's denials of the allegations in a complaint.[37] Consequently, under Fed. R. Civ. P. 12(f), such defenses are

---

[31] *See* Doc. No. 171 & 173, at 17 (listing affirmative defense of consent).

[32] *See* Doc. No. 171 & 173, at 17. Defendants erroneously use the term "damages" in their respective Answers. More correctly, the FTC alleges "consumer injury," the equitable monetary measure of injury consumers sustained caused by Defendants' unlawful business practices.

[33] *See* Doc. No. 171 & 173, at 17.

[34] *See* Doc. No 171 & 173, at 17 (listing "No Damages" as an affirmative defense).

[35] *See* Doc. No. 171 & 173 (citing "Compliance with Statute" as an affirmative defense).

[36] *See* Doc. No. 171 & 173, at 18.

[37] *Texidor v. E.B. Aaby's Rederi A/S*, 354 F. Supp. 306, 309 (D. P.R. 1972).

**MOTION TO STRIKE AFFIRMATIVE DEFENSES**
Page | 11

redundant and should be stricken.[38] In this case, it is clear from their Answers that the Defendants deny that they engaged in the unlawful acts and practices alleged in the Complaint and that they deny liability for any consumer injury (damages) caused by these unlawful acts or practices . The so-called affirmative defenses in question here relate to whether Defendants have violated statutes enforced by the FTC and whether they are liable for consumer injury. Therefore, Defendants' affirmative defenses are negative defenses that should be stricken as redundant.

## II. Conclusion

For the foregoing reasons, Defendants' affirmative defenses are legally insufficient, immaterial, or redundant. To save time, money, and to focus the parties on meritorious issues, the FTC respectfully requests that the Court grant the FTC leave to file its Motion and strike, under Fed. R. Civ. P.12(f), each of Defendants' purported defenses.

Respectfully submitted,

Dated: 9/15/15

/s/ REID TEPFER_____
REID A. TEPFER
LUIS H. GALLEGOS
Attorneys for the Plaintiff
Federal Trade Commission
1999 Bryan Street, Suite 2150

---

[38] *Bobbitt v. Victorian House, Inc.*, 532 F. Supp. 734, 736, 738-39 (N.D. Ill. 1982); *Texidor*, 354 F. Supp. at 309.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20

Dallas, Texas 75201
(214) 979-9395 (Tepfer)
(214) 979-9383 (Gallegos)
(214) 953-3079 (facsimile)
rtepfer@ftc.gov
lgallegos@ftc.gov

# CERTIFICATE OF CONFERENCE

This motion is made following the conference with counsel for Defendants Igor Latsanovski, and CalEnergy, Inc., Annah Kim, pursuant to L.R. 7-3, which took place on September 15, 2015. Defendants oppose the motion.

# CERTIFICATE OF SERVICE

The undersigned certifies that on September 15, 2015, a true and correct copy of the foregoing document was electronically filed with the clerk of the U.S. District Court, Central District of California, using the electronic case filing system of the court. The attorneys listed below were served by pursuant to the ECF notice generated by the Court.

Tom Vidal
Michael Weiss
Nina Nahal Ameri
Abrams Garfinkle Margolis Bergson
5900 Wilshire Blvd Suite 2250
Los Angeles, CA 90036
nameri@agmblaw.com
*Local counsel for Receiver*

Erik S Syverson
Raines Feldman LLP
9720 Wilshire Boulevard Fifth Floor
Beverly Hills, CA 90212
esyverson@raineslaw.com
*Counsel for Oz Mizrahi*

| | |
|---|---|
| 1 | Robert M. Ungar |
| | Crosswind Law |
| 2 | 14724 Ventura Blvd Penthouse |
| | Sherman Oaks, CA 91403 |
| 3 | rmu@crosswindlaw.com |
| | *Counsel for Alon Nottea and* |
| 4 | *Roi Rueveni* |
| 5 | David P. Beitchman |
| | Beitchman & Zekian |
| 6 | 16130 Ventura Blvd., Suite 570 |
| | Encino, CA 91436 |
| 7 | dbeitchman@bzlegal.com |
| | *Counsel for Doron Nottea and Motti Nottea* |
| 8 | |
| | Marc S. Harris |
| 9 | Scheper Kim & Harris, LLP |
| | 601 W. Fifth Street, 12th Floor |
| 10 | Los Angeles, CA 90071 |
| | mharris@scheperkim.com |
| 11 | *Counsel for Igor Latsanovski and* |
| | *CalEnergy, Inc* |
| 12 | |
| | Annah Kim |
| 13 | Scheper Kim & Harris, LLP |
| | 601 W. Fifth Street, 12th Floor |
| 14 | Los Angeles, CA 90071 |
| | akim@scheperkim.com |
| 15 | *Counsel for Igor Latsanovski and* |
| | *CalEnergy, Inc* |
| 16 | |
| | Charlene Cantrell Koonce |
| 17 | Receiver |
| | Scheef & Stone |
| 18 | 500 N. Akard, Suite 2700 |
| | Dallas, Texas 75201 |
| 19 | charlene.koonce@solidcounsel.com |
| | *Receiver* |
| 20 | |

**MOTION TO STRIKE AFFIRMATIVE DEFENSES**
Page | 15

Kelly M. Crawford
Scheef and Stone
500 N. Akard, Suite 2700
Dallas, Texas 75201
kelly.crawford@solidcounsel.com
*Counsel to Receiver*

                                                            /S/ REID TEPFER
                                                              REID TEPFER