**BEVERLY HILLS LAW CORP., PC**
Sagar Parikh, Esq. (SBN 282655)
433 N. Camden Drive, 6th Floor
Beverly Hills, CA 90210
Telephone:  (310) 887-1338
Facsimile:  (310) 982-2603

Attorneys for Secured Merchants, LLC
and Chargeback Armor, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>        Plaintiff,<br><br>    vs.<br><br>BUNZAI MEDIA GROU, INC., et al.,<br><br>        Defendants. | Case No. 2:15-cv-04527-GW (PLAx)<br><br>**CHARGEBACK ARMOR, INC.'S OPPOSITION TO MOTION TO STRIKE CHARGEBACK ARMOR INC.'S OPPOSITION TO RECEIVER'S MOTION TO DESIGNATE** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

CHARGEBACK ARMOR, INC. ("CBA") hereby submitS this Opposition to the MOTION TO STRIKE CHARGEBACK ARMOR INC.'S OPPOSITION TO RECEIVER'S MOTION TO DESIGNATE ("Motion") filed by the FTC in this matter

- 1 -

**CHARGEBACK ARMOR, INC.'S OPPOSITION TO MOTION TO STRIKE CHARGEBACK ARMOR INC.'S OPPOSITION TO RECEIVER'S MOTION TO DESIGNATE**

1  This Opposition and request are based on the Memorandum of Points and
2  Authorities in support of the Opposition, and the pleadings, records, and files in this
3  action; and such other materials as may be presented to the Court, or judicially
4  noticed, at or before, or in connection with the hearing on the Motion

DATED:  September 16, 2015			BEVERLY HILLS LAW CORP., PC

						By:   /s/ Sagar Parikh
						       Sagar Parikh, Esq.
						       Attorneys for Secured Merchants, LLC
						       and Chargeback Armor, Inc.

**CHARGEBACK ARMOR, INC.'S OPPOSITION TO MOTION TO STRIKE CHARGEBACK
ARMOR INC.'S OPPOSITION TO RECEIVER'S MOTION TO DESIGNATE**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

In response to a valid Opposition to the Receiver's Motion to Designate filed by CBA, the FTC, without proper authorities cited or the proper notice given, has filed a Motion to Strike this Opposition.

For the reasons laid out below, the Motion is procedurally defective and also fails on the merits as well, as the Receiver's Motion to Designate touches and concerns CBA, and CBA's funds have been frozen by the Receiver since the inception of this matter.

The Motion to Strike should be denied on multiple grounds, and CBA's arguments in the Opposition (filed jointly with Secured Merchants, LLC) to the Receiver's Motion to Designate should be heard on the merits.

## II.

## ARGUMENT

### A. Notice of the Motion to Strike Is Insufficient and the Motion is Filed Untimely

Bizarrely, the Motion to Strike does not even contain a Notice of Motion, as required by Local Rule 6-1.

Furthermore, the Notice of Motion and Motion are to be filed with the Court no later than 28 days before the date set for hearing, again pursuant to Local Rule 6-1.

Here, even assuming the FTC is correct in believing that the Court will hear the Motion to Strike at the September 17 hearing has filed this Motion far too late, not even two full days before the hearing.

Thus, for these two blatant violations of the most basic local procedural rules, the Motion to Strike should be denied in its entirety.

**CHARGEBACK ARMOR, INC.'S OPPOSITION TO MOTION TO STRIKE CHARGEBACK ARMOR INC.'S OPPOSITION TO RECEIVER'S MOTION TO DESIGNATE**

### B. CBA Has the Right to Have its Claims Summarily Adjudicated

Even putting aside the procedural defects the Motion to Strike has, the Motion should still be denied on the merits.

The sole authority cited by the Motion is Federal Rule of Civil Procedure Rule 24(a).

However, a motion to intervene is not necessary here.

In matters such as this instant one, the claims of nonparties to property claimed by receivers may be adjudicated by summary proceedings. *SEC v. Wencke*, 783 F.2d 829, 836–38 (9th Cir.1986.)

It would be cumbersome and overly burdensome to have CBA first file a Complaint in Intervention.

Furthermore, as the Opposition to the Receiver's Motion to Designate argues, on pages 11 and 12, enforcement against the assets of non-parties requires only notice and an opportunity to be heard. See *FTC v. Productive Mktg., Inc.*, 136 F. Supp.2d 1096, 1105 (C.D. Cal. 2001).

The converse of this would be that CBA is entitled to summarily have its issues adjudicated. To hold otherwise would again be prejudicial to CBA.

The Receiver's Motion to Designate and CBA's opposition to it entirely touches and concerns the Receivership and the issues raised by the Receiver in the Motion.

Thus, each of these issues raised by CBA in its Opposition are claims that can and should be adjudicated summarily, without an Intervention being undertaken.

To do so otherwise would be a procedural nightmare for this Court. The Court would have to adjudicate these same issues during this Motion, then adjudicate the same issues again when a Complaint in Intervention is filed, and yet again adjudicate these claims when a further Motion is filed by CBA to release its assets after it intervenes.

**CHARGEBACK ARMOR, INC.'S OPPOSITION TO MOTION TO STRIKE CHARGEBACK ARMOR INC.'S OPPOSITION TO RECEIVER'S MOTION TO DESIGNATE**

Tellingly, the Motion does not reference Secured Merchants, LLC, which is also a non-party yet asking for the same relief as CBA in the Opposition jointly filed by Secured Merchants, LLC and CBA.

Thus, it is abundantly clear the FTC and Receiver believe that it is OK for Secured Merchants to raise the very same claims as CBA in the Opposition, which SM, like CBA, is a non-party.

The Receiver and the FTC claims the cash and assets of CBA. Therefore, CBA is entitled to summary adjudication of their claims to money in frozen bank accounts and its Opposition should not be stricken.

## IV.
## CONCLUSION

For the aforementioned reasons, the Motion to Strike should be stricken on procedural grounds due to it being filed without the proper notice being given, and due to it being filed untimely.

If heard on the merits, the Motion to Strike should still be denied, as CBA's claims should be heard without it having to formally intervene, pursuant to *Wencke and Productive Mktg.*, and in the interests of judicial economy and judicial efficiency.

DATED: September 16, 2015       **BEVERLY HILLS LAW CORP., PC**

By:   /s/ Sagar Parikh
      Sagar Parikh, Esq.
      *Attorneys for,*
      Chargeback Armor, Inc. and Secured Merchants, LLC

CHARGEBACK ARMOR, INC.'S OPPOSITION TO MOTION TO STRIKE CHARGEBACK ARMOR INC.'S OPPOSITION TO RECEIVER'S MOTION TO DESIGNATE