Michael J. Weiss (SBN 206473)
**ABRAMS GARFINKEL MARGOLIS BERGSON, LLP**
5900 Wilshire Blvd. Suite 2250
Los Angeles, CA 90036
310-300-2900
310-300-2901- Fax
Mweiss@agmblaw.com

Kelly M. Crawford (TX SBN 05030700)
*Admitted Pro Hac Vice*
**SCHEEF & STONE, L.L.P.**
500 N. Akard, Suite 2700
Dallas, Texas 75201
214-706-4200
214-706-4242 - Fax
Kelly.crawford@solidcounsel.com
Attorneys for Receiver

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

FEDERAL TRADE COMMISSION,

Plaintiff,

v.

BUNZAI MEDIA GROUP, INC., a California corporation, also doing business as AuraVie and Miracle Face Kit, et al.,

Defendants.

Case No. 2:15-CV-4527-GW(PLAx)

NOTICE OF MOTION AND MOTION FOR ORDER ESTABLISHING SALE PROCEDURES AND CONFIRMING RECEIVER'S SALE OF SKIN CARE INVENTORY

Hearing Date: October 19, 2015
TIME: 10:30 A.M.
CRTM: 10
JUDGE: HON. GEORGE WU

# TABLE OF CONTENTS

NOTICE PURSUANT TO LOCAL RULE 66-7(b) .......... 3

NOTICE OF MOTION .......... 3

I. FACTS .......... 5

II. AUTHORITIES .......... 5

III. REQUEST FOR MODIFICATION OF SALE PROCEDURES .......... 7

IV. REQUESTED SALE PROCEDURES .......... 8
 A. Private Sale .......... 9
 B. Abandonment .......... 10
 C. Auction .......... 11

V. REQUEST FOR CONFIRMATION OF SALE .......... 12

CONCLUSION .......... 13

**NOTICE PURSUANT TO LOCAL RULE 66-7(b)**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED.**

**IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**NOTICE OF MOTION**

TO THE HONORABLE JUDGE GEORGE WU, UNITED STATES DISTRICT JUDGE, AND ALL PARTIES IN INTEREST:

PLEASE TAKE NOTICE that on October 19, 2015, commencing at 10:30 a.m. or as soon thereafter as the parties may be heard in Courtroom 10 of the above-entitled Court located at 312 North Spring Street, Los Angeles, California, 90012, Charlene Koonce, the Receiver in the above–entitled action, will and hereby does move the Court for an order establishing sale procedures for personal property, including skin care

products and office contents, belonging to the Receivership Defendants. The Receiver further moves the Court for an order confirming the Receiver's sale of skin care products belonging to the Receivership Defendants.

PLEASE TAKE FURTHER NOTICE that this Motion is based upon this Notice of Motion and Motion; the pleadings, records and files of this case of which the Receiver requests the Court take judicial notice; the separate Notice of Hearing filed and served concurrently; and all other further pleadings, oral and documentary evidence and arguments of counsel as may be presented by the Receiver at or before the time of the hearing on the Motion.

PLEASE TAKE FURTHER NOTICE that a copy of this Notice of Motion and Motion will be mailed by first class mail to all interested persons who do not receive an ECF notice.

PLEASE TAKE FURTHER NOTICE that this Motion is made following the conference of counsel pursuant to Local Rule 7-3. More specifically, on August 26th and August 31, 2015 the Receiver conferred by email with all counsel regarding this Motion. No response to the email was received and the Receiver accordingly presents the motion as unopposed.

*/s/Charlene Koonce*
CHARLENE C. KOONCE
**Receiver**

Charlene Koonce, the Court-appointed Receiver, moves the Court for an order establishing sale procedures for personal property belonging to the Receivership Defendants and confirming the Receiver's sale of the inventory of skin care products. In support, the Receiver respectfully shows the Court as follows:

## I. FACTS

The Receiver was appointed pursuant to the Ex Parte Temporary Restraining Order with Asset Freeze, etc. (the "Receivership Order") issued on June 16, 2015. The Receivership Order and the various Preliminary Injunctions subsequently entered (the "Injunctions") provide that the Receiver is to take possession and control of the assets of the "Receivership Defendants," and take all actions necessary to preserve the value of such assets. The Receiver took possession of all known personal property previously owned or controlled by the Receivership Defendants, including an inventory of skin care products and various office furniture and equipment. All of these items were moved from the office location previously used by the Receivership Defendants, into a storage unit, to avoid incurring any rental obligation for the office space. The Receivership Defendants' business operations have been terminated.

## II. AUTHORITIES

A receiver is neither plaintiff nor defendant, but instead, acts as the Court's agent with respect to the administration of property. *Clark v. Clark*, 58 U.S. 315, 331, 15 L.Ed. 164 (1855); *FSLIC v. PSL Realty Co.*, 630 F.2d 515, 521 (7th Cir. 1980), *cert.*

*denied*, 452 U.S. 961, 69 L.Ed.2d 971, 101 S.Ct. 319 (1981)("receiver is an officer of the court and subject to its orders in relation to the property for which he is responsible until discharged by the court"); *Federal Home Loan Mortgage Corp. v. Spark Tarrytown, Inc.*, 829 F.Supp. 82, 85 (S.D.N.Y. 1993). The orders of the appointing court are the sole source of a receiver's authority, and receivers are therefore authorized to petition the appointing court on matters related to the administration of the receivership. *Gaskill v. Gordon*, 27 F.3d 248, 251 (7th Cir. 1994); *PSL Realty Co.*, 630 F.2d at 521.

Cases discussing administration of equity receiverships are sparse and generally limited to the facts involved in each particular case. *SEC v. Hardy*, 803 F.2d 1034, 1037 (9th Cir. 1986). Nonetheless, two basic principles are recognized in most receivership proceedings. First, district courts are given "extremely broad" discretion in determining "the appropriate procedures to be used in its administration." *FDIC v. Bernstein*, 786 F.Supp. 170, 177 (E.D.N.Y. 1992); *Hardy*, 803 F.2d at 1037; *SEC v. Safety Fin. Service, Inc.*, 674 F.2d 368, 372 (5th Cir. 1982)("Any action by a trial court supervising an equity receivership is committed to his sound discretion and will not be disturbed unless there is a clear showing of abuse"). Second, "a primary purpose of equity receiverships is to promote orderly and efficient administration of the estate by the district court for the benefit of creditors." *Hardy*, 803 F.2d at 1038. Accordingly,

"reasonable procedures instituted by the district court that serve [these] purpose[s]" are generally upheld. *Id.*

The Court has broad powers in it supervision of the receivership estate. By way of this Motion the Receiver seeks an order from this Court (1) establishing sale procedures for personal property; and, (2) confirming the sale of the Receivership Defendants' inventory of skin care products.

For the sale of the skin care products inventory, office furniture and equipment and any other personalty obtained by the receivership estate, the Receiver seeks an Order establishing quicker and less expensive procedures than provided by the otherwise governing statutes identified below. Selling the personal property makes economic sense, because the inventory and the office contents are no longer needed due to the termination of the Receivership Defendants' ongoing business operations, and the estate is incurring storage costs for the property. Accordingly, the Receiver requests that the Court approve the modified sale procedures set forth below, to govern sales of the personalty.

## III. <u>REQUEST FOR MODIFICATION OF SALE PROCEDURES</u>

Title 28 U.S.C. § 2001 provides the procedures pertaining to the sale of real property by a federal receiver. Subsection (a) pertains to procedures for the public sale of real property. Subsection (b) pertains to the sale of real property at a private sale and states:

> "After a hearing of which notice to such interested parties shall be given by publication or otherwise as the court directs, the court may order the sale of such realty or interest or any part thereof at private sale for cash or other consideration and upon such terms and conditions as the court approves, if it finds that the best interest of the estate will be conserved thereby. Before confirmation of any private sale, the court shall appoint three disinterested persons to appraise such property or different groups of three appraisers each to appraise properties of different classes or situated in different localities. No private sale shall be confirmed at a price less than two-thirds of the appraised value. Before confirmation of any private sale, the terms thereof shall be published in such newspaper or newspapers of general circulation as the court directs at least ten days before confirmation. The private sale should not be confirmed if a bona fide offer is made, under conditions prescribed by the court, which guarantees at least a ten percent increase over the price offered in the private sale."

Section 2004 provides:

> "Any personal property sold under order or decree of any court of the United States shall be sold in accordance with section 2001 of this title, unless the court orders otherwise."

Therefore, in the case of the sale of personal property, such as in this case, Section 2004 expressly allows the Court to modify the sale procedures set forth in Section 2001.

## IV. REQUESTED SALE PROCEDURES

The Receiver recommends selling all personal property currently in her possession[1] or later acquired using the procedures set forth below. Establishing these procedures will avoid unnecessary delay and expense necessitated by separate motions each time the Receiver seeks approval of the sale of any personalty. Further, the procedures will streamline the sales process thereby requiring less of the court's time

for routine and ministerial matters. Accordingly, the Receiver requests that the Court approve a) private sale; b) auction; or c) abandonment as further described below, for disposing of all estate personalty.

With respect to all manners of sale listed below, none of the parties to this lawsuit or the Receiver, their agents, assigns, or employees may purchase any of the personal property.

**A. Private Sale**

The Receiver seeks authorization to liquidate at a private sale the personal property in the possession of the Receiver in accordance with the following procedures:

a. The Receiver shall sell the personal property at a private sale conducted by the Receiver or her staff or agents at which the personal property will be offered for sale at a specific asking price, as determined by the Receiver. The Receiver shall set the sales price by determining value from any reputable source, such as a trade journal, appraisal, or comparable sales on public auction sites such as e-Bay. The Receiver may also set a reserve price which may, in the Receiver's sole discretion, be made public by the Receiver. The personal property need not be sold for the asking price, but may be sold at any price at or above the reserve price.

b. The Receiver will conduct the private sale in a location and provide such advertising as in the opinion of the Receiver is appropriate, if any, given the nature and

[1] The only personal property currently in the Receiver's possession which the Receiver anticipates selling, is the skin care inventory, office furniture and equipment.

condition of the property to be sold. Sales on eBay or other similar public forums are specifically authorized, as deemed appropriate in the Receiver's discretion

c. Notice of terms of the sale shall be filed with the Court at least fourteen (14) days before transferring title, possession, or other indicia of ownership in the property. No additional conference with any party is necessary prior to filing the Notice of Sale. If no bids exceeding the notice sale amount by at least 10% are received within fourteen (14) days of the date on which the notice is filed, the Receiver may finalize the sale and transfer possession and ownership of the property pursuant to the terms of the sale.

d. The Receiver shall pay from the Receivership Assets all reasonable and customary costs incurred in connection with the sale, without necessity of obtaining further authorization from the Court.

**B. Abandonment**

In the event the Receiver is unable to sell an item of personal property under the procedures described herein, or if the property is valued at less than $1,000 and the Receiver believes costs associated with an attempted sale will exceed the proceeds of the sale, the Receiver seeks authorization to dispose of the item by either a direct negotiated sale, donation to charity, or destruction. If the personal property is subject to a lien approximately equal to or in excess of the fair market value the Receiver would net from a sale of the personal property, the Receiver may surrender the property to the

lessor or creditor in exchange for the value, if any, of the interest held by the Receiver. The Receiver will include the description of any abandoned property in her Final Report.

**C. Auction**

In lieu of, or in addition to, a private sale, the Receiver seeks authorization to liquidate at a public auction personal property[2] in the Receiver's possession in accordance with the following procedures:

a. The Receiver shall determine, in her discretion, which personal property should be sold by auction so as to obtain the highest net return on the personal property. The Receiver shall sell the personal property to the highest bidder at a public auction conducted by an established auctioneer. The Receiver will provide such advertising, if any, as in the opinion of the Receiver is appropriate given the nature and condition of the property to be sold.

b. The Receiver shall pay from the Receivership Assets all reasonable and customary costs incurred in connection with the auction.

c. Notice of the terms of the sale will be included in the Receiver's periodic reports to the Court.

[2] At this point, the Receiver does not anticipate selling the office furnishings by auction, but requests approval of the auction procedure in the event a private sale is not obtained.

## V. REQUEST FOR CONFIRMATION OF SALE

The Receiver respectfully requests that the Court confirm the sale of the skin care products inventory. The inventory consists of approximately 800 boxes of products, mostly "Dellure" collagen face masks, but also including some AuraVie and LeOr products, and many of "expiration dates"[3] for the Dellure face masks have passed. Because all business operations related to the skin care products have ceased, the inventory will continue to age and lose value, and continued storage reduces the net recovery for the inventory, the products should be sold, rather than stored.

The Receiver was contacted by a prospective purchaser, "Fun Zone, Inc.", who offered $8,500.00 for the skin care inventory. Review of sales on Amazon and eBay for these products support the sales price as reasonable. The Receiver is not aware of any encumbrances on this personal property.

If any competing offers exceeding the current offer by 10%, prior to the Court's ruling on this motion, the Receiver will advise the court and supplement this motion.

The Receiver requests that the Court approve the sale of the Receivership Defendants' inventory of skin care products to Fun Zone for $8,500.00, or any competing offer received before the Court rules on this motion, if such competing offer is greater than $9,350. The sale will be made "as is, where is" with no warranty of any kind.

[3] The "expiration date" on the boxes does not explain how the product expires, i.e., whether the product is no longer effective after the stamped date.

## CONCLUSION

Accordingly, the Receiver requests an order from the Court:

1. Establishing the sale procedures for the sale of personal property described above; and

2. Confirming the sale of the skin care products inventory for $8,500.00 to Fun Zone, or any competing offer received prior to the Court's ruling on this motion, if such offer exceeds $9,350.

WHEREFORE, PREMISES CONSIDERED, the Receiver respectfully requests that the Court grant this Motion and enter an order as requested above, and requests such other and further relief to which she may show herself entitled.

*/s/Charlene Koonce*

Charlene C. Koonce
***Receiver***
500 N. Akard Street, Suite 2700
Dallas, Texas 75201
Telephone: 214-706-4200
Telecopier: 214-706-4242
*Admitted Pro Hac Vice* (TX SBN 11672850)

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that this motion is filed following the conference of counsel pursuant to L.R. 7.3, which took place by emails sent on August 26th and August 31, 2015. The Receiver provided detailed descriptions of the proposed sales and notice procedures identified above, and also provided the amount of the sale for the skin care products and requested a statement of agreement or opposition regarding both matters. No response was received to either email by any counsel, and the Receiver accordingly submits this motion as unopposed.

*/s/Charlene Koonce*
CHARLENE C. KOONCE

**CERTIFICATE OF SERVICE**

The undersigned certifies that on September 18, 2015 a true and correct copy of the foregoing document was electronically filed with the clerk of the U.S. District Court, Central District of California, using the CM/ECF system which will send notification of such filing to the following:

Tom Vidal
Michael Weiss
Nina Nahal Ameri
Abrams Garfinkel Margolis Bergson
5900 Wilshire Blvd Suite 2250
Los Angeles, CA 90036
*Local counsel for Receiver*

David P. Beitchman
Andre Boniadi
Beitchman|Zekian, PC
16130 Ventura Boulevard, Suite 570
Encino, CA 91436
*Counsel for Doron Nottea and Motti Nottea*

Erik S Syverson
Scott M. Lesowitz
Steven T. Gebelin
Raines Feldman LLP
9720 Wilshire Boulevard Fifth Floor
Beverly Hills, CA 90212
*Counsel for Oz Mizrahi*

Marc S. Harris
Annah S Kim
Scheper Kim & Harris, LLP
601 W. Fifth Street, 12th Floor
Los Angeles, CA 90071
*Counsel for Igor Latsanovski and Calenergy, Inc.*

Robert M. Ungar
Crosswind Law
14724 Ventura Blvd Penthouse
Sherman Oaks, CA 91403
*Counsel for Alon Nottea, Roi Rueveni and Adageo, LLC*

Reid Tepfer
Luis Gallegos
Federal Trade Commission
1999 Bryan Street, Suite 2150
Dallas, TX 75201
*Counsel for the FTC*

Raymond E McKown
Federal Trade Commission
10877 Wilshire Boulevard, Suite 700
Los Angeles, CA 90024
*Counsel for the FTC*

Benjamin A Pettit
20 East Pueblo Street
Santa Barbara, CA 93105
*Counsel for Alon Nottea*

In addition, on September 18, 2015, a true and correct copy of the foregoing was served by First Class Mail upon the creditors listed on **Exhibit A**.

*/s/ Charlene C. Koonce*
CHARLENE C. KOONCE