JONATHAN E. NUECHTERLEIN
General Counsel

DAMA J. BROWN
Regional Director

REID TEPFER
rtepfer@ftc.gov
Texas Bar No. 24079444
LUIS GALLEGOS
lgallegos@ftc.gov
Oklahoma Bar No. 19098
Federal Trade Commission
1999 Bryan Street, Suite 2150
Dallas, Texas 75206
(214) 979-9395 (Tepfer)
(214) 979-9383 (Gallegos)
(214) 953-3079 (fax)

RAYMOND McKOWN
rmckown@ftc.gov
California Bar No. 150975
10877 Wilshire Boulevard, Suite 700
Los Angeles, California 90024
(310) 824-4325 (voice)
(310) 824-4380 (fax)

Attorneys for Plaintiff Federal Trade Commission

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**BUNZAI MEDIA GROUP, INC.,** *et al.*<br><br>**Defendants.** | **Case No.  CV 15-4527-GW(PLAx)**<br><br>**PLAINTIFF'S NOTICE AND FIRST AMENDED MOTION FOR LEAVE AND MOTION TO STRIKE AFFIRMATIVE DEFENSES OF IGOR LATSANOVSKI AND CALENERGY, INC.**<br><br>**Hearing Date: October 29, 2015**<br>**Time: 8:30 a.m.**<br>**Location: Courtroom 10, Spring St.**<br>**Judge: Hon. George H. Wu** |

**FIRST AMENDED MOTION TO STRIKE AFFIRMATIVE DEFENSES**

1    Pursuant to L.R. 6-1, Plaintiff gives notice of its First Amended Motion for

2    Leave and Motion to Strike Affirmative Defenses of Igor Latsanovski and

3    CalEnergy, Inc., which will be heard October 29, 2015, at 8:30.a.m. The Federal

4    Trade Commission has sued Defendants Igor Latsanovski and CalEnergy, Inc. for

5    violations of the Federal Trade Commission Act ("FTC Act"),[1]  Section 4 of the

6    Restore Online Shoppers' Confidence Act ("ROSCA"), the Electronic Funds

7    Transfer Act ("EFTA"),[2] and Section 205.10(b) of Regulation E.[3]

8    In Defendants Igor Latsanovski and CalEnergy, Inc.'s Answers to the

9    Complaint, Defendants raise many affirmative defenses that are insufficiently pled

10   and legally unavailable in defense of this action.[4] Accordingly, Plaintiff

11   respectfully requests that the Court strike all of Defendants Igor Latsanovski and

12   CalEnergy, Inc.'s defenses.[5]

13   **I.        Argument**

14         ***A. Good Cause Exists for Leave to File a Motion to Strike.***

15   Plaintiff request leave to file its Motion to Strike Defendants Igor

16   [1] 15 U.S.C. § 45(a).

17   [2] 15 U.S.C. § 1693e(a).

18   [3] 12 C.F.R. § 205.10(b).

19   [4] *See* Doc. No. 171 & 173.

20   [5] *See id.*

**FIRST AMENDED MOTION TO STRIKE AFFIRMATIVE DEFENSES**

Latsanovski and Calenergy's Affirmative Defenses (Motion to Strike).  Federal Rule of Civil Procedure allows the Court to strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.  The court may act on its own or on a motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.[6]  In the present matter, Defendants Igor Latsanovski and Calenergy, Inc. filed their respective Answers[7] to the Plaintiff's Complaint on August 20, 2015.

Based on the Federal Rules and Local Rules, Plaintiff's Motion to Strike would have been due on September 14. However, an extension may be permitted for good cause including excusable neglect.[8]  Because of the number of defendants involved in this matter, several of which have raised improper affirmative defenses or jury demands, Plaintiff inadvertently missed the due date to file its Motion to Strike for these two defendants by a single days.  Although the Court may *sua sponte* strike Defendants' affirmative defense, Plaintiff requests that the Court grant it leave to file its Motion to Strike so that it may brief the Court on the caselaw regarding Defendants' affirmative defenses.

---

[6] *See* FED. R. CIV. P. 12(f).

[7] Doc. No. 171 & 173.

[8] FED. R. CIV. P. 6(b)(1)(B).

**FIRST AMENDED MOTION TO STRIKE AFFIRMATIVE DEFENSES**

Page | 3

1

### B. The Legal Standard for Striking Affirmative Defenses

2      A party may move to strike "from a pleading an insufficient defense or any

3 redundant, immaterial, impertinent, or scandalous matter."[9] Such a request

4 "should be granted where the defenses to be stricken are insufficient as a matter of

5 law, immaterial, in that they have no essential or important relationship to the

6 claim for relief . . . or are impertinent in that the matter consists of statements that

7 do not pertain, and are not necessary, to the issues in question."[10] When evaluating

8 a motion to strike affirmative defenses, a court should treat "all well-pleaded facts

9 as admitted and cannot consider matters beyond the pleadings."[11]

10      An affirmative defense is insufficient on its face if it contains no more than

11 bare conclusory allegations of law unsupported by any asserted facts.[12]

12
---

[9] *See* FED. R. CIV. P. 12(f).

13

14 [10] *FDIC v. Butcher*, 660 F. Supp. 1274, 1277 (E.D. Tenn. 1987) (citations
omitted).

15 [11] *Reyher v. Trans World Airlines*, 881 F. Supp. 574, 576 (M.D. Fla. 1995); *see
also Kelly v. Kosuga*, 358 U.S. 516 (1959) ("[T]he facts underlying [a motion to

16 strike] must be taken to be those set up in the . . . [pleadings].").

17 [12] *See*, *e.g.*, *Schechter v. Comptroller of N.Y.*, 79 F.3d 265, 270 (2nd Cir. 1996)
(quoting *National Acceptance Co. of Am. v. Regal Prods., Inc.*, 155 F.R.D. 631,

18 634 (E.D. Wis. 1994)) ("Affirmative 'defenses which amount to nothing more
than mere conclusions of law and are not warranted by any asserted facts have no

19 efficacy.'"); *Renalds v. S.R.G. Rest. Group*, 119 F. Supp. 2d 800, 803 (N.D. Ill.
2000) (finding affirmative defenses insufficient on their face where bare-boned

20 conclusory allegations simply stated legal theories without indicating how they
were connected to the case).

**FIRST AMENDED MOTION TO STRIKE AFFIRMATIVE DEFENSES**

Affirmative defenses must meet minimum pleading standards to provide the opposing party with "fair notice" of the defense and the grounds on which it rests.[13] An affirmative defense is invalid if "the plaintiff would succeed despite any set of facts that could be proved in support of the defense."[14]

A district court has the power to limit pleadings to "avoid the expenditure of time and money that would arise from litigating spurious issues, by dispensing with those issues prior to trial."[15] Striking irrelevant affirmative defenses is an appropriate use of such authority. If an affirmative defense is invalid as a matter of law, that determination should be made at an early stage of the proceedings, "in order to avoid the needless expenditures of time and money involved in litigating" fruitless matters and to focus the parties on the bona fide issues in the case.[16]

---

[13] *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 458 (10th Cir. 1982) ("The policy behind Rule 8(c) is to put plaintiff on notice well in advance of trial that defendant intends to present a defense in the nature of an avoidance.").

[14] *EEOC v. First Nat'l Bank of Jackson*, 614 F. 2d 1004, 1008 (5th Cir. 1980).

[15] *See* 2-12 MOORE'S FEDERAL PRACTICE § 12.37[3] (2009); *Sky Harbor Air Serv., Inc. v. Reams*, 491 F. App'x 875, 884 (10th Cir. 2012) (holding that trial judge has discretion in barring faulty affirmative defense claims that impede "the expeditious conclusion of litigation").

[16] *Purex Corp., Ltd. v. Gen. Foods Corp.*, 318 F. Supp. 322, 323 (C.D. Cal. 1970); *Hart v. Baca*, 204 F.R.D. 456, 457 (C.D. Cal. 2001); *see also California ex rel. State Lands Com. v. United States*, 512 F. Supp. 36, 38 (N.D. Cal. 1981) ("Where the motion may have the effect of making the trial of the action less complicated, or have the effect of otherwise streamlining the ultimate resolution of the action,

**FIRST AMENDED MOTION TO STRIKE AFFIRMATIVE DEFENSES**

Further, sound policy reasons support striking redundant or legally insufficient affirmative defenses. Defendants should not be permitted to use legally insufficient "affirmative defenses" to frustrate the purpose of a federal statute or to thwart public policy.[17] An agency charged with enforcement of an important regulatory scheme in the public interest, such as the FTC, should not be thwarted or distracted by conclusory and improbable allegations.[18] Striking improper affirmative defenses is also in the interest of judicial efficiency, as it would eliminate the need for the Court to address these extraneous issues at trial.

### C. Defendants' Alleged Affirmative Defenses Are Not Adequately Pled

As an initial matter, Defendants have not set forth in their Answer circumstances or conduct to support each of their affirmative defenses, as required

---

the motion to strike will be well taken."); *Fed. Sav. & Loan Ins. Corp. v. Budette*, 696 F. Supp. 1183, 1187 (E.D. Tenn. 1988) ("Forthrightly dealing with inadequate or improper affirmative defenses . . . at an early stage in the litigation helps the parties focus discovery on the real issues in the case and reduces the cost of litigation to the parties."); *FDIC v. Main Hurdman*, 655 F. Supp. 259, 263 n.6 (E.D. Cal. 1987) (noting that motions to strike further the goal of judicial efficiency).

[17] *See, e.g., Pan Am. Petroleum 11 & Transp. Co. v. U.S.*, 273 U.S. 456, 506 (1927) ("[The general principles of equity] will not be applied to frustrate the purpose of its laws or thwart public policy.").

[18] *See Donovan v. Robbins,* 99 F.R.D. 593, 600 (N.D. Ill. 1983) (finding "substantial policy consideration militating against inhibiting the enforcement of an important regulatory scheme based on some alleged 'unclean hands' of the agency charged with enforcement").

**FIRST AMENDED MOTION TO STRIKE AFFIRMATIVE DEFENSES**

by Fed. R. Civ. P. 8. They simply assert that Plaintiff's claims are barred by various affirmative defenses, without giving any indication of what conduct they are referring to or how these vague legal concepts are adequate defenses.[19] By listing generic affirmative defenses—without any facts, details, or elaboration—Defendants fail to provide Plaintiff the required "fair notice" of their defense and the grounds on which it rests.[20] On this basis alone, Defendants' affirmative defenses should be stricken.

**D.      *Defendants Latsanovski and CalEnergy's Affirmative Defenses Are Unavailable as a Matter of Law.***

## 1. Defendants' Affirmative Defense of Failure to State a Claim Should Be Stricken.

Defendants assert that the FTC failed to state a claim or cause of action upon which relief can be granted.[21] In evaluating this defense, the Court must presume that all factual allegations in the FTC's Complaint are true and make all reasonable inferences in favor of the FTC in assessing the legal sufficiency of the

---

[19] *See* Doc. No. 171 & 173, at 17-18.

[20] *See Conley v. Gibson*, 355 U.S. 41, 47 (1957) ("[T]he Rules require a short plain statement of the claim [here, defense] that will give fair notice of what [it] is and the grounds upon which it rests."); *Qarbon.com, Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1049-50 (N.D.Cal. 2004) (affirmative defenses stating only that plaintiffs are barred from recovery by doctrines of waiver, estoppel, and unclean hands insufficient to provide fair notice to plaintiffs).

[21] *See* Docs. 171 & 173, at 17.

**FIRST AMENDED MOTION TO STRIKE AFFIRMATIVE DEFENSES**

1  affirmative defense.[22] The FTC's complaint alleges facts, which taken as true for

2  the purposes of this motion, are sufficient to support the three counts set forth in

3  the Complaint.[23]

### 2. Defendants' Affirmative Defense of Reservation of Rights to Allege Additional Affirmative Defenses Should Be Stricken.

5      Defendants assert that they further reserve the right to allege additional

6  affirmative defenses throughout the course of discovery.[24]

7      This is an improper defense.[25] Rule 8(c) does not provide this unilateral

8  assertion as a valid defense. In *Boss Prods. Corp. v. Tapco Int'l Corp.*,[26] the court

9  struck the defendant's affirmative defense that sought to reserve "the right to add

10 additional Affirmative Defenses as discovery proceeds in this case." The court

11 reasoned that if by the inclusion of such an affirmative defense the defendant

12 sought to reserve the unilateral right to add new and different affirmative

13 defenses, any such addition would violate, *inter alia*, the fair notice requirement

14

15 [22] *See Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976).

16 [23] Further, the Court has already held the FTC is likely to succeed on the merits in
   this case. *See* Doc. 10 (granting TRO against Defendants).

17
   [24] *See* Docs. 171 & 173, at 18.

18
   [25] *FTC v. Bay Area Business Council, Inc.*, 2003 U.S. Dist. LEXIS 7261, at *10

19 (N.D. Ill. 2003).

20 [26] No. 00-CV-0689E(M), 2001 WL 135819, at *3 (W.D.N.Y. Feb. 16, 2001).

**FIRST AMENDED MOTION TO STRIKE AFFIRMATIVE DEFENSES**

1  of Fed. R. Civ. P. 8 and circumvent Fed. R. Civ. P. 15.[27]

2         Rule 12(b) of the Federal Rules of Civil Procedure is clear in its direction

3  that "[e]very defense, in law or fact, to a claim for relief in any pleading . . . shall

4  be asserted in the responsive pleading thereto if one is required . . . ." That rule

5  goes on to provide for seven exceptions, not applicable here, for defenses that

6  may, at the option of the pleader, be made by motion.[28]

7         The proper remedy where a defendant wishes to assert an affirmative

8  defense after failing to do so in its initial responsive pleading is to seek leave of

9  Court to amend the answer to plead the omitted defense.[29] Since Defendants have

10 the right to add affirmative defenses by seeking leave of Court to amend their

11 Answer or raising them in a dispositive pre-trial motion, there is no need to hold a

---

12 [27] In *County Van Lines, Inc. v. Experian Information Solutions, Inc.*, the court
   struck this affirmative defense, stating: "if, by the inclusion of such defense,
13 defendant wishes to reserve the unilateral right to add new and different
   affirmative defenses as they become known to it at indeterminate times in the
14 future, any such addition would violate, inter alia, the fair notice requirement of
   Fed. R. Civ. P. 8 and circumvent Fed. R. Civ. P. 15." 205 F.R.D. 148, 157-58
15 (S.D.N.Y. 2002); *see also Krisa v. Equitable Life Assurance Society*, 113 F. Supp.
   2d 694, 708 (M.D. Pa. 2000) ("There is neither a need nor a right to express such
16 a 'reservation' in an affirmative defense."); *Liberty Motor & Mach. Co. v. The
   Hartford Accident & Indem. Co.*, No. 90 3861 WLB, 1992 U.S. Dist. LEXIS
17 22529, at *6-7 (S.D. Ill. Mar. 18, 1992) ("This general attempt to reserve the right
   to set forth further affirmative defenses does not satisfy the requirement of Rule
18 8(c)").

19 [28] FED. R. CIV. P. 12(b).

20 [29] *See* FED. R. CIV. P. 15(a)(2).

---

**FIRST AMENDED MOTION TO STRIKE AFFIRMATIVE DEFENSES**
Page | 9

"reservation" as Defendants wish to do here. Accordingly, the Defendants' affirmative defense that reserves the right to assert defenses later should be stricken.

### 3. Defendants Affirmative Defense that the FTC's Complaint Violates the Eighth Amendment's Is Irrelevant.

Defendants raise as an affirmative defense that the FTC's Complaint violates the Eighth Amendment's prohibition of excessive fines. This affirmative defense is irrelevant and legally unavailable because the FTC does not seek statutory penalties or fines in its Complaint.[30]

### E. Many of Defendants Alleged Affirmative Defenses Are in Fact Negative Defenses.

Defendants raise as affirmative defenses including: that consumers consented;[31] that any alleged damages[32] were caused by third parties;[33] that their actions caused no damages;[34] and that they complied with "statutes, rules, and

---

[30] *See* Doc. 3, at 37-38.

[31] *See* Doc. No. 171 & 173, at 17 (listing affirmative defense of consent).

[32] *See* Doc. No. 171 & 173, at 17. Defendants erroneously use the term "damages" in their respective Answers. More correctly, the FTC alleges "consumer injury," the equitable monetary measure of injury consumers sustained caused by Defendants' unlawful business practices.

[33] *See* Doc. No. 171 & 173, at 17.

[34] *See* Doc. No 171 & 173, at 17 (listing "No Damages" as an affirmative defense).

**FIRST AMENDED MOTION TO STRIKE AFFIRMATIVE DEFENSES**

regulations that govern the subject matter of this lawsuit"[35] and were "lawful, proper and justified means to further the sole purpose of engaging in and continuing its business."[36] As explained below, these so-called affirmative defenses are actually negative defenses and should be stricken.

Negative defenses simply repeat a defendant's denials of the allegations in a complaint.[37] Consequently, under Fed. R. Civ. P. 12(f), such defenses are redundant and should be stricken.[38] In this case, it is clear from their Answers that the Defendants deny that they engaged in the unlawful acts and practices alleged in the Complaint and that they deny liability for any consumer injury (damages) caused by these unlawful acts or practices . The so-called affirmative defenses in question here relate to whether Defendants have violated statutes enforced by the FTC and whether they are liable for consumer injury. Therefore, Defendants' affirmative defenses are negative defenses that should be stricken as redundant.

## II.    Conclusion

For the foregoing reasons, Defendants' affirmative defenses are legally

---

[35] *See* Doc. No. 171 & 173  (citing "Compliance with Statute" as an affirmative defense).

[36] *See* Doc. No. 171 & 173, at 18.

[37] *Texidor v. E.B. Aaby's Rederi A/S*, 354 F. Supp. 306, 309 (D. P.R. 1972).

[38] *Bobbitt v. Victorian House, Inc.*, 532 F. Supp. 734, 736, 738-39 (N.D. Ill. 1982); *Texidor*, 354 F. Supp. at 309.

**FIRST AMENDED MOTION TO STRIKE AFFIRMATIVE DEFENSES**

insufficient, immaterial, or redundant. To save time, money, and to focus the

parties on meritorious issues, the FTC respectfully requests that the Court grant

the FTC leave to file its Motion and strike, under Fed. R. Civ. P.12(f), each of

Defendants' purported defenses.

Respectfully submitted,


Dated: 9/15/15                          /s/ REID TEPFER_____
                                        REID A. TEPFER
                                        LUIS H. GALLEGOS
                                        Attorneys for the Plaintiff
                                        Federal Trade Commission
                                        1999 Bryan Street, Suite 2150
                                        Dallas, Texas 75201
                                        (214) 979-9395 (Tepfer)
                                        (214) 979-9383 (Gallegos)
                                        (214) 953-3079 (facsimile)
                                        rtepfer@ftc.gov
                                        lgallegos@ftc.gov

**FIRST AMENDED MOTION TO STRIKE AFFIRMATIVE DEFENSES**

1

## CERTIFICATE OF CONFERENCE

2

This motion is made following the conference with counsel for Defendants Igor Latsanovski, and CalEnergy, Inc., Annah Kim, pursuant to L.R. 7-3, which took place on September 15, 2015. Defendants oppose the motion.

3

4

## CERTIFICATE OF SERVICE

5

6

The undersigned certifies that on September 15, 2015, a true and correct copy of the foregoing document was electronically filed with the clerk of the U.S. District Court, Central District of California, using the electronic case filing system of the court. The attorneys listed below were served by pursuant to the ECF notice generated by the Court.

7

8

9
Tom Vidal
Michael Weiss
10
Nina Nahal Ameri
Abrams Garfinkle Margolis Bergson
11
5900 Wilshire Blvd Suite 2250
Los Angeles, CA 90036
12
nameri@agmblaw.com
*Local counsel for Receiver*
13

Erik S Syverson
14
Raines Feldman LLP
9720 Wilshire Boulevard Fifth Floor
15
Beverly Hills, CA 90212
esyverson@raineslaw.com
16
*Counsel for Oz Mizrahi*

17

18

19

20

**FIRST AMENDED MOTION TO STRIKE AFFIRMATIVE DEFENSES**
Page | 13

1

Robert M. Ungar
Crosswind Law

2

14724 Ventura Blvd Penthouse
Sherman Oaks, CA 91403

3

rmu@crosswindlaw.com
*Counsel for Alon Nottea and*

4

*Roi Rueveni*

5

Randi R. Geffner
Esensten Law

6

12100 Wilshire Blvd.
Suite 1660

7

Los Angeles, CA 90025
(310) 273-3090

8

RGEFFNER@ESENSTEINLAW.COM
*Counsel for Doron Nottea and Motti Nottea*

9

10

Marc S. Harris
Scheper Kim & Harris, LLP

601 W. Fifth Street, 12th Floor

11

Los Angeles, CA 90071
mharris@scheperkim.com

12

*Counsel for Igor Latsanovski and*
*CalEnergy, Inc*

13

14

Annah Kim
Scheper Kim & Harris, LLP
601 W. Fifth Street, 12th Floor

15

Los Angeles, CA 90071
akim@scheperkim.com

16

*Counsel for Igor Latsanovski and*
*CalEnergy, Inc*

17

18

19

20

**FIRST AMENDED MOTION TO STRIKE AFFIRMATIVE DEFENSES**

1  Charlene Cantrell Koonce
   Receiver
2  Scheef & Stone
   500 N. Akard, Suite 2700
3  Dallas, Texas 75201
   charlene.koonce@solidcounsel.com
4  *Receiver*

5  Kelly M. Crawford
   Scheef and Stone
6  500 N. Akard, Suite 2700
   Dallas, Texas 75201
7  kelly.crawford@solidcounsel.com
   *Counsel to Receiver*

8

9                                    /S/ REID TEPFER
                                     REID TEPFER

10

11

12

13

14

15

16

17

18

19

20

**FIRST AMENDED MOTION TO STRIKE AFFIRMATIVE DEFENSES**