
Michael J. Weiss (SBN 206473)
**Abrams Garfinkel Margolis Bergson, LLP**
5900 Wilshire Blvd. Suite 2250
Los Angeles, CA 90036
310-300-2900
310-300-2901- Fax
Mweiss@agmblaw.com

Charlene Koonce (TX SBN 11672850)
*Admitted Pro Hac Vice*
**Scheef & Stone, L.L.P.**
500 N. Akard, Suite 2700
Dallas, Texas  75201
214-706-4200
214-706-4242 - Fax
Charlene.koonce@solidcounsel.com
Receiver

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>  Plaintiff,<br><br>v.<br><br>BUNZAI MEDIA GROUP, INC., a California corporation, also doing business as AuraVie and Miracle Face Kit, et al.,<br><br>  Defendants. | Case No. 2:15-CV-4527-GW(PLAx)<br><br>**RECEIVER'S RESPONSE TO CHARGEBACK ARMOR INC.'S MOTION TO MODIFY THE PRELIMINARY INJUNCTION, ETC.** |

Charlene Koonce, the Court-appointed Receiver (the "Receiver"), responds to Chargeback Armor, Inc.'s ("CBA") Motion to Modify Temporary Restraining Order

Receiver's Response to Chargeback Armor Inc.'s Motion to Modify the Preliminary Injunction, etc.

and Preliminary Injunction, etc., (the "Motion") and respectfully shows the Court as follows:

The Receiver files this Response to correct false or inaccurate statements in CBA's Motion, and clarify, again, that the Receiver is not holding or controlling CBA's funds. As discussed below, because no relief with respect to the Receiver is necessary or appropriate, the Receiver does not address the merits of CBA's motion.

As specified in the Initial Report," CBA's bank account is frozen "because Defendant Doron Nottea was a signatory on the account and identified in the bank's profile as an account owner."[1]  Likewise, the freeze on CBA's assets is appropriate because the assets are "controlled by" a named Defendant; held in the "constructive possession" of a named Defendant; and in the actual possession of an "entity directly or indirectly owned, managed, or controlled by any Defendant.[2]  The TRO and the Preliminary Injunctions accordingly directed asset holders to institute the freeze at issue.

Nonetheless, CBA's bank account is not subject to the Receiver's control, since she has control only over assets of "Receivership Defendants."[3]  And thus, contrary to CBA's continued but inaccurate refrain, as assets subject only to the asset freeze but not the Receiver's control, the assets are not available to pay the administrative

---

[1] Docket No. 122, p. 19.
[2] Docket No. 105, ¶ IV A. 1, 2 and 4.  Further, although inaccurately reflected in CBA's Motion, the Initial Report provides ample discussion regarding Alon Nottea's control and beneficial ownership over CBA. Docket No. 122, p. 19.

- 2 -
Receiver's Response to Chargeback Armor Inc.'s Motion to Modify the Preliminary Injunction, etc.

expenses of the receivership. More importantly, because the Receiver is not exercising any control over the account, CBA's request that the Court direct the Receiver to take any action with respect to an account over which she has no control or authority is improper.

Finally, as CBA's counsel is well-aware based on extensive communications that occurred at the time a "new" CBA account was opened, neither the FTC nor the Receiver requested a freeze on the new account. The freeze was instituted by the bank, on the bank's initiative, presumably because of the prior freeze on the existing account. Despite Mr. Costache's abusive and inappropriate behavior at the bank (which prompted a call from the bank manager to the Receiver asking if any objection existed to calling the police to have Mr. Costache escorted from the building), all steps necessary to release the freeze on the new account were taken promptly upon notice of that freeze.

>/s/Charlene Koonce
> Charlene C. Koonce
> ***Receiver***
> 500 N. Akard Street, Suite 2700
> Dallas, Texas 75201
> Telephone: 214-706-4200
> Telecopier: 214-706-4242
> *Admitted Pro Hac Vice* (TX SBN 11672850)
> **SCHEEF & STONE, L.L.P.**

---

[3] This posture has been explained in writing and over the phone to CBA's counsel *at least* a half dozen times.

# **CERTIFICATE OF SERVICE**

The undersigned certifies that on September 28, 2015 a true and correct copy of the foregoing document was electronically filed with the clerk of the U.S. District Court, Central District of California, using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Tom Vidal<br>Michael Weiss<br>Nina Nahal Ameri<br>Abrams Garfinkel Margolis Bergson<br>5900 Wilshire Blvd Suite 2250<br>Los Angeles, CA 90036<br>*Local counsel for Receiver* | Robert L. Esensten<br>Randi R. Gefflner<br>Esensten Law<br>12100 Wilshire Boulevard, Suite 1660<br>Los Angeles, CA 90025<br>*Counsel for Doron Nottea and Motti Nottea* |
| Erik S Syverson<br>Scott M. Lesowitz<br>Steven T. Gebelin<br>Raines Feldman LLP<br>9720 Wilshire Boulevard Fifth Floor<br>Beverly Hills, CA 90212<br>*Counsel for Oz Mizrahi* | Marc S. Harris<br>Annah S Kim<br>Scheper Kim & Harris, LLP<br>601 W. Fifth Street, 12th Floor<br>Los Angeles, CA 90071<br>*Counsel for Igor Latsanovski and Calenergy, Inc.* |
| Robert M. Ungar<br>Crosswind Law<br>14724 Ventura Blvd Penthouse<br>Sherman Oaks, CA 91403<br>*Counsel for Alon Nottea, Roi Rueveni and Adageo, LLC* | Reid Tepfer<br>Luis Gallegos<br>Federal Trade Commission<br>1999 Bryan Street, Suite 2150<br>Dallas, TX 75201<br>*Counsel for the FTC* |
| Raymond E McKown<br>Federal Trade Commission<br>10877 Wilshire Boulevard, Suite 700<br>Los Angeles, CA 90024<br>*Counsel for the FTC* | Benjamin A Pettit<br>20 East Pueblo Street<br>Santa Barbara, CA 93105<br>*Counsel for Alon Nottea* |

         */s/ Charlene C. Koonce*
         CHARLENE C. KOONCE