Michael J. Weiss (SBN 206473)
**ABRAMS GARFINKEL MARGOLIS BERGSON, LLP**
5900 Wilshire Blvd. Suite 2250
Los Angeles, CA 90036
310-300-2900
310-300-2901- Fax
Mweiss@agmblaw.com

Kelly M. Crawford (TX SBN 05030700)
*Admitted Pro Hac Vice*
**SCHEEF & STONE, L.L.P.**
500 N. Akard, Suite 2700
Dallas, Texas 75201
214-706-4200
214-706-4242 - Fax
Kelly.crawford@solidcounsel.com
Attorneys for Receiver

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> BUNZAI MEDIA GROUP, INC., a California corporation, also doing business as AuraVie and Miracle Face Kit, et al., <br><br> Defendants. | Case No. 2:15-CV-4527-GW(PLAx) <br><br> RESPONSE TO OBJECTION REGARDING MOTION FOR ORDER ESTABLISHING SALE PROCEDURES AND CONFIRMING RECEIVER'S SALE OF SKIN CARE INVENTORY, AND REPLY IN SUPPORT <br><br> Hearing Date: November 2, 2015 <br> TIME: 8:30 A.M. <br> CRTM: 10 <br> JUDGE: HON. GEORGE WU |

---

- 1 -
RECEIVER'S RESPONSE TO OBJECTION AND REPLY IN SUPPORT OF MOTION FOR ORDER ESTABLISHING
SALE PROCEDURES AND CONFIRMING RECEIVER'S SALE OF SKIN CARE INVENTORY

Charlene Koonce, the Court-appointed Receiver responds to Alon Nottea, et al.'s objection to the proposed Order for the Receiver's Motion for Order Establishing Sale Procedures and Confirming Receiver's Sale of Skin Care Inventory, and in support, respectfully shows the Court as follows:

1.      Defendants' first objection to the proposed order is that it should "provide for the copying and removal of digital data from hard drives prior to disposing of the computers, and making copies of such digital data available to Defendants subject to a protective order re nondisclosure of the copied data."[1]

2.      The Receiver has no objection to this proposal, except that a) Defendants should bear the costs of making any digital image of the data; and b) Defendants must confer with the FTC (not the Receiver) regarding the terms of any protective order, and must be responsible for preparation and filing such an order. And, entities owned by Doron Nottea which were not involved in the Enjoined Conduct have expressed interest in buying the electronic equipment.  If a sale is made to one of Doron Nottea's non-defendant entities,[2] those entities would not want the data on the drives wiped. The Receiver has accordingly modified the proposed order to provide the following:

---

[1] Docket No. 219.
[2] The Receiver is negotiating a potential sale of the computers and electronic equipment to one of Doron Nottea's porn business entities, one of which claims ownership of some of the computers.  To date, no other defendant has expressed any objection to such a sale, and the FTC likewise does not object in principal.  If such a sale is agreed upon, the defendants will obtain access to the computer data once Doron has possession of the computers.

**PRESERVATION AND PROTECTION OF DATA STORED ON COMPUTERS**

Prior to sale or other disposition of any computer or electronic equipment on which data is stored, Defendants may contract with an independent third-party IT expert to obtain an electronic copy or image of all such data. The copies shall be made at Defendants' expense, and made at a time and manner convenient to the Receiver but as soon as practicable. Defendants shall confer with the FTC and move the court for a Protective Order regarding any of the electronically stored data, if a Protective Order is necessary and appropriate. If sale of computers is made to any person or entity other than business entities owned or controlled by an Individual Defendant, all electronically stored data shall be erased from the computers prior to such a sale.

3. Defendant's second objection is that since the prior contents of the Canby locations cannot likely be sold for more than the costs related to their storage and sale, the assets should be abandoned to Secured Commerce so that the estate incurs no further expense regarding that property. The factual assertion of this objection is correct. Selling the assets for an amount sufficient to reimburse the estate for the costs *already* incurred in moving and storing the assets will be challenging. Incurring those costs, however, was necessary because Defendants would not confirm which entity owned the assets (and thus they could neither be sold nor abandoned), and the Canby locations had to be vacated to eliminate a potential future obligation to pay rent.[3]

---

[3] The Receiver vacated the Canby locations on or about August 26-28th, but had previously conferred with Defendants asking for confirmation of which entity owned the furnishings in those locations. Defendants, however, provided no information in response which necessitated, in part, the Receiver's motion which sought a finding that those assets were owned by a "Receivership Defendant" and appropriate for the Receiver to sell. Had Defendants confirmed ownership of those assets by a Receivership Defendant, the Receiver could have sold them from the Canby location without incurring moving or storage costs. Likewise, although Doron Nottea contends some of the contents of one of the Canby locations are owned by one of his porn entities, he did not make that contention until the move was already in progress.

4. Since the estate has already incurred substantial expenses related to moving and storing those assets – mostly furniture – the assets should be sold if a sale in an amount in excess of $1,000 can be achieved.[4]  If no offers of at least $1,000 are received, the proposed order authorizes abandonment of the furnishings, which will be accomplished as soon and as cheaply as possible.  Defendants, however, proffer no reason why abandonment should be made to Secured Commerce, rather than a charity such as Good Will.[5]  The Receiver believes abandonment to Secured Commerce would be inequitable, particularly given the lack of cooperation in identifying any entity which owned or claimed an ownership in the property, thereby necessitating the moving and storage costs.

Finally, no Defendant or creditor objects to or opposes sale of the skin care inventory.  To minimize the storage costs incurred by the estate, which will increase with any delay on deciding the motion, the Receiver requested and Defendants do not oppose, waiver of the hearing on the sale of the skin cream inventory.  The Receiver has accordingly notified the clerk regarding the request to waive argument regarding confirmation of the sale and submitted a separate proposed order for the sale of the skin care inventory.

---

[4] Separate offers for the furniture and the electronic equipment are being negotiated.
[5] Further, Doron Nottea, not the objecting parties Alon Nottea and Roi Reuveni, owns Secured Commerce, LLC. Alon Nottea and Reuveni's request for abandonment to a non-party they do not control or own, an entity which did not oppose the Receiver's motion, should accordingly receive no consideration.

WHEREFORE, PREMISES CONSIDERED, the Receiver respectfully requests that the Court grant this Motion and enter an order as requested above, and requests such other and further relief to which she may show herself entitled.

Respectfully submitted,

*/s/Charlene Koonce*
Charlene C. Koonce
***Receiver***

Scheef & Stone, LLP
500 N. Akard Street, Suite 2700
Dallas, Texas 75201
Telephone: 214-706-4200
Telecopier: 214-706-4242
*Admitted Pro Hac Vice* (TX SBN 11672850)

# CERTIFICATE OF SERVICE

The undersigned certifies that on October 5, 2015 a true and correct copy of the foregoing document was electronically filed with the clerk of the U.S. District Court, Central District of California, using the CM/ECF system which will send notification of such filing to the following:

Tom Vidal
Michael Weiss
Nina Nahal Ameri
Abrams Garfinkel Margolis Bergson
5900 Wilshire Blvd Suite 2250
Los Angeles, CA 90036
*Local counsel for Receiver*

Robert L. Esensten
Randi R. Gefflner
Esensten Law
12100 Wilshire Boulevard, Suite 1660
Los Angeles, CA 90025
*Counsel for Doron Nottea and Motti Nottea*

Erik S Syverson
Scott M. Lesowitz
Steven T. Gebelin
Raines Feldman LLP
9720 Wilshire Boulevard Fifth Floor
Beverly Hills, CA 90212
*Counsel for Oz Mizrahi*

Marc S. Harris
Annah S Kim
Scheper Kim & Harris, LLP
601 W. Fifth Street, 12th Floor
Los Angeles, CA 90071
*Counsel for Igor Latsanovski and Calenergy, Inc.*

Robert M. Ungar
Crosswind Law
14724 Ventura Blvd Penthouse
Sherman Oaks, CA 91403
*Counsel for Alon Nottea, Roi Rueveni and Adageo, LLC*

Reid Tepfer
Luis Gallegos
Federal Trade Commission
1999 Bryan Street, Suite 2150
Dallas, TX 75201
*Counsel for the FTC*

Raymond E McKown
Federal Trade Commission
10877 Wilshire Boulevard, Suite 700
Los Angeles, CA 90024
*Counsel for the FTC*

Benjamin A Pettit
20 East Pueblo Street
Santa Barbara, CA 93105
*Counsel for Alon Nottea*

In addition, a true and correct copy of the foregoing was served by First Class Mail upon the creditors listed on **Exhibit A**.

                                                    */s/ Charlene C. Koonce*
                                                  CHARLENE C. KOONCE