**SCHEPER KIM & HARRIS LLP**
MARC S. HARRIS (State Bar No. 136647)
mharris@scheperkim.com
ANNAH S. KIM (State Bar No. 190609)
akim@scheperkim.com
601 West Fifth Street, 12th Floor
Los Angeles, CA  90071-2025
Telephone: (213) 613-4655
Facsimile:  (213) 613-4656

**Attorneys for Defendants**
**Igor Latsanovski and Calenergy, Inc.**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>BUNZAI MEDIA GROUP INC., et al.,<br><br>Defendants. | CASE NO. CV 15-04527 GW (PLAx)<br><br>**OPPOSITION OF DEFENDANTS IGOR LATSANOVSKI AND CALENERGY, INC. TO FIRST AMENDED MOTION FOR LEAVE AND MOTION TO STRIKE AFFIRMATIVE DEFENSES**<br><br>**Date:      Novembe 2, 2015**<br>**Time:      8:30 am**<br>**Judge:      Hon. George Wu** |

# I.  **OPPOSITION**

Twenty-six days after Igor Latsanovski and Calenergy, Inc. ("Latsanovski Defendants") filed their affirmative defenses on August 20, 2015, FTC made its first and only attempt to confer regarding its request for leave to file an untimely motion to strike the affirmative defenses asserted by Latsanovski Defendants by asserting that the Court was likely to excuse its untimely filing.

The FTC not only failed to comply with its September 14, 2015 filing deadline, it also failed to meet and confer 5 days prior to filing its September 15 motion and did not file a properly noticed motion in violation of the local rules.  *See* L.R. 7-4 (Court may decline to consider a motion unless it lists "the date and time of the motion hearing") and L.R. 7-3 (counsel "shall first contact opposing counsel to discuss thoroughly… the substance of the contemplated motion" … "at least five (5) days prior to the last day for filing the motion") and Doc. No. 212 (FTC's Motion for Leave and Motion to Strike) (no motion hearing date or time set and certificate of counsel on September 15).[1]

On September 24, 2015, the FTC filed an Amended Motion for Leave and Motion to Strike (Doc. No. 217), but made no further attempt to confer regarding its proposed motion after September 15, 2015.  *See* Motion at 13 (conference of counsel occurred on September 15, 2015.)[2]  This Motion should be denied because

---

[1]  Pursuant to FRCP 12(f)(2), the motion to strike was due twenty one days after the answer (Wednesday, September 10) but the FTC had three additional days to file its motion due to email service, which caused the deadline to fall on a Sunday and gave the FTC an additional day to file (Monday, September 14).  *See* FRCP Rule 5(b)(2)(E) and 6(a) and 6(d).

[2]  Upon review of the authorities provided in the Initial Motion and its representation that the FTC will not seek statutory penalties, which the FTC did not prior to filing, the Latsanovski Defendants agree to withdraw the following affirmative defenses:  Reservation of Rights, and Violation of the Eighth Amendment.

1  there is no good cause to extend the deadline and the motion to strike is

2  unnecessary.

3  **II.** **THERE IS NO GOOD CAUSE TO EXTEND THE MOTION**

4      **DEADLINE**

5      As a matter of law, the court may only extend the FTC's deadline to file a

6  motion for good cause if the FTC "failed to act because of excusable neglect." Fed.

7  R. Civ. P. Rule 6(b)(1)(B). The Ninth Circuit has held that, for purposes of Rule

8  6(b), "excusable neglect" must be judged by the standard set forth in *Pioneer*

9  *Investment Services Co. v. Brunswick Associates Ltd. Partnership,* 507 U.S. 380

10 (1993). *See Briones v. Riviera Hotel & Casino,* 116 F.3d 379, 381 (9th Cir. 1997).

11 Under *Pioneer,* a "determination of whether neglect is excusable is an equitable one

12 that depends on at least four factors: (1) the danger of prejudice to the opposing

13 party; (2) the length of the delay and its potential impact on the proceedings; (3) the

14 reason for the delay; and (4) whether the movant acted in good faith." *Bateman v.*

15 *U.S. Postal Serv.,* 231 F.3d 1220, 1223–24 (9th Cir. 2000) (citation omitted).

16     Here, the only excuse that the FTC offered for missing its filing deadline was

17 the "number of defendants involved in this matter." (Motion (Doc. No. 217) at 3.)

18 This is insufficient as a matter of law and fact. First, the FTC's excuse is

19 completely without merit. Even though the FTC sued 22 defendants, only 5

20 defendants answered the complaint on three dates: defendants Roi Reuveni and

21 Alon Nottea on July 10, 2015 and July 30, 2015 (Doc. Nos. 64, 65, 115-118); and

22 defendant Oz Mizrahi and the Latsanovski Defendants on August 20, 2015 dates

23 (Doc. Nos. 171, 173, 176), pursuant to a July 7, 2015 Stipulation (*see* Doc. No. 59

24 and Doc. No. 61 (order)). Surely the FTC can keep track of three dates, including

25 one which it stipulated to back in July 2015.

26     To the extent the FTC is implying that the number of defendants involved

27 caused it to miss or miscalendar its filing deadlines, this is not excusable neglect – it

28 was the FTC's decision to name these defendants and it should bear the burden of

keeping track of the defendants it chose to pursue, not to use it has an excuse to miss deadlines.  Further, the FTC's "mistake in interpreting and applying" the rules or missing deadlines is not excusable neglect as matter of law.  *Kyle v. Campbell Soup Co.,* 28 F.3d 928, 931 (9th Cir. 1994) and *Robertson v. FedEx Nat. Ltl, Inc.*, No. CV 09-5016 DSF FFMX, 2010 WL 10020690, at *4-5 (C.D. Cal. Jan. 5, 2010) (counsel's failure to calendar deadline is not excusable neglect).  Accordingly, the FTC is not entitled to any relief for its untimely motion to strike.

## III.   THE MOTION TO STRIKE IS UNNECESSARY

Motions to strike are disfavored because they are often used as delaying tactics and because of the limited importance of pleadings.  *S.E.C. v. Sands*, 902 F. Supp. 1149, 1165-66 (C.D. Cal. 1995) (citations omitted).  As such, these motions "are generally not granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *LeDuc v. Ky. Cent. Life Ins. Co.,* 814 F.Supp. 820, 830 (N.D.Cal.  1992); *Lazar v. Trans Union, LLC,* 195 F.R.D. 665, 669 (C.D.Cal. 2000) (noting that motions to strike are not frequently granted).  The Ninth Circuit has defined "immaterial" matter as "that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (internal quotation marks and citation omitted), rev'd on other grounds, 510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994).

"To strike an affirmative defense, the moving party must convince the court that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed. The grounds for the motion must appear on the face of the pleading under attack or from matter which the court may judicially notice." *Sands,* 902 F.Supp. at 1165 (quotations omitted).  Affirmative defendants need not contain all the facts in order to avoid being stricken and Plaintiff has the burden to prove that the "facts are clear, that any questions of law are equally clear and undisputed, and that under no set of

3

1    circumstances could the defense succeed." *Gallagher v. England*, No. CIVR
2    050750AWI SMS, 2005 WL 3299509, at *2 (E.D. Cal. Dec. 5, 2005).  Even where
3    affirmative defenses are redundant or have the same effect as a general denial, there
4    is no prejudicial harm to plaintiff and the affirmative defenses need not be stricken.
5    *California Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d
6    1028, 1043-44 (C.D. Cal. 2002).

7    　　　　Here, the Latsanovski Defendants will agree to withdraw their Seventh
8    Affirmative Defense (Excessive Fines) and Tenth Affirmative Defense (Right to
9    Assert Additional Defenses).  As the FTC concedes, the remaining defenses are
10   "negative defenses" which repeat the Latsanovski Defendants' denials and do not
11   require litigation of immaterial issues.  *See* Motion at 11 (requesting the court to
12   strike "negative defenses" as "redundant.").  Accordingly, the remaining affirmative
13   defenses (First, Second, Third, Fourth, Fifth, Sixth, Eighth and Ninth) need not be
14   stricken as there is no prejudicial harm to the FTC if they remain.

15   **IV.   <u>CONCLUSION</u>**

16   　　　　For the foregoing reasons, Defendants Igor Latsanovski and Calenergy, Inc.
17   respectfully request that this Court reject the FTC's motion for leave to file an
18   untimely motion to strike as an unnecessary waste of time and resources.

19

20   DATED:  October 9, 2015　　　　SCHEPER KIM & HARRIS LLP
21   　　　　　　　　　　　　　　　　MARC S. HARRIS
　　　　　　　　　　　　　　　　　ANNAH S. KIM
22

23

24   　　　　　　　　　　　By:  _/s/  Annah S. Kim_
25   　　　　　　　　　　　　　Annah S. Kim
26   　　　　　　　　　　　　　Attorneys for Defendants Igor Latsanovski
　　　　　　　　　　　　　and Calenergy, Inc.
27

28

4

OPPOSITION OF DEFENDANTS IGOR LATSANOVSKI AND CALENERGY, INC. TO FIRST AMENDED
MOTION FOR LEAVE AND MOTION TO STRIKE AFFIRMATIVE DEFENSES