# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Case No. CV 15-4527-GW(PLAx) |
| Plaintiff, | ORDER ON MOTION FOR ORDER ESTABLISHING SALE PROCEDURES |
| v. | |
| BUNZAI MEDIA GROUP, INC., a California corporation, also doing business as AuraVie and Miracle Face Kit; et al., | DATE: NOVEMBER 2, 2015<br>TIME: 8:30 a.m.<br>CRTM: 10<br>JUDGE: HON. GEORGE WU |
| Defendants. | |

On this date the Court considered the Receiver's Motion for Order Establishing Sale Procedures and Confirming Receiver's Sale of Skin Care Inventory.

- 1 -
[PROPOSED] ORDER ON MOTION FOR ORDER ESTABLISHING SALES PROCEDURES

1    The Court having considered the pleadings on file and the arguments of counsel
2 finds good cause to grant the Receiver's Motion for Order Establishing Sale
3 Procedures and Confirming Receiver's Sale of Skin Care Inventory.
4    NOW, THEREFORE, IT IS HEREBY ORDERED as follows:

## I. SALE PROCEDURES

With respect to all manners of sale listed below, none of the parties to this lawsuit or the Receiver, their agents, assigns, or employees may purchase personal property belonging to the Receivership Defendants.

### A. Private Sale

a.    The Receiver shall sell the personal property at a private sale conducted by the Receiver or her staff or agents at which the personal property will be offered for sale at a specific asking price, as determined by the Receiver.  The Receiver shall set the sales price by determining value from any reputable source, such as a trade journal, appraisal, or comparable sales on public auction sites such as e-Bay. The Receiver may also set a reserve price which may, in the Receiver's sole discretion, be made public by the Receiver.  The personal property need not be sold for the asking price, but may be sold at any price at or above the reserve price.

b.    The Receiver will conduct the private sale in a location and provide such advertising as in the opinion of the Receiver is appropriate, if any, given the nature

and condition of the property to be sold. Sales on e-Bay or other similar public forums are specifically authorized, as deemed appropriate in the Receiver's discretion

  c. Notice of terms of the sale shall be filed with the Court at least fourteen (14) days before transferring title, possession, or other indicia of ownership in the property.  No additional conference with any party is necessary prior to filing the Notice of Sale.  If no bids exceeding the notice sale amount by at least 10% are received within fourteen (14) days of the date on which the notice is filed, the Receiver may finalize the sale and transfer possession and ownership of the property pursuant to the terms of the sale.

  d. The Receiver shall pay from the Receivership Assets all reasonable and customary costs incurred in connection with the sale, without necessity of obtaining further authorization from the Court.

**B.** **Abandonment**

  In the event the Receiver is unable to sell an item of personal property under the procedures described herein, or if the property is valued at less than $1,000 and the Receiver believes costs associated with an attempted sale will exceed the proceeds of the sale, the Receiver seeks authorization to dispose of the item by either a direct negotiated sale, donation to charity, or destruction.  If the personal property is subject to a lien approximately equal to or in excess of the fair market value the Receiver would net from a sale of the personal property, the Receiver may surrender the

property to the lessor or creditor in exchange for the value, if any, of the interest held by the Receiver.  The Receiver will include the description of any abandoned property in her Final Report.

**C.     Auction**

In lieu of, or in addition to, a private sale, the Receiver is authorized to liquidate at a public auction personal property in the Receiver's possession in accordance with the following procedures:

a.     The Receiver shall determine, in her discretion, which personal property should be sold by auction so as to obtain the highest net return on the personal property.  The Receiver shall sell the personal property to the highest bidder at a public auction conducted by an established auctioneer.   The Receiver will provide such advertising, if any, as in the opinion of the Receiver is appropriate given the nature and condition of the property to be sold.

b.     The Receiver shall pay from the Receivership Assets all reasonable and customary costs incurred in connection with the auction.

c.     Notice of the terms of the sale will be included in the Receiver's periodic reports to the Court.

## II. PRESERVATION AND PROTECTION OF DATA STORED ON COMPUTERS

Prior to sale or other disposition of any computer or electronic equipment on which data is stored, Defendants may contract with an independent third-party IT expert to make an electronic copy or image of all such data. The copies shall be made at Defendants' expense, and made at a time and manner convenient to the Receiver but as soon as practicable. Defendants shall confer with the FTC and move the court for a Protective Order regarding any of the electronically stored data, if a Protective Order is necessary and appropriate. If sale of computers is made to any person or entity other than business entities owned or controlled by an Individual Defendant, all electronically stored data shall be erased from the computers prior to such a sale.

SO ORDERED.

DATED this 8th day of October 2015.

_____*George H. Wu*_____
GEORGE H. WU, U.S. DISTRICT JUDGE