ROBERT M. UNGAR (State Bar No. 102007)
rmu@ungarlaw.com
14724 Ventura Blvd., PH
Sherman Oaks, CA 91403
Telephone: (310) 405-1884

BEN PETTIT (State Bar No. 135941)
ben@benpettit.com
20 E. Pueblo Street
Santa Barbara, CA 93105
Telephone (805) 896-5113

**Attorneys for Defendants:** Alon Nottea and
Roi Reuveni

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>        Plaintiff,<br><br>    v.<br><br>BUNZAI MEDIA GROUP, INC., et al.,<br><br>        Defendants. | CASE NO.  2:15-CV-4527-GW (PLAx)<br><br>[*Assigned to the Honorable George H. Wu, Courtroom 10*]<br><br>**DEFENDANTS ALON NOTTEA AND ROI REUVENI'S POINTS AND AUTHORITIES IN OPPOSITION TO MOTION FOR DEFAULT JUDGMENT AND OBJECTIONS TO PROPOSED DEFAULT JUDGMENT [DOCKET NO. 232]**<br><br>**DATE: November 9, 2015**<br>**TIME:   8:30 A.M.**<br>**CTRM: 10** |

Defendants Alon Nottea and Roi Reuveni ("Defendants") oppose Plaintiff's Motion for Default Judgment and object to the proposed default judgment [Docket No. 232] on the following grounds:

1

1.     The Motion does not comply with Local Rule 55-1 in that the declaration filed in support of the Motion does not set forth the information required by Local Rule 55-1 (a) through (e).

2.     A default judgment should be delayed because there are multiple non-defaulting defendants. Fed. R. Civ. P., Rule 54(b).

(a)     Inconsistent judgments may arise on the same joint and/or vicarious liability claims against defaulting and non-defaulting defendants. The Court may not ultimately find (1) non-defaulting defendants liable for the alleged statutory violations; (2) the composition of the common enterprise alleged in the pleadings or, (3) joint and/or vicarious liability demanded by the pleadings to be an appropriate remedy under 15 U.S.C. § 53(b) [equitable restitution or disgorgement].

(b)     The proposed default judgment imposes findings upon non-defaulting defendants without a trial on the merits:

(i)     the nature and extent of the common enterprise [Doc. #232-2; ¶6, 2:9-3:5;¶7, 3:12-15];

(ii)     that members of the common enterprise violated Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), Section 4 of ROSCA, 15 U.S.C. § 8403,  Section 907(a) of EFTA, 15 U.S.C. § 1693e(a) [Doc. #232-2; ¶¶7-12, 3:12-6:9]; and

(iii)     the common enterprise's net sales (including non-defaulting defendants) are at least $75,624,030 [Doc. #232-2; ¶14, 6:18-20].

(c)     The amount of damages (restitution) in the proposed default judgment may be internally inconsistent with the evidence at trial, particularly if the composition of the common enterprise is not as alleged in the pleadings. Which defendants and whether all defendants are part of a common enterprise is a matter left open for trial and may materially affect the amount of damages (restitution) attributable to the common enterprise.

3.     The proposed default judgment exceeds the amount demanded in the pleading. Fed. R. Civ. P., Rule 54(c). $75 million dollars is not demanded in either the original Complaint or the First Amended Complaint.

4.     The proposed default judgment differs in the kind of relief demanded in the pleading. Fed. R. Civ. P., Rule 54(c). Recovery on a theory of joint and several liability constitutes legal damages that are not demanded in the pleadings.

5.     There is no authority under 15 U.S.C. § 53(b) [restitution or disgorgement] to order a defendant to make equitable restitution or disgorgement for benefits received by others during a time period that the defendant did not exist. The proposed default judgment would order all defaulting defendants to pay for sales revenues allegedly received by defaulting and non-defaulting defendants during the period 2010-2015. According to Plaintiff's motion for default judgment, many of the defaulting defendants did not exist during periods that sales proceeds were allegedly received by other defaulting and non-defaulting defendants. For example, Bunzai Media Group, Inc. was dissolved in June 2013, and other defaulting and non-defaulting defendants did not come into existence until sometime after 2012. [See, e.g. Motion for Default Judgment, Doc. #232, pgs. 6-9; Exhibit 23, Doc. #232-1, pg. 4]

6.     The proposed default judgment includes a permanent injunction that lacks specificity in its terms and sufficient detail of the acts restrained or required. Fed. R. Civ. P., Rule 65(d). Section XI.D. could be construed as permitting anyone at the FTC to obtain a credit report at anytime on any "Individual Defendant". [Doc. #232-2, pg. 24] The term "Individual Defendant" is not a defined term and could be used by the FTC to obtain credit reports on any and all non-defaulting individual defendants in this lawsuit at anytime in the future.

//

//

//

3

1       Defendants respectfully request that the motion be denied.

2

3    DATED: October 16, 2015

4

5                                              /s/ ROBERT M. UNGAR
                                               ROBERT M. UNGAR
6                                              Attorney for Defendants
                                               Alon Nottea and Roi Reuveni
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4