ROBERT L. ESENSTEN (SBN 65728)
  resensten@esenstenlaw.com
RANDI R. GEFFNER (SBN 116574)
  rgeffner@esenstenlaw.com
**ESENSTEN LAW**
12100 Wilshire Boulevard, Suite 1660
Los Angeles, California 90025
Telephone:  (310) 273-3090
Facsimile:  (310) 207-5969

Attorneys for Defendants DORON NOTTEA and MOTTI
NOTTEA

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>BUNZAI MEDIA GROUP, INC., *et al.*,<br><br>Defendants. | Case No.:  2:15-CV-04527-GW (PLAx)<br><br>**DEFENDANT MOTTI NOTTEA'S ANSWER TO FIRST AMENDED COMPLAINT** |

    Defendant MOTTI NOTTEA ("Defendant") answers the First Amended Complaint of Plaintiff FEDERAL TRADE COMMISSION ("Plaintiff") and admits, denies and allege as follows:

    1.    Defendant admits that Plaintiff brings this action against Defendants. The remaining allegations in Paragraph 1 are conclusions of law as to which no response is required.  To the extent a response may be required, Defendant denies generally and specifically each of the remaining allegations in Paragraph 1.

    2.    Defendant admits that skincare products have been marketed over the internet, and except as so admitted, denies generally and specifically each of the remaining allegations in Paragraph 2.

*///*

3.     Defendant denies generally and specifically each of the allegations in Paragraph 3.

4.     The allegations of Paragraph 4 are conclusions of law as to which no response is required.

5.     The allegations of Paragraph 5 are conclusions of law as to which no response is required.

6.     The allegations of Paragraph 6 are conclusions of law as to which no response is required.

7.     The allegations of Paragraph 7 are conclusions of law as to which no response is required.

8.     The allegations of Paragraph 8 are conclusions of law as to which no response is required.

9.     Admitted.

10.    Admitted.

11.    Defendant admits that DSA Holdings, Inc. was a California corporation with its principal place of business at the Van Nuys Office, and that DSA Holdings, Inc. formerly transacted business in this District.  Except as so admitted, Defendant denies generally and specifically each of the remaining allegations of Paragraph 11.

12.    Defendant admits that Lifestyle Media Brands, Inc. was a California corporation with its principal place of business at the Van Nuys Office, and that Lifestyle Media Brands, Inc. formerly transacted business in this District.  Except as so admitted, Defendant denies generally and specifically each of the remaining allegations of Paragrpah12.

13.    Defendant admits that Agoa Holdings, Inc. was a California corporation with its principal place of business at the Van Nuys Office, and that Agoa Holdings, Inc. formerly transacted business in this District.  Except as so admitted, Defendant denies generally and specifically each of the remaining allegations of Paragraph 13.

///

14.     Defendant admits that Zen Mobile Media, Inc. was a California corporation with its principal place of business at the Van Nuys Office, and that Zen Mobile Media, Inc. formerly transacted business in this District.  Except as so admitted, Defendant denies generally and specifically each of the remaining allegations of Paragraph 9.

15.     Defendant admits that Safehaven Media Ventures, Inc. was a California corporation with its principal place of business at the Van Nuys Office, and that Safehaven Media Ventures, Inc. formerly transacted business in this District.  Except as so admitted, Defendant denies generally and specifically each of the remaining allegations of Paragraph 15.

16.     Defendant admits that Heritage Alliance Group, Inc. was a California corporation with its principal place of business at the Van Nuys Office, and that Heritage Alliance Group, Inc. formerly transacted business in this District.  Except as so admitted, Defendant denies generally and specifically each of the remaining allegations of Paragraph 16.

17.     Defendant admits that AMD Financial Network, Inc. is or was a California corporation.  Defendant is without sufficient information or belief upon which to base an admission or denial of the remaining allegations in Paragraph 17, and on that basis denies generally and specifically each of the remaining allegations of Paragraph 17.

18.     Defendant admits that SBM Management Group, Inc. is or was a California corporation that transacted business in this district.  Except as so admitted, Defendant denies generally and specifically each of the remaining allegations of Paragraph 18.

19.     Defendant admits that Media Urge, Inc. is or was a California corporation that transacted business in this district.  Except as so admitted, Defendant denies generally and specifically each of the remaining allegations of Paragraph 19.

///

20.     Defendant admits that Adageo, LLC. is or was a California limited liability company that transacted business in this district.  Except as so admitted, Defendant denies generally and specifically each of the remaining allegations of Paragraph 20.

21.     Defendant admits that CalEnergy, Inc. is or was a California limited liability company that transacted business in this district.  Except as so admitted, Defendant denies generally and specifically each of the remaining allegations of Paragraph 21.

22.     Defendant admits that Kai Media, Inc. is or was a California limited liability company that transacted business in this district.  Except as so admitted, Defendant denies generally and specifically each of the remaining allegations of Paragraph 22.

23.     Defendant admits that Insight Media, Inc. is or was a California limited liability company that transacted business in this district.  Except as so admitted, Defendant denies generally and specifically each of the remaining allegations of Paragraph 23.

24.     Defendant admits that Focus Media Solutions, Inc. is or was a California limited liability company that transacted business in this district.  Except as so admitted, Defendant denies generally and specifically each of the remaining allegations of Paragraph 24.

25.     Defendant admits that Secured Commerce, LLC is or was a California limited liability company that transacted business in this district.  Except as so admitted, Defendant denies generally and specifically each of the remaining allegations of Paragraph 25.

26.     Defendant admits that Secured Merchants, LLC is or was a California limited liability company that transacted business in this district.  Except as so admitted, Defendant denies generally and specifically each of the remaining allegations of Paragraph 26.

27.     Defendant admits that USM Products, Inc. is or was a California limited liability company that transacted business in this district.  Except as so admitted, Defendant denies generally and specifically each of the remaining allegations of Paragraph 27.

28.     Defendant admits that Merchant Leverage Group, Inc. is or was a California limited liability company that transacted business in this district.  Except as so admitted, Defendant denies generally and specifically each of the remaining allegations of Paragraph 28.

29.     Defendant admits that DMA Media Holdings, Inc. is or was a California limited liability company that transacted business in this district.  Except as so admitted, Defendant denies generally and specifically each of the remaining allegations of Paragraph 29.

30.     Defendant admits that Shalita Holdings, Inc. is or was a California limited liability company that transacted business in this district.  Except as so admitted, Defendant denies generally and specifically each of the remaining allegations of Paragraph 30.

31.     Defendant admits that All Star Beauty Products, Inc. is or was a California limited liability company that transacted business in this district.  Except as so admitted, Defendant denies generally and specifically each of the remaining allegations of Paragraph 31.

32.     Defendant admits that Alon Nottea resides in this district and has transacted business herein.  Defendant further admits that Alon Nottea is a member of Adageo, LLC, and provided consulting services to Media Urge, Inc.  Defendant further admits that Alon Nottea was the CSO of Bunzai Media Group, Inc.  Except as so admitted, Defendant denies generally and specifically each of the remaining allegations of Paragraph 32.

33.     Defendant Motti Nottea resides in this district and held a merchant account in his name for Bunzai Media Group, Inc.  Except as so admitted, Defendant

denies generally and specifically each of the remaining allegations of Paragraph 33.

34.    Defendant admits that Doron Nottea resides in this district and has transacted business herein.  Except as so admitted, Defendant denies generally and specifically each of the remaining allegations of Paragraph 34.

35.    Defendant admits that Oz Mizrahi was a CEO of Pinnacle Logistics, Inc., and resides in this district and has transacted business herein.  Except as so admitted, Defendant denies generally and specifically each of the remaining allegations of Paragraph 35.

36.    Defendant admits that Igor Latsanovski resides in this district and was an owner of Bunzai Media Group, Inc. and CEO of Zen Mobile Media Group, Inc. Except as so admitted, Defendant denies generally and specifically each of the remaining allegations of Paragraph 36.

37.    Defendant admits that Roi Reuveni resides in this district. Defendant further admits that Roi Reuveni was a manager at Pinnacle Logistics, Inc. and is an officer of Agoa Holdings, Inc.  Defendant further admits that Roi Reuveni was a manager of the customer service and chargeback departments at Defendant Pinnacle Logistics, Inc.  Except as so admitted, Defendant denies generally and specifically each of the remaining allegations of Paragraph 37.

38.    Defendant admits that Khristopher Bond resides in this district and has transacted business herein.  Defendant further admits that Khristopher Bond was an owner of Bunzai Media Group, Inc. and was involved in its day-to-day operations. Except as so admitted, Defendant denies generally and specifically each of the remaining allegations of Paragraph 38.

39.    Defendant admits that Alan Argaman resides in this district and has transacted business herein.  Defendant further admits that Alan Argaman was an owner and managing director of Secured Commerce, LLC and owner of Secured Merchants, LLC.  Except as so admitted, Defendant denies generally and specifically each of the remaining allegations of Paragraph 39.

40.     Defendant admits that Paul Medina resides in this district and has transacted business herein.  Defendant further admits that Paul Medina was an officer of Media Urge, Inc. and Manager of Focus Media Solutions, Inc.  Except as so admitted, Defendant denies generally and specifically each of the remaining allegations of Paragraph 40.

41.     Defendant admits that Chargeback Armor, Inc. does business in this district.  Except as so admitted, Defendant denies generally and specifically each of the remaining allegations of Paragraph 41.

42.     Defendant denies generally and specifically each of the allegations of Paragraph 42.

43.     Defendant denies generally and specifically each of the allegations of Paragraph 43.

44.     Defendant denies generally and specifically each of the allegations of Paragraph 44.

45.     Defendant admits that some Defendants have sold skincare products from multiple internet websites.  Except as so admitted, Defendant denies generally and specifically each of the remaining allegations of Paragraph 45.

46.     Defendant denies generally and specifically each of the allegations of Paragraph 46.

47.     Defendant is without sufficient information or belief upon which to base an admission or denial of the allegations of Paragraph 47, and on that basis denies generally and specifically each of the remaining allegations of Paragraph 47.

48.     Defendant is without sufficient information or belief upon which to base an admission or denial of the allegations of Paragraph 48, and on that basis denies generally and specifically each of the remaining allegations of Paragraph 48.

49.     Defendant is without sufficient information or belief upon which to base an admission or denial of the allegations of Paragraph 49, and on that basis denies generally and specifically each of the remaining allegations of Paragraph 49.

50.     Defendant denies generally and specifically each of the allegations of Paragraph 50.

51.     Defendant denies generally and specifically each of the allegations of Paragraph 51.

52.     Defendant denies generally and specifically each of the allegations of Paragraph 52.

53.     Defendant denies generally and specifically each of the allegations of Paragraph 53.

54.     Defendant denies generally and specifically each of the allegations of Paragraph 54.

55.     Defendant denies generally and specifically each of the allegations of Paragraph 55.

56.     Defendant denies generally and specifically each of the allegations of Paragraph 56.

57.     Defendant denies generally and specifically each of the allegations of Paragraph 57.

58.     Defendant denies generally and specifically each of the allegations of Paragraph 58.

59.     Defendant denies generally and specifically each of the allegations of Paragraph 59.

60.     Defendant denies generally and specifically each of the allegations of Paragraph 60.

61.     Defendant denies generally and specifically each of the allegations of Paragraph 61.

62.     Defendant denies generally and specifically each of the allegations of Paragraph 62.

63.     Defendant denies generally and specifically each of the allegations of Paragraph 63.

1    64.    Defendant denies generally and specifically each of the allegations of
2  Paragraph 64.

3    65.    Defendant denies generally and specifically each of the allegations of
4  Paragraph 65.

5    66.    Defendant denies generally and specifically each of the allegations of
6  Paragraph 66.

7    67.    Defendant denies generally and specifically each of the allegations of
8  Paragraph 67.

9    68.    The allegations of Paragraph 68 are conclusions of law as to which no
10  response is required.

11    69.    The allegations of Paragraph 69 are conclusions of law as to which no
12  response is required.

13    70.    Defendant denies generally and specifically each of the allegations of
14  Paragraph 70.

15    71.    Defendant denies generally and specifically each of the allegations of
16  Paragraph 71.

17    72.    The allegations of Paragraph 72 are conclusions of law as to which no
18  response is required.  To the extent a response may be required, Defendant denies
19  generally and specifically each allegation of Paragraph 72.

20    73.    Defendant denies generally and specifically each of the allegations of
21  Paragraph 73.

22    74.    Defendant denies generally and specifically each of the allegations of
23  Paragraph 74.

24    75.    The allegations of Paragraph 75 are conclusions of law as to which no
25  response is required.  To the extent a response may be required, Defendant denies
26  generally and specifically each allegation of Paragraph 75.

27    76.    Defendant denies generally and specifically each of the allegations of
28  Paragraph 76.

MOTTI NOTTEA'S ANSWER TO FIRST AMENDED COMPLAINT

77.     Defendant denies generally and specifically each of the allegations of Paragraph 77.

78.     The allegations of Paragraph 78 are conclusions of law as to which no response is required.  To the extent a response may be required, Defendant denies generally and specifically each allegation of Paragraph 78.

79.     Defendant denies generally and specifically each of the allegations of Paragraph 79.

80.     Defendant denies generally and specifically each of the allegations of Paragraph 80.

81.     The allegations of Paragraph 81 are conclusions of law as to which no response is required.  To the extent a response may be required, Defendant denies generally and specifically each allegation of Paragraph 81.

82.     The allegations of Paragraph 82 are conclusions of law as to which no response is required.

83.     The allegations of Paragraph 83 are conclusions of law as to which no response is required.

84.     The allegations of Paragraph 84 are conclusions of law as to which no response is required.

85.     Defendant denies generally and specifically each of the allegations of Paragraph 85.

86.     The allegations of Paragraph 86 are conclusions of law as to which no response is required.

87.     Defendant denies generally and specifically each of the allegations of Paragraph 87.

88.     Defendant denies generally and specifically each of the allegations of Paragraph 88.

89.     The allegations of Paragraph 89 are conclusions of law as to which no response is required.

90.    The allegations of Paragraph 90 are conclusions of law as to which no response is required.

91.    The allegations of Paragraph 91 are conclusions of law as to which no response is required.

92.    The allegations of Paragraph 92 are conclusions of law as to which no response is required.

93.    Defendant denies generally and specifically each of the allegations of Paragraph 93.

94.    Defendant denies generally and specifically each of the allegations of Paragraph 94.

95.    The allegations of Paragraph 95 are conclusions of law as to which no response is required.

96.    Defendant denies generally and specifically each of the allegations of Paragraph 96.

97.    Defendant denies generally and specifically each of the allegations of Paragraph 97.

98.    Defendant denies generally and specifically each of the allegations of Paragraph 98.

99.    Defendant denies generally and specifically each of the allegations of Paragraph 99.

100.    Defendant denies generally and specifically each of the allegations of Paragraph 100.

101.    The allegations of Paragraph 101 are conclusions of law as to which no response is required.

102.    The allegations of Paragraph 102 are conclusions of law as to which no response is required.

///

///

MOTTI NOTTEA'S ANSWER TO FIRST AMENDED COMPLAINT

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to the claims asserted in the First Amended Complaint ("FAC"), and each of them, Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim Upon Which Relief May be Granted)

The FAC, and each purported claim and count therein, fails to state a claim upon which relief may be granted against Defendant.

### SECOND AFFIRMATIVE DEFENSE

### (Estoppel)

The FAC, and each purported claim and count therein, is barred by the doctrine of estoppel.

### THIRD AFFIRMATIVE DEFENSE

### (Acts of Third Parties)

The damages alleged, the existence of which Defendant denies, were caused wholly or partially by the acts and omissions of third parties unrelated in any way to Defendant.

### FOURTH AFFIRMATIVE DEFENSE

### (Consent)

The FAC, and each purported claim and count therein, is barred as consumers consented to receive and pay for any services or products provided by Defendant.

### FIFTH AFFIRMATIVE DEFENSE

### (Excessive Fines)

To the extent the FAC, and each purported claim and count therein, seeks statutory fines or penalties, the FAC violates the prohibition against excessive fines of the Eighth Amendment of the United States Constitution.

///

///

///

MOTTI NOTTEA'S ANSWER TO FIRST AMENDED COMPLAINT

1

## SIXTH AFFIRMATIVE DEFENSE

2

### (Reservation of Defenses)

3        Defendant reserves the right to assert additional affirmative defenses as

4   investigation and discovery proceed.

5

6   WHEREFORE, Defendant prays judgment as follows:

7        1.        That Plaintiff take nothing by way of the First Amended Complaint;

8        2.        That Defendant be awarded all costs of suit incurred herein, including

9   reasonable attorneys' fees; and

10       3.        The Court grant such other and further relief as it deems just and proper.

11

12   DATED: October 19, 2015                **ESENSTEN LAW**
                                             ROBERT L. ESENSTEN
13                                           RANDI R. GEFFNER

14
                                           By: */s/   Robert L. Esensten*
15                                             ROBERT L. ESENSTEN
16                                             Attorneys for Defendants MOTTI
                                               NOTTEA and DORON NOTTEA
17

18

19

20

21

22

23

24

25

26

27

28

MOTTI NOTTEA'S ANSWER TO FIRST AMENDED COMPLAINT

1

2

## **CERTIFICATE OF SERVICE**

3

4        I hereby certify that on October 19, 2015, I electronically filed the foregoing

5   document entitled **DEFENDANT MOTTI NOTTEA'S ANSWER TO FIRST
AMENDED COMPLAINT** with the Clerk of the Court by using the CM/ECF System.

6

7                                    */s/ Robert L. Esensten*

8                                    Robert L. Esensten

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28