ROBERT M. UNGAR (State Bar No. 102007)
rmu@ungarlaw.com
14724 Ventura Blvd., PH
Sherman Oaks, CA 91403
Telephone: (310) 405-1884

BEN PETTIT (State Bar No. 135941)
ben@benpettit.com
20 E. Pueblo Street
Santa Barbara, CA 93105
Telephone (805) 896-5113

**Attorneys for Defendants:** Alon Nottea and
Roi Reuveni

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | CASE NO.  2:15-CV-4527-GW (PLAx) |
| Plaintiff, | Hon. George H. Wu |
| v. | Courtroom 10 |
| BUNZAI MEDIA GROUP, INC., et al., | **DEFENDANT ALON NOTTEA'S ANSWER TO FIRST AMENDED COMPLAINT** |
| Defendants. | **DEMAND FOR JURY TRIAL** |

## FIRST AMENDED ANSWER TO COMPLAINT

Defendant Alon Nottea ("Defendant") answers the First Amended Complaint of Plaintiff Federal Trade Commission ("Plaintiff") in this action as follows:

1.     Defendant admits that Plaintiff brings this action against Defendants. The remaining allegations in Paragraph 1 consist of conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendant denies the remaining allegations in Paragraph 1.

1

2.    Defendant specifically and generally denies each allegation in Paragraph 2.

3.    Defendant specifically and generally denies each allegation in Paragraph 3.

4.    The allegations in Paragraph 4 consist of conclusions of law as to which no responsive pleading is required.

5.    The allegations in Paragraph 5 consist of conclusions of law as to which no responsive pleading is required.

6.    The allegations in Paragraph 6 consist of conclusions of law as to which no responsive pleading is required.

7.    The allegations in Paragraph 7 consist of conclusions of law as to which no responsive pleading is required.

8.    The allegations in Paragraph 8 consist of conclusions of law as to which no responsive pleading is required.

9.    Defendant admits that Bunzai Media Group, Inc. was a California corporation with its principal place of business at the Van Nuys Office that formerly transacted business in this district. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 9.

10.    Defendant admits that Pinnacle Logistics, Inc. was a California corporation with its principal place of business at the Van Nuys Office that formerly transacted business in this district. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 10.

11.    Defendant admits DSA Holdings Inc. is a dissolved California corporation. Except as expressly admitted, Defendant denies specifically and generally the remaining allegations in Paragraph 11.

12.    Defendant admits Lifestyle Media Brands, Inc. is a dissolved California corporation. Except as expressly admitted, Defendant denies specifically and generally the remaining allegations in Paragraph 12.

DEFENDANT ALON NOTTEA'S ANSWER TO FIRST AMENDED COMPLAINT

13. Defendant admits that Agoa Holdings was a California corporation with its principal place of business at the Van Nuys Office that transacted business in this district. Except as expressly admitted, Defendant denies specifically and generally the remaining allegations in Paragraph 13.

14. Defendant admits that Zen Mobile Media Inc. is a dissolved California corporation. Except as expressly admitted, Defendant denies specifically and generally the remaining allegations in Paragraph 14.

15. Defendant admits that Safehaven Ventures, Inc. is a dissolved California corporation. Except as expressly admitted, Defendant denies specifically and generally the remaining allegations in Paragraph 15.

16. Defendant admits that Heritage Alliance Group, Inc. is a dissolved California corporation. Except as expressly admitted, Defendant denies specifically and generally the remaining allegations in Paragraph 16.

17. Defendant admits AMD Financial Network, Inc. is a California corporation. Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 17, and on that basis specifically and generally denies each allegation in Paragraph 17.

18. Defendant admits that SBM Management Group, Inc. is a California corporation that transacted business in this district. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 18.

19. Defendant admits that Media Urge, Inc. was a California corporation that transacted business in this district. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 19.

20. Defendant admits that Adageo, LLC is a California limited liability company that has transacted business in this district. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 20.

DEFENDANT ALON NOTTEA'S ANSWER TO FIRST AMENDED COMPLAINT

21.    Defendant is without sufficient information to admit or deny the allegations in Paragraph 21, and on that basis specifically and generally denies each allegation in Paragraph 21.

22.    Defendant admits that Kai Media Inc. is a California corporation. Defendant is without sufficient information and therefore denies each of the remaining allegations in Paragraph 22.

23.    Defendant admits that Insight Media Inc. is a California corporation. Defendant is without sufficient information and therefore denies each of the remaining allegations in Paragraph

24.    Defendant admits that Focus Media Solutions, Inc. is a California corporation. Defendant is without sufficient information and therefore denies each of the remaining allegations in Paragraph 24.

25.    Defendant admits that Secured Commerce LLC is a California limited liability company. Defendant is without sufficient information and therefore denies each of the remaining allegations in Paragraph 25.

26.    Defendant admits that Secured Merchants LLC is a California limited liability company. Defendant is without sufficient information and therefore denies each of the remaining allegations in Paragraph 26.

27.    Defendant admits that USM Products Inc. is a California corporation. Defendant is without sufficient information and therefore denies each of the remaining allegations in Paragraph 27.

28.    Defendant admits that Merchant Leverage Group, Inc. is a California corporation. Defendant is without sufficient information and therefore denies each of the remaining allegations in Paragraph 28.

29.    Defendant admits that DMA Media Holdings, Inc. is a California corporation. Defendant is without sufficient information and therefore denies each of the remaining allegations in Paragraph 29.

30.     Defendant admits that Shalita Holdings, Inc. is a California corporation. Defendant is without sufficient information and therefore denies each of the remaining allegations in Paragraph 30.

31.     Defendant admits that All Star Beauty Products, Inc. is a California corporation. Defendant is without sufficient information and therefore denies each of the remaining allegations in Paragraph 31.

32.     Defendant admits that Alon Nottea resides in this district and has transacted business in this district. Defendant admits that Alon Nottea is a member of Adageo, LLC. Defendant admits that Alon Nottea provided consulting services to Media Urge, Inc. Defendant admits that Alon Nottea was the CEO of Bunzai Media Group, Inc. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 32.

33.     Defendant denies specifically and generally each allegation in Paragraph 33.

34.     Defendant admits that Doron Nottea resides and has transacted business in this district. Defendant denies specifically and generally each of the remaining allegations in Paragraph 34.

35.     Defendant admits Oz Mizrahi was a CEO of Pinnacle Logistics Inc. and resides and transacts business within the district. Except as admitted, Defendant denies specifically and generally each allegation in Paragraph 35.

36.     Defendant admits Igor Latsanovski resides in this District. Except as admitted, Defendant denies specifically and generally each allegation in Paragraph 36.

37.     Defendant admits that Roi Reuveni resides in this district. Defendant admits that Roi Reuveni was a manager at Pinnacle Logistics, Inc. and is an officer of Agoa Holdings, Inc. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 37.

DEFENDANT ALON NOTTEA'S ANSWER TO FIRST AMENDED COMPLAINT

38.     Defendant admits that Khristopher Bond was an owner of Bunzai Media Group, Inc., that Khristopher Bond has resided in this district and has transacted business in this district. Except as expressly admitted, Defendant is without sufficient information to admit or deny the allegations in Paragraph 30, and on that basis specifically and generally denies the remaining allegation in Paragraph 38.

39.     Defendant admits Alan Argaman resided in this District. Except as admitted, Defendant denies specifically and generally each allegation in Paragraph 39.

40.     Defendant admits Paul Medina resided in this District. Except as admitted, Defendant denies specifically and generally each allegation in Paragraph 40.

41.     Defendant admits that Chargeback Armor, Inc. is a California corporation. Defendant is without sufficient information and therefore denies each of the remaining allegations in Paragraph 41.

42.     Defendant specifically and generally denies each allegation in Paragraph 42.

43.     Defendant specifically and generally denies each allegation in Paragraph 43.

44.     Defendant specifically and generally denies each allegation in Paragraph 44.

45.     Defendant admits that some defendants have sold skincare products. Except as admitted, Defendant is without sufficient information to admit or deny the allegations in Paragraph 45, and on that basis specifically and generally denies each allegation in Paragraph 45.

46.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 46, and on that basis specifically and generally denies each allegation in Paragraph 46.

47.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 47, and on that basis specifically and generally denies each allegation in Paragraph 47.

48.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 48, and on that basis specifically and generally denies each allegation in Paragraph 48.

49.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 49, and on that basis specifically and generally denies each allegation in Paragraph 49.

50.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 50, and on that basis specifically and generally denies each allegation in Paragraph 50.

51.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 51, and on that basis specifically and generally denies each allegation in Paragraph 51.

52.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 52, and on that basis specifically and generally denies each allegation in Paragraph 52.

53.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 53, and on that basis specifically and generally denies each allegation in Paragraph 53.

54.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 54, and on that basis specifically and generally denies each allegation in Paragraph 54.

55.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 55, and on that basis specifically and generally denies each allegation in Paragraph 55.

DEFENDANT ALON NOTTEA'S ANSWER TO FIRST AMENDED COMPLAINT

56.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 56, and on that basis specifically and generally denies each allegation in Paragraph 56.

57.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 57, and on that basis specifically and generally denies each allegation in Paragraph 57.

58.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 58, and on that basis specifically and generally denies each allegation in Paragraph 58.

59.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 59, and on that basis specifically and generally denies each allegation in Paragraph 59.

60.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 60, and on that basis specifically and generally denies each allegation in Paragraph 60.

61.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 61, and on that basis specifically and generally denies each allegation in Paragraph 61.

62.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 62, and on that basis specifically and generally denies each allegation in Paragraph 62.

63.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 63, and on that basis specifically and generally denies each allegation in Paragraph 63.

64.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 64, and on that basis specifically and generally denies each allegation in Paragraph 64.

65.    Defendant is without sufficient information to admit or deny the allegations in Paragraph 65, and on that basis specifically and generally denies each allegation in Paragraph 65.

66.    Defendant is without sufficient information to admit or deny the allegations in Paragraph 66, and on that basis specifically and generally denies each allegation in Paragraph 66.

67.    Defendant is without sufficient information to admit or deny the allegations in Paragraph 67, and on that basis specifically and generally denies each allegation in Paragraph 67.

68.    The allegations in Paragraph 68 consist of conclusions of law as to which no responsive pleading is required.

69.    The allegations in Paragraph 69 consist of conclusions of law as to which no responsive pleading is required.

70.    Defendant specifically and generally denies each allegation in Paragraph 70.

71.    Defendant specifically and generally denies each allegation in Paragraph 71.

72.    The allegations in Paragraph 61 consist of conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendant generally and specifically denies the allegations in Paragraph 72.

73.    Defendant specifically and generally denies each allegation in Paragraph 73.

74.    Defendant specifically and generally denies each allegation in Paragraph 74.

75.    The allegations in Paragraph 75 consist of conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendant generally and specifically denies the allegations in Paragraph 64.

DEFENDANT ALON NOTTEA'S ANSWER TO FIRST AMENDED COMPLAINT

76.     Defendant specifically and generally denies each allegation in Paragraph 76.

77.     Defendant specifically and generally denies each allegation in Paragraph 77.

78.     The allegations in Paragraph 78 consist of conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendant generally and specifically denies the allegations in Paragraph 78.

79.     Defendant specifically and generally denies each allegation in Paragraph 79.

80.     Defendant specifically and generally denies each allegation in Paragraph 80.

81.     The allegations in Paragraph 81 consist of conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendant generally and specifically denies the allegations in Paragraph 81.

82.     The allegations in Paragraph 82 consist of conclusions of law as to which no responsive pleading is required.

83.     The allegations in Paragraph 83 consist of conclusions of law as to which no responsive pleading is required.

84.     The allegations in Paragraph 84 consist of conclusions of law as to which no responsive pleading is required.

85.     The allegations in Paragraph 85 consist of conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendant generally and specifically denies the allegations in Paragraph 85.

86.     The allegations in Paragraph 86 consist of conclusions of law as to which no responsive pleading is required.

87.     The allegations in Paragraph 87 consist of conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendant generally and specifically denies the allegations in Paragraph 87.

DEFENDANT ALON NOTTEA'S ANSWER TO FIRST AMENDED COMPLAINT

88.     The allegations in Paragraph 88 consist of conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendant generally and specifically denies the allegations in Paragraph 88.

89.     The allegations in Paragraph 89 consist of conclusions of law as to which no responsive pleading is required.

90.     The allegations in Paragraph 80 consist of conclusions of law as to which no responsive pleading is required.

91.     The allegations in Paragraph 91 consist of conclusions of law as to which no responsive pleading is required.

92.     The allegations in Paragraph 92 consist of conclusions of law as to which no responsive pleading is required.

93.     The allegations in Paragraph 93 consist of conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendant generally and specifically denies the allegations in Paragraph 93.

94.     The allegations in Paragraph 94 consist of conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendant generally and specifically denies the allegations in Paragraph 94.

95.     The allegations in Paragraph 95 consist of conclusions of law as to which no responsive pleading is required.

96.     The allegations in Paragraph 96 consist of conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendant generally and specifically denies the allegations in Paragraph 96.

97.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 97, and on that basis specifically and generally denies each allegation in Paragraph 97.

98.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 98, and on that basis specifically and generally denies each allegation in Paragraph 98.

DEFENDANT ALON NOTTEA'S ANSWER TO FIRST AMENDED COMPLAINT

99.    The allegations in Paragraph 99 consist of conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendant generally and specifically denies the allegations in Paragraph 99.

100.   The allegations in Paragraph 100 consist of conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendant generally and specifically denies the allegations in Paragraph 97.

101.   The allegations in Paragraph 101 consist of conclusions of law as to which no responsive pleading is required.

102.   The allegations in Paragraph 102 consist of conclusions of law as to which no responsive pleading is required.

**WHEREFORE**, Defendant prays for judgment as follows:

1.    That Plaintiff take nothing by its Complaint;

2.    That Defendant be awarded all of his costs, including attorney fees incurred herein; and

3.    That the Court award such other and further relief as it deems just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Defendant hereby demands a jury trial on all issues so triable as provided by Rule 38(a) of the Federal Rules of Civil Procedure and L.R. 38-1.

DATED: October 23, 2015

/s/ ROBERT M. UNGAR
ROBERT M. UNGAR
Attorney for Defendants
Alon Nottea and Roi Reuveni

DEFENDANT ALON NOTTEA'S ANSWER TO FIRST AMENDED COMPLAINT