JONATHAN E. NUECHTERLEIN
General Counsel

DAMA J. BROWN
Regional Director

REID TEPFER
rtepfer@ftc.gov
Texas Bar No. 24079444
LUIS GALLEGOS
lgallegos@ftc.gov
Oklahoma Bar No. 19098
Federal Trade Commission
1999 Bryan Street, Suite 2150
Dallas, Texas 75206
(214) 979-9395 (Tepfer)
(214) 979-9383 (Gallegos)
(214) 953-3079 (fax)

RAYMOND McKOWN
rmckown@ftc.gov
California Bar No. 150975
10877 Wilshire Boulevard, Suite 700
Los Angeles, California 90024
(310) 824-4325 (voice)
(310) 824-4380 (fax)

Attorneys for Plaintiff Federal Trade Commission

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,**<br><br>Plaintiff,<br><br>v.<br><br>**BUNZAI MEDIA GROUP, INC.**, *et al.*<br><br>**Defendants.** | Case No. CV 15-4527-GW(PLAx)<br><br>**REPLY TO DEFENDANTS ALON NOTTEA AND ROI REUVENI'S OPPOSITION TO MOTION FOR DEFAULT JUDGMENT** |

The Federal Trade Commission has requested entry of a default judgment against 13 defaulting Corporate Defendants and one defaulting individual Defendant (the Defaulting Defendants).[1] Defendants Alon Nottea and Roi Reuveni have objected to the FTC's Motion for Default against Corporate Defendants that Nottea and Reuveni control[2] but elected not to defend in this lawsuit.[3] The proposed default judgment, however, is supported by ample authority and sound policy and should be entered by the Court. In the alternative, the FTC requests a finding of liability against the Defaulting Defendants, with a final determination of restitution to await the case's conclusion.

**I.     Joint and Several Liability Does Not Preclude a Judgment against the Defaulting Defendants.**

A Court may enter a default judgment, even where only some defendants have defaulted and liability is joint and several. The Federal Rules provide that a Court may enter a final judgment against less than all defendants upon determining that "there is no just reason for delay." *See* FED. R. CIV. P. 54(b).

No just reason for delay exists here. Defendants Alon Nottea and Roi Reuveni have made a strategic choice not to defend their own companies. More

---

[1] Doc. No. 232.

[2] *See generally* Doc. No. 120.

[3] Doc. No. 243.

importantly, the FTC will be prejudiced if a default judgment is not entered against the Defaulting Defendants. The FTC will be forced to commit time, resources, and personnel to prosecute a lawsuit in which the Defaulting Defendants have notice of the proceeding but have refused to participate.[4] This prosecution will be further complicated by the FTC not having the benefit of discovery against these Defendants. Likewise, significant Court resources will be expended hearing and reviewing uncontested evidence against the Defaulting Defendants.

In arguing otherwise,[5] Defendants appear to rely upon *Frow v. De La Vega*, an 1872 Supreme Court case that predates the Federal Rules of Civil Procedure.[6] Many courts have questioned the continuing authority of *Frow* post-Federal

---

[4] *See*, e.*g.*, *FTC v. 1263523 Ontario, Inc.*, 205 F. Supp. 205, 208-09 (S.D.N.Y. 2002) (finding the denial of motion for default judgment would be "unfairly prejudicial" to the FTC when the defendant failed to provide any explanation for its failure to defend).

[5] Doc. No. 243 (Defendants contend that "[i]nconsistent judgments may arise on the same joint and/or vicarious liability claims against defaulting and non-defaulting defendants" and "[t]he proposed default judgment imposes findings upon non-defaulting defendants without a trial on the merits").

[6] *See* 82 U.S. 552 (1872).

Rules.[7] And while some Ninth Circuit authority supports *Frow*, this limited caselaw does not address the inherent conflict of *Frow* with Rule 54(b).[8]

The FTC requests, in the alternative, a finding of liability against Defaulting Defendants, with a final restitution determination to be made upon resolution of the case.[9]

---

[7] *See International Controls Corp. v. Vesco*, 535 F.2d 742, 746-47 n.4 (2nd Cir. 1976) ("We think it most unlikely that Frow retains any force subsequent to the adoption of Rule 54(b). In any event, at most Frow controls in situations where the liability of one defendant necessarily depends upon the liability of the others.") (citing *Frow*, 82 U.S. 552); *In re Uranium*, 617 F.2d 1248, 1257 (7th Cir. 1980) ("But to apply Frow to a claim of joint and several liability is to apply that venerable case to a context for which it was never intended, and ignores the several or independent aspects of the claim set forth in this complaint. The result in Frow was clearly mandated by the Court's desire to avoid logically inconsistent adjudications as to liability. However, when different results as to different parties are not logically inconsistent or contradictory, the rationale for the Frow rule is lacking. Such is this case involving joint and several liability.").

[8] *See Garamendi v. Henin*, 683 F.3d 1069, 1803 (9th Cir. 2012) (noting that the district court properly entered judgment against defaulting defendants after the trial of the non-defaulting defendants); *In re First T.D. & Inv.*, Inc., 253 F.3d 520, 532 (9th Cir. 2001) ("[W]here a complaint alleges that defendants are jointly liable and one of them defaults, judgment should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all defendants.").

[9] The court in *In re Uranium* espoused such an approach. *See* 617 F.2d 1248 (7th Cir. 1980). The court noted that, while defendants would not be prejudiced by an earlier damages hearing, judicial economy favored postponing the hearing until the conclusion of the matter. *Id.* at 1262.

REPLY IN SUPPORT OF MOTION FOR DEFAULT
Page | 4

**II. The Requested Relief is Consistent with the FTC's Complaint.**

The FTC's Complaint requests equitable relief including restitution.[10] Accordingly, the proposed default judgment provides for restitution to consumers in the amount that Defendants bilked from consumers based on tax returns and their own records.[11]

Defendants contend, though, that the requested relief differs in kind from the relief demanded in the pleading.[12] As sole support, Defendants posit without authority that "[r]ecovery on a theory of joint and several liability constitutes legal damages."[13] This notion—that defendants cannot be jointly and severally liable for equitable relief—is simply incorrect. Ninth Circuit courts regularly find defendants jointly and severally liable for equitable relief in FTC cases.[14]

---

[10] *See* Doc. No. 235, at 45.

[11] *See* Doc. No. 232-2, at 7.

[12] Doc. No. 243, at 3.

[13] *Id.*

[14] *See, e.g., FTC v. Ivy Capital*, No. 13-16052, 2015 U.S. App. LEXIS 17473 (9th Cir. October 5, 2015) (upholding district court's entry of joint and several liability for equitable relief against defendants); *FTC v. Burnlounge*, 584 Fed. Appx. 315 (9th Cir. 2014) (same); *FTC v. Wells*, 385 Fed. Appx. 712 (2010) (same); *FTC v. Network Servs. Depot, Inc.*, 617 F.3d 1127 (9th Cir. 2010) (same).

Defendants further argue that relief requested in the default judgment exceeds the amount demanded in the Complaint.[15] This argument too lacks merit. In its Amended Complaint, the FTC requested monetary relief in the amount of Defendants' ill-gotten gains and did not limit this amount.[16] The FTC has included this relief in its proposed default judgment[17] and provided supporting evidence establishing the exact figure in its accompanying declaration.[18]

### III. Conclusion

The FTC respectfully requests entry of the Proposed Default Judgment and Order against the Defaulting Defendants.[19] In the alternative, the FTC respectfully requests a finding of liability against the Defaulting Defendants, with the final restitution or disgorgement figure to await further determination by the Court.

Dated: 10/26/15

*/s/ Reid Tepfer*_____
REID A. TEPFER
LUIS H. GALLEGOS
Attorneys for the Plaintiff
Federal Trade Commission
1999 Bryan Street, Suite 2150
Dallas, Texas 75201
(214) 979-9395 (Tepfer)

---

[15] Doc. 243, at 3.

[16] *See* Doc. No. 235, at 45.

[17] *See* Doc. No. 232-2, at 15.

[18] *See* Doc. 232-1, at 2.

[19] Doc. No. 232-2.

1  
2  
                                                (214) 979-9383 (Gallegos)  
                                                (214) 953-3079 (facsimile)  
                                                rtepfer@ftc.gov  
                                                lgallegos@ftc.gov

3  
4  
5  
6  
7  
8  
9  
10  
11  
12  
13  
14  
15  
16  
17  
18  
19  
20  

REPLY IN SUPPORT OF MOTION FOR DEFAULT

# CERTIFICATE OF SERVICE

The undersigned certifies that on October 26, 2015, a true and correct copy of the foregoing document was electronically filed with the clerk of the U.S. District Court, Central District of California, using the electronic case filing system of the court. The attorneys listed below were served by pursuant to the ECF notice generated by the Court.

Tom Vidal
Michael Weiss
Nina Nahal Ameri
Abrams Garfinkle Margolis Bergson
5900 Wilshire Blvd Suite 2250
Los Angeles, CA 90036
nameri@agmblaw.com
*Local counsel for Receiver*

Erik S Syverson
Raines Feldman LLP
9720 Wilshire Boulevard Fifth Floor
Beverly Hills, CA 90212
esyverson@raineslaw.com
*Counsel for Oz Mizrahi*

Robert M. Ungar
Crosswind Law
14724 Ventura Blvd Penthouse
Sherman Oaks, CA 91403
rmu@crosswindlaw.com
*Counsel for Alon Nottea and Roi Rueveni*

Robert Esensten
Esensten Law
12100 Wilshire Blvd., Suite 1660
Los Angeles, CA 90025
resensten@esenstenlaw.com
*Counsel for Doron Nottea and Motti Nottea*

Marc S. Harris
Scheper Kim & Harris, LLP
601 W. Fifth Street, 12th Floor
Los Angeles, CA 90071
mharris@scheperkim.com
*Counsel for Igor Latsanovski and CalEnergy, Inc.f*

Annah Kim
Scheper Kim & Harris, LLP
601 W. Fifth Street, 12th Floor
Los Angeles, CA 90071
akim@scheperkim.com
*Counsel for Igor Latsanovski and CalEnergy, Inc.*

Charlene Cantrell Koonce
Receiver
Scheef & Stone
500 N. Akard, Suite 2700
Dallas, Texas 75201
charlene.koonce@solidcounsel.com
*Receiver*

Kelly M. Crawford
Scheef and Stone
500 N. Akard, Suite 2700
Dallas, Texas 75201
kelly.crawford@solidcounsel.com
*Counsel to Receiver*

/S/ REID TEPFER
REID TEPFER