**SCHEPER KIM & HARRIS LLP**
MARC S. HARRIS (State Bar No. 136647)
mharris@scheperkim.com
ANNAH S. KIM (State Bar No. 190609)
akim@scheperkim.com
601 West Fifth Street, 12th Floor
Los Angeles, CA  90071-2025
Telephone: (213) 613-4655
Facsimile:  (213) 613-4656

**Attorneys for Defendants**
**Igor Latsanovski and Calenergy, Inc.**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>                   Plaintiff,<br><br>          v.<br><br>BUNZAI MEDIA GROUP INC., et al.,<br><br>                   Defendants. | CASE NO. CV 15-04527 GW (PLAx)<br><br>**DEFENDANT IGOR LATSANOVSKI'S ANSWER TO FIRST AMENDED COMPLAINT FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF [DOC. NO. 235]**<br><br>Complaint Filed: June 16, 2015 |

## **ANSWER TO FIRST AMENDED COMPLAINT**

Defendant Igor Latsanovski ("Defendant") answers the First Amended Complaint of Plaintiff Federal Trade Commission ("Plaintiff") as follows:

1.       Defendant admits that Plaintiff brings this action against Defendants. The remaining allegations in Paragraph 1 consist of conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendant denies the remaining allegations in Paragraph 1.

2.       Defendant denies directing or participating in any fraudulent operation by any defendant.  Defendant admits that he made investments and loans through Calenergy, Inc. ("Calenergy") to Alon Nottea for Mr. Nottea's internet skincare business.  Except as admitted or denied, Defendant is without sufficient information to admit or deny the remaining allegations of Paragraph 2, and on that basis specifically and generally denies each remaining allegation in Paragraph 2.

3.       Defendant denies directing or participating in any fraudulent operation by any defendant.  Defendant admits that he made investments and loans through Calenergy to Alon Nottea for Mr. Nottea's internet skincare business.  Except as admitted or denied, Defendant is without sufficient information to admit or deny the remaining allegations of Paragraph 3, and on that basis specifically and generally denies each remaining allegation in Paragraph 3.

4.       The allegations in Paragraph 4 consist of conclusions of law as to which no responsive pleading is required.

5.       The allegations in Paragraph 5 consist of conclusions of law as to which no responsive pleading is required.

6.       The allegations in Paragraph 6 consist of conclusions of law as to which no responsive pleading is required.

7.       The allegations in Paragraph 7 consist of conclusions of law as to which no responsive pleading is required.

8.       The allegations in Paragraph 8 consist of conclusions of law as to

1  which no responsive pleading is required.

2          9.      Defendant admits that Bunzai Media Group, Inc. was a corporation that

3  formerly transacted business in this district.  Except as expressly admitted,

4  Defendant is without sufficient information to admit or deny the remaining

5  allegations of Paragraph 9, and on that basis specifically and generally denies each

6  remaining allegation in Paragraph 9.

7          10.     Defendant admits that Pinnacle Logistics, Inc. was a corporation that

8  formerly transacted business in this district.  Except as expressly admitted,

9  Defendant is without sufficient information to admit or deny the remaining

10  allegations of Paragraph 10, and on that basis specifically and generally denies each

11  remaining allegation in Paragraph 10.

12         11.     Defendant is without sufficient information to admit or deny the

13  allegations in Paragraph 11, and on that basis specifically and generally denies each

14  allegation in Paragraph 11.

15         12.     Defendant is without sufficient information to admit or deny the

16  allegations in Paragraph 12, and on that basis specifically and generally denies each

17  allegation in Paragraph 12.

18         13.     Defendant is without sufficient information to admit or deny the

19  allegations in Paragraph 13, and on that basis specifically and generally denies each

20  allegation in Paragraph 13.

21         14.     Defendant admits that Zen Mobile Media, Inc. was a California

22  corporation.  Except as expressly admitted, Defendant is without sufficient

23  information to admit or deny the remaining allegations of Paragraph 14, and on that

24  basis specifically and generally denies each remaining allegation in Paragraph 14.

25         15.     Defendant is without sufficient information to admit or deny the

26  allegations in Paragraph 15, and on that basis specifically and generally denies each

27  allegation in Paragraph 15.

28         16.     Defendant is without sufficient information to admit or deny the

1  allegations in Paragraph 16, and on that basis specifically and generally denies each
2  allegation in Paragraph 16.

3      17.    Defendant is without sufficient information to admit or deny the
4  allegations in Paragraph 17, and on that basis specifically and generally denies each
5  allegation in Paragraph 17.

6      18.    Defendant is without sufficient information to admit or deny the
7  allegations in Paragraph 18, and on that basis specifically and generally denies each
8  allegation in Paragraph 18.

9      19.    Defendant is without sufficient information to admit or deny the
10 allegations in Paragraph 19, and on that basis specifically and generally denies each
11 allegation in Paragraph 19.

12     20.    Defendant is without sufficient information to admit or deny the
13 allegations in Paragraph 20, and on that basis specifically and generally denies each
14 allegation in Paragraph 20.

15     21.    Defendant admits that Calenergy is a California corporation and
16 transacted business in this district.  Except as expressly admitted, Defendant
17 specifically and generally denies the remaining allegations in Paragraph 21.

18     22.    Defendant is without sufficient information to admit or deny the
19 allegations in Paragraph 22, and on that basis specifically and generally denies each
20 allegation in Paragraph 22.

21     23.    Defendant is without sufficient information to admit or deny the
22 allegations in Paragraph 23, and on that basis specifically and generally denies each
23 allegation in Paragraph 23.

24     24.    Defendant is without sufficient information to admit or deny the
25 allegations in Paragraph 24, and on that basis specifically and generally denies each
26 allegation in Paragraph 24.

27     25.    Defendant is without sufficient information to admit or deny the
28 allegations in Paragraph 25, and on that basis specifically and generally denies each

1  allegation in Paragraph 25.

2      26.    Defendant is without sufficient information to admit or deny the

3  allegations in Paragraph 26, and on that basis specifically and generally denies each

4  allegation in Paragraph 26.

5      27.    Defendant is without sufficient information to admit or deny the

6  allegations in Paragraph 27, and on that basis specifically and generally denies each

7  allegation in Paragraph 27.

8      28.    Defendant is without sufficient information to admit or deny the

9  allegations in Paragraph 28, and on that basis specifically and generally denies each

10  allegation in Paragraph 28.

11      29.    Defendant is without sufficient information to admit or deny the

12  allegations in Paragraph 29, and on that basis specifically and generally denies each

13  allegation in Paragraph 29.

14      30.    Defendant is without sufficient information to admit or deny the

15  allegations in Paragraph 30, and on that basis specifically and generally denies each

16  allegation in Paragraph 30.

17      31.    Defendant is without sufficient information to admit or deny the

18  allegations in Paragraph 31, and on that basis specifically and generally denies each

19  allegation in Paragraph 31.

20      32.    Defendant admits that Alon Nottea resides and has transacted business

21  in this district.  Except as expressly admitted, Defendant is without sufficient

22  information to admit or deny the remaining allegations in Paragraph 32, and on that

23  basis specifically and generally denies the remaining allegations in Paragraph 32.

24      33.    Defendant is without sufficient information to admit or deny the

25  allegations in Paragraph 33, and on that basis specifically and generally denies each

26  allegation in Paragraph 33.

27      34.    Defendant admits that Doron Nottea resides in this district.  Except as

28  expressly admitted, Defendant is without sufficient information to admit or deny the

DEFENDANT IGOR LATSANOVSKI'S ANSWER TO FIRST AMENDED COMPLAINT

1  remaining allegations in Paragraph 34, and on that basis specifically and generally
2  denies each remaining allegation in Paragraph 34.

3      35.    Defendant is without sufficient information to admit or deny the
4  allegations in Paragraph 35, and on that basis specifically and generally denies each
5  allegation in Paragraph 35.

6      36.    Defendant admits that he resides in this district and has transacted
7  business in this district.  Except as expressly admitted, Defendant specifically and
8  generally denies the remaining allegations in Paragraph 36.

9      37.    Defendant is without sufficient information to admit or deny the
10 allegations in Paragraph 37, and on that basis specifically and generally denies the
11 each allegation in Paragraph 37.

12     38.    Defendant admits that Khristopher Bond resides and has transacted
13 business in this district.  Except as expressly admitted, Defendant is without
14 sufficient information to admit or deny the remaining allegations in Paragraph 38,
15 and on that basis specifically and generally denies each remaining allegation in
16 Paragraph 38.

17     39.    Defendant admits that Alan Argaman resides in this district.  Except as
18 expressly admitted, Defendant is without sufficient information to admit or deny the
19 remaining allegations in Paragraph 39, and on that basis specifically and generally
20 denies each remaining allegation in Paragraph 39.

21     40.    Defendant admits that Paul Medina resides in this district.  Except as
22 expressly admitted, Defendant is without sufficient information to admit or deny the
23 remaining allegations in Paragraph 40, and on that basis specifically and generally
24 denies each remaining allegation in Paragraph 40.

25     41.    Defendant is without sufficient information to admit or deny the
26 allegations in Paragraph 41, and on that basis specifically and generally denies the
27 each allegation in Paragraph 41.

28     42.    Defendant denies that he or Calenergy ever engaged in any deceptive or

unlawful practices and denies directing or participating in any fraudulent operation by any defendant.  The remaining allegations of Paragraph 42 purport to address conduct of other defendants that is necessarily speculative.  Except as expressly denied, Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 42, and on that basis specifically and generally denies each remaining allegation in Paragraph 42.

43.     Defendant denies that he or Calenergy ever engaged in any deceptive or unlawful practices and denies directing or participating in any fraudulent operation by any defendant.  The remaining allegations of Paragraph 43 purport to address conduct of other defendants that is necessarily speculative.  Except as expressly denied, Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 43, and on that basis specifically and generally denies each remaining allegation in Paragraph 43.

44.     The allegations in Paragraph 44 consist of conclusions of law as to which no responsive pleading is required.  To the extent a response is required, Defendant specifically and general denies each allegation in Paragraph 44.

45.     Defendant denies that he or Calenergy ever engaged in any deceptive or unlawful practices and denies directing or participating in any fraudulent operation by any defendant.  The remaining allegations of Paragraph 45 purport to address conduct of other defendants that is necessarily speculative.  Except as expressly denied, Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 45, and on that basis specifically and generally denies each remaining allegation in Paragraph 45.

46.     Defendant denies that he or Calenergy ever engaged in any deceptive or unlawful practices and denies directing or participating in any fraudulent operation by any defendant.  The remaining allegations of Paragraph 46 purport to address conduct of other defendants that is necessarily speculative.  Except as expressly denied, Defendant is without sufficient information to admit or deny the remaining

1 allegations in Paragraph 46, and on that basis specifically and generally denies each
2 remaining allegation in Paragraph 46.

3      47.    Defendant denies that he or Calenergy ever engaged in any deceptive or
4 unlawful practices and denies directing or participating in any fraudulent operation
5 by any defendant. The remaining allegations of Paragraph 47 purport to address
6 conduct of other defendants or third parties that is necessarily speculative. Except
7 as expressly denied, Defendant is without sufficient information to admit or deny
8 the remaining allegations in Paragraph 47, and on that basis specifically and
9 generally denies each remaining allegation in Paragraph 47.

10      48.    Defendant denies that he or Calenergy ever engaged in any deceptive or
11 unlawful practices and denies directing or participating in any fraudulent operation
12 by any defendant. The remaining allegations of Paragraph 48 purport to address
13 conduct of other defendants that is necessarily speculative. Except as expressly
14 denied, Defendant is without sufficient information to admit or deny the remaining
15 allegations in Paragraph 48, and on that basis specifically and generally denies each
16 remaining allegation in Paragraph 48.

17      49.    Defendant is without sufficient information to admit or deny the
18 allegations in Paragraph 49, and on that basis specifically and generally denies each
19 allegation in Paragraph 49.

20      50.    Defendant denies that he or Calenergy ever engaged in any deceptive or
21 unlawful practices and denies directing or participating in any fraudulent operation
22 by any defendant. The remaining allegations of Paragraph 50 purport to address
23 conduct of other defendants that is necessarily speculative. Except as expressly
24 denied, Defendant is without sufficient information to admit or deny the remaining
25 allegations in Paragraph 50, and on that basis specifically and generally denies each
26 remaining allegation in Paragraph 50.

27      51.    Defendant denies that he or Calenergy ever engaged in any deceptive or
28 unlawful practices and denies directing or participating in any fraudulent operation

1  by any defendant.  The remaining allegations of Paragraph 51 purport to address
2  conduct of other defendants that is necessarily speculative.  Except as expressly
3  denied, Defendant is without sufficient information to admit or deny the remaining
4  allegations in Paragraph 51, and on that basis specifically and generally denies each
5  remaining allegation in Paragraph 51.

6      52.    Defendant denies that he or Calenergy ever engaged in any deceptive or
7  unlawful practices and denies directing or participating in any fraudulent operation
8  by any defendant.  The remaining allegations of Paragraph 52 purport to address
9  conduct of other defendants that is necessarily speculative.  Except as expressly
10  denied, Defendant is without sufficient information to admit or deny the remaining
11  allegations in Paragraph 52, and on that basis specifically and generally denies each
12  remaining allegation in Paragraph 52.

13      53.    The allegations in Paragraph 53 purport to address the conduct or
14  understanding of consumers that is necessarily speculative.  Defendant is without
15  sufficient information to admit or deny the allegations in Paragraph 53, and on that
16  basis specifically and generally denies each allegation in Paragraph 53.

17      54.    Defendant denies that he or Calenergy ever engaged in any deceptive or
18  unlawful practices and denies directing or participating in any fraudulent operation
19  by any defendant.  The remaining allegations of Paragraph 54 purport to address
20  conduct of other defendants that is necessarily speculative.  Except as expressly
21  denied, Defendant is without sufficient information to admit or deny the remaining
22  allegations in Paragraph 54, and on that basis specifically and generally denies each
23  remaining allegation in Paragraph 54.

24      55.    The allegations in Paragraph 55 purport to address the conduct or
25  understanding of consumers that is necessarily speculative.  Defendant is without
26  sufficient information to admit or deny the allegations in Paragraph 55, and on that
27  basis specifically and generally denies each allegation in Paragraph 55.

28      56.    Defendant denies that he or Calenergy ever engaged in any deceptive or

1   unlawful practices and denies directing or participating in any fraudulent operation

2   by any defendant.  The remaining allegations of Paragraph 56 purport to address

3   conduct of other defendants that is necessarily speculative.  Except as expressly

4   denied, Defendant is without sufficient information to admit or deny the remaining

5   allegations in Paragraph 56, and on that basis specifically and generally denies each

6   remaining allegation in Paragraph 56.

7        57.    Defendant is without sufficient information to admit or deny the

8   allegations in Paragraph 57, and on that basis specifically and generally denies each

9   allegation in Paragraph 57.

10       58.    Defendant is without sufficient information to admit or deny the

11  allegations in Paragraph 58, and on that basis specifically and generally denies each

12  allegation in Paragraph 58.

13       59.    Defendant is without sufficient information to admit or deny the

14  allegations in Paragraph 59, and on that basis specifically and generally denies each

15  allegation in Paragraph 59.

16       60.    Defendant denies that he or Calenergy ever engaged in any deceptive or

17  unlawful practices and denies directing or participating in any fraudulent operation

18  by any defendant.  The remaining allegations of Paragraph 60 purport to address

19  conduct of other defendants that is necessarily speculative.  Except as expressly

20  denied, Defendant is without sufficient information to admit or deny the remaining

21  allegations in Paragraph 60, and on that basis specifically and generally denies each

22  remaining allegation in Paragraph 60.

23       61.    Defendant is without sufficient information to admit or deny the

24  allegations in Paragraph 61, and on that basis specifically and generally denies each

25  allegation in Paragraph 61.

26       62.    The allegations in Paragraph 62 purport to address the conduct or

27  understanding of consumers that is necessarily speculative.  Defendant is without

28  sufficient information to admit or deny the allegations in Paragraph 62, and on that

1   basis specifically and generally denies each allegation in Paragraph 62.

2       63.     The allegations in Paragraph 63 purport to address the conduct or

3   understanding of consumers that is necessarily speculative.  Defendant is without

4   sufficient information to admit or deny the allegations in Paragraph 63, and on that

5   basis specifically and generally denies each allegation in Paragraph 63.

6       64.     Defendant denies that he or Calenergy ever engaged in any deceptive or

7   unlawful practices and denies directing or participating in any fraudulent operation

8   by any defendant.  The remaining allegations of Paragraph 64 purport to address

9   conduct of other defendants and consumers that is necessarily speculative.  Except

10  as expressly denied, Defendant is without sufficient information to admit or deny

11  the remaining allegations in Paragraph 64, and on that basis specifically and

12  generally denies each remaining allegation in Paragraph 64.

13      65.     Defendant denies that he or Calenergy ever engaged in any deceptive or

14  unlawful practices and denies directing or participating in any fraudulent operation

15  by any defendant.  The remaining allegations of Paragraph 65 purport to address

16  conduct of other defendants or consumers that is necessarily speculative.  Except as

17  expressly denied, Defendant is without sufficient information to admit or deny the

18  remaining allegations in Paragraph 65, and on that basis specifically and generally

19  denies each remaining allegation in Paragraph 65.

20      66.     Defendant denies that he or Calenergy ever engaged in any deceptive or

21  unlawful practices and denies directing or participating in any fraudulent operation

22  by any defendant.  The remaining allegations of Paragraph 66 purport to address

23  conduct of other defendants that is necessarily speculative.  Except as expressly

24  denied, Defendant is without sufficient information to admit or deny the remaining

25  allegations in Paragraph 66, and on that basis specifically and generally denies each

26  remaining allegation in Paragraph 66.

27      67.     Defendant denies that he or Calenergy ever engaged in any deceptive or

28  unlawful practices and denies directing or participating in any fraudulent operation

1   by any defendant.  The remaining allegations of Paragraph 67 purport to address
2   conduct of other defendants or consumers that is necessarily speculative.  Except as
3   expressly denied, Defendant is without sufficient information to admit or deny the
4   remaining allegations in Paragraph 67, and on that basis specifically and generally
5   denies each remaining allegation in Paragraph 67.

6        68.    The allegations in Paragraph 68 consist of conclusions of law as to
7   which no responsive pleading is required.

8        69.    The allegations in Paragraph 69 consist of conclusions of law as to
9   which no responsive pleading is required.

10       70.    Defendant denies that he or Calenergy ever engaged in any deceptive or
11  unlawful practices and denies directing or participating in any fraudulent operation
12  by any defendant.  The remaining allegations of Paragraph 70 purport to address
13  conduct of other defendants that is necessarily speculative.  Except as expressly
14  denied, Defendant is without sufficient information to admit or deny the remaining
15  allegations in Paragraph 70, and on that basis specifically and generally denies each
16  remaining allegation in Paragraph 70.

17       71.    Defendant denies that he or Calenergy ever engaged in any deceptive or
18  unlawful practices and denies directing or participating in any fraudulent operation
19  by any defendant.  The remaining allegations of Paragraph 71 purport to address
20  conduct of other defendants that is necessarily speculative.  Except as expressly
21  denied, Defendant is without sufficient information to admit or deny the remaining
22  allegations in Paragraph 71, and on that basis specifically and generally denies each
23  remaining allegation in Paragraph 71.

24       72.    The allegations in Paragraph 72 consist of conclusions of law as to
25  which no responsive pleading is required.  To the extent a response is required,
26  Defendant denies that he or Calenergy ever engaged in any deceptive or unlawful
27  practices and denies directing or participating in any fraudulent operation by any
28  defendant.  The remaining allegations of Paragraph 72 purport to address conduct of

11

DEFENDANT IGOR LATSANOVSKI'S ANSWER TO FIRST AMENDED COMPLAINT

1  other defendants that is necessarily speculative.  Except as expressly denied,

2  Defendant is without sufficient information to admit or deny the remaining

3  allegations in Paragraph 72, and on that basis specifically and generally denies each

4  remaining allegation in Paragraph 72.

5       73.     Defendant denies that he or Calenergy ever engaged in any deceptive or

6  unlawful practices and denies directing or participating in any fraudulent operation

7  by any defendant.  The remaining allegations of Paragraph 73 purport to address

8  conduct of other defendants that is necessarily speculative.  Except as expressly

9  denied, Defendant is without sufficient information to admit or deny the remaining

10  allegations in Paragraph 73, and on that basis specifically and generally denies each

11  remaining allegation in Paragraph 73.

12       74.     Defendant denies that he or Calenergy ever engaged in any deceptive or

13  unlawful practices and denies directing or participating in any fraudulent operation

14  by any defendant.  The remaining allegations of Paragraph 74 purport to address

15  conduct of other defendants that is necessarily speculative.  Except as expressly

16  denied, Defendant is without sufficient information to admit or deny the remaining

17  allegations in Paragraph 74, and on that basis specifically and generally denies each

18  remaining allegation in Paragraph 74.

19       75.     The allegations in Paragraph 75 consist of conclusions of law as to

20  which no responsive pleading is required.  To the extent a response is required,

21  Defendant denies that he or Calenergy ever engaged in any deceptive or unlawful

22  practices and denies directing or participating in any fraudulent operation by any

23  defendant.  The remaining allegations of Paragraph 75 purport to address conduct of

24  other defendants that is necessarily speculative.  Except as expressly denied,

25  Defendant is without sufficient information to admit or deny the remaining

26  allegations in Paragraph 75, and on that basis specifically and generally denies each

27  remaining allegation in Paragraph 75.

28       76.     Defendant denies that he or Calenergy ever engaged in any deceptive or

DEFENDANT IGOR LATSANOVSKI'S ANSWER TO FIRST AMENDED COMPLAINT

1  unlawful practices and denies directing or participating in any fraudulent operation

2  by any defendant.  The remaining allegations of Paragraph 76 purport to address

3  conduct of other defendants that is necessarily speculative.  Except as expressly

4  denied, Defendant is without sufficient information to admit or deny the remaining

5  allegations in Paragraph 76, and on that basis specifically and generally denies each

6  remaining allegation in Paragraph 76.

7        77.    Defendant is without sufficient information to admit or deny each

8  allegation in Paragraph 77, and on that basis specifically and generally denies each

9  allegation in Paragraph 77.

10        78.    The allegations in Paragraph 78 consist of conclusions of law as to

11  which no responsive pleading is required.  To the extent a response is required,

12  Defendant denies that he or Calenergy ever engaged in any deceptive or unlawful

13  practices and denies directing or participating in any fraudulent operation by any

14  defendant.  The remaining allegations of Paragraph 78 purport to address conduct of

15  other defendants or consumers that is necessarily speculative.  Except as expressly

16  denied, Defendant is without sufficient information to admit or deny the remaining

17  allegations in Paragraph 78, and on that basis specifically and generally denies each

18  remaining allegation in Paragraph 78.

19        79.    Defendant denies that he or Calenergy ever engaged in any deceptive or

20  unlawful practices and denies directing or participating in any fraudulent operation

21  by any defendant.  The remaining allegations of Paragraph 79 purport to address

22  conduct of other defendants or consumers that is necessarily speculative.  Except as

23  expressly denied, Defendant is without sufficient information to admit or deny the

24  remaining allegations in Paragraph 79, and on that basis specifically and generally

25  denies each remaining allegation in Paragraph 79.

26        80.    Defendant denies that he or Calenergy ever engaged in any deceptive or

27  unlawful practices and denies directing or participating in any fraudulent operation

28  by any defendant.  The allegations of Paragraph 80 also purport to address conduct

of other defendants and consumers that is necessarily speculative.  Except as expressly denied, Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 80, and on that basis specifically and generally denies each remaining allegation in Paragraph 80.

81.     The allegations in Paragraph 81 consist of conclusions of law as to which no responsive pleading is required.  To the extent a response is required, Defendant denies that he or Calenergy ever engaged in any deceptive or unlawful practices and denies directing or participating in any fraudulent operation by any defendant.  The allegations of Paragraph 81 also purport to address conduct of other defendants that is necessarily speculative.  Except as expressly denied, Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 81, and on that basis specifically and generally denies each remaining allegation in Paragraph 81.

82.     The allegations in Paragraph 82 consist of conclusions of law as to which no responsive pleading is required.

83.     The allegations in Paragraph 83 consist of conclusions of law as to which no responsive pleading is required.

84.     The allegations in Paragraph 84 consist of conclusions of law as to which no responsive pleading is required.

85.     The allegations in Paragraph 85 consist of conclusions of law as to which no responsive pleading is required.  To the extent a response is required, Defendant denies that he or Calenergy ever engaged in any deceptive or unlawful practices and denies directing or participating in any fraudulent operation by any defendant.  The allegations of Paragraph 85 also purport to address conduct of other defendants that is necessarily speculative.  Except as expressly denied, Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 85, and on that basis specifically and generally denies each remaining allegation in Paragraph 85.

DEFENDANT IGOR LATSANOVSKI'S ANSWER TO FIRST AMENDED COMPLAINT

86.     The allegations in Paragraph 86 consist of conclusions of law as to which no responsive pleading is required.

87.     The allegations in Paragraph 87 consist of conclusions of law as to which no responsive pleading is required.  To the extent a response is required, Defendant denies that he or Calenergy ever engaged in any deceptive or unlawful practices and denies directing or participating in any fraudulent operation by any defendant.  The remaining allegations of Paragraph 87 also purport to address conduct of other defendants that is necessarily speculative.  Except as expressly denied, Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 87, and on that basis specifically and generally denies each remaining allegation in Paragraph 87.

88.     The allegations in Paragraph 88 consist of conclusions of law as to which no responsive pleading is required.  To the extent a response is required, Defendant denies that he or Calenergy ever engaged in any deceptive or unlawful practices and denies directing or participating in any fraudulent operation by any defendant.  The allegations of Paragraph 88 also purport to address conduct of other defendants that is necessarily speculative.  Except as expressly denied, Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 88, and on that basis specifically and generally denies each remaining allegation in Paragraph 88.

89.     The allegations in Paragraph 89 consist of conclusions of law as to which no responsive pleading is required.

90.     The allegations in Paragraph 90 consist of conclusions of law as to which no responsive pleading is required.

91.     The allegations in Paragraph 91 consist of conclusions of law as to which no responsive pleading is required.

92.     The allegations in Paragraph 92 consist of conclusions of law as to which no responsive pleading is required.

DEFENDANT IGOR LATSANOVSKI'S ANSWER TO FIRST AMENDED COMPLAINT

93.     The allegations in Paragraph 93 consist of conclusions of law as to which no responsive pleading is required.  To the extent a response is required, Defendant denies that he or Calenergy ever engaged in any deceptive or unlawful practices and denies directing or participating in any fraudulent operation by any defendant.  The remaining allegations of Paragraph 93 also purport to address conduct of other defendants that is necessarily speculative.  Except as expressly denied, Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 93, and on that basis specifically and generally denies each remaining allegation in Paragraph 93.

94.     The allegations in Paragraph 94 consist of conclusions of law as to which no responsive pleading is required.  To the extent a response is required, Defendant denies that he or Calenergy ever engaged in any deceptive or unlawful practices and denies directing or participating in any fraudulent operation by any defendant.  The remaining allegations of Paragraph 94 also purport to address conduct of other defendants that is necessarily speculative.  Except as expressly denied, Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 94, and on that basis specifically and generally denies each remaining allegation in Paragraph 94.

95.     The allegations in Paragraph 95 consist of conclusions of law as to which no responsive pleading is required.

96.     The allegations in Paragraph 96 consist of conclusions of law as to which no responsive pleading is required.  To the extent a response is required, Defendant denies that he or Calenergy ever engaged in any deceptive or unlawful practices and denies directing or participating in any fraudulent operation by any defendant.  The remaining allegations of Paragraph 96 also purport to address conduct of other defendants that is necessarily speculative.  Except as expressly denied, Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 96, and on that basis specifically and generally denies each

DEFENDANT IGOR LATSANOVSKI'S ANSWER TO FIRST AMENDED COMPLAINT

remaining allegation in Paragraph 96.

97.   The allegations in Paragraph 97 consist of conclusions of law as to which no responsive pleading is required.  To the extent a response is required, Defendant denies that he or Calenergy ever engaged in any deceptive or unlawful practices and denies directing or participating in any fraudulent operation by any defendant.  The remaining allegations of Paragraph 97 also purport to address conduct of other defendants that is necessarily speculative.  Except as expressly denied, Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 97, and on that basis specifically and generally denies each remaining allegation in Paragraph 97.

98.   The allegations in Paragraph 98 consist of conclusions of law as to which no responsive pleading is required.  To the extent a response is required, Defendant denies that he or Calenergy ever engaged in any deceptive or unlawful practices and denies directing or participating in any fraudulent operation by any defendant.  The remaining allegations of Paragraph 98 also purport to address conduct of other defendants that is necessarily speculative.  Except as expressly denied, Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 98, and on that basis specifically and generally denies each remaining allegation in Paragraph 98.

99.   The allegations in Paragraph 99 consist of conclusions of law as to which no responsive pleading is required.

100.   The allegations in Paragraph 100 consist of conclusions of law as to which no responsive pleading is required.  To the extent a response is required, Defendant denies that he or Calenergy ever engaged in any deceptive or unlawful practices and denies directing or participating in any fraudulent operation by any defendant.  The remaining allegations of Paragraph 100 also purport to address conduct of other defendants and consumers that is necessarily speculative.  Except as expressly denied, Defendant is without sufficient information to admit or deny

17

1  the remaining allegations in Paragraph 100, and on that basis specifically and
2  generally denies each remaining allegation in Paragraph 100.

3      101.   The allegations in Paragraph 101 consist of conclusions of law as to
4  which no responsive pleading is required.

5      102.   The allegations in Paragraph 102 consist of conclusions of law as to
6  which no responsive pleading is required.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT IGOR LATSANOVSKI'S ANSWER TO FIRST AMENDED COMPLAINT

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

1.    The Complaint fails to state a claim upon which relief may be granted. Complaint does not state facts to show that Defendant "participated directly in the deceptive acts or had the authority to control them" and "had knowledge that the corporation or one of its agents engaged in dishonest or fraudulent conduct, that the misrepresentations were the type upon which a reasonable and prudent person would rely, and that consumer injury resulted." *FTC v. Network Servs. Depot, Inc.*, 617 F.3d 1127, 1138 (9th Cir. 2010).

**SECOND AFFIRMATIVE DEFENSE**

**(Consent)**

2.    Consumers consented to receive and pay for any services and goods provided by other defendants.

**THIRD AFFIRMATIVE DEFENSE**

**(Offset)**

3.    To the extent that any consumer consented to receive and pay for any goods and services provided by other defendants or received a refund from defendants, Plaintiff's relief, if any, is subject to offset for these refunds and sales as well as the costs associated with these sales of goods and services.

**FOURTH AFFIRMATIVE DEFENSE**

**(Acts of Third Parties - Causation)**

4.    The FTC alleges that it can seek restitution against Defendant. However, such relief should be limited to the return  that Defendant received from the five year investment in the skin care business alleged in the First Amended Complaint because Defendant, through Calenergy, invested in the skincare business and did not participate or have knowledge of the conduct alleged in the

19

1    First Amended Complaint.

2         5.     Defendant did not, does not, and cannot control or participate in the

3    marketing, advertisement or other conduct regarding the skincare business alleged

4    in the First Amended Complaint. The only defendant that Defendant controlled

5    during the relevant period was Calenergy, Inc., which did not control or participate

6    in any of the marketing, advertising or other conduct regarding the skincare

7    business alleged in the First Amended Complaint. As to the other defendants,

8    Defendant did not, does not and cannot control the parties who engaged in the

9    conduct alleged in the First Amended Complaint. Accordingly, Defendant cannot

10    be liable for actions taken by parties beyond his control.

11         6.     Consumer's damages, if any, were caused solely, directly, and

12    proximately by the acts or omissions of third parties, not by any acts or omissions

13    by Defendant, his agents, or employees. These other persons are solely responsible

14    for any damages caused thereby.

15                    **FIFTH AFFIRMATIVE DEFENSE**

16                **(Acts of Third Parties – Apportionment)**

17         7.     The acts and/or omissions of independent third parties contributed to

18    some or all of the damages, if any, complained of in the Complaint. Defendant is

19    entitled to a judicial determination of fault of those third parties and to a reduction

20    of damages, if any, in proportion to fault.

21                   **SIXTH AFFIRMATIVE DEFENSE**

22                   **(Compliance with Statute)**

23         8.     Defendant's compliance with the statutes, rules, and regulations which

24    govern the subject matter of this lawsuit precludes liability to any consumer.

25                  **SEVENTH AFFIRMATIVE DEFENSE**

26                   **(Business Judgment Rule)**

27         9.     Defendant is not liable as an officer of any corporate entity in that all

28    times he was exercising his best business judgment and cannot be held liable for

1    his acts, actions or omissions pursuant to the Business Judgment Rule.

2

3                    **EIGHTH AFFIRMATIVE DEFENSE**

4                              **(No Damages)**

5           10.    The conduct alleged by Plaintiff did not injure, harm, or damage

6    consumers.

7                    **NINTH AFFIRMATIVE DEFENSE**

8                              **(Excessive Fines)**

9           11.    To the extent that Plaintiff seeks statutory penalties, the Complaint

10   violates the prohibition against "excessive fines" of the United States Constitution,

11   Eighth Amendment.

12                   **TENTH AFFIRMATIVE DEFENSE**

13                             **(Bad Faith)**

14          12.    On information and belief, this lawsuit was filed in bad faith and/or

15   for objectively frivolous reasons, thereby barring Plaintiff from recovering on any

16   cause of action in the Complaint, and entitling Defendant to recover his costs of

17   suit incurred herein, including reasonable attorneys' fees.

18                   **ELEVENTH AFFIRMATIVE DEFENSE**

19                        **(Justification and Privilege)**

20          13.    The actions of Defendant, respecting the subject matters alleged in the

21   Complaint, were undertaken in good faith, and constitute lawful, proper, and

22   justified means to further the sole purpose of engaging in and continuing his

23   business.  By reason thereof, Plaintiff is barred, in whole or in part, from recovery

24   on the Complaint.

25                   **TWELFTH AFFIRMATIVE DEFENSE**

26                    **(VIOLATION OF FIRST AMENDMENT)**

27          14.    To the extent that the Plaintiff's claims, by effect or intent, seek to ban

28   otherwise lawful sales methods (*e.g.*, "negative option," "continuity,"), such claims

                                       21

are subject to the First Amendment to the United States Constitution.  Relatedly, Plaintiff is constitutionally required to ensure that the enforcement of its regulations is no more extensive than absolutely necessary to serve the particular governmental interest at issue.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Right to Assert Additional Defenses)

15.    Defendant reserves the right to assert additional affirmative defenses as discovery and investigation proceed in compliance with Rule 15 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendant prays for judgment as follows:

1.    That Plaintiff take nothing by its Complaint;

2.    That Defendant be awarded all of his costs, including attorney fees incurred herein; and

3. That the Court award such other and further relief as it deems just and proper.

DATED: October 26, 2015          SCHEPER KIM & HARRIS LLP
                                 MARC S. HARRIS
                                 ANNAH S. KIM


                                 By:   /s/  Annah S. Kim
                                       Annah S. Kim
                                       Attorneys for Defendants Igor Latsanovski
                                       and Calenergy, Inc.