Michael J. Weiss (SBN 206473)
**ABRAMS GARFINKEL MARGOLIS BERGSON, LLP**
5900 Wilshire Blvd. Suite 2250
Los Angeles, CA 90036
310-300-2900
310-300-2901- Fax
Mweiss@agmblaw.com

Charlene Koonce (TX SBN 11672850)
*Admitted Pro Hac Vice*
**SCHEEF & STONE, L.L.P.**
500 N. Akard, Suite 2700
Dallas, Texas 75201
214-706-4200
214-706-4242 - Fax
Charlene.koonce@solidcounsel.com
Receiver

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>BUNZAI MEDIA GROUP, INC., a California corporation, also doing business as AuraVie and Miracle Face Kit, et al.,<br><br>Defendants. | Case No. 2:15-CV-4527-GW(PLAx)<br><br>**RECEIVER'S NOTICE OF MOTION, MOTION TO ESTABLISH CLAIMS PRIORITY, AND BRIEF IN SUPPORT**<br><br>Hearing Date: December 3, 2015<br>TIME: 10:30 A.M.[1]<br>CRTM: 10<br>JUDGE: HON. GEORGE WU |

---

[1] The Receiver requests a 10:30 setting for this matter to eliminate the need for overnight travel expenses.

# TABLE OF CONTENTS

NOTICE PURSUANT TO LOCAL RULE 66-7(b) .......................................................... 3

NOTICE OF MOTION ................................................................................................... 4

SUMMARY ..................................................................................................................... 7

BACKGROUND FACTS ................................................................................................ 8

ARGUMENT ................................................................................................................... 9
    A.    The Court Possesses Broad Discretion to Establish Claims .......................... 9
    B.    The Bankruptcy Code and Case Law Regarding FTC Receiverships Provide a Claims Priority Framework. ................................................................... 10
    C.    Establishing Priorities Will Eliminate the Need for a Detailed and Expensive Claims Process ............................................................................................ 12

CERTIFICATE OF CONFERENCE ............................................................................. 15

CERTIFICATE OF SERVICE ....................................................................................... 16

# TABLE OF AUTHORITIES

**Cases**

*Clark v. Clark*, 58 U.S. 315, 15 L.Ed. 164 (1855)..................................................9

*F.T.C. v. Crittenden*, 823 F. Supp. 699 (C.D. Cal. 1993) *aff'd*, 19 F.3d 26 (9th Cir. 1994) ...............................................................................................................11

*FDIC v. Bernstein,* 786 F.Supp. 170 (E.D.N.Y. 1992).........................................9

*FSLIC v. PSL Realty Co.*, 630 F.2d 515 (7th Cir. 1980), *cert. denied,* 452 U.S. 961, 69 L.Ed.2d 971, 101 S.Ct. 319 (1981) ...................................................9

*FTC v. Febre,* 128 F.3d 530 (7th Cir.1997)........................................................10

*Gaskill v. Gordon*, 27 F.3d 248 (7th Cir. 1994).....................................................9

*Picard v. Katz,* 2011 WL 4448638 (S.D.N.Y. 2011)..........................................12

*Porter v. Warner Holding Co.,* 328 U.S. 395, 66 S.Ct. 1086 L.Ed. 1332 (1946) .............10

*S.E.C v. Byers,* 637 F. Supp. 2d 166 (S.D.N.Y. 2009) ..................................11, 12

*S.E.C. v. Elliot,* 953 F. 2d 1560 (11th Cir. 1992) .........................................10, 11

*SEC v. Hardy*, 803 F.2d 1034 (9th Cir. 1986) .................................................9, 10

*SEC v. Safety Fin. Service, Inc.*, 674 F.2d 368 (5th Cir. 1982) ............................9

*United States v. Fetters,* 2011 WL 281031, *7 (D. Minn. 2011), *28 ..............11

**Statutes**
11 U.S.C. § 503(b)(1)(A)....................................................................................11
11 U.S.C. § 507............................................................................................10, 11
11 U.S.C. § 327....................................................................................................11
11 U.S.C. § 330....................................................................................................11
11 U.S.C. §§ 726(a)(1)-(6)..................................................................................10
15 U.S.C. § 41.....................................................................................................10

**NOTICE PURSUANT TO LOCAL RULE 66-7(b)**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 14 DAYS OF THE DATE THIS DOCUMENT WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED.**

**IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**NOTICE OF MOTION**

TO THE HONORABLE JUDGE GEORGE WU, UNITED STATES DISTRICT JUDGE, AND ALL PARTIES IN INTEREST:

PLEASE TAKE NOTICE that on December 3, 2015, commencing at 10:30 a.m. or as soon thereafter as the parties may be heard in Courtroom 10 of the above-entitled Court located at 312 North Spring Street, Los Angeles, California, 90012, Charlene Koonce, the Receiver in the above–entitled action, will and hereby does move the Court for an order establishing claims priority.

1  PLEASE TAKE FURTHER NOTICE that this Motion is based upon this Notice of
2  Motion and Motion; the pleadings, records and files of this case of which the Receiver
3  requests the Court take judicial notice; and all other further pleadings, oral and
4  documentary evidence and arguments of counsel as may be presented by the Receiver at
5  or before the time of the hearing on the Motion.

6  PLEASE TAKE FURTHER NOTICE that a copy of this Notice of Motion and
7  Motion will be mailed by first class mail to all interested persons who do not receive an
8  ECF notice.

9  PLEASE TAKE FURTHER NOTICE that this Motion is made following the
10  conference of counsel pursuant to Local Rule 7-3. More specifically, on October 14, 2015
11  the Receiver conferred by email with all counsel regarding the specific relief requested in
12  this Motion. The only parties who stated any opposition to the relief requested were Alon
13  Nottea, Roi Rueveni, and Adageo, LLC.  These parties objected unless the "plan" is
14  subject to "the Court's previous orders and any further orders or settlements that modify
15  the plan"; and, the first priority for "distribution" must be return of the funds at issue to
16  any Receivership Defendant who is not adjudicated a common enterprise constituent or a
17  party on whom joint and several liability is imposed.   The Motion seeks no relief
18  contrary to either objection. Despite notification of no request for relief contrary to the
19  objections, however, counsel would not provide an affirmative statement that the
20  objections had been resolved.  The same defendants also objected that the motion should
21

- 5 -
MOTION TO ESTABLISH CLAIMS PRIORITY

1 not be filed until a distribution was imminent and permission should be sought in the
2 same motion to make distributions. Because the Receiver believes that establishing
3 claims priority will eliminate much of the expense of a claims process, however, she
4 believes establishing priorities now will create more efficiencies in administering the
5 estate.  Again, despite communication of this fact, counsel would not provide an
6 affirmative statement regarding his position regarding the motion.

        */s/ Charlene Koonce*
        CHARLENE C. KOONCE

Charlene Koonce, the Court-appointed Permanent Receiver (the "Receiver"), moves the Court for order establishing priority for claims against the estate, and in support, respectfully shows the Court as follows:

## SUMMARY

This Motion seeks an order establishing priority for claims against the assets of the Receivership Defendants,[2] to facilitate an eventual dissolution of those entities,[3] and eventual distribution of the Receivership Defendants' assets. Establishing claims priority while those few entities which are defending continue to do so, should minimize the scope and expense of any claims process related to distribution of estate assets when dissolution and distribution are appropriate,[4] and thus allow a quicker wind-up of the receivership. The priorities requested are 1) administrative claims; 2) consumer redress; 3) wage claims; and 4) tax claims.

---

[2] The numerous Preliminary Injunctions entered by the Court include the following entities as "Receivership Defendants": Bunzai Media Group, Inc., d/b/a AuraVie and Miracle Face Kit; Pinnacle Logistics, Inc.; DSA Holdings, Inc.; Lifestyle Media Brands, Inc.; Agoa Holdings, Inc.; Zen Mobile Media, Inc.; Safehaven Ventures, Inc.; Heritage Alliance Group, Inc., also doing business as AuraVie Distribution; AMD Financial Network, Inc.; SBM Management, Inc.; Media Urge, Inc.; Adageo, LLC; CalEnergy, Inc.; KAI Media, Inc. and Insight Media, Inc. Additionally, the Amended Complaint includes the following entities as "Receivership Defendants": Focus Media Solutions, Inc.; Secured Commerce, LLC; Secured Merchants, LLC; USM Products, Inc.; Merchant Leverage Group, Inc.; DMA Media Holdings, Inc.; Shalita Holdings, Inc.; All Star Beauty Products, Inc.

[3] The Receiver filed a Notice of Intent to Dissolve certain Receivership Defendants, (Docket No. 215) and Defendant Alon Nottea objected (Docket No. 218). The Receiver will accordingly file a motion seeking express authorization to dissolve the Receivership Defendants at a later date.

[4] Except as otherwise already permitted by the various Injunctions, no estate assets will be distributed without Court authorization.

## BACKGROUND FACTS

As required by the terms of the various Preliminary Injunctions, the Receiver is not operating any of the Receivership Defendants.[5] Further, CalEnergy, Inc. is the only Receivership Defendant actively defending, although Alon Nottea has asserted objections to various pleadings on behalf of Adageo, LLC, his personal consulting entity.

The Local Rules require administering receiverships as closely as possible to administration of bankruptcy estates.[6] In receiverships, however, priorities for claims against estate assets are created by the Court rather than statute, and are based on the policies underlying the receivership, the types of claims at issue, and the assets available to satisfy such claims. In comparison, Section 726 of the Bankruptcy Code provides the procedure for distributing property in Chapter 7 cases and thus also creates the priorities for such distributions. Accordingly, the Receiver seeks an order establishing priorities as provided by the Bankruptcy Code, and in accordance with governing law in FTC receiverships which provides that estate assets in such cases are held in constructive trust for the benefit of defrauded consumers. Because of the large amount of consumer redress at issue, establishing these priorities eliminates the need to establish most lower or other priorities or adjudicate the claims of virtually all other classes of creditors.

---

[5] The Receiver shall "[c]ontinue and conduct the business of the Receivership Defendants in such manner, to such extent, and for such duration as the Permanent Receiver may in good faith deem to be necessary or appropriate to operate the business profitably and lawfully, if at all; provided however, that the continuation and conduct of the business shall be conditioned on the Permanent Receiver's good faith determination that the business *can be lawfully operated at a profit using the assets of the receivership estate.*" Docket Nos. 105, 107, 108, and 200. ¶ XIV B.

[6] "Except as otherwise ordered by the Court, a receiver shall administer the estate as nearly as possible in accordance with the practice in the administration of estates in bankruptcy." L.R. 66-8.

**ARGUMENT**

**A.     The Court Possesses Broad Discretion to Establish Claims**

A receiver acts as the Court's agent with respect to the administration of property. *Clark v. Clark*, 58 U.S. 315, 331, 15 L.Ed. 164 (1855); *FSLIC v. PSL Realty Co.*, 630 F.2d 515, 521 (7th Cir. 1980), *cert. denied,* 452 U.S. 961, 69 L.Ed.2d 971, 101 S.Ct. 319 (1981)("[R]eceiver is an officer of the court and subject to its orders in relation to the property for which he is responsible until discharged by the court").  The orders of the appointing court are the sole source of a receiver's authority, and receivers therefore petition the appointing court to establish rules governing administration of the receivership.  *Gaskill v. Gordon*, 27 F.3d 248, 251 (7th Cir. 1994); *PSL Realty Co.*, 630 F.2d at 521.

Receivership administration is governed by two general principles.  First, district courts are given "extremely broad" discretion in determining "the appropriate procedures to be used in its administration." *FDIC v. Bernstein,* 786 F.Supp. 170, 177 (E.D.N.Y. 1992); *SEC v. Hardy*, 803 F.2d 1034, 1037 (9th Cir. 1986); *SEC v. Safety Fin. Service, Inc.*, 674 F.2d 368, 372 (5th Cir. 1982)("Any action by a trial court supervising an equity receivership is committed to his sound discretion and will not be disturbed unless there is a clear showing of abuse").  Second, "a primary purpose of equity receiverships is to promote orderly and efficient administration of the estate by the district court for the

benefit of creditors." *Hardy,* 803 F.2d at 1038. Accordingly, "reasonable procedures instituted by the district court that serve [these] purpose[s]" are generally upheld. *Id.*

Further, the authority to grant relief under Section 13(b) of the Federal Trade Commission Act[7] ("FTC Act") includes the power to grant any ancillary relief necessary to accomplish complete justice, including ordering equitable relief for consumer redress through the repayment of money, restitution, rescission, or disgorgement of unjust enrichment. *FTC v. Febre,* 128 F.3d 530, 534 (7th Cir.1997). Exercise of this broad equitable authority is vested in the court's sound discretion and is particularly appropriate where the public interest is at stake. *Porter v. Warner Holding Co.,* 328 U.S. 395, 398, 66 S.Ct. 1086, 90 L.Ed. 1332 (1946).

An order establishing claims priorities serves the primary purpose of the receivership, and is thus within the court's discretionary authority. *See S.E.C. v. Elliot,* 953 F. 2d 1560, 1566 (11th Cir. 1992) (Court has "broad powers and wide discretion" to assure equitable distributions).

**B.  The Bankruptcy Code and Case Law Regarding FTC Receiverships Provide a Claims Priority Framework.**

Section 726 of the Bankruptcy Code[8] creates priorities for distribution of assets, leading with Section 507 "priority claims," with the only such relevant "priority claim"

---

[7] 15 U.S.C. §§ 41-58.
[8] "§ 726. Distribution of property of the estate.
  (a)  Expect as provided in Section 510 of this title, property of the estate shall be distributed-
    (1)  First, in payment of claims of the kind specified in, and in the order specified in, Section 507…"11 U.S.C. §726(a)(1). Other priorities for distributions in liquidation cases following administrative expenses are: 2)

1  being "administrative expenses allowed under §503(b).[9] Establishing these allowed
2  administrative expenses as the first priority is further supported by the terms of the
3  numerous Preliminary Injunctions, which provide the Receiver and her agents are entitled
4  to "reasonable compensation."

5  Because this is an FTC receivership rather than a bankruptcy, receivership estate
6  assets are next subject to a constructive trust in favor of consumers which takes priority
7  over all other creditor claims, including tax claims. *F.T.C. v. Crittenden*, 823 F. Supp.
8  699, 703-04 (C.D. Cal. 1993) *aff'd*, 19 F.3d 26 (9th Cir. 1994). Consequently, consumer
9  redress claims should have a second priority after administrative expenses. *Id.*[10]

10  Next, the bankruptcy code provides five categories of ordinary course priority
11  claims in an involuntary bankruptcy case: wage claims, employee benefit plans, grain
12  producers and fisherman, and security deposits on real property[11] – with only wage
13  claims being potentially applicable here.[12]

---

timely filed unsecured claims; 3) tardily filed unsecured claims; 4) "fine, penalty, or forfeiture, or for multiple, exemplary, or punitive damages"; 5) interest on the first four types of claims; and, 6) to the debtor. 11 U.S.C. §§ 726(a)(2)-(6).

[9] Section 503(b)(1)(A) in its turn defines "administrative expenses" as "the actual, necessary costs and expenses of preserving the estate." 11 U.S.C. § 503(b)(1)(A). Court approved fees for professionals who represent the estate are thus administrative expenses. *See* 11 U.S.C. §§ 327 and 330.

[10] Treating all consumers equally, and in priority to other trade or business creditors, is also consistent with one of the guiding principles related to receivership distribution plans – fairness. Fairness- treating similarly situated claimants in the same manner - is generally the driving factor in receivership claims processes. *Elliot,* 953 F. 2d *at* 1570; *United States v. Fetters,* 2011 WL 281031, *7 (D. Minn. 2011)(*citing S.E.C. v. Credit Bancorp. Ltd.* 2000 WL 1752979, *28 (S.D.N.Y. 2000); *S.E.C v. Byers,* 637 F. Supp. 2d 166, 184 (S.D.N.Y. 2009) ("The Receiver's proposal to treat differently those involved in the fraudulent scheme when distributions are being made is eminently reasonable and is supported by caselaw."). Ultimately, "when funds are limited, hard choices must be made." *Byers,* 637 F. Supp. 2d at 176 (quoting *Official Comm. of Unsecured Creditors of WorldCom, Inc. v. S.E.C.,* 467 F.3d 73, 84 (2d Cir. 2006)).

[11] *See* 11 U.S.C. §507(a)(3)-(7).

[12] One of the Receivership Defendants, Focus Media Solutions, may have had commissioned salesmen and employees, although many of those workers did not know which entity issued their pay checks, and were not listed in the Focus Media's QuickBook account as employees. Because of the timing of initial access, the claims of those employees- who were owed either commissions, if any, or wages – was for two days only.

1  After administrative claims, consumer redress claims, and wage claims, the next applicable Bankruptcy Code priority is allowed tax claims of governmental units. *See* 11 U.S.C. § 507(a)(8).

Finally, in the event any of the Receivership Defendants or their officers, directors, members, or agents attempts to assert a claim against estate assets, those claims should be equitably subordinated to all other claims. "Courts equitably subordinate claims when the claimant has engaged in some type of inequitable conduct and the misconduct must have resulted in injury to the creditors of the bankrupt or conferred an unfair advantage on the claimant." *Picard v. Katz,* 2011 WL 4448638, *6 (S.D.N.Y. 2011) (internal quotations omitted). "Inequitable conduct encompasses conduct that may be lawful but is nevertheless contrary to equity and good conscience." *Id.* (internal quotation omitted). Claims asserted by those who promoted the Receivership Defendants' inequitable conduct are thus appropriately subordinated to all other claims of any other creditor or claimant. *See, e.g., Byers,* 637 F. Supp. 2d at 184 ("The Receiver's proposal to treat differently those involved in the fraudulent scheme when distributions are being made is eminently reasonable and is supported by case law.")

**C.  Establishing Priorities Will Eliminate the Need for a Detailed and Expensive Claims Process**

The Receiver previously estimated consumer redress to be not less than $69MM.[13]

---

[13] *See* Docket Nos. 120, p. 4 and 121, Exh. 5.

The estate currently holds approximately $546,841.94.[14]  Administrative expenses in the amount of $137,031 have already been approved but not authorized for payment,[15] and the Receiver will seek permission to pay additional administrative expenses through the close of the receivership as and when appropriate.  Even with the recovery of additional funds related to the sale of assets and potential recovery of funds from third-parties,[16] the Receiver estimates that the estate will never exceed – indeed come close to – the amount owed for consumer redress if the judgments amounts entered against the numerous Receivership Defendants are anywhere close to the Receiver's estimate of consumer redress.  Thus, no funds will remain for payment of any claim other than administrative claims and consumer redress.

Establishing the claims priority requested above, thus eliminates the need for further prioritization.  Moreover, unless the estate is the recipient of a monetary miracle, establishing the priorities requested above will eliminate the need for a claims process to evaluate the validity of any claim other than administrative claims and the amount of consumer redress, including tax claims.[17]

Further, an order establishing priorities would not preclude any creditor, including a taxing entity, from pursuing claims against any Individual Defendant, including claims that arise from those individuals' ownership or control over any of the Receivership

---

[14] Unlike many receiverships, the Individual Defendants' assets are not included in the estate and those assets will also be available for consumer redress if the FTC prevails in its claims against the Individual Defendants.
[15] Docket No. 211.
[16] Counsel who has agreed to retention on a contingency basis is evaluating potential third-party claims.

1  Defendants. To the contrary, this Motion seeks only an order establishing priorities for
2  claims against the estate assets; not an order extinguishing or otherwise impairing any
3  creditor's rights. Likewise, this Motion does not seek to determine whether the assets
4  held by the estate and obtained from any Receivership Defendant are the proceeds of a
5  common enterprise constituent or a party on whom joint and several liabilities should be
6  imposed. The Motion thus seeks no determination as to whether any estate assets will
7  ultimately be returned to a Receivership Defendant rather than subject to a further order
8  of distribution in accordance with the requested priorities.

9  WHEREFORE, PREMISES CONSIDERED, the Receiver requests
10 authorization to establish claims priority as set forth above, and requests such other and
11 further relief to which she may show herself entitled.

---

[17] Any judgments the FTC obtains against the Receivership Defendants will ultimately establish the amount of consumer redress.

Respectfully submitted,

*/s/Charlene Koonce*
Charlene C. Koonce
**Receiver**
500 N. Akard Street, Suite 2700
Dallas, Texas 75201
Telephone: 214-706-4200
Telecopier: 214-706-4242
*Admitted Pro Hac Vice (TX SBN 11672850)*

**SCHEEF & STONE, L.L.P.**

**CERTIFICATE OF CONFERENCE**

The undersigned certifies that this motion is filed following the conference of counsel pursuant to L.R. 7.3, and that on October 14, 2015 she conferred with all counsel regarding this motion, and the only parties who stated any opposition to the relief requested were Alon Nottea, Roi Rueveni, and Adageo, LLC. These parties objected unless the "plan" is subject to "the Court's previous orders and any further orders or settlements that modify the plan"; and, the first priority for "distribution" must be return of the funds at issue to any Receivership Defendant who is not adjudicated a common enterprise constituent or a party on whom joint and several liability is imposed. The Motion seeks no relief contrary to either objection, however, and thus the objection should be resolved, although counsel would not provide an affirmative agreement that the objections had been resolved. The same defendants also objected that the motion should not be filed until a distribution was imminent, permission should be sought in the same

1  motion to make distributions.  Because the Receiver believes that establishing the claims

2  priority will eliminate much of the expense of a claims process, however, she believes

3  establishing priorities now will create more efficiencies in administering the estate.

4  Again, despite communication of this fact, counsel would not provide an affirmative

5  statement regarding his position regarding the motion.

6

7                                             */s/Charlene Koonce*
                                           Charlene C. Koonce

8

9  **CERTIFICATE OF SERVICE**

10       The undersigned certifies that on October 28, 2015 a true and correct copy of the foregoing document was electronically filed with the clerk of the U.S. District Court, Central District of California, using the CM/ECF system which will send notification of such filing to the following:

11

12

| | |
|---|---|
| Tom Vidal /Michael Weiss | Robert L. Esensten |
| Nina Nahal Ameri | Randi R. Gefflner |
| Abrams Garfinkel Margolis Bergson | Esensten Law |
| 5900 Wilshire Blvd Suite 2250 | 12100 Wilshire Boulevard, Suite 1660 |
| Los Angeles, CA 90036 | Los Angeles, *CA* 90025 |
| *Local counsel for Receiver* | *Counsel for Doron Nottea and Motti Nottea* |
| | |
| Erik S Syverson | Marc S. Harris |
| Scott M. Lesowitz | Annah S Kim |
| Steven T. Gebelin | Scheper Kim & Harris, LLP |
| Raines Feldman LLP | 601 W. Fifth Street, 12th Floor |
| 9720 Wilshire Boulevard Fifth Floor | Los Angeles, CA 90071 |
| Beverly Hills, CA 90212 | *Counsel for Igor Latsanovski and* |
| *Counsel for Oz Mizrahi* | *Calenergy, Inc.* |

20

21

| | | |
|---|---|---|
| 1 | Robert M. Ungar<br>Crosswind Law | Reid Tepfer<br>Luis Gallegos |
| 2 | 14724 Ventura Blvd Penthouse<br>Sherman Oaks, CA 91403 | Federal Trade Commission<br>1999 Bryan Street, Suite 2150 |
| 3 | *Counsel for Alon Nottea, Roi Rueveni*<br>*and Adageo, LLC* | Dallas, TX  75201<br>*Counsel for the FTC* |
| 4 | | |
| 5 | Raymond E McKown<br>Federal Trade Commission | Benjamin A Pettit<br>20 East Pueblo Street |
| 6 | 10877 Wilshire Boulevard, Suite 700<br>Los Angeles, CA 90024 | Santa Barbara, CA 93105<br>*Counsel for Alon Nottea* |
|   | *Counsel for the FTC* | |

    In addition, a true and correct copy of the foregoing was served by First Class Mail upon the creditors listed on **Exhibit A**.

                                                         */s/  Charlene C. Koonce*
                                                         CHARLENE C. KOONCE