**SCHEPER KIM & HARRIS LLP**
MARC S. HARRIS (State Bar No. 136647)
mharris@scheperkim.com
ANNAH S. KIM (State Bar No. 190609)
akim@scheperkim.com
601 West Fifth Street, 12th Floor
Los Angeles, CA  90071-2025
Telephone: (213) 613-4655
Facsimile:  (213) 613-4656

**Attorneys for Defendants
Igor Latsanovski and Calenergy, Inc.**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>BUNZAI MEDIA GROUP INC., et al.,<br><br>Defendants. | CASE NO. CV 15-04527 GW (PLAx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE REQUEST FOR APPROVAL OF SUBSTITUTION OR WITHDRAWAL OF COUNSEL FOR DEFENDANTS CALENERGY, INC. AND IGOR LATSANOVSKI**<br><br>Date:          November 16, 2015<br>Time:         8:30 am<br>Ctrm:         10<br><br>Complaint Filed: June 16, 2015<br><br>*(Declaration of Marc S. Harris and [Proposed] Order Filed Concurrently)* |

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF REQUEST OF WITHDRAWAL

With the consent of its client, Igor Latsanovski, the law firm of Scheper Kim & Harris LLP ("SKH") filed a Request for Approval of Substitution or Withdrawal of Counsel ("Request"), which was denied without prejudice by this Court on November 6, 2015. SKH renews its Request and seeks Court permission to withdraw as counsel of record for defendants Igor Latsanovski ("Mr. Latsanovski") and Calenergy, Inc. ("Calenergy"), a company 100% owned by Mr. Latsanovksi, and currently under the control of the Court-appointed Receiver. The reason for the Request is that Calenergy and Mr. Latsanovski have been forbidden from using their existing assets to pay attorney's fees, the Receiver has refused to authorize the payment of such fees, and Mr. Latsanovski has been unable to obtain additional funds from friends or family to pay legal fees. Mr. Latsanovski's failure to pay the outstanding fees of SKH is a violation of his agreement with SKH, and constitutes express grounds under that agreement for SKH's withdrawal as counsel. SKH's withdrawal at this early stage of the litigation will not result in prejudice to any other litigant. Accordingly, there is good cause to grant this Request.

## I.   FACTS

The instant case was filed on June 16, 2015. (Doc. No. 3.) At that time, the Court issued a Temporary Restraining Order as to the defendants, imposed an asset freeze and appointed a Temporary Receiver to take control of the corporate defendants. (Doc. No. 14).[1] On or about June 22, 2015, Igor Latsanovski retained SKH to represent him in the instant matter. (Harris Decl., ¶ 2.) Mr. Latsanovski also requested that SKH represent Calenergy, a company 100% owned by Mr.

---

[1] *See also* Doc. No. 200 (Preliminary Injunction), Section XIII (appointing permanent receiver over Calenergy).

Latsanovski, for the purpose of opposing the FTC's application for a Preliminary Injunction and appointment of receiver. (*Id.*) Mr. Latsanovski agreed to pay the legal fees and costs incurred by SKH in the representation of himself and Calenergy. (*Id.*)

Consistent with the terms of the June 22, 2015 retainer agreement, a friend of Mr. Latsanovski provided SKH with an initial retainer, using funds unrelated to the charged scheme and not subject to the Court's asset freeze. (Harris Decl., ¶ 3.) Mr. Latsanovski was required under the terms of the retainer agreement to replenish this initial retainer once it was depleted to a certain level, and was otherwise responsible to pay the fees and costs incurred by SKH within 20 days of the mailing of the firm's invoices. (*Id.*) The agreement provided that SKH could terminate its relationship with Mr. Latsanovski if its bills were not paid in accordance with the agreement, and Mr. Latsanovski agreed to engage successor counsel if SKH withdrew from the case. (*Id.*)

Within two months of taking on the representation of Mr. Latsanovski and Calenergy, the initial retainer provided on Mr. Latsanovski's behalf was exhausted. (Harris Decl., ¶ 4.) Despite numerous requests, Mr. Latsanovski did not replenish the retainer as required by his agreement with SKH, and failed to otherwise pay the monthly invoices that were provided to Mr. Latsanovski reflecting fees and costs incurred by SKH in this matter. (*Id*, ¶ 5.) SKH repeatedly informed Mr. Latsanovski that SKH could not continue to represent him and Calenergy if its invoices remained unpaid because the unpaid invoices placed an unreasonable burden on the firm. (*Id.*) Mr. Latsanovski repeatedly acknowledged his obligation to pay SKH, and agreed that the firm should not have to continue in the case without being paid. (*Id.*)

On October 14, 2015, SKH advised Mr. Latsanovski of its intention to withdraw due to his inability to pay outstanding legal fees and expenses. (Harris Decl., ¶ 6.) Mr. Latsanovski told SKH that he fully understood the reason for

SKH's decision, and stated his intention to represent himself in the litigation. (*Id.*) SKH also notified Mr. Latsanovski that Calenergy cannot represent itself in the litigation and Calenergy's failure to retain an attorney may lead to a default judgment against Calenergy. (*Id.*) Mr. Latsanovski stated that he understood. (*Id.*) Shortly thereafter, SKH sent to Mr. Latsanovski a Request for Approval of Substitution of Attorney, which Mr. Latsanovski executed. (*Id.*, ¶ 7.)

On November 2, 2015, SKH notified counsel for the other parties by email that the firm would be filing a request to allow Mr. Latsanovski to represent himself and a motion to withdraw as Calenergy's counsel of record, and provided each of them a copy of the Substitution of Counsel form executed by Mr. Latsanovski. (Harris Decl.*,* ¶ 8, Ex. A.) Counsel for the FTC indicated that it would oppose any motion to withdraw. (*Id.*)

On November 3, 2015, SKH filed Mr. Latsanovski's Request for Approval of Substitution or Withdrawal of Counsel. (Doc. No. 260.) The FTC filed an Opposition to this Request. (Doc. No. 261.)

On November 5, 2015, counsel for Calenergy requested that the Receiver consent to the instant motion or release funds for the payment of Calenergy's legal bills. The Receiver stated that she would not consent to the motion and that she would oppose any motion seeking the release of any funds to pay Calenergy's legal bills. (Harris Decl., ¶ 9, Ex. B.)

On November 6, 2015, this Court denied Defendants Igor Latsanovki and Calenergy, Inc.'s Request for Approval of Substitution or Withdrawal of Counsel without prejudice and set a status conference hearing for November 16, 2015. (Doc. No. 269.)[2]

---

[2] Copies of this Court's November 16, 2015 Order and this Brief are being served on Mr. Latsanvoski. (Harris Decl., ¶ 11.)

## II. LEGAL ARGUMENT

### A. Mr. Latsanovski's Failure to Pay Outstanding Fees and Consent Establishes Good Cause for Withdrawal.

An attorney may withdraw as counsel only with leave of the court and with reasonable notice to all other parties. Local R. 83–2.3.2; *Darby v. City of Torrance,* 810 F.Supp. 275, 276 (C.D. Cal. 1992).

Courts should consider the following factors in granting a request or motion to withdraw as counsel: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case. *Stewart v. Boeing Co.,* No. CV 12-05621 RSWL, 2013 WL 3168269, at *1-2 (C.D. Cal. June 19, 2013) (citations omitted).

In deciding a motion or request to withdraw, courts have also considered the relevant professional rules of responsibility. *Id.*

#### 1. There is Good Cause for SKH to Withdraw as Calenergy's Counsel

Here, good cause exists because (1) Mr. Latsanovski cannot pay Calenergy's outstanding legal fees, (2) this inability to pay fees has created an unreasonable hardship for SKH, (3) no other litigant will suffer any hardship if SKH is permitted to withdraw, and (4) the withdrawal will not delay the proceedings because the case is in its early stages, and other than the November 16, 2015 status conference scheduled by this Court regarding this Request, the next scheduled hearing is a January 21, 2016 post-mediation status conference (Harris Decl., ¶ 10.)

The relevant professional rules of responsibility also support SKH's request for withdrawal. For example, California Rules of Professional Conduct state that withdrawal is permissible where (1) the client breaches an agreement or obligation to pay expenses or fees. Cal. R. Prof. Conduct 3–700(C)(l)(f). In addition, the Model Rules of Professional Conduct provide that withdrawal is permissible if "the

representation will result in an unreasonable financial burden on the lawyer." Model Rules of Prof'l Conduct R. 1.16(b)(6).

Here, Mr. Latsanovski's failure to replenish the retainer and pay the fees and costs incurred by SKH constitutes a breach of the retainer agreement. (Harris Decl., ¶¶ 3-5.) He was given adequate notice that his failure to pay would require SKH to withdraw and repeatedly acknowledged this obligation and breach, and he has knowingly and freely assented to SKH's withdrawal from the case. (*Id.*, ¶¶ 4-7.) This failure to pay its fees is an unreasonable hardship on SKH. (*Id.*, ¶ 6.) Because Mr. Latsanovski is unable to pay Calenergy's legal fees (and the Receiver for Calenergy contends that she cannot authorize payment of these fees), there is good cause to support SKH's motion to withdraw as Calenergy's counsel.

### 2. Mr. Latsanovski's Request Is Also Supported by Good Cause

Mr. Latsanovski has consented to the termination of SKH as his counsel and requested to proceed *pro se* in this case. *See* Doc. No. 260. As set forth in the Instructions to Request for Approval of Substitution of Counsel (Form G-01): "Court permission for withdrawal or substitution is required if no member of the withdrawing attorney's firm or agency will remain as counsel of record. In such circumstances, the attorney(s) seeking to withdraw should complete and file this "Request for Approval of Substitution or Withdrawal of Counsel (Form G-01)." *See* Doc. No. 260. Circumstances covered by this form include "a party … wish[ing] to proceed *pro se*." *Id.* at 2. Moreover, the Local Rules contemplate that a motion would only be filed where the party was unaware or objected to the attorneys' withdrawal. *See* L.R. 8-2.3.2 (a motion for leave to withdraw "must be made upon written notice in advance to the client"); *Stewart v. Boeing Co.*, No. CV 12-05621 RSWL, 2013 WL 3168269, at *1 (C.D. Cal. June 19, 2013) (noting that "It is especially important that reasonable notice be given to moving counsel's client because, upon withdrawal, the client will be forced to proceed *pro se* or appoint new counsel through a substitution of attorney.")

Because Mr. Latsanovski submitted and executed a form Request for Substitution to proceed *pro se*, a motion was not required. But, in any event, SKH can establish good cause for its withdrawal from its representation of Mr. Latsanovki, which is supported by the same facts and law in support of SKH's withdrawal as Calenergy's counsel. Further, the request to withdraw with respect to Mr. Latsanovski is also supported by the fact that Mr. Latsanovski has consented to the withdrawal as evidenced by his request to represent himself. *See* Cal. R. Prof. Conduct 3–700(C)(2) (withdrawal permissible where the client knowingly and freely assents to the termination of the representation).

### B. There is No Prejudice Because This Case is in its Early Stages.

The FTC has stated that it opposes the Request on the grounds that "leaving the parties unrepresented could inhibit the progress of the lawsuit," and that Calenergy and Mr. Latsanovski are unable to represent themselves. *See* Harris Decl., ¶ 8, Ex. A and FTC Opposition to Request (Doc. No. 261 at 2, n.2.) These arguments are without merit. First, the FTC's purported concern[3] regarding the adequacy of defendants' representation is not grounds for denying a motion or request for withdrawal and does not require SKH to continue to work on this case at its own expense. *See Saemie Corp. v. Coddington*, No. SACV 10-1251 DOC, 2011 WL 4964834, at *1 (C.D. Cal. Oct. 19, 2011) ("the risk that substitute counsel will be difficult to obtain or that the client will be subject to a default judgment, does not justify denying a motion for withdrawal"); *Stewart*, 2013 WL 3168269, at *1 (granting motion for withdrawal where continued representation would result in

---

[3] It is utterly disingenuous for the FTC and the Receiver, both of whom have vigorously contested any effort by Mr. Latsanovski to access his personal funds and those of Calenergy to pay his bills (including his attorney fees), to complain that defendants would be prejudiced by having their unpaid attorneys withdraw from the case.

unreasonable financial burden on counsel).

Second, SKH's withdrawal would cause no prejudice to the FTC or any other party to this litigation. This litigation is at an early stage -- defendants' Answers to the First Amended Complaint were filed on October 26, 2015 (Doc. Nos. 253-254) and the next scheduled court hearing is January 21, 2016 (Harris Decl., ¶ 12). As such, SKH's withdrawal from the litigation at this time will not delay the proceedings. *See Stewart*, 2013 WL 3168269, at *1 (C.D. Cal. June 19, 2013) (granting motion for withdrawal where client was unable to pay outstanding legal fees and case is in the early stages). The FTC's own authority does not support its position that a withdrawal at this early stage would inhibit the prosecution of this case. *See FTC v. Intellipay*, 828 F. Supp. 33, 34 (S.D. Tex. 1993) (denying motion to withdraw because "hardship would be imposed on the trial court, plaintiff, and defendants if counsel is permitted to withdraw approximately one month before trial").

### III. CONCLUSION

Because SKH's withdrawal will not unduly prejudice the parties or unduly delay the resolution of this case, it is respectfully requested that the Court issue an order permitting SKH to withdraw as counsel for Calenergy and Mr. Latsanovski in this action.

| | | |
|---|---|---|
| DATED: November 9, 2015 | | SCHEPER KIM & HARRIS LLP<br>MARC S. HARRIS<br>ANNAH S. KIM |
| | By: | /s/ Annah S. Kim<br>Annah S. Kim<br>Attorneys for Defendants Igor Latsanovski and Calenergy, Inc. |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF REQUEST TO WITHDRAW AS CALENERGY AND LATSANOVSKI COUNSEL