**SCHEPER KIM & HARRIS LLP**
MARC S. HARRIS (State Bar No. 136647)
mharris@scheperkim.com
ANNAH S. KIM (State Bar No. 190609)
akim@scheperkim.com
601 West Fifth Street, 12th Floor
Los Angeles, CA 90071-2025
Telephone: (213) 613-4655
Facsimile: (213) 613-4656

**Attorneys for Defendants
Igor Latsanovski and Calenergy, Inc.**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, <br><br>Plaintiff,<br><br>v.<br><br>BUNZAI MEDIA GROUP INC., et al.,<br><br>Defendants. | CASE NO. CV 15-04527 GW (PLAx)<br><br>**DECLARATION OF MARC S. HARRIS IN SUPPORT OF REQUEST FOR APPROVAL OF SUBSTITUTION OR WITHDRAWAL OF COUNSEL FOR DEFENDANTS CALENERGY, INC. AND IGOR LATSANOVSKI**<br><br>Date:     November 16, 2015<br>Time:    8:30 am<br>Ctrm:    10<br><br>Complaint Filed: June 16, 2015<br><br>*(Memorandum of Points and Authorities In Support of Request for Approval of Substitution or Withdrawal of Counsel for Defendants Calenergy, Inc. and Igor Latsanovski and [Proposed] Order Filed Concurrently)* |

# DECLARATION OF MARC S. HARRIS

I, Marc S. Harris, declare as follows:

1. I am an attorney at law duly licensed to practice before all the courts of this state and am a member of the law firm Scheper Kim & Harris LLP ("SKH"), attorneys of record for Defendants Igor Latsanovski ("Latsanovski") and Calenergy, Inc. ("Calenergy") herein. I have personal and firsthand knowledge of the matters set forth in this declaration and, if called and sworn as a witness, I could and would testify competently thereto under oath.

2. On or about June 22, 2015, Igor Latsanovski retained SKH to represent him in this action. Mr. Latsanovski also requested that SKH represent Calenergy, a company 100% owned by him, for the purpose of opposing the FTC's application for a Preliminary Injunction and appointment of receiver. Mr. Latsanvoski agreed to pay the legal fees and costs incurred by SKH in the representation of himself and Calenergy. Neither I nor anyone else in my firm had any prior relationship with Mr. Latsanovski or Calenergy.

3. On or about June 23, 2015, Mr. Latsanovski signed a retainer agreement with SKH (the "Agreement"). The Agreement required Mr. Latsanovski to provide an initial retainer that would be used to satisfy the fees and costs incurred in the case. Under the terms of the Agreement, Mr. Latsanovski was required to replenish this initial retainer once it was depleted to a certain level, and was otherwise responsible to pay the fees and costs incurred by SKH within 20 days of the mailing of the firm's invoices. Consistent with the terms of the Agreement, a friend of Mr. Latsanovski provided SKH with the initial retainer, using funds unrelated to the charged scheme and not subject to the asset freeze. The Agreement provided that SKH could terminate its relationship with Mr. Latsanovski if its bills were not paid in accordance with the Agreement, and that Mr. Latsanovski agreed to engage successor counsel if SKH withdrew.

4. Within two months of taking on the representation of Mr. Latsanovski and Calenergy, the initial retainer provided on Mr. Latsanovski's behalf was exhausted. Despite numerous requests, Mr. Latsanovski did not replenish the retainer as required, and failed to otherwise pay the monthly invoices that were provided to him reflecting fees and costs incurred by SKH in this matter.

5. During this time, I repeatedly informed Mr. Latsanovski that SKH could not continue to represent Mr. Latsanovski or Calenergy unless he could fulfill his obligations under the attorney-client agreement. I also informed Mr. Latsanovski that his failure to pay SKH's invoices placed an unreasonable financial burden on SKH and would lead SKH to file a motion to withdraw as counsel. Mr. Latsanovski repeatedly acknowledged his obligation to pay SKH, and agreed that SKH should not have to continue in this case without being paid.

6. On or about October 14, 2015, I met with Mr. Latsanovski regarding these outstanding invoices and informed Mr. Latsanovski of SKH's intention to withdraw as counsel for Calenergy and Mr. Latsanovski because of the financial burdens placed on the firm due to his inability to pay outstanding invoices. At this meeting, Mr. Latsanovski stated that he understood and consented to the termination of the firm's representation. Mr. Latsanovski told me that he intended to represent himself in the litigation, at least until he was able to locate successor counsel. I informed him that Calenergy would not be able to represent itself in the litigation, and that Calenergy's failure to retain an attorney could lead to a default judgment against Calenergy. Mr. Latsanovski told me that he understood.

7. On October 26, 2015, I sent to Mr. Latsanovski by email a Request for Approval of Substitution of Attorney, and asked that he complete, sign and return to us for filing. In that email, I informed Mr. Latsanovski that SKH would file a motion to withdraw as counsel for Calenergy, and reminded him that Calenergy would not be able to represent itself going forward. Mr. Latsanovski subsequently returned an executed copy of the Substitution of Counsel form, consenting to SKH's

withdrawal as counsel, which we filed with the Court on November 3, 2015.

8. On November 2, 2015, my colleague, Annah Kim, notified counsel for the other parties by email that our firm would be seeking an order permitting our firm to withdraw as Mr. Latsanovski and Calenergy's counsel of record and provided them a copy of the Request executed by Mr. Latsanovski with his current contact information.  Ms. Kim also asked whether counsel would stipulate to this motion to withdraw as counsel to Calenergy.  On the same day, the FTC replied that it would oppose the motion to withdraw.  Attached as Exhibit A is a true and correct copy of this November 2, 2015 e-mail correspondence on which I was copied.

9. On November 5, 2015, Ms. Kim e-mailed the Receiver to ask whether she would consent to the motion or release funds to pay Calenergy's legal bills.  In response, the Receiver stated that she would not consent to the motion and would oppose any motion seeking the release of any funds to pay Calenergy's legal bills.  Attached as Exhibit B is a true and correct copy of this e-mail chain dated November 5, 2015 on which I was copied.

10. Other than the November 16, 2015 status conference set by this Court on November 6, 2015 (Doc. No. 269), the next hearing date in this matter is January 21, 2016 which is a post-mediation status conference.

11. Copies of the Court's November 16, 2015 ruling and this brief are being sent to him by email at igorlats818@gmail.com.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 9th day of November, 2015, at Los Angeles, California.

/s/ Marc S. Harris
Marc S. Harris

3
DECLARATION OF MARC S. HARRIS ISO REQUEST FOR LEAVE TO WITHDRAW AS COUNSEL FOR DEFENDANTS CALENERGY, INC. AND IGOR LATSANOVSKI