ROBERT M. UNGAR (State Bar No. 102007)
rmu@ungarlaw.com
14724 Ventura Blvd., PH
Sherman Oaks, CA 91403
Telephone: (310) 405-1884

BEN PETTIT (State Bar No. 135941)
ben@benpettit.com
20 E. Pueblo Street
Santa Barbara, CA 93105
Telephone (805) 896-5113

**Attorneys for Defendants:** Alon Nottea and Roi Reuveni

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>BUNZAI MEDIA GROUP, INC., et al.,<br><br>Defendants. | CASE NO. 2:15-CV-4527-GW (PLAx)<br><br>[*Assigned to the Honorable George H. Wu, Courtroom 10*]<br><br>**OPPOSITION OF DEFENDANTS ALON NOTTEA AND ROI REUVENI TO RECEIVER'S MOTION FOR AUTHORIZATION TO PAY PREVIOUSLY APPROVED FEES AND WAIVE HEARING REGARDING SAME [Doc. #262]**<br><br>DATE: December 3, 2015<br>TIME: 10:30 A.M.<br>CTRM: 10 |

Defendants Alon Nottea and Roi Reuveni ("Defendants") oppose the Receiver's Motion for Authorization To Pay Previously Approved Fees And Waive Hearing Regarding Same [Doc. #262]:

1. Defendants waive a hearing on the Receiver's Motion [Doc. #262].

1

2. Without citing any supporting authority, the Receiver argues Defendants lack "standing" to oppose this pay motion. [Doc. #262, 6:5-7] Defendants, as members of Receivership Defendants[1], have a pecuniary interest in the receivership estate[2]. That interest may be adversely affected when the court authorizes payment from estate funds. Since no one else appears to be representing Defendants' interests vis-à-vis this pay motion, and Defendants are parties to this lawsuit, the Court should consider their opposition on the merits.

3. This Court's 25% hold back of the Receiver's interim fees and expenses is customary until the court assesses the outcome of the case, benefit to the estate, and resources ultimately available for distribution through a final fee and expense application. A hold back is particularly appropriate when, as here, interim fees and expenses already amount to more than half of the estate assets[3], and there appears to be no end to this boondoggle.

4. The Court may ultimately find that the receivership estate must return seized assets of one or more "Receivership Defendants" who did not participate in enjoined conduct.[4] In that case, estate assets available for distribution would be substantially reduced. A hold back provides some protection for all parties pending a judgment.

---

[1] Alon Nottea is a member of Adageo, LLC [Doc. #120, 55:8] and Roi Reuveni is a member of Trigen, LLC [Doc. #120, 55:10]

[2] In her companion Motion To Establish Claims Priorities [Doc. #258; 12:4-16] and Proposed Order thereon [Doc. #258-2; 2:10-11], the Receiver acknowledges Defendants' interest in the Receivership Estate and prematurely seeks to subordinate any claim Defendants have thereon (akin to equitable subordination under 11 U.S.C. §510(c)(1))

[3] During the hearing on the Receiver's first interim fee application, the Receiver argued interim fee and expenses were 52% of estate assets --- not 90% asserted by the opposing Receivership Defendant.

[4] The Receiver recognizes this possibility in her companion Motion To Establish Claims Priorities [Doc. #258; 14:6-8] "the Motion thus seeks no determination as to whether any estate assets will ultimately be returned to a Receivership Defendant rather than subject to a further order of distribution in accordance with the requested priorities".

Defendants respectfully request that the Receiver's pay motion be denied without prejudice.

DATED: November 10, 2015

/s/ ROBERT M. UNGAR
ROBERT M. UNGAR
Attorney for Defendants
Alon Nottea and Roi Reuveni