1

JONATHAN E. NUECHTERLEIN
General Counsel

DAMA J. BROWN
Regional Director

REID TEPFER
rtepfer@ftc.gov
Texas Bar No. 24079444
LUIS GALLEGOS
lgallegos@ftc.gov
Oklahoma Bar No. 19098
Federal Trade Commission
1999 Bryan Street, Suite 2150
Dallas, Texas 75206
(214) 979-9395 (Tepfer)
(214) 979-9383 (Gallegos)
(214) 953-3079 (fax)

RAYMOND McKOWN
rmckown@ftc.gov
California Bar No. 150975
10877 Wilshire Boulevard, Suite 700
Los Angeles, California 90024
(310) 824-4325 (voice)
(310) 824-4380 (fax)

Attorneys for Plaintiff Federal Trade Commission

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,**<br><br>**Plaintiff,**<br><br>v.<br><br>**BUNZAI MEDIA GROUP, INC.,** *et al.*<br><br>**Defendants.** | **Case No.  CV 15-4527-GW(PLAx)**<br><br>**PLAINTIFF'S NOTICE AND SECOND AMENDED MOTION TO STRIKE AFFIRMATIVE DEFENSES AND REQUESTS JURY DEMAND**<br><br>**Hearing Date: December 10, 2015**<br>**Time: 8:30 a.m.**<br>**Location: Courtroom 10, Spring St.**<br>**Judge: Hon. George H. Wu** |

## SECOND AMENDED MOTION TO STRIKE AFFIRMATIVE DEFENSES

# TABLE OF CONTENTS

Table of Authorities………..………………………………………………..iii

I.      Introduction………………………………………………………………1

II.     Argument………………………………………………………………...2

    A.      The Legal Standard for Striking Affirmative Defenses……………...2

    B.      Defendants' Alleged Affirmative Defenses Are Not Adequately Pled And Should Be Stricken…………………………………………..5

    C.      Defendants' Affirmative Defenses are Unavailable As a Matter of Law………………………………………………………………..6

        1.      Defendants' Affirmative Defense of Failure to State A Claim Should be Stricken. 6

        2.      Defendants' Affirmative Defense of Reservation of Rights To Allege Additional Affirmative Defenses Should be Stricken......................................................................................7

        3.      Defendants' Affirmative Defense That the FTC's Complaint Violates the Eight Amendment Is Irrelevant………………...9

        4.      Defendants' Affirmative Defense That Plaintiff's Claims Are Barred by the Doctrines of Estoppel, Waiver, Laches, and Acquiescence Should Be Stricken…………………………...9

        5.      Defendants' Affirmative Defense That Plaintiff's Action is "Subject To" the First Amendment Should Be Stricken…….10

        6.      Defendant's Affirmative Defense That Plaintiff's Claims are Barred By the Statute of Limitations Should Be Stricken…...13

        7.      Defendant's Affirmative Defense That He Acted Without Wrongful or Unlawful Intent Should Be Stricken…………...13

**SECOND AMENDED MOTION TO STRIKE AFFIRMATIVE DEFENSES**

8.      Defendant's Affirmative Defense That He is Protected By the Business Judgment Rule Should Be Stricken………………..14

9.      Defendants' Affirmative Defense That They Should Receive an Offset for Consumers Who "Consented" To Receive Services Should Be Stricken……………………………...14

D.    Many of Defendants' Alleged Affirmative Defenses Are in Fact Negative Defenses………………………………………………16

III.   Defendants' Jury Demand Should Be Stricken……………………………17

IV.   Conclusion……………………………………………………………...19

**SECOND AMENDED MOTION TO STRIKE AFFIRMATIVE DEFENSES**

1

# TABLE OF AUTHORITIES

2

**Cases**

3

*Beneficial Corp. v. FTC*, 542 F.2d 611 (3d Cir. 1976)..............................14

4

*Bobbitt v. Victorian House, Inc.*, 532 F. Supp. 734 (N.D. Ill. 1982) ....................17

5

*Bristol-Myers Co. v. FTC*, 738 F.2d 554 (2d Cir. 1984) .......................................12

6

*California ex rel. State Lands Com. v. United States*, 512 F. Supp. 36 (N.D. Cal. 1981) ............................................................................................4

7

*Central Hudson Gas & Elec. Corp. v. Public Serv. Comm. of New York*, 447 U.S. 557 (1980).................................................................................12

8

*Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry*, 494 U.S. 558 (1990) ...........................................................................................19

9

*Conley v. Gibson*, 355 U.S. 41 (1957).................................................................6

10

*Donovan v. Robbins,* 99 F.R.D. 593 (N.D. Ill. 1983)..........................................5

11

*EEOC v. First Nat'l Bank of Jackson*, 614 F. 2d 1004 (5th Cir. 1980) .................4

12

*FDIC v. Butcher*, 660 F. Supp. 1274 (E.D. Tenn. 1987).......................................3

13

*FDIC v. Main Hurdman*, 655 F. Supp. 259 (E.D. Cal. 1987) ...............................5

14

*Fed. Sav. & Loan Ins. Corp. v. Budette*, 696 F. Supp. 1183 (E.D. Tenn. 1988)......4

15

*Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340 (1998)....................19

16

*FTC v. American Standard Credit Systems, Inc.*, 874 F. Supp. 1080 (C.D. Cal. 1994)............................................................................................16

17

*FTC v. Amrep Corp.*, 705 F. Supp. 119 (S.D.N.Y. 1988).....................................20

18

*FTC v. Amy Travel Serv.*, 875 F.2d 564 (7th Cir. 1989) .......................... 14, 15, 16

19

*FTC v. Bronson Partners, LLC,* 2006 WL 197357 (D. Conn. Jan. 25, 2006) .......20

20

*FTC v. Crittenden*, CV 91-2019 JGD (C.D. Cal. Jun. 4, 1991) ............................20

**SECOND AMENDED MOTION TO STRIKE AFFIRMATIVE DEFENSES**

*FTC v. Febre*,  1994 WL 702711 (N.D.Ill. Dec. 15, 1994).................................20

*FTC v. Febre*, 128 F.3d 530 (7th Cir. 1997) ..........................................................16

*FTC v. Gem Merchandising Corp*., 87 F.3d 466 (11th Cir. 1996)........................16

*FTC v. Hang-Ups Art Enters., Inc.*, 1995 WL 914179 (N.D. Cal. Sept. 27, 1995)
................................................................................................................................20

*FTC v. Medicor*, LLC 217 F. Supp. 2d 1048 (C.D. Cal. 2002).............................16

*FTC v. Minuteman Press Int'l, Inc.*, 53 F. Supp. 2d 248, 263 (E.D.N.Y. 1998) ...13

*FTC v. North East Telecommunications., Ltd.*, 1997 WL 599357 (S.D. Fla. Jun.
23, 1997) .............................................................................................................20

*FTC v. Patriot Alcohol Testers*, 798 F. Supp. 851 (D. Mass. 1992) ......................14

*FTC v. Publishing Clearing House*, 104 F.3d 1168 (9th Cir. 1997) .............. 14, 15

*FTC v. Seismic Entm't Prods., Inc.*, 441 F. Supp. 2d 349 (D.N.H. 2006) .............20

*FTC v. Stefanchik*, No. C04-1852RSM, 2004 WL 5495267 (W.D. Wash. Nov. 12,
2004) ....................................................................................................................12

*FTC v. Think All Publ'g, LLC*, 2008 WL 793579 (E.D. Tex. Mar. 24, 2008).......19

*FTC v. Timeshare Owners Foundation*, 89-1491 CIV-T-10(C) (M.D. Fla. Mar. 30,
1990) ....................................................................................................................20

*FTC v. World Travel Vacation Brokers*, 861 F.2d 1020 (7th Cir. 1988) ..............14

*Granfinaciera, S.A. v. Nordberg*, 492 U.S. 33 (1989)...........................................19

*Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449 (10th Cir. 1982)...................4

*Hart v. Baca*, 204 F.R.D. 456 (C.D. Cal. 2001) ......................................................4

*Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738 (1976)............................7

*In re Metagenics, Inc*., No. 9267, 1995 FTC LEXIS 2 (Jan. 5, 1995) ..................12

**SECOND AMENDED MOTION TO STRIKE AFFIRMATIVE DEFENSES**

*INS v. Hibi*, 414 U.S. 5 (1973)..............................................................................10

*Kelly v. Kosuga*, 358 U.S. 516 (1959) ....................................................................3

*Krisa v. Equitable Life Assurance Society*, 113 F. Supp. 2d 694 (M.D. Pa. 2000)..8

*Liberty Motor & Mach. Co. v. The Hartford Accident & Indem. Co.*, No. 90 3861
    WLB, 1992 U.S. Dist. LEXIS 22529 (S.D. Ill. Mar. 18, 1992) ...........................8

No. 00-CV-0689E(M), 2001 WL 135819 (W.D.N.Y. Feb. 16, 2001) ....................7

*Pan Am. Petroleum 11 & Transp. Co. v. U.S.*, 273 U.S. 456 (1927) ......................5

*Purex Corp., Ltd. v. Gen. Foods Corp.*, 318 F. Supp. 322 (C.D. Cal. 1970)...........4

*Qarbon.com, Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046 (N.D.Cal. 2004).............6

*Reader's Digest Ass'n, Inc.*, 464 F. Supp. 1037 (D. Del. 1978) ...........................10

*Renalds v. S.R.G. Rest. Group*, 119 F. Supp. 2d 800 (N.D. Ill. 2000) ...................3

*Reyher v. Trans World Airlines*, 881 F. Supp. 574 (M.D. Fla. 1995) .....................3

*Schechter v. Comptroller of N.Y.*, 79 F.3d 265 (2nd Cir. 1996)..............................3

*Sears, Roebuck, & Co. v. FTC*, 676 F.2d 385 (9th Cir. 1982) ..............................12

*SEC v. Gulf & Western Indus., Inc.*, 502 F. Supp. 343 (D. D.C. 1980) ................10

*Sky Harbor Air Serv., Inc. v. Reams*, 491 F. App'x 875 (10th Cir. 2012) ..............4

*Texidor v. E.B. Aaby's Rederi A/S*, 354 F. Supp. 306 (D. P.R. 1972)...................17

*Tull v. United States*, 481 U.S. 412, 417 (1987)............................................. 18, 19

*United States v. Phillip Morris, Inc.*, 300 F. Supp. 2d 61 (D. D.C. 2004) ............10

*United States v. Raymond*, 228 F.3d 804 (7th Cir. 2000)......................................12

*United States v. Schiff*, 379 F.3d 621 (9th Cir. 2004)...........................................12

*Virginia State Bd. of Pharmacy v. Virginia Citizens Consumer Council*, Inc., 425
    U.S. 748 (1976)..................................................................................................13

**SECOND AMENDED MOTION TO STRIKE AFFIRMATIVE DEFENSES**

1

2

*Zauderer v. Office of Disciplinary Counsel*, 471 U.S. 626 (1985)........................12

3

**Statutes**

4

FTC Act, 15 U.S.C. § 45 *et seq* ............................................................... 2, 13, 18, 19

5

15 U.S.C. § 1693e(a) .............................................................................................2

6

7

**Rules**

8

12 C.F.R. § 205.10(b) ...........................................................................................2

FED. R. CIV. P. 12 ........................................................................... 3, 8, 17

9

Fed. R. Civ. P. 15............................................................................................8, 9

10

Fed. R. Civ. P. 8...................................................................................................8

11

**Treatises**

12

2-12 MOORE'S FEDERAL PRACTICE § 12.37[3] (2009) ...............................................4

13

14

15

16

17

18

19

20

**SECOND AMENDED MOTION TO STRIKE AFFIRMATIVE DEFENSES**

I.      **Introduction**

Pursuant to L.R. 6-1, Plaintiff gives notice of its Second Amended Motion to Strike Affirmative Defenses of Calenergy, Inc., Igor Latsanovski, Oz Mizrahi, Doron Nottea, and Motti Nottea; and to Strike the Jury Demands of Oz Mizrahi, Alon Nottea, and Roi Reuveni, which will be heard December 10, 2015, at 8:30.a.m. The Federal Trade Commission has sued Defendants for violations of the Federal Trade Commission Act ("FTC Act"),[1] Section 4 of the Restore Online Shoppers' Confidence Act ("ROSCA"), the Electronic Funds Transfer Act ("EFTA"),[2] and Section 205.10(b) of Regulation E.[3]

In Defendants Calenergy, Inc., Igor Latsanovski , Oz Mizrahi, Doron Nottea, and Motti Nottea's Answers to the Complaint, Defendants raised a variety of affirmative defenses that are insufficiently pled and legally unavailable in defense of this action.[4] Moreover, Defendants Oz Mizrahi, Alon Nottea, and Roi

---

[1] 15 U.S.C. § 45(a).

[2] 15 U.S.C. § 1693e(a).

[3] 12 C.F.R. § 205.10(b).

[4] *See* Doc. No. 244 (Doron Nottea), 245 (Motti Nottea) , 249 (Mizrahi), 253 (Latsanovski), and 254 (Calenergy, Inc.).

**SECOND AMENDED MOTION TO STRIKE AFFIRMATIVE DEFENSES**

Reuveni have made a jury demand,[5] which is not available in this equitable cause of action. Accordingly, Plaintiff respectfully requests that the Court strike all of Defendants Calenergy, Inc., Igor Latsanovski , Oz Mizrahi, Doron Nottea, and Motti Nottea's defenses, and strike the jury demands of Defendants Oz Mizrahi, Roi Reuveni, and Alon Nottea.[6]

## II.    Argument

### A. The Legal Standard for Striking Affirmative Defenses

A party may move to strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."[7] Such a request "should be granted where the defenses to be stricken are insufficient as a matter of law, immaterial, in that they have no essential or important relationship to the claim for relief . . . or are impertinent in that the matter consists of statements that do not pertain, and are not necessary, to the issues in question."[8] When evaluating a motion to strike affirmative defenses, a court should treat "all well-pleaded facts

---

[5] *See* Doc. No. 249 (Mizrahi), 250 (Roi Reuveni); 251 (Alon Nottea).

[6] *See id.*

[7] Fed. R. Civ. P. 12(f).

[8] *FDIC v. Butcher*, 660 F. Supp. 1274, 1277 (E.D. Tenn. 1987) (citations omitted).

**SECOND AMENDED MOTION TO STRIKE AFFIRMATIVE DEFENSES**

as admitted and cannot consider matters beyond the pleadings."[9]

An affirmative defense is insufficient on its face if it contains no more than bare conclusory allegations of law unsupported by any asserted facts.[10] Affirmative defenses must meet minimum pleading standards to provide the opposing party with "fair notice" of the defense and the grounds on which it rests.[11] An affirmative defense is invalid if "the plaintiff would succeed despite any set of facts that could be proved in support of the defense."[12]

A district court has the power to limit pleadings to "avoid the expenditure of time and money that would arise from litigating spurious issues, by dispensing

---

[9] *Reyher v. Trans World Airlines*, 881 F. Supp. 574, 576 (M.D. Fla. 1995); *see also Kelly v. Kosuga*, 358 U.S. 516 (1959) ("[T]he facts underlying [a motion to strike] must be taken to be those set up in the . . . [pleadings].").

[10] *See, e.g., Schechter v. Comptroller of N.Y.*, 79 F.3d 265, 270 (2nd Cir. 1996) (quoting *National Acceptance Co. of Am. v. Regal Prods., Inc.*, 155 F.R.D. 631, 634 (E.D. Wis. 1994)) ("Affirmative 'defenses which amount to nothing more than mere conclusions of law and are not warranted by any asserted facts have no efficacy.'"); *Renalds v. S.R.G. Rest. Group*, 119 F. Supp. 2d 800, 803 (N.D. Ill. 2000) (finding affirmative defenses insufficient on their face where bare-boned conclusory allegations simply stated legal theories without indicating how they were connected to the case).

[11] *See Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 458 (10th Cir. 1982) ("The policy behind Rule 8(c) is to put plaintiff on notice well in advance of trial that defendant intends to present a defense in the nature of an avoidance.").

[12] *EEOC v. First Nat'l Bank of Jackson*, 614 F. 2d 1004, 1008 (5th Cir. 1980).

**SECOND AMENDED MOTION TO STRIKE AFFIRMATIVE DEFENSES**

with those issues prior to trial."[13] Striking irrelevant affirmative defenses is an appropriate use of such authority. If an affirmative defense is invalid as a matter of law, that determination should be made at an early stage of the proceedings, "in order to avoid the needless expenditures of time and money involved in litigating" fruitless matters and to focus the parties on the bona fide issues in the case.[14]

Further, sound policy reasons support striking redundant or legally insufficient affirmative defenses. Defendants should not be permitted to use legally insufficient "affirmative defenses" to frustrate the purpose of a federal

---

[13] *See* 2-12 MOORE'S FEDERAL PRACTICE § 12.37[3] (2009); *Sky Harbor Air Serv., Inc. v. Reams*, 491 F. App'x 875, 884 (10th Cir. 2012) (holding that trial judge has discretion in barring faulty affirmative defense claims that impede "the expeditious conclusion of litigation").

[14] *Purex Corp., Ltd. v. Gen. Foods Corp.*, 318 F. Supp. 322, 323 (C.D. Cal. 1970); *Hart v. Baca*, 204 F.R.D. 456, 457 (C.D. Cal. 2001); *see also California ex rel. State Lands Com. v. United States*, 512 F. Supp. 36, 38 (N.D. Cal. 1981) ("Where the motion may have the effect of making the trial of the action less complicated, or have the effect of otherwise streamlining the ultimate resolution of the action, the motion to strike will be well taken."); *Fed. Sav. & Loan Ins. Corp. v. Budette*, 696 F. Supp. 1183, 1187 (E.D. Tenn. 1988) ("Forthrightly dealing with inadequate or improper affirmative defenses . . . at an early stage in the litigation helps the parties focus discovery on the real issues in the case and reduces the cost of litigation to the parties."); *FDIC v. Main Hurdman*, 655 F. Supp. 259, 263 n.6 (E.D. Cal. 1987) (noting that motions to strike further the goal of judicial efficiency).

**SECOND AMENDED MOTION TO STRIKE AFFIRMATIVE DEFENSES**

statute or to thwart public policy.[15] An agency charged with enforcement of an important regulatory scheme in the public interest, such as the FTC, should not be thwarted or distracted by conclusory and improbable allegations.[16] Striking improper affirmative defenses is also in the interest of judicial efficiency, as it would eliminate the need for the Court to address these extraneous issues at trial.

## B. Defendants' Alleged Affirmative Defenses Are Not Adequately Pled

As an initial matter, none of the Defendants have set forth in their Answers circumstances or conduct to support each of their affirmative defenses, as required by Fed. R. Civ. P. 8. They simply assert that Plaintiff's claims are barred by various affirmative defenses, without giving any indication of what conduct they are referring to or how these vague legal concepts are adequate defenses.[17] By listing generic affirmative defenses—without any facts, details, or elaboration— Defendants fail to provide Plaintiff the required "fair notice" of their defense and

---

[15] *See, e.g., Pan Am. Petroleum 11 & Transp. Co. v. U.S.*, 273 U.S. 456, 506 (1927) ("[The general principles of equity] will not be applied to frustrate the purpose of its laws or thwart public policy.").

[16] *See Donovan v. Robbins,* 99 F.R.D. 593, 600 (N.D. Ill. 1983) (finding "substantial policy consideration militating against inhibiting the enforcement of an important regulatory scheme based on some alleged 'unclean hands' of the agency charged with enforcement").

[17] *See* Docs. 254 at 19-21 (Calenergy, Inc.), 253 at 19-22 (Latsanovski), 249 at 18-20 (Mizrahi), 244 at 12-13 (Doron Nottea), 245 at 12-13 (Motti Nottea).

**SECOND AMENDED MOTION TO STRIKE AFFIRMATIVE DEFENSES**

the grounds on which it rests.[18] On this basis alone, Defendants' affirmative

defenses should be stricken.

### C. Defendants Affirmative Defenses Are Unavailable as a Matter of Law.

#### 1. Defendants' Affirmative Defense of Failure To State a Claim Should Be Stricken.

Defendants Calenergy, Inc., Igor Latsanovski, Oz Mizrahi, Doron Nottea,

and Motti Nottea assert that the FTC failed to state a claim or cause of action upon

which relief can be granted.[19] In evaluating this defense, the Court must presume

that all factual allegations in the FTC's Amended Complaint are true and make all

reasonable inferences in favor of the FTC in assessing the legal sufficiency of the

affirmative defense.[20] The FTC's amended complaint alleges facts, which taken as

true for the purposes of this motion, are sufficient to support the counts set forth in

---

[18] *See Conley v. Gibson*, 355 U.S. 41, 47 (1957) ("[T]he Rules require a short plain statement of the claim [here, defense] that will give fair notice of what [it] is and the grounds upon which it rests."); *Qarbon.com, Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1049-50 (N.D.Cal. 2004) (affirmative defenses stating only that plaintiffs are barred from recovery by doctrines of waiver, estoppel, and unclean hands insufficient to provide fair notice to plaintiffs).

[19] *See* Docs. 254 at 19 (Calenergy, Inc.), 253 at 19 (Latsanovski), 249 at 18 (Mizrahi), 244 at 12 (Doron Nottea), 245 at 12 (Motti Nottea).

[20] *See Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976).

**SECOND AMENDED MOTION TO STRIKE AFFIRMATIVE DEFENSES**

the Complaint.[21]

### 2. Defendants' Affirmative Defense of Reservation of Rights To Allege Additional Affirmative Defenses Should Be Stricken.

Defendants Calenergy, Inc., Igor Latsanovski, Oz Mizrahi, Doron Nottea, and Motti Nottea assert that they further reserve the right to allege additional affirmative defenses throughout the course of discovery.[22]

This is an improper defense.[23] Rule 8(c) does not provide this unilateral assertion as a valid defense. In *Boss Prods. Corp. v. Tapco Int'l Corp.*, the court struck the defendant's affirmative defense that sought to reserve "the right to add additional Affirmative Defenses as discovery proceeds in this case."[24]  The court reasoned that "if by the inclusion of such an affirmative defense the defendant sought to reserve the unilateral right to add new and different affirmative defenses, any such addition would violate, *inter alia*, the fair notice requirement

---

[21] Further, the Court has already held the FTC is likely to succeed on the merits in this case. *See* Doc. 10 (granting TRO against Defendants).

[22] *See* Docs. 254 at 21 (Calenergy, Inc.), 253 at 22 (Latsanovski), 249 at 20 (Mizrahi), 244 at 13 (Doron Nottea), 245 at 13 (Motti Nottea).

[23] *FTC v. Bay Area Business Council, Inc.*, 2003 U.S. Dist. LEXIS 7261, at *10 (N.D. Ill. 2003).

[24] No. 00-CV-0689E(M), 2001 WL 135819, at *3 (W.D.N.Y. Feb. 16, 2001).

**SECOND AMENDED MOTION TO STRIKE AFFIRMATIVE DEFENSES**

1   of Fed. R. Civ. P. 8 and circumvent Fed. R. Civ. P. 15."[25]

2        Rule 12(b) of the Federal Rules of Civil Procedure is clear in its direction

3   that "[e]very defense, in law or fact, to a claim for relief in any pleading . . . shall

4   be asserted in the responsive pleading thereto if one is required . . . ." That rule

5   goes on to provide for seven exceptions, not applicable here, for defenses that

6   may, at the option of the pleader, be made by motion.[26]

7        The proper remedy where a defendant wishes to assert an affirmative

8   defense after failing to do so in its initial responsive pleading is to seek leave of

9   Court to amend the answer to plead the omitted defense.[27] Since Defendants have

10  the right to add affirmative defenses by seeking leave of Court to amend their

11  Answer or raising them in a dispositive pre-trial motion, there is no need to hold a

12  "reservation" as Defendants wish to do here. Accordingly, the Defendants'

13  affirmative defense that reserves the right to assert defenses later should be

14

---

15  [25] *See* 205 F.R.D. 148, 157-58 (S.D.N.Y. 2002); *see also Krisa v. Equitable Life
16  Assurance Society*, 113 F. Supp. 2d 694, 708 (M.D. Pa. 2000) ("There is neither a
    need nor a right to express such a 'reservation' in an affirmative defense.");
17  *Liberty Motor & Mach. Co. v. The Hartford Accident & Indem. Co.*, No. 90 3861
    WLB, 1992 U.S. Dist. LEXIS 22529, at *6-7 (S.D. Ill. Mar. 18, 1992) ("This
18  general attempt to reserve the right to set forth further affirmative defenses does
    not satisfy the requirement of Rule 8(c)").

19  [26] FED. R. CIV. P. 12(b).

20  [27] *See* FED. R. CIV. P. 15(a)(2).

**SECOND AMENDED MOTION TO STRIKE AFFIRMATIVE DEFENSES**
Page | 8

stricken.

### 3. Defendants' Affirmative Defense That the FTC's Complaint Violates the Eighth Amendment's Is Irrelevant.

Defendants raise as an affirmative defense that the FTC's Amended Complaint violates the Eighth Amendment's prohibition of excessive fines.[28] This affirmative defense is irrelevant and legally unavailable because the FTC does not seek statutory penalties or fines in its Complaint.[29]

### 4. Defendants' Affirmative Defense that Plaintiff's Claims Are Barred by the Doctrines of Estoppel, Waiver, Laches, and Acquiescence Should Be Stricken.

Defendants Oz Mizrahi, Doron Nottea and Motti Nottea assert that Plaintiff's claims are barred by the doctrine of estoppel.[30] Defendant Oz Mizrahi further asserts that Plaintiff's claims are barred by the doctrines of waiver, laches, and acquiescence.[31] The affirmative defenses of the doctrine of estoppel, waiver, laches, and acquiesence are insufficiently pled because they fail to give the FTC fair notice of the defenses being advanced. Defendants simply refer to these legal doctrines without setting forth the elements of each and without alleging any facts

---

[28] *See* Docs. 254 at 20-21 (Calenergy, Inc.), 253 at 21 (Latsanovski), 249 at 19 (Mizrahi), 244 at 12 (Doron Nottea), 245 at 12 (Motti Nottea).

[29] *See* Doc. 235, at 37-38.

[30] *See* Docs. 249 at 19 (Mizrahi), 244 at 12 (Doron Nottea), 245 at 12 (Motti Nottea).

[31] *See* Doc. 249 at 19.

**SECOND AMENDED MOTION TO STRIKE AFFIRMATIVE DEFENSES**

to support these defenses.

In addition, estoppel, waiver, laches, and unclean hands are generally unavailable as defenses against a government agency in a civil suit to enforce a public right or protect a public interest.  *INS v. Hibi*, 414 U.S. 5, 8 (1973) (estoppel); United States v. *Reader's Digest Ass'n, Inc*., 464 F. Supp. 1037, 1043 (D. Del. 1978) (estoppel, waiver, and laches not available in action taken by FTC on public's behalf); *United States v. Phillip Morris, Inc.*, 300 F. Supp. 2d 61,68-76 (D. D.C. 2004) (finding waiver, equitable estoppel, laches, and unclean hands legally insufficient defenses when the government is acting in its sovereign capacity on behalf of the public); *SEC v. Gulf & Western Indus., Inc.*, 502 F. Supp. 343, 348-349 (D. D.C. 1980) (equitable estoppel, laches, and unclean hands were stricken as a matter of law because these claims do not apply to a governmental agency working in the public interest).  Therefore, the Court should strike each of these affirmative defenses.

### 5.  Defendants' Affirmative Defense that Plaintiff's Action is "Subject To" the First Amendment Should be Stricken.

Defendants Calenergy, Inc., and Igor Latsanovski assert that "to the extent Plaintiff's claims, by affect or intent, seek to ban otherwise lawful sales advertising (e.g., "negative option," "continuity"), such claims are subject to the

**SECOND AMENDED MOTION TO STRIKE AFFIRMATIVE DEFENSES**

First Amendment of the United States Constitution."[32] This affirmative defense is not adequately pled, as it is not clear in what manner Defendants claim that their specific action is protected by the First Amendment or how Plaintiff's action has violated that protection.  Therefore, the affirmative defense does not provide fair notice to Plaintiff.

Further, the FTC has challenged the marketing of Defendants' business as false and misleading commercial speech and has alleged in the Amended Complaint that the marketing violates the FTC Act.  The Ninth Circuit long ago held that "the Commission may require prior reasonable substantiation of product performance claims after finding violations of the [FTC] Act, without offending the First Amendment."  *Sears, Roebuck, & Co. v. FTC*, 676 F.2d 385, 399 (9th Cir. 1982).[33]

---

[32] *See* Docs. 254 at 21 (Calenergy, Inc.), 253 at 21-22 (Latsanovski).

[33] *See also Bristol-Myers Co. v. FTC*, 738 F.2d 554, 562 (2d Cir. 1984) ("[D]eceptive advertising enjoys no constitutional protection and it may be regulated.... Even in the absence of a finding of actual deception, agencies may properly regulate speech that is merely potentially deceptive," and noting that the FTC's substantiation doctrine does not violate the First Amendment); *FTC v. Stefanchik*, No. C04-1852RSM, 2004 WL 5495267, at *2 (W.D. Wash. Nov. 12, 2004) ("The law is well settled that, once speech is deemed to be false, misleading, and commercial, it is not constitutionally protected."); *In re Metagenics, Inc.*, No. 9267, 1995 FTC LEXIS 2, at *2-3 (Jan. 5, 1995) (striking affirmative defense that claimed proposed FTC order would violate the defendant's free speech rights).

**SECOND AMENDED MOTION TO STRIKE AFFIRMATIVE DEFENSES**

The law is well-settled that the government may prevent the dissemination of false or misleading commercial speech. *See United States v. Schiff*, 379 F.3d 621, 629-30 (9th Cir. 2004); *United States v. Raymond*, 228 F.3d 804, 815-16 (7th Cir. 2000).  Commercial speech receives protection under the First Amendment only if it concerns lawful activity and is not misleading.[34]  Thus, Defendants' deceptive marketing practices are not privileged or protected by the First Amendment.  The First Amendment does not prohibit the government from "insuring that the stream of commercial information flow cleanly as well as freely." *Virginia State Bd. of Pharmacy v. Virginia Citizens Consumer Council, Inc.*, 425 U.S. 748, 772 (1976).

Appropriate time, place, and manner restrictions may be imposed on commercial speech, and false or misleading advertisements may be forbidden, as long as the restrictions are justified and leave open ample alternative channels for communicating the information.   Commercial speech has a "hardiness" and durability that makes it unlikely to be "chilled by proper regulation." *Virginia*, 425

---

[34] *Central Hudson Gas & Elec. Corp. v. Public Serv. Comm. of New York*, 447 U.S. 557, 563-64 (1980) ("The government may ban forms of communication more likely to deceive the public than to inform it, or commercial speech related to illegal activity.") (citation omitted); *Zauderer v. Office of Disciplinary Counsel*, 471 U.S. 626, 638 (1985) ("The States and the Federal Government are free to prevent the dissemination of commercial speech that is false, deceptive, or misleading.") (citation omitted).

**SECOND AMENDED MOTION TO STRIKE AFFIRMATIVE DEFENSES**

U.S. at 772, n.24. Accordingly, the First Amendment defense is inappropriate and should be stricken.

### 6. Defendant Mizrahi's Affirmative Defense That Plaintiff's Claims are Barred by the Statute of Limitations Should Be Stricken.

Defendant Oz Mizrahi asserts that Plaintiff's claims are barred by a statute of limitations but fails to identify any statute of limitations that applies.[35] However, there are no statutes of limitations that apply to FTC actions under Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), seeking equitable relief for violations of Section 5 of the FTC Act.[36] The defense should be stricken as insufficient.

### 7. Defendant's Affirmative Defense That He Acted Without Wrongful or Unlawful Intent Should be Stricken.

Defendant Oz Mizrahi asserts that the FTC's claims are barred because he did not act with false or fraudulent intent.[37] In other words, he claims he did not intend to deceive others with his unlawful business practices.

Intent to deceive is not an element of proof against Defendants in this action. It is well-established that lack of intent is not a defense to violations of

---

[35] *See* Doc. No. 249, at 18.

[36] *See, e.g., FTC v. Minuteman Press Int'l, Inc.*, 53 F. Supp. 2d 248, 263 (E.D.N.Y. 1998).

[37] *See* Doc. No. 249, at 20.

**SECOND AMENDED MOTION TO STRIKE AFFIRMATIVE DEFENSES**

Section 5 of the FTC Act.[38] Therefore, Defendant Mizrahi's defense of lack of intent to deceive should be stricken as legally insufficient.

### 8. Defendant's Affirmative Defense That He Is Protected By the Business Judgment Rule Should be Stricken.

Defendant Igor Latsanovski asserts that any and all of his actions as an officer of any corporate entity are protected by the "Business Judgment Rule."[39] Defendant Latsanovski cites no statute, rule, or case to support his assertion, nor does he allege any facts to support his claim. His claim is therefore insufficient as an affirmative defense.[40]

### 9. Defendants' Affirmative Defense That They Should Receive an Offset for Consumers that "Consented" To Receive Services Or Received a Refund Should be Stricken.

Defendants Calenergy and Latsanovski assert that any monetary relief awarded to the FTC should be offset for refunds paid to consumers, sales to

---

[38] *See FTC v. Publishing Clearing House*, 104 F.3d 1168, 1171 (9th Cir. 1997); *FTC v. Amy Travel Serv.*, 875 F.2d 564, 574 (7th Cir. 1989); *FTC v. World Travel Vacation Brokers*, 861 F.2d 1020, 1029 (7th Cir. 1988); *Beneficial Corp. v. FTC*, 542 F.2d 611, 617 (3d Cir. 1976); *FTC v. Patriot Alcohol Testers*, 798 F. Supp. 851, 855 (D. Mass. 1992).

[39] *See* Doc. 253, at 20-21.

[40] To the extent Defendant Latsanovski is attempting to claim that his status as a corporate officer protects him from liability for his own violations of the law, he is forgetting that an individual is liable for corporate violations where he (1) participated directly in the unlawful acts or practices or had authority to control them; and (2) had some knowledge of these acts or practices. *FTC v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1170–71 (9th Cir. 1997); *FTC v. Amy Travel Serv., Inc.*, 875 F.2d 564, 573 (7th Cir. 1989); *see also* Doc. 5 at 44.

**SECOND AMENDED MOTION TO STRIKE AFFIRMATIVE DEFENSES**

consumers who consented to pay for Defendants' services, and costs associated with sales to these consenting consumers.[41]

This affirmative defense evidences a misunderstanding of how courts handle claims of equitable monetary relief pursuant to Section 13(b) of the FTC Act.  The appropriate measure of equitable monetary relief pursuant to Section 13(b) of the FTC Act is the full amount lost by consumers, without regard to Defendants' profits, and with a deduction only for refunds already made.[42]

Defendants' request that any future monetary reward include deductions for claimed "consenting" consumers and costs associated with the sale of goods cannot be granted because it would prevent making injured consumers whole. Therefore, this affirmative defense should be stricken.

---

[41] *See* Docs. 254 at 19 (Calenergy, Inc.), 253 at 19 (Latsanovski).

[42] *See, e.g., FTC v. Febre*, 128 F.3d 530, 536 (7th Cir. 1997) (affirming $16.1 million redress judgment – "the full amount lost by consumers" and rejecting argument that defendants' profits were appropriate measure); *FTC v. Gem Merchandising Corp.*, 87 F.3d 466, 470 (11th Cir. 1996) (affirming $487,500 disgorgement judgment to consumers and/or U.S. Treasury, representing total consumer losses); *Amy Travel Serv.*, 875 F.2d at 570 (affirming $6.6 million redress judgment equaling total amount consumers paid for travel certificates); *FTC v. Medicor*, LLC, 217 F. Supp. 2d 1048, 1057-58 (C.D. Cal. 2002) ($16.6 million disgorgement judgment, deducting only for consumer refunds, charge backs, and returns, and disallowing further deductions for other expenses); *FTC v. American Standard Credit Systems, Inc.*, 874 F. Supp. 1080, 1089-90 (C.D. Cal. 1994) (granting summary judgment on liability and ruling that the only issue remaining for trial was amount consumers spent calling defendants pay-per-call ("900") telephone numbers).

**SECOND AMENDED MOTION TO STRIKE AFFIRMATIVE DEFENSES**

### D. *Many of Defendants' Alleged Affirmative Defenses Are in Fact Negative Defenses.*

Defendants raise as affirmative defenses including: that consumers consented;[43] that any alleged damages were caused by or should be apportioned with third parties;[44] that their actions caused no damages;[45] and that they complied with "statutes, rules, and regulations that govern the subject matter of this lawsuit"[46] and were "lawful, proper and justified means to further the sole purpose of engaging in and continuing its business." [47] As explained below, these so-called affirmative defenses are actually negative defenses and should be stricken.

Negative defenses simply repeat a defendant's denials of the allegations in a

---

[43] *See* Docs. 254 at 19 (Calenergy, Inc.), 253 at 19 (Latsanovski), 249 at 19 (Mizrahi), 244 at 12 (Doron Nottea), 245 at 12 (Motti Nottea).

[44] *See* Docs. 254 at 19-20 (Calenergy, Inc.), 253 at 19-20 (Latsanovski), 249 at 18-19 (Mizrahi), 244 at 12 (Doron Nottea), 245 at 12 (Motti Nottea). Defendants erroneously use the term "damages" in their respective Answers. More correctly, the FTC alleges "consumer injury," the equitable monetary measure of injury consumers sustained caused by Defendants' unlawful business practices.

[45] *See* Docs. 254 at 20 (Calenergy, Inc.), 253 at 21 (Latsanovski) (listing "No Damages" as an affirmative defense).

[46] *See* Docs. 254 at 20 (Calenergy, Inc.), 253 at 20 (Latsanovski) (citing "Compliance with Statute" as an affirmative defense).

[47] *See* Docs. 254 at 21 (Calenergy, Inc.), 253 at 21 (Latsanovski).

**SECOND AMENDED MOTION TO STRIKE AFFIRMATIVE DEFENSES**

complaint.[48] Consequently, under Fed. R. Civ. P. 12(f), such defenses are redundant and should be stricken.[49] In this case, it is clear from their Answers that the Defendants deny that they engaged in the unlawful acts and practices alleged in the Complaint and that they deny liability for any consumer injury caused by these unlawful acts or practices. The so-called affirmative defenses in question here relate to whether Defendants have violated statutes enforced by the FTC and whether they are liable for consumer injury. Therefore, Defendants' affirmative defenses are negative defenses that should be stricken as redundant.

### III.   Defendants' Demand for a Jury Trial Should be Stricken.

Defendants Oz Mizrahi, Roi Reuveni, and Alon Nottea have made a demand for a jury trial in this case.[50]  Defendants have no right to a jury trial because this action, which invokes the equitable authority of the Court under Sections 13(b) and 19 of the FTC Act, 15 U.S.C. §§ 53(b) and 57, is strictly equitable in nature.

Because the FTC Act does not provide for a right to a jury trial, any entitlement to a jury trial would have to derive from the Seventh Amendment to

---

[48] *Texidor v. E.B. Aaby's Rederi A/S*, 354 F. Supp. 306, 309 (D. P.R. 1972).

[49] *Bobbitt v. Victorian House, Inc.*, 532 F. Supp. 734, 736, 738-39 (N.D. Ill. 1982); *Texidor*, 354 F. Supp. at 309.

[50] *See* Docs. 249 at 21 (Mizrahi), 250 at 12 (Roi Reuveni), 251 at 12 (Alon Nottea).

**SECOND AMENDED MOTION TO STRIKE AFFIRMATIVE DEFENSES**

1   the U.S. Constitution.  *See Tull v. United States*, 481 U.S. 412, 417 n.3 (1987).

2   The Seventh Amendment preserves the right of trial by jury in "[s]uits at common

3   law."[51]  Both the U.S. Supreme Court and the Court of Appeals for the Ninth

4   Circuit interpret the Amendment's reference to "[s]uits at common law" as

5   limiting the right to a jury trial to "suits in which *legal* rights were to be

6   ascertained and determined, in contradistinction to those where equitable rights

7   alone were recognized, and equitable remedies were administered."  *Feltner v.*

8   *Columbia Pictures Television, Inc.*, 523 U.S. 340, 348 (1998) (quoting *Parsons v.*

9   *Bedford*, 3 Pet. 433, 447 (1830)).[52]  Thus, a party is entitled to a jury trial only if

10  its action is similar to one "brought in the English law courts," where there was a

11  right to jury trial, as opposed to "actions analogous to 18th-century cases tried in

12  courts of equity," where there were no juries.[53]  Applying this test, the Supreme

13  Court held that although the right to trial by jury exists in actions for civil

14

15

16

17  [51] U.S. Const. Amend. VII.

18  [52] S*ee also Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry*, 494 U.S.
    558, 564 (1990); *Granfinaciera, S.A. v. Nordberg*, 492 U.S. 33, 41 (1989); *Tull*,
19  481 U.S. at 417; *Simpson v. Office of Thrift Supervision*, 29 F.3d 1418, 1423-24
    (9th Cir. 1994); *Spinelli v. Gaughan*, 12 F.3d 853, 855-58 (9th Cir. 1993).

20  [53] *Tull*, 481 U.S. at 417.

**SECOND AMENDED MOTION TO STRIKE AFFIRMATIVE DEFENSES**

penalties, a form of punitive legal damages, the right does not exist in actions for restitutionary relief such as disgorgement, an equitable remedy. [54]

For these reasons, courts have uniformly stricken defendants' requests for jury trials in injunctive actions brought pursuant to Sections 13(b) and 19(a) of the FTC Act, 15 U.S.C. §§ 53(b), 57b.[55]  Defendants' jury demand should be stricken.

## IV.    Conclusion

For the foregoing reasons, Defendants' affirmative defenses are legally insufficient, immaterial, or redundant, and they have no right to a jury trial. To save time, money, and to focus the parties on meritorious issues, the FTC respectfully requests that the Court grant the FTC leave to file its Motion and strike, under Fed. R. Civ. P.12(f), each of Defendants' purported defenses and their demands for a jury trial.

Respectfully submitted,

---

[54] *Id.* at 423-24.

[55] *See, e.g.*, *FTC v. Think All Publ'g, LLC*, 2008 WL 793579, at *1 (E.D. Tex. Mar. 24, 2008) ("[c]ases have unanimously held that the Seventh Amendment does not provide a right to a trial by jury in actions brought under Section 13(b)."); *FTC v. Seismic Entm't Prods., Inc.*, 441 F. Supp. 2d 349, 353 (D.N.H. 2006); *FTC v. Bronson Partners, LLC,* 2006 WL 197357, at **4-5 (D. Conn. Jan. 25, 2006); *FTC v. North East Telecommunications., Ltd.*, 1997 WL 599357, at *1 (S.D. Fla. Jun. 23, 1997); *FTC v. Hang-Ups Art Enters., Inc.*, 1995 WL 914179, at *4 (N.D. Cal. Sept. 27, 1995); *FTC v. Febre,*  1994 WL 702711, at *2 (N.D.Ill. Dec. 15, 1994); *FTC v. Crittenden*, CV 91-2019 JGD (C.D. Cal. Jun. 4, 1991); *FTC v. Timeshare Owners Foundation*, 89-1491 CIV-T-10(C) (M.D. Fla. Mar. 30, 1990); *FTC v. Amrep Corp.*, 705 F. Supp. 119, 126 (S.D.N.Y. 1988).

**SECOND AMENDED MOTION TO STRIKE AFFIRMATIVE DEFENSES**

1

2

Dated: 11/12/15                         /s/ REID TEPFER

3                                       REID A. TEPFER
                                        LUIS H. GALLEGOS
4                                       Attorneys for the Plaintiff
                                        Federal Trade Commission
5                                       1999 Bryan Street, Suite 2150
                                        Dallas, Texas 75201
6                                       (214) 979-9395 (Tepfer)
                                        (214) 979-9383 (Gallegos)
7                                       (214) 953-3079 (facsimile)
                                        rtepfer@ftc.gov
8                                       lgallegos@ftc.gov

9

10

11

12

13

14

15

16

17

18

19

20

**SECOND AMENDED MOTION TO STRIKE AFFIRMATIVE DEFENSES**

1

## **CERTIFICATE OF CONFERENCE**

2

3        This motion is made following the conference with counsel for Defendants,
pursuant to L.R. 7-3. Conference with counsel for Oz Mizrahi occurred on August

4   21, August 25, September 15, October 2, and November 10. Conference with
Counsel for Doron and Motti Nottea took place on October 22 and 26. Conference

5   with counsel for Igor Latsanovski and Calenergy, Inc. took place on August 15
and October 27. Conference with counsel for Alon Nottea and Roi Reuveni took

5   place on October 24, 26, and 27. Defendants oppose the motion.

6

7                  ## **CERTIFICATE OF SERVICE**

8

9        The undersigned certifies that on November 12, 2015, a true and correct
copy of the foregoing document was electronically filed with the clerk of the U.S.

10  District Court, Central District of California, using the electronic case filing
system of the court. The attorneys listed below were served by pursuant to the
ECF notice generated by the Court.

11

12  Tom Vidal
Michael Weiss

13  Nina Nahal Ameri
Abrams Garfinkle Margolis Bergson

14  5900 Wilshire Blvd Suite 2250
Los Angeles, CA 90036

15  nameri@agmblaw.com
*Local counsel for Receiver*

16  Erik S Syverson
Raines Feldman LLP

17  9720 Wilshire Boulevard Fifth Floor
Beverly Hills, CA 90212

18  esyverson@raineslaw.com
*Counsel for Oz Mizrahi*

19

20

**SECOND AMENDED MOTION TO STRIKE AFFIRMATIVE DEFENSES**

Page | 21

1

2   Robert M. Ungar
    Crosswind Law
3   14724 Ventura Blvd Penthouse
    Sherman Oaks, CA 91403
    rmu@crosswindlaw.com
4   *Counsel for Alon Nottea and*
    *Roi Rueveni*

5

6   Randi R. Geffner
    Esensten Law
7   12100 Wilshire Blvd.
    Suite 1660
8   Los Angeles, CA 90025
    (310) 273-3090
9   RGEFFNER@ESENSTEINLAW.COM
    *Counsel for Doron Nottea and Motti Nottea*

10  Marc S. Harris
    Scheper Kim & Harris, LLP
11  601 W. Fifth Street, 12th Floor
    Los Angeles, CA 90071
12  mharris@scheperkim.com
    *Counsel for Igor Latsanovski and*
13  *CalEnergy, Inc*

14  Annah Kim
    Scheper Kim & Harris, LLP
15  601 W. Fifth Street, 12th Floor
    Los Angeles, CA 90071
16  akim@scheperkim.com
    *Counsel for Igor Latsanovski and*
17  *CalEnergy, Inc*

18

19

20

**SECOND AMENDED MOTION TO STRIKE AFFIRMATIVE DEFENSES**

Charlene Cantrell Koonce
Receiver
Scheef & Stone
500 N. Akard, Suite 2700
Dallas, Texas 75201
charlene.koonce@solidcounsel.com
*Receiver*

Kelly M. Crawford
Scheef and Stone
500 N. Akard, Suite 2700
Dallas, Texas 75201
kelly.crawford@solidcounsel.com
*Counsel to Receiver*

Benjamin A Pettit
20 East Pueblo Street
Santa Barbara, CA 93105
*Counsel for Alon Nottea*

Sagar Parikh
Beverly Hills Law Corp.
433 N. Camden Dr., 6th Floor
Beverly Hills, CA 90210
*Counsel for Chargeback Armor, Inc.*

/S/ REID TEPFER
REID TEPFER

**SECOND AMENDED MOTION TO STRIKE AFFIRMATIVE DEFENSES**

Page | 23