Michael J. Weiss (SBN 206473)
**ABRAMS GARFINKEL MARGOLIS BERGSON, LLP**
5900 Wilshire Blvd. Suite 2250
Los Angeles, CA 90036
310-300-2900
310-300-2901- Fax
Mweiss@agmblaw.com

Charlene Koonce (TX SBN 11672850)
*Admitted Pro Hac Vice*
**SCHEEF & STONE, L.L.P.**
500 N. Akard, Suite 2700
Dallas, Texas 75201
214-706-4200
214-706-4242 - Fax
Charlene.koonce@solidcounsel.com
Receiver

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>BUNZAI MEDIA GROUP, INC., a California corporation, also doing business as AuraVie and Miracle Face Kit, et al.,<br><br>Defendants. | Case No. 2:15-CV-4527-GW(PLAx)<br><br>**RECEIVER'S REPLY IN SUPPORT OF MOTION TO ESTABLISH CLAIMS PRIORITY**<br><br>Hearing Date: December 3, 2015<br>TIME: 10:30 A.M.[1]<br>CRTM: 10<br>JUDGE: HON. GEORGE WU |

---

[1] The Receiver requests a 10:30 am setting for this matter to eliminate the need for overnight travel expenses. The Receiver also requests waiver of a hearing on this Motion since no creditor filed any objections.

Charlene Koonce, the Court-appointed Receiver (the "Receiver"), replies to the objection[2] filed regarding the Receiver's Motion to Establish Claims Priority (the "Motion"), and in support, respectfully shows the Court as follows:

Defendants' objection ignores reality. All of the funds at issue were obtained from consumers,[3] and none of the entities whose assets are at issue dispute that fact.[4] Neither the objecting Defendants nor the Receivership Defendants even attempt to raise a material question of fact regarding the source of the funds. Nor do Defendants challenge the holding of *F.T.C. v. Crittenden*, 823 F. Supp. 699, 703-04 (C.D. Cal. 1993) *aff'd*, 19 F.3d 26 (9th Cir. 1994) which, together with the Bankruptcy Code, mandates the priorities requested given the source of the funds at issue. Thus, no trial on the merits is necessary to establish the only fact relevant to the Motion: that only consumer funds are subject to the priorities requested.

Likewise, Defendants raise no argument regarding the primary point of the Motion;[5] that *all* claims except administrative expenses are subordinated to consumers redress, since the funds at issue are consumer funds. Thus, even if Defendants held a claim against estate assets – they hold no such claim and indeed fail to even argue that

---

[2] Docket No. 273.
[3] Docket No. 120, pp. 66-70, and Docket No. 121, p. 3.
[4] Instead, all entities except CalEnergy have defaulted, including Adageo, LLC and Trigen, LLC.
[5] Indeed, the basis for the objection Defendants filed was not raised in response to the Receiver's conference, in which Defendants stated that they objected to the Motion because: "(1) the plan must be subject to the Court's previous orders and any further orders or settlements that modify the plan; and, (2) the first priority for distribution are funds adjudicated not to be subject to "consumer redress" or not property of the estate, e.g. funds of a defendant that are not ill-gotten gains and, the defendant is either not adjudicated a common enterprise constituent or joint and several liability is not imposed, must be returned."

they hold such a claim[6] – the *potential* amount of consumer redress when compared with the amount held in the estate renders Defendants' objection to their subordination meaningless. Indeed, if following a trial on the merits the Court determines a very small amount of consumer redress or indeed no consumer redress is owed, the priorities requested *would still be appropriate*, because the amount of consumer redress owed will be determined by the Court pursuant to a Final Judgment entered against the Receivership Defendants,[7] with remaining funds available to pay subsequent priorities. If the Final Judgments determine no consumer redress is owed, the assets will be distributed according to the priorities established by the Motion, with zero funds being owed to consumers and funds being applied to subsequent priorities.

In comparison, if following a trial on the merits, excess funds exist beyond what is due to pay administrative expenses, consumer redress, wage claims, and taxes, Defendants might be heard to seek an amendment or supplement to the Order establishing priorities regarding their potential entitlement to the funds at issue.[8] They fail to raise even the slimmest suggestion that they hold any such claim, however, and Defendants' unsupported objection should accordingly not impair the requested relief.

---

[6] When expressly asked to identify any potential claim against the estate, Defendants stated they had a claim "for return of estate property, to wit images of themselves, their spouses and children and the cost to recover those images…" Even if that claim constituted a claim against the estate subject to prioritization, the Receiver confirmed that she used only photos available from public media during her investigation of the case and had no such images, thus mooting any such potential claim. *See* ¶¶ 4-5 in email string attached as **Exhibit A**. Defendants identified no further claim against the estate assets during the conference on the Motion and identified no such claim in their Objection.

[7] *See* Lodged Order, Docket No. 259.

[8] And, as expressly requested by Defendants, the proposed order states "[t]he claims priority established by this Order is subject to further orders, including but not limited to orders regarding distributions, etc." *Id.*

And, each of the Individual Defendants stipulated to a Preliminary Injunction, which includes their *agreement* that good cause exists to find their and the Receivership Defendants' on-going violations of the FTC Act, the likelihood that the Court will be unable to provide effective final relief to consumers without the injunction, and the FTC's likely success on the merits.[9]  These agreed findings strongly suggest that the priorities suggested above are appropriate and will be unchanged following a trial on the merits.

Lastly, the mere existence of Defendants' objection defeats their cursory due process objection.  Defendants received notice and an opportunity to be heard, and failed to raise any meaningful objection to the instant Motion.

Nonetheless, in the alternative to overruling the objection, since Defendants' only objection to the priorities requested is the subordination of their nonexistent and unspecified claim against estate assets, the Court could remove from the Order the provision regarding subordination of the Individual Defendants' claims.

Establishing this claims priority now will eliminate the need for a claims process once the amount of consumer redress is established, eliminate potentially expensive arguments with virtually all creditors including the IRS, and thus speed closure of the receivership.  Moreover, the priorities requested by the Receiver are well-supported by the law, and fall squarely within the court's broad discretion in administering the

---

[9] *See* Docket No. 105.

receivership.[10] The Receiver is not seeking to distribute funds to consumers or the FTC on behalf of the consumers; she seeks only to establish priorities so that distribution can be accomplished as quickly and efficiently as possible when the case is concluded.

WHEREFORE, PREMISES CONSIDERED, the Receiver requests that the Court overrule Defendants' objection and establish the claims priority set out in the Motion, and requests such other and further relief to which she may show herself entitled.

Respectfully submitted,

*/s/Charlene Koonce*
Charlene C. Koonce
**Receiver**
500 N. Akard Street, Suite 2700
Dallas, Texas 75201
Telephone: 214-706-4200
Telecopier: 214-706-4242
*Admitted Pro Hac Vice* (TX SBN 11672850)

**SCHEEF & STONE, L.L.P.**

---

[10] *See* Motion at pp. 9-12.

# CERTIFICATE OF SERVICE

The undersigned certifies that on November 16, 2015 a true and correct copy of the foregoing document was electronically filed with the clerk of the U.S. District Court, Central District of California, using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Erik S Syverson/ Scott M. Lesowitz<br>Steven T. Gebelin<br>Raines Feldman LLP<br>9720 Wilshire Boulevard Fifth Floor<br>Beverly Hills, CA 90212<br>*Counsel for Oz Mizrahi* | Robert L. Esensten<br>Randi R.Gefflner<br>Esensten Law<br>12100 Wilshire Boulevard, Suite 1660<br>Los Angeles, *CA 90025*<br>*Counsel for Doron Nottea and Motti Nottea* |
| Robert M. Ungar<br>Crosswind Law<br>14724 Ventura Blvd Penthouse<br>Sherman Oaks, CA 91403<br>*Counsel for Alon Nottea, Roi Rueveni and Adageo, LLC* | Marc S. Harris<br>Annah S Kim<br>Scheper Kim & Harris, LLP<br>601 W. Fifth Street, 12th Floor<br>Los Angeles, CA 90071<br>*Counsel for Igor Latsanovski and CalEnergy, Inc.* |
| Benjamin A. Pettit<br>20 East Pueblo Street<br>Santa Barbara, CA 93105<br>*Counsel for Alon Nottea* | Reid Tepfer/ Luis Gallegos<br>Federal Trade Commission<br>1999 Bryan Street, Suite 2150<br>Dallas, TX 75201<br>*Counsel for the FTC* |
| Raymond E McKown<br>Federal Trade Commission<br>10877 Wilshire Boulevard, Suite 700<br>Los Angeles, CA 90024<br>*Counsel for the FTC* | Sagar Parikh<br>Beverly Hills Law Corp., PC<br>433 N. Camden Drive, 6th Floor<br>Beverly Hills, CA 90210<br>*Counsel for Chargeback Armor, Inc. and Secured Merchants, LLC* |

In addition, a true and correct copy of the foregoing was served by First Class Mail upon the creditors listed on **Exhibit B**.

*/s/ Charlene C. Koonce*
CHARLENE C. KOONCE