Michael J. Weiss (SBN 206473)
**ABRAMS GARFINKEL MARGOLIS BERGSON, LLP**
5900 Wilshire Blvd. Suite 2250
Los Angeles, CA 90036
310-300-2900
310-300-2901- Fax
Mweiss@agmblaw.com

Charlene Koonce (TX SBN 11672850)
*Admitted Pro Hac Vice*
**SCHEEF & STONE, L.L.P.**
500 N. Akard, Suite 2700
Dallas, Texas 75201
214-706-4200
214-706-4242 - Fax
Charlene.koonce@solidcounsel.com
Receiver

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>BUNZAI MEDIA GROUP, INC., a California corporation, also doing business as AuraVie and Miracle Face Kit, et al.,<br><br>Defendants. | Case No. 2:15-CV-4527-GW(PLAx)<br><br>**RECEIVER'S REPLY IN SUPPORT OF MOTION FOR AUTHORIZATION TO PAY PREVIOUSLY APPROVED FEES, AND WAIVE HEARING REGARDING SAME**<br><br>Hearing Date: December 3, 2015<br>TIME: 10:30 A.M.[1]<br>CRTM: 10<br>JUDGE: HON. GEORGE WU |

---

[1] The Receiver requests waiver of the hearing on this Motion and the only objecting party agrees to waiver of the hearing. Concurrently with this Reply, the Receiver accordingly lodges an amended proposed order recognizing waiver of the hearing.

Charlene Koonce, the Court-appointed Receiver (the "Receiver"), files this Reply in support of the motion seeking authorization to pay previously approved fees and waive the hearing on the motion (the "Motion"), and in support, respectfully shows the Court as follows:

### A.   A Holdback Is Neither Necessary Nor Customary

Defendants provide no support for their contention that a holdback is "customary," particularly where the scope of the work remaining is narrow and estimated future fees are dwindling.  Indeed, as noted in the Motion, after unraveling the complex morass created by Defendants, the fees necessary to perform the mandate have dramatically decreased, with fees incurred since July 31, 2015 (fees not yet approved by the Court) totaling approximately $102,021,42, with more than 80% of those fees incurred in August and early September.[2]

In contrast, the estate holds approximately $500,778.49.[3] The Receiver continues to estimate that a total of $125,000 - $175,000, including the fees already incurred but not yet approved, will be necessary through the close of the receivership. Accordingly, if any holdback is necessary, it may be applied to these as yet unapproved fees or additional fees incurred in the future. Such a holdback, however, is unnecessary for the already approved fees.

---

[2] *See* Reports filed at Docket Nos. 239 and 276.
[3] Funds were received after the Motion was filed.

**B.  Defendants' Status as "Members" of Certain Receivership Defendants Does Not Create Standing to Object to Use of Estate Assets**

Defendants' respective status as "members" of Adageo and Trigen[4] is irrelevant and provides absolutely no basis for the two individual Defendants to complain about the distribution of estate assets which include funds from those entities.[5] Neither Adageo nor Trigen is defending this case. Defendants created those sham entities,[6] chose not to have the entities defend the claims asserted against them, and cannot now ignore the entities' separate corporate existence by asserting an objection regarding funds for which only the entities and the entities' creditors have claims.

And, whether some entities may or may not be found to be complicit in the common enterprise, whether the amount of consumer redress owed by some of the entities is ultimately determined to be less than demanded by the FTC, or indeed, whether certain factual findings may or may not be established against certain individuals or entities, has no bearing on whether approved fees and expenses should be paid from estate assets. *See e.g., Gaskin v. Gordon,* 27 F.3d 248, 251 (7th Cir. 1993)(If receivership property is removed from receiver's control prior to compensation of receiver, court may create a lien against the property in favor of the receiver to ensure just compensation); *Donovan v. Robbins,* 588 F.Supp. 1268, 1271-

---

[4] Indeed, Nottea and Reuveni are the *only* members of those respective entities.
[5] Only $7,045.48 was recovered from Adageo, with Trigen's discovered assets amounting to $72.00.
[6] *See* Docket No. 120, pp. 78-79.

1272 (N.D. Ill. 1984)(Awarding receiver's fees and expenses incurred despite denial of preliminary injunction and receiver's failure to increase value of property administered, where TRO appointing receiver was entered in good faith and receiver's services were necessary and diligently provided). Indeed, if the ultimate relief to be awarded determined the propriety of paying administrative fees and expenses, no payments would be authorized until final judgments were entered.

Finally, a case in which more than $147,000 has already been cut from fees, on top of fifteen to twenty percent discounts applied to all fees[7] hardly qualifies as a "boondoggle." Given the fact that *all* of Alon Nottea and Roi Reuveni's personal assets are purportedly frozen, however, and neither has sought any relief from the stay for personal expenses or to pay their lawyer, the source of the funds used to by these Defendants for their living and legal expenses merits inquiry as to whether a different type of boondoggle is occurring.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, the Receiver respectfully requests authority to pay the remaining 25% of fees approved by the Court's September 18, 2015 Order, waiver of any hearing on the Motion, and such other relief as she may show itself to be justly entitled.

---

[7] *See* Docket No. 196, pp. 11-12

1                                Respectfully submitted,

*/s/Charlene Koonce*
Charlene C. Koonce
**Receiver**
500 N. Akard Street, Suite 2700
Dallas, Texas 75201
Telephone: 214-706-4200
Telecopier: 214-706-4242
*Admitted Pro Hac Vice* (TX SBN 11672850)

**SCHEEF & STONE, L.L.P.**

# CERTIFICATE OF SERVICE

The undersigned certifies that on November 16, 2015 a true and correct copy of the foregoing document was electronically filed with the clerk of the U.S. District Court, Central District of California, using the CM/ECF system which will send notification of such filing to the following:

Erik S Syverson / Scott M. Lesowitz
Steven T. Gebelin
Raines Feldman LLP
9720 Wilshire Boulevard Fifth Floor
Beverly Hills, CA 90212
*Counsel for Oz Mizrahi*

Robert L. Esensten
Randi R.Gefflner
Esensten Law
12100 Wilshire Boulevard, Suite 1660
Los Angeles, *CA 90025*
*Counsel for Doron Nottea and Motti Nottea*

Robert M. Ungar
Crosswind Law
14724 Ventura Blvd Penthouse
Sherman Oaks, CA 91403
*Counsel for Alon Nottea, Roi Rueveni and Adageo, LLC*

Marc S. Harris
Annah S Kim
Scheper Kim & Harris, LLP
601 W. Fifth Street, 12th Floor
Los Angeles, CA 90071
*Counsel for Igor Latsanovski and CalEnergy, Inc.*

Benjamin A. Pettit
20 East Pueblo Street
Santa Barbara, CA 93105
*Counsel for Alon Nottea*

Reid Tepfer/ Luis Gallegos
Federal Trade Commission
1999 Bryan Street, Suite 2150
Dallas, TX  75201
*Counsel for the FTC*

Raymond E McKown
Federal Trade Commission
10877 Wilshire Boulevard, Suite 700
Los Angeles, CA 90024
*Counsel for the FTC*

Sagar Parikh
Beverly Hills Law Corp., PC
433 N. Camden Drive, 6th Floor
Beverly Hills, CA 90210
*Counsel for Chargeback Armor, Inc. and Secured Merchants, LLC*

In addition, a true and correct copy of the foregoing was served by First Class Mail upon the creditors listed on **Exhibit A**.

                                                       */s/  Charlene C. Koonce*
                                                       CHARLENE C. KOONCE

REPLY IN SUPPORT OF MOTION FOR AUTHORIZATION TO PAY PREVIOUSLY APPROVED FEES