1  ROBERT M. UNGAR (State Bar No. 102007)
   rmu@ungarlaw.com
2  14724 Ventura Blvd., PH
   Sherman Oaks, CA 91403
3  Telephone: (310) 405-1884

4  BEN PETTIT (State Bar No. 135941)
   ben@benpettit.com
5  20 E. Pueblo Street
   Santa Barbara, CA 93105
6  Telephone (805) 896-5113

7  **Attorneys for Defendants:** Alon Nottea and Roi Reuveni

8

9              **UNITED STATES DISTRICT COURT**

10             **CENTRAL DISTRICT OF CALIFORNIA**

11

12

13  FEDERAL TRADE COMMISSION,        CASE NO.  2:15-CV-4527-GW (PLAx)

14              Plaintiff,           [*Assigned to the Honorable George H. Wu, Courtroom 10*]

15      v.

16  BUNZAI MEDIA GROUP, INC., et     **MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO THE FTC'S MOTION TO STRIKE THE JURY TRIAL DEMAND OF DEFENDANTS ALON NOTTEA AND ROI REUVENI [Doc. #274]**
17  al.,

18              Defendants.

19

20

21                                   DATE: December 10, 2015
                                     TIME:  8:30 A.M.
22                                   CTRM: 10

23

24

25

26

27

28

---

OPPOSITION TO FTC'S MOTION TO STRIKE AFFIRMATIVE DEFENSES AND JURY DEMAND

## TABLE OF CONTENTS

I.   INTRODUCTION……………………………………….. 3
II.  THE RELEVANT FACTS……………………………… 3
III. THE RELIEF STATUTES……………………………… 4
IV.  ARGUMENT……………………………………………..5

    A.  The Seventh Amendment Applies To
        The Legal Remedy Sought By The FTC…………..5

    B.  The FTC Is Pursuing A Legal Remedy
        Under Sections 13(b) And 19……………………….7

    C.  There Is Nothing Incidental About $75 Million…….8

    D.  The Caption On The Complaint Does Not
        Determine If A Jury Trial Must Be Provided……….8

V.   CONCLUSION…………………………………………….9

# TABLE OF AUTHORITIES

**Cases**

*Dastgheib v. Genentech, Inc.*
*(ED PA 2006) 457 F. Supp.2d 536*................................................................6
*FTC v. Pantron I Corp.*
*(9th Cir.1994) 33 F.3d 1088*.......................................................................7
*FTC v. Verity International, Ltd.*
*(2nd Cir. 2006) 443 F.3d 48*......................................................................9
*Great-West Life & Annuity Ins. Co. v. Knudson*
*(2002) 534 U.S. 204*.........................................................................3, 6, 7, 9
*Tull v. United States*
*(1987) 481 U.S. 412*.........................................................................5, 6, 7, 8

**Statutes**

Federal Trade Commission Act
§5................................................................................................................3
§13(b).............................................................................................3, 4, 7, 8, 9
§19................................................................................................3, 5, 7, 8, 9
Restore Online Shoppers' Confidence Act
§4................................................................................................................3
Electronic Funds Transfer Act.....................................................................3
Title 15 U.S.C.
§53(b).......................................................................................................3, 4
§57b..........................................................................................................3, 5

**Federal Regulations**
Regulation E
§205.10(b) ..................................................................................................3

**Treatise**
Tashima & Wagstaffe, Cal. Prac. Guide:
Fed. Civ. Pro. Before Trial, Calif. & 9th Cir. Editions
(The Rutter Group 2015), Ch. 16-A, ¶ 16:12.2............................................6

Defendants Alon Nottea and Roi Reuveni ("Defendants") oppose the FTC's motion to strike [Doc. #274] their demands for jury trial [Doc. #250, #251]:

## I. INTRODUCTION

*Great-West Life & Annuity Ins. Co. v. Knudson* (2002) 534 U.S. 204 (*Knudson*) controls this motion. The FTC claims Defendants are personally liable and, amongst other equitable remedies, seeks restitution under Sections 13(b) and 19 of the Federal Trade Commission Act of $75 Million Dollars allegedly paid by consumers to one or more defendant corporations. The FTC does not assert that these consumer funds, or any property derived therefrom, is in the Defendants' possession or can be traced to the Defendants. Rather, the FTC alleges Defendants are jointly and severally liable with one or more defendant corporations that are controlled by Defendants and which participated in a common enterprise. In other words, because Defendants allegedly participated in a common enterprise, or controlled a defendant corporation that allegedly participated in a common enterprise, Defendants are personally liable for $75 Million Dollars—regardless of any amounts actually received by Defendants. Under *Knudson*, the type of restitution sought by the FTC is "restitution at law," which at common law was obtained through a writ of assumpsit. Because the Seventh Amendment guarantees a jury trial in suits at common law, the analysis in *Knudson* requires that the FTC's motion to strike Defendants' jury demand be denied.

## II. THE RELEVANT FACTS

In June, the FTC filed a Complaint ("Complaint") against Defendants alleging violations of Section 5 of the Federal Trade Commission Act ("FTC Act"), Section 4 of the Restore Online Shoppers' Confidence Act ("ROSCA"), the Electronic Funds Transfer Act ("EFTA"), and Section 205.10(b) of Regulation E. By its Complaint, the FTC seeks, amongst other things, a permanent injunction, restitution, refund of monies paid, and the disgorgement of ill-gotten monies. The Complaint cites Sections 13(b) and 19 of the FTC Act (15 U.S.C. §§ 53(b), 57b) as

statutory authority for the relief sought. [Doc. #3; ¶¶ 87, 88, 36:16-37:8] None of the foregoing statutes provides for nor prohibits a jury trial.

In October, the FTC filed a Motion for Default Judgment [Doc. #232] (the "Default Motion"). The FTC made clear therein that it is seeking a money judgment of $75,624,030, jointly and severally, against the corporate defendants and individual defendants[1]. [Doc. #232, pg.14] The declaration supporting the Default Motion calculated the proposed judgment amount by totaling the corporate defendants' gross receipts, net of returns and allowances, for the years 2010 through the first six months of 2015. [Doc. #232-1; ¶7, pg. 2] The Default Motion contends that individual defendants are jointly and severally liable for their participation and knowledge of the alleged deceptive enterprise and for allegedly controlling and directing illegal activities. [Doc. #232, pgs. 10, 15]

Also in October, the FTC filed a First Amended Complaint [Doc. #235] (the "FAC") naming a relief defendant and specifically alleging that the relief defendant "holds funds and assets in constructive trust for the benefit of Defendants' customers." [Doc. #235, ¶99, pg. 43] No similar allegation is made against these Defendants.

Defendants made a demand for jury trial in their respective Answers [Doc. #250, #251] to the FAC [Doc. #235]. The FTC moves to strike the jury demand.

### III.  THE RELIEF STATUTES

The FTC Act relief statutes germane to this motion provide, in relevant part:

(1)  *that in proper cases the Commission may seek, and after proper proof, the court may issue, a permanent injunction.*

Section 13(b); 15 U.S.C. § 53(b)

(2)  *The court in an action under subsection (a) shall have jurisdiction*

---

[1] Through its Rule 26 Initial Disclosures, the FTC first raised the issue that it is seeking over $70 million from these Defendants attributable to corporate defendant transactions that may be subject to disgorgement or restitution.

4

OPPOSITION TO FTC'S MOTION TO STRIKE AFFIRMATIVE DEFENSES AND JURY DEMAND

> *to grant such relief as the court finds necessary to redress injury to consumers or other persons, partnerships, and corporations resulting from the rule violation or the unfair or deceptive act or practice, as the case may be. Such relief may include, but shall not be limited to, rescission or reformation of contracts, the refund of money or return of property, the payment of damages, and public notification respecting the rule violation or the unfair or deceptive act or practice, as the case may be; except that nothing in this subsection is intended to authorize the imposition of any exemplary or punitive damages.* Section 19; 15 U.S.C. § 57b(b)

## IV. ARGUMENT

### A. THE SEVENTH AMENDMENT APPLIES TO THE LEGAL REMEDY SOUGHT BY THE FTC

The Seventh Amendment guarantees the right to a jury trial "in suits at common law" where the value in controversy exceeds twenty dollars. A jury trial on the merits is required in those actions that are analogous to "suits at common law." *Tull v. United States* (1987) 481 U.S. 412. To determine whether a statutory action is more similar to cases tried at law than equity requires that the Court examine, first: if the statutory action would have been brought in a court of law or a court of equity in 18th-century England; and second: whether the remedy sought is legal or equitable in nature. The kind of relief sought is most important in determining whether the Seventh Amendment guarantees a jury trial. *Tull* at 421 [characterizing the relief sought as "more important" than finding a precisely analogous common-law cause of action in determining whether the Seventh Amendment guarantees a jury trial]

The FTC is seeking a money judgment of $75,624,030, jointly and severally, against all defendants. The FTC characterizes this relief, in whole or in part, as

5

restitution. [See, Doc. #252, pg. 2:8-9][2] In the 18th century, restitution was available in certain cases at law, and in certain others in equity. *Knudson,* supra at 212.

> *Equitable restitution allowed the plaintiff to recover money or property **in the defendant's possession** that could clearly be traced to money or property identified as belonging in good conscience to the plaintiff. Legal restitution, on the other hand, was awarded when the plaintiff could not assert title to or the right to possession of particular property but nevertheless had some basis for recovering for some benefit that the defendant wrongly received from the plaintiff.* [emphasis added] *Id.* at 213

Where the action seeks to impose personal liability on a defendant for benefits conferred by plaintiff, restitution is a legal remedy. *Id.* at 214 [plaintiff had a right to restitution at law through an action derived from the common-law writ of assumpsit] Where the remedy sought is legal in nature, such as legal restitution, the Seventh Amendment preserves the right to a jury trial. *Tull*, supra; Tashima & Wagstaffe, Cal. Prac. Guide: Fed. Civ. Pro. Before Trial, Calif. & 9th Cir. Editions (The Rutter Group 2015), Ch. 16-A, ¶ 16:12.2, citing *Dastgheib v. Genentech, Inc.* (ED PA 2006) 457 F. Supp.2d 536 [restitution claims for money are usually claims at law; plaintiff entitled to jury trial] This is precisely the nature of the relief sought by the FTC from these Defendants.

The FTC is not claiming that these individual Defendants have $75 Million of consumer money in their possession, nor property derived from money that is traced from the consumer to Defendants. The FTC seeks to impose personal liability on Defendants and obtain a joint and several judgment against them for consumer money allegedly received by defendant corporations—not for specific

---

[2] The FTC's Reply Memo on the Default Motion says: "the FTC requests a finding of liability against the Defaulting Defendants, **with a final determination of restitution to await the case's conclusion**".

money or property in Defendants' possession[3]. What the FTC seeks is *legal* restitution. By contrast, the FTC seeks *equitable* restitution from the relief defendant, whom the FTC alleges "holds funds and assets in constructive trust for the benefit of Defendants customers."

Under *Knudson*, the relief sought by the FTC from these Defendants, $$75,624,030, is legal restitution. As such, Defendants have the right to a jury trial on the FTC's claim for this legal remedy.

### B. THE FTC IS PURSUING A LEGAL REMEDY UNDER SECTIONS 13(b) AND 19

Defendants would not have a right to a jury trial if the FTC sought only equitable relief under FTC Act section 13(b). Equitable restitution, including disgorgement, is available under section 13(b) as ancillary to injunctive relief.[4] *Tull*, supra at 424-425; *FTC v. Pantron I Corp.*, (9th Cir.1994) 33 F.3d 1088 at 1102 [the authority granted by section 13(b) includes the authority to grant any ancillary relief necessary to accomplish complete justice].

But the FTC has chosen to also seek a legal remedy—legal restitution—as consumer redress under sections 13(b) and 19. [See, Doc. #235 – FAC, ¶¶ 101, 102; pgs. 44 - 45] Section 19 authorizes both equitable and legal remedies (e.g. legal restitution and money damages). Congress was surely aware when legislating Section 19 that juries determine legal remedies at common law. *Tull*, supra at 417 [the consistent practice at common law was for juries to award damages].

The FTC should not be surprised that Defendants would seek a jury trial when the FTC seeks legal remedies under Section 19. Defendants would be entitled to a jury trial if the FTC sought money damages under Section 19. Similarly,

---

[3] The FTC contends the $75 Million is gross revenue less refunds. Presumably, after cost of goods, marketing, and operating expenses any distributable profit would be substantially less.

[4] Equity usually will not allow disgorgement of money that has not been received. Nevertheless, this is one of many different legal and equitable remedies sought by the FTC in this case.

Defendants should be entitled to a jury trial when the FTC seeks legal restitution. If the FTC joins one legal remedy with a host of other equitable remedies under Sections 13(b) and 19, Defendants are nonetheless entitled to a jury trial on the legal remedy as well as all issues common to that legal remedy.

### C. THERE IS NOTHING INCIDENTAL ABOUT $75 MILLION

No doubt the FTC will argue that its $75 Million claim against Defendants is incidental to (and therefore permitted under) its statutory claim for injunctive relief under section 13(b). As in *Tull*, this position is flawed. First, a potential money judgment of more than $75 million can hardly be considered incidental. Second, the FTC should have known the skin care business had already been shuttered six months before filing suit. [Doc. #120, pg. 7:13-14] A $75 million judgment is hardly incidental to an injunction to shut down a business that had already been shut down. Third, it is the FTC who is pursuing one of the available legal remedies for consumer redress under Section 19 that carries the right to a jury trial.

Joining a claim for legal remedies under Section 19 with a claim for equitable remedies under Section 13(b) does not make the legal claim "incidental" to the equitable claim. The right to a jury trial on the legal claim, including all issues common to both claims, remains intact. *Tull*, at 425 [The right to a jury trial is not abridged by characterizing the legal claim as "incidental" to the equitable relief sought].

### D. THE CAPTION ON THE COMPLAINT DOES NOT DETERMINE IF A JURY TRIAL MUST BE PROVIDED

A jury trial must be provided if legal issues are raised, even though plaintiff captions the complaint as an equitable proceeding. *Tull*, at 424-425. The FTC captioned the FAC as a complaint for "Permanent Injunction And Other Equitable Relief." Yet it is seeking a legal remedy under either Section 13(b) or Section 19 that carries the right to a jury trial. [See, e.g. Doc. #235, ¶102, pgs. 44 – 45]

The FTC argues that cases have unanimously held that the Seventh Amendment does not provide a right to a trial by jury in equitable actions brought under Section 13(b). That is generally true. But in those cases the issue is not the FTC seeking legal restitution as consumer redress under Sections 13(b) or 19. In one such case, *FTC v. Verity International, Ltd.* (2nd Cir. 2006) 443 F.3d 48, the Second Circuit discussed *Knudson* and concluded that since only equitable restitution could be sought under Section 13(b) there was no right to a jury trial. The Court did not discuss the right to a jury trial when, as here, the FTC seeks legal restitution as consumer redress under both Sections 13(b) and 19.

## V. CONCLUSION

The FTC seeks restitution from Defendants of over $75 Million under the FTC Act sections 13(b) and 19. Under the *Knudson* analysis, the FTC's claim against Defendants is for legal restitution. Legal restitution is a legal remedy that carries the right to a jury trial under the Seventh Amendment. As the *Verity* case points out, legal restitution is not recoverable under Section 13(b). Legal restitution may, however, be recoverable as consumer redress under Section 19, which authorizes both legal and equitable remedies.

The FTC is trying to foreclose Defendants' right to a jury trial by arguing this lawsuit is only an equitable proceeding under Section 13(b). But that is not the case. The FTC is also suing for a legal remedy, legal restitution, under Sections 13(b) and 19. The Court should reject the FTC's position and deny its motion to strike Defendants' demand for jury trial.

DATED: November 18, 2015

/s/ ROBERT M. UNGAR
ROBERT M. UNGAR
Attorney for Defendants
Alon Nottea and Roi Reuveni