1    ROBERT L. ESENSTEN (SBN 65728)
        resensten@esenstenlaw.com
2    RANDI R. GEFFNER (SBN 116574)
        rgeffner@esenstenlaw.com
3    **ESENSTEN LAW**
     12100 Wilshire Boulevard, Suite 1660
4    Los Angeles, California 90025
     Telephone:  (310) 273-3090
5    Facsimile:   (310) 207-5969

6    Attorneys for Defendants DORON NOTTEA and MOTTI NOTTEA

7

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

11   FEDERAL TRADE COMMISSION,        Case No.:  2:15-CV-04527-GW (PLAx)

12              Plaintiff,            **MEMORANDUM OF POINTS AND
                                      AUTHORITIES IN OPPOSITION
13        v.                          TO MOTION TO STRIKE
                                      AFFIRMATIVE DEFENSES AND
14   BUNZAI MEDIA GROUP, INC., *et al.*,  REQUESTS JURY DEMAND [*sic*]

15              Defendants.           **DATE:    December 10, 2015**
                                      **TIME:    8:30 a.m.**
16                                    **DEPT.:   Courtroom 10**
                                      **JUDGE:   Hon. George H. Wu**
17

18

19

20        Defendants DORON NOTTEA and MOTTI NOTTEA (collectively

21   "Defendants" except where necessary to identify any Defendant individually) submit

22   the following Points and Authorities in Opposition to the Motion to Strike Affirmative

23   Defenses[1] ("Motion") filed by Plaintiff FEDERAL TRADE COMMISSION

24   ("Plaintiff"):

25

26   _____

27   [1]   Plaintiff has filed one Motion which is addressed to the Answers and Affirmative Defenses filed
     by four different Defendants, as well as the jury demand of two Defendants.  The Request to Strike
     Jury Demand is not directed to Defendants herein and therefore will not be addressed in the
28   Opposition.

                                        1

## I.   **INTRODUCTION**

For reasons that are not clearly divulged in the Motion, Plaintiff seeks to deprive Defendants of their right to assert six Affirmative Defenses (Failure to State a Cause of Action, Estoppel, Acts of Third Parties, Consent, Excessive Fines and Reservation of Defenses[2]).  Plaintiff does not, and cannot, identify any way that it is prejudiced by the inclusion of the challenged Affirmative Defenses in Defendants' Answer to the First Amended Complaint, nor does Plaintiff provide applicable legal grounds for striking the challenged Affirmative Defenses.

It is without question that "[m]otions to strike are not generally favored".  *SEC v. Gulf Western Indus., Inc.* (D.D.C. 1980) 502 F. Supp. 343.   The standard for striking under *Federal Rules of Civil Procedure* 12(f), the statute under which Plaintiff brings this Motion, is strict.  *In re Catanella and E. F. Hutton and Co., Inc. Securities Litigation*  (E.D. Pa. 1984) 583 F. Supp. 1388.

In fact, it is contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of technicalities.  The purpose of pleading is to facilitate, not avoid, a decision on the merits.  *Forman v. Davis* (1962) 371 U.S. 178, 181.

"The whole philosophy behind the Federal Rules militates against placing parties in a procedural strait jacket by requiring them to possibly forego valid defenses by hurried and premature pleading." *Wyrough & Loser, Inc. v. Pelmor Laboratories, Inc.* (1966) 376 F. 2d 543, 547.

In this case, there is no legal, factual or policy basis for making an exception to the general rules and policies promoting liberality in pleading toward the end of resolving cases on the merits, not on technicalities.  As set forth in detail herein below,

---

[2]   Defendants have offered to stipulate to striking the First Affirmative Defense (Failure to State a Cause of Action), Fifth Affirmative Defense (Excessive Fines) and Sixth Affirmative Defense (Reservation of Defenses), without prejudice to their rights to bring a motion to amend to add such defenses at a later date if deemed necessary.  Plaintiff has rejected this offer.  At the time of hearing, Defendants will renew said offer to strike the referenced defenses without prejudice.

Defendants have adequately met the pleading requirements to sustain their Affirmative Defenses at this stage of the litigation; as such, the Motion must be denied.

## II.   LEGAL ARGUMENT

### A.   The Standard for Pleading Affirmative Defenses.

Pleading of affirmative defenses is governed by *Federal Rules of Civil Procedure*, Rule 8 ("*FRCP* 8"), which provides, in pertinent part, as follows:

> "**(b) Defenses:  Admissions and Denials.**
>
> > **(1) In General.**  In responding to a pleading, a party must:
> >
> > > (A) State in short and plain terms its defenses to each claim asserted against it."

*FRCP* 8 also provides, in pertinent part, that a party must affirmatively state any affirmative or avoidance defense, including but not limited to estoppel, assumption of risk and contributory negligence. *FRCP* 8(c)(1).   Where a defense does not simply negate an element of a plaintiff's case, but where the defense annuls the cause of action, and where failure to plead the defense would cause surprise to the plaintiff, the defense is considered an affirmative defense. *Kennan v. Dow Chemical Co.* (M.D. Fla. 1989) 717 F. Supp. 799.  Affirmative defenses are simply required to set forth a short and plain statement of the defense asserted. *Flasza v. TNT Holland Motor Exp., Inc.* (N.D. Ill. 1994) 155 F.R.D. 612.

### B.   The Second (Estoppel), Third (Acts of Third Parties) and Fourth (Consent) Affirmative Defenses are Pled Appropriately.

Plaintiff incorrectly argues that Defendants' Affirmative Defenses are not adequately pled based on its inaccurate reading of *FRCP* 8.  Plaintiff asserts that Defendants are required by *FRCP* 8 to set forth "circumstances or conduct to support each of their affirmative defenses", an argument that is belied by the very language of the statute which required the pleading of defenses in "short and plain terms", without any reference to the "circumstances or conduct" which Plaintiff contends to be

3

1   necessary allegations of the Affirmative Defenses.

2        In fact, there is no requirement that a Defendant allege specific facts in support

3   of an affirmative defense.  The plain language of *FRCP* 8 does not require that

4   defenses be stated with factual specificity; in fact, the Official Forms appended to the

5   *FRCP* demonstrate that no factual allegations are required for a defense. *Lane v. Page*

6   (D.N.M. 2011) 272 F.R.D. 581.  Plaintiff seeks to read into the clear language of

7   *FRCP* 8 a requirement that does not exist.

8        Furthermore, the Affirmative Defenses attacked by Plaintiff are specifically

9   provided for in *FRCP* 8(c)(1), in which a non-exclusive list of defenses which must be

10  affirmatively pled are listed.  Included in that list of defenses that are required to be

11  pled affirmatively are Estoppel (the Second Affirmative Defense herein).

12       Also included on the *FRCP* 8(c)(1) list of defenses that must be affirmatively

13  pled is assumption of the risk.  This statutory affirmative defense is closely analogous

14  to the Fourth Affirmative Defense (Consent) as alleged by Defendants.  In the Fourth

15  Affirmative Defense, Defendants allege that the claims of Plaintiff are barred as

16  "consumers consented to receive and pay for any services or products provided by

17  Defendant[s]".  The language used in the Fourth Affirmative Defense clearly raises

18  the issues as to the actions of the consumers in assuming any possible risk of the

19  transaction in that it is alleged that consumers consented to receive and pay for

20  services and products.  Whether the Fourth Affirmative Defense is labeled "Consent"

21  or "Assumption of the Risk" or something else altogether, the plain allegations therein

22  raise the issues of what the consumers did vis a vis the transactions with Defendants,

23  and if their conduct was a consent to, or assumption of, any risk associated therewith.

24       To hold otherwise would run afoul of our system's approach to "notice

25  pleading" which requires only a short and plain statement, with reliance on discovery

26  to develop the claims and defenses in dispute. *Phillips v. Girdich* (2nd Cir., 2005) 408

27  F. 3d 124.  Evaluating the Affirmative Defense solely by the word in the heading

28  thereto would exalt form over substance, which is not permissible pursuant to the

4

1    *FRCP. Phillips, supra.*  The substance of the Fourth Affirmative Defense is
2    specifically appropriate pursuant to *FRCP* 8(c)(1).

3    **C.    The Authority Cited by Plaintiff Does Not Support Striking the**
4    **Second Affirmative Defense (Estoppel), Which is an Appropriate**
5    **Defense.**

6    Plaintiff relies on inapplicable authority to bolster its incorrect argument that
7    Defendants are precluded as a matter of law from asserting an affirmative defense
8    based on estoppel.

9    Plaintiff cites to *INS v. Hibi* (1973) 414 U.S. 5 in support of its erroneous
10   argument that the affirmative defense of estoppel is not available against a
11   government agency in a civil suit to enforce a public right or protect a public interest.
12   However, the Court in *INS* did not create such a broad holding.  The Court held that
13   the asserted defenses of laches and estoppel were not supported in that case, but the
14   Court did not use language which would preclude the estoppel defense in other cases.

15   Similarly, in another case upon which Plaintiff erroneously relies, *United States*
16   *v. Reader's Digest Ass'n, Inc.* (D.Del. 1978) 464 F. Supp. 1037, the Court held that
17   the asserted defenses had no application in that specific action.  In fact, the *Reader's*
18   *Digest* Court denied the motion to strike affirmative defenses, holding that the case
19   was not unduly complicated and the plaintiff had not shown in any way that it was
20   prejudiced by the inclusion of the challenged defenses.

21   Similarly, in this case, Plaintiff has not shown in any way that the Affirmative
22   Defenses which it seeks to strike have caused, or will cause, any prejudice
23   whatsoever.  Plaintiff only states that "an agency charged with the enforcement of an
24   important regulatory scheme in the public interest, such as the FTC, should not be
25   thwarted or distracted by conclusory and improbable allegations" (Motion, page 5,
26   lines 1-3) and suggests that the Court can strike defenses to avoid the expenditure of
27   time and money involved in litigating (Motion, page 4, lines 2-4).  However, Plaintiff
28   has not actually shown, argued or otherwise suggested or established any way in

1   which the existence of the any of the challenged Affirmative Defenses may cause

2   prejudice to it, nor can Plaintiff do so.   The case upon which Plaintiff relies, *Reader's*

3   *Digest*, actually supports the denial of the Motion.

4         Plaintiff also cites to *Unites States v. Phillip Morris, Inc.* (D.D.C. 2004) 300

5   F.Supp. 2d 61, which in point of fact states that motions to strike are not generally

6   favored.

7         In addition, Plaintiff inappropriately relies on *SEC v. Gulf Western Indus., Inc.*

8   (D.D.C. 1980) 502 F. Supp. 343 in support of its contention that the affirmative

9   defense of estoppel is not available as a matter of law.  However, in the *Gulf Western*

10   case, which arose in the context of a motion for summary judgment, the Court actually

11   held that facts had not been established to defeat the motion for summary adjudication

12   of the estoppel defense.  The issue was not related to the pleading of the affirmative

13   defense, but to the proof.  The Court did find that the unclean hands defense was not

14   available, however that defense was not alleged by Defendants herein and is not

15   pertinent to this Motion.

16         In summary, Plaintiff has not provided legal authority supporting its Motion; in

17   fact, portions of the authority upon which Plaintiff relies actually support the denial of

18   the Motion.  No legal grounds have been established upon which the striking of

19   Defendants' Affirmative Defenses can be based.

20         **D.     The Affirmative Defenses at Issue are Not "Negative" Defenses.**

21         A "negative" defense is that which merely negates an element of a plaintiff's

22   claim and is therefore no different from a denial of the allegations of the Complaint

23   and need not be pleaded.  *Sanden v. Mayo Clinic* (Minn. 1974) 495 F. 2d 221.

24   Plaintiff contends that the Third Affirmative Defense (Acts of Third Parties) and

25   Fourth Affirmative Defense (Consent) are negative defenses and therefore must be

26   stricken.  Plaintiff is incorrect.

27         Defendants have denied many of the substantive charging allegations of the

28   First Amended Complaint, which allegations pertain the alleged acts of Defendants

1    and the purported liability based thereon.  The Third and Fourth Affirmative Defenses
2    do not pertain specifically to the alleged actions of Defendants; to the contrary, these
3    affirmative defenses place the focus on the actions of the consumers who consented
4    and other third parties whose conduct may have caused the injuries alleged by
5    Plaintiff.  These are issues that are not raised in the First Amended Complaint, as the
6    allegations therein focus on the purported conduct of Defendants (and their Co-
7    Defendants), not on the conduct of consumers and other third parties.  As such, these
8    two Affirmative Defenses are not negative in nature, they are not simply denials of
9    allegations of the First Amended Complaint.  That characterization is inaccurate and
10   does not provide the basis for granting the Motion as to the Third and Fourth
11   Affirmative Defenses.

12   **III.   <u>CONCLUSION</u>**

13          For the foregoing reasons, the Affirmative Defenses are legally appropriate and
14   should not be stricken form the Answer to First Amended Complaint.  As such, it is
15   respectfully requested that the Motion be denied in its entirety.

16                                                    Respectfully submitted,

17

18    DATED: November 19, 2015          **ESENSTEN LAW**
                                                      ROBERT L. ESENSTEN
19                                                    RANDI R. GEFFNER

20
                                               By: */s/   Robert L. Esensten*
21                                                    ROBERT L. ESENSTEN
22                                                    Attorneys for Defendants, DORON
                                                      NOTTEA and MOTTI NOTTEA
23

24

25

26

27

28

1

## **CERTIFICATE OF SERVICE**

2

3      I hereby certify that on November 19, 2015, I electronically filed the foregoing

4 document entitled **MEMORANDUM OF POINTS AND AUTHORITIES IN**

5 **OPPOSITION TO MOTION TO STRIKE AFFIRMATIVE DEFENSES AND**

6 **REQUESTS JURY DEMAND [*sic*]** with the Clerk of the Court by using the CM/ECF

7 System.

8

9                     */s/ Robert L. Esensten*

10                     Robert L. Esensten

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO STRIKE AFFIRMATIVE
DEFENSES AND REQUESTS JURY DEMAND [*SIC*]