Jeffrey S. Benice, Esq., State Bar No. 81583
LAW OFFICES OF JEFFREY S. BENICE
*A Professional Law Corporation*
3080 Bristol Street
Sixth Floor, Suite 630
Costa Mesa, California 92626
Telephone No.: (714) 641-3600
Facsimile No.: (714) 641-3601
Website: www.JeffreyBenice.com
E-Mail: JSB@JeffreyBenice.com

Attorneys for Defendants,
Igor Latsanovski and Calenergy, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>BUNZAI MEDIA GROUP INC., et al.,<br><br>Defendants. | CASE NO. CV 15-04527 GW (PLAx)<br><br>**DEFENDANTS IGOR LATSANOVSKI AND CALENERGY, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO THE FTC'S SECOND MOTION TO STRIKE AFFIRMATIVE DEFENSES AND REQUESTS JURY DEMAND**<br><br>Date: January 11, 2015<br>Time: 8:30 A.M.<br>Courtroom: 10<br><br>[Assigned for All Purposes to the Honorable George H. Wu, Courtroom 10]<br><br>**First Amended Complaint Filed: October 9, 2015** |

DEFENDANTS LATSANOVSKI AND CALENERGY'S MEMORANDUM OF POINTS AND
AUTHORITIES IN OPPOSITION TO FTC'S MOTION TO STRIKE AFFIRMATIVE DEFENSES

# MEMORANDUM OF POINTS AND AUTHORITIES
# IN OPPOSITION TO MOTION TO STRIKE

## 1.

## INTRODUCTION

Defendants ("Igor" and "Calenergy" respectively and "Defendants" collectively, except where necessary to identify any Defendant individually) hereby submit the following Memorandum of Points and Authorities in in Opposition to the Motion to Strike Affirmative Defenses ("Motion") filed by Plaintiff ("FTC" or "Plaintiff"). The Request to Strike Jury Demand section of the Motion is not directed to Defendants herein and therefore will not be addressed.

Plaintiff's attempt to strike Defendants' affirmative defenses identified herein fails because Plaintiff has failed to show any prejudice by Defendants' assertion of the challenged affirmative defenses. An affirmative defense should not be stricken on a Rule 12(f) motion *"unless it can be shown that no evidence in support of the allegation would be admissible,"* i.e., that the defense is totally insufficient as a matter of law. <u>Lipsky v. Commonwealth United Corp.</u>, 551 *F.2d* 887, 893 *(2d Cir. 1976)*. *"Thus the courts should not tamper with the pleadings unless there is a strong reason for so doing."* <u>Lipsky</u>, 551 *F.2d at* 893. <u>Wailua Assocs. v. Aetna Casualty and Surety Co.</u>, 183 *F.R.D.* 550, 553-54 *(D. Haw. 1998)* (*"Matter will not be stricken from a pleading unless it is clear that it can have no possible bearing upon the subject matter of the litigation; if there is any doubt as to whether under any contingency the matter may raise an issue, the motion may be denied..."*).

As explained, Plaintiff fails to demonstrate that the challenged affirmative defenses are insufficient as a matter of law. Plaintiff's Motion to Strike should accordingly be denied.

///
///

1

## 2.
## AN AFFIRMATIVE DEFENSE CANNOT BE STRICKEN AS INADEQUATE UNLESS THERE IS NO SET OF CIRCUMSTANCES UNDER WHICH IT COULD SUCCEED

Rule 12(f) allows a court to "*strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.*" *Fed. R. Civ. Proc.* 12(f). "*The essential function of a Rule 12(f) motion is to 'avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial.*" Bureerong v. Uvawas, 922 F.Supp. 1450, 1478 (C.D. Cal. 1996) (quoting Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), overruled on other grounds, 510 U.S. 517 (1994)). Motions to strike under Rule 12(f) are "**generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic.**" Neilson v. Union Bank of Cal., N.A., 290 F.Supp.2d 1101, 1152 (C.D. Cal.2003) [Emphasis Added].

### A. *Defendants' Failure to State a Claim Affirmative Defense.*

Plaintiff contends that Defendants' assertion of the affirmative defense for "*failure to state a claim*" should be stricken because Defendants fail to allege any facts in support of this defense. A plain reading of *Fed. R. Civ. Proc.* 12 confirms the interpretation that failure to state a claim is a defense that may generally be asserted in an answer. Rule 12(b) states that "*[e]very defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required.*" *Fed. R. Civ. Proc.* 12(b). Rule 12(b) goes on to specifically enumerate "*failure to state a claim upon which relief can be granted*" as a defense that may properly be asserted. *Fed. R. Civ. Proc.* 12(b). Accordingly, Rule 12(b) recognizes failure to state a claim as a defense that may be asserted in a motion or in a responsive pleading. Defendants' assertion of the affirmative defense is proper.

### B. *Defendants' Offset Affirmative Defense.*

Defendants withdraw this affirmative defense.

### C. *Defendants' Excessive Fines Affirmative Defense.*

Defendants withdraw this affirmative defense.

### D. *Defendants' Violation of First Amendment Affirmative Defense.*

Plaintiff seeks to impermissibly strike Defendants' affirmative defense based upon Defendants' First Amendment right to commercial speech. Defendants' defense is predicated upon the fact any website or other advertising was (1) not materially misleading; and (2) protected commercial speech. Plaintiff's argument is based on the ultimate merits of the case and goes beyond the face of the pleadings. Plaintiff's argument is accordingly impermissible and beyond the scope of a Rule 12(f) motion. Moreover, a motion to strike for legal insufficiency is not *"intended to furnish an opportunity for the determination of disputed and substantial questions of law[,] ... particularly [when] there has been no significant discovery."* Estee Lauder, Inc. v. Fragrance Counter, Inc., 189 F.R.D. 269, 271 (S.D.N.Y. 1999); see also Mohegan Tribe v. State of Connecticut, 528 F. Supp. 1359, 1362 (D. Conn. 1982) *(an affirmative defense will not be stricken if the sufficiency of the defense depends upon disputed issues of fact or if there is a disputed or unclear question of law).*

### E. *Defendants' Right to Assert Additional Defenses Affirmative Defense.*

Defendants withdraw this affirmative defense.

### F. *Igor's Business Judgment Rule Affirmative Defense.*

Defendants withdraw this affirmative defense.

///
///
///
///
///

### 3.

### THE COURT SHOULD NOT STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES BECAUSE THEY ARE PURPORTED "NEGATIVE" DEFENSES

Plaintiff also argues that Defendants' affirmative defenses should be stricken because they are not truly "*affirmative*" defenses but instead "*negative*" defenses; that is, assertions that Plaintiff cannot prove the elements of its claims.

The Court should decline to strike the defenses simply because they are stated affirmatively as well as implied by Defendants' denials. There is no uniform rule for resolving a motion to strike an affirmative defense on the basis that it is actually a negative defense, as most courts have taken a pragmatic approach. *Wright & Miller* advises against granting a motion to strike a negative defense presented as an affirmative defense because it generally does not to advance the case. *5 Fed. Prac. & Proc. Civ.* § 1278 (*3d ed.*).

### 4.

### CONCLUSION

For the reasons stated, Plaintiff's motion to strike should accordingly be denied.

DATED: December 21, 2015          Respectfully submitted,

_____
LAW OFFICES OF JEFFREY S. BENICE
Jeffrey S. Benice
Attorney for Defendants,
Igor Latsanovski and Calenergy, Inc.

# CERTIFICATE OF SERVICE

The undersigned certifies that on December 21, 2015, a true and correct copy of the foregoing document described as **DEFENDANTS IGOR LATSANOVSKI AND CALENERGY, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO THE FTC'S SECOND MOTION TO STRIKE AFFIRMATIVE DEFENSES AND REQUESTS JURY DEMAND** was electronically filed with the clerk of the U.S. District Court, Central District of California, using the electronic case filing system of the court. The attorneys listed below were served by pursuant to the ECF notice generated by the Court.

**Local Counsel For Receiver**

Tom Vidal

Michael Weiss

Nina Nahal Ameri

Abrams Garfinkle Margolis Bergson

5900 Wilshire Blvd., Suite 2250

Los Angeles, CA 90036

nameri@agmblaw.com


**Counsel For Oz Mizrahi**

Erik S. Syverson

Raines Feldman LLP

9720 Wilshire Boulevard, Fifth Floor

Beverly Hills, CA 90212

esyverson@raineslaw.com

|    |                                                  |
|----|--------------------------------------------------|
| 1  | **Counsel For Alon Nottea and**                  |
| 2  | **Roi Rueveni**                                  |
| 3  | Robert M. Ungar                                  |
| 4  | Crosswind Law                                    |
| 5  | 14724 Ventura Blvd., Penthouse                   |
| 6  | Sherman Oaks, CA  91403                          |
| 7  | rmu@crosswindlaw.com                             |
| 8  |                                                  |
| 9  | **Counsel For Doron Nottea and**                 |
| 10 | **Motti Nottea**                                 |
| 11 | Randi R. Geffner                                 |
| 12 | Esensten Law                                     |
| 13 | 12100 Wilshire Blvd.                             |
| 14 | Suite 1660                                       |
| 15 | Los Angeles, CA  90025                           |
| 16 | Telephone:  (310) 273-3090                       |
| 17 | RGEFFNER@ESENSTEINLAW.COM                        |
| 18 |                                                  |
| 19 | **Counsel For Igor Latsanovski and**             |
| 20 | **Calenergy, Inc.**                              |
| 21 | Marc S. Harris                                   |
| 22 | Scheper Kim & Harris, LLP                        |
| 23 | 601 W. Fifth Street, 12th Floor                  |
| 24 | Los Angeles, CA  90071                           |
| 25 | mharris@scheperkim.com                           |
| 26 |                                                  |
| 27 |                                                  |
| 28 |                                                  |

**Counsel For Igor Latsanovski and Calenergy, Inc.**

Annah Kim

Scheper Kim & Harris, LLP

601 W. Fifth Street, 12th Floor

Los Angeles, CA  90071

akim@scheperkim.com

**Receiver**

Charlene Cantrell Koonce

Receiver

Scheef & Stone

500 N. Akard, Suite 2700

Dallas, Texas 75201

charlene.koonce@solidcounsel.com

**Counsel To Receiver**

Kelly M. Crawford

Scheef & Stone

500 N. Akard, Suite 2700

Dallas, Texas 75201

kelly.crawford@solidcounsel.com

7

DEFENDANTS LATSANOVSKI AND CALENERGY'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO FTC'S MOTION TO STRIKE AFFIRMATIVE DEFENSES

<u>**Counsel For Alon Nottea**</u>

Benjamin A. Pettit

20 East Pueblo Street

Santa Barbara, CA  93105

ben@benpettit.com

<u>**Counsel For Chargeback Armor, Inc.**</u>

Sagar Parikh

Beverly Hills Law Corp.

433 N. Camden Drive, 6th Floor

Beverly Hills, CA  90210

SP@BeverlyHillsLawCorp.com

    I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

    Executed this 21st day of December, 2015, in Costa Mesa, California  92626.

*Jeannette Merryman*
Jeannette Merryman, Declarant