1

JONATHAN E. NUECHTERLEIN
General Counsel

DAMA J. BROWN
Regional Director

REID TEPFER
rtepfer@ftc.gov
Texas Bar No. 24079444
LUIS GALLEGOS
lgallegos@ftc.gov
Oklahoma Bar No. 19098
Federal Trade Commission
1999 Bryan Street, Suite 2150
Dallas, Texas 75206
(214) 979-9395 (Tepfer)
(214) 979-9383 (Gallegos)
(214) 953-3079 (fax)

RAYMOND McKOWN
rmckown@ftc.gov
California Bar No. 150975
10877 Wilshire Boulevard, Suite 700
Los Angeles, California 90024
(310) 824-4325 (voice)
(310) 824-4380 (fax)

Attorneys for Plaintiff Federal Trade Commission

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,** | **Case No.  CV 15-4527-GW(PLAx)** |
| **Plaintiff,** | **REPLY IN SUPPORT OF PLAINTIFF'S SECOND AMENDED MOTION  TO STRIKE AFFIRMATIVE DEFENSES AND REQUESTS JURY DEMAND** |
| **v.** | |
| **BUNZAI MEDIA GROUP, INC.,** *et al.* | |
| **Defendants.** | **Hearing Date: January 11, 2016**<br>**Time: 8:30 a.m.** |

**REPLY IN SUPPORT OF MOTION TO STRIKE**

**Location: Courtroom 10, Spring St.**
**Judge: Hon. George H. Wu**

### TABLE OF CONTENTS

I.   Introduction ...................................................................................1

II.  Defendants' jury demand should be stricken. ..................................1

   A.  Defendants have no right to a jury trial in this equitable action. ...................1

   B.  Ninth Circuit precedent makes clear that Defendants may be held jointly and severally liable for *equitable* restitution measured by consumer loss..................4

   C.  Defendants' reliance on *Knudson*, a factually distinguishable private action under ERISA, is misplaced..........................................................6

   D.  *Bronson Partners* makes clear that *Knudson* does not prevent a district court from awarding monetary relief as ancillary relief under its equitable authority.10

   E.  The relief described by Defendants can also properly be characterized as the equitable remedy of rescission of contracts. .......................................14

   F.  Defendants have no have no right to a jury trial under Section 19 of the FTC Act because the FTC seeks only equitable injunctive and monetary relief and waives damages. ...............................................................15

III.  **Defendants' affirmative defenses should be stricken.** ...........................16

   A.  Defendants' boilerplate affirmative defenses fail to satisfy the notice requirement imposed by *Iqbal* and *Twombly*. .....................................17

   B.  Defendants' affirmative defense of failure to state a claim should be stricken because is not a proper affirmative defense but assertion of a defect in the FTC's *prima facie* case. ..............................................................18

IV.  **Conclusion.**...............................................................................19

**REPLY IN SUPPORT OF MOTION TO STRIKE**

1

2 **Cases**

*FTC v. Ameridebt, Inc.*, 373 F. Supp. 2d 558 (D. Md. 2005)...................................5

3 *FTC v. AMREP Corp.*, 705 F. Supp. 119 (S.D.N.Y. 1988)....................................17

*FTC v. Amy Travel Serv., Inc.*, 875 F.2d 564 (7th Cir. 1989) ...................... 4, 5, 16

4 *FTC v. Bronson Partners, LLC*, 654 F.3d 359 (2d Cir. 2011) ............. 5, 12, 13, 14

*FTC v. Burnlounge*, 584 Fed. Appx. 315(9th Cir. 2014) ........................................7

5 *FTC v. Check Investors, Inc.*, 502 F.3d 159 (3d Cir. 2007) ....................................8

*FTC v. Commonwealth Mktg. Group, Inc.*, 72 F. Supp. 2d 530 (W.D. Pa. 1999) .17

6 *FTC v. Direct Marketing Concepts, Inc.*, 624 F.3d 1 (1st Cir. 2010) ....................5

*FTC v. Direct Mktg. Concepts, Inc.*, 624 F.3d 1 (1st Cir. 2009)............................7

7 *FTC v. E.M.A. Nationwide, Inc.*, 2013 WL 3153771 (N.D. Ohio Jun. 19, 2013)..17

*FTC v. ELH Consulting, LLC*, 2013 WL 593885 (Feb. 7, 2013)...........................17

8 *FTC v. Febre,*128 F.3d 530 (7th Cir. 1997) ...........................................................7

*FTC v. Figgie Int'l, Inc.*, 994 F.2d 595 (9th Cir. 1993) .......................................6, 7

9 *FTC v. First Universal Lending, LLC*, 2011 WL 688744 (S.D. Fla. Feb. 18, 2011) .................................................................................................................................17

10 *FTC v. Gem Merch. Corp.*, 87 F.3d 466 (11th Cir. 1996)........................................8

*FTC v. Gill*, 265 F.3d 944 (9th Cir. 2001)...............................................................8

11 *FTC v. H. N. Singer, Inc.*, 668 F.2d 1107 (9th Cir. 1982)................ 4, 5, 10, 13, 16

*FTC v. Ivy Capital*, No. 13-16052, 2015 U.S. App. LEXIS 17473 (9th Cir.

12 October 5, 2015) .................................................................................................7

*FTC v. Kitco of Nevada, Inc.*, 612 F.Supp. 1280 (D. Minn. 1985) ........................4

13 *FTC v. Mazzoni & Son, Inc.*, 2007 WL 2413086 (E.D. Mich. Aug. 14, 2007) .....17

*FTC v. Medical Billers Network, Inc.*, 543 F. Supp. 2d 283 (S.D.N.Y. 2008) ........5

14 *FTC v. Mylan Labs., Inc.*, 62 F. Supp. 2d 25 (D.D.C. 1999) .................................5

*FTC v. Network Servs. Depot, Inc.*, 617 F.3d 1127 (9th Cir. 2010).......................7

15 *FTC v. Pantron I Corp*, 33 F.3d 1088 (9th Cir. 1994) ...........................................5

*FTC v. Publrs. Bus. Servs.*, 540 Fed. Appx. 555 (9th Cir. 2013)..........................14

16 *FTC v. Security Rare Coin & Bullion Corp.*, 931 F.2d 1312 (8th Cir. 1991)......4, 5

*FTC v. Solar Michigan, Inc.*, 1988-2 Trade Cas. (CCH) ¶ 68,339 (E.D. Mich.

17 1988) ....................................................................................................................5

*FTC v. Stefanchik*, 559 F.3d 924 (9th Cir. 2009) ..............................................6, 14

18 *FTC v. Think All Publishing, L.L.C.*, 564 F. Supp. 2d 663 (E.D. Tex. 2008)..........4

*FTC v. U.S. Oil & Gas Corp.*, 748 F.2d 1431 (11th Cir. 1984)..............................4

19 *FTC v. Verity Int'l Ltd.*, 443 F.3d 48 (2d Cir. 2006).........................................4, 14

*FTC v. Wells*, 385 Fed. Appx. 712 (2010)..............................................................7

20 Great West Life & Annuty Ins. Co. v. Knudson, 534 U.S. 204 (2002) .............8, 11

**REPLY IN SUPPORT OF MOTION TO STRIKE**

*Grupo Mexicano de Desarollo, SA v. AllianceBond Fund, Inc.*, 527 U.S. 308 (1999)..................................................................................................................10

*In re Nat'l Credit Mgmt. Gp., LLC*, 21 F. Supp. 2d 424 (D.N.J. 1998).................5

*Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134 (1985) .........................9

*McDermott v. Amclyde*, 511 U.S. 202, 221 (1994.....................................................7

*Porter v. Warner Holding Co.*, 328 U.S. 395 (1946) ........................ 10, 13, 14, 15

*SEC v. Platforms Wireless Int'l*, 617 F.3d 1072 (9th Cir. 2010)...........................7

*SEC v. Whittemore*, 659 F.3d 1 (D.C. Cir. 2011) ...................................................7

*Sherzer v. Homestar Mortg. Servs.*, 707 F.3d 255 (3d Cir. 2013)........................16

**Constitutional Provisions**

U.S. Const. Amend. VII.............................................................................................3

**REPLY IN SUPPORT OF MOTION TO STRIKE**

## I.      Introduction

The FTC filed its Second Amended Motion to Strike Affirmative Defenses and Jury Demand respectfully requesting that Defendants Oz Mizrahi, Alon Nottea, and Roi Reuveni's Jury Demand be stricken because Defendants have no right to a jury demand in this equitable action.[1] Further, the FTC respectfully requests that this Court strike the Defendants' affirmative defenses, as those defenses fail to plead factual bases as required by *Iqbal* and *Twombly* or are legally unavailable.

## II.     Defendants' jury demand should be stricken.

### A. Defendants have no right to a jury trial in this equitable action.

Jury demands are routinely stricken in FTC cases in this Circuit,[2] and Defendants' demand should be stricken here. Defendants contend the Seventh Amendment affords them a right to jury trial.[3] But the Seventh Amendment limits the jury trial right to "[s]uits at common law."[4]  Here, the FTC's case is based in

---

[1] Doc No. 274.

[2] *See*, *e.g.*, *FTC v. Crittenden*, No. 91-2019 (C.D. Cal. Jun. 4, 1991); *FTC v. Hang-Ups Art Enters., Inc.*, 1995 WL 914179, at *1 (N.D. Cal. Sept. 27, 1995); *see also MedLab*, No. C 08-00822 SI (striking jury trial demand).

[3] Doc. 281, at 4.

[4] U.S. CONST. Amend. VII.

**REPLY IN SUPPORT OF MOTION TO STRIKE**

equity,[5] and the FTC seeks injunctive[6] and equitable monetary relief.[7] The caselaw is clear: Defendants are not entitled to a jury trial in cases that are equitable in nature, such as those brought under Section 13(b).[8]

      In an attempt to circumvent this well-settled conclusion, Defendants Alon Nottea and Roi Reuveni argue, incorrectly, that the FTC's requested relief is legal,

---

[5] *See*, *e.g.*, *FTC v. H.N. Singer, Inc.*, 668 F.2d 1107, 1110–13 (9th Cir. 1982); *FTC v. Security Rare Coin & Bullion Corp.*, 931 F.2d 1312, 1314–15 (8th Cir. 1991); *FTC v. Amy Travel Serv., Inc.*, 875 F.2d 564, 571–72 (7th Cir. 1989); *FTC v. U.S. Oil & Gas Corp.*, 748 F.2d 1431, 1433–35 (11th Cir. 1984).

[6] *See* Doc. No. 235, at 45 (requesting "such preliminary injunctive and ancillary relief as may be necessary to avert the likelihood of consumer injury during the pendency of this action and to preserve the possibility of effective final relief, including but not limited to temporary and preliminary injunctions, an order freezing assets, immediate access, and appointment of a receiver").

[7] *See id.* at 45-46 (requesting, among other things, that the Court "[a]ward such relief as the Court finds necessary to redress injury to consumers resulting from Defendants' violations of the FTC Act, ROSCA, and EFTA, including, but not limited to, rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies" and invoking "the Court's own equitable powers").

[8] *See FTC v. Verity Int'l Ltd.*, 443 F.3d 48, 67 (2d Cir. 2006); *FTC v. Kitco of Nevada, Inc.*, 612 F.Supp. 1280, 1281 (D. Minn. 1985); *see also FTC v. Think All Publishing, L.L.C.*, 564 F. Supp. 2d 663 (E.D. Tex. 2008) ("The cases have unanimously held that the Seventh Amendment does not provide a right to a trial by jury in actions brought under Section 13(b).").

**REPLY IN SUPPORT OF MOTION TO STRIKE**

not equitable.[9] From this, Defendants conclude the FTC's requested relief invokes their Seventh Amendment right, entitling them to a jury trial.

But in so arguing, Defendants espouse a position that inherently contradicts seven courts of appeal, including the Ninth Circuit. These courts agree that where, as here, the Commission brings an action under Section 13(b) of the FTC Act, and establishes that a defendant has violated the FTC Act, the court has authority to grant not just injunctive relief, but also monetary relief under its equitable authority.[10]   A district court possesses broad equitable authority under 13(b):

---

[9] *See* Doc. No. 281, at 8.

[10]  *See*, *e.g.*, *FTC v. Pantron I Corp*, 33 F.3d 1088, 1102 (9th Cir. 1994); *FTC v. Bronson Partners, LLC*, 654 F.3d 359 (2d Cir. 2011); *FTC v. Direct Marketing Concepts, Inc.*, 624 F.3d 1 (1st Cir. 2010); *FTC v. Amy Travel Service, Inc.*, 875 F.2d 564, 571 (7th Cir. 1989); *FTC v. Security Rare Coin & Bullion Corp.*, 931 F.2d 1312, 1314 (8th Cir. 1991); *FTC v. Freecom Communications, Inc.*, 401 F.3d 1192, 1202 n.6 (10th Cir. 2005); *FTC v. Gem Merchandising Corp.*, 87 F.3d 466, 468 (11th Cir. 1996). Moreover, district courts in all the other circuits have reached the same  conclusion. *See*, *e.g.*, *FTC v. Mylan Labs., Inc.*, 62 F. Supp. 2d 25, 37 (D.D.C. 1999); *FTC v. Medical Billers Network, Inc.*, 543 F. Supp. 2d 283, 323-24 (S.D.N.Y. 2008); *In re Nat'l Credit Mgmt. Gp., LLC*, 21 F. Supp. 2d 424, 462 (D.N.J. 1998); *FTC v. Ameridebt, Inc.*, 373 F. Supp. 2d 558, 562 (D. Md. 2005); *FTC v. Kennedy*, 574 F. Supp. 2d 714, 724 (S.D. Tex. 2008); *FTC v. Solar Michigan, Inc.*, 1988-2 Trade Cas. (CCH) ¶ 68,339, p. 59,915-16 (E.D. Mich. 1988).

**REPLY IN SUPPORT OF MOTION TO STRIKE**

courts may award "any ancillary relief necessary to accomplish complete justice."[11]

**B. Ninth Circuit precedent makes clear that Defendants may be held jointly and severally liable for *equitable* restitution measured by consumer loss.**

While Defendants concede that Section 13(b) of the FTC Act permits the Court to award equitable monetary relief,[12] Defendants contend that the relief sought here is legal, not equitable.[13] But Ninth Circuit precedent forecloses Defendants' argument that equitable monetary relief under Section 13(b) is limited to their ill-gotten gains—or what remains of them. First, it is settled law in this Circuit that Section 13(b) authorizes courts to order restitution for consumer loss measured by the amount consumers have paid a defendant—that is, "to restore his victims to the status quo" even "where the loss suffered is greater than the defendant's unjust enrichment."[14]

---

[11] *FTC v. H. N. Singer, Inc.*, 668 F.2d 1107, 1111–13 (9th Cir. 1982).

[12] *See* Doc. 281, at 8.

[13] *See id.*

[14] *See FTC v. Stefanchik*, 559 F.3d 924, 931 (9th Cir. 2009). Importantly, *Stefanchik* came out seven years after *Knudson*, the case upon which defendants rely, and awarded $17 million against an individual defendant as equitable relief under Section 13(b) despite evidence that he had received only a portion of that amount. *See also FTC v. Figgie Int'l, Inc.*, 994 F.2d 595, 606-07 (9th Cir. 1993)

**REPLY IN SUPPORT OF MOTION TO STRIKE**

4

Second, that there were multiple wrongdoers here does not limit the

measure of monetary relief. Nor is joint and several liability limited to legal

relief.[15] Joint and several liability is based on the equitable principle that if one

defendant cannot pay the full amount of the judgment, "the other defendants,

rather than an innocent plaintiff, [are] responsible for the shortfall."[16] Indeed, this

---

(proper measure of restitution may be "to restore the status quo"). Although
*Figgie* was a case brought under Section 19, not Section 13(b), the court found
that full redress for consumer losses was supported by equitable principles: "As
between the innocent purchaser and the wrongdoer . . . *equity* requires the
wrongdoer to restore the victim to the status quo." 994 F.2d at 607 (emphasis
added). *See also FTC v. Direct Mktg. Concepts, Inc.*, 624 F.3d 1, 14-15 (1st Cir.
2009) ("[C]onsumer loss, as represented by the Defendants' gross receipts, would
appear to an appropriate measure of damages"); *FTC v. Febre*,128 F.3d 530, 536
(7th Cir. 1997) ("Courts have regularly awarded, as equitable ancillary relief, the
full amount lost by consumers").

[15] *See*, *e.g., FTC v. Ivy Capital*, No. 13-16052, 2015 U.S. App. LEXIS 17473 (9th
Cir. October 5, 2015) (upholding district court's entry of joint and several liability
for equitable relief against eight individual defendants and 22 corporate
defendants that operated as a common enterprise); *FTC v. Burnlounge*, 584 Fed.
Appx. 315, 318 (9th Cir. 2014) (upholding joint and several liability for equitable
restitution); *FTC v. Wells*, 385 Fed. Appx. 712, 713 (2010) ("The district court did
not abuse its discretion by ordering restitution for the full amount of consumer
loss jointly and severally against [the defendants]"); *FTC v. Network Servs. Depot,
Inc.*, 617 F.3d 1127 (9th Cir. 2010) ("The FTC Act endows the district court with
broad authority to grant any ancillary relief necessary to accomplish complete
justice, including the power to compel the payment of restitution to injured
consumers.") (internal quotations and citations omitted).

[16] *McDermott v. Amclyde*, 511 U.S. 202, 221 (1994); *see also SEC v. Whittemore*,
659 F.3d 1, 9 (D.C. Cir. 2011) (a district court's "broad equitable power to fashion
appropriate remedies" for federal securities law violations includes the authority

**REPLY IN SUPPORT OF MOTION TO STRIKE**

Circuit and others have long applied joint and several liability where multiple defendants' conduct violated the FTC Act, without regard to whether the amount of redress exceeds the proceeds received personally by any given one of the Defendants.[17]

The relief the FTC requests is no different. Here, Defendants have acted as a common enterprise, jointly participating in their scam.[18] Accordingly, the Defendants should be jointly and severally liable for equitable restitution in the full amount of consumer harm, calculated by gross receipts of the common enterprise minus any refunds or chargebacks.

**C. Defendants' reliance on *Knudson*, a factually distinguishable private action under ERISA, is misplaced.**

---

to subject offending parties to joint and several liability). Equitable restitution is likewise premised on the policy that, "[as] between the innocent purchaser and the wrongdoer . . . equity requires the wrongdoer to restore the victim to the status quo." *Figgie,* 994 F.2d at 607; *cf. SEC v. Platforms Wireless Int'l*, 617 F.3d 1072,1098 (9th Cir. 2010) ("We have never held that a personal financial benefit is a prerequisite for joint and several liability").

[17] *See*, *e.g., FTC v. Gill*, 265 F.3d 944, 954 (9th Cir. 2001); *FTC v. Check Investors, Inc.*, 502 F.3d 159 (3d Cir. 2007) (affirming an order imposing joint and several liability); *FTC v. Gem Merch. Corp.*, 87 F.3d 466, 468 (11th Cir. 1996) ("[B]ecause each defendant repeatedly participated in the wrongful acts and each defendant's acts materially contributed to the losses suffered, all defendants were held jointly and severally liable.").

[18] *See* Doc. No. 235, at 22-23.

**REPLY IN SUPPORT OF MOTION TO STRIKE**

To reach the conclusion that the FTC's requested relief is not equitable but legal, Defendants rely solely on an ERISA case decided by the Supreme Court, *Great-West Life & Annuity Ins. Co. v. Knudson*.[19] *Knudson* concerned a lawsuit invoking ERISA to enforce the reimbursement provisions of an insurance contract.

As Defendants state, *Knudson* established a two-part test for determining whether a claim was equitable. The Court stated that whether the claim was "legal or equitable depends on the basis for [the plaintiff's] claim and the nature of the underlying remedy sought." *Knudson* was effectively a breach-of-contract case[20]—"quintessentially an action at law."[21] Because the basis for the claim was plainly a legal one, the court then considered the underlying remedy sought and determined it was unavailable under the ERISA statute's limited grant of equitable authority.[22]

---

[19] 534 U.S. 204 (2002).

[20] *See id.* at 212 (noting that the petitioners' claim "deal[s] with specific performance of a *contractual* obligation to pay *past* due sums") (emphasis in original); *see also id.* at 213 ("Such claims were viewed essentially as actions at law for breach of contract (whether the contract was actual or implied).").

[21] *See id.* at 210.

[22] *See id.* at 210; *see also id.* at 209 (quoting *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 147 (1985)) ("We have therefore been especially 'reluctant

**REPLY IN SUPPORT OF MOTION TO STRIKE**

7

In coming to this conclusion, the *Knudson* court emphasized that "ERISA's carefully crafted and detailed enforcement scheme provides strong evidence that Congress did *not* intend to authorize other remedies that it simply forgot to incorporate expressly."[23] Further, the court noted that ERISA specifically permitted a party to seek only "*appropriate* equitable relief."[24] On these considerations, the court concluded plaintiffs were limited to seeking those forms of relief considered equitable at the time of the divided bench. Accordingly, the court concluded the type of restitution that the plaintiffs were seeking was legal, not equitable, and was not permitted by ERISA's limited grant of remedial authority.

Critical distinctions exist between *Knudson* and this case. The Commission brought its case against Defendants in the public interest; *Knudson* involved a private action.[25] The court's analysis in *Knudson* is dependent upon specific

---

to tamper with [the] enforcement scheme' embodied in the statute by extending remedies not specifically authorized by its text.")

[23] *Id.* at 209 (emphasis in original; internal quotation marks and citations omitted).

[24] *See id.* (emphasis added). *Compare H. N. Singer, Inc.*, 668 F.2d at 1113 (noting that a court may award the FTC "any ancillary relief necessary to accomplish complete justice").

[25] In a government action for injunctive relief to protect the public interest, a court is authorized to exercise "all [its] inherent equitable powers" "unless otherwise

**REPLY IN SUPPORT OF MOTION TO STRIKE**

8

statutory limits set forth in ERISA,[26] limits that have no application to a case brought under the FTC Act. Moreover, in *Knudson*, the court explained that, in a private action under ERISA, courts are limited in providing remedies specifically set forth in that statute.[27] Here, as explained above, the Court has the authority to award complete relief. Further, the court noted that the plaintiff sought, in essence, "money damages . . . since they seek no more than compensation for loss resulting from the defendant's breach of legal duty."[28] The FTC's case, on the other hand, is not about compensating a private plaintiff; it is about enjoining law violations, taking ill-gotten gains from the wrongdoers, and redressing consumer injury. Simply put, the *Knudson* court did not hold that a district court could not award restitution in a government enforcement action under its equitable authority. Rather, it held that the ERISA statute did not provide for this as an equitable remedy.

---

provided by statute." *Porter v. Warner Holding Co.*, 328 U.S. 395, 398 (1946); *see also Grupo Mexicano de Desarollo, SA v. AllianceBond Fund, Inc.*, 527 U.S. 308, 326 (1999) ("[C]ourts of equity will go much farther both to give and withhold relief in furtherance of the public interest than they are accustomed to go when only private interests are involved." ) (internal quotation marks omitted).

[26] *See* 534 U.S. at 209.

[27] *See id.*

[28] *Id.*at 210.

**REPLY IN SUPPORT OF MOTION TO STRIKE**

Because the Commission's lawsuit is unquestionably an equitable action,[29] the Court need not consider *Knudson*'s second prong. As the Supreme Court has noted, restitution is "an equitable remedy . . . when ordered in an equity case."[30] In other words, because the basis for the action is clearly equitable, this Court has "no cause to consider whether the district court's monetary award would traditionally have been characterized as equitable or legal."[31] Where the case is one based in equity and the requested relief—regardless of whether it was traditionally legal or equitable—may be awarded under the Court's expansive equitable authority.

**D.** ***Bronson Partners* makes clear that *Knudson* does not prevent a district court from awarding monetary relief as ancillary relief under its equitable authority.**

*FTC v. Bronson Partners, LLC* squarely addresses Defendants' argument that this Court's equitable authority under Section 13(b) of the FTC Act is limited to equitable monetary relief such as disgorgement.[32] The *Bronson Partners* court

---

[29] *See* footnote 4 and accompanying text.

[30] *See Knudson*, 534 U.S. at 212.

[31] *See Bronson Partners*, 654 F.3d at 386.

[32] *See* Doc. No. 281, at 6 ("The FTC is not claiming that these individual Defendants have $75 Million of consumer money in their possession, nor property derived from money that is traced from the consumer to Defendants.")

**REPLY IN SUPPORT OF MOTION TO STRIKE**

rejected the argument that *Knudson* precluded the FTC from being awarded monetary relief as an equitable remedy under Section 13(b).[33] Relying on the Supreme Court's holding in *Porter v. Warren Holdings*, the *Bronson Partners* court concluded—as many courts have before—that a money judgment is a permissible form of ancillary *equitable* relief:

> Nonetheless, the principle that "the comprehensiveness of [the district court's] equitable jurisdiction is not to be denied or limited in the absence of a clear and valid legislative command," *Mitchell*, 361 U.S. at 291, quoting *Porter*, 328 U.S. at 398, applies with equal force to actions under Section 13(b). By empowering courts to issue injunctive relief, Section 13(b) invokes the equitable jurisdiction of the court. A money judgment is thus permitted as a form of ancillary relief because, once its equitable jurisdiction has been invoked, "the court has the power to decide all relevant matters in dispute and to award complete relief." *Porter*, 328 U.S. at 399.[34]

The *Bronson Partners* court further dismissed the notion —argued by defendants here[35]—that, under section 13(b), a district court is limited to awarding

---

[33] *See Bronson Partners*, 654 F.3d at 371 ("Unlike the claims of the petitioners in *Knudson*, however, the basis for the monetary claim in Section 13(b) cases is seldom problematic.").

[34] *Id.* at 366; *see also H.N. Singer*, 668 F.2d at 1112.

[35] *See* Doc. No. 281, at 8-9 (implying that the FTC is limited, under Section 13(b), to equitable monetary relief, such as disgorgement, and may seek a money judgment of the type sought here only under Section 19 of the FTC Act).

**REPLY IN SUPPORT OF MOTION TO STRIKE**

11

monetary relief "of a type that historically only a court of equity could provide."[36]

The court based its decision on the "well-established principle" known as the

"equitable cleanup doctrine," which "empower[s the court] 'to award complete

relief' including relief that customarily 'might be conferred by a court of law.'"[37]

"Relying on the cleanup doctrine, *Porter* and its progeny instruct that when a

court is statutorily authorized to enjoin unlawful conduct, it may invoke the full

range of its remedial powers—both legal and equitable—in fashioning an order

that affords 'complete relief.'" Further, the Court concluded that the "equitable

---

[36] *Bronson Partners*, 654 F.3d at 367.

[37] *See id.* (quoting *Porter*, 328 U.S. at 399). The *Bronson Partners* court does place a limitation on this monetary relief, one that the Defendants request this Court impose, but it is inapplicable here. *See id.* at 367-68. The *Bronson Partners* court noted that "[i]f we were writing on a clean slate we would therefore have no cause to consider whether the district court's monetary award would traditionally have been characterized as equitable or legal." *See id.* at 368. But that court was not writing on a clean slate because of *FTC v. Verity Int'l Ltd.*, 443 F.3d 48 (2d Cir. 2006)). Accordingly, the *Bronson Partners* court conducted *Verity* analysis to determine whether the restitution sought is legal or equitable. *See id.* at 368-370. As noted before, this limitation imposed by *Verity* has been expressly rejected by the Ninth Circuit. *See FTC v. Publrs. Bus. Servs.*, 540 Fed. Appx. 555, 556-57 (9th Cir. 2013) (citing *Stefanchik*, 559 F.3d at 931-32 (9th Cir. 2009)) (rejecting the Second Circuit's approach in *FTC v. Verity Int'l, Ltd.*). Because the limitation *Verity* imposes upon the Second Circuit has been expressly rejected by the Ninth Circuit, this Court is "writing upon a clean slate" and "ha[s] no cause to consider whether the district court's monetary award would traditionally have been characterized as equitable or legal." *Bronson Partners*, 654 F.3d at 368.

**REPLY IN SUPPORT OF MOTION TO STRIKE**

12

monetary remedies available to the district court" were not limited to "particular funds in the defendants' hands that were specifically traceable to fraudulently marketed products,"[38] as the Defendants suggest.[39]

The FTC is seeking equitable relief here. But as *Bronson Partners* and other caselaw make clear, this Court is permitted, under its inherent equitable powers, to award complete relief, including certain forms of relief that traditionally may have been characterized as "legal" and "might [have been] conferred by a court of law."[40]

Courts have made clear that defendants are not entitled to a jury trial in an equitable action under Section 13(b).[41] And while the FTC contends that the requested relief is equitable under the Ninth Circuit precedent discussed above, this longstanding conclusion would not be altered even by the inclusion of a

---

[38] *See id.* at 369.

[39] *See* Doc. No. 281, at 6.

[40] *Porter*, 328 U.S. at 398. This is not to say that such equitable relief encompass *all* remedies available at law, such as consequential damages. As discussed below, in Section II.E., the FTC may pursue such damages awards only through other mechanisms, such as Section 19, and the FTC has expressly waived claims to legal damages.

[41] *See* footnote 7 and accompanying text.

**REPLY IN SUPPORT OF MOTION TO STRIKE**

13

traditionally legal remedy as ancillary relief under this Court's expansive equitable authority.

### E. The relief described by Defendants can also properly be characterized as the equitable remedy of rescission of contracts.

Even if this court were convinced that (1) the requested relief was not equitable restitution and (2) Defendants would be entitled to a jury trial if it were to award ancillary legal relief as part of its equitable authority, the Court need not find Defendants entitled to a jury trial. This is because relief that Defendants characterize as "legal restitution" can also be properly considered equitable rescission of contract,[42] another permissible form of equitable relief under 13(b).[43] Rescission is the unwinding of a transaction; the remedy seeks to return parties to their status before the transaction.[44] Here, the FTC simply seeks to have consumers returned to the status quo ante—before Defendants tricked consumers into providing them their credit card information. The FTC requests that this be

---

[42] *See H.N. Singer*, 668 F.2d at 1112 ("Rescission is an old equitable remedy and the district court has power to issue a preliminary injunction to preserve the status quo in order to protect the possibility of that equitable remedy.").

[43]  *See FTC v. Amy Travel Services, Inc.*, 875 F.2d 564 (7th Cir. 1989) ("Rescission and restitution are proper forms of ancillary relief."). Section 19 of the FTC Act also explicitly provides for rescission as a permissible form of relief. *See* 15 U.S.C. Sec. 57b.

[44] *Sherzer v. Homestar Mortg. Servs.*, 707 F.3d 255, 261 n.4 (3d Cir. 2013).

**REPLY IN SUPPORT OF MOTION TO STRIKE**

14

1   done by returning an amount equal to the amount Defendants bilked from

2   consumers, minus any refunds.

3       **F. Defendants have no have no right to a jury trial under Section 19 of the
            FTC Act because the FTC seeks only equitable injunctive and
            monetary relief and waives damages.**

4

5       Defendants also argue that because this action is brought under Section 19

6   of the FTC Act, in addition to Section 13, they are entitled to a jury trial.[45] Courts

7   also have found that there is no right to a jury trial in cases brought under Section

8   19 of the FTC Act to enforce rule violations or related to a cease and desist

9   order.[46]  Defendants apparently believe that an action under Section 19 entitles

10  them to a jury trial because the Section includes, as an available remedy, legal

11  damages.[47] But the courts that have considered this issue have rejected the

12  argument.[48]

13

14  ---

[45] *See* Doc No. 281, at 8.

15  [46] *FTC v. Commonwealth Mktg. Group, Inc.*, 72 F. Supp. 2d 530, 543-45 (W.D.
    Pa. 1999); *FTC v. AMREP Corp.*, 705 F. Supp. 119, 126 (S.D.N.Y. 1988); *FTC v.
16  Mazzoni & Son, Inc.*, 2007 WL 2413086 (E.D. Mich. Aug. 14, 2007); *FTC v. First
    Universal Lending, LLC*, 2011 WL 688744 (S.D. Fla. Feb. 18, 2011); *FTC v. ELH
17  Consulting, LLC*, 2013 WL 593885 (Feb. 7, 2013); *FTC v. E.M.A. Nationwide,
    Inc.*, 2013 WL 3153771 (N.D. Ohio Jun. 19, 2013).
18
    [47] 15 U.S.C. 57b.
19
    [48] *See FTC v. AMREP Corp.*, 705 F.Supp. 119, 126 (S.D.N.Y.1988) ("[T] the
20  cause of action created by Section 19 does not fall within the right to jury trial

**REPLY IN SUPPORT OF MOTION TO STRIKE**

1
2
3
4
5

Further, this issue is moot here. The FTC never requested, and expressly waives, legal damages. Defendants are not entitled to a jury trial because the FTC could have, but expressly did not, seek damages. The Seventh Amendment provides for a jury trial when the requested relief includes damages—not when it could have included damages had it been requested.

6

### III.   Defendants' affirmative defenses should be stricken.

7
8
9
10
11
12
13
14

Defendants' boilerplate affirmative defenses should be stricken. These conclusory affirmative defenses fail to provide sufficient notice and do not provide the factual bases required by *Iqbal* and *Twombly*. On the contrary, they merely obfuscate the defenses Defendants actually intend to rely upon at trial. Striking these defenses will allow the parties to focus on the real issues in this case and minimize discovery costs exploring, for example, legally unavailable defenses.[49]

15
16
17
18
19
20

guaranteed by the Seventh Amendment."); *FTC v. Commonwealth Marketing Group, Inc.*, 72 F.Supp.2d 530, 544 (W.D. Pa. 1999) (same).

[49] *California ex rel. State Lands Com. v. United States*, 512 F. Supp. 36, 38 (N.D. Cal. 1981) ("[W]here the motion may have the effect of making the trial of action less complicated, or have the effect of otherwise streamlining the ultimate resolution of the action, the motion to strike will be taken."); *see also Fed. Sav. & Loan Ins. Corp. v. Burdette*, 696 F. Supp. 1183, 1187 (E.D. Tenn. 1988) ("Forthrightly dealing with inadequate or improper affirmative defenses and counterclaims at an early stage in the litigation helps the parties focus discovery on the real issues in the case and reduces the cost of litigation to the parties.").

**REPLY IN SUPPORT OF MOTION TO STRIKE**

16

**A. Defendants' boilerplate affirmative defenses fail to satisfy the notice requirement imposed by *Iqbal* and *Twombly*.**

"Most courts have held that the standards articulated in *Bell Atlantic Corp. v. Twombly* and *Ashcroft v. Iqbal*, with respect to complaints also apply to affirmative defenses, such that they must state a plausible claim for relief to survive a motion to strike."[50]  Under the *Iqbal*/*Twombly* standard, Defendants

---

[50] *FTC v. DirecTV, Inc.*, Case No. 15-cv-01129-HSG, 2015 U.S. Dist. LEXIS 170370, *3 (N.D. Cal. December 21, 2015); *see also Johnson v. Golden Empire Transit Dist.*, 1:14-CV-001841 LJO JLT, 2015 U.S. Dist. LEXIS 45515 (E.D. Cal. April 7, 2015) (noting that Ninth Circuit courts have held that "to the extent that the heightened pleading standard announced by [*Iqbal* and *Twombly* are] based on the wording of Rule 8, a sufficient textual basis lies in Rule 8(b)(1) for extending their holdings to the pleading of affirmative defenses") (internal quotation marks and citations omitted); *Otey v. Crowdflower, Inc.*, No. 12-cv-05524-JST, 2013 U.S. Dist. LEXIS 151846, 2013 WL 5734146, *4 (N.D. Cal. Oct. 22, 2013) ("This Court agrees with the many judges in this district, however, who routinely apply Iqbal's heightened pleading standard to affirmative defenses."); *Prime Media Group LLC v. Acer Am. Corp.*, No. 12-cv-05020-EJD, 2013 U.S. Dist. LEXIS 22437, 2013 WL 621529, *2, n.2 (N.D. Cal. Feb. 19, 2013) ("Although the Ninth Circuit has not yet settled this issue once and for all, it seems a foregone conclusion at this point that the Rule 8 pleading standard . . . should also apply to affirmative defenses."); *Barnes & Noble, Inc. v. LSI Corp.*, 849 F. Supp. 2d 925, 928 (N. D. Cal. 2012) ("Most courts have held that the *Ashcroft*/*Twombly* pleading standards apply to affirmative defenses, such that they must state a plausible claim for relief."); *Barnes v. AT&T Pension Ben. Plan*, 718 F. Supp. 2d 1167, 1171-72 (N.D. Cal. 2010) ("While neither the Ninth Circuit nor any other Circuit Courts of Appeals has ruled on this issue, the vast majority of courts presented with the issue have extended *Twombly*'s heightened pleading standard to affirmative defenses.").

**REPLY IN SUPPORT OF MOTION TO STRIKE**

must plead "'at least some factual bas[e]s' in support of its affirmative defenses."[51] Here, Defendants plead none.

Moreover, this pleading standard serves a valuable policy interest: "Applying this heightened standard will 'serve to weed out the boilerplate listing of affirmative defenses which is commonplace in most defendants' pleading where many of the defenses alleged are irrelevant to the claims asserted.'"[52] Here, defendants merely provided a generic list of affirmative defenses, followed by conclusory statements, "without stating a reason why that affirmative defense might exist."[53] Defendants have no legitimate interest in maintaining affirmative defenses that are factually unsupported, legally unavailable, or which they do not actually intend to rely upon. Accordingly, Defendants should be held to their burden of providing actual notice of their defenses to focus litigation and discovery on the real issues in this case.

**B. Defendants' affirmative defense of failure to state a claim should be stricken because is not a proper affirmative defense but assertion of a defect in the FTC's *prima facie* case.**

---

[51] *Kelly Moore Paint Co. v. Nat'l Union Fire Ins. Co.*, Case No. 14-cv-01797-MEJ, 2014 U.S. Dist. LEXIS 148064, *9 (N.D. Cal., October 17, 2014).

[52] *Id.* at *6 (quoting *Barnes*, 718 F. Supp. 2d at 1172).

[53] *Barnes*, 718 F. Supp. 2d at 1167.

**REPLY IN SUPPORT OF MOTION TO STRIKE**

An affirmative defense is an "assertion of facts and arguments that, if true, will defeat the plaintiff's [ ] claim, even if all the allegations in the complaint are true."[54] Failure to state a claim, on the other hand, is a "defect in the plaintiff's claim; it is not an additional set of facts that bars recovery notwithstanding the plaintiff's valid prima facie case."[55] Accordingly, many courts have concluded that "despite its inclusion in Civil Form 30," failure to state a claim is not a proper affirmative defense.[56]

## IV.   Conclusion.

The FTC respectfully requests that the Court strike Defendants' jury demand because it is unavailable in this equitable action. The FTC also respectfully requests that this Court strike Defendants insufficiently pled or improper affirmative defenses.

Respectfully submitted,

Dated: 12/28/15

/s/ REID TEPFER_____
REID TEPFER
LUIS H. GALLEGOS
Attorneys for the Plaintiff

---

[54] BLACK'S LAW DICTIONARY (10th ed. 2014).

[55] *Landmark Equity Fund, II, LLC v. Arias*, Case No.: 1:15-cv-00202 – JLT, 2015 U.S. Dist. LEXIS 89981 (N.D. Cal. 2015) (*quoting Boldstar Tech., LLC v. Home Depot, Inc.*, 517 F. Supp. 2d 1283, 1291 (S.D. Fla. 2007)).

[56] *Id.*

**REPLY IN SUPPORT OF MOTION TO STRIKE**

19

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

Federal Trade Commission
1999 Bryan Street, Suite 2150
Dallas, Texas 75201
(214) 979-9395 (Tepfer)
(214) 979-9383 (Gallegos)
(214) 953-3079 (facsimile)
rtepfer@ftc.gov
lgallegos@ftc.gov

**REPLY IN SUPPORT OF MOTION TO STRIKE**

1

## __CERTIFICATE OF SERVICE__

2

3   The undersigned certifies that on December 28, 2015, a true and correct copy of the foregoing document was electronically filed with the clerk of the U.S. District Court, Central District of California, using the electronic case filing system of the court. The attorneys listed below were served by pursuant to the ECF notice generated by the Court.

4

5

6 Tom Vidal
Michael Weiss

7 Nina Nahal Ameri
Abrams Garfinkle Margolis Bergson

8 5900 Wilshire Blvd Suite 2250
Los Angeles, CA 90036

9 nameri@agmblaw.com
*Local counsel for Receiver*

10

11 Erik S Syverson
Raines Feldman LLP

12 9720 Wilshire Boulevard Fifth Floor
Beverly Hills, CA 90212

12 esyverson@raineslaw.com
13 *Counsel for Oz Mizrahi*

14 Robert M. Ungar
Crosswind Law

15 14724 Ventura Blvd Penthouse
Sherman Oaks, CA 91403

16 rmu@crosswindlaw.com
*Counsel for Alon Nottea and*

17 *Roi Rueveni*

18 Randi R. Geffner
Esensten Law

19 12100 Wilshire Blvd.
Suite 1660

20 Los Angeles, CA 90025

**REPLY IN SUPPORT OF MOTION TO STRIKE**

21

(310) 273-3090
RGEFFNER@ESENSTEINLAW.COM
*Counsel for Doron Nottea and Motti Nottea*

Jeffrey S. Benice
Law Offices of Jeffrey S. Benice
3080 Bristol Street
Sixth Floor, Suite 630
Costa Mesa, California 92626
E-Mail: JSB@JeffreyBenice.com
*Counsel for Igor Latsanovski and*
*CalEnergy, Inc.*

Charlene Cantrell Koonce
Receiver
Scheef & Stone
500 N. Akard, Suite 2700
Dallas, Texas 75201
charlene.koonce@solidcounsel.com
*Receiver*

Kelly M. Crawford
Scheef and Stone
500 N. Akard, Suite 2700
Dallas, Texas 75201
kelly.crawford@solidcounsel.com
*Counsel to Receiver*

Benjamin A Pettit
20 East Pueblo Street
Santa Barbara, CA 93105
*Counsel for Alon Nottea*

Sagar Parikh
Beverly Hills Law Corp.
433 N. Camden Dr., 6th Floor
Beverly Hills, CA 90210
*Counsel for Chargeback Armor, Inc.,*

**REPLY IN SUPPORT OF MOTION TO STRIKE**

22

1    *Secured Merchants LLC, and Alan Argaman*

2

3                                                   <u>/S/ REID TEPFER</u>
                                                   REID TEPFER

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

**REPLY IN SUPPORT OF MOTION TO STRIKE**

23