UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-4527-GW(PLAx) | Date | January 11, 2016 |
| --- | --- | --- | --- |
| Title | *Federal Trade Commission v. Bunzai Media Group, Inc., et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
| --- | --- | --- |
| Javier Gonzalez | Katie Thibodeaux | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| --- | --- |
| Reid Tepfer - by telephone | Robert M. Ungar<br>Randi R. Geffner<br>Jeffrey S. Benice - by telephone |

**PROCEEDINGS: PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES AND REQUESTS JURY DEMAND [274]**

Court hears oral argument. The Tentative circulated and attached hereto, is adopted as the Court's Final Ruling. Plaintiff's Motion is GRANTED. Defendants' affirmative defenses are stricken without prejudice, and defendants' request for jury trial is stricken with prejudice.

: 12

Initials of Preparer JG

***Federal Trade Commission v. Bunzai Media Group, Inc., et al.***, Case No. 15-4527
Tentative Rulings on Plaintiff's Motion to Strike Affirmative Defenses and Jury Demands

## I. Background

Plaintiff Federal Trade Commission ("FTC") has filed the present Second Amended Motion to Strike Affirmative Defenses and Requests Jury Demand [sic]. *See* Dkt. No. 274. Specifically, the FTC seeks to strike; (1) the affirmative defenses raised by defendants Doron Nottea (Dkt. No. 244 at 12-13), Motti Nottea (Dkt. No. 245 at 12-13), Oz Mizrahi (Dkt. No. 249 at 18-21), Igor Latsanovski (Dkt. No. 253 at 19-22), and Calenergy, Inc. (Dkt. No. 254 at 19-21); and the jury demands of defendants Mizrahi (Dkt. No. 249 at 21), Roi Reuveni (Dkt. No. 250 at 12), and Alon Nottea (Dkt. No. 251 at 12).

## II. Motion to Strike Affirmative Defenses

### A. Applicable Law

A party may move to strike any "insufficient defense or any redundant, immaterial, impertinent or scandalous matter" under Fed. R. Civ. P. 12(f). *See Whittlestone, Inc. v. Handi-craft Co.*, 618 F.3d 970, 973-74 (9th Cir. 2010); Schwarzer, Tashima & Wagstaffe, CAL. PRAC. GUIDE: FED. CIV. PRO. BEFORE TRIAL (the Rutter Group 2014) § 9:369 ("*Schwarzer & Tashima*"). A Rule 12(f) motion is the proper vehicle for attacking an affirmative defense that is (1) insufficient as a matter of law or (2) insufficient as a matter of pleading. *Schwarzer & Tashima* § 9:378; *Dodson v. Strategic Restaurants Acquisition Co. II, LLC*, 289 F.R.D. 595, 603 (E.D. Cal. 2013).

An affirmative defense is legally insufficient when it "lacks merit under any set of facts the defendant might allege." *Schwarzer & Tashima* § 9:379, quoting *Dodson*, 289 F.R.D. at 603. In order to strike for legal insufficiency, a plaintiff must show that there is no issue of fact that might allow the defense to succeed, nor any substantial question of law; *and* that plaintiff would be prejudiced by inclusion of the defense. *Schwarzer & Tashima* § 9:379; *see also Oracle America, Inc. v. Micron Technology, Inc*., 817 F.Supp.2d 1128, 1132 (N.D. Cal. 2011).

An affirmative defense is insufficient as a matter of pleading if it fails to give plaintiff "fair notice." *Schwarzer & Tashima* § 9:380; *see e.g. Qarbon.com Inc. v. eHelp Corp.*, 315 F.Supp.2d 1046, 1049-1050 (N.D. Cal. 2004) (affirmative defenses of waiver, estoppel and unclean hands were stricken where these doctrines were alleged as conclusions without any factual basis, depriving plaintiff of fair notice of what the defense is and the grounds upon which it rests); *Dodson*, 289 F.R.D. at 603 (all but one of 14 affirmative defenses were stricken because they were not pled with sufficient factual details to give plaintiff fair notice of their grounds). Additionally, certain defenses must be pleaded with particularity under Fed. R. Civ. P. 9(b) (*e.g.*, fraud, mistake, immunity), and a Rule 12(f) motion to strike may be used to challenge defendant's failure to plead such defenses with particularity. *See e.g. Mag Instrument, Inc. v. JS Products, Inc.*, 595 F.Supp.2d 1102, 1109 (C.D. Cal. 2008).

### B. Analysis

#### 1. *Defendants Motti and Doron Nottea*

Defendants Motti and Doron Nottea each raise the same six affirmative defenses − *i.e.* (1) "failure to state a claim upon which relief may be granted," (2) estoppel, (3) acts of third parties,

consent, (4) excessive fines, and (5) reservation of defenses – utilizing the exact same language. *See* Dkt. Nos. 244 at 12-13 and 245 at 12-13. All of them are subject to being stricken under Rule 12(f).

First, all of the defenses are stated merely as conclusions without any specified factual basis and clearly do not give the FTC fair notice of the grounds for each defense. For example, as to the defense of estoppel, the defendants only say: "The FAC, and each purported claim and count therein, is barred by the doctrine of estoppel." *See* Dkt. No. 244 at 12. That is indisputably insufficient. *See Dodson*, 289 F.R.D. at 603; *Qarbon.com Inc.*, 315 F.Supp.2d at 1049-50. Second, certain of the delineated items do not constitute affirmative defenses. For example, the first affirmative defense purports to raise the contention that each count in the First Amended Complaint (Dkt. No. 235) fails to state a claim upon which relief can be granted; and the sixth affirmative defense purports to be a reservation of the right to later allege additional defenses. Those contentions are not affirmative defenses at all but are merely references to available procedural devices which can be utilized in the litigation (*e.g.* a motion to amend the pleadings to add an affirmative defense under Fed. R. Civ. P. 15(d), *see Schwarzer & Tashima* § 8:1720)). As observed in *Baker v. Ensign*, No. 11-cv-2060-BAS, 2014 WL 4161994 at *4 (Aug. 20, 2014 S.D. Cal.):

> Mr. Ensign [plaintiff] also challenges several affirmative defenses on the grounds that they are not affirmative defenses at all. A common attack asserted against these affirmative defenses is that they challenge the sufficiency of a particular claim. However, as Mr. Ensign points out, a Rule 12(b)(6) motion is the proper means of asserting that particular claims are insufficient. *See Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir.2002) ("A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense.").

Lastly, certain of defendants' affirmative defenses are based on incorrect foundations and, hence, are untenable. For example, defendants' fifth affirmative defense is for alleged "excessive fines." However, the FTC in its FAC is not seeking any fines from the defendants, but only injunctive and other equitable forms of relief. Likewise, defendants' fourth defense (*i.e.* consent) asserts that the consumers "consented to receive and pay for the services provided by the Defendant[s]." But, the FAC alleges that the defendants engaged in schemes which misrepresented and/or failed to disclose material facts to the consumers such that no consent was knowingly or legally given. Hence, a purported defense based merely on the assertion that consumers "consented" to receive the defendants' services or products is insufficient once the FTC meets its burden of proving the underlying misrepresentation and/or failure to disclose material facts.

For all of the above reasons, the six affirmative defenses raised by Motti and Doron Nottea are stricken without prejudice.

*2. Defendant Mizrahi*

Defendant Mizrahi raises 12 affirmative defenses including: (1) failure to state a cause of action, (2) statute of limitations, (3) causation, (4) apportionment, (5) consent, (6) no damages, (7) excessive fines, (8) bad faith, (9) waiver, laches, estoppel and acquiescence, (10) no legal grounds for injunction, (11) no wrongful or unlawful intent, and (12) right to assert additional defenses.

Initially, it is noted that all of Mizrahi's affirmative defenses suffer from the same failure

to articulate a factual basis or to provide anything more than conclusory language in their delineation. *See e.g.* Mizrahi's ninth affirmative defense, which merely states: "Plaintiff's claims against Mizrahi are barred by the doctrines of waiver, laches, estoppel, or acquiescence." Dkt. No. 249 at 19. Hence, they would be stricken on that ground.[1] Second, as noted above, certain of Mizrahi's propositions do not constitute affirmative defenses such as numbers 1 (failure to state a cause of action), 10 (no legal grounds for injunction) and 12 (right to assert additional defenses). Likewise, other of his affirmative defenses are based upon on incorrect premises or on purported deficiencies that are not elements which the FTC must establish in the causes of action which it has alleged in its FAC – for example numbers 6 (no damages), 7 (excessive fines) and 11 (no wrongful or unlawful intent). The FTC is not seeking damages or fines in this action and, hence, defendants' sixth and seventh defenses are inapplicable and immaterial. Additionally, where Mizrahi seeks to raise a defense of bad faith or inequitable conduct (as in his number 8), he must plead those allegations with factual particularity as required under Fed. R. Civ. P. 9(b), which he has clearly not done. *See Mag Mag Instrument, Inc.*, 595 F.Supp.2d at 1109. Similarly, in his third and fourth affirmative defenses (for respectively acts of third parties-causation and acts of third parties-apportionment), Mizrahi raises the conduct of "third parties" as being the sole, proximate, and/or contributing cause of the consumers' damages but fails to identify any such persons or describe the specific actions taken by them which could give rise to a causation or apportionment defense. The key to determining the sufficiency of the pleading of an affirmative defense is whether the opposing party had fair notice of the defense. *Simmons v. Navajo Cnty. Arizona*, 609 F.3d 1011, 1023 (9th Cir. 2010). Such assertions as Mizrahi's third and fourth affirmative defenses do not provide any fair notice. Finally, Mizrahi's second affirmative defense of statute of limitations merely states "Plaintiff's claims against Mizrahi in the Complaint, and each of them, are barred by the applicable statute of limitations." Dkt. No. 249 at 18. To give fair notice to a plaintiff of a statute of limitations defense, the defendant must identify both the particular cause of action subject to the defense and the particular statute relied upon for that defense. *See e.g. Hernandez v. County of Monterey*, 306 F.R.D. 279, 285 (N.D. Cal. 2015) (failure in affirmative defense allegation to identify which of plaintiff's claims would be barred by the statute of limitations fails to give fair notice and would be stricken); *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979) (even though the amended answer simply averred that "plaintiff's claims are barred by the applicable statute of limitations," there was an attached memorandum which made specific mention of Cal. Code Civ. Proc. § 338.1 as the statute of limitations relied upon and, under those circumstances, the limitations defense was found to be adequately pleaded.).

For the above stated reasons, all of Mizrahi's affirmative defenses are stricken without prejudice.

3. *Defendants Latsanovski and Calenergy, Inc.*

Defendants Calenergy, Inc. ("Calenergy") and Latsanovski raise 12 and 13 affirmative defenses, respectively, the following 12 of which are identical: (1) failure to state a claim, (2) consent, (3) offset, (4) acts of third parties – causation, (5) acts of third parties – apportionment,

[1] It is also noted that as a general rule, federal governmental agencies like the FTC are not subject to certain defenses such as laches, estoppel and waiver absent a showing of affirmative misconduct when the agency is acting in a civil context to enforce a public right or to protect a public interest. *See generally United States v. Ruby Co.*, 588 F.2d 697, 705 n. 10 (9th Cir. 1978). Defendants have not specifically alleged any affirmative misconduct on the part of the FTC.

(6) compliance with statute, (7) no damages, (8) excessive fines, (9) bad faith, (10) justification and privilege, (11) violation of First Amendment, and (12) right to assert additional defenses. *See* Dkt. Nos. 253, 254. Latsanovski includes a thirteenth defense of business judgment rule. Dkt. No. 253 at 20-21.

In their joint opposition to the motion to strike, Latsanovski and Calenergy state that they are withdrawing the following defenses: offset, excessive fines, the right to assert additional affirmative defenses, and (as to Latsanovski) the business judgment rule. *See* Dkt. No. 310 at 3.

The remaining affirmative defenses of both defendants Latsanovski and Calenergy all suffer from the same general deficiency as those of the other defendants, *i.e.* a failure to sufficiently plead the factual bases for the defenses so that the FTC would have fair notice of what they actually are. Additionally, where Latsanovski and Calenergy allege the same defenses as those raised by the Nottea and Mizrahi defendants (*i.e.* failure to state a claim, consent, acts of third parties-causation, acts of third parties-apportionment, no damages, excessive fines, bad faith, and right to assert affirmative defenses), those affirmative defenses are untenable for the same reasons already described above.

As to the remaining new affirmative defenses alleged by Latsanovski or Calenergy (*i.e.* compliance with statute, justification and privilege and violation of First Amendment), they are also subject to being stricken. As their sixth defense, both Latsanovski and Calenergy claim that "Defendant's compliance with the statutes, rules, and regulations which govern the subject matter of this lawsuit precludes liability to any consumer." It is initially noted that neither Latsanovski nor Calenergy have identified which particular statute, rule or regulation they have purportedly complied with, or how that compliance can protect them from liability as to any specifically identified cause of action. Indeed, both Latsanovski and Calenergy argue that their compliance "precludes liability to any consumer," but this lawsuit has not been brought by any consumer but rather by the FTC.

Similarly, Latsanovski and Calenergy also refers to the free speech portion of the First Amendment as a defense but fail to identify any specific statements made by them (which are the subject of the FTC's action) which are being improperly impinged so as to raise any First Amendment concerns. As correctly noted by the FTC, courts have long ago held that "deceptive advertising enjoys no constitutional protection and it may be regulated [citations omitted]. Even in the absence of a finding of actual deception, agencies may properly regulate speech that is merely potentially deceptive." *Bristol-Myers Co. v. FTC*, 738 F.2d 554, 562 (9th Cir. 1984).

Lastly, Latsanovski and Calenergy assert a defense of "justification and privilege" arguing that their actions "were undertaken in good faith, and constitute lawful, proper, and justified means to further the sole purpose of engaging in and continuing its business." To the extent that the bad intent or knowledge of material misrepresentations is required to be shown as to the causes of action alleged by the FTC in its FAC[2], the burden of proving such is on the plaintiff. Thus, what Latsanovski and Calenergy refers to as "justification and privilege" is not actually an affirmative defense but is a matter which can be proffered by them to rebut any evidence of bad intent or knowledge of misfeasance presented by the FTC, even if they do not

[2] As observed in *FTC v. Publishing Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997): "To satisfy the knowledge requirement, the FTC must show that [defendant] had actual knowledge of material misrepresentations, [was] recklessly indifferent to the truth or falsity of a misrepresentation, or had an awareness of a high probability of fraud along with an intentional avoidance of the truth. [Citations omitted.] However, the FTC is not required to show that a defendant intended to defraud consumers in order to hold that individual personally liable.

include it as an affirmative defense.

For all of the above reasons, the affirmative defenses of Latsanovski and Calenergy are stricken without prejudice.

### III. Motion to Strike Jury Demand

A. Applicable Law

The right to a jury trial in federal court is determined by federal law. *Simler v. Conner*, 372 U.S. 221, 222 (1963). Under the Seventh Amendment to the Constitution, jury trials are a matter of right in civil cases which are "in suits at common law". "Suits at common law" is generally interpreted to mean those actions which are analogous to those historically tried in courts of law as distinguished from proceedings in equity. *Tull v. United States*, 481 U.S. 412, 417 (1987). Generally, where a plaintiff seeks monetary damages, there is a right to a jury trial; on the other hand, where the plaintiff is requesting equitable relief (such as an injunction), a jury trial is not required. *Id.* As observed by the Supreme Court:

> To determine whether a statutory action is more similar to cases that were tried in courts of law than to suits tried in courts of equity or admiralty, the Court must examine both the nature of the action and of the remedy sought. First, we compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity. [Citations omitted.] Second, we examine the remedy sought and determine whether it is legal or equitable in nature. * * * * [C]haracterizing the relief sought is "more important" than finding a precisely analogous common-law cause of action in determining whether the Seventh Amendment guarantees a jury trial.

*Id.* at 417, 421.

Courts of equity were empowered to provide monetary awards "incidental to or intertwined with injunctive relief" (*e.g.* restitution or damages supplemental to an injunction); and demands for such incidental relief do not make the case jury triable. *Schwarzer & Tashima* §16:12; *Tull*, 481 U.S. at 424-25. However, it has been held that the traditional remedy for unjust enrichment is restitution, which may be either a legal or equitable remedy depending on the basis of the plaintiff's claim and the nature of the relief sought. *Schwarzer & Tashima* at § 16:12.2. Citing to *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 US 204, 213-14 (2002), *Schwarzer & Tashima* at § 16:12.2 makes the following observation:

> • [16:12.2a] Where the action seeks to restore to plaintiff particular funds or property in defendant's possession (e.g., through an accounting, constructive trust, equitable lien, etc.), restitution is an equitable remedy (no right to jury). [*Great-West Life & Annuity Ins. Co. v. Knudson, supra*, 534 US at 214, 122 S.Ct. at 714-715]
>
> • [16:12.2b] But where the action seeks to impose personal liability on defendant for benefits conferred by plaintiff, restitution is a legal remedy (right to jury). [*Great-West Life & Annuity Ins. Co. v. Knudson, supra*, 534 US at 214,

The Supreme Court in *Knudson* ultimately found the restitution request to be legal (and not equitable) in nature because:

> Here, the funds to which petitioners claim an entitlement under the Plan's reimbursement provision − the proceeds from the settlement of respondents' tort action − are not in respondents' possession . . . . The basis for petitioners' claim is not that respondents hold particular funds that, in good conscience, belong to

> petitioners, but that petitioners are contractually entitled to some funds for benefits that they conferred. The kind of restitution that petitioners seek, therefore, is not equitable − the imposition of a constructive trust or equitable lien on particular property − but legal − the imposition of personal liability for the benefits that they conferred upon respondents

*Knudson,* 534 U.S. at 214.

As recently noted in *FTC v. Lanier Law, LLC*, No. 3:14-CV-786-J-34PDB, 2015 WL 9598794 at *2 (Dec. 8, 2015 M.D. Fla.):

> The FTC is an independent federal agency charged with enforcing various laws, including § 5(a) of the FTC Act, which prohibits unfair or deceptive acts or practices in or affecting commerce, 15 U.S.C. § 45(a), and the Telemarketing Act, which prohibits deceptive or abusive telemarketing acts or practices, 15 U.S.C. §§ 6101–08. Under § 13(b) of the FTC Act, the FTC may bring a case in federal district court to enjoin any practice that violates any law it enforces. 15 U.S.C. § 53(h). The . . . injunctive remedies under § 13(b) are equitable in nature and extensive in scope, allowing the "full range" of equitable remedies ancillary to a court's injunctive powers. *FTC v. Gem Merck. Corp*., 87 F.3d 466, 468 (11th Cir.1996). Under § 19 of the FTC Act, a federal district court has jurisdiction to "grant such relief as the court finds necessary to redress injury to consumers or other persons, partnerships, and corporations resulting from the rule violation or the unfair or deceptive act or practice." 15 U.S.C. § 57b. "[R]elief may include, but shall not be limited to, rescission or reformation of contracts, the refund of money or return of property, the payment of damages, and pubic notification respecting the rule violation or the unfair or deceptive act or practice, as the case may be . . . ."

B. Analysis

The laws under which the FTC brings this action and their corresponding regulations do not provide a right to a jury trial. *See generally* 15 U.S.C. §§ 53(b), 57b, 1693o(c) and 8404. Likewise, this action is analogous to one that would have been brought in a court of equity if by a government agency in the public interest rather than by a private party for damages and if seeking discretionary rather than mandatory relief. *SEC v. Commonwealth Chem. Sec., Inc*., 574 F.2d 90, 95 (2d Cir. 1978). Moreover, the relief the FTC seeks herein is equitable in nature. As noted in *Lanier Law LLC*, 2015 WL 9598794 at *3: "Injunctive relief is equitable . . . . Disgorgement, which addresses a defendant's unjust gain and ignores a consumer's loss, is equitable . . . . Rescission or reformation of contracts, which seeks to restore parties to a transaction to their status quo, is equitable . . . . A refund order is equitable. [citations omitted]."

Nevertheless, Defendants argue that under *Knudson* they are entitled to a jury trial herein. This Court would disagree. The courts which have considered the issue have held that the type of restitution sought by the FTC in these type of cases is not legal in nature under the *Knudson* analysis. *See* cases cited in *Lanier Law, LLC*, 2015 WL 9598794 at *4. For example, as observed in *FTC v. ELH Consulting, LLC*, No. CV-12-02246-PHX-FJM, 2013 WL 593885 at *1 (Feb. 7, 2013 D. Ariz.):

> In *Knudson*, the Court held that plaintiffs sought legal relief where they imposed personal liability on defendants for a contractual obligation to pay money. *Id.* at 221, 122 S.Ct. at 719. In contrast, the Court found that restitution lies in equity

> where plaintiff seeks to "restore to the plaintiff particular funds or property in the defendant's possession." *Id.* at 214, 122 S.Ct. at 715. Here, the FTC does not seek to impose personal liability for a contractual obligation. Instead, the FTC seeks relief based on the court's equitable powers to "redress injury to consumers resulting from Defendants' violations of the FTC Act and the [Telemarketing Act]." Therefore, the FT''s claims lie in equitable, not legal, restitution.
>
> Defendants next contend that the FTC's request for "refund of monies paid" is a form of legal restitution. However, "[t]he award of monetary relief is not necessarily always legal." *Smith v. Barton*, 914 F.2d 1330, 1337 (9th Cir.1990) (citations omitted). For example, damages are equitable where, as here, they are in "action[s] for disgorgement of improper profits." *Id*. (quotation omitted). Accordingly, the FTC seeks equitable relief, and thus defendants are not entitled to a jury trial. This is not an action for damages.

Likewise, in *Lanier Law, LLC*, *Knudson* was distinguished on the following bases. First, it was noted that: "Because [the FTC's] remedies are based on a statutory violation, the FTC does not have to rely on common law theories of unjust enrichment requiring proof the defendant holds property traceable to the proceeds of his wrongdoing. *FTC v. Bronson Partners, LLC*, 654 F.3d 359, 371–72 (2d Cir.2011)." 2015 WL 9598794 at *3. Second, the case was brought by a federal government agency in the public interest rather than by a private party for damages. *Id.* Third, the relief of restitution which is being sought by the FTC herein is discretionary in nature in the judge's evaluation of the situation and not mandatory in the scenario of a lawsuit brought by private parties for money damages. *Id.* This latter distinction was also noted by the Ninth Circuit in *FTC v. Bronson Partners, LLC*, 654 F.3d 359, 371 (9th Cir. 2011).

## III. Conclusion

For the reasons stated above, (1) defendants' affirmative defenses are stricken without prejudice, and (2) defendants' request for jury trial is stricken with prejudice.