Robert L. Esensten (CA Bar No. 65728)
    resensten@esenstenlaw.com
Randi R. Geffner (CA Bar No. 116574)
    rgeffner@esenstenlaw.com
**ESENSTEN LAW**
12100 Wilshire Boulevard, Suite 1660
Los Angeles, California 90025
Telephone:  (310) 273-3090
Facsimile:   (310) 207-5969

Attorneys for Defendants DORON NOTTEA and MOTTI NOTTEA

Jonathan E. Nuechterlein
Dama J. Brown
Reid Tepfer (TX Bar No. 24079444)
    rtepfer@ftc.gov
**FEDERAL TRADE COMMISSION**
1999 Bryan Street, Suite 2150
Dallas, Texas 75201
Telephone:  (214) 979-9395
Facsimile:   (214) 953-3079

Raymond McKown (CA Bar No. 150975)
    rmckown@ftc.gov
10877 Wilshire Boulevard, Suite 700
Los Angeles, California 90024
Telephone:  (310) 824-4325
Facsimile:   (310) 824-4380

Attorneys for Plaintiff FEDERAL TRADE COMMISSION

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Case No.:  2:15-CV-04527-GW (PLAx) |
| Plaintiff, | |
| v. | **JOINT STATEMENT RE FRCP 30(b)(6) DEPOSITION NOTICE SERVED ON PLAINTIFF FEDERAL TRADE COMMISSION AND REQUEST FOR EXPEDITED DECISION** |
| BUNZAI MEDIA GROUP, INC., *et al.*, | |
| Defendants. | |
| | Discovery Cut-Off:   April 4, 2016 |
| | Pretrial Conference:  June 9, 2016 |
| | TRIAL DATE:         June 21, 2016 |

///

1        Plaintiff FEDERAL TRADE COMMISSION and Defendants DORON

2   NOTTEA and MOTTI NOTTEA submit the following Joint Statement regarding the

3   FRCP 30(b)(6) deposition set for January 27, 2016 in the above-captioned matter

4   under Local Rule 37-1[1] as follows:

5   **STIPULATED FACTS**

6        1.    On December 29, 2015, NOTTEA served its FRCP 30(b)(6) Notice of

7   Deposition.  A copy of the Notice of Deposition, a true and correct copy of which is

8   attached hereto as **Exhibit 1**.

9        2.    On January 14, 2016, the FTC e-mailed Robert L. Esensten a letter

10  regarding the 30(b)(6) deposition, a true and correct copy of which is attached hereto

11  as **Exhibit 2**

12  **NOTTEA'S ATTEMPT TO RESOLVE THE DISPUTE**

13      **On January 15, 2016 I made the following offer to resolve this dispute:**

14       1.    Offered to continue the deposition to an agreeable date within 30 days;

15       2.    Requested that the designated witness or witnesses, along with their

16           title(s), be identified 2 days prior to the deposition to save some time in

17           the deposition; and

18       3.    Requested that the documents be produced 2 days before the deposition

19           to save the time of reviewing the documents and copying them.

20      **Counsel for the FTC has not responded to the offer to resolve this dispute.**

21  **REQUESTED ORDER**

22       1.    That the deposition occur in my office at an agreeable date within 30

23           days;

24       2.    That the FTC designate one or more individuals to testify on the revised

25           topics 2 days before the deposition;

26           2(a)    Category Items 10, 47, 48, 49, 59, 60, 61, 97, 98 and 99 are

27  

28  [1]  A copy of the order establishing the case schedule, as well as any amendments, is attached, as **Exhibit A**, as required by LR 37-1.

1    withdrawn;

2    3.    The FTC designate the name and title of the individual(s) two (2) days

3    before the deposition; and

4    4.    The FTC produce the documents pursuant to the Notice of Deposition

5    two (2) days before the deposition.

6    **NOTTEA'S STATEMENT RE FRCP 30(b)(6) DEPOSITION**

7    The date and location of the deposition were agreed upon with counsel for the

8    FTC, Reid Tepfer and myself at the same time that the depositions of Doron Nottea

9    (January 20, 2016 which has been taken and concluded) and Motti Nottea (January 21,

10   2016 which did not go forward as settlement terms were being discussed).  Motti

11   Nottea has executed the Stipulation for Permanent Injunction and financial statements,

12   which include all of the terms of the negotiated settlement.

13   3.    The FTC contends that the deposition is designed to invade the attorney-

14   client privilege or seek their attorney-work product.  This is simply untrue.  The

15   deposition seeks to discover the facts, witnesses and documents that the FTC will

16   present at trial; exactly what FRCP 30(b)(6) is designed for.

17   4.    The location of the deposition was agreed to be held in Los Angeles.

18   5.    On January 6, 2016, the FTC served its Notice of Depositions scheduling

19   depositions in their Los Angeles office as follows:

20   January 20, 2016          Doron Nottea

21   January 21, 2016          Motti Nottea

22   January 26, 2016          Alon Nottea

23   January 28, 2016          Igor Latsanovski

24   January 29, 2016          CalEnergy, Inc.

25   February 1, 2016          Roi Reuveni

26   February 2, 2016          Nastassia Yalley

27   6.    The FTC did not schedule a deposition for January 27, 2016 as the FRCP

28   30(b)(6) was scheduled to occur in my office that day.

7.     The scheduling of the depositions listed above make it abidingly clear that the 30(b)(6) deposition was scheduled to occur as noticed in that Alon Nottea's deposition is scheduled to be held in Los Angeles on the 26th.  The Igor Latsanovski deposition is scheduled to be held in Los Angeles on the 28th.  Can the FTC contend that counsel will attend a full day deposition in Los Angeles, fly to Dallas for the 30(b)(6) deposition on the 27th and then fly back to Los Angeles for the deposition on the 28th?  This is an impossible schedule and something that I would never agree to.

8.     The FTC has an office in Los Angeles; all of the events alleged by the FTC occurred in Los Angeles; the FTC has not identified who will testify, thus it is likely that the individual(s) are located in Los Angeles.

9.     The Notice of Deposition was prepared to obtain information specific to the allegations of the FTC's First Amended Complaint ("FAC").  The FRCP 30(b)(6) deposition is necessary to find out what evidence the FTC will present in trial otherwise the FTC will try this case by ambush.

10.    The FAC does not specify what Defendant did what.  See the following paragraphs, which are the charging allegation of the FAC.  Each paragraph alleges "Defendants……."  The allegations do not provide any information that provides the Defendants notice of their specific conduct.  See paragraphs 2, 3, 45-52, 56, 58-61, 66, 71, 72, 74, 76-81 and 88.

11.    Categories 1 through 8 of the Notice seek information directly related to the allegations against Doron Nottea and Motti Nottea.

12.    Categories 10 through 14 of the Notice seek information relating to some, but not all, of the Corporate Defendants.

13.    Categories 15 through 19 of the Notice seek information regarding certain Individual Defendants, as the conduct of the various Defendants, either Individual or Corporate, is vastly different in this case.

14.    Categories 20 through 59 of the Notice seek information regarding the allegations of specific paragraphs of the FAC.

15.     On January 14, 2016, some 16 days *after* receiving the Notice of Deposition, counsel for the FTC send a letter via e-mail describing, in vague terms, his concern that the categories were overbroad.  What categories and how they are overbroad was not identified.  In addition, the letter addresses, in vague terms, that the questions may invade the attorney work-product privilege.  The date or the location of the deposition was not objected to.

16.     On January 18, 2016, a telephone call was conducted with the FTC's counsel, Reid Tepfer regarding the concerns stated in their January 18, 2016 letter.  I made it very clear in the conversation that if the witness obtained the requested information to respond to any question that invades the attorney-client or attorney work-product privilege, that the witness should so state and I will then ask the next question after an objection stating the privilege and an instruction to not answer**.  I also made it very clear that this "concern" would have to be addressed on a question-by-question basis.**

17.     The "concern" that the topics are broad has been created by the contents of the FAC as it is impossible to understand what evidence the FTC will present at trial against Doron, Motti and the other Defendants.

## FTC'S POSITION RE FRCP 30(b)(6) DEPOSITION

The parties have reached an impasse regarding Defendants' demand that the Commission designate FRCP 30(b)(6) witnesses to testify, on January 27, 2016, concerning "all factual basis, supporting witness(es) and evidence" for virtually every claim and contention in Plaintiff's Complaint.

Plaintiff raised the issue at a January 21, 2016 Status Conference. The Court ordered the parties to file a Joint Report under Local Rule 37-1 by January 25, 2016, at 12:00 p.m. The Court stated that it would issue an expedited decision on January 26, 2016.

///

///

1  **I.    PROCEDURAL HISTORY**

2       **A. Procedural History of the Case.**

3       Plaintiff FTC filed its complaint on June 24, 2015, to stop Defendants'

4  ongoing violations of three federal consumer protection laws: the Federal Trade

5  Commission Act, the Restore Online Shoppers' Confidence Act, and the Electronic

6  Funds Transfer Acts.[2] Plaintiff seeks permanent injunctive and equitable monetary

7  relief for the thousands of consumers Defendants deceived by offering "free" or "risk

8  free" skincare products and then surreptitiously charging them $97 or more for the

9  products. This Court issued an *ex parte* Temporary Restraining Order, enjoining the

10  deceptive business practices and appointing a Receiver. After contested hearings, the

11  Court found that the FTC was likely to prevail in its case and that the equities favored

12  entering a Preliminary Injunction Order. The parties are now engaged in discovery,

13  which ends April 4, 2016.

14       **B. Procedural History of the FRCP 30(b)(6) Deposition of the FTC.**

15       On December 29, 2015, Defendants Doron Nottea and Motti Nottea issued a

16  Notice of Taking Deposition of Plaintiff Federal Trade Commission's Designee

17  Pursuant to FRCP 30(b)(6) and Demand for Production of Documents at Deposition.

18  The eight-page notice stated that the Defendants would take the video deposition of

19  the FTC designate(s) concerning 59 categories of information outlined on the

20  attached spreadsheet, identified as **Exhibit B**.

21       Plaintiff timely objected to the deposition and, through repeated telephone calls

22  and emails, requested defense counsel to meet and confer pursuant to Local Rule 37-1.

23  Plaintiff asserts that a FRCP 26(c) protective order should be granted quashing the

24  deposition or, alternatively, restricting the categories for testimony, for three reasons:

25       1.  A FRCP 30(b)(6) Deposition is Not Proper.  Because the FTC

26  was not involved in the online marketing of skincare products that gave rise to the

27

28  _____
[2]  15 U.S.C. §§ 45(a), 8404, and 1693o(c), respectively.

6

complaint, the FTC states that it is not able to designate any Commission witness with personal knowledge of the underlying facts. Accordingly, the FTC asserts that it is improper to seek fact discovery concerning the Defendants' own sales and marketing practices and alleged law violations from a Commission witness under FRCP 30(b)(6).

2. The FRCP 30(b)(6) Deposition Is Unduly Burdensome.

Defendants' deposition notice requires the FTC to designate Commission witnesses to testify concerning 59 different categories of information. (Exhibit B). The FTC states that the deposition is unduly burdensome and not proportional to the needs of the case as required by FRCP 26(b)(1).

3. The FRCP 30(b)(6) Deposition Seeks Privileged Information.

Plaintiff asserts that many of the 59 categories of information outlined in Defendants' deposition notice seek information that is legally protected under the attorney work product privilege. Indeed, Plaintiff states that the only way the Commission could designate a FRCP 30(b)(6) witness to testify about the requested information is to either (a) designate one of the FTC's trial counsel, or (b) designate an employee and require the FTC's trial counsel to explain the intended evidence, witnesses, and arguments that Plaintiff may introduce at trial. Because this information is protected by the attorney work product privilege, Plaintiff asserts that the proposed FRCP 30(b)(6) deposition is improper.

II. **DISCUSSION OF THE ISSUES**

A. **The FTC Requests a Protective Order that Prohibits Defendants from Seeking Testimony from an FTC Designate Concerning Defendants' Own Business Activities.**

Under FRCP 30(b)(6), a party may name a governmental agency as a deponent and describe, with reasonable particularity, the matters for examination. The agency must designate one or more persons to testify on its behalf, and those designates must

1    testify about information known or reasonably available to the agency.[3]

2         The Rule requires the government to identify persons with knowledge of the

3    identified issues. But it does not impose a duty to create witnesses with knowledge

4    where none exist. The purpose and intent of FRCP 30(b)(6), as outlined in the

5    Advisory Committee Notes that accompany the 1970 Amendments to Rule 30(b)(6),

6    were twofold: to make it easier to identify the relevant agent to depose and to prevent

7    "bandying," where each agent denies knowledge.

8         In this matter, neither the FTC nor its staff have independent knowledge about

9    Defendants' activities, with two exceptions: FTC investigator(s) (1) made undercover

10   purchases of Defendants' products and (2) captured images of Defendants' websites.[4]

11   An FTC investigator with personal, firsthand knowledge is able to testify about these

12   measures. However, because the FTC lacks independent knowledge, it cannot

13   designate witnesses to testify regarding facts concerning Defendants' own acts and

14   practices. Therefore, Plaintiff seeks a protective order under FRCP 26(c) to limit its

15   testimony to non-privileged information known personally by its investigator(s) or

16   other staff.

17        District courts nationwide routinely strike Rule 30(b)(6) depositions where, as

18   here, a law enforcement agency lacks independent knowledge of the underlying facts.[5]

19   Defendants, not Plaintiff, have personal, firsthand knowledge concerning the relevant

20

21   _____

22   [3] FRCP 30(b)(6).

23   [4] Plaintiff has already served Defendants with declarations of its investigator, describing and
     documenting the undercover purchases and website captures.

24   [5] *See*, *e.g.,* *SEC v. Jasper*, 2009 U.S. Dist. LEXIS 46678, *5, 10 (N.D. Cal. May 26, 2009) (granting
     protective order where defendant sought 30(b)(6) testimony from SEC concerning statements made

25   by third parties instead of deposing third parties); *SEC v. Monterosso*, 2009 U.S. Dist. LEXIS
     132298 *2-3 (S.D. Fla. June 2, 2009) (granting protective order where "[t]he sole source of the

26   SEC's knowledge is derived from the investigations its attorneys undertook in anticipation of
     litigation"); *SEC v. SBM Inv. Certificates, Inc*., 2007 U.S. Dist. LEXIS 12685, *70-72 (D. Md. Feb.

27   23, 2007) (same); and *SEC v. Buntrock*, 2004 U.S. Dist. LEXIS 12036 (N.D. Ill. June 25, 2004)
     (granting protective order where "[n]o one at the SEC has any firsthand knowledge of the facts at

28   issue in this case").

1  facts: Defendants' sales and marketing practices; their roles in the common enterprise;

2  their sales revenues; their chargeback rates and procedures; and their control,

3  participation, or knowledge of the deceptive online trial offers for "free" or "risk free"

4  skincare products. Plaintiff should not be required to manufacture a Commission

5  witness to testify concerning Defendants' own actions.

6  **B. Plaintiff FTC's Request for a Protective Order on the Grounds of**

7  **Undue Burden**

8  Defendants' Rule 30(b)(6) deposition notice should be stricken as overly

9  burdensome. Even before the Federal Rules of Civil Procedure were amended at Rule

10  26(b)(1) to require that discovery be "proportional to the needs of the case," courts

11  have regularly cited burden when striking similar deposition requests.[6]

12  Even a cursory review of the 59 categories of information that Defendants

13  identified for the FTC's deposition confirms the overbreadth of the requested

14  deposition. (Exhibit B). Defendants demand that an FTC designate testify concerning

15  "the factual basis, supporting witness(es) and evidence for each allegation" against

16  each corporate and individual Defendant. (*Id.*, Nos. 1-2, 10-19). Defendants also

17  demand the FTC designate testify about the allegations set forth in paragraphs 2-3, 42-

18  43, 45-67, 70-71, 74, 76, 79, 87, 93-94, 97-100 and Section C of Plaintiff's complaint.

19  (*Id.*, Nos. 20-59). But a Rule 30(b)(6) deposition is not intended to be a "memory

20  contest," requiring a designate to testify about information that no person could

21  reasonably be expected to provide from memory.[7]

22  "A specification in a blunderbuss format calling for all information supporting a

23

24  [6]  *Rosenfeld*, 1997 U.S. Dist. LEXIS at *10 ("Lastly, to proceed by the way of Rule 30(b)(6)
      deposition sought by defendant . . . would undoubtedly place an undue burden on the SEC[.]"); *SBM*

25  *Investment Certificates*, 2007 U.S. Dist. LEXIS at *77 ("[The defendant] has other means of
      discovery available to procure much of the information he seeks through the disputed deposition,

26  and the burden on the court and the SEC in considering the work product issue as to the inevitable

27  array of issues raised at the deposition are not warranted.")

28  [7] *See Google, Inc. v. American Blind & Wallpaper Factory, Inc.*, No. C03-5340 JF, 2006 U.S. Dist.
      LEXIS 58970 at *8 (N.D. Cal. Aug. 10, 2006).

1   claim or defense averment in a pleading does not, in the view of many courts,

2   constitute a deposition demand providing reasonable particularity . . . [I]t is not

3   sufficient to impose an obligation on the entity to produce a witness who knows about

4   each and every such averment."[8] Indeed, the judiciary has expressed a preference that

5   "appropriately framed and timed contention interrogatories," rather than depositions

6   under Rule 30(b)(6), be used for such discovery.[9]

7       **C. Plaintiff FTC's Request for a Protective Order Prohibiting Defendants**

8           **from Seeking Privileged Information**

9       Defendants' Rule 30(b)(6) deposition seeks testimony from the FTC's trial

10  counsel. This is true because virtually all of the 59 deposition categories demand the

11  FTC to describe its investigation or to recount "the factual basis, supporting

12  witness(es) and evidence" for its allegations. (Exhibit B). By their nature, these topics

13  cover the efforts of FTC counsel. Indeed, only FTC counsel—or designate(s) prepared

14  by FTC counsel—could testify about these subjects.     Defendants may contend the

15  FTC can designate a non-attorney witness to testify, but courts have overwhelmingly

16  rejected this contention.[10]

---

18  [8] DISCOVERING CORPORATE KNOWLEDGE AND CONTENTIONS: RETHINKING RULE 30(B)(6) AND ALTERNATIVE MECHANISMS, K. Sinclair, *Alabama Law Review*, Vol. 50, No. 3 (Spring 1999).

19
20  [9] *See, e.g., TV Interactive Data Corp. v. Sony Corp.*, No. C10-475 PJH, 2012 U.S. Dist. LEXIS 56861, at *10 (N.D. Cal. Apr. 23, 2012) ("One of the factors that courts consider when analyzing this question [concerning a proposed Rule 30(b)(6) deposition] is whether . . . contention

21  interrogatories are a more appropriate discovery tool"); *SEC v. Rosenfeld*, No. 97-CIV-1467 RPP, 1997 U.S. Dist. LEXIS 13996, at *9-10 (S.D.N.Y. Sept. 12, 1997) ("[N]o prejudice to defendant . . .

22  has been shown if he is required to conduct discovery by other methods"); *SEC v. SBM Investment Certificates, Inc.*, No. DKC2006-0866, 2007 U.S. Dist. LEXIS 12685, at *74 (D. Md. Feb. 23, 2007)

23  (granting a protective order to preclude Rule 30(b)(6) deposition "[g]iven the other means of discovery available").

24
25  [10] *See, e.g., In Re Cathode Ray Tube (CRT) Antitrust Litigation*, MDL No. 1917, Master Case No. 3:07-CV-05944SC, 2015 U.S. Dist. LEXIS 147413, at *220, 225-26 (N.D. Cal. Oct. 5, 2015) ("[A]

26  Rule 30(b)(6) deposition requiring the corporate designee to prepare by reading all of [ ] counsels' interview memoranda and testifying to the underlying facts would violate the protection afforded to

27  [attorney] work product[.]"); *SEC v. Monterosso*, No. 07-61693-CIV, 2009 U.S. Dist. LEXIS 132298, at * 4-5 (S.D. Fla. June 2, 2009) (granting a protective order where SEC attorneys must

28  either sit for the deposition or prepare another employee to do so and "either route amounts to the SEC's attorney being deposed because it is the same information being conveyed"); *SEC v. Jasper*,

10

Courts have long frowned upon attempts to force opposing counsel to testify as a witness.[11] Courts permit the deposition of opposing counsel only in the rarest situations.[12] Even the "mere request to depose a party's attorney constitutes good cause for obtaining a Rule 26(c) [ ] protective order, unless that party seeking the deposition can show both the propriety and need for the deposition."[13] Such a deposition may be permitted only if the requesting party proves: (1) no other means exist to obtain the information sought, other than to depose opposing counsel; (2) the information sought is relevant and non-privileged; and (3) the information sought is crucial to the presentation of the case.[14] Defendants fail to meet any of these three criteria.

As to the first criteria, the burden falls on Defendants to show that they seek information by deposition that they cannot get through other means. *Shelton*, 805 F.2d at 1327. Given the other means of discovery available to Defendants, they cannot

---

No. C07-06122 JW, 2009 U.S. Dist. LEXIS, at *5, 9-10 (N.D. Cal. May 25, 2009) ("[B]ecause its attorneys are most knowledgeable about the topics of examination, any witness that is produced . . . would necessarily have to be prepared by the [SEC's] attorneys" and therefore, what defendant "really seeks is the practical equivalent of an examination of the SEC's attorneys."); *SEC v. SBM Investment Certificates, Inc.*, No. DKC2006-0866, 2007 U.S. Dist. LEXIS, at *72-73 (D. Md. Feb. 23, 2007) (rejecting argument that SEC could designate non-attorney witness where "[t]he designated witness would have to be fully and completely prepared by the investigating attorneys to discuss the noticed topics"); *SEC v. Buntrock*, No. 02C2180, 2004 U.S. Dist. LEXIS 12036, at * (N.D. Ill. June 25, 2004) (concluded that since the matter was investigated by SEC attorneys and SEC employees working under the direction of those attorneys, the Rule 30(b)(6) notice would "necessarily involve the testimony of attorneys assigned to the case, or require those attorneys to prepare other witnesses to testify"); *SEC v. Rosenfeld*, No. 97-CIV-1467, 1997 U.S. Dist. LEXIS 13996, at * 7-9 (S.D.N.Y. Sept. 12, 1997) ("Rather than using interrogatories . . . and Requests to Produce Documents . . . , and then taking the necessary oral discovery from the witnesses with knowledge of the facts alleged in the complaint, [the defendant] seeks to explore the extent of the SEC's knowledge (how much it knows and how much it does not know) as a result of the investigative efforts of its attorneys. This *Rule 30(b)(6)* discovery is obviously aimed at finding the nature of the SEC's attorney work product, and is denied for that reason.")\

[11] *Hickman v. Taylor*, 329 U.S. 495, 513 (1947).

[12] *See Nguyen v. Excel Corp.*, 197 F.3d 200, 209 (5th Cir. 1999); *Boughton v. Cotter Corp.*, 65 F.3d 823, 829 (10th Cir. 1995); *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986).

[13] *NFA Corp v. Riverview Narrow Fabrics, Inc.,* 117 F.R.D. 83, 85 (M.D.N.C. 1987).

[14] *Shelton*, 805 F.2d at 1327; *Nguyen*, 197 F.3d at 208.

1  meet this element. Likewise, Defendants cannot show, under the second criteria, that

2  they seek non-privileged information. Defendants have identified 59 categories of

3  information for Plaintiff's deposition, virtually all of which would include privileged

4  information. (Exhibit B).

5      It is well-settled that an attorney's choice of the factual material on which to

6  base a case constitutes information protected by the attorney work product privilege.[15]

7

8  DATED: January 25, 2016          **ESENSTEN LAW**
                                         Robert L. Esensten
9                                        Randi R. Geffner

10

11                                 By: */s/  Robert L. Esensten*
                                         _____
12                                       ROBERT L. ESENSTEN
                                         Attorneys for Defendants, DORON
13                                       NOTTEA and MOTTI NOTTEA

14

15  DATED: January 25, 2016          **FEDERAL TRADE COMMISSION**
                                         Jonathan E. Nuechterlein
16                                       Dama J. Brown
                                         Reid Tepfer
17                                       Raymond McKown

18                                 By: */s/  Reid Tepfer*
                                         _____
19                                       REID TEPFER
                                         Attorneys for Plaintiff, FEDERAL TRADE
20                                       COMMISSION

21

22

23

24

25

26  _____

27  [15] "This choice and arrangement constitutes opinion work product because [counsel's] selection and compilation of . . . documents reveals [his] thought processes and theories regarding this litigation. *In re Allen*, 106 F.3d 582, 608 (4th Cir. 1997), citing *Shelton*, 805 F.2d at 1329, and *Spork v. Peil*,

28  759 F.2d 312, 316 (3d Cir. 1985).

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 25, 2016, I electronically filed the document entitled **JOINT STATEMENT RE FRCP 30(b)(6) DEPOSITION NOTICE SERVED ON PLAINTIFF FEDERAL TRADE COMMISSION AND REQUEST FOR EXPEDITED DECISION** with the Clerk of the Court by using the CM/ECF system.

Respectfully submitted,


By:    */s/ Robert L. Esensten*
          Robert L. Esensten, Esq.