

United States of America
FEDERAL TRADE COMMISSION
Southwest Region

Reid Tepfer
Attorney

1999 Bryan St., Ste. 2150
Dallas, Texas 75201

(214) 979-9395
rtepfer@ftc.gov

January 14, 2016

Robert Esensten
Esensten Law
12100 Wilshire Blvd.
Suite 1660
Los Angeles, CA 90025

*Sent via email: resensten@esenstenlaw.com*

Re: *Rule 30(b)(6) Deposition Topics*

Dear Mr. Esensten:

      Pursuant to L.R. 37-1, I am writing to confer with you regarding the deposition topics outlined in your clients' Rule 30(b)(6) deposition notice. These topics are objectionable on several bases. First, the topics are overbroad. Rule 30 requires that the noticing party "describe with reasonable particularity the matters for examination." This notice fails to do so, instead requesting that the deponent be prepared to recite all facts, witnesses, and supporting evidence for all allegations in the FTC's Amended Complaint, as well as all facts concerning the investigation of your client. Many courts have concluded that a 30(b)(6) deposition is not designed to be a "memory contest," and while "Rule 30(b)(6) puts several duties on the designating party and on the deponent, [ ] one of them is not omniscience."[1]

      Second, the topics appear to request the deponent to testify concerning the privileged work product of the FTC's attorneys. The FTC witness cannot be compelled to testify concerning intended lines of proof for trial or summary judgment.[2] By requesting facts that

---

[1] *Alexander v. FBI*, 186 F.R.D. 137, 143 (D. D.C. 1998).

[2] *See, e.g., SEC v. Nacchio*, 2009 U.S. Dist. LEXIS 26847, at *33, 37 (D. Colo. 2009) (prohibiting 30(b)(6) testimony to discover how agency intended to marshal facts, documents, and statements in its possession and the inferences that the agency believed could be drawn from

support allegations of common enterprise or violations of statutes, these topics, in essence, request that the FTC deponent discuss the FTC's legal theory of the case. Accordingly, these topics are improper.

There is little time for us to confer regarding these issues and file a joint stipulation pursuant to L.R. 37-1 if we are unable to resolve this dispute. Accordingly, the FTC intends to file a motion to stay this deposition until we have followed the proper procedures. I suggest that we discuss this issue over the phone on Friday, January 15, 2016, at 1:00 p.m. Central time. If this time does not work for you, please propose another time within 10 days of the receipt of this letter. The FTC also intends for this letter to serve as our meet and confer concerning the FTC's motion to stay the deposition. Accordingly, unless you notify me by close of business tomorrow that you will agree to such a stay, I will be moving *ex parte* for such relief.

Respectfully,

/s/ *Reid Tepfer*

Reid Tepfer

---

and holding that requiring the agency to lay out its case chapter and verse would constantly intrude on work product); *SEC v. Buntrock*, 217 F.R.D. 441, 446 (N.D. Ill. 2003) (request for facts that in agency's view support allegations and agency's position on facts supporting allegations are not "merely facts" but legal theories), *aff'd*, 2004 U.S. Dist. LEXIS 12036, at *8-9 (N.D. Ill. 2004); *see also King Pharma., Inc. v. Eon Labs, Inc.*, 2008 U.S. Dist. LEXIS 98299, at *2-3 (E.D.N.Y. 2008) (party's 30(b)(6) requests did not seek to elicit underlying facts but rather elaborations on other party's legal theories which is improper use of 30(b)(6) depositions); *see also Myers v. Goldco, Inc.*, 2008 U.S. Dist. LEXIS 37089, at *7-8 (N.D. Fla. 2008) (holding that interrogatory about how each document supports claims sought mental impressions of party's attorney as to evidence that might be in the documents).