DAVID C. SHONKA
Acting General Counsel

DAMA J. BROWN
Regional Director

REID TEPFER
rtepfer@ftc.gov
Texas Bar No. 24079444
LUIS GALLEGOS
 lgallegos@ftc.gov
Oklahoma Bar No. 19098
Federal Trade Commission
1999 Bryan Street, Suite 2150
Dallas, Texas 75206
(214) 979-9395 (Tepfer)
(214) 979-9383 (Gallegos)
(214) 953-3079 (fax)

RAYMOND McKOWN
rmckown@ftc.gov
California Bar No. 150975
10877 Wilshire Boulevard, Suite 700
Los Angeles, California 90024
(310) 824-4343(voice)
(310) 824-4380 (fax)

Attorneys for Plaintiff Federal Trade Commission

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,**<br><br>Plaintiff,<br><br>v.<br><br>**BUNZAI MEDIA GROUP, INC.,** *et al.,*<br><br>**Defendants.** | **Case No.  CV 15-4527-GW(PLAx)**<br><br>**NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT ON ALL COUNTS AGAINST ALL DEFENDANTS; OR, IN THE ALTERNATIVE, FOR SUMMARY ADJUDICATION OF CLAIMS** |

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT ON ALL COUNTS AGAINST ALL DEFENDANTS; OR, IN THE ALTERNATIVE, FOR SUMMARY ADJUDICATION OF CLAIMS**

TO DEFENDANTS AND ALL OTHER INTERESTED PARTIES

Please take notice that on May 16, 2016, or as soon thereafter as counsel may be heard by the Court, Plaintiff Federal Trade Commission ("FTC") will and hereby does move the Court for summary judgment against Defendants Alon Nottea, Doron Nottea, Igor Latsanovski, Roi Reuveni, Alan Argaman, Secured Merchants LLC, CalEnergy, Inc, and Relief Defendant Chargeback Armor, Inc.

Plaintiff seeks summary judgment because there is no genuine issue as to any material fact and that Plaintiff is entitled to judgment as a matter of law for the following reasons:

1. Section 5(a) of the FTC Act 15 U.S.C. § 45(a), empowers the FTC to prevent "deceptive acts or practices in or affecting commerce."

2. Section 4 of the Restore Online Shoppers' Confidence Act ("ROSCA"), 15 U.S.C. § 8403, generally prohibits charging consumers for goods or services sold on the Internet through a negative option feature, unless the seller clearly and conspicuously discloses all material terms of the transaction before obtaining the consumer's billing information, obtains the consumer's express informed consent before making the charge, and provides a simple mechanism to stop recurring charges.

3. Under Section 5 of ROSCA, 15 U.S.C. § 8404, a violation of ROSCA is a violation of a rule promulgated under Section 18 of the FTC Act.

4. Section 907(a) of the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.10(b) require that, before a merchant can make recurring debits to a consumer's credit or debit card account, it must obtain a written authorization signed or similarly authenticated by the consumer.

5. Under Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), the Court is authorized to grant equitable relief, including injunctive and monetary relief, for violations of Section 5 of the FTC Act.

6. Under Section 19 of the FTC Act, 15 U.S.C. §§ 57b, Section 5 of ROSCA, 15 US.C. § 8404, and Section 917(c) of the EFTA, 15 U.S.C. § 1693o(c), the Court is authorized to grant such relief as the Court finds necessary to redress injury to consumers, including but not limited to rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten gains.

7. As alleged in Complaint Counts 1, 2, 3, and 4, Defendants have violated Section 5 of the FTC Act by making false and unsubstantiated claims in connection with:

    a. their failure to disclose the material terms of their offer to consumers;

    b. their false representations that their "trial offer" was "risk free";

      c. their false representations that their enterprise maintained an "A-" Better Business Bureau rating when in fact the lost their accreditation more than a year prior after receiving an "F" rating; and

      d. their charging consumer credit card accounts without authorization.

8. As alleged in Complaint Count 5, Defendants have violated Section 4 of ROSCA by:

      a. failing to disclose clearly, if at all, material terms of their negative option continuity plan;

      b. routinely charging consumers for continuity plans without obtaining their express informed consent; and

      c. failing to provide a simple mechanism for cancelling the continuity plan.

9. As alleged in Complaint Count 6, Defendants have violated Section 907(a) of the EFTA and its accompanying Regulation E by

      a. maintaining terms and conditions regarding recurring monthly fees are not clear and readily understandable; and

      b. failing to provide a consumer copy of credit charge authorizations, instead illegally relying upon their websites' obscure "Terms and

Conditions" hyperlinks to serve as such a copy despite their not complying with the EFTA's rules for consumer copies.

10. As alleged in Count 7, Defendant Chargeback Armor is liable for damages under Section 5 of the FTC Act because it received, directly or indirectly, funds and other assets from Defendants that are traceable to funds obtained from Defendants' customers through the unlawful acts or practices described herein.

This motion is based on this Notice of Motion and Motion; on the accompanying Memorandum of Points and Authorities and Statements of Uncontroverted Fact and Conclusions of Law; on the accompanying declarations and exhibits; on the declarations and exhibits filed by the FTC in support of the FTC's motion for preliminary injunction; on deposition testimony and discovery responses lodged or filed in conjunction with this Motion; on all pleadings and other documents on file in this action; and on such other matters as may be presented to the Court at the time of the hearing.

The FTC seeks the relief proposed in the accompanying [Proposed] Final Judgment for Permanent Injunction and other Equitable Relief against the Corporate Defendants and Individual Defendants.

This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on or about (date).

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT ON ALL COUNTS AGAINST ALL DEFENDANTS; OR, IN THE ALTERNATIVE, FOR SUMMARY ADJUDICATION OF CLAIMS**

Should the Court not grant summary judgment on all claims against all Defendants, Plaintiff requests that, pursuant to Rule 56(g) of the Federal Rules of Civil Procedure, the Court enter an order that states each material fact (including any items relating to equitable monetary relief) that the Court finds is not genuinely in dispute and which treats the fact as established in the case.

Respectfully submitted,

Dated: 4/18/16

    */s/ Reid Tepfer*
REID TEPFER,
Texas Bar No. 24079444
LUIS GALLEGOS
Oklahoma Bar No. 19098
Federal Trade Commission
1999 Bryan Street, Suite 2150
Dallas, Texas 75206
(214) 979-9395 (Tepfer)
(214) 979-9383 (Gallegos)
(214) 953-3079 (fax)
rtepfer@ftc.gov; lgallegos@ftc.gov

RAYMOND MCKOWN,
California Bar No. 150975
10877 Wilshire Boulevard, Suite 700
Los Angeles, California 90024
(310) 824-4343(voice)
(310) 824-4380 (fax)
rmcknown@ftc.gov

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT ON ALL COUNTS AGAINST ALL DEFENDANTS; OR, IN THE ALTERNATIVE, FOR SUMMARY ADJUDICATION OF CLAIMS**