1  ROBERT M. UNGAR (State Bar No. 102007)
   rmu@ungarlaw.com
2  2190 N Beverly Glen Blvd
   Los Angeles, CA 90077
3  Telephone: (310) 405-1884

4  BEN PETTIT (State Bar No. 135941)
   ben@benpettit.com
5  20 E. Pueblo Street
   Santa Barbara, CA 93105
6  Telephone (805) 896-5113

7  **Attorneys for:** Alon Nottea and
   Roi Reuveni

8

9                    **UNITED STATES DISTRICT COURT**

10                   **CENTRAL DISTRICT OF CALIFORNIA**

11

12

13  FEDERAL TRADE COMMISSION,              CASE NO.  2:15-CV-4527-GW (PLAx)

14                  Plaintiff,              Hon. George H. Wu
                                            Courtroom 10
15          v.

16  BUNZAI MEDIA GROUP, INC., et            **DEFENDANT ALON NOTTEA'S**
    al.,                                    **RESPONSES TO PLAINTIFF**
17                                          **FEDERAL TRADE COMMISSION'S**
                    Defendants.             **REQUEST FOR ADMISSIONS**
18

19  _____

20  SECURED MERCHANTS, LLC,
    CHARGEBACK ARMOR, INC.
21  AND ALAN ARGAMAN,

22                  Cross-Claimants

23  v.

24  ALON NOTTEA, an individual,

25                  Cross-Defendant.

26

27                                      1

28

REQUESTING PARTY:       Plaintiff, Federal Trade Commission

RESPONDING PARTY:       Defendant, Alon Nottea

SET NO:                 Two

1.      Admit that the Federal District Court for the Central District of California has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337(a), 1345, and 1355, and 15 U.S.C. §§ 45(a), 45(*l*), 53(b), and 56(a).

*Response:* Admit

2.      Admit that the complaint in this litigation alleges violations of the laws of the United States.

*Response:* Admit

3.      Admit that the complaint alleges violations of the Federal Trade Commission Act.

*Response:* Admit

4.      Admit that the complaint alleges violations of the Restore Online Shoppers

*Response:* Admit

5.      Admit that the complaint alleges violations of the Electronic Funds Transfer Act.

*Response:* Admit

6.      Admit that venue is proper in the Central District of California under 28 U.S.C. §§ 1391(b)(1), (b)(2), (c)(1), (c)(2), and (d) and 1395(a) and 15 U.S.C. §53(b).

*Response:* Admit

7.      Admit that Doron Nottea has been an officer of BunZai Media Group, Inc.

*Response:* Deny

2

DEFENDANT ALON NOTTEA'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION

8.     Admit that Doron Nottea was an owner of BunZai Media Group, Inc. since at least January 1, 2010.

*Response:* Deny

9.     Admit that, since at least January 2010, Doron Nottea has controlled or had the authority to control the business operations of BunZai Media Group, Inc.

*Response:* Deny

10.     Admit that Doron Nottea was involved in the day-to-day operations of BunZai Media Group, Inc.

*Response:* Deny

11.     Admit that Doron Nottea had knowledge that consumers had alleged that unauthorized charges were being billed to consumers' credit cards by BunZaiMedia Group, Inc.

*Response:* Deny

12.     Admit that Doron Nottea had knowledge that consumers had alleged that unauthorized charges were being billed to consumers' debit cards by BunZai Media Group, Inc.

*Response:* Deny

13.     Admit that Doron Nottea transacts or has transacted business in the Central District of California.

*Response:* Admit

14.     Admit that Doron Nottea resides in the Central District of California.

*Response:* Admit

15.     Admit that Doron Nottea resides at ███████████, Tarzana, California.

*Response:* Admit

16.     Admit that Alon Nottea has been an officer of BunZai Media Group, Inc.

3

DEFENDANT ALON NOTTEA'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION

1    *Response:* Admit

2        17.    Admit that Alon Nottea was an owner of BunZai Media Group, Inc.

3    since at least January 1, 2010.

4    *Response:* Admit

5        18.    Admit that Alon Nottea was involved in the day-to-day operations of

6    BunZai Media Group, Inc.

7    *Response:* Admit

8        19.    Admit that Alon Nottea had knowledge that consumers had alleged

9    that unauthorized charges were being billed to consumers' credit cards BunZai

10   Media Group, Inc.

11   *Response:* Objection as to the form of the question. Vague and ambiguous.

12   Without waiving the objection, deny.

13       20. Admit that Alon Nottea had knowledge that consumers had alleged that

14   unauthorized charges were being billed to consumers' debit cards BunZai Media

15   Group, Inc.

16   *Response:* Objection as to the form of the question. Vague and ambiguous.

17   Without waiving the objection, deny.

18       21.    Admit that, since at least January 2010, Alon Nottea has controlled or

19   had the authority to control the business operations of BunZai Media Group, Inc.

20   *Response:* Admit

21       22.    Admit that Alon Nottea transacts or has transacted business in the

22   Central District of California.

23   *Response:* Admit

24       23.    Admit that Alon Nottea resides in the Central District of California.

25   *Response:* Admit

26       24.    Admit that Alon Nottea resides at ███████████████, Winnetka,

27   California.

28
                                    4

1    *Response:* Admit

2    25.    Admit that Igor Latsanovski has been an officer of BunZai Media

3    Group, Inc.

4    *Response:* Deny

5    26.    Admit that Igor Latsanovski was an owner of BunZai Media Group,

6    Inc. since at least January 1, 2010.

7    *Response:* Deny

8    27.    Admit that, since at least January 2010, Igor Latsanovski has

9    controlled or had the authority to control the business operations of BunZai Media

10   Group, Inc.

11   *Response:* Deny

12   28.    Admit that Igor Latsanovski had knowledge that consumers had

13   alleged that unauthorized charges were being billed to consumers' credit cards by

14   BunZai Media Group, Inc.

15   *Response:* Objection as to the form of the question. Vague and ambiguous.

16   Without waiving the objection, deny.

17   29.    Admit that Igor Latsanovski had knowledge that consumers had

18   alleged that unauthorized charges were being billed to consumers' debit cards

19   BunZai Media Group, Inc.

20   *Response:* Objection as to the form of the question. Vague and ambiguous.

21   Without waiving the objection, deny.

22   30.    Admit that Igor Latsanovski transacts or has transacted business in the

23   Central District of California.

24   *Response:* Admit

25   31.    Admit that Igor Latsanovski resides in the Central District of

26   California.

27   *Response:* Admit

28

5

DEFENDANT ALON NOTTEA'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION

32.     Admit that Igor Latsanovski resides at ███████████, Calabasas, California.

*Response:* Admit

33.     Admit that Motti Nottea has been an officer of BunZai Media Group, Inc.

*Response:* Deny

34.     Admit that Motti Nottea was the CEO of BunZai Media Group, Inc.

*Response:* Deny

35.     Admit that Motti Nottea was an owner of BunZai Media Group, Inc. since at least January 1, 2010.

*Response:* Deny

36.     Admit that, since at least January 2010, Motti Nottea has controlled or had the authority to control the business operations of BunZai Media Group, Inc.

*Response:* Deny

37.     Admit that Motti Nottea transacts or has transacted business in the Central District of California.

*Response:* Admit

38.     Admit that Motti Nottea had a merchant account in his name for BunZai Media Group, Inc.

*Response:* Deny

39.     Admit that Motti Nottea resides in the Central District of California.

*Response:* Deny

40.     Admit that Motti Nottea resides at ███████████, Tarzana, California.

*Response:* Deny

6

DEFENDANT ALON NOTTEA'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION

41.   Admit that Roi Reuveni has been an officer of BunZai Media Group, Inc.

*Response:* Deny

42.   Admit that Roi Reuveni has been a manager of the customer service department of BunZai Media Group, Inc.

*Response:* Deny

43.   Admit that Roi Reuveni has been the manager of the chargebacks department of BunZai Media Group, Inc.

*Response:* Deny

44.   Admit that, acting alone or in concert with others, Roi Reuveni drafted the deceptive template used to respond by BunZai Media Group, Inc. to respond to financial institutions when consumers requested chargebacks.

*Response:* Deny

45.   Admit that, since at least January 2010, Roi Reuveni has controlled or had the authority to control the business operations of BunZai Media Group, Inc.

*Response:* Deny

46.   Admit that Roi Reuveni transacts or has transacted business in the Central District of California.

*Response:* Admit

47.   Admit that Roi Reuveni resides in the Central District of California.

*Response:* Admit

48.   Admit that Roi Reuveni resides at ███████████████████, Woodland Hills, California.

*Response:* Admit

49.   Admit that Kristopher Bond has been an officer of BunZai Media Group, Inc.

*Response:* Admit

7

DEFENDANT ALON NOTTEA'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION

1    50.    Admit that Kristopher Bond was an owner of BunZai Media Group,
2 Inc. since at least January 1, 2010.

3    *Response:* Admit

4    51.    Admit that Kristopher Bond was involved in the day-to-day operations
5 of BunZai Media Group, Inc.

6    *Response:* Admit

7    52.    Admit that Kristopher Bond had knowledge that consumers had
8 alleged that unauthorized charges were being billed to consumers' credit cards
9 BunZai Media Group, Inc.

10    *Response:* Deny

11    53.    Admit that Kristopher Bond had knowledge that consumers had
12 alleged that unauthorized charges were being billed to consumers' debit cards
13 BunZai Media Group, Inc.

14    *Response:* Deny

15    54.    Admit that BunZai Media Group, Inc., was incorporated in California
16 on January 1, 2010.

17    *Response:* Admit

18    55.    Admit that, since BunZai Media Group, Inc.'s formation, it has
19 maintained a substantial course of trade in or affecting commerce, as "commerce"
20 is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

21    *Response:* Admit, as to all times prior to its dissolution. Otherwise, denied.

22    56.    Admit that BunZai Media Group, Inc. has offered for sale, sold, and
23 distributed skincare products to consumers throughout the United States.

24    *Response:* Admit, as to all times prior to its dissolution. Otherwise, denied.

25    57.    Admit that BunZai Media Group is not exempt from the coverage of
26 the Federal Trade Commission Act by statute.

27    *Response:* Admit, as to all times prior to its dissolution. Otherwise, denied.

28

8

DEFENDANT ALON NOTTEA'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION

58.     Admit that BunZai Media Group, Inc. is a for-profit corporation.

*Response:* Admit, as to all times prior to its dissolution. Otherwise, denied.

59.     Admit that BunZai Media Group, Inc has offered for sale, sold, and distributed skincare products using the name AuraVie.

*Response:* Admit, as to times prior to its dissolution. Otherwise, denied.

60.     Admit that BunZai Media Group, Inc has offered for sale, sold, and distributed skincare products using the name Dellure.

*Response:* Deny

61.     Admit that BunZai Media Group, Inc has offered for sale, sold, and distributed skincare products using the name Miracle Face Kit.

*Response:* Admit, as to times prior to its dissolution. Otherwise, denied.

62.     Admit that BunZai Media Group, Inc has offered for sale, sold, and distributed skincare products using the website AuraViefreetrial.com.

*Response:* Deny

63.     Admit that BunZai Media Group, Inc has offered for sale, sold, and distributed skincare products using the website mymiraclekit.com.

*Response:* Deny

64.     Admit that BunZai Media Group, Inc has offered for sale, sold, and distributed skincare products using the website miraclefacekit.com.

*Response:* Deny

65.     Admit that BunZai Media Group, Inc has offered for sale, sold, and distributed skincare products using the term "risk free trial."

*Response:* Deny

66.     Admit that BunZai Media Group, Inc has offered for sale, sold, and distributed skincare products using the term "gifts."

*Response:* Deny

9

DEFENDANT ALON NOTTEA'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION

67.     Admit that consumers who bought BunZai Media Group, Inc.'s skin care products had to return the product within 10 days to avoid being charged for the product.

*Response:* Deny

68.     Admit that consumers who bought BunZai Media Group, Inc.'s skin care products had to return the product within 10 days to avoid being subscribed into a negative option continuity plan.

*Response:* Deny

69.     Admit that consumers who bought BunZai Media Group, Inc.'s skin care products had to return the product within 10 days to avoid being subscribed into a negative option continuity plan that would charge the consumers a monthly fee.

*Response:* Deny

70.     Admit that consumers who bought BunZai Media Group, Inc.'s skin care products had to return the product within 10 days to avoid being subscribed into a negative option continuity plan that would charge the consumers a fee of about $97.88.

*Response:* Deny

71.     Admit that consumers who bought BunZai Media Group, Inc.'s skin care products had to pay a shipping and handling charge.

*Response:* Admit

72.     Admit that BunZai Media Group, Inc., processed consumer skincare payments through a merchant account in the name of Agoa Holdings, Inc.

*Response:*     Deny

73.     Admit that BunZai Media Group, Inc. processed consumer skincare payments through a merchant account in the name of Zen Mobile Media, Inc.

*Response:* Deny

10

DEFENDANT ALON NOTTEA'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION

74. Admit that BunZai Media Group, Inc. processed consumer skincare payments through a merchant account in the name of SafeHaven Ventures, Inc.

*Response:* Deny

75. Admit that BunZai Media Group, Inc. processed consumer skincare payments through a merchant account in the name of Heritage Alliance Group, Inc.

*Response:* Deny

76. Admit that BunZai Media Group, Inc. processed consumer skincare payments through a merchant account in the name of AMD Financial Network, Inc.

*Response:* Deny

77. Admit that BunZai Media Group, Inc. processed consumer skincare payments through a merchant account in the name of Kai Media, Inc.

*Response:* Deny

78. Admit that BunZai Media Group, Inc. processed consumer skincare payments through a merchant account in the name Insight Media, Inc.

*Response:* Deny

79. Admit that SBM Management, Inc.'s corporate credit card was used to pay BunZai Media Group, Inc.'s websites.

*Response:* Objection as to the form of the question. Vague and ambiguous. Without waiving the objection, deny.

80. Admit that Media Urge, Inc. was used by BunZai Media Group, Inc. to secure third-party advertising tracked sales.

*Response:* Objection as to the form of the question. Vague and ambiguous. Without waiving the objection, deny.

81. Admit that Media Urge, Inc. was used by BunZai Media Group, Inc. to deisgn marketing materials.

*Response:* Admit.

82. Admit that Doron Nottea has been an officer of Pinnacle Logistics, Inc.

11

DEFENDANT ALON NOTTEA'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION

1      *Response:* Deny

2      83.    Admit that Doron Nottea was an owner of Pinnacle Logistics, Inc.

3 since at least January 1, 2010.

4      *Response:* Deny

5      84.    Admit that, since at least January 2010, Doron Nottea has controlled or

6 had the authority to control the business operations of Pinnacle Logistics, Inc.

7      *Response:* Deny

8      85.    Admit that Doron Nottea had knowledge that consumers had alleged

9 that unauthorized charges were being billed to consumers' debit cards by Pinnacle

10 Logistics, Inc.

11      *Response:* Deny

12      86.    Admit that Doron Nottea had knowledge that consumers had alleged

13 that unauthorized charges were being billed to consumers' credit cards by Pinnacle

14 Logistics, Inc.

15      *Response:* Deny

16      87.    Admit that Alon Nottea has been an officer of Pinnacle Logistics, Inc.

17      *Response:* Deny

18      88.    Admit that Alon Nottea was an owner of Pinnacle Logistics, Inc. since

19 at least January 1, 2010.

20      *Response:* Deny

21      89.    Admit that Alon Nottea was involved in the day-to-day operations of

22 Pinnacle Logistics, Inc.

23      *Response:* Deny

24      90.    Admit that Alon Nottea had knowledge that consumers had alleged

25 that unauthorized charges were being billed to consumers' credit cards by Pinnacle

26 Logistics, Inc.

27      *Response:* Deny

28

DEFENDANT ALON NOTTEA'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION

91.    Admit that Alon Nottea had knowledge that consumers had alleged that unauthorized charges were being billed to consumers' debit cards by Pinnacle Logistics, Inc.

*Response:* Deny

92.    Admit that Alon Nottea has controlled or had the authority to control the business operations of Pinnacle Logistics, Inc.

*Response:* Deny

93.    Admit that Oz Mizrahi has been an officer of Pinnacle Logistics, Inc.

*Response:* Admit

94.    Admit that Oz Mizrahi was an owner of Pinnacle Logistics, Inc. since at least January 1, 2010.

*Response:* Admit

95.    Admit that Oz Mizrahi was involved in the day-to-day operations of Pinnacle Logistics, Inc.

*Response:* Deny

96.    Admit that Oz Mizrahi had knowledge that consumers had alleged that unauthorized charges were being billed to consumers' credit cards by Pinnacle Logistics, Inc.

*Response:* Deny

97.    Admit that Oz Mizrahi had knowledge that consumers had alleged that unauthorized charges were being billed to consumers' debit cards by Pinnacle Logistics, Inc.

*Response:* Deny

98.    Admit that Oz Mizrahi has controlled or had the authority to control the business operations of Pinnacle Logistics, Inc.

*Response:* Deny

13

DEFENDANT ALON NOTTEA'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION

1    99.    Admit that Igor Latsanovski has been an officer of Pinnacle Logistics,

2  Inc.

3    *Response:* Deny

4    100.    Admit that Igor Latsanovski was an owner of Pinnacle Logistics, Inc.

5  since at least January 1, 2010.

6    *Response:* Deny

7    101.    Admit that, since at least January 2010, Igor Latsanovski has

8  controlled or had the authority to control the business operations of Pinnacle

9  Logistics, Inc.

10    *Response:* Deny

11    102.    Admit that Igor Latsanovski had knowledge that consumers had

12  alleged that unauthorized charges were being billed to consumers' debit cards by

13  Pinnacle Logistics, Inc.

14    *Response:* Deny

15    103.    Admit that Igor Latsanovski had knowledge that consumers had

16  alleged that unauthorized charges were being billed to consumers' credit cards by

17  Pinnacle Logistics, Inc.

18    *Response:* Deny

19    104.    Admit that Motti Nottea has been an officer of Pinnacle Logistics, Inc.

20    *Response:* Deny

21    105.    Admit that, since at least January 2010, Motti Nottea has controlled or

22  had the authority to control the business operations of Pinnacle Logistics, Inc.

23    *Response:* Deny

24    106.    Admit that Roi Reuveni has been an officer of Pinnacle Logistics, Inc.

25    *Response:* Admit

26    107.    Admit that Roi Reuveni has been a manager of the customer service

27  department of Pinnacle Logistics, Inc.

28

DEFENDANT ALON NOTTEA'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION

1    *Response:* Admit

2    108.   Admit that Roi Reuveni has been the manager of the chargebacks

3    department of Pinnacle Logistics, Inc.

4    *Response:* Admit

5    109.   Admit that, acting alone or in concert with other, Roi Reuveni drafted

6    the template used to respond by Pinnacle Logistics, Inc. to respond to financial

7    institutions when consumers requested chargebacks.

8    *Response:* Deny

9    110.   Admit that, since at least January 2010, Roi Reuveni has controlled or

10   had the authority to control the business operations of Pinnacle Logistics, Inc.

11   *Response:* Admit

12   111.   Admit that Pinnacle Logistics, Inc., was incorporated in California on

13   June 6, 2012.

14   *Response:* Admit

15   112.   Admit that, since Pinnacle Logistics, Inc.'s formation, it has

16   maintained a substantial course of trade in or affecting commerce, as "commerce"

17   is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

18   *Response:* Admit

19   113.   Admit that Pinnacle Logistics, Inc. has offered for sale, sold, and

20   distributed skincare products to consumers throughout the United States.

21   *Response:* Deny

22   114.   Admit that Pinnacle Logistics is not exempt from the coverage of the

23   Federal Trade Commission Act by statute.

24   *Response:* Admit

25   115.   Admit that Pinnacle Logistics, Inc. is a for-profit corporation.

26   *Response:* Admit

27

28

15

DEFENDANT ALON NOTTEA'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION

116.   Admit that Pinnacle Logistics, Inc., has offered for sale, sold, and distributed skincare products using the name AuraVie.

*Response:* Deny

117.   Admit that Pinnacle Logistics, Inc., has offered for sale, sold, and distributed skincare products using the name Dellure.

*Response:* Deny

118.   Admit that Pinnacle Logistics, Inc., has offered for sale, sold, and distributed skincare products using the name Miracle Face Kit.

*Response:* Deny

119.   Admit that Pinnacle Logistics, Inc., has offered for sale, sold, and distributed skincare products using the website AuraViefreetrial.com.

*Response:* Deny

120.   Admit that Pinnacle Logistics, Inc., has offered for sale, sold, and distributed skincare products using the website mymiraclekit.com.

*Response:* Deny

121.   Admit that Pinnacle Logistics, Inc., has offered for sale, sold, and distributed skincare products using the website miraclefacekit.com.

*Response:* Deny

122.   Admit that Pinnacle Logistics, Inc., has offered for sale, sold, and distributed skincare products using the term "risk free trial."

*Response:* Deny

123.   Admit that Pinnacle Logistics, Inc., has offered for sale, sold, and distributed skincare products using the term "gifts."

*Response:* Deny

124.   Admit that Pinnacle Logistics, Inc., has offered for sale, sold, and distributed skincare products using the term "risk free trials."

*Response:* Deny

16

DEFENDANT ALON NOTTEA'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION

125.   Admit that consumers who bought Pinnacle Logistics, Inc.'s skin care products had to return the product within 10 days to avoid being charged for the product.

*Response:* Deny

126.   Admit that consumers who bought Pinnacle Logistics, Inc.'s skin care products had to return the product within 10 days to avoid being subscribed into a negative option continuity plan.

*Response:* Deny

127.   Admit that consumers who bought Pinnacle Logistics, Inc.'s skin care products had to return the product within 10 days to avoid being subscribed into a negative option continuity plan that would charge the consumers a monthly fee.

*Response:* Deny

128.   Admit that consumers who bought Pinnacle Logistics, Inc.'s skin care products had to return the product within 10 days to avoid being subscribed into a negative option continuity plan that would charge the consumers a fee of about $97.88.

*Response:* Deny

129.   Admit that consumers who bought Pinnacle Logistics, Inc.'s skin care products had to pay a shipping and handling charge.

*Response:* Deny

130.   Admit that Pinnacle Logistics, Inc. processed consumer skincare payments through a merchant account in the name of Agoa Holdings, Inc.

*Response:* Deny

131.   Admit that Pinnacle Logistics, Inc. processed consumer skincare payments through a merchant account in the name of Zen Mobile Media, Inc.

*Response:* Deny

17

DEFENDANT ALON NOTTEA'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION

132.   Admit that Pinnacle Logistics, Inc. processed consumer skincare payments through a merchant account in the name of SafeHaven Ventures, Inc.

*Response:* Deny

133.   Admit that Pinnacle Logistics, Inc. processed consumer skincare payments through a merchant account in the name of Heritage Alliance Group, Inc.

*Response:* Deny

134.   Admit that Pinnacle Logistics, Inc. processed consumer skincare payments through a merchant account in the name of AMD Financial Network, Inc.

*Response:* Deny

135.   Admit that Pinnacle Logistics, Inc. processed consumer skincare payments through a merchant account in the name of Kai Media, Inc.

*Response:* Deny

136.   Admit that Pinnacle Logistics, Inc. processed consumer skincare payments through a merchant account in the name Insight Media, Inc.

*Response:* Deny

137.   Admit that SBM Management, Inc.'s corporate credit card was used to pay Pinnacle Logistics, Inc.'s websites.

*Response:* Objection as to the form of the question. Vague and ambiguous. Without waiving the objection, deny.

138.   Admit that Media Urge, Inc. was used by Pinnacle Logistics, Inc. to secure third-party advertising tracked sales.

*Response:* Deny

139.   Admit that Media Urge, Inc. was used by Pinnacle Logistics, Inc. to deisgn marketing materials.

*Response:* Deny

140.   Admit that Paul Medina is or was the Executive President or Vice President of Media Urge, Inc..

18

DEFENDANT ALON NOTTEA'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION

*Response:* Admit

141.   Admit Paul Medina was the manager of the call center for Pinnacle Logistics, Inc.

*Response:* Deny

142.   Admit that Paul Medina is or was the manager of Focus Media Solutions.

*Response:* Admit

143.   Admit that each Corporate Defendant is not exempt from the coverage of the Federal Trade Commission Act by statute.

*Response:* Admit

144.   Admit that each Individual Defendants are not exempt from the coverage of the Federal Trade Commission Act by statute.

*Response:* Admit

145.   Admit that misrepresentations or deceptive omissions of material fact constitute deceptive acts or practices prohibited by Section 5(a) of the FTC Act.

*Response: Objection as to the form of the question. Vague and ambiguous. Legal conclusion.*

146.   Admit that Defendants' representations that Defendants' skincare products were free was false.

*Response:* Deny

147.   Admit that Defendants' representations about its free skincare products constituted a deceptive act or practice in violation of Section 5 of the FTC Act, 15 U.S.C. § 45(a).

*Response:* Deny

148.   Admit that Sections 5(*l*) and 13(b) of the FTC Act, 15 U.S.C. §§ 45(*l*) and 53(b), empower this Court to grant injunctive and such other relief as the Court may deem appropriate to halt and redress violations of the FTC Act.

19

DEFENDANT ALON NOTTEA'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION

1  *Response:* Objection as to the form of the question. Vague and ambiguous.

2  Legal conclusion.

3      149.   Admit that the Court, in the exercise of its equitable jurisdiction, may

4  award ancillary relief, including rescission or reformation of contracts, restitution,

5  the refund of monies paid, and the disgorgement of ill-gotten monies, to prevent

6  and remedy any violation of any provision of law enforced by the FTC.

7      *Response:* Objection as to the form of the question. Vague and ambiguous.

8  Legal conclusion.

9      150.   Admit that Alon Nottea, Khristopher Bond, and Igor Latsanovski were

10  partners in BunZai Media Group, Inc.

11     *Response:* Deny

12     151.   Admit that Doron Nottea's office contained pre-signed checks for

13  companies all Corporate Defendants.

14     *Response:* Objection as to the form of the question. Vague and ambiguous.

15  Without waiving the objection, deny.

16     152.   Admit that BunZai Media Group, Inc., directly or indirectly, opened

17  merchant accounts in Latvia.

18     *Response:* Deny

19     153.   Admit that BunZai Media Group, Inc., directly or indirectly, opened

20  merchant accounts in Estonia.

21     *Response:* Deny

22     154.   Admit that Alon Nottea, directly or indirectly, opened merchant

23  accounts in Latvia.

24     *Response:* Deny

25     155.   Admit that Alon Nottea, directly or indirectly, opened merchant

26  accounts in Estonia.

27     *Response:* Deny

28

20

DEFENDANT ALON NOTTEA'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION

156.   Admit that Secured Merchants LLC processed, refuted, or responded to AuraVie chargebacks.

*Response*: Objection as to the form of the question. Vague and ambiguous. Without waiving the objection, as to automated processing it is admitted, but otherwise, denied.

157. Admit that Chargeback Armor, Inc. processed, refuted, or responded to AuraVie chargebacks.

*Response:* Objection as to the form of the question. Vague and ambiguous. Without waiving the objection, as to automated processing and response, it is admitted, but otherwise, denied.

158.   Admit that Secured Merchants LLC processed, refuted, or responded to Dellure chargebacks.

*Response:* Objection as to the form of the question. Vague and ambiguous. Without waiving the objection, as to automated processing it is admitted, but otherwise, denied.

159.   Admit that Chargeback Armor, Inc. processed, refuted, or responded to Dellure chargebacks.

*Response:* Objection as to the form of the question. Vague and ambiguous. Without waiving the objection, as to automated processing and response, it is admitted, but otherwise, denied.

160.   Admit that Secured Merchants LLC processed, refuted, or responded to Miracle Face Kit chargebacks.

*Response:* Objection as to the form of the question. Vague and ambiguous. Without waiving the objection, deny.

161.   Admit that Chargeback Armor, Inc. processed, refuted, or responded to Miracle Face Kit chargebacks.

21

DEFENDANT ALON NOTTEA'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION

1   *Response:* Objection as to the form of the question. Vague and ambiguous.

2   Without waiving the objection, deny.

3       162.   Admit that Secured Merchants LLC processed, refuted, or responded

4   to Defendants' skincare product chargebacks.

5       *Response:* Objection as to the form of the question. Vague and ambiguous.

6   Without waiving the objection, as to automated processing it is admitted, but

7   otherwise, denied.

8       163.   Admit that Chargeback Armor, Inc. processed, refuted, or responded to

9   Defendants' skincare product chargebacks.

10      *Response:* Objection as to the form of the question. Vague and ambiguous.

11   Without waiving the objection, as to automated processing and response, it is

12   admitted, but otherwise, denied.

13      164.   Admit that BunZai Media Group, Inc. did not provide refunds to all

14   consumers who returned AuraVie products within 10 day period.

15      *Response:* Objection as to the form of the question. Vague and ambiguous.

16   Without waiving the objection, deny.

17      165.   Admit that BunZai Media Group, Inc. failed to obtain a written

18   authorization signed or similarly authenticated by the consumer for AuraVie sales.

19      *Response:* Objection as to the form of the question. Vague and ambiguous.

20   Without waiving the objection, deny.

21      166.   Admit that BunZai Media Group, Inc. failed to provide a consumers a

22   copy of the consumer's authorization of payment for AuraVie products.

23      *Response:* Objection as to the form of the question. Vague and ambiguous.

24   Without waiving the objection, deny.

25      167.   Admit that BunZai Media Group, Inc. did not provide refunds to all

26   consumers who returned Dellure products within 10 day period.

27

28

DEFENDANT ALON NOTTEA'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION

1   *Response:* Objection as to the form of the question. Vague and ambiguous.
2   Without waiving the objection, deny.

3      168.   Admit that BunZai Media Group, Inc. failed to obtain a written
4   authorization signed or similarly authenticated by the consumer for Dellure sales.

5      *Response:* Objection as to the form of the question. Vague and ambiguous.
6   Without waiving the objection, deny.

7      169.   Admit that BunZai Media Group, Inc. did not provide refunds to all
8   consumers who returned Miracle Face Kit products within 10 day period.

9      *Response:* Objection as to the form of the question. Vague and ambiguous.
10   Without waiving the objection, deny.

11      170.   Admit that BunZai Media Group, Inc. failed to obtain a written
12   authorization signed or similarly authenticated by the consumer for Miracle Face
13   Kit sales.

14      *Response:* Objection as to the form of the question. Vague and ambiguous.
15   Without waiving the objection, deny.

16      171.   Admit that BunZai Media Group, Inc. failed to provide a consumers a
17   copy of the consumer's authorization of payment for Miracle Face Kit products.

18      *Response:* Objection as to the form of the question. Vague and ambiguous.
19   Without waiving the objection, deny.

20      172.   Admit that BunZai Media Group, Inc. did not provide refunds to all
21   consumers who returned Defendants' skincare products within 10 day period.

22      *Response:* Objection as to the form of the question. Vague and ambiguous.
23   Without waiving the objection, deny.

24      173.   Admit that BunZai Media Group, Inc. failed to obtain a written
25   authorization signed or similarly authenticated by the consumer for Defendants'
26   skincare sales.

27      *Response:* Objection as to the form of the question. Vague and ambiguous.
28

23

DEFENDANT ALON NOTTEA'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION

Without waiving the objection, deny.

174.   Admit that BunZai Media Group, Inc. failed to provide a consumers a copy of the consumer's authorization of payment for Defendants' skincare products.

*Response:* Objection as to the form of the question. Vague and ambiguous. Without waiving the objection, deny.

175.   Admit that BunZai Media Group, Inc. failed to provide a consumers a copy of the consumer's authorization of payment for Dellure products.

*Response:* Objection as to the form of the question. Vague and ambiguous. Without waiving the objection, deny.

176.   Admit that BunZai Media Group, Inc., processed credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a negative option.

*Response:* Objection as to the form of the question. Vague and ambiguous. Without waiving the objection, admit.

177.   Admit that Pinnacle Logistics, Inc., processed credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a negative option.

*Response:* Objection as to the form of the question. Vague and ambiguous. Without waiving the objection, deny.

178.   Admit that DSA Holdings, Inc., processed credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a negative option.

*Response:* Objection as to the form of the question. Vague and ambiguous. Without waiving the objection, admit.

DEFENDANT ALON NOTTEA'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION

179.   Admit that Lifetyle Media Brands, Inc., had no other business purpose than to process credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a negative option.

*Response:* Objection as to the form of the question. Vague and ambiguous. Without waiving the objection, deny.

180.   Admit that Agoa Holdings, Inc., had no other business purpose than to process credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a negative option.

*Response:* Objection as to the form of the question. Vague and ambiguous. Without waiving the objection, deny.

181.   Admit that Zen Mobile Media, Inc., had no other business purpose than to process credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a negative option.

*Response:* Objection as to the form of the question. Vague and ambiguous. Without waiving the objection, deny.

182.   Admit that Safehaven Ventures, Inc., had no other business purpose than to process credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a negative option.

*Response:* Objection as to the form of the question. Vague and ambiguous. Without waiving the objection, deny.

183.   Admit that Heritage Alliance Group, Inc., had no other business purpose than to process credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a negative option.

*Response:* Objection as to the form of the question. Vague and ambiguous. Without waiving the objection, deny.

25

184.   Admit that AMD Financial Network, Inc., had no other business purpose than to process credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit, other skincare products sold by Defendants through a negative option.

*Response:* Objection as to the form of the question. Vague and ambiguous. Without waiving the objection, deny.

185.   Admit that SBM Management, Inc., processed credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a negative option.

*Response:* Deny

186.   Admit that Media Urge, Inc., processed credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a negative option.

*Response:* Deny

187.   Admit that Adageo, LLC, processed credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a negative option.

*Response:* Deny

188.   Admit that Calenergy, Inc., processed credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a negative option.

*Response:* Deny

189.   Admit that Kai Media, Inc., had no other business purpose than to process credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a negative option.

*Response:* Objection as to the form of the question. Vague and ambiguous. Without waiving the objection, deny.

26

DEFENDANT ALON NOTTEA'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION

190.   Admit that Insight Media, Inc., had no other business purpose than to process credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a negative option.

*Response:* Objection as to the form of the question. Vague and ambiguous. Without waiving the objection, deny.

191.   Admit that Focus Media Solutions, Inc., processed credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a negative option.

*Response:* Deny

192.   Admit that Secured Commerce, LLC, processed credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a negative option.

*Response:* Deny

193.   Admit that USM Products, Inc., processed credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a negative option.

*Response:* Deny

194.   Admit that USM Products, Inc., was used to make bulk purchases of products and containers for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a negative option.

*Response:*  Objection as to the form of the question. Vague and ambiguous. Without waiving the objection, admit as to AuraVie, only. Otherwise, deny.

195.   Admit that Merchant Leverage Group, Inc., processed credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a negative option.

*Response:* Deny

DEFENDANT ALON NOTTEA'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION

196.   Admit that DMA Medial Holdings, Inc., had no other business purpose than to process credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a negative option.

*Response:* Objection as to the form of the question. Vague and ambiguous. Without waiving the objection, deny.

197.   Admit that Shalita Holdings, Inc., had no other business purpose than to process credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a negative option.

*Response:* Objection as to the form of the question. Vague and ambiguous. Without waiving the objection, deny.

198.   Admit that All Star Beauty Products, Inc., had no other business purpose than to process credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a negative option.

*Response:* Objection as to the form of the question. Vague and ambiguous. Without waiving the objection, deny.

199.   Admit that Secured Merchants, LLC established voice logix services for BunZai Media Group, Inc.

*Response:* Objection as to the form of the question. Vague and ambiguous. Without waiving the objection, deny.

200.   Admit that Secured Merchants, LLC established voice logix services for Pinnacle Logistics, Inc.

*Response:* Objection as to the form of the question. Vague and ambiguous. Without waiving the objection, deny.

201.   Admit that Secured Merchants, LLC established voice logix services for Corporate Defendants.

*Response:* Objection as to the form of the question. Vague and ambiguous.

28

DEFENDANT ALON NOTTEA'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION

1    Without waiving the objection, deny.

2    202.   Admit that Alon Nottea used the alias name "Jay Michaels."

3    *Response:* Admit

4    203.   Admit that Doron controlled deposit stamps for all Corporate

5    Defendants.

6    *Response:* Deny

7    204.   Admit that Igor Latsanovski reviewed AuraVie's website.

8    *Response:* Following reasonable inquiry, the information known or can

9    readily be obtained is insufficient to either admit or deny. Not having sufficient

10   information or belief to respond, it is denied.

11   205.   Admit that Igor Latsanovski reviewed all Corporate Defendants'

12   website(s).

13   *Response:* Following reasonable inquiry, the information known or can

14   readily be obtained is insufficient to either admit or deny. Not having sufficient

15   information or belief to respond, it is denied.

16   206.   Admit that Roi Reuveni was a manager in Pinnacle's chargeback

17   department.

18   *Response:* Admit

19   207.   Admit that Roi Reuveni was a manager in Pinnacle's call center.

20   *Response:* Admit

21   208.   Admit that Alan Argaman was sole owner of corporate defendants

22   Secured Merchants, LLC.

23   *Response:* Following reasonable inquiry, the information known or can

24   readily be obtained is insufficient to either admit or deny. Not having sufficient

25   information or belief to respond, it is denied.

26   209.   Admit that at least 27 companies were used as payment processors for

27   AuraVie products.

28

29

DEFENDANT ALON NOTTEA'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION

1     *Response:* Deny

2     210.   Admit that at least 27 companies were used as payment processors for

3     Dellure products.

4     *Response:* Deny

5     211.   Admit that at least 27 companies were used as payment processors for

6     Miracle Face Kit products.

7     *Response:* Deny

8     212.   Admit that BunZai Media Group, Inc. purchased the right to use the

9     name "AuraVie" from Skincare OU.

10    *Response:* Deny

11    213.   Admit that Doron Nottea has signed checks or financial documents

12    using Stephen Bauer's name.

13    *Response:* Following reasonable inquiry, the information known or can

14    readily be obtained is insufficient to either admit or deny. Not having sufficient

15    information or belief to respond, it is denied.

16    214.   Admit that Doron Nottea and Alan Argaman were owners of Secured

17    Commerce, LLC.

18    *Response:* Following reasonable inquiry, the information known or can

19    readily be obtained is insufficient to either admit or deny. Not having sufficient

20    information or belief to respond, it is denied.

21    215.   Admit that Focus Media Solutions, Inc. created advertisements for

22    skincare products sold by negative option.

23    *Response:* Admit

24    216.   Admit that Focus Media Solutions, Inc. created advertisements for

25    BunZai Media Group, Inc.'s skincare products sold by negative option.

26    *Response:* Deny

27    217.   Admit that Focus Media Solutions, Inc. created advertisements for

28

30

DEFENDANT ALON NOTTEA'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION

1    Pinnacle Logistics, Inc.'s skincare products sold by negative option.

2    *Response:* Deny

3    218.   Admit that Focus Media Solutions, Inc. created advertisements for

4    Corporate Defendants' skincare products sold by negative option.

5    *Response:* Deny

6    219.   Admit that Alon Nottea was an owner of Focus Media Solutions, Inc.

7    *Response:* Deny

8    220.   Admit that, since its incorporation, Alon Nottea had the authority to

9    control the business operations of Focus Media Solutions, Inc.

10    *Response:* Deny

11    221.   Admit that Doron Nottea did bookkeeping work for Focus Media

12    Solutions, Inc.

13    *Response:* Following reasonable inquiry, the information known or can

14    readily be obtained is insufficient to either admit or deny. Not having sufficient

15    information or belief to respond, it is denied.

16    222.   Admit that Media Urge did marketing for BunZai Media Group, Inc.

17    *Response*: Objection to the form of the question. Vague and ambiguous.

18    Without waiving the objection, admit.

19    223.   Admit that Media Urge did marketing for Pinnacle Logistics, Inc.

20    *Response:* Deny

21    224.   Admit that Media Urge did marketing for Corporate Defendants.

22    *Response:* Objection to the form of the question. Vague and ambiguous.

23    Without waiving the objection, admit.

24    225.   Admit that Motti Nottea has reviewed AuraVie website(s).

25    *Response:* Objection to the form of the question. Vague and ambiguous.

26    Without waiving the objection, following reasonable inquiry, the information

27    known or can readily be obtained is insufficient to either admit or deny. Not having

28

31

DEFENDANT ALON NOTTEA'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION

1   sufficient information or belief to respond, it is denied.

2   226.   Admit that Motti Nottea has reviewed Dellure website(s).

3   *Response:* Objection to the form of the question. Vague and ambiguous.

4   Without waiving the objection, following reasonable inquiry, the information

5   known or can readily be obtained is insufficient to either admit or deny. Not having

6   sufficient information or belief to respond, it is denied.

7   227.   Admit that Motti Nottea has reviewed Miracle Face Kit website(s).

8   *Response:* Objection to the form of the question. Vague and ambiguous.

9   Without waiving the objection, following reasonable inquiry, the information

10   known or can readily be obtained is insufficient to either admit or deny. Not having

11   sufficient information or belief to respond, it is denied.

12   228.   Admit that Motti Nottea signed payment processor documents on

13   behalf of BunZai Media Group, Inc.

14   *Response:* Admit

15   229.   Admit that Motti Nottea held himself out as a CEO of BunZai Media

16   Group, Inc.

17   *Response:* Deny

18   230.   Admit that Motti Nottea was the CEO or owner of DSA Holdings, Inc.

19   *Response:* Deny

20   231.   Admit that Alon Nottea participated in managing Chargeback Armor,

21   Inc.

22   *Response:* Deny

23   232.   Admit that Alon Nottea was an owner of Chargeback Armor, Inc.

24   *Response:* Deny

25   233.   Admit that, since its incorporation, Alon Nottea, acting alone or in

26   concert with others, had the authority to control the business operations of

27   Chargeback Armor, Inc.

28

32

DEFENDANT ALON NOTTEA'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION

1    *Response:* Deny

2    234.   Admit that Alon Nottea solicited investors or investments for

3    Chargeback Armor, Inc.

4    *Response:* Admit

5    235.   Admit that Secured Merchants LLC transferred $250,000 in funds to

6    Chargeback Armor, Inc.

7    *Response*: Following reasonable inquiry, the information known or can

8    readily be obtained is insufficient to either admit or deny. Not having sufficient

9    information or belief to respond, it is denied.

10   236.   Admit that Secured Merchants received more than $300,000 from

11   SBM Management, Inc. for providing chargeback services relating to the sale of

12   Defendants' skincare products.

13   *Response:* Following reasonable inquiry, the information known or can

14   readily be obtained is insufficient to either admit or deny. Not having sufficient

15   information or belief to respond, it is denied.

16   237.   Admit that Roi Reuveni is or was Chargeback Armor's COO.

17   *Response:* Following reasonable inquiry, the information known or can

18   readily be obtained is insufficient to either admit or deny. Not having sufficient

19   information or belief to respond, it is denied.

20   238.   Admit that SBM Management, Inc. was controlled by Doron Nottea.

21   *Response:* Deny

22   239.   Admit that, since its incorporation, Doron Nottea had the authority to

23   control the business operations of SBM Management, Inc.

24   *Response:* Deny

25   240.   Admit each individual defendants was paid at least 1% of sales

26   processed through merchant accounts in which they were listed as CEO.

27   *Response:* Admit

28

DEFENDANT ALON NOTTEA'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION

241.   Admit that Doron Nottea received compensation for bookkeeping work performed for companies for any Corporate Defendant.

*Response:* Objection to the form of the question. Vague and ambiguous. Without waiving the objection, deny.

242.   Admit that Doron Nottea used corporate credit cards for companies for any Corporate Defendant for personal expenses.

*Response:* Objection to the form of the question. Vague and ambiguous. Without waiving the objection, deny.

243.   Admit that some portion of the funds in Doron Nottea's safety deposit box came from the sale of negative option products.

*Response:* Objection to the form of the question. Vague and ambiguous. Without waiving the objection, following reasonable inquiry, the information known or can readily be obtained is insufficient to either admit or deny. Not having sufficient information or belief to respond, it is denied.

244.   Admit that Roi Reuveni is or was President for DMA Media Holdings.

*Response:* Admit

245.   Admit that Roi Reuveni is or was an officer or director for Agoa Holdings.

*Response:* Admit

246.   Admit that Roi Reuveni was paid by CalEnergy, Inc.

*Response:* Objection to the form of the question. Vague and ambiguous. Without waiving the objection, following reasonable inquiry, the information known or can readily be obtained is insufficient to either admit or deny. Not having sufficient information or belief to respond, it is denied.

247.   Admit that Igor Latsanovski provided assistance in establishing overseas accounts or merchant accounts for transferring funds received from consumers in the sale of Defendants' skincare products by negative option.

34

DEFENDANT ALON NOTTEA'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION

1    *Response:* Deny

2    248.   Admit that BunZai Media Group, Inc. previously had its merchant

3  accounts frozen or cancelled by the bank or merchant processing entity due to high

4  chargeback rates.

5    *Response:* Objection to the form of the question. Vague and ambiguous.

6  Without waiving the objection, deny.

7    249.   Admit that any Corporate Defendant continued to process or make

8  sales of skincare products after their formal dissolution papers were filed with the

9  California Secretary of State.

10    *Response:* Deny

11    250.   Admit that Zen Mobile Media, Inc. made payments on the American

12  Express card in the name of Igor Latsanovski.

13    *Response:* Following reasonable inquiry, the information known or can

14  readily be obtained is insufficient to either admit or deny. Not having sufficient

15  information or belief to respond, it is denied.

16    251.   Admit that you sold AuraVie products by negative option.

17    *Response:* Objection to the form of the question. Vague and ambiguous.

18  Without waiving the objection, deny.

19    252.   Admit that you sold Dellure products by negative option.

20    *Response:* Objection to the form of the question. Vague and ambiguous.

21  Without waiving the objection, deny.

22    253.   Admit that you sold Miracle Face Kit products by negative option.

23    *Response:* Objection to the form of the question. Vague and ambiguous.

24  Without waiving the objection, deny.

25    254.   Admit that Alon Nottea sent and received emails using the email

26  account vigorect@gmail.com.

27    *Response:* Admit

28

35

DEFENDANT ALON NOTTEA'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION

255.  Admit that Alon Nottea sent and received emails using the email account alon@chargeback armor.com.

*Response:* Admit.

256.  Admit that Alon Nottea sent and received emails using the email account alon@securedmerchants.com.

*Response:* Deny

257.  Admit that Doron Nottea sent and received emails using the email account Doron@doron.us.

*Response:* Admit

258.  Admit that Doron Nottea sent and received messages using the Skype account named Accounting818.

*Response:* Deny

259.  Admit that Roi Reuveni sent and received emails using the email account roi@chargebackarmor.com.

*Response:* Admit

260.  Admit that Roi Reuveni sent and received emails using the email account roi@securedmerchants.com.

*Response:* Following reasonable inquiry, the information known or can readily be obtained is insufficient to either admit or deny. Not having sufficient information or belief to respond, it is denied.

261.  Admit that Alan Argaman sent and received emails using the email account avicoglobal@gmail.com.

*Response:* Admit

262.  Admit that, in February 2015, Roi Reuveni signed the lease on behalf of Chargeback Armor, Inc.

*Response:* Deny

263.  Admit that Doron Nottea received weekly reports concerning

36

DEFENDANT ALON NOTTEA'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION

chargebacks for companies' any Corporate Defendant's sales.

*Response:* Objection to the form of the question. Vague and ambiguous. Without waiving the objection, deny.

264.   Admit that Igor Latsanovski assisted Alon Nottea in establishing foreign merchant accounts for the sale of skincare products by negative option.

*Response:* Deny

265.   Admit that Igor Latsanovski is sole owner of Guayas LTD.

*Response:* Following reasonable inquiry, the information known or can readily be obtained is insufficient to either admit or deny. Not having sufficient information or belief to respond, it is denied.

266.   Admit that funds derived from the sale of skincare products by negative option were used to purchase properties owned by Sunset Holding Partners LLC.

*Response:* Deny

267.   Admit that Igor Latsanovski received a monthly salary from BunZai Media Group, Inc.

*Response:* Deny

268.   Admit that Igor Latsanovski introduced Alon Nottea to potential investors for BunZai Media Group, Inc.

*Response:* Deny

269.   Admit that Igor Latsanovski is an investor in Skincare OU or Skincare OY.

*Response:* Deny

270.   Admit that Igor Latsanovski is part owner, officer, or director of Skincare OY.

*Response:* Deny

271.   Admit that funds derived from the sale of AuraVie products were

37

1   transferred overseas bank accounts.

2      *Response:* Objection as to the form of the question. Vague and ambiguous.

3   Without waiving the objection, deny.

4      272.   Admit that funds derived from the sale of Dellure products were

5   transferred overseas bank accounts.

6      *Response:* Objection as to the form of the question. Vague and ambiguous.

7   Without waiving the objection, deny.

8      273.   Admit that funds derived from the sale of Miracle Face Kit products

9   were transferred overseas bank accounts.

10      *Response:* Objection as to the form of the question. Vague and ambiguous.

11   Without waiving the objection, deny.

12      274.   Admit that funds derived from the sale of Defendants' skincare

13   products were transferred overseas bank accounts.

14      *Response:* Objection as to the form of the question. Vague and ambiguous.

15   Without waiving the objection, deny.

16   DATED: January 18, 2016

17

18                    ROBERT M. UNGAR
                      Attorney for Defendant and Cross-defendant
19                    Alon Nottea

20

21

22

23

24

25

26

27
                              38
28
   DEFENDANT ALON NOTTEA'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION

## CERTIFICATE OF SERVICE

The undersigned certifies that on January 20, 2016, a true and correct copy of the foregoing document was provided to the attorney listed below by hand delivery.

Reid Tepfer – Attorney for the FTC

The undersigned certifies that on January 20, 2016, a true and correct copy of the foregoing document was provided to the attorney listed below by email.

| Attorney | Email |
|---|---|
| Reid Tepfer | rtepfer@ftc.gov |
| Luis H Gallegos | lgallegos@ftc.gov |
| Jeffrey S Benice | jsb@jeffreybenice.com |
| Raymond E McKown | rmckown@ftc.gov |
| Erik S Syverson | esyverson@raineslaw.com |
| Robert L Esensten | resensten@esenstenlaw.com |
| Sagar Parikh | sp@beverlyhillslawcorp.com |

_____

Robert M Ungar

ROBERT M. UNGAR (State Bar No. 102007)
rmu@ungarlaw.com
2190 N Beverly Glen Blvd
Los Angeles, CA 90077
Telephone: (310) 405-1884

BEN PETTIT (State Bar No. 135941)
ben@benpettit.com
20 E. Pueblo Street
Santa Barbara, CA 93105
Telephone (805) 896-5113

**Attorneys for:** Alon Nottea and
Roi Reuveni

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>            Plaintiff,<br><br>      v.<br><br>BUNZAI MEDIA GROUP, INC., et al.,<br><br>            Defendants.<br>_____<br>SECURED MERCHANTS, LLC,<br>CHARGEBACK ARMOR, INC.<br>AND ALAN ARGAMAN,<br><br>            Cross-Claimants<br>v.<br><br>ALON NOTTEA, an individual,<br><br>            Cross-Defendant. | CASE NO.  2:15-CV-4527-GW (PLAx)<br><br>Hon. George H. Wu<br>Courtroom 10<br><br>**DEFENDANT ROI REUVENI'S RESPONSES TO PLAINTIFF FEDERAL TRADE COMMISSION'S REQUEST FOR ADMISSIONS** |

1

1 REQUESTING PARTY:     Plaintiff, Federal Trade Commission

2 RESPONDING PARTY:     Defendant, Roi Reuveni

3 SET NO:               Two

4       1.      Admit that the Federal District Court for the Central District of

5 California has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337(a),

6 1345, and 1355, and 15 U.S.C. §§ 45(a), 45(*l*), 53(b), and 56(a).

7       *Response:* Admit

8       2.      Admit that the complaint in this litigation alleges violations of the laws

9 of the United States.

10      *Response:* Admit

11      3.      Admit that the complaint alleges violations of the Federal Trade

12 Commission Act.

13      *Response:* Admit

14      4.      Admit that the complaint alleges violations of the Restore Online

15 Shoppers

16      *Response:* Admit

17      5.      Admit that the complaint alleges violations of the Electronic Funds

18 Transfer Act.

19      *Response:* Admit

20      6.      Admit that venue is proper in the Central District of California under

21 28 U.S.C. §§ 1391(b)(1), (b)(2), (c)(1), (c)(2), and (d) and 1395(a) and 15 U.S.C.

22 §53(b).

23      *Response:* Admit

24      7.      Admit that Doron Nottea has been an officer of BunZai Media Group,

25 Inc.

26      *Response:* Deny

27

28

2

DEFENDANT ROI REUVENI'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION

8.     Admit that Doron Nottea was an owner of BunZai Media Group, Inc. since at least January 1, 2010.

*Response:* Deny

9.     Admit that, since at least January 2010, Doron Nottea has controlled or had the authority to control the business operations of BunZai Media Group, Inc.

*Response:* Deny

10.     Admit that Doron Nottea was involved in the day-to-day operations of BunZai Media Group, Inc.

*Response:* Deny

11.     Admit that Doron Nottea had knowledge that consumers had alleged that unauthorized charges were being billed to consumers' credit cards by BunZaiMedia Group, Inc.

*Response:* Deny

12.     Admit that Doron Nottea had knowledge that consumers had alleged that unauthorized charges were being billed to consumers' debit cards by BunZai Media Group, Inc.

*Response:* Deny

13.     Admit that Doron Nottea transacts or has transacted business in the Central District of California.

*Response:* Admit

14.     Admit that Doron Nottea resides in the Central District of California.

*Response:* Admit

15.     Admit that Doron Nottea resides at ██████████, Tarzana, California.

*Response:* Admit

16.     Admit that Alon Nottea has been an officer of BunZai Media Group, Inc.

3

DEFENDANT ROI REUVENI'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION

1    *Response:* Admit

2        17.    Admit that Alon Nottea was an owner of BunZai Media Group, Inc.

3    since at least January 1, 2010.

4        *Response:* Admit

5        18.    Admit that Alon Nottea was involved in the day-to-day operations of

6    BunZai Media Group, Inc.

7        *Response:* Admit

8        19.    Admit that Alon Nottea had knowledge that consumers had alleged

9    that unauthorized charges were being billed to consumers' credit cards BunZai

10   Media Group, Inc.

11       *Response:* Objection as to the form of the question. Vague and ambiguous.

12   Without waiving the objection, deny.

13       20. Admit that Alon Nottea had knowledge that consumers had alleged that

14   unauthorized charges were being billed to consumers' debit cards BunZai Media

15   Group, Inc.

16       *Response:* Objection as to the form of the question. Vague and ambiguous.

17   Without waiving the objection, deny.

18       21.    Admit that, since at least January 2010, Alon Nottea has controlled or

19   had the authority to control the business operations of BunZai Media Group, Inc.

20       *Response:* Admit

21       22.    Admit that Alon Nottea transacts or has transacted business in the

22   Central District of California.

23       *Response:* Admit

24       23.    Admit that Alon Nottea resides in the Central District of California.

25       *Response:* Admit

26       24.    Admit that Alon Nottea resides at ████████████████, Winnetka,

27   California.

28

4

DEFENDANT ROI REUVENI'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION

1     *Response:* Admit

2     25.     Admit that Igor Latsanovski has been an officer of BunZai Media

3 Group, Inc.

4     *Response:* Following reasonable inquiry, the information known or can

5 readily be obtained is insufficient to either admit or deny. Not having sufficient

6 information or belief to respond, it is denied.

7     26.     Admit that Igor Latsanovski was an owner of BunZai Media Group,

8 Inc. since at least January 1, 2010.

9     *Response:* Following reasonable inquiry, the information known or can

10 readily be obtained is insufficient to either admit or deny. Not having sufficient

11 information or belief to respond, it is denied.

12     27.     Admit that, since at least January 2010, Igor Latsanovski has

13 controlled or had the authority to control the business operations of BunZai Media

14 Group, Inc.

15     *Response:* Following reasonable inquiry, the information known or can

16 readily be obtained is insufficient to either admit or deny. Not having sufficient

17 information or belief to respond, it is denied.

18     28.     Admit that Igor Latsanovski had knowledge that consumers had

19 alleged that unauthorized charges were being billed to consumers' credit cards by

20 BunZai Media Group, Inc.

21     *Response:* Objection as to the form of the question. Vague and ambiguous.

22 Without waiving the objection, deny.

23     29.     Admit that Igor Latsanovski had knowledge that consumers had

24 alleged that unauthorized charges were being billed to consumers' debit cards

25 BunZai Media Group, Inc.

26     *Response:* Objection as to the form of the question. Vague and ambiguous.

27 Without waiving the objection, deny.

28

5

DEFENDANT ROI REUVENI'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION

1   30. Admit that Igor Latsanovski transacts or has transacted business in the

2 Central District of California.

3   *Response:* Admit

4   31. Admit that Igor Latsanovski resides in the Central District of

5 California.

6   *Response:* Admit

7   32. Admit that Igor Latsanovski resides at ███████████, Calabasas,

8 California.

9   *Response:* Admit

10   33. Admit that Motti Nottea has been an officer of BunZai Media Group,

11 Inc.

12   *Response:* Following reasonable inquiry, the information known or can

13 readily be obtained is insufficient to either admit or deny. Not having sufficient

14 information or belief to respond, it is denied.

15   34. Admit that Motti Nottea was the CEO of BunZai Media Group, Inc.

16   *Response:* Following reasonable inquiry, the information known or can

17 readily be obtained is insufficient to either admit or deny. Not having sufficient

18 information or belief to respond, it is denied.

19   35. Admit that Motti Nottea was an owner of BunZai Media Group, Inc.

20 since at least January 1, 2010.

21   *Response:* Following reasonable inquiry, the information known or can

22 readily be obtained is insufficient to either admit or deny. Not having sufficient

23 information or belief to respond, it is denied.

24   36. Admit that, since at least January 2010, Motti Nottea has controlled or

25 had the authority to control the business operations of BunZai Media Group, Inc.

26   *Response:* Following reasonable inquiry, the information known or can

27 readily be obtained is insufficient to either admit or deny. Not having sufficient

28

6

DEFENDANT ROI REUVENI'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION

information or belief to respond, it is denied.

37.    Admit that Motti Nottea transacts or has transacted business in the
Central District of California.

*Response:* Admit

38.    Admit that Motti Nottea had a merchant account in his name for
BunZai Media Group, Inc.

*Response:* Following reasonable inquiry, the information known or can
readily be obtained is insufficient to either admit or deny. Not having sufficient
information or belief to respond, it is denied.

39.    Admit that Motti Nottea resides in the Central District of California.

*Response:* Deny

40.    Admit that Motti Nottea resides at ███████████████,
Tarzana, California.

*Response:* Deny

41.    Admit that Roi Reuveni has been an officer of BunZai Media Group,
Inc.

*Response:* Deny

42.    Admit that Roi Reuveni has been a manager of the customer service
department of BunZai Media Group, Inc.

*Response:* Deny

43.    Admit that Roi Reuveni has been the manager of the chargebacks
department of BunZai Media Group, Inc.

*Response:* Deny

44.    Admit that, acting alone or in concert with others, Roi Reuveni drafted
the deceptive template used to respond by BunZai Media Group, Inc. to respond to
financial institutions when consumers requested chargebacks.

*Response:* Deny

7

DEFENDANT ROI REUVENI'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION

45.     Admit that, since at least January 2010, Roi Reuveni has controlled or had the authority to control the business operations of BunZai Media Group, Inc.

*Response:* Deny

46.     Admit that Roi Reuveni transacts or has transacted business in the Central District of California.

*Response:* Admit

47.     Admit that Roi Reuveni resides in the Central District of California.

*Response:* Admit

48.     Admit that Roi Reuveni resides at ██████████████ Woodland Hills, California.

*Response:* Admit

49.     Admit that Kristopher Bond has been an officer of BunZai Media Group, Inc.

*Response:* Admit

50.     Admit that Kristopher Bond was an owner of BunZai Media Group, Inc. since at least January 1, 2010.

*Response:* Admit

51.     Admit that Kristopher Bond was involved in the day-to-day operations of BunZai Media Group, Inc.

*Response:* Admit

52.     Admit that Kristopher Bond had knowledge that consumers had alleged that unauthorized charges were being billed to consumers' credit cards BunZai Media Group, Inc.

*Response:* Deny

53.     Admit that Kristopher Bond had knowledge that consumers had alleged that unauthorized charges were being billed to consumers' debit cards

8

DEFENDANT ROI REUVENI'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION

1  BunZai Media Group, Inc.

2  *Response:* Deny

3  54.    Admit that BunZai Media Group, Inc., was incorporated in California

4  on January 1, 2010.

5  *Response:* Following reasonable inquiry, the information known or can

6  readily be obtained is insufficient to either admit or deny. Not having sufficient

7  information or belief to respond, it is denied.

8  55.    Admit that, since BunZai Media Group, Inc.'s formation, it has

9  maintained a substantial course of trade in or affecting commerce, as "commerce"

10  is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

11  *Response:* Admit, as to all times prior to its dissolution. Otherwise, denied.

12  56.    Admit that BunZai Media Group, Inc. has offered for sale, sold, and

13  distributed skincare products to consumers throughout the United States.

14  *Response:* Admit, as to all times prior to its dissolution. Otherwise, denied.

15  57.    Admit that BunZai Media Group is not exempt from the coverage of

16  the Federal Trade Commission Act by statute.

17  *Response:* Admit, as to all times prior to its dissolution. Otherwise, denied.

18

19  58.    Admit that BunZai Media Group, Inc. is a for-profit corporation.

20  *Response:* Admit, as to all times prior to its dissolution. Otherwise, denied.

21  59.    Admit that BunZai Media Group, Inc has offered for sale, sold, and

22  distributed skincare products using the name AuraVie.

23  *Response:* Admit, as to times prior to its dissolution. Otherwise, denied.

24  60.    Admit that BunZai Media Group, Inc has offered for sale, sold, and

25  distributed skincare products using the name Dellure.

26  *Response:* Deny

27  61.    Admit that BunZai Media Group, Inc has offered for sale, sold, and

28

9

DEFENDANT ROI REUVENI'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION

1   distributed skincare products using the name Miracle Face Kit.

2   *Response:* Admit, as to times prior to its dissolution. Otherwise, denied.

3   62.   Admit that BunZai Media Group, Inc has offered for sale, sold, and

4   distributed skincare products using the website AuraViefreetrial.com.

5   *Response:* Following reasonable inquiry, the information known or can

6   readily be obtained is insufficient to either admit or deny. Not having sufficient

7   information or belief to respond, it is denied.

8   63.   Admit that BunZai Media Group, Inc has offered for sale, sold, and

9   distributed skincare products using the website mymiraclekit.com.

10   *Response:* Following reasonable inquiry, the information known or can

11   readily be obtained is insufficient to either admit or deny. Not having sufficient

12   information or belief to respond, it is denied.

13   64.   Admit that BunZai Media Group, Inc has offered for sale, sold, and

14   distributed skincare products using the website miraclefacekit.com.

15   *Response:* Following reasonable inquiry, the information known or can

16   readily be obtained is insufficient to either admit or deny. Not having sufficient

17   information or belief to respond, it is denied.

18   65.   Admit that BunZai Media Group, Inc has offered for sale, sold, and

19   distributed skincare products using the term "risk free trial."

20   *Response:* Following reasonable inquiry, the information known or can

21   readily be obtained is insufficient to either admit or deny. Not having sufficient

22   information or belief to respond, it is denied.

23   66.   Admit that BunZai Media Group, Inc has offered for sale, sold, and

24   distributed skincare products using the term "gifts."

25   *Response:* Following reasonable inquiry, the information known or can

26   readily be obtained is insufficient to either admit or deny. Not having sufficient

27   information or belief to respond, it is denied.

28

10

DEFENDANT ROI REUVENI'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION

67.     Admit that consumers who bought BunZai Media Group, Inc.'s skin care products had to return the product within 10 days to avoid being charged for the product.

*Response:* Deny

68.     Admit that consumers who bought BunZai Media Group, Inc.'s skin care products had to return the product within 10 days to avoid being subscribed into a negative option continuity plan.

*Response:* Deny

69.     Admit that consumers who bought BunZai Media Group, Inc.'s skin care products had to return the product within 10 days to avoid being subscribed into a negative option continuity plan that would charge the consumers a monthly fee.

*Response:* Deny

70.     Admit that consumers who bought BunZai Media Group, Inc.'s skin care products had to return the product within 10 days to avoid being subscribed into a negative option continuity plan that would charge the consumers a fee of about $97.88.

*Response:* Deny

71.     Admit that consumers who bought BunZai Media Group, Inc.'s skin care products had to pay a shipping and handling charge.

*Response:* Admit

72.     Admit that BunZai Media Group, Inc., processed consumer skincare payments through a merchant account in the name of Agoa Holdings, Inc.

*Response:*    Deny

73.     Admit that BunZai Media Group, Inc. processed consumer skincare payments through a merchant account in the name of Zen Mobile Media, Inc.

*Response:* Deny

11

DEFENDANT ROI REUVENI'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION

74.    Admit that BunZai Media Group, Inc. processed consumer skincare payments through a merchant account in the name of SafeHaven Ventures, Inc.

*Response:* Deny

75.    Admit that BunZai Media Group, Inc. processed consumer skincare payments through a merchant account in the name of Heritage Alliance Group, Inc.

*Response:* Deny

76.    Admit that BunZai Media Group, Inc. processed consumer skincare payments through a merchant account in the name of AMD Financial Network, Inc.

*Response:* Deny

77.    Admit that BunZai Media Group, Inc. processed consumer skincare payments through a merchant account in the name of Kai Media, Inc.

*Response:* Deny

78.    Admit that BunZai Media Group, Inc. processed consumer skincare payments through a merchant account in the name Insight Media, Inc.

*Response:* Deny

79.    Admit that SBM Management, Inc.'s corporate credit card was used to pay BunZai Media Group, Inc.'s websites.

*Response:* Objection to the form of the question. Vague and ambiguous. Without waiving the objection, following reasonable inquiry, the information known or can readily be obtained is insufficient to either admit or deny. Not having sufficient information or belief to respond, it is denied.

80.    Admit that Media Urge, Inc. was used by BunZai Media Group, Inc. to secure third-party advertising tracked sales.

*Response:* Objection to the form of the question. Vague and ambiguous. Without waiving the objection, following reasonable inquiry, the information known or can readily be obtained is insufficient to either admit or deny. Not having sufficient information or belief to respond, it is denied.

12

DEFENDANT ROI REUVENI'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION

81.   Admit that Media Urge, Inc. was used by BunZai Media Group, Inc. to deisgn marketing materials.

*Response: :* Following reasonable inquiry, the information known or can readily be obtained is insufficient to either admit or deny. Not having sufficient information or belief to respond, it is denied.

82.   Admit that Doron Nottea has been an officer of Pinnacle Logistics, Inc.

*Response:* Deny

83.   Admit that Doron Nottea was an owner of Pinnacle Logistics, Inc. since at least January 1, 2010.

*Response:* Deny

84.   Admit that, since at least January 2010, Doron Nottea has controlled or had the authority to control the business operations of Pinnacle Logistics, Inc.

*Response:* Deny

85.   Admit that Doron Nottea had knowledge that consumers had alleged that unauthorized charges were being billed to consumers' debit cards by Pinnacle Logistics, Inc.

*Response:* Deny

86.   Admit that Doron Nottea had knowledge that consumers had alleged that unauthorized charges were being billed to consumers' credit cards by Pinnacle Logistics, Inc.

*Response:* Deny

87.   Admit that Alon Nottea has been an officer of Pinnacle Logistics, Inc.

*Response:* Deny

88.   Admit that Alon Nottea was an owner of Pinnacle Logistics, Inc. since at least January 1, 2010.

*Response:* Deny

DEFENDANT ROI REUVENI'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION

89.    Admit that Alon Nottea was involved in the day-to-day operations of Pinnacle Logistics, Inc.

*Response:* Deny

90.    Admit that Alon Nottea had knowledge that consumers had alleged that unauthorized charges were being billed to consumers' credit cards by Pinnacle Logistics, Inc.

*Response:* Deny

91.    Admit that Alon Nottea had knowledge that consumers had alleged that unauthorized charges were being billed to consumers' debit cards by Pinnacle Logistics, Inc.

*Response:* Deny

92.    Admit that Alon Nottea has controlled or had the authority to control the business operations of Pinnacle Logistics, Inc.

*Response:* Deny

93.    Admit that Oz Mizrahi has been an officer of Pinnacle Logistics, Inc.

*Response:* Admit

94.    Admit that Oz Mizrahi was an owner of Pinnacle Logistics, Inc. since at least January 1, 2010.

*Response:* Admit

95.    Admit that Oz Mizrahi was involved in the day-to-day operations of Pinnacle Logistics, Inc.

*Response:* Deny

96.    Admit that Oz Mizrahi had knowledge that consumers had alleged that unauthorized charges were being billed to consumers' credit cards by Pinnacle Logistics, Inc.

*Response:* Deny

14

DEFENDANT ROI REUVENI'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION

97.    Admit that Oz Mizrahi had knowledge that consumers had alleged that unauthorized charges were being billed to consumers' debit cards by Pinnacle Logistics, Inc.

*Response:* Deny

98.    Admit that Oz Mizrahi has controlled or had the authority to control the business operations of Pinnacle Logistics, Inc.

*Response:* Deny

99.    Admit that Igor Latsanovski has been an officer of Pinnacle Logistics, Inc.

*Response:* Deny

100.   Admit that Igor Latsanovski was an owner of Pinnacle Logistics, Inc. since at least January 1, 2010.

*Response:* Deny

101.   Admit that, since at least January 2010, Igor Latsanovski has controlled or had the authority to control the business operations of Pinnacle Logistics, Inc.

*Response:* Deny

102.   Admit that Igor Latsanovski had knowledge that consumers had alleged that unauthorized charges were being billed to consumers' debit cards by Pinnacle Logistics, Inc.

*Response:* Deny

103.   Admit that Igor Latsanovski had knowledge that consumers had alleged that unauthorized charges were being billed to consumers' credit cards by Pinnacle Logistics, Inc.

*Response:* Deny

104.   Admit that Motti Nottea has been an officer of Pinnacle Logistics, Inc.

*Response:* Deny

15

DEFENDANT ROI REUVENI'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION

105.   Admit that, since at least January 2010, Motti Nottea has controlled or had the authority to control the business operations of Pinnacle Logistics, Inc.

*Response:* Deny

106.   Admit that Roi Reuveni has been an officer of Pinnacle Logistics, Inc.

*Response:* Admit

107.   Admit that Roi Reuveni has been a manager of the customer service department of Pinnacle Logistics, Inc.

*Response:* Admit

108.   Admit that Roi Reuveni has been the manager of the chargebacks department of Pinnacle Logistics, Inc.

*Response:* Admit

109.   Admit that, acting alone or in concert with other, Roi Reuveni drafted the template used to respond by Pinnacle Logistics, Inc. to respond to financial institutions when consumers requested chargebacks.

*Response:* Deny

110.   Admit that, since at least January 2010, Roi Reuveni has controlled or had the authority to control the business operations of Pinnacle Logistics, Inc.

*Response:* Admit

111.   Admit that Pinnacle Logistics, Inc., was incorporated in California on June 6, 2012.

*Response:* Admit

112.   Admit that, since Pinnacle Logistics, Inc.'s formation, it has maintained a substantial course of trade in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

*Response:* Admit

113.   Admit that Pinnacle Logistics, Inc. has offered for sale, sold, and distributed skincare products to consumers throughout the United States.

16

DEFENDANT ROI REUVENI'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION

*Response:* Deny

114.   Admit that Pinnacle Logistics is not exempt from the coverage of the Federal Trade Commission Act by statute.

*Response:* Admit

115.   Admit that Pinnacle Logistics, Inc. is a for-profit corporation.

*Response:* Admit

116.   Admit that Pinnacle Logistics, Inc., has offered for sale, sold, and distributed skincare products using the name AuraVie.

*Response:* Deny

117.   Admit that Pinnacle Logistics, Inc., has offered for sale, sold, and distributed skincare products using the name Dellure.

*Response:* Deny

118.   Admit that Pinnacle Logistics, Inc., has offered for sale, sold, and distributed skincare products using the name Miracle Face Kit.

*Response:* Deny

119.   Admit that Pinnacle Logistics, Inc., has offered for sale, sold, and distributed skincare products using the website AuraViefreetrial.com.

*Response:* Deny

120.   Admit that Pinnacle Logistics, Inc., has offered for sale, sold, and distributed skincare products using the website mymiraclekit.com.

*Response:* Deny

121.   Admit that Pinnacle Logistics, Inc., has offered for sale, sold, and distributed skincare products using the website miraclefacekit.com.

*Response:* Deny

122.   Admit that Pinnacle Logistics, Inc., has offered for sale, sold, and distributed skincare products using the term "risk free trial."

*Response:* Deny

17

DEFENDANT ROI REUVENI'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION

123.   Admit that Pinnacle Logistics, Inc., has offered for sale, sold, and distributed skincare products using the term "gifts."

*Response:* Deny

124.   Admit that Pinnacle Logistics, Inc., has offered for sale, sold, and distributed skincare products using the term "risk free trials."

*Response:* Deny

125.   Admit that consumers who bought Pinnacle Logistics, Inc.'s skin care products had to return the product within 10 days to avoid being charged for the product.

*Response:* Deny

126.   Admit that consumers who bought Pinnacle Logistics, Inc.'s skin care products had to return the product within 10 days to avoid being subscribed into a negative option continuity plan.

*Response:* Deny

127.   Admit that consumers who bought Pinnacle Logistics, Inc.'s skin care products had to return the product within 10 days to avoid being subscribed into a negative option continuity plan that would charge the consumers a monthly fee.

*Response:* Deny

128.   Admit that consumers who bought Pinnacle Logistics, Inc.'s skin care products had to return the product within 10 days to avoid being subscribed into a negative option continuity plan that would charge the consumers a fee of about $97.88.

*Response:* Deny

129.   Admit that consumers who bought Pinnacle Logistics, Inc.'s skin care products had to pay a shipping and handling charge.

*Response:* Deny

130.   Admit that Pinnacle Logistics, Inc. processed consumer skincare

18

DEFENDANT ROI REUVENI'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION

1    payments through a merchant account in the name of Agoa Holdings, Inc.

2    *Response:* Deny

3    131.   Admit that Pinnacle Logistics, Inc. processed consumer skincare

4    payments through a merchant account in the name of Zen Mobile Media, Inc.

5    *Response:* Deny

6    132.   Admit that Pinnacle Logistics, Inc. processed consumer skincare

7    payments through a merchant account in the name of SafeHaven Ventures, Inc.

8    *Response:* Deny

9    133.   Admit that Pinnacle Logistics, Inc. processed consumer skincare

10   payments through a merchant account in the name of Heritage Alliance Group, Inc.

11   *Response:* Deny

12   134.   Admit that Pinnacle Logistics, Inc. processed consumer skincare

13   payments through a merchant account in the name of AMD Financial Network, Inc.

14   *Response:* Deny

15   135.   Admit that Pinnacle Logistics, Inc. processed consumer skincare

16   payments through a merchant account in the name of Kai Media, Inc.

17   *Response:* Deny

18   136.   Admit that Pinnacle Logistics, Inc. processed consumer skincare

19   payments through a merchant account in the name Insight Media, Inc.

20   *Response:* Deny

21   137.   Admit that SBM Management, Inc.'s corporate credit card was used to

22   pay Pinnacle Logistics, Inc.'s websites.

23   *Response:* Objection as to the form of the question. Vague and ambiguous.

24   Without waiving the objection, deny.

25   138.   Admit that Media Urge, Inc. was used by Pinnacle Logistics, Inc. to

26   secure third-party advertising tracked sales.

27   *Response:* Deny

28

19

DEFENDANT ROI REUVENI'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION

139.   Admit that Media Urge, Inc. was used by Pinnacle Logistics, Inc. to deisgn marketing materials.

*Response:* Deny

140.   Admit that Paul Medina is or was the Executive President or Vice President of Media Urge, Inc..

*Response:* Admit

141.   Admit Paul Medina was the manager of the call center for Pinnacle Logistics, Inc.

*Response:* Deny

142.   Admit that Paul Medina is or was the manager of Focus Media Solutions.

*Response:* Admit

143.   Admit that each Corporate Defendant is not exempt from the coverage of the Federal Trade Commission Act by statute.

*Response:* Admit

144.   Admit that each Individual Defendants are not exempt from the coverage of the Federal Trade Commission Act by statute.

*Response:* Admit

145.   Admit that misrepresentations or deceptive omissions of material fact constitute deceptive acts or practices prohibited by Section 5(a) of the FTC Act.

*Response: Objection as to the form of the question. Vague and ambiguous. Legal conclusion.*

146.   Admit that Defendants' representations that Defendants' skincare products were free was false.

*Response:* Deny

147.   Admit that Defendants' representations about its free skincare products constituted a deceptive act or practice in violation of Section 5 of the FTC Act, 15

20

DEFENDANT ROI REUVENI'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION

1     U.S.C. § 45(a).

2     *Response:* Deny

3     148.   Admit that Sections 5(*l*) and 13(b) of the FTC Act, 15 U.S.C. §§ 45(*l*)

4     and 53(b), empower this Court to grant injunctive and such other relief as the Court

5     may deem appropriate to halt and redress violations of the FTC Act.

6     *Response:* Objection as to the form of the question. Vague and ambiguous.

7     Legal conclusion.

8     149.   Admit that the Court, in the exercise of its equitable jurisdiction, may

9     award ancillary relief, including rescission or reformation of contracts, restitution,

10    the refund of monies paid, and the disgorgement of ill-gotten monies, to prevent

11    and remedy any violation of any provision of law enforced by the FTC.

12    *Response:* Objection as to the form of the question. Vague and ambiguous.

13    Legal conclusion.

14    150.   Admit that Alon Nottea, Khristopher Bond, and Igor Latsanovski were

15    partners in BunZai Media Group, Inc.

16    *Response:* Following reasonable inquiry, the information known or can

17    readily be obtained is insufficient to either admit or deny. Not having sufficient

18    information or belief to respond, it is denied.

19    151.   Admit that Doron Nottea's office contained pre-signed checks for

20    companies all Corporate Defendants.

21    *Response:* Objection to the form of the question. Vague and ambiguous.

22    Without waiving the objection, following reasonable inquiry, the information

23    known or can readily be obtained is insufficient to either admit or deny. Not having

24    sufficient information or belief to respond, it is denied.

25    152.   Admit that BunZai Media Group, Inc., directly or indirectly, opened

26    merchant accounts in Latvia.

27

28

21

DEFENDANT ROI REUVENI'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION

1     *Response:* Following reasonable inquiry, the information known or can

2 readily be obtained is insufficient to either admit or deny. Not having sufficient

3 information or belief to respond, it is denied.

4     153.   Admit that BunZai Media Group, Inc., directly or indirectly, opened

5 merchant accounts in Estonia.

6     *Response:* Following reasonable inquiry, the information known or can

7 readily be obtained is insufficient to either admit or deny. Not having sufficient

8 information or belief to respond, it is denied.

9     154.   Admit that Alon Nottea, directly or indirectly, opened merchant

10 accounts in Latvia.

11     *Response:* Following reasonable inquiry, the information known or can

12 readily be obtained is insufficient to either admit or deny. Not having sufficient

13 information or belief to respond, it is denied.

14     155.   Admit that Alon Nottea, directly or indirectly, opened merchant

15 accounts in Estonia.

16     *Response:* Following reasonable inquiry, the information known or can

17 readily be obtained is insufficient to either admit or deny. Not having sufficient

18 information or belief to respond, it is denied.

19     156.   Admit that Secured Merchants LLC processed, refuted, or responded

20 to AuraVie chargebacks.

21     *Response*: Objection as to the form of the question. Vague and ambiguous.

22 Without waiving the objection, as to automated processing it is admitted, but

23 otherwise, denied.

24     157. Admit that Chargeback Armor, Inc. processed, refuted, or responded to

25 AuraVie chargebacks.

26     *Response:* Objection as to the form of the question. Vague and ambiguous.

27 Without waiving the objection, as to automated processing and response, it is

28

22

DEFENDANT ROI REUVENI'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION

1    admitted, but otherwise, denied.

2        158.   Admit that Secured Merchants LLC processed, refuted, or responded

3    to Dellure chargebacks.

4        *Response:* Objection as to the form of the question. Vague and ambiguous.

5    Without waiving the objection, as to automated processing it is admitted, but

6    otherwise, denied.

7        159.   Admit that Chargeback Armor, Inc. processed, refuted, or responded to

8    Dellure chargebacks.

9        *Response:* Objection as to the form of the question. Vague and ambiguous.

10   Without waiving the objection, as to automated processing and response, it is

11   admitted, but otherwise, denied.

12       160.   Admit that Secured Merchants LLC processed, refuted, or responded

13   to Miracle Face Kit chargebacks.

14       *Response:* Objection as to the form of the question. Vague and ambiguous.

15   Without waiving the objection, deny.

16       161.   Admit that Chargeback Armor, Inc. processed, refuted, or responded to

17   Miracle Face Kit chargebacks.

18       *Response:* Objection as to the form of the question. Vague and ambiguous.

19   Without waiving the objection, deny.

20       162.   Admit that Secured Merchants LLC processed, refuted, or responded

21   to Defendants' skincare product chargebacks.

22       *Response:* Objection as to the form of the question. Vague and ambiguous.

23   Without waiving the objection, as to automated processing it is admitted, but

24   otherwise, denied.

25       163.   Admit that Chargeback Armor, Inc. processed, refuted, or responded to

26   Defendants' skincare product chargebacks.

27

28

23

DEFENDANT ROI REUVENI'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION

1    *Response:* Objection as to the form of the question. Vague and ambiguous.

2    Without waiving the objection, as to automated processing and response, it is

3    admitted, but otherwise, denied.

4        164.   Admit that BunZai Media Group, Inc. did not provide refunds to all

5    consumers who returned AuraVie products within 10 day period.

6    *Response:* Objection as to the form of the question. Vague and ambiguous.

7    Without waiving the objection, deny.

8        165.   Admit that BunZai Media Group, Inc. failed to obtain a written

9    authorization signed or similarly authenticated by the consumer for AuraVie sales.

10    *Response:* Objection as to the form of the question. Vague and ambiguous.

11    Without waiving the objection, deny.

12        166.   Admit that BunZai Media Group, Inc. failed to provide a consumers a

13    copy of the consumer's authorization of payment for AuraVie products.

14    *Response:* Objection as to the form of the question. Vague and ambiguous.

15    Without waiving the objection, deny.

16        167.   Admit that BunZai Media Group, Inc. did not provide refunds to all

17    consumers who returned Dellure products within 10 day period.

18    *Response:* Objection as to the form of the question. Vague and ambiguous.

19    Without waiving the objection, deny.

20        168.   Admit that BunZai Media Group, Inc. failed to obtain a written

21    authorization signed or similarly authenticated by the consumer for Dellure sales.

22    *Response:* Objection as to the form of the question. Vague and ambiguous.

23    Without waiving the objection, deny.

24        169.   Admit that BunZai Media Group, Inc. did not provide refunds to all

25    consumers who returned Miracle Face Kit products within 10 day period.

26    *Response:* Objection as to the form of the question. Vague and ambiguous.

27    Without waiving the objection, deny.

28

24

DEFENDANT ROI REUVENI'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION

170.   Admit that BunZai Media Group, Inc. failed to obtain a written authorization signed or similarly authenticated by the consumer for Miracle Face Kit sales.

*Response:* Objection as to the form of the question. Vague and ambiguous. Without waiving the objection, deny.

171.   Admit that BunZai Media Group, Inc. failed to provide a consumers a copy of the consumer's authorization of payment for Miracle Face Kit products.

*Response:* Objection as to the form of the question. Vague and ambiguous. Without waiving the objection, deny.

172.   Admit that BunZai Media Group, Inc. did not provide refunds to all consumers who returned Defendants' skincare products within 10 day period.

*Response:* Objection as to the form of the question. Vague and ambiguous. Without waiving the objection, deny.

173.   Admit that BunZai Media Group, Inc. failed to obtain a written authorization signed or similarly authenticated by the consumer for Defendants' skincare sales.

*Response:* Objection as to the form of the question. Vague and ambiguous. Without waiving the objection, deny.

174.   Admit that BunZai Media Group, Inc. failed to provide a consumers a copy of the consumer's authorization of payment for Defendants' skincare products.

*Response:* Objection as to the form of the question. Vague and ambiguous. Without waiving the objection, deny.

175.   Admit that BunZai Media Group, Inc. failed to provide a consumers a copy of the consumer's authorization of payment for Dellure products.

*Response:* Objection as to the form of the question. Vague and ambiguous. Without waiving the objection, deny.

25

DEFENDANT ROI REUVENI'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION

176.   Admit that BunZai Media Group, Inc., processed credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a negative option.

*Response:* Objection to the form of the question. Vague and ambiguous. Without waiving the objection, following reasonable inquiry, the information known or can readily be obtained is insufficient to either admit or deny. Not having sufficient information or belief to respond, it is denied.

177.   Admit that Pinnacle Logistics, Inc., processed credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a negative option.

*Response:* Objection as to the form of the question. Vague and ambiguous. Without waiving the objection, deny.

178.   Admit that DSA Holdings, Inc., processed credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a negative option.

*Response:* Objection as to the form of the question. Vague and ambiguous. Without waiving the objection, admit.

179.   Admit that Lifetyle Media Brands, Inc., had no other business purpose than to process credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a negative option.

*Response:* Objection as to the form of the question. Vague and ambiguous. Without waiving the objection, deny.

180.   Admit that Agoa Holdings, Inc., had no other business purpose than to process credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a negative option.

*Response:* Objection as to the form of the question. Vague and ambiguous. Without waiving the objection, deny.

DEFENDANT ROI REUVENI'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION

181.    Admit that Zen Mobile Media, Inc., had no other business purpose than to process credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a negative option.

*Response:* Objection as to the form of the question. Vague and ambiguous. Without waiving the objection, deny.

182.    Admit that Safehaven Ventures, Inc., had no other business purpose than to process credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a negative option.

*Response:* Objection as to the form of the question. Vague and ambiguous. Without waiving the objection, deny.

183.    Admit that Heritage Alliance Group, Inc., had no other business purpose than to process credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a negative option.

*Response:* Objection as to the form of the question. Vague and ambiguous. Without waiving the objection, deny.

184.    Admit that AMD Financial Network, Inc., had no other business purpose than to process credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit, other skincare products sold by Defendants through a negative option.

*Response:* Objection as to the form of the question. Vague and ambiguous. Without waiving the objection, deny.

185.    Admit that SBM Management, Inc., processed credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a negative option.

*Response:* Deny

27

1      186.   Admit that Media Urge, Inc., processed credit card or debit card

2   payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold

3   by Defendants through a negative option.

4      *Response:* Deny

5      187.   Admit that Adageo, LLC, processed credit card or debit card payments

6   for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by

7   Defendants through a negative option.

8      *Response:* Deny

9      188.   Admit that Calenergy, Inc., processed credit card or debit card

10   payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold

11   by Defendants through a negative option.

12      *Response:* Deny

13      189.   Admit that Kai Media, Inc., had no other business purpose than to

14   process credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit,

15   or other skincare products sold by Defendants through a negative option.

16      *Response:* Objection as to the form of the question. Vague and ambiguous.

17   Without waiving the objection, deny.

18      190.   Admit that Insight Media, Inc., had no other business purpose than to

19   process credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit,

20   or other skincare products sold by Defendants through a negative option.

21      *Response:* Objection as to the form of the question. Vague and ambiguous.

22   Without waiving the objection, deny.

23      191.   Admit that Focus Media Solutions, Inc., processed credit card or debit

24   card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products

25   sold by Defendants through a negative option.

26      *Response:* Deny

27

28

28

DEFENDANT ROI REUVENI'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION

192.   Admit that Secured Commerce, LLC, processed credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a negative option.

*Response:* Deny

193.   Admit that USM Products, Inc., processed credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a negative option.

*Response:* Deny

194.   Admit that USM Products, Inc., was used to make bulk purchases of products and containers for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a negative option.

*Response:*  Objection to the form of the question. Vague and ambiguous. Without waiving the objection, following reasonable inquiry, the information known or can readily be obtained is insufficient to either admit or deny. Not having sufficient information or belief to respond, it is denied..

195.   Admit that Merchant Leverage Group, Inc., processed credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a negative option.

*Response:* Following reasonable inquiry, the information known or can readily be obtained is insufficient to either admit or deny. Not having sufficient information or belief to respond, it is denied.

196.   Admit that DMA Medial Holdings, Inc., had no other business purpose than to process credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a negative option.

*Response:* Objection as to the form of the question. Vague and ambiguous. Without waiving the objection, deny.

29

DEFENDANT ROI REUVENI'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION

197.   Admit that Shalita Holdings, Inc., had no other business purpose than
to process credit card or debit card payments for AuraVie, Dellure, Miracle Face
Kit, or other skincare products sold by Defendants through a negative option.

*Response:* Objection as to the form of the question. Vague and ambiguous.
Without waiving the objection, deny.

198.   Admit that All Star Beauty Products, Inc., had no other business
purpose than to process credit card or debit card payments for AuraVie, Dellure,
Miracle Face Kit, or other skincare products sold by Defendants through a negative
option.

*Response:* Objection as to the form of the question. Vague and ambiguous.
Without waiving the objection, deny.

199.   Admit that Secured Merchants, LLC established voice logix services
for BunZai Media Group, Inc.

*Response:* Objection as to the form of the question. Vague and ambiguous.
Without waiving the objection, deny.

200.   Admit that Secured Merchants, LLC established voice logix services
for Pinnacle Logistics, Inc.

*Response:* Objection as to the form of the question. Vague and ambiguous.
Without waiving the objection, deny.

201.   Admit that Secured Merchants, LLC established voice logix services
for Corporate Defendants.

*Response:* Objection as to the form of the question. Vague and ambiguous.
Without waiving the objection, deny.

202.   Admit that Alon Nottea used the alias name "Jay Michaels."

*Response:* Following reasonable inquiry, the information known or can
readily be obtained is insufficient to either admit or deny. Not having sufficient
information or belief to respond, it is denied.

30

DEFENDANT ROI REUVENI'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION

203.   Admit that Doron controlled deposit stamps for all Corporate Defendants.

*Response:* Following reasonable inquiry, the information known or can readily be obtained is insufficient to either admit or deny. Not having sufficient information or belief to respond, it is denied.

204.   Admit that Igor Latsanovski reviewed AuraVie's website.

*Response:* Following reasonable inquiry, the information known or can readily be obtained is insufficient to either admit or deny. Not having sufficient information or belief to respond, it is denied.

205.   Admit that Igor Latsanovski reviewed all Corporate Defendants' website(s).

*Response:* Following reasonable inquiry, the information known or can readily be obtained is insufficient to either admit or deny. Not having sufficient information or belief to respond, it is denied.

206.   Admit that Roi Reuveni was a manager in Pinnacle's chargeback department.

*Response:* Admit

207.   Admit that Roi Reuveni was a manager in Pinnacle's call center.

*Response:* Admit

208.   Admit that Alan Argaman was sole owner of corporate defendants Secured Merchants, LLC.

*Response:* Following reasonable inquiry, the information known or can readily be obtained is insufficient to either admit or deny. Not having sufficient information or belief to respond, it is denied.

209.   Admit that at least 27 companies were used as payment processors for AuraVie products.

*Response:* Deny

31

1      210.   Admit that at least 27 companies were used as payment processors for

2 Dellure products.

3      *Response:* Deny

4      211.   Admit that at least 27 companies were used as payment processors for

5 Miracle Face Kit products.

6      *Response:* Deny

7      212.   Admit that BunZai Media Group, Inc. purchased the right to use the

8 name "AuraVie" from Skincare OU.

9      *Response:* Following reasonable inquiry, the information known or can

10 readily be obtained is insufficient to either admit or deny. Not having sufficient

11 information or belief to respond, it is denied.

12      213.   Admit that Doron Nottea has signed checks or financial documents

13 using Stephen Bauer's name.

14      *Response:* Following reasonable inquiry, the information known or can

15 readily be obtained is insufficient to either admit or deny. Not having sufficient

16 information or belief to respond, it is denied.

17      214.   Admit that Doron Nottea and Alan Argaman were owners of Secured

18 Commerce, LLC.

19      *Response:* Following reasonable inquiry, the information known or can

20 readily be obtained is insufficient to either admit or deny. Not having sufficient

21 information or belief to respond, it is denied.

22      215.   Admit that Focus Media Solutions, Inc. created advertisements for

23 skincare products sold by negative option.

24      *Response:* Following reasonable inquiry, the information known or can

25 readily be obtained is insufficient to either admit or deny. Not having sufficient

26 information or belief to respond, it is denied.

27      216.   Admit that Focus Media Solutions, Inc. created advertisements for

28

32

1    BunZai Media Group, Inc.'s skincare products sold by negative option.

2    *Response:* Following reasonable inquiry, the information known or can

3    readily be obtained is insufficient to either admit or deny. Not having sufficient

4    information or belief to respond, it is denied.

5    217.   Admit that Focus Media Solutions, Inc. created advertisements for

6    Pinnacle Logistics, Inc.'s skincare products sold by negative option.

7    *Response:* Deny

8    218.   Admit that Focus Media Solutions, Inc. created advertisements for

9    Corporate Defendants' skincare products sold by negative option.

10   *Response:* Following reasonable inquiry, the information known or can

11   readily be obtained is insufficient to either admit or deny. Not having sufficient

12   information or belief to respond, it is denied.

13   219.   Admit that Alon Nottea was an owner of Focus Media Solutions, Inc.

14   *Response:* Following reasonable inquiry, the information known or can

15   readily be obtained is insufficient to either admit or deny. Not having sufficient

16   information or belief to respond, it is denied.

17   220.   Admit that, since its incorporation, Alon Nottea had the authority to

18   control the business operations of Focus Media Solutions, Inc.

19   *Response:* Following reasonable inquiry, the information known or can

20   readily be obtained is insufficient to either admit or deny. Not having sufficient

21   information or belief to respond, it is denied.

22   221.   Admit that Doron Nottea did bookkeeping work for Focus Media

23   Solutions, Inc.

24   *Response:* Following reasonable inquiry, the information known or can

25   readily be obtained is insufficient to either admit or deny. Not having sufficient

26   information or belief to respond, it is denied.

27   222.   Admit that Media Urge did marketing for BunZai Media Group, Inc.

28

33

DEFENDANT ROI REUVENI'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION

1   *Response*: Objection to the form of the question. Vague and ambiguous.

2   Without waiving the objection, following reasonable inquiry, the information

3   known or can readily be obtained is insufficient to either admit or deny. Not having

4   sufficient information or belief to respond, it is denied.

5       223.   Admit that Media Urge did marketing for Pinnacle Logistics, Inc.

6       *Response:* Deny

7       224.   Admit that Media Urge did marketing for Corporate Defendants.

8       *Response:* Objection to the form of the question. Vague and ambiguous.

9   Without waiving the objection, following reasonable inquiry, the information

10  known or can readily be obtained is insufficient to either admit or deny. Not having

11  sufficient information or belief to respond, it is denied.

12      225.   Admit that Motti Nottea has reviewed AuraVie website(s).

13      *Response:* Objection to the form of the question. Vague and ambiguous.

14  Without waiving the objection, following reasonable inquiry, the information

15  known or can readily be obtained is insufficient to either admit or deny. Not having

16  sufficient information or belief to respond, it is denied.

17      226.   Admit that Motti Nottea has reviewed Dellure website(s).

18      *Response:* Objection to the form of the question. Vague and ambiguous.

19  Without waiving the objection, following reasonable inquiry, the information

20  known or can readily be obtained is insufficient to either admit or deny. Not having

21  sufficient information or belief to respond, it is denied.

22      227.   Admit that Motti Nottea has reviewed Miracle Face Kit website(s).

23      *Response:* Objection to the form of the question. Vague and ambiguous.

24  Without waiving the objection, following reasonable inquiry, the information

25  known or can readily be obtained is insufficient to either admit or deny. Not having

26  sufficient information or belief to respond, it is denied.

27      228.   Admit that Motti Nottea signed payment processor documents on

28

34

DEFENDANT ROI REUVENI'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION

behalf of BunZai Media Group, Inc.

*Response:* Following reasonable inquiry, the information known or can readily be obtained is insufficient to either admit or deny. Not having sufficient information or belief to respond, it is denied.

229.   Admit that Motti Nottea held himself out as a CEO of BunZai Media Group, Inc.

*Response:* Deny

230.   Admit that Motti Nottea was the CEO or owner of DSA Holdings, Inc.

*Response:* Following reasonable inquiry, the information known or can readily be obtained is insufficient to either admit or deny. Not having sufficient information or belief to respond, it is denied.

231.   Admit that Alon Nottea participated in managing Chargeback Armor, Inc.

*Response:* Deny

232.   Admit that Alon Nottea was an owner of Chargeback Armor, Inc.

*Response:* Deny

233.   Admit that, since its incorporation, Alon Nottea, acting alone or in concert with others, had the authority to control the business operations of Chargeback Armor, Inc.

*Response:* Deny

234.   Admit that Alon Nottea solicited investors or investments for Chargeback Armor, Inc.

*Response:* Admit

235.   Admit that Secured Merchants LLC transferred $250,000 in funds to Chargeback Armor, Inc.

DEFENDANT ROI REUVENI'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION

1    *Response*: Following reasonable inquiry, the information known or can

2    readily be obtained is insufficient to either admit or deny. Not having sufficient

3    information or belief to respond, it is denied.

4        236.   Admit that Secured Merchants received more than $300,000 from

5    SBM Management, Inc. for providing chargeback services relating to the sale of

6    Defendants' skincare products.

7        *Response:* Following reasonable inquiry, the information known or can

8    readily be obtained is insufficient to either admit or deny. Not having sufficient

9    information or belief to respond, it is denied.

10       237.   Admit that Roi Reuveni is or was Chargeback Armor's COO.

11       *Response:* Admit.

12       238.   Admit that SBM Management, Inc. was controlled by Doron Nottea.

13       *Response:* Deny

14       239.   Admit that, since its incorporation, Doron Nottea had the authority to

15   control the business operations of SBM Management, Inc.

16       *Response:* Deny

17       240.   Admit each individual defendants was paid at least 1% of sales

18   processed through merchant accounts in which they were listed as CEO.

19       *Response:* Admit

20       241.   Admit that Doron Nottea received compensation for bookkeeping

21   work performed for companies for any Corporate Defendant.

22       *Response:* Objection to the form of the question. Vague and ambiguous.

23   Without waiving the objection, following reasonable inquiry, the information

24   known or can readily be obtained is insufficient to either admit or deny. Not having

25   sufficient information or belief to respond, it is denied.

26       242.   Admit that Doron Nottea used corporate credit cards for companies for

27   any Corporate Defendant for personal expenses.

28

36

DEFENDANT ROI REUVENI'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION

1    *Response:* Objection to the form of the question. Vague and ambiguous.

2    Without waiving the objection, deny.

3        243.   Admit that some portion of the funds in Doron Nottea's safety deposit

4    box came from the sale of negative option products.

5        *Response:* Objection to the form of the question. Vague and ambiguous.

6    Without waiving the objection, following reasonable inquiry, the information

7    known or can readily be obtained is insufficient to either admit or deny. Not having

8    sufficient information or belief to respond, it is denied.

9        244.   Admit that Roi Reuveni is or was President for DMA Media Holdings.

10       *Response:* Admit

11       245.   Admit that Roi Reuveni is or was an officer or director for Agoa

12   Holdings.

13       *Response:* Admit

14       246.   Admit that Roi Reuveni was paid by CalEnergy, Inc.

15       *Response:* Admit

16       247.   Admit that Igor Latsanovski provided assistance in establishing

17   overseas accounts or merchant accounts for transferring funds received from

18   consumers in the sale of Defendants' skincare products by negative option.

19       *Response: :* Following reasonable inquiry, the information known or can

20   readily be obtained is insufficient to either admit or deny. Not having sufficient

21   information or belief to respond, it is denied.

22       248.   Admit that BunZai Media Group, Inc. previously had its merchant

23   accounts frozen or cancelled by the bank or merchant processing entity due to high

24   chargeback rates.

25       *Response:* Objection to the form of the question. Vague and ambiguous.

26   Without waiving the objection, following reasonable inquiry, the information

27   known or can readily be obtained is insufficient to either admit or deny. Not having

28

37

DEFENDANT ROI REUVENI'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION

1    sufficient information or belief to respond, it is denied.

2    249.   Admit that any Corporate Defendant continued to process or make

3  sales of skincare products after their formal dissolution papers were filed with the

4  California Secretary of State.

5    *Response: :* Following reasonable inquiry, the information known or can

6  readily be obtained is insufficient to either admit or deny. Not having sufficient

7  information or belief to respond, it is denied.

8    250.   Admit that Zen Mobile Media, Inc. made payments on the American

9  Express card in the name of Igor Latsanovski.

10    *Response:* Following reasonable inquiry, the information known or can

11  readily be obtained is insufficient to either admit or deny. Not having sufficient

12  information or belief to respond, it is denied.

13    251.   Admit that you sold AuraVie products by negative option.

14    *Response:* Objection to the form of the question. Vague and ambiguous.

15  Without waiving the objection, deny.

16    252.   Admit that you sold Dellure products by negative option.

17    *Response:* Objection to the form of the question. Vague and ambiguous.

18  Without waiving the objection, deny.

19    253.   Admit that you sold Miracle Face Kit products by negative option.

20    *Response:* Objection to the form of the question. Vague and ambiguous.

21  Without waiving the objection, deny.

22    254.   Admit that Alon Nottea sent and received emails using the email

23  account vigorect@gmail.com.

24    *Response:* Admit

25    255.   Admit that Alon Nottea sent and received emails using the email

26  account alon@chargeback armor.com.

27    *Response:* Admit.

28

38

DEFENDANT ROI REUVENI'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION

256.   Admit that Alon Nottea sent and received emails using the email account alon@securedmerchants.com.

*Response:* Deny

257.   Admit that Doron Nottea sent and received emails using the email account Doron@doron.us.

*Response:* Admit

258.   Admit that Doron Nottea sent and received messages using the Skype account named Accounting818.

*Response:* Deny

259.   Admit that Roi Reuveni sent and received emails using the email account roi@chargebackarmor.com.

*Response:* Admit

260.   Admit that Roi Reuveni sent and received emails using the email account roi@securedmerchants.com.

*Response:* Admit.

261.   Admit that Alan Argaman sent and received emails using the email account avicoglobal@gmail.com.

*Response:* Admit

262.   Admit that, in February 2015, Roi Reuveni signed the lease on behalf of Chargeback Armor, Inc.

*Response:* Deny

263.   Admit that Doron Nottea received weekly reports concerning chargebacks for companies' any Corporate Defendant's sales.

*Response:* Objection to the form of the question. Vague and ambiguous. Without waiving the objection, deny.

264.   Admit that Igor Latsanovski assisted Alon Nottea in establishing foreign merchant accounts for the sale of skincare products by negative option.

39

1   *Response: :* Following reasonable inquiry, the information known or can
2   readily be obtained is insufficient to either admit or deny. Not having sufficient
3   information or belief to respond, it is denied.

4   265.   Admit that Igor Latsanovski is sole owner of Guayas LTD.

5   *Response:* Following reasonable inquiry, the information known or can
6   readily be obtained is insufficient to either admit or deny. Not having sufficient
7   information or belief to respond, it is denied.

8   266.   Admit that funds derived from the sale of skincare products by
9   negative option were used to purchase properties owned by Sunset Holding
10  Partners LLC.

11  *Response: :* Following reasonable inquiry, the information known or can
12  readily be obtained is insufficient to either admit or deny. Not having sufficient
13  information or belief to respond, it is denied.

14  267.   Admit that Igor Latsanovski received a monthly salary from BunZai
15  Media Group, Inc.

16  *Response: :* Following reasonable inquiry, the information known or can
17  readily be obtained is insufficient to either admit or deny. Not having sufficient
18  information or belief to respond, it is denied.

19  268.   Admit that Igor Latsanovski introduced Alon Nottea to potential
20  investors for BunZai Media Group, Inc.

21  *Response: :* Following reasonable inquiry, the information known or can
22  readily be obtained is insufficient to either admit or deny. Not having sufficient
23  information or belief to respond, it is denied.

24  269.   Admit that Igor Latsanovski is an investor in Skincare OU or Skincare
25  OY.

26  *Response:* Following reasonable inquiry, the information known or can
27  readily be obtained is insufficient to either admit or deny. Not having sufficient

28

40

DEFENDANT ROI REUVENI'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION

1    information or belief to respond, it is denied.

2       270.   Admit that Igor Latsanovski is part owner, officer, or director of

3    Skincare OY.

4       *Response: :* Following reasonable inquiry, the information known or can

5    readily be obtained is insufficient to either admit or deny. Not having sufficient

6    information or belief to respond, it is denied.

7       271.   Admit that funds derived from the sale of AuraVie products were

8       transferred overseas bank accounts.

9       *Response:* Objection to the form of the question. Vague and ambiguous.

10   Without waiving the objection, following reasonable inquiry, the information

11   known or can readily be obtained is insufficient to either admit or deny. Not having

12   sufficient information or belief to respond, it is denied.

13      272.   Admit that funds derived from the sale of Dellure products were

14   transferred overseas bank accounts.

15      *Response:* Objection to the form of the question. Vague and ambiguous.

16   Without waiving the objection, following reasonable inquiry, the information

17   known or can readily be obtained is insufficient to either admit or deny. Not having

18   sufficient information or belief to respond, it is denied.

19      273.   Admit that funds derived from the sale of Miracle Face Kit products

20   were transferred overseas bank accounts.

21      *Response:* Objection to the form of the question. Vague and ambiguous.

22   Without waiving the objection, following reasonable inquiry, the information

23   known or can readily be obtained is insufficient to either admit or deny. Not having

24   sufficient information or belief to respond, it is denied.

25      274.   Admit that funds derived from the sale of Defendants' skincare

26   products were transferred overseas bank accounts.

27      *Response:* Objection to the form of the question. Vague and ambiguous.

28

41

DEFENDANT ROI REUVENI'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION

1    Without waiving the objection, following reasonable inquiry, the information

2  known or can readily be obtained is insufficient to either admit or deny. Not having

3  sufficient information or belief to respond, it is denied.

4

5  DATED: January 18, 2016

6

7                                            ROBERT M. UNGAR
                                             Attorney for Defendant and Cross-defendant
8                                            Roi Reuveni

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27
                                    42
28
DEFENDANT ROI REUVENI'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on January 20, 2016, a true and correct copy of the foregoing document was provided to the attorney listed below by hand delivery.

Reid Tepfer – Attorney for the FTC

The undersigned certifies that on January 20, 2016, a true and correct copy of the foregoing document was provided to the attorney listed below by email.

| Attorney | Email |
|---|---|
| Reid Tepfer | rtepfer@ftc.gov |
| Luis H Gallegos | lgallegos@ftc.gov |
| Jeffrey S Benice | jsb@jeffreybenice.com |
| Raymond E McKown | rmckown@ftc.gov |
| Erik S Syverson | esyverson@raineslaw.com |
| Robert L Esensten | resensten@esenstenlaw.com |
| Sagar Parikh | sp@beverlyhillslawcorp.com |

_____

Robert M Ungar

ROBERT L. ESENSTEN (SBN 65728)
    resensten@esenstenlaw.com
RANDI R. GEFFNER (SBN 116574)
    rgeffner@esenstenlaw.com
**ESENSTEN LAW**
12100 Wilshire Boulevard, Suite 1660
Los Angeles, California 90025
Telephone:  (310) 273-3090
Facsimile:   (310) 207-5969

Attorneys for Defendants DORON NOTTEA and MOTTI NOTTEA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Case No.:  2:15-CV-04527-GW (PLAx) |
| Plaintiff, | **DEFENDANT DORON NOTTEA'S RESPONSES TO REQUEST FOR ADMISSIONS PROPOUNDED BY PLAINTIFF FEDERAL TRADE COMMISSION – SET ONE** |
| v. | |
| BUNZAI MEDIA GROUP, INC., *et al.*, | |
| Defendants. | |

**PROPOUNDING PARTY:**     **Plaintiff, Federal Trade Commission**

**RESPONDING PARTY:**     **Defendant, Doron Nottea**

**SET NO.:**     **One (1)**

Defendant, DORON NOTTEA, an individual ("Defendant" and/or "Responding Party") hereby responds to Plaintiff FEDERAL TRADE COMMISSION's First Set of Requests for Admissions pursuant to *Federal Rules of Civil Procedure* Rules 36 as follows:

## PRELIMINARY STATEMENT

Defendant is presently pursuing his investigation and analysis of the facts and law relating to this case and has not yet completed preparation for trial.  The responses set forth herein are given without prejudice to Defendant's right to develop any theory

1

or produce or use any subsequently discovered or previously unknown facts, documents or evidence, or to add to, modify or otherwise change or amend the responses herein.  These responses are based upon writings and information currently available to Defendant.  The responses are true and correct to the best information and belief of Defendant as of this date, and are subject to correction for inadvertent errors, mistakes or omissions.

Defendant reserves the right to introduce at trial any and all information and/or documents heretofore or hereafter produced by the parties in this action or by any third person that support or tend to support Defendant's contentions at trial or are in support of or in opposition to any motion in this case.

Inadvertent identification or production of privileged documents or information by Defendant does not constitute a waiver of any applicable privilege, nor does production of any documents or information waive any objection, including relevance, to the admission of such document in evidence.

## **GENERAL OBJECTIONS**

1.      Defendant objects to the entire set of discovery in that it is unduly burdensome; Plaintiff has propounded 274 Requests for Admissions to Defendant, the majority of which are objectionable.

2.      Defendant objects to each and every Request to the extent that it seeks information which is neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

3.      Defendant objects to each and every Request to the extent that it is overbroad, unduly burdensome, or oppressive.

4.      The responses set forth herein are made without waiving any objections raised by Defendant in this proceeding or any objections Defendant may have as to the subsequent use of these responses.  Defendant specifically reserves the right to challenge the authenticity or admissibility of documents to which reference may be

1   made in the responses, the right to object at a subsequent time to other discovery

2   procedures relating to the subject matter of the Interrogatories at issue herein, and to

3   revise, supplement, correct or otherwise clarify the responses herein.

4        5.     Defendant reserves the right to supplement the responses herein pursuant

5   to Federal Rules of Civil Procedure Rule 26(e) if additional responsive information

6   becomes available.

7        6.     Defendant objects to each Request to the extent it directly or indirectly

8   seeks information subject to the attorney client privilege, deliberative process

9   privilege, or work product privilege.

10       7.     Defendant objects to each Request to the extent the instructions and

11  definitions attempt to impose, or do impose, obligations greater than those required by

12  the Federal Rules of Civil Procedure.

13       8.     Unless otherwise specified, references to a "Rule", "Rules" or "the

14  Rules" references the Federal Rules of Civil Procedure or a Rule or Rules within

15  them.

16       9.     These General Objections are incorporated by this reference into each

17  and every response to Plaintiff's Requests herein.

18

19  **RESPONSES TO REQUESTS FOR ADMISSIONS**

20

21  **REQUEST FOR ADMISSION NO. 1:**

22       Admit that the Federal District Court for the Central District of California has

23  subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337(a), 1345, and 1355,

24  and 15 U.S.C. §§ 45(a), 45(*l*), 53(b), and 56(a).

25  **RESPONSE TO REQUEST FOR ADMISSION:**

26       Responding Party objects to this Request on the grounds that it seeks a legal

27  conclusion.

28  / / /

3

**REQUEST FOR ADMISSION NO. 2:**

Admit that the complaint in this litigation alleges violations of the laws of the United States.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to this Request on the grounds that it seeks a legal conclusion.

**REQUEST FOR ADMISSION NO. 3:**

Admit that the complaint alleges violations of the Federal Trade Commission Act.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to this Request on the grounds that it seeks a legal conclusion.

**REQUEST FOR ADMISSION NO. 4:**

Admit that the complaint alleges violations of the Restore Online Shoppers Act.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to this Request on the grounds that it seeks a legal conclusion.

**REQUEST FOR ADMISSION NO. 5:**

Admit that the complaint alleges violations of the Electronic Funds Transfer Act.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to this Request on the grounds that it seeks a legal conclusion.

**REQUEST FOR ADMISSION NO. 6:**

Admit that venue is proper in the Central District of California under 28 U.S.C. §§ 1391(b)(1), (b)(2), (c)(1), (c)(2), and (d) and 1395(a) and 15 U.S.C. § 53(b).

**RESPONSE TO REQUEST FOR ADMISSION:**

Admit.

1    **REQUEST FOR ADMISSION NO. 7:**

2         Admit that Doron Nottea has been an officer of BunZai Media Group, Inc.

3    **RESPONSE TO REQUEST FOR ADMISSION:**

4         Deny.

5    **REQUEST FOR ADMISSION NO. 8:**

6         Admit that Doron Nottea was an owner of BunZai Media Group, Inc. since at

7    least January 1, 2010.

8    **RESPONSE TO REQUEST FOR ADMISSION:**

9         Deny.

10   **REQUEST FOR ADMISSION NO. 9:**

11        Admit that, since at least January 2010, Doron Nottea has controlled or had the

12   authority to control the business operations of BunZai Media Group, Inc.

13   **RESPONSE TO REQUEST FOR ADMISSION:**

14        Deny.

15   **REQUEST FOR ADMISSION NO. 10:**

16        Admit that Doron Nottea was involved in the day-to-day operations of BunZai

17   Media Group, Inc.

18   **RESPONSE TO REQUEST FOR ADMISSION:**

19        Deny.

20   **REQUEST FOR ADMISSION NO. 11:**

21        Admit that Doron Nottea had knowledge that consumers had alleged that

22   unauthorized charges were being billed to consumers' credit cards by BunZai Media

23   Group, Inc.

24   **RESPONSE TO REQUEST FOR ADMISSION:**

25        Responding Party objects on the grounds that the Request is vague and

26   ambiguous and compound.  Without waiving said objections, Responding Party

27   responds as follows:  Deny.

28   / / /

**REQUEST FOR ADMISSION NO. 12:**

Admit that Doron Nottea had knowledge that consumers had alleged that unauthorized charges were being billed to consumers' debit cards by BunZai Media Group, Inc.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects on the grounds that the Request is vague and ambiguous and compound.  Without waiving said objections, Responding Party responds as follows:  Deny.

**REQUEST FOR ADMISSION NO. 13:**

Admit that Doron Nottea transacts or has transacted business in the Central District of California.

**RESPONSE TO REQUEST FOR ADMISSION:**

Admit.

**REQUEST FOR ADMISSION NO. 14:**

Admit that Doron Nottea resides in the Central District of California.

**RESPONSE TO REQUEST FOR ADMISSION:**

Admit.

**REQUEST FOR ADMISSION NO. 15:**

Admit that Doron Nottea resides at ███████████████, California.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to this Request on the grounds that it seeks private information protected by the California Constitution and the United States Constitution.

**REQUEST FOR ADMISSION NO. 16:**

Admit that Alon Nottea has been an officer of BunZai Media Group, Inc.

**RESPONSE TO REQUEST FOR ADMISSION:**

Admit.

/ / /

6

**REQUEST FOR ADMISSION NO. 17:**

Admit that Alon Nottea was an owner of BunZai Media Group, Inc. since at least January 1, 2010.

**RESPONSE TO REQUEST FOR ADMISSION:**

Admit.

**REQUEST FOR ADMISSION NO. 18:**

Admit that Alon Nottea was involved in the day-to-day operations of BunZai Media Group, Inc.

**RESPONSE TO REQUEST FOR ADMISSION:**

Admit.

**REQUEST FOR ADMISSION NO. 19:**

Admit that Alon Nottea had knowledge that consumers had alleged that unauthorized charges were being billed to consumers' credit cards BunZai Media Group, Inc.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects on the grounds that the Request calls for Responding Party to speculate as to the state of mind and knowledge of Defendant Alon Nottea; Responding Party objects on the grounds that the Request is vague and ambiguous and compound.  Without waiving said objections, Responding Party responds as follows: Deny.

**REQUEST FOR ADMISSION NO. 20:**

Admit that Alon Nottea had knowledge that consumers had alleged that unauthorized charges were being billed to consumers' debit cards BunZai Media Group, Inc.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects on the grounds that the Request calls for Responding Party to speculate as to the state of mind and knowledge of Defendant Alon Nottea; Responding Party objects on the grounds that the Request is vague and ambiguous and

7

compound.  Without waiving said objections, Responding Party responds as follows:

Deny.

**REQUEST FOR ADMISSION NO. 21:**

Admit that, since at least January 2010, Alon Nottea has controlled or had the authority to control the business operations of BunZai Media Group, Inc.

**RESPONSE TO REQUEST FOR ADMISSION:**

Admit.

**REQUEST FOR ADMISSION NO. 22:**

Admit that Alon Nottea transacts or has transacted business in the Central District of California.

**RESPONSE TO REQUEST FOR ADMISSION:**

Admit.

**REQUEST FOR ADMISSION NO. 23:**

Admit that Alon Nottea resides in the Central District of California.

**RESPONSE TO REQUEST FOR ADMISSION:**

Admit.

**REQUEST FOR ADMISSION NO. 24:**

Admit that Alon Nottea resides at ██████████, Winnetka, California.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to this Request on the grounds that it seeks private information protected by the California Constitution and the United States Constitution.

**REQUEST FOR ADMISSION NO. 25:**

Admit that Igor Latsanovski has been an officer of BunZai Media Group, Inc.

**RESPONSE TO REQUEST FOR ADMISSION:**

Deny.

/ / /

/ / /

1  **REQUEST FOR ADMISSION NO. 26:**

2  Admit that Igor Latsanovski was an owner of BunZai Media Group, Inc. since

3  at least January 1, 2010.

4  **RESPONSE TO REQUEST FOR ADMISSION:**

5  Deny.

6  **REQUEST FOR ADMISSION NO. 27:**

7  Admit that, since at least January 2010, Igor Latsanovski has controlled or had

8  the authority to control the business operations of BunZai Media Group, Inc.

9  **RESPONSE TO REQUEST FOR ADMISSION:**

10  Deny.

11  **REQUEST FOR ADMISSION NO. 28:**

12  Admit that Igor Latsanovski had knowledge that consumers had alleged that

13  unauthorized charges were being billed to consumers' credit cards by BunZai Media

14  Group, Inc.

15  **RESPONSE TO REQUEST FOR ADMISSION:**

16  Responding Party objects on the grounds that the Request calls for Responding

17  Party to speculate as to the state of mind and knowledge of Defendant Igor

18  Latsanovski; Responding Party objects on the grounds that the Request is vague and

19  ambiguous and compound.  Without waiving said objections, Responding Party

20  responds as follows:  Deny.

21  **REQUEST FOR ADMISSION NO. 29:**

22  Admit that Igor Latsanovski had knowledge that consumers had alleged that

23  unauthorized charges were being billed to consumers' debit cards BunZai Media

24  Group, Inc.

25  **RESPONSE TO REQUEST FOR ADMISSION:**

26  Responding Party objects on the grounds that the Request calls for Responding

27  Party to speculate as to the state of mind and knowledge of Defendant Igor

28  Latsanovski; Responding Party objects on the grounds that the Request is vague and

9

1  ambiguous and compound.  Without waiving said objections, Responding Party

2  responds as follows:  Deny.

3  **REQUEST FOR ADMISSION NO. 30:**

4  Admit that Igor Latsanovski transacts or has transacted business in the Central

5  District of California.

6  **RESPONSE TO REQUEST FOR ADMISSION:**

7  Admit.

8  **REQUEST FOR ADMISSION NO. 31:**

9  Admit that Igor Latsanovski resides in the Central District of California.

10  **RESPONSE TO REQUEST FOR ADMISSION:**

11  Admit.

12  **REQUEST FOR ADMISSION NO. 32:**

13  Admit that Igor Latsanovski resides at ▮▮▮▮▮▮▮▮▮, Calabasas,

14  California.

15  **RESPONSE TO REQUEST FOR ADMISSION:**

16  Responding Party objects to this Request on the grounds that it seeks private

17  information protected by the California Constitution and the United States

18  Constitution.

19  **REQUEST FOR ADMISSION NO. 33:**

20  Admit that Motti Nottea has been an officer of BunZai Media Group, Inc.

21  **RESPONSE TO REQUEST FOR ADMISSION:**

22  Deny.

23  **REQUEST FOR ADMISSION NO. 34:**

24  Admit that Motti Nottea was the CEO of BunZai Media Group, Inc.

25  **RESPONSE TO REQUEST FOR ADMISSION:**

26  Deny.

27  / / /

28  / / /

DORON NOTTEA'S RESPONSES TO FTC'S REQUEST FOR ADMISSIONS– SET ONE

912-10                                                    **Exhibit 912**

**REQUEST FOR ADMISSION NO. 35:**

Admit that Motti Nottea was an owner of BunZai Media Group, Inc. since at least January 1, 2010.

**RESPONSE TO REQUEST FOR ADMISSION:**

Deny.

**REQUEST FOR ADMISSION NO. 36:**

Admit that, since at least January 2010, Motti Nottea has controlled or had the authority to control the business operations of BunZai Media Group, Inc.

**RESPONSE TO REQUEST FOR ADMISSION:**

Deny.

**REQUEST FOR ADMISSION NO. 37:**

Admit that Motti Nottea transacts or has transacted business in the Central District of California.

**RESPONSE TO REQUEST FOR ADMISSION:**

Admit.

**REQUEST FOR ADMISSION NO. 38:**

Admit that Motti Nottea had a merchant account in his name for BunZai Media Group, Inc.

**RESPONSE TO REQUEST FOR ADMISSION:**

Admit.

**REQUEST FOR ADMISSION NO. 39:**

Admit that Motti Nottea resides in the Central District of California.

**RESPONSE TO REQUEST FOR ADMISSION:**

Admit.

**REQUEST FOR ADMISSION NO. 40:**

Admit that Motti Nottea resides at ███████████████ Tarzana, California.

/ / /

1 **RESPONSE TO REQUEST FOR ADMISSION:**

2   Responding Party objects to this Request on the grounds that it seeks private

3 information protected by the California Constitution and the United States

4 Constitution.

5 **REQUEST FOR ADMISSION NO. 41:**

6   Admit that Roi Reuveni has been an officer of BunZai Media Group, Inc.

7 **RESPONSE TO REQUEST FOR ADMISSION:**

8   Deny.

9 **REQUEST FOR ADMISSION NO. 42:**

10   Admit that Roi Reuveni has been a manager of the customer service department

11 of BunZai Media Group, Inc.

12 **RESPONSE TO REQUEST FOR ADMISSION:**

13   Deny.

14 **REQUEST FOR ADMISSION NO. 43:**

15   Admit that Roi Reuveni has been the manager of the chargebacks department of

16 BunZai Media Group, Inc.

17 **RESPONSE TO REQUEST FOR ADMISSION:**

18   Deny.

19 **REQUEST FOR ADMISSION NO. 44:**

20   Admit that, acting alone or in concert with others, Roi Reuveni drafted the

21 deceptive template used to respond by BunZai Media Group, Inc. to respond to

22 financial institutions when consumers requested chargebacks.

23 **RESPONSE TO REQUEST FOR ADMISSION:**

24   Responding Party objects to this Request on the grounds that it is compound.

25 Responding Party further objects on the grounds that the Request is vague and

26 ambiguous.  Without waiving said objections, Responding Party responds as follows:

27 Deny.

28 / / /

**REQUEST FOR ADMISSION NO. 45:**

Admit that, since at least January 2010, Roi Reuveni has controlled or had the authority to control the business operations of BunZai Media Group, Inc.

**RESPONSE TO REQUEST FOR ADMISSION:**

Deny.

**REQUEST FOR ADMISSION NO. 46:**

Admit that Roi Reuveni transacts or has transacted business in the Central District of California.

**RESPONSE TO REQUEST FOR ADMISSION:**

Admit.

**REQUEST FOR ADMISSION NO. 47:**

Admit that Roi Reuveni resides in the Central District of California.

**RESPONSE TO REQUEST FOR ADMISSION:**

Admit.

**REQUEST FOR ADMISSION NO. 48:**

Admit that Roi Reuveni resides at ███████████████ Woodland Hills, California.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to this Request on the grounds that it seeks private information protected by the California Constitution and the United States Constitution.

**REQUEST FOR ADMISSION NO. 49:**

Admit that Kristopher Bond has been an officer of BunZai Media Group, Inc.

**RESPONSE TO REQUEST FOR ADMISSION:**

Admit.

**REQUEST FOR ADMISSION NO. 50:**

Admit that Kristopher Bond was an owner of BunZai Media Group, Inc. since at least January 1, 2010.

1  **RESPONSE TO REQUEST FOR ADMISSION:**

2      Admit.

3  **REQUEST FOR ADMISSION NO. 51:**

4      Admit that Kristopher Bond was involved in the day-to-day operations of

5  BunZai Media Group, Inc.

6  **RESPONSE TO REQUEST FOR ADMISSION:**

7      Admit.

8  **REQUEST FOR ADMISSION NO. 52:**

9      Admit that Kristopher Bond had knowledge that consumers had alleged that

10  unauthorized charges were being billed to consumers' credit cards BunZai Media

11  Group, Inc.

12  **RESPONSE TO REQUEST FOR ADMISSION:**

13      Responding Party objects on the grounds that the Request calls for Responding

14  Party to speculate as to the state of mind and knowledge of Defendant Kristopher

15  Bond; Responding Party objects on the grounds that the Request is vague and

16  ambiguous and compound.  Without waiving said objections, Responding Party

17  responds as follows:  Deny.

18  **REQUEST FOR ADMISSION NO. 53:**

19      Admit that Kristopher Bond had knowledge that consumers had alleged that

20  unauthorized charges were being billed to consumers' debit cards BunZai Media

21  Group, Inc.

22  **RESPONSE TO REQUEST FOR ADMISSION:**

23      Responding Party objects on the grounds that the Request calls for Responding

24  Party to speculate as to the state of mind and knowledge of Defendant Kristopher

25  Bond; Responding Party objects on the grounds that the Request is vague and

26  ambiguous and compound.  Without waiving said objections, Responding Party

27  responds as follows:  Deny.

28  / / /

---

1   **REQUEST FOR ADMISSION NO. 54:**

2       Admit that BunZai Media Group, Inc., was incorporated in California on

3   January 1, 2010.

4   **RESPONSE TO REQUEST FOR ADMISSION:**

5       Admit.

6   **REQUEST FOR ADMISSION NO. 55:**

7       Admit that, since BunZai Media Group, Inc.'s formation, it has maintained a

8   substantial course of trade in or affecting commerce, as "commerce" is defined in

9   Section 4 of the FTC Act, 15 U.S.C. § 44.

10  **RESPONSE TO REQUEST FOR ADMISSION:**

11      Responding Party objects on the grounds that the Request calls for a legal

12  conclusion.

13  **REQUEST FOR ADMISSION NO. 56:**

14      Admit that BunZai Media Group, Inc. has offered for sale, sold, and distributed

15  skincare products to consumers throughout the United States.

16  **RESPONSE TO REQUEST FOR ADMISSION:**

17      Responding Party objects to the Request on the grounds that it is compound and

18  overbroad as to time and scope.

19  **REQUEST FOR ADMISSION NO. 57:**

20      Admit that BunZai Media Group is not exempt from the coverage of the Federal

21  Trade Commission Act by statute.

22  **RESPONSE TO REQUEST FOR ADMISSION:**

23      Responding Party objects on the grounds that the Request calls for a legal

24  conclusion.

25  **REQUEST FOR ADMISSION NO. 58:**

26      Admit that BunZai Media Group, Inc. is a for-profit corporation.

27  **RESPONSE TO REQUEST FOR ADMISSION:**

28      Admit.

**REQUEST FOR ADMISSION NO. 59:**

Admit that BunZai Media Group, Inc has offered for sale, sold, and distributed skincare products using the name AuraVie.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to the Request on the grounds that it is compound and overbroad as to time and scope.

**REQUEST FOR ADMISSION NO. 60:**

Admit that BunZai Media Group, Inc has offered for sale, sold, and distributed skincare products using the name Dellure.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to the Request on the grounds that it is compound and overbroad as to time and scope.  Without waiving said objections, Responding Party responds as follows:  Deny.

**REQUEST FOR ADMISSION NO. 61:**

Admit that BunZai Media Group, Inc has offered for sale, sold, and distributed skincare products using the name Miracle Face Kit.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to the Request on the grounds that it is compound and overbroad as to time and scope.

**REQUEST FOR ADMISSION NO. 62:**

Admit that BunZai Media Group, Inc has offered for sale, sold, and distributed skincare products using the website AuraViefreetrial.com.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to the Request on the grounds that it is compound and overbroad as to time and scope.  Without waiving said objections, Responding Party responds as follows:  Deny.

/ / /

/ / /

**REQUEST FOR ADMISSION NO. 63:**

Admit that BunZai Media Group, Inc. has offered for sale, sold, and distributed skincare products using the website mymiraclekit.com.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to the Request on the grounds that it is compound and overbroad as to time and scope. Without waiving said objections, Responding Party responds as follows: Deny.

**REQUEST FOR ADMISSION NO. 64:**

Admit that BunZai Media Group, Inc has offered for sale, sold, and distributed skincare products using the website miraclefacekit.com.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to the Request on the grounds that it is compound and overbroad as to time and scope. Without waiving said objections, Responding Party responds as follows: Deny.

**REQUEST FOR ADMISSION NO. 65:**

Admit that BunZai Media Group, Inc has offered for sale, sold, and distributed skincare products using the term "risk free trial."

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to the Request on the grounds that it is compound and overbroad as to time and scope. Without waiving said objections, Responding Party responds as follows: Deny.

**REQUEST FOR ADMISSION NO. 66:**

Admit that BunZai Media Group, Inc has offered for sale, sold, and distributed skincare products using the term "gifts."

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to the Request on the grounds that it is compound and overbroad as to time and scope. Without waiving said objections, Responding Party responds as follows: Deny.

1  **REQUEST FOR ADMISSION NO. 67:**

2     Admit that consumers who bought BunZai Media Group, Inc.'s skin care

3  products had to return the product within 10 days to avoid being charged for the

4  product.

5  **RESPONSE TO REQUEST FOR ADMISSION:**

6     Deny.

7  **REQUEST FOR ADMISSION NO. 68:**

8     Admit that consumers who bought BunZai Media Group, Inc.'s skin care

9  products had to return the product within 10 days to avoid being subscribed into a

10  negative option continuity plan.

11  **RESPONSE TO REQUEST FOR ADMISSION:**

12     Responding Party objects to the Request on the grounds that it is compound.

13  Without waiving said objections, Responding Party responds as follows:  Deny.

14  **REQUEST FOR ADMISSION NO. 69:**

15     Admit that consumers who bought BunZai Media Group, Inc.'s skin care

16  products had to return the product within 10 days to avoid being subscribed into a

17  negative option continuity plan that would charge the consumers a monthly fee.

18  **RESPONSE TO REQUEST FOR ADMISSION:**

19     Responding Party objects to the Request on the grounds that it is compound.

20  Without waiving said objections, Responding Party responds as follows:  Deny.

21  **REQUEST FOR ADMISSION NO. 70:**

22     Admit that consumers who bought BunZai Media Group, Inc.'s skin care

23  products had to return the product within 10 days to avoid being subscribed into a

24  negative option continuity plan that would charge the consumers a fee of about

25  $97.88.

26  **RESPONSE TO REQUEST FOR ADMISSION:**

27     Responding Party objects to the Request on the grounds that it is compound.

28  Without waiving said objections, Responding Party responds as follows:  Deny.

**REQUEST FOR ADMISSION NO. 71:**

Admit that consumers who bought BunZai Media Group, Inc.'s skin care products had to pay a shipping and handling charge.

**RESPONSE TO REQUEST FOR ADMISSION:**

Admit.

**REQUEST FOR ADMISSION NO. 72:**

Admit that BunZai Media Group, Inc., processed consumer skincare payments through a merchant account in the name of Agoa Holdings, Inc.

**RESPONSE TO REQUEST FOR ADMISSION:**

Deny.

**REQUEST FOR ADMISSION NO. 73:**

Admit that BunZai Media Group, Inc. processed consumer skincare payments through a merchant account in the name of Zen Mobile Media, Inc.

**RESPONSE TO REQUEST FOR ADMISSION:**

Deny.

**REQUEST FOR ADMISSION NO. 74:**

Admit that BunZai Media Group, Inc. processed consumer skincare payments through a merchant account in the name of SafeHaven Ventures, Inc.

**RESPONSE TO REQUEST FOR ADMISSION:**

Deny.

**REQUEST FOR ADMISSION NO. 75:**

Admit that BunZai Media Group, Inc. processed consumer skincare payments through a merchant account in the name of Heritage Alliance Group, Inc.

**RESPONSE TO REQUEST FOR ADMISSION:**

Deny.

**REQUEST FOR ADMISSION NO. 76:**

Admit that BunZai Media Group, Inc. processed consumer skincare payments through a merchant account in the name of AMD Financial Network, Inc.

1  **RESPONSE TO REQUEST FOR ADMISSION:**

2      Deny.

3  **REQUEST FOR ADMISSION NO. 77:**

4      Admit that BunZai Media Group, Inc. processed consumer skincare payments

5  through a merchant account in the name of Kai Media, Inc.

6  **RESPONSE TO REQUEST FOR ADMISSION:**

7      Deny.

8  **REQUEST FOR ADMISSION NO. 78:**

9      Admit that BunZai Media Group, Inc. processed consumer skincare payments

10  through a merchant account in the name Insight Media, Inc.

11  **RESPONSE TO REQUEST FOR ADMISSION:**

12      Deny.

13  **REQUEST FOR ADMISSION NO. 79:**

14      Admit that SBM Management, Inc.'s corporate credit card was used to pay

15  BunZai Media Group, Inc.'s websites.

16  **RESPONSE TO REQUEST FOR ADMISSION:**

17      Responding Party objects to the Request on the grounds that it is vague and

18  ambiguous.

19  **REQUEST FOR ADMISSION NO. 80:**

20      Admit that Media Urge, Inc. was used by BunZai Media Group, Inc. to secure

21  third-party advertising tracked sales.

22  **RESPONSE TO REQUEST FOR ADMISSION:**

23      Responding Party objects to the Request on the grounds that it is vague and

24  ambiguous.  Without waiving said objections, Responding Party responds as follows:

25  Deny.

26  **REQUEST FOR ADMISSION NO. 81:**

27      Admit that Media Urge, Inc. was used by BunZai Media Group, Inc. to design

28  marketing materials.

DORON NOTTEA'S RESPONSES TO FTC'S REQUEST FOR ADMISSIONS– SET ONE

**912-20**                                                          **Exhibit 912**

**RESPONSE TO REQUEST FOR ADMISSION:**

Deny.

**REQUEST FOR ADMISSION NO. 82:**

Admit that Doron Nottea has been an officer of Pinnacle Logistics, Inc.

**RESPONSE TO REQUEST FOR ADMISSION:**

Deny.

**REQUEST FOR ADMISSION NO. 83:**

Admit that Doron Nottea was an owner of Pinnacle Logistics, Inc. since at least
January 1, 2010.

**RESPONSE TO REQUEST FOR ADMISSION:**

Deny.

**REQUEST FOR ADMISSION NO. 84:**

Admit that, since at least January 2010, Doron Nottea has controlled or had the
authority to control the business operations of Pinnacle Logistics, Inc.

**RESPONSE TO REQUEST FOR ADMISSION:**

Deny.

**REQUEST FOR ADMISSION NO. 85:**

Admit that Doron Nottea had knowledge that consumers had alleged that
unauthorized charges were being billed to consumers' debit cards by Pinnacle
Logistics, Inc.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects on the grounds that the Request is vague and
ambiguous and compound.  Without waiving said objections, Responding Party
responds as follows:  Deny.

**REQUEST FOR ADMISSION NO. 86:**

Admit that Doron Nottea had knowledge that consumers had alleged that
unauthorized charges were being billed to consumers' credit cards by Pinnacle
Logistics, Inc.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects on the grounds that the Request is vague and ambiguous and compound.  Without waiving said objections, Responding Party responds as follows:  Deny.

**REQUEST FOR ADMISSION NO. 87:**

Admit that Alon Nottea has been an officer of Pinnacle Logistics, Inc.

**RESPONSE TO REQUEST FOR ADMISSION:**

Deny.

**REQUEST FOR ADMISSION NO. 88:**

Admit that Alon Nottea was an owner of Pinnacle Logistics, Inc. since at least January 1, 2010.

**RESPONSE TO REQUEST FOR ADMISSION:**

Deny.

**REQUEST FOR ADMISSION NO. 89:**

Admit that Alon Nottea was involved in the day-to-day operations of Pinnacle Logistics, Inc.

**RESPONSE TO REQUEST FOR ADMISSION:**

Deny.

**REQUEST FOR ADMISSION NO. 90:**

Admit that Alon Nottea had knowledge that consumers had alleged that unauthorized charges were being billed to consumers' credit cards by Pinnacle Logistics, Inc.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects on the grounds that the Request calls for Responding Party to speculate as to the state of mind and knowledge of Defendant Alon Nottea; Responding Party objects on the grounds that the Request is vague and ambiguous and compound.  Without waiving said objections, Responding Party responds as follows: Deny.

1 **REQUEST FOR ADMISSION NO. 91:**

2     Admit that Alon Nottea had knowledge that consumers had alleged that

3 unauthorized charges were being billed to consumers' debit cards by Pinnacle

4 Logistics, Inc.

5 **RESPONSE TO REQUEST FOR ADMISSION:**

6     Responding Party objects on the grounds that the Request calls for Responding

7 Party to speculate as to the state of mind and knowledge of Defendant Alon Nottea;

8 Responding Party objects on the grounds that the Request is vague and ambiguous and

9 compound.  Without waiving said objections, Responding Party responds as follows:

10 Deny.

11 **REQUEST FOR ADMISSION NO. 92:**

12     Admit that Alon Nottea has controlled or had the authority to control the

13 business operations of Pinnacle Logistics, Inc.

14 **RESPONSE TO REQUEST FOR ADMISSION:**

15     Deny.

16 **REQUEST FOR ADMISSION NO. 93:**

17     Admit that Oz Mizrahi has been an officer of Pinnacle Logistics, Inc.

18 **RESPONSE TO REQUEST FOR ADMISSION:**

19     Admit.

20 **REQUEST FOR ADMISSION NO. 94:**

21     Admit that Oz Mizrahi was an owner of Pinnacle Logistics, Inc. since at least

22 January 1, 2010.

23 **RESPONSE TO REQUEST FOR ADMISSION:**

24     Admit.

25 **REQUEST FOR ADMISSION NO. 95:**

26     Admit that Oz Mizrahi was involved in the day-to-day operations of Pinnacle

27 Logistics, Inc.

28 / / /

**RESPONSE TO REQUEST FOR ADMISSION:**

   Deny.

**REQUEST FOR ADMISSION NO. 96:**

   Admit that Oz Mizrahi had knowledge that consumers had alleged that unauthorized charges were being billed to consumers' credit cards by Pinnacle Logistics, Inc.

**RESPONSE TO REQUEST FOR ADMISSION:**

   Responding Party objects on the grounds that the Request calls for Responding Party to speculate as to the state of mind and knowledge of Defendant Oz Mizrahi; Responding Party objects on the grounds that the Request is vague and ambiguous and compound.  Without waiving said objections, Responding Party responds as follows: Deny.

**REQUEST FOR ADMISSION NO. 97:**

   Admit that Oz Mizrahi had knowledge that consumers had alleged that unauthorized charges were being billed to consumers' debit cards by Pinnacle Logistics, Inc.

**RESPONSE TO REQUEST FOR ADMISSION:**

   Responding Party objects on the grounds that the Request calls for Responding Party to speculate as to the state of mind and knowledge of Defendant Oz Mizrahi; Responding Party objects on the grounds that the Request is vague and ambiguous and compound.  Without waiving said objections, Responding Party responds as follows: Deny.

**REQUEST FOR ADMISSION NO. 98:**

   Admit that Oz Mizrahi has controlled or had the authority to control the business operations of Pinnacle Logistics, Inc.

**RESPONSE TO REQUEST FOR ADMISSION:**

   Deny.

/ / /

**REQUEST FOR ADMISSION NO. 99:**

Admit that Igor Latsanovski has been an officer of Pinnacle Logistics, Inc.

**RESPONSE TO REQUEST FOR ADMISSION:**

Deny.

**REQUEST FOR ADMISSION NO. 100:**

Admit that Igor Latsanovski was an owner of Pinnacle Logistics, Inc. since at least January 1, 2010.

**RESPONSE TO REQUEST FOR ADMISSION:**

Deny.

**REQUEST FOR ADMISSION NO. 101:**

Admit that, since at least January 2010, Igor Latsanovski has controlled or had the authority to control the business operations of Pinnacle Logistics, Inc.

**RESPONSE TO REQUEST FOR ADMISSION:**

Deny.

**REQUEST FOR ADMISSION NO. 102:**

Admit that Igor Latsanovski had knowledge that consumers had alleged that unauthorized charges were being billed to consumers' debit cards by Pinnacle Logistics, Inc.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects on the grounds that the Request calls for Responding Party to speculate as to the state of mind and knowledge of Defendant Igor Latsanovski; Responding Party objects on the grounds that the Request is vague and ambiguous and compound.  Without waiving said objections, Responding Party responds as follows:  Deny.

**REQUEST FOR ADMISSION NO. 103:**

Admit that Igor Latsanovski had knowledge that consumers had alleged that unauthorized charges were being billed to consumers' credit cards by Pinnacle Logistics, Inc.

1 | **RESPONSE TO REQUEST FOR ADMISSION:**

2 |      Responding Party objects on the grounds that the Request calls for Responding

3 | Party to speculate as to the state of mind and knowledge of Defendant Igor

4 | Latsanovski; Responding Party objects on the grounds that the Request is vague and

5 | ambiguous and compound.  Without waiving said objections, Responding Party

6 | responds as follows:  Deny.

7 | **REQUEST FOR ADMISSION NO. 104:**

8 |      Admit that Motti Nottea has been an officer of Pinnacle Logistics, Inc.

9 | **RESPONSE TO REQUEST FOR ADMISSION:**

10 |      Deny.

11 | **REQUEST FOR ADMISSION NO. 105:**

12 |      Admit that, since at least January 2010, Motti Nottea has controlled or had the

13 | authority to control the business operations of Pinnacle Logistics, Inc.

14 | **RESPONSE TO REQUEST FOR ADMISSION:**

15 |      Deny.

16 | **REQUEST FOR ADMISSION NO. 106:**

17 |      Admit that Roi Reuveni has been an officer of Pinnacle Logistics, Inc.

18 | **RESPONSE TO REQUEST FOR ADMISSION:**

19 |      Deny.

20 | **REQUEST FOR ADMISSION NO. 107:**

21 |      Admit that Roi Reuveni has been a manager of the customer service department

22 | of Pinnacle Logistics, Inc.

23 | **RESPONSE TO REQUEST FOR ADMISSION:**

24 |      Admit.

25 | **REQUEST FOR ADMISSION NO. 108:**

26 |      Admit that Roi Reuveni has been the manager of the chargebacks department of

27 | Pinnacle Logistics, Inc.

28 | / / /

1  **RESPONSE TO REQUEST FOR ADMISSION:**

2      Admit.

3  **REQUEST FOR ADMISSION NO. 109:**

4      Admit that, acting alone or in concert with other, Roi Reuveni drafted the

5  template used to respond by Pinnacle Logistics, Inc. to respond to financial

6  institutions when consumers requested chargebacks.

7  **RESPONSE TO REQUEST FOR ADMISSION:**

8      Deny.

9  **REQUEST FOR ADMISSION NO. 110:**

10      Admit that, since at least January 2010, Roi Reuveni has controlled or had the

11  authority to control the business operations of Pinnacle Logistics, Inc.

12  **RESPONSE TO REQUEST FOR ADMISSION:**

13      Admit.

14  **REQUEST FOR ADMISSION NO. 111:**

15      Admit that Pinnacle Logistics, Inc., was incorporated in California on June 6,

16  2012.

17  **RESPONSE TO REQUEST FOR ADMISSION:**

18      Admit.

19  **REQUEST FOR ADMISSION NO. 112:**

20      Admit that, since Pinnacle Logistics, Inc.'s formation, it has maintained a

21  substantial course of trade in or affecting commerce, as "commerce" is defined in

22  Section 4 of the FTC Act, 15 U.S.C. § 44.

23  **RESPONSE TO REQUEST FOR ADMISSION:**

24      Responding Party objects on the grounds that the Request calls for a legal

25  conclusion.

26  **REQUEST FOR ADMISSION NO. 113:**

27      Admit that Pinnacle Logistics, Inc. has offered for sale, sold, and distributed

28  skincare products to consumers throughout the United States.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to the Request on the grounds that it is compound and overbroad as to time and scope.

**REQUEST FOR ADMISSION NO. 114:**

Admit that Pinnacle Logistics is not exempt from the coverage of the Federal Trade Commission Act by statute.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects on the grounds the Request calls for a legal conclusion.

**REQUEST FOR ADMISSION NO. 115:**

Admit that Pinnacle Logistics, Inc. is a for-profit corporation.

**RESPONSE TO REQUEST FOR ADMISSION:**

Admit.

**REQUEST FOR ADMISSION NO. 116:**

Admit that Pinnacle Logistics, Inc., has offered for sale, sold, and distributed skincare products using the name AuraVie.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to the Request on the grounds that it is compound and overbroad as to time and scope.  Without waiving said objections, Responding Party responds as follows:  Deny.

**REQUEST FOR ADMISSION NO. 117:**

Admit that Pinnacle Logistics, Inc., has offered for sale, sold, and distributed skincare products using the name Dellure.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to the Request on the grounds that it is compound and overbroad as to time and scope.  Without waiving said objections, Responding Party responds as follows:  Deny.

/ / /

**REQUEST FOR ADMISSION NO. 118:**

Admit that Pinnacle Logistics, Inc., has offered for sale, sold, and distributed skincare products using the name Miracle Face Kit.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to the Request on the grounds that it is compound and overbroad as to time and scope.  Without waiving said objections, Responding Party responds as follows:  Deny.

**REQUEST FOR ADMISSION NO. 119:**

Admit that Pinnacle Logistics, Inc., has offered for sale, sold, and distributed skincare products using the website AuraViefreetrial.com.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to the Request on the grounds that it is compound and overbroad as to time and scope.  Without waiving said objections, Responding Party responds as follows:  Deny.

**REQUEST FOR ADMISSION NO. 120:**

Admit that Pinnacle Logistics, Inc., has offered for sale, sold, and distributed skincare products using the website mymiraclekit.com.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to the Request on the grounds that it is compound and overbroad as to time and scope.  Without waiving said objections, Responding Party responds as follows:  Deny.

**REQUEST FOR ADMISSION NO. 121:**

Admit that Pinnacle Logistics, Inc., has offered for sale, sold, and distributed skincare products using the website miraclefacekit.com.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to the Request on the grounds that it is compound and overbroad as to time and scope.  Without waiving said objections, Responding Party responds as follows:  Deny.

1  **REQUEST FOR ADMISSION NO. 122:**

2       Admit that Pinnacle Logistics, Inc., has offered for sale, sold, and distributed

3  skincare products using the term "risk free trial."

4  **RESPONSE TO REQUEST FOR ADMISSION:**

5       Responding Party objects to the Request on the grounds that it is compound and

6  overbroad as to time and scope.  Without waiving said objections, Responding Party

7  responds as follows:  Deny.

8  **REQUEST FOR ADMISSION NO. 123:**

9       Admit that Pinnacle Logistics, Inc., has offered for sale, sold, and distributed

10  skincare products using the term "gifts."

11  **RESPONSE TO REQUEST FOR ADMISSION:**

12       Responding Party objects to the Request on the grounds that it is compound and

13  overbroad as to time and scope.  Without waiving said objections, Responding Party

14  responds as follows:  Deny.

15  **REQUEST FOR ADMISSION NO. 124:**

16       Admit that Pinnacle Logistics, Inc., has offered for sale, sold, and distributed

17  skincare products using the term "risk free trials."

18  **RESPONSE TO REQUEST FOR ADMISSION:**

19       Responding Party objects to the Request on the grounds that it is compound and

20  overbroad as to time and scope.  Without waiving said objections, Responding Party

21  responds as follows:  Deny.

22  **REQUEST FOR ADMISSION NO. 125:**

23       Admit that consumers who bought Pinnacle Logistics, Inc.'s skin care products

24  had to return the product within 10 days to avoid being charged for the product.

25  **RESPONSE TO REQUEST FOR ADMISSION:**

26       Responding Party objects to the Request on the grounds that it is compound and

27  overbroad as to time and scope.  Without waiving said objections, Responding Party

28  responds as follows:  Deny.

1  **REQUEST FOR ADMISSION NO. 126:**

2       Admit that consumers who bought Pinnacle Logistics, Inc.'s skin care products

3  had to return the product within 10 days to avoid being subscribed into a negative

4  option continuity plan.

5  **RESPONSE TO REQUEST FOR ADMISSION:**

6       Responding Party objects to the Request on the grounds that it is compound.

7  Without waiving said objections, Responding Party responds as follows:  Deny.

8  **REQUEST FOR ADMISSION NO. 127:**

9       Admit that consumers who bought Pinnacle Logistics, Inc.'s skin care products

10  had to return the product within 10 days to avoid being subscribed into a negative

11  option continuity plan that would charge the consumers a monthly fee.

12  **RESPONSE TO REQUEST FOR ADMISSION:**

13       Responding Party objects to the Request on the grounds that it is compound.

14  Without waiving said objections, Responding Party responds as follows:  Deny.

15  **REQUEST FOR ADMISSION NO. 128:**

16       Admit that consumers who bought Pinnacle Logistics, Inc.'s skin care products

17  had to return the product within 10 days to avoid being subscribed into a negative

18  option continuity plan that would charge the consumers a fee of about $97.88.

19  **RESPONSE TO REQUEST FOR ADMISSION:**

20       Responding Party objects to the Request on the grounds that it is compound.

21  Without waiving said objections, Responding Party responds as follows:  Deny.

22  **REQUEST FOR ADMISSION NO. 129:**

23       Admit that consumers who bought Pinnacle Logistics, Inc.'s skin care products

24  had to pay a shipping and handling charge.

25  **RESPONSE TO REQUEST FOR ADMISSION:**

26       Deny.

27  / / /

28  / / /

**REQUEST FOR ADMISSION NO. 130:**

Admit that Pinnacle Logistics, Inc. processed consumer skincare payments through a merchant account in the name of Agoa Holdings, Inc.

**RESPONSE TO REQUEST FOR ADMISSION:**

Deny.

**REQUEST FOR ADMISSION NO. 131:**

Admit that Pinnacle Logistics, Inc. processed consumer skincare payments through a merchant account in the name of Zen Mobile Media, Inc.

**RESPONSE TO REQUEST FOR ADMISSION:**

Deny.

**REQUEST FOR ADMISSION NO. 132:**

Admit that Pinnacle Logistics, Inc. processed consumer skincare payments through a merchant account in the name of SafeHaven Ventures, Inc.

**RESPONSE TO REQUEST FOR ADMISSION:**

Deny.

**REQUEST FOR ADMISSION NO. 133:**

Admit that Pinnacle Logistics, Inc. processed consumer skincare payments through a merchant account in the name of Heritage Alliance Group, Inc.

**RESPONSE TO REQUEST FOR ADMISSION:**

Deny.

**REQUEST FOR ADMISSION NO. 134:**

Admit that Pinnacle Logistics, Inc. processed consumer skincare payments through a merchant account in the name of AMD Financial Network, Inc.

**RESPONSE TO REQUEST FOR ADMISSION:**

Deny.

**REQUEST FOR ADMISSION NO. 135:**

Admit that Pinnacle Logistics, Inc. processed consumer skincare payments through a merchant account in the name of Kai Media, Inc.

**Exhibit 912**

1  **RESPONSE TO REQUEST FOR ADMISSION:**

2      Deny.

3  **REQUEST FOR ADMISSION NO. 136:**

4      Admit that Pinnacle Logistics, Inc. processed consumer skincare payments

5  through a merchant account in the name Insight Media, Inc.

6  **RESPONSE TO REQUEST FOR ADMISSION:**

7      Deny.

8  **REQUEST FOR ADMISSION NO. 137:**

9      Admit that SBM Management, Inc.'s corporate credit card was used to pay

10  Pinnacle Logistics, Inc.'s websites.

11  **RESPONSE TO REQUEST FOR ADMISSION:**

12      Responding Party objects to the Request on the grounds that it is vague and

13  ambiguous.

14  **REQUEST FOR ADMISSION NO. 138:**

15      Admit that Media Urge, Inc. was used by Pinnacle Logistics, Inc. to secure

16  third-party advertising tracked sales.

17  **RESPONSE TO REQUEST FOR ADMISSION:**

18      Responding Party objects to the Request on the grounds that it is vague and

19  ambiguous.

20  **REQUEST FOR ADMISSION NO. 139:**

21      Admit that Media Urge, Inc. was used by Pinnacle Logistics, Inc. to design

22  marketing materials.

23  **RESPONSE TO REQUEST FOR ADMISSION:**

24      Deny.

25  **REQUEST FOR ADMISSION NO. 140:**

26      Admit that Paul Medina is or was the Executive President or Vice President of

27  Media Urge, Inc..

28  / / /

---

DORON NOTTEA'S RESPONSES TO FTC'S REQUEST FOR ADMISSIONS– SET ONE

**RESPONSE TO REQUEST FOR ADMISSION:**

Admit.

**REQUEST FOR ADMISSION NO. 141:**

Admit Paul Medina was the manager of the call center for Pinnacle Logistics, Inc.

**RESPONSE TO REQUEST FOR ADMISSION:**

Deny.

**REQUEST FOR ADMISSION NO. 142:**

Admit that Paul Medina is or was the manager of Focus Media Solutions.

**RESPONSE TO REQUEST FOR ADMISSION:**

Admit.

**REQUEST FOR ADMISSION NO. 143:**

Admit that each Corporate Defendant is not exempt from the coverage of the Federal Trade Commission Act by statute.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to this Request on the grounds that it is compound and calls for a legal conclusion.

**REQUEST FOR ADMISSION NO. 144:**

Admit that each Individual Defendants are not exempt from the coverage of the Federal Trade Commission Act by statute.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to this Request on the grounds that it is compound and calls for a legal conclusion.

**REQUEST FOR ADMISSION NO. 145:**

Admit that misrepresentations or deceptive omissions of material fact constitute deceptive acts or practices prohibited by Section 5(a) of the FTC Act.

/ / /

/ / /

1  **RESPONSE TO REQUEST FOR ADMISSION:**

2      Responding Party objects to this Request on the grounds that it calls for a legal

3  conclusion.

4  **REQUEST FOR ADMISSION NO. 146:**

5      Admit that Defendants' representations that Defendants' skincare products were

6  free was false.

7  **RESPONSE TO REQUEST FOR ADMISSION:**

8      Deny.

9  **REQUEST FOR ADMISSION NO. 147:**

10     Admit that Defendants' representations about its free skincare products

11 constituted a deceptive act or practice in violation of Section 5 of the FTC Act, 15

12 U.S.C. § 45(a).

13 **RESPONSE TO REQUEST FOR ADMISSION:**

14     Responding Party objects to this Request on the grounds that it calls for a legal

15 conclusion.

16 **REQUEST FOR ADMISSION NO. 148:**

17     Admit that Sections 5(*l*) and 13(b) of the FTC Act, 15 U.S.C. §§ 45(*l*) and

18 53(b), empower this Court to grant injunctive and such other relief as the Court may

19 deem appropriate to halt and redress violations of the FTC Act.

20 **RESPONSE TO REQUEST FOR ADMISSION:**

21     Responding Party objects to this Request on the grounds that it is compound

22 and calls for a legal conclusion.

23 **REQUEST FOR ADMISSION NO. 149:**

24     Admit that the Court, in the exercise of its equitable jurisdiction, may award

25 ancillary relief, including rescission or reformation of contracts, restitution, the refund

26 of monies paid, and the disgorgement of ill-gotten monies, to prevent and remedy any

27 violation of any provision of law enforced by the FTC.

28 / / /

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to this Request on the grounds that it is compound and calls for a legal conclusion.

**REQUEST FOR ADMISSION NO. 150:**

Admit that Alon Nottea, Khristopher Bond, and Igor Latsanovski were partners in BunZai Media Group, Inc.

**RESPONSE TO REQUEST FOR ADMISSION:**

Deny.

**REQUEST FOR ADMISSION NO. 151:**

Admit that Doron Nottea's office contained pre-signed checks for companies all Corporate Defendants.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to the Request on the grounds that it is vague, ambiguous and unintelligible.

**REQUEST FOR ADMISSION NO. 152:**

Admit that BunZai Media Group, Inc., directly or indirectly, opened merchant accounts in Latvia.

**RESPONSE TO REQUEST FOR ADMISSION:**

Deny.

**REQUEST FOR ADMISSION NO. 153:**

Admit that BunZai Media Group, Inc., directly or indirectly, opened merchant accounts in Estonia.

**RESPONSE TO REQUEST FOR ADMISSION:**

Deny.

**REQUEST FOR ADMISSION NO. 154:**

Admit that Alon Nottea, directly or indirectly, opened merchant accounts in Latvia.

/ / /

36

**RESPONSE TO REQUEST FOR ADMISSION:**

Deny.

**REQUEST FOR ADMISSION NO. 155:**

Admit that Alon Nottea, directly or indirectly, opened merchant accounts in Estonia.

**RESPONSE TO REQUEST FOR ADMISSION:**

Deny.

**REQUEST FOR ADMISSION NO. 156:**

Admit that Secured Merchants LLC processed, refuted, or responded to AuraVie chargebacks.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to the Request on the grounds that it is vague, ambiguous and compound.  Without waiving said objections, Responding Party responds as follows:  Deny.

**REQUEST FOR ADMISSION NO. 157:**

Admit that Chargeback Armor, Inc. processed, refuted, or responded to AuraVie chargebacks.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to the Request on the grounds that it is vague, ambiguous and compound.  Without waiving said objections, Responding Party responds as follows:  Deny.

**REQUEST FOR ADMISSION NO. 158:**

Admit that Secured Merchants LLC processed, refuted, or responded to Dellure chargebacks.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to the Request on the grounds that it is vague, ambiguous and compound.  Without waiving said objections, Responding Party responds as follows:  Deny.

**REQUEST FOR ADMISSION NO. 159:**

Admit that Chargeback Armor, Inc. processed, refuted, or responded to Dellure chargebacks.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to the Request on the grounds that it is vague, ambiguous and compound.  Without waiving said objections, Responding Party responds as follows:  Deny.

**REQUEST FOR ADMISSION NO. 160:**

Admit that Secured Merchants LLC processed, refuted, or responded to Miracle Face Kit chargebacks.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to the Request on the grounds that it is vague, ambiguous and compound.  Without waiving said objections, Responding Party responds as follows:  Deny.

**REQUEST FOR ADMISSION NO. 161:**

Admit that Chargeback Armor, Inc. processed, refuted, or responded to Miracle Face Kit chargebacks.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to the Request on the grounds that it is vague, ambiguous and compound.  Without waiving said objections, Responding Party responds as follows:  Deny.

**REQUEST FOR ADMISSION NO. 162:**

Admit that Secured Merchants LLC processed, refuted, or responded to Defendants' skincare product chargebacks.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to the Request on the grounds that it is vague, ambiguous and compound.  Without waiving said objections, Responding Party responds as follows:  Deny.

1  **REQUEST FOR ADMISSION NO. 163:**

2  Admit that Chargeback Armor, Inc. processed, refuted, or responded to

3  Defendants' skincare product chargebacks.

4  **RESPONSE TO REQUEST FOR ADMISSION:**

5  Responding Party objects to the Request on the grounds that it is vague,

6  ambiguous and compound.  Without waiving said objections, Responding Party

7  responds as follows:  Deny.

8  **REQUEST FOR ADMISSION NO. 164:**

9  Admit that BunZai Media Group, Inc. did not provide refunds to all consumers

10  who returned AuraVie products within 10 day period.

11  **RESPONSE TO REQUEST FOR ADMISSION:**

12  Responding Party objects to the Request on the grounds that it is vague,

13  ambiguous and compound.  Without waiving said objections, Responding Party

14  responds as follows:  Deny.

15  **REQUEST FOR ADMISSION NO. 165:**

16  Admit that BunZai Media Group, Inc. failed to obtain a written authorization

17  signed or similarly authenticated by the consumer for AuraVie sales.

18  **RESPONSE TO REQUEST FOR ADMISSION:**

19  Responding Party objects to the Request on the grounds that it is vague,

20  ambiguous and compound.  Without waiving said objections, Responding Party

21  responds as follows:  Deny.

22  **REQUEST FOR ADMISSION NO. 166:**

23  Admit that BunZai Media Group, Inc. failed to provide a consumers a copy of

24  the consumer's authorization of payment for AuraVie products.

25  **RESPONSE TO REQUEST FOR ADMISSION:**

26  Responding Party objects to the Request on the grounds that it is vague,

27  ambiguous and compound.  Without waiving said objections, Responding Party

28  responds as follows:  Deny.

1  **REQUEST FOR ADMISSION NO. 167:**

2      Admit that BunZai Media Group, Inc. did not provide refunds to all consumers

3  who returned Dellure products within 10 day period.

4  **RESPONSE TO REQUEST FOR ADMISSION:**

5      Responding Party objects to the Request on the grounds that it is vague,

6  ambiguous and compound.  Without waiving said objections, Responding Party

7  responds as follows:  Deny.

8  **REQUEST FOR ADMISSION NO. 168:**

9      Admit that BunZai Media Group, Inc. failed to obtain a written authorization

10  signed or similarly authenticated by the consumer for Dellure sales.

11  **RESPONSE TO REQUEST FOR ADMISSION:**

12      Responding Party objects to the Request on the grounds that it is vague,

13  ambiguous and compound.  Without waiving said objections, Responding Party

14  responds as follows:  Deny.

15  **REQUEST FOR ADMISSION NO. 169:**

16      Admit that BunZai Media Group, Inc. did not provide refunds to all consumers

17  who returned Miracle Face Kit products within 10 day period.

18  **RESPONSE TO REQUEST FOR ADMISSION:**

19      Responding Party objects to the Request on the grounds that it is vague,

20  ambiguous and compound.  Without waiving said objections, Responding Party

21  responds as follows:  Deny.

22  **REQUEST FOR ADMISSION NO. 170:**

23      Admit that BunZai Media Group, Inc. failed to obtain a written authorization

24  signed or similarly authenticated by the consumer for Miracle Face Kit sales.

25  **RESPONSE TO REQUEST FOR ADMISSION:**

26      Responding Party objects to the Request on the grounds that it is vague,

27  ambiguous and compound.  Without waiving said objections, Responding Party

28  responds as follows:  Deny.

**REQUEST FOR ADMISSION NO. 171:**

Admit that BunZai Media Group, Inc. failed to provide a consumers a copy of the consumer's authorization of payment for Miracle Face Kit products.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to the Request on the grounds that it is vague, ambiguous and compound.  Without waiving said objections, Responding Party responds as follows:  Deny.

**REQUEST FOR ADMISSION NO. 172:**

Admit that BunZai Media Group, Inc. did not provide refunds to all consumers who returned Defendants' skincare products within 10 day period.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to the Request on the grounds that it is vague, ambiguous and compound.  Without waiving said objections, Responding Party responds as follows:  Deny.

**REQUEST FOR ADMISSION NO. 173:**

Admit that BunZai Media Group, Inc. failed to obtain a written authorization signed or similarly authenticated by the consumer for Defendants' skincare sales.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to the Request on the grounds that it is vague, ambiguous and compound.  Without waiving said objections, Responding Party responds as follows:  Deny.

**REQUEST FOR ADMISSION NO. 174:**

Admit that BunZai Media Group, Inc. failed to provide a consumers a copy of the consumer's authorization of payment for Defendants' skincare products.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to the Request on the grounds that it is vague, ambiguous and compound.  Without waiving said objections, Responding Party responds as follows:  Deny.

1  **REQUEST FOR ADMISSION NO. 175:**

2      Admit that BunZai Media Group, Inc. failed to provide a consumers a copy of

3  the consumer's authorization of payment for Dellure products.

4  **RESPONSE TO REQUEST FOR ADMISSION:**

5      Responding Party objects to the Request on the grounds that it is vague,

6  ambiguous and compound.  Without waiving said objections, Responding Party

7  responds as follows:  Deny.

8  **REQUEST FOR ADMISSION NO. 176:**

9      Admit that BunZai Media Group, Inc., processed credit card or debit card

10  payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by

11  Defendants through a negative option.

12  **RESPONSE TO REQUEST FOR ADMISSION:**

13      Responding Party objects to the Request on the grounds that it is vague,

14  ambiguous and compound.  Without waiving said objections, Responding Party

15  responds as follows:  Admit.

16  **REQUEST FOR ADMISSION NO. 177:**

17      Admit that Pinnacle Logistics, Inc., processed credit card or debit card

18  payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by

19  Defendants through a negative option.

20  **RESPONSE TO REQUEST FOR ADMISSION:**

21      Responding Party objects to the Request on the grounds that it is vague,

22  ambiguous and compound.  Without waiving said objections, Responding Party

23  responds as follows:  Deny.

24  **REQUEST FOR ADMISSION NO. 178:**

25      Admit that DSA Holdings, Inc., processed credit card or debit card payments

26  for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants

27  through a negative option.

28  / / /

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to the Request on the grounds that it is vague, ambiguous and compound.  Without waiving said objections, Responding Party responds as follows:  Deny.

**REQUEST FOR ADMISSION NO. 179:**

Admit that Lifestyle Media Brands, Inc., had no other business purpose than to process credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a negative option.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to the Request on the grounds that it is vague, ambiguous and compound.  Without waiving said objections, Responding Party responds as follows:  Deny.

**REQUEST FOR ADMISSION NO. 180:**

Admit that Agoa Holdings, Inc., had no other business purpose than to process credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a negative option.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to the Request on the grounds that it is vague, ambiguous and compound.  Without waiving said objections, Responding Party responds as follows:  Deny.

**REQUEST FOR ADMISSION NO. 181:**

Admit that Zen Mobile Media, Inc., had no other business purpose than to process credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a negative option.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to the Request on the grounds that it is vague, ambiguous and compound.  Without waiving said objections, Responding Party responds as follows:  Deny.

1  **REQUEST FOR ADMISSION NO. 182:**

2      Admit that Safehaven Ventures, Inc., had no other business purpose than to

3  process credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit, or

4  other skincare products sold by Defendants through a negative option.

5  **RESPONSE TO REQUEST FOR ADMISSION:**

6      Responding Party objects to the Request on the grounds that it is vague,

7  ambiguous and compound.  Without waiving said objections, Responding Party

8  responds as follows:  Deny.

9  **REQUEST FOR ADMISSION NO. 183:**

10      Admit that Heritage Alliance Group, Inc., had no other business purpose than to

11  process credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit, or

12  other skincare products sold by Defendants through a negative option.

13  **RESPONSE TO REQUEST FOR ADMISSION:**

14      Responding Party objects to the Request on the grounds that it is vague,

15  ambiguous and compound.  Without waiving said objections, Responding Party

16  responds as follows:  Deny.

17  **REQUEST FOR ADMISSION NO. 184:**

18      Admit that AMD Financial Network, Inc., had no other business purpose than

19  to process credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit,

20  other skincare products sold by Defendants through a negative option.

21  **RESPONSE TO REQUEST FOR ADMISSION:**

22      Responding Party objects to the Request on the grounds that it is vague,

23  ambiguous and compound.  Without waiving said objections, Responding Party

24  responds as follows:  Deny.

25  **REQUEST FOR ADMISSION NO. 185:**

26      Admit that SBM Management, Inc., processed credit card or debit card

27  payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by

28  Defendants through a negative option.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to the Request on the grounds that it is vague, ambiguous and compound.  Without waiving said objections, Responding Party responds as follows:  Deny.

**REQUEST FOR ADMISSION NO. 186:**

Admit that Media Urge, Inc., processed credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a negative option.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to the Request on the grounds that it is vague, ambiguous and compound.  Without waiving said objections, Responding Party responds as follows:  Deny.

**REQUEST FOR ADMISSION NO. 187:**

Admit that Adageo, LLC, processed credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a negative option.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to the Request on the grounds that it is vague, ambiguous and compound.  Without waiving said objections, Responding Party responds as follows:  Deny.

**REQUEST FOR ADMISSION NO. 188:**

Admit that Calenergy, Inc., processed credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a negative option.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to the Request on the grounds that it is vague, ambiguous and compound.  Without waiving said objections, Responding Party responds as follows:  Deny.

**REQUEST FOR ADMISSION NO. 189:**

Admit that Kai Media, Inc., had no other business purpose than to process credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a negative option.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to the Request on the grounds that it is vague, ambiguous and compound.  Without waiving said objections, Responding Party responds as follows:  Deny.

**REQUEST FOR ADMISSION NO. 190:**

Admit that Insight Media, Inc., had no other business purpose than to process credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a negative option.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to the Request on the grounds that it is vague, ambiguous and compound.  Without waiving said objections, Responding Party responds as follows:  Deny.

**REQUEST FOR ADMISSION NO. 191:**

Admit that Focus Media Solutions, Inc., processed credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a negative option.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to the Request on the grounds that it is vague, ambiguous and compound.  Without waiving said objections, Responding Party responds as follows:  Deny.

**REQUEST FOR ADMISSION NO. 192:**

Admit that Secured Commerce, LLC, processed credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a negative option.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to the Request on the grounds that it is vague, ambiguous and compound.  Without waiving said objections, Responding Party responds as follows:  Deny.

**REQUEST FOR ADMISSION NO. 193:**

Admit that USM Products, Inc., processed credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a negative option.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to the Request on the grounds that it is vague, ambiguous and compound.  Without waiving said objections, Responding Party responds as follows:  Deny.

**REQUEST FOR ADMISSION NO. 194:**

Admit that USM Products, Inc., was used to make bulk purchases of products and containers for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a negative option.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to the Request on the grounds that it is vague, ambiguous and compound.  Without waiving said objections, Responding Party responds as follows:  Admit as to AuraVie; except as so admitted, Deny.

**REQUEST FOR ADMISSION NO. 195:**

Admit that Merchant Leverage Group, Inc., processed credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a negative option.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to the Request on the grounds that it is vague, ambiguous and compound.  Without waiving said objections, Responding Party responds as follows:  Deny.

47

**REQUEST FOR ADMISSION NO. 196:**

Admit that DMA Medial Holdings, Inc., had no other business purpose than to process credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a negative option.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to the Request on the grounds that it is vague, ambiguous and compound.  Without waiving said objections, Responding Party responds as follows:  Deny.

**REQUEST FOR ADMISSION NO. 197:**

Admit that Shalita Holdings, Inc., had no other business purpose than to process credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a negative option.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to the Request on the grounds that it is vague, ambiguous and compound.  Without waiving said objections, Responding Party responds as follows:  Deny.

**REQUEST FOR ADMISSION NO. 198:**

Admit that All Star Beauty Products, Inc., had no other business purpose than to process credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a negative option.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to the Request on the grounds that it is vague, ambiguous and compound.  Without waiving said objections, Responding Party responds as follows:  Deny.

**REQUEST FOR ADMISSION NO. 199:**

Admit that Secured Merchants, LLC established voice logix services for BunZai Media Group, Inc.

/ / /

1  **RESPONSE TO REQUEST FOR ADMISSION:**

2      Responding Party objects to the Request on the grounds that it is vague and

3  ambiguous.  Without waiving said objections, Responding Party responds as follows:

4  Deny.

5  **REQUEST FOR ADMISSION NO. 200:**

6      Admit that Secured Merchants, LLC established voice logix services for

7  Pinnacle Logistics, Inc.

8  **RESPONSE TO REQUEST FOR ADMISSION:**

9      Responding Party objects to the Request on the grounds that it is vague and

10 ambiguous.  Without waiving said objections, Responding Party responds as follows:

11 Deny.

12 **REQUEST FOR ADMISSION NO. 201:**

13      Admit that Secured Merchants, LLC established voice logix services for

14 Corporate Defendants.

15 **RESPONSE TO REQUEST FOR ADMISSION:**

16      Responding Party objects to the Request on the grounds that it is vague and

17 ambiguous.  Without waiving said objections, Responding Party responds as follows:

18 Deny.

19 **REQUEST FOR ADMISSION NO. 202:**

20      Admit that Alon Nottea used the alias name "Jay Michaels."

21 **RESPONSE TO REQUEST FOR ADMISSION:**

22      Admit.

23 **REQUEST FOR ADMISSION NO. 203:**

24      Admit that Doron controlled deposit stamps for all Corporate Defendants.

25 **RESPONSE TO REQUEST FOR ADMISSION:**

26      Deny.

27 **REQUEST FOR ADMISSION NO. 204:**

28      Admit that Igor Latsanovski reviewed AuraVie's website.

49

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to the Request on the grounds that it is overbroad as to time and scope, vague and ambiguous, and calls for speculation. Without waiving said objections, Responding Party responds as follows: Upon reasonable inquiry, Responding Party lacks sufficient upon which to base an admission or denial, and on that basis denies this Request.

**REQUEST FOR ADMISSION NO. 205:**

Admit that Igor Latsanovski reviewed all Corporate Defendants' website(s).

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to the Request on the grounds that it is overbroad as to time and scope, vague and ambiguous, compound, and calls for speculation. Without waiving said objections, Responding Party responds as follows: Upon reasonable inquiry, Responding Party lacks sufficient information upon which to base an admission or denial, and on that basis denies this Request.

**REQUEST FOR ADMISSION NO. 206:**

Admit that Roi Reuveni was a manager in Pinnacle's chargeback department.

**RESPONSE TO REQUEST FOR ADMISSION:**

Admit.

**REQUEST FOR ADMISSION NO. 207:**

Admit that Roi Reuveni was a manager in Pinnacle's call center.

**RESPONSE TO REQUEST FOR ADMISSION:**

Admit.

**REQUEST FOR ADMISSION NO. 208:**

Admit that Alan Argaman was sole owner of corporate defendants Secured Merchants, LLC.

**RESPONSE TO REQUEST FOR ADMISSION:**

Upon reasonable inquiry, Responding Party lacks sufficient information upon which to base an admission or denial, and on that basis denies this Request.

1   **REQUEST FOR ADMISSION NO. 209:**

2       Admit that at least 27 companies were used as payment processors for AuraVie

3   products.

4   **RESPONSE TO REQUEST FOR ADMISSION:**

5       Deny.

6   **REQUEST FOR ADMISSION NO. 210:**

7       Admit that at least 27 companies were used as payment processors for Dellure

8   products.

9   **RESPONSE TO REQUEST FOR ADMISSION:**

10      Deny.

11  **REQUEST FOR ADMISSION NO. 211:**

12      Admit that at least 27 companies were used as payment processors for Miracle

13  Face Kit products.

14  **RESPONSE TO REQUEST FOR ADMISSION:**

15      Deny.

16  **REQUEST FOR ADMISSION NO. 212:**

17      Admit that BunZai Media Group, Inc. purchased the right to use the name

18  "AuraVie" from Skincare OU.

19  **RESPONSE TO REQUEST FOR ADMISSION:**

20      Deny.

21  **REQUEST FOR ADMISSION NO. 213:**

22      Admit that Doron Nottea has signed checks or financial documents using

23  Stephen Bauer's name.

24  **RESPONSE TO REQUEST FOR ADMISSION:**

25      Responding Party objects to the Request on the grounds that it is vague,

26  ambiguous and compound.  Without waiving said objections, Responding Party

27  responds as follows:  Deny.

28  / / /

1  **REQUEST FOR ADMISSION NO. 214:**

2      Admit that Doron Nottea and Alan Argaman were owners of Secured

3  Commerce, LLC.

4  **RESPONSE TO REQUEST FOR ADMISSION:**

5      Responding Party objects to the Request on the grounds that it is vague,

6  ambiguous and compound.  Without waiving said objections, Responding Party

7  responds as follows:  Admit.

8  **REQUEST FOR ADMISSION NO. 215:**

9      Admit that Focus Media Solutions, Inc. created advertisements for skincare

10  products sold by negative option.

11  **RESPONSE TO REQUEST FOR ADMISSION:**

12      Deny.

13  **REQUEST FOR ADMISSION NO. 216:**

14      Admit that Focus Media Solutions, Inc. created advertisements for BunZai

15  Media Group, Inc.'s skincare products sold by negative option.

16  **RESPONSE TO REQUEST FOR ADMISSION:**

17      Deny.

18  **REQUEST FOR ADMISSION NO. 217:**

19      Media Solutions, Inc. created advertisements for Pinnacle Logistics, Inc.'s

20  skincare products sold by negative option.

21  **RESPONSE TO REQUEST FOR ADMISSION:**

22      Deny.

23  **REQUEST FOR ADMISSION NO. 218:**

24      Admit that Focus Media Solutions, Inc. created advertisements for Corporate

25  Defendants' skincare products sold by negative option.

26  **RESPONSE TO REQUEST FOR ADMISSION:**

27      Deny.

28  / / /

**REQUEST FOR ADMISSION NO. 219:**

Admit that Alon Nottea was an owner of Focus Media Solutions, Inc.

**RESPONSE TO REQUEST FOR ADMISSION:**

Deny.

**REQUEST FOR ADMISSION NO. 220:**

Admit that, since its incorporation, Alon Nottea had the authority to control the business operations of Focus Media Solutions, Inc.

**RESPONSE TO REQUEST FOR ADMISSION:**

Deny.

**REQUEST FOR ADMISSION NO. 221:**

Admit that Doron Nottea did bookkeeping work for Focus Media Solutions, Inc.

**RESPONSE TO REQUEST FOR ADMISSION:**

Deny.

**REQUEST FOR ADMISSION NO. 222:**

Admit that Media Urge did marketing for BunZai Media Group, Inc.

**RESPONSE TO REQUEST FOR ADMISSION:**

Admit.

**REQUEST FOR ADMISSION NO. 223:**

Admit that Media Urge did marketing for Pinnacle Logistics, Inc.

**RESPONSE TO REQUEST FOR ADMISSION:**

Deny.

**REQUEST FOR ADMISSION NO. 224:**

Admit that Media Urge did marketing for Corporate Defendants.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to the Request on the grounds that it is overbroad and compound.

/ / /

1  **REQUEST FOR ADMISSION NO. 225:**

2     Admit that Motti Nottea has reviewed AuraVie website(s).

3  **RESPONSE TO REQUEST FOR ADMISSION:**

4     Responding Party objects to the Request on the grounds that it is overbroad as

5  to time and scope, vague and ambiguous, and calls for speculation.  Without waiving

6  said objections, Responding Party responds as follows:  Upon reasonable inquiry,

7  Responding Party lacks sufficient upon which to base an admission or denial, and on

8  that basis denies this Request.

9  **REQUEST FOR ADMISSION NO. 226:**

10    Admit that Motti Nottea has reviewed Dellure website(s).

11 **RESPONSE TO REQUEST FOR ADMISSION:**

12    Responding Party objects to the Request on the grounds that it is overbroad as

13 to time and scope, vague and ambiguous, and calls for speculation.  Without waiving

14 said objections, Responding Party responds as follows:  Upon reasonable inquiry,

15 Responding Party lacks sufficient upon which to base an admission or denial, and on

16 that basis denies this Request.

17 **REQUEST FOR ADMISSION NO. 227:**

18    Admit that Motti Nottea has reviewed Miracle Face Kit website(s).

19 **RESPONSE TO REQUEST FOR ADMISSION:**

20    Responding Party objects to the Request on the grounds that it is overbroad as

21 to time and scope, vague and ambiguous, and calls for speculation.  Without waiving

22 said objections, Responding Party responds as follows:  Upon reasonable inquiry,

23 Responding Party lacks sufficient upon which to base an admission or denial, and on

24 that basis denies this Request.

25 **REQUEST FOR ADMISSION NO. 228:**

26    Admit that Motti Nottea signed payment processor documents on behalf of

27 BunZai Media Group, Inc.

28 / / /

---

54

**RESPONSE TO REQUEST FOR ADMISSION:**

Admit.

**REQUEST FOR ADMISSION NO. 229:**

Admit that Motti Nottea held himself out as a CEO of BunZai Media Group, Inc.

**RESPONSE TO REQUEST FOR ADMISSION:**

Deny.

**REQUEST FOR ADMISSION NO. 230:**

Admit that Motti Nottea was the CEO or owner of DSA Holdings, Inc.

**RESPONSE TO REQUEST FOR ADMISSION:**

Deny.

**REQUEST FOR ADMISSION NO. 231:**

Admit that Alon Nottea participated in managing Chargeback Armor, Inc.

**RESPONSE TO REQUEST FOR ADMISSION:**

Deny.

**REQUEST FOR ADMISSION NO. 232:**

Admit that Alon Nottea was an owner of Chargeback Armor, Inc.

**RESPONSE TO REQUEST FOR ADMISSION:**

Deny.

**REQUEST FOR ADMISSION NO. 233:**

Admit that, since its incorporation, Alon Nottea, acting alone or in concert with others, had the authority to control the business operations of Chargeback Armor, Inc.

**RESPONSE TO REQUEST FOR ADMISSION:**

Deny.

**REQUEST FOR ADMISSION NO. 234:**

Admit that Alon Nottea solicited investors or investments for Chargeback Armor, Inc.

/ / /

**RESPONSE TO REQUEST FOR ADMISSION:**

Upon reasonable inquiry, Responding Party lacks sufficient upon which to base an admission or denial, and on that basis denies this Request.

**REQUEST FOR ADMISSION NO. 235:**

Admit that Secured Merchants LLC transferred $250,000 in funds to Chargeback Armor, Inc.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to the Request on the grounds that it is overbroad as to time and scope, vague and ambiguous, and calls for speculation.  Without waiving said objections, Responding Party responds as follows:  Upon reasonable inquiry, Responding Party lacks sufficient upon which to base an admission or denial, and on that basis denies this Request.

**REQUEST FOR ADMISSION NO. 236:**

Admit that Secured Merchants received more than $300,000 from SBM Management, Inc. for providing chargeback services relating to the sale of Defendants' skincare products.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to the Request on the grounds that it is overbroad as to time and scope, vague and ambiguous, and calls for speculation.  Without waiving said objections, Responding Party responds as follows:  Upon reasonable inquiry, Responding Party lacks sufficient upon which to base an admission or denial, and on that basis denies this Request.

**REQUEST FOR ADMISSION NO. 237:**

Admit that Roi Reuveni is or was Chargeback Armor's COO.

**RESPONSE TO REQUEST FOR ADMISSION:**

Upon reasonable inquiry, Responding Party lacks sufficient upon which to base an admission or denial, and on that basis denies this Request.

/ / /

1  **REQUEST FOR ADMISSION NO. 238:**

2      Admit that SBM Management, Inc. was controlled by Doron Nottea.

3  **RESPONSE TO REQUEST FOR ADMISSION:**

4      Deny.

5  **REQUEST FOR ADMISSION NO. 239:**

6      Admit that, since its incorporation, Doron Nottea had the authority to control

7  the business operations of SBM Management, Inc.

8  **RESPONSE TO REQUEST FOR ADMISSION:**

9      Deny.

10  **REQUEST FOR ADMISSION NO. 240:**

11      Admit each individual defendants was paid at least 1% of sales processed

12  through merchant accounts in which they were listed as CEO.

13  **RESPONSE TO REQUEST FOR ADMISSION:**

14      Responding Party objects to the Request on the grounds that it is vague,

15  ambiguous and compound.  Without waiving said objections, Responding Party

16  responds as follows:  Deny.

17  **REQUEST FOR ADMISSION NO. 241:**

18      Admit that Doron Nottea received compensation for bookkeeping work

19  performed for companies for any Corporate Defendant.

20  **RESPONSE TO REQUEST FOR ADMISSION:**

21      Responding Party objects to the Request on the grounds that it is vague,

22  ambiguous and compound.  Without waiving said objections, Responding Party

23  responds as follows:  Responding Party admits that he was compensated from some

24  bookkeeping work for some Corporate Defendant(s).

25  **REQUEST FOR ADMISSION NO. 242:**

26      Admit that Doron Nottea used corporate credit cards for companies for any

27  Corporate Defendant for personal expenses.

28  / / /

DORON NOTTEA'S RESPONSES TO FTC'S REQUEST FOR ADMISSIONS– SET ONE

912-57                                    Exhibit 912

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to the Request on the grounds that it is vague, ambiguous, overbroad and compound.

**REQUEST FOR ADMISSION NO. 243:**

Admit that some portion of the funds in Doron Nottea's safety deposit box came from the sale of negative option products.

**RESPONSE TO REQUEST FOR ADMISSION:**

Deny.

**REQUEST FOR ADMISSION NO. 244:**

Admit that Roi Reuveni is or was President for DMA Media Holdings.

**RESPONSE TO REQUEST FOR ADMISSION:**

Admit.

**REQUEST FOR ADMISSION NO. 245:**

Admit that Roi Reuveni is or was an officer or director for Agoa Holdings.

**RESPONSE TO REQUEST FOR ADMISSION:**

Admit.

**REQUEST FOR ADMISSION NO. 246:**

Admit that Roi Reuveni was paid by CalEnergy, Inc.

**RESPONSE TO REQUEST FOR ADMISSION:**

Upon reasonable inquiry, Responding Party lacks sufficient upon which to base an admission or denial, and on that basis denies this Request.

**REQUEST FOR ADMISSION NO. 247:**

Admit that Igor Latsanovski provided assistance in establishing overseas accounts or merchant accounts for transferring funds received from consumers in the sale of Defendants' skincare products by negative option.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to the Request on the grounds that it is vague, ambiguous and compound. Without waiving said objections, Responding Party

responds as follows:  Upon reasonable inquiry, Responding Party lacks sufficient upon which to base an admission or denial, and on that basis denies this Request.

**REQUEST FOR ADMISSION NO. 248:**

Admit that BunZai Media Group, Inc. previously had its merchant accounts frozen or cancelled by the bank or merchant processing entity due to high chargeback rates.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to the Request on the grounds that it is vague, ambiguous and compound.  Without waiving said objections, Responding Party responds as follows:  Deny.

**REQUEST FOR ADMISSION NO. 249:**

Admit that any Corporate Defendant continued to process or make sales of skincare products after their formal dissolution papers were filed with the California Secretary of State.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to the Request on the grounds that it is vague, ambiguous and compound.  Without waiving said objections, Responding Party responds as follows:  Deny.

**REQUEST FOR ADMISSION NO. 250:**

Admit that Zen Mobile Media, Inc. made payments on the American Express card in the name of Igor Latsanovski.

**RESPONSE TO REQUEST FOR ADMISSION:**

Upon reasonable inquiry, Responding Party lacks sufficient upon which to base an admission or denial, and on that basis denies this Request.

**REQUEST FOR ADMISSION NO. 251:**

Admit that you sold AuraVie products by negative option.

**RESPONSE TO REQUEST FOR ADMISSION:**

Deny.

**REQUEST FOR ADMISSION NO. 252:**

Admit that you sold Dellure products by negative option.

**RESPONSE TO REQUEST FOR ADMISSION:**

Deny.

**REQUEST FOR ADMISSION NO. 253:**

Admit that you sold Miracle Face Kit products by negative option.

**RESPONSE TO REQUEST FOR ADMISSION:**

Deny.

**REQUEST FOR ADMISSION NO. 254:**

Admit that Alon Nottea sent and received emails using the email account vigorect@gmail.com.

**RESPONSE TO REQUEST FOR ADMISSION:**

Admit.

**REQUEST FOR ADMISSION NO. 255:**

Admit that Alon Nottea sent and received emails using the email account alon@chargeback armor.com.

**RESPONSE TO REQUEST FOR ADMISSION:**

Upon reasonable inquiry, Responding Party lacks sufficient upon which to base an admission or denial, and on that basis denies this Request.

**REQUEST FOR ADMISSION NO. 256:**

Admit that Alon Nottea sent and received emails using the email account alon@securedmerchants.com.

**RESPONSE TO REQUEST FOR ADMISSION:**

Upon reasonable inquiry, Responding Party lacks sufficient upon which to base an admission or denial, and on that basis denies this Request.

**REQUEST FOR ADMISSION NO. 257:**

Admit that Doron Nottea sent and received emails using the email account Doron@doron.us.

60

1  **RESPONSE TO REQUEST FOR ADMISSION:**

2      Admit.

3  **REQUEST FOR ADMISSION NO. 258:**

4      Admit that Doron Nottea sent and received messages using the Skype account

5  named Accounting818.

6  **RESPONSE TO REQUEST FOR ADMISSION:**

7      Deny.

8  **REQUEST FOR ADMISSION NO. 259:**

9      Admit that Roi Reuveni sent and received emails using the email account

10  roi@chargebackarmor.com.

11  **RESPONSE TO REQUEST FOR ADMISSION:**

12      Upon reasonable inquiry, Responding Party lacks sufficient upon which to base

13  an admission or denial, and on that basis denies this Request.

14  **REQUEST FOR ADMISSION NO. 260:**

15      Admit that Roi Reuveni sent and received emails using the email account

16  roi@securedmerchants.com.

17  **RESPONSE TO REQUEST FOR ADMISSION:**

18      Upon reasonable inquiry, Responding Party lacks sufficient upon which to base

19  an admission or denial, and on that basis denies this Request.

20  **REQUEST FOR ADMISSION NO. 261:**

21      Admit that Alan Argaman sent and received emails using the email account

22  avicoglobal@gmail.com.

23  **RESPONSE TO REQUEST FOR ADMISSION:**

24      Admit.

25  **REQUEST FOR ADMISSION NO. 262:**

26      Admit that, in February 2015, Roi Reuveni signed the lease on behalf of

27  Chargeback Armor, Inc.

28  / / /

1  **RESPONSE TO REQUEST FOR ADMISSION:**

2        Responding Party objects to this Request on the grounds that it is vague and

3  ambiguous.  Without waiving said objections, Responding Party responds as follows;

4  Deny.

5  **REQUEST FOR ADMISSION NO. 263:**

6        Admit that Doron Nottea received weekly reports concerning chargebacks for

7  companies' any Corporate Defendant's sales.

8  **RESPONSE TO REQUEST FOR ADMISSION:**

9        Responding Party objects to this Request on the grounds that it is vague and

10  ambiguous.  Without waiving said objections, Responding Party responds as follows;

11  Deny.

12  **REQUEST FOR ADMISSION NO. 264:**

13        Admit that Igor Latsanovski assisted Alon Nottea in establishing foreign

14  merchant accounts for the sale of skincare products by negative option.

15  **RESPONSE TO REQUEST FOR ADMISSION:**

16        Deny.

17  **REQUEST FOR ADMISSION NO. 265:**

18        Admit that Igor Latsanovski is sole owner of Guayas LTD.

19  **RESPONSE TO REQUEST FOR ADMISSION:**

20        Upon reasonable inquiry, Responding Party lacks sufficient upon which to base

21  an admission or denial, and on that basis denies this Request.

22  **REQUEST FOR ADMISSION NO. 266:**

23        Admit that funds derived from the sale of skincare products by negative option

24  were used to purchase properties owned by Sunset Holding Partners LLC.

25  **RESPONSE TO REQUEST FOR ADMISSION:**

26        Deny.

27  / / /

28  / / /

**REQUEST FOR ADMISSION NO. 267:**

Admit that Igor Latsanovski received a monthly salary from BunZai Media Group, Inc.

**RESPONSE TO REQUEST FOR ADMISSION:**

Deny.

**REQUEST FOR ADMISSION NO. 268:**

Admit that Igor Latsanovski introduced Alon Nottea to potential investors for BunZai Media Group, Inc.

**RESPONSE TO REQUEST FOR ADMISSION:**

Deny.

**REQUEST FOR ADMISSION NO. 269:**

Admit that Igor Latsanovski is an investor in Skincare OU or Skincare OY.

**RESPONSE TO REQUEST FOR ADMISSION:**

Deny.

**REQUEST FOR ADMISSION NO. 270:**

Admit that Igor Latsanovski is part owner, officer, or director of Skincare OY.

**RESPONSE TO REQUEST FOR ADMISSION:**

Deny.

**REQUEST FOR ADMISSION NO. 271:**

Admit that funds derived from the sale of AuraVie products were transferred overseas bank accounts.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to the Request on the grounds that it is compound, vague and ambiguous.  Without waiving said objections, Responding Party responds as follows:  Deny.

**REQUEST FOR ADMISSION NO. 272:**

Admit that funds derived from the sale of Dellure products were transferred overseas bank accounts.

63

1    **RESPONSE TO REQUEST FOR ADMISSION:**

2         Responding Party objects to the Request on the grounds that it is compound,

3    vague and ambiguous.  Without waiving said objections, Responding Party responds

4    as follows:  Deny.

5    **REQUEST FOR ADMISSION NO. 273:**

6         Admit that funds derived from the sale of Miracle Face Kit products were

7    transferred overseas bank accounts.

8    **RESPONSE TO REQUEST FOR ADMISSION:**

9         Responding Party objects to the Request on the grounds that it is compound,

10   vague and ambiguous.  Without waiving said objections, Responding Party responds

11   as follows:  Deny.

12   **REQUEST FOR ADMISSION NO. 274:**

13        Admit that funds derived from the sale of Defendants' skincare products were

14   transferred overseas bank accounts.

15   **RESPONSE TO REQUEST FOR ADMISSION:**

16        Responding Party objects to the Request on the grounds that it is compound,

17   vague and ambiguous.  Without waiving said objections, Responding Party responds

18   as follows:  Deny.

19

20   DATED: January 25, 2016          **ESENSTEN LAW**
                                      ROBERT L. ESENSTEN
21                                    RANDI R. GEFFNER

22                                    By: _____

23                                         ROBERT L. ESENSTEN
                                      Attorneys for Defendants, DORON
24                                    NOTTEA and MOTTI NOTTEA

25

26

27

28

DORON NOTTEA'S RESPONSES TO FTC'S REQUEST FOR ADMISSIONS– SET ONE

**912-64**                                          **Exhibit 912**

## <u>VERIFICATION</u>

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I have read the foregoing document entitled **DEFENDANT DORON NOTTEA'S RESPONSES TO REQUESTS FOR ADMISSIONS PROPOUNDED BY PLAINTIFF FEDERAL TRADE COMMISSION – SET ONE** and know its contents.

I am a party to this action.  The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January __, 2016, at Encino, California.


Doron Nottea
Print Name of Signatory                          Signature

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of LOS ANGELES, STATE OF CALIFORNIA. My business address is 12100 Wilshire Boulevard, Suite 1660, Los Angeles, California 90012.  I am over the age of eighteen years and am not a party to the within action;

On **January 25, 2016**, I served the following document(s) entitled **DEFENDANT DORON NOTTEA'S RESPONSES TO REQUEST FOR ADMISSIONS PROPOUNDED BY PLAINTIFF FEDERAL TRADE COMMISSION – SET ONE** on ALL INTERESTED PARTIES in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

| | |
|---|---|
| **Reid Tepfer, Esq.**<br>**Luis Gallegos, Esq.**<br>**FEDERAL TRADE COMMISSION**<br>1999 Bryan Street, Suite 2150<br>Dallas, Texas 75201<br>E-Mail:  rtepfer@ftc.gov<br>          lgallegos@ftc.gov<br><br>**Raymond E. McKown, Esq.**<br>**FEDERAL TRADE COMMISSION**<br>10877 Wilshire Blvd., Suite 700<br>Los Angeles, California 90024<br>E-Mail:  rmckown@ftc.gov | Counsel for Plaintiff, Federal Trade Commission |
| **Erik S. Syverson, Esq.**<br>**Scott M. Lesowitz, Esq.**<br>**Steven T. Gebelin, Esq.**<br>**RAINES FELDMAN, LLP**<br>9720 Wilshire Blvd., Fifth Floor<br>Beverly Hills, California 90212<br>E-Mail:  esyverson@raineslaw.com<br>          slesowitz@raineslaw.com<br>          sgebelin@raineslaw.com | Counsel for Defendant Oz Mizrahi |
| **Robert M. Ungar, Esq.**<br>**CROSSWIND LAW**<br>14724 Ventura Blvd., Penthouse<br>Sherman Oaks, California 91403<br>E-Mail:  rmu@ungarlaw.com | Counsel for Defendants, Alon Nottea, Roi Ruevenu and Adageo, LLC |
| **Benjamin A. Pettit, Esq.**<br>20 East Pueblo Street<br>Santa Barbara, California 93105<br>E-Mail:  ben@benpettit.com | Counsel for Defendant, Alon Nottea |

DORON NOTTEA'S RESPONSES TO FTC'S REQUEST FOR ADMISSIONS– SET ONE

**912-66**                                              **Exhibit 912**

| Jeffrey S. Benice, Esq. **LAW OFFICES OF JEFFREY S. BENICE** 3080 Bristol Street, Suite 630 Costa Mesa, California 92626 E-Mail: jsb@jeffreybenice.com | Counsel for Defendants, Igor Latsanovski and CalEnergy, Inc. |
|---|---|
| Sagar Parikh, Esq. **BEVERLY HILLS LAW CORP., PC** 433 N. Camden Drive, 6th Floor Beverly Hills, California 90210 E-Mail: sp@beverlyhillslawcorp.com | Counsel for Defendants Paul Medin, Alan Argaman, Chargeback Armor, Inc. and Secured Merchants, LLC |

**BY E-MAIL ONLY:**  By transmitting, via e-mail, to the email address(es) listed above.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on **January 25, 2016**, at Los Angeles, California.

_____
Jennifer Holtan

67

1   ROBERT L. ESENSTEN (SBN 65728)
     resensten@esenstenlaw.com
2   RANDI R. GEFFNER (SBN 116574)
     rgeffner@esenstenlaw.com
3   **ESENSTEN LAW**
  12100 Wilshire Boulevard, Suite 1660
4   Los Angeles, California 90025
  Telephone: (310) 273-3090
5   Facsimile: (310) 207-5969

6   Attorneys for Defendants DORON NOTTEA and MOTTI NOTTEA

7

8             **UNITED STATES DISTRICT COURT**

9            **CENTRAL DISTRICT OF CALIFORNIA**

10

11   FEDERAL TRADE COMMISSION,     | Case No.: 2:15-CV-04527-GW (PLAx)

12         Plaintiff,       | **DEFENDANT MOTTI NOTTEA'S**

13       v.           | **RESPONSES TO REQUEST FOR ADMISSIONS PROPOUNDED BY**

14   BUNZAI MEDIA GROUP, INC., *et al.*,  | **PLAINTIFF FEDERAL TRADE COMMISSION – SET ONE**

15       Defendants.

16

17

18   **PROPOUNDING PARTY:**    **Plaintiff, Federal Trade Commission**

19   **RESPONDING PARTY:**     **Defendant, Motti Nottea**

20   **SET NO.:**             **One (1)**

21       Defendant, MOTTI NOTTEA, an individual ("Defendant" and/or "Responding

22   Party") hereby responds to Plaintiff FEDERAL TRADE COMMISSION's First Set of

23   Requests for Admissions pursuant to *Federal Rules of Civil Procedure* Rules 36 as

24   follows:

25                   **PRELIMINARY STATEMENT**

26       Defendant is presently pursuing his investigation and analysis of the facts and

27   law relating to this case and has not yet completed preparation for trial. The responses

28   set forth herein are given without prejudice to Defendant's right to develop any theory

1   or produce or use any subsequently discovered or previously unknown facts,

2   documents or evidence, or to add to, modify or otherwise change or amend the

3   responses herein.  These responses are based upon writings and information currently

4   available to Defendant.  The responses are true and correct to the best information and

5   belief of Defendant as of this date, and are subject to correction for inadvertent errors,

6   mistakes or omissions.

7        Defendant reserves the right to introduce at trial any and all information and/or

8   documents heretofore or hereafter produced by the parties in this action or by any

9   third person that support or tend to support Defendant's contentions at trial or are in

10   support of or in opposition to any motion in this case.

11        Inadvertent identification or production of privileged documents or information

12   by Defendant does not constitute a waiver of any applicable privilege, nor does

13   production of any documents or information waive any objection, including relevance,

14   to the admission of such document in evidence.

15

16                 **<u>GENERAL OBJECTIONS</u>**

17     1.    Defendant objects to the entire set of discovery in that it is unduly

18           burdensome; Plaintiff has propounded 274 Requests for Admissions to

19           Defendant, the majority of which are objectionable.

20     2.    Defendant objects to each and every Request to the extent that it seeks

21           information which is neither relevant to this litigation nor reasonably

22           calculated to lead to the discovery of admissible evidence.

23     3.    Defendant objects to each and every Request to the extent that it is

24           overbroad, unduly burdensome, or oppressive.

25     4.    The responses set forth herein are made without waiving any objections

26           raised by Defendant in this proceeding or any objections Defendant may

27           have as to the subsequent use of these responses.  Defendant specifically

28           reserves the right to challenge the authenticity or admissibility of

documents to which reference may be made in the responses, the right to object at a subsequent time to other discovery procedures relating to the subject matter of the Interrogatories at issue herein, and to revise, supplement, correct or otherwise clarify the responses herein.

5.   Defendant reserves the right to supplement the responses herein pursuant to *Federal Rules of Civil Procedure* Rule 26(e) if additional responsive information becomes available.

6.   Defendant objects to each Request to the extent it directly or indirectly seeks information subject to the attorney client privilege, deliberative process privilege, or work product privilege.

7.   Defendant objects to each Request to the extent the instructions and definitions attempt to impose, or do impose, obligations greater than those required by the *Federal Rules of Civil Procedure.*

8.   Unless otherwise specified, references to a "Rule", "Rules" or "the Rules" references the *Federal Rules of Civil Procedure* or a Rule or Rules within them.

9.   These General Objections are incorporated by this reference into each and every response to Plaintiff's Requests herein.

## RESPONSES TO REQUESTS FOR ADMISSIONS

### REQUEST FOR ADMISSION NO. 1:

Admit that the Federal District Court for the Central District of California has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337(a), 1345, and 1355, and 15 U.S.C. §§ 45(a), 45(*l*), 53(b), and 56(a).

### RESPONSE TO REQUEST FOR ADMISSION:

Responding Party objects to this Request on the grounds that it seeks a legal conclusion.

1   **REQUEST FOR ADMISSION NO. 2:**

2       Admit that the complaint in this litigation alleges violations of the laws of the

3   United States.

4   **RESPONSE TO REQUEST FOR ADMISSION:**

5       Responding Party objects to this Request on the grounds that it seeks a legal

6   conclusion.

7   **REQUEST FOR ADMISSION NO. 3:**

8       Admit that the complaint alleges violations of the Federal Trade Commission

9   Act.

10   **RESPONSE TO REQUEST FOR ADMISSION:**

11       Responding Party objects to this Request on the grounds that it seeks a legal

12   conclusion.

13   **REQUEST FOR ADMISSION NO. 4:**

14       Admit that the complaint alleges violations of the Restore Online Shoppers Act.

15   **RESPONSE TO REQUEST FOR ADMISSION:**

16       Responding Party objects to this Request on the grounds that it seeks a legal

17   conclusion.

18   **REQUEST FOR ADMISSION NO. 5:**

19       Admit that the complaint alleges violations of the Electronic Funds Transfer

20   Act.

21   **RESPONSE TO REQUEST FOR ADMISSION:**

22       Responding Party objects to this Request on the grounds that it seeks a legal

23   conclusion.

24   **REQUEST FOR ADMISSION NO. 6:**

25       Admit that venue is proper in the Central District of California under 28 U.S.C.

26   §§ 1391(b)(1), (b)(2), (c)(1), (c)(2), and (d) and 1395(a) and 15 U.S.C. § 53(b).

27   **RESPONSE TO REQUEST FOR ADMISSION:**

28       Admit.

**REQUEST FOR ADMISSION NO. 7:**

Admit that Doron Nottea has been an officer of BunZai Media Group, Inc.

**RESPONSE TO REQUEST FOR ADMISSION:**

Deny.

**REQUEST FOR ADMISSION NO. 8:**

Admit that Doron Nottea was an owner of BunZai Media Group, Inc. since at least January 1, 2010.

**RESPONSE TO REQUEST FOR ADMISSION:**

Deny.

**REQUEST FOR ADMISSION NO. 9:**

Admit that, since at least January 2010, Doron Nottea has controlled or had the authority to control the business operations of BunZai Media Group, Inc.

**RESPONSE TO REQUEST FOR ADMISSION:**

Deny.

**REQUEST FOR ADMISSION NO. 10:**

Admit that Doron Nottea was involved in the day-to-day operations of BunZai Media Group, Inc.

**RESPONSE TO REQUEST FOR ADMISSION:**

Deny.

**REQUEST FOR ADMISSION NO. 11:**

Admit that Doron Nottea had knowledge that consumers had alleged that unauthorized charges were being billed to consumers' credit cards by BunZai Media Group, Inc.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects on the grounds that the Request is vague and ambiguous and compound.  Without waiving said objections, Responding Party responds as follows:  Upon reasonable inquiry, Responding Party lacks sufficient

knowledge upon which to base an admission or denial, and on that basis denies this Request.

**REQUEST FOR ADMISSION NO. 12:**

Admit that Doron Nottea had knowledge that consumers had alleged that unauthorized charges were being billed to consumers' debit cards by BunZai Media Group, Inc.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects on the grounds that the Request is vague and ambiguous and compound.  Without waiving said objections, Responding Party responds as follows:  Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon which to base an admission or denial, and on that basis denies this Request.

**REQUEST FOR ADMISSION NO. 13:**

Admit that Doron Nottea transacts or has transacted business in the Central District of California.

**RESPONSE TO REQUEST FOR ADMISSION:**

Admit.

**REQUEST FOR ADMISSION NO. 14:**

Admit that Doron Nottea resides in the Central District of California.

**RESPONSE TO REQUEST FOR ADMISSION:**

Admit.

**REQUEST FOR ADMISSION NO. 15:**

Admit that Doron Nottea resides at ███████████, Tarzana, California.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to this Request on the grounds that it seeks private information protected by the California Constitution and the United States Constitution.

**REQUEST FOR ADMISSION NO. 16:**

1    Admit that Alon Nottea has been an officer of BunZai Media Group, Inc.

2    **RESPONSE TO REQUEST FOR ADMISSION:**

3    Admit.

4    **REQUEST FOR ADMISSION NO. 17:**

5    Admit that Alon Nottea was an owner of BunZai Media Group, Inc. since at

6    least January 1, 2010.

7    **RESPONSE TO REQUEST FOR ADMISSION:**

8    Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon

9    which to base an admission or denial, and on that basis denies this Request.

10   **REQUEST FOR ADMISSION NO. 18:**

11   Admit that Alon Nottea was involved in the day-to-day operations of BunZai

12   Media Group, Inc.

13   **RESPONSE TO REQUEST FOR ADMISSION:**

14   Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon

15   which to base an admission or denial, and on that basis denies this Request.

16   **REQUEST FOR ADMISSION NO. 19:**

17   Admit that Alon Nottea had knowledge that consumers had alleged that

18   unauthorized charges were being billed to consumers' credit cards BunZai Media

19   Group, Inc.

20   **RESPONSE TO REQUEST FOR ADMISSION:**

21   Responding Party objects on the grounds that the Request calls for Responding

22   Party to speculate as to the state of mind and knowledge of Defendant Alon Nottea;

23   Responding Party objects on the grounds that the Request is vague and ambiguous and

24   compound.  Without waiving said objections, Responding Party responds as follows:

25   Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon which to

26   base an admission or denial, and on that basis denies this Request.

27   **REQUEST FOR ADMISSION NO. 20:**

28

7

1   Admit that Alon Nottea had knowledge that consumers had alleged that

2   unauthorized charges were being billed to consumers' debit cards BunZai Media

3   Group, Inc.

4

5   **RESPONSE TO REQUEST FOR ADMISSION:**

6   Responding Party objects on the grounds that the Request calls for Responding

7   Party to speculate as to the state of mind and knowledge of Defendant Alon Nottea;

8   Responding Party objects on the grounds that the Request is vague and ambiguous and

9   compound.  Without waiving said objections, Responding Party responds as follows:

10  Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon which to

11  base an admission or denial, and on that basis denies this Request.

12  **REQUEST FOR ADMISSION NO. 21:**

13  Admit that, since at least January 2010, Alon Nottea has controlled or had the

14  authority to control the business operations of BunZai Media Group, Inc.

15  **RESPONSE TO REQUEST FOR ADMISSION:**

16  Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon

17  which to base an admission or denial, and on that basis denies this Request.

18  **REQUEST FOR ADMISSION NO. 22:**

19  Admit that Alon Nottea transacts or has transacted business in the Central

20  District of California.

21  **RESPONSE TO REQUEST FOR ADMISSION:**

22  Admit.

23  **REQUEST FOR ADMISSION NO. 23:**

24  Admit that Alon Nottea resides in the Central District of California.

25  **RESPONSE TO REQUEST FOR ADMISSION:**

26  Admit.

27  **REQUEST FOR ADMISSION NO. 24:**

28  Admit that Alon Nottea resides at ███████████, Winnetka, California.

8

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to this Request on the grounds that it seeks private information protected by the California Constitution and the United States Constitution.

**REQUEST FOR ADMISSION NO. 25:**

Admit that Igor Latsanovski has been an officer of BunZai Media Group, Inc.

**RESPONSE TO REQUEST FOR ADMISSION:**

Deny.

**REQUEST FOR ADMISSION NO. 26:**

Admit that Igor Latsanovski was an owner of BunZai Media Group, Inc. since at least January 1, 2010.

**RESPONSE TO REQUEST FOR ADMISSION:**

Deny.

**REQUEST FOR ADMISSION NO. 27:**

Admit that, since at least January 2010, Igor Latsanovski has controlled or had the authority to control the business operations of BunZai Media Group, Inc.

**RESPONSE TO REQUEST FOR ADMISSION:**

Deny.

**REQUEST FOR ADMISSION NO. 28:**

Admit that Igor Latsanovski had knowledge that consumers had alleged that unauthorized charges were being billed to consumers' credit cards by BunZai Media Group, Inc.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects on the grounds that the Request calls for Responding Party to speculate as to the state of mind and knowledge of Defendant Igor Latsanovski; Responding Party objects on the grounds that the Request is vague and ambiguous and compound.  Without waiving said objections, Responding Party responds as follows:  Upon reasonable inquiry, Responding Party lacks sufficient

1  knowledge upon which to base an admission or denial, and on that basis denies this
2  Request.
3  / / /
4  / / /
5  / / /
6  **REQUEST FOR ADMISSION NO. 29:**
7       Admit that Igor Latsanovski had knowledge that consumers had alleged that
8  unauthorized charges were being billed to consumers' debit cards BunZai Media
9  Group, Inc.
10 **RESPONSE TO REQUEST FOR ADMISSION:**
11      Responding Party objects on the grounds that the Request calls for Responding
12 Party to speculate as to the state of mind and knowledge of Defendant Igor
13 Latsanovski; Responding Party objects on the grounds that the Request is vague and
14 ambiguous and compound.  Without waiving said objections, Responding Party
15 responds as follows:  Upon reasonable inquiry, Responding Party lacks sufficient
16 knowledge upon which to base an admission or denial, and on that basis denies this
17 Request.
18 **REQUEST FOR ADMISSION NO. 30:**
19      Admit that Igor Latsanovski transacts or has transacted business in the Central
20 District of California.
21 **RESPONSE TO REQUEST FOR ADMISSION:**
22      Admit.
23 **REQUEST FOR ADMISSION NO. 31:**
24      Admit that Igor Latsanovski resides in the Central District of California.
25 **RESPONSE TO REQUEST FOR ADMISSION:**
26      Admit.
27 **REQUEST FOR ADMISSION NO. 32:**
28

10

1    Admit that Igor Latsanovski resides at ███████████, Calabasas,

2    California.

3    **RESPONSE TO REQUEST FOR ADMISSION:**

4    Responding Party objects to this Request on the grounds that it seeks private

5    information protected by the California Constitution and the United States

6    Constitution.

7    / / /

8    **REQUEST FOR ADMISSION NO. 33:**

9    Admit that Motti Nottea has been an officer of BunZai Media Group, Inc.

10   **RESPONSE TO REQUEST FOR ADMISSION:**

11   Deny.

12   **REQUEST FOR ADMISSION NO. 34:**

13   Admit that Motti Nottea was the CEO of BunZai Media Group, Inc.

14   **RESPONSE TO REQUEST FOR ADMISSION:**

15   Deny.

16   **REQUEST FOR ADMISSION NO. 35:**

17   Admit that Motti Nottea was an owner of BunZai Media Group, Inc. since at

18   least January 1, 2010.

19   **RESPONSE TO REQUEST FOR ADMISSION:**

20   Deny.

21   **REQUEST FOR ADMISSION NO. 36:**

22   Admit that, since at least January 2010, Motti Nottea has controlled or had the

23   authority to control the business operations of BunZai Media Group, Inc.

24   **RESPONSE TO REQUEST FOR ADMISSION:**

25   Deny.

26   **REQUEST FOR ADMISSION NO. 37:**

27   Admit that Motti Nottea transacts or has transacted business in the Central

28   District of California.

**RESPONSE TO REQUEST FOR ADMISSION:**

Admit.

**REQUEST FOR ADMISSION NO. 38:**

Admit that Motti Nottea had a merchant account in his name for BunZai Media Group, Inc.

**RESPONSE TO REQUEST FOR ADMISSION:**

Admit.

**REQUEST FOR ADMISSION NO. 39:**

Admit that Motti Nottea resides in the Central District of California.

**RESPONSE TO REQUEST FOR ADMISSION:**

Admit.

**REQUEST FOR ADMISSION NO. 40:**

Admit that Motti Nottea resides at ███████████████, Tarzana, California.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to this Request on the grounds that it seeks private information protected by the California Constitution and the United States Constitution.

**REQUEST FOR ADMISSION NO. 41:**

Admit that Roi Reuveni has been an officer of BunZai Media Group, Inc.

**RESPONSE TO REQUEST FOR ADMISSION:**

Deny.

**REQUEST FOR ADMISSION NO. 42:**

Admit that Roi Reuveni has been a manager of the customer service department of BunZai Media Group, Inc.

**RESPONSE TO REQUEST FOR ADMISSION:**

Deny.

**REQUEST FOR ADMISSION NO. 43:**

1   Admit that Roi Reuveni has been the manager of the chargebacks department of

2   BunZai Media Group, Inc.

3   **RESPONSE TO REQUEST FOR ADMISSION:**

4   Deny.

5   / / /

6   / / /

7   / / /

8   **REQUEST FOR ADMISSION NO. 44:**

9   Admit that, acting alone or in concert with others, Roi Reuveni drafted the

10  deceptive template used to respond by BunZai Media Group, Inc. to respond to

11  financial institutions when consumers requested chargebacks.

12  **RESPONSE TO REQUEST FOR ADMISSION:**

13  Responding Party objects to this Request on the grounds that it is compound.

14  Responding Party further objects on the grounds that the Request is vague and

15  ambiguous.  Without waiving said objections, Responding Party responds as follows:

16  Deny.

17  **REQUEST FOR ADMISSION NO. 45:**

18  Admit that, since at least January 2010, Roi Reuveni has controlled or had the

19  authority to control the business operations of BunZai Media Group, Inc.

20  **RESPONSE TO REQUEST FOR ADMISSION:**

21  Deny.

22  **REQUEST FOR ADMISSION NO. 46:**

23  Admit that Roi Reuveni transacts or has transacted business in the Central

24  District of California.

25  **RESPONSE TO REQUEST FOR ADMISSION:**

26  Admit.

27  **REQUEST FOR ADMISSION NO. 47:**

28  Admit that Roi Reuveni resides in the Central District of California.

**RESPONSE TO REQUEST FOR ADMISSION:**

Admit.

**REQUEST FOR ADMISSION NO. 48:**

Admit that Roi Reuveni resides at ███████████████, Woodland Hills, California.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to this Request on the grounds that it seeks private information protected by the California Constitution and the United States Constitution.

**REQUEST FOR ADMISSION NO. 49:**

Admit that Kristopher Bond has been an officer of BunZai Media Group, Inc.

**RESPONSE TO REQUEST FOR ADMISSION:**

Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon which to base an admission or denial, and on that basis denies this Request.

**REQUEST FOR ADMISSION NO. 50:**

Admit that Kristopher Bond was an owner of BunZai Media Group, Inc. since at least January 1, 2010.

**RESPONSE TO REQUEST FOR ADMISSION:**

Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon which to base an admission or denial, and on that basis denies this Request.

**REQUEST FOR ADMISSION NO. 51:**

Admit that Kristopher Bond was involved in the day-to-day operations of BunZai Media Group, Inc.

**RESPONSE TO REQUEST FOR ADMISSION:**

Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon which to base an admission or denial, and on that basis denies this Request.

**REQUEST FOR ADMISSION NO. 52:**

Admit that Kristopher Bond had knowledge that consumers had alleged that unauthorized charges were being billed to consumers' credit cards BunZai Media Group, Inc.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects on the grounds that the Request calls for Responding Party to speculate as to the state of mind and knowledge of Defendant Kristopher Bond; Responding Party objects on the grounds that the Request is vague and ambiguous and compound.  Without waiving said objections, Responding Party responds as follows:  Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon which to base an admission or denial, and on that basis denies this Request.

**REQUEST FOR ADMISSION NO. 53:**

Admit that Kristopher Bond had knowledge that consumers had alleged that unauthorized charges were being billed to consumers' debit cards BunZai Media Group, Inc.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects on the grounds that the Request calls for Responding Party to speculate as to the state of mind and knowledge of Defendant Kristopher Bond; Responding Party objects on the grounds that the Request is vague and ambiguous and compound.  Without waiving said objections, Responding Party responds as follows:  Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon which to base an admission or denial, and on that basis denies this Request.

**REQUEST FOR ADMISSION NO. 54:**

Admit that BunZai Media Group, Inc., was incorporated in California on January 1, 2010.

**RESPONSE TO REQUEST FOR ADMISSION:**

1       Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon

2 which to base an admission or denial, and on that basis denies this Request.

3 **REQUEST FOR ADMISSION NO. 55:**

4       Admit that, since BunZai Media Group, Inc.'s formation, it has maintained a

5 substantial course of trade in or affecting commerce, as "commerce" is defined in

6 Section 4 of the FTC Act, 15 U.S.C. § 44.

7 **RESPONSE TO REQUEST FOR ADMISSION:**

8       Responding Party objects on the grounds that the Request calls for a legal

9 conclusion.

10 **REQUEST FOR ADMISSION NO. 56:**

11       Admit that BunZai Media Group, Inc. has offered for sale, sold, and distributed

12 skincare products to consumers throughout the United States.

13 **RESPONSE TO REQUEST FOR ADMISSION:**

14       Responding Party objects to the Request on the grounds that it is compound and

15 overbroad as to time and scope.

16 **REQUEST FOR ADMISSION NO. 57:**

17       Admit that BunZai Media Group is not exempt from the coverage of the Federal

18 Trade Commission Act by statute.

19 **RESPONSE TO REQUEST FOR ADMISSION:**

20       Responding Party objects on the grounds that the Request calls for a legal

21 conclusion.

22 **REQUEST FOR ADMISSION NO. 58:**

23       Admit that BunZai Media Group, Inc. is a for-profit corporation.

24 **RESPONSE TO REQUEST FOR ADMISSION:**

25       Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon

26 which to base an admission or denial, and on that basis denies this Request.

27 **REQUEST FOR ADMISSION NO. 59:**

28

---

16

1    Admit that BunZai Media Group, Inc has offered for sale, sold, and distributed

2    skincare products using the name AuraVie.

3    **RESPONSE TO REQUEST FOR ADMISSION:**

4    Responding Party objects to the Request on the grounds that it is compound and

5    overbroad as to time and scope.

6    **REQUEST FOR ADMISSION NO. 60:**

7    Admit that BunZai Media Group, Inc has offered for sale, sold, and distributed

8    skincare products using the name Dellure.

9    ///

10   ///

11   **RESPONSE TO REQUEST FOR ADMISSION:**

12   Responding Party objects to the Request on the grounds that it is compound and

13   overbroad as to time and scope.  Without waiving said objections, Responding Party

14   responds as follows:  Upon reasonable inquiry, Responding Party lacks sufficient

15   knowledge upon which to base an admission or denial, and on that basis denies this

16   Request.

17   **REQUEST FOR ADMISSION NO. 61:**

18   Admit that BunZai Media Group, Inc has offered for sale, sold, and distributed

19   skincare products using the name Miracle Face Kit.

20   **RESPONSE TO REQUEST FOR ADMISSION:**

21   Responding Party objects to the Request on the grounds that it is compound and

22   overbroad as to time and scope.  Without waiving said objections, Responding Party

23   responds as follows:  Upon reasonable inquiry, Responding Party lacks sufficient

24   knowledge upon which to base an admission or denial, and on that basis denies this

25   Request.

26   **REQUEST FOR ADMISSION NO. 62:**

27   Admit that BunZai Media Group, Inc has offered for sale, sold, and distributed

28   skincare products using the website AuraViefreetrial.com.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to the Request on the grounds that it is compound and overbroad as to time and scope.  Without waiving said objections, Responding Party responds as follows:  Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon which to base an admission or denial, and on that basis denies this Request.

**REQUEST FOR ADMISSION NO. 63:**

Admit that BunZai Media Group, Inc has offered for sale, sold, and distributed skincare products using the website mymiraclekit.com.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to the Request on the grounds that it is compound and overbroad as to time and scope.  Without waiving said objections, Responding Party responds as follows:  Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon which to base an admission or denial, and on that basis denies this Request.

**REQUEST FOR ADMISSION NO. 64:**

Admit that BunZai Media Group, Inc has offered for sale, sold, and distributed skincare products using the website miraclefacekit.com.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to the Request on the grounds that it is compound and overbroad as to time and scope.  Without waiving said objections, Responding Party responds as follows:  Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon which to base an admission or denial, and on that basis denies this Request.

**REQUEST FOR ADMISSION NO. 65:**

Admit that BunZai Media Group, Inc has offered for sale, sold, and distributed skincare products using the term "risk free trial."

**RESPONSE TO REQUEST FOR ADMISSION:**

18

1    Responding Party objects to the Request on the grounds that it is compound and

2    overbroad as to time and scope.  Without waiving said objections, Responding Party

3    responds as follows:  Upon reasonable inquiry, Responding Party lacks sufficient

4    knowledge upon which to base an admission or denial, and on that basis denies this

5    Request.

6    **REQUEST FOR ADMISSION NO. 66:**

7    Admit that BunZai Media Group, Inc has offered for sale, sold, and distributed

8    skincare products using the term "gifts."

9    **RESPONSE TO REQUEST FOR ADMISSION:**

10    Responding Party objects to the Request on the grounds that it is compound and

11    overbroad as to time and scope.  Without waiving said objections, Responding Party

12    responds as follows:  Upon reasonable inquiry, Responding Party lacks sufficient

13    knowledge upon which to base an admission or denial, and on that basis denies this

14    Request.

15    ///

16    ///

17    **REQUEST FOR ADMISSION NO. 67:**

18    Admit that consumers who bought BunZai Media Group, Inc.'s skin care

19    products had to return the product within 10 days to avoid being charged for the

20    product.

21    **RESPONSE TO REQUEST FOR ADMISSION:**

22    Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon

23    which to base an admission or denial, and on that basis denies this Request.

24    **REQUEST FOR ADMISSION NO. 68:**

25    Admit that consumers who bought BunZai Media Group, Inc.'s skin care

26    products had to return the product within 10 days to avoid being subscribed into a

27    negative option continuity plan.

28    **RESPONSE TO REQUEST FOR ADMISSION:**

1   Responding Party objects to the Request on the grounds that it is compound.

2   Without waiving said objections, Responding Party responds as follows:  Upon

3   reasonable inquiry, Responding Party lacks sufficient knowledge upon which to base

4   an admission or denial, and on that basis denies this Request.

5   **REQUEST FOR ADMISSION NO. 69:**

6   Admit that consumers who bought BunZai Media Group, Inc.'s skin care

7   products had to return the product within 10 days to avoid being subscribed into a

8   negative option continuity plan that would charge the consumers a monthly fee.

9   **RESPONSE TO REQUEST FOR ADMISSION:**

10   Responding Party objects to the Request on the grounds that it is compound.

11   Without waiving said objections, Responding Party responds as follows:  Upon

12   reasonable inquiry, Responding Party lacks sufficient knowledge upon which to base

13   an admission or denial, and on that basis denies this Request.

14   **REQUEST FOR ADMISSION NO. 70:**

15   Admit that consumers who bought BunZai Media Group, Inc.'s skin care

16   products had to return the product within 10 days to avoid being subscribed into a

17   negative option continuity plan that would charge the consumers a fee of about

18   $97.88.

19   **RESPONSE TO REQUEST FOR ADMISSION:**

20   Responding Party objects to the Request on the grounds that it is compound.

21   Without waiving said objections, Responding Party responds as follows:  Upon

22   reasonable inquiry, Responding Party lacks sufficient knowledge upon which to base

23   an admission or denial, and on that basis denies this Request.

24   **REQUEST FOR ADMISSION NO. 71:**

25   Admit that consumers who bought BunZai Media Group, Inc.'s skin care

26   products had to pay a shipping and handling charge.

27   **RESPONSE TO REQUEST FOR ADMISSION:**

28

MOTTI NOTTEA'S RESPONSES TO FTC'S REQUEST FOR ADMISSIONS– SET ONE

**913-20**                                        **Exhibit 913**

1  Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon
2  which to base an admission or denial, and on that basis denies this Request.

3  **REQUEST FOR ADMISSION NO. 72:**

4  Admit that BunZai Media Group, Inc., processed consumer skincare payments
5  through a merchant account in the name of Agoa Holdings, Inc.

6  **RESPONSE TO REQUEST FOR ADMISSION:**

7  Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon
8  which to base an admission or denial, and on that basis denies this Request.

9  **REQUEST FOR ADMISSION NO. 73:**

10  Admit that BunZai Media Group, Inc. processed consumer skincare payments
11  through a merchant account in the name of Zen Mobile Media, Inc.

12  **RESPONSE TO REQUEST FOR ADMISSION:**

13  Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon
14  which to base an admission or denial, and on that basis denies this Request.

15  **REQUEST FOR ADMISSION NO. 74:**

16  Admit that BunZai Media Group, Inc. processed consumer skincare payments
17  through a merchant account in the name of SafeHaven Ventures, Inc.

18  **RESPONSE TO REQUEST FOR ADMISSION:**

19  Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon
20  which to base an admission or denial, and on that basis denies this Request.

21  **REQUEST FOR ADMISSION NO. 75:**

22  Admit that BunZai Media Group, Inc. processed consumer skincare payments
23  through a merchant account in the name of Heritage Alliance Group, Inc.

24  **RESPONSE TO REQUEST FOR ADMISSION:**

25  Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon
26  which to base an admission or denial, and on that basis denies this Request.

27  **REQUEST FOR ADMISSION NO. 76:**

28

1  Admit that BunZai Media Group, Inc. processed consumer skincare payments
2  through a merchant account in the name of AMD Financial Network, Inc.

3  **RESPONSE TO REQUEST FOR ADMISSION:**

4  Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon
5  which to base an admission or denial, and on that basis denies this Request.

6  **REQUEST FOR ADMISSION NO. 77:**

7  Admit that BunZai Media Group, Inc. processed consumer skincare payments
8  through a merchant account in the name of Kai Media, Inc.

9  **RESPONSE TO REQUEST FOR ADMISSION:**

10  Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon
11  which to base an admission or denial, and on that basis denies this Request.

12  **REQUEST FOR ADMISSION NO. 78:**

13  Admit that BunZai Media Group, Inc. processed consumer skincare payments
14  through a merchant account in the name Insight Media, Inc.

15  **RESPONSE TO REQUEST FOR ADMISSION:**

16  Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon
17  which to base an admission or denial, and on that basis denies this Request.

18  / / /

19  **REQUEST FOR ADMISSION NO. 79:**

20  Admit that SBM Management, Inc.'s corporate credit card was used to pay
21  BunZai Media Group, Inc.'s websites.

22  **RESPONSE TO REQUEST FOR ADMISSION:**

23  Responding Party objects to the Request on the grounds that it is vague and
24  ambiguous.

25  **REQUEST FOR ADMISSION NO. 80:**

26  Admit that Media Urge, Inc. was used by BunZai Media Group, Inc. to secure
27  third-party advertising tracked sales.

28  **RESPONSE TO REQUEST FOR ADMISSION:**

22

1    Responding Party objects to the Request on the grounds that it is vague and

2    ambiguous.  Without waiving said objections, Responding Party responds as follows:

3    Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon which to

4    base an admission or denial, and on that basis denies this Request.

5    **REQUEST FOR ADMISSION NO. 81:**

6    Admit that Media Urge, Inc. was used by BunZai Media Group, Inc. to design

7    marketing materials.

8    **RESPONSE TO REQUEST FOR ADMISSION:**

9    Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon

10   which to base an admission or denial, and on that basis denies this Request.

11   **REQUEST FOR ADMISSION NO. 82:**

12   Admit that Doron Nottea has been an officer of Pinnacle Logistics, Inc.

13   **RESPONSE TO REQUEST FOR ADMISSION:**

14   Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon

15   which to base an admission or denial, and on that basis denies this Request.

16   **REQUEST FOR ADMISSION NO. 83:**

17   Admit that Doron Nottea was an owner of Pinnacle Logistics, Inc. since at least

18   January 1, 2010.

19   **RESPONSE TO REQUEST FOR ADMISSION:**

20   Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon

21   which to base an admission or denial, and on that basis denies this Request.

22   **REQUEST FOR ADMISSION NO. 84:**

23   Admit that, since at least January 2010, Doron Nottea has controlled or had the

24   authority to control the business operations of Pinnacle Logistics, Inc.

25   **RESPONSE TO REQUEST FOR ADMISSION:**

26   Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon

27   which to base an admission or denial, and on that basis denies this Request.

28   **REQUEST FOR ADMISSION NO. 85:**

1  Admit that Doron Nottea had knowledge that consumers had alleged that

2  unauthorized charges were being billed to consumers' debit cards by Pinnacle

3  Logistics, Inc.

4  **RESPONSE TO REQUEST FOR ADMISSION:**

5  Responding Party objects on the grounds that the Request is vague and

6  ambiguous and compound.  Without waiving said objections, Responding Party

7  responds as follows:  Upon reasonable inquiry, Responding Party lacks sufficient

8  knowledge upon which to base an admission or denial, and on that basis denies this

9  Request.

10  **REQUEST FOR ADMISSION NO. 86:**

11  Admit that Doron Nottea had knowledge that consumers had alleged that

12  unauthorized charges were being billed to consumers' credit cards by Pinnacle

13  Logistics, Inc.

14  **RESPONSE TO REQUEST FOR ADMISSION:**

15  Responding Party objects on the grounds that the Request is vague and

16  ambiguous and compound.  Without waiving said objections, Responding Party

17  responds as follows:  Upon reasonable inquiry, Responding Party lacks sufficient

18  knowledge upon which to base an admission or denial, and on that basis denies this

19  Request.

20  **REQUEST FOR ADMISSION NO. 87:**

21  Admit that Alon Nottea has been an officer of Pinnacle Logistics, Inc.

22  **RESPONSE TO REQUEST FOR ADMISSION:**

23  Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon

24  which to base an admission or denial, and on that basis denies this Request.

25  **REQUEST FOR ADMISSION NO. 88:**

26  Admit that Alon Nottea was an owner of Pinnacle Logistics, Inc. since at least

27  January 1, 2010.

28  **RESPONSE TO REQUEST FOR ADMISSION:**

1    Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon

2    which to base an admission or denial, and on that basis denies this Request.

3    **REQUEST FOR ADMISSION NO. 89:**

4    Admit that Alon Nottea was involved in the day-to-day operations of Pinnacle

5    Logistics, Inc.

6    **RESPONSE TO REQUEST FOR ADMISSION:**

7    Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon

8    which to base an admission or denial, and on that basis denies this Request.

9    **REQUEST FOR ADMISSION NO. 90:**

10   Admit that Alon Nottea had knowledge that consumers had alleged that

11   unauthorized charges were being billed to consumers' credit cards by Pinnacle

12   Logistics, Inc.

13   **RESPONSE TO REQUEST FOR ADMISSION:**

14   Responding Party objects on the grounds that the Request calls for Responding

15   Party to speculate as to the state of mind and knowledge of Defendant Alon Nottea;

16   Responding Party objects on the grounds that the Request is vague and ambiguous and

17   compound.  Without waiving said objections, Responding Party responds as follows:

18   Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon which to

19   base an admission or denial, and on that basis denies this Request.

20   / / /

21   **REQUEST FOR ADMISSION NO. 91:**

22   Admit that Alon Nottea had knowledge that consumers had alleged that

23   unauthorized charges were being billed to consumers' debit cards by Pinnacle

24   Logistics, Inc.

25   **RESPONSE TO REQUEST FOR ADMISSION:**

26   Responding Party objects on the grounds that the Request calls for Responding

27   Party to speculate as to the state of mind and knowledge of Defendant Alon Nottea;

28   Responding Party objects on the grounds that the Request is vague and ambiguous and

compound. Without waiving said objections, Responding Party responds as follows: Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon which to base an admission or denial, and on that basis denies this Request.

**REQUEST FOR ADMISSION NO. 92:**

Admit that Alon Nottea has controlled or had the authority to control the business operations of Pinnacle Logistics, Inc.

**RESPONSE TO REQUEST FOR ADMISSION:**

Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon which to base an admission or denial, and on that basis denies this Request.

**REQUEST FOR ADMISSION NO. 93:**

Admit that Oz Mizrahi has been an officer of Pinnacle Logistics, Inc.

**RESPONSE TO REQUEST FOR ADMISSION:**

Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon which to base an admission or denial, and on that basis denies this Request.

**REQUEST FOR ADMISSION NO. 94:**

Admit that Oz Mizrahi was an owner of Pinnacle Logistics, Inc. since at least January 1, 2010.

**RESPONSE TO REQUEST FOR ADMISSION:**

Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon which to base an admission or denial, and on that basis denies this Request.

**REQUEST FOR ADMISSION NO. 95:**

Admit that Oz Mizrahi was involved in the day-to-day operations of Pinnacle Logistics, Inc.

**RESPONSE TO REQUEST FOR ADMISSION:**

Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon which to base an admission or denial, and on that basis denies this Request.

**REQUEST FOR ADMISSION NO. 96:**

MOTTI NOTTEA'S RESPONSES TO FTC'S REQUEST FOR ADMISSIONS– SET ONE

**913-26** **Exhibit 913**

1    Admit that Oz Mizrahi had knowledge that consumers had alleged that

2    unauthorized charges were being billed to consumers' credit cards by Pinnacle

3    Logistics, Inc.

4    **RESPONSE TO REQUEST FOR ADMISSION:**

5    Responding Party objects on the grounds that the Request calls for Responding

6    Party to speculate as to the state of mind and knowledge of Defendant Oz Mizrahi;

7    Responding Party objects on the grounds that the Request is vague and ambiguous and

8    compound.  Without waiving said objections, Responding Party responds as follows:

9    Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon which to

10   base an admission or denial, and on that basis denies this Request.

11   **REQUEST FOR ADMISSION NO. 97:**

12   Admit that Oz Mizrahi had knowledge that consumers had alleged that

13   unauthorized charges were being billed to consumers' debit cards by Pinnacle

14   Logistics, Inc.

15   **RESPONSE TO REQUEST FOR ADMISSION:**

16   Responding Party objects on the grounds that the Request calls for Responding

17   Party to speculate as to the state of mind and knowledge of Defendant Oz Mizrahi;

18   Responding Party objects on the grounds that the Request is vague and ambiguous and

19   compound.  Without waiving said objections, Responding Party responds as follows:

20   Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon which to

21   base an admission or denial, and on that basis denies this Request.

22   **REQUEST FOR ADMISSION NO. 98:**

23   Admit that Oz Mizrahi has controlled or had the authority to control the

24   business operations of Pinnacle Logistics, Inc.

25   **RESPONSE TO REQUEST FOR ADMISSION:**

26   Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon

27   which to base an admission or denial, and on that basis denies this Request.

28   **REQUEST FOR ADMISSION NO. 99:**

1   Admit that Igor Latsanovski has been an officer of Pinnacle Logistics, Inc.

2   **RESPONSE TO REQUEST FOR ADMISSION:**

3   Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon

4   which to base an admission or denial, and on that basis denies this Request.

5   **REQUEST FOR ADMISSION NO. 100:**

6   Admit that Igor Latsanovski was an owner of Pinnacle Logistics, Inc. since at

7   least January 1, 2010.

8   **RESPONSE TO REQUEST FOR ADMISSION:**

9   Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon

10  which to base an admission or denial, and on that basis denies this Request.

11  **REQUEST FOR ADMISSION NO. 101:**

12  Admit that, since at least January 2010, Igor Latsanovski has controlled or had

13  the authority to control the business operations of Pinnacle Logistics, Inc.

14  **RESPONSE TO REQUEST FOR ADMISSION:**

15  Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon

16  which to base an admission or denial, and on that basis denies this Request.

17  **REQUEST FOR ADMISSION NO. 102:**

18  Admit that Igor Latsanovski had knowledge that consumers had alleged that

19  unauthorized charges were being billed to consumers' debit cards by Pinnacle

20  Logistics, Inc.

21  **RESPONSE TO REQUEST FOR ADMISSION:**

22  Responding Party objects on the grounds that the Request calls for Responding

23  Party to speculate as to the state of mind and knowledge of Defendant Igor

24  Latsanovski; Responding Party objects on the grounds that the Request is vague and

25  ambiguous and compound.  Without waiving said objections, Responding Party

26  responds as follows:  Upon reasonable inquiry, Responding Party lacks sufficient

27  knowledge upon which to base an admission or denial, and on that basis denies this

28  Request.

28

**REQUEST FOR ADMISSION NO. 103:**

Admit that Igor Latsanovski had knowledge that consumers had alleged that unauthorized charges were being billed to consumers' credit cards by Pinnacle Logistics, Inc.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects on the grounds that the Request calls for Responding Party to speculate as to the state of mind and knowledge of Defendant Igor Latsanovski; Responding Party objects on the grounds that the Request is vague and ambiguous and compound. Without waiving said objections, Responding Party responds as follows: Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon which to base an admission or denial, and on that basis denies this Request.

**REQUEST FOR ADMISSION NO. 104:**

Admit that Motti Nottea has been an officer of Pinnacle Logistics, Inc.

**RESPONSE TO REQUEST FOR ADMISSION:**

Deny.

**REQUEST FOR ADMISSION NO. 105:**

Admit that, since at least January 2010, Motti Nottea has controlled or had the authority to control the business operations of Pinnacle Logistics, Inc.

**RESPONSE TO REQUEST FOR ADMISSION:**

Deny.

**REQUEST FOR ADMISSION NO. 106:**

Admit that Roi Reuveni has been an officer of Pinnacle Logistics, Inc.

**RESPONSE TO REQUEST FOR ADMISSION:**

Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon which to base an admission or denial, and on that basis denies this Request.

/ / /

/ / /

**REQUEST FOR ADMISSION NO. 107:**

Admit that Roi Reuveni has been a manager of the customer service department of Pinnacle Logistics, Inc.

**RESPONSE TO REQUEST FOR ADMISSION:**

Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon which to base an admission or denial, and on that basis denies this Request.

**REQUEST FOR ADMISSION NO. 108:**

Admit that Roi Reuveni has been the manager of the chargebacks department of Pinnacle Logistics, Inc.

**RESPONSE TO REQUEST FOR ADMISSION:**

Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon which to base an admission or denial, and on that basis denies this Request.

**REQUEST FOR ADMISSION NO. 109:**

Admit that, acting alone or in concert with other, Roi Reuveni drafted the template used to respond by Pinnacle Logistics, Inc. to respond to financial institutions when consumers requested chargebacks.

**RESPONSE TO REQUEST FOR ADMISSION:**

Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon which to base an admission or denial, and on that basis denies this Request.

**REQUEST FOR ADMISSION NO. 110:**

Admit that, since at least January 2010, Roi Reuveni has controlled or had the authority to control the business operations of Pinnacle Logistics, Inc.

**RESPONSE TO REQUEST FOR ADMISSION:**

Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon which to base an admission or denial, and on that basis denies this Request.

**REQUEST FOR ADMISSION NO. 111:**

Admit that Pinnacle Logistics, Inc., was incorporated in California on June 6, 2012.

**RESPONSE TO REQUEST FOR ADMISSION:**

Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon which to base an admission or denial, and on that basis denies this Request.

**REQUEST FOR ADMISSION NO. 112:**

Admit that, since Pinnacle Logistics, Inc.'s formation, it has maintained a substantial course of trade in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects on the grounds that the Request calls for a legal conclusion.

**REQUEST FOR ADMISSION NO. 113:**

Admit that Pinnacle Logistics, Inc. has offered for sale, sold, and distributed skincare products to consumers throughout the United States.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to the Request on the grounds that it is compound and overbroad as to time and scope.

**REQUEST FOR ADMISSION NO. 114:**

Admit that Pinnacle Logistics is not exempt from the coverage of the Federal Trade Commission Act by statute.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects on the grounds the Request calls for a legal conclusion.

**REQUEST FOR ADMISSION NO. 115:**

Admit that Pinnacle Logistics, Inc. is a for-profit corporation.

**RESPONSE TO REQUEST FOR ADMISSION:**

Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon which to base an admission or denial, and on that basis denies this Request.

/ / /

1    **REQUEST FOR ADMISSION NO. 116:**

2        Admit that Pinnacle Logistics, Inc., has offered for sale, sold, and distributed

3    skincare products using the name AuraVie.

4    **RESPONSE TO REQUEST FOR ADMISSION:**

5        Responding Party objects to the Request on the grounds that it is compound and

6    overbroad as to time and scope.  Without waiving said objections, Responding Party

7    responds as follows:  Upon reasonable inquiry, Responding Party lacks sufficient

8    knowledge upon which to base an admission or denial, and on that basis denies this

9    Request.

10   **REQUEST FOR ADMISSION NO. 117:**

11       Admit that Pinnacle Logistics, Inc., has offered for sale, sold, and distributed

12   skincare products using the name Dellure.

13   **RESPONSE TO REQUEST FOR ADMISSION:**

14       Responding Party objects to the Request on the grounds that it is compound and

15   overbroad as to time and scope.  Without waiving said objections, Responding Party

16   responds as follows:  Upon reasonable inquiry, Responding Party lacks sufficient

17   knowledge upon which to base an admission or denial, and on that basis denies this

18   Request.

19   **REQUEST FOR ADMISSION NO. 118:**

20       Admit that Pinnacle Logistics, Inc., has offered for sale, sold, and distributed

21   skincare products using the name Miracle Face Kit.

22   **RESPONSE TO REQUEST FOR ADMISSION:**

23       Responding Party objects to the Request on the grounds that it is compound and

24   overbroad as to time and scope.  Without waiving said objections, Responding Party

25   responds as follows:  Upon reasonable inquiry, Responding Party lacks sufficient

26   knowledge upon which to base an admission or denial, and on that basis denies this

27   Request.

28   / / /

**REQUEST FOR ADMISSION NO. 119:**

Admit that Pinnacle Logistics, Inc., has offered for sale, sold, and distributed skincare products using the website AuraViefreetrial.com.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to the Request on the grounds that it is compound and overbroad as to time and scope.  Without waiving said objections, Responding Party responds as follows:  Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon which to base an admission or denial, and on that basis denies this Request.

**REQUEST FOR ADMISSION NO. 120:**

Admit that Pinnacle Logistics, Inc., has offered for sale, sold, and distributed skincare products using the website mymiraclekit.com.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to the Request on the grounds that it is compound and overbroad as to time and scope.  Without waiving said objections, Responding Party responds as follows:  Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon which to base an admission or denial, and on that basis denies this Request.

**REQUEST FOR ADMISSION NO. 121:**

Admit that Pinnacle Logistics, Inc., has offered for sale, sold, and distributed skincare products using the website miraclefacekit.com.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to the Request on the grounds that it is compound and overbroad as to time and scope.  Without waiving said objections, Responding Party responds as follows:  Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon which to base an admission or denial, and on that basis denies this Request.

/ / /

**REQUEST FOR ADMISSION NO. 122:**

Admit that Pinnacle Logistics, Inc., has offered for sale, sold, and distributed skincare products using the term "risk free trial."

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to the Request on the grounds that it is compound and overbroad as to time and scope.  Without waiving said objections, Responding Party responds as follows:  Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon which to base an admission or denial, and on that basis denies this Request.

**REQUEST FOR ADMISSION NO. 123:**

Admit that Pinnacle Logistics, Inc., has offered for sale, sold, and distributed skincare products using the term "gifts."

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to the Request on the grounds that it is compound and overbroad as to time and scope.  Without waiving said objections, Responding Party responds as follows:  Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon which to base an admission or denial, and on that basis denies this Request.

**REQUEST FOR ADMISSION NO. 124:**

Admit that Pinnacle Logistics, Inc., has offered for sale, sold, and distributed skincare products using the term "risk free trials."

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to the Request on the grounds that it is compound and overbroad as to time and scope.  Without waiving said objections, Responding Party responds as follows:  Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon which to base an admission or denial, and on that basis denies this Request.

**REQUEST FOR ADMISSION NO. 125:**

34

1    Admit that consumers who bought Pinnacle Logistics, Inc.'s skin care products

2    had to return the product within 10 days to avoid being charged for the product.

3    **RESPONSE TO REQUEST FOR ADMISSION:**

4    Responding Party objects to the Request on the grounds that it is compound and

5    overbroad as to time and scope.  Without waiving said objections, Responding Party

6    responds as follows:  Upon reasonable inquiry, Responding Party lacks sufficient

7    knowledge upon which to base an admission or denial, and on that basis denies this

8    Request.

9    **REQUEST FOR ADMISSION NO. 126:**

10   Admit that consumers who bought Pinnacle Logistics, Inc.'s skin care products

11   had to return the product within 10 days to avoid being subscribed into a negative

12   option continuity plan.

13   **RESPONSE TO REQUEST FOR ADMISSION:**

14   Responding Party objects to the Request on the grounds that it is compound.

15   Without waiving said objections, Responding Party responds as follows:  Upon

16   reasonable inquiry, Responding Party lacks sufficient knowledge upon which to base

17   an admission or denial, and on that basis denies this Request.

18   **REQUEST FOR ADMISSION NO. 127:**

19   Admit that consumers who bought Pinnacle Logistics, Inc.'s skin care products

20   had to return the product within 10 days to avoid being subscribed into a negative

21   option continuity plan that would charge the consumers a monthly fee.

22   **RESPONSE TO REQUEST FOR ADMISSION:**

23   Responding Party objects to the Request on the grounds that it is compound.

24   Without waiving said objections, Responding Party responds as follows:  Upon

25   reasonable inquiry, Responding Party lacks sufficient knowledge upon which to base

26   an admission or denial, and on that basis denies this Request.

27   / / /

28   / / /

35

**REQUEST FOR ADMISSION NO. 128:**

Admit that consumers who bought Pinnacle Logistics, Inc.'s skin care products had to return the product within 10 days to avoid being subscribed into a negative option continuity plan that would charge the consumers a fee of about $97.88.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to the Request on the grounds that it is compound. Without waiving said objections, Responding Party responds as follows:  Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon which to base an admission or denial, and on that basis denies this Request.

**REQUEST FOR ADMISSION NO. 129:**

Admit that consumers who bought Pinnacle Logistics, Inc.'s skin care products had to pay a shipping and handling charge.

**RESPONSE TO REQUEST FOR ADMISSION:**

Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon which to base an admission or denial, and on that basis denies this Request.

**REQUEST FOR ADMISSION NO. 130:**

Admit that Pinnacle Logistics, Inc. processed consumer skincare payments through a merchant account in the name of Agoa Holdings, Inc.

**RESPONSE TO REQUEST FOR ADMISSION:**

Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon which to base an admission or denial, and on that basis denies this Request.

**REQUEST FOR ADMISSION NO. 131:**

Admit that Pinnacle Logistics, Inc. processed consumer skincare payments through a merchant account in the name of Zen Mobile Media, Inc.

**RESPONSE TO REQUEST FOR ADMISSION:**

Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon which to base an admission or denial, and on that basis denies this Request.

/ / /

1   **REQUEST FOR ADMISSION NO. 132:**

2   Admit that Pinnacle Logistics, Inc. processed consumer skincare payments

3   through a merchant account in the name of SafeHaven Ventures, Inc.

4   **RESPONSE TO REQUEST FOR ADMISSION:**

5   Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon

6   which to base an admission or denial, and on that basis denies this Request.

7   **REQUEST FOR ADMISSION NO. 133:**

8   Admit that Pinnacle Logistics, Inc. processed consumer skincare payments

9   through a merchant account in the name of Heritage Alliance Group, Inc.

10   **RESPONSE TO REQUEST FOR ADMISSION:**

11   Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon

12   which to base an admission or denial, and on that basis denies this Request.

13   **REQUEST FOR ADMISSION NO. 134:**

14   Admit that Pinnacle Logistics, Inc. processed consumer skincare payments

15   through a merchant account in the name of AMD Financial Network, Inc.

16   **RESPONSE TO REQUEST FOR ADMISSION:**

17   Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon

18   which to base an admission or denial, and on that basis denies this Request.

19   **REQUEST FOR ADMISSION NO. 135:**

20   Admit that Pinnacle Logistics, Inc. processed consumer skincare payments

21   through a merchant account in the name of Kai Media, Inc.

22   **RESPONSE TO REQUEST FOR ADMISSION:**

23   Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon

24   which to base an admission or denial, and on that basis denies this Request.

25   **REQUEST FOR ADMISSION NO. 136:**

26   Admit that Pinnacle Logistics, Inc. processed consumer skincare payments

27   through a merchant account in the name Insight Media, Inc.

28   / / /

**RESPONSE TO REQUEST FOR ADMISSION:**

Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon which to base an admission or denial, and on that basis denies this Request.

**REQUEST FOR ADMISSION NO. 137:**

Admit that SBM Management, Inc.'s corporate credit card was used to pay Pinnacle Logistics, Inc.'s websites.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to the Request on the grounds that it is vague and ambiguous.

**REQUEST FOR ADMISSION NO. 138:**

Admit that Media Urge, Inc. was used by Pinnacle Logistics, Inc. to secure third-party advertising tracked sales.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to the Request on the grounds that it is vague and ambiguous.

**REQUEST FOR ADMISSION NO. 139:**

Admit that Media Urge, Inc. was used by Pinnacle Logistics, Inc. to design marketing materials.

**RESPONSE TO REQUEST FOR ADMISSION:**

Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon which to base an admission or denial, and on that basis denies this Request.

**REQUEST FOR ADMISSION NO. 140:**

Admit that Paul Medina is or was the Executive President or Vice President of Media Urge, Inc..

**RESPONSE TO REQUEST FOR ADMISSION:**

Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon which to base an admission or denial, and on that basis denies this Request.

/ / /

**REQUEST FOR ADMISSION NO. 141:**

Admit Paul Medina was the manager of the call center for Pinnacle Logistics, Inc.

**RESPONSE TO REQUEST FOR ADMISSION:**

Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon which to base an admission or denial, and on that basis denies this Request.

**REQUEST FOR ADMISSION NO. 142:**

Admit that Paul Medina is or was the manager of Focus Media Solutions.

**RESPONSE TO REQUEST FOR ADMISSION:**

Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon which to base an admission or denial, and on that basis denies this Request.

**REQUEST FOR ADMISSION NO. 143:**

Admit that each Corporate Defendant is not exempt from the coverage of the Federal Trade Commission Act by statute.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to this Request on the grounds that it is compound and calls for a legal conclusion.

**REQUEST FOR ADMISSION NO. 144:**

Admit that each Individual Defendants are not exempt from the coverage of the Federal Trade Commission Act by statute.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to this Request on the grounds that it is compound and calls for a legal conclusion.

**REQUEST FOR ADMISSION NO. 145:**

Admit that misrepresentations or deceptive omissions of material fact constitute deceptive acts or practices prohibited by Section 5(a) of the FTC Act.

/ / /

/ / /

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to this Request on the grounds that it calls for a legal conclusion.

**REQUEST FOR ADMISSION NO. 146:**

Admit that Defendants' representations that Defendants' skincare products were free was false.

**RESPONSE TO REQUEST FOR ADMISSION:**

Deny.

**REQUEST FOR ADMISSION NO. 147:**

Admit that Defendants' representations about its free skincare products constituted a deceptive act or practice in violation of Section 5 of the FTC Act, 15 U.S.C. § 45(a).

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to this Request on the grounds that it calls for a legal conclusion.

**REQUEST FOR ADMISSION NO. 148:**

Admit that Sections 5(*l*) and 13(b) of the FTC Act, 15 U.S.C. §§ 45(*l*) and 53(b), empower this Court to grant injunctive and such other relief as the Court may deem appropriate to halt and redress violations of the FTC Act.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to this Request on the grounds that it is compound and calls for a legal conclusion.

**REQUEST FOR ADMISSION NO. 149:**

Admit that the Court, in the exercise of its equitable jurisdiction, may award ancillary relief, including rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies, to prevent and remedy any violation of any provision of law enforced by the FTC.

/ / /

1  **RESPONSE TO REQUEST FOR ADMISSION:**

2      Responding Party objects to this Request on the grounds that it is compound

3  and calls for a legal conclusion.

4  **REQUEST FOR ADMISSION NO. 150:**

5      Admit that Alon Nottea, Khristopher Bond, and Igor Latsanovski were partners

6  in BunZai Media Group, Inc.

7  **RESPONSE TO REQUEST FOR ADMISSION:**

8      Deny.

9  **REQUEST FOR ADMISSION NO. 151:**

10     Admit that Doron Nottea's office contained pre-signed checks for companies all

11 Corporate Defendants.

12 **RESPONSE TO REQUEST FOR ADMISSION:**

13     Responding Party objects to the Request on the grounds that it is vague,

14 ambiguous and unintelligible.

15 **REQUEST FOR ADMISSION NO. 152:**

16     Admit that BunZai Media Group, Inc., directly or indirectly, opened merchant

17 accounts in Latvia.

18 **RESPONSE TO REQUEST FOR ADMISSION:**

19     Deny.

20 **REQUEST FOR ADMISSION NO. 153:**

21     Admit that BunZai Media Group, Inc., directly or indirectly, opened merchant

22 accounts in Estonia.

23 **RESPONSE TO REQUEST FOR ADMISSION:**

24     Deny.

25 **REQUEST FOR ADMISSION NO. 154:**

26     Admit that Alon Nottea, directly or indirectly, opened merchant accounts in

27 Latvia.

28 / / /

41

1  **RESPONSE TO REQUEST FOR ADMISSION:**

2      Deny.

3  **REQUEST FOR ADMISSION NO. 155:**

4      Admit that Alon Nottea, directly or indirectly, opened merchant accounts in

5  Estonia.

6  **RESPONSE TO REQUEST FOR ADMISSION:**

7      Deny.

8  **REQUEST FOR ADMISSION NO. 156:**

9      Admit that Secured Merchants LLC processed, refuted, or responded to

10  AuraVie chargebacks.

11  **RESPONSE TO REQUEST FOR ADMISSION:**

12      Responding Party objects to the Request on the grounds that it is vague,

13  ambiguous and compound.  Without waiving said objections, Responding Party

14  responds as follows:  Upon reasonable inquiry, Responding Party lacks sufficient

15  knowledge upon which to base an admission or denial, and on that basis denies this

16  Request.

17  **REQUEST FOR ADMISSION NO. 157:**

18      Admit that Chargeback Armor, Inc. processed, refuted, or responded to

19  AuraVie chargebacks.

20  **RESPONSE TO REQUEST FOR ADMISSION:**

21      Responding Party objects to the Request on the grounds that it is vague,

22  ambiguous and compound.  Without waiving said objections, Responding Party

23  responds as follows:  Upon reasonable inquiry, Responding Party lacks sufficient

24  knowledge upon which to base an admission or denial, and on that basis denies this

25  Request.

26  **REQUEST FOR ADMISSION NO. 158:**

27      Admit that Secured Merchants LLC processed, refuted, or responded to Dellure

28  chargebacks.

1  **RESPONSE TO REQUEST FOR ADMISSION:**

2         Responding Party objects to the Request on the grounds that it is vague,

3  ambiguous and compound.  Without waiving said objections, Responding Party

4  responds as follows:  Upon reasonable inquiry, Responding Party lacks sufficient

5  knowledge upon which to base an admission or denial, and on that basis denies this

6  Request.

7  **REQUEST FOR ADMISSION NO. 159:**

8         Admit that Chargeback Armor, Inc. processed, refuted, or responded to Dellure

9  chargebacks.

10  **RESPONSE TO REQUEST FOR ADMISSION:**

11        Responding Party objects to the Request on the grounds that it is vague,

12  ambiguous and compound.  Without waiving said objections, Responding Party

13  responds as follows:  Upon reasonable inquiry, Responding Party lacks sufficient

14  knowledge upon which to base an admission or denial, and on that basis denies this

15  Request.

16  **REQUEST FOR ADMISSION NO. 160:**

17        Admit that Secured Merchants LLC processed, refuted, or responded to Miracle

18  Face Kit chargebacks.

19  **RESPONSE TO REQUEST FOR ADMISSION:**

20        Responding Party objects to the Request on the grounds that it is vague,

21  ambiguous and compound.  Without waiving said objections, Responding Party

22  responds as follows:  Upon reasonable inquiry, Responding Party lacks sufficient

23  knowledge upon which to base an admission or denial, and on that basis denies this

24  Request.

25  **REQUEST FOR ADMISSION NO. 161:**

26        Admit that Chargeback Armor, Inc. processed, refuted, or responded to Miracle

27  Face Kit chargebacks.

28  / / /

MOTTI NOTTEA'S RESPONSES TO FTC'S REQUEST FOR ADMISSIONS– SET ONE

**913-43**                                                           **Exhibit 913**

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to the Request on the grounds that it is vague, ambiguous and compound.  Without waiving said objections, Responding Party responds as follows:  Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon which to base an admission or denial, and on that basis denies this Request.

**REQUEST FOR ADMISSION NO. 162:**

Admit that Secured Merchants LLC processed, refuted, or responded to Defendants' skincare product chargebacks.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to the Request on the grounds that it is vague, ambiguous and compound.  Without waiving said objections, Responding Party responds as follows:  Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon which to base an admission or denial, and on that basis denies this Request.

**REQUEST FOR ADMISSION NO. 163:**

Admit that Chargeback Armor, Inc. processed, refuted, or responded to Defendants' skincare product chargebacks.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to the Request on the grounds that it is vague, ambiguous and compound.  Without waiving said objections, Responding Party responds as follows:  Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon which to base an admission or denial, and on that basis denies this Request.

**REQUEST FOR ADMISSION NO. 164:**

Admit that BunZai Media Group, Inc. did not provide refunds to all consumers who returned AuraVie products within 10 day period.

/ / /

1   **RESPONSE TO REQUEST FOR ADMISSION:**

2       Responding Party objects to the Request on the grounds that it is vague,

3   ambiguous and compound.  Without waiving said objections, Responding Party

4   responds as follows:  Upon reasonable inquiry, Responding Party lacks sufficient

5   knowledge upon which to base an admission or denial, and on that basis denies this

6   Request.

7   **REQUEST FOR ADMISSION NO. 165:**

8       Admit that BunZai Media Group, Inc. failed to obtain a written authorization

9   signed or similarly authenticated by the consumer for AuraVie sales.

10  **RESPONSE TO REQUEST FOR ADMISSION:**

11      Responding Party objects to the Request on the grounds that it is vague,

12  ambiguous and compound.  Without waiving said objections, Responding Party

13  responds as follows:  Upon reasonable inquiry, Responding Party lacks sufficient

14  knowledge upon which to base an admission or denial, and on that basis denies this

15  Request.

16  **REQUEST FOR ADMISSION NO. 166:**

17      Admit that BunZai Media Group, Inc. failed to provide a consumers a copy of

18  the consumer's authorization of payment for AuraVie products.

19  **RESPONSE TO REQUEST FOR ADMISSION:**

20      Responding Party objects to the Request on the grounds that it is vague,

21  ambiguous and compound.  Without waiving said objections, Responding Party

22  responds as follows:  Upon reasonable inquiry, Responding Party lacks sufficient

23  knowledge upon which to base an admission or denial, and on that basis denies this

24  Request.

25  **REQUEST FOR ADMISSION NO. 167:**

26      Admit that BunZai Media Group, Inc. did not provide refunds to all consumers

27  who returned Dellure products within 10 day period.

28  / / /

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to the Request on the grounds that it is vague, ambiguous and compound.  Without waiving said objections, Responding Party responds as follows:  Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon which to base an admission or denial, and on that basis denies this Request.

**REQUEST FOR ADMISSION NO. 168:**

Admit that BunZai Media Group, Inc. failed to obtain a written authorization signed or similarly authenticated by the consumer for Dellure sales.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to the Request on the grounds that it is vague, ambiguous and compound.  Without waiving said objections, Responding Party responds as follows:  Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon which to base an admission or denial, and on that basis denies this Request.

**REQUEST FOR ADMISSION NO. 169:**

Admit that BunZai Media Group, Inc. did not provide refunds to all consumers who returned Miracle Face Kit products within 10 day period.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to the Request on the grounds that it is vague, ambiguous and compound.  Without waiving said objections, Responding Party responds as follows:  Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon which to base an admission or denial, and on that basis denies this Request.

**REQUEST FOR ADMISSION NO. 170:**

Admit that BunZai Media Group, Inc. failed to obtain a written authorization signed or similarly authenticated by the consumer for Miracle Face Kit sales.

/ / /

1  **RESPONSE TO REQUEST FOR ADMISSION:**

2       Responding Party objects to the Request on the grounds that it is vague,

3  ambiguous and compound.  Without waiving said objections, Responding Party

4  responds as follows:  Upon reasonable inquiry, Responding Party lacks sufficient

5  knowledge upon which to base an admission or denial, and on that basis denies this

6  Request.

7  **REQUEST FOR ADMISSION NO. 171:**

8       Admit that BunZai Media Group, Inc. failed to provide a consumers a copy of

9  the consumer's authorization of payment for Miracle Face Kit products.

10  **RESPONSE TO REQUEST FOR ADMISSION:**

11       Responding Party objects to the Request on the grounds that it is vague,

12  ambiguous and compound.  Without waiving said objections, Responding Party

13  responds as follows:  Upon reasonable inquiry, Responding Party lacks sufficient

14  knowledge upon which to base an admission or denial, and on that basis denies this

15  Request.

16  **REQUEST FOR ADMISSION NO. 172:**

17       Admit that BunZai Media Group, Inc. did not provide refunds to all consumers

18  who returned Defendants' skincare products within 10 day period.

19  **RESPONSE TO REQUEST FOR ADMISSION:**

20       Responding Party objects to the Request on the grounds that it is vague,

21  ambiguous and compound.  Without waiving said objections, Responding Party

22  responds as follows:  Upon reasonable inquiry, Responding Party lacks sufficient

23  knowledge upon which to base an admission or denial, and on that basis denies this

24  Request.

25  **REQUEST FOR ADMISSION NO. 173:**

26       Admit that BunZai Media Group, Inc. failed to obtain a written authorization

27  signed or similarly authenticated by the consumer for Defendants' skincare sales.

28  / / /

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to the Request on the grounds that it is vague, ambiguous and compound.  Without waiving said objections, Responding Party responds as follows:  Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon which to base an admission or denial, and on that basis denies this Request.

**REQUEST FOR ADMISSION NO. 174:**

Admit that BunZai Media Group, Inc. failed to provide a consumers a copy of the consumer's authorization of payment for Defendants' skincare products.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to the Request on the grounds that it is vague, ambiguous and compound.  Without waiving said objections, Responding Party responds as follows:  Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon which to base an admission or denial, and on that basis denies this Request.

**REQUEST FOR ADMISSION NO. 175:**

Admit that BunZai Media Group, Inc. failed to provide a consumers a copy of the consumer's authorization of payment for Dellure products.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to the Request on the grounds that it is vague, ambiguous and compound.  Without waiving said objections, Responding Party responds as follows:  Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon which to base an admission or denial, and on that basis denies this Request.

**REQUEST FOR ADMISSION NO. 176:**

Admit that BunZai Media Group, Inc., processed credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a negative option.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to the Request on the grounds that it is vague, ambiguous and compound.  Without waiving said objections, Responding Party responds as follows:  Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon which to base an admission or denial, and on that basis denies this Request.

**REQUEST FOR ADMISSION NO. 177:**

Admit that Pinnacle Logistics, Inc., processed credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a negative option.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to the Request on the grounds that it is vague, ambiguous and compound.  Without waiving said objections, Responding Party responds as follows:  Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon which to base an admission or denial, and on that basis denies this Request.

**REQUEST FOR ADMISSION NO. 178:**

Admit that DSA Holdings, Inc., processed credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a negative option.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to the Request on the grounds that it is vague, ambiguous and compound.  Without waiving said objections, Responding Party responds as follows:  Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon which to base an admission or denial, and on that basis denies this Request.

/ / /

/ / /

**REQUEST FOR ADMISSION NO. 179:**

Admit that Lifestyle Media Brands, Inc., had no other business purpose than to process credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a negative option.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to the Request on the grounds that it is vague, ambiguous and compound.  Without waiving said objections, Responding Party responds as follows:  Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon which to base an admission or denial, and on that basis denies this Request.

**REQUEST FOR ADMISSION NO. 180:**

Admit that Agoa Holdings, Inc., had no other business purpose than to process credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a negative option.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to the Request on the grounds that it is vague, ambiguous and compound.  Without waiving said objections, Responding Party responds as follows:  Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon which to base an admission or denial, and on that basis denies this Request.

**REQUEST FOR ADMISSION NO. 181:**

Admit that Zen Mobile Media, Inc., had no other business purpose than to process credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a negative option.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to the Request on the grounds that it is vague, ambiguous and compound.  Without waiving said objections, Responding Party responds as follows:  Upon reasonable inquiry, Responding Party lacks sufficient

knowledge upon which to base an admission or denial, and on that basis denies this Request.

**REQUEST FOR ADMISSION NO. 182:**

Admit that Safehaven Ventures, Inc., had no other business purpose than to process credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a negative option.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to the Request on the grounds that it is vague, ambiguous and compound.  Without waiving said objections, Responding Party responds as follows:  Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon which to base an admission or denial, and on that basis denies this Request.

**REQUEST FOR ADMISSION NO. 183:**

Admit that Heritage Alliance Group, Inc., had no other business purpose than to process credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a negative option.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to the Request on the grounds that it is vague, ambiguous and compound.  Without waiving said objections, Responding Party responds as follows:  Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon which to base an admission or denial, and on that basis denies this Request.

**REQUEST FOR ADMISSION NO. 184:**

Admit that AMD Financial Network, Inc., had no other business purpose than to process credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit, other skincare products sold by Defendants through a negative option.

/ / /

/ / /

1    **RESPONSE TO REQUEST FOR ADMISSION:**

2         Responding Party objects to the Request on the grounds that it is vague,

3    ambiguous and compound.  Without waiving said objections, Responding Party

4    responds as follows:  Upon reasonable inquiry, Responding Party lacks sufficient

5    knowledge upon which to base an admission or denial, and on that basis denies this

6    Request.

7    **REQUEST FOR ADMISSION NO. 185:**

8         Admit that SBM Management, Inc., processed credit card or debit card

9    payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by

10   Defendants through a negative option.

11   **RESPONSE TO REQUEST FOR ADMISSION:**

12        Responding Party objects to the Request on the grounds that it is vague,

13   ambiguous and compound.  Without waiving said objections, Responding Party

14   responds as follows:  Upon reasonable inquiry, Responding Party lacks sufficient

15   knowledge upon which to base an admission or denial, and on that basis denies this

16   Request.

17   **REQUEST FOR ADMISSION NO. 186:**

18        Admit that Media Urge, Inc., processed credit card or debit card payments for

19   AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants

20   through a negative option.

21   **RESPONSE TO REQUEST FOR ADMISSION:**

22        Responding Party objects to the Request on the grounds that it is vague,

23   ambiguous and compound.  Without waiving said objections, Responding Party

24   responds as follows:  Upon reasonable inquiry, Responding Party lacks sufficient

25   knowledge upon which to base an admission or denial, and on that basis denies this

26   Request.

27   / / /

28   / / /

1   **REQUEST FOR ADMISSION NO. 187:**

2        Admit that Adageo, LLC, processed credit card or debit card payments for

3   AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants

4   through a negative option.

5   **RESPONSE TO REQUEST FOR ADMISSION:**

6        Responding Party objects to the Request on the grounds that it is vague,

7   ambiguous and compound.  Without waiving said objections, Responding Party

8   responds as follows:  Upon reasonable inquiry, Responding Party lacks sufficient

9   knowledge upon which to base an admission or denial, and on that basis denies this

10  Request.

11  **REQUEST FOR ADMISSION NO. 188:**

12       Admit that Calenergy, Inc., processed credit card or debit card payments for

13  AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants

14  through a negative option.

15  **RESPONSE TO REQUEST FOR ADMISSION:**

16       Responding Party objects to the Request on the grounds that it is vague,

17  ambiguous and compound.

18  **REQUEST FOR ADMISSION NO. 189:**

19       Admit that Kai Media, Inc., had no other business purpose than to process

20  credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit, or other

21  skincare products sold by Defendants through a negative option.

22  **RESPONSE TO REQUEST FOR ADMISSION:**

23       Responding Party objects to the Request on the grounds that it is vague,

24  ambiguous and compound.  Without waiving said objections, Responding Party

25  responds as follows:  Upon reasonable inquiry, Responding Party lacks sufficient

26  knowledge upon which to base an admission or denial, and on that basis denies this

27  Request.

28  **REQUEST FOR ADMISSION NO. 190:**

MOTTI NOTTEA'S RESPONSES TO FTC'S REQUEST FOR ADMISSIONS– SET ONE

**913-53**                                                        **Exhibit 913**

Admit that Insight Media, Inc., had no other business purpose than to process credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a negative option.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to the Request on the grounds that it is vague, ambiguous and compound. Without waiving said objections, Responding Party responds as follows: Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon which to base an admission or denial, and on that basis denies this Request.

**REQUEST FOR ADMISSION NO. 191:**

Admit that Focus Media Solutions, Inc., processed credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a negative option.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to the Request on the grounds that it is vague, ambiguous and compound. Without waiving said objections, Responding Party responds as follows: Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon which to base an admission or denial, and on that basis denies this Request.

**REQUEST FOR ADMISSION NO. 192:**

Admit that Secured Commerce, LLC, processed credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a negative option.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to the Request on the grounds that it is vague, ambiguous and compound. Without waiving said objections, Responding Party responds as follows: Upon reasonable inquiry, Responding Party lacks sufficient

1  knowledge upon which to base an admission or denial, and on that basis denies this

2  Request.

3  **REQUEST FOR ADMISSION NO. 193:**

4      Admit that USM Products, Inc., processed credit card or debit card payments

5  for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants

6  through a negative option.

7  **RESPONSE TO REQUEST FOR ADMISSION:**

8      Responding Party objects to the Request on the grounds that it is vague,

9  ambiguous and compound.  Without waiving said objections, Responding Party

10  responds as follows:  Upon reasonable inquiry, Responding Party lacks sufficient

11  knowledge upon which to base an admission or denial, and on that basis denies this

12  Request.

13  **REQUEST FOR ADMISSION NO. 194:**

14      Admit that USM Products, Inc., was used to make bulk purchases of products

15  and containers for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold

16  by Defendants through a negative option.

17  **RESPONSE TO REQUEST FOR ADMISSION:**

18      Responding Party objects to the Request on the grounds that it is vague,

19  ambiguous and compound.  Without waiving said objections, Responding Party

20  responds as follows:  Admit as to AuraVie; except as so admitted, upon reasonable

21  inquiry, Responding Party lacks sufficient knowledge upon which to base an

22  admission or denial, and on that basis denies this Request.

23  **REQUEST FOR ADMISSION NO. 195:**

24      Admit that Merchant Leverage Group, Inc., processed credit card or debit card

25  payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by

26  Defendants through a negative option.

27  / / /

28  / / /

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to the Request on the grounds that it is vague, ambiguous and compound.  Without waiving said objections, Responding Party responds as follows:  Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon which to base an admission or denial, and on that basis denies this Request.

**REQUEST FOR ADMISSION NO. 196:**

Admit that DMA Medial Holdings, Inc., had no other business purpose than to process credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a negative option.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to the Request on the grounds that it is vague, ambiguous and compound.

**REQUEST FOR ADMISSION NO. 197:**

Admit that Shalita Holdings, Inc., had no other business purpose than to process credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a negative option.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to the Request on the grounds that it is vague, ambiguous and compound.

**REQUEST FOR ADMISSION NO. 198:**

Admit that All Star Beauty Products, Inc., had no other business purpose than to process credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a negative option.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to the Request on the grounds that it is vague, ambiguous and compound.

/ / /

**REQUEST FOR ADMISSION NO. 199:**

Admit that Secured Merchants, LLC established voice logix services for BunZai Media Group, Inc.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to the Request on the grounds that it is vague and ambiguous.  Without waiving said objections, Responding Party responds as follows: Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon which to base an admission or denial, and on that basis denies this Request.

**REQUEST FOR ADMISSION NO. 200:**

Admit that Secured Merchants, LLC established voice logix services for Pinnacle Logistics, Inc.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to the Request on the grounds that it is vague and ambiguous.  Without waiving said objections, Responding Party responds as follows: Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon which to base an admission or denial, and on that basis denies this Request.

**REQUEST FOR ADMISSION NO. 201:**

Admit that Secured Merchants, LLC established voice logix services for Corporate Defendants.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to the Request on the grounds that it is vague and ambiguous.  Without waiving said objections, Responding Party responds as follows: Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon which to base an admission or denial, and on that basis denies this Request.

**REQUEST FOR ADMISSION NO. 202:**

Admit that Alon Nottea used the alias name "Jay Michaels."

**RESPONSE TO REQUEST FOR ADMISSION:**

Admit.

1   **REQUEST FOR ADMISSION NO. 203:**

2       Admit that Doron controlled deposit stamps for all Corporate Defendants.

3   **RESPONSE TO REQUEST FOR ADMISSION:**

4       Deny.

5   **REQUEST FOR ADMISSION NO. 204:**

6       Admit that Igor Latsanovski reviewed AuraVie's website.

7   **RESPONSE TO REQUEST FOR ADMISSION:**

8       Responding Party objects to the Request on the grounds that it is overbroad as

9   to time and scope, vague and ambiguous, and calls for speculation.  Without waiving

10  said objections, Responding Party responds as follows:  Upon reasonable inquiry,

11  Responding Party lacks sufficient knowledge upon which to base an admission or

12  denial, and on that basis denies this Request.

13  **REQUEST FOR ADMISSION NO. 205:**

14      Admit that Igor Latsanovski reviewed all Corporate Defendants' website(s).

15  **RESPONSE TO REQUEST FOR ADMISSION:**

16      Responding Party objects to the Request on the grounds that it is overbroad as

17  to time and scope, vague and ambiguous, compound, and calls for speculation.

18  Without waiving said objections, Responding Party responds as follows:  Upon

19  reasonable inquiry, Responding Party lacks sufficient information upon which to base

20  an admission or denial, and on that basis denies this Request.

21  **REQUEST FOR ADMISSION NO. 206:**

22      Admit that Roi Reuveni was a manager in Pinnacle's chargeback department.

23  **RESPONSE TO REQUEST FOR ADMISSION:**

24      Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon

25  which to base an admission or denial, and on that basis denies this Request.

26  **REQUEST FOR ADMISSION NO. 207:**

27      Admit that Roi Reuveni was a manager in Pinnacle's call center.

28  / / /

**RESPONSE TO REQUEST FOR ADMISSION:**

Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon which to base an admission or denial, and on that basis denies this Request.

**REQUEST FOR ADMISSION NO. 208:**

Admit that Alan Argaman was sole owner of corporate defendants Secured Merchants, LLC.

**RESPONSE TO REQUEST FOR ADMISSION:**

Upon reasonable inquiry, Responding Party lacks sufficient information upon which to base an admission or denial, and on that basis denies this Request.

**REQUEST FOR ADMISSION NO. 209:**

Admit that at least 27 companies were used as payment processors for AuraVie products.

**RESPONSE TO REQUEST FOR ADMISSION:**

Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon which to base an admission or denial, and on that basis denies this Request.

**REQUEST FOR ADMISSION NO. 210:**

Admit that at least 27 companies were used as payment processors for Dellure products.

**RESPONSE TO REQUEST FOR ADMISSION:**

Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon which to base an admission or denial, and on that basis denies this Request.

**REQUEST FOR ADMISSION NO. 211:**

Admit that at least 27 companies were used as payment processors for Miracle Face Kit products.

**RESPONSE TO REQUEST FOR ADMISSION:**

Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon which to base an admission or denial, and on that basis denies this Request.

/ / /

**REQUEST FOR ADMISSION NO. 212:**

Admit that BunZai Media Group, Inc. purchased the right to use the name "AuraVie" from Skincare OU.

**RESPONSE TO REQUEST FOR ADMISSION:**

Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon which to base an admission or denial, and on that basis denies this Request.

**REQUEST FOR ADMISSION NO. 213:**

Admit that Doron Nottea has signed checks or financial documents using Stephen Bauer's name.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to the Request on the grounds that it is vague, ambiguous and compound.  Without waiving said objections, Responding Party responds as follows:  Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon which to base an admission or denial, and on that basis denies this Request.

**REQUEST FOR ADMISSION NO. 214:**

Admit that Doron Nottea and Alan Argaman were owners of Secured Commerce, LLC.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to the Request on the grounds that it is vague, ambiguous and compound.  Without waiving said objections, Responding Party responds as follows:  Admit.

**REQUEST FOR ADMISSION NO. 215:**

Admit that Focus Media Solutions, Inc. created advertisements for skincare products sold by negative option.

**RESPONSE TO REQUEST FOR ADMISSION:**

Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon which to base an admission or denial, and on that basis denies this Request.

1   **REQUEST FOR ADMISSION NO. 216:**

2       Admit that Focus Media Solutions, Inc. created advertisements for BunZai

3   Media Group, Inc.'s skincare products sold by negative option.

4   **RESPONSE TO REQUEST FOR ADMISSION:**

5       Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon

6   which to base an admission or denial, and on that basis denies this Request.

7   **REQUEST FOR ADMISSION NO. 217:**

8       Media Solutions, Inc. created advertisements for Pinnacle Logistics, Inc.'s

9   skincare products sold by negative option.

10  **RESPONSE TO REQUEST FOR ADMISSION:**

11      Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon

12  which to base an admission or denial, and on that basis denies this Request.

13  **REQUEST FOR ADMISSION NO. 218:**

14      Admit that Focus Media Solutions, Inc. created advertisements for Corporate

15  Defendants' skincare products sold by negative option.

16  **RESPONSE TO REQUEST FOR ADMISSION:**

17      Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon

18  which to base an admission or denial, and on that basis denies this Request.

19  **REQUEST FOR ADMISSION NO. 219:**

20      Admit that Alon Nottea was an owner of Focus Media Solutions, Inc.

21  **RESPONSE TO REQUEST FOR ADMISSION:**

22      Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon

23  which to base an admission or denial, and on that basis denies this Request.

24  **REQUEST FOR ADMISSION NO. 220:**

25      Admit that, since its incorporation, Alon Nottea had the authority to control the

26  business operations of Focus Media Solutions, Inc.

27  / / /

28  / / /

---

**RESPONSE TO REQUEST FOR ADMISSION:**

Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon which to base an admission or denial, and on that basis denies this Request.

**REQUEST FOR ADMISSION NO. 221:**

Admit that Doron Nottea did bookkeeping work for Focus Media Solutions, Inc.

**RESPONSE TO REQUEST FOR ADMISSION:**

Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon which to base an admission or denial, and on that basis denies this Request.

**REQUEST FOR ADMISSION NO. 222:**

Admit that Media Urge did marketing for BunZai Media Group, Inc.

**RESPONSE TO REQUEST FOR ADMISSION:**

Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon which to base an admission or denial, and on that basis denies this Request.

**REQUEST FOR ADMISSION NO. 223:**

Admit that Media Urge did marketing for Pinnacle Logistics, Inc.

**RESPONSE TO REQUEST FOR ADMISSION:**

Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon which to base an admission or denial, and on that basis denies this Request.

**REQUEST FOR ADMISSION NO. 224:**

Admit that Media Urge did marketing for Corporate Defendants.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to the Request on the grounds that it is overbroad and compound.

**REQUEST FOR ADMISSION NO. 225:**

Admit that Motti Nottea has reviewed AuraVie website(s).

/ / /

/ / /

1   **RESPONSE TO REQUEST FOR ADMISSION:**

2   Responding Party objects to the Request on the grounds that it is overbroad as

3   to time and scope, vague and ambiguous, and seeks information that is neither

4   relevant nor reasonably calculated to lead to the discovery of admissible evidence.

5   **REQUEST FOR ADMISSION NO. 226:**

6   Admit that Motti Nottea has reviewed Dellure website(s).

7   **RESPONSE TO REQUEST FOR ADMISSION:**

8   Responding Party objects to the Request on the grounds that it is overbroad as

9   to time and scope, vague and ambiguous, and seeks information that is neither

10   relevant nor reasonably calculated to lead to the discovery of admissible evidence.

11   **REQUEST FOR ADMISSION NO. 227:**

12   Admit that Motti Nottea has reviewed Miracle Face Kit website(s).

13   **RESPONSE TO REQUEST FOR ADMISSION:**

14   Responding Party objects to the Request on the grounds that it is overbroad as

15   to time and scope, vague and ambiguous, and seeks information that is neither

16   relevant nor reasonably calculated to lead to the discovery of admissible evidence.

17   **REQUEST FOR ADMISSION NO. 228:**

18   Admit that Motti Nottea signed payment processor documents on behalf of

19   BunZai Media Group, Inc.

20   **RESPONSE TO REQUEST FOR ADMISSION:**

21   Admit.

22   **REQUEST FOR ADMISSION NO. 229:**

23   Admit that Motti Nottea held himself out as a CEO of BunZai Media Group,

24   Inc.

25   **RESPONSE TO REQUEST FOR ADMISSION:**

26   Deny.

27   **REQUEST FOR ADMISSION NO. 230:**

28   Admit that Motti Nottea was the CEO or owner of DSA Holdings, Inc.

**RESPONSE TO REQUEST FOR ADMISSION:**

Deny.

**REQUEST FOR ADMISSION NO. 231:**

Admit that Alon Nottea participated in managing Chargeback Armor, Inc.

**RESPONSE TO REQUEST FOR ADMISSION:**

Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon which to base an admission or denial, and on that basis denies this Request.

**REQUEST FOR ADMISSION NO. 232:**

Admit that Alon Nottea was an owner of Chargeback Armor, Inc.

**RESPONSE TO REQUEST FOR ADMISSION:**

Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon which to base an admission or denial, and on that basis denies this Request.

**REQUEST FOR ADMISSION NO. 233:**

Admit that, since its incorporation, Alon Nottea, acting alone or in concert with others, had the authority to control the business operations of Chargeback Armor, Inc.

**RESPONSE TO REQUEST FOR ADMISSION:**

Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon which to base an admission or denial, and on that basis denies this Request.

**REQUEST FOR ADMISSION NO. 234:**

Admit that Alon Nottea solicited investors or investments for Chargeback Armor, Inc.

**RESPONSE TO REQUEST FOR ADMISSION:**

Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon which to base an admission or denial, and on that basis denies this Request.

**REQUEST FOR ADMISSION NO. 235:**

Admit that Secured Merchants LLC transferred $250,000 in funds to Chargeback Armor, Inc.

/ / /

1  **RESPONSE TO REQUEST FOR ADMISSION:**

2    Responding Party objects to the Request on the grounds that it is overbroad as

3  to time and scope, vague and ambiguous, and calls for speculation.  Without waiving

4  said objections, Responding Party responds as follows:  Upon reasonable inquiry,

5  Responding Party lacks sufficient knowledge upon which to base an admission or

6  denial, and on that basis denies this Request.

7  **REQUEST FOR ADMISSION NO. 236:**

8    Admit that Secured Merchants received more than $300,000 from SBM

9  Management, Inc. for providing chargeback services relating to the sale of

10  Defendants' skincare products.

11  **RESPONSE TO REQUEST FOR ADMISSION:**

12    Responding Party objects to the Request on the grounds that it is overbroad as

13  to time and scope, vague and ambiguous, and calls for speculation.  Without waiving

14  said objections, Responding Party responds as follows:  Upon reasonable inquiry,

15  Responding Party lacks sufficient knowledge upon which to base an admission or

16  denial, and on that basis denies this Request.

17  **REQUEST FOR ADMISSION NO. 237:**

18    Admit that Roi Reuveni is or was Chargeback Armor's COO.

19  **RESPONSE TO REQUEST FOR ADMISSION:**

20    Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon

21  which to base an admission or denial, and on that basis denies this Request.

22  **REQUEST FOR ADMISSION NO. 238:**

23    Admit that SBM Management, Inc. was controlled by Doron Nottea.

24  **RESPONSE TO REQUEST FOR ADMISSION:**

25    Deny.

26  **REQUEST FOR ADMISSION NO. 239:**

27    Admit that, since its incorporation, Doron Nottea had the authority to control

28  the business operations of SBM Management, Inc.

1  **RESPONSE TO REQUEST FOR ADMISSION:**

2      Deny.

3  **REQUEST FOR ADMISSION NO. 240:**

4      Admit each individual defendants was paid at least 1% of sales processed

5  through merchant accounts in which they were listed as CEO.

6  **RESPONSE TO REQUEST FOR ADMISSION:**

7      Responding Party objects to the Request on the grounds that it is vague,

8  ambiguous and compound.  Without waiving said objections, Responding Party

9  responds as follows:  Upon reasonable inquiry, Responding Party lacks sufficient

10 knowledge upon which to base an admission or denial, and on that basis denies this

11 Request.

12 **REQUEST FOR ADMISSION NO. 241:**

13     Admit that Doron Nottea received compensation for bookkeeping work

14 performed for companies for any Corporate Defendant.

15 **RESPONSE TO REQUEST FOR ADMISSION:**

16     Responding Party objects to the Request on the grounds that it is vague,

17 ambiguous and compound.  Without waiving said objections, Responding Party

18 responds as follows:  Upon reasonable inquiry, Responding Party lacks sufficient

19 knowledge upon which to base an admission or denial, and on that basis denies this

20 Request.

21 **REQUEST FOR ADMISSION NO. 242:**

22     Admit that Doron Nottea used corporate credit cards for companies for any

23 Corporate Defendant for personal expenses.

24 **RESPONSE TO REQUEST FOR ADMISSION:**

25     Responding Party objects to the Request on the grounds that it is vague,

26 ambiguous, overbroad and compound.

27 / / /

28 / / /

1   **REQUEST FOR ADMISSION NO. 243:**

2   Admit that some portion of the funds in Doron Nottea's safety deposit box

3   came from the sale of negative option products.

4   **RESPONSE TO REQUEST FOR ADMISSION:**

5   Deny.

6   **REQUEST FOR ADMISSION NO. 244:**

7   Admit that Roi Reuveni is or was President for DMA Media Holdings.

8   **RESPONSE TO REQUEST FOR ADMISSION:**

9   Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon

10   which to base an admission or denial, and on that basis denies this Request.

11   **REQUEST FOR ADMISSION NO. 245:**

12   Admit that Roi Reuveni is or was an officer or director for Agoa Holdings.

13   **RESPONSE TO REQUEST FOR ADMISSION:**

14   Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon

15   which to base an admission or denial, and on that basis denies this Request.

16   **REQUEST FOR ADMISSION NO. 246:**

17   Admit that Roi Reuveni was paid by CalEnergy, Inc.

18   **RESPONSE TO REQUEST FOR ADMISSION:**

19   Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon

20   which to base an admission or denial, and on that basis denies this Request.

21   **REQUEST FOR ADMISSION NO. 247:**

22   Admit that Igor Latsanovski provided assistance in establishing overseas

23   accounts or merchant accounts for transferring funds received from consumers in the

24   sale of Defendants' skincare products by negative option.

25   **RESPONSE TO REQUEST FOR ADMISSION:**

26   Responding Party objects to the Request on the grounds that it is vague,

27   ambiguous and compound.  Without waiving said objections, Responding Party

28   responds as follows:  Upon reasonable inquiry, Responding Party lacks sufficient

1  knowledge upon which to base an admission or denial, and on that basis denies this

2  Request.

3  **REQUEST FOR ADMISSION NO. 248:**

4      Admit that BunZai Media Group, Inc. previously had its merchant accounts

5  frozen or cancelled by the bank or merchant processing entity due to high chargeback

6  rates.

7  **RESPONSE TO REQUEST FOR ADMISSION:**

8      Responding Party objects to the Request on the grounds that it is vague,

9  ambiguous and compound.  Without waiving said objections, Responding Party

10  responds as follows:  Deny.

11  **REQUEST FOR ADMISSION NO. 249:**

12      Admit that any Corporate Defendant continued to process or make sales of

13  skincare products after their formal dissolution papers were filed with the California

14  Secretary of State.

15  **RESPONSE TO REQUEST FOR ADMISSION:**

16      Responding Party objects to the Request on the grounds that it is vague,

17  ambiguous and compound.  Without waiving said objections, Responding Party

18  responds as follows:  Upon reasonable inquiry, Responding Party lacks sufficient

19  knowledge upon which to base an admission or denial, and on that basis denies this

20  Request.

21  **REQUEST FOR ADMISSION NO. 250:**

22      Admit that Zen Mobile Media, Inc. made payments on the American Express

23  card in the name of Igor Latsanovski.

24  **RESPONSE TO REQUEST FOR ADMISSION:**

25      Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon

26  which to base an admission or denial, and on that basis denies this Request.

27  **REQUEST FOR ADMISSION NO. 251:**

28      Admit that you sold AuraVie products by negative option.

68

1  **<u>RESPONSE TO REQUEST FOR ADMISSION:</u>**

2  Deny.

3  **<u>REQUEST FOR ADMISSION NO. 252:</u>**

4  Admit that you sold Dellure products by negative option.

5  **<u>RESPONSE TO REQUEST FOR ADMISSION:</u>**

6  Deny.

7  **<u>REQUEST FOR ADMISSION NO. 253:</u>**

8  Admit that you sold Miracle Face Kit products by negative option.

9  **<u>RESPONSE TO REQUEST FOR ADMISSION:</u>**

10  Deny.

11  **<u>REQUEST FOR ADMISSION NO. 254:</u>**

12  Admit that Alon Nottea sent and received emails using the email account

13  vigorect@gmail.com.

14  **<u>RESPONSE TO REQUEST FOR ADMISSION:</u>**

15  Admit.

16  **<u>REQUEST FOR ADMISSION NO. 255:</u>**

17  Admit that Alon Nottea sent and received emails using the email account

18  alon@chargeback armor.com.

19  **<u>RESPONSE TO REQUEST FOR ADMISSION:</u>**

20  Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon

21  which to base an admission or denial, and on that basis denies this Request.

22  **<u>REQUEST FOR ADMISSION NO. 256:</u>**

23  Admit that Alon Nottea sent and received emails using the email account

24  alon@securedmerchants.com.

25  **<u>RESPONSE TO REQUEST FOR ADMISSION:</u>**

26  Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon

27  which to base an admission or denial, and on that basis denies this Request.

28  / / /

1    **REQUEST FOR ADMISSION NO. 257:**

2        Admit that Doron Nottea sent and received emails using the email account

3    Doron@doron.us.

4    **RESPONSE TO REQUEST FOR ADMISSION:**

5        Admit.

6    **REQUEST FOR ADMISSION NO. 258:**

7        Admit that Doron Nottea sent and received messages using the Skype account

8    named Accounting818.

9    **RESPONSE TO REQUEST FOR ADMISSION:**

10       Deny.

11    **REQUEST FOR ADMISSION NO. 259:**

12       Admit that Roi Reuveni sent and received emails using the email account

13    roi@chargebackarmor.com.

14    **RESPONSE TO REQUEST FOR ADMISSION:**

15       Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon

16    which to base an admission or denial, and on that basis denies this Request.

17    **REQUEST FOR ADMISSION NO. 260:**

18       Admit that Roi Reuveni sent and received emails using the email account

19    roi@securedmerchants.com.

20    **RESPONSE TO REQUEST FOR ADMISSION:**

21       Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon

22    which to base an admission or denial, and on that basis denies this Request.

23    **REQUEST FOR ADMISSION NO. 261:**

24       Admit that Alan Argaman sent and received emails using the email account

25    avicoglobal@gmail.com.

26    **RESPONSE TO REQUEST FOR ADMISSION:**

27       Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon

28    which to base an admission or denial, and on that basis denies this Request.

**REQUEST FOR ADMISSION NO. 262:**

Admit that, in February 2015, Roi Reuveni signed the lease on behalf of Chargeback Armor, Inc.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to this Request on the grounds that it is vague and ambiguous.  Without waiving said objections, Responding Party responds as follows: Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon which to base an admission or denial, and on that basis denies this Request.

**REQUEST FOR ADMISSION NO. 263:**

Admit that Doron Nottea received weekly reports concerning chargebacks for companies' any Corporate Defendant's sales.

**RESPONSE TO REQUEST FOR ADMISSION:**

Responding Party objects to this Request on the grounds that it is vague and ambiguous.  Without waiving said objections, Responding Party responds as follows: Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon which to base an admission or denial, and on that basis denies this Request.

**REQUEST FOR ADMISSION NO. 264:**

Admit that Igor Latsanovski assisted Alon Nottea in establishing foreign merchant accounts for the sale of skincare products by negative option.

**RESPONSE TO REQUEST FOR ADMISSION:**

Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon which to base an admission or denial, and on that basis denies this Request.

**REQUEST FOR ADMISSION NO. 265:**

Admit that Igor Latsanovski is sole owner of Guayas LTD.

**RESPONSE TO REQUEST FOR ADMISSION:**

Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon which to base an admission or denial, and on that basis denies this Request.

/ / /

**REQUEST FOR ADMISSION NO. 266:**

Admit that funds derived from the sale of skincare products by negative option were used to purchase properties owned by Sunset Holding Partners LLC.

**RESPONSE TO REQUEST FOR ADMISSION:**

Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon which to base an admission or denial, and on that basis denies this Request.

**REQUEST FOR ADMISSION NO. 267:**

Admit that Igor Latsanovski received a monthly salary from BunZai Media Group, Inc.

**RESPONSE TO REQUEST FOR ADMISSION:**

Deny.

**REQUEST FOR ADMISSION NO. 268:**

Admit that Igor Latsanovski introduced Alon Nottea to potential investors for BunZai Media Group, Inc.

**RESPONSE TO REQUEST FOR ADMISSION:**

Deny.

**REQUEST FOR ADMISSION NO. 269:**

Admit that Igor Latsanovski is an investor in Skincare OU or Skincare OY.

**RESPONSE TO REQUEST FOR ADMISSION:**

Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon which to base an admission or denial, and on that basis denies this Request.

**REQUEST FOR ADMISSION NO. 270:**

Admit that Igor Latsanovski is part owner, officer, or director of Skincare OY.

**RESPONSE TO REQUEST FOR ADMISSION:**

Upon reasonable inquiry, Responding Party lacks sufficient knowledge upon which to base an admission or denial, and on that basis denies this Request.

/ / /

/ / /

72

1 | **REQUEST FOR ADMISSION NO. 271:**

2 |     Admit that funds derived from the sale of AuraVie products were transferred

3 | overseas bank accounts.

4 | **RESPONSE TO REQUEST FOR ADMISSION:**

5 |     Responding Party objects to the Request on the grounds that it is compound,

6 | vague and ambiguous.  Without waiving said objections, Responding Party responds

7 | as follows:  Deny.

8 | **REQUEST FOR ADMISSION NO. 272:**

9 |     Admit that funds derived from the sale of Dellure products were transferred

10 | overseas bank accounts.

11 | **RESPONSE TO REQUEST FOR ADMISSION:**

12 |     Responding Party objects to the Request on the grounds that it is compound,

13 | vague and ambiguous.  Without waiving said objections, Responding Party responds

14 | as follows:  Deny.

15 | **REQUEST FOR ADMISSION NO. 273:**

16 |     Admit that funds derived from the sale of Miracle Face Kit products were

17 | transferred overseas bank accounts.

18 | **RESPONSE TO REQUEST FOR ADMISSION:**

19 |     Responding Party objects to the Request on the grounds that it is compound,

20 | vague and ambiguous.  Without waiving said objections, Responding Party responds

21 | as follows:  Deny.

22 | **REQUEST FOR ADMISSION NO. 274:**

23 |     Admit that funds derived from the sale of Defendants' skincare products were

24 | transferred overseas bank accounts.

25 | ///

26 | ///

27 | ///

28 | ///

73

1    **RESPONSE TO REQUEST FOR ADMISSION:**

2          Responding Party objects to the Request on the grounds that it is compound,

3    vague and ambiguous.  Without waiving said objections, Responding Party responds

4    as follows:  Deny.

5

6    DATED: January 25, 2016                **ESENSTEN LAW**
                                             ROBERT L. ESENSTEN
7                                            RANDI R. GEFFNER

8                                            By: _____

9                                              ROBERT L. ESENSTEN
                                               Attorneys for Defendants, DORON
10                                             NOTTEA and MOTTI NOTTEA

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>**VERIFICATION**</u>

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I have read the foregoing document entitled **DEFENDANT DORON NOTTEA'S RESPONSES TO REQUESTS FOR ADMISSIONS PROPOUNDED BY PLAINTIFF FEDERAL TRADE COMMISSION – SET ONE** and know its contents.

I am a party to this action.  The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January __, 2016, at Encino, California.


Doron Nottea
Print Name of Signatory                              Signature

---

MOTTI NOTTEA'S RESPONSES TO FTC'S REQUEST FOR ADMISSIONS– SET ONE

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of LOS ANGELES, STATE OF CALIFORNIA. My business address is 12100 Wilshire Boulevard, Suite 1660, Los Angeles, California 90012.  I am over the age of eighteen years and am not a party to the within action;

On **January 25, 2016**, I served the following document(s) entitled **DEFENDANT DORON NOTTEA'S RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED BY PLAINTIFF FEDERAL TRADE COMMISSION – SET ONE** on ALL INTERESTED PARTIES in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

| | |
|---|---|
| **Reid Tepfer, Esq.**<br>**Luis Gallegos, Esq.**<br>**FEDERAL TRADE COMMISSION**<br>1999 Bryan Street, Suite 2150<br>Dallas, Texas 75201<br>E-Mail:  rtepfer@ftc.gov<br>            lgallegos@ftc.gov<br><br>**Raymond E. McKown, Esq.**<br>**FEDERAL TRADE COMMISSION**<br>10877 Wilshire Blvd., Suite 700<br>Los Angeles, California 90024<br>E-Mail:  rmckown@ftc.gov | Counsel for Plaintiff,<br>Federal Trade<br>Commission |
| **Erik S. Syverson, Esq.**<br>**Scott M. Lesowitz, Esq.**<br>**Steven T. Gebelin, Esq.**<br>**RAINES FELDMAN, LLP**<br>9720 Wilshire Blvd., Fifth Floor<br>Beverly Hills, California 90212<br>E-Mail:  esyverson@raineslaw.com<br>            slesowitz@raineslaw.com<br>            sgebelin@raineslaw.com | Counsel for Defendant<br>Oz Mizrahi |
| **Robert M. Ungar, Esq.**<br>**CROSSWIND LAW**<br>14724 Ventura Blvd., Penthouse<br>Sherman Oaks, California 91403<br>E-Mail:  rmu@ungarlaw.com | Counsel for Defendants,<br>Alon Nottea, Roi<br>Ruevenu and Adageo,<br>LLC |
| **Benjamin A. Pettit, Esq.**<br>20 East Pueblo Street<br>Santa Barbara, California 93105<br>E-Mail:  ben@benpettit.com | Counsel for Defendant,<br>Alon Nottea |

MOTTI NOTTEA'S RESPONSES TO FTC'S REQUEST FOR ADMISSIONS– SET ONE

**913-76**                                                                **Exhibit 913**

| Jeffrey S. Benice, Esq.<br>**LAW OFFICES OF JEFFREY S. BENICE**<br>3080 Bristol Street, Suite 630<br>Costa Mesa, California 92626<br>E-Mail: jsb@jeffreybenice.com | Counsel for Defendants,<br>Igor Latsanovski and<br>CalEnergy, Inc. |
|---|---|
| Sagar Parikh, Esq.<br>**BEVERLY HILLS LAW CORP., PC**<br>433 N. Camden Drive, 6th Floor<br>Beverly Hills, California 90210<br>E-Mail: sp@beverlyhillslawcorp.com | Counsel for Defendants<br>Paul Medin, Alan<br>Argaman, Chargeback<br>Armor, Inc. and Secured<br>Merchants, LLC |

**BY E-MAIL ONLY:** By transmitting, via e-mail, to the email address(es) listed above.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on **January 25, 2016**, at Los Angeles, California.

_____
Jennifer Holtan

77

1  JEFFREY S. BENICE, ESQ., State Bar No. 81583
   LAW OFFICES OF JEFFREY S. BENICE
2  *A Professional Law Corporation*
   3080 Bristol Street
3  Sixth Floor, Suite 630
   Costa Mesa, California 92626
4  Telephone No.:  (714) 641-3600
   Facsimile No.: (714) 641-3604
5  Website: www.JeffreyBenice.com
   E-Mail: JSB@JeffreyBenice.com
6

7  Attorney for Defendants
   Igor Latsanovski and Calenergy Inc.
8

9
                    **UNITED STATES DISTRICT COURT**
10
                   **CENTRAL DISTRICT OF CALIFORNIA**
11

12  FEDERAL TRADE COMMISSION,          )   **CASE NO. CV 15-04527 GW (PLAx)**
                                       )
13              Plaintiff,             )   **DEFENDANT IGOR LATSANOVSKI'S**
                                       )   **RESPONSES TO PLAINTIFF FEDERAL**
14         v.                          )   **TRADE COMMISSION'S DISCOVERY**
                                       )   **REQUESTS, SET TWO, REQUESTS FOR**
15  BUNZAI MEDIA GROUP, INC., et al,   )   **ADMISSION**
                                       )   _____
16              Defendants.            )
                                       )
17  _____    )

18

19

20

21

22

23  **PROPOUNDING PARTY:**      **PLAINTIFF, FEDERAL TRADE COMMISSION**

24  **RESPONDING PARTY:**       **DEFENDANT, IGOR LATSANOVSKI**

25  **SET NO.:**                **TWO (2)**

26         Pursuant to Rules 33, 34, and 36 of the Federal Rules of Civil, Defendant Igor Latsanovski

27  ("*Defendant*") responds to Plaintiff Federal Trade Commission's ("*Plaintiff*") Requests for Admission

28  as follows:

_____

**1.**

**PRELIMINARY STATEMENT**

1.     Defendant is making a good faith and diligent effort to respond to the requests for admission, subject to the qualifications set forth herein.  Such responses will be based upon information and documents presently available and known to Defendant.  Defendant's discovery and investigation is ongoing, however, and Defendant reserves the right (i) to rely upon facts, documents and witnesses subsequently uncovered as a result of such ongoing discovery and investigation, and (ii) to revise, correct, supplement or clarify the responses contained herein.

2.     The following responses and objections are based upon the facts and information now known to Defendant, as well as present analysis of the case, and may not in any way be deemed to be an admission or representation that further facts, documents or witnesses having knowledge relevant to the subject matter of the subject discovery request do not exist.  As discovery in this action proceeds, Defendant anticipates discovery of further facts, witnesses and documents.  Without in any way undertaking an obligation to do so, Defendant reserves the right to alter, supplement, amend or otherwise modify these responses in any way at any time, in light of facts revealed through further discovery and investigation.

3.     This Preliminary Statement is hereby incorporated into each and every response herein as though set forth in full.

**2.**

**RESPONSES TO REQUEST FOR ADMISSIONS**

**REQUEST FOR ADMISSION NO. 1:**

Admit that the Federal District Court for the Central District of California has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337 (a), 1345, and 1355, and 15 U.S.C. §§ 45(a), 45(*l*), 53(b), and 56(a).

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Admit.

**REQUEST FOR ADMISSION NO. 2:**

Admit that the complaint in this litigation alleges violations of the laws of the United States.

1  **RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

2      Deny.

3  **REQUEST FOR ADMISSION NO. 3:**

4      Admit that the complaint alleges violations of the Federal Trade Commission Act.

5  **RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

6      Deny.

7  **REQUEST FOR ADMISSION NO. 4:**

8      Admit that the complaint alleges violations of the Restore Online Shoppers Act.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

10     Deny.

11 **REQUEST FOR ADMISSION NO. 5:**

12     Admit that the complaint alleges violations of the Electronic Funds Transfer Act.

13 **RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

14     Deny.

15 **REQUEST FOR ADMISSION NO. 6:**

16     Admit that venue is proper in the Central District of California under 28 U.S.C. §§

17 1391(b)(1)_, (b)(2), (c)(1), (c)(2), and (d) and 1395(a) and 15 U.S.C. § 53(b).

18 **RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

19     Admit.

20 **REQUEST FOR ADMISSION NO. 7:**

21     Admit that Doron Nottea has been an officer of Bunzai Media Group, Inc.

22 **RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

23     Deny.

24 **REQUEST FOR ADMISSION NO. 8:**

25     Admit that Doron Nottea was an owner of Bunzai Media Group Inc. since at least January 1,

26 2010.

27 **RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

28     Deny.

1 **REQUEST FOR ADMISSION NO. 9:**

2       Admit that, since at least January 2010, Doron Nottea has controlled or had the authority to

3 control the business operations of Bunzai Media Group, Inc.

4 **RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

5       Deny.

6 **REQUEST FOR ADMISSION NO. 10:**

7       Admit that Doron Nottea was involved in the day-to-day operations of Bunzai Media Group,

8 Inc.

9 **RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

10       Deny.

11 **REQUEST FOR ADMISSION NO. 11:**

12       Admit that Doron Nottea had knowledge that consumers had alleged that unauthorized

13 charges were being billed to consumers' credit cards by BunZai Media Group, Inc.

14 **RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

15       Defendant is unable to admit or deny this request; after a good faith inquiry of sources

16 reasonably available to Defendant he has no information or belief upon which to base a response.

17 **REQUEST FOR ADMISSION NO. 12:**

18       Admit that Doron Nottea had knowledge that consumers had alleged that unauthorized

19 charges were being billed to consumers' debit cards by BunZai Media Group, Inc.

20 **RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

21       Defendant is unable to admit or deny this request; after a good faith inquiry of sources

22 reasonably available to Defendant he has no information or belief upon which to base a response.

23 **REQUEST FOR ADMISSION NO. 13:**

24       Admit that Doron Nottea transacts or has transacted business in the Central District of

25 California.

26 **RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

27       Defendant is unable to admit or deny this request; after a good faith inquiry of sources

28 reasonably available to Defendant he has no information or belief upon which to base a response.

---

1    **REQUEST FOR ADMISSION NO. 14:**

2        Admit that Doron Nottea resides in the Central District of California.

3    **RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

4        Defendant is unable to admit or deny this request; after a good faith inquiry of sources

5    reasonably available to Defendant he has no information or belief upon which to base a response.

6    **REQUEST FOR ADMISSION NO. 15:**

7        Admit that Doron Nottea resides at ██████████ Tarzana, California.

8    **RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

9        Defendant is unable to admit or deny this request; after a good faith inquiry of sources

10   reasonably available to Defendant he has no information or belief upon which to base a response.

11   **REQUEST FOR ADMISSION NO. 16:**

12       Admit that Alon Nottea has been an officer of BunZai Media Group, Inc.

13   **RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

14       Admit.

15   **REQUEST FOR ADMISSION NO. 17:**

16       Admit that Alon Nottea was an owner of BunZai Media Group, Inc. since at least January 1,

17   2010.

18   **RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

19       Admit.

20   **REQUEST FOR ADMISSION NO. 18:**

21       Admit that Alon Nottea was involved in the day-to-day operations of BunZai Media Group,

22   Inc.

23   **RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

24       Admit.

25   **REQUEST FOR ADMISSION NO. 19:**

26       Admit that Alon Nottea had knowledge that consumers had alleged that unauthorized charges

27   were being billed to consumers' credit cards BunZai Media Group, Inc.

28

---

**DEFENDANT LATSANOVSKI'S RESPONSES TO PLAINTIFF'S  REQUESTS FOR ADMISSION**

914-5          -5-                          **Exhibit 914**

**RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 20:**

Admit that Alon Nottea had knowledge that consumers had alleged that unauthorized charges were being billed to consumers' debit cards BunZai Media Group, Inc.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 21:**

Admit that, since at least January 2010, Alon Nottea has controlled or had the authority to control the business operations of BunZai Media Group, Inc.

**RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

Admit.

**REQUEST FOR ADMISSION NO. 22:**

Admit that Alon Nottea transacts or has transacted business in the Central District of California.

**RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

Admit.

**REQUEST FOR ADMISSION NO. 23:**

Admit that Alon Nottea resides in the Central District of California.

**RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

Admit.

**REQUEST FOR ADMISSION NO. 24:**

Admit that Alon Nottea resides at ███████████, Winnetka, California

**RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 25:**

Admit that Igor Latsanovski has been an officer of BunZai Media Group, Inc.

**RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

Deny.

**REQUEST FOR ADMISSION NO. 26:**

Admit that Igor Latsanovski was an owner of BunZai Media Group, Inc. since at least January 1, 2010.

**RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

Deny.

**REQUEST FOR ADMISSION NO. 27:**

Admit that, since at least January 2010, Igor Latsanovski has controlled or had the authority to control the business operations of BunZai Media Group, Inc.

**RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

Deny.

**REQUEST FOR ADMISSION NO. 28:**

Admit that Igor Latsanovski had knowledge that consumers had alleged that unauthorized charges were being billed to consumers' credit cards by BunZai Media Group, Inc.

**RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

Deny.

**REQUEST FOR ADMISSION NO. 29:**

Admit that Igor Latsanovski had knowledge that consumers had alleged that unauthorized charges were being billed to consumers' debit cards BunZai Media Group, Inc.

**RESPONSE TO REQUEST FOR ADMISSION NO. 29:**

Deny.

**REQUEST FOR ADMISSION NO. 30:**

Admit that Igor Latsanovski transacts or has transacted business in the Central District of California.

---

**DEFENDANT LATSANOVSKI'S RESPONSES TO PLAINTIFF'S  REQUESTS FOR ADMISSION**

1   **RESPONSE TO REQUEST FOR ADMISSION NO. 30:**

2        Admit.

3   **REQUEST FOR ADMISSION NO. 31:**

4        Admit that Igor Latsanovski resides in the Central District of California.

5   **RESPONSE TO REQUEST FOR ADMISSION NO. 31:**

6        Admit.

7   **REQUEST FOR ADMISSION NO. 32:**

8        Admit that Igor Latsanovski resides at ███████████, Calabasas, California.

9   **RESPONSE TO REQUEST FOR ADMISSION NO. 32:**

10        Admit.

11   **REQUEST FOR ADMISSION NO. 33:**

12        Admit that Motti Nottea has been an officer of BunZai Media Group, Inc.

13   **RESPONSE TO REQUEST FOR ADMISSION NO. 33:**

14        Defendant is unable to admit or deny this request; after a good faith inquiry of sources

15   reasonably available to Defendant he has no information or belief upon which to base a response.

16   **REQUEST FOR ADMISSION NO. 34:**

17        Admit that Motti Nottea was the CEO of BunZai Media Group, Inc.

18   **RESPONSE TO REQUEST FOR ADMISSION NO. 34:**

19        Defendant is unable to admit or deny this request; after a good faith inquiry of sources

20   reasonably available to Defendant he has no information or belief upon which to base a response.

21   **REQUEST FOR ADMISSION NO. 35:**

22        Admit that Motti Nottea was an owner of BunZai Media Group, Inc. since at least January 1,

23   2010.

24   **RESPONSE TO REQUEST FOR ADMISSION NO. 35:**

25        Defendant is unable to admit or deny this request; after a good faith inquiry of sources

26   reasonably available to Defendant he has no information or belief upon which to base a response.

27   **REQUEST FOR ADMISSION NO. 36:**

28        Admit that, since at least January 2010, Motti Nottea has controlled or had the authority to

---

**DEFENDANT LATSANOVSKI'S RESPONSES TO PLAINTIFF'S  REQUESTS FOR ADMISSION**

1  control the business operations of BunZai Media Group, Inc.

2  **RESPONSE TO REQUEST FOR ADMISSION NO. 36:**

3      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

4  reasonably available to Defendant he has no information or belief upon which to base a response.

5  **REQUEST FOR ADMISSION NO. 37:**

6      Admit that Motti Nottea transacts or had transacted business in the Central District of

7  California.

8  **RESPONSE TO REQUEST FOR ADMISSION NO. 37:**

9      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

10  reasonably available to Defendant he has no information or belief upon which to base a response.

11  **REQUEST FOR ADMISSION NO. 38:**

12      Admit that Motti Nottea had a merchant account in his name for BunZai Media Group, Inc.

13  **RESPONSE TO REQUEST FOR ADMISSION NO. 38:**

14      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

15  reasonably available to Defendant he has no information or belief upon which to base a response.

16  **REQUEST FOR ADMISSION NO. 39:**

17      Admit that Motti Nottea resides in the Central District of California.

18  **RESPONSE TO REQUEST FOR ADMISSION NO. 39:**

19      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

20  reasonably available to Defendant he has no information or belief upon which to base a response.

21  **REQUEST FOR ADMISSION NO. 40:**

22      Admit that Motti Nottea resides at ███████████ Tarzana, California.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 40:**

24      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

25  reasonably available to Defendant he has no information or belief upon which to base a response.

26  **REQUEST FOR ADMISSION NO. 41:**

27      Admit that Roi Reuveni has been an officer of BunZai Media Group, Inc.

28

1  **RESPONSE TO REQUEST FOR ADMISSION NO. 41:**

2      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

3  reasonably available to Defendant he has no information or belief upon which to base a response.

4  **REQUEST FOR ADMISSION NO. 42:**

5      Admit that Roi Reuveni has been a manager of the customer service department of BunZai

6  Media Group, Inc.

7  **RESPONSE TO REQUEST FOR ADMISSION NO. 42:**

8      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

9  reasonably available to Defendant he has no information or belief upon which to base a response.

10  **REQUEST FOR ADMISSION NO. 43:**

11      Admit that Roi Reuveni has been the manager of the chargebacks department of BunZai

12  Media Group, Inc.

13  **RESPONSE TO REQUEST FOR ADMISSION NO. 43:**

14      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

15  reasonably available to Defendant he has no information or belief upon which to base a response.

16  **REQUEST FOR ADMISSION NO. 44:**

17      Admit that, acting alone or in concert with others, Roi Reuveni drafted the deceptive

18  template used to respond by BunZai Media Group, Inc. to respond to financial institutions when

19  consumers requested chargebacks.

20  **RESPONSE TO REQUEST FOR ADMISSION NO. 44:**

21      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

22  reasonably available to Defendant he has no information or belief upon which to base a response.

23  **REQUEST FOR ADMISSION NO. 45:**

24      Admit that, since at least January 1, 2010, Roi Reuveni has controlled or has the authority to

25  control the business operations of BunZai Media Group, Inc.

26  **RESPONSE TO REQUEST FOR ADMISSION NO. 45:**

27      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

28  reasonably available to Defendant he has no information or belief upon which to base a response.

---

1  **REQUEST FOR ADMISSION NO. 46:**

2      Admit that Roi Reuveni transacts or has transacted business in the Central District of

3  California.

4  **RESPONSE TO REQUEST FOR ADMISSION NO. 46:**

5      Admit.

6  **REQUEST FOR ADMISSION NO. 47:**

7      Admit that Roi Reuveni resides in the Central District of California.

8  **RESPONSE TO REQUEST FOR ADMISSION NO. 47:**

9      Admit.

10 **REQUEST FOR ADMISSION NO. 48:**

11     Admit that Roi Reuveni resides at ███████████████ Woodland Hills,

12 California.

13 **RESPONSE TO REQUEST FOR ADMISSION NO. 48:**

14     Defendant is unable to admit or deny this request; after a good faith inquiry of sources

15 reasonably available to Defendant he has no information or belief upon which to base a response.

16 **REQUEST FOR ADMISSION NO. 49:**

17     Admit that Kristopher Bond has been an officer of BunZai Media Group, Inc.

18 **RESPONSE TO REQUEST FOR ADMISSION NO. 49:**

19     Defendant is unable to admit or deny this request; after a good faith inquiry of sources

20 reasonably available to Defendant he has no information or belief upon which to base a response.

21 **REQUEST FOR ADMISSION NO. 50:**

22     Admit that Kristopher Bond was an owner of BunZai Media Group, Inc. since at least

23 January 1, 2010.

24 **RESPONSE TO REQUEST FOR ADMISSION NO. 50:**

25     Defendant is unable to admit or deny this request; after a good faith inquiry of sources

26 reasonably available to Defendant he has no information or belief upon which to base a response.

27 **REQUEST FOR ADMISSION NO. 51:**

28     Admit that Kristopher Bond was involved in the day-to-day operations of BunZai Media

---

1    Group, Inc.

2    **RESPONSE TO REQUEST FOR ADMISSION NO. 51:**

3         Defendant is unable to admit or deny this request; after a good faith inquiry of sources

4    reasonably available to Defendant he has no information or belief upon which to base a response.

5    **REQUEST FOR ADMISSION NO. 52:**

6         Admit that Kristopher Bond had knowledge that consumers had alleged that unauthorized

7    charges were being billed to consumers' credit cards BunZai Media Group, Inc.

8    **RESPONSE TO REQUEST FOR ADMISSION NO. 52:**

9         Defendant is unable to admit or deny this request; after a good faith inquiry of sources

10   reasonably available to Defendant he has no information or belief upon which to base a response.

11   **REQUEST FOR ADMISSION NO. 53:**

12        Admit that Kristopher Bond had the knowledge that consumers had alleged that unauthorized

13   charges were being billed to consumers' debit cards BunZai Media Group, Inc.

14   **RESPONSE TO REQUEST FOR ADMISSION NO. 53:**

15        Defendant is unable to admit or deny this request; after a good faith inquiry of sources

16   reasonably available to Defendant he has no information or belief upon which to base a response.

17   **REQUEST FOR ADMISSION NO. 54:**

18        Admit that BunZai Media Group, Inc., was incorporated in California on January 1, 2010.

19   **RESPONSE TO REQUEST FOR ADMISSION NO. 54:**

20        Defendant is unable to admit or deny this request; after a good faith inquiry of sources

21   reasonably available to Defendant he has no information or belief upon which to base a response.

22   **REQUEST FOR ADMISSION NO. 55:**

23        Admit that, since BunZai Media Group, Inc.'s formation, it has maintained a substantial

24   course of trade in or affecting commerce, as "commerece" is defined in Section 4 of the FTC Act, 15

25   U.S.C. § 44.

26   **RESPONSE TO REQUEST FOR ADMISSION NO. 55:**

27        Defendant is unable to admit or deny this request; after a good faith inquiry of sources

28   reasonably available to Defendant he has no information or belief upon which to base a response.

1  **REQUEST FOR ADMISSION NO. 56:**

2      Admit that BunZai Media Group, Inc. has offered for sale, sold, and distributed skincare

3  products to consumers throughout the United States.

4  **RESPONSE TO REQUEST FOR ADMISSION NO. 56:**

5      Admit.

6  **REQUEST FOR ADMISSION NO. 57:**

7      Admit that BunZai Media Group, Inc. is not exempt from the coverage of the Federal Trade

8  Commission Act by statute.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 57:**

10      Deny.

11  **REQUEST FOR ADMISSION NO. 58:**

12      Admit that BunZai Media Group, Inc. is a for-profit corporation.

13  **RESPONSE TO REQUEST FOR ADMISSION NO. 58:**

14      Admit.

15  **REQUEST FOR ADMISSION NO. 59:**

16      Admit that BunZai Media Group, Inc has offered for sale, sold, and distributed skincare

17  products using the name Aura Vie.

18  **RESPONSE TO REQUEST FOR ADMISSION NO. 59:**

19      Admit.

20  **REQUEST FOR ADMISSION NO. 60:**

21      Admit that BunZai Media Group, Inc has offered for sale, sold, and distributed skincare

22  products using the name Dellure.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 60:**

24      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

25  reasonably available to Defendant he has no information or belief upon which to base a response.

26  **REQUEST FOR ADMISSION NO. 61:**

27      Admit that BunZai Media Group, Inc has offered for sale, sold, and distributed skincare

28  products using the name Miracle Face Kit.

---

**RESPONSE TO REQUEST FOR ADMISSION NO. 61:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 62:**

Admit that BunZai Media Group, Inc has offered for sale, sold, and distributed skincare products using the website AuraViefreetrial.com.

**RESPONSE TO REQUEST FOR ADMISSION NO. 62:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 63:**

Admit that BunZai Media Group, Inc has offered for sale, sold, and distributed skincare products using the website mymiraclekit.com.

**RESPONSE TO REQUEST FOR ADMISSION NO. 63:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 64:**

Admit that BunZai Media Group, Inc has offered for sale, sold, and distributed skincare products using the website miraclefacekit.com

**RESPONSE TO REQUEST FOR ADMISSION NO. 64:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 65:**

Admit that BunZai Media Group, Inc has offered for sale, sold and distributed skincare products using the term "risk free trial."

**RESPONSE TO REQUEST FOR ADMISSION NO. 65:**

Admit.

**REQUEST FOR ADMISSION NO. 66:**

Admit that BunZai Media Group, Inc offered for sale, sold, and distributed skincare products

1   using the term "gifts."

2   **RESPONSE TO REQUEST FOR ADMISSION NO. 66:**

3       Defendant is unable to admit or deny this request; after a good faith inquiry of sources

4   reasonably available to Defendant he has no information or belief upon which to base a response.

5   **REQUEST FOR ADMISSION NO. 67:**

6       Admit that consumers who bought BunZai Media Group, Inc's skincare products had to

7   return the product within 10 days to avoid being charged for the product.

8   **RESPONSE TO REQUEST FOR ADMISSION NO. 67:**

9       Defendant is unable to admit or deny this request; after a good faith inquiry of sources

10  reasonably available to Defendant he has no information or belief upon which to base a response.

11  **REQUEST FOR ADMISSION NO. 68:**

12       Admit that consumers who bought BunZai Media Group, Inc.'s skincare products had to

13  return the product within 10 days to avoid being subscribed into a negative option continuity plan.

14  **RESPONSE TO REQUEST FOR ADMISSION NO. 68:**

15       Defendant is unable to admit or deny this request; after a good faith inquiry of sources

16  reasonably available to Defendant he has no information or belief upon which to base a response.

17  **REQUEST FOR ADMISSION NO. 69:**

18       Admit that consumers who bought BunZai Media Group Inc.'s skin care products had to

19  return the product within 10 days to avoid being subscribed into a negative option continuity plan

20  that would charge the consumers a monthly fee.

21  **RESPONSE TO REQUEST FOR ADMISSION NO. 69:**

22       Defendant is unable to admit or deny this request; after a good faith inquiry of sources

23  reasonably available to Defendant he has no information or belief upon which to base a response.

24  **REQUEST FOR ADMISSION NO. 70:**

25       Admit that consumers who bought BunZai Media Group Inc.'s skin care products had to

26  return the product within 10 days to avoid being subscribed into a negative option continuity plan

27  that would charge the consumers a fee of about $97.88.

28

**RESPONSE TO REQUEST FOR ADMISSION NO. 70:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 71:**

Admit that consumers who bought BunZai Media Group Inc.'s skin care products had to pay a shipping and handling charge.

**RESPONSE TO REQUEST FOR ADMISSION NO. 71:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 72:**

Admit that BunZai Media Group, Inc., processed consumer skincare payments through a merchant account in the name of Agoa Holdings, Inc.

**RESPONSE TO REQUEST FOR ADMISSION NO. 72:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 73:**

Admit that BunZai Media Group Inc. processed consumer skincare payments through a merchant account in the name of Zen Mobile Media, Inc.

**RESPONSE TO REQUEST FOR ADMISSION NO. 73:**

Admit.

**REQUEST FOR ADMISSION NO. 74:**

Admit that BunZai Media Group, Inc. processed skincare payments through a merchant account in the name of SafeHaven Ventures, Inc.

**RESPONSE TO REQUEST FOR ADMISSION NO. 74:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 75:**

Admit that BunZai Media Group, Inc. processed skincare payments through a merchant

---

**DEFENDANT LATSANOVSKI'S RESPONSES TO PLAINTIFF'S  REQUESTS FOR ADMISSION**

1   account in the name of Heritage Alliance Group, Inc.

2   **RESPONSE TO REQUEST FOR ADMISSION NO. 75:**

3       Defendant is unable to admit or deny this request; after a good faith inquiry of sources

4   reasonably available to Defendant he has no information or belief upon which to base a response.

5   **REQUEST FOR ADMISSION NO. 76:**

6       Admit that BunZai Media Group, Inc. processed skincare payments through a merchant

7   account in the name of AMD Financial Network, Inc.

8   **RESPONSE TO REQUEST FOR ADMISSION NO. 76:**

9       Defendant is unable to admit or deny this request; after a good faith inquiry of sources

10  reasonably available to Defendant he has no information or belief upon which to base a response.

11  **REQUEST FOR ADMISSION NO. 77:**

12      Admit that BunZai Media Group, Inc. processed consumer skincare payments through a

13  merchant account in the name of Kai Media, Inc.

14  **RESPONSE TO REQUEST FOR ADMISSION NO. 77:**

15      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

16  reasonably available to Defendant he has no information or belief upon which to base a response.

17  **REQUEST FOR ADMISSION NO. 78:**

18      Admit that BunZai Media Group, Inc. processed consumer skincare payments through a

19  merchant account in the name Insight Media, Inc.

20  **RESPONSE TO REQUEST FOR ADMISSION NO. 78:**

21      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

22  reasonably available to Defendant he has no information or belief upon which to base a response.

23  **REQUEST FOR ADMISSION NO. 79:**

24      Admit that SBM Management, Inc.'s corporate credit card was used to pay BunZai Media

25  Group, Inc.'s website.

26  **RESPONSE TO REQUEST FOR ADMISSION NO. 79:**

27      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

28  reasonably available to Defendant he has no information or belief upon which to base a response.

---

**DEFENDANT LATSANOVSKI'S RESPONSES TO PLAINTIFF'S  REQUESTS FOR ADMISSION**

914-17  -17-                                                **Exhibit 914**

1   **REQUEST FOR ADMISSION NO. 80:**

2       Admit that Media Urge, Inc. was used by BunZai Media Group, Inc. to secure third-party

3   advertising tracked sales.

4   **RESPONSE TO REQUEST FOR ADMISSION NO. 80:**

5       Defendant is unable to admit or deny this request; after a good faith inquiry of sources

6   reasonably available to Defendant he has no information or belief upon which to base a response.

7   **REQUEST FOR ADMISSION NO. 81:**

8       Admit that Media Urge, Inc. was used by BunZai Media Group, Inc to design marketing

9   materials.

10  **RESPONSE TO REQUEST FOR ADMISSION NO. 81:**

11      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

12  reasonably available to Defendant he has no information or belief upon which to base a response.

13  **REQUEST FOR ADMISSION NO. 82:**

14      Admit that Doron Nottea has been an officer of Pinnacle Logistics, Inc.

15  **RESPONSE TO REQUEST FOR ADMISSION NO. 82:**

16      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

17  reasonably available to Defendant he has no information or belief upon which to base a response.

18  **REQUEST FOR ADMISSION NO. 83:**

19      Admit that Doron Nottea was an owner of Pinnacle Logistics, Inc. since at least January 1,

20  2010.

21  **RESPONSE TO REQUEST FOR ADMISSION NO. 83:**

22      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

23  reasonably available to Defendant he has no information or belief upon which to base a response.

24  **REQUEST FOR ADMISSION NO. 84:**

25      Admit that, since January 2010, Doron Nottea has controlled or had the authority to control

26  the business operations of Pinnacle Logistics, Inc.

27  **RESPONSE TO REQUEST FOR ADMISSION NO. 84:**

28      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

---

**DEFENDANT LATSANOVSKI'S RESPONSES TO PLAINTIFF'S  REQUESTS FOR ADMISSION**

1    reasonably available to Defendant he has no information or belief upon which to base a response.

2    **REQUEST FOR ADMISSION NO. 85:**

3        Admit that Doron Nottea had knowledge that consumers had alleged that unauthorized

4    charges were being billed to consumers' debit cards by Pinnacle Logistics, Inc.

5    **RESPONSE TO REQUEST FOR ADMISSION NO. 85:**

6        Defendant is unable to admit or deny this request; after a good faith inquiry of sources

7    reasonably available to Defendant he has no information or belief upon which to base a response.

8    **REQUEST FOR ADMISSION NO. 86:**

9        Admit that Doron Nottea had knowledge that consumers had alleged that unauthorized

10   charges were being billed to consumers' credit cards by Pinnacle Logistics, Inc.

11   **RESPONSE TO REQUEST FOR ADMISSION NO. 86:**

12       Defendant is unable to admit or deny this request; after a good faith inquiry of sources

13   reasonably available to Defendant he has no information or belief upon which to base a response.

14   **REQUEST FOR ADMISSION NO. 87:**

15       Admit that Alon Nottea has been an officer of Pinnacle Logistics, Inc.

16   **RESPONSE TO REQUEST FOR ADMISSION NO. 87:**

17       Defendant is unable to admit or deny this request; after a good faith inquiry of sources

18   reasonably available to Defendant he has no information or belief upon which to base a response.

19   **REQUEST FOR ADMISSION NO. 88:**

20       Admit that Alon Nottea was an owner of Pinnacle Logistics, Inc. since at least January 1,

21   2010.

22   **RESPONSE TO REQUEST FOR ADMISSION NO. 88:**

23       Defendant is unable to admit or deny this request; after a good faith inquiry of sources

24   reasonably available to Defendant he has no information or belief upon which to base a response.

25   **REQUEST FOR ADMISSION NO. 89:**

26       Admit that Alon Nottea was involved in the day-to-day operations of Pinnacle Logistics, Inc.

27   **RESPONSE TO REQUEST FOR ADMISSION NO. 89:**

28       Defendant is unable to admit or deny this request; after a good faith inquiry of sources

1    reasonably available to Defendant he has no information or belief upon which to base a response.

2    **REQUEST FOR ADMISSION NO. 90:**

3           Admit that Alon Nottea had knowledge that consumers had alleged that unauthorized charges

4    were being billed to consumers' debit cards by Pinnacle Logistics, Inc.

5    **RESPONSE TO REQUEST FOR ADMISSION NO. 90:**

6           Defendant is unable to admit or deny this request; after a good faith inquiry of sources

7    reasonably available to Defendant he has no information or belief upon which to base a response.

8    **REQUEST FOR ADMISSION NO. 91:**

9           Admit that Alon Nottea had knowledge that consumers had alleged that unauthorized charges

10   were being billed to consumers' debit cards by Pinnacle Logistics, Inc.

11   **RESPONSE TO REQUEST FOR ADMISSION NO. 91:**

12          Defendant is unable to admit or deny this request; after a good faith inquiry of sources

13   reasonably available to Defendant he has no information or belief upon which to base a response.

14   **REQUEST FOR ADMISSION NO. 92:**

15          Admit that Alon Nottea has controlled or had the authority to control the business operations

16   of Pinnacle Logistics, Inc.

17   **RESPONSE TO REQUEST FOR ADMISSION NO. 92:**

18          Defendant is unable to admit or deny this request; after a good faith inquiry of sources

19   reasonably available to Defendant he has no information or belief upon which to base a response.

20   **REQUEST FOR ADMISSION NO. 93:**

21          Admit that Oz Mizrahi has been an officer of Pinnacle Logistics, Inc.

22   **RESPONSE TO REQUEST FOR ADMISSION NO. 93:**

23          Defendant is unable to admit or deny this request; after a good faith inquiry of sources

24   reasonably available to Defendant he has no information or belief upon which to base a response.

25   **REQUEST FOR ADMISSION NO. 94:**

26          Admit that Oz Mizrahi was an owner of Pinnacle Logistics, Inc. since at least January 1,

27   2010.

28

---

**DEFENDANT LATSANOVSKI'S RESPONSES TO PLAINTIFF'S  REQUESTS FOR ADMISSION**

-20-

**Exhibit 914**

**RESPONSE TO REQUEST FOR ADMISSION NO. 94:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 95:**

Admit that Oz Mizrahi was involved in the day-to-day operations of Pinnacle Logistics, Inc.

**RESPONSE TO REQUEST FOR ADMISSION NO. 95:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 96:**

Admit that Oz Mizrahi had knowledge that consumers had alleged that unauthorized charges were being billed to consumers' credit cards by Pinnacle Logistics, Inc.

**RESPONSE TO REQUEST FOR ADMISSION NO. 96:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 97:**

Admit that Oz Mizrahi had knowledge that consumers had alleged that unauthoriuzed charges were being billed to consumers' debit cards by Pinnacle Logistics, Inc.

**RESPONSE TO REQUEST FOR ADMISSION NO. 97:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 98:**

Admit that Oz Mizrahi has controlled or had the authority to control the business operations of Pinnacle Logistics, Inc.

**RESPONSE TO REQUEST FOR ADMISSION NO. 98:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 99:**

Admit that Igor Latsanovski has been an officer of Pinnacle Logistics, Inc.

1    **RESPONSE TO REQUEST FOR ADMISSION NO. 99:**

2        Deny.

3    **REQUEST FOR ADMISSION NO. 100:**

4        Admit that Igor Latsanovski was an owner of Pinnacle Logistics, Inc. since at least January 1,

5    2010.

6    **RESPONSE TO REQUEST FOR ADMISSION NO. 100:**

7        Deny.

8    **REQUEST FOR ADMISSION NO. 101:**

9        Admit that, since at least January 2010, Igor Latsanovski has controlled or had the authority

10   to control the business operations of Pinnacle Logistics, Inc.

11   **RESPONSE TO REQUEST FOR ADMISSION NO. 101:**

12       Deny.

13   **REQUEST FOR ADMISSION NO. 102:**

14       Admit that Igor Latsanovski had knowledge that consumers had alleged that authorized

15   charges were being billed to consumers' debit cards by Pinnacle Logistics, Inc.

16   **RESPONSE TO REQUEST FOR ADMISSION NO. 102:**

17       Deny.

18   **REQUEST FOR ADMISSION NO. 103:**

19       Admit that Igor Latsanovski had knowledge that consumers had alleged that unauthorized

20   charges were being billed to consumers' credit cards by Pinnacle Logistics, Inc.

21   **RESPONSE TO REQUEST FOR ADMISSION NO. 103:**

22       Deny.

23   **REQUEST FOR ADMISSION NO. 104:**

24       Admit that Motti Nottea has been an officer of Pinnacle Logistics, Inc.

25   **RESPONSE TO REQUEST FOR ADMISSION NO. 104:**

26       Defendant is unable to admit or deny this request; after a good faith inquiry of sources

27   reasonably available to Defendant he has no information or belief upon which to base a response.

28

---

**DEFENDANT LATSANOVSKI'S RESPONSES TO PLAINTIFF'S  REQUESTS FOR ADMISSION**

**Exhibit 914**

1  **REQUEST FOR ADMISSION NO. 105:**

2        Admit that, since at least Janurary 2010, Motti Nottea has controlled or had the authority to

3  control the business operations of Pinnacle Logistics, Inc.

4  **RESPONSE TO REQUEST FOR ADMISSION NO. 105:**

5        Defendant is unable to admit or deny this request; after a good faith inquiry of sources

6  reasonably available to Defendant he has no information or belief upon which to base a response.

7  **REQUEST FOR ADMISSION NO. 106:**

8        Admit that Roi Reuveni has been an officer of Pinnacle Logistics, Inc.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 106:**

10       Defendant is unable to admit or deny this request; after a good faith inquiry of sources

11  reasonably available to Defendant he has no information or belief upon which to base a response.

12  **REQUEST FOR ADMISSION NO. 107:**

13       Admit that Roi Reuveni has been a manager of the customer service department of Pinnacle

14  Logistics, Inc.

15  **RESPONSE TO REQUEST FOR ADMISSION NO. 107:**

16       Defendant is unable to admit or deny this request; after a good faith inquiry of sources

17  reasonably available to Defendant he has no information or belief upon which to base a response.

18  **REQUEST FOR ADMISSION NO. 108:**

19       Admit that Roi Reuveni has been the manager of the chargebacks department of Pinnacle

20  Logistics, Inc.

21  **RESPONSE TO REQUEST FOR ADMISSION NO. 108:**

22       Defendant is unable to admit or deny this request; after a good faith inquiry of sources

23  reasonably available to Defendant he has no information or belief upon which to base a response.

24  **REQUEST FOR ADMISSION NO. 109:**

25       Admit that, acting alone or in concert with other, Roi Reuveni drafted the template used to

26  respond by Pinnacle Logistics, Inc. to respond to financial institutions when consumers requested

27  chargebacks.

28

---

1  **RESPONSE TO REQUEST FOR ADMISSION NO. 109:**

2       Defendant is unable to admit or deny this request; after a good faith inquiry of sources

3  reasonably available to Defendant he has no information or belief upon which to base a response.

4  **REQUEST FOR ADMISSION NO. 110:**

5       Admit that, since January 2010, Roi Reuveni has controlled or had the authority to control

6  the business operations of Pinnacle Logistics, Inc.

7  **RESPONSE TO REQUEST FOR ADMISSION NO. 110:**

8       Defendant is unable to admit or deny this request; after a good faith inquiry of sources

9  reasonably available to Defendant he has no information or belief upon which to base a response.

10  **REQUEST FOR ADMISSION NO. 111:**

11       Admit that Pinnacle Logistics, Inc., was incorporated in California on June 6, 2012.

12  **RESPONSE TO REQUEST FOR ADMISSION NO. 111:**

13       Defendant is unable to admit or deny this request; after a good faith inquiry of sources

14  reasonably available to Defendant he has no information or belief upon which to base a response.

15  **REQUEST FOR ADMISSION NO. 112:**

16       Admit that, since Pinnacle Logistics, Inc.'s formation, it has maintained a substainal course

17  of trade in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C.

18  § 44.

19  **RESPONSE TO REQUEST FOR ADMISSION NO. 112:**

20       Defendant is unable to admit or deny this request; after a good faith inquiry of sources

21  reasonably available to Defendant he has no information or belief upon which to base a response.

22  **REQUEST FOR ADMISSION NO. 113:**

23       Admit that Pinnacle Logistics, Inc. has offered for sale, sold, and distributed skincare

24  products to consumers throughout the United States.

25  **RESPONSE TO REQUEST FOR ADMISSION NO. 113:**

26       Defendant is unable to admit or deny this request; after a good faith inquiry of sources

27  reasonably available to Defendant he has no information or belief upon which to base a response.

28

---

**REQUEST FOR ADMISSION NO. 114:**

Admit that Pinnacle Logistics is not exempt from the coverage of the Federal Trade Commission Act by statute.

**RESPONSE TO REQUEST FOR ADMISSION NO. 114:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 115:**

Admit that Pinnacle Logistics, Inc. is a for-profit corporation.

**RESPONSE TO REQUEST FOR ADMISSION NO. 115:**

Admit.

**REQUEST FOR ADMISSION NO. 116:**

Admit that Pinnacle Logistics, Inc., has offered for sale, sold, and distributed skincare products using the name Aura Vie.

**RESPONSE TO REQUEST FOR ADMISSION NO. 116:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 117:**

Admit that Pinnacle Logistics Inc., has offered for sale, sold, and distributed skincare products using the name Dellure.

**RESPONSE TO REQUEST FOR ADMISSION NO. 117:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 118:**

Admit that Pinnacle Logistics, Inc., has offered for sale, sold, and distributed skincare products using the name Miracle Face Kit.

**RESPONSE TO REQUEST FOR ADMISSION NO. 118:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

1    **REQUEST FOR ADMISSION NO. 119:**

2       Admit that Pinnacle Logistics, Inc., has offered for sale, sold, and distributed skincare

3    products using the website Aura Viefreetrial.com

4    **RESPONSE TO REQUEST FOR ADMISSION NO. 119:**

5       Defendant is unable to admit or deny this request; after a good faith inquiry of sources

6    reasonably available to Defendant he has no information or belief upon which to base a response.

7    **REQUEST FOR ADMISSION NO. 120:**

8       Admit that Pinnacle Logistics, Inc., has offered for sale, sold, and distributed skincare

9    products using the website mymiraclekit.com

10    **RESPONSE TO REQUEST FOR ADMISSION NO. 120:**

11       Defendant is unable to admit or deny this request; after a good faith inquiry of sources

12    reasonably available to Defendant he has no information or belief upon which to base a response.

13    **REQUEST FOR ADMISSION NO. 121:**

14       Admit that Pinnacle Logistics, Inc., has offered for sale, sold, and distributed skincare

15    products using the website miraclefacekit.com

16    **RESPONSE TO REQUEST FOR ADMISSION NO. 121:**

17       Defendant is unable to admit or deny this request; after a good faith inquiry of sources

18    reasonably available to Defendant he has no information or belief upon which to base a response.

19    **REQUEST FOR ADMISSION NO. 122:**

20       Admit that Pinnacle Logistics Inc., has offered for sale, sold, and distributed skincare

21    products using the term "risk free trial."

22    **RESPONSE TO REQUEST FOR ADMISSION NO. 122:**

23       Defendant is unable to admit or deny this request; after a good faith inquiry of sources

24    reasonably available to Defendant he has no information or belief upon which to base a response.

25    **REQUEST FOR ADMISSION NO. 123:**

26       Admit that Pinnacle Logistics, Inc., has offered for sale, sold, and distributed skincare

27    products using the term "gift."

28

1  **RESPONSE TO REQUEST FOR ADMISSION NO. 123:**

2       Defendant is unable to admit or deny this request; after a good faith inquiry of sources

3  reasonably available to Defendant he has no information or belief upon which to base a response.

4  **REQUEST FOR ADMISSION NO. 124:**

5       Admit that Pinnacle Logistics, Inc., has offered for sale, sold, and distributed skincare

6  products using the term "risk free trials."

7  **RESPONSE TO REQUEST FOR ADMISSION NO. 124:**

8       Defendant is unable to admit or deny this request; after a good faith inquiry of sources

9  reasonably available to Defendant he has no information or belief upon which to base a response.

10  **REQUEST FOR ADMISSION NO. 125:**

11       Admit that consumers who bought Pinnacle Logistics, Inc.,'s skin care products had to return

12  the product within 10 days to avoid being charged for the product.

13  **RESPONSE TO REQUEST FOR ADMISSION NO. 125:**

14       Defendant is unable to admit or deny this request; after a good faith inquiry of sources

15  reasonably available to Defendant he has no information or belief upon which to base a response.

16  **REQUEST FOR ADMISSION NO. 126:**

17       Admit that consumers who bought Pinnacle Logistics, Inc.,'s skin care products had to return

18  the product within 10 days to avoid being subscribed into a negative option continuity plan.

19  **RESPONSE TO REQUEST FOR ADMISSION NO. 126:**

20       Defendant is unable to admit or deny this request; after a good faith inquiry of sources

21  reasonably available to Defendant he has no information or belief upon which to base a response.

22  **REQUEST FOR ADMISSION NO. 127:**

23       Admit that consumers who bought Pinnacle Logistics, Inc.,'s skin care products had to return

24  the product within 10 days to avoid being subscribed into a negative option continuity plan that

25  would charge the consumers a monthly fee.

26  **RESPONSE TO REQUEST FOR ADMISSION NO. 127:**

27       Defendant is unable to admit or deny this request; after a good faith inquiry of sources

28  reasonably available to Defendant he has no information or belief upon which to base a response.

---

**DEFENDANT LATSANOVSKI'S RESPONSES TO PLAINTIFF'S  REQUESTS FOR ADMISSION**

               **Exhibit 914**

**REQUEST FOR ADMISSION NO. 128:**

Admit that consumers who bought Pinnacle Logistics, Inc.'s skin care products had to return the product within 10 days to avoid being subscribed into a negative option continuity plan that would charge the consumers a fee of about $97.88

**RESPONSE TO REQUEST FOR ADMISSION NO. 128:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 129:**

Admit that consumers who bought Pinnacle Logistics, Inc.'s skin care products had to pay a shipping and handling charge.

**RESPONSE TO REQUEST FOR ADMISSION NO. 129:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 130:**

Admit that Pinnacle Logistics, Inc. processed consumer skin care payments through a merchant account in the name of Agoa Holdings, Inc.

**RESPONSE TO REQUEST FOR ADMISSION NO. 130:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 131:**

Admit hat Pinnacle Logistics, Inc. processed consumer skin care payments through a merchant account in the name of Zen Mobile Media, Inc.

**RESPONSE TO REQUEST FOR ADMISSION NO. 131:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 132:**

Admit that Pinnacle Logistics, Inc. processed consumer skin care payments through a merchant account in the  name of SafeHaven Ventures, Inc.

**RESPONSE TO REQUEST FOR ADMISSION NO. 132:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 133:**

Admit that Pinnacle Logistics, Inc., processed consumer skin care payments through a merchant account in the name of Heritage Alliance Group, Inc.

**RESPONSE TO REQUEST FOR ADMISSION NO. 133:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 134:**

Admit that Pinnacle Logisitics, Inc., processed consumer skincare payments through a merchant account in the name of AMD Financial Network, Inc.

**RESPONSE TO REQUEST FOR ADMISSION NO. 134:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 135:**

Admit that Pinnacle Logistics, Inc. processed skincare payments through a merchant account in the name of Kai Media, Inc.

**RESPONSE TO REQUEST FOR ADMISSION NO. 135:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 136:**

Admit that Pinnacle Logistics, Inc., processed consumer skincare payments through a merchant account in the name Insight Media, Inc.

**RESPONSE TO REQUEST FOR ADMISSION NO. 136:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

---

**REQUEST FOR ADMISSION NO. 137:**

Admit that SBM Management, Inc's corporate credit card was used to pay Pinnacle Logistics, Inc.'s website.

**RESPONSE TO REQUEST FOR ADMISSION NO. 137:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 138:**

Admit that Media Urge, Inc. was used by Pinnacle Logistics, Inc. to secure third-party advertising tracked sales.

**RESPONSE TO REQUEST FOR ADMISSION NO. 138:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 139:**

Admit that Media Urge, Inc. was used by Pinnacle Logistics, Inc. to design marketing materials.

**RESPONSE TO REQUEST FOR ADMISSION NO. 139:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 140:**

Admit that Paul Medina is or was the Executive President or Vice President of Media Urge, Inc.

**RESPONSE TO REQUEST FOR ADMISSION NO. 140:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 141:**

Admit Paul Medina was the manager of the call center for Pinnacle Logistics, Inc.

**RESPONSE TO REQUEST FOR ADMISSION NO. 141:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources

1  reasonably available to Defendant he has no information or belief upon which to base a response.

2  **REQUEST FOR ADMISSION NO. 142:**

3      Admit that Paul Medina is or was the manager of Focus Media Solutions.

4  **RESPONSE TO REQUEST FOR ADMISSION NO. 142:**

5      Admit.

6  **REQUEST FOR ADMISSION NO. 143:**

7      Admit that each Corporate Defendant is not exempt from the coverage of the Federal Trade

8  Commission Act by statute.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 143:**

10      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

11  reasonably available to Defendant he has no information or belief upon which to base a response.

12  **REQUEST FOR ADMISSION NO. 144:**

13      Admit that each Individual Defendants are not exempt from the coverage of the Federal

14  Trade Commission Act by statute.

15  **RESPONSE TO REQUEST FOR ADMISSION NO. 144:**

16      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

17  reasonably available to Defendant he has no information or belief upon which to base a response.

18  **REQUEST FOR ADMISSION NO. 145:**

19      Admit that misrepresentations or deceptive omissions of material fact constitute deceptive

20  acts or practices prohibited by Section 5(a) of the FTC Act. Response:

21  **RESPONSE TO REQUEST FOR ADMISSION NO. 145:**

22      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

23  reasonably available to Defendant he has no information or belief upon which to base a response.

24  **REQUEST FOR ADMISSION NO. 146:**

25      Admit that Defendants' representations that Defendants' skincare products were free was

26  false.

27  **RESPONSE TO REQUEST FOR ADMISSION NO. 146:**

28      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

1    reasonably available to Defendant he has no information or belief upon which to base a response.

2    **REQUEST FOR ADMISSION NO. 147:**

3        Admit that Defendants' representations about its free skincare products constituted a

4    deceptive act or practice in violation of Section 5 of the FTC Act, 15 U.S.C. § 45(a).

5    **RESPONSE TO REQUEST FOR ADMISSION NO. 147:**

6        Defendant is unable to admit or deny this request; after a good faith inquiry of sources

7    reasonably available to Defendant he has no information or belief upon which to base a response.

8    **REQUEST FOR ADMISSION NO. 148:**

9        Admit that Sections 5(l) and 13(b) of the FTC Act, 15 U.S.C. §§ 45(l) and 53(b), empower

10   this Court to grant injunctive and such other relief as the Court may deem appropriate to halt and

11   redress violations of the FTC Act.

12   **RESPONSE TO REQUEST FOR ADMISSION NO. 148:**

13       Defendant is unable to admit or deny this request; after a good faith inquiry of sources

14   reasonably available to Defendant he has no information or belief upon which to base a response.

15   **REQUEST FOR ADMISSION NO. 149:**

16       Admit that the Court, in the exercise of its equitable jurisdiction, may award ancillary relief,

17   including rescission or reformation of contracts, restitution, the refund of monies paid, and the

18   disgorgement of ill-gotten monies, to prevent and remedy any violation of any provision of law

19   enforced by the FTC.

20   **RESPONSE TO REQUEST FOR ADMISSION NO. 149:**

21       Defendant is unable to admit or deny this request; after a good faith inquiry of sources

22   reasonably available to Defendant he has no information or belief upon which to base a response.

23   **REQUEST FOR ADMISSION NO. 150:**

24       Admit that Alon Nottea, Khristopher Bond, and Igor Latsanovski were partners in BunZai

25   Media Group, Inc.

26   **RESPONSE TO REQUEST FOR ADMISSION NO. 150:**

27       Deny.

28

---

**DEFENDANT LATSANOVSKI'S RESPONSES TO PLAINTIFF'S  REQUESTS FOR ADMISSION**

914-32 -32-                                          **Exhibit 914**

1  **REQUEST FOR ADMISSION NO. 151:**

2      Admit that Doron Nottea's office contained pre-signed checks for companies all Corporate

3  Defendants.

4  **RESPONSE TO REQUEST FOR ADMISSION NO. 151:**

5      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

6  reasonably available to Defendant he has no information or belief upon which to base a response.

7  **REQUEST FOR ADMISSION NO. 152:**

8      Admit that BunZai Media Group, Inc., directly or indirectly, opened merchant accounts in

9  Latvia.

10  **RESPONSE TO REQUEST FOR ADMISSION NO. 152:**

11      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

12  reasonably available to Defendant he has no information or belief upon which to base a response.

13  **REQUEST FOR ADMISSION NO. 153:**

14      Admit that BunZai Media Group, Inc., directly or indirectly, opened merchant accounts in

15  Estonia.

16  **RESPONSE TO REQUEST FOR ADMISSION NO. 153:**

17      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

18  reasonably available to Defendant he has no information or belief upon which to base a response.

19  **REQUEST FOR ADMISSION NO. 154:**

20      Admit that Alon Nottea, directly or indirectly, opened merchant accounts in Latvia.

21  **RESPONSE TO REQUEST FOR ADMISSION NO. 154:**

22      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

23  reasonably available to Defendant he has no information or belief upon which to base a response.

24  **REQUEST FOR ADMISSION NO. 155:**

25  Admit that Alon Nottea, directly or indirectly, opened merchant accounts in Estonia.

26  **RESPONSE TO REQUEST FOR ADMISSION NO. 155:**

27      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

28  reasonably available to Defendant he has no information or belief upon which to base a response.

---

**REQUEST FOR ADMISSION NO. 156:**

Admit that Secured Merchants LLC processed, refuted, or responded to AuraVie charge backs.

**RESPONSE TO REQUEST FOR ADMISSION NO. 156:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 157:**

Admit that Chargeback Armor, Inc. processed, refuted, or responded to AuraVie chargebacks.

**RESPONSE TO REQUEST FOR ADMISSION NO. 157:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 158:**

Admit that Secured Merchants LLC processed, refuted, or responded to Dellure chargebacks.

**RESPONSE TO REQUEST FOR ADMISSION NO. 158:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 159:**

Admit that Chargeback Armor, Inc. processed, refuted, or responded to Dellure charge backs.

**RESPONSE TO REQUEST FOR ADMISSION NO. 159:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 160:**

Admit that Secured Merchants LLC processed, refuted, or responded to Miracle Face Kit charge backs.

**RESPONSE TO REQUEST FOR ADMISSION NO. 160:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

---

**REQUEST FOR ADMISSION NO. 161:**

Admit that Chargeback Armor, Inc. processed, refuted, or responded to Miracle Face Kit charge backs.

**RESPONSE TO REQUEST FOR ADMISSION NO. 161:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 162:**

Admit that Secured Merchants LLC processed, refuted, or responded to Defendants' skincare product charge backs.

**RESPONSE TO REQUEST FOR ADMISSION NO. 162:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 163:**

Admit that Chargeback Armor, Inc. processed, refuted, or responded to Defendants' skincare product charge backs.

**RESPONSE TO REQUEST FOR ADMISSION NO. 163:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 164:**

Admit that BunZai Media Group, Inc. did not provide refunds to all consumers who returned AuraVie products within 10 day period.

**RESPONSE TO REQUEST FOR ADMISSION NO. 164:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 165:**

Admit that BunZai Media Group, Inc. failed to obtain a written authorization signed or similarly authenticated by the consumer for AuraVie sales.

---

**DEFENDANT LATSANOVSKI'S RESPONSES TO PLAINTIFF'S  REQUESTS FOR ADMISSION**

-35-                                    **Exhibit 914**

1  **RESPONSE TO REQUEST FOR ADMISSION NO. 165:**

2      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

3  reasonably available to Defendant he has no information or belief upon which to base a response.

4  **REQUEST FOR ADMISSION NO. 166:**

5      Admit that BunZai Media Group, Inc. failed to provide a consumers a copy of the consumer's

6  authorization of payment for AuraVie products.

7  **RESPONSE TO REQUEST FOR ADMISSION NO. 166:**

8      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

9  reasonably available to Defendant he has no information or belief upon which to base a response.

10  **REQUEST FOR ADMISSION NO. 167:**

11      Admit that BunZai Media Group, Inc. did not provide refunds to all consumers who returned

12  Dellure products within 10 day period.

13  **RESPONSE TO REQUEST FOR ADMISSION NO. 167:**

14      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

15  reasonably available to Defendant he has no information or belief upon which to base a response.

16  **REQUEST FOR ADMISSION NO. 168:**

17      Admit that BunZai Media Group, Inc. failed to obtain a written authorization signed or

18  similarly authenticated by the consumer for Dellure sales.

19  **RESPONSE TO REQUEST FOR ADMISSION NO. 168:**

20      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

21  reasonably available to Defendant he has no information or belief upon which to base a response.

22  **REQUEST FOR ADMISSION NO. 169:**

23      Admit that BunZai Media Group, Inc. did not provide refunds to all consumers who returned

24  Miracle Face Kit products within. 10 day period.

25  **RESPONSE TO REQUEST FOR ADMISSION NO. 169:**

26      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

27  reasonably available to Defendant he has no information or belief upon which to base a response.

28

**REQUEST FOR ADMISSION NO. 170:**

Admit that BunZai Media Group, Inc. failed to obtain a written authorization signed or similarly authenticated by the consumer for Miracle Face Kit sales.

**RESPONSE TO REQUEST FOR ADMISSION NO. 170:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 171:**

Admit that BunZai Media Group, Inc. failed to provide a consumers a copy of the consumer's authorization of payment for Miracle Face Kit products.

**RESPONSE TO REQUEST FOR ADMISSION NO. 171:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 172:**

Admit that BunZai Media Group, Inc. did not provide refunds to all consumers who returned Defendants' skincare products within 10 day period.

**RESPONSE TO REQUEST FOR ADMISSION NO. 172:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 173:**

Admit that BunZai Media Group, Inc. failed to obtain a written authorization signed or similarly authenticated by the consumer for Defendants' skincare sales.

**RESPONSE TO REQUEST FOR ADMISSION NO. 173:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 174:**

Admit that BunZai Media Group, Inc. failed to provide a consumers a copy of the consumer's authorization of payment for Defendants' skincare products.

1    **RESPONSE TO REQUEST FOR ADMISSION NO. 174:**

2        Defendant is unable to admit or deny this request; after a good faith inquiry of sources

3    reasonably available to Defendant he has no information or belief upon which to base a response.

4    **REQUEST FOR ADMISSION NO. 175:**

5        Admit that BunZai Media Group, Inc. failed to provide a consumers a copy of the consumer's

6    authorization of payment for Dellure products.

7    **RESPONSE TO REQUEST FOR ADMISSION NO. 175:**

8        Defendant is unable to admit or deny this request; after a good faith inquiry of sources

9    reasonably available to Defendant he has no information or belief upon which to base a response.

10   **REQUEST FOR ADMISSION NO. 176:**

11       Admit that BunZai Media Group, Inc., processed credit card or debit card payments for

12   AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a

13   negative option.

14   **RESPONSE TO REQUEST FOR ADMISSION NO. 176:**

15       Defendant is unable to admit or deny this request; after a good faith inquiry of sources

16   reasonably available to Defendant he has no information or belief upon which to base a response.

17   **REQUEST FOR ADMISSION NO. 177:**

18       Admit that Pinnacle Logistics, Inc., processed credit card or debit card payments for AuraVie,

19   Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a negative option.

20   **RESPONSE TO REQUEST FOR ADMISSION NO. 177:**

21       Defendant is unable to admit or deny this request; after a good faith inquiry of sources

22   reasonably available to Defendant he has no information or belief upon which to base a response.

23   **REQUEST FOR ADMISSION NO. 178:**

24       Admit that DSA Holdings, Inc., processed credit card or debit card payments for AuraVie,

25   Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a negative option..

26   **RESPONSE TO REQUEST FOR ADMISSION NO. 178:**

27       Defendant is unable to admit or deny this request; after a good faith inquiry of sources

28   reasonably available to Defendant he has no information or belief upon which to base a response.

---

1  **REQUEST FOR ADMISSION NO. 179:**

2      Admit that Lifetyle Media Brands, Inc., had no other business purpose than to process credit

3  card or debit card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold

4  by Defendants through a negative option.

5  **RESPONSE TO REQUEST FOR ADMISSION NO. 179:**

6      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

7  reasonably available to Defendant he has no information or belief upon which to base a response.

8  **REQUEST FOR ADMISSION NO. 180:**

9      Admit that Agoa Holdings, Inc., had no other business purpose than to process credit card or

10  debit card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by

11  Defendants through a negative option.

12  **RESPONSE TO REQUEST FOR ADMISSION NO. 180:**

13      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

14  reasonably available to Defendant he has no information or belief upon which to base a response.

15  **REQUEST FOR ADMISSION NO. 181:**

16      Admit that Zen Mobile Media, Inc., had no other business purpose than to process credit card

17  or debit card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by

18  Defendants through a negative option.

19  **RESPONSE TO REQUEST FOR ADMISSION NO. 181:**

20      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

21  reasonably available to Defendant he has no information or belief upon which to base a response.

22  **REQUEST FOR ADMISSION NO. 182:**

23      Admit that Safehaven Ventures, Inc., had no other business purpose than to process credit

24  card or debit card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold

25  by Defendants through a negative option.

26  **RESPONSE TO REQUEST FOR ADMISSION NO. 182:**

27      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

28  reasonably available to Defendant he has no information or belief upon which to base a response.

---

**DEFENDANT LATSANOVSKI'S RESPONSES TO PLAINTIFF'S  REQUESTS FOR ADMISSION**

**Exhibit 914**

**REQUEST FOR ADMISSION NO. 183:**

Admit that Heritage Alliance Group, Inc., had no other business purpose than to process credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a negative option.

**RESPONSE TO REQUEST FOR ADMISSION NO. 183:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 184:**

Admit that AMD Financial Network, Inc., had no other business purpose than to process credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit, other skincare products sold by Defendants through a negative option.

**RESPONSE TO REQUEST FOR ADMISSION NO. 184:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 185:**

Admit that SBM Management, Inc., processed credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a negative option.

**RESPONSE TO REQUEST FOR ADMISSION NO. 185:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 186:**

Admit that Media Urge, Inc., processed credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a negative option.

**RESPONSE TO REQUEST FOR ADMISSION NO. 186:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources

1  reasonably available to Defendant he has no information or belief upon which to base a response.

2  **REQUEST FOR ADMISSION NO. 187:**

3      Admit that Adageo, LLC, processed credit card or debit card payments for AuraVie, Dellure,

4  Miracle Face Kit, or other skincare products sold by Defendants through a negative option.

5  **RESPONSE TO REQUEST FOR ADMISSION NO. 187:**

6      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

7  reasonably available to Defendant he has no information or belief upon which to base a response.

8  **REQUEST FOR ADMISSION NO. 188:**

9      Admit that Calenergy, Inc., processed credit card or debit card payments for AuraVie,

10  Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a negative option.

11  **RESPONSE TO REQUEST FOR ADMISSION NO. 188:**

12     Defendant is unable to admit or deny this request; after a good faith inquiry of sources

13  reasonably available to Defendant he has no information or belief upon which to base a response.

14  **REQUEST FOR ADMISSION NO. 189:**

15     Admit that Kai Media, Inc., had no other business purpose than to process credit card or debit

16  card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants

17  through a negative option.

18  **RESPONSE TO REQUEST FOR ADMISSION NO. 189:**

19     Defendant is unable to admit or deny this request; after a good faith inquiry of sources

20  reasonably available to Defendant he has no information or belief upon which to base a response.

21  **REQUEST FOR ADMISSION NO. 190:**

22     Admit that Insight Media, Inc., had no other business purpose than to process credit card or

23  debit card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by

24  Defendants through a negative option.

25  **RESPONSE TO REQUEST FOR ADMISSION NO. 190:**

26     Defendant is unable to admit or deny this request; after a good faith inquiry of sources

27  reasonably available to Defendant he has no information or belief upon which to base a response.

28

---

**DEFENDANT LATSANOVSKI'S RESPONSES TO PLAINTIFF'S  REQUESTS FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 191:**

Admit that Focus Media Solutions, Inc., processed credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a negative option.

**RESPONSE TO REQUEST FOR ADMISSION NO. 191:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 192:**

Admit that Secured Commerce, LLC, processed credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a negative option.

**RESPONSE TO REQUEST FOR ADMISSION NO. 192:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 193:**

Admit that USM Products, Inc., processed credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a negative option.

**RESPONSE TO REQUEST FOR ADMISSION NO. 193:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 194:**

Admit that USM Products, Inc., was used to make bulk purchases of products and containers for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a negative option.

**RESPONSE TO REQUEST FOR ADMISSION NO. 194:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 195:**

Admit that Merchant Leverage Group, Inc., processed credit card or debit card payments for

---

**DEFENDANT LATSANOVSKI'S RESPONSES TO PLAINTIFF'S  REQUESTS FOR ADMISSION**

1   Aura Vie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a

2   negative option.

3   **RESPONSE TO REQUEST FOR ADMISSION NO. 195:**

4       Defendant is unable to admit or deny this request; after a good faith inquiry of sources

5   reasonably available to Defendant he has no information or belief upon which to base a response.

6   **REQUEST FOR ADMISSION NO. 196:**

7       Admit that DMA Medial Holdings, Inc., had no other business purpose than to process credit

8   card or debit card payments for Aura Vie, Dellure, Miracle Face Kit, or other skincare products sold

9   by Defendants through a negative option.

10  **RESPONSE TO REQUEST FOR ADMISSION NO. 196:**

11      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

12  reasonably available to Defendant he has no information or belief upon which to base a response.

13  **REQUEST FOR ADMISSION NO. 197:**

14      Admit that Shalita Holdings, Inc., had no other business purpose than to process credit  card

15  and debit card payments for Aura Vie, Dellure, Miracle Face Kit, or  other skincare products sold by

16  Defendants through a negative option.

17  **RESPONSE TO REQUEST FOR ADMISSION NO. 197:**

18      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

19  reasonably available to Defendant he has no information or belief upon which to base a response.

20  **REQUEST FOR ADMISSION NO. 198:**

21      Admit that All Star Beauty Products, Inc., had no other business purpose than to process

22  credit card and debit card payments for Aura Vie, Dellure, Miracle Face Kit, or other skincare

23  products sold by Defendants through a negative option.

24  **RESPONSE TO REQUEST FOR ADMISSION NO. 198:**

25      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

26  reasonably available to Defendant he has no information or belief upon which to base a response.

27  **REQUEST FOR ADMISSION NO. 199:**

28      Admit that Secured Merchants, LLC established voice logix services for BunZai Media

---

**DEFENDANT LATSANOVSKI'S RESPONSES TO PLAINTIFF'S  REQUESTS FOR ADMISSION**

-43-

**Exhibit 914**

1   Group, Inc.

2   **RESPONSE TO REQUEST FOR ADMISSION NO. 199:**

3       Defendant is unable to admit or deny this request; after a good faith inquiry of sources

4   reasonably available to Defendant he has no information or belief upon which to base a response.

5   **REQUEST FOR ADMISSION NO. 200:**

6       Admit that Secured Merchants, LLC established voice logix services for Pinnacle Logistics,

7   Inc.

8   **RESPONSE TO REQUEST FOR ADMISSION NO. 200:**

9       Defendant is unable to admit or deny this request; after a good faith inquiry of sources

10  reasonably available to Defendant he has no information or belief upon which to base a response.

11  **REQUEST FOR ADMISSION NO. 201:**

12      Admit that Secured Merchants, LLC established voice logix  services for Corporate

13  Defendants.

14  **RESPONSE TO REQUEST FOR ADMISSION NO. 201:**

15      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

16  reasonably available to Defendant he has no information or belief upon which to base a response.

17  **REQUEST FOR ADMISSION NO. 202:**

18      Admit that Alon Nottea used the alias name "Jay Michaels."

19  **RESPONSE TO REQUEST FOR ADMISSION NO. 202:**

20      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

21  reasonably available to Defendant he has no information or belief upon which to base a response.

22  **REQUEST FOR ADMISSION NO. 203:**

23      Admit that Doron controlled deposit stamps for all Corporate Defendants.

24  **RESPONSE TO REQUEST FOR ADMISSION NO. 203:**

25      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

26  reasonably available to Defendant he has no information or belief upon which to base a response.

27  **REQUEST FOR ADMISSION NO. 204:**

28      Admit that Igor Latsanovski reviewed Aura Vie's website.

---

**DEFENDANT LATSANOVSKI'S RESPONSES TO PLAINTIFF'S  REQUESTS FOR ADMISSION**

1   **RESPONSE TO REQUEST FOR ADMISSION NO. 204:**

2       Deny.

3   **REQUEST FOR ADMISSION NO. 205:**

4       Admit that Igor Latsanovski reviewed all Corporate Defendants' website(s).

5   **RESPONSE TO REQUEST FOR ADMISSION NO. 205:**

6       Deny.

7   **REQUEST FOR ADMISSION NO. 206:**

8       Admit that Roi Reuveni was a manager in Pinnacle's chargeback department.

9   **RESPONSE TO REQUEST FOR ADMISSION NO. 206:**

10       Defendant is unable to admit or deny this request; after a good faith inquiry of sources

11 reasonably available to Defendant he has no information or belief upon which to base a response.

12   **REQUEST FOR ADMISSION NO. 207:**

13       Admit that Roi Reuveni was a manager in Pinnacle's call center.

14   **RESPONSE TO REQUEST FOR ADMISSION NO. 207:**

15       Admit.

16   **REQUEST FOR ADMISSION NO. 208:**

17       Admit that Alan Argaman was sole owner of corporate defendants Secured Merchants, LLC.

18   **RESPONSE TO REQUEST FOR ADMISSION NO. 208:**

19       Defendant is unable to admit or deny this request; after a good faith inquiry of sources

20 reasonably available to Defendant he has no information or belief upon which to base a response.

21   **REQUEST FOR ADMISSION NO. 209:**

22       Admit that at least 27 companies were used as payment processors for Aura Vie products.

23   **RESPONSE TO REQUEST FOR ADMISSION NO. 209:**

24       Defendant is unable to admit or deny this request; after a good faith inquiry of sources

25 reasonably available to Defendant he has no information or belief upon which to base a response.

26   **REQUEST FOR ADMISSION NO. 210:**

27       Admit that at least 27 companies were used as payment processors for Dellure products.

28

---

**DEFENDANT LATSANOVSKI'S RESPONSES TO PLAINTIFF'S  REQUESTS FOR ADMISSION**

1  **RESPONSE TO REQUEST FOR ADMISSION NO. 210:**

2      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

3  reasonably available to Defendant he has no information or belief upon which to base a response.

4  **REQUEST FOR ADMISSION NO. 211:**

5      Admit that at least 27 companies were used as payment processors for Miracle Face Kit

6  products.

7  **RESPONSE TO REQUEST FOR ADMISSION NO. 211:**

8      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

9  reasonably available to Defendant he has no information or belief upon which to base a response.

10  **REQUEST FOR ADMISSION NO. 212:**

11      Admit that BunZai Media Group, Inc., purchased the right to use the name "Aura Vie" from

12  Skincare OU.

13  **RESPONSE TO REQUEST FOR ADMISSION NO. 212:**

14      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

15  reasonably available to Defendant he has no information or belief upon which to base a response.

16  **REQUEST FOR ADMISSION NO. 213:**

17      Admit that Doron Nottea has signed checks or financial documents using Stephen Bauer's

18  name.

19  **RESPONSE TO REQUEST FOR ADMISSION NO. 213:**

20      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

21  reasonably available to Defendant he has no information or belief upon which to base a response.

22  **REQUEST FOR ADMISSION NO. 214:**

23      Admit that Doron Nottea and Alan Argaman were owners of Secured Commerce, LLC.

24  **RESPONSE TO REQUEST FOR ADMISSION NO. 214:**

25      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

26  reasonably available to Defendant he has no information or belief upon which to base a response.

27  **REQUEST FOR ADMISSION NO. 215:**

28      Admit that Focus Media Solutions, Inc. created advertisements for skincare products sold by

---

**DEFENDANT LATSANOVSKI'S RESPONSES TO PLAINTIFF'S  REQUESTS FOR ADMISSION**

1  negative option.

2  **RESPONSE TO REQUEST FOR ADMISSION NO. 215:**

3      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

4  reasonably available to Defendant he has no information or belief upon which to base a response.

5  **REQUEST FOR ADMISSION NO. 216:**

6      Admit that Focus Media Solutions, Inc. created advertisements for BunZai Media Group,

7  Inc.'s skincare products sold by negative option.

8  **RESPONSE TO REQUEST FOR ADMISSION NO. 216:**

9      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

10  reasonably available to Defendant he has no information or belief upon which to base a response.

11  **REQUEST FOR ADMISSION NO. 217:**

12      Admit that Focus Media Solutions, Inc. created advertisements for Pinnacle Logistics, Inc.'s

13  skincare products sold by negative option.

14  **RESPONSE TO REQUEST FOR ADMISSION NO. 217:**

15      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

16  reasonably available to Defendant he has no information or belief upon which to base a response.

17  **REQUEST FOR ADMISSION NO. 218:**

18      Admit that Focus Media Solutions, Inc. created advertisements for Corporate Defendants'

19  skincare products sold by negative option.

20  **RESPONSE TO REQUEST FOR ADMISSION NO. 218:**

21      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

22  reasonably available to Defendant he has no information or belief upon which to base a response.

23  **REQUEST FOR ADMISSION NO. 219:**

24      Admit that Alon Nottea was an owner of Focus Media Solutions, Inc.

25  **RESPONSE TO REQUEST FOR ADMISSION NO. 219:**

26      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

27  reasonably available to Defendant he has no information or belief upon which to base a response.

28

**REQUEST FOR ADMISSION NO. 220:**

Admit that, since its incorporation, Alon Nottea had the authority to control the business operations of Focus Media Solutions, Inc.

**RESPONSE TO REQUEST FOR ADMISSION NO. 220:**

Admit.

**REQUEST FOR ADMISSION NO. 221:**

Admit that Doron Nottea did bookkeeping work for Focus Media Solution, Inc.

**RESPONSE TO REQUEST FOR ADMISSION NO. 221:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 222:**

Admit that Media Urge did marketing for BunZai Media Group, Inc.

**RESPONSE TO REQUEST FOR ADMISSION NO. 222:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 223:**

Admit that Media Urge did marketing for Pinnacle Logistics, Inc.

**RESPONSE TO REQUEST FOR ADMISSION NO. 223:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 224:**

Admit that Media Urge did marketing for Corporate Defendants.

**RESPONSE TO REQUEST FOR ADMISSION NO. 224:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 225:**

Admit that Motti Nottea has reviewed Aura Vie website(s).

---

**DEFENDANT LATSANOVSKI'S RESPONSES TO PLAINTIFF'S  REQUESTS FOR ADMISSION**

**RESPONSE TO REQUEST FOR ADMISSION NO. 225:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 226:**

Admit that Motti Nottea has reviewed Dellure website(s).

**RESPONSE TO REQUEST FOR ADMISSION NO. 226:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 227:**

Admit that Motti Nottea has reviewed Miracle Fact Kit website(s).

**RESPONSE TO REQUEST FOR ADMISSION NO. 227:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 228:**

Admit that Motti Nottea signed payment processor documents on behalf of BunZai Media Group, Inc.

**RESPONSE TO REQUEST FOR ADMISSION NO. 228:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 229:**

Admit that Motti Nottea held himself out as a CEO of BunZai Media Group, Inc.

**RESPONSE TO REQUEST FOR ADMISSION NO. 229:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 230:**

Admit that Motti Nottea was the CEO or owner of DSA Holdings, Inc.

**RESPONSE TO REQUEST FOR ADMISSION NO. 230:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources

1   reasonably available to Defendant he has no information or belief upon which to base a response.

2   **REQUEST FOR ADMISSION NO. 231:**

3       Admit that Alon Nottea participated in managing Chargeback Armor, Inc.

4   **RESPONSE TO REQUEST FOR ADMISSION NO. 231:**

5       Defendant is unable to admit or deny this request; after a good faith inquiry of sources

6   reasonably available to Defendant he has no information or belief upon which to base a response.

7   **REQUEST FOR ADMISSION NO. 232:**

8       Admit that Alon Nottea was an owner of Chargeback Armor, Inc.

9   **RESPONSE TO REQUEST FOR ADMISSION NO. 232:**

10       Defendant is unable to admit or deny this request; after a good faith inquiry of sources

11   reasonably available to Defendant he has no information or belief upon which to base a response.

12   **REQUEST FOR ADMISSION NO. 233:**

13       Admit that, since its incorporation, Alon Nottea, acting alone or in concert with others, had

14   the authority to control the business operations of Chargeback Armor, Inc.

15   **RESPONSE TO REQUEST FOR ADMISSION NO. 233:**

16       Defendant is unable to admit or deny this request; after a good faith inquiry of sources

17   reasonably available to Defendant he has no information or belief upon which to base a response.

18   **REQUEST FOR ADMISSION NO. 234:**

19       Admit that Alon Nottea solicited investors or investments for Chargeback Armor, Inc.

20   **RESPONSE TO REQUEST FOR ADMISSION NO. 234:**

21       Defendant is unable to admit or deny this request; after a good faith inquiry of sources

22   reasonably available to Defendant he has no information or belief upon which to base a response.

23   **REQUEST FOR ADMISSION NO. 235:**

24       Admit that Secured Merchants, LLC transferred $250,000 in funds to Chargeback Armor,

25   Inc.

26   **RESPONSE TO REQUEST FOR ADMISSION NO. 235:**

27       Defendant is unable to admit or deny this request; after a good faith inquiry of sources

28   reasonably available to Defendant he has no information or belief upon which to base a response.

1    **REQUEST FOR ADMISSION NO. 236:**

2    Admit that Secured Merchants received more than $300,000 from SBM Management, Inc.

3    for providing chargeback services relating to the sale of Defendants' skincare products.

4    **RESPONSE TO REQUEST FOR ADMISSION NO. 236:**

5    Defendant is unable to admit or deny this request; after a good faith inquiry of sources

6    reasonably available to Defendant he has no information or belief upon which to base a response.

7    **REQUEST FOR ADMISSION NO. 237:**

8    Admit that Roi Reuveni is or was Chargenback Armor's COO.

9    **RESPONSE TO REQUEST FOR ADMISSION NO. 237:**

10    Defendant is unable to admit or deny this request; after a good faith inquiry of sources

11    reasonably available to Defendant he has no information or belief upon which to base a response.

12    **REQUEST FOR ADMISSION NO. 238:**

13    Admit that SMB Management, Inc. was controlled by Doron Nottea.

14    **RESPONSE TO REQUEST FOR ADMISSION NO. 238:**

15    Defendant is unable to admit or deny this request; after a good faith inquiry of sources

16    reasonably available to Defendant he has no information or belief upon which to base a response.

17    **REQUEST FOR ADMISSION NO. 239:**

18    Admit that, since its incorporation, Doron Nottea had the authority to control the business

19    operations of SMB Management, Inc.

20    **RESPONSE TO REQUEST FOR ADMISSION NO. 239:**

21    Defendant is unable to admit or deny this request; after a good faith inquiry of sources

22    reasonably available to Defendant he has no information or belief upon which to base a response.

23    **REQUEST FOR ADMISSION NO. 240:**

24    Admit each individual defendants was paid at least 1% of sales processed through merchant

25    accounts in which they were listed as CEO.

26    **RESPONSE TO REQUEST FOR ADMISSION NO. 240:**

27    Defendant is unable to admit or deny this request; after a good faith inquiry of sources

28    reasonably available to Defendant he has no information or belief upon which to base a response.

---

**DEFENDANT LATSANOVSKI'S RESPONSES TO PLAINTIFF'S  REQUESTS FOR ADMISSION**

1   **REQUEST FOR ADMISSION NO. 241:**

2       Admit that Doron Nottea received compensation for bookkeeping work performed for

3   companies for any Corporate Defendant.

4   **RESPONSE TO REQUEST FOR ADMISSION NO. 241:**

5       Defendant is unable to admit or deny this request; after a good faith inquiry of sources

6   reasonably available to Defendant he has no information or belief upon which to base a response.

7   **REQUEST FOR ADMISSION NO. 242:**

8       Admit that Doron Nottea used corporate credit cards for companies for any Corporate

9   Defendant for personal expenses.

10   **RESPONSE TO REQUEST FOR ADMISSION NO. 242:**

11       Defendant is unable to admit or deny this request; after a good faith inquiry of sources

12   reasonably available to Defendant he has no information or belief upon which to base a response.

13   **REQUEST FOR ADMISSION NO. 243:**

14       Admit that some portion of the funds in Doron Nottea's safety deposit box came from the

15   sale of negative option products.

16   **RESPONSE TO REQUEST FOR ADMISSION NO. 243:**

17       Defendant is unable to admit or deny this request; after a good faith inquiry of sources

18   reasonably available to Defendant he has no information or belief upon which to base a response.

19   **REQUEST FOR ADMISSION NO. 244:**

20       Admit that Roi Reuveni is or was President for DMA Media Holdings.

21   **RESPONSE TO REQUEST FOR ADMISSION NO. 244:**

22       Defendant is unable to admit or deny this request; after a good faith inquiry of sources

23   reasonably available to Defendant he has no information or belief upon which to base a response.

24   **REQUEST FOR ADMISSION NO. 245:**

25       Admit that Roi Reuveni is or was an officer or director for Agoa Holdings.

26   **RESPONSE TO REQUEST FOR ADMISSION NO. 245:**

27       Defendant is unable to admit or deny this request; after a good faith inquiry of sources

28   reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 246:**

Admit that Roi Reuveni was paid by CalEnergy, Inc.

**RESPONSE TO REQUEST FOR ADMISSION NO. 246:**

Admit.

**REQUEST FOR ADMISSION NO. 247:**

Admit that Igor Latsanovski provided assistance in establishing overseas accounts or merchant accounts for transferring funds received from consumers in the sale of Defendants' skincare products by negative option.

**RESPONSE TO REQUEST FOR ADMISSION NO. 247:**

Deny.

**REQUEST FOR ADMISSION NO. 248:**

Admit that BunZai Media Group, Inc. previously had its merchant accounts frozen or cancelled by the bank or merchant processing entity due to high chargeback rates.

**RESPONSE TO REQUEST FOR ADMISSION NO. 248:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 249:**

Admit that any Corporate Defendant continued to process or make sales of skincare products after their formal dissolution papers were filed with the California Secretary of State.

**RESPONSE TO REQUEST FOR ADMISSION NO. 249:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 250:**

Admit that Zen Mobile Media, Inc. made payments on the American Express card in the name of Igor Latsanovski.

**RESPONSE TO REQUEST FOR ADMISSION NO. 250:**

Deny.

1  **REQUEST FOR ADMISSION NO. 251:**

2      Admit that you sold Aura Vie products by negative option.

3  **RESPONSE TO REQUEST FOR ADMISSION NO. 251:**

4      Deny.

5  **REQUEST FOR ADMISSION NO. 252:**

6      Admit that you sold Dellure products by negative option.

7  **RESPONSE TO REQUEST FOR ADMISSION NO. 252:**

8      Deny.

9  **REQUEST FOR ADMISSION NO. 253:**

10      Admit that you sold Miracle Face Kit products by negative option.

11  **RESPONSE TO REQUEST FOR ADMISSION NO. 253:**

12      Deny.

13  **REQUEST FOR ADMISSION NO. 254:**

14      Admit that Alon Nottea sent and received emails using the email account

15  vigorect@gmail.com.

16  **RESPONSE TO REQUEST FOR ADMISSION NO. 254:**

17      Admit.

18  **REQUEST FOR ADMISSION NO. 255:**

19      Admit that Alon Nottea sent and received emails using the email account alon@chargeback

20  armor.com

21  **RESPONSE TO REQUEST FOR ADMISSION NO. 255:**

22      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

23  reasonably available to Defendant he has no information or belief upon which to base a response.

24  **REQUEST FOR ADMISSION NO. 256:**

25      Admit that Alon Nottea and received emails using the email account

26  alon@securedmerchants.com

27  **RESPONSE TO REQUEST FOR ADMISSION NO. 256:**

28      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

---

**DEFENDANT LATSANOVSKI'S RESPONSES TO PLAINTIFF'S  REQUESTS FOR ADMISSION**

1  reasonably available to Defendant he has no information or belief upon which to base a response.

2  **REQUEST FOR ADMISSION NO. 257:**

3      Admit that Doron Nottea sent and received emails using the email account Doron@doron.us.

4  **RESPONSE TO REQUEST FOR ADMISSION NO. 257:**

5      Admit.

6  **REQUEST FOR ADMISSION NO. 258:**

7      Admit that Doron Nottea sent and received messages using the Skype account named

8  Accounting818.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 258:**

10     Defendant is unable to admit or deny this request; after a good faith inquiry of sources

11 reasonably available to Defendant he has no information or belief upon which to base a response.

12 **REQUEST FOR ADMISSION NO. 259:**

13     Admit that Roi Reuveni sent and received emails using the email account

14 roi@chargebackarmor.com

15 **RESPONSE TO REQUEST FOR ADMISSION NO. 259:**

16     Defendant is unable to admit or deny this request; after a good faith inquiry of sources

17 reasonably available to Defendant he has no information or belief upon which to base a response.

18 **REQUEST FOR ADMISSION NO. 260:**

19     Admit that Roi Reuveni sent and received emails using the email account

20 roi@securedmerchants.com

21 **RESPONSE TO REQUEST FOR ADMISSION NO. 260:**

22     Defendant is unable to admit or deny this request; after a good faith inquiry of sources

23 reasonably available to Defendant he has no information or belief upon which to base a response.

24 **REQUEST FOR ADMISSION NO. 261:**

25     Admit that Alon Argaman sent and received emails using the email account

26 avicoglobal@gmailc.om

27 **RESPONSE TO REQUEST FOR ADMISSION NO. 261:**

28     Defendant is unable to admit or deny this request; after a good faith inquiry of sources

---

1    reasonably available to Defendant he has no information or belief upon which to base a response.

2    **REQUEST FOR ADMISSION NO. 262:**

3    Admit that, in February 2015, Roi Reuveni signed the lease on behalf of Chargeback Armor,

4    Inc.

5    **RESPONSE TO REQUEST FOR ADMISSION NO. 262:**

6    Defendant is unable to admit or deny this request; after a good faith inquiry of sources

7    reasonably available to Defendant he has no information or belief upon which to base a response.

8    **REQUEST FOR ADMISSION NO. 263:**

9    Admit that Doron Nottea received weekly reports concerning chargebacks for companies'

10   any Corporate Defendant's sales.

11   **RESPONSE TO REQUEST FOR ADMISSION NO. 263:**

12   Defendant is unable to admit or deny this request; after a good faith inquiry of sources

13   reasonably available to Defendant he has no information or belief upon which to base a response.

14   **REQUEST FOR ADMISSION NO. 264:**

15   Admit that Igor Latsanovski assisted Alon Nottea in establishing foreign merchant accounts

16   for the sale of skincare products by negative option.

17   **RESPONSE TO REQUEST FOR ADMISSION NO. 264:**

18   Deny.

19   **REQUEST FOR ADMISSION NO. 265:**

20   Admit that Igor Latsanovski is sole owner of Guayas LTD.

21   **RESPONSE TO REQUEST FOR ADMISSION NO. 265:**

22   Deny.

23   **REQUEST FOR ADMISSION NO. 266:**

24   Admit that funds derived from the sale of skincare products by negative option were used to

25   purchase properties owned by Sunset Holding Partners LLC.

26   **RESPONSE TO REQUEST FOR ADMISSION NO. 266:**

27   Deny.

28

---

**DEFENDANT LATSANOVSKI'S RESPONSES TO PLAINTIFF'S  REQUESTS FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 267:**

Admit that Igor Latsanovski received a monthly salary from BunZai Media Group, Inc.

**RESPONSE TO REQUEST FOR ADMISSION NO. 267:**

Deny.

**REQUEST FOR ADMISSION NO. 268:**

Admit that Igor Latsanovski introduced Alon Nottea to potential investors for BunZai Media Group, Inc.

**RESPONSE TO REQUEST FOR ADMISSION NO. 268:**

Deny.

**REQUEST FOR ADMISSION NO. 269:**

Admit that Igor Latsanovski is an investor in Skincare OU or Skincare OY.

**RESPONSE TO REQUEST FOR ADMISSION NO. 269:**

Deny.

**REQUEST FOR ADMISSION NO. 270:**

Admit that Igor Latsanovski is part owner, officer, director of Skincare OY.

**RESPONSE TO REQUEST FOR ADMISSION NO. 270:**

Deny.

**REQUEST FOR ADMISSION NO. 271:**

Admit that funds derived from the sale of Aura Vie products were transferred overseas bank accounts.

**RESPONSE TO REQUEST FOR ADMISSION NO. 271:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 272:**

Admit that funds derived from the sale of Dellures products were transferred overseas bank accounts.

**RESPONSE TO REQUEST FOR ADMISSION NO. 272:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources

1   reasonably available to Defendant he has no information or belief upon which to base a response.

2   **REQUEST FOR ADMISSION NO. 273:**

3        Admit that funds derived from the sale of Miracle Face Kit products were transferred

4   overseas bank accounts.

5   **RESPONSE TO REQUEST FOR ADMISSION NO. 273:**

6        Defendant is unable to admit or deny this request; after a good faith inquiry of sources

7   reasonably available to Defendant he has no information or belief upon which to base a response.

8   **REQUEST FOR ADMISSION NO. 274:**

9        Admit that funds derived from the sale of Defendants' skincare products were transferred

10   overseas bank accounts.

11   **RESPONSE TO REQUEST FOR ADMISSION NO. 274:**

12        Defendant is unable to admit or deny this request; after a good faith inquiry of sources

13   reasonably available to Defendant he has no information or belief upon which to base a response.

18   Dated:  January 20, 2016         Respectfully Submitted,

20   Jeffrey S. Benice, Esq.

21   Attorney for Defendants,
       Igor Latsanovski and Calenergy Inc.

## PROOF OF SERVICE

### UNITED STATES OF AMERICA
### STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the City of Costa Mesa, County of Orange, State of California.  I am over the age of 18 years and not a party to the within action.  My business address is 3080 Bristol Street, Sixth Floor, Suite 630, Costa Mesa, California  92626.  On January 23, 2016, I served the documents named below on the parties in this action as follows:

DOCUMENT(S) SERVED:          **DEFENDANT LATSANOVSKI'S RESPONSES TO PLAINTIFF FEDERAL TRADE COMMISSION'S REQUESTS FOR ADMISSION, SET ONE.**

SERVED UPON:                 SEE ATTACHED SERVICE LIST

[✓]     (BY MAIL)  I caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Costa Mesa, California.  I am readily familiar with the practice of collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection.

[ ]     (BY PERSONAL SERVICE)  I delivered to an authorized courier or driver authorized by Courier to receive documents to be delivered on the same date.  A proof of service signed by the authorized courier will be filed forthwith.

[ ]     (BY OVERNITE EXPRESS)  I am readily familiar with the practice of collection and processing of correspondence for overnight delivery and know that the document(s) described herein will be deposited in a box or other facility regularly maintained for overnight delivery.

[✓]     (BY FACSIMILE/ELECTRONIC SERVICE)  I caused to be transmitted the document(s) described herein via the electronic address(es) listed on the attached service list.

[]      (STATE)  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[✓]     (FEDERAL) I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on January 23, 2016, at Costa Mesa, California.

Javaise Escoto

---

**DEFENDANT LATSANOVSKI'S RESPONSES TO PLAINTIFF'S  REQUESTS FOR ADMISSION**

-60-

1
2

*__SERVICE LIST__*

3

*__Local Counsel for Receiver__*
Tom Vidal/Michael Weiss
Nina Nahal Ameri
Abrams Garfinkel Margolis Bergson
5900 Wilshire Blvd., Suite 2250
Los Angeles, CA 90036
Email: nameri@agmblaw.com

*__Counsel for the FTC__*
Reid Tepfer
Luis Gallegos
Federal Trade Commission
1999 Bryan Street, Suite 2150
Dallas, TX 75201
Email: rtepfer@ftc.gov
Email: lgallegos@ftc.gov

4
5
6

*__Counsel for Oz Mizrahi__*
Erik S. Syverson
Scott M. Lesowitz
Steven T. Gebelin
Raines Feldman LLP
9720 Wilshire Blvd., 5th Floor
Beverly Hills, CA 90212
Email: esyverson@raineslaw.com

*__Counsel for Chargeback Armor, Inc.,
Secured Merchants, LLC, Alan Argaman,
Paul Medina__*
Sagar Parikh
Beverly Hills Law Corp., PC
433 N. Camden Drive, 6th Floor
Beverly Hills, CA 90210
Email: sp@beverlyhillslawcorp.com

7
8
9
10
11

*__Counsel for Doron Nottea and Motti Nottea__*
Robert L. Esenten
Randi R. Geffner
Esesten Law
12100 Wilshire Blvd., Suite 1660
Los Angeles, CA 90025
Email: rgeffner@esenstenlaw.com
Email: resensten@esenstenlaw.com

*__Counsel for Alon Nottea, Roi Reuveni and
Adageo, LLC__*
Robert M. Unger
Crosswind Law
14724 Ventura Blvd., Penthouse
Sherman Oaks, CA 91403
Email: rmu@ungarlaw.com

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

---

**DEFENDANT LATSANOVSKI'S RESPONSES TO PLAINTIFF'S  REQUESTS FOR ADMISSION**

**Exhibit 914**

1    JEFFREY S. BENICE, ESQ., State Bar No. 81583
LAW OFFICES OF JEFFREY S. BENICE
2    *A Professional Law Corporation*
3080 Bristol Street
3    Sixth Floor, Suite 630
Costa Mesa, California 92626
4    Telephone No.: (714) 641-3600
Facsimile No.: (714) 641-3604
5    Website: www.JeffreyBenice.com
E-Mail: JSB@JeffreyBenice.com
6

7    Attorney for Defendants
Igor Latsanovski and Calenergy Inc.
8

9

10              **UNITED STATES DISTRICT COURT**

11              **CENTRAL DISTRICT OF CALIFORNIA**

12    FEDERAL TRADE COMMISSION,    )    **CASE NO. CV 15-04527 GW (PLAx)**
                                         )
13            Plaintiff,          )    **DEFENDANT CALENERGY INC.'S**
                                         )    **RESPONSES TO PLAINTIFF FEDERAL**
14          v.                 )    **TRADE COMMISSION'S DISCOVERY**
                                         )    **REQUESTS, SET TWO, REQUESTS FOR**
15    BUNZAI MEDIA GROUP, INC., et al,    )    **ADMISSION**
                                         )
16           Defendants.        )
                                         )
17    _____ )

18

19

20

21

22

23    **PROPOUNDING PARTY:**        **PLAINTIFF, FEDERAL TRADE COMMISSION**

24    **RESPONDING PARTY:**          **DEFENDANT, CALENERGY, INC.**

25    **SET NO.:**                      **TWO (2)**

26          Pursuant to Rule 36 of the Federal Rules of Civil, Defendant Calenergy Inc.'s ("*Defendant*")

27    responds to Plaintiff Federal Trade Commission's ("*Plaintiff*") Requests for Admission as follows:

28

---

**DEFENDANT CALENERGY'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION**

         **Exhibit 915**

1.

**PRELIMINARY STATEMENT**

1.     Defendant is making a good faith and diligent effort to respond to the requests for admission, subject to the qualifications set forth herein.  Such responses will be based upon information and documents presently available and known to Defendant.  Defendant's discovery and investigation is ongoing, however, and Defendant reserves the right (i) to rely upon facts, documents and witnesses subsequently uncovered as a result of such ongoing discovery and investigation, and (ii) to revise, correct, supplement or clarify the responses contained herein.

2.     The following responses and objections are based upon the facts and information now known to Defendant, as well as present analysis of the case, and may not in any way be deemed to be an admission or representation that further facts, documents or witnesses having knowledge relevant to the subject matter of the subject discovery request do not exist.  As discovery in this action proceeds, Defendant anticipates discovery of further facts, witnesses and documents.  Without in any way undertaking an obligation to do so, Defendant reserves the right to alter, supplement, amend or otherwise modify these responses in any way at any time, in light of facts revealed through further discovery and investigation.

3.     This Preliminary Statement is hereby incorporated into each and every response herein as though set forth in full.

2.

**RESPONSES TO REQUEST FOR ADMISSIONS**

**REQUEST FOR ADMISSION NO. 1:**

Admit that the Federal District Court for the Central District of California has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337 (a), 1345, and 1355, and 15 U.S.C. §§ 45(a), 45(*l*), 53(b), and 56(a).

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Admit.

**REQUEST FOR ADMISSION NO. 2:**

Admit that the complaint in this litigation alleges violations of the laws of the United States.

1   **RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

2      Deny.

3   **REQUEST FOR ADMISSION NO. 3:**

4      Admit that the complaint alleges violations of the Federal Trade Commission Act.

5   **RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

6      Deny.

7   **REQUEST FOR ADMISSION NO. 4:**

8      Admit that the complaint alleges violations of the Restore Online Shoppers Act.

9   **RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

10      Deny.

11   **REQUEST FOR ADMISSION NO. 5:**

12      Admit that the complaint alleges violations of the Electronic Funds Transfer Act.

13   **RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

14      Deny.

15   **REQUEST FOR ADMISSION NO. 6:**

16      Admit that venue is proper in the Central District of California under 28 U.S.C. §§

17   1391(b)(1)_, (b)(2), (c)(1), (c)(2), and (d) and 1395(a) and 15 U.S.C. § 53(b).

18   **RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

19      Admit.

20   **REQUEST FOR ADMISSION NO. 7:**

21      Admit that Doron Nottea has been an officer of Bunzai Media Group, Inc.

22   **RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

23      Deny.

24   **REQUEST FOR ADMISSION NO. 8:**

25      Admit that Doron Nottea was an owner of Bunzai Media Group Inc. since at least January 1,

26   2010.

27   **RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

28      Deny.

---

**DEFENDANT CALENERGY'S RESPONSES TO PLAINTIFF'S  REQUESTS FOR ADMISSION**

            **Exhibit 915**

**REQUEST FOR ADMISSION NO. 9:**

Admit that, since at least January 2010, Doron Nottea has controlled or had the authority to control the business operations of Bunzai Media Group, Inc.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Deny.

**REQUEST FOR ADMISSION NO. 10:**

Admit that Doron Nottea was involved in the day-to-day operations of Bunzai Media Group, Inc.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Deny.

**REQUEST FOR ADMISSION NO. 11:**

Admit that Doron Nottea had knowledge that consumers had alleged that unauthorized charges were being billed to consumers' credit cards by BunZai Media Group, Inc.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 12:**

Admit that Doron Nottea had knowledge that consumers had alleged that unauthorized charges were being billed to consumers' debit cards by BunZai Media Group, Inc.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 13:**

Admit that Doron Nottea transacts or has transacted business in the Central District of California.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 14:**

Admit that Doron Nottea resides in the Central District of California.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 15:**

Admit that Doron Nottea resides at ██████████, Tarzana, California.

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 16:**

Admit that Alon Nottea has been an officer of BunZai Media Group, Inc.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

Admit.

**REQUEST FOR ADMISSION NO. 17:**

Admit that Alon Nottea was an owner of BunZai Media Group, Inc. since at least January 1, 2010.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

Admit.

**REQUEST FOR ADMISSION NO. 18:**

Admit that Alon Nottea was involved in the day-to-day operations of BunZai Media Group, Inc.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

Admit.

**REQUEST FOR ADMISSION NO. 19:**

Admit that Alon Nottea had knowledge that consumers had alleged that unauthorized charges were being billed to consumers' credit cards BunZai Media Group, Inc.

1 | **RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

2 |     Defendant is unable to admit or deny this request; after a good faith inquiry of sources

3 | reasonably available to Defendant he has no information or belief upon which to base a response.

4 | **REQUEST FOR ADMISSION NO. 20:**

5 |     Admit that Alon Nottea had knowledge that consumers had alleged that unauthorized charges

6 | were being billed to consumers' debit cards BunZai Media Group, Inc.

7 | **RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

8 |     Defendant is unable to admit or deny this request; after a good faith inquiry of sources

9 | reasonably available to Defendant he has no information or belief upon which to base a response.

10 | **REQUEST FOR ADMISSION NO. 21:**

11 |     Admit that, since at least January 2010, Alon Nottea has controlled or had the authority to

12 | control the business operations of BunZai Media Group, Inc.

13 | **RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

14 |     Admit.

15 | **REQUEST FOR ADMISSION NO. 22:**

16 |     Admit that Alon Nottea transacts or has transacted business in the Central District of

17 | California.

18 | **RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

19 |     Admit.

20 | **REQUEST FOR ADMISSION NO. 23:**

21 |     Admit that Alon Nottea resides in the Central District of California.

22 | **RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

23 |     Admit.

24 | **REQUEST FOR ADMISSION NO. 24:**

25 |     Admit that Alon Nottea resides at ███████████ Winnetka, California

26 | **RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

27 |     Defendant is unable to admit or deny this request; after a good faith inquiry of sources

28 | reasonably available to Defendant he has no information or belief upon which to base a response.

---

**DEFENDANT CALENERGY'S RESPONSES TO PLAINTIFF'S  REQUESTS FOR ADMISSION**

**Exhibit 915**

1   **REQUEST FOR ADMISSION NO. 25:**

2       Admit that Igor Latsanovski has been an officer of BunZai Media Group, Inc.

3   **RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

4       Deny.

5   **REQUEST FOR ADMISSION NO. 26:**

6       Admit that Igor Latsanovski was an owner of BunZai Media Group, Inc. since at least

7   January 1, 2010.

8   **RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

9       Deny.

10  **REQUEST FOR ADMISSION NO. 27:**

11      Admit that, since at least January 2010, Igor Latsanovski has controlled or had the authority

12  to control the business operations of BunZai Media Group, Inc.

13  **RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

14      Deny.

15  **REQUEST FOR ADMISSION NO. 28:**

16      Admit that Igor Latsanovski had knowledge that consumers had alleged that unauthorized

17  charges were being billed to consumers' credit cards by BunZai Media Group, Inc.

18  **RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

19      Deny.

20  **REQUEST FOR ADMISSION NO. 29:**

21      Admit that Igor Latsanovski had knowledge that consumers had alleged that

22  unauthorized charges were being billed to consumers' debit cards BunZai Media Group, Inc.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 29:**

24      Deny.

25  **REQUEST FOR ADMISSION NO. 30:**

26      Admit that Igor Latsanovski transacts or has transacted business in the Central District of

27  California.

28

1   **RESPONSE TO REQUEST FOR ADMISSION NO. 30:**

2       Admit.

3   **REQUEST FOR ADMISSION NO. 31:**

4       Admit that Igor Latsanovski resides in the Central District of California.

5   **RESPONSE TO REQUEST FOR ADMISSION NO. 31:**

6       Admit.

7   **REQUEST FOR ADMISSION NO. 32:**

8       Admit that Igor Latsanovski resides at ███████████, Calabasas, California.

9   **RESPONSE TO REQUEST FOR ADMISSION NO. 32:**

10      Admit.

11  **REQUEST FOR ADMISSION NO. 33:**

12      Admit that Motti Nottea has been an officer of BunZai Media Group, Inc.

13  **RESPONSE TO REQUEST FOR ADMISSION NO. 33:**

14      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

15  reasonably available to Defendant he has no information or belief upon which to base a response.

16  **REQUEST FOR ADMISSION NO. 34:**

17      Admit that Motti Nottea was the CEO of BunZai Media Group, Inc.

18  **RESPONSE TO REQUEST FOR ADMISSION NO. 34:**

19      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

20  reasonably available to Defendant he has no information or belief upon which to base a response.

21  **REQUEST FOR ADMISSION NO. 35:**

22      Admit that Motti Nottea was an owner of BunZai Media Group, Inc. since at least January 1,

23  2010.

24  **RESPONSE TO REQUEST FOR ADMISSION NO. 35:**

25      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

26  reasonably available to Defendant he has no information or belief upon which to base a response.

27  **REQUEST FOR ADMISSION NO. 36:**

28      Admit that, since at least January 2010, Motti Nottea has controlled or had the authority to

---

**DEFENDANT CALENERGY'S RESPONSES TO PLAINTIFF'S  REQUESTS FOR ADMISSION**

-8-

915-8                                                    **Exhibit 915**

1  control the business operations of BunZai Media Group, Inc.

2  **RESPONSE TO REQUEST FOR ADMISSION NO. 36:**

3      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

4  reasonably available to Defendant he has no information or belief upon which to base a response.

5  **REQUEST FOR ADMISSION NO. 37:**

6      Admit that Motti Nottea transacts or had transacted business in the Central District of

7  California.

8  **RESPONSE TO REQUEST FOR ADMISSION NO. 37:**

9      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

10  reasonably available to Defendant he has no information or belief upon which to base a response.

11  **REQUEST FOR ADMISSION NO. 38:**

12      Admit that Motti Nottea had a merchant account in his name for BunZai Media Group, Inc.

13  **RESPONSE TO REQUEST FOR ADMISSION NO. 38:**

14      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

15  reasonably available to Defendant he has no information or belief upon which to base a response.

16  **REQUEST FOR ADMISSION NO. 39:**

17      Admit that Motti Nottea resides in the Central District of California.

18  **RESPONSE TO REQUEST FOR ADMISSION NO. 39:**

19      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

20  reasonably available to Defendant he has no information or belief upon which to base a response.

21  **REQUEST FOR ADMISSION NO. 40:**

22      Admit that Motti Nottea resides at ████████████████ Tarzana, California.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 40:**

24      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

25  reasonably available to Defendant he has no information or belief upon which to base a response.

26  **REQUEST FOR ADMISSION NO. 41:**

27      Admit that Roi Reuveni has been an officer of BunZai Media Group, Inc.

28

1   **RESPONSE TO REQUEST FOR ADMISSION NO. 41:**

2     Defendant is unable to admit or deny this request; after a good faith inquiry of sources

3   reasonably available to Defendant he has no information or belief upon which to base a response.

4   **REQUEST FOR ADMISSION NO. 42:**

5     Admit that Roi Reuveni has been a manager of the customer service department of BunZai

6   Media Group, Inc.

7   **RESPONSE TO REQUEST FOR ADMISSION NO. 42:**

8     Defendant is unable to admit or deny this request; after a good faith inquiry of sources

9   reasonably available to Defendant he has no information or belief upon which to base a response.

10  **REQUEST FOR ADMISSION NO. 43:**

11    Admit that Roi Reuveni has been the manager of the chargebacks department of BunZai

12  Media Group, Inc.

13  **RESPONSE TO REQUEST FOR ADMISSION NO. 43:**

14    Defendant is unable to admit or deny this request; after a good faith inquiry of sources

15  reasonably available to Defendant he has no information or belief upon which to base a response.

16  **REQUEST FOR ADMISSION NO. 44:**

17    Admit that, acting alone or in concert with others, Roi Reuveni drafted the deceptive

18  template used to respond by BunZai Media Group, Inc. to respond to financial institutions when

19  consumers requested chargebacks.

20  **RESPONSE TO REQUEST FOR ADMISSION NO. 44:**

21    Defendant is unable to admit or deny this request; after a good faith inquiry of sources

22  reasonably available to Defendant he has no information or belief upon which to base a response.

23  **REQUEST FOR ADMISSION NO. 45:**

24    Admit that, since at least January 1, 2010, Roi Reuveni has controlled or has the authority to

25  control the business operations of BunZai Media Group, Inc.

26  **RESPONSE TO REQUEST FOR ADMISSION NO. 45:**

27    Defendant is unable to admit or deny this request; after a good faith inquiry of sources

28  reasonably available to Defendant he has no information or belief upon which to base a response.

---

**DEFENDANT CALENERGY'S RESPONSES TO PLAINTIFF'S  REQUESTS FOR ADMISSION**

-10-    **Exhibit 915**

**REQUEST FOR ADMISSION NO. 46:**

Admit that Roi Reuveni transacts or has transacted business in the Central District of California.

**RESPONSE TO REQUEST FOR ADMISSION NO. 46:**

Admit.

**REQUEST FOR ADMISSION NO. 47:**

Admit that Roi Reuveni resides in the Central District of California.

**RESPONSE TO REQUEST FOR ADMISSION NO. 47:**

Admit.

**REQUEST FOR ADMISSION NO. 48:**

Admit that Roi Reuveni resides at ███████████████ Woodland Hills, California.

**RESPONSE TO REQUEST FOR ADMISSION NO. 48:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 49:**

Admit that Kristopher Bond has been an officer of BunZai Media Group, Inc.

**RESPONSE TO REQUEST FOR ADMISSION NO. 49:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 50:**

Admit that Kristopher Bond was an owner of BunZai Media Group, Inc. since at least January 1, 2010.

**RESPONSE TO REQUEST FOR ADMISSION NO. 50:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 51:**

Admit that Kristopher Bond was involved in the day-to-day operations of BunZai Media

1  Group, Inc.

2  **RESPONSE TO REQUEST FOR ADMISSION NO. 51:**

3      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

4  reasonably available to Defendant he has no information or belief upon which to base a response.

5  **REQUEST FOR ADMISSION NO. 52:**

6      Admit that Kristopher Bond had knowledge that consumers had alleged that unauthorized

7  charges were being billed to consumers' credit cards BunZai Media Group, Inc.

8  **RESPONSE TO REQUEST FOR ADMISSION NO. 52:**

9      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

10  reasonably available to Defendant he has no information or belief upon which to base a response.

11  **REQUEST FOR ADMISSION NO. 53:**

12      Admit that Kristopher Bond had the knowledge that consumers had alleged that unauthorized

13  charges were being billed to consumers' debit cards BunZai Media Group, Inc.

14  **RESPONSE TO REQUEST FOR ADMISSION NO. 53:**

15      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

16  reasonably available to Defendant he has no information or belief upon which to base a response.

17  **REQUEST FOR ADMISSION NO. 54:**

18      Admit that BunZai Media Group, Inc., was incorporated in California on January 1, 2010.

19  **RESPONSE TO REQUEST FOR ADMISSION NO. 54:**

20      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

21  reasonably available to Defendant he has no information or belief upon which to base a response.

22  **REQUEST FOR ADMISSION NO. 55:**

23      Admit that, since BunZai Media Group, Inc.'s formation, it has maintained a substantial

24  course of trade in or affecting commerce, as "commerece" is defined in Section 4 of the FTC Act, 15

25  U.S.C. § 44.

26  **RESPONSE TO REQUEST FOR ADMISSION NO. 55:**

27      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

28  reasonably available to Defendant he has no information or belief upon which to base a response.

---

**DEFENDANT CALENERGY'S RESPONSES TO PLAINTIFF'S  REQUESTS FOR ADMISSION**

915-12   -12-                                      **Exhibit 915**

1  **REQUEST FOR ADMISSION NO. 56:**

2      Admit that BunZai Media Group, Inc. has offered for sale, sold, and distributed skincare

3  products to consumers throughout the United States.

4  **RESPONSE TO REQUEST FOR ADMISSION NO. 56:**

5      Admit.

6  **REQUEST FOR ADMISSION NO. 57:**

7      Admit that BunZai Media Group, Inc. is not exempt from the coverage of the Federal Trade

8  Commission Act by statute.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 57:**

10      Deny.

11  **REQUEST FOR ADMISSION NO. 58:**

12      Admit that BunZai Media Group, Inc. is a for-profit corporation.

13  **RESPONSE TO REQUEST FOR ADMISSION NO. 58:**

14      Admit.

15  **REQUEST FOR ADMISSION NO. 59:**

16      Admit that BunZai Media Group, Inc has offered for sale, sold, and distributed skincare

17  products using the name Aura Vie.

18  **RESPONSE TO REQUEST FOR ADMISSION NO. 59:**

19      Admit.

20  **REQUEST FOR ADMISSION NO. 60:**

21      Admit that BunZai Media Group, Inc has offered for sale, sold, and distributed skincare

22  products using the name Dellure.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 60:**

24      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

25  reasonably available to Defendant he has no information or belief upon which to base a response.

26  **REQUEST FOR ADMISSION NO. 61:**

27      Admit that BunZai Media Group, Inc has offered for sale, sold, and distributed skincare

28  products using the name Miracle Face Kit.

---

**DEFENDANT CALENERGY'S RESPONSES TO PLAINTIFF'S RESPONSES FOR ADMISSION**

**RESPONSE TO REQUEST FOR ADMISSION NO. 61:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 62:**

Admit that BunZai Media Group, Inc has offered for sale, sold, and distributed skincare products using the website AuraVieffreetrial.com.

**RESPONSE TO REQUEST FOR ADMISSION NO. 62:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 63:**

Admit that BunZai Media Group, Inc has offered for sale, sold, and distributed skincare products using the website mymiraclekit.com.

**RESPONSE TO REQUEST FOR ADMISSION NO. 63:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 64:**

Admit that BunZai Media Group, Inc has offered for sale, sold, and distributed skincare products using the website miraclefacekit.com

**RESPONSE TO REQUEST FOR ADMISSION NO. 64:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 65:**

Admit that BunZai Media Group, Inc has offered for sale, sold and distributed skincare products using the term "risk free trial."

**RESPONSE TO REQUEST FOR ADMISSION NO. 65:**

Admit.

**REQUEST FOR ADMISSION NO. 66:**

Admit that BunZai Media Group, Inc offered for sale, sold, and distributed skincare products

---

**DEFENDANT CALENERGY'S RESPONSES TO PLAINTIFF'S  REQUESTS FOR ADMISSION**

915-14 -14-                                    **Exhibit 915**

1  using the term "gifts."

2  **RESPONSE TO REQUEST FOR ADMISSION NO. 66:**

3      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

4  reasonably available to Defendant he has no information or belief upon which to base a response.

5  **REQUEST FOR ADMISSION NO. 67:**

6      Admit that consumers who bought BunZai Media Group, Inc's skincare products had to

7  return the product within 10 days to avoid being charged for the product.

8  **RESPONSE TO REQUEST FOR ADMISSION NO. 67:**

9      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

10  reasonably available to Defendant he has no information or belief upon which to base a response.

11  **REQUEST FOR ADMISSION NO. 68:**

12      Admit that consumers who bought BunZai Media Group, Inc.'s skincare products had to

13  return the product within 10 days to avoid being subscribed into a negative option continuity plan.

14  **RESPONSE TO REQUEST FOR ADMISSION NO. 68:**

15      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

16  reasonably available to Defendant he has no information or belief upon which to base a response.

17  **REQUEST FOR ADMISSION NO. 69:**

18      Admit that consumers who bought BunZai Media Group Inc.'s skin care products had to

19  return the product within 10 days to avoid being subscribed into a negative option continuity plan

20  that would charge the consumers a monthly fee.

21  **RESPONSE TO REQUEST FOR ADMISSION NO. 69:**

22      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

23  reasonably available to Defendant he has no information or belief upon which to base a response.

24  **REQUEST FOR ADMISSION NO. 70:**

25      Admit that consumers who bought BunZai Media Group Inc.'s skin care products had to

26  return the product within 10 days to avoid being subscribed into a negative option continuity plan

27  that would charge the consumers a fee of about $97.88.

28

---

**DEFENDANT CALENERGY'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION**

1  **RESPONSE TO REQUEST FOR ADMISSION NO. 70:**

2      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

3  reasonably available to Defendant he has no information or belief upon which to base a response.

4  **REQUEST FOR ADMISSION NO. 71:**

5      Admit that consumers who bought BunZai Media Group Inc.'s skin care products had to pay

6  a shipping and handling charge.

7  **RESPONSE TO REQUEST FOR ADMISSION NO. 71:**

8      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

9  reasonably available to Defendant he has no information or belief upon which to base a response.

10  **REQUEST FOR ADMISSION NO. 72:**

11      Admit that BunZai Media Group, Inc., processed consumer skincare payments through a

12  merchant account in the name of Agoa Holdings, Inc.

13  **RESPONSE TO REQUEST FOR ADMISSION NO. 72:**

14      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

15  reasonably available to Defendant he has no information or belief upon which to base a response.

16  **REQUEST FOR ADMISSION NO. 73:**

17      Admit that BunZai Media Group Inc. processed consumer skincare payments through a

18  merchant account in the name of Zen Mobile Media, Inc.

19  **RESPONSE TO REQUEST FOR ADMISSION NO. 73:**

20      Admit.

21  **REQUEST FOR ADMISSION NO. 74:**

22      Admit that BunZai Media Group, Inc. processed skincare payments through a merchant

23  account in the name of SafeHaven Ventures, Inc.

24  **RESPONSE TO REQUEST FOR ADMISSION NO. 74:**

25      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

26  reasonably available to Defendant he has no information or belief upon which to base a response.

27  **REQUEST FOR ADMISSION NO. 75:**

28      Admit that BunZai Media Group, Inc. processed skincare payments through a merchant

---

**DEFENDANT CALENERGY'S RESPONSES TO PLAINTIFF'S  REQUESTS FOR ADMISSION**

1    account in the name of Heritage Alliance Group, Inc.

2    **RESPONSE TO REQUEST FOR ADMISSION NO. 75:**

3         Defendant is unable to admit or deny this request; after a good faith inquiry of sources

4    reasonably available to Defendant he has no information or belief upon which to base a response.

5    **REQUEST FOR ADMISSION NO. 76:**

6         Admit that BunZai Media Group, Inc. processed skincare payments through a merchant

7    account in the name of AMD Financial Network, Inc.

8    **RESPONSE TO REQUEST FOR ADMISSION NO. 76:**

9         Defendant is unable to admit or deny this request; after a good faith inquiry of sources

10   reasonably available to Defendant he has no information or belief upon which to base a response.

11   **REQUEST FOR ADMISSION NO. 77:**

12        Admit that BunZai Media Group, Inc. processed consumer skincare payments through a

13   merchant account in the name of Kai Media, Inc.

14   **RESPONSE TO REQUEST FOR ADMISSION NO. 77:**

15        Defendant is unable to admit or deny this request; after a good faith inquiry of sources

16   reasonably available to Defendant he has no information or belief upon which to base a response.

17   **REQUEST FOR ADMISSION NO. 78:**

18        Admit that BunZai Media Group, Inc. processed consumer skincare payments through a

19   merchant account in the name Insight Media, Inc.

20   **RESPONSE TO REQUEST FOR ADMISSION NO. 78:**

21        Defendant is unable to admit or deny this request; after a good faith inquiry of sources

22   reasonably available to Defendant he has no information or belief upon which to base a response.

23   **REQUEST FOR ADMISSION NO. 79:**

24        Admit that SBM Management, Inc.'s corporate credit card was used to pay BunZai Media

25   Group, Inc.'s website.

26   **RESPONSE TO REQUEST FOR ADMISSION NO. 79:**

27        Defendant is unable to admit or deny this request; after a good faith inquiry of sources

28   reasonably available to Defendant he has no information or belief upon which to base a response.

---

**DEFENDANT CALENERGY'S RESPONSES TO PLAINTIFF'S  REQUESTS FOR ADMISSION**

**915-17**                                                                    **Exhibit 915**

1  **REQUEST FOR ADMISSION NO. 80:**

2      Admit that Media Urge, Inc. was used by BunZai Media Group, Inc. to secure third-party

3  advertising tracked sales.

4  **RESPONSE TO REQUEST FOR ADMISSION NO. 80:**

5      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

6  reasonably available to Defendant he has no information or belief upon which to base a response.

7  **REQUEST FOR ADMISSION NO. 81:**

8      Admit that Media Urge, Inc. was used by BunZai Media Group, Inc to design marketing

9  materials.

10  **RESPONSE TO REQUEST FOR ADMISSION NO. 81:**

11      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

12  reasonably available to Defendant he has no information or belief upon which to base a response.

13  **REQUEST FOR ADMISSION NO. 82:**

14      Admit that Doron Nottea has been an officer of Pinnacle Logistics, Inc.

15  **RESPONSE TO REQUEST FOR ADMISSION NO. 82:**

16      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

17  reasonably available to Defendant he has no information or belief upon which to base a response.

18  **REQUEST FOR ADMISSION NO. 83:**

19      Admit that Doron Nottea was an owner of Pinnacle Logistics, Inc. since at least January 1,

20  2010.

21  **RESPONSE TO REQUEST FOR ADMISSION NO. 83:**

22      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

23  reasonably available to Defendant he has no information or belief upon which to base a response.

24  **REQUEST FOR ADMISSION NO. 84:**

25      Admit that, since January 2010, Doron Nottea has controlled or had the authority to control

26  the business operations of Pinnacle Logistics, Inc.

27  **RESPONSE TO REQUEST FOR ADMISSION NO. 84:**

28      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

1   reasonably available to Defendant he has no information or belief upon which to base a response.

2   **REQUEST FOR ADMISSION NO. 85:**

3       Admit that Doron Nottea had knowledge that consumers had alleged that unauthorized

4   charges were being billed to consumers' debit cards by Pinnacle Logistics, Inc.

5   **RESPONSE TO REQUEST FOR ADMISSION NO. 85:**

6       Defendant is unable to admit or deny this request; after a good faith inquiry of sources

7   reasonably available to Defendant he has no information or belief upon which to base a response.

8   **REQUEST FOR ADMISSION NO. 86:**

9       Admit that Doron Nottea had knowledge that consumers had alleged that unauthorized

10  charges were being billed to consumers' credit cards by Pinnacle Logistics, Inc.

11  **RESPONSE TO REQUEST FOR ADMISSION NO. 86:**

12      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

13  reasonably available to Defendant he has no information or belief upon which to base a response.

14  **REQUEST FOR ADMISSION NO. 87:**

15      Admit that Alon Nottea has been an officer of Pinnacle Logistics, Inc.

16  **RESPONSE TO REQUEST FOR ADMISSION NO. 87:**

17      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

18  reasonably available to Defendant he has no information or belief upon which to base a response.

19  **REQUEST FOR ADMISSION NO. 88:**

20      Admit that Alon Nottea was an owner of Pinnacle Logistics, Inc. since at least January 1,

21  2010.

22  **RESPONSE TO REQUEST FOR ADMISSION NO. 88:**

23      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

24  reasonably available to Defendant he has no information or belief upon which to base a response.

25  **REQUEST FOR ADMISSION NO. 89:**

26      Admit that Alon Nottea was involved in the day-to-day operations of Pinnacle Logistics, Inc.

27  **RESPONSE TO REQUEST FOR ADMISSION NO. 89:**

28      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

---

**DEFENDANT CALENERGY'S RESPONSES TO PLAINTIFF'S  REQUESTS FOR ADMISSION**

1  reasonably available to Defendant he has no information or belief upon which to base a response.

2  **REQUEST FOR ADMISSION NO. 90:**

3      Admit that Alon Nottea had knowledge that consumers had alleged that unauthorized charges

4  were being billed to consumers' debit cards by Pinnacle Logistics, Inc.

5  **RESPONSE TO REQUEST FOR ADMISSION NO. 90:**

6      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

7  reasonably available to Defendant he has no information or belief upon which to base a response.

8  **REQUEST FOR ADMISSION NO. 91:**

9      Admit that Alon Nottea had knowledge that consumers had alleged that unauthorized charges

10  were being billed to consumers' debit cards by Pinnacle Logistics, Inc.

11  **RESPONSE TO REQUEST FOR ADMISSION NO. 91:**

12      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

13  reasonably available to Defendant he has no information or belief upon which to base a response.

14  **REQUEST FOR ADMISSION NO. 92:**

15      Admit that Alon Nottea has controlled or had the authority to control the business operations

16  of Pinnacle Logistics, Inc.

17  **RESPONSE TO REQUEST FOR ADMISSION NO. 92:**

18      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

19  reasonably available to Defendant he has no information or belief upon which to base a response.

20  **REQUEST FOR ADMISSION NO. 93:**

21      Admit that Oz Mizrahi has been an officer of Pinnacle Logistics, Inc.

22  **RESPONSE TO REQUEST FOR ADMISSION NO. 93:**

23      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

24  reasonably available to Defendant he has no information or belief upon which to base a response.

25  **REQUEST FOR ADMISSION NO. 94:**

26      Admit that Oz Mizrahi was an owner of Pinnacle Logistics, Inc. since at least January 1,

27  2010.

28

---

**DEFENDANT CALENERGY'S RESPONSES TO PLAINTIFF'S  REQUESTS FOR ADMISSION**

-20-

**Exhibit 915**

**RESPONSE TO REQUEST FOR ADMISSION NO. 94:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 95:**

Admit that Oz Mizrahi was involved in the day-to-day operations of Pinnacle Logistics, Inc.

**RESPONSE TO REQUEST FOR ADMISSION NO. 95:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 96:**

Admit that Oz Mizrahi had knowledge that consumers had alleged that unauthorized charges were being billed to consumers' credit cards by Pinnacle Logistics, Inc.

**RESPONSE TO REQUEST FOR ADMISSION NO. 96:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 97:**

Admit that Oz Mizrahi had knowledge that consumers had alleged that unauthoriuzed charges were being billed to consumers' debit cards by Pinnacle Logistics, Inc.

**RESPONSE TO REQUEST FOR ADMISSION NO. 97:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 98:**

Admit that Oz Mizrahi has controlled or had the authority to control the business operations of Pinnacle Logistics, Inc.

**RESPONSE TO REQUEST FOR ADMISSION NO. 98:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 99:**

Admit that Igor Latsanovski has been an officer of Pinnacle Logistics, Inc.

1    **RESPONSE TO REQUEST FOR ADMISSION NO. 99:**

2        Deny.

3    **REQUEST FOR ADMISSION NO. 100:**

4        Admit that Igor Latsanovski was an owner of Pinnacle Logistics, Inc. since at least January 1,

5    2010.

6    **RESPONSE TO REQUEST FOR ADMISSION NO. 100:**

7        Deny.

8    **REQUEST FOR ADMISSION NO. 101:**

9        Admit that, since at least January 2010, Igor Latsanovski has controlled or had the authority

10   to control the business operations of Pinnacle Logistics, Inc.

11   **RESPONSE TO REQUEST FOR ADMISSION NO. 101:**

12       Deny.

13   **REQUEST FOR ADMISSION NO. 102:**

14       Admit that Igor Latsanovski had knowledge that consumers had alleged that authorized

15   charges were being billed to consumers' debit cards by Pinnacle Logistics, Inc.

16   **RESPONSE TO REQUEST FOR ADMISSION NO. 102:**

17       Deny.

18   **REQUEST FOR ADMISSION NO. 103:**

19       Admit that Igor Latsanovski had knowledge that consumers had alleged that unauthorized

20   charges were being billed to consumers' credit cards by Pinnacle Logistics, Inc.

21   **RESPONSE TO REQUEST FOR ADMISSION NO. 103:**

22       Deny.

23   **REQUEST FOR ADMISSION NO. 104:**

24       Admit that Motti Nottea has been an officer of Pinnacle Logistics, Inc.

25   **RESPONSE TO REQUEST FOR ADMISSION NO. 104:**

26       Defendant is unable to admit or deny this request; after a good faith inquiry of sources

27   reasonably available to Defendant he has no information or belief upon which to base a response.

28

---

**DEFENDANT CALENERGY'S RESPONSES TO PLAINTIFF'S  REQUESTS FOR ADMISSION**

-22-

**Exhibit 915**

**REQUEST FOR ADMISSION NO. 105:**

Admit that, since at least Janurary 2010, Motti Nottea has controlled or had the authority to control the business operations of Pinnacle Logistics, Inc.

**RESPONSE TO REQUEST FOR ADMISSION NO. 105:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 106:**

Admit that Roi Reuveni has been an officer of Pinnacle Logistics, Inc.

**RESPONSE TO REQUEST FOR ADMISSION NO. 106:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 107:**

Admit that Roi Reuveni has been a manager of the customer service department of Pinnacle Logistics, Inc.

**RESPONSE TO REQUEST FOR ADMISSION NO. 107:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 108:**

Admit that Roi Reuveni has been the manager of the chargebacks department of Pinnacle Logistics, Inc.

**RESPONSE TO REQUEST FOR ADMISSION NO. 108:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 109:**

Admit that, acting alone or in concert with other, Roi Reuveni drafted the template used to respond by Pinnacle Logistics, Inc. to respond to financial institutions when consumers requested chargebacks.

**RESPONSE TO REQUEST FOR ADMISSION NO. 109:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 110:**

Admit that, since January 2010, Roi Reuveni has controlled or had the authority to control the business operations of Pinnacle Logistics, Inc.

**RESPONSE TO REQUEST FOR ADMISSION NO. 110:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 111:**

Admit that Pinnacle Logistics, Inc., was incorporated in California on June 6, 2012.

**RESPONSE TO REQUEST FOR ADMISSION NO. 111:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 112:**

Admit that, since Pinnacle Logistics, Inc.'s formation, it has maintained a substainal course of trade in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

**RESPONSE TO REQUEST FOR ADMISSION NO. 112:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 113:**

Admit that Pinnacle Logistics, Inc. has offered for sale, sold, and distributed skincare products to consumers throughout the United States.

**RESPONSE TO REQUEST FOR ADMISSION NO. 113:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

1  **REQUEST FOR ADMISSION NO. 114:**

2      Admit that Pinnacle Logistics is not exempt from the coverage of the Federal Trade

3  Commission Act by statute.

4  **RESPONSE TO REQUEST FOR ADMISSION NO. 114:**

5      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

6  reasonably available to Defendant he has no information or belief upon which to base a response.

7  **REQUEST FOR ADMISSION NO. 115:**

8      Admit that Pinnacle Logistics, Inc. is a for-profit corporation.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 115:**

10      Admit.

11  **REQUEST FOR ADMISSION NO. 116:**

12      Admit that Pinnacle Logistics, Inc., has offered for sale, sold, and distributed skincare

13  products using the name Aura Vie.

14  **RESPONSE TO REQUEST FOR ADMISSION NO. 116:**

15      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

16  reasonably available to Defendant he has no information or belief upon which to base a response.

17  **REQUEST FOR ADMISSION NO. 117:**

18      Admit that Pinnacle Logistics Inc., has offered for sale, sold, and distributed skincare

19  products using the name Dellure.

20  **RESPONSE TO REQUEST FOR ADMISSION NO. 117:**

21      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

22  reasonably available to Defendant he has no information or belief upon which to base a response.

23  **REQUEST FOR ADMISSION NO. 118:**

24      Admit that Pinnacle Logistics, Inc., has offered for sale, sold, and distributed skincare

25  products using the name Miracle Face Kit.

26  **RESPONSE TO REQUEST FOR ADMISSION NO. 118:**

27      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

28  reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 119:**

Admit that Pinnacle Logistics, Inc., has offered for sale, sold, and distributed skincare products using the website Aura Viefreetrial.com

**RESPONSE TO REQUEST FOR ADMISSION NO. 119:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 120:**

Admit that Pinnacle Logistics, Inc., has offered for sale, sold, and distributed skincare products using the website mymiraclekit.com

**RESPONSE TO REQUEST FOR ADMISSION NO. 120:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 121:**

Admit that Pinnacle Logistics, Inc., has offered for sale, sold, and distributed skincare products using the website miraclefacekit.com

**RESPONSE TO REQUEST FOR ADMISSION NO. 121:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 122:**

Admit that Pinnacle Logistics Inc., has offered for sale, sold, and distributed skincare products using the term "risk free trial."

**RESPONSE TO REQUEST FOR ADMISSION NO. 122:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 123:**

Admit that Pinnacle Logistics, Inc., has offered for sale, sold, and distributed skincare products using the term "gift."

1  **RESPONSE TO REQUEST FOR ADMISSION NO. 123:**

2  Defendant is unable to admit or deny this request; after a good faith inquiry of sources

3  reasonably available to Defendant he has no information or belief upon which to base a response.

4  **REQUEST FOR ADMISSION NO. 124:**

5  Admit that Pinnacle Logistics, Inc., has offered for sale, sold, and distributed skincare

6  products using the term "risk free trials."

7  **RESPONSE TO REQUEST FOR ADMISSION NO. 124:**

8  Defendant is unable to admit or deny this request; after a good faith inquiry of sources

9  reasonably available to Defendant he has no information or belief upon which to base a response.

10 **REQUEST FOR ADMISSION NO. 125:**

11 Admit that consumers who bought Pinnacle Logistics, Inc.,'s skin care products had to return

12 the product within 10 days to avoid being charged for the product.

13 **RESPONSE TO REQUEST FOR ADMISSION NO. 125:**

14 Defendant is unable to admit or deny this request; after a good faith inquiry of sources

15 reasonably available to Defendant he has no information or belief upon which to base a response.

16 **REQUEST FOR ADMISSION NO. 126:**

17 Admit that consumers who bought Pinnacle Logistics, Inc.,'s skin care products had to return

18 the product within 10 days to avoid being subscribed into a negative option continuity plan.

19 **RESPONSE TO REQUEST FOR ADMISSION NO. 126:**

20 Defendant is unable to admit or deny this request; after a good faith inquiry of sources

21 reasonably available to Defendant he has no information or belief upon which to base a response.

22 **REQUEST FOR ADMISSION NO. 127:**

23 Admit that consumers who bought Pinnacle Logistics, Inc.,'s skin care products had to return

24 the product within 10 days to avoid being subscribed into a negative option continuity plan that

25 would charge the consumers a monthly fee.

26 **RESPONSE TO REQUEST FOR ADMISSION NO. 127:**

27 Defendant is unable to admit or deny this request; after a good faith inquiry of sources

28 reasonably available to Defendant he has no information or belief upon which to base a response.

---

**DEFENDANT CALENERGY'S RESPONSES TO PLAINTIFF'S  REQUESTS FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 128:**

Admit that consumers who bought Pinnacle Logistics, Inc.'s skin care products had to return the product within 10 days to avoid being subscribed into a negative option continuity plan that would charge the consumers a fee of about $97.88

**RESPONSE TO REQUEST FOR ADMISSION NO. 128:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 129:**

Admit that consumers who bought Pinnacle Logistics, Inc.'s skin care products had to pay a shipping and handling charge.

**RESPONSE TO REQUEST FOR ADMISSION NO. 129:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 130:**

Admit that Pinnacle Logistics, Inc. processed consumer skin care payments through a merchant account in the name of Agoa Holdings, Inc.

**RESPONSE TO REQUEST FOR ADMISSION NO. 130:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 131:**

Admit hat Pinnacle Logistics, Inc. processed consumer skin care payments through a merchant account in the name of Zen Mobile Media, Inc.

**RESPONSE TO REQUEST FOR ADMISSION NO. 131:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 132:**

Admit that Pinnacle Logistics, Inc. processed consumer skin care payments through a merchant account in the  name of SafeHaven Ventures, Inc.

---

**DEFENDANT CALENERGY'S RESPONSES TO PLAINTIFF'S  REQUESTS FOR ADMISSION**

**Exhibit 915**

1   **RESPONSE TO REQUEST FOR ADMISSION NO. 132:**

2       Defendant is unable to admit or deny this request; after a good faith inquiry of sources

3   reasonably available to Defendant he has no information or belief upon which to base a response.

4   **REQUEST FOR ADMISSION NO. 133:**

5       Admit that Pinnacle Logistics, Inc., processed consumer skin care payments through a

6   merchant account in the name of  Heritage Alliance Group, Inc.

7   **RESPONSE TO REQUEST FOR ADMISSION NO. 133:**

8       Defendant is unable to admit or deny this request; after a good faith inquiry of sources

9   reasonably available to Defendant he has no information or belief upon which to base a response.

10   **REQUEST FOR ADMISSION NO. 134:**

11       Admit that Pinnacle Logisitics, Inc., processed consumer skincare payments through a

12   merchant account in the name of AMD Financial Network, Inc.

13   **RESPONSE TO REQUEST FOR ADMISSION NO. 134:**

14       Defendant is unable to admit or deny this request; after a good faith inquiry of sources

15   reasonably available to Defendant he has no information or belief upon which to base a response.

16   **REQUEST FOR ADMISSION NO. 135:**

17       Admit that Pinnacle Logistics, Inc. processed skincare payments through a merchant account

18   in the name of Kai Media, Inc.

19   **RESPONSE TO REQUEST FOR ADMISSION NO. 135:**

20       Defendant is unable to admit or deny this request; after a good faith inquiry of sources

21   reasonably available to Defendant he has no information or belief upon which to base a response.

22   **REQUEST FOR ADMISSION NO. 136:**

23       Admit that Pinnacle Logistics, Inc., processed consumer skincare payments through a

24   merchant account in the name Insight Media, Inc.

25   **RESPONSE TO REQUEST FOR ADMISSION NO. 136:**

26       Defendant is unable to admit or deny this request; after a good faith inquiry of sources

27   reasonably available to Defendant he has no information or belief upon which to base a response.

28

1   **REQUEST FOR ADMISSION NO. 137:**

2       Admit that SBM Management, Inc's corporate credit card was used to pay Pinnacle

3   Logistics, Inc.'s website.

4   **RESPONSE TO REQUEST FOR ADMISSION NO. 137:**

5       Defendant is unable to admit or deny this request; after a good faith inquiry of sources

6   reasonably available to Defendant he has no information or belief upon which to base a response.

7   **REQUEST FOR ADMISSION NO. 138:**

8       Admit that Media Urge, Inc. was used by Pinnacle Logistics, Inc. to secure third-party

9   advertising tracked sales.

10  **RESPONSE TO REQUEST FOR ADMISSION NO. 138:**

11      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

12  reasonably available to Defendant he has no information or belief upon which to base a response.

13  **REQUEST FOR ADMISSION NO. 139:**

14      Admit that Media Urge, Inc. was used by Pinnacle Logistics, Inc. to design marketing

15  materials.

16  **RESPONSE TO REQUEST FOR ADMISSION NO. 139:**

17      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

18  reasonably available to Defendant he has no information or belief upon which to base a response.

19  **REQUEST FOR ADMISSION NO. 140:**

20      Admit that Paul Medina is or was the Executive President or Vice President of Media Urge,

21  Inc.

22  **RESPONSE TO REQUEST FOR ADMISSION NO. 140:**

23      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

24  reasonably available to Defendant he has no information or belief upon which to base a response.

25  **REQUEST FOR ADMISSION NO. 141:**

26      Admit Paul Medina was the manager of the call center for Pinnacle Logistics, Inc.

27  **RESPONSE TO REQUEST FOR ADMISSION NO. 141:**

28      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

---

**DEFENDANT CALENERGY'S RESPONSES TO PLAINTIFF'S  REQUESTS FOR ADMISSION**

-30- **Exhibit 915**

1    reasonably available to Defendant he has no information or belief upon which to base a response.

2    **REQUEST FOR ADMISSION NO. 142:**

3        Admit that Paul Medina is or was the manager of Focus Media Solutions.

4    **RESPONSE TO REQUEST FOR ADMISSION NO. 142:**

5        Admit.

6    **REQUEST FOR ADMISSION NO. 143:**

7        Admit that each Corporate Defendant is not exempt from the coverage of the Federal Trade

8    Commission Act by statute.

9    **RESPONSE TO REQUEST FOR ADMISSION NO. 143:**

10       Defendant is unable to admit or deny this request; after a good faith inquiry of sources

11   reasonably available to Defendant he has no information or belief upon which to base a response.

12   **REQUEST FOR ADMISSION NO. 144:**

13       Admit that each Individual Defendants are not exempt from the coverage of the Federal

14   Trade Commission Act by statute.

15   **RESPONSE TO REQUEST FOR ADMISSION NO. 144:**

16       Defendant is unable to admit or deny this request; after a good faith inquiry of sources

17   reasonably available to Defendant he has no information or belief upon which to base a response.

18   **REQUEST FOR ADMISSION NO. 145:**

19       Admit that misrepresentations or deceptive omissions of material fact constitute deceptive

20   acts or practices prohibited by Section 5(a) of the FTC Act. Response:

21   **RESPONSE TO REQUEST FOR ADMISSION NO. 145:**

22       Defendant is unable to admit or deny this request; after a good faith inquiry of sources

23   reasonably available to Defendant he has no information or belief upon which to base a response.

24   **REQUEST FOR ADMISSION NO. 146:**

25       Admit that Defendants' representations that Defendants' skincare products were free was

26   false.

27   **RESPONSE TO REQUEST FOR ADMISSION NO. 146:**

28       Defendant is unable to admit or deny this request; after a good faith inquiry of sources

---

**DEFENDANT CALENERGY'S RESPONSES TO PLAINTIFF'S  REQUESTS FOR ADMISSION**

915-31   -31-   **Exhibit 915**

1   reasonably available to Defendant he has no information or belief upon which to base a response.

2   **REQUEST FOR ADMISSION NO. 147:**

3         Admit that Defendants' representations about its free skincare products constituted a

4   deceptive act or practice in violation of Section 5 of the FTC Act, 15 U.S.C. § 45(a).

5   **RESPONSE TO REQUEST FOR ADMISSION NO. 147:**

6         Defendant is unable to admit or deny this request; after a good faith inquiry of sources

7   reasonably available to Defendant he has no information or belief upon which to base a response.

8   **REQUEST FOR ADMISSION NO. 148:**

9         Admit that Sections 5(l) and 13(b) of the FTC Act, 15 U.S.C. §§ 45(l) and 53(b), empower

10  this Court to grant injunctive and such other relief as the Court may deem appropriate to halt and

11  redress violations of the FTC Act.

12  **RESPONSE TO REQUEST FOR ADMISSION NO. 148:**

13        Defendant is unable to admit or deny this request; after a good faith inquiry of sources

14  reasonably available to Defendant he has no information or belief upon which to base a response.

15  **REQUEST FOR ADMISSION NO. 149:**

16        Admit that the Court, in the exercise of its equitable jurisdiction, may award ancillary relief,

17  including rescission or reformation of contracts, restitution, the refund of monies paid, and the

18  disgorgement of ill-gotten monies, to prevent and remedy any violation of any provision of law

19  enforced by the FTC.

20  **RESPONSE TO REQUEST FOR ADMISSION NO. 149:**

21        Defendant is unable to admit or deny this request; after a good faith inquiry of sources

22  reasonably available to Defendant he has no information or belief upon which to base a response.

23  **REQUEST FOR ADMISSION NO. 150:**

24        Admit that Alon Nottea, Khristopher Bond, and Igor Latsanovski were partners in BunZai

25  Media Group, Inc.

26  **RESPONSE TO REQUEST FOR ADMISSION NO. 150:**

27        Deny.

28

---

**DEFENDANT CALENERGY'S RESPONSES TO PLAINTIFF'S  REQUESTS FOR ADMISSION**

915-32 -32-                                                                                      **Exhibit 915**

1 **REQUEST FOR ADMISSION NO. 151:**

2      Admit that Doron Nottea's office contained pre-signed checks for companies all Corporate

3 Defendants.

4 **RESPONSE TO REQUEST FOR ADMISSION NO. 151:**

5      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

6 reasonably available to Defendant he has no information or belief upon which to base a response.

7 **REQUEST FOR ADMISSION NO. 152:**

8      Admit that BunZai Media Group, Inc., directly or indirectly, opened merchant accounts in

9 Latvia.

10 **RESPONSE TO REQUEST FOR ADMISSION NO. 152:**

11      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

12 reasonably available to Defendant he has no information or belief upon which to base a response.

13 **REQUEST FOR ADMISSION NO. 153:**

14      Admit that BunZai Media Group, Inc., directly or indirectly, opened merchant accounts in

15 Estonia.

16 **RESPONSE TO REQUEST FOR ADMISSION NO. 153:**

17      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

18 reasonably available to Defendant he has no information or belief upon which to base a response.

19 **REQUEST FOR ADMISSION NO. 154:**

20      Admit that Alon Nottea, directly or indirectly, opened merchant accounts in Latvia.

21 **RESPONSE TO REQUEST FOR ADMISSION NO. 154:**

22      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

23 reasonably available to Defendant he has no information or belief upon which to base a response.

24 **REQUEST FOR ADMISSION NO. 155:**

25 Admit that Alon Nottea, directly or indirectly, opened merchant accounts in Estonia.

26 **RESPONSE TO REQUEST FOR ADMISSION NO. 155:**

27      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

28 reasonably available to Defendant he has no information or belief upon which to base a response.

---

**REQUEST FOR ADMISSION NO. 156:**

Admit that Secured Merchants LLC processed, refuted, or responded to AuraVie charge backs.

**RESPONSE TO REQUEST FOR ADMISSION NO. 156:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 157:**

Admit that Chargeback Armor, Inc. processed, refuted, or responded to AuraVie chargebacks.

**RESPONSE TO REQUEST FOR ADMISSION NO. 157:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 158:**

Admit that Secured Merchants LLC processed, refuted, or responded to Dellure chargebacks.

**RESPONSE TO REQUEST FOR ADMISSION NO. 158:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 159:**

Admit that Chargeback Armor, Inc. processed, refuted, or responded to Dellure charge backs.

**RESPONSE TO REQUEST FOR ADMISSION NO. 159:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 160:**

Admit that Secured Merchants LLC processed, refuted, or responded to Miracle Face Kit charge backs.

**RESPONSE TO REQUEST FOR ADMISSION NO. 160:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

1  **REQUEST FOR ADMISSION NO. 161:**

2      Admit that Chargeback Armor, Inc. processed, refuted, or responded to Miracle Face Kit

3  charge backs.

4  **RESPONSE TO REQUEST FOR ADMISSION NO. 161:**

5      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

6  reasonably available to Defendant he has no information or belief upon which to base a response.

7  **REQUEST FOR ADMISSION NO. 162:**

8      Admit that Secured Merchants LLC processed, refuted, or responded to Defendants' skincare

9  product charge backs.

10  **RESPONSE TO REQUEST FOR ADMISSION NO. 162:**

11      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

12  reasonably available to Defendant he has no information or belief upon which to base a response.

13  **REQUEST FOR ADMISSION NO. 163:**

14      Admit that Chargeback Armor, Inc. processed, refuted, or responded to Defendants' skincare

15  product charge backs.

16  **RESPONSE TO REQUEST FOR ADMISSION NO. 163:**

17      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

18  reasonably available to Defendant he has no information or belief upon which to base a response.

19  **REQUEST FOR ADMISSION NO. 164:**

20      Admit that BunZai Media Group, Inc. did not provide refunds to all consumers who returned

21  AuraVie products within 10 day period.

22  **RESPONSE TO REQUEST FOR ADMISSION NO. 164:**

23      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

24  reasonably available to Defendant he has no information or belief upon which to base a response.

25  **REQUEST FOR ADMISSION NO. 165:**

26      Admit that BunZai Media Group, Inc. failed to obtain a written authorization signed or

27  similarly authenticated by the consumer for AuraVie sales.

28

---

**DEFENDANT CALENERGY'S RESPONSES TO PLAINTIFF'S  REQUESTS FOR ADMISSION**

915-35  -35-                                    **Exhibit 915**

**RESPONSE TO REQUEST FOR ADMISSION NO. 165:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 166:**

Admit that BunZai Media Group, Inc. failed to provide a consumers a copy of the consumer's authorization of payment for AuraVie products.

**RESPONSE TO REQUEST FOR ADMISSION NO. 166:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 167:**

Admit that BunZai Media Group, Inc. did not provide refunds to all consumers who returned Dellure products within 10 day period.

**RESPONSE TO REQUEST FOR ADMISSION NO. 167:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 168:**

Admit that BunZai Media Group, Inc. failed to obtain a written authorization signed or similarly authenticated by the consumer for Dellure sales.

**RESPONSE TO REQUEST FOR ADMISSION NO. 168:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 169:**

Admit that BunZai Media Group, Inc. did not provide refunds to all consumers who returned Miracle Face Kit products within. 10 day period.

**RESPONSE TO REQUEST FOR ADMISSION NO. 169:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

1    **REQUEST FOR ADMISSION NO. 170:**

2         Admit that BunZai Media Group, Inc. failed to obtain a written authorization signed or

3    similarly authenticated by the consumer for Miracle Face Kit sales.

4    **RESPONSE TO REQUEST FOR ADMISSION NO. 170:**

5         Defendant is unable to admit or deny this request; after a good faith inquiry of sources

6    reasonably available to Defendant he has no information or belief upon which to base a response.

7    **REQUEST FOR ADMISSION NO. 171:**

8         Admit that BunZai Media Group, Inc. failed to provide a consumers a copy of the consumer's

9    authorization of payment for Miracle Face Kit products.

10   **RESPONSE TO REQUEST FOR ADMISSION NO. 171:**

11        Defendant is unable to admit or deny this request; after a good faith inquiry of sources

12   reasonably available to Defendant he has no information or belief upon which to base a response.

13   **REQUEST FOR ADMISSION NO. 172:**

14        Admit that BunZai Media Group, Inc. did not provide refunds to all consumers who returned

15   Defendants' skincare products within 10 day period.

16   **RESPONSE TO REQUEST FOR ADMISSION NO. 172:**

17        Defendant is unable to admit or deny this request; after a good faith inquiry of sources

18   reasonably available to Defendant he has no information or belief upon which to base a response.

19

20   **REQUEST FOR ADMISSION NO. 173:**

21        Admit that BunZai Media Group, Inc. failed to obtain a written authorization signed or

22   similarly authenticated by the consumer for Defendants' skincare sales.

23   **RESPONSE TO REQUEST FOR ADMISSION NO. 173:**

24        Defendant is unable to admit or deny this request; after a good faith inquiry of sources

25   reasonably available to Defendant he has no information or belief upon which to base a response.

26   **REQUEST FOR ADMISSION NO. 174:**

27        Admit that BunZai Media Group, Inc. failed to provide a consumers a copy of the consumer's

28   authorization of payment for Defendants' skincare products.

---

**RESPONSE TO REQUEST FOR REQUEST FOR ADMISSION NO. 174:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 175:**

Admit that BunZai Media Group, Inc. failed to provide a consumers a copy of the consumer's authorization of payment for Dellure products.

**RESPONSE TO REQUEST FOR ADMISSION NO. 175:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 176:**

Admit that BunZai Media Group, Inc., processed credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a negative option.

**RESPONSE TO REQUEST FOR ADMISSION NO. 176:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 177:**

Admit that Pinnacle Logistics, Inc., processed credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a negative option.

**RESPONSE TO REQUEST FOR ADMISSION NO. 177:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 178:**

Admit that DSA Holdings, Inc., processed credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a negative option..

**RESPONSE TO REQUEST FOR ADMISSION NO. 178:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

1   **REQUEST FOR ADMISSION NO. 179:**

2       Admit that Lifetyle Media Brands, Inc., had no other business purpose than to process credit

3   card or debit card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold

4   by Defendants through a negative option.

5   **RESPONSE TO REQUEST FOR ADMISSION NO. 179:**

6       Defendant is unable to admit or deny this request; after a good faith inquiry of sources

7   reasonably available to Defendant he has no information or belief upon which to base a response.

8   **REQUEST FOR ADMISSION NO. 180:**

9       Admit that Agoa Holdings, Inc., had no other business purpose than to process credit card or

10  debit card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by

11  Defendants through a negative option.

12  **RESPONSE TO REQUEST FOR ADMISSION NO. 180:**

13      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

14  reasonably available to Defendant he has no information or belief upon which to base a response.

15  **REQUEST FOR ADMISSION NO. 181:**

16      Admit that Zen Mobile Media, Inc., had no other business purpose than to process credit card

17  or debit card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by

18  Defendants through a negative option.

19  **RESPONSE TO REQUEST FOR ADMISSION NO. 181:**

20      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

21  reasonably available to Defendant he has no information or belief upon which to base a response.

22  **REQUEST FOR ADMISSION NO. 182:**

23      Admit that Safehaven Ventures, Inc., had no other business purpose than to process credit

24  card or debit card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold

25  by Defendants through a negative option.

26  **RESPONSE TO REQUEST FOR ADMISSION NO. 182:**

27      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

28  reasonably available to Defendant he has no information or belief upon which to base a response.

---

**DEFENDANT CALENERGY'S RESPONSES TO PLAINTIFF'S  REQUESTS FOR ADMISSION**

**Exhibit 915**

**REQUEST FOR ADMISSION NO. 183:**

Admit that Heritage Alliance Group, Inc., had no other business purpose than to process credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a negative option.

**RESPONSE TO REQUEST FOR ADMISSION NO. 183:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 184:**

Admit that AMD Financial Network, Inc., had no other business purpose than to process credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit, other skincare products sold by Defendants through a negative option.

**RESPONSE TO REQUEST FOR ADMISSION NO. 184:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 185:**

Admit that SBM Management, Inc., processed credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a negative option.

**RESPONSE TO REQUEST FOR ADMISSION NO. 185:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 186:**

Admit that Media Urge, Inc., processed credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a negative option.

**RESPONSE TO REQUEST FOR ADMISSION NO. 186:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources

1  reasonably available to Defendant he has no information or belief upon which to base a response.

2  **REQUEST FOR ADMISSION NO. 187:**

3       Admit that Adageo, LLC, processed credit card or debit card payments for AuraVie, Dellure,

4  Miracle Face Kit, or other skincare products sold by Defendants through a negative option.

5  **RESPONSE TO REQUEST FOR ADMISSION NO. 187:**

6       Defendant is unable to admit or deny this request; after a good faith inquiry of sources

7  reasonably available to Defendant he has no information or belief upon which to base a response.

8  **REQUEST FOR ADMISSION NO. 188:**

9       Admit that Calenergy, Inc., processed credit card or debit card payments for AuraVie,

10  Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a negative option.

11  **RESPONSE TO REQUEST FOR ADMISSION NO. 188:**

12       Defendant is unable to admit or deny this request; after a good faith inquiry of sources

13  reasonably available to Defendant he has no information or belief upon which to base a response.

14  **REQUEST FOR ADMISSION NO. 189:**

15       Admit that Kai Media, Inc., had no other business purpose than to process credit card or debit

16  card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants

17  through a negative option.

18  **RESPONSE TO REQUEST FOR ADMISSION NO. 189:**

19       Defendant is unable to admit or deny this request; after a good faith inquiry of sources

20  reasonably available to Defendant he has no information or belief upon which to base a response.

21  **REQUEST FOR ADMISSION NO. 190:**

22       Admit that Insight Media, Inc., had no other business purpose than to process credit card or

23  debit card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by

24  Defendants through a negative option.

25  **RESPONSE TO REQUEST FOR ADMISSION NO. 190:**

26       Defendant is unable to admit or deny this request; after a good faith inquiry of sources

27  reasonably available to Defendant he has no information or belief upon which to base a response.

28

**DEFENDANT CALENERGY'S RESPONSES TO PLAINTIFF'S  REQUESTS FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 191:**

Admit that Focus Media Solutions, Inc., processed credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a negative option.

**RESPONSE TO REQUEST FOR ADMISSION NO. 191:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 192:**

Admit that Secured Commerce, LLC, processed credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a negative option.

**RESPONSE TO REQUEST FOR ADMISSION NO. 192:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 193:**

Admit that USM Products, Inc., processed credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a negative option.

**RESPONSE TO REQUEST FOR ADMISSION NO. 193:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 194:**

Admit that USM Products, Inc., was used to make bulk purchases of products and containers for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a negative option.

**RESPONSE TO REQUEST FOR ADMISSION NO. 194:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 195:**

Admit that Merchant Leverage Group, Inc., processed credit card or debit card payments for

---

**DEFENDANT CALENERGY'S RESPONSES TO PLAINTIFF'S  REQUESTS FOR ADMISSION**

1  Aura Vie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a

2  negative option.

3  **RESPONSE TO REQUEST FOR ADMISSION NO. 195:**

4      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

5  reasonably available to Defendant he has no information or belief upon which to base a response.

6  **REQUEST FOR ADMISSION NO. 196:**

7      Admit that DMA Medial Holdings, Inc., had no other business purpose than to process credit

8  card or debit card payments for Aura Vie, Dellure, Miracle Face Kit, or other skincare products sold

9  by Defendants through a negative option.

10  **RESPONSE TO REQUEST FOR ADMISSION NO. 196:**

11      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

12  reasonably available to Defendant he has no information or belief upon which to base a response.

13  **REQUEST FOR ADMISSION NO. 197:**

14      Admit that Shalita Holdings, Inc., had no other business purpose than to process credit  card

15  and debit card payments for Aura Vie, Dellure, Miracle Face Kit, or  other skincare products sold by

16  Defendants through a negative option.

17  **RESPONSE TO REQUEST FOR ADMISSION NO. 197:**

18      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

19  reasonably available to Defendant he has no information or belief upon which to base a response.

20  **REQUEST FOR ADMISSION NO. 198:**

21      Admit that All Star Beauty Products, Inc., had no other business purpose than to process

22  credit card and debit card payments for Aura Vie, Dellure, Miracle Face Kit, or other skincare

23  products sold by Defendants through a negative option.

24  **RESPONSE TO REQUEST FOR ADMISSION NO. 198:**

25      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

26  reasonably available to Defendant he has no information or belief upon which to base a response.

27  **REQUEST FOR ADMISSION NO. 199:**

28      Admit that Secured Merchants, LLC established voice logix services for BunZai Media

---

**DEFENDANT CALENERGY'S RESPONSES TO PLAINTIFF'S  REQUESTS FOR ADMISSION**

-43-

1   Group, Inc.

2   **RESPONSE TO REQUEST FOR ADMISSION NO. 199:**

3        Defendant is unable to admit or deny this request; after a good faith inquiry of sources

4   reasonably available to Defendant he has no information or belief upon which to base a response.

5   **REQUEST FOR ADMISSION NO. 200:**

6        Admit that Secured Merchants, LLC established voice logix services for Pinnacle Logistics,

7   Inc.

8   **RESPONSE TO REQUEST FOR ADMISSION NO. 200:**

9        Defendant is unable to admit or deny this request; after a good faith inquiry of sources

10   reasonably available to Defendant he has no information or belief upon which to base a response.

11   **REQUEST FOR ADMISSION NO. 201:**

12        Admit that Secured Merchants, LLC established voice logix  services for Corporate

13   Defendants.

14   **RESPONSE TO REQUEST FOR ADMISSION NO. 201:**

15        Defendant is unable to admit or deny this request; after a good faith inquiry of sources

16   reasonably available to Defendant he has no information or belief upon which to base a response.

17   **REQUEST FOR ADMISSION NO. 202:**

18        Admit that Alon Nottea used the alias name "Jay Michaels."

19   **RESPONSE TO REQUEST FOR ADMISSION NO. 202:**

20        Defendant is unable to admit or deny this request; after a good faith inquiry of sources

21   reasonably available to Defendant he has no information or belief upon which to base a response.

22   **REQUEST FOR ADMISSION NO. 203:**

23        Admit that Doron controlled deposit stamps for all Corporate Defendants.

24   **RESPONSE TO REQUEST FOR ADMISSION NO. 203:**

25        Defendant is unable to admit or deny this request; after a good faith inquiry of sources

26   reasonably available to Defendant he has no information or belief upon which to base a response.

27   **REQUEST FOR ADMISSION NO. 204:**

28        Admit that Igor Latsanovski reviewed Aura Vie's website.

---

**DEFENDANT CALENERGY'S RESPONSES TO PLAINTIFF'S  REQUESTS FOR ADMISSION**

-44-

     **Exhibit 915**

1   **RESPONSE TO REQUEST FOR ADMISSION NO. 204:**

2       Deny.

3   **REQUEST FOR ADMISSION NO. 205:**

4       Admit that Igor Latsanovski reviewed all Corporate Defendants' website(s).

5   **RESPONSE TO REQUEST FOR ADMISSION NO. 205:**

6       Deny.

7   **REQUEST FOR ADMISSION NO. 206:**

8       Admit that Roi Reuveni was a manager in Pinnacle's chargeback department.

9   **RESPONSE TO REQUEST FOR ADMISSION NO. 206:**

10      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

11  reasonably available to Defendant he has no information or belief upon which to base a response.

12  **REQUEST FOR ADMISSION NO. 207:**

13      Admit that Roi Reuveni was a manager in Pinnacle's call center.

14  **RESPONSE TO REQUEST FOR ADMISSION NO. 207:**

15      Admit.

16  **REQUEST FOR ADMISSION NO. 208:**

17      Admit that Alan Argaman was sole owner of corporate defendants Secured Merchants, LLC.

18  **RESPONSE TO REQUEST FOR ADMISSION NO. 208:**

19      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

20  reasonably available to Defendant he has no information or belief upon which to base a response.

21  **REQUEST FOR ADMISSION NO. 209:**

22      Admit that at least 27 companies were used as payment processors for Aura Vie products.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 209:**

24      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

25  reasonably available to Defendant he has no information or belief upon which to base a response.

26  **REQUEST FOR ADMISSION NO. 210:**

27      Admit that at least 27 companies were used as payment processors for Dellure products.

28

**RESPONSE TO REQUEST FOR ADMISSION NO. 210:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 211:**

Admit that at least 27 companies were used as payment processors for Miracle Face Kit products.

**RESPONSE TO REQUEST FOR ADMISSION NO. 211:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 212:**

Admit that BunZai Media Group, Inc., purchased the right to use the name "Aura Vie" from Skincare OU.

**RESPONSE TO REQUEST FOR ADMISSION NO. 212:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 213:**

Admit that Doron Nottea has signed checks or financial documents using Stephen Bauer's name.

**RESPONSE TO REQUEST FOR ADMISSION NO. 213:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 214:**

Admit that Doron Nottea and Alan Argaman were owners of Secured Commerce, LLC.

**RESPONSE TO REQUEST FOR ADMISSION NO. 214:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 215:**

Admit that Focus Media Solutions, Inc. created advertisements for skincare products sold by

1    negative option.

2    **RESPONSE TO REQUEST FOR ADMISSION NO. 215:**

3         Defendant is unable to admit or deny this request; after a good faith inquiry of sources

4    reasonably available to Defendant he has no information or belief upon which to base a response.

5    **REQUEST FOR ADMISSION NO. 216:**

6         Admit that Focus Media Solutions, Inc. created advertisements for BunZai Media Group,

7    Inc.'s skincare products sold by negative option.

8    **RESPONSE TO REQUEST FOR ADMISSION NO. 216:**

9         Defendant is unable to admit or deny this request; after a good faith inquiry of sources

10   reasonably available to Defendant he has no information or belief upon which to base a response.

11   **REQUEST FOR ADMISSION NO. 217:**

12        Admit that Focus Media Solutions, Inc. created advertisements for Pinnacle Logistics, Inc.'s

13   skincare products sold by negative option.

14   **RESPONSE TO REQUEST FOR ADMISSION NO. 217:**

15        Defendant is unable to admit or deny this request; after a good faith inquiry of sources

16   reasonably available to Defendant he has no information or belief upon which to base a response.

17   **REQUEST FOR ADMISSION NO. 218:**

18        Admit that Focus Media Solutions, Inc. created advertisements for Corporate Defendants'

19   skincare products sold by negative option.

20   **RESPONSE TO REQUEST FOR ADMISSION NO. 218:**

21        Defendant is unable to admit or deny this request; after a good faith inquiry of sources

22   reasonably available to Defendant he has no information or belief upon which to base a response.

23   **REQUEST FOR ADMISSION NO. 219:**

24        Admit that Alon Nottea was an owner of Focus Media Solutions, Inc.

25   **RESPONSE TO REQUEST FOR ADMISSION NO. 219:**

26        Defendant is unable to admit or deny this request; after a good faith inquiry of sources

27   reasonably available to Defendant he has no information or belief upon which to base a response.

28

---

**DEFENDANT CALENERGY'S RESPONSES TO PLAINTIFF'S  REQUESTS FOR ADMISSION**

-47-

**Exhibit 915**

**REQUEST FOR ADMISSION NO. 220:**

Admit that, since its incorporation, Alon Nottea had the authority to control the business operations of Focus Media Solutions, Inc.

**RESPONSE TO REQUEST FOR ADMISSION NO. 220:**

Admit.

**REQUEST FOR ADMISSION NO. 221:**

Admit that Doron Nottea did bookkeeping work for Focus Media Solution, Inc.

**RESPONSE TO REQUEST FOR ADMISSION NO. 221:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 222:**

Admit that Media Urge did marketing for BunZai Media Group, Inc.

**RESPONSE TO REQUEST FOR ADMISSION NO. 222:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 223:**

Admit that Media Urge did marketing for Pinnacle Logistics, Inc.

**RESPONSE TO REQUEST FOR ADMISSION NO. 223:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 224:**

Admit that Media Urge did marketing for Corporate Defendants.

**RESPONSE TO REQUEST FOR ADMISSION NO. 224:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 225:**

Admit that Motti Nottea has reviewed Aura Vie website(s).

---

**DEFENDANT CALENERGY'S RESPONSES TO PLAINTIFF'S  REQUESTS FOR ADMISSION**

-48-

915-48                                                            **Exhibit 915**

1   **RESPONSE TO REQUEST FOR ADMISSION NO. 225:**

2       Defendant is unable to admit or deny this request; after a good faith inquiry of sources

3   reasonably available to Defendant he has no information or belief upon which to base a response.

4   **REQUEST FOR ADMISSION NO. 226:**

5       Admit that Motti Nottea has reviewed Dellure website(s).

6   **RESPONSE TO REQUEST FOR ADMISSION NO. 226:**

7       Defendant is unable to admit or deny this request; after a good faith inquiry of sources

8   reasonably available to Defendant he has no information or belief upon which to base a response.

9   **REQUEST FOR ADMISSION NO. 227:**

10       Admit that Motti Nottea has reviewed Miracle Fact Kit website(s).

11   **RESPONSE TO REQUEST FOR ADMISSION NO. 227:**

12       Defendant is unable to admit or deny this request; after a good faith inquiry of sources

13   reasonably available to Defendant he has no information or belief upon which to base a response.

14   **REQUEST FOR ADMISSION NO. 228:**

15       Admit that Motti Nottea signed payment processor documents on behalf of BunZai Media

16   Group, Inc.

17   **RESPONSE TO REQUEST FOR ADMISSION NO. 228:**

18       Defendant is unable to admit or deny this request; after a good faith inquiry of sources

19   reasonably available to Defendant he has no information or belief upon which to base a response.

20   **REQUEST FOR ADMISSION NO. 229:**

21       Admit that Motti Nottea held himself out as a CEO of BunZai Media Group, Inc.

22   **RESPONSE TO REQUEST FOR ADMISSION NO. 229:**

23       Defendant is unable to admit or deny this request; after a good faith inquiry of sources

24   reasonably available to Defendant he has no information or belief upon which to base a response.

25   **REQUEST FOR ADMISSION NO. 230:**

26       Admit that Motti Nottea was the CEO or owner of DSA Holdings, Inc.

27   **RESPONSE TO REQUEST FOR ADMISSION NO. 230:**

28       Defendant is unable to admit or deny this request; after a good faith inquiry of sources

1    reasonably available to Defendant he has no information or belief upon which to base a response.

2    **REQUEST FOR ADMISSION NO. 231:**

3         Admit that Alon Nottea participated in managing Chargeback Armor, Inc.

4    **RESPONSE TO REQUEST FOR ADMISSION NO. 231:**

5         Defendant is unable to admit or deny this request; after a good faith inquiry of sources

6    reasonably available to Defendant he has no information or belief upon which to base a response.

7    **REQUEST FOR ADMISSION NO. 232:**

8         Admit that Alon Nottea was an owner of Chargeback Armor, Inc.

9    **RESPONSE TO REQUEST FOR ADMISSION NO. 232:**

10        Defendant is unable to admit or deny this request; after a good faith inquiry of sources

11   reasonably available to Defendant he has no information or belief upon which to base a response.

12   **REQUEST FOR ADMISSION NO. 233:**

13        Admit that, since its incorporation, Alon Nottea, acting alone or in concert with others, had

14   the authority to control the business operations of Chargeback Armor, Inc.

15   **RESPONSE TO REQUEST FOR ADMISSION NO. 233:**

16        Defendant is unable to admit or deny this request; after a good faith inquiry of sources

17   reasonably available to Defendant he has no information or belief upon which to base a response.

18   **REQUEST FOR ADMISSION NO. 234:**

19        Admit that Alon Nottea solicited investors or investments for Chargeback Armor, Inc.

20   **RESPONSE TO REQUEST FOR ADMISSION NO. 234:**

21        Defendant is unable to admit or deny this request; after a good faith inquiry of sources

22   reasonably available to Defendant he has no information or belief upon which to base a response.

23   **REQUEST FOR ADMISSION NO. 235:**

24        Admit that Secured Merchants, LLC transferred $250,000 in funds to Chargeback Armor,

25   Inc.

26   **RESPONSE TO REQUEST FOR ADMISSION NO. 235:**

27        Defendant is unable to admit or deny this request; after a good faith inquiry of sources

28   reasonably available to Defendant he has no information or belief upon which to base a response.

---

1  **REQUEST FOR ADMISSION NO. 236:**

2      Admit that Secured Merchants received more than $300,000 from SBM Management, Inc.

3  for providing chargeback services relating to the sale of Defendants' skincare products.

4  **RESPONSE TO REQUEST FOR ADMISSION NO. 236:**

5      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

6  reasonably available to Defendant he has no information or belief upon which to base a response.

7  **REQUEST FOR ADMISSION NO. 237:**

8      Admit that Roi Reuveni is or was Chargenback Armor's COO.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 237:**

10      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

11  reasonably available to Defendant he has no information or belief upon which to base a response.

12  **REQUEST FOR ADMISSION NO. 238:**

13      Admit that SMB Management, Inc. was controlled by Doron Nottea.

14  **RESPONSE TO REQUEST FOR ADMISSION NO. 238:**

15      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

16  reasonably available to Defendant he has no information or belief upon which to base a response.

17  **REQUEST FOR ADMISSION NO. 239:**

18      Admit that, since its incorporation, Doron Nottea had the authority to control the business

19  operations of SMB Management, Inc.

20  **RESPONSE TO REQUEST FOR ADMISSION NO. 239:**

21      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

22  reasonably available to Defendant he has no information or belief upon which to base a response.

23  **REQUEST FOR ADMISSION NO. 240:**

24      Admit each individual defendants was paid at least 1% of sales processed through merchant

25  accounts in which they were listed as CEO.

26  **RESPONSE TO REQUEST FOR ADMISSION NO. 240:**

27      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

28  reasonably available to Defendant he has no information or belief upon which to base a response.

---

**DEFENDANT CALENERGY'S RESPONSES TO PLAINTIFF'S  REQUESTS FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 241:**

Admit that Doron Nottea received compensation for bookkeeping work performed for companies for any Corporate Defendant.

**RESPONSE TO REQUEST FOR ADMISSION NO. 241:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 242:**

Admit that Doron Nottea used corporate credit cards for companies for any Corporate Defendant for personal expenses.

**RESPONSE TO REQUEST FOR ADMISSION NO. 242:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 243:**

Admit that some portion of the funds in Doron Nottea's safety deposit box came from the sale of negative option products.

**RESPONSE TO REQUEST FOR ADMISSION NO. 243:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 244:**

Admit that Roi Reuveni is or was President for DMA Media Holdings.

**RESPONSE TO REQUEST FOR ADMISSION NO. 244:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

**REQUEST FOR ADMISSION NO. 245:**

Admit that Roi Reuveni is or was an officer or director for Agoa Holdings.

**RESPONSE TO REQUEST FOR ADMISSION NO. 245:**

Defendant is unable to admit or deny this request; after a good faith inquiry of sources reasonably available to Defendant he has no information or belief upon which to base a response.

1    **REQUEST FOR ADMISSION NO. 246:**

2       Admit that Roi Reuveni was paid by CalEnergy, Inc.

3    **RESPONSE TO REQUEST FOR ADMISSION NO. 246:**

4       Admit.

5    **REQUEST FOR ADMISSION NO. 247:**

6       Admit that Igor Latsanovski provided assistance in establishing overseas accounts or

7 merchant accounts for transferring funds received from consumers in the sale of Defendants'

8 skincare products by negative option.

9    **RESPONSE TO REQUEST FOR ADMISSION NO. 247:**

10       Deny.

11    **REQUEST FOR ADMISSION NO. 248:**

12       Admit that BunZai Media Group, Inc. previously had its merchant accounts frozen or

13 cancelled by the bank or merchant processing entity due to high chargeback rates.

14    **RESPONSE TO REQUEST FOR ADMISSION NO. 248:**

15       Defendant is unable to admit or deny this request; after a good faith inquiry of sources

16 reasonably available to Defendant he has no information or belief upon which to base a response.

17    **REQUEST FOR ADMISSION NO. 249:**

18       Admit that any Corporate Defendant continued to process or make sales of skincare products

19 after their formal dissolution papers were filed with the California Secretary of State.

20    **RESPONSE TO REQUEST FOR ADMISSION NO. 249:**

21       Defendant is unable to admit or deny this request; after a good faith inquiry of sources

22 reasonably available to Defendant he has no information or belief upon which to base a response.

23    **REQUEST FOR ADMISSION NO. 250:**

24       Admit that Zen Mobile Media, Inc. made payments on the American Express card in the

25 name of Igor Latsanovski.

26    **RESPONSE TO REQUEST FOR ADMISSION NO. 250:**

27       Deny.

28

---

**DEFENDANT CALENERGY'S RESPONSES TO PLAINTIFF'S  REQUESTS FOR ADMISSION**

1  **REQUEST FOR ADMISSION NO. 251:**

2      Admit that you sold Aura Vie products by negative option.

3  **RESPONSE TO REQUEST FOR ADMISSION NO. 251:**

4      Deny.

5  **REQUEST FOR ADMISSION NO. 252:**

6      Admit that you sold Dellure products by negative option.

7  **RESPONSE TO REQUEST FOR ADMISSION NO. 252:**

8      Deny.

9  **REQUEST FOR ADMISSION NO. 253:**

10      Admit that you sold Miracle Face Kit products by negative option.

11  **RESPONSE TO REQUEST FOR ADMISSION NO. 253:**

12      Deny.

13  **REQUEST FOR ADMISSION NO. 254:**

14      Admit that Alon Nottea sent and received emails using the email account

15  vigorect@gmail.com.

16  **RESPONSE TO REQUEST FOR ADMISSION NO. 254:**

17      Admit.

18  **REQUEST FOR ADMISSION NO. 255:**

19      Admit that Alon Nottea sent and received emails using the email account alon@chargeback

20  armor.com

21  **RESPONSE TO REQUEST FOR ADMISSION NO. 255:**

22      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

23  reasonably available to Defendant he has no information or belief upon which to base a response.

24  **REQUEST FOR ADMISSION NO. 256:**

25      Admit that Alon Nottea and received emails using the email account

26  alon@securedmerchants.com

27  **RESPONSE TO REQUEST FOR ADMISSION NO. 256:**

28      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

---

1   reasonably available to Defendant he has no information or belief upon which to base a response.

2   **REQUEST FOR ADMISSION NO. 257:**

3       Admit that Doron Nottea sent and received emails using the email account Doron@doron.us.

4   **RESPONSE TO REQUEST FOR ADMISSION NO. 257:**

5       Admit.

6   **REQUEST FOR ADMISSION NO. 258:**

7       Admit that Doron Nottea sent and received messages using the Skype account named

8   Accounting818.

9   **RESPONSE TO REQUEST FOR ADMISSION NO. 258:**

10      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

11  reasonably available to Defendant he has no information or belief upon which to base a response.

12  **REQUEST FOR ADMISSION NO. 259:**

13      Admit that Roi Reuveni sent and received emails using the email account

14  roi@chargebackarmor.com

15  **RESPONSE TO REQUEST FOR ADMISSION NO. 259:**

16      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

17  reasonably available to Defendant he has no information or belief upon which to base a response.

18  **REQUEST FOR ADMISSION NO. 260:**

19      Admit that Roi Reuveni sent and received emails using the email account

20  roi@securedmerchants.com

21  **RESPONSE TO REQUEST FOR ADMISSION NO. 260:**

22      Defendant is unable to admit or deny this request; after a good faith inquiry of sources

23  reasonably available to Defendant he has no information or belief upon which to base a response.

24

25  **REQUEST FOR ADMISSION NO. 261:**

26      Admit that Alon Argaman sent and received emails using the email account

27  avicoglobal@gmailc.om

28  **RESPONSE TO REQUEST FOR ADMISSION NO. 261:**

---

**DEFENDANT CALENERGY'S RESPONSES TO PLAINTIFF'S  REQUESTS FOR ADMISSION**

-55-      **Exhibit 915**

1   Defendant is unable to admit or deny this request; after a good faith inquiry of sources
2   reasonably available to Defendant he has no information or belief upon which to base a response.

3   **REQUEST FOR ADMISSION NO. 262:**

4   Admit that, in February 2015, Roi Reuveni signed the lease on behalf of Chargeback Armor,
5   Inc.

6   **RESPONSE TO REQUEST FOR ADMISSION NO. 262:**

7   Defendant is unable to admit or deny this request; after a good faith inquiry of sources
8   reasonably available to Defendant he has no information or belief upon which to base a response.

9   **REQUEST FOR ADMISSION NO. 263:**

10  Admit that Doron Nottea received weekly reports concerning chargebacks for companies'
11  any Corporate Defendant's sales.

12  **RESPONSE TO REQUEST FOR ADMISSION NO. 263:**

13  Defendant is unable to admit or deny this request; after a good faith inquiry of sources
14  reasonably available to Defendant he has no information or belief upon which to base a response.

15  **REQUEST FOR ADMISSION NO. 264:**

16  Admit that Igor Latsanovski assisted Alon Nottea in establishing foreign merchant accounts
17  for the sale of skincare products by negative option.

18  **RESPONSE TO REQUEST FOR ADMISSION NO. 264:**

19  Deny.

20  **REQUEST FOR ADMISSION NO. 265:**

21  Admit that Igor Latsanovski is sole owner of Guayas LTD.

22  **RESPONSE TO REQUEST FOR ADMISSION NO. 265:**

23  Deny.

24

25  **REQUEST FOR ADMISSION NO. 266:**

26  Admit that funds derived from the sale of skincare products by negative option were used to
27  purchase properties owned by Sunset Holding Partners LLC.

28  **RESPONSE TO REQUEST FOR ADMISSION NO. 266:**

---

1    Deny.

2    **REQUEST FOR ADMISSION NO. 267:**

3    Admit that Igor Latsanovski received a monthly salary from BunZai Media Group, Inc.

4    **RESPONSE TO REQUEST FOR ADMISSION NO. 267:**

5    Deny.

6    **REQUEST FOR ADMISSION NO. 268:**

7    Admit that Igor Latsanovski introduced Alon Nottea to potential investors for BunZai Media

8    Group, Inc.

9    **RESPONSE TO REQUEST FOR ADMISSION NO. 268:**

10    Deny.

11    **REQUEST FOR ADMISSION NO. 269:**

12    Admit that Igor Latsanovski is an investor in Skincare OU or Skincare OY.

13    **RESPONSE TO REQUEST FOR ADMISSION NO. 269:**

14    Deny.

15    **REQUEST FOR ADMISSION NO. 270:**

16    Admit that Igor Latsanovski is part owner, officer, director of Skincare OY.

17    **RESPONSE TO REQUEST FOR ADMISSION NO. 270:**

18    Deny.

19    **REQUEST FOR ADMISSION NO. 271:**

20    Admit that funds derived from the sale of Aura Vie products were transferred overseas bank

21    accounts.

22    **RESPONSE TO REQUEST FOR ADMISSION NO. 271:**

23    Defendant is unable to admit or deny this request; after a good faith inquiry of sources

24    reasonably available to Defendant he has no information or belief upon which to base a response.

25    **REQUEST FOR ADMISSION NO. 272:**

26    Admit that funds derived from the sale of Dellures products were transferred overseas bank

27    accounts.

28    **RESPONSE TO REQUEST FOR ADMISSION NO. 272:**

---

**DEFENDANT CALENERGY'S RESPONSES TO PLAINTIFF'S  REQUESTS FOR ADMISSION**

1    Defendant is unable to admit or deny this request; after a good faith inquiry of sources

2    reasonably available to Defendant he has no information or belief upon which to base a response.

3    **REQUEST FOR ADMISSION NO. 273:**

4    Admit that funds derived from the sale of Miracle Face Kit products were transferred

5    overseas bank accounts.

6    **RESPONSE TO REQUEST FOR ADMISSION NO. 273:**

7    Defendant is unable to admit or deny this request; after a good faith inquiry of sources

8    reasonably available to Defendant he has no information or belief upon which to base a response.

9    **REQUEST FOR ADMISSION NO. 274:**

10    Admit that funds derived from the sale of Defendants' skincare products were transferred

11    overseas bank accounts.

12    **RESPONSE TO REQUEST FOR ADMISSION NO. 274:**

13    Defendant is unable to admit or deny this request; after a good faith inquiry of sources

14    reasonably available to Defendant he has no information or belief upon which to base a response.

15

16

17

18

19    Dated:   January 20, 2016          Respectfully Submitted,

20

21                                       _____
                                         Jeffrey S. Benice, Esq.
22                                       Attorney for Defendants,
                                         Igor Latsanovski and Calenergy Inc.

23

24

25

26

27

28

---

**DEFENDANT CALENERGY'S RESPONSES TO PLAINTIFF'S  REQUESTS FOR ADMISSION**

# PROOF OF SERVICE

## UNITED STATES OF AMERICA
## STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the City of Costa Mesa, County of Orange, State of California.  I am over the age of 18 years and not a party to the within action.  My business address is 3080 Bristol Street, Sixth Floor, Suite 630, Costa Mesa, California  92626.  On January 23, 2016, I served the documents named below on the parties in this action as follows:

DOCUMENT(S) SERVED:   **DEFENDANT CALENERGY'S RESPONSES TO PLAINTIFF FEDERAL TRADE COMMISSION'S REQUESTS FOR ADMISSION, SET ONE.**

SERVED UPON:   SEE ATTACHED SERVICE LIST

[✔]     (BY MAIL)  I caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Costa Mesa, California.  I am readily familiar with the practice of collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection.

[ ]     (BY PERSONAL SERVICE)  I delivered to an authorized courier or driver authorized by Courier to receive documents to be delivered on the same date.  A proof of service signed by the authorized courier will be filed forthwith.

[ ]     (BY OVERNITE EXPRESS)  I am readily familiar with the practice of collection and processing of correspondence for overnight delivery and know that the document(s) described herein will be deposited in a box or other facility regularly maintained for overnight delivery.

[✔]     (BY FACSIMILE/ELECTRONIC SERVICE)  I caused to be transmitted the document(s) described herein via the electronic address(es) listed on the attached service list.

[ ]     (STATE)  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[✔]     (FEDERAL)  I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on January 23, 2016, at Costa Mesa, California.

Javaise Escoto

---

**DEFENDANT CALENERGY'S RESPONSES TO PLAINTIFF'S  REQUESTS FOR ADMISSION**

-60-

**915-59**                                                                 **Exhibit 915**

1

2

### *SERVICE LIST*

3

*Local Counsel for Receiver*
Tom Vidal/Michael Weiss
Nina Nahal Ameri
Abrams Garfinkel Margolis Bergson
5900 Wilshire Blvd., Suite 2250
Los Angeles, CA 90036
Email: nameri@agmblaw.com

*Counsel for Oz Mizrahi*
Erik S. Syverson
Scott M. Lesowitz
Steven T. Gebelin
Raines Feldman LLP
9720 Wilshire Blvd., 5th Floor
Beverly Hills, CA 90212
Email: esyverson@raineslaw.com

*Counsel for Doron Nottea and Motti Nottea*
Robert L. Esenten
Randi R. Geffner
Esesten Law
12100 Wilshire Blvd., Suite 1660
Los Angeles, CA 90025
Email: rgeffner@esenstenlaw.com
Email: resensten@esenstenlaw.com

*Counsel for the FTC*
Reid Tepfer
Luis Gallegos
Federal Trade Commission
1999 Bryan Street, Suite 2150
Dallas, TX 75201
Email: rtepfer@ftc.gov
Email: lgallegos@ftc.gov

*Counsel for Chargeback Armor, Inc., Secured Merchants, LLC, Alan Argaman, Paul Medina*
Sagar Parikh
Beverly Hills Law Corp., PC
433 N. Camden Drive, 6th Floor
Beverly Hills, CA 90210
Email: sp@beverlyhillslawcorp.com

*Counsel for Alon Nottea, Roi Reuveni and Adageo, LLC*
Robert M. Unger
Crosswind Law
14724 Ventura Blvd., Penthouse
Sherman Oaks, CA 91403
Email: rmu@ungarlaw.com

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

**DEFENDANT CALENERGY'S RESPONSES TO PLAINTIFF'S  REQUESTS FOR ADMISSION**

JONATHAN E. NUECHTERLEIN
General Counsel

DAMA J. BROWN
Regional Director

REID TEPFER
rtepfer@ftc.gov
Texas Bar No. 24079444
LUIS GALLEGOS
lgallegos@ftc.gov
Oklahoma Bar No. 19098
Federal Trade Commission
1999 Bryan Street, Suite 2150
Dallas, Texas 75206
(214) 979-9395 (Tepfer)
(214) 979-9383 (Gallegos)
(214) 953-3079 (fax)

RAYMOND McKOWN
rmckown@ftc.gov
California Bar No. 150975
10877 Wilshire Boulevard, Suite 700
Los Angeles, California 90024
(310) 824-4325 (voice)
(310) 824-4380 (fax)

Attorneys for Plaintiff Federal Trade Commission

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**BUNZAI MEDIA GROUP, INC.,** *et al.*<br><br>**Defendants.** | **Case No.  CV 15-4527-GW(PLAx)**<br><br>**PLAINTIFF FEDERAL TRADE COMMISSION'S SECOND SET OF DISCOVERY REQUESTS TO DEFENDANT ALAN ARGAMAN** |

**PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS**

Exhibit 916

Pursuant to Rules 33, 34, and 36 of the Federal Rules of Civil Procedure, Plaintiff Federal Trade Commission (FTC or Commission) requests that Defendant Alan Argaman respond to the following Requests for Admission and Requests for Production of Documents within 30 days of service.

## I.   INSTRUCTIONS

1.   These instructions and definitions should be construed to require Discovery Request responses based upon your actual or constructive knowledge, information available to you, as well as that of your attorneys, accountants, consultants, employees, independent contractors, representatives, agents, and others acting on your behalf.  These Requests must be responded to by the party to whom they are directed within thirty (30) days of the date of service, as service is defined by Rule 6 of the Federal Rules of Civil Procedure.

2.   If you object to a portion or an aspect of any Request, state the grounds of your objection with specificity and answer the remainder of the Request to the extent required by Rule 33(b)(3), 34(b)(2)(c), or 36(a)(4)-(5), whichever is applicable.

3.   If, in responding to these Requests, you encounter any ambiguities when construing a Request, question, instruction, or definition, your response shall set forth the matter deemed ambiguous and the construction used in answering the Request.

**PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS**

4.     Should a document responsive to any portion of these Requests be withheld from production under a claim of privilege, a privilege log shall be submitted setting forth the information required under Federal Rule of Civil Procedure 26(b)(5)(A).  Any privilege log submitted shall include:

a.     the date of the document;

b.     the nature of the information, including the format of the document;

c.     the identity of all authors and recipients of the document;

d.     if you are not the custodian of the document, the identity of the present custodian of the document;

e.     a summary of the contents of the document; and

f.     the privilege asserted or any other ground for withholding, and describe with particularity the claimed basis for withholding.

5.     These Requests are continuing in nature pursuant to Federal Rule of Civil Procedure 26(e).  Therefore, you must file supplemental responses in a timely manner if you learn that your response is incomplete or incorrect.

6.     Unless otherwise noted or clear from the Request, the applicable time period for these Requests is from January 1, 2010, through the present.  If the response to any Request is different for different periods within the applicable time period, provide a complete response for each time period and designate the specific time period for which the response is applicable.

**PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS**
Page | 3

Exhibit 916

7.      Legible copies of original documents may be submitted in lieu of originals only if they are true, correct, and complete copies of the original document; provided, however, that submission of a copy shall constitute a waiver of any claim as to the authenticity of the copy should it be necessary to introduce the copy into evidence in any court of law; and provided, further, that you shall retain the original documents and produce them to Plaintiff upon request.

8.      You shall submit each document in its entirety even if only a portion of the document relates to a Request.  This means that the document shall not be edited, cut, or expunged and shall include all appendices, tables, or other attachments and all other documents referred to in the document or its attachments.

9.      These Requests seek production of all documents described, including all drafts, of whatever date, and all non-identical copies.

10.     If any document responsive to a Request is not in your possession, custody, or control, identify each person who has possession, custody, or control of the original or any copy of the document; if the document requested to be produced was, but no longer is, in your possession, state the disposition of it and the reasons for the disposition; if the document requested to be produced has been destroyed, state the time the document was destroyed, the reason for its destruction, and the identity of the person who destroyed the document and the identity of any person who directed that the document be destroyed.

**PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS**
Page | 4

11.    If any document responsive to a Request has already been produced to Plaintiff, identify the document, the type of document, where it was kept, and how it was produced.  If a portion of a document that has previously been produced is responsive to a Request, identify the document, the type of document, the location of the document, and specify where in the document the requested information is contained.

12.    Each response, document, or thing produced shall be clearly and precisely identified as to the numbered Request to which it is responsive.

13.    The Commission often makes its files available to other civil and criminal federal, state, local, or foreign law enforcement agencies.  The FTC may make information supplied by you available to such agencies where appropriate pursuant to the FTC Act and 16 C.F.R. §§ 4.11(c) and (j).  Information you provide may be shared with other federal, state, or foreign civil or criminal agencies.

## II.    DEFINITIONS

For purposes of these Discovery Requests, the following definitions shall apply:

1.    "Agents," "representatives," and "employees" mean any person who is or was paid a salary or a commission, or provided anything of value, or was an independent contractor for, or received any monetary or other benefit in exchange for, goods or services provided.

**PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS**

1  2.      "All" and "any" shall be interpreted inclusively and shall mean "any

2  and all."

3  3.      "Consumer" refers to any person to whom Defendants offered to sell

4  or sold skincare products.

5  4.      "Corporate Defendants" means BunZai Media Group, Inc., d/b/a

6  AuraVie and Miracle Face Kit; Pinnacle Logistics, Inc.; DSA Holdings, Inc.;

7  Lifestyle Media Brands, Inc.; Agoa Holdings, Inc.; Zen Mobile Media, Inc.;

8  Safehaven Ventures, Inc.; Heritage Alliance Group, Inc., also doing business as

9  AuraVie Distribution; AMD Financial Network, Inc.; SBM Management, Inc.;

10 Media Urge, Inc.; Adageo, LLC; Calenergy, Inc.; KAI Media, Inc.; Insight

11 Medial, Inc.,; Focus Media Solutions, Inc.; Secured Commerce, LLC; Secured

12 Merchants, LLC; USM Products, Inc.; Merchant Leverage Group, Inc.; DMA

13 Media Holdings, Inc.; Shalita Holdings, Inc.; and All Star Beauty Products, Inc.,

14 and any and all  subsidiaries, successors, employees, agents, independent

15 contractors, wholly owned affiliates, and all persons selling goods or services for

16 or on behalf of any of the foregoing.

17 5.      "Defendants" means the "Individual Defendants" and the "Corporate

18 Defendants."

19 6.      "Distributor" or "retailer" refers to any person to whom Defendants

20 offered to sell or sold skincare products for resale purposes.

**PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS**

Page | 6

7.     "Document" or "Documents" means any record, writing, drawing, graph, chart, photograph, sound recording, image, data or data compilation stored in any medium from which information can be obtained either directly or, if necessary, after translation into a reasonable usable form and includes electronically stored information.

8.     "Documents sufficient to show" means a group of documents which, when viewed together, reveals the information sought.  The fact that no single document contains the information sought does not relieve you of the responsibility to gather and return the additional documents which, when viewed together, do contain the information requested.  The phrase encompasses those documents that are both necessary and sufficient to provide the information requested.  Where "documents sufficient to show" is specified, if summaries, compilations, lists or synopses are available that provide the information, these should be provided in lieu of the underlying documents.

9.     "Including" means "including, but not limited to."

10.    "Identify" means (a) as to a person – by providing the person's full name, present or last known address and telephone number, and the present or last known place of employment; and (b) as to a document – by providing a copy of the document, by providing the Bates or identification number of any copy of the document or thing previously produced, or, if a copy of the document cannot be produced, by describing:  (i) the type of document; (ii) its general subject matter;

**PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS**

Page | 7

1    (iii) its date; (iv) its author(s) and recipient(s); (v) the present location of each

2    document or thing and each copy thereof; and (vi) the name, job title, employer,

3    and address of the custodian of the document or thing.

4         12.   "Individual Defendants" means Alon Nottea, Motti Nottea, Doron

5    Nottea, Igor Latsanovski, Oz Mizrahi, Roi Reuveni, and Khristopher Bond a/k/a

6    Ray Ibbot, Alan Argaman, and Paul Medina and each of their successors and

7    assigns, if any, by whatever names known.

8         13.   "Person" means an individual, organization, or other legal entity,

9    including, but

10   not limited to, an association, cooperative, corporation, limited liability company,

11   organization, partnership, proprietorship, or trust, or combination thereof.

12        14.   "Relating" (or "relate") means pertaining, describing, referring,

13   evidencing, reflecting, discussing, showing, supporting, contradicting, refuting,

14   constituting, embodying, containing, concerning, identifying, or in any way

15   logically or factually connected with the matter discussed.

16        15.   "You" or "your" means the party upon whom these Discovery

17   Requests are served.

18        16.   The words "or" and "and" shall be read in the conjunctive and not in

19   the disjunctive wherever they appear, and neither of these words shall be

20   interpreted to limit the scope of a request.

**PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS**

17.     The use of a verb in any tense shall be construed as the use of the verb in all other tenses and the singular form shall be deemed to include the plural, and vice-versa.

18.     The singular form of any noun shall be deemed to include the plural, and vice versa.

Notwithstanding the above definitions, each word, term, or phrase used in these Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

## III.    REQUESTS FOR ADMISSIONS

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiff requests that you admit for purposes of this pending action the truth of the matters requested.  If you do not admit to a request, you must either specifically deny it or state in detail why you cannot admit or deny it, as required by Rule 36:

1.     Admit that the Federal District Court for the Central District of California has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337(a), 1345, and 1355, and 15 U.S.C. §§ 45(a), 45(*l*), 53(b), and 56(a).

*Response:*     Admit

**PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS**

2.     Admit that the complaint in this litigation alleges violations of the laws of the United States.

*Response:*     Admit

3.     Admit that the complaint alleges violations of the Federal Trade Commission Act.

*Response:*     Admit

4.     Admit that the complaint alleges violations of the Restore Online Shoppers Act.

*Response:*     Admit

5.     Admit that the complaint alleges violations of the Electronic Funds Transfer Act.

*Response:*     Admit

6.     Admit that venue is proper in the Central District of California under 28 U.S.C. §§ 1391(b)(1), (b)(2), (c)(1), (c)(2), and (d) and 1395(a) and 15 U.S.C. § 53(b).

     *Response:*     Admit

**PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS**

7.      Admit that Doron Nottea has been an officer of BunZai Media Group, Inc.

    *Response:*      Responding Party does not have sufficient information to admit or deny and on that basis denies.

8.      Admit that Doron Nottea was an owner of BunZai Media Group, Inc. since at least January 1, 2010.

*Response:*      Responding Party does not have sufficient information to admit or deny and on that basis denies.

9.      Admit that, since at least January 2010, Doron Nottea has controlled or had the authority to control the business operations of BunZai Media Group, Inc.

*Response:*      Responding Party does not have sufficient information to admit or deny and on that basis denies.

10.      Admit that Doron Nottea was involved in the day-to-day operations of BunZai Media Group, Inc.

*Response:*      Responding Party does not have sufficient information to admit or deny and on that basis denies.

11.      Admit that Doron Nottea had knowledge that consumers had alleged that unauthorized charges were being billed to consumers' credit cards by BunZai Media Group, Inc.

*Response:*      Responding Party does not have sufficient information to admit or deny and on that basis denies.

**PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS**
Page | 11

12.     Admit that Doron Nottea had knowledge that consumers had alleged that unauthorized charges were being billed to consumers' debit cards by BunZai Media Group, Inc.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

13.     Admit that Doron Nottea transacts or has transacted business in the Central District of California.

*Response:* Responding Party does not have sufficient information to admit or deny and on that basis denies.

14.     Admit that Doron Nottea resides in the Central District of California.

*Response:* Responding Party does not have sufficient information to admit or deny and on that basis denies.

15.     Admit that Doron Nottea resides at ██████████, Tarzana, California.

*Response:* Responding Party does not have sufficient information to admit or deny and on that basis denies.

16.      Admit that Alon Nottea has been an officer of BunZai Media Group, Inc.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

17.     Admit that Alon Nottea was an owner of BunZai Media Group, Inc. since at least January 1, 2010.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

**PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS**
Page | 12

18.     Admit that Alon Nottea was involved in the day-to-day operations of BunZai Media Group, Inc.

*Response:*  Responding Party does not have sufficient information to admit or deny and on that basis denies.

19.     Admit that Alon Nottea had knowledge that consumers had alleged that unauthorized charges were being billed to consumers' credit cards BunZai Media Group, Inc.

*Response:*  Responding Party does not have sufficient information to admit or deny and on that basis denies.

20.     Admit that Alon Nottea had knowledge that consumers had alleged that unauthorized charges were being billed to consumers' debit cards BunZai Media Group, Inc.

*Response:*  Responding Party does not have sufficient information to admit or deny and on that basis denies.

21.     Admit that, since at least January 2010, Alon Nottea has controlled or had the authority to control the business operations of BunZai Media Group, Inc.

*Response:*  Responding Party does not have sufficient information to admit or deny and on that basis denies.

22.     Admit that Alon Nottea transacts or has transacted business in the Central District of California.

*Response:*  Responding Party does not have sufficient information to admit or deny and on that basis denies.

**PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS**

23.     Admit that Alon Nottea resides in the Central District of California.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

24.     Admit that Alon Nottea resides at ████████████, Winnetka, California.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

25.     Admit that Igor Latsanovski has been an officer of BunZai Media Group, Inc.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

26.     Admit that Igor Latsanovski was an owner of BunZai Media Group, Inc. since at least January 1, 2010.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

27.     Admit that, since at least January 2010, Igor Latsanovski has controlled or had the authority to control the business operations of BunZai Media Group, Inc.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

**PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS**

Page | 14

28.     Admit that Igor Latsanovski had knowledge that consumers had alleged that unauthorized charges were being billed to consumers' credit cards by BunZai Media Group, Inc.

*Response:*     Responding Party does not have sufficient information to admit or deny and on that basis denies.

29.     Admit that Igor Latsanovski had knowledge that consumers had alleged that unauthorized charges were being billed to consumers' debit cards BunZai Media Group, Inc.

*Response:*     Responding Party does not have sufficient information to admit or deny and on that basis denies.

30.     Admit that Igor Latsanovski transacts or has transacted business in the Central District of California.

*Response:*     Responding Party does not have sufficient information to admit or deny and on that basis denies.

31.     Admit that Igor Latsanovski resides in the Central District of California.

*Response:*     Responding Party does not have sufficient information to admit or deny and on that basis denies.

32.     Admit that Igor Latsanovski resides at ███████████, Calabasas, California.

*Response:*     Responding Party does not have sufficient information to admit or deny and on that basis denies.

**PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS**
Page | 15

33.     Admit that Motti Nottea has been an officer of BunZai Media Group, Inc.

*Response:*  Responding Party does not have sufficient information to admit or deny and on that basis denies.

34.     Admit that Motti Nottea was the CEO of BunZai Media Group, Inc.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

35.     Admit that Motti Nottea was an owner of BunZai Media Group, Inc. since at least January 1, 2010.

*Response:*  Responding Party does not have sufficient information to admit or deny and on that basis denies.

36.     Admit that, since at least January 2010, Motti Nottea has controlled or had the authority to control the business operations of BunZai Media Group, Inc.

*Response:*  Responding Party does not have sufficient information to admit or deny and on that basis denies.

37.     Admit that Motti Nottea transacts or has transacted business in the Central District of California.

*Response:*  Responding Party does not have sufficient information to admit or deny and on that basis denies.

38.     Admit that Motti Nottea had a merchant account in his name for BunZai Media Group, Inc.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

**PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS**
Page | 16

39.    Admit that Motti Nottea resides in the Central District of California.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

40.    Admit that Motti Nottea resides at ███████████████ , Tarzana, California.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

41.    Admit that Roi Reuveni has been an officer of BunZai Media Group, Inc.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

42.    Admit that Roi Reuveni has been a manager of the customer service department of  BunZai Media Group, Inc.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

43.    Admit that Roi Reuveni has been the manager of the chargebacks department of BunZai Media Group, Inc.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

**PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS**
Page | 17

44.     Admit that, acting alone or in concert with others, Roi Reuveni drafted the deceptive template used to respond by BunZai Media Group, Inc. to respond to financial institutions when consumers requested chargebacks.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

45.     Admit that, since at least January 2010, Roi Reuveni has controlled or had the authority to control the business operations of BunZai Media Group, Inc.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

46.     Admit that Roi Reuveni transacts or has transacted business in the Central District of California.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

47.     Admit that Roi Reuveni resides in the Central District of California.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

48.     Admit that Roi Reuveni resides at ███████████████, Woodland Hills, California.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

**PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS**

49.     Admit that Kristopher Bond has been an officer of BunZai Media Group, Inc.

*Response:*  Responding Party does not have sufficient information to admit or deny and on that basis denies.

50.     Admit that Kristopher Bond was an owner of BunZai Media Group, Inc. since at least January 1, 2010.

*Response:*  Responding Party does not have sufficient information to admit or deny and on that basis denies.

51.     Admit that Kristopher Bond was involved in the day-to-day operations of BunZai Media Group, Inc.

*Response:*  Responding Party does not have sufficient information to admit or deny and on that basis denies.

52.     Admit that Kristopher Bond had knowledge that consumers had alleged that unauthorized charges were being billed to consumers' credit cards BunZai Media Group, Inc.

*Response:*  Responding Party does not have sufficient information to admit or deny and on that basis denies.

53.     Admit that Kristopher Bond had knowledge that consumers had alleged that unauthorized charges were being billed to consumers' debit cards BunZai Media Group, Inc.

*Response:*  Responding Party does not have sufficient information to admit or deny and on that basis denies.

**PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS**
Page | 19

54.    Admit that BunZai Media Group, Inc., was incorporated in California on January 1, 2010.

*Response:*    Responding Party does not have sufficient information to admit or deny and on that basis denies.

55.    Admit that, since BunZai Media Group, Inc.'s formation, it has maintained a substantial course of trade in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

*Response:*    Responding Party does not have sufficient information to admit or deny and on that basis denies.

56.    Admit that BunZai Media Group, Inc. has offered for sale, sold, and distributed skincare products to consumers throughout the United States.

*Response:*    Responding Party does not have sufficient information to admit or deny and on that basis denies.

57.    Admit that BunZai Media Group is not exempt from the coverage of the Federal Trade Commission Act by statute.

*Response:*    Responding Party does not have sufficient information to admit or deny and on that basis denies.

58.    Admit that BunZai Media Group, Inc. is a for-profit corporation.

*Response:*    Responding Party does not have sufficient information to admit or deny and on that basis denies.

**PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS**

Page | 20

59.   Admit that BunZai Media Group, Inc has offered for sale, sold, and distributed skincare products using the name AuraVie.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

60.   Admit that BunZai Media Group, Inc has offered for sale, sold, and distributed skincare products using the name Dellure.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

61.   Admit that BunZai Media Group, Inc has offered for sale, sold, and distributed skincare products using the name Miracle Face Kit.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

62.   Admit that BunZai Media Group, Inc has offered for sale, sold, and distributed skincare products using the website AuraViefreetrial.com.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

63.   Admit that BunZai Media Group, Inc has offered for sale, sold, and distributed skincare products using the website mymiraclekit.com.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

**PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS**
Page | 21

64.     Admit that BunZai Media Group, Inc has offered for sale, sold, and distributed skincare products using the website miraclefacekit.com.

*Response:*  Responding Party does not have sufficient information to admit or deny and on that basis denies.

65.     Admit that BunZai Media Group, Inc has offered for sale, sold, and distributed skincare products using the term "risk free trial."

*Response:*  Responding Party does not have sufficient information to admit or deny and on that basis denies.

66.     Admit that BunZai Media Group, Inc has offered for sale, sold, and distributed skincare products using the term "gifts."

*Response:*  Responding Party does not have sufficient information to admit or deny and on that basis denies.

67.     Admit that consumers who bought BunZai Media Group, Inc.'s skin care products had to return the product within 10 days to avoid being charged for the product.

*Response:*  Responding Party does not have sufficient information to admit or deny and on that basis denies.

68.     Admit that consumers who bought BunZai Media Group, Inc.'s skin care products had to return the product within 10 days to avoid being subscribed into a negative option continuity plan.

*Response:*  Responding Party does not have sufficient information to admit or deny and on that basis denies.

**PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS**
Page | 22

69.    Admit that consumers who bought BunZai Media Group, Inc.'s skin care products had to return the product within 10 days to avoid being subscribed into a negative option continuity plan that would charge the consumers a monthly fee.

*Response:*    Responding Party does not have sufficient information to admit or deny and on that basis denies.

70.    Admit that consumers who bought BunZai Media Group, Inc.'s skin care products had to return the product within 10 days to avoid being subscribed into a negative option continuity plan that would charge the consumers a fee of about $97.88.

*Response:*    Responding Party does not have sufficient information to admit or deny and on that basis denies.

71.    Admit that consumers who bought BunZai Media Group, Inc.'s skin care products had to pay a shipping and handling charge.

*Response:*    Responding Party does not have sufficient information to admit or deny and on that basis denies.

72.    Admit that BunZai Media Group, Inc., processed consumer skincare payments through a merchant account in the name of Agoa Holdings, Inc.

*Response:*    Responding Party does not have sufficient information to admit or deny and on that basis denies.

**PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS**
Page | 23

73.   Admit that BunZai Media Group, Inc. processed consumer skincare payments through a merchant account in the name of Zen Mobile Media, Inc.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

74.   Admit that BunZai Media Group, Inc. processed consumer skincare payments through a merchant account in the name of SafeHaven Ventures, Inc.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

75.   Admit that BunZai Media Group, Inc. processed consumer skincare payments through a merchant account in the name of Heritage Alliance Group, Inc.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

76.   Admit that BunZai Media Group, Inc. processed consumer skincare payments through a merchant account in the name of AMD Financial Network, Inc.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

77.   Admit that BunZai Media Group, Inc. processed consumer skincare payments through a merchant account in the name of Kai Media, Inc.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

**PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS**
Page | 24

78.     Admit that BunZai Media Group, Inc. processed consumer skincare payments through a merchant account in the name Insight Media, Inc.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

79.     Admit that SBM Management, Inc.'s corporate credit card was used to pay BunZai Media Group, Inc.'s websites.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

80.     Admit that Media Urge, Inc. was used by BunZai Media Group, Inc. to secure third-party advertising tracked sales.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

81.     Admit that Media Urge, Inc. was used by BunZai Media Group, Inc. to deisgn marketing materials.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

82.     Admit that Doron Nottea has been an officer of Pinnacle Logistics, Inc.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

**PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS**

83.    Admit that Doron Nottea was an owner of Pinnacle Logistics, Inc. since at least January 1, 2010.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

84.    Admit that, since at least January 2010, Doron Nottea has controlled or had the authority to control the business operations of Pinnacle Logistics, Inc.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

85.    Admit that Doron Nottea had knowledge that consumers had alleged that unauthorized charges were being billed to consumers' debit cards by Pinnacle Logistics, Inc.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

86.    Admit that Doron Nottea had knowledge that consumers had alleged that unauthorized charges were being billed to consumers' credit cards by Pinnacle Logistics, Inc.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

87.    Admit that Alon Nottea has been an officer of Pinnacle Logistics, Inc.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

**PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS**
Page | 26

88.    Admit that Alon Nottea was an owner of Pinnacle Logistics, Inc. since at least January 1, 2010.

*Response:* Responding Party does not have sufficient information to admit or deny and on that basis denies.

89.    Admit that Alon Nottea was involved in the day-to-day operations of Pinnacle Logistics, Inc.

*Response:* Responding Party does not have sufficient information to admit or deny and on that basis denies.

90.    Admit that Alon Nottea had knowledge that consumers had alleged that unauthorized charges were being billed to consumers' credit cards by Pinnacle Logistics, Inc.

*Response:* Responding Party does not have sufficient information to admit or deny and on that basis denies.

91.    Admit that Alon Nottea had knowledge that consumers had alleged that unauthorized charges were being billed to consumers' debit cards by Pinnacle Logistics, Inc.

*Response:* Responding Party does not have sufficient information to admit or deny and on that basis denies.

92.    Admit that Alon Nottea has controlled or had the authority to control the business operations of Pinnacle Logistics, Inc.

*Response:* Responding Party does not have sufficient information to admit or deny and on that basis denies.

**PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS**

93.    Admit that Oz Mizrahi has been an officer of Pinnacle Logistics, Inc.

*Response:*    Responding Party does not have sufficient information to admit or deny and on that basis denies.

94.    Admit that Oz Mizrahi was an owner of Pinnacle Logistics, Inc. since at least January 1, 2010.

*Response:*    Responding Party does not have sufficient information to admit or deny and on that basis denies.

95.    Admit that Oz Mizrahi was involved in the day-to-day operations of Pinnacle Logistics, Inc.

*Response:*    Responding Party does not have sufficient information to admit or deny and on that basis denies.

96.    Admit that Oz Mizrahi had knowledge that consumers had alleged that unauthorized charges were being billed to consumers' credit cards by Pinnacle Logistics, Inc.

*Response:*    Responding Party does not have sufficient information to admit or deny and on that basis denies.

97.    Admit that Oz Mizrahi had knowledge that consumers had alleged that unauthorized charges were being billed to consumers' debit cards by Pinnacle Logistics, Inc.

*Response:*    Responding Party does not have sufficient information to admit or deny and on that basis denies.

**PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS**
Page | 28

98.    Admit that Oz Mizrahi has controlled or had the authority to control the business operations of Pinnacle Logistics, Inc.

*Response:*  Responding Party does not have sufficient information to admit or deny and on that basis denies.

99.    Admit that Igor Latsanovski has been an officer of Pinnacle Logistics, Inc.

*Response:*  Responding Party does not have sufficient information to admit or deny and on that basis denies.

100.    Admit that Igor Latsanovski was an owner of Pinnacle Logistics, Inc. since at least January 1, 2010.

*Response:*    Responding Party does not have sufficient information to admit or deny and on that basis denies.

101.    Admit that, since at least January 2010, Igor Latsanovski has controlled or had the authority to control the business operations of Pinnacle Logistics, Inc.

*Response:*  Responding Party does not have sufficient information to admit or deny and on that basis denies.

102.    Admit that Igor Latsanovski had knowledge that consumers had alleged that unauthorized charges were being billed to consumers' debit cards by Pinnacle Logistics, Inc.

*Response:*    Responding Party does not have sufficient information to admit or deny and on that basis denies.

**PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS**
Page | 29

103.   Admit that Igor Latsanovski had knowledge that consumers had alleged that unauthorized charges were being billed to consumers' credit cards by Pinnacle Logistics, Inc.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

104.   Admit that Motti Nottea has been an officer of Pinnacle Logistics, Inc.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

105.   Admit that, since at least January 2010, Motti Nottea has controlled or had the authority to control the business operations of Pinnacle Logistics, Inc.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

106.   Admit that Roi Reuveni has been an officer of Pinnacle Logistics, Inc.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

107.   Admit that Roi Reuveni has been a manager of the customer service department of  Pinnacle Logistics, Inc.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

**PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS**

108.   Admit that Roi Reuveni has been the manager of the chargebacks department of Pinnacle Logistics, Inc.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

109.   Admit that, acting alone or in concert with other, Roi Reuveni drafted the template used to respond by Pinnacle Logistics, Inc. to respond to financial institutions  when consumers requested chargebacks.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

110.   Admit that, since at least January 2010, Roi Reuveni has controlled or had the authority to control the business operations of Pinnacle Logistics, Inc.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

111.   Admit that Pinnacle Logistics, Inc., was incorporated in California on June 6, 2012.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

112.   Admit that, since Pinnacle Logistics, Inc.'s formation, it has maintained a substantial course of trade in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

**PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS**
Page | 31

113.   Admit that Pinnacle Logistics, Inc. has offered for sale, sold, and distributed skincare products to consumers throughout the United States.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

114.   Admit that Pinnacle Logistics is not exempt from the coverage of the Federal Trade Commission Act by statute.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

115.   Admit that Pinnacle Logistics, Inc. is a for-profit corporation.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

116.   Admit that Pinnacle Logistics, Inc., has offered for sale, sold, and distributed skincare products using the name AuraVie.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

117.   Admit that Pinnacle Logistics, Inc., has offered for sale, sold, and distributed skincare products using the name Dellure.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

**PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS**

**916-32**                                                      **Exhibit 916**

118.   Admit that Pinnacle Logistics, Inc., has offered for sale, sold, and distributed skincare products using the name Miracle Face Kit.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

119.   Admit that Pinnacle Logistics, Inc., has offered for sale, sold, and distributed skincare products using the website AuraViefreetrial.com.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

120.   Admit that Pinnacle Logistics, Inc., has offered for sale, sold, and distributed skincare products using the website mymiraclekit.com.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

121.   Admit that Pinnacle Logistics, Inc., has offered for sale, sold, and distributed skincare products using the website miraclefacekit.com.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

122.   Admit that Pinnacle Logistics, Inc., has offered for sale, sold, and distributed skincare products using the term "risk free trial."

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

**PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS**
Page | 33

123.   Admit that Pinnacle Logistics, Inc., has offered for sale, sold, and distributed skincare products using the term "gifts."

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

124.   Admit that Pinnacle Logistics, Inc., has offered for sale, sold, and distributed skincare products using the term "risk free trials."

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

125.   Admit that consumers who bought Pinnacle Logistics, Inc.'s skin care products had to return the product within 10 days to avoid being charged for the product.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

126.   Admit that consumers who bought Pinnacle Logistics, Inc.'s skin care products had to return the product within 10 days to avoid being subscribed into a negative option continuity plan.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

**PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS**
Page | 34

127.   Admit that consumers who bought Pinnacle Logistics, Inc.'s skin care products had to return the product within 10 days to avoid being subscribed into a negative option continuity plan that would charge the consumers a monthly fee.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

128.   Admit that consumers who bought Pinnacle Logistics, Inc.'s skin care products had to return the product within 10 days to avoid being subscribed into a negative option continuity plan that would charge the consumers a fee of about $97.88.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

129.   Admit that consumers who bought Pinnacle Logistics, Inc.'s skin care products had to pay a shipping and handling charge.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

130.   Admit that Pinnacle Logistics, Inc. processed consumer skincare payments through a merchant account in the name of Agoa Holdings, Inc.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

**PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS**

131.    Admit that Pinnacle Logistics, Inc. processed consumer skincare payments through a merchant account in the name of Zen Mobile Media, Inc.

*Response:*  Responding Party does not have sufficient information to admit or deny and on that basis denies.

132.    Admit that Pinnacle Logistics, Inc. processed consumer skincare payments through a merchant account in the name of SafeHaven Ventures, Inc.

*Response:*  Responding Party does not have sufficient information to admit or deny and on that basis denies.

133.    Admit that Pinnacle Logistics, Inc. processed consumer skincare payments through a merchant account in the name of Heritage Alliance Group, Inc.

*Response:*  Responding Party does not have sufficient information to admit or deny and on that basis denies.

134.    Admit that Pinnacle Logistics, Inc. processed consumer skincare payments through a merchant account in the name of AMD Financial Network, Inc.

*Response:*  Responding Party does not have sufficient information to admit or deny and on that basis denies.

135.    Admit that Pinnacle Logistics, Inc. processed consumer skincare payments through a merchant account in the name of Kai Media, Inc.

*Response:*  Responding Party does not have sufficient information to admit or deny and on that basis denies.

**PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS**
Page | 36

136.   Admit that Pinnacle Logistics, Inc. processed consumer skincare payments through a merchant account in the name Insight Media, Inc.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

137.   Admit that SBM Management, Inc.'s corporate credit card was used to pay Pinnacle Logistics, Inc.'s websites.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

138.   Admit that Media Urge, Inc. was used by Pinnacle Logistics, Inc. to secure third-party advertising tracked sales.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

139.   Admit that Media Urge, Inc. was used by Pinnacle Logistics, Inc. to deisgn marketing materials.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

140.   Admit that Paul Medina is or was the Executive President or Vice President of Media Urge, Inc..

*Response:* Responding Party does not have sufficient information to admit or deny and on that basis denies.

**PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS**
Page | 37

141.   Admit Paul Medina was the manager of the call center for Pinnacle Logistics, Inc.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

142.   Admit that Paul Medina is or was the manager of Focus Media Solutions.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

143.   Admit that each Corporate Defendant is not exempt from the coverage of the Federal Trade Commission Act by statute.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

144.   Admit that each Individual Defendants are not exempt from the coverage of the Federal Trade Commission Act by statute.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

145.   Admit that misrepresentations or deceptive omissions of material fact constitute deceptive acts or practices prohibited by Section 5(a) of the FTC Act.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

**PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS**
Page | 38

146.   Admit that Defendants' representations that Defendants' skincare products were free was false.

*Response:*  Responding Party does not have sufficient information to admit or deny and on that basis denies.

147.   Admit that Defendants' representations about its free skincare products constituted a deceptive act or practice in violation of Section 5 of the FTC Act, 15 U.S.C. § 45(a).

*Response:*  Responding Party does not have sufficient information to admit or deny and on that basis denies.

148.   Admit that Sections 5(*l*) and 13(b) of the FTC Act, 15 U.S.C. §§ 45(*l*) and 53(b), empower this Court to grant injunctive and such other relief as the Court may deem appropriate to halt and redress violations of the FTC Act.

*Response:*  Responding Party does not have sufficient information to admit or deny and on that basis denies.

149.   Admit that the Court, in the exercise of its equitable jurisdiction, may award ancillary relief, including rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies, to prevent and remedy any violation of any provision of law enforced by the FTC.

*Response:*  Responding Party does not have sufficient information to admit or deny and on that basis denies.

**PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS**
Page | 39

1    150.   Admit that Alon Nottea, Khristopher Bond, and Igor Latsanovski were

2    partners in BunZai Media Group, Inc.

3    *Response:* Responding Party does not have sufficient information to admit or deny and on that
            basis denies.

4

5    151.   Admit that Doron Nottea's office contained pre-signed checks for

6    companies all Corporate Defendants.

7    *Response:* Responding Party does not have sufficient information to admit or deny and on that
            basis denies.

8

9    152.   Admit that BunZai Media Group, Inc., directly or indirectly, opened

10   merchant accounts in Latvia.

11   *Response:* Responding Party does not have sufficient information to admit or deny and on that
            basis denies.

12

13   153.   Admit that BunZai Media Group, Inc., directly or indirectly, opened

14   merchant accounts in Estonia.

15   *Response:* Responding Party does not have sufficient information to admit or deny and on that
            basis denies.

16

17   154.   Admit that Alon Nottea, directly or indirectly, opened merchant accounts in

18   Latvia.

19   *Response:* Responding Party does not have sufficient information to admit or deny and on that
            basis denies.

20

**PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS**

155.   Admit that Alon Nottea, directly or indirectly, opened merchant accounts in Estonia.

*Response:*  Responding Party does not have sufficient information to admit or deny and on that basis denies.

156.   Admit that Secured Merchants LLC processed, refuted, or responded to AuraVie chargebacks.

*Response:*  Deny

157.   Admit that Chargeback Armor, Inc. processed, refuted, or responded to AuraVie chargebacks.

*Response:*  Deny

158.   Admit that Secured Merchants LLC processed, refuted, or responded to Dellure chargebacks.

*Response:*  Deny

159.   Admit that Chargeback Armor, Inc. processed, refuted, or responded to Dellure chargebacks.

*Response:*  Deny

**PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS**

160.   Admit that Secured Merchants LLC processed, refuted, or responded to Miracle Face Kit chargebacks.

*Response:*  Deny

161.   Admit that Chargeback Armor, Inc. processed, refuted, or responded to Miracle Face Kit chargebacks.

*Response:*  Deny

162.   Admit that Secured Merchants LLC processed, refuted, or responded to Defendants' skincare product chargebacks.

*Response:*  Deny

163.   Admit that Chargeback Armor, Inc. processed, refuted, or responded to Defendants' skincare product chargebacks.

*Response:*  Deny

164.   Admit that BunZai Media Group, Inc. did not provide refunds to all consumers who returned AuraVie products within 10 day period.

*Response:*  Responding Party does not have sufficient information to admit or deny and on that basis denies.

**PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS**

165.   Admit that BunZai Media Group, Inc. failed to obtain a written authorization signed or similarly authenticated by the consumer for AuraVie sales.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

166.   Admit that BunZai Media Group, Inc. failed to provide a consumers a copy of the consumer's authorization of payment for AuraVie products.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

167.   Admit that BunZai Media Group, Inc. did not provide refunds to all consumers who returned Dellure products within 10 day period.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

168.   Admit that BunZai Media Group, Inc. failed to obtain a written authorization signed or similarly authenticated by the consumer for Dellure sales.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

169.   Admit that BunZai Media Group, Inc. did not provide refunds to all consumers who returned Miracle Face Kit products within 10 day period.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

**PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS**
Page | 43

170.   Admit that BunZai Media Group, Inc. failed to obtain a written authorization signed or similarly authenticated by the consumer for Miracle Face Kit sales.

*Response:*  Responding Party does not have sufficient information to admit or deny and on that basis denies.

171.   Admit that BunZai Media Group, Inc. failed to provide a consumers a copy of the consumer's authorization of payment for Miracle Face Kit products.

*Response:*  Responding Party does not have sufficient information to admit or deny and on that basis denies.

172.   Admit that BunZai Media Group, Inc. did not provide refunds to all consumers who returned Defendants' skincare products within 10 day period.

*Response:*  Responding Party does not have sufficient information to admit or deny and on that basis denies.

173.   Admit that BunZai Media Group, Inc. failed to obtain a written authorization signed or similarly authenticated by the consumer for Defendants' skincare sales.

*Response:*  Responding Party does not have sufficient information to admit or deny and on that basis denies.

174.   Admit that BunZai Media Group, Inc. failed to provide a consumers a copy of the consumer's authorization of payment for Defendants' skincare products.

*Response:*  Responding Party does not have sufficient information to admit or deny and on that basis denies.

**PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS**

175.   Admit that BunZai Media Group, Inc. failed to provide a consumers a copy of the consumer's authorization of payment for Dellure products.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

176.   Admit that BunZai Media Group, Inc., processed credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a negative option.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

177.   Admit that Pinnacle Logistics, Inc., processed credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a negative option.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

178.   Admit that DSA Holdings, Inc., processed credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a negative option.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

**PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS**

179.   Admit that Lifetyle Media Brands, Inc., had no other business purpose than to process credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a negative option.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

180.   Admit that Agoa Holdings, Inc., had no other business purpose than to process credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a negative option.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

181.   Admit that Zen Mobile Media, Inc., had no other business purpose than to process credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a negative option.

*Response:* Responding Party does not have sufficient information to admit or deny and on that basis denies.

182.   Admit that Safehaven Ventures, Inc., had no other business purpose than to process credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a negative option.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

**PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS**
Page | 46

183.   Admit that Heritage Alliance Group, Inc., had no other business purpose than to process credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a negative option.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

184.   Admit that AMD Financial Network, Inc., had no other business purpose than to process credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit, other skincare products sold by Defendants through a negative option.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

185.   Admit that SBM Management, Inc., processed credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a negative option.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

186.   Admit that Media Urge, Inc., processed credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a negative option.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

**PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS**
Page | 47

187.   Admit that Adageo, LLC, processed credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a negative option.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

188.   Admit that Calenergy, Inc., processed credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a negative option.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

189.   Admit that Kai Media, Inc., had no other business purpose than to process credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a negative option.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

190.   Admit that Insight Media, Inc., had no other business purpose than to process credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a negative option.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

**PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS**

191.   Admit that Focus Media Solutions, Inc., processed credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a negative option.

*Response:* Responding Party does not have sufficient information to admit or deny and on that basis denies.

192.   Admit that Secured Commerce, LLC, processed credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a negative option.

*Response:*  Responding Party does not have sufficient information to admit or deny and on that basis denies.

193.   Admit that USM Products, Inc., processed credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a negative option.

*Response:*  Responding Party does not have sufficient information to admit or deny and on that basis denies.

194.   Admit that USM Products, Inc., was used to make bulk purchases of products and containers for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a negative option.

*Response:*  Responding Party does not have sufficient information to admit or deny and on that basis denies.

**PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS**

195.   Admit that Merchant Leverage Group, Inc., processed credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a negative option.

*Response:* Responding Party does not have sufficient information to admit or deny and on that basis denies.

196.   Admit that DMA Medial Holdings, Inc., had no other business purpose than to process credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a negative option.

*Response:* Responding Party does not have sufficient information to admit or deny and on that basis denies.

197.   Admit that Shalita Holdings, Inc., had no other business purpose than to process credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a negative option.

*Response:* Responding Party does not have sufficient information to admit or deny and on that basis denies.

198.   Admit that All Star Beauty Products, Inc., had no other business purpose than to process credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants through a negative option.

*Response:* Responding Party does not have sufficient information to admit or deny and on that basis denies.

**PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS**
Page | 50

199.   Admit that Secured Merchants, LLC established voice logix services for BunZai Media Group, Inc.

*Response:* Responding Party does not have sufficient information to admit or deny and on that basis denies.

200.   Admit that Secured Merchants, LLC established voice logix services for Pinnacle Logistics, Inc.

*Response:* Responding Party does not have sufficient information to admit or deny and on that basis denies.

201.   Admit that Secured Merchants, LLC established voice logix services for Corporate Defendants.

*Response:* Responding Party does not have sufficient information to admit or deny and on that basis denies.

202.   Admit that Alon Nottea used the alias name "Jay Michaels."

*Response:* Responding Party does not have sufficient information to admit or deny and on that basis denies.

203.   Admit that Doron controlled deposit stamps for all Corporate Defendants.

*Response:* Responding Party does not have sufficient information to admit or deny and on that basis denies.

204.   Admit that Igor Latsanovski reviewed AuraVie's website.

*Response:* Responding Party does not have sufficient information to admit or deny and on that basis denies.

**PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS**

205. Admit that Igor Latsanovski reviewed all Corporate Defendants' website(s).

*Response:* Responding Party does not have sufficient information to admit or deny and on that basis denies.

206. Admit that Roi Reuveni was a manager in Pinnacle's chargeback department.

*Response:* Responding Party does not have sufficient information to admit or deny and on that basis denies.

207. Admit that Roi Reuveni was a manager in Pinnacle's call center.

*Response:* Responding Party does not have sufficient information to admit or deny and on that basis denies.

208. Admit that Alan Argaman was sole owner of corporate defendants Secured Merchants, LLC.

*Response:* Admit

209. Admit that at least 27 companies were used as payment processors for AuraVie products.

*Response:* Responding Party does not have sufficient information to admit or deny and on that basis denies.

210. Admit that at least 27 companies were used as payment processors for Dellure products.

*Response:* Responding Party does not have sufficient information to admit or deny and on that basis denies.

**PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS**

211.   Admit that at least 27 companies were used as payment processors for Miracle Face Kit products.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

212.   Admit that BunZai Media Group, Inc. purchased the right to use the name "AuraVie" from Skincare OU.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

213.   Admit that Doron Nottea has signed checks or financial documents using Stephen Bauer's name.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

214.   Admit that Doron Nottea and Alan Argaman were owners of Secured Commerce, LLC.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

215.   Admit that Focus Media Solutions, Inc. created advertisements for skincare products sold by negative option.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

**PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS**
Page | 53

216.   Admit that Focus Media Solutions, Inc. created advertisements for BunZai Media Group, Inc.'s skincare products sold by negative option.

*Response:* Responding Party does not have sufficient information to admit or deny and on that basis denies.

217.   Admit that Focus Media Solutions, Inc. created advertisements for Pinnacle Logistics, Inc.'s skincare products sold by negative option.

*Response:* Responding Party does not have sufficient information to admit or deny and on that basis denies.

218.   Admit that Focus Media Solutions, Inc. created advertisements for Corporate Defendants' skincare products sold by negative option.

*Response:* Responding Party does not have sufficient information to admit or deny and on that basis denies.

219.   Admit that Alon Nottea was an owner of Focus Media Solutions, Inc.

*Response:* Responding Party does not have sufficient information to admit or deny and on that basis denies.

220.   Admit that, since its incorporation, Alon Nottea had the authority to control the business operations of Focus Media Solutions, Inc.

*Response:* Responding Party does not have sufficient information to admit or deny and on that basis denies.

**PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS**
Page | 54

221.   Admit that Doron Nottea did bookkeeping work for Focus Media Solutions, Inc.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

222.   Admit that Media Urge did marketing for BunZai Media Group, Inc.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

223.   Admit that Media Urge did marketing for Pinnacle Logistics, Inc.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

224.   Admit that Media Urge did marketing for Corporate Defendants.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

225.   Admit that Motti Nottea has reviewed AuraVie website(s).

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

226.   Admit that Motti Nottea has reviewed Dellure website(s).

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

227.   Admit that Motti Nottea has reviewed Miracle Face Kit website(s).

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

**PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS**
Page | 55

228.   Admit that Motti Nottea signed payment processor documents on behalf of BunZai Media Group, Inc.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

229.   Admit that Motti Nottea held himself out as a CEO of BunZai Media Group, Inc.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

230.   Admit that Motti Nottea was the CEO or owner of DSA Holdings, Inc.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

231.   Admit that Alon Nottea participated in managing Chargeback Armor, Inc.

*Response:*   Deny

232.   Admit that Alon Nottea was an owner of Chargeback Armor, Inc.

*Response:*   Deny

233.   Admit that, since its incorporation, Alon Nottea, acting alone or in concert with others, had the authority to control the business operations of Chargeback Armor, Inc.

*Response:*   Deny

**PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS**

234.   Admit that Alon Nottea solicited investors or investments for Chargeback Armor, Inc.

*Response:*  Deny

235.   Admit that Secured Merchants LLC transferred $250,000 in funds to Chargeback Armor, Inc.

*Response:*  Admit

236.   Admit that Secured Merchants received more than $300,000 from SBM Management, Inc. for providing chargeback services relating to the sale of Defendants' skincare products.

*Response:*  Admit

237.   Admit that Roi Reuveni is or was Chargeback Armor's COO.

*Response:*  Responding Party does not have sufficient information to admit or deny and on that basis denies.

238.   Admit that SBM Management, Inc. was controlled by Doron Nottea.

*Response:*  Responding Party does not have sufficient information to admit or deny and on that basis denies.

**PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS**
Page | 57

239.   Admit that, since its incorporation, Doron Nottea had the authority to control the business operations of SBM Management, Inc.

*Response:* Responding Party does not have sufficient information to admit or deny and on that basis denies.

240.   Admit each individual defendants was paid at least 1% of sales processed through merchant accounts in which they were listed as CEO.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

241.   Admit that Doron Nottea received compensation for bookkeeping work performed for companies for any Corporate Defendant.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

242.   Admit that Doron Nottea used corporate credit cards for companies for any Corporate Defendant for personal expenses.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

243.   Admit that some portion of the funds in Doron Nottea's safety deposit box came from the sale of negative option products.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

**PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS**
Page | 58

244.   Admit that Roi Reuveni is or was President for DMA Media Holdings.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

245.   Admit that Roi Reuveni is or was an officer or director for Agoa Holdings.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

246.   Admit that Roi Reuveni was paid by CalEnergy, Inc.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

247.   Admit that Igor Latsanovski provided assistance in establishing overseas accounts or merchant accounts for transferring funds received from consumers in the sale of Defendants' skincare products by negative option.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

248.   Admit that BunZai Media Group, Inc. previously had its merchant accounts frozen or cancelled by the bank or merchant processing entity due to high chargeback rates.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

**PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS**

Page | 59

249.   Admit that any Corporate Defendant continued to process or make sales of skincare products after their formal dissolution papers were filed with the California Secretary of State.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

250.   Admit that Zen Mobile Media, Inc. made payments on the American Express card in the name of Igor Latsanovski.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

251.   Admit that you sold AuraVie products by negative option.

*Response:*   Deny

252.   Admit that you sold Dellure products by negative option.

*Response:*   Deny

253.   Admit that you sold Miracle Face Kit products by negative option.

*Response:*   Deny

**PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS**

254.   Admit that Alon Nottea sent and received emails using the email account vigorect@gmail.com.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

255.   Admit that Alon Nottea sent and received emails using the email account alon@chargeback armor.com.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

256.   Admit that Alon Nottea sent and received emails using the email account alon@securedmerchants.com.

*Response:*   Admit

257.   Admit that Doron Nottea sent and received emails using the email account Doron@doron.us.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

258.   Admit that Doron Nottea sent and received messages using the Skype account named Accounting818.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

**PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS**
Page | 61

259.   Admit that Roi Reuveni sent and received emails using the email account roi@chargebackarmor.com.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

260.   Admit that Roi Reuveni sent and received emails using the email account roi@securedmerchants.com.

*Response:*   Admit

261.   Admit that Alan Argaman sent and received emails using the email account avicoglobal@gmail.com.

*Response:*   Admit

262.   Admit that, in February 2015, Roi Reuveni signed the lease on behalf of Chargeback Armor, Inc..

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

263.   Admit that Doron Nottea received weekly reports concerning chargebacks for companies' any Corporate Defendant's sales.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

**PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS**

264.   Admit that Igor Latsanovski assisted Alon Nottea in establishing foreign merchant accounts for the sale of skincare products by negative option.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

265.   Admit that Igor Latsanovski is sole owner of Guayas LTD.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

266.   Admit that funds derived from the sale of skincare products by negative option were used to purchase properties owned by Sunset Holding Partners LLC.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

267.   Admit that Igor Latsanovski received a monthly salary from BunZai Media Group, Inc.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

268.   Admit that Igor Latsanovski introduced Alon Nottea to potential investors for BunZai Media Group, Inc.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

269.   Admit that Igor Latsanovski is an investor in Skincare OU or Skincare OY.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

**PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS**

270.   Admit that Igor Latsanovski is part owner, officer, or director of Skincare OY.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

271.   Admit that funds derived from the sale of AuraVie products were transferred overseas bank accounts.

*Response:* Responding Party does not have sufficient information to admit or deny and on that basis denies.

272.   Admit that funds derived from the sale of Dellure products were transferred overseas bank accounts.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

273.   Admit that funds derived from the sale of Miracle Face Kit products were transferred overseas bank accounts.

*Response:* Responding Party does not have sufficient information to admit or deny and on that basis denies.

274.   Admit that funds derived from the sale of Defendants' skincare products were transferred overseas bank accounts.

*Response:*   Responding Party does not have sufficient information to admit or deny and on that basis denies.

**PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS**
Page | 64

## IV.    REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff requests that

you produce and permit copying of the documents or other materials in your

possession, custody, or control identified below:

1.      **Request**:  All documents related to each Corporate Defendants' relationship

with Doron Nottea.

*Response:*  All responsive documents have been produced.


2.      **Request**:  All documents related to each Corporate Defendants' relationship

with Alon Nottea.

*Response:*  All responsive documents have been produced.


3.      **Request**:  All documents related to each Corporate Defendants' relationship

with Motti Nottea.

*Response:*  All responsive documents have been produced.


4.      **Request**:  All documents related to each Corporate Defendants' relationship

with Igor Latsanovski.

*Response:* All responsive documents have been produced.


**PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS**

5.      **Request**:  All documents related to each Corporate Defendants' relationship with Roi Reuveni.

*Response:*  All responsive documents have been produced.

6.      **Request**:  All documents related to each Corporate Defendants' relationship with Oz Mizrahi.

*Response:*  All responsive documents have been produced.

7.      **Request**:  All documents related to each Corporate Defendants' relationship with Kristopher Bond.

*Response:*  All responsive documents have been produced.

8.      **Request**:  All documents related to each Corporate Defendants' relationship with Paul Medina.

*Response:*  All responsive documents have been produced.

9.      **Request**:  All documents related to each Corporate Defendants' relationship with Alan Argaman.

*Response:*  All responsive documents have been produced.

**PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS**

10.    **Request**:  All documents related to BunZai Media Group, Inc.'s relationship with Secured Merchants, Inc..

*Response:*    All responsive documents have been produced.

11.    **Request**:  All communications of any nature between BunZai Media Group, Inc., and Secured Merchants, Inc..

*Response:*    All responsive documents have been produced.

12.    **Request**:  All scripts BunZai Media Group, Inc., provided employees for use in talking with consumers.

*Response:*    No responsive documents exist in the custody, control, or possession of SM or Argaman.

13.    **Request**:  All scripts Pinnacle Logistics, Inc., provided employees for use in talking with consumers.

*Response:*    No responsive documents exist in the custody, control, or possession of SM or Argaman.

14.    **Request**:  All documents related to Defendants' web pages offering skin care products for sale, including documents identifying all persons responsible for writing, editing, or approving the content of such web pages, all instructions provided to or from such persons, documents showing the source of the

**PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS**
Page | 67

1   information contained in the web pages, all documents concerning the content of

2   the web pages, documents showing the dates that the web pages were made

3   available to view on the Internet, and all documents related to revisions to the web

4   pages.

5   *Response:*   No responsive documents exist in the custody, control, or possession of SM or
            Argaman.

6

7   15.      **Request**:  All documents related to complaints about Defendants' free trial

8   offer, regardless of the source of the documents.

9   *Response:*   No responsive documents exist in the custody, control, or possession of SM or
            Argaman.

10

11  16.      **Request**:  All lists of persons to whom Defendants, sold skincare products.

12  *Response:*   No responsive documents exist in the custody, control, or possession of SM or
            Argaman.

13

14  17.      **Request**:  All invoices or bills sent by Defendants to consumers,

15  distributors, and retailers who purchased skincare products.

16  *Response:*   No responsive documents exist in the custody, control, or possession of SM or
            Argaman.

17

18  18.      **Request**:  All documents evidencing refunds made Defendants to

19  consumers, distributors, and retailers who purchased skincare products.

20  *Response:*   No responsive documents exist in the custody, control, or possession of SM or
            Argaman.

**PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS**
Page | 68

19.   **Request**:  Documents sufficient to show the number of skincare products purchased by consumers from Defendants.

*Response:*   No responsive documents exist in the custody, control, or possession of SM or Argaman.

20.   **Request**:  Documents sufficient to show the number of A skincare products returned to Defendants by consumers, distributors, or retailers.

*Response:*   No responsive documents exist in the custody, control, or possession of SM or Argaman.

21.   **Request**:  All Documents evidencing each consumers' agreement to purchase Defendants skin care products.

*Response:*   No responsive documents exist in the custody, control, or possession of SM or Argaman.

22.   **Request**:  All Documents evidencing each consumers' agreement to purchase to subscribe into a negative option plan.

*Response:*   No responsive documents exist in the custody, control, or possession of SM or Argaman.

23.   **Request:**  For each Request for Admission that you have denied, produce all documents that support that denial.

*Response:*   All responsive documents have been produced.

24.   **Request**:  Document sufficient to show gross revenues from the sale of Defendants' skincare products, including but not limited to AuraVie, Dellure,

**PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS**
Page | 69

Miracle Face Kit, for the years 2012, 2013, 2014, and 2015.

*Response:*   No responsive documents exist in the custody, control, or possession of SM or Argaman.

25.     **Request**:  All documents evidencing chargeback disputes made by consumers related to Defendants' skincare products.

*Response:*  No responsive documents exist in the custody, control, or possession of SM or Argaman.

26.     **Request**:  All documents evidencing payments or compensation to each each Defendant by any Corporate Defendant.

*Response:*   No responsive documents exist in the custody, control, or possession of SM or Argaman.

**PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS**

# **VERIFICATION**

STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

I, the undersigned, am a member of Secured Merchants, LLC.

I have read and am familiar with the contents of the foregoing discovery responses. The information supplied therein is based on my own personal knowledge and/or has been supplied by my attorneys or other agents and is therefore provided as required by law. The information contained in the foregoing document is true, except as to the matters which were provided by my attorneys or other agents, and, as to those matters, I am informed and believe that they are true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: April 4, 2016                    _Alan Argaman_____
                                        Alan Argaman

SECURED MERCHANT, LLC'S RESPONSES TO FTC'S INTERROGATORIES – SET THREE

916-71                                                      Exhibit 916