**BEVERLY HILLS LAW CORP., PC**
Sagar Parikh, Esq. (SBN 282655)
433 N. Camden Drive, 6th Floor
Beverly Hills, CA 90210
Telephone:  (310) 887-1338
Facsimile:  (310) 982-2603
Email:        SP@BeverlyHillsLawCorp.com

Attorneys for Alan Argaman, Secured Merchants, LLC
and Chargeback Armor, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Case No. 2:15-cv-04527-GW (PLAx) |
| Plaintiff, | **DECLARATION OF ALAN ARGAMAN IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |
| vs. | |
| MEDIA GROUP, INC., et al., | |
| Defendants. | Hearing Date:  May 16, 2016 |
| | Time: 8:30 am |
| SECURED MERCHANTS, LLC, CHARGEBACK ARMOR, INC. AND ALAN ARGAMAN, | Location:  Courtroom 10 – Spring St. |
| | Judge: Hon. George H. Wu |
| Cross-Claimants | |
| v. | |
| ALON NOTTEA, an individual, | |
| Cross-Defendant | |

I, Alan Argaman, declare:

I have personal knowledge of the following facts and, if called upon to testify, I could and would so competently and truthfully testify to these facts:

- 1 -
DECLARATION OF ALAN ARGAMAN IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

1. I am the founder, only current member, and only current manager of Secured Merchants, LLC ("SM").  I have always been the only member and only manager of SM.

2. SM is a technology services company that offers services including website development, software development, e-commerce software, and related technology services.  The majority of the work that I have SM do is done by independent contractors that I hire in India. SM is currently not and never has been a seller of skin care products, and does not market skin care products through online sales using "negative option" or "free trial offer" marketing.  Its business is completely unrelated to the activities the "AuraVie" Defendants were allegedly engaged in.

3. At no time were any of the other Defendants in this case employees of SM.

4. Doron Nottea has been my friend for 25 years and a business associate of 20 years.  He was placed as an authorized signatory on SM's bank account because he had acted as a bookkeeper for numerous companies and I wanted him as a signatory for convenience purposes to write checks on SM's behalf in the event I was travelling and unable to access SM checks.  Doron Nottea never wrote any checks on behalf of SM.  At no time was Doron Nottea ever paid

- 2 -

DECLARATION OF ALAN ARGAMAN IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

monies by SM. At no time was Doron Nottea ever given any responsibilities for the business operations of SM.

5. SM was a vendor to the AuraVie Defendants in this case and provided the following services: IT services to AuraVie merchants primarily for viewing and handling chargebacks and for developing their Interactive Voice Response (IVR) system.

6. SM only provided the actual technology for handling chargebacks and an IVR system; SM itself never handled chargebacks or dictated the content of the IVR.

7. I was never employed by, a partner in, an owner of, a shareholder of, or an affiliate of any of the other Aura-Vie Defendant companies in this case.

8. I started a company with Doron Nottea called Secured Commerce, LLC. Secured Commerce was supposed to be an e-commerce company, but the business never took off.

9. The only work Secured Commerce ever did was design the AuraVie straight sale website. This was a website that was not a part of the AuraVie scheme alleged in the lawsuit by the FTC as this website did not utilize negative options, continuity, or risk free trials. It was simply a website where a

DECLARATION OF ALAN ARGAMAN IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

consumer could purchase skincare products and pay for them. There were no other added features.

10. SM never operated out of the office located at 7900 Gloria Avenue in Van Nuys.

11. SM never operated out of Suite 103 at the Canby office.

12. I never was privy to the actual content the AuraVie Defendants used to market and advertise the AuraVie skincare products.

13. I had no knowledge of the script that AuraVie call center used when talking to customers calling in.

14. I had no knowledge of the terms that were disclosed to AuraVie customers regarding the sale of the products.

15. I never designed, created, or managed any AuraVie website that sold products using a negative option method, continuity, or offered risk free trials.

16. I never interacted with any customers who purchased AuraVie products.

17. I never processed (approved or denied) any chargebacks on behalf of the AuraVie Defendants.

DECLARATION OF ALAN ARGAMAN IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

18. The $250,000 that was invested as a capital infusion by SM into CBA was profit that SM derived from providing technological services for Wealth Group, Inc., Wealth Vision, Inc., and Big Ventures, Inc.  I entered into these contracts on behalf of SM and Exhibits 834, 835, and 836 show true and correct copies of these three contracts.

19. No money from SBM Management or any other Defendant was used to infuse capital into CBA by SM.

20. Attached as Exhibit 837 is a true and correct copy of the agreement with CBA I signed on behalf of CBA.

21. I am not a founder of CBA, was never a shareholder of CBA, nor was I ever a board member of CBA.

22. I have never been paid any monies from SM or any of the AuraVie Defendants.

23. I corresponded with Victor Azal, the website designer for the AuraVie Defendants and simply provided him with technological advice that related to an internet protocol procedure.

I declare under penalty of perjury that the foregoing is true and correct.

DECLARATION OF ALAN ARGAMAN IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

1 | DATED: April 18, 2016         By: _____*Alan Argaman*_____
2 |                                    Alan Argaman
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DECLARATION OF ALAN ARGAMAN IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT