**BEVERLY HILLS LAW CORP., PC**
Sagar Parikh, Esq. (SBN 282655)
433 N. Camden Drive, 6th Floor
Beverly Hills, CA 90210
Telephone:  (310) 887-1338
Facsimile:  (310) 982-2603
Email:       SP@BeverlyHillsLawCorp.com

Attorneys for Alan Argaman, Secured Merchants, LLC
and Chargeback Armor, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Case No. 2:15-cv-04527-GW (PLAx) |
| Plaintiff, | **ALAN ARGAMAN, SECURED MERCHANTS, LLC, AND CHARGEBACK ARMOR, INC.'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION AND MOTION FOR SUMMARY JUDGMENT** |
| vs. | |
| BUNZAI MEDIA GROUP, INC., et al., | |
| Defendants. | |
| _____ | |
| SECURED MERCHANTS, LLC, CHARGEBACK ARMOR, INC. AND ALAN ARGAMAN, | Hearing Date:  May 16, 2016
Time: 8:30 am
Location:  Courtroom 10 – Spring St.
Judge: Hon. George H. Wu |
| Cross-Claimants | |
| v. | |
| ALON NOTTEA, an individual, | |
| Cross-Defendant | |

Pursuant to Local Rule 56-1, Defendants ALAN ARGAMAN ("Argaman"), SECURED MERCHANTS, LLC ("SM"), and CHARGEBACK ARMOR, INC. ("CBA") (collectively "Defendants) hereby submit this Statement of Uncontroverted Facts and Conclusions of Law in support of Defendant's Motion for Summary Judgment.

- 1 -

# UNCONTROVERTED FACTS

1. SM is a technology company that has only had one member, manager, and owner at all times it has existed. (Argaman Decl. at ¶ 1).

2. Argaman has been the sole member, manager, and owner of SM since SM was formed.  (Argaman Decl. at ¶ 1).

3. The only business that SM did with the AuraVie Defendants in this case is providing technological services to SBM Management, which services were memorialized in detailed invoices and were arms-length business transactions. (Argaman Decl. at ¶ 5-6, Argaman Depo., 109:8-25, Exhibit 833 )

4. This service provided by SM to the AuraVie Defendants consisted of developing and installing a portal system through which chargebacks made by consumers could be viewed and processed and providing the technology for the Interactive Voice Response (IVR) system.  (Argaman Decl. at ¶ 5, 6, 13, 16).

5. SM did not process (accept or deny) chargebacks nor did it dictate the content of the IVR system.  (Argaman Decl. at ¶ 5, 6, 17).

- 2 -

ALAN ARGAMAN, SECURED MERCHANTS, LLC, AND CHARGEBACK ARMOR, INC.'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION AND MOTION FOR SUMMARY JUDGMENT

6. The only AuraVie website that Argaman created or designed was the straight-sale AuraVie website that did not use negative options, continuity, or risk free trials. (Argaman Depo., 49:8-18)

7. SM never employed any of the other Defendants in this case at any time, nor was ever owned, operated or controlled by any other Defendants in this case. (Argaman Decl. at ¶ 1, 3).

8. Doron Nottea was put as an authorized signer on the SM bank account for convenience purposes, but never actually wrote any checks on behalf of SM. (Argaman Decl. at ¶ 4).

9. Argaman never engaged in any advertising or marketing, directly, or indirectly, for the sale of AuraVie skincare products. (Argaman Decl. at ¶ 5-7).

10. Argaman never had any control, ownership, or operational role in any of the AuraVie Defendants. (Argaman Decl. at ¶ 5-7, 10-17).

11. Argaman did not have knowledge of, nor was he recklessly indifferent to, the alleged misrepresentations that the AuraVie Defendants made to consumers. (Argaman Decl. at ¶ 10-16).

- 3 -

ALAN ARGAMAN, SECURED MERCHANTS, LLC, AND CHARGEBACK ARMOR, INC.'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION AND MOTION FOR SUMMARY JUDGMENT

12. Argaman never designed, selected, or created any of the products AuraVie sold to consumers. (Argaman Decl. at ¶ 15).

13. Argaman never dealt directly or indirectly with any AuraVie consumers. (Argaman Decl. at ¶ 13, 14, 16).

14. Argaman didn't play a role in the creation of the scripts used by the AuraVie call centers. (Argaman Decl. at ¶ 13).

15. Argaman was never paid by SM or any of the AuraVie Defendants. (Argaman Decl. at ¶ 22).

16. SM never employed any of the Defendants in this case.

17. SM or Argaman or CBA never approved or denied chargebacks for the AuraVie Defendants. (Argaman Decl. at ¶ 6, 17, Costache Decl. at ¶ 4).

18. CBA was not formed until February 2015, by Mike Costache. (Costache Decl. at ¶ 4, Exh. 811).

19. Costache has at all times been the sole incorporator, shareholder, director, and board member of CBA. (Costache Decl. at ¶ 1).

ALAN ARGAMAN, SECURED MERCHANTS, LLC, AND CHARGEBACK ARMOR, INC.'S
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF
MOTION AND MOTION FOR SUMMARY JUDGMENT

20. Argaman was never employed by or had any ownership interest in CBA. (Argaman Decl. at ¶ 21, Costache Decl. at ¶ 7).

21. The $250,000 that SM invested in CBA was an arms-length business transaction and these funds came from entities other than the AuraVie Defendants. (Argaman Decl. at ¶ 18, 19, 20, Costache Decl. at ¶ 5, Exh. 834-838).

22. CBA never received any ill-gotten gain from the AuraVie Defendants. (Costache Decl. at ¶ 4, Exh. 838).

## CONCLUSIONS OF LAW

1. Section 5 of the FTC Act prohibits unfair or deceptive acts or practices. 15 U.S.C. 45(a)(1).

2. An act or practice is "unfair" if it causes or is likely to cause substantial injury to consumers which is not reasonably avoidable by consumers themselves and not outweighed by countervailing benefits to consumers or to competition. 15 U.S.C. §45(n).

3. An act or practice is "deceptive" if: (1) there is a representation; (2) that is likely to mislead consumers acting reasonably under the circumstances; and (3)

- 5 -

ALAN ARGAMAN, SECURED MERCHANTS, LLC, AND CHARGEBACK ARMOR, INC.'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION AND MOTION FOR SUMMARY JUDGMENT

the representation is material. See *FTC v. Pantron I Corp.*, 33 F.3d 1088, 1095 (9th Cir. 1994).

4. A corporation is liable for monetary relief under section 13(b) of the FTC Act for violations of section 5 if the FTC shows that the corporation engaged in misrepresentations or omissions of a kind usually relied on by reasonably prudent persons and that consumer injury resulted. See *FTC v. Pantron I Corp.*, 33 F.3d 1088, 1102 (9th Cir. 1994).

5. To establish liability of an individual for a corporate violation of FTC Act §5, the FTC may establish knowledge by demonstrating that the individual defendant had actual knowledge of material misrepresentations, was recklessly indifferent to the truth or falsity of a misrepresentation, or had an awareness of a high probability of fraud along with an intentional avoidance of the truth. *See FTC* v. *Network Serv. Depot, Inc.*, 617 F.3d 1127, 1138 (9th Cir. 2010) (discussing individual liability for restitution); *FTC* v. *Publishing Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997) (same).

6. To establish common enterprise liability, it must be shown that individuals transact business through a "maze of interrelated companies." *FTC v. John Beck*

- 6 -

ALAN ARGAMAN, SECURED MERCHANTS, LLC, AND CHARGEBACK ARMOR, INC.'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION AND MOTION FOR SUMMARY JUDGMENT

*Amazing Profits, LLC*, 865 F. Supp. 2d 1052, 1082 (C.D. Cal. 2013) (quoting *Delaware Watch Co. v. FTC*, 332 F.2d 745, 746 (2d Cir. 1964).

7. The FTC has not shown any material issue of fact in this case.

DATED:  April 18, 2016            **BEVERLY HILLS LAW CORP., PC**

By:   /s/ Sagar Parikh
    Sagar Parikh, Esq.
    *Attorneys for* Alan Argaman, Chargeback Armor, Inc. and Secured Merchants, LLC

- 7 -

ALAN ARGAMAN, SECURED MERCHANTS, LLC, AND CHARGEBACK ARMOR, INC.'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION AND MOTION FOR SUMMARY JUDGMENT