# EXHIBIT "B"

# EXHIBIT B



PROMISSORY NOTE SECURED BY DEED OF TRUST
*(Twelve Month Term / Interest-Only Payments / Balloon Payment / Interest Reserve / Prepayment Premium)*

$1,000,000                                                                 Date June 10, 2015

Property Address:  430 W San Antonio Dr Long Beach, CA 90807 ("Property")

FOR VALUE RECEIVED, the undersigned Felix Kutz and Sunset Holding Partners LLC, a California Resident and LLC ("Borrower"), jointly and severally hereby promise to pay to Lawrence Rubin and Annaliese Kambour, a married couple as their community property ("Lender"), the principal sum of One Million Dollars ($1,000,000), together with interest on the unpaid principal balance of this Note, as follows:

1. **Interest.** Interest on the unpaid principal balance will accrue from the date the proceeds have been distributed to or on behalf of the Borrower (the "Date of Advance") at an annual rate equal to Nine Percent (9.0%). Interest shall be computed based on a 365-day year and the actual number of days elapsed.

2. **Payment of Principal and Interest.**
    2.1. **Payments.** Interest-only payments shall be due and payable in consecutive monthly installments of Seven Thousand Five Hundred Dollars ($7500.00) on the 10th day of each month beginning on July 10, 2015. In accordance with section 2.3 below, the payments due for the period from June 10, 2015 through August 10, 2015 will be paid from the Interest Reserve. Borrower shall tender the monthly interest-only payments to Lender effective with the third payment due on September 10, 2015. Such payments shall continue until the entire indebtedness evidenced by this Note and all accrued and unpaid interest and fees are fully paid, with any unpaid principal and interest due and payable on June 10, 2016 (the "Maturity Date").
  Payments Due under the Note shall be made in U.S. currency. Lender encourages payments to be made via Electronic Funds Transfer. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under this Note and the Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, a bank check, treasurer's check or cashiers check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.
    2.2. **Balloon Payment.** The payment schedule contained in this loan requires that Borrower make a balloon payment of One Million Seven Thousand Five Hundred Dollars ($1,007,500.00) on the Maturity Date, which is comprised of the unpaid principal balance in the amount of $1,000,000.00 and the unpaid

_____ Borrower's Initials

157

interest only payment in the amount of $ 7,500.00 for the period from May 10, 2016 through June 10, 2016. This balloon payment is more than double the amount of the regular payments.

2.3. <u>Interest Reserve.</u> Out of the Loan proceeds, Lender will hold in reserve an amount equal to four months advance interest ( Fifteen Thousand Dollars ($15,000.00)) as an interest reserve (the "Reserve"). Lender will use the Interest Reserve to pay the monthly interest-only payments due for the period from June 10, 2015 through August 10, 2015. Upon an Event of Default, Lender may use the Interest Reserve to protect its Deed of Trust, by: (i) making interest payments hereunder, (ii) making protective advances under the Deed of Trust, or (iii) paying down the principal amount owed on the loan, in Lender's sole and absolute discretion. Should Lender be required to utilize the Interest Reserve for anything other than the payment of interest payments herein, Borrower, shall be required to replenish funds in the Interest Reserve. The failure to replenish the Interest Reserve upon five (5) business days written notice by Lender to Borrower shall be an additional event of default under this Note.

2.4. <u>Intentionally Left Blank</u>

2.5. <u>Delivery of Payments.</u> Payments shall be made to Lender via electronic wire or ACH to Lender's Bank as directed by Lender. If Lender's bank returns any payment, Borrower shall be responsible for a returned funds charge of $50.00 plus any Late Charge as specified in Paragraph 3 below that may become due as a result of the returned funds.

2.6. <u>Order of Application of Payments.</u> Each payment under this Note shall be credited in the following order: (a) costs, fees, charges, and advances paid or incurred by Lender or payable to Lender and interest under any provision of this Note or the Deed of Trust, in such order as Lender, in its sole and absolute discretion, elects, (b) interest payable under the Note, and (c) principal under the Note.

2.7. <u>Extension.</u> Notwithstanding the foregoing to the contrary, if no Events of Default (as specified in paragraph 4 below) has occurred and is outstanding on the date of the notice or the Maturity Date, Borrower may, at the sole discretion of Lender to grant or deny, extend the Maturity Date hereof for an additional three (3) months up to a maximum of two (2) times, by delivering written notice to Lender no less than fifteen (15) days before the Maturity Date, together with an extension fee of one percent (1%), (the "Extension Fee") per extension, of the outstanding Principal and interest due under the Note at the time of notice. This Note requires a Balloon Payment and Lender has no obligation to refinance all or any part of the obligations owed at Maturity Date. Borrower agrees that Borrower assumes the risk of refinancing the obligation at maturity.

If Borrower fails to request an extension or fails to pay the Extension Fee in a timely manner, Borrower understands the Lender may, in its sole and absolute discretion extend the Maturity Date for one (1) month and if it does so, an Extension Fee of three percent (3%) of the outstanding Principal balance of the

_____ Borrower's Initials

Note will be added to the Principal balance of the Note and will accrue interest at the interest rate described above.

An extension of the Maturity Date shall not be deemed a waiver of any right of Lender pursuant to this Note or any other documents executed in connection with this Note.

3. **Late Charge.** Borrower acknowledges that the default in the payment of any sum due under this Note will result in losses and additional expenses to Lender in servicing the indebtedness evidenced by this Note, handling such delinquent payments, and meeting its other financial obligations. Borrower further acknowledges that the extent of such loss and additional expenses is extremely difficult and impractical to ascertain. Borrower acknowledges and agrees that, if any payments due under this Note is not received by Lender within ten days (10) days when due, a charge of ten-cents ($0.10) for each dollar ($1.00) that is not paid when due would be a reasonable estimate of expenses so incurred (the "Late Charge"). Without prejudicing or affecting any other rights or remedies of Lender, Borrower shall pay the Late Charge to Lender as liquidated damages to cover expenses incurred in handling such delinquent payment. In the event that a Balloon Payment is delinquent more than ten (10) days after the date it is due, Borrower agrees to pay a late charge in an amount equal to the maximum late charge that could have been assessed with respect to the largest single monthly installment previously due, other than the Balloon Payment, multiplied by the sum of one plus the number of months occurring since the late payment charge began to accrue.

4. **Default.** On (a) Borrower's failure to pay any installment or other sum due under this Note, when due and payable (whether by extension, acceleration, or otherwise), (b) an Event of Default (as defined in the Deed of Trust), or (c) any breach of any other promise or obligation in this Note or in any other instrument now or hereafter securing the indebtedness evidenced by this Note, then, and in any such event, Lender may, at its option, declare this Note (including, without limitation, all accrued interest) due and payable immediately regardless of the Maturity Date. Borrower expressly waives notice of the exercise of this option.

5. **Prepayment.**
    5.1. **Prepayment Premium.** Borrower may prepay this Note in whole or in part at anytime. If Borrower prepays this Note in whole or in part before August 10, 2015, Borrower will pay a Prepayment Premium equal to the balance of the advanced interest which would be due and payable to Lender through August 10, 2015 ("Prepayment Premium"). After the Prepayment Premium period has elapsed, Borrower may prepay this Note in whole or in part at any time without paying a premium. All pre-payments of principal on this Note shall be applied to the most remote principal installment or installments then unpaid.
    5.2. **Ability to Pay Prepayment.** Borrower shall have no right to prepay and Lender shall have no duty to accept full or partial prepayment of this Note without Borrower giving Lender thirty (30) days prior written notice of his, her or its intention to prepay this Note. Said notice shall include the amount Borrower intends to repay. Borrower shall pay Lender the principal due under this Note

 Borrower's Initials

together with (a) any prepayment premium contemplated in paragraph 5.1 of this Note and (b) any accrued but yet unpaid interest and fees.

5.3. <u>Prepayment Waivers</u>. BORROWER ACKNOWLEDGES AND AGREES THAT BORROWER HAS NO RIGHT TO PREPAY THIS PROMISSORY NOTE EXCEPT AS PROVIDED IN THIS PARAGRAPH 5. BORROWER FURTHER ACKNOWLEDGES AND AGREES THAT IF THE MATURITY DATE IS ACCELERATED BY LENDER PURSUANT TO PARAGRAPH 4 OR 8, AND BORROWER OR ANY THIRD PERSON (INCLUDING, WITHOUT LIMITATION, A JUNIOR LIEN LENDER OF THE PROPERTY) THEREAFTER SEEKS TO PAY OFF SUCH ACCELERATED INDEBTEDNESS OR PURCHASE THE PROPERTY AT A FORECLOSURE SALE (WHETHER JUDICIAL OR NONJUDICIAL), SUCH PAYOFF OR PURCHASE SHALL CONSTITUTE A PREPAYMENT HEREUNDER AND THE PREPAYMENT PREMIUM SET FORTH ABOVE SHALL BE DUE IN THE EVENT PREPAYMENT OCCURS. BY INITIALING BELOW, BORROWER SPECIFICALLY ACKNOWLEDGES AND AGREES THAT BORROWER SHALL PAY THE PREPAYMENT PREMIUM, EVEN IN THE CASE WHERE LENDER HAS ACCELERATED THE MATURITY DATE PURSUANT TO PARAGRAPH 4 OR PARAGRAPH 8; THAT THE CALCULATION OF THE PREPAYMENT PREMIUM IS FAIR AND REASONABLE TO COMPENSATE LENDER FOR THE LOSS WHICH LENDER MAY INCUR AS A RESULT OF PREPAYMENT OF THIS PROMISSORY NOTE; THAT BORROWER WAVES ANY RIGHT BORROWER MAY HAVE OR CLAIM TO HAVE UNDER CALIFORNIA CIVIL CODE SECTION 2954.10 OR ANY SUCCESSOR STATUTE; AND THAT LENDER HAS MADE THE LOAN EVIDENCED BY THIS PROMISSORY NOTE IN RELIANCE ON THE AGREEMENTS AND WAIVERS OF BORROWER IN THIS PARAGRAPH 5 AND LENDER WOULD NOT HAVE MADE THE LOAN WITHOUT SUCH AGREEMENTS AND WAIVERS.

BORROWER'S INITIALS: _____

6. <u>Interest on Default</u>. If Borrower is in default under this Note, as that event is contemplated under Paragraph 4 of this Note, or default under any other clause of any document associated with this Note, then the entire unpaid principal balance shall automatically bear an annual interest rate (instead of the rate specified in Paragraph 1) equal to the lesser of (a) Sixteen and 25/100 percent (16.25%) or (b) the maximum interest rate allowed by law (the "Default Rate"). If the Maturity Date is accelerated pursuant to Paragraph 4, the unpaid principal shall accrue interest at the Default Rate only until the default is cured and the Deed of Trust is reinstated. Borrower acknowledges and agrees that it would be extremely difficult or impractical to fix the actual damages resulting from Borrower's failure to pay the principal, accrued interest and other sums due on the Maturity Date, and therefore, Borrower shall pay interest at the Default Rate not as a penalty, but for purposes of defraying the


Borrower's Initials

160

expenses incident to handling the past-due principle, accrued interest and other sums due under this Promissory Note. Interest at the Default Rate represents the reasonable estimate of the loss that may be sustained by Lender due to the failure of Borrower to pay the principal, accrued interest and other sums due on the Maturity Date. Interest at the Default Rate shall be payable by Borrower without prejudice to the rights of Lender to collect any other amounts to be paid under this Promissory Note (including, without limitation, late charges pursuant to Paragraph 3, above) or the Deed of Trust.

7. <u>Interest on Interest</u>. If any interest payment under this Note is not paid when due, the unpaid interest shall be added to the principle of this Note, shall become and be treated as principal, and shall thereafter bear like interest.

8. <u>Due-On-Sale</u>. If Borrower sells, conveys, assigns or otherwise transfers (a) all or any part of the Property, (b) any interest in the Property, or (c) all or substantially all of the beneficial interest of Borrower (which shall include, without limitation, a sale or other transfer of twenty-five percent (25%) or more of the shares of Borrower if Borrower is a corporation, and a sale or transfer of twenty-five percent (25%) or more of the general partner's interest in Borrower if Borrower is a partnership), whether any such sale, conveyance, assignment or other transfer occurs directly or indirectly, voluntarily or involuntarily or by operation of law, without the prior written consent of Lender (which maybe withheld in Lender's sole and absolute discretion), then Lender may elect, in its sole and absolute discretion, to accelerate the Maturity Date and declare the entire unpaid principal, accrued interest and any other sums due hereunder to be immediately due and payable.

9. <u>Attorney Fees</u>. Borrower agrees to pay the following costs, expenses, and attorney fees paid or incurred by Lender, or adjudged by a court: (a) reasonable costs of collection and costs, expenses, and attorneys fees paid or incurred in connection with the collection or enforcement of this Note, whether or not suit is filed; (b) reasonable costs, expenses, and attorneys fees paid or incurred in connection with representing Lender in any bankruptcy, reorganization, receivership, or other proceedings affecting creditors' rights and involving a claim under this Note; (c) reasonable costs, expenses, and attorney fees incurred to protect the lien of the Deed of Trust; and (d) costs of suit and such sum as the court may adjudge as attorney fees in any action to enforce payment of this Note or any part of it.

10. <u>Waiver</u>. Borrower, endorsers, and all other persons liable or to become liable on this Note wave diligence, presentment, protest and demand, and also notice of protest, demand, nonpayment, dishonor and maturity and consents to any extension of the time or terms of payment hereof, any and all renewals or extensions of the terms hereof, any release of all or any part of the security given for this Promissory Note, any acceptance of additional security of any kind and any release of any party liable under this Promissory Note. Any such renewals or extensions may be made without notice to Borrower.

11. <u>Notice</u>. Any notice required to be provided in this Note Shall be given in writing and shall be sent (a) for personal delivery by delivery service that provides a record of the date of delivery, the individual to whom the delivery was made, and the address where delivery was made, (b) by first class certified United States mail, postage prepaid, return receipt requested; or (c) by a nationally recognized overnight courier service, marked for next day business delivery. All notices shall be addressed to the

 Borrower's Initials

161

party to whom such notice is to be given at the following addresses:

Lender:   Lawrence Rubin
          239 Greenway South
          Forest Hills, NY 11375

Borrower:
          Felix Katz
          1879 Clarkia Street
          Simi Valley, CA 93065

Or to such other address as a party may designate by written notice to the other. All notices shall be deemed effective on the earliest of (a) actual receipt; (b) rejection of delivery; (c) if sent by certified mail, the third day on which regular United States mail delivery service is provided after the day of mailing or, if sent by overnight delivery service, on the next day on which such service makes next business day deliveries after the day of sending.

12. <u>Secured by Deed of Trust</u>. This Note is secured by, among other things, that certain Deed of Trust (with a due-on transfer clause), Assignment of Leases and Rents, Fixture Filing, and Security Agreement (the "Deed of Trust") of even date herewith made by Borrower, as trustor, for the benefit of Lender, as beneficiary. The Deed of Trust contains the same address as the Property. Borrower acknowledges that all of the agreements, conditions, covenants, provisions and stipulations contained in the Deed of Trust are to be kept and performed by Borrower and are hereby made a part of this Note to the same extent and with the same force and effect as if they were fully set forth herein, and Borrower covenants and agrees to keep and perform them, or cause them to be kept and performed, strictly in accordance with their terms. If any Borrower is not also a trustor of the Deed of Trust, such Borrower makes all covenants, representations, warranties and indemnities contained in the Deed of Trust jointly and severally with the trustor of the Deed of Trust to and for the benefit of Lender.

13. <u>Forbearance Not a Waiver</u>. If Lender delays in exercising or fails to exercise any of its rights under this Note, that delay or failure shall not constitute a waiver of any Lender Rights for any breach, default, or failure of condition under this Note. No waiver by Lender of any of its rights or any such breach, default, or failure of condition shall be effective, unless the waiver is expressly stated in a writing signed by Lender.

14. <u>Assignment</u>. This Note inures to and binds the heirs, legal representatives, successors and assigns of Borrower and Lender; provided, however, that Borrower may not assign this Note or any proceeds of it, or assign or delegate any of its rights or obligations, without Lender's prior written consent in each instance. Lender in its sole discretion may transfer this Note, and may sell or assign participations or other

 Borrower's Initials

interest in all or any part of this Note, all without notice to or the consent of Borrower.

15. <u>Governing Law</u>. This Note Shall be construed and enforceable according to the laws of the State of California for all purposes.
16. <u>Intentionally Left Blank</u>
17. <u>Usury</u>. All agreements between Borrower and Lender are expressly limited, so that in no event or contingency, whether because of the advancement of the proceeds of this Note, acceleration of maturity of the unpaid principal balance, or otherwise, shall the amount paid or agree to be paid to Lender for the use, forbearance, or retention of the money to be advanced under this Note exceed the highest lawful rate permissible under the applicable usury laws. If, under any circumstances, fulfillment of any provision of this Note, or the Deed of Trust securing this Note or any other agreement pertaining to this Note, after timely performance of such provision is due, shall involve exceeding the limit of validity prescribed by law that a court of competent jurisdiction deems applicable, then, ipso facto, the obligation to be fulfilled shall be reduced to the limit of such validity. If, under any circumstances, Lender shall ever received as interest and the amount that exceeds the highest lawful rate, the amount that would be excessive interest shall be applied to reduce the unpaid principal balance under this Note and not to pay interest, or, if such excessive interest exceeds the unpaid principal balance under this Note, such excess shall be refunded to Borrower. This provision shall control every other provision of all agreements between Borrower and Lender.
18. <u>Time is of the Essence</u>. Time is of the essence with respect to all obligations of Borrower under this Note.
19. <u>Cross-Default</u>. Any default under the terms of any loan agreement, promissory note, deed of trust, mortgage, lease, conditional sale contract or other agreement, document or instrument evidencing, governing or securing any indebtedness owing by Borrower or any Affiliate of Borrower to Lender or any Affiliate of Lender; shall, at Lender's option, constitute a default under this Note. The following definitions of shall apply to this Section:

    "Affiliate" means, with respect to any Person, any other Person that is directly or indirectly Controlling, Controlled by or under common Control with, such Person.

    "Control" and derivatives terms means the possession, directly or indirectly, and acting either alone or together with others, of the power or authority to direct or cause the direction of the management, material policies, material business decisions or the affairs of a Person, whether through the ownership of equity securities or interests, by contract or other means.

    "Person" means any natural person, business, corporation, company, and or association, Limited Liability Company, partnership, limited partnership, limited liability partnership, joint venture, business enterprise, trust, government authority or other legal entity.

 Borrower's Initials

163

BORROWER'S INITIALS: _/s/_

20. <u>WAIVER OF JURY TRIAL</u>. LENDER AND BORROWER EACH HEREBY VOLUNTARILY, KNOWINGLY, IRREVOCABLY, AND UNCONDITIONALLY WAIVE THEIR RESPECTIVE RIGHTS TO A TRIAL BY JURY OF ANY CLAIM OR CAUSE OF ACTION BASED ON, ARISING FROM, OR RELATED TO THIS NOTE OR THE TRANSACTIONS CONTEMPLATED BY THIS NOTE, IN ANY ACTION, PROCEEDING, OR OTHER LITIGATION OF ANY TYPE BROUGHT BY EITHER PARTY AGAINST THE OTHER, WHETHER WITH RESPECT TO CONTRACT CLAIMS, TORT CLAIMS, OR OTHERWISE. BORROWER AND LENDER AGREE THAT ANY SUCH CLAIM OR CAUSE OF ACTION SHALL BE TRIED BY A COURT TRIAL WITHOUT A JURY. WITHOUT LIMITING THE FOREGOING, THE PARTIES FURTHER AGREE THAT THEIR RESPECTIVE RIGHT TO A TRIAL BY JURY IS WAIVED BY OPERATION OF THIS SECTION AS TO ANY ACTION, COUNTERCLAIM, OR OTHER PROCEEDING THAT SEEKS, IN WHOLE OR IN PART, TO CHALLENGE THE VALIDITY OR ENFORCEABILITY OF THIS NOTE. THIS WAIVER SHALL APPLY TO ANY FUTURE AMENDMENTS, RENEWALS, SUPPLEMENTS, OR MODIFICATIONS TO THIS NOTE.

BORROWER'S INITIALS. _/s/_

21. <u>Representation on Use of Proceeds</u>. Borrower represents and warrants to Lender that the proceeds of this Note will be used solely for _____.

22. <u>Assignment</u>. Holder May, at its sole option, assign this Promissory Note and/or designate any other person or entity as the holder hereof.

23. <u>No Modifications or Amendments; No Waiver</u>. Except as specified herein, this Promissory Note may not be amended, modified or changed, nor shall any waiver of the provisions hereof be effective, except only by an instrument in writing signed by the party against whom enforcement of any waiver, amendment, change, modification or discharge is sought. Additionally, a waiver of any provision in one event shall not be construed as a waiver of any other provision at any time, as a continuing waiver, or as a waiver of such provision on a subsequent event.

24. <u>Severability</u>. Any provision of this Promissory Note which shall be held by a court of competent jurisdiction to be invalid, void or illegal, shall in no way affect, impair or invalidate any other provision or term hereof, and such other provisions or terms shall remain in full force and effect.

25. <u>Successors and Assigns</u>. Whenever used herein, the terms "Lender" and "Borrower" shall be deemed to include their respective heirs, personal representatives, successors and assigns.

26. <u>Responsibility of Persons Under this Note</u>. If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety, or endorser of this Note has the same obligations as the Borrower. Any person who takes over these obligations, including the obligation of the

_/s/_ Borrower's Initials

164

guarantor, surety, or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Lender may enforce its rights under this Note against each person individually or against all parties together.

27. **Cooperation.** Borrower acknowledges that Lender and its successors and assigns may (a) sell, transfer, or assign the Deed of Trust, this Note and other Loan Documents to one or more investors as a whole loan, any rated or unrated public offering or private placement; (b) participate the Loan secured by the Deed of Trust to one or more investors in a rated or unrelated public offering or private placement; (c) deposit the Deed of Trust, this Note, and other Loan Documents with a trust, which trust may sell certificates to investors evidencing an ownership interest in the trust assets in a rated or unrated public offering or private placement; or (d) otherwise sell the Loan or interest therein to investors in a rated or unrated public offering or private placement (The transactions referred to in clauses (a)-(d) are here in after referred to as "Secondary Market Transactions.") Borrower shall, at Lender's expense, cooperate in good faith with Lender in effecting any such Secondary Market Transaction shall cooperate in good faith to implement all requirements reasonably imposed by the participants involved in any Secondary Market Transaction (including, without limitation, a Rating Agency and/or an institutional purchaser, participant, or investor) including, without limitation, all structural or other changes to the Loan, modifications to any documents evidencing or securing the Loan, delivery of opinions of counsel acceptable to the Rating Agency or such other purchasers, participants or investors, and addressing such matters as the Rating Agency or such other purchasers, participants, or investors may require; provided, however, that Borrower shall not be required to modify any documents evidencing or securing the Loan that would modify (i) the interest rate payable under this Note, (ii) the stated maturity of this Note, (iii) the amortization of principal of this Note, or (iv) any other material terms or covenants of the Loan. Borrower shall provide such information and documents relating to Borrower, the Property, the Leases, and any lessees as Lender or the Rating Agency or such other purchasers, participants, or investors may reasonably request in connection with a Secondary Market Transaction. Lender shall have the right to provide to the Rating Agency or prospective purchasers, participants, or investors any information in its possession including, without limitation, financial statements relating to Borrower, the Property, and any lessee. Borrower acknowledges that certain information regarding the Loan and the parties thereto and the Property may be included in a private placement memorandum, prospectus, or other disclosure documents.

AGREED TO AND ACCEPTED:

Borrower:

By _____[signature]_____

_____ Borrower's Initials

Name: Felix Katz

Date: June 14, 2015

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached and not the truthfulness, accuracy, or validity of that document.

DATE:
STATE OF CALIFORNIA COUNTY OF Ventura

On June 14, 2015 before me, C. Magallon, a Notary Public, personally appeared Felix Katz who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

C. MAGALLON
Commission # 1979341
Notary Public - California
Ventura County
My Comm. Expires Jun 6, 2016

Borrower's Initials

166

## BALLOON PAYMENT DISCLOSURE

THE NOTE YOU ARE SIGNING WITH RESPECT TO THE LOAN YOU ARE OBTAINING REQUIRES THE ENTIRE AMOUNT OF OUTSTANDING PRINCIPAL AND ACCRUED INTEREST TO BE PAYABLE IN FULL ON THE "BALLOON PAYMENT DATE" INDICATED BELOW.

NOTICE TO BORROWER:

IF YOU DO NOT HAVE THE FUNDS TO PAY THE BALLOON PAYMENT WHEN IT COMES DUE, YOU MAY HAVE TO OBTAIN A NEW LOAN AGAINST YOUR PROPERTY TO MAKE THE BALLOON PAYMENT. IN THAT CASE, YOU MAY AGAIN HAVE TO PAY COMMISSIONS, FEES AND EXPENSES FOR THE ARRANGING OF THE NEW LOAN. IN ADDITION, IF YOU ARE UNABLE TO MAKE THE MONTHLY PAYMENTS OR THE BALLOON PAYMENT, YOU MAY LOSE THE PROPERTY AND ALL OF YOUR EQUITY THROUGH FORECLOSURE. KEEP THIS IN MIND IN DECIDING UPON THE AMOUNT AND TERMS OF THIS LOAN.

PLEASE BE SURE YOU FULLY UNDERSTAND THE ABOVE BEFORE SIGNING THE NOTE AND OTHER RELATED LOAN DOCUMENTS.

BALLOON PAYMENT DATE:

BALLOON PAYMENT AMOUNT:

(Plus any unpaid late charges or other unpaid amounts due under the Note or Deed of Trust)

I ACKNOWLEDGE RECEIPT OF THE ABOVE AND CERTIFY MY FULL UNDERSTANDING OF ALL OF THE TERMS AND CONDITIONS OF THE NOTE, INCLUDING THE BALLOON PAYMENT REQUIREMENT.

AGREED AND ACCEPTED:

Borrower:

_[signature]_

Name: Felix Katz

Date: June 10, 2015

_[initials]_ Borrower's Initials

167

*Notice of Insurance Requirements*

Hazard Insurance
The following requirements are the minimal requirements established by Lender to protect its interests. It is important that you review your own insurance coverage with your insurance agent/broker to assure that the insurance coverage that you purchase will meet your own personal and financial needs. If you have any questions about these requirements, please contact Lender.

Lenders minimum requirements for hazard insurance coverage are as follows:
- Your hazard insurance coverage must be at minimal one-year fire and extended coverage policy (commonly known as Full Replacement Cost) in an amount equal to no less than 100% of the replacement value of the improvements new. This insurance must not limit or exclude windstorm, hurricane, or hail damage and other perils that are not normally excluded under an extended coverage endorsement.
- A memorandum of fire insurance and subscription agreement must be included with the policy.
- The dwelling deductible may not exceed the greater of one percent of the face value of the policy, or $1,000.00 (we recommend a deductible of $500.00)
- The property insurance policy must be written through a company acceptable to Lender in its sole discretion.
- Lender requires you to purchase flood insurance coverage, if the Property securing your Note is located in an area designated as a Special Flood Hazard Area that has federally mandated flood insurance purchase requirements. The flood insurance policy must be issued by the National Flood Insurance Program (NFIP).
- Lender requires you to purchase earthquake insurance if the Property securing your Note is located in the State of California.

A mortgage clause/Lender's Loss Payable Endorsement must be included with your insurance policy and must provide that the insurance company notifies the Lender at least 10 days prior to cancellation of insurance unless otherwise stated in this document.

The mortgagee clause should read as follows:
Lawrence Rubin, a married man, and/or its assigns as their interest may appear.

If you fail to maintain the above-mentioned insurance as required by Lender, Lender may obtain insurance to protect Lender's interest. This insurance is called "forced-placed insurance." Lender may obtain forced-placed insurance if (a) you allow insurance covering the property securing the Note to lapse; (b) the amount of the insurance is reduced below Lender's requirements; (c) the deductible is increased; or (d) the insurance company issuing the policy does not meet Lender's approval.

_/s/_ Borrower's Initials

168

Forced-placed insurance coverage may not be comparable to your former coverage and may not adequately protect your interest. Forced-placed Insurance may cover only the improvements on Property securing your Note and will only be in the amount required by Lender to protect its interest in the Property. In addition to other differences, forced-placed Insurance may differ from insurance coverage that you will purchase on your own behalf in the following manner:

- The amount or type of coverage on the forced-placed Insurance policy may be less than your former policy;
- The amount or type of coverage may protect only Lender and the Lender's interest in the Property securing your Note;
- Forced-placed Insurance may not cover your interest or equity in the Property;
- The deductible may be higher;
- There will not be personal property/contents, personal liability, medical or special risk coverage.

FORCED-PLACED INSURANCE IS TYPICALLY MORE EXPENSIVE THAN THE INSURANCE THAT YOU OBTAINED THROUGH YOUR OWN AGENT, AND YOU ARE OBLIGATED UNDER THE TERMS OF THE NOTE TO PAY FOR FORCED-PLACED INSURANCE THAT LENDER PURCHASES.

If lender obtains forced-placed insurance, this insurance may be canceled when you obtain insurance that is acceptable to Lender. While the forced-placed Insurance may be canceled, you will be charged for premiums due for a time period for which you've failed to provide acceptable coverage, any cancellation fee assessed by the insurer, any policy issuance fee and any other costs that Lender incurs as a result of your failure to maintain adequate insurance. You may be entitled to a prorated refund of premiums paid, if the forced-placed Insurance policy is canceled.

Lender encourages you to contact your own insurance agent to advise them of our insurance requirements and to assure Lender that you maintain acceptable coverage throughout the life of the Note.

AGREED AND ACCEPTED:

Borrower:

_(signature)_

Name: _Felix Kate_

Date: _June 10, 2015_

_Borrower's Initials_

169

**This page is part of your document - DO NOT DISCARD**

**20150748034**

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**06/23/15 AT 12:23PM**

Pages:
0003

| | |
|---|---:|
| FEES: | 46.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 46.00 |

**LEADSHEET**

201506230720034

00010764256

006915558

**SEQ:**
**01**

DAR - Counter (Upfront Scan)

**THIS FORM IS NOT TO BE DUPLICATED**

RECORDING REQUESTED BY:
AND WHEN RECORDED MAIL TO:
SUNSET HOLDING PARTNERS, LLC
23679 CALABASAS RD # 531
CALABASAS CA 91302

APN# 7139-032-023

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## DEED OF TRUST
(This Deed of Trust contains a "DUE-ON-SALE" clause)

This DEED OF TRUST, made June 10, 2015, between

**SUNSET HOLDING PARTNERS, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY** herein called TRUSTOR,

whose address is: 430 WEST SAN ANTONIO DR. LONG BEACH CA 90807
(Number and Street)   (City)   (State)   (Zip)

**STEWART TITLE COMPANY**, a California Corporation, herein called TRUSTEE, and

**LAWRENCE RUBIN AND ANNALIESE KAMBOUR, A MARRIED COUPLE AS THEIR COMMUNITY PROPERTY,** herein called BENEFICIARY,

Trustor irrevocably grants, transfers and assigns to Trustee in Trust, with Power of Sale, that property in the City of LONG BEACH, County of [LOS ANGELES], California, described as:

LOT 2 OF TRACT NO. 27966, IN THE CITY OF LONG BEACH, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 776, PAGE 53 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

COMMONLY KNOWN AS: 430 WEST SAN ANTONIO DR. LONG BEACH CA 90807

If the trustor shall sell, convey or alienate said property, or any part thereof, or any interest therein, or shall be divested of his title or any interest therein in any manner or way, whether voluntarily or involuntarily, without the written consent of the beneficiary being first had and obtained, beneficiary shall have the right, at its option, to declare any indebtedness or obligations secured hereby, irrespective of the maturity date specified in any note evidencing the same, immediately due and payable.

Together with the rents, issues and profits thereof, subject, however, to the right, power and authority hereinafter given to and conferred upon Beneficiary to collect and apply such rents, issues and profits.

For the Purpose of Securing (1) Payment of the indebtedness evidence by one promissory note of even date herewith executed by Trustor in favor of Beneficiary or order in the principal sum of $1,000,000.00 for a term of One Year (2) Performance of each agreement of Trustor contained herein or incorporated by reference. (3) Payment of additional sums may hereafter be borrowed from Beneficiary by the then record owner of said property, when evidenced by another promissory note (or Notes) reciting it is so secured. of Trust.

tfdotdot

171

Escrow No.:

To protect the security of this Deed of Trust, Trustor agrees: By the execution and delivery of this Deed of Trust and the note secured hereby, that provisions (1) to (5), inclusive, of Section A and provisions (1) to (10), inclusive, of Section B of the fictitious deed of trust recorded in the book and at the page of Official Records in the office of the county recorder of the county where said property is located, noted below opposite the name of such county, vis.:

| COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Alameda | 1288 | 556 | Kings | 858 | 713 | Placer | 1028 | 379 | Sierra | 38 | 187 |
| Alpine | 3 | 130-31 | Lake | 437 | 110 | Plumas | 166 | 1307 | Siskiyou | 506 | 762 |
| Amador | 133 | 438 | Lassen | 192 | 367 | Riverside | 3788 | 347 | Solano | 1287 | 621 |
| Butte | 1330 | 513 | Los Angeles | T-3878 | 874 | Sacramento | 71-10-26 | 615 | Sonoma | 2067 | 427 |
| Calaveras | 185 | 338 | Madera | 911 | 136 | San Benito | 300 | 405 | Stanislaus | 1970 | 56 |
| Colusa | 323 | 391 | Marin | 1849 | 122 | San Bernardino | 6213 | 768 | Sutter | 655 | 585 |
| Contra Costa | 4684 | 1 | Mariposa | 90 | 453 | San Francisco | A-804 | 596 | Tehama | 457 | 183 |
| Del Norte | 101 | 549 | Mendocino | 667 | 99 | San Joaquin | 2855 | 283 | Trinity | 108 | 595 |
| El Dorado | 704 | 635 | Merced | 1660 | 753 | San Luis Obispo | 1311 | 137 | Tulare | 2530 | 108 |
| Fresno | 5052 | 623 | Modoc | 191 | 93 | San Mateo | 4788 | 175 | Tuolumne | 177 | 160 |
| Glenn | 469 | 76 | Mono | 69 | 302 | Santa Barbara | 2065 | 881 | Ventura | 2607 | 237 |
| Humboldt | 801 | 83 | Monterey | 357 | 239 | [ ] | 6626 | 664 | Yolo | 769 | 16 |
| Imperial | 1189 | 701 | Napa | 704 | 742 | Santa Cruz | 1638 | 607 | Yuba | 398 | 693 |
| Inyo | 165 | 672 | Nevada | 363 | 94 | Shasta | 800 | 633 | | | |
| Kern | 3756 | 690 | Orange | 7182 | 18 | San Diego SERIES 5 Book 1964, Page 149774 | | | | | |

(which provisions, identical in all counties are printed on the reverse hereof) hereby are adopted and incorporated herein and made a part hereof as fully as though set forth herein at length; that he will observe and perform said provisions; and that the references to property, obligations, and parties in said provisions shall be construed to refer to the property, obligations, and parties set forth in the Deed of Trust.

The undersigned Trustor, requests that a copy of any notice of default and any notice of sale hereunder be mailed to him at this address hereinbefore set forth.

Dated: June 17, 2015

_____
SUNSET HOLDING PARTNERS, LLC
BY: IT'S AUTHORIZED SIGNER  Felix Katz

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA  ) ss:
COUNTY OF [VENTURA]

On June 17, 2015 before me Christine Martinez a Notary Public, personally appeared
Felix Katz
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies) and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

CHRISTINE MARTINEZ
COMM. # 2104256
NOTARY PUBLIC-CALIFORNIA
VENTURA COUNTY
My Comm. Exp. Apr. 28, 2019

(This area for official notarial seal)

172

**Fidelity National Title Company**

RECORDING REQUESTED BY
Fidelity National Title

WHEN RECORDED MAIL DOCUMENT AND TAX STATEMENT TO:
Sunset Holding Partners, LLC
23679 Calabasas Rd, #531
Calabasas, CA 91302

ASSESSOR'S PARCEL NO 7139-032-023
TITLE ORDER NO 93131
ESCROW NO 2016-JS

04/08/2015
*20150386142*

2

2

(43)

THIS SPACE FOR RECORDER'S USE ONLY

# GRANT DEED

The undersigned Grantor(s) declare that the DOCUMENTARY TRANSFER TAX IS: $ 753.50 County
XX computed on the full value of the interest of property conveyed, or
___ computed on the full value less the value of liens or encumbrances remaining thereon at the time of sale
___ OR transfer is EXEMPT from tax for the following reason

Signature of Declarant or Agent Determining Tax        Castlehead, Inc. Escrows
                                                       Firm Name

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged, Suyen D. Mosley, a Single Woman

HEREBY GRANT(S) to Sunset Holding Partners, LLC, a California Limited Liability Company

All that real property situated in the City of Long Beach, County of Los Angeles, State of California, described as: Legal Description Exhibit "A" attached hereto and made part hereof

Commonly Known As: 430 West San Antonio Drive, Long Beach, CA 90807

Dated, March 25, 2015

> A notary public officer or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy or validity of that document.

STATE OF CALIFORNIA
COUNTY OF Los Angeles

On April 1, 2015, before me,
Dennis Deng, a Notary Public
personally appeared Suyen D. Mosley

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.
I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct

WITNESS my hand and official seal

Signature _____

Mail Tax Statements to Same as Above

Suyen D. Mosley

DENNIS DENG
Commission # 1956658
Notary Public - California
Los Angeles County
My Comm. Expires Oct 15, 2015

(SEAL)

76

173

3

# EXHIBIT A
## LEGAL DESCRIPTION

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF LONG BEACH, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

LOT 2 OF TRACT NO. 27966, IN THE CITY OF LONG BEACH, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 776, PAGE 53 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

APN: 7139-032-023