Jeffrey S. Benice, Esq., State Bar No. 81583
LAW OFFICES OF JEFFREY S. BENICE
*A Professional Law Corporation*
3080 Bristol Street
Sixth Floor, Suite 630
Costa Mesa, California  92626
Telephone No.: (714) 641-3600
Facsimile No.: (714) 641-3601
Website: www.JeffreyBenice.com
E-Mail: JSB@JeffreyBenice.com

Attorneys for Defendants,
Igor Latsanovski and Calenergy, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | CASE NO. CV 15-04527 GW (PLAx) |
| Plaintiff, | **DECLARATION OF MARIYA ALEKSANDROVNA RE: JUNE 4, 2015 MASTER LOAN AGREEMENT** |
| v. | |
| BUNZAI MEDIA GROUP INC., et al., | |
| Defendants. | Date: **May 16, 2016** |
| | Time: **8:30 a.m.** |
| | Courtroom: **10** |
| | **[Assigned for All Purposes to the Honorable George H. Wu, Courtroom 10]** |
| | **First Amended Complaint Filed: October 9, 2015** |

1    I, Mariya Aleksandrovna, declare and state:

2    1.    I am a resident of the City of Moscow, Russian Federation.  I have personal

3    knowledge of the facts set forth herein.  If called as a witness, I would and could testify

4    under oath as set forth herein:

5    **A.    *June 4, 2015 Master Loan Agreement With Sunset Holding Partners, LLC.***

6    2.    I privately invest my personal funds from time to time into short term loans

7    secured by real estate.

8    3.    On or about June, 2015, Messrs. Mike Peniche and Igor Latsanovski  advised

9    me of an investment opportunity in a California limited liability company called "*Sunset*

10   *Holding Partners, LLC*" ("*Sunset*").  Mr. Peniche specifically advised me that he, a Sunset

11   Managing Member, was authorized to enter into a loan or investment agreement with me

12   on Sunset's behalf; and that he had knowledge of various highly profitable real estate

13   acquisition opportunities.  Messrs. Peniche and Latsanovski advised me that Sunset's

14   business was to locate real estate investment opportunities in Southern California.  Sunset

15   would purchase the real estate assets; Sunset would then improve or develop the real estate

16   assets; and thereafter sell the real estate assets.  The sale proceeds would be first

17   distributed to repay all debts, operating costs and expenses.  Any net proceeds would

18   thereafter be distributed to the LLC Members.

19   4.    Based upon Messrs. Peniche's and Latsanovski's description of Sunset's real

20   estate investment operation, I agreed to enter into a "*Master Loan Agreement*" ("*the*

21   *Agreement*") with Sunset.  Attached hereto as Exhibit "A" and incorporated herein by

22   reference is a true copy of the Agreement dated June 4, 2015.  Pursuant to paragraph 2.1 of

23   the Agreement, I agreed to establish "*a revolving loan facility in an aggregate amount*

24   *which shall not exceed $10,000,000...*" Sunset was responsible for the repayment of all

25   loan proceeds.

26   5.    Thereafter, on June 10, 2015, I executed a "*Utilization Request Form 1*" to

27   confirm a loan advance under the Agreement of $1,100,000 for the acquisition and

28

1

renovation of residential property located at 3783 Redwood Avenue, Los Angeles, California. A true copy of the "*Utilization Request Form 1*" is attached hereto as Exhibit "B" and incorporated herein by reference. Pursuant to the terms of the Agreement and Utilization Request Form 1, the $1,100,000 was the sole loan advance that I made to Sunset.

**B.** **_Effect of Federal Trade Commission Preliminary Injunction On The Agreement's Repayment._**

5. Sunset is presently in default on the Agreement. Messrs. Peniche and Latsanovski have advised me that as a consequence of the Federal Trade Commission's preliminary injunction, Sunset can do nothing to redevelop or sell the Property and is precluded from repaying me. Thus, I cannot be repaid the $1,100,000 due under the Agreement (exclusive of interest and costs).

6. I understand that the Property's current fair market value is approximately $1,003,000. Because Sunset's development plan for the Property has been stopped as a result of the Federal Trade Commission injunction, my loan is now grossly undersecured and is in default. I accordingly request that the Federal Trade Commission injunction be modified to enable the Property to be sold or to permit redevelopment of the Property to enable me to receive full repayment of the $1,100,000 in loan funds and all accrued interest and penalties. If I do not receive repayment, I will incur a substantial and inequitable loss.

**C.** **_Knowledge of Igor Latsanovski; Alon Nottea; Any of Their Related Companies; And The Aurie Vie Skin Products._**

7. I first learned of the Federal Trade Commission injunction in July, 2015. I was advised of its issuance by Messrs. Peniche and Latsanovski. Until I learned of the Federal Trade Commission injunction from Messrs. Peniche and Latsanovski, I had absolutely no knowledge concerning Igor Latsanovski; Alon Nottea; any related companies, identified or related to them; and a company called Aurie Vie, business

DECLARATION OF MARIYA ALEKSANDROVNA
RE: JUNE 4, 2015 MASTER LOAN AGREEMENT

1   dealings or violations of law as asserted by the Federal Trade Commission.  None of the

2   loaned funds came from any source other than my personal investment funds.  Attached

3   hereto as Exhibit "C" and incorporated herein by reference is a true copy of Sunset's Wells

4   Fargo Bank Account Statement for Account No. 2869829227, for the period June 1, 2015

5   to June 30, 2015.  At Bates No. 3 is confirmation of my $1,100,000 loan of funds under the

6   Agreement being wired into Sunset's Wells Fargo Bank Account on June 11, 2015, at my

7   direction and authorization from my bank account at "NK Bank".

8

9        I declare under penalty of perjury under the laws of the United States of America

10  that the foregoing is true and correct.

11        Executed this 8th day of April, 2016, at Moscow, Russian Federation, California.

12

13  _____
    MARIYA ALEKSANDROVNA

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
    _____
                        3
            DECLARATION OF MARIYA ALEKSANDROVNA
            RE: JUNE 4, 2015 MASTER LOAN AGREEMENT

**CERTIFICATE OF SERVICE**

The undersigned certifies that on April 18, 2016, a true and correct copy of the foregoing document described as DECLARATION OF MARIYA ALEKSANDROVNA RE: JUNE 4, 2015 MASTER LOAN AGREEMENT were served electronically via e-mail. The attorneys listed below were served by pursuant to the ECF notice generated by the Court.

| | |
|---|---|
| ***Local Counsel For Receiver*** | ***Federal Trade Commission*** |
| Tom Vidal | Reid Tepfer |
| Michael Weiss | Luis Gallegos |
| Nina Nahal Ameri | 1999 Bryan Street, Suite 2150 |
| Abrams Garfinkle Margolis Bergson | Dallas, Texas 75201 |
| 5900 Wilshire Blvd., Suite 2250 | rtpefer@ftc.gov |
| Los Angeles, CA 90036 | lgallegos@ftc.gov |
| nameri@agmblaw.com | |
| | ***Counsel For Alon Nottea and Roi*** |
| ***Counsel For Oz Mizrahi*** | ***Rueveni*** |
| Erik S. Syverson | Robert M. Ungar |
| Raines Feldman LLP | Crosswind Law |
| 9720 Wilshire Boulevard, Fifth Floor | 14724 Ventura Blvd., Penthouse |
| Beverly Hills, CA 90212 | Sherman Oaks, CA 91403 |
| esyverson@raineslaw.com | rmu@crosswindlaw.com |
| | |
| ***Counsel For Chargeback Armor, Inc.*** | ***Counsel For Doron and Motti Nottea*** |
| Sagar Parikh | Randi R. Geffner |
| Beverly Hills Law Corp. | Esensten Law |
| 433 N. Camden Drive, 6th Floor | 12100 Wilshire Blvd. |
| Beverly Hills, CA 90210 | Suite 1660 |
| SP@BeverlyHillsLawCorp.com | Los Angeles, CA 90025 |
| | Telephone: (310) 273-3090 |
| | RGEFFNER@ESENSTEINLAW.COM |

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed this 18 th day of April, 2016, in Costa Mesa, California 92626.

_____
Javaise Escoto, Declarant

4