1   Jeffrey S. Benice, Esq., State Bar No. 81583
    LAW OFFICES OF JEFFREY S. BENICE
2   *A Professional Law Corporation*
    3080 Bristol Street
3   Sixth Floor, Suite 630
    Costa Mesa, California  92626
4   Telephone No.: (714) 641-3600
    Facsimile No.: (714) 641-3601
5   Website: www.JeffreyBenice.com
    E-Mail: JSB@JeffreyBenice.com
6

7   Attorneys for Defendants,
    Igor Latsanovski and Calenergy, Inc.
8

9

10              **UNITED STATES DISTRICT COURT**

11       **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

12

13   FEDERAL TRADE COMMISSION,          **CASE NO. CV 15-04527 GW (PLAx)**

14              Plaintiff,              **DEFENDANTS IGOR LATSANOVSKI
                                        AND CALENERGY, INC.'S STATEMENT
15        v.                            OF UNCONTROVERTED FACTS AND
                                        CONCLUSIONS OF LAW IN SUPPORT
16   BUNZAI MEDIA GROUP INC., et al.,   OF MOTION FOR SUMMARY
                                        JUDGMENT OR ALTERNATIVELY
17              Defendants.             PARTIAL SUMMARY JUDGMENT**

18                                      ────────────────────────

19                                      **Date:        May 16, 2016**
                                        **Time:        8:30 A.M.**
20                                      **Courtroom:   10**

21
                                        ────────────────────────
22                                      **[Assigned for All Purposes to the Honorable
                                        George H. Wu, Courtroom 10]**
23
                                        **[First Amended Complaint Filed: October
24                                      9, 2015]**

25                                      **[United States District Court Local Rules,
                                        Rule 56-1 *et seq.*]**
26

27

28

─────────────────────────────────────────────────────────
**STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

Defendants Igor Latsanovski and Calenergy, Inc. hereby submit the following Statement of Uncontroverted Facts and Conclusions of Law in support of Defendants' Motion for Summary Judgment or alternatively, Partial Summary Judgment.

### STATEMENT OF UNCONTROVERTED FACTS

### COUNT 1

*NO GENUINE ISSUES EXIST RE:*
*FAILURE TO DISCLOSE*

| *MOVING PARTY'S UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE* | *OPPOSING PARTY'S CONTROVERTED FACTS* |
| --- | --- |
| 1. Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc.<br><br>[Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; *"The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment..."*]<br><br>[Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.]<br><br>[Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.]<br><br>[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] | |

///

///

///

1

| | |
|---|---|
| 1    2. During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates. | |

2. During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

3. Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,746 in interest return on the $500,000.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

STATEMENTS OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| | |
|---|---|
| 4. Defendants Latsanovski and Calenergy had no involvement in the day to day operations of Defendant Bunzai.<br><br>[Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.]<br><br>[Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.]<br><br>[Decl. of Latsanovski, ¶¶10; 12-18.]<br><br>[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] | |
| 5. Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct.<br><br>[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].<br><br>[Decl. of Latsanovski, ¶¶10: 12-18.]<br><br>[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] | |

///

///

///

///

STATEMENTS OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| | |
|---|---|
| 6. Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet skincare business. Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions. Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai.<br><br>[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].<br><br>[Decl. of Latsanovski, ¶¶10: 12-18.]<br><br>[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] | |

///

///

///

///

///

4

STATEMENTS OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

## COUNT 2

### NO GENUINE ISSUES EXIST RE:
### FALSE "RISK-FREE" TRIAL CLAIM

| MOVING PARTY'S UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S CONTROVERTED FACTS |
|---|---|
| 1. Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc. | |
| [Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; *"The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment..."*] | |
| [Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.] | |
| [Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.] | |
| [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] | |

///

///

///

///

///

STATEMENTS OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| | |
|---|---|
| 2. During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates.<br><br>[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]<br><br>[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; *"Did Bunzai ...pay back Igor ...? A. I believe it did.*]<br><br>[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]<br><br>[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] | |
| 3. Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,000 in interest return on the $500,000.<br><br>[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]<br><br>[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; *"Did Bunzai ...pay back Igor ...? A. I believe it did.*]<br><br>[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]<br><br>[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] | |

STATEMENTS OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| | |
|---|---|
| 4. Defendants Latsanovski and Calenergy had no involvement in the day to day operations of Defendant Bunzai.<br><br>[Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.]<br><br>[Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.]<br><br>[Decl. of Latsanovski, ¶¶10; 12-18.]<br><br>[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] | |
| 5. Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct.<br><br>[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].<br><br>[Decl. of Latsanovski, ¶¶10: 12-18.]<br><br>[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] | |

///

///

///

7

STATEMENTS OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

6. Defendants Latsanovski and Calenergy did not play any role in the operation of the internet skincare business.  Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions.  Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

///

///

///

///

8

STATEMENTS OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

## COUNT 3

### NO GENUINE ISSUES EXIST RE:
### FALSE BETTER BUSINESS BUREAU
### ACCREDITATION AND RATING CLAIMS

| MOVING PARTY'S UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S CONTROVERTED FACTS |
|---|---|
| 1. Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc.<br><br>[Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; *"The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment..."*]<br><br>[Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.]<br><br>[Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.]<br><br>[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] | |

///

///

///

///

STATEMENTS OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| | |
|---|---|
| 2. During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates.<br><br>[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]<br><br>[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea*, R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]<br><br>[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]<br><br>[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] | |
| 3. Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,000 in interest return on the $500,000.<br><br>[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]<br><br>[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]<br><br>[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]<br><br>[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] | |

///

STATEMENTS OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| | |
|---|---|
| 4. Defendants Latsanovski and Calenergy had no involvement in the day to day operations of Defendant Bunzai.<br><br>[Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.]<br><br>[Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.]<br><br>[Decl. of Latsanovski, ¶¶10; 12-18.]<br><br>[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] | |
| 5. Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct.<br><br>[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].<br><br>[Decl. of Latsanovski, ¶¶10: 12-18.]<br><br>[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] | |

///

///

///

11

**STATEMENTS OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

6. Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet skincare business. Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions. Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

///

///

///

///

///

12

STATEMENTS OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

## COUNT IV

### *NO GENUINE ISSUES EXIST RE:*
### *UNFAIRLY CHARGING CONSUMERS WITHOUT AUTHORIZATION*

| *MOVING PARTY'S UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE* | *OPPOSING PARTY'S CONTROVERTED FACTS* |
| --- | --- |
| 1.  Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc.<br><br>[Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; "*The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment...*"]<br><br>[Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.]<br><br>[Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.]<br><br>[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] | |

13

STATEMENTS OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| | |
|---|---|
| 2. During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates.<br><br>[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]<br><br>[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea*, R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]<br><br>[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]<br><br>[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] | |
| 3. Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,000 in interest return on the $500,000.<br><br>[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]<br><br>[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea*, R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]<br><br>[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]<br><br>[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] | |

14

**STATEMENTS OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| 4. Defendants Latsanovski and Calenergy had no involvement in the day to day operations of Defendant Bunzai.<br><br>[Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.]<br><br>[Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.]<br><br>[Decl. of Latsanovski, ¶¶10; 12-18.]<br><br>[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] | |
| 5. Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct.<br><br>[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].<br><br>[Decl. of Latsanovski, ¶¶10: 12-18.]<br><br>[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] | |

///

///

///

///

STATEMENTS OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| | |
|---|---|
| 6. Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet skincare business. Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions. Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] | |

///

///

///

///

**STATEMENTS OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

## COUNT V

### *NO GENUINE ISSUES EXIST RE:*
### *VIOLATION OF ROSCA-AUTO-RENEWAL CONTINUITY PLAN AND*
### *VIOLATIONS OF ELECTRONIC FUND TRANSFER ACT AND REGULATION E*

| *MOVING PARTY'S UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE* | *OPPOSING PARTY'S CONTROVERTED FACTS* |
| --- | --- |
| 1.  Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc.<br><br>[Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; *"The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment..."*]<br><br>[Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.]<br><br>[Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.]<br><br>[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] | |

///

///

///

///

///

STATEMENTS OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| | |
|---|---|
| 2. During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates.<br><br>[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]<br><br>[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea*, R.T. 85: lns. 3-5; *"Did Bunzai ...pay back Igor ...? A. I believe it did.*]<br><br>[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]<br><br>[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] | |
| 3. Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,000 in interest return on the $500,000.<br><br>[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]<br><br>[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea*, R.T. 85: lns. 3-5; *"Did Bunzai ...pay back Igor ...? A. I believe it did.*]<br>[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]<br><br>[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] | |

**STATEMENTS OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| 4. Defendants Latsanovski and Calenergy had no involvement in the day to day operations of Defendant Bunzai. [Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.] [Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.] [Decl. of Latsanovski, ¶¶10; 12-18.] [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] | |
| 5. Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct. [Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)]. [Decl. of Latsanovski, ¶¶10: 12-18.] [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] | |

///

///

///

///

STATEMENTS OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

6. Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet skincare business. Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions. Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

///

///

///

///

20

STATEMENTS OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

### FURTHER UNDISPUTED GENUINE ISSUES

| MOVING PARTY'S UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S CONTROVERTED FACTS |
|---|---|
| 1.  Third party Sunset Holdings, LLC received no funds from Defendant Bunzai; any affiliate of Defendant Bunzai; And no consumers doing business with Defendant Bunzai.<br><br>[Decl. of Latsanovski, ¶¶7-8; 11; 27.]<br><br>[Decl. of Klykov, ¶¶1-9; Exhs. "A" –"E" thereto.]<br><br>[Decl. of Aleksandrovna, ¶¶1-7; Exhs. "A" and "B" thereto.]<br><br>[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶24-27.] | |
| 2.  All funds invested into third party Sunset Holdings, LLC came from third party investors with no affiliation or relationship with Defendant Bunzai.<br><br>[Decl. of Latsanovski, ¶¶7-8; 11; 27.]<br><br>[Decl. of Kyrkov, ¶¶1-9; Exhs. "A" –"E" thereto.]<br><br>[Decl. of Aleksandrovna, ¶¶1-7; Exhs. "A" and "B" thereto.]<br><br>[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶24-27.] | |

STATEMENTS OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

## II.

### DEFENDANTS LATSANOVSKI AND CALENERGY'S

### PROPOSED CONCLUSIONS OF LAW

| | |
|---|---|
| 1. No evidence exists that Defendant Latsanovski (1) participate directly in, or had the authority to control, the unlawful acts or practices alleged in the first amended complaint; and (2) had actual knowledge of the misrepresentations involved, was recklessly indifferent to the truth or falsity of the misrepresentations, or was aware of a high probability of fraud and intentionally avoided learning the truth.  *See, FTC v. Network Services Depot, Inc.,* 617 *F.3d* 1127, 1138-1139 (9th Cir. 2010) | |
| 2. No evidence exists that Defendant Calenergy (1) participate directly in, or had the authority to control, the unlawful acts or practices alleged in the first amended complaint; and (2) had actual knowledge of the misrepresentation involved, was recklessly indifferent to the truth or falsity of the misrepresentations, or was aware of a high probability of fraud and intentionally avoided learning the truth.  *See, FTC v. Network Services Depot, Inc.,* 617 *F.3d* 1127, 1138-1139 (9th Cir. 2010) | |
| 3. As a matter of law neither Defendants Latsanovski nor Calenergy are jointly and severally liable with the other defendants for the consumer damages or any other damages claimed by Plaintiff FTC.  *See, FTC v. Stefanchik,* 559 *F.3d* 924, 931 (9th Cir. 2009). | |
| 4. As a matter of law Defendants Latsanovki and Calenergy are only liable, if at all for equitable disgorgement of the sums they received from defendant Bunzai (and affiliates) during the period 2010 to 2015; $317,000.  *See, FTC v. Burnlounge,* 584 Fed. Appx. 315 (9th Cir. 2014) | |

**STATEMENTS OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

1 | 5. The September 9, 2010 preliminary
2 | injunction and asset freeze, as to Defendants
3 | Latsanovski and Calenergy, shall accordingly be dissolved.

4

Dated: April 18, 2016

Respectfully submitted,

5

6

7

8

_____
Jeffrey S. Benice
Attorney for Defendants Igor Latsanovski
and Calenergy, Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STATEMENTS OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

## CERTIFICATE OF SERVICE

The undersigned certifies that on April 18, 2016, a true and correct copy of the foregoing document described as DEFENDANTS IGOR LATSANOVSKI AND CALENERGY, INC.'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSION OF LAW IN SUPPORT OF MOTIN FOR SUMMARY JUDGMENT OR ALTERNATIVELY PARTIAL SUMMARY JUDGMENT was electronically filed with the clerk of the U.S. District Court, Central District of California, using the electronic case filing system of the court. The attorneys listed below were served by pursuant to the ECF notice generated by the Court.

**_Local Counsel For Receiver_**
Tom Vidal
Michael Weiss
Nina Nahal Ameri
Abrams Garfinkle Margolis Bergson
5900 Wilshire Blvd., Suite 2250
Los Angeles, CA 90036
nameri@agmblaw.com

**_Counsel For Alon Nottea and_**
**_Roi Rueveni_**
Robert M. Ungar
Crosswind Law
14724 Ventura Blvd., Penthouse
Sherman Oaks, CA 91403
rmu@crosswindlaw.com

**_Federal Trade Commission_**
Reid Tepfer
Luis Gallegos
1999 Bryan Street, Suite 2150
Dallas, Texas 75201
rtpefer@ftc.gov
lgallegos@ftc.gov

**_Counsel For Doron Nottea and Motti_**
**_Nottea_**
Randi R. Geffner
Esensten Law
12100 Wilshire Blvd.
Suite 1660
Los Angeles, CA 90025
Telephone: (310) 273-3090
RGEFFNER@ESENSTEINLAW.COM

**_Counsel For Chargeback Armor, Inc._**
Sagar Parikh
Beverly Hills Law Corp.
433 N. Camden Drive, 6th Floor
Beverly Hills, CA 90210
SP@BeverlyHillsLawCorp.com

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed this 18th day of April, in Costa Mesa, California 92626.

_____
Javaise Escoto, Declarant

24

**STATEMENTS OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**