ROBERT L. ESENSTEN (SBN 65728)
    resensten@esenstenlaw.com
RANDI R. GEFFNER (SBN 116574)
    rgeffner@esenstenlaw.com
**ESENSTEN LAW**
12100 Wilshire Boulevard, Suite 1660
Los Angeles, California 90025
Telephone: (310) 273-3090
Facsimile: (310) 207-5969

Attorneys for Defendants DORON NOTTEA
and MOTTI NOTTEA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Case No.: 2:15-CV-04527-GW (PLAx) |
| Plaintiff, | *Assigned to the Honorable George Wu, Courtroom 10* |
| v. | |
| BUNZAI MEDIA GROUP, INC., *et al.*, | **DEFENDANT DORON NOTTEA'S *EX PARTE* APPLICATION TO STRIKE PLAINTIFF FEDERAL TRADE COMMISSION'S MOTION FOR SUMMARY JUDGMENT AS TO DORON NOTTEA, OR IN THE ALTERNATIVE, CONTINUE THE HEARING ON PLAINTIFF FEDERAL TRADE COMMISSION'S MOTION FOR SUMMARY JUDGMENT** |
| Defendants. | |

**TO ALL PARTIES HEREIN AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

    **PLEASE TAKE NOTICE** that Defendant Doron Nottea ("Doron") will, and hereby does, apply to this Court, *ex parte*, for an order to strike Plaintiff Federal Trade Commission's ("FTC") Motion for Summary Judgment ("MSJ") with respect to Doron, or, in the alternative to continue the May 16, 2016 hearing date on the MSJ until June 6, 2016 to allow Doron sufficient time to oppose the FTC's MSJ.

This Application is made following a meeting of counsel pursuant to Central District Local Rule 7-3, which took place on April 19, 2016 through April 20, 2016. (Geffner Decl. ¶¶ 6-8.) All Defendants have agreed to continuing the May 16, 2016 hearing date to June 6, 2016. (Id. ¶¶ 6-8, Exs. 2-4.) However, the FTC has refused to do so.

This Application is made on the grounds that on April 18, 2016 at 10:52 p.m., the FTC filed its MSJ that included a 50-page Memorandum of Points and Authorities, a 135-page Separate Statement, and 949 exhibits, separated into 30 volumes and amounting to 2,309 total pages. Yet, the FTC afforded Doron a mere six days to oppose the FTC's voluminous MSJ. Doron's opposition to the FTC's MSJ is due on Monday, April 25, 2016.

It would be impossible for Doron to effectively oppose such a voluminous motion in one week. In order to oppose the MSJ, Doron will need to:

- Review and analyze more than 2,400 pages of evidence;
- Research and draft opposing memorandum of points and authorities;
- Draft an opposing separate statement;
- Draft opposing declarations;
- Draft objections to the FTC's evidence;
- Consult with an expert to refute the FTC's claim regarding the permissible job responsibilities of a bookkeeper;
- Review and analyze the hundreds of thousands of pages produced in discovery to locate documents supporting the opposition; and
- Compile the extensive documentary evidence disproving the FTC's claims against Doron.

It would be impossible to do all of this in the mere six days from the FTC's filing of the MSJ until the opposition due date. (Geffner Decl. ¶ 5.) The expert with whom Doron is consulting regarding the FTC's fact-based bookkeeper arguments also declares that it would be "impossible" for him to review the FTC's material and

1  render an opinion.  (Howard Decl. ¶ 5.)  In addition, the Jewish holiday of Passover
2  begins on Friday, April 22, effectively leaving Doron's counsel and Doron's expert,
3  all of whom are Jewish, a mere three days to prepare the opposition to the MSJ.

4      If this was a deliberate ploy of bad faith litigation tactics on the part of the
5  FTC to prejudice Doron's ability to effectively respond to the MSJ, the Court should
6  strike the MSJ.  If the FTC was simply negligent in failing to afford Doron sufficient
7  time to oppose the MSJ given the extraordinary volume of materials filed in support
8  of the MSJ, then the Court should at the very least continue the May 16, 2016
9  hearing date on the MSJ until June 6, 2016.

10     Good cause exists to grant this Application *ex parte* because Doron's
11 opposition to the FTC's MSJ is currently due on Monday, April 25, 2016; therefore,
12 there is insufficient time to resolve this matter on a regularly noticed motion.
13 Failing to grant Doron relief immediately would unduly prejudice Doron's ability to
14 provide a diligent opposition to the MSJ.

15     Accordingly, Doron respectfully requests that this Court grant this *Ex Parte*
16 Application and either strike the FTC's MSJ or, in the alternative, continue the May
17 16, 2016 hearing date until June 6, 2016 to provide Doron adequate time to oppose
18 the FTC's MSJ.

20 Dated:  April 20, 2016   **ESENSTEN LAW**
                                      ROBERT L. ESENSTEN
21                                       RANDI R. GEFFNER

23                           By:  /s/ Robert L. Esensten
                                Robert L. Esensten
24                          Attorneys for Defendants DORON NOTTEA
                         and MOTTI NOTTEA

# CERTIFICATE OF SERVICE

I hereby certify that on April 20, 2016, I electronically filed the foregoing document entitled **DEFENDANT DORON NOTTEA'S *EX PARTE* APPLICATION TO STRIKE PLAINTIFF FEDERAL TRADE COMMISSION'S MOTION FOR SUMMARY JUDGMENT AS TO DORON NOTTEA, OR IN THE ALTERNATIVE, CONTINUE THE HEARING ON PLAINTIFF FEDERAL TRADE COMMISSION'S MOTION FOR SUMMARY JUDGMENT** with the Clerk of the Court by using the CM/ECF System.

                                    */s/ Robert L. Esensten*
                                      Robert L. Esensten