ROBERT L. ESENSTEN (SBN 65728)
  resensten@esenstenlaw.com
RANDI R. GEFFNER (SBN 116574)
  rgeffner@esenstenlaw.com
**ESENSTEN LAW**
12100 Wilshire Boulevard, Suite 1660
Los Angeles, California 90025
Telephone: (310) 273-3090
Facsimile:  (310) 207-5969

Attorneys for Defendants DORON NOTTEA
and MOTTI NOTTEA

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Case No.: 2:15-CV-04527-GW (PLAx) |
| Plaintiff, | *Assigned to the Honorable George Wu, Courtroom 10* |
| v. | |
| BUNZAI MEDIA GROUP, INC., *et al.*, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION TO SUMMARILY DENY PLAINTIFF FEDERAL TRADE COMMISSION'S MOTION FOR SUMMARY JUDGMENT AS TO DORON NOTTEA, OR IN THE ALTERNATIVE, CONTINUE THE HEARING ON PLAINTIFF FEDERAL TRADE COMMISSION'S MOTION FOR SUMMARY JUDGMENT** |
| Defendants. | |

## I. INTRODUCTION

Defendant Doron Nottea ("Doron") hereby files this *Ex Parte* Application requesting that the Court strike Plaintiff Federal Trade Commission's ("the FTC") Motion for Summary Judgment (Dkt # 353) ("MSJ") against Doron, or alternatively, continue the hearing date on the FTC's MSJ from May 16, 2016 to June 6, 2016 to allow Doron sufficient time to prepare an opposition, which would otherwise be due on April 25, 2016.

## II. BRIEF FACTUAL AND PROCEDURAL HISTORY

At 10:52 p.m. on April 18, 2016, the last day to file a motion before the May 16, 2016 motion hearing cutoff date, the FTC filed its MSJ against all Defendants, including Doron, whom the undersigned counsel represents. The FTC's MSJ consists of the following:

- 50-page Memorandum of Points and Authorities;
- 135-page Separate Statement; and
- 949 exhibits, separated into 30 volumes and totaling 2,309 pages.

The hearing date for the MSJ is May 16, 2016, meaning that Doron has a mere six calendar days from receipt of the FTC's monstrous MSJ to prepare an opposition. Given the size of the MSJ and its potential impact as a dispositive motion, Doron requires more than one week to prepare the opposition. In addition, the Jewish holiday of Passover begins on Friday, April 22, 2016 and continues for one week. All attorneys for Doron are Jewish and celebrate Passover, which will significantly cut their time to prepare an opposition even further. (Geffner Decl. ¶ 10.)

The arguments the FTC advances in support of its MSJ as to Doron also require additional time to be able to respond. In support of its MSJ and its argument that Doron asserted control of the enterprise and "was a principal member of the common enterprise," the FTC advances two very fact-specific arguments. (MSJ, Dkt. 353-1, at 13-14.) The first concerns whether a small number of isolated

incidents involving Doron exceeded Doron's responsibilities as a bookkeeper.  (Id. at 13.)  The second concerns whether Doron's conduct as a bookkeeper "managing the finances" "evinces" knowledge of wrongdoing committed by others.  (Id. at 13-14, 45-46.)

In order to adequately respond to these fact-based arguments, Doron intends to submit an expert declaration that the conduct about which the FTC complains was conduct within the normal bounds of a bookkeeper.  Although the materials have been provided to him, the expert, a Certified Public Accountant for 37 years with extensive experience bookkeeping for business entities, declares: "It is physically impossible for me to read, review and analyze this volume of material in the three business days before the opposition to the Motion for Summary Judgment is due, even if I were able to devote the entirety of my days to this project."  (Howard Decl. ¶ 5.)  The expert further declares: "I will need at least two weeks to properly review the materials and provide my professional opinion regarding the activities of Doron Nottea as a bookkeeper and if those activities are consistent with control or involvement with the entities for which the bookkeeping services are rendered."  (Id. ¶ 6.)  Further, like Doron's counsel, the expert is Jewish and declares that he is unable to work through the weekend due to Passover.  (Id. ¶ 7.)

On Tuesday, April 19, 2016, hours after receiving the FTC's MSJ, Doron's counsel informed the attorneys for the FTC and the other Defendants of the need for additional time and the impending Jewish holiday and requested that they stipulate to continue the hearing date until June 6, 2016 to provide Defendants additional time to prepare their oppositions.  All Defendants agreed to the continuance; however, on April 20, 2016, the FTC refused the continuance, leaving itself as the sole objector.  (Geffner Decl. ¶ 6, Ex. 2.)

**III.   ARGUMENT**

The FTC's refusal to stipulate to continue the MSJ hearing to allow Doron sufficient time to prepare an opposition, and its use of the Jewish holiday to

prejudice Doron, is nothing short of a display of poor gamesmanship, warranting striking the FTC's MSJ as to Doron.  Even if it does not derive from such litigation tactics and instead derives from negligence in failing to provide Doron with sufficient time to oppose the voluminous MSJ, the Court should continue the MSJ hearing date to allow Doron sufficient time to prepare an opposition.

> A. BASED UPON THE FTC'S BAD FAITH LITIGATION TACTICS TO PREJUDICE DORON, THE COURT SHOULD STRIKE THE FTC'S MSJ AS TO DORON

District courts are invested with inherent powers that are "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991).  The Ninth Circuit has recognized that these powers include "the inherent authority to impose sanctions for bad faith, which includes a broad range of willful improper conduct." Fink v. Gomez, 239 F.3d 989, 992 (9th Cir. 2001).  Sanctions issued under a court's inherent power against a party or party's attorney "are available if the court specifically finds bad faith or conduct tantamount to bad faith." B.K.B. v. Maui Police Dep't, 276 F.3d 1091, 1107-08 (9th Cir. 2002).  Conduct "tantamount to bad faith" includes "a variety of types of willful actions, including recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose." Id. (quoting Fink, 239 F.3d at 994).

Upon a finding of bad faith, a district court can assess an assortment of sanctions under its inherent power.  A "primary aspect" of this discretion is fashioning an appropriate sanction based upon the specific conduct. Ready Transp., Inc. v. AAR Mfg., Inc., 627 F.3d 402, 404-05 (9th Cir. 2010) (quoting Chambers, 501 U.S. at 44-45).  Thus, when a motion is brought in bad faith, it is entirely proper for a court to strike (or otherwise summarily deny) the offending document from the docket to address the bad faith conduct. Id.  This is exactly what the Court should

do here.

The FTC filed its immense MSJ knowing that Defendants had less than one week to file a response and that one week was insufficient time to adequately respond to the MSJ, especially given the Jewish holiday. Clearly, it took the FTC well over one week to prepare its massive MSJ. In fact, the FTC had an infinite amount of time to prepare the MSJ and, the size of the MSJ suggests that it likely took close to that to do so. To take an infinite amount of time in preparing the MSJ while ensuring that Doron and the other Defendants have as little time as possible to prepare their oppositions wreaks of bad faith litigation tactics.

The FTC absolutely knew that it would take Doron more than one week to adequately respond to the voluminous MSJ and all 141 exhibits directly associated with Doron[1]. The only way the FTC can possibly succeed on proving these fact-based arguments on summary judgment would be to provide Doron insufficient time for him, his counsel, and his expert to review and analyze the more than 2,400 pages of evidence, review and analyze the hundreds of thousands of pages of documents served in discovery to locate contradicting evidence, research and draft an opposition, draft a separate statement, object to the FTC's evidence, and consult with experts regarding the factual issues raised in the FTC's MSJ. And this is exactly what the FTC has done.

Taking the size of the MSJ, the FTC's eleventh hour filing (literally), and the FTC's unwillingness to provide Defendants with any additional time to oppose the voluminous MSJ leads to a single inescapable conclusion: The FTC filed the MSJ as a means of unduly prejudicing Defendants rather than as a means of concluding the litigation based upon a fair and balanced evaluation of all of the facts. Intentionally

---

[1] In the FTC's Separate Statement, Paragraphs 34, 39, and 43 are directly associated to Doron. Those Paragraphs reference 141 exhibits.

unduly prejudicing Defendants in this manner is tantamount to bad faith.  Because the FTC filed the MSJ in bad faith, the Court should strike the MSJ's arguments against Doron.

### B. ALTERNATIVELY, THE COURT SHOULD CONTINUE THE MSJ HEARING DATE TO JUNE 6, 2016 TO ALLOW DORON SUFFICIENT TIME TO PREPARE AN OPPOSITION

If the reason that the FTC failed to provide Doron with sufficient time to oppose the MSJ was not the result of bad faith litigation tactics, it must then necessarily derive from the FTC's negligence in failing to file the voluminous MSJ sooner.  Continuing the hearing date just three weeks, to June 6, 2016, is required to ensure that the FTC's MSJ is resolved in a manner consistent with the objectives of a motion for summary judgment, which is to determine whether the facts and evidence served in discovery warrants putting an early end to the litigation.  This cannot possibly be done in the mere six calendar days the FTC afforded Doron to prepare an opposition given the voluminous and fact-based nature of the FTC's MSJ as well as the hundreds of thousands of documents that have been exchanged in discovery.

Both Doron's attorney and Doron's expert have declared that it would be "impossible" to file an opposition adequately responding to the FTC's fact-based arguments in the one-week timeframe.  In order for Doron's attorneys to oppose the MSJ, they will, among other things, need to:

- Review and analyze more than 2,400 pages of evidence;
- Research and draft opposing memorandum of points and authorities;
- Draft an opposing separate statement;
- Draft opposing declarations;
- Draft objections to the FTC's evidence;
- Consult with an expert;
- Review and analyze the hundreds of thousands of pages produced in

discovery to locate documents supporting the opposition; and

- Compile the extensive documentary evidence disproving the FTC's claims against Doron.

It is "not possible" to accomplish this in the mere six days between their receipt of the MSJ and the April 25, 2016 due date. (Geffner Decl. ¶ 5.) Doron's expert needs at least two weeks to review the MSJ and supporting documents, enabling him to opine on whether Doron's bookkeeping activities are consistent with control or involvement with the entities for which the bookkeeping services are rendered. (Howard Decl. ¶ 6.) In addition, the Jewish holiday prevents both Doron's counsel and Doron's expert from working over the weekend.

Thus, in order to avoid unduly prejudicing Doron and the other Defendants, the Court should continue the hearing date for the FTC's MSJ from May 16, 2016 to June 6, 2016. This modest extension of time will provide Doron sufficient time to prepare an opposition to the FTC's MSJ, engendering no prejudice whatsoever to the FTC.

## IV. CONCLUSION

Based on the foregoing, the Court should strike the FTC's MSJ against Doron, or in the alternative, continue the hearing date on the FTC's MSJ from May 16, 2016 to June 6, 2016.

Dated: April 20, 2016

Respectfully submitted,

**ESENSTEN LAW**
ROBERT L. ESENSTEN
RANDI R. GEFFNER

By: */s/ Robert L. Esensten*
Robert L. Esensten
Attorneys for Defendants DORON NOTTEA and MOTTI NOTTEA

# CERTIFICATE OF SERVICE

I hereby certify that on April 20, 2016, I electronically filed the foregoing document entitled **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION TO SUMMARILY DENY PLAINTIFF FEDERAL TRADE COMMISSION'S MOTION FOR SUMMARY JUDGMENT AS TO DORON NOTTEA, OR IN THE ALTERNATIVE, CONTINUE THE HEARING ON PLAINTIFF FEDERAL TRADE COMMISSION'S MOTION FOR SUMMARY JUDGMENT** with the Clerk of the Court by using the CM/ECF System.

                                       */s/ Robert L. Esensten*
                                       Robert L. Esensten