DAVID C. SHONKA
Acting General Counsel

DAMA J. BROWN
Regional Director

REID TEPFER
rtepfer@ftc.gov
Texas Bar No. 24079444
LUIS GALLEGOS
lgallegos@ftc.gov
Oklahoma Bar No. 19098
Federal Trade Commission
1999 Bryan Street, Suite 2150
Dallas, Texas 75206
(214) 979-9395 (Tepfer)
(214) 979-9383 (Gallegos)
(214) 953-3079 (fax)

RAYMOND McKOWN
rmckown@ftc.gov
California Bar No. 150975
10877 Wilshire Boulevard, Suite 700
Los Angeles, California 90024
(310) 824-4325 (voice)
(310) 824-4380 (fax)

Attorneys for Plaintiff Federal Trade Commission

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,**<br><br>Plaintiff,<br><br>v.<br><br>**BUNZAI MEDIA GROUP, INC.,** *et al.*<br><br>**Defendants.** | Case No. CV 15-4527-GW(PLAx)<br><br>**RESPONSE IN OPPOSITION TO DEFENDANT DORON NOTTEA'S *EX PARTE* APPLICATION TO STRIKE PLAINTIFF FEDERAL TRADE COMMISSION'S MOTION FOR SUMMARY JUDGMENT AS TO DORON NOTTEA, OR IN THE ALTERNATIVE, CONTINUE THE HEARING ON PLAINTIFF FEDERAL TRADE COMMISSION'S MOTION FOR SUMMARY JUDGMENT** |

The FTC files this response in opposition to Defendant Doron Nottea's *Ex Parte* Application to Strike Plaintiff Federal Trade Commission's Motion for Summary Judgment as to Doron Nottea, or in the Alternative, Continue the Hearing on Plaintiff Federal Trade Commission's Motion for Summary Judgment.[1]

Defendant Doron Nottea ("Defendant") has requested an additional three weeks to respond to the FTC's Motion for Summary Judgment.[2] In doing so, Defendant requests one week more to respond than the FTC had following the close of discovery to draft the Motion and compile evidence against 33 Defendants.[3] For the reasons provided to Defendants and elaborated upon below, the FTC opposes the continuance.

The FTC would be significantly prejudiced by continuing the hearing date until shortly before trial, as Defendant requests. The FTC has filed a Motion for Summary Judgment outlining the overwhelming evidence against the Defendants. But if the FTC's summary judgment motion is not heard until the pretrial conference, the FTC will be forced to prepare for trial against *all* of these Defendants, despite the absence of any genuine issue of material fact concerning

---

[1] Doc. No. 376.
[2] Doc. No. 376.
[3] Doc. No. 344.

Plaintiff's case. Not only would this result in substantial wasted effort, but, more importantly, it would significantly prejudice the FTC's case against any Defendants that do go to trial.

Importantly, Defendant has known the date his response to an MSJ would be due since the Court issued its scheduling order on October 1, 2015.[4] Additionally, the FTC has previously provided Defendant all evidence used in support of its Motion, as well as comprehensive explanations of the evidence against Defendant in response to interrogatories in mid-March. Yet despite this, Defendant is unprepared for summary judgment. The FTC should not be prejudiced for Defendant's failure to prepare his case.

The FTC notes that, while the evidence submitted against Defendants in support of its summary judgment motion is substantial, this is largely a result of Defendant Doron Nottea and his co-Defendants' own failure to limit the scope of the case by admitting basic facts. Defendant has, from the start, claimed a limited role in the common enterprise that is wholly contradicted by the documentary evidence. Moreover, Defendant has feigned an inability to remember key facts, requiring numerous additional documents.

In support of Defendant's Application for Continuance, Defendant contends that he intends "to submit an expert declaration that the conduct about which the

---

[4] Doc. No. 223.

FTC complains was conduct within the normal bounds of a bookkeeper."[5] Not only would such testimony be of limited relevance, Defendant failed to designate any expert witnesses by the April 1 expert cutoff.[6] Nor did Defendant identify this witness in any initial disclosure. Accordingly, any such testimony would be improper. Moreover, if Defendants wished to consult with an expert, this expert could have been provided the pertinent documents many weeks ago—when the documents were provided to Defendants.

Lastly, Defendants claim that the FTC has acted in bad faith by not agreeing to a three-week continuance and that, as a result, Plaintiff's Motion for Summary Judgment should be stricken.[7] First, bad faith cannot be inferred from failing to agree to a three-week continuance that would significantly prejudice the FTC. The Local Rules provide the timeframe for Defendants' response, not the FTC. Moreover, the Defendant's need for a continuance arose from his own failure to review the provided discovery and interrogatories, not from any actions by the FTC. Second, Defendant has failed to cite any caselaw supporting striking a motion to for summary judgment under such circumstances—where a party wishes to avoid prejudice to its case at trial.

---

[5] Doc. No. 367-1.
[6] Doc. No. 344.
[7] *See* Doc. No. 367-2, at 13; Doc. No. 367, at 3.

RESPONSE TO EX PARTE APPLICATION FOR CONTINUANCE
Page | 4

Because Defendant has failed to show good cause, and because continuing the MSJ hearing would greatly prejudice the FTC, the FTC respectfully requests that the Court deny Defendant's *Ex Parte* Application to Strike Plaintiff Federal Trade Commission's Motion for Summary Judgment as to Doron Nottea, or in the Alternative, Continue the Hearing on Plaintiff Federal Trade Commission's Motion for Summary Judgment.[8]

Respectfully submitted,

Dated: 4/21/16

*/s/ Reid Tepfer*_____
REID A. TEPFER
LUIS H. GALLEGOS
Attorneys for the Plaintiff
Federal Trade Commission
1999 Bryan Street, Suite 2150
Dallas, Texas 75201
(214) 979-9395 (Tepfer)
(214) 979-9383 (Gallegos)
(214) 953-3079 (facsimile)
rtepfer@ftc.gov
lgallegos@ftc.gov

---

[8] Doc. No. 376.

## CERTIFICATE OF SERVICE

The undersigned certifies that on April 21, 2016, a true and correct copy of the foregoing document was electronically filed with the clerk of the U.S. District Court, Central District of California, using the electronic case filing system of the court. The attorneys listed below were served by pursuant to the ECF notice generated by the Court.

Erik S Syverson
Raines Feldman LLP
9720 Wilshire Boulevard Fifth Floor
Beverly Hills, CA 90212
esyverson@raineslaw.com
*Counsel for Oz Mizrahi*

Robert M. Ungar
Crosswind Law
14724 Ventura Blvd Penthouse
Sherman Oaks, CA 91403
rmu@crosswindlaw.com
*Counsel for Alon Nottea and
 Roi Rueveni*

Robert Esensten
Esensten Law
12100 Wilshire Blvd., Suite 1660
Los Angeles, CA 90025
resensten@esenstenlaw.com
*Counsel for Doron Nottea and
 Motti Nottea*

Robert Esensten
Esensten Law
12100 Wilshire Blvd., Suite 1660
Los Angeles, CA 90025
resensten@esenstenlaw.com
*Counsel for Doron Nottea and
 Motti Nottea*

1

2 /S/ REID TEPFER
REID TEPFER

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

RESPONSE TO EX PARTE APPLICATION FOR CONTINUANCE
Page | 7