ROBERT L. ESENSTEN (SBN 65728)
resensten@esenstenlaw.com
RANDI R. GEFFNER (SBN 116574)
rgeffner@esenstenlaw.com
**ESENSTEN LAW**
12100 Wilshire Boulevard, Suite 1660
Los Angeles, California 90025
Telephone: (310) 273-3090
Facsimile: (310) 207-5969

Attorneys for Defendants DORON NOTTEA
and MOTTI NOTTEA

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Case No.: 2:15-CV-04527-GW (PLAx) |
| Plaintiff, | *Assigned to the Honorable George Wu, Courtroom 10* |
| v. | |
| BUNZAI MEDIA GROUP, INC., *et al.*, | **SUPPLEMENT TO DEFENDANT DORON NOTTEA'S *EX PARTE* APPLICATION TO STRIKE PLAINTIFF FEDERAL TRADE COMMISSION'S MOTION FOR SUMMARY JUDGMENT AS TO DORON NOTTEA, OR IN THE ALTERNATIVE, CONTINUE THE HEARING ON PLAINTIFF FEDERAL TRADE COMMISSION'S MOTION FOR SUMMARY JUDGMENT** |
| Defendants. | |

Enough is enough. The FTC has filed a voluminous, unsupported Motion for Summary Judgment ("MSJ") at the eleventh hour, encompassing thousands of pages of argument and exhibits to which Defendants must respond within only four calendar days, yet has failed to provide Defendants with all of the exhibits upon which it relies, has failed to comply with the procedural rules applicable to an MSJ, and has failed to provide any admissible evidence in support thereof, as required by *Federal Rules of Civil Procedure* 56. The Court can and should put an end to this

gamesmanship.

On April 20, 2016, Defendant Doron Nottea ("Doron") made application to this Court, *ex parte*, for an order to strike Plaintiff Federal Trade Commission's ("FTC") Motion for Summary Judgment ("MSJ"), or, in the alternative, to continue the May 16, 2016 hearing date on the MSJ until June 6, 2016 to allow Defendants sufficient time to oppose the FTC's MSJ.  This supplement to the application is made on the grounds that **the MSJ should be stricken in its entirety as the FTC has not provided <u>any</u> admissible evidence in support of the MSJ,** as set forth below, further evidencing the gamesmanship behind the MSJ[1].

### A. The Exhibits Have Not Been Authenticated by the FTC and are Inadmissible.

On April 21, 2016 as Defendants endeavored to examine and evaluate the more than 2,400 pages of exhibits accompanying the MSJ[2], it was discovered that the FTC has provided no foundation or authentication for the 949 exhibits upon which it relies in support of the MSJ.  There is no declaration of any custodian of records, no authentication by anyone with personal knowledge as to the source and preparation of any of the exhibits submitted, and no foundation laid for the admission of any of the proffered exhibits.  Not a single foundational fact has been provided to enable the admission of any of the exhibits upon which the FTC bases its MSJ.

---

[1] Defendants Alon Nottea and Roi Reuveni join in the *ex parte*. See Declarations and Joinders of counsel for said co-defendants, attached hereto collectively as Exhibit "A".

[2] In addition, ten missing exhibits were not provided to Defendants with the MSJ, but were received by ECF on the morning of April 21, 2016, after Defendants advised the FTC and the Court that the exhibits were missing.  The exhibits upon which the FTC relies were provided three days <u>beyond</u> the MSJ filing deadline and only two business days before the opposition to the MSJ is due.  Defendants has no way of knowing at this point in time if additional exhibits are also missing.  The FTC cannot base its MSJ on documents that are not provided to Defendants.

*Federal Rules of Evidence* 901 requires that evidence be authenticated by the proponent thereof:

> "To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is."

The FTC has failed to authenticate the exhibits upon which it relies.

The FTC has only provided three declarations of forensic analysts who purportedly copied unidentified images from computers to which the Receiver provided access. (Docket Nos. 369-1, pages 43 through 48, Exhibits 951, 952 and 953, filed late on April 21, 2016, three days after the filing of the MSJ.) These declarations (which are virtually identical in format) do not authenticate any of the proffered exhibits. In fact, the declarations do not make reference to a single exhibit by number or identify any exhibit or document by name or contents thereof. The declarations only state that the declarant made images of certain digital media at certain locations.

No evidence or foundational facts have been presented from which the Court could make a determination that any exhibit is what the FTC claims it is. No evidence has been presented at all as to any exhibit. The FTC has only provided evidence by declarations that three purported forensic analysts copied some unidentified materials from certain computers at two locations. There is no correlation between the declarations and the exhibits upon which the FTC places its reliance. Not an iota of evidence has been presented to sustain a finding that any exhibit is what the FTC claims it to be. As such, the exhibits are inadmissible due to lack of foundation. Principles governing admissibility of evidence do not change on motion for summary judgment. *Wurtzel v. Starbucks Coffee Co.* (EDNY 2003) 257 F. Supp. 2d 520.

///

The FTC bears the burden of showing that there is no dispute as to any

material fact. *Federal Rules of Civil Procedure* 56(a). Summary judgment may not be granted if the FTC has not met its burden. *Lee v. City of Syracuse* (NDNY 2009) 603 F. Supp. 2d 417. Defendants may object that any fact upon which the FTC relies is not supported by admissible evidence. *Federal Rules of Civil Procedure* 56(c).

In that the exhibits are wholly inadmissible due to lack of foundation and authentication, there is no admissible evidence supporting any purported fact upon which the FTC relies in support of its MSJ[3]. As such, the MSJ cannot be granted. Given that the granting of the MSJ is an impossibility, the Court may and should summarily deny the MSJ[4], as requested in the *ex parte* Application submitted on April 20, 2016.

**B.     The Exhibits are Hearsay and are Inadmissible.**

Pursuant to *Federal Rules of Evidence* 801(c), hearsay is a statement made not while testifying at a hearing, that is offered in evidence to prove the truth of the matter asserted. Hearsay evidence is not admissible. *Federal Rules of Evidence* 802.

The 949 exhibits upon which the FTC bases the MSJ are hearsay. Each documents is an unauthenticated out of court statement that is offered for the truth of the matter(s) asserted therein. This is readily apparent from the entirety of the Statement of Uncontroverted Facts & Conclusions of Law ("Statement") filed by the FTC (Docket No. 353), in which the FTC provides hundreds of purported facts and

---

[3] In the event the *ex parte* Application is denied, Doron will address the lack of foundation/authentication objection to each individual proffered exhibit separately in his opposition to the MSJ.

[4] Ruling on objections as to evidence are preferably made before the hearing, and should be ruled on before ruling on the motion itself. *Rutter Group Practice Guide: Federal Civil Procedure Before Trial* (National Edition, 2016 supplement), Ch. 14-G. G

bases each on the contents of unauthenticated and inadmissible documentary exhibits[5].

As set forth hereinabove, the FTC bases its entire MSJ on inadmissible hearsay evidence. As such, the Court can and should summarily deny the MSJ.

### C. The FTC Has Failed to Comply with the Local Rules Governing the MSJ.

#### 1. The FTC Has Failed to Submit a Proposed Judgment or Order.

Pursuant to *Local Rule* 56-1, the moving party on an MSJ must lodge a proposed Judgment, and the moving party seeking a partial summary judgment must lodge a proposed Order. The docket reflects that the FTC has failed to follow these procedural requirements.

In that the FTC has failed to lodge a proposed Order or Judgment, Defendants are prejudiced as it is not possible to determine exactly what relief the FTC seeks by way of the MSJ. This is fundamentally inequitable to Defendants, in an MSJ that is replete with inequities.

#### 2. The FTC Has Failed to Submit a Proper Statement of Uncontroverted Facts and Conclusions of Law.

Pursuant to *Local Rule* 56-1, the moving party on an MSJ must lodge a Statement of Uncontroverted Facts and Conclusions of Law ("Statement"), setting forth the material facts as to which the moving party contend there is no genuine issue or dispute. The Statement submitted by the FTC does not meet the requirements set forth.

///

The Statement sets forth full paragraphs of purportedly uncontroverted facts,

---

[5] In the event the *ex parte* Application is denied, Doron will address the hearsay objection to each individual proffered exhibit separately in his opposition to the MSJ.

with citations to multiple (inadmissible) exhibits following each paragraph. (See, e.g., Paragraphs 34b, 34f, 34g, 34i, and others.) Doron is required by *Local Rule 56-2* to submit a Statement of Genuine Disputes in response to the Statement submitted by the FTC. However, the overbroad and nonspecific manner in which the FTC inappropriately prepared its Statement makes it virtually impossible for Doron to respond in a thorough and effective manner.

Again, Defendants are prejudiced by the gamesmanship of the FTC, as it is not possible to determine exactly what facts and evidence upon which it relies by way of the MSJ. This is fundamentally inequitable to Defendants.

### D. Conclusion.

Accordingly, for the reasons set forth in the *ex parte* Application filed April 20, 2016, the supplemental Declaration of Randi R. Geffner filed April 20, 2016, and the within arguments, Defendants respectfully request that this Court grant this *Ex Parte* Application and either strike the FTC's MSJ or, in the alternative, continue the May 16, 2016 hearing date until June 6, 2016 to provide Doron adequate time to oppose the FTC's MSJ.

Dated: April 22, 2016

**ESENSTEN LAW**
ROBERT L. ESENSTEN
RANDI R. GEFFNER

By: */s/ Robert L. Esensten*
Robert L. Esensten
Attorneys for Defendants DORON NOTTEA and MOTTI NOTTEA

# EXHIBIT "A"

ROBERT M. UNGAR (State Bar No. 102007)
rmu@ungarlaw.com
14724 Ventura Blvd., PH
Sherman Oaks, CA 91403
Telephone: (310) 405-1884

BEN PETTIT (State Bar No. 135941)
ben@benpettit.com
20 E. Pueblo Street
Santa Barbara, CA 93105
Telephone (805) 896-5113

**Attorneys for Defendants:** Alon Nottea and Roi Reuveni

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>BUNZAI MEDIA GROUP, INC., et al.,<br><br>Defendants. | CASE NO. 2:15-CV-4527-GW (PLAx)<br><br>[*Assigned to the Honorable George H. Wu, Courtroom 10*]<br><br>**DEFENDANTS ROI REUVENI AND ALON NOTTEA'S JOINDER IN EX PARTE APPLICATIONS TO STRIKE PLAINTIFF'S MSJ, OR ALTERNATIVELY, TO CONTINUE THE MSJ HEARING AND EXTEND THE TIME TO FILE AND SERVE OPPOSITION THERETO. [DOC # 353, 364, 367, 368, 369]** |

Defendants Alon Nottea ("Alon") and Roi Reuveni ("Reuveni") join in the *ex parte* Applications of Defendant Doron Nottea to strike the Plaintiff's Motion for Summary Judgment ("MSJ"); or alternatively, to continue the MSJ hearing and

1

1 | extend the time to file and serve opposition thereto, and the subsequently filed
2 | Supplements thereto.
3 | DATED: April 21, 2016

/s/ *Robert M. Ungar*
ROBERT M. UNGAR
Attorney for Defendants
Alon Nottea and Roi Reuveni

2

# CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2016, I electronically filed the foregoing document entitled **SUPPLEMENT TO DEFENDANT DORON NOTTEA'S *EX PARTE* APPLICATION TO STRIKE PLAINTIFF FEDERAL TRADE COMMISSION'S MOTION FOR SUMMARY JUDGMENT AS TO DORON NOTTEA, OR IN THE ALTERNATIVE, CONTINUE THE HEARING ON PLAINTIFF FEDERAL TRADE COMMISSION'S MOTION FOR SUMMARY JUDGMENT** with the Clerk of the Court by using the CM/ECF System.

　　　　　　　　　　　　　　　　　　*/s/ Robert L. Esensten*
　　　　　　　　　　　　　　　　　　Robert L. Esensten