DAVID C. SHONKA
Acting General Counsel

DAMA J. BROWN
Regional Director

REID TEPFER
rtepfer@ftc.gov
Texas Bar No. 24079444
LUIS GALLEGOS
lgallegos@ftc.gov
Oklahoma Bar No. 19098
Federal Trade Commission
1999 Bryan Street, Suite 2150
Dallas, Texas 75206
(214) 979-9395 (Tepfer)
(214) 979-9383 (Gallegos)
(214) 953-3079 (fax)

RAYMOND McKOWN
rmckown@ftc.gov
California Bar No. 150975
10877 Wilshire Boulevard, Suite 700
Los Angeles, California 90024
(310) 824-4325 (voice)
(310) 824-4380 (fax)

Attorneys for Plaintiff Federal Trade Commission

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,**<br><br>**Plaintiff,**<br><br>v.<br><br>**BUNZAI MEDIA GROUP, INC.,** *et al.*<br><br>**Defendants.** | **Case No. CV 15-4527-GW(PLAx)**<br><br>**DECLARATION OF REID TEPFER IN OPPOSITION TO DEFENDANT DORON NOTTEA'S** *EX PARTE* **APPLICATION TO STRIKE PLAINTIFF FEDERAL TRADE COMMISSION'S MOTION FOR SUMMARY JUDGMENT AS TO DORON NOTTEA, OR IN THE ALTERNATIVE, CONTINUE** |

**THE HEARING ON PLAINTIFF FEDERAL TRADE COMMISSION'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to 28 U.S.C. § 1746, I, Reid Tepfer, declare that:

1.  I am over the age of 21 years and am competent to make this Declaration. I have personal knowledge of the facts stated in this declaration, and if subpoenaed, I would testify to the same.

2.  On April 18, Plaintiff filed its Motion for Summary Judgment in which Plaintiff outlined the respective role of the numerous Individual and Corporate Defendants involved in the AuraVie common enterprise scheme.

3.  In support of its MSJ, the FTC filed over 250 exhibits. The large number of exhibits was necessitated by Defendants' refusal to admit basic facts. Like the Receiver's investigation, the FTC's discovery was "hampered and compounded by lies, half-truths, omissions, and difficulties in obtaining information." Dkt. 120, at 8.

4.  To prepare these many exhibits, the FTC instituted a manual, page-by-page redaction review process with two full reviews of all documents to prevent the disclosure of personal identifying information. Regrettably, the FTC

omitted several exhibits[1] in its filing through inadvertence and failed to redact a portion of a document. The omitted documents were subsequently filed with the Court through ECF. The FTC notes that most, if not all, of the exhibits cited in its MSJ have been previously identified and provided to defense counsel in discovery. Counsel apologizes for the inconvenience these errors caused defense counsel or the Court.

5. Defendant Doron Nottea has contested the admissibility of evidence provided in support of the FTC's MSJ. The FTC's exhibits fall into four broad categories: (1) Defendants' business records obtained at the Court-ordered immediate access of Defendants' business premises; (2) deposition transcripts; (3) third party civil investigative demand records; (4) materials provided by Defendants.

6. Defendants' documents are admissible as business records of the Defendants. The FTC has submitted declarations from an FTC investigator and forensic examiners concerning the documents the FTC obtained from Defendants' business premises. Moreover, the FTC possesses additional declarations from the Receiver and a forensic examiner concerning documents provided by the Receiver, which can be provided upon the Court's request. The deposition

---

[1] The FTC notes that two of the exhibits Defendant claims Plaintiff failed to provide were never cited or relied upon in the FTC's Statement of Uncontroverted Facts. Dkt. #353-2.

transcripts are admissible and supported by the witnesses' signatures and those of the court reporter. The records obtained by civil investigative demand are admissible as business records and Plaintiff possesses supporting 902(11) declarations that can be provided upon the Court's request. Material provided by Defendants includes interrogatory responses, admissions, and production responses that have been verified by Defendants.

7. The Ninth Circuit has held that "[a]t the summary-judgment stage, we do not focus on the admissibility of the evidence's form. We instead focus on the admissibility of its contents." *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003). Accordingly, while the law is clear that only admissible evidence may be considered on summary judgment, this does not mean that the material must be presented in a form that would be admissible at trial. All of the evidence submitted by the FTC in support of its summary judgment motion will be admissible at trial and is properly before the Court.

8. FED. R. CIV. P. 56(e)(1) provides that the Court may "give an opportunity to properly support or address the fact." Upon the Court's request, the FTC will submit proof that the evidence will be admissible at trial.

9. The Defendants have requested an extra three weeks to respond to Plaintiff's MSJ. The FTC contends that such an extension is too lengthy and would prejudice Plaintiff's case. Nevertheless, after the filing of Defendant Doron

DECLARATION OF REID TEPFER
Page | 4

Nottea's *Ex Parte* Application, Counsel emailed Defense Counsel offering to stipulate to a three-week extension to resolve this issue. The FTC received no response to this offer.

10. Plaintiff is likewise in the process of drafting oppositions to two MSJs from five different parties (Dkt. #354 and #360), as well as an opposition to Defendant's motion requesting the release of assets. (Dkt. #350). Accordingly, the FTC respectfully requests that any continuance of deadlines apply to all parties.

I declare, under penalty of perjury, that the foregoing statement is true and correct.

Executed on April 22, 2016, at Dallas, Texas.

                                              __/s/ Reid Tepfer_____
                                                     **Reid Tepfer**

## CERTIFICATE OF SERVICE

The undersigned certifies that on April 22, 2016, a true and correct copy of the foregoing document was electronically emailed to the attorneys listed below.

Erik S Syverson
Raines Feldman LLP
9720 Wilshire Boulevard Fifth Floor
Beverly Hills, CA 90212
esyverson@raineslaw.com
*Counsel for Oz Mizrahi*

Robert M. Ungar
Crosswind Law
14724 Ventura Blvd Penthouse
Sherman Oaks, CA 91403
rmu@crosswindlaw.com
*Counsel for Alon Nottea and*
*Roi Reuveni*

Jeffrey S. Benice
Law Offices of Jeffrey S. Benice
3080 Bristol Street
Sixth Floor, Suite 630
Costa Mesa, California 92626
E-Mail: JSB@JeffreyBenice.com
*Counsel for Igor Latsanovski and*
*CalEnergy, Inc.*

Robert Esensten
Esensten Law
12100 Wilshire Blvd., Suite 1660
Los Angeles, CA 90025
resensten@esenstenlaw.com
*Counsel for Doron Nottea and*
*Motti Nottea*

1  Sagar Parikh
2  Beverly Hills Law Corp.
   433 N. Camden Dr., 6th Floor
3  Beverly Hills, CA 90210
   *Counsel for Chargeback Armor, Inc.,*
4  *Secured Merchants LLC, and Alan Argaman*

5                                        /S/ REID TEPFER
                                               REID TEPFER

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

DECLARATION OF REID TEPFER
Page | 7