UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-4527-GW(PLAx) | Date | April 22, 2016 |
|---|---|---|---|
| Title | *Federal Trade Commission v. Bunzai Media Group, Inc., et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Javier Gonzalez | None Present | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS:   (IN CHAMBERS): COURT ORDER**

On October 1, 2015, the following dates were set in this action: (1) motion hearing cutoff – May 9, 2016; (2) Pretrial Conference – June 9, 2016; and (3) Jury Trial – June 21, 2016.  *See* Docket No. 223.  Pursuant to the stipulation of the parties (including Defendant Doron Nottea ("Doron")), the motion hearing cut-off date was continued to May 16, 2016.  *See* Docket Nos. 347, 349.  On April 18, 2016, the motions for summary judgment with a hearing date of May 16, 2016, were filed by: (1) Defendants Igor Latsanovski and Calenergy, Inc. – *see* Docket No. 352, (2) Plaintiff Federal Trade Commission ("FTC")[1] – *see* Docket No. 353, and (3) Defendants Alan Argaman, Secured Merchants, LLC and Chargeback Armor, Inc. – *see* Docket No. 354.

On April 20, 2016, Defendant Doron filed an ex parte application seeking to continue the May 16 hearing date to June 6 arguing that: (1) it would be impossible for him to respond to the FTC's 50-page memorandum of points and authorities (with its concomitant 135-page separate statement and 949 exhibits totaling over 2,300 pages) by April 25; and (2) that "the Jewish holiday of Passover [which] begins on Friday, April 22, effectively leav[es] Doron's counsel and Doron's expert, all of whom are

---

[1] Plaintiff FTC's summary judgment motion is as to Defendants Alon Nottea, Doron Nottea, Igor Latsanovski, Roi Reuveni, Alan Argaman, Secured Merchants LLC, CalEnergy, Inc, and Relief Defendant Chargeback Armor, Inc.  *See* Docket No. 353.

| | : |
|---|---|
| Initials of Preparer | JG |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-4527-GW(PLAx) | Date | April 22, 2016 |
|---|---|---|---|
| Title | *Federal Trade Commission v. Bunzai Media Group, Inc., et al.* | | |

Jewish, a mere three days to prepare the opposition to the MSJ."[2]  *See* Docket No. 367 at page 3 of 4. Defendants Igor Latsanovski and Calenergy, Inc. have joined in Doron's application. *See* Docket No. 384.  The FTC has opposed the application noting that: (1) Doron has known of the applicable dates for months; (2) the FTC had provided to Defendants in mid-March the evidence on which it based its motion; (3) much of the length of the FTC's papers arises from Doron's (and other defendants') failure to admit basic facts as to which there really should not be any dispute; and (4) Doron's apparent expert has not been previously disclosed and hence that expert's declarations should be stricken.  *See* Docket No. 370.  Doron has filed a nonsensical "Supplemental" brief contending that the FTC's voluminous summary judgment motion is made at the "eleventh hour"[3] and has failed to provide "any admissible evidence" in support of that motion.[4]  *See* Docket No. 377.

---

[2]  Doron also makes the rather bizarre and totally unfounded contention that: "If this was a deliberate ploy of bad faith litigation tactics on the part of the FTC to prejudice Doron's ability to effectively respond to the MSJ, the Court should strike the MSJ."  *See* Docket No. 367 at page 3 of 4.  First, as to the number of pages of the FTC's memorandum of points and authorities plus its accompanying statement of uncontroverted facts and exhibits, the Court would note that: (1) the FTC's summary judgment motion covers not only Doron but `also eight other` defendants involved in an alleged complicated and lengthy fraudulent enterprise; and (2) prior to filing its summary judgment motion, the FTC applied for (and received) this Court's permission to file its memorandum in excess of the 25 page limitation.  As to the timing of the motion and hearing date, the Court notes that it set the original May 9th date and the parties (including Doron) stipulated to continuing the hearing date to May 16.  Thus, the accusation that the FTC engaged in some improper ploy as to the length of its papers or the May 16th hearing date is absolutely baseless.

[3]  It is unclear how Doron can characterize the FTC's motion as being made in the "eleventh hour" when the Court initially in October 2015 authorized the motion to be heard in May of 2016 *and* Doron stipulated to the hearing date of May 16th.

[4]  For Doron to claim in good faith that the FTC has failed to provide "any admissible evidence" in support of its motion, presumably Doron would have to have – at a minimum – reviewed all of the evidence which was submitted by the FTC.  Thus, that contention would contradict his argument that he does not have enough time to review the FTC's submitted evidence.  Further, for the Court to agree with Doron that the FTC's motion does fail to contain any admissible evidence, it would have to in effect review that motion in its entirety and without the assistance of any papers from the Defendants.  That, the Court cannot and will not do at this point.

| | : |
|---|---|
| Initials of Preparer | JG |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-4527-GW(PLAx) | Date | April 22, 2016 |
|---|---|---|---|
| Title | *Federal Trade Commission v. Bunzai Media Group, Inc., et al.* | | |

    This Court would find that Doron's application is basically meritless except as to one point. The Court recognizes that Passover this year begins sundown on April 22. Thereafter, there are days which are "full-fledged no-work-allowed days" and others when work is permitted. Therefore, the Court will set the following dates:
    (1) any opposition to any of the current summary judgment motions must be filed by noon on May 2;
    (2) any reply must be filed by 3:00 p.m. on May 13;
    (3) the hearing on the motions for summary judgment [350][352][353][354] will be heard on May 23, 2016 at 8:30 a.m.; and
    (4) on May 23, the Court will discuss with the parties the last day for filing motions in limine. The currently set pre-trial conference and trial dates are not changed.

:

Initials of Preparer    JG