

July 13, 2015


Ernestina Garcia
Federal Trade Commission
1999 Bryan Street, Suite 2150
Dallas, TX 75201
Via Secure Mail: egarcia@ftc.gov

Re. Federal Trade Commission v. Bunzai Media Group, Inc., et.al
Case No: CV 15-4527-GW(PLAx)
HSBC Case No: 3412512


Dear Ms. Garcia,

Enclosed please find the Certified Statement of HSBC Bank USA, N.A., pursuant to The Ex Parte Temporary Restraining Order with Asset Freeze, Appointment of Temporary Receiver and Other Equitable Relief, and Order To Show Cause, Why A Preliminary Injunction Should Not Issue, granted by the Honorable George H. WU. U.S.D.J. on the 16th day of June, 2015, and filed under Seal.   Further, please find the requested documents records for the located assets with HSBC.


Although HSBC Bank USA, N.A. has used its best efforts to search for any account through its computerized records in order to answer the questions, you should be aware that not every account relationship is maintained in the computer system.


Should you have any questions regarding this matter, please contact our office at 716-841-4469.


Sincerely,

Nicole A Annunziata

Nicole A. Annunziata
Legal Paper Regulatory Specialist
Legal Processing Department
2929 Walden Avenue, C-84
Depew, NY 14043

**HSBC Bank USA, National Association**
P.O. Box 1145, Buffalo, NY 14240


**Attachment D**
**Page  1 of 12**



July 13, 2015


Ernestina Garcia
Federal Trade Commission
1999 Bryan Street, Suite 2150
Dallas, TX 75201
Via Secure and Overnight Mail: egarcia@ftc.gov

Re. Federal Trade Commission v. Bunzai Media Group, Inc., et.al
Case No: CV 15-4527-GW(PLAx)
HSBC Case No: 3412512


Dear Ms. Garcia,

Enclosed please find the Certified Statement of HSBC Bank USA, N.A., pursuant to The Ex Parte Temporary Restraining Order with Asset Freeze, Appointment of Temporary Receiver and Other Equitable Relief, and Order To Show Cause, Why A Preliminary Injunction Should Not Issue, granted by the Honorable George H. WU. U.S.D.J. on the 16th day of June, 2015, and filed under Seal.


Although HSBC Bank USA, N.A. has used its best efforts to search for any account through its computerized records in order to answer the questions, you should be aware that not every account relationship is maintained in the computer system.

Should you have any questions regarding this matter, please contact our office at 716-841-4469.


Sincerely,

Nicole A. Annunziata
Legal Paper Regulatory Specialist
Legal Processing Department
2929 Walden Avenue, C-84
Depew, NY 14043
**HSBC Bank USA, National Association**
P.O. Box 1145, Buffalo, NY 14240

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

---

FEDERAL TRADE COMMISSION

     Plaintiff,

       v.

BUNZAI MEDIA GROUP, INC., a California corporation
Also doing business as AuraVie and Miracle Face Kit;

PINNACLE LOGISTICS, INC., a
California corporation

DSA HOLDINGS, INC., a
California corporation;

LIFESTYLE MEDIA BRANDS INC.,
a California corporation;

AGOA HOLDINGS INC., a
California  corporation;

ZEN MOBILE MEIDA, INC., a
California corporation;

SAFEHAVEN VENTURES, INC., a
California corporation;

HERITAGE ALLIANCE GROUP, INC., a
California corporation, also doing business as
AuraVie Distribution;

AMD FINANCIAL NETWORK, INC., a
California Corporation,

SBM MANAGEMENT INC., a
California Corporation,

MEDIA URGE, INC.,  a California corporations;

ADAGEO, LLC, a California corporation;

**Case No:  CV-15-4527-GW (PLAx)**

**Certified Statement**

1

CALENERGY, INC, a Calfornia corporation;

KAI MEDIA, INC., a California corporation;

INSIGHT MEDIA INC., a California corporation;

ALON NOTTEA, individually and as an officer
or manager of BunZai Media Group, Inc.,
and Pinnacle Logistics Inc.,

MOTTI NOTTEA, individually and as an officer
or manager of BunZai Media Group, Inc.;

DORAN NOTTEA, individually and as an officer or
Manager of BunZai Media Group, Inc., and
Pinnacle Logistics, Inc.;

IGOR LATSANOVSKI, individually and as an
Officer or manager of BanZai Media Group, Inc.,
Pinnacle Logistics, Inc., and Zen Mobile Media,
Inc.;

OZMIZRAHI, individually and as an officer or manager
of BunZai Media Group Inc., and Pinnacle Logistics,
Inc.;

ROI REUVENI, individually and as an officer or manager
of Bunzai Media Group, Inc., and Pinnacle Logistics,
Inc.;

and

KHRISTOPHER BOND, also known as ray Ibbot,
Individually and as an officer or manager of
BunZai Media Group Inc.

---

2

STATE OF:   NEW YORK )
COUNTY OF: ERIE      )
CITY OF:    DEPEW    )

        Nicole A. Annunziata a Legal Paper Regulatory Specialist of HSBC BANK USA, N.A., being duly sworn deposes and says;

1.     Pursuant To The Ex Parte Temporary Restraining Order With Asset Freeze, Appointment Of Temporary Receiver And Other Equitable Relief, And Order To Show Cause Why A Preliminary Injunction Should Not Issue, granted by the Honorable George H. WU, U.S.D.J. on the 16th day of June, 2015, and filed under Seal, I have conducted and/or caused to be conducted a thorough search of the records maintained by HSBC Bank USA, N.A, in the actual course of business of this institution, and that said records were made contemporaneously with the transactions stated therein, or within a reasonable time after the said transaction.

2.     That as to the Corporate Defendant, BUNZAI MEDIA GROUP, INC., a California corporation, also doing business as AuraVie and Miracle Face Kit, HSBC Bank USA, N.A., has conducted a diligent search of its records, and has not located any assets for the use or benefit of, under the control of, or subject to access by, the named defendant or for the benefit or use of any of the named Defendant(s) in this action.

3.     That as to the Corporate Defendant, PINNACLE LOGISTICS, INC., a California corporation, HSBC Bank USA, N.A., has conducted a diligent search of its records, and has not located any assets for the use or benefit of, under the control of, or subject to access by, the named defendant or for the benefit or use of any of the named Defendant(s) in this action.

3

4.     That as to the Corporate Defendant DSA HOLDINGS, INC.,  a California corporation,
HSBC Bank USA, N.A., has conducted a diligent search of its records, and has not located any
assets for the use or benefit of, under the control of, or subject to access by, the named defendant
or for the benefit or use of any of the named Defendant(s) in this action.


5.     That as to the Corporate Defendant LIFESTYLE MEDIA BRANDS INC., a California
corporation, HSBC Bank USA, N.A., has conducted a diligent search of its records, and has not
located any assets for the use or benefit of, under the control of, or subject to access by, the
named defendant or for the benefit or use of any of the named Defendant(s) in this action.


6.     That as to the Corporate Defendant AGOA HOLDINGS, INC.,  a California corporation,
HSBC Bank USA, N.A., has conducted a diligent search of its records, and has not located any
assets for the use or benefit of, under the control of, or subject to access by, the named defendant
or for the benefit or use of any of the named Defendant(s) in this action.


7.     That as to the Corporate Defendant ZEN MOBILE MEDIA, INC.,  a California
corporation, HSBC Bank USA, N.A., has conducted a diligent search of its records, and has not
located any assets for the use or benefit of, under the control of, or subject to access by, the
named defendant or for the benefit or use of any of the named Defendant(s) in this action.


8.     That as to the Corporate Defendant SAFEHAVEN VENTURES, INC.,  a California
corporation, HSBC Bank USA, N.A., has conducted a diligent search of its records, and has not
located any assets for the use or benefit of, under the control of, or subject to access by, the
named defendant or for the benefit or use of any of the named Defendant(s) in this action.

4

9.      That as to the Corporate Defendant HERITAGE ALLIANCE GROUP, INC., a California corporation, also doing business as AuraVie Distribution, HSBC Bank USA, N.A., has conducted a diligent search of its records, and has not located any assets for the use or benefit of, under the control of, or subject to access by, the named defendant or for the benefit or use of any of the named Defendant(s) in this action.

10.     That as to the Corporate Defendant AMD FINANCIAL NETWORK INC., a California corporation, HSBC Bank USA, N.A., has conducted a diligent search of its records, and has not located any assets for the use or benefit of, under the control of, or subject to access by, the named defendant or for the benefit or use of any of the named Defendant(s) in this action.

11.     That as to the Corporate Defendant SBM MANAGEMENT, INC., a California corporation, HSBC Bank USA, N.A., has conducted a diligent search of its records, and has not located any assets for the use or benefit of, under the control of, or subject to access by, the named defendant or for the benefit or use of any of the named Defendant(s) in this action.

12.     That as to the Corporate Defendant MEDIA URGE, INC., a California corporation, HSBC Bank USA, N.A., has conducted a diligent search of its records, and has not located any assets for the use or benefit of, under the control of, or subject to access by, the named defendant or for the benefit or use of any of the named Defendant(s) in this action.

13.     That as to the Corporate Defendant ADAGEO, LLC., a California Limited Liability

Corporation, HSBC Bank USA, N.A., has conducted a diligent search of its records, and has not

located any assets for the use or benefit of, under the control of, or subject to access by, the

named defendant or for the benefit or use of any of the named Defendant(s) in this action.


14.     That as to the Corporate Defendant CALENERGY , INC., a California corporation,

HSBC Bank USA, N.A., has conducted a diligent search of its records, and has not located any

assets for the use or benefit of, under the control of, or subject to access by, the named defendant

or for the benefit or use of any of the named Defendant(s) in this action.


15.     That as to the Corporate Defendant KAI MEDIA, INC., a California corporation, HSBC

Bank USA, N.A., has conducted a diligent search of its records, and has not located any assets

for the use or benefit of, under the control of, or subject to access by, the named defendant or for

the benefit or use of any of the named Defendant(s) in this action.


16.     That as to the Corporate Defendant INSIGHT MEDIA, INC., a California corporation,

HSBC Bank USA, N.A., has conducted a diligent search of its records, and has not located any

assets for the use or benefit of, under the control of, or subject to access by, the named defendant

or for the benefit or use of any of the named Defendant(s) in this action.


17.     That as to the Individual Defendant ALON NOTTEA, individually and as an officer or

manager of BunZai Media Group, Inc., and Pinnacle Logistics, Inc., HSBC Bank USA, N.A., has

conducted a diligent search of its records, and has not located any assets for the use or benefit of,

under the control of, or subject to access by, the named defendant or for the benefit or use of any
of the named Defendant(s) in this action.

18.     That as to the Individual Defendant MOTTI NOTTEA, individually and as an officer or
manager of BunZai Media Group, Inc., and Pinnacle Logistics, Inc., HSBC Bank USA, N.A., has
conducted a diligent search of its records, and has located the following assets that are for the use
or benefit of, under the control of, or subject to access by, the named defendant.

HSBC has located Checking Account Number          held in the name of Motti Nottea and
Rachel Nottea. Said account was restrained upon HSBC receipt of the aforementioned Order,
and HSBC is currently retraining the amount $9,843.13.

HSBC has located Credit Card Account Number          held in the name of Motti M
Nottea and Rachel Nottea. The use of the account was restrained upon HSBC receipt of the
aforementioned Order, the balance of this card has a credit of $46.86.

19.     That as to the Individual Defendant DORON NOTTEA, individually and as an officer or
manager of BunZai Media Group, Inc., and Pinnacle Logistics, Inc., HSBC Bank USA, N.A., has
conducted a diligent search of its records, and has located the following assets that are for the use
or benefit of, under the control of, or subject to access by, the named defendant.

HSBC has located Checking Account Number     4099, held in the name of Doron Nottea and
Rachel Nottea. Said account was restrained upon HSBC receipt of the aforementioned Order,
and HSBC is currently retraining the amount $27,950.04.

7

HSBC has located Savings Account Number ███ 35855, held in the name of Doron Nottea and Rachel Nottea. Said account was restrained upon HSBC receipt of the aforementioned Order, and HSBC is currently retraining the amount $177,977.39.

HSBC has located Credit Card Account Number ███ 7129, held in the name of Doron Nottea and Pierre Teboul. The use of the account was restrained upon HSBC receipt of the aforementioned Order, the balance of this card has a credit of $0.00.

HSBC has located a secured interest in real property located at ███████ Los Angeles, CA 91356 under Mortgage Account Number ███ 5465, held in the name of Doron Nottea. HSBC has restrained the property from transfer, and/or sale. An principal amount is due under the note and mortgage in the amount of $999,000.00 plus other amounts that may be advanced by HSBC.

20.    That as to the Individual Defendant IGOR LATSANOVSKI, individually and as an officer or manager of BunZai Media Group, Inc., Pinnacle Logistics, Inc., and Zen Mobile Media, Inc., HSBC Bank USA, N.A., has conducted a diligent search of its records, and has not located any assets for the use or benefit of, under the control of, or subject to access by, the named defendant or for the benefit or use of any of the named Defendant(s) in this action.

21.    That as to the Individual Defendant OZ MIZRAHI, individually and as an officer or manager of BunZai Media Group, Inc., and Pinnacle Logistics, Inc., HSBC Bank USA, N.A., has conducted a diligent search of its records, and has not located any assets for the use or benefit of,

8

under the control of, or subject to access by, the named defendant or for the benefit or use of any of the named Defendant(s) in this action.

22.     That as to the Individual Defendant ROI REUVENI, individually and as an officer or manager of BunZai Media Group, Inc., and Pinnacle Logistics, Inc., HSBC Bank USA, N.A., has conducted a diligent search of its records, and has not located any assets for the use or benefit of, under the control of, or subject to access by, the named defendant or for the benefit or use of any of the named Defendant(s) in this action.

23.     That as to the Individual Defendant KHRISTOPHER BOND, ALSO KNOWN AS RAY IBBOT, individually and as an officer or manager of BunZai Media Group, Inc., HSBC Bank USA, N.A., has conducted a diligent search of its records, and has not located any assets for the use or benefit of, under the control of, or subject to access by, the named defendant or for the benefit or use of any of the named Defendant(s) in this action.

HSBC BANK USA, N.A.

Printed Name:   Nicole A. Annunziata
Title:          Legal Paper Regulatory Specialist

Sworn to before me this 13th day of July 2015.

Notary Public

DAWN L. SCULL
Notary Public, State of New York
Certified in Erie County
Commission Expires Nov. 9, 2018

9



**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning:** Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.