ROBERT L. ESENSTEN (Bar No. 65728)
  resensten@esenstenlaw.com
RANDI R. GEFFNER (Bar No. 116574)
  rgeffner@esenstenlaw.com
**ESENSTEN LAW**
12100 Wilshire Boulevard, Suite 1660
Los Angeles, California 90025
Telephone: (310) 273-3090
Facsimile: (310) 207-5969

Attorneys for Defendants DORON NOTTEA and MOTTI NOTTEA

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>BUNZAI MEDIA GROUP, INC., et al.,<br><br>Defendants. | CASE NO. 2:15-CV-04527-GW (PLAx)<br><br>**DEFENDANT DORON NOTTEA'S REQUEST FOR EVIDENTIARY RULINGS ON SPECIFIED OBJECTIONS**<br><br>**DATE:** May 23, 2016<br>**TIME:** 8:30 a.m.<br>**CTRM:** 10<br><br>Trial date: June 21, 2016 |

Defendant DORON NOTTEA ("Nottea") makes requests rulings on the following evidentiary objections to the exhibits submitted by Plaintiff FEDERAL TRADE COMMISSION ("FTC") in support of its Motion for Summary Judgment, or in the alternative, Partial Summary Adjudication:

**Objections as to all Proffered Exhibits:**

**A.     The Exhibits Have Not Been Properly Authenticated by the FTC and are Inadmissible.**

The FTC has provided no adequate foundation or authentication for the 949 exhibits upon which it relies in support of the MSJ. There is no competent

1

declaration of any custodian of records, no authentication by anyone with personal knowledge as to the source and preparation of any of the exhibits submitted, and no foundation laid for the admission of any of the proffered exhibits.

*Federal Rules of Evidence* 901 requires that evidence be authenticated by the proponent thereof:

> "To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is."

The FTC has failed to authenticate the exhibits upon which it relies. It has only provided three declarations of forensic analysts who purportedly copied unidentified images from computers to which the Receiver provided access. (Docket Nos. 369-1, pages 43 through 48, Exhibits 951, 952 and 953), and a belated declaration of an FTC investigator who attempts to provide a blanket authentication for hundreds of exhibits (Docket No. 383-1). These declarations (which are virtually identical in format) do not authenticate any of the proffered exhibits. The declarations only state that the declarant made images of digital media obtained from computers at certain locations.

No evidence or foundational facts have been presented from which the Court could make a determination that any exhibit is what the FTC claims it is. There is no correlation between the declarations and the exhibits upon which the FTC places its reliance. As such, the exhibits are inadmissible due to lack of foundation. Principles governing admissibility of evidence do not change on motion for summary judgment. *Wurtzel v. Starbucks Coffee Co.* (EDNY 2003) 257 F. Supp. 2d 520. "A document which lacks a proper foundation to authenticate it cannot be used to support a motion for summary judgment." Hal Roach Studios, Inc. v. Richard Feiner & Co. (9th Cir. 1989) 896 F.2d 1542, 1551.

In an effort to rectify this blatant evidentiary deficiency, the FTC belatedly submitted the declaration of Brent D. McPeek (Docket No. 383-1), by which it attempts to authenticate *en masse* the exhibits submitted in support of the MSJ[1]. However, this declaration does not suffice to authenticate the exhibits. Mr. McPeek declares only that he is an investigator with the FTC, that various technicians (not Mr. McPeek himself) made images from computers found at Defendants' premises, and that copies of some of the documents found on the premises are filed in conjunction with the MSJ. This is insufficient to authenticate the documents. Furthermore, the McPeek declaration references only 481 of the 949 exhibits offered by the FTC[2]. No mention is made of more than 450 exhibits that the FTC has made no attempt to authenticate.

What is not contained in Mr. McPeek's declaration is the facts as to who retrieved the images from the computers, what images were retrieved, the chain of custody of those images, how Mr. McPeek obtained those images or how he knows that the exhibits proffered by the FTC are those obtained by the technicians, or any other foundational facts which would enable the Court to make a finding that the exhibits that he attempts to authenticate are what the FTC says they are. No foundational facts can be found or inferred from the declarations provided by the FTC.

In fact, the declarations show a glaring lack of foundational facts and a tremendous gap in the chain of custody of the purported exhibits. Declarants Adrian Leon Mare (Ex. 951) and Taun Michael Yurek (Ex. 953) both state that they gave

---

[1] The McPeek declaration was submitted only <u>after</u> Defendants pointed out in their supplemental *ex parte* filing seeking to strike the MSJ that the FTC had not authenticated any of the exhibits submitted.

[2] McPeek lists groups of exhibits to which his declaration pertains, but does not specifically authenticate any exhibit.

hard drives[3] to Daniel Rappaport on June 20, 2015. However, Declarant Daniel Rappaport (Ex. 952) does not reference receiving any of the purported exhibits from either Mare or Yurek. Rappaport only states that he made digital images on June 18, 2015 and gave hard drives with unspecified content to Ajay Patel on June 22, 2015. There is no evidence from which it can be determined that the hard drives Rappaport claims to have given Patel were transmitted to McPeek. Nor is there any mention of the custody of the documents in the ten-month time lapse between when McPeek claims to have obtained documents and the filing of the MSJ.

Further, Rappaport does not mention the Mare and Yurek hard drives, nor what he did with them. There is no evidence from Rappaport or McPeek to establish that these hard drives were given to McPeek by Rappaport.

Simply put, McPeek's declaration does not remedy the basic authentication and foundational issues that preclude the admission of the exhibits proffered by the FTC. Huge breaks in the FTC's story exist pertaining to any materials copied from the computers on Defendants' premises. There is no evidence that these copied materials got from the technicians to McPeek.

Further**, the** FTC has failed to conform with the applicable procedural requirements for authentication. Proper foundation for authentication requires, among other things, that the document be "attached to an affidavit that meets the requirements of Rule 56[(c)] and the affiant must be a person through whom the exhibits could be admitted into evidence." Hal Roach Studios, Inc. v. Richard Feiner & Co. (9th Cir. 1989) 896 F.2d 1542, 1550-51. Here, none of the evidence the FTC relies upon in support of its MSJ is attached to a declaration or affidavit that purports to lay the proper foundation for each exhibit, as required by Rule

---

[3] It is also noteworthy that neither declarant identifies what materials were on the hard drives that were allegedly given to Mr. Rappaport. Neither declaration states that the images from the computers were on the hard drives.

56. Instead, the FTC affixed all of the "evidence" to the MSJ itself and did not even file a declaration or affidavit purporting to lay foundation for any exhibit or document. For this reason, all of the FTC's exhibits are inadmissible. See Hal Roach, 896 F.2d at 1550-51.

The McPeek Declaration is not a proper attempt at blanket authentication of 481 exhibits for several reasons. First, the FTC's exhibits remain unattached to an affidavit, as required by Rule 56(c) and Ninth Circuit authority. See Hal Roach, 896 F.2d at 1550-51 (document must be "attached to an affidavit that meets the requirements of Rule 56[(c)]"). Second, the McPeek Declaration was untimely, as it was submitted three (3) days after the deadline for the FTC to file its MSJ and supporting documents. See Claar v. Burlington N. R. Co., 29 F.3d 499, 504 (9th Cir. 1994) (parties are not permitted to file late affidavits in support of summary judgment without first invoking Rule 56(e) and providing an acceptable excuse as to why it failed to timely submit a declaration); W. Chance No. 2, Inc. v. KFC Corp., 957 F.2d 1538, 1544 (9th Cir. 1992) (district court properly refused to accept late filed affidavit in support of summary judgment).

Third, and most important, even if the FTC could rely upon a belated attempt at authentication, the McPeek Declaration does not provide the proper foundation for authentication, which requires "[t]estimony that an item is what it is claimed to be." FRE 901(b)(1). The McPeek Declaration provides no such evidence. Although McPeek states that the document was either "found on the business premises or retrieved from the forensic images of the computers" (it fails to specify which one for any particular document), this is not evidence of *what each document is*. Instead, the descriptions of each document are located in the FTC's Statement of Undisputed Facts ("SUF") where attorneys engage in conjecture and speculation as to what each document "appears" to be without any personal knowledge of the documents found or the investigation in which McPeek "assisted". Because McPeek does not attest to what each document is, the FTC

lacks any evidence to support its unilateral and bald interpretation of the documents. Without testimony or other evidence to support the FTC's descriptions of the documents, the documents are not properly authenticated and are inadmissible. Therasense, Inc. v. Becton, Dickinson & Co., 560 F. Supp. 2d 835, 855 (N.D. Cal. 2008) (declaration failed to authenticate video exhibits where it failed to describe "what the videos depict"). An attorney's conjectural description of the contents and descriptions of a document cannot serve as a foundational basis for authentication. Any contrary rule would eviscerate the authentication prerequisite to admissibility and allow an attorney without personal knowledge of the contents or means of acquiring the document can describe what it "appears" to be.

In addition to the glaring foundational and authentication issues as set forth hereinabove, the exhibits themselves belie the attempt of McPeek to rectify the clear inadmissibility thereof. Just one example of the 481 documents that McPeek attempts to authenticate is Exhibit No. 141, which purports to be an email chain regarding chargeback regulations. If McPeek's declaration is to be believed, this email chain came <u>directly</u> from the computers at Defendants' premises. However, what is readily apparent is that the identifying name at the top of the emails is Luis Gallegos, counsel for the FTC in this action. Exhibit 141 is <u>not</u> a true and correct copy of a document found on the business premises or retrieved from the forensic images, as is stated by McPeek in his declaration (McPeek declaration, ¶ 6). Exhibit 141 was clearly obtained directly from counsel Gallegos, not from Defendants' computers, a fact which is evident from the identifying header on the email. The declaration testimony of McPeek is not truthful with regard to Exhibit 141, putting his credibility at issue with regard to each document he attempts to authenticate[4].

---

[4] The same is true of Exhibit 149. This email, which FTC claims to have been obtained from the computers at Defendants' premises, also bears the header showing it actually (footnote continued)

### B. The Exhibits are Hearsay and are Inadmissible.

Pursuant to *Federal Rules of Evidence* 801(c), hearsay is a statement made not while testifying at a hearing, that is offered in evidence to prove the truth of the matter asserted. Hearsay evidence is not admissible. *Federal Rules of Evidence* 802.

The 949 exhibits upon which the FTC bases the MSJ are hearsay. Each documents is an unauthenticated (see above) out of court statement that is offered for the truth of the matter(s) asserted therein. This is readily apparent from the entirety of the Statement of Uncontroverted Facts & Conclusions of Law ("Statement") filed by the FTC (Docket No. 353), in which the FTC provides hundreds of purported facts and bases each on the contents of unauthenticated and inadmissible documentary exhibits.

**The Inadmissible Report of the Receiver**

The FTC places substantial reliance on Docket No. 120, which is the Report of the Receiver[5]. This Report is inadmissible hearsay and should be excluded by the Court. Wichansky v. Zowine, No. CV-13-01208-PHX-DGC, 2015 WL 8528396, at *10 (D. Ariz. Dec. 11, 2015) (receiver report is inadmissible hearsay and precludes summary judgment); F.T.C. v. Data Med. Capital, Inc., No. SACV 99-1266AHS(EEX), 2010 WL 1049977, at *28 (C.D. Cal. Jan. 15, 2010) (Stotler, J.) ("Receiver's Report is hearsay insofar as the Court is asked to make factual findings based on the various conclusions drawn by the Receiver…and [the] objections thereto are sustained").

///

---

came from Gallegos.

[5] With regard to Doron Nottea alone, Docket No. 120 is cited as supporting evidence as to ¶¶34(a), 34(d)(x), 34(g)(iv), 34(g)(v), 34(g)(vi), 34(g)(vii9) and 43(a).

There is simply no basis for admitting the Receiver's Report into evidence. In that it is inadmissible hearsay, the Report cannot be considered on the MSJ.

**Requested Evidentiary Rulings:**

With regard to the specific exhibits proffered by the FTC which purportedly establish its claims against Doron Nottea, evidentiary rulings are requested as follows:

| Exhibit No., Description and Reference to FTC's Statement | Objections | Ruling |
|---|---|---|
| Ex. 21: [DOC. 353-12, page 11, FTC's Statement of Uncontroverted Facts ("SUF") ¶ 34(h)(i) and (ii)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402)) | ____ Sustained<br><br>____ Overruled |
| Ex. 29: [DOC. 353-12, pages 12-13, SUF ¶ 34(i)(i)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402)) | ____ Sustained<br><br>____ Overruled |
| Ex. 32: [DOC. 353-12, page 14, SUF ¶ 34(h)(xii)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402)) | ____ Sustained<br><br>____ Overruled |
| Ex. 35: [DOC. 353-12, page 15, SUF ¶ 34(d)(i) and (ii)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402)) | ____ Sustained<br><br>____ Overruled |
| Ex. 38: [DOC. 353-12, page 16, SUF ¶ 34(e)(i)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402)) | ____ Sustained<br><br>____ Overruled |

| Exhibit No., Description and Reference to FTC's Statement | Objections | Ruling |
|---|---|---|
| Ex. 41: [DOC. 353-12, pages 17-18, SUF ¶ 34(d)(vii) and 34(i)(iii)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402)) | ____ Sustained<br><br>____ Overruled |
| Ex. 43: [DOC. 353-12, page 19, SUF ¶ 34(d)(i) and (iii) 34(i)(iii)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402)) | ____ Sustained<br><br>____ Overruled |
| Ex. 45: [DOC. 353-12, pages 20-37, SUF ¶ 34(h)(xii) and (xiv)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402)), Improper Lay Opinion (FRE 701) | ____ Sustained<br><br>____ Overruled |
| Ex. 46: [DOC. 353-12, page 38, SUF ¶ 34(h)(i) and (iii) and 34(h)(v)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained<br><br>____ Overruled |
| Ex. 47: [DOC. 353-12, page 39, SUF ¶ 34(h)(i) and 34(i)(iii)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained<br><br>____ Overruled |
| Ex. 49: [DOC. 353-12, page 42, SUF ¶ 34(g)(vii) and (viii)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained<br><br>____ Overruled |
| Ex. 51: [DOC. 353-12, page 43, SUF ¶ 34(h)(i) and 34(h)(vi)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained<br><br>____ Overruled |
| Ex. 52: [DOC. 353-12, pages 44-45, SUF ¶ 34(b)(i) and 34(h)(i) and (iv)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained<br><br>____ Overruled |

| Exhibit No., Description and Reference to FTC's Statement | Objections | Ruling |
|---|---|---|
| Ex. 58: [DOC. 353-12, pages 74-83, SUF ¶ 34(h)(i) and (iv)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained<br><br>____ Overruled |
| Ex. 59: [DOC. 353-13, page 1, SUF ¶ 34(h)(i) and (viii)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained<br><br>____ Overruled |
| Ex. 60: [DOC. 353-13, pages 2-6, SUF ¶ 34(i)(vi)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained<br><br>____ Overruled |
| Ex. 64: [DOC. 353-13, page 10, SUF ¶ 34(g)(x) and (xii)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained<br><br>____ Overruled |
| Ex. 78: [DOC. 353-13, pages 11-2, SUF ¶ 34(g)((x) and xi)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained<br><br>____ Overruled |
| Ex. 82: [DOC. 353-13, pages 13-28, SUF ¶ 34(h)(xv)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained<br><br>____ Overruled |
| Ex. 84: [DOC. 353-13, pages 29-30, SUF ¶ 34(e)(ii)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained<br><br>____ Overruled |
| Ex. 88: [DOC. 353-13, page 24, SUF ¶ 34(h)(xv)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained<br><br>____ Overruled |

| Exhibit No., Description and Reference to FTC's Statement | Objections | Ruling |
|---|---|---|
| Ex. 141: [DOC. 387-1, pages 1-4]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained<br><br>____ Overruled |
| Ex. 149: [DOC. 353-14] | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained<br><br>____ Overruled |
| Ex. 166: [DOC. 353-14, page 91; SUF ¶34(e)(viii), 34(h)(xii) and 34(h)(xiii)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained<br><br>____ Overruled |
| Ex. 167: [DOC. 353-14, page 92-93; SUF ¶34(g)(x) and (xii), ¶34(h)(xv)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained<br><br>____ Overruled |
| Ex. 173: [DOC. 353-14, page 99; SUF ¶34(g)(ix) and (xii), ¶34(h)(xv)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained<br><br>____ Overruled |
| Ex. 174: [DOC. 353-14, page 100; SUF ¶34(f)(i) and (xii), ¶34(h)(xv)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained<br><br>____ Overruled |
| Ex. 271: [DOC. 353-15, pages 35-39; SUF ¶34(f)(iv)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained<br><br>____ Overruled |
| Ex. 292: [DOC. 353-15, page 61; SUF ¶34(g)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained<br><br>____ Overruled |

| Exhibit No., Description and Reference to FTC's Statement | Objections | Ruling |
|---|---|---|
| Ex. 294: [DOC. 353-15, pages 62-66; SUF ¶34(g)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained<br><br>____ Overruled |
| Ex. 296: [DOC. 353-15, pages 67-69; SUF ¶34(g)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained<br><br>____ Overruled |
| Ex. 299: Email from David Davidian [DOC. 353-15, pages 70-74; SUF ¶34(d)(vi) and 34(i)(ii)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained<br><br>____ Overruled |
| Ex. 302: [DOC. 353-15, pages 75-76; SUF ¶34(i)ii)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained<br><br>____ Overruled |
| Ex. 308: [DOC. 353-15, pages 134-136; SUF ¶34(f)(v)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained<br><br>____ Overruled |
| Ex. 329: [DOC. 353-16, pages 1-4; SUF ¶34(i)(vii)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained<br><br>____ Overruled |
| Ex. 330: [DOC. 353-16, page 5; SUF ¶34(j)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained<br><br>____ Overruled |
| Ex. 331: [DOC. 353-15, pages 6-7; SUF ¶34(h)(viii)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained<br><br>____ Overruled |
| Ex. 333: [DOC. 353-16, pages 134-136; SUF ¶34(f)(vi)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained<br><br>____ Overruled |

| Exhibit No., Description and Reference to FTC's Statement | Objections | Ruling |
|---|---|---|
| Ex. 335: [DOC. 353-16, pages 10-13; SUF ¶34(h)(i)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained<br><br>____ Overruled |
| Ex. 337: [DOC. 353-15, pages 14-15; SUF ¶34(h)(i) and 39(i)(ii)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained<br><br>____ Overruled |
| Ex. 338: [DOC. 353-16, page 16; SUF ¶34(h)(i) and 34(h)(x)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained<br><br>____ Overruled |
| Ex. 339: [DOC. 353-16, pages 17-22; SUF ¶34(h)(i)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained<br><br>____ Overruled |
| Ex. 340: [DOC. 353-16, pages 23-28; SUF ¶34(h)(i)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained<br><br>____ Overruled |
| Ex. 343: [DOC. 353-16, pages 29-30; SUF ¶34(d)(vi) and 34(i)(ii)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained<br><br>____ Overruled |
| Ex. 345: [DOC. 353-16, page 31; SUF ¶34(e)(iii)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained<br><br>____ Overruled |
| Ex. 346: [DOC. 353-16, page 32; SUF ¶34(e)(iii)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained<br><br>____ Overruled |
| Ex. 349: [DOC. 353-16, pages 36-38; SUF ¶34(g)(ix)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained<br><br>____ Overruled |

| Exhibit No., Description and Reference to FTC's Statement | Objections | Ruling |
|---|---|---|
| Ex. 350: [DOC. 353-16, page 39; SUF ¶34(e)(ii)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained<br><br>____ Overruled |
| Ex. 353: [DOC. 353-16, pages 46-49; SUF ¶34(e)(iii)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained<br><br>____ Overruled |
| Ex. 357: [DOC. 353-16, page 50; SUF ¶39(b)(v)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained<br><br>____ Overruled |
| Ex. 360: [DOC. 353-16, pages 51-54; SUF ¶39(e)(i)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained<br><br>____ Overruled |
| Ex. 361: [DOC. 353-16, page 55; SUF ¶39(e)(i)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained<br><br>____ Overruled |
| Ex. 364: [DOC. 353-16, page 57; SUF ¶34(i)(ii)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained<br><br>____ Overruled |
| Ex. 365: [DOC. 353-16, pages 58-73; SUF ¶34(h)(xviii) and 39(g)(v)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained<br><br>____ Overruled |
| Ex. 374: [DOC. 353-18, page 2; SUF ¶34(d)(vii)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained<br><br>____ Overruled |
| Ex. 376: [DOC. 353-18, pages 3-4; SUF ¶34(f)(ii)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained<br><br>____ Overruled |

| Exhibit No., Description and Reference to FTC's Statement | Objections | Ruling |
|---|---|---|
| Ex. 383: [DOC. 353-18, pages 5-6; SUF ¶34(g)(x)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained<br><br>____ Overruled |
| Ex. 384: [DOC. 353-18, pages 7-8; SUF ¶34(e)(vi)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained<br><br>____ Overruled |
| Ex. 385: [DOC. 353-18, pages 9-10; SUF ¶34(i)(i)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained<br><br>____ Overruled |
| Ex. 391: [DOC 353-18, pages 13-23; SUF ¶34(h)(i)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained<br><br>____ Overruled |
| Ex. 392: [DOC. 353-18, page 24; SUF ¶34(h)(i)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained<br><br>____ Overruled |
| Ex. 393: [DOC. 353-18, pages 25-27; SUF ¶34(h)(i)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained<br><br>____ Overruled |
| Ex. 394: [DOC. 353-18, pages 28-29; SUF ¶34(b)(iv)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained<br><br>____ Overruled |
| Ex. 397: [DOC. 353-18, page 30; SUF ¶34(i)(iv)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained<br><br>____ Overruled |

DEFENDANT DORON NOTTEA'S REQUEST FOR EVIDENTIARY RULINGS ON SPECIFIED OBJECTIONS

| **Exhibit No., Description and Reference to FTC's Statement** | **Objections** | **Ruling** |
|---|---|---|
| Ex. 399: [DOC. 353-18, pages 31-32; SUF ¶34(h)(i)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained<br><br>____ Overruled |
| Ex. 405: [DOC. 353-18, pages 56; SUF ¶34(h)(i)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained<br><br>____ Overruled |
| Ex. 406: [DOC. 353-18, pages 57-67; SUF ¶34(h)(i)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained<br><br>____ Overruled |
| Ex. 407: [DOC. 353-18, page 68; SUF ¶34(h)(i)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained<br><br>____ Overruled |
| Ex. 408: [DOC. 353-18, pages 69-72; SUF ¶34(h)(i)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained<br><br>____ Overruled |
| Ex. 409: [DOC. 353-18, page 73; SUF ¶34(h)(i)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained<br><br>____ Overruled |
| Ex. 430: [DOC. 353-18, pages 97-98; SUF ¶34(g)(ix)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained<br><br>____ Overruled |
| Ex. 433: [DOC. 353-18, page 101; SUF ¶34(e)(iv)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained<br><br>____ Overruled |

| **Exhibit No., Description and Reference to FTC's Statement** | **Objections** | **Ruling** |
|---|---|---|
| Ex. 437: [DOC. 353-18, page 102; SUF ¶34(g)(vii)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained <br><br> ____ Overruled |
| Ex. 466: [DOC. 353-18, page 123; SUF ¶34(g)(i)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained <br><br> ____ Overruled |
| Ex. 467: [DOC. 353-18, page 124; SUF ¶34(g)(x)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained <br><br> ____ Overruled |
| Ex. 479: [DOC. 353-19, pages 39-40; SUF ¶34(g)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained <br><br> ____ Overruled |
| Ex. 483: [DOC. 353-19, pages 43-44; SUF ¶34(c)(viii)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained <br><br> ____ Overruled |
| Ex. 484: [DOC. 353-19, page 45; SUF ¶34(i)(v)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained <br><br> ____ Overruled |
| Ex. 485: [DOC. 369-1, page 23; SUF ¶34(g)(ii)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained <br><br> ____ Overruled |
| Ex. 488: [DOC. 369-1, pages 24-25; SUF ¶34(g)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained <br><br> ____ Overruled |

| Exhibit No., Description and Reference to FTC's Statement | Objections | Ruling |
|---|---|---|
| Ex. 497: [DOC. 353-19, pages 49-50; SUF ¶34(g)(iii)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained<br><br>____ Overruled |
| Ex. 505: [DOC. 353-19, page 62; SUF ¶34(d)(vii)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained<br><br>____ Overruled |
| Ex. 518: [DOC. 369-1, pages 26-37; SUF ¶34(d)(iv)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained<br><br>____ Overruled |
| Ex.536: [DOC. 369-1, pages 389-42; SUF ¶34(g)(vii)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained<br><br>____ Overruled |
| Ex. 542: [DOC. 353-19, page 82; SUF ¶34(h)(xv)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained<br><br>____ Overruled |
| Ex. 543: [DOC. 353-19, pages 83-102; SUF ¶34(h)(xv)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained<br><br>____ Overruled |
| Ex. 544: [DOC. 353-19, page 103; SUF ¶34(d)(i) and 34(d)(v))]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained<br><br>____ Overruled |
| Ex. 546: [DOC. 353-19, page 104; SUF ¶34(e)(ix)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained<br><br>____ Overruled |

| Exhibit No., Description and Reference to FTC's Statement | Objections | Ruling |
|---|---|---|
| Ex. 579: [DOC. 353-20, pages 13-17; SUF ¶34(f)(iii)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained<br><br>____ Overruled |
| Ex. 941: [DOC. 385-2, pages 1-12; SUF ¶43(a)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802), Irrelevant (FRE 401, 402), Invasion of Constitutional Right to Privacy | ____ Sustained<br><br>____ Overruled |
| Ex. 942: [DOC. 385-2, page 13; SUF ¶34(b)(i)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained<br><br>____ Overruled |
| Ex. 943: [DOC. 385-2, page 14; SUF ¶34(b)(i)]. | | ____ Sustained<br><br>____ Overruled |
| DOC. 120 | Lack of Foundation (FRE 901), Hearsay (FRE 802), Irrelevant (FRE 401, 402) | ____ Sustained<br><br>____ Overruled |

DATED:  May 2, 2016

**ESENSTEN LAW**
　ROBERT L. ESENSTEN
　RANDI R. GEFFNER


By: ___*/s/  Randi R. Geffner*___
　　　RANDI R. GEFFNER
Attorneys for Defendants DORON NOTTEA and MOTTI NOTTEA

**CERTIFICATE OF SERVICE**

I hereby certify that on **May 2, 2016**, I electronically filed the foregoing document entitled **DEFENDANT DORON NOTTEA'S REQUEST FOR EVIDENTIARY RULINGS ON SPECIFIED OBJECTIONS** with the Clerk of the Court by using the CM/ECF System.

 /s/ Robert L. Esensten
Robert L. Esensten