ROBERT L. ESENSTEN (SBN 65728)
resensten@esenstenlaw.com
RANDI R. GEFFNER (SBN 116574)
rgeffner@esenstenlaw.com
**ESENSTEN LAW**
12100 Wilshire Boulevard, Suite 1660
Los Angeles, California 90025
Telephone:  (310) 273-3090
Facsimile:  (310) 207-5969

Attorneys for Defendants DORON NOTTEA and MOTTI NOTTEA

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Case No.:  2:15-CV-04527-GW (PLAx) |
| Plaintiff, | **DECLARATION OF DORON NOTTEA IN OPPOSITION TO MOTION OF FEDERAL TRADE COMMISSION FOR SUMMARY JUDGMENT, OR IN THE ALERNATIVE, SUMMARY ADJUDICATION** |
| v. | |
| BUNZAI MEDIA GROUP, INC., *et al.*, | |
| Defendants. | **DATE:  May 23, 2016<br>TIME:  8:30 a.m.<br>CRTRM.:  10** |

DORON NOTTEA declares:

1.    I am an individual over the age of eighteen and am a resident of the County of Los Angeles, State of California.  I am one of the individual Defendants in the above-captioned action.  I make this declaration in support of my opposition to the Motion for Summary Judgment ("MSJ") filed by Plaintiff Federal Trade Commission ("FTC").  All facts stated herein are known to me of my personal knowledge, and if called upon to do so I could and would testify competently thereto.

2.    I am the 100% shareholder of NFT Holdings, Inc., an entity that is not a Defendant in this action.  NFT Holdings, Inc. is an adult content business and does not transact any other kind of business.  NFT Holdings, Inc. has never transacted business

1

1  with any Corporate or Individual Defendant in this action.  NFT Holdings, Inc. was

2  formed in 2011 and ceased operations in December 2015.

3      3.    I am the 100% shareholder of Xposed Entertainment, Inc., an entity that

4  is not a Defendant in this action.  Xposed Entertainment, Inc. is an adult content

5  business and does not transact any other kind of business.  Xposed Entertainment, Inc.

6  has never transacted any business with any corporate or individual defendant in this

7  action.  Xposed Entertainment, Inc. was formed in 2002 and ceased operations in

8  August 2012.

9      4.    I am the 100% shareholder of Vertex Holdings Group, Inc., an entity that

10  is not a Defendant in this action.  Vertex Holdings Group, Inc. was formed in 2012

11  and is still an active corporation.

12      5.    I also owned Extra Entertainment Group, Inc. from 1997 until 2012,

13  again an entity that is not a Defendant in this action.

14      6.    I am a 50% shareholder of Secured Commerce, LLC.  The other 50%-

15  member interest of Secured Commerce, LLC is owned by Defendant Alan Argaman.

16  The company was opened by Alan Argaman and myself with the purpose of sharing

17  office space for our two separate business ventures and possibly explore doing

18  business together in an attempt to provide e-commerce, shipping and general IT

19  services to the adult industry.  As time progressed, the business was barely active, did

20  not materialize and we decided to discontinue our efforts and were in the process of

21  dissolving the LLC.  At no time did I ever attend meetings or have discussions

22  regarding Canadian shipping rates.

23      7.    I have never sold or marketed AuraVie products either directly or

24  indirectly.  The preparation of web pages, landing pages, marketing plans, corporate

25  formation and structures for the selling of AuraVie products were made by the owners

26  of Bunzai Marketing ("Bunzai"), and not me, nor was I involved in any such decisions

27  as I did not have the responsibilities, rights or desire to make any of these decisions.

28  ///

DECLARATION OF DORON NOTTEA

8.     The selling of AuraVie products, pricing programs, returns, refunds and contact with customers were conducted by the owners and employees of Bunzai.  I was not involved in any such decisions as I did not have the responsibilities, rights or desire to make any of these decisions.

9.     My involvement, if any, with the corporate defendants named in this case is as follows:

| Corporate Defendant Name | AuraVie Seller? | Time Period | Job Title, if any | Ownership | Duties & Responsibilities | Profit / Income |
|---|---|---|---|---|---|---|
| Adageo LLC | no | 9/2012 - present | No Position | 0% | No duties or responsibilities | None |
| Agoa Holdings, Inc. | yes | 4/2013-12/2014 | No Position | 0% | Bookkeeping | None |
| All Star Beauty Products, Inc. | yes | 4/2013-12/2014 | No Position | 0% | Bookkeeping | None |
| AMD Financial Network, Inc. | yes | 4/2013-6/2015 | No Position | 0% | Bookkeeping | None |
| Bunzai Media Group, Inc. | yes | No Involvement | No Position | 0% | Bookkeeping | None |
| CalEnergy, Inc. | no | No Involvement | No Position | 0% | No duties or responsibilities | None |
| DMA Media Holdings, Inc. | yes | 4/2013-12/2014 | No Position | 0% | Bookkeeping | None |
| DSA Holdings, Inc. | yes | No Involvement | No Position | 0% | No duties or responsibilities | None |
| Focus Media Solutions, Inc. | no | No Involvement | No Position | 0% | No duties or responsibilities | None |
| Heritage Alliance Group, Inc. | yes | 4/2013-12/2014 | No Position | 0% | Bookkeeping | None |
| Insight Media, Inc. | yes | 4/2013-6/2015 | No Position | 0% | Bookkeeping | None |
| Kai Media, Inc. | yes | 4/2013- 6/2015 | No Position | 0% | Bookkeeping | None |
| Lifestyle Media Brands, Inc. | yes | 6/2011-12/2014 | No Position | 0% | Bookkeeping | None |
| Media Urge, Inc. | no | No Involvement | No Position | 0% | No duties or responsibilities | None |
| Merchant Leverage Group, Inc. | no | No Involvement | No Position | 0% | No duties or responsibilities | None |
| Pinnacle Logistics, Inc. | no | 4/2013-12/2014 | No Position | 0% | Bookkeeping | None |
| Safehaven Ventures, Inc. | yes | 4/2013-12/2013 | No Position | 0% | Bookkeeping | None |

| Corporate Defendant Name | AuraVie Seller? | Time Period | Job Title, if any | Ownership | Duties & Responsibilities | Profit / Income |
|---|---|---|---|---|---|---|
| SBM Management, Inc. | no | 6/2012-6/2015 | No Position | 0% | Bookkeeping | None |
| Secured Commerce, LLC | no | 6/2012-present | Member | 50% | Manager | 50% |
| Secured Merchants, LLC | no | 6/2013-6/2015 | No Position | 0% | Paid various bills when the owner was out of town | None |
| Shalita Holdings, Inc. | yes | 4/2013-6/2015 | No Position | 0% | Bookkeeping | None |
| USM Products, Inc. | no | 9/2013-present | No Position | 0% | No duties or responsibilities | None |

10. I have never been a shareholder, member or partner in Chargeback Armor, Inc., Secured Merchants, LLC, Bunzai Media Group, Inc., Pinnacle Logistics, Inc., DSA Holdings, Inc., Lifestyle Media Brands, Inc., Agoa Holdings, Inc., Zen Mobile Media, Inc., Safehaven Ventures, Inc., Heritage Alliance Group, Inc., AMD Financial Network, Inc., SBM Management, Inc., Media Urge, Inc., Adageo, LLC, CalEnergy, Inc., Kai Media, Inc., Insight Media, Inc., Focus Media Solutions, Inc., USM Products, Inc., Merchant Leverage Group, Inc., DMA Media Holdings, Inc., Shalita Holdings, Inc., or All Star Beauty Products, Inc. (collectively "the Corporate Defendants").

11. I have never been an officer or director of Chargeback Armor, Inc., Secured Merchants, LLC, Bunzai Media Group, Inc., Pinnacle Logistics, Inc., DSA Holdings, Inc., Lifestyle Media Brands, Inc., Agoa Holdings, Inc., Zen Mobile Media, Inc., Safehaven Ventures, Inc., Heritage Alliance Group, Inc., AMD Financial Network, Inc., SBM Management, Inc., Media Urge, Inc., Adageo, LLC, CalEnergy, Inc., Kai Media, Inc., Insight Media, Inc., Focus Media Solutions, Inc., USM Products, Inc., Merchant Leverage Group, Inc., DMA Media Holdings, Inc., Shalita Holdings, Inc., or All Star Beauty Products, Inc.

12. I have never performed any management duties for Chargeback Armor, Inc., Secured Merchants, LLC, Bunzai Media Group, Inc., Pinnacle Logistics, Inc., DSA Holdings, Inc., Lifestyle Media Brands, Inc., Agoa Holdings, Inc., Zen Mobile

Media, Inc., Safehaven Ventures, Inc., Heritage Alliance Group, Inc., AMD Financial Network, Inc., SBM Management, Inc., Media Urge, Inc., Adageo, LLC, CalEnergy, Inc., Kai Media, Inc., Insight Media, Inc., Focus Media Solutions, Inc., USM Products, Inc., Merchant Leverage Group, Inc., DMA Media Holdings, Inc., Shalita Holdings, Inc., or All Star Beauty Products, Inc.

13.    I have not met with individuals to discuss management plans for the AuraVie business.

14.    I have not managed any employees of any of the Corporate Defendants, yet I did work with other employees that also performed bookkeeping functions.

15.    I have never been a partner with Alon Nottea, Motti Nottea, Igor Latsanovski, Oz Mizrahi, Roi Reuveni, Kristopher Bond, or Paul Medina, with regard to any matter alleged as the basis for the claims of the FTC in this action.

16.    I have never held myself out as an owner of any of the Corporate Defendants, with the exception with my shared ownership of Secured Commerce, LLC. I understand that a disgruntled former employee, Andrew Stanley, has stated that I held myself out as an owner. That statement is untrue as I have never even discussed this subject with Mr. Stanley. He simply is mistaken or not telling the truth.

17.    I did not have any knowledge of the content of any of the web pages used to sell AuraVie products nor do I know what information should or should not be contained on web pages that advertise the selling of products.

18.    I did not have any input in any pricing decisions for the products, or know of any return programs, refund policies or practices that address any customer complaints. These activities were performed by the owners of the companies and not me as I performed bookkeeping services, not management services. I also do not know if the practices that the FTC complains about are proper or not.

19.    I am not aware of what practices are proper or not in the charging of customers on a monthly basis. I did not have any involvement in the any decision of how and when customers would be charged.

20.     I did not have any involvement in any decision of when and under what circumstances a customer could or could not return an item purchased or receive a refund.

21.     My duties as a bookkeeper would be to deal with the receipt of money, pay bills, maintain separate records for the various entities, possess files of insurance, corporation formation, pay salaries and commissions earned.

22.     I first began to perform bookkeeping services in April 2013 more than three (3) years after Bunzai Media Group, Inc. was formed (January 1, 2010). (See the Articles of Incorporation dated January 1, 2010 and the recorded Fictitious Business Name Statement recorded January 21, 2010, true copies of which are attached hereto as Exhibits "A" and "B").

23.     Bunzai prepared its web sites and landing pages for AuraVie in or about mid-2010. There were a few pages previously prepared for a previous offer, Miracle Face Kit—Dead Sea Mud Mask and Serum, which was the first product launched in December 2009.

24.     Bunzai began selling AuraVie products in or about July 2010; the Miracle Face Kit—Dead Sea Mud Mask and Serum was first sold in December 2009.

25.     I performed bookkeeping services during the periods listed in Paragraph 22, above. From the dates it is very clear that I did not have any involvement in the preparation of, content, decisions related or had any abilities to change or even object to the content of any web page, landing page, pricing program, free trial program, returns, charge backs or refunds as any such activity began and was in operation before I performed any services. In addition, I had no knowledge of any such activities.

26.     I did not own any merchant accounts nor did I have any involvement in the opening up of them. The need for the various merchant accounts and the decisions to open them up were made by the owners of Bunzai.

///

DECLARATION OF DORON NOTTEA

27.   I am a bookkeeper which requires that I be provided with all types of financial information related to my clients, including but not limited to income and expense information, commission and other payout information, financial arrangements with other persons or entities, employee information, payroll information, insurance information, banking information, merchant account information, corporate structure information, and related matters.

28.   I was not involved in any decisions regarding the operation of any of the Corporate Defendants, other than Secured Commerce, LLC nor was I informed of corporate decisions other than issues relating to my bookkeeping functions.

29.   As part of my typical functions and responsibilities as a bookkeeper, I often maintain checks and credit cards for clients to facilitate the payment of certain expenses when they are out of town or just do not have time to sign checks.  I also maintain deposit stamps to enable deposit of funds into clients' accounts, as well as devices to make electronic funds transfers.  These banking materials are necessary to enable me to perform my job for my clients.  As such, I possessed credit cards, blank checks and related banking materials for a client, Defendant Zen Mobile Media, Inc., as well as for many other clients, to facilitate the payment of certain of expenses and deposits of funds.  This is typical of my functions as a bookkeeper.

30.   Even though I have the ability to make payments on behalf of clients pursuant to my duties as a bookkeeper, I do not make decisions as to what payments are made or give permission to anyone to make payments.   I am not responsible for the invoices to my clients nor should my name be included on any invoices.

31.   As part of my functions as a bookkeeper, I also review and prepare spreadsheets related to profits, losses, expenses or other financial matters.  Any and all references made by the FTC to my reviewing or preparing spreadsheets related to profits, losses, expenses or other financial matters concerning any entity was a part of my usual functions as a bookkeeper for those entities.

///

7

32.     As part of my typical functions and responsibilities as a bookkeeper, I often perform functions related to employee payroll, including providing, preparing, receiving and reviewing payroll reports for business entities.  I am also aware of and review paycheck advance/loan policies related to employee payroll as a typical part of my bookkeeping duties.  Any and all references made by the FTC to my providing, preparing, receiving and reviewing payroll reports for Bunzai or any other entity was a part of my usual functions as a bookkeeper.  In addition, any and all reference made by the FTC with regard to my receipt of an entity's paycheck advance policy was part of my usual functions as a bookkeeper.

33.     As part of my typical functions and responsibilities as a bookkeeper, I am kept apprised of employee information for new and continuing employees relating to my clients.  Any and all references made by the FTC to my being provided with, apprised of, reviewing or otherwise receiving employee information for any business entity was a part of my usual functions as a bookkeeper.

34.     As part of my typical functions and responsibilities as a bookkeeper, I often receive and review documents relating to incorporation of business entities.  Any and all references made by the FTC to my being provided with, apprised of, reviewing or otherwise receiving corporate formation documents for Bunzai, Pinnacle or any other entity was a part of my usual functions as a bookkeeper.

35.     As part of my typical functions and responsibilities as a bookkeeper, I often receive and review information relating to merchant accounts.  Any and all references made by the FTC to my being provided with, apprised of, reviewing or otherwise receiving such information for AuraVie or any other entity was a part of my usual functions as a bookkeeper.

36.     As part of my typical functions and responsibilities as a bookkeeper, I am often provided with insurance information for my clients and may be involved in the process of obtaining favorable insurance quotes and terms.  Any and all references made by the FTC to my being provided with, apprised of, reviewing or otherwise

receiving insurance information related to any entity was a part of my usual functions as a bookkeeper.

37. I used the email address xposedinc@gmail.com for my adult business.

38. The focus of my work at all times has been on running my adult content companies full time, as buyer, seller and controller, which I have done for more than twenty-five years.

39. I do not know of any effort to open an Indian call center nor did I have any management responsibilities or prepare a DBA for same.

40. In Exhibit 43 to the MSJ, Stephan Bauer of SBM Management, Inc. appears to have been attempting to communicate information to me concerning marketing hard core online trial and offers business. Although I cannot speculate as to what Mr. Bauer intended, any reference to selling "hard core" items refers only to my adult content businesses.

41. I have reviewed the purported text message to which the FTC refers in Paragraph 34(j) of its Statement of Uncontroverted Facts. The text message was not sent to or received by me. In fact, I had never seen this text message prior to this litigation. Reading the wording makes it clear that the description and interpretation that the FTC makes of the document is wrong. The text message refers to the recipient as "you" or "your" which belies the interpretation by the FTC that I sent this message to myself. I cannot interpret what the text message means because I did not send or receive it, I would only be speculating, much as the FTC is when it attempts to place meaning on this message, which is unrelated to me.

42. The FTC makes reference to several emails upon which I am listed as a "cc" recipient. Obviously I cannot control or influence who sends copies of emails to me; however, the emails referenced by the FTC show that I did not respond to emails concerning functions that are not part of my bookkeeping responsibilities (such as marketing of products, solicitation by vendors to provide services, and the like). I have reviewed various documents that the FTC refers to in their motion that it claims

1    pertain to me. If I did not respond to an email it clearly did not have anything to do
2    with me nor did I involve myself in matters that were not part of my responsibilities.

3         43.    I have never sold cosmetics nor had any desire to do so. I do not have a
4    distribution channel to sell anything other than my adult content.

5         44.    I have reviewed all of the exhibits upon which the FTC relies with regard
6    to its claims against me, as set forth in its Separate Statement at Paragraphs 34, 39 and
7    43. I do not recall ever having seen the following exhibit numbers prior to this
8    litigation: 52, 57, 58, 151, 329, 330, 331, 333, 343, 406, 414, 449, and 531.

9         45.    Exhibits 21, 29, 35, 41, 43, 45, 47, 51, 52, 60, 331 and 385 are not what
10   the FTC claims them to be.

11        I declare under penalty of perjury under the laws of the United States of
12   America that the foregoing is true and correct.

13        Executed this 2nd day of May, 2016, at Los Angeles, California.

16        DORON NOTTEA

DECLARATION OF DORON NOTTEA

# EXHIBIT "A"

3239863

**ENDORSED - FILED**
in the office of the Secretary of State
of the State of California

**JAN 0 1 2010**

### ARTICLES OF INCORPORATION

### OF

### BUNZAI MEDIA GROUP, INC.

The undersigned, desiring to form a corporation under the laws of the State of California, declares:

I

The name of the corporation is

### BUNZAI MEDIA GROUP, INC.

II

The purpose of the corporation is to engage in any lawful act or activity for which a corporation may be organized under the General Corporation Law of California other than the banking business, the trust company business or the practice of a profession permitted to be incorporated by the California Corporations Code.

III

The name and address in this State of the corporation's initial agent for service of process is Z. David Davidian, 200 N. Maryland Avenue, Glendale, California 91106.

IV

This corporation is authorized to issue only one class of shares, which shall be designated "common" shares. The total number of such shares authorized to be issued is 100,000 shares.

V

The liability of the directors and officers of the corporation for monetary damages shall be eliminated to the fullest extent permissible under California Law.

IN WITNESS WHEREOF, the undersigned has executed these Articles of Incorporation this 1st day of January, 2010.

_____
Z. DAVID DAVIDIAN, INCORPORATOR

EXHIBIT "A" - PAGE 1

3239863



## State of California
### Secretary of State

I, DEBRA BOWEN, Secretary of State of the State of California, hereby certify:

That the attached transcript of _____ page(s) is a full, true and correct copy of the original record in the custody of this office.



**IN WITNESS WHEREOF**, I execute this certificate and affix the Great Seal of the State of California this day of

_____

*Jebra Bowen*

**DEBRA BOWEN**
**Secretary of State**

IRS DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
CINCINNATI  OH   45999-0023

Date of this notice:  01-11-2010

Employer Identification Number:
27-1642514

Form:  SS-4

Number of this notice:  CP 575 A

BUNZAI MEDIA GROUP INC
200 N MARYLAND AVE STE 300
GLENDALE, CA  91206

For assistance you may call us at:
1-800-829-4933

IF YOU WRITE, ATTACH THE
STUB AT THE END OF THIS NOTICE.

### WE ASSIGNED YOU AN EMPLOYER IDENTIFICATION NUMBER

Thank you for applying for an Employer Identification Number (EIN).  We assigned you EIN 27-1642514.  This EIN will identify you, your business accounts, tax returns, and documents, even if you have no employees.  Please keep this notice in your permanent records.

When filing tax documents, payments, and related correspondence, it is very important that you use your EIN and complete name and address exactly as shown above.  Any variation may cause a delay in processing, result in incorrect information in your account, or even cause you to be assigned more than one EIN.  If the information is not correct as shown above, please make the correction using the attached tear off stub and return it to us.

Based on the information received from you or your representative, you must file the following form(s) by the date(s) shown.

                Form 1120                        03/15/2011

If you have questions about the form(s) or the due date(s) shown, you can call us at the phone number or write to us at the address shown at the top of this notice.  If you need help in determining your annual accounting period (tax year), see Publication 538, *Accounting Periods and Methods*.

We assigned you a tax classification based on information obtained from you or your representative.  It is not a legal determination of your tax classification, and is not binding on the IRS.  If you want a legal determination of your tax classification, you may request a private letter ruling from the IRS under the guidelines in Revenue Procedure 2004-1, 2004-1 I.R.B. 1 (or superseding Revenue Procedure for the year at issue).  Note: Certain tax classification elections can be requested by filing Form 8832, *Entity Classification Election*.  See Form 8832 and its instructions for additional information.

IMPORTANT INFORMATION FOR S CORPORATION ELECTION:

If you intend to elect to file your return as a small business corporation, an election to file a Form 1120-S must be made within certain timeframes and the corporation must meet certain tests.  All of this information is included in the instructions for Form 2553, *Election by a Small Business Corporation*.

EXHIBIT "A" - PAGE 3

(IRS USE ONLY)     575A          01-11-2010  BUNZ  B  9999999999  SS-4

   If you are required to deposit for employment taxes (Forms 941, 943, 940, 944, 945,
CT-1, or 1042), excise taxes (Form 720), or income taxes (Form 1120), you will receive a
Welcome Package shortly, which includes instructions for making your deposits
electronically through the Electronic Federal Tax Payment System (EFTPS).  A Personal
Identification Number (PIN) for EFTPS will also be sent to you under separate cover.
Please activate the PIN once you receive it, even if you have requested the services of a
tax professional or representative.  For more information about EFTPS, refer to
Publication 966, *Electronic Choices to Pay All Your Federal Taxes* and Publication 4248,
*EFTPS (Brochure)*.  If you need to make a deposit before you receive your Welcome Package,
please visit an IRS taxpayer assistance center to obtain a Federal Tax Deposit Coupon,
Form 8109-B.  To locate the taxpayer assistance center nearest you, visit the IRS Web site
at http://www.irs.gov/localcontacts/index.html.  Note: You will not be able to obtain Form
8109-B by calling 1-800-829-TAXFORMS (1-800-829-3676).

   The IRS is committed to helping all taxpayers comply with their tax filing
obligations.  If you need help completing your returns or meeting your tax obligations,
Authorized e-file Providers, such as Reporting Agents (payroll service providers) are
available to assist you.  Visit the IRS Web site at www.irs.gov for a list of companies
that offer IRS e-file for business products and services.  The list provides addresses,
telephone numbers, and links to their Web sites.

   To obtain tax forms and publications, including those referenced in this notice,
visit our Web site at www.irs.gov.  If you do not have access to the Internet, call
1-800-829-3676 (TTY/TDD 1-800-829-4059) or visit your local IRS office.

IMPORTANT REMINDERS:

   *  Keep a copy of this notice in your permanent records.  **This notice is issued only
      one time and the IRS will not be able to generate a duplicate copy for you.**

   *  Use this EIN and your name exactly as they appear at the top of this notice on all
      your federal tax forms.

   *  Refer to this EIN on your tax-related correspondence and documents.

   If you have questions about your EIN, you can call us at the phone number or write to
us at the address shown at the top of this notice.  If you write, please tear off the stub
at the bottom of this notice and send it along with your letter.  If you do not need to
write us, do not complete and return the stub.  Thank you for your cooperation.

                    Keep this part for your records.          CP 575 A (Rev. 7-2007)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

   Return this part with any correspondence
   so we may identify your account.  Please                              CP 575 A
   correct any errors in your name or address.
                                                                         9999999999


   Your Telephone Number  Best Time to Call  DATE OF THIS NOTICE:  01-11-2010
   (    )      -                              EMPLOYER IDENTIFICATION NUMBER:  27-1642514
   _____  _____          FORM:  SS-4            NOBOD



   INTERNAL REVENUE SERVICE                   BUNZAI MEDIA GROUP INC
   CINCINNATI  OH   45999-0023                200 N MARYLAND AVE STE 300
   իիիիիիիիիիիիիիիիիիիիիիիիիիիիիիիիիի          GLENDALE, CA  91206


                                                        EXHIBIT "A" - PAGE 4



**This page is part of your document - DO NOT DISCARD**



# 20100091623



**Pages:
0003**

**Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California**

**01/21/10 AT 03:24PM**

| | |
|---|---:|
| FEES: | 51.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 51.00 |



**L E A D S H E E T**



**201001210720044**

**00001818093**



**002503054**

**SEQ:
01**

DAR - Counter (Hard Copy)



**THIS FORM IS NOT TO BE DUPLICATED**

E521957

EXHIBIT "A" - PAGE 5



01/21/2010

RDER/ COUNTY CLERK

*20100091623*

YOUR RETURN MAILING ADDRESS

NAME: BUNZAI MEDIA GROUP, INC

ADDRESS: 16161 VENTURA BLVD # 378

CITY: ENCINO

STATE: CA          ZIP CODE: 91436

# FICTITIOUS BUSINESS NAME STATEMENT

TYPE OF FILING AND FILING FEE (Check one)

☑ Original- $23.00 (FOR ORIGINAL FILING WITH ONE BUSINESS NAME ON STATEMENT)   ☐ New Filings- $23.00-
☐ Refile- $18.00 (NO CHANGES IN THE FACTS FROM ORIGINAL FILING)          (CHANGES IN FACTS FROM ORIGINAL FILING-REQUIRES PUBLICATION)
$4.00- FOR EACH ADDITIONAL BUSINESS NAME FILED ON SAME STATEMENT, DOING BUSINESS AT THE SAME LOCATION  $4.00- FOR EACH ADDITIONAL OWNER IN EXCESS OF ONE OWNER

**The following person(s) is (are) doing business as:**

*1.  MIRACLE FACE KIT          2.  AURAVIE

Print Fictitious Business Name(s)

** 16161 VENTURA BLVD # 378

Street address of principal place of business          Mailing address if different

ENCINO     CA    91436
City          State     Zip          City     State     Zip

COUNTY

Articles of Incorporation or Organization Number (if applicable): AI #ON   3239863

*** REGISTERED OWNER(S):

1. BUNZAI MEDIA GROUP, INC          2.
Full Name/Corp/LLC                    Full Name/Corp/LLC

16161 VENTURA BLVD # 378
Residence Address  (P.O. Box not accepted)          Residence Address  (P.O. Box not accepted)

ENCINO     CA     91436
City          State     Zip          City          State     Zip

CALIFORNIA
If Corporation or LLC – Print State of Incorporation/Organization          If Corporation or LLC – Print State of Incorporation/Organization

3.                                    4.
Full Name/Corp/LLC                    Full Name/Corp/LLC

Residence Address  (P.O. Box not accepted)          Residence Address  (P.O. Box not accepted)

City          State     Zip          City          State     Zip

If Corporation or LLC – Print State of Incorporation/Organization          If Corporation or LLC – Print State of Incorporation/Organization

IF MORE THAN FOUR REGISTRANTS, ATTACH ADDITIONAL SHEET SHOWING OWNER INFORMATION

**** THIS BUSINESS IS CONDUCTED BY: (Check one)
☐ an Individual     ☐ a General Partnership     ☐ a Limited Partnership     ☐ a Limited Liability Company
☐ an Unincorporated Association other than a Partnership     ☑ a Corporation     ☐ a Trust     ☐ Copartners
☐ Husband and Wife     ☐ Joint Venture     ☐ State or Local Registered Domestic Partners     ☐ a Limited Liability Partnership

***** The registrant commenced to transact business under the fictitious business name or names listed above on _____
(Insert N/A above if you haven't started to transact business)

**I declare that all information in this statement is true and correct.**
**(A registrant who declares as true information which he or she knows to be false is guilty of a crime.)**

REGISTRANTS/CORP/LLC NAME (PRINT) Bunzai Media Group Incorporation   TITLE  CEO

REGISTRANT SIGNATURE _____   IF CORP OR LLC, PRINT NAME  Philip Gomerm

**If corporation, also print corporate title of officer.  If LLC, also print title of officer or manager.**

This statement was filed with the County Clerk of LOS ANGELES on the date indicated by the filed stamp in the upper right corner.
NOTICE – IN ACCORDANCE WITH SUBDIVISION (a) OF SECTION 17920, A FICTITIOUS NAME STATEMENT GENERALLY EXPIRES AT THE END OF FIVE YEARS FROM THE DATE ON WHICH IT WAS FILED IN THE OFFICE OF THE COUNTY CLERK, EXCEPT, AS PROVIDED IN SUBDIVISION (b) OF SECTION 17920, WHERE IT EXPIRES 40 DAYS AFTER ANY CHANGE IN THE FACTS SET FORTH IN THE STATEMENT PURSUANT TO SECTION 17913 OTHER THAN A CHANGE IN THE RESIDENCE ADDRESS OF A REGISTERED OWNER. A NEW FICTITIOUS BUSINESS NAME STATEMENT MUST BE FILED BEFORE THE EXPIRATION.

THE FILING OF THIS STATEMENT DOES NOT OF ITSELF AUTHORIZE THE USE IN THIS STATE OF A FICTITIOUS BUSINESS NAME IN VIOLATION OF THE RIGHTS OF ANOTHER UNDER FEDERAL, STATE, OR COMMON LAW (SEE SECTION 14411 ET SEQ., BUSINESS AND PROFESSIONS CODE).
*I HEREBY CERTIFY THAT THIS COPY IS A CORRECT COPY OF THE ORIGINAL STATEMENT ON FILE IN MY OFFICE.*

*DEAN C. LOGAN, LOS ANGELES COUNTY CLERK*          BY: _____ , Deputy

Rev. 01/01/08          P.O. BOX 53592, LOS ANGELES, CA 90053-0592          PH: (562) 462-2177   WEB ADDRESS: LAVOTE. NET

EXHIBIT "A" - PAGE 6

RENEWALS DO NOT REQUIRE PUBLICATIONS

# REGISTAR RECORDER COUNTY CLERK
## FICTITIOUS BUISNESS NAME STATEMENT
## ADDITIONAL NAME SHEET

3. ResV Products

4. Colon Cleanse

5. Oragnic Treatment

6. Attitude Cosmetics

7. Dead Sea Products

8. M3D Kids

9. 

10. 

11. 

12. 

EXHIBIT "A" - PAGE 7

This is a true and certified copy of the record
if it bears the seal, imprinted in purple ink,
of the Registrar-Recorder/County Clerk

JAN 21 2010

 REGISTRAR-RECORDER/COUNTY CLERK
LOS ANGELES COUNTY, CALIFORNIA

EXHIBIT "A" - PAGE 8

# EXHIBIT "B"



**This page is part of your document - DO NOT DISCARD**



# 20100091623



**Pages: 0003**

**Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California**

**01/21/10 AT 03:24PM**

| | |
|---|---|
| FEES: | 51.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 51.00 |



**L E A D S H E E T**



201001210720044

00001818093



002503054

**SEQ:
01**

DAR - Counter (Hard Copy)



**THIS FORM IS NOT TO BE DUPLICATED**

E521957

EXHIBIT "B" - PAGE 1



01/21/2010

...RDER/ COUNTY CLERK

YOUR RETURN MAILING ADDRESS

NAME: BUNZAI MEDIA GROUP, INC

ADDRESS: 16161 VENTURA BLVD # 378

CITY: ENCINO

STATE: CA          ZIP CODE: 91436

*20100091623*

# FICTITIOUS BUSINESS NAME STATEMENT

TYPE OF FILING AND FILING FEE (Check one)

☑ Original- $23.00 (FOR ORIGINAL FILING WITH ONE BUSINESS NAME ON STATEMENT)   ☐ New Filings- $23.00-
☐ Refile- $18.00 (NO CHANGES IN THE FACTS FROM ORIGINAL FILING)      (CHANGES IN FACTS FROM ORIGINAL FILING-REQUIRES PUBLICATION)
$4.00- FOR EACH ADDITIONAL BUSINESS NAME FILED ON SAME STATEMENT, DOING BUSINESS AT THE SAME LOCATION $4.00- FOR EACH ADDITIONAL OWNER IN EXCESS OF ONE OWNER

### The following person(s) is (are) doing business as:

*1. MIRACLE FACE KIT          2. AURAVIE
                                Print Fictitious Business Name(s)

** 16161 VENTURA BLVD # 378
    Street address of principal place of business                    Mailing address if different

ENCINO          CA          91436
City                State            Zip          COUNTY          City          State          Zip

Articles of Incorporation or Organization Number (if applicable): AI #ON  3239863

*** REGISTERED OWNER(S):

1. BUNZAI MEDIA GROUP, INC          2.
   Full Name/Corp/LLC                                   Full Name/Corp/LLC

16161 VENTURA BLVD # 378
   Residence Address  (P.O. Box not accepted)          Residence Address  (P.O. Box not accepted)

ENCINO          CA          91436
   City          State          Zip          City          State          Zip

CALIFORNIA
   If Corporation or LLC – Print State of Incorporation/Organization          If Corporation or LLC – Print State of Incorporation/Organization

3.                                               4.
   Full Name/Corp/LLC                                   Full Name/Corp/LLC

   Residence Address  (P.O. Box not accepted)          Residence Address  (P.O. Box not accepted)

   City          State          Zip          City          State          Zip

   If Corporation or LLC – Print State of Incorporation/Organization          If Corporation or LLC – Print State of Incorporation/Organization

IF MORE THAN FOUR REGISTRANTS, ATTACH ADDITIONAL SHEET SHOWING OWNER INFORMATION

**** THIS BUSINESS IS CONDUCTED BY: (Check one)
☐ an Individual          ☐ a General Partnership          ☐ a Limited Partnership          ☐ a Limited Liability Company
☐ an Unincorporated Association other than a Partnership          ☑ a Corporation          ☐ a Trust          ☐ Copartners
☐ Husband and Wife          ☐ Joint Venture          ☐ State or Local Registered Domestic Partners          ☐ a Limited Liability Partnership

***** The registrant commenced to transact business under the fictitious business name or names listed above on _____
                                                                (Insert N/A above if you haven't started to transact business)

### I declare that all information in this statement is true and correct.
### (A registrant who declares as true information which he or she knows to be false is guilty of a crime.)

REGISTRANTS/CORP/LLC NAME (PRINT) Bunzai Media Group Incorporation    TITLE CEO

REGISTRANT SIGNATURE _____    IF CORP OR LLC, PRINT NAME Philip (Gamerian)

**If corporation, also print corporate title of officer.  If LLC, also print title of officer or manager.**

This statement was filed with the County Clerk of LOS ANGELES on the date indicated by the filed stamp in the upper right corner.
NOTICE – IN ACCORDANCE WITH SUBDIVISION (a) OF SECTION 17920, A FICTITIOUS NAME STATEMENT GENERALLY EXPIRES AT THE END OF FIVE YEARS FROM THE DATE ON
WHICH IT WAS FILED IN THE OFFICE OF THE COUNTY CLERK, EXCEPT, AS PROVIDED IN SUBDIVISION (b) OF SECTION 17920, WHERE IT EXPIRES 40 DAYS AFTER ANY CHANGE
IN THE FACTS SET FORTH IN THE STATEMENT PURSUANT TO SECTION 17913 OTHER THAN A CHANGE IN THE RESIDENCE ADDRESS
OF A REGISTERED OWNER. A NEW FICTITIOUS BUSINESS NAME STATEMENT MUST BE FILED BEFORE THE EXPIRATION.

THE FILING OF THIS STATEMENT DOES NOT OF ITSELF AUTHORIZE THE USE IN THIS STATE OF A FICTITIOUS BUSINESS NAME IN VIOLATION OF THE RIGHTS OF ANOTHER
UNDER FEDERAL, STATE, OR COMMON LAW (SEE SECTION 14411 ET SEQ., BUSINESS AND PROFESSIONS CODE).
*I HEREBY CERTIFY THAT THIS COPY IS A CORRECT COPY OF THE ORIGINAL STATEMENT ON FILE IN MY OFFICE.*

*DEAN C. LOGAN, LOS ANGELES COUNTY CLERK*          BY: _____, Deputy

Rev. 01/01/08          P.O. BOX 53592, LOS ANGELES, CA 90053-0592          PH: (562) 462-2177          WEB ADDRESS: LAVOTE..NET

EXHIBIT "B" – PAGE 2

RENEWALS DO NOT REQUIRE PUBLICATIONS

# REGISTAR RECORDER COUNTY CLERK
## FICTITIOUS BUISNESS NAME STATEMENT
## ADDITIONAL NAME SHEET

3. ResV Products

4. Colon Cleanse

5. Oragnic Treatment

6. Attitude Cosmetics

7. Dead Sea Products

8. M3D Kids

9.

10.

11.

12.



This is a true and certified copy of the record if it bears the seal, imprinted in purple ink, of the Registrar-Recorder/County Clerk

JAN 21 2010



REGISTRAR-RECORDER/COUNTY CLERK
LOS ANGELES COUNTY, CALIFORNIA

1

## CERTIFICATE OF SERVICE

2

3        I hereby certify that on **May 2, 2016**, I electronically filed the foregoing

4   document entitled **DECLARATION OF DORON NOTTEA IN OPPOSITION TO MOTION OF FEDERAL TRADE COMMISSION FOR SUMMARY**

5   **JUDGMENT, OR IN THE ALERNATIVE, SUMMARY ADJUDICATION** with the Clerk of the Court by using the CM/ECF System.

6

7

8                                    */s/ Robert L. Esensten*

9                                    Robert L. Esensten

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF DORON NOTTEA