Jeffrey S. Benice, Esq., State Bar No. 81583
LAW OFFICES OF JEFFREY S. BENICE
*A Professional Law Corporation*
3080 Bristol Street
Sixth Floor, Suite 630
Costa Mesa, California  92626
Telephone No.: (714) 641-3600
Facsimile No.: (714) 641-3601
Website: www.JeffreyBenice.com
E-Mail: JSB@JeffreyBenice.com

Attorneys for Defendants,
Igor Latsanovski and Calenergy, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>BUNZAI MEDIA GROUP INC., et al.,<br><br>Defendants. | **CASE NO. CV 15-04527 GW (PLAx)**<br><br>**DEFENDANTS IGOR LATSANOVSKI AND CALENERGY, INC.'S RESPONSE TO PLAINTIFF FEDERAL TRADE COMMISSION'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW AND STATEMENT OF GENUINE ISSUES  IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>**Date:      May 23, 2016**<br>**Time:      8:30 A.M.**<br>**Courtroom:   10**<br><br>**[Assigned for All Purposes to the Honorable George H. Wu, Courtroom 10]**<br><br>**[First Amended Complaint Filed: October 9, 2015]**<br><br>**[United States District Court Local Rules, Rule 56-1 *et seq.*]** |

---

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

were solely lenders in Bunzai Media Group, Inc.

[Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; *"The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment..."*]

[Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.]

[Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]
B. During the period 2010 to 2015 Defendants

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| 1 | Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates. |
| 2 | |
| 3 | [Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.] |
| 4 | |
| 5 | |
| 6 | [Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea*, R.T. 85: lns. 3-5; *"Did Bunzai ...pay back Igor ...? A. I believe it did.*] |
| 7 | |
| 8 | |
| 9 | [Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.] |
| 10 | [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |
| 11 | |
| 12 | |
| 13 | |
| 14 | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |
| 15 | |
| 16 | |
| 17 | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| 18 | |
| 19 | |
| 20 | |
| 21 | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| 22 | |
| 23 | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| 24 | |
| 25 | |
| 26 | |
| 27 | [Opposing Decl. of Latsanovski, ¶¶1-30.] |
| 28 | |

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| 1 | C. Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,746 in interest return on the $500,000. |
| 2 | |
| 3 | [Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.] |
| 4 | |
| 5 | |
| 6 | [Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea*, R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*] |
| 7 | |
| 8 | |
| 9 | [Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.] |
| 10 | |
| 11 | [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |
| 12 | |
| 13 | |
| 14 | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |
| 15 | |
| 16 | |
| 17 | |
| 18 | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| 19 | |
| 20 | |
| 21 | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| 22 | |
| 23 | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| 24 | |
| 25 | |
| 26 | |
| 27 | [Opposing Decl. of Latsanovski, ¶¶1-30.] |
| 28 | |

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

1

2

3

D. Defendants Latsanovski and Calenergy had no involvement in the day to day operations of Defendant Bunzai.

4

5

[Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.]

6

7

[Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.]

8

[Decl. of Latsanovski, ¶¶10; 12-18.]

9

10

11

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

12

13

14

E. Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct.

15

16

17

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

18

[Decl. of Latsanovski, ¶¶10: 12-18.]

19

20

21

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

22

23

24

25

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

26

27

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas,

28

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

|   |   |
|---|---|
| 1 | LTD. and Calenergy, LLC.] |
| 2 | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| 3 | |
| 4 | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| 5 | |
| 6 | |
| 7 | |
| 8 | [Opposing Decl. of Latsanovski, ¶¶1-30.] |
| 9 | |
| 10 | F.  Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet skincare business.  Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions.  Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai. |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | [Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)]. |
| 22 | |
| 23 | [Decl. of Latsanovski, ¶¶10: 12-18.] |
| 24 | |
| 25 | [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |
| 26 | |
| 27 | |
| 28 | |

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |
| | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| | [Opposing Decl. of Latsanovski, ¶¶1-30.] |
| 34.     Defendant Doron Nottea is or has been a manager at BunZaiand PinnacleDefendant Doron Nottea resides in this district and, in connection with the matters alleged herein, transacted business in this district and throughout the United States. Dkt. 244 ¶ 34 <br> **a.**     Doron Nottea possessed a book of credit cards and signed blank checks for Zen Mobile Media, Inc. Dkt. 120, at 32, 40. <br> **b.**     Alon Nottea, Roi Reuveni, and Motti Nottea, Igor Latsanovski, CalEnergy Inc., and Chargeback Armor, Inc. stated that Doron Nottea sent and received emails using the email account dornon@doron.us. Exs. 910 ¶ 257; 91 1¶ 257; 913 ¶ 257; 914 ¶ 257; 915¶ 257; 917 ¶ 257. <br>      i.     Doron Nottea sent and received emails from the email address globalmediausa@gmail.com. Exs. 942; 943; 52. <br>      ii.     Doron Nottea sent and received email from the email address xposedinc@gmail.com. Ex. 551, at 109:15- | 34.     *Disputed.* <br><br> A.     Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc. <br> [Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; *"The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment..."*] <br><br> [Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.] <br><br> [Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.] <br><br> [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief |

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| 109:22. | from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |
| **c.** Chargeback Armor, Inc. admitted that Doron Nottea sent and received messages using the Skype account name Accounting8 18. Ex. 917 ¶ 258. | [Opposing Decl. of Latsanovski, ¶¶1-10.] |
| **d.** Doron Nottea owned Corporate Defendants that participated in the common enterprise. | B. During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates. |
| i. Andrew Stanley, a former employee of both BunZai and Pinnacle, testified that Doron Nottea held himself out as the owner of both BunZai and Pinnacle Ex. 554, at 65:20-66:7; 86:17-87-7; see also Exs. 35; 43; 544. | [Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.] |
| ii. An individual emails Doron Nottea "want[ing] to sell cosmetics on [Nottea's] distribution channel." Ex. 35. | [Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea*, R.T. 85: lns. 3-5; *"Did Bunzai ...pay back Igor ...? A. I believe it did.*] |
| iii. Stephan Bauer appeared to inform Nottea that he can use SBM Management, Inc. for Nottea's marketing "hard core online trial and offers biz." Ex. 43. | |
| iv. Alon Nottea emails Doron Nottea profit spreadsheet of BunZai and states they need to go through it together. Ex. 518. | [Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.] [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |
| v. Doron Nottea provided and received payroll reports for Bunzai. Ex. 544. | |
| vi. Doron Nottea was apprised of incorporation documents relating to both BunZai and Pinnacle. See Exs. 299; 343. | |
| vii. Doron Nottea was apprised of incorporation documents for other Corporate Defendants as well. Exs. 41; 374; 505. | C. Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,746 in interest return on the $500,000. |
| viii. In initial structuring decisions relating to the common enterprise, Doron Nottea was directly involved with Alon Nottea and Kristopher Bond in determining the enterprise's needs. Ex. 483. | [Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.] |
| ix. David Davidian emailed Alon Nottea, Doron Nottea, and Kristopher Bond regarding further consultations in structuring the enterprise. Ex. 483. | [Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea*, R.T. 85: lns. 3-5; *"Did Bunzai ...pay back Igor ...? A. I believe it did.*] |
| x. Doron Nottea co-owned Secured Commerce LLC with Alan Argaman. See Dkt. #120, at 8. | [Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.] |
| **e.** Doron  Nottea managed employees of the common enterprise. | [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in |

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| i.       Leor Arazy, human resources manager for Pinnacle and BunZai, included Doron Nottea on an email sending out a salary report by department for Pinnacle. Ex. 38. | Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |
| ii.       Leor Arazy sent Doron Nottea the company's paycheck advance policy and requests that he let her know if he wants any changes. Ex. 84 | D. Defendants Latsanovski and Calenergy had no involvement in the day to day operations of Defendant Bunzai. |
| iii.       Doron Nottea received payroll information for Corporate Defendants. Exs. 345; 346; 353. | [Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.] |
| iv.       Doron Nottea sent "new employee" information for shell corporations to CPA David Davidian. Ex. 433. | [Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.] |
| v.       Defendant Paul Medina testified in his deposition that he reported to Doron's employees or assistants for anythingfinancially related to the various Corporate Defendants. Ex. 946, at 28:6-28:13; Ex. 946, at 27:8-27:21. | [Decl. of Latsanovski, ¶¶10; 12-18.] |
| vi.       Paul Medina emailed Doron Nottea a list of current merchant accounts selling AuraVie. See Ex. 384 | [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |
| vii.       Former employees Nastassia Yalley and Philip Camerino were Doron's "assistants." Ex. 946, at 27:8- 27:21. | E. Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct. |
| viii.       Defendant Medina also provided Defendant Doron Nottea with commission calculations to payment the straw "owners" of the various Corporate Defendants, who were paid. Exs. 946, at 44:10-20; 166. | [Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)]. |
| ix.       Nastassia emailed Defendants Doron Nottea and Paul Medina a list of merchant accounts associated with BunZai. Ex. 546. | [Decl. of Latsanovski, ¶¶10: 12-18.] |
| f.       Defendant Alon Nottea also kept Doron apprised of day-to-day higher level issues concerning the enterprise. This included: | [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |
| i.       Meetings and discussions relating to negotiating Canadian shipping rates sent to Doron's email, xposedinc@gmail.com. Ex. 174. | F. Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet skincare business. Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare |
| ii.       Discussions relating to resolving IRS audits and workers' compensation audits . Exs. 350; 376. | |
| iii.       Operationally, Alon Nottea placed Doron Nottea in charge of many aspects of managing the Indian call centers associated with | |

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

the scheme, telling his Indian counterpart that "Doron will manage the corporation and DBA Setup as well as accounting, disbursement of funds back to India." Ex. 579.

 iv.  Doron forwarded contractual agreements such as the confidentiality agreements required to start negotiations for third party services. Ex. 271.

 v.  Doron even managed basic documentation such as insurance documents relating to minor advertising engagements with third parties. Ex. 308.

 vi.  Doron received emailed about renewing P.O. Box relating to Dellure. Ex. 333.

**g.**  Despite attempting to keep Alon Nottea and his own name off financial management records, evidence makes clear Doron Nottea managed or controlled numerous accounts associated with the common enterprise, including either making payments or providing permission to make payments on behalf of several of the entities. Exs. 466; 485; see also, e.g., Exs. 292, 294, 296. 479 (setting up wire transfers), 488.

 . i.  Doron adamantly instructed that "All invoices only to accounting@pinlogistics.com never to me !" Ex. 466.

 ii.  Doron instructed an individual "please DON'T write Alon's Name on it" regarding a check from shell company Agoa Holdings. Ex. 485.

 iii.  Doron was responsible for arranging wire transfers relating to the common enterprise. Ex. 497.

 iv.  Numerous "books" each holding dozens of credit cards were found in Doron's possession, located in his office, as well as deposit stamps for more than 18 entities. Dkt. #120, at 13, 70-71, 74.

 v.  Books of deposit slips or checks for at least 35 entities were also located in Doron's office. Dkt.#120, at 13.

 vi.  He also kept RSA devices used to make electronic funds transfers for at least eight bank accounts. Dkt.# 120, at 13.

 vii.  Doron Nottea maintained

products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions.  Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| personal information including copies of other Individual Defendants' driver licenses and signature block for vii.   Doron Nottea maintained personal information including copies of other Individual Defendants' driver licenses and signature block for using new bank accounts, as well as access to and used blank pre-signed checks for numerous Corporate Defendants. Ex. 536; see also, e,g, Exs. 49; 437. | [Opposing Decl. of Latsanovski, ¶¶1-30.] |

1
2
3
4
5
6
     viii.     Doron Nottea possessed blank, pre-signed checks for
7
CalEnergy, Inc. in his office. Dkt. 120, at 13; see also Ex. 49.
8
     ix.     Former employee Andrew
9
Stanley, whose work for several years consisted of responding to chargebacks for the common
10
enterprise, stated that Doron Nottea controlled and oversaw many merchant accounts associated
11
with BunZai, including reviewing complex
12
issues such as reserve rates relating to such merchant accounts. Exs. 173; 349; 430; see Ex.
13
554, at 86:17- 87:7.
     x.     Doron opened, managed, and
14
controlled the merchant accounts and other
15
financial accounts used by the common enterprise, and was even apprised of negotiations
16
with potential payment processors by his brother, Alon. Exs. 64; 78; 88; 167; 383; 467.
17
     xi.     Doron requested that Yalley send him a list of "all our merchant accounts"; Yalley
18
replied with a spreadsheet of all the merchant accounts used by the AuraVie companies. Ex.
19
78.
20
     xii.     Yalley provided Doron, Alon, and Paul with accounting spreadsheets for the
21
AuraVie businesses. Ex. 167.
22
     xiii.     Defendant Latsanovski requested that Nottea make a payment to an Israeli bank
23
account from SBM Management's bank account. Ex. 64.
24
     xiv.     Yalley sent Doron login
25
information concerning accessing payments made to AuraVie.com. Ex. 88.
**h.**     Doron  handled accounting or
26
bookkeeping for the common enterprise.
     i.     Doron oversaw the finances of the
27
common enterprise, calculating the companies'
28

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

profits and losses and managing the enterprise's various entities and merchant accounts. See Exs. 21; 46; 47; 51; 52; 58; 59; 335; 337; 338; 339; 340; 391; 392; 393; 399; 405; 406; 407; 408; 409; 946, at 36:8-36:11.

  ii. Defendant Latsanovski openly discussed Doron's "department" in the company he runs with Alon Nottea. Ex. 21.

  iii. Yalley referenced Doron instructing her which toll-free numbers to leave open. Ex. 47.

  iv. Alon forwarded Doron an email concerning skincare merchant accounts with EVO and UMS. Ex. 52.

  v. An invoice from Secured Commerce to Adageo for the AuraVie landing page shows Doron was involved in the common enterprise's landing page's creation. Ex. 46.

  vi. Doron sent Alon what appears to be an affiliate's "advertorial" concerning AuraVie. Ex. 51.

  vii. (intentionally left blank)

  viii. Paul Medina requested approval from Doron and Defendant Alan Argaman to switch one of the Limelight accounts over to Secured Merchants LLC, a company purportedly owned solely by Alan Argaman. Limelight aspect of the enterprise. Ex. 59.

  ix. Medina testified he believed Doron Nottea was in charge of accounting for the AuraVie companies. Ex. 946, at 36:8-36:11.

  x. Davidian emailed Doron Nottea the IRS Form W2 for several AuraVie companies. Ex. 338.

  xi. Alon Nottea testified that he asked Doron Nottea to assist him with accounting for the common enterprise and to supervise Nastassia's accounting work for the Corporate Defendants. Ex. 550, at 136:20-138-20, 139:24-140:12.

  xii. Defendant Medina also provided Doron Nottea with information concerning the 1% "commission" payouts— the payments made to the figureheads of the various shell companies for permitting their names to be used to open the accounts—among other financial information for

the enterprise. See also Exs. 32; 45; 166; Ex. 946, at 44:10-45:15.

xiii.      Paul Medina provided Doron Nottea with commission calculations. Ex. 166.

xiv.      Paul Medina sent Alon and Doron Nottea a spreadsheet called "US Rebill Die Down.xlsx," which appears to concern the revised expenses for the AuraVie common enterprise as they wound down operations in the United States. Ex. 45.

xv.       Former employee Nastassia Yalley provided monthly "breakdowns" of accounting and expenses for the Corporate Defendants to Doron. See, e.g., Ex. 82; 167; 542; 543; 556, at 33:23-34:1.

xvi.      Doron admitted to active involvement in the bookkeeping of nearly all Corporate Defendants. This list includes: Pinnacle, Ex. 551, at 17:3-17:5; DSA Holdings, Inc., Ex. 551, at 17:9-17:11; DMA Media Holdings, Inc., Ex. 551, at 60:14-60:18; SBM Management, Inc., Ex. 551, at 53:9-53:14; Kai Media, Inc., Ex. 551, at 56:21-56:23; Lifestyle Media Brands, Inc., Ex. 551, at 44:13-44:15; Agoa Holdings, Inc., Ex. 551, at 49:3-49:7; Zen Mobile Media, Inc., Ex. 551, at 50:17-50:19; Heritage Alliance Group, Inc., Ex. 551, at 52:12-52:14; Safehaven Ventures, Inc., Ex. 551, at 51:16-51:20; Insight Media, Inc., Ex. 551, at 58:7-58:11; Secured Merchants, LLC, Ex. 551, at 58:23-59:9; Shalita Holdings, Inc., Ex. 551, at 61:2-61:4; Allstar Beauty Products, Inc., Ex. 551, at 61:13-61:17; USM Products, Inc., Ex. 551, at 68:20-68:25;

xvii.      Chargeback Armor, Inc. admitted that Doron Nottea performed bookkeeping work for Focus Media Solutions, Inc. Ex. 917 ¶ 221.

xviii.      Doron Nottea was one of the individuals authorized to receive mail for Chargeback Armor, Inc. Ex. 365-13.

i.      Doron Nottea managed the Common Enterprise employees and controlled its business.

**i.**      Doron Nottea met with an individual to discuss his management plan for the AuraVie business, which included ways to reduce his

companies' chargeback levels. Exs. 29; 385.

     ii.     Emails show that Doron corresponded with a certified public accountant about incorporating various Corporate Defendants and overseeing the initial financials of these corporations. See Exs. 553, 299, 302, 343, 364.

     iii.     Doron Nottea and the CPA David Davidian discussed corporate filings, including DSA Holdings, Inc. Ex. 41.

     iv.     Doron was provided invoices for "new corporations" including SBM Management, Inc. and CalEnergy, Inc. Ex. 397.

     v. Doron also coordinated the stand-in owners of various shell corporations involved in the enterprise, providing personal information of each individual so that their identities could be used in the incorporation process. Ex. 484.

     vi.     Alon Nottea forwarded Doron, as well as Paul Medina and Igor Latsanovski, an email in which Alon informed UMS Bank they intended to wind up their sale of AuraVie products in part due to FTC and credit card regulations. Ex. 60.

     vii.     Alon Nottea forwarded Doron an email concerning skin care merchant accounts approved by a payment processing entity. Ex. 329.

     viii.     David Midgal emailed Doron asking "what you want me to do" concerning "a new PO Box (address) for Dellure"—one of the common enterprise's products. Ex. 33 1-1.

**j.**     Doron Nottea sent a text message from his phone (XXX) XXX-9999 to his email address, xposed@gmail.com, in which he states:

Our volume is down to about 350 (100 from lifescript + 250 from un-compliant survey traffic per day...) And even that is a miracle since we can no longer use advertorials for now ... As the lady (pam bondi) in the Florida Atty. Gen. is reviewing every single continuity skinc are and diet advertisers in the industry... We are waiting for some more industry news to be released in order to make an executive decision on whether or not to run blogs again... Nevertheless, dawn's and Nancy's attorney is pushing hard ...

| | |
|---|---|
| threatening to file against all corporations and people involved, this creates a very big exposure and risk to our entire entities... Especially now that Nastassia is gone, they will have access to much more personal, private and sensitive information. This is very concerning, and very risky... If you are not willing to let your attorney speak to their attorney, I will half to engage in a non- formal potential settlement meeting in order to avoid the exposure... This also creates additional exposure for pinnacle logistics as Dawn and Nancy are probably still in touch with some current and former employees... Thereby moving the exposure to pinnacle employees as well ... We don't want the word out that every single employee Can go after us because we are in the business of settling false demands ... Additionally, Joyce Gaines from UMS contacted me With respect to the level of reserves they are holding, they have had a few merchants funds frozen by the FTC previously... And she is concerned due to the high-risk nature of our business model, she would like to hold additional reserves which means more of a lack of income to the company...Ex. 330. See also Ex. 941 (Doron Nottea provides sworn statement concerning his phone number (XXX) XXX-9999); Ex. 551, at 109:15-109:22 (Doron Nottea confirms his email address, xposedinc@gmail.com). | |
| 35.    Defendant Oz Mizrahi is or was the CEO of Pinnacle and resides in this district. Dkt. 245 ¶ 35. | 35.    ***Undisputed.*** |
| 36.    Defendant Igor Latsanovski resides in this district and, in connection with the matters alleged herein, transacted business in this district. Dkt. 253 ¶ 36.<br>**a.**    Doron Nottea and Motti Nottea stated that Igor Latsanovski was an owner of BunZai, and CEO of Zen Mobile Media Group, Inc. Dkts. 244 ¶ 36; 245 ¶ 36.<br>**b.**    Partnership agreements show Igor Latsanovski was an owner of BunZai. Ex. 18-2.<br>**c.**    Defendant Medina, an employee of BunZai, also believed Latsanovski owned BunZai. Ex. 946, at 29:10-29:12. | 36. a. – q. and all subparts.    ***Disputed.***<br><br>A.    Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc.<br>[Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; "*The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment...*"]<br><br>[Decl. of Benice, ¶4; Exh. "C" thereto, |

**d.**     A former employee of BunZai, testified that Igor Latsanovski received and reviewed monthly accounting reports for BunZaiEx. 556, at 34:2-4; 34:20-35:7.

**e.**     The website for Igor's personal company, Defendant CalEnergy, reflected that CalEnergy was the parent company of both Defendants Media Urge and Pinnacle. Dkt. 908.

　　　**i.**     CalEnergy's internal organizational chart—which Latsanovski reviewed—confirms that Latsanovski supervised and managed Media Urge and Pinnacle. See Exs.561-3; 588-1, -9.

　　　**ii.**     Igor is listed as the "President" of Calenergy, Inc., who supervised (1) Defendant Reuveni, who himself managed Pinnacle, and (2) Philip Camerino, who himself managed "MediUrge," a misspelling of Defendant Media Urge. Ex. 561; 561-3; 588-9.

**f.**     Latsanovski previously swore under oath that BunZai was his employer. See Ex. 949.

**g.**     A BunZai Form W-2 listed Defendant Latsanovski as an employee. Ex.402-8.

**h.**     In a letter to the United States Citizenship and Immigration Services describing his job responsibilities at CalEnergy, Latsanovski represented that he was involved in "reviewing the activities and providing guidance to managed companies." Ex. 571-2.

　　　**i.**     In this letter he stated that he would meet with the company's presidents and employees, including "manager Roi Reuveni to review activities of the managed call center Pinnacle (including AuraVie, Dellure and Attitude . . .)" See Ex. 57 1-2, -3.

**i.**     Latsanovski was personally involved in managing the enterprise on a day-to-day level.

　　　**i.**     Latsanovski sent a revised profit and loss spreadsheet containing sales and chargeback information for the common enterprise. Ex. 503.

　　　**ii.**     Latsanovski participated in discussions concerning international merchant accounts. See Ex. 319.

　　　**iii.**     Latsanovski participated in meetings or conference calls with payment processors. See Ex. 329.

*February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.]

[Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

B. During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

173

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| iv.     Latsanovski was asked to proofread advertising to be used by Defendants overseas and assisted in coordinating the marketing campaign. Exs. 564; see Ex. 559. | [Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea*, R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*] |
| v.     Latsanovski was apprised of low-level contractual disputes relating to the advertising. See Exs. 48. | [Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.] [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |
| vi.     Latsanovski assisted Defendants in transferring funds overseas for safekeeping, including possibly to a Cyprus trust. See Exs. 55; 450; 470. | |
| vii.     He provided Defendants with blank, pre-signed checks to allow Defendants to operate the company. Dkt. 120, at 9, 35, 36. | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |
| viii.     Among those Corporate Defendants, CalEnergy transferred funds to Latsanovski and a company he owns. Dkt. 120, at 69. | |
| ix.     Defendant Medina testified that Latsanovski was present at the common enterprise's place of business multiple days each month from 2010 until 2014. Ex. 946, at 28: 17-29:3. | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| **j.**     Latsanovski participated in or controlled companies in addition to Pinnacle, including ones that he had no ownership interest in. | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| i.     Latsanovski ordered Doron to issue a payment to an Israeli bank account using funds from SBM Management, Inc., a company purportedly owned and operated by Stephan Bauer. Ex. 64. | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| **k.**     An email shows Igor making business decisions concerning operational aspects of companies within the common enterprise. These discussions include employee staffing decisions and how to manage the business's needs for areas such as "plants and Call- centers" while leaving higher level "intellectual labor" to Alon Nottea and himself. Ex. 21. | [Opposing Decl. of Latsanovski, ¶¶1-30.] |
| **l.**     Latsanovski discussed and reviewed sales with employees. | C. Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,746 in interest return on the $500,000. |
| i.     Former employee Yalley stated that Latsanovski would sit down next to her and review profit and loss statements for the enterprise. Exh. 556, at 34:2-4; | [Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.] |

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| 34:20- 35:7. | [Decl. of Benice, ¶4; Exh. "C" February 18, 2016 Depo of Alon Nottea, R.T. 85: lns. 3-5; "Did Bunzai ...pay back Igor ...? A. I believe it did.] |
|     ii.      Defendant Medina testified that he would have discussions concerning sales and affiliates with him. Ex. 946, at 30:4-30:13 | |
|     iii.     Paul Medina testified that he overhead Igor Latsanovski discussing chargebacks with Defendant Paul Medina. Ex. 946, at 3 1:16-32:3 | [Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.] |
| **m.**     Latsanovski was included on emails with links to the companies' advertisements and emails discussing issues with chargebacks and compliance. | [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |
|     i.      Latsanovski received an email concerning excess chargeback programs and the enterprise's excessive chargeback rates. Ex.562. | |
|     ii.     Latsanovski received emails discussing high-risk merchant accounts. Exs. 235; 444; 445. | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |
|     iii.     Latsanovski received an email discussing load balancing to maintain merchant accounts for the enterprise. Ex. 565. | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
|     iv.     Latsanovski received emails containing links to Defendants' deceptive risk-free trial websites. Ex. 28. | |
| **n.**    Latsanovski requested information concerning the common enterprise's chargeback rates and merchant reserve. Ex. 549. | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| **o.**    Latsanovski incorporated Zen Mobile Media, Inc., one of the shell companies used by Defendants to process consumer payments for Defendants' risk-free trials. Ex. 904-23. | |
| **p.**    Latsanovski provided loans to Corporate Defendants in the common enterprise for the AuraVie business. Ex. 552, at 22:14-21, 23:11-24:21, 27:5-13, 36:13-37:13, 52:5-53:8, 60:5-12, 69:21-70:2. | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| **q.**    Latsanovski sent an "opinion" email regarding the future of Pinnacle and the common enterprise. Ex. 21. In this email, Latsanovski states: | [Opposing Decl. of Latsanovski, ¶¶1-30.] |
|     i.     "And I feel (although it is not objectively) that we want to keep Pinicle . I'll tell you my reasons and point out the pros and cons. We want to grow and already we have Product company in the U.S. business-marketing, security-merchant, merchant-VastPay, and more will be opening: | D. Defendants Latsanovski and Calenergy had no involvement in the day to day operations of Defendant Bunzai. |
| | [Decl. of Benice, ¶2; Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 30: 6-23.] |
| | [Decl. of Benice, ¶4; Exh. "C" February 18, |

| | |
|---|---|
| the Product company in England, Brazil, itc, merchant- Europe and so on. That is, we must focus all our resources on that." Ex. 21. | *2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.] |
| ii.      "Money, knowledge and people, I'm talking about the Directors, the people who can not just perform, but also to make decisions and in addition whom we trust and know their capabilities. . . .Who we have: You, Paul, Roy, Andre and David and me a little, that's all! Doron has his department. You have to be on top of all, we understand!, . . . David is a good helper, but he has no power to make decisions and you always have to solve them for him, he's very good assistant, but assistant. Maybe with time and next to someone, he will be able to learn how to lead. I would recommend Roy as head of the Product company ,near him would have put David, and maybe next to Roy and under your leadership David will grow. Roy is Sergeant and will be able to perform your tasks well in the distance. Andre good helper, too, but we still have a lot of different directions. And I would not want to so we are constantly thinking about how to download the work of our factory - Pinicle ." Ex. 21 | [Decl. of Latsanovski, ¶¶10; 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| iii.      I want us to think, and concentrated our efforts on the opening of new businesses and the further management (without the presence of fixed assets) and thus used outsorsing. Do not tie their hands obligations to the large number of low-skilled workers. Let's work with fewer people, but with highly qualified people. Yes we lose in quality, but we'll take with a lot of things: 1- responsibility to the large number of people, and that's a lot. after all people is a problem, dividing the information can give us testimony in court, or just come up with these statements and show to us, and so on. 2 - we remove ourselves from the constant expenditure and translate these costs by the number of products sold. Let those who can not make Intelligent business, own and operate plants and Call-centers, and we will deal with intellectual labor. And we will not get nervous and worry about how to make money for the factory when we transition point occurs in the business. And we are in a quiet mode to | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

E. Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.] |

DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| | | |
|---|---|---|
| 1 | create new products. And then as it is now in emergency mode are buying goods, and all for what, to support our factory -Call-center ! 3 - we have to use ours, unfortunately, are not big human resources for development, rather than plant control. 4 - remove some legal risk to other companies that will serve us. | [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |

create new products. And then as it is now in emergency mode are buying goods, and all for what, to support our factory -Call-center ! 3 - we have to use ours, unfortunately, are not big human resources for development, rather than plant control. 4 - remove some legal risk to other companies that will serve us.

   iv.   I just want to give you a look at our entire company, with my eyes, maybe it will give you something.

   v.   Latsanovski signs the email "Your sincere partner Igor." Ex 21.

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

F. Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet skincare business. Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions. Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc.'s Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

| | |
|---|---|
| 37. Defendant Roi Reuveni is or has been an employee of BunZai Media Group, Inc. and an officer and manager of PinnacleEx. 553, at 18:21-19:6; 911-16 ¶¶ 106-08. He was a manager of the customer service, call center, and chargebacks departments at Defendant | 37.    *Disputed.*<br><br>A.    Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc.<br>[Decl. of Benice, ¶3; January 28, 2016 Depo of |

DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

PinnacleEx. 911-16 ¶¶ 107-08, 911-3 1¶ 207. Further, he was an officer or director of Agoa Holdings, Inc. Ex. 911-37 ¶ 245; Dkt. 250 ¶ 37. Defendant Roi Reuveni resides in this district. Dkt. 250 ¶ 37.

a.      Roi Reuveni was a president for DMA Media Holdings, Inc. Ex. 911- 37 ¶ 244.

i.      DMA Media Holdings was another "retail merchant corporation" or shell entity that processed payments for AuraVie sales. Ex. 553 at 73:11-74:14.

b.      Chargeback Armor, Inc. stated that Roi Reuveni was the COO of Chargeback Armor, Inc. Ex. 9 17-66 ¶ 237.

i.      Reuveni's email signature indicated that he was COO of Chargeback Armor, Inc. Ex. 290.

c.      Roi Reuveni admitted that since at least January 2010, he controlled or had the authority to control PinnacleExs. 911-16 ¶ 110; see also 910-15 ¶ 110; 912-27 ¶ 110.

d.      Roi Reuveni admitted that he received compensation from CalEnergy Inc. Ex. 911-37 ¶ 246; see also Exs. 914-53 ¶ 246; 915-53 ¶ 246.

e.      Roi Reuveni sent and received emails using the email accounts roi@chargebackarmor.com and roi@securedmerchants.com. Exs. 911-39 ¶¶ 259-60; see also Exs. 917-71 ¶ ¶ 259-60; 918-62 ¶ 260.

f.      Roi Reuveni executed the lease agreement for Chargeback Armor, Inc. Ex. 917-71 ¶ 262.

g.      Reuveni supervised BunZai and Pinnacle chargeback department employees. See e.g. Exs. 129; 131; 132.

i.      Reuveni managed Pinnacle, which oversaw fulfillment, customer service, and chargeback rebuttals for the enterprise. Ex. 554, at 32:2-32:14; Ex. 550, at 18:16- 19:2; Ex. 553, at 3 1:1-15, 165:23-166:24, 167:20- 177:18.

ii.     Reuveni assisted in reviewing or drafting AuraVie's template collection letter. Exs. 312.

iii.    Roi reviewed customer service

Latsanovski, R.T. 76:lns. 1-14; "*The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment...*"]

[Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.]

[Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

B. During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates.

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| protocols, scripts, and call recordings. Exs. 109-7; 143; 195; 573. | [Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.] |
| iv.      A call disposition instructional flowchart was authored by Reuveni according to the document's metadata. Ex. 142. | |
| v.      Paul Medina testified that Roi Reuveni edited scripts used by call center employees for responding to consumer complaints about AuraVie. Ex. 946, at 47:2- 48:2. | [Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea*, R.T. 85: lns. 3-5; *"Did Bunzai ...pay back Igor ...? A. I believe it did.*] |
| vi.      Reuveni reviewed the companies' deceptive free trial websites. Exs. 202 (Reuveni's email address in upper left hand corner of screenshot); 203 (Reuveni's email address in upper left hand corner of screenshot); 594. | [Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.] [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |
| vii.      Reuveni was apprised of the companies' sales and chargebacks, both domestic and international. Ex. 151. | |
| viii.      Reuveni assisted in managing LimeLight, the customer management software used by the common enterprise. Ex. 248. | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |
| ix.      Reuveni tracked customer service call dispositions for the common enterprise. Exs. 140; 325. | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| x.      A third party call center emailed Reuveni consumer call summaries. Ex. 325. | |
| xi.      Reuveni discussed the enterprise's chargeback ratios and ways to lower it with UMS bank and other payment processing entities. Ex. 285. | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| h.      Reuveni's participated in the common enterprise since at least early 2011. Ex. 263. | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| i.      Reuveni worked for Secured Merchants. Ex. 553, at 16:9-16-20. | |
| i.      He signed contracts on behalf of Secured Merchants LLC, listing his title as "Managing Member." Ex. 412-5. | [Opposing Decl. of Latsanovski, ¶¶1-30.] |
| j.      Reuveni incorporated Agoa Holdings and was its owner and CEO. Agoa was another retail merchant corporation or shell company that process consumer payments for AuraVie risk free trials. Reuveni | C. Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,746 in interest return on the $500,000. [Decl. of Benice, ¶2; Exh. "A" thereto, *January* |

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| admitted that he would oversee orders of AuraVie for the company. Ex. 553, at 54:24-55:3; and Ex. 553, at 59:19-61:24. | *28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.] |
| k.        Reuveni was included on and sent emails concerning Chargeback Armor, Inc.'s business. Ex. 365. | [Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea*, R.T. 85: lns. 3-5; |
| l.        Reuveni admitted he worked for Chargeback Armor. Ex. 553 15:12-16:8. | *"Did Bunzai ...pay back Igor ...? A. I believe it did.*] |
| m.        Reuveni reviewed the common enterprise's deceptive free trial websites. Exs. 202 (Reuveni's email address in upper left hand corner of screenshot); 203 (Reuveni's email address in upper left hand corner of screenshot); 594. | [Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |
| n.        Reuveni was present at the meeting in which his cousin, Alon, discussed the illegality of their scheme and his plans for how to prepare for the inevitable FTC enforcement action. See Ex. 86. | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |
| o.        Defendant Reuveni corresponded concerning posts on "ripoffreport.com" with Defendants Alon Nottea, Paul Medina, and Khristopher Bond. Ex. 93. | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| p.        Roi Reuveni owned Trigen LLC. Ex. 553, at 16:24-17:4. | |
| q.        Alon emailed Reuveni concerning new MasterCard regulations concerning chargebacks. Ex. 141. | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| r.        Reveuni received chargeback reports from third party companies. Revguard, a third party company that assists companies in responding to chargebacks, emailed chargeback information to Reuveni. Exh. 144. XCaliber Solutions also updated Reuveni concerning chargeback statistics for the common enterprise's sales. Ex. 146. | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| s.        Roi Reuveni received call logs along with an invoice from a third party call center. These call logs documented customer complaints concerning the common enterprise's business practices. Ex. 325. | [Opposing Decl. of Latsanovski, ¶¶1-30.] D. Defendants Latsanovski and Calenergy had no involvement in the day to day operations of Defendant Bunzai.

[Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.] |

[Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.]

[Decl. of Latsanovski, ¶¶10; 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

E. Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]
F. Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet skincare business. Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions. Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | | |
|---|---|---|
| 1 | | Calenergy provided loans to Bunzai. |
| 2 | | [Decl. of Benice, ¶2;Exh. "A" January 28, 2016 |
| 3 | | Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)]. |
| 4 | | [Decl. of Latsanovski, ¶¶[10: 12-18.] |
| 5 | | |
| 6 | | [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in |
| 7 | | Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July |
| 8 | | 15, 2015, ¶¶4-14.] |
| 9 | | [Request for Judicial Notice No. 2; Declaration |
| 10 | | of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial |
| 11 | | Summary Judgment filed April 18, 2016.] |
| 12 | | [Request for Judicial Notice No. 3; Declaration |
| 13 | | of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 |
| 14 | | Agreement between Guayas, LTD. and Calenergy, LLC.] |
| 15 | | [Request for Judicial Notice No. 4; Declaration |
| 16 | | of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| 17 | | |
| 18 | | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants |
| 19 | | Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal |
| 20 | | Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| 21 | | |
| 22 | | [Opposing Decl. of Latsanovski, ¶¶1-30.] |
| 23 | 38. Defendant Khristopher Bond, is or has been an owner of BunZai. Dkts. 244 ¶ 38, 245, ¶ 38. Defendant Bond was integrally involved in the day-to-day operations of BunZai. Dkts. 244 ¶ 38, 245, ¶ 38 Bond resides in this district. Dkts. 244 ¶ 38, 245, ¶ 38. Khristopher Bond has defaulted in this action. Dkt. #229. | 38.    *Undisputed.* |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | 39. Defendant Alan Argaman was an owner of Defendant Secured Commerce LLC, Dkts. 299 ¶ 39, which designed, created, and helped | 39.    *Disputed.* |
| 28 | | A.    Defendants Latsanovski and Calenergy |

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

1  manage the websites or landing pages used for deceptively marketing and selling skincare products. Ex. 46. He is also an owner of Secured Merchants, LLC, Dkts. 299 ¶ 39; 244 ¶ 39; 245 ¶ 39; see also Ex. 917 ¶ 208. Defendant Alan Argaman resides in this district. Dkt. 299 ¶ 39.

2

3

4

5  **a.**      Doron Nottea and Motti Nottea stated that Alan Argaman managed Secured Commerce, LLC. Dkts. 244 ¶ 39; 245 ¶ 39.

6

7  **b.**      Doron Nottea also stated that he and Alan Argaman were the owners of Secured Commerce, LLC. Ex. 912 ¶ 214.

8  **c.**      Alan Argaman sent and received emails using the email account avicoglobal@gmail.com. Ex. 916 ¶ 261.

9

10  **d.**      Alan Argaman provided a variety of critical services to the common enterprise, many through his company, Secured Merchants LLC.

11

12

13  i.      Argaman provided integration services for their customer service management software, Limelight (See Dkt. 12 1-6, at 9-21; Dkt. 12 1-7, at 1-3), which Defendant Argaman testified is a software typically used for continuity sales. Ex. 555, 51:3-19. See also Ex. 946, at 19:23-20:17.

14

15

16

17  ii.      Argaman assisted Alon Nottea in operating a call center for AuraVie customer complaints. Exs. 47; 149; 432; 440; 441; 516.

18  iii.      Argaman provided technical expertise to create an automated response system to allow large numbers of consumers to cancel their AuraVie continuity plans. See Dkt. 121-6, at 9-21; Dkt. 121-7, at 1-3.

19

20

21  iv.      Secured Merchants boasted that its contribution to the common enterprise "offer[s] a vehicle to resolve consumer disputes before they become chargebacks." Ex. 257-2.

22

23  v.      Defendant Argaman integrated the AuraVie free trial campaigns into Lime Light, a third party customer relationship management (CRM) software Defendants used for selling their products by negative option continuity plans. See Exs. 187; 306; 476; 493; 528; 547.

24

25

26

27  vi.      Email and screenshots show

28

were solely lenders in Bunzai Media Group, Inc.

[Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; "*The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment...*"]

[Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.]

[Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

B. During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling

185

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| Defendant Argaman designing, creating, or managing a website offering risk free trial offers of skin care products. Ex. 531 | $500,000 to Defendant Bunzai and its affiliates. |
| vii.      Defendant Argaman admitted to creating AuraVie.com. See Ex. 555, 49:5-18. | [Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.] |
| viii.      Defendant Alon Nottea's company was invoiced by Secured Commerce LLC, a company owned by Defendant Argaman for "Design, Creation, & Optimization of Auravie landing page Campaign Setup and integration to Lime Light CRM and Click Connector." See Ex. 46. | [Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea*, R.T. 85: lns. 3-5; "*Did Bunzai …pay back Igor …? A. I believe it did.*] |
| ix.      Defendant Argaman sold Attitudeline/INFINI skincare products, a product that Defendants marketed or sold, or assisted others in marketing or selling, by negative option continuity plans (or assisted others in marketing or selling in the same manner). Ex. 368. | [Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.] [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |
| x.      Defendant Argaman participated in planning and managing the AuraVie Angels promotional campaign. Exs. 185; 494; 497. | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |
| xi.      Defendant Argaman established toll-free telephone numbers for various shell corporations and set up call forwarding for those numbers. See, e.g., Ex. 529. | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| xii.      Defendant Argaman used Secured Commerce to lease the main office suite where Defendants operated. Dkt. 120, at 12. | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| e.      Defendant Argaman played a role in the decision making and marketing of new products relating to the common enterprise that went beyond providing assistance with technology issues and shipping. For example: | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| i.      Defendant Argaman sent Doron Nottea a presentation concerning a product called LeElle. Defendant Argaman was later consulted concerning the company's packaging design. Exs. 360; 361. | |
| ii.      Defendant Argaman also provided input concerning who would own the new product Defendants were marketing. Ex. 362. | [Opposing Decl. of Latsanovski, ¶¶1-30.] |
| f.      Defendant Argaman played a key role in refuting consumer chargebacks for the Corporate Defendants, through his company, | C. Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,746 in interest return on the $500,000. |

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| Secured Merchants LLC. | [Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.] |
|     i.       contested consumer chargebacks for the Corporate Defendants that sold AuraVie and that Secured Merchants had previously provided a chargeback refutation service termed "chargeback armor." Ex. 555, at 75:1-5, 86:10-25, 88:15-24. | |
|     ii.     Defendant Argaman possessed a "Standard Service Agreement" form for clients' use of Chargebackarmor.com. Further, emails suggest that Secured Merchants processed chargebacks for AuraVie under the name Chargeback Armor. Exs. 280; 348; 412; 413. | [Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea*, R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*] |
|     iii.    The Chargeback Armor Service Agreement states: "The Software is made available to you and the Service is owned, operated, and provided to you by SM through the CHARGEBACKARMOR.COM Site." Ex. 280. | [Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]<br><br>[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |
|     iv.    According to Chargeback Armor, Inc.'s Executive Summary, "33,000 chargebacks were processed in 2014 for our fist [sic] client, AuraVie, an anti-aging skincare company." See Ex. 28 1-2. | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |
|     v.    A document titled "Secured Merchants – Company Describes" described the "ChargeBack Armor" services as helping "win back lost revenue by reversing chargebacks in your favor" and "handl[ing] the entire chargeback dispute process on your behalf." Ex. 257. | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| **g.**    Defendant Argaman operated Relief Defendant Chargeback Armor, Inc., a company Defendant Alon Nottea admitted was used to refute consumer chargebacks, jointly with other Individual Defendants. | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
|     i.    Defendant Argaman, through his company Secured Merchants LLC, provided $250,000 in startup capital to Chargeback Armor, Inc. Exs. 916 ¶ 235; 917 ¶ 235; Dkt. #231-1, at 53. | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
|     ii.    Chargeback Armor's Executive Summary states that Defendant Argaman was the company's "Chief Technology Officer." Ex. 281. | [Opposing Decl. of Latsanovski, ¶¶1-30.] |
|     iii.    Nova 8 Media billed Defendant Argaman of Secured Merchants for "design | D. Defendants Latsanovski and Calenergy had no involvement in the day to day operations of Defendant Bunzai. |

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| services" for "Chargeback Armor." See, e.g., Ex. 414. | [Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.] |
|     iv.    A Chargeback Armor, Inc. services agreement dated March 2, 2015 describes the company's board of directors as consisting of Mike Costache, Alon Nottea, and Avi Argaman. Dkt. # 231-1, at 36. | [Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.] |
|     v.    A Chargeback Armor, Inc. lease agreement dated February 27, 2015 lists Mike Costache, Doron Nottea, and Defendant Argaman as individuals to whom mail may be sent to Chargeback Armor, Inc. Ex. 365-13. | [Decl. of Latsanovski, ¶¶10; 12-18.] |
|     vi.    Defendant Argaman incorporated Chargeback Armor, Inc. in concert with other Individual Defendants. Ex. 404. | [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |
|     vii.    Defendant Argaman received statistics detailing  chargeback numbers for various Chargeback Armor clients, including AuraVie. Ex. 151. | E. Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct. |
|     viii.    (Intentionally left blank.) | |
|     ix.    Defendant Argaman participated in discussions  concerning high-level corporate decisions for Chargeback Armor ranging from updates regarding the launch of the company to opening the company's corporate bank account. Exs. 184; 369. | [Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)]. |
|     x.    Alon Nottea reported to Defendant Argaman concerning new Chargeback Armor customers. Ex. 184. Mike Costache, a Secured Merchants employee and purported Chargeback Armor CEO, sent an email to a Secured Merchants client that included referring to Secured Merchants as "the technology company that developed the Chargeback Armor product" and then noting that Secured Merchants is "transitioning all clients to be billed" by Chargeback Armor. Dkt. # 231- 1, at 8. | [Decl. of Latsanovski, ¶¶10: 12-18.] [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |
| **h.**    Argaman had notice that Defendants marketed their products through negative option plans. | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |
| **i.**    (Intentionally left blank.) | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
|     ii.    Defendant Argaman assisted Defendants with managing their various trial campaigns on Lime Light software— software he acknowledged was often used for selling products by continuity plan. See Exs. 59; 92. | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| | [Request for Judicial Notice No. 5; Declaration |

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

iii.     Secured Merchants Executive Summary listed, under "Target Markets," numerous companies that sell or sold their products by negative option continuity plans or trial offer. See Ex. 256. Defendant Argaman was aware, or should have been aware, that Defendants took significant measures to disguise their common enterprise.

i.     Defendant Argaman was sent emails discussing the "load balanc[ing] between multiple merchant accounts and corporations." Ex. 337.

ii.     Paul Medina informed Defendants Doron Nottea, Alon Nottea, and Alan Argaman about high risk accounts. Ex. 337.

iii.     Defendant Argaman assisted in establishing dozens of phone numbers for Defendants' shell corporations.

**j.**     Defendant Argaman was aware, or should have been aware, that Defendants engaged in "load balancing"—the means by which Defendants deceived payment processors concerning their actual chargeback ratio—between their various merchant accounts.

i.     Load balancing was discussed in emails Argaman received. See, e.g., Ex. 449.

**k.**     Defendant Argaman appears to have assisted in coordinating the assistance of and payment to a third party call center in India, which handled some customer service calls for Defendants. Ex. 386.

**l.**     Defendant Argaman was included on an email detailing the high chargeback rates for merchant accounts associated with the common enterprise. Ex. 337.

of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

F.  Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet skincare business.  Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions.  Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

| 40.     Defendant Paul Medina is or was the Executive President or Vice President of Defendant Media Urge, Inc. Ex. 946, 9:9-22. He was also an employee of BunZai, and the CEO of Focus Media Solutions, Inc. See Ex. 946, at 7: 18-8:9. | 40.     *Undisputed.* |

189

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

41.     Relief Defendant Chargeback Armor, Inc. is a California corporation , Dkt. 300 ¶ 41, with its principal place of business at the Reseda Office. Dkt. 120, at 18. At times material to the Complaint, Chargeback Armor, Inc. received funds from Secured Merchants, LLC, which received funds from SBM Management, Inc. Ex. 917 ¶¶ 235-236. At times material to the Complaint, Chargeback Armor Inc. transacted business in this district. Dkts. 244 ¶ 41; 245 ¶ 41.

a.     Secured Merchants, LLC transferred $250,000 in funds to Chargeback Armor, Inc. Exs. 916 ¶ 235; 917 ¶ 235; Dkt. # 231-1, at 53.

b.     Secured Merchants, LLC received more than $300,000 in funds for providing chargeback services relating to the sale of Defendants' skincare products. Ex. 918 ¶ 236.

Alan Argaman and Chargeback Armor, Inc. stated that Roi Reuveni was the COO of Chargeback Armor, Inc. Ex. 917 ¶ 237.

d.     Relief Defendant Chargeback Armor, Inc. refuted consumer chargebacks for the unauthorized AuraVie charges.

i.     Chargeback Armor boasted to potential investors that 33,000 chargebacks were processed in 2014 for our fist [sic] client, AuraVie, an anti-aging skincare company." Dkt. 231-1, at 4.

ii.     Defendant Alon Nottea stated that Chargeback Armor, Inc. processed chargebacks for the common enterprise. Ex. 550, 172:3-5; see also Ex. 946, at 24:9-23.

e.     Although not formally incorporated until March 2015, the company operated informally before incorporation. See Ex. 280.

f.     Chargeback Armor appears to have provided nearly identical chargeback services as Secured Merchants. Dkt. 231-1, at 8; Exs. 280; 412; 413.

g.     This company specialized in providing chargeback refutation services

41.     ***Disputed.***

A.     Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc.
[Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; *"The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment..."*]

[Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.]

[Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| to the "Direct Response Marketing" industry, of which Defendants were but one of many. Ex. 256. | B. During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates. |
| Chargeback Armor's Executive Summary states that their "target market" was "High-rick [sic] online marketers." Ex. 281. | [Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.] |
| i. Chargeback Armor claims to investigate all chargebacks they contest. | |
| i. Mike Costache, the purported CEO of Chargeback Armor, stated that they would investigate the validity of consumer chargebacks before attempting to contest them. Dkt. # 121-6, at 3. | [Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea*, R.T. 85: lns. 3-5; *"Did Bunzai …pay back Igor …? A. I believe it did.*] |
| ii. Costache stated that Chargeback Armor's policy was to "reply[] only to chargebacks that can be won with proper evidence from the client's Customer relationship Management (CRM), gateway provider(s) and shipping provider(s)." Id. | [Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.] [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |
| j. Chargeback Armor authorized Secured Merchants to receive its mail. Ex. 365. | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |
| | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| | [Opposing Decl. of Latsanovski, ¶¶1-30.] |
| | C. Defendant Latsanovski and Calenergy |

191

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

received the $500,000 in full repayment and $317,746 in interest return on the $500,000.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea*, R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

D. Defendants Latsanovski and Calenergy had

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

no involvement in the day to day operations of Defendant Bunzai.

[Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.]

[Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.]

[Decl. of Latsanovski, ¶¶10; 12-18.] [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

E. Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| 1 | Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)]. |
| 2 | |
| 3 | [Decl. of Latsanovski, ¶¶10: 12-18.] |
| | [Request for Judicial Notice No. 1; July 13, |
| 4 | 2015 Declaration of Igor Latsanovski in |
| | Support of Ex Parte Request for Partial Relief |
| 5 | from Temporary Restraining Order filed July |
| | 15, 2015, ¶¶4-14.] |
| 6 | |
| 7 | [Request for Judicial Notice No. 2; Declaration |
| | of Igor Latsanovski in Support of Motion for |
| 8 | Summary Judgment, or Alternatively Partial |
| | Summary Judgment filed April 18, 2016.] |
| 9 | |
| 10 | [Request for Judicial Notice No. 3; Declaration |
| | of Ilia Klykov Re: November 6, 2009 Fiduciary |
| 11 | Management Agreement; and January 12, 2015 |
| | Agreement between Guayas, LTD. and |
| 12 | Calenergy, LLC.] |
| 13 | [Request for Judicial Notice No. 4; Declaration |
| | of Mariya Aleksandrovna Re: June 4, 2015 |
| 14 | Master Loan Agreement.] |
| 15 | |
| 16 | [Request for Judicial Notice No. 5; Declaration |
| | of Jeffrey S. Benice in Support of Defendants |
| 17 | Igor Latsanovski and Calenergy, Inc's Motion |
| | for Summary Judgment Pursuant to Federal |
| 18 | Rules of Civil Procedure Rule 56 or, |
| | Alternatively Partial Summary Judgment.] |
| 19 | |
| 20 | [Opposing Decl. of Latsanovski, ¶¶1-30.] |
| 21 | F.  Defendants Latsanovski and Calenergy, did |
| | not play any role in the operation of the internet |
| 22 | skincare business.  Latsanovski never spoke to |
| | any customers; was not involved in the day to |
| 23 | day operations of the internet skincare business; |
| | had no involvement in the marketing or |
| 24 | advertising of the skincare products; never |
| | received or reviewed any reports regarding |
| 25 | customer complaints; and had no knowledge of |
| | the web based advertising used by defendant |
| 26 | Bunzai. Defendants Alon and Bond actually |
| | operated and controlled Defendant Bunzai and |
| 27 | made all operational decisions.  Neither |
| 28 | |

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF
UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶[10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶[1-30.]

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

## COMMON ENTERPRISE

| *MOVING PARTY'S UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE* | *OPPOSING PARTY'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE* |
|---|---|
| 42. Defendants BunZai; Pinnacle; DSA Holdings, Inc.; Lifestyle Media Brands, Inc.; Agoa Holdings, Inc.; Zen Mobile Media, Inc.; Safehaven Ventures, Inc.; Heritage Alliance Group, Inc.; AMD Financial Network, Inc.; SBM Management, Inc.; Media Urge, Inc.; Adageo, Inc.; CalEnergy, Inc.; Kai Media, Inc.; Insight Media, Inc.; Focus Media Solutions, Inc.; Secured Commerce, LLC; Secured Merchants, LLC; USM Products, Inc.; Merchant Leverage Group, Inc.; DMA Media Holdings, Inc.; Shalita Holdings, Inc.; All Star Beauty Products, Inc. (collectively, "Corporate Defendants") have operated as a common enterprise while engaging in the deceptive and unlawful acts and practices alleged herein. See, e.g. Dkts. 121-1 p. 3, 10-11; 121-3 pp. 4-5; Ex. 384. | 42. a. – h. and all subparts.   **Disputed.** |
| **a.**  To determine the existence of a common enterprise, a court may consider a variety of factors including: common control; the sharing of office space and officers; whether business is transacted through a maze of interrelated companies; the commingling of corporate funds and failure to maintain separation of companies; unified advertising; pooled resources and staff; and evidence which reveals that no real distinction existed between the Corporate Defendants. FTC v. J.K. Publ'ns, Inc., 99 F. Supp. 2d 1176, 1202 (C.D. Cal. 2000); FTC v. Wolf, 1997-1 Trade Cas. (CCH) ¶ 71,713, at 79,080 (S.D. Fla. 1997). | A.  Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc. |
| **b.**  The shared use of different merchant accounts and fictitious business names to conduct business and process credit and debit card transactions may provide a sufficient basis for finding a common enterprise. See Cf. J.K. Publications, Inc., 99 F. Supp. 2d at 1202. | [Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; *"The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment..."*] |
| **c.**  It has been held by the Ninth Circuit that "entities constitute a common enterprise when they exhibit either vertical or | [Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.] |
|  | [Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.] |
|  | [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |
|  | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |
|  | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
|  | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
|  | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants |

| | |
|---|---|
| 1 | horizontalcommonality – qualities that may be |
| 2 | demonstrated by a showing of strongly |
| 3 | interdependent economic interests or the |
| 4 | pooling of assets and revenues." FTC v. |
|   | Network Servs. Depot, Inc., 617 F.3d 1127, |
|   | 1143 (9th Cir. 2010). |

**1** horizontalcommonality – qualities that may be demonstrated by a showing of strongly interdependent economic interests or the pooling of assets and revenues." FTC v. Network Servs. Depot, Inc., 617 F.3d 1127, 1143 (9th Cir. 2010).

**d.** Defendants' shell companies funneled the money from AuraVie sales to two primary entities, SBM Management, Inc. and CalEnergy, Inc., which in turn passed the funds on to Focus Media Solutions, Inc, the Individual Defendants, or their personal shell companies. See Dkt. #121-1, at 3.

**e.** Because these Corporate Defendants operated as a common enterprise, each of them is jointly and severally liable for the acts and practices alleged. FTC v. J.K. Publ'ns, Inc., 99 F. Supp. 2d 1176, 1202 (C.D. Cal. 2000); FTC v. Wolf, 1997-1 Trade Cas. (CCH) ¶ 71,713, at 79,080 (S.D. Fla. 1997) .

**f.** The Defendants shared offices space and pooled resources:

i. BunZai, Pinnacle, DSA Holdings, Inc., Agoa Holdings, Inc., Zen Mobile Media, Inc., Safehaven Ventures, Inc., Heritage Alliance Group, Inc., and AMD Financial Network, Inc. used the Van Nuys Office. Dkts. 244 ¶¶ 9-11, 13-17; 245 ¶¶ 9-11, 13-17; 250 ¶¶ 9-10, 13 ; 251 ¶¶ 9-10, 13;

ii. BunZaiand Adageo, LLC used Encino Mailbox A. Dkts. 244 ¶ 9; 245 ¶ 9; Exs. 904-2, -47.

iii. Pinnacle used the Reseda office. Exs. 244 ¶ 10; 245 ¶ 10.

iv. Zen Mobile Media, Inc., SafeHaven Ventures, Inc., SBM Management, Inc., Adageo, LLC, Kai Media, Inc., and Insight Media, Inc. used Encino Mailbox B. Ex. 904-24, -30, 40, -47, -53, -56.

v. Secured Merchants LLC operated out of the same office suite as the other Corporate Defendants. Dkt. 120, at 24.

**g.** Counsel for BunZai, designed the common enterprise structure. See Exs. 119; 278; see also Ex. 123 (waiver of privilege).

**h.** Defendants recruited friends, family, and acquaintances to permit their names to be used to open shell corporations and their

Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

B. During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea*, R.T. 85: lns. 3-5; *"Did Bunzai ...pay back Igor ...? A. I believe it did.]*

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]
[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]
[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | | |
|---|---|---|
| 1 | respective merchant accounts fraudulently. In exchange, Defendants paid these figureheads 1% of the revenue processed through the companies' in their names. See Ex. 32; 166; 170; 172. | Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| 2 | | |
| 3 | | [Opposing Decl. of Latsanovski, ¶¶1-30.] |
| 4 | | C. Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,746 in interest return on the $500,000. |
| 5 | | |
| 6 | | [Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.] |
| 7 | | |
| 8 | | |
| 9 | | [Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea*, R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*] |
| 10 | | |
| 11 | | |
| 12 | | [Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.] |
| 13 | | |
| 14 | | [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |
| 15 | | |
| 16 | | |
| 17 | | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |
| 18 | | |
| 19 | | |
| 20 | | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| 25 | | |
| 26 | | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal |
| 27 | | |
| 28 | | |

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| 1 | Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| 2 | |
| 3 | [Opposing Decl. of Latsanovski, ¶¶1-30.] |
| 4 | D. Defendants Latsanovski and Calenergy had no involvement in the day to day operations of Defendant Bunzai. |
| 5 | |
| 6 | [Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.] |
| 7 | |
| 8 | [Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.] |
| 9 | |
| 10 | [Decl. of Latsanovski, ¶¶10; 12-18.] |
| 11 | [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |
| 12 | |
| 13 | |
| 14 | |
| 15 | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |
| 16 | |
| 17 | |
| 18 | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| 19 | |
| 20 | |
| 21 | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| 22 | |
| 23 | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| 24 | |
| 25 | |
| 26 | |
| 27 | [Opposing Decl. of Latsanovski, ¶¶1-30.] |
| 28 | |

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

E. Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]
[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

F. Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet skincare business. Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never

DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF
UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| | |
|---|---|
| 1 | received or reviewed any reports regarding customer complaints; and had no knowledge of |
| 2 | the web based advertising used by defendant |
| 3 | Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and |
| 4 | made all operational decisions.  Neither Calenergy nor Latsanovski received any money |
| 5 | from consumers directly. Importantly, Calenergy did not receive any money from |
| 6 | defendant Bunzai in this case until after |
| 7 | Calenergy provided loans to Bunzai. |
| 8 | [Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon* |
| 9 | *can do it... He is running it.* (Bunzai)]. |
| 10 | [Decl. of Latsanovski, ¶¶10: 12-18.] |
| 11 | [Request for Judicial Notice No. 1; July 13, |
| 12 | 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief |
| 13 | from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |
| 14 | |
| 15 | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for |
| 16 | Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |
| 17 | |
| 18 | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary |
| 19 | Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and |
| 20 | Calenergy, LLC.] |
| 21 | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 |
| 22 | Master Loan Agreement.] |
| 23 | |
| 24 | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants |
| 25 | Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal |
| 26 | Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| 27 | |
| 28 | [Opposing Decl. of Latsanovski, ¶¶1-30.] |

DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF
UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| | |
|---|---|
| 43. Defendants Alon Nottea, Motti Nottea, Doron Nottea, Oz Mizrahi, Igor Latsanovski, Roi Reuveni, Khristopher Bond, also known as Ray Ibbot, Alan Argaman, and Paul Medina (collectively, "Individual Defendants") formulated, directed, controlled, had the authority to control, or participated in the acts and practices of the Corporate Defendants that constitute the common enterprise. | 43.    *Disputed. [a. – d. and all subparts.]* |

1  | 43. Defendants Alon Nottea, Motti Nottea, Doron Nottea, Oz Mizrahi, Igor Latsanovski, Roi Reuveni, Khristopher Bond, also known as Ray Ibbot, Alan Argaman, and Paul Medina (collectively, "Individual Defendants") formulated, directed, controlled, had the authority to control, or participated in the acts and practices of the Corporate Defendants that constitute the common enterprise.

**a.**     Media Urge, Inc. and Focus Media Solutions, Inc. were controlled by the Individual Defendants. See Ex. 941 at 8:18-9:10; Ex. 941 at 9:19- 9:25; Id. at 10:3-10:5; see also Dkt. #120, at 6 n.3, 17.

**b.**     Secured Merchants was owned and operated by the Individual Defendants:

i.     Secured Merchants "Executive Summary," created in June 2013 states that the company's management consisted of Defendants Alon Nottea, "Avi" Argaman, and Paul Medina. Ex. 256-2.

ii.     A Secured Merchants LLC's operating agreement draft names Defendant Argaman and Defendant Alon Nottea as the company's two managers. Ex. 255-22.

iii.     Nonprivileged attorney invoices reference meetings concerning Secured Merchants with Alon Nottea and "Igor." Ex. 388-3; 388-4.

iv.     Secured Merchants LLC was identified as one of the "Bunzai Companies" on a list that Defendant Doron Nottea sent to CPA David Davidian. Ex. 394.

v.     Doron Nottea created the email address securedmerchantsllc@gmail.com. Ex. 357.

vi.     Defendant Argaman denied the existence of any other founder for Secured Merchants. Ex. 555, at 28:16-28:23; Ex. 555, at 29:7-29:8.

**c.**     Chargeback Armor, Inc. was owned and operated by Defendants:

i.     Chargeback Armor's Executive Summary lists Defendant Alon Nottea as President, Defendant Alan Argaman as Chief Technology Officer, and Defendant Roi

---

43.     *Disputed. [a. – d. and all subparts.]*

A.     Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc.

[Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; *"The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment..."*]

[Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.]

[Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

| | |
|---|---|
| Reuveni as Customer Service Manager. See Ex. 28 1-3. | [Opposing Decl. of Latsanovski, ¶¶1-30.] |
|     ii.    Defendant Paul Medina also testified that he believed Alon Nottea owned the company. Ex. 946, at 25:2-25:6. | B. During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates. |
|     iii.    Alon Nottea reported to Defendant Argaman concerning new Chargeback Armor customers. Ex. 184. | [Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.] |
|     iv.    Defendant Alon Nottea solicited investors for Chargeback Armor, Ex. 910 ¶ 234; 917 ¶ 234, and the purported Chargeback Armor CEO referred to him as his "business partner." Dkt. 120, at 23. | [Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea*, R.T. 85: lns. 3-5; *"Did Bunzai ...pay back Igor ...? A. I believe it did.*] |
|     v.    Purported CEO Mike Costache consulted with the Individual Defendants concerning hiring and contracting decisions. Dkt. #231-1, at 23, 26. | [Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.] |
|     vi.    Mike Costache, a Secured Merchants employee and purported Chargeback Armor CEO, sent an email to a Secured Merchants client that included referring to Secured Merchants as "the technology company that developed the Chargeback Armor product" and then noting that Secured Merchants is "transitioning all clients to be billed" by Chargeback Armor. Dkt. #231-1, at 8. | [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]<br><br>[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |
|     vii.    Nova 8 Media billed Defendant Argaman of Secured Merchants for "design services" for "Chargeback Armor." Ex. 414. | |
|     viii.    A Chargeback Armor, Inc. services agreement dated March 2, 2015 describes the company's board of directors as consisting of Mike Costache, Alon Nottea, and Avi Argaman. Dkt. #231-1, at 36. | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
|     ix.    A Chargeback Armor, Inc. lease agreement dated February 27, 2015 lists Mike Costache, Doron Nottea, and Defendant Argaman as individuals to whom mail may be sent to Chargeback Armor, Inc. Ex. 365-13. | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
|     x.    Defendant Doron Nottea was a signatory on Chargeback Armor's bank account and is listed as secretary of the company on its bank of America account. See Dkt. #214, at 31; Dkt. #231-1, at 46. | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
|     xi.    Mike Costache requested that Defendant Roi Reuveni set up an inbox | |

203

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| anticipating email and telephone communications in light of Alon Nottea's new business cards with a toll free number. Dkt. 231-1, at 9.<br>**d.**     Defendants' CPA sent Doron Nottea a spreadsheet of the "BunZai companies." Included on this list were nearly every Corporate Defendant. Ex. 302. | [Opposing Decl. of Latsanovski, ¶¶1-30.]<br><br>C. Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,746 in interest return on the $500,000.<br><br>[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]<br><br>[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea*, R.T. 85: lns. 3-5; *"Did Bunzai ...pay back Igor ...? A. I believe it did.*]<br><br>[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]<br><br>[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]<br>D. Defendants Latsanovski and Calenergy had no involvement in the day to day operations of Defendant Bunzai.<br><br>[Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.]<br><br>[Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.]<br><br>[Decl. of Latsanovski, ¶¶10; 12-18.]<br><br>[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]<br><br>[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

E. Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct.
[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]
[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015

205
DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| | |
|---|---|
| 1 | Master Loan Agreement.] |
| 2 | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| 3 | |
| 4 | |
| 5 | |
| 6 | [Opposing Decl. of Latsanovski, ¶¶[1-30.] |
| 7 | F.  Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet skincare business.  Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions.  Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai. |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | [Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)]. |
| 19 | |
| 20 | |
| 21 | [Decl. of Latsanovski, ¶¶10: 12-18.] |
| 22 | [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |
| 23 | |
| 24 | |
| 25 | |
| 26 | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |
| 27 | |
| 28 | |

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| | [Opposing Decl. of Latsanovski, ¶¶1-30.] |

## COMMERCE

| *MOVING PARTY'S UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE* | *OPPOSING PARTY'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE* |
|---|---|
| 44.     At all times material to the Complaint, Defendants have maintained a substantial course of trade in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44. Exs. 910 ¶ 55; 911 ¶ 55. | 44.     *Disputed.* <br><br> A.     Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc. [Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; *"The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment..."*] <br><br> [Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.] <br><br> [Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.] <br><br> [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief |

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| 1 | from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |
| 2 | |
| 3 | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |
| 4 | |
| 5 | |
| 6 | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| 7 | |
| 8 | |
| 9 | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| 10 | |
| 11 | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| 12 | |
| 13 | |
| 14 | |
| 15 | [Opposing Decl. of Latsanovski, ¶¶1-30.] |
| 16 | |
| 17 | B. During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates. |
| 18 | |
| 19 | [Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.] |
| 20 | |
| 21 | |
| 22 | [Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea*, R.T. 85: lns. 3-5; *"Did Bunzai ...pay back Igor ...? A. I believe it did.*] |
| 23 | |
| 24 | |
| 25 | [Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.] |
| 26 | [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July |
| 27 | |
| 28 | |

208

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| 1 | 15, 2015, ¶¶4-14.] |
| 2 | [Request for Judicial Notice No. 2; Declaration |
| 3 | of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial |
| 4 | Summary Judgment filed April 18, 2016.] |
| 5 | [Request for Judicial Notice No. 3; Declaration |
| 6 | of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 |
| 7 | Agreement between Guayas, LTD. and Calenergy, LLC.] |
| 8 | [Request for Judicial Notice No. 4; Declaration |
| 9 | of Mariya Aleksandrovna Re: June 4, 2015 |
| 10 | Master Loan Agreement.] |
| 11 | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants |
| 12 | Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal |
| 13 | Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| 14 | |
| 15 | [Opposing Decl. of Latsanovski, ¶¶1-30.] |
| 16 | C. Defendant Latsanovski and Calenergy received the $500,000 in full repayment and |
| 17 | $317,746 in interest return on the $500,000. |
| 18 | [Decl. of Benice, ¶2; Exh. "A" thereto, *January* |
| 19 | *28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1- |
| 20 | 11.] |
| 21 | [Decl. of Benice, ¶4; Exh. "C" February 18, |
| 22 | *2016 Depo of Alon Nottea*, R.T. 85: lns. 3-5; *"Did Bunzai ...pay back Igor ...? A. I believe it* |
| 23 | *did.*] |
| 24 | [Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, |
| 25 | July, 2015 Loan Summary; ¶¶ 15-16.] |
| 26 | [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in |
| 27 | Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July |
| 28 | |

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

D. Defendants Latsanovski and Calenergy had no involvement in the day to day operations of Defendant Bunzai.

[Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.]

[Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.]

[Decl. of Latsanovski, ¶¶10; 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for

Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶[1-30.]


E. Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶[10: 12-18.] [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

Agreement between Guayas, LTD. and
Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration
of Mariya Aleksandrovna Re: June 4, 2015
Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration
of Jeffrey S. Benice in Support of Defendants
Igor Latsanovski and Calenergy, Inc's Motion
for Summary Judgment Pursuant to Federal
Rules of Civil Procedure Rule 56 or,
Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

F.  Defendants Latsanovski and Calenergy, did
not play any role in the operation of the internet
skincare business.  Latsanovski never spoke to
any customers; was not involved in the day to
day operations of the internet skincare business;
had no involvement in the marketing or
advertising of the skincare products; never
received or reviewed any reports regarding
customer complaints; and had no knowledge of
the web based advertising used by defendant
Bunzai. Defendants Alon and Bond actually
operated and controlled Defendant Bunzai and
made all operational decisions.  Neither
Calenergy nor Latsanovski received any money
from consumers directly. Importantly,
Calenergy did not receive any money from
defendant Bunzai in this case until after
Calenergy provided loans to Bunzai.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016
Depo of Latsanovski, R.T. 269: 4-18. ["*Alon
can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13,
2015 Declaration of Igor Latsanovski in
Support of Ex Parte Request for Partial Relief
from Temporary Restraining Order filed July
15, 2015, ¶¶4-14.]

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF
UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]<br><br>[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]<br><br>[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]<br><br>[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]<br><br>[Opposing Decl. of Latsanovski, ¶¶1-30.] |

### DEFENDANTS BUSINESS PRACTICES

| MOVING PARTY'S UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE |
|---|---|
| 45.     Defendants advertised, marketed, distributed, and sold skincare products online from multiple Internet websites, including auravie.com, auraviefreetrial .com, auravietrialkit.com, and mymiraclekit. com, since at least 2010. Exs. 909; 597-13,-16,-19, -22; see also Dkt. 120, at 1. Defendants offered free trials of their products under a variety of brand names including "AuraVie," "Dellure," "LéOR Skincare," and "Miracle Face Kit" (collectively, "AuraVie"). Exs. 909-23, -24, -25, -144, -155; 335 (Dellure); 232-33 (Miracle Face Kit). | 45.     *Disputed.*<br><br>A.     Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc.<br>[Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; *"The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment..."*]<br><br>[Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.]<br><br>[Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, |

July, 2015 Loan Summary; ¶¶19-24.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

B. During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea*, R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto,

214

July, 2015 Loan Summary; ¶¶ 15-16.]
[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

C. Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,746 in interest return on the $500,000.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea*, R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] [Opposing Decl. of Latsanovski, ¶¶1-30.]

D. Defendants Latsanovski and Calenergy had no involvement in the day to day operations of Defendant Bunzai.

[Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.]

[Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.]

[Decl. of Latsanovski, ¶¶10; 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

E. Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]
[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

F.  Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet skincare business.  Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions.  Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| | from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |
| | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |
| | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| | [Opposing Decl. of Latsanovski, ¶¶1-30.] |
| 46.     Defendants' website failed to disclose adequately and materially misrepresented the terms of their trial offers. Ex. 909-113, -115, -116, -126, -128, -140. | 46.        ***Disputed.***<br><br>A.     Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc.<br><br>[Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; *"The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment..."*]<br><br>[Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.]<br><br>[Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.] |

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

B. During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea*, R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]
[Request for Judicial Notice No. 1; July 13,

DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

C. Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,746 in interest return on the $500,000.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea*, R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

[Request for Judicial Notice No. 1; July 13,

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

D. Defendants Latsanovski and Calenergy had no involvement in the day to day operations of Defendant Bunzai.

[Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.]

[Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.]

[Decl. of Latsanovski, ¶¶10; 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

E. Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.] [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration

223

of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

F.  Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet skincare business.  Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions.  Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai.
[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

224

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

### *Defendants' Risk Free Trial Offers*

| *MOVING PARTY'S UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE* | *OPPOSING PARTY'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE* |
|---|---|
| 47.   [Intentionally left blank.] | |
| 48.    Consumers testified by sworn declaration that Defendants advertised on third-party websites such as Facebook.com, | 48.    *Disputed.*<br><br>A.    Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, |

DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| | |
|---|---|
| Amazon.com, HomeDepot.com, and offered a "risk-free" trial or "trial order" of Defendants' skincare products. Exs. 2 ¶ 2; 13 ¶ 2; 14 ¶ 2; After consumers clicked on these advertisements, they were directed to Defendants' websites and lured into providing their credit or debit card information by representations that if consumers paid a nominal shipping and handling charge, typically $4.99 or less, they would receive a "risk-free" trial, "trial order," or "gift" of products. Exs. 2 ¶ 2; 4 ¶ 2; 13 ¶ 2; 14 ¶ 2; 15 ¶ 2; 909-1 13,-125; 909-113, -115, -128; see also 903-8. | Inc.

[Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; *"The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment..."*]

[Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.]

[Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

B. During the period 2010 to 2015 Defendants |

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.] [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

C. Defendant Latsanovski and Calenergy received the $500,000 in full repayment and

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

1 | $317,746 in interest return on the $500,000.

2 | [Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25;
3 | 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]
4 |

5 | [Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea*, R.T. 85: lns. 3-5;
6 | "Did Bunzai ...pay back Igor ...? A. I believe it did.]
7 |

8 | [Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]
9 |

10 | [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in
11 | Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July
12 | 15, 2015, ¶¶4-14.]

13 | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for
14 | Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]
15 |

16 | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary
17 | Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and
18 | Calenergy, LLC.]

19 | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015
20 | Master Loan Agreement.]
21 |

22 | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants
23 | Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal
24 | Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]
25 |

26 | [Opposing Decl. of Latsanovski, ¶¶1-30.]

27 | D. Defendants Latsanovski and Calenergy had
28 | no involvement in the day to day operations of

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

Defendant Bunzai.

[Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.]

[Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.]

[Decl. of Latsanovski, ¶¶10; 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

E. Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016

| | |
|---|---|
| 1 | Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)]. |
| 2 | |
| 3 | [Decl. of Latsanovski, ¶¶10: 12-18.] |
| 4 | [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |
| 5 | |
| 6 | |
| 7 | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |
| 8 | |
| 9 | |
| 10 | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| 11 | |
| 12 | |
| 13 | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| 14 | |
| 15 | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| 16 | |
| 17 | |
| 18 | |
| 19 | [Opposing Decl. of Latsanovski, ¶¶1-30.] |
| 20 | |
| 21 | F.  Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet skincare business.  Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions.  Neither |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF
UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| | Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai. |
| | [Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)]. |
| | [Decl. of Latsanovski, ¶¶10: 12-18.] |
| | [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |
| | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |
| | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| | [Opposing Decl. of Latsanovski, ¶¶1-30.] |
| 49.  Defendants' websites prominently claimed that their offer was merely a "trial" (screen capture from http://auraviefreetrial.com, captured Mar. 25, 2014). Ex. 909-113; see also | 49.   ***Disputed.***<br><br>A.   Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc. |

231

| | |
|---|---|
| Ex. 600-17. Defendants promoted their offer as a "risk-free" trial and, on most sites, claimed that customer satisfaction was "100% guaranteed": (screen capture from http://mymiraclekit.com, captured May 12, 2014). Ex. 909- 128. | [Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; *"The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment..."*] |
| **a.**       Earlier versions of one of Defendants' websites offered their products as a prize, purportedly for consumers who completed surveys: (screen capture from http://archive.org, captured May 28, 2015). Ex. 903-8. | [Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.] |
| | [Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.] |
| | [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |
| | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |
| | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| | [Opposing Decl. of Latsanovski, ¶¶1-30.] B. During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates. |

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea*, R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]
[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

C. Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,746 in interest return on the $500,000.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January*

---

233

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| 1 | *28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.] |
| 2 | |
| 3 | [Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea*, R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*] |
| 4 | |
| 5 | |
| 6 | [Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.] |
| 7 | |
| 8 | [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |
| 9 | |
| 10 | |
| 11 | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |
| 12 | |
| 13 | |
| 14 | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| 15 | |
| 16 | |
| 17 | |
| 18 | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| 19 | |
| 20 | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| 21 | |
| 22 | |
| 23 | |
| 24 | [Opposing Decl. of Latsanovski, ¶¶1-30.] |
| 25 | |
| 26 | D. Defendants Latsanovski and Calenergy had no involvement in the day to day operations of Defendant Bunzai. |
| 27 | |
| 28 | |

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.]

[Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.]

[Decl. of Latsanovski, ¶¶10; 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

E. Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Decl. of Latsanovski, ¶¶10: 12-18.]
[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

F. Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet skincare business. Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions. Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly,

DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF
UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | | |
|---|---|---|
| 1 | 50.  When a user attempted to leave Defendants' websites, a text Box appeared that offered to ship the trial offer at a lower shipping price. These pop-up advertisements contained false representations that AuraVie was accredited by the Better Business Bureau ("BBB") with an "A-" rating: (screen capture from http://auraviefreetrial.com, captured March 25, 2014). Ex. 909-116. In fact, AuraVie was not accredited by the BBB and it had an F rating. Ex. 907 ¶ 5.<br>a.       the BBB actually contacted Defendants concerning their deceptive practices. Ex. 592. | 50. a.          *Disputed.*<br><br>A.     Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc.<br>[Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; *"The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment..."*]<br><br>[Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.]<br><br>[Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.]<br><br>[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]<br><br>[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]<br><br>[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]<br><br>[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]<br><br>[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]<br><br>[Opposing Decl. of Latsanovski, ¶¶1-30.] |

B. During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski,* R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; *"Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.] [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

1
2

C. Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,746 in interest return on the $500,000.

3
4
5

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

6
7
8

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea*, R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

9
10

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

11
12
13

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

14
15
16

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

17
18
19

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

20
21
22

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

23
24
25
26

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

27

[Opposing Decl. of Latsanovski, ¶¶1-30.]

28

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

1

2

D. Defendants Latsanovski and Calenergy had no involvement in the day to day operations of Defendant Bunzai.

3

4

[Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.]

5

6

[Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.]

7

8

[Decl. of Latsanovski, ¶¶10; 12-18.]

9

10

11

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

12

13

14

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

15

16

17

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

18

19

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

20

21

22

23

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

24

25

[Opposing Decl. of Latsanovski, ¶¶1-30.]

26

27

E. Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct.

28

241

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

1

2    [Decl. of Benice, ¶2;Exh. "A" January 28, 2016
     Depo of Latsanovski, R.T. 269: 4-18. ["*Alon
3    can do it... He is running it.* (Bunzai)].

4    [Decl. of Latsanovski, ¶¶10: 12-18.]
     [Request for Judicial Notice No. 1; July 13,
5    2015 Declaration of Igor Latsanovski in
     Support of Ex Parte Request for Partial Relief
6    from Temporary Restraining Order filed July
     15, 2015, ¶¶4-14.]
7

8    [Request for Judicial Notice No. 2; Declaration
     of Igor Latsanovski in Support of Motion for
9    Summary Judgment, or Alternatively Partial
     Summary Judgment filed April 18, 2016.]
10

11   [Request for Judicial Notice No. 3; Declaration
     of Ilia Klykov Re: November 6, 2009 Fiduciary
12   Management Agreement; and January 12, 2015
     Agreement between Guayas, LTD. and
13   Calenergy, LLC.]

14   [Request for Judicial Notice No. 4; Declaration
     of Mariya Aleksandrovna Re: June 4, 2015
15   Master Loan Agreement.]

16
     [Request for Judicial Notice No. 5; Declaration
17   of Jeffrey S. Benice in Support of Defendants
     Igor Latsanovski and Calenergy, Inc's Motion
18   for Summary Judgment Pursuant to Federal
     Rules of Civil Procedure Rule 56 or,
19   Alternatively Partial Summary Judgment.]

20
     [Opposing Decl. of Latsanovski, ¶¶1-30.]
21

22
     F.  Defendants Latsanovski and Calenergy, did
23   not play any role in the operation of the internet
     skincare business.  Latsanovski never spoke to
24   any customers; was not involved in the day to
     day operations of the internet skincare business;
25   had no involvement in the marketing or
     advertising of the skincare products; never
26   received or reviewed any reports regarding
     customer complaints; and had no knowledge of
27   the web based advertising used by defendant

28

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| 1 | Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions.  Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai. |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | [Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)]. |
| 7 | |
| 8 | [Decl. of Latsanovski, ¶¶10: 12-18.] |
| 9 | |
| 10 | [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |
| 11 | |
| 12 | |
| 13 | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |
| 14 | |
| 15 | |
| 16 | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| 17 | |
| 18 | |
| 19 | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| 20 | |
| 21 | |
| 22 | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| 23 | |
| 24 | |
| 25 | |
| 26 | [Opposing Decl. of Latsanovski, ¶¶1-30.] |
| 27 | |
| 28 | |

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

### _Defendants' Hidden Costs, Continuity Plan Features, and Return Policy_

| _MOVING PARTY'S UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE_ | _OPPOSING PARTY'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE_ |
|---|---|
| 51. Defendants' marketing practices employed tactics including hidden costs, signing up consumers for negative option continuity plans without their consent, and undisclosed and onerous return policies. See, e.g., Exs. 2 ¶¶ 3-6; 5 ¶¶ 2-5; 6 ¶¶ 3-6; 7 ¶¶ 2-6; 8 ¶¶ 3-5; 9 ¶¶ 2-5; 11 ¶ 5; 13 ¶ 7; 14 ¶¶ 4-6; 909-117, -118, -130, -131, -145, -146. In their advertisements and sales offers, Defendants failed to disclose adequately that they would charge consumers' credit or debit accounts for the trial product, typically as much as $97.88, after a 10-day period. Id. | 51.       _Disputed._<br><br>A.       Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc.<br>[Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; "_The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment..._"]<br><br>[Decl. of Benice, ¶4; Exh. "C" thereto, _February 18, 2016 Depo of Alon Nottea_, R.T. 84: 15-25; 85: 1-25; 86: 1-24.]<br><br>[Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.]<br><br>[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]<br><br>[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]<br><br>[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

B. During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea*, R.T. 85: lns. 3-5; *"Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.] [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration

DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

of Mariya Aleksandrovna Re: June 4, 2015
Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration
of Jeffrey S. Benice in Support of Defendants
Igor Latsanovski and Calenergy, Inc's Motion
for Summary Judgment Pursuant to Federal
Rules of Civil Procedure Rule 56 or,
Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

C. Defendant Latsanovski and Calenergy
received the $500,000 in full repayment and
$317,746 in interest return on the $500,000.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January
28, 2016 Depo of Latsanovski*, R.T. 35: 2-25;
36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-
11.]

[Decl. of Benice, ¶4; Exh. "C" February 18,
*2016 Depo of Alon Nottea*, R.T. 85: lns. 3-5;
*"Did Bunzai ...pay back Igor ...? A. I believe it
did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto,
July, 2015 Loan Summary; ¶¶ 15-16.]

[Request for Judicial Notice No. 1; July 13,
2015 Declaration of Igor Latsanovski in
Support of Ex Parte Request for Partial Relief
from Temporary Restraining Order filed July
15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration
of Igor Latsanovski in Support of Motion for
Summary Judgment, or Alternatively Partial
Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration
of Ilia Klykov Re: November 6, 2009 Fiduciary
Management Agreement; and January 12, 2015
Agreement between Guayas, LTD. and
Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF
UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

D. Defendants Latsanovski and Calenergy had no involvement in the day to day operations of Defendant Bunzai.

[Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.]

[Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.]

[Decl. of Latsanovski, ¶¶10; 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration

247

DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

E. Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]
[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| 1 | [Opposing Decl. of Latsanovski, ¶¶1-30.] |
| 2 | F.  Defendants Latsanovski and Calenergy, did |
| 3 | not play any role in the operation of the internet skincare business.  Latsanovski never spoke to |
| 4 | any customers; was not involved in the day to day operations of the internet skincare business; |
| 5 | had no involvement in the marketing or advertising of the skincare products; never |
| 6 | received or reviewed any reports regarding customer complaints; and had no knowledge of |
| 7 | the web based advertising used by defendant |
| 8 | Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and |
| 9 | made all operational decisions.  Neither Calenergy nor Latsanovski received any money |
| 10 | from consumers directly. Importantly, Calenergy did not receive any money from |
| 11 | defendant Bunzai in this case until after Calenergy provided loans to Bunzai. |
| 12 | |
| 13 | [Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon* |
| 14 | *can do it... He is running it.* (Bunzai)]. |
| 15 | [Decl. of Latsanovski, ¶¶10: 12-18.] |
| 16 | |
| 17 | [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in |
| 18 | Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July |
| 19 | 15, 2015, ¶¶4-14.] |
| 20 | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for |
| 21 | Summary Judgment, or Alternatively Partial |
| 22 | Summary Judgment filed April 18, 2016.] |
| 23 | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary |
| 24 | Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and |
| 25 | Calenergy, LLC.] |
| 26 | |
| 27 | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 |
| 28 | Master Loan Agreement.] |

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]<br><br>[Opposing Decl. of Latsanovski, ¶¶1-30.] |
| 52.  Defendants also failed to disclose adequately that consumers who accepted the trial offer would be enrolled into a continuity program. Exs. 2 ¶ 6; 3 ¶ 14; 5 ¶ 4; 7 ¶ 6; see also 4 ¶ 6; 9 ¶ 5; 13 ¶ 7; 909-113, -115, -116, -126, -140, - 155. Under the continuity program, Defendants sent consumers additional shipments of Defendants' skin care product each month and charged consumers'credit or debit cards the full cost of each product shipped until consumers affirmatively canceled their membership in the continuity program. Exs. 2 ¶ 5 ¶ 4; 7 ¶ 6; 909-117,-118, -130, -131, -145, -146; see also 3 ¶¶ 8; 4 ¶ 6; 9 ¶ 7. | 52.     *Disputed.*<br><br>A.     Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc.<br>[Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; *"The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment..."*]<br><br>[Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.]<br><br>[Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.]<br><br>[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]<br><br>[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]<br><br>[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]<br><br>[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 |

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

B. During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski,* R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; *"Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]
[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

C. Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,746 in interest return on the $500,000.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea*, R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

D. Defendants Latsanovski and Calenergy had no involvement in the day to day operations of Defendant Bunzai.

[Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.]

[Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.]

[Decl. of Latsanovski, ¶¶10; 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| 1 | Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| 2 | |
| 3 | [Opposing Decl. of Latsanovski, ¶¶1-30.] |
| 4 | |
| 5 | E. Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct. |
| 6 | |
| 7 | [Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)]. |
| 8 | |
| 9 | [Decl. of Latsanovski, ¶¶10: 12-18.] [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |
| 15 | |
| 16 | |
| 17 | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| 18 | |
| 19 | |
| 20 | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| 21 | |
| 22 | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| 23 | |
| 24 | |
| 25 | |
| 26 | [Opposing Decl. of Latsanovski, ¶¶1-30.] |
| 27 | |
| 28 | F.  Defendants Latsanovski and Calenergy, did |

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

1  |  not play any role in the operation of the internet skincare business. Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions. Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants

255

| | |
|---|---|
| | Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| | [Opposing Decl. of Latsanovski, ¶¶1-30.] |
| 53.    Consumers testified that they were typically unaware that they had enrolled in Defendants' continuity program until they discovered charges— usually $97.88 a month—on their credit or debit card statements. Exs. 4 ¶ 3; 5 ¶ 3; 6 ¶ 5; 7 ¶ 3; 9 ¶ 4; 10 ¶ 3; 11 ¶ 3; 12 ¶ 5; 13 ¶ 6; 14 ¶ 5; 15 ¶ 4; see also 8 ¶ 4. Consumers further testified that, by time they became aware of the charges, Defendants told them it was too late for them to return the product for a refund. Exs. 2 ¶ 6; 4 ¶ 6; 5 ¶ 4; 7 ¶ 6. | 53.    *Disputed.* <br><br> A.    Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc. [Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; *"The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment..."*] <br><br> [Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.] <br><br> [Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.] <br><br> [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] <br><br> [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] <br><br> [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] <br><br> [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |

DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

B. During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea*, R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]
[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

C. Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,746 in interest return on the $500,000.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea*, R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

D. Defendants Latsanovski and Calenergy had no involvement in the day to day operations of Defendant Bunzai.

[Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.]

[Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.]

[Decl. of Latsanovski, ¶¶10; 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

E. Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.] [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

F. Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet skincare business. Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions. Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | | |
|---|---|---|
| 1 | | of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| 2 | | |
| 3 | | |
| 4 | | [Opposing Decl. of Latsanovski, ¶¶1-30.] |
| 5 | | |
| 6 | 54.     Further, although Defendants promoted their offers as "risk-free" with "100% satisfaction guaranteed," Defendants failed to disclose, or disclose adequately, material terms of their return policy. Ex. 909-113, -115, -116, -126, - 140, -155; see also 2 ¶¶ 2-6, 10; 3 ¶ 14; 4 ¶ 8; 5 ¶ 2; 7 ¶ 7; 8 ¶ 8; 9 ¶ 7; 10 ¶¶ 2, 7; 11 ¶ 7; 12 ¶ 2; 13 ¶ 9; 14 ¶ 8; 15 ¶ 3, 7. Defendants failed to disclose adequately that consumers must cancel their order within 10 or 14 days and return unopened product within a certain period of time, usually 10, 14, or 30 days, to avoid being charged a $97.88 fee. Exs., 909-117, -118, -125, -131, -146; 2 ¶ 6; 5 ¶ 5; 9 ¶ 7; 13 ¶ 9; 14 ¶¶ 3-4, 8. Defendants also failed to disclose adequately that after 10 days, only unopened products could be returned for a refund and that no refunds would be provided for any product returned after 30 days. Ex., 909-118, -131, -146; see also 2 ¶¶ 7-10; 5 ¶ 5; 9 ¶ 7; 12 ¶¶ 2-3; 13 ¶ 9; 14 ¶¶ 3-4, 8; 15 ¶ 3. | 54.     **Disputed.**<br><br>A.     Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc.<br>[Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; "*The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment...*"]<br><br>[Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.]<br><br>[Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.]<br><br>[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]<br><br>[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]<br><br>[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]<br><br>[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

B. During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski,* R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; *"Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.] [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

C. Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,746 in interest return on the $500,000.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea*, R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

D. Defendants Latsanovski and Calenergy had no involvement in the day to day operations of Defendant Bunzai.

[Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.]

[Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.]

[Decl. of Latsanovski, ¶¶10; 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**