Jeffrey S. Benice, Esq., State Bar No. 81583
LAW OFFICES OF JEFFREY S. BENICE
*A Professional Law Corporation*
3080 Bristol Street
Sixth Floor, Suite 630
Costa Mesa, California  92626
Telephone No.: (714) 641-3600
Facsimile No.: (714) 641-3601
Website: www.JeffreyBenice.com
E-Mail: JSB@JeffreyBenice.com

Attorneys for Defendants,
Igor Latsanovski and Calenergy, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>BUNZAI MEDIA GROUP INC., et al.,<br><br>Defendants. | **CASE NO. CV 15-04527 GW (PLAx)**<br><br>**DEFENDANTS IGOR LATSANOVSKI AND CALENERGY, INC.'S RESPONSE TO PLAINTIFF FEDERAL TRADE COMMISSION'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW AND STATEMENT OF GENUINE ISSUES  IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>**Date:**       **May 23, 2016**<br>**Time:**       **8:30 A.M.**<br>**Courtroom:**    **10**<br><br>**[Assigned for All Purposes to the Honorable George H. Wu, Courtroom 10]**<br><br>**[First Amended Complaint Filed: October 9, 2015]**<br><br>**[United States District Court Local Rules, Rule 56-1 *et seq.*]** |

[Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.]

[Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.]

[Decl. of Latsanovski, ¶¶10; 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

E. Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct.
[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

413

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

F.  Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet skincare business.  Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions.  Neither Calenergy nor Latsanovski received any money

DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| | |
|---|---|
| 1 | from consumers directly. Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai. |
| 2 | |
| 3 | |
| 4 | [Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)]. |
| 5 | |
| 6 | [Decl. of Latsanovski, ¶¶10: 12-18.] [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |
| 7 | |
| 8 | |
| 9 | |
| 10 | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |
| 11 | |
| 12 | |
| 13 | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| 14 | |
| 15 | |
| 16 | |
| 17 | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| 18 | |
| 19 | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| 20 | |
| 21 | |
| 22 | |
| 23 | [Opposing Decl. of Latsanovski, ¶¶1-30.] |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

### VIOLATIONS OF THE RESTORE ONLINE SHOPPERS' CONFIDENCE ACT

| MOVING PARTY'S UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE |
|---|---|
| 82.    In 2010, Congress passed the Restore Online Shoppers' Confidence Act, 15 U.S.C. §§ 8401-05, which became effective on December 29, 2010. Congress passed ROSCA because "[c]onsumer confidence is essential to the growth of online commerce. To continue its development as a marketplace, the Internet must provide consumers with clear, accurate information and give sellers an opportunity to fairly compete with one another for consumers' business." Section 2 of ROSCA, 15 U.S.C. § 8401. | 82.    This is a purported statement of law; not an uncontroverted fact.  It cannot be referenced as Disputed or Undisputed. |
| 83.    Section 4 of ROSCA, 15 U.S.C. § 8403, generally prohibits charging consumers for goods or services sold in transactions effected on the Internet through a negative option feature, as that term is defined in the Commission's Telemarketing Sales Rule ("TSR"), 16 C.F.R. § 3 10.2(u), unless the seller: (a) clearly and conspicuously discloses all material terms of the transaction before obtaining the consumer's billing information; (b) obtains the consumer's express informed consent before making the charge; and (c) provides a simple mechanism to stop recurring charges. See 15 U.S.C. § 8403. | 83.    This is a purported statement of law; not an uncontroverted fact.  It cannot be referenced as Disputed or Undisputed. |
| 84.    The TSR defines a negative option feature as: "in an offer or agreement to sell or provide any goods or services, a provision under which the consumer's silence or failure to take an affirmative action to reject goods or services or to cancel the agreement is interpreted by the seller as acceptance of the offer." 16 C.F.R. § 310.2(u). It is unlawful "for any person to charge or attempt to charge any consumer for any goods or services sold in a transaction effected on the Internet through a negative option feature (as defined in the Federal Trade Commission's Telemarketing Sales Rule in part 310 of title 16, Code of Federal Regulations)" without clearly and | 84.    This is a purported statement of law; not an uncontroverted fact.  It cannot be referenced as Disputed or Undisputed. |

| | |
|---|---|
| conspicuously disclosing material terms, obtaining a consumer's informed consent, and providing a simple mechanism to stop recurring charges. 15 U.S.C. § 8403 (2006). | |
| 85.     As described above, Defendants advertised and sold Defendants' skincare products to consumers through a negative option feature as defined by the TSR. See UF 51-53, supra. | 85.     This is a purported statement of law; not an uncontroverted fact.  It cannot be referenced as Disputed or Undisputed. |
| 86.     Under Section 5 of ROSCA, 15 U.S.C. § 8404, a violation of ROSCA is a violation of a rule promulgated under Section 18 of the FTC Act, 15 U.S.C. § 57a. | 86.     This is a purported statement of law; not an uncontroverted fact.  It cannot be referenced as Disputed or Undisputed. |

### Count V.

### Violation of ROSCA – Auto-Renewal Continuity Plan

| MOVING PARTY'S UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE |
|---|---|
| 87.     In numerous instances, in connection with the selling of skincare products on the Internet through a negative option feature, Defendants failed to: (a)     clearly and conspicuously disclose all material terms of the negative option feature of the skin care products transaction before obtaining the consumer's billing information; (b)     obtain the consumer's express informed consent to the negative option feature before charging the consumer's credit card, debit card, bank account, or other financial account for the transaction; and/or (c)     provide simple mechanisms for a consumer to stop recurring charges for skincare products to the consumer's credit card, debit card, bank account, or other financial account. | 87. (a)-(c)     *Disputed.*  A.     Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc.  [Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; *"The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment..."*]  [Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.]  [Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.]  [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]  [Request for Judicial Notice No. 2; Declaration |

DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF
UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

B. During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea*, R.T. 85: lns. 3-5; *"Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

C. Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,746 in interest return on the $500,000.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea*, R.T. 85: lns. 3-5; *"Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]
[Request for Judicial Notice No. 2; Declaration

419

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

D. Defendants Latsanovski and Calenergy had no involvement in the day to day operations of Defendant Bunzai.

[Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.]

[Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.]

[Decl. of Latsanovski, ¶¶10; 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

E. Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]
[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration

DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF
UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| 1 | of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| 2 | |
| 3 | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| 4 | |
| 5 | |
| 6 | |
| 7 | [Opposing Decl. of Latsanovski, ¶¶1-30.] F. Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet skincare business. Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions. Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai. |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | [Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)]. |
| 19 | |
| 20 | |
| 21 | [Decl. of Latsanovski, ¶¶10: 12-18.] |
| 22 | [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |
| 23 | |
| 24 | |
| 25 | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |
| 26 | |
| 27 | |
| 28 | |

DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| | |
|---|---|
| | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]<br><br>[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]<br><br>[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]<br><br>[Opposing Decl. of Latsanovski, ¶¶1-30.] |
| 88.    Plaintiff alleged Defendants' practices in Paragraph 87 were a violation of Section 4 of ROSCA, 15 U.S.C. § 8403, and a violation of a rule promulgated under Section 18 of the FTC Act, 15 U.S.C. § 57a, 15 U.S.C. § 8404(a). | 88.    *Disputed.*<br><br>A.    Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc.<br>[Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; *"The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment..."*]<br><br>[Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.]<br><br>[Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.]<br>[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]<br><br>[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

B. During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea*, R.T. 85: lns. 3-5; *"Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

424

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| 1 | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| 2 | |
| 3 | |
| 4 | |
| 5 | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| 6 | |
| 7 | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| 8 | |
| 9 | |
| 10 | |
| 11 | [Opposing Decl. of Latsanovski, ¶¶1-30.] |
| 12 | C. Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,746 in interest return on the $500,000. |
| 13 | |
| 14 | |
| 15 | [Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.] |
| 16 | |
| 17 | [Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea*, R.T. 85: lns. 3-5; *"Did Bunzai ...pay back Igor ...? A. I believe it did.*] |
| 18 | |
| 19 | |
| 20 | [Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.] |
| 21 | |
| 22 | [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |
| 23 | |
| 24 | |
| 25 | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |
| 26 | |
| 27 | |
| 28 | |

DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| | |
|---|---|
| 1 | [Request for Judicial Notice No. 3; Declaration |
| 2 | of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 |
| 3 | Agreement between Guayas, LTD. and Calenergy, LLC.] |
| 4 | |
| 5 | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 |
| 6 | Master Loan Agreement.] |
| 7 | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants |
| 8 | Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal |
| 9 | Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| 10 | |
| 11 | [Opposing Decl. of Latsanovski, ¶¶1-30.] |
| 12 | |
| 13 | D. Defendants Latsanovski and Calenergy had no involvement in the day to day operations of |
| 14 | Defendant Bunzai. |
| 15 | [Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.] |
| 16 | [Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: |
| 17 | 1-25; 112: 1-25; 161: 10-19.] |
| 18 | [Decl. of Latsanovski, ¶¶10; 12-18.] |
| 19 | |
| 20 | [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in |
| 21 | Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July |
| 22 | 15, 2015, ¶¶4-14.] |
| 23 | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for |
| 24 | Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |
| 25 | |
| 26 | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary |
| 27 | Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and |
| 28 | |

DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF
UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

E. Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

F. Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet skincare business. Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions. Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF
UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| --- | --- |
| | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| | [Opposing Decl. of Latsanovski, ¶¶1-30.] |

## *Violations of the Electronic Fund Transfer Act and Regulation E*

| *MOVING PARTY'S UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE* | *OPPOSING PARTY'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE* |
| --- | --- |
| 89.     Section 907(a) of EFTA, 15 U.S.C. § 1693e(a), provides that a "preauthorized" electronic fund transfer from a consumer's account may be "authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made." | 89.     This is a purported statement of law; not an uncontroverted fact.  It cannot be referenced as disputed or Undisputed. |
| 90.     Section 903(10) of EFTA, 15 U.S.C. § 1693a(10), provides that the term "preauthorized electronic fund transfer" means "an electronic fund transfer authorized in advance to recur at substantially regular intervals." | 90.     This is a purported statement of law; not an uncontroverted fact.  It cannot be referenced as Disputed or Undisputed. |
| 91.     Section 205.10(b) of Regulation E, 12 C.F.R. § 205.10(b), provides that "[p]reauthorized electronic fund transfers from a consumer's account may be authorized only by a writing signed or similarly authenticated by the consumer. The person that obtains the authorization shall provide a copy to the consumer." | 91.     This is a purported statement of law; not an uncontroverted fact.  It cannot be referenced as Disputed or Undisputed. |
| 92.     Section 205.10 of the Federal Reserve Board's Official Staff Commentary to | 92.     This is a purported statement of law; |

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| Regulation E, 12 C.F.R. § 205.10(b), Supp. I, provides that "[t]he authorization process should evidence the consumer's identity and assent to the authorization." ¶ 10(b), cmt 5. <br> a.  For an authorization to be valid, the terms of the preauthorized transfer must be "clear and readily understandable" and the authorization "should evidence the consumer's identity and assent to the authorization." Federal Reserve Board's Official Staff Commentary to Regulation E, 12 C.F.R. Part 205, Supp I, ¶ 10(b), comments (5) & (6). These protections ensure that consumers' consent to recurring debits will be knowing and informed. <br> b.  A consumer's rights under EFTA cannot be waived. 15 U.S.C. § 16931 (2006). | not an uncontroverted fact.  It cannot be referenced as Disputed or Undisputed. |

## Count VI.

### Unauthorized Debiting from Consumers' Accounts

| MOVING PARTY'S UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE |
|---|---|
| 93.    In numerous instances, Defendants debited consumers' bank accounts on a recurring basis without obtaining a written authorization signed or similarly authenticated from consumers for preauthorized electronic fund transfers from their accounts, thereby violating Section 907(a) of EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.10(b). | 93.    *Disputed.* <br><br> A.    Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc. <br><br> [Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; "*The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment...*"] <br><br> [Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.] <br><br> [Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.] |

DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

B. During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea*, R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]
[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

C. Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,746 in interest return on the $500,000.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea*, R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

D. Defendants Latsanovski and Calenergy had no involvement in the day to day operations of Defendant Bunzai.

[Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.]

[Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.]

[Decl. of Latsanovski, ¶¶10; 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July

433

DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

E. Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.] [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] [Opposing Decl. of Latsanovski, ¶¶1-30.]

F.  Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet skincare business.  Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions.  Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai.

[Decl. of Benice, ¶2; Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| | 15, 2015, ¶¶4-14.] |
| | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |
| | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| | [Opposing Decl. of Latsanovski, ¶¶1-30.] |
| 94.    Further, in numerous instances, Defendants debited consumers' bank accounts on a recurring basis without providing a copy of a written authorization signed or similarly authenticated by the consumer for preauthorized electronic fund transfers from the consumer's account, thereby violating Section 907(a) of EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.10(b). | 94.        *Disputed.* <br><br> A.    Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc. <br> [Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; *"The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment..."*] <br><br> [Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.] <br><br> [Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.] <br><br> [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in |

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| 1 | Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |
| 2 | |
| 3 | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |
| 4 | |
| 5 | |
| 6 | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| 7 | |
| 8 | |
| 9 | |
| 10 | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| 11 | |
| 12 | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| 13 | |
| 14 | |
| 15 | |
| 16 | [Opposing Decl. of Latsanovski, ¶¶1-30.] |
| 17 | B. During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates. |
| 18 | |
| 19 | [Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.] |
| 20 | |
| 21 | |
| 22 | [Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea*, R.T. 85: lns. 3-5; "Did Bunzai ...pay back Igor ...? A. I believe it did.] |
| 23 | |
| 24 | |
| 25 | [Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.] |
| 26 | [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July |
| 27 | |
| 28 | |

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

C. Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,746 in interest return on the $500,000.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea*, R.T. 85: lns. 3-5; *"Did Bunzai ...pay back Igor ...? A. I believe it did.*][Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

D. Defendants Latsanovski and Calenergy had no involvement in the day to day operations of Defendant Bunzai.

[Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.]

[Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.]

[Decl. of Latsanovski, ¶¶10; 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

439

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

E. Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]
[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| 1 | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| 2 | |
| 3 | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| 4 | |
| 5 | |
| 6 | |
| 7 | [Opposing Decl. of Latsanovski, ¶¶1-30.] |
| 8 | |
| 9 | F.  Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet skincare business.  Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions.  Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai. |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | [Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)]. |
| 21 | |
| 22 | [Decl. of Latsanovski, ¶¶10: 12-18.] |
| 23 | [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |
| 24 | |
| 25 | |
| 26 | |
| 27 | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial |
| 28 | |

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| | Summary Judgment filed April 18, 2016.] |
| | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| | [Opposing Decl. of Latsanovski, ¶¶1-30.] |
| 95.      Under Section 917 of EFTA, 15 U.S.C. § 1693o(c), a violation of EFTA and Regulation E constitutes a violation of the FTC Act. | 95.      This is a purported statement of law. It cannot be referenced as Disputed or Undisputed. |
| 96.      Plaintiff alleges Defendants engaged in violations of EFTA and Regulation E as described in alleged in Paragraphs 93 and 94. | 96.      *Disputed.* <br><br> A.      Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc. <br><br> [Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; *"The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment..."*] <br><br> [Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.] <br><br> [Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.] <br><br> [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in |

DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF
UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

|   |   |
|---|---|
| 1 | Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |
| 2 | |
| 3 | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |
| 4 | |
| 5 | |
| 6 | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| 7 | |
| 8 | |
| 9 | |
| 10 | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| 11 | |
| 12 | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| 13 | |
| 14 | |
| 15 | |
| 16 | [Opposing Decl. of Latsanovski, ¶¶1-30.] |
| 17 | B. During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates. |
| 18 | |
| 19 | |
| 20 | [Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.] |
| 21 | |
| 22 | |
| 23 | [Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea*, R.T. 85: lns. 3-5; *"Did Bunzai ...pay back Igor ...? A. I believe it did.*] |
| 24 | |
| 25 | [Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.] |
| 26 | |
| 27 | [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in |
| 28 | |

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

C. Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,746 in interest return on the $500,000.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; *"Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or,

DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF
UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| | |
|---|---|
| 1 | Alternatively Partial Summary Judgment.] |
| 2 | [Opposing Decl. of Latsanovski, ¶¶1-30.] |
| 3 | |
| 4 | D. Defendants Latsanovski and Calenergy had |
| 5 | no involvement in the day to day operations of Defendant Bunzai. |
| 6 | [Decl. of Benice, ¶2; Exh. "A" *January 28,* |
| 7 | *2016 Depo of Latsanovski*, R.T. 30: 6-23.] |
| 8 | [Decl. of Benice, ¶4; Exh. "C" *February 18,* |
| 9 | *2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.] |
| 10 | [Decl. of Latsanovski, ¶¶10; 12-18.] |
| 11 | [Request for Judicial Notice No. 1; July 13, |
| 12 | 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief |
| 13 | from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |
| 14 | |
| 15 | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for |
| 16 | Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |
| 17 | [Request for Judicial Notice No. 3; Declaration |
| 18 | of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 |
| 19 | Agreement between Guayas, LTD. and Calenergy, LLC.] |
| 20 | |
| 21 | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 |
| 22 | Master Loan Agreement.] |
| 23 | [Request for Judicial Notice No. 5; Declaration |
| 24 | of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion |
| 25 | for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, |
| 26 | Alternatively Partial Summary Judgment.] |
| 27 | [Opposing Decl. of Latsanovski, ¶¶1-30.] |
| 28 | |

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

E. Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.] [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

F.  Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet skincare business.  Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never

received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions. Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

## *Count VII.*

### *Relief Defendant*

| *MOVING PARTY'S UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE* | *OPPOSING PARTY'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE* |
| --- | --- |
| 97.      Relief Defendant, Chargeback Armor, Inc. received, directly or indirectly, funds and other assets from Defendants that were traceable to funds obtained from Defendants' customers through the unlawful acts or practices described herein. | 97.      *Disputed.*<br><br>A.      Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc.<br>[Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; *"The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment..."*]<br><br>[Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.]<br><br>[Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.]<br><br>[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]<br><br>[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]<br><br>[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]<br><br>[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]<br><br>[Request for Judicial Notice No. 5; Declaration |

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

B. During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea*, R.T. 85: lns. 3-5; *"Did Bunzai ...pay back Igor ...? A. I believe it did.*]
[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| 1 | Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| 2 | |
| 3 | |
| 4 | [Opposing Decl. of Latsanovski, ¶¶1-30.] |
| 5 | |
| 6 | C. Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,746 in interest return on the $500,000. |
| 7 | |
| 8 | [Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.] |
| 9 | |
| 10 | |
| 11 | [Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea*, R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*] |
| 12 | |
| 13 | |
| 14 | [Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.] |
| 15 | |
| 16 | [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |
| 17 | |
| 18 | |
| 19 | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |
| 20 | |
| 21 | |
| 22 | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| 23 | |
| 24 | |
| 25 | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| 26 | |
| 27 | [Request for Judicial Notice No. 5; Declaration |
| 28 | |

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

D. Defendants Latsanovski and Calenergy had no involvement in the day to day operations of Defendant Bunzai.

[Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.]

[Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.]

[Decl. of Latsanovski, ¶¶10; 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

E. Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.] [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

F.  Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet skincare business.  Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions.  Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration

DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| | |
|---|---|
| | of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]<br><br>[Opposing Decl. of Latsanovski, ¶¶1-30.] |
| 98.      Relief Defendant was not a bona fide purchaser with legal and equitable title to Defendants' customers' funds or other assets, and Relief Defendant will be unjustly enriched if it is not required to disgorge the funds or the value of the benefit it received as a result of Defendants' unlawful acts or practices. | 98.      *Disputed.*<br><br>A.      Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc.<br><br>[Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; *"The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment..."*]<br><br>[Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.]<br><br>[Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.]<br><br>[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]<br><br>[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]<br><br>[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]<br><br>[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 |

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF
UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

B. During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea*, R.T. 85: lns. 3-5; *"Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| 1 | |
| 2 | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| 3 | |
| 4 | |
| 5 | |
| 6 | [Opposing Decl. of Latsanovski, ¶¶1-30.] |
| 7 | C. Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,746 in interest return on the $500,000. |
| 8 | |
| 9 | [Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.] |
| 10 | |
| 11 | |
| 12 | [Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea*, R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*] |
| 13 | |
| 14 | |
| 15 | [Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.] |
| 16 | |
| 17 | [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |
| 18 | |
| 19 | |
| 20 | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |
| 21 | |
| 22 | |
| 23 | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| 24 | |
| 25 | |
| 26 | |
| 27 | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| 28 | |

DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

D. Defendants Latsanovski and Calenergy had no involvement in the day to day operations of Defendant Bunzai.

[Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.]

[Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.]

[Decl. of Latsanovski, ¶¶10; 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants

DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

E. Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

F.  Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet skincare business.  Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions.  Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration

DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| | |
|---|---|
| | of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]<br><br>[Opposing Decl. of Latsanovski, ¶¶1-30.] |
| 99.      By reason of the foregoing, Relief Defendant holds funds and assets in constructive trust for the benefit of Defendants' customers. | 99.      **Disputed.**<br><br>A.      Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc.<br><br>[Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; *"The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment…"*]<br><br>[Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.]<br>[Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.]<br><br>[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]<br><br>[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]<br><br>[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]<br><br>[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

B. During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea*, R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| | |
|---|---|
| | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]<br><br>[Opposing Decl. of Latsanovski, ¶¶1-30.]<br><br>C. Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,746 in interest return on the $500,000.<br><br>[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]<br><br>[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea*, R.T. 85: lns. 3-5; *"Did Bunzai ...pay back Igor ...? A. I believe it did.*]<br><br>[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]<br><br>[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]<br><br>[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]<br><br>[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]<br><br>[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

D. Defendants Latsanovski and Calenergy had no involvement in the day to day operations of Defendant Bunzai.

[Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.]

[Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.]

[Decl. of Latsanovski, ¶¶10; 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| 1 | Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| 2 | |
| 3 | |
| 4 | [Opposing Decl. of Latsanovski, ¶¶1-30.] |
| 5 | E. Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct. |
| 6 | |
| 7 | [Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)]. |
| 8 | |
| 9 | |
| 10 | [Decl. of Latsanovski, ¶¶10: 12-18.] |
| 11 | [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |
| 12 | |
| 13 | |
| 14 | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |
| 15 | |
| 16 | |
| 17 | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| 18 | |
| 19 | |
| 20 | |
| 21 | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| 22 | |
| 23 | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| 24 | |
| 25 | |
| 26 | |
| 27 | [Opposing Decl. of Latsanovski, ¶¶1-30.] |
| 28 | |

DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

F. Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet skincare business. Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions. Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| | of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| | [Opposing Decl. of Latsanovski, ¶¶1-30.] |

### CONSUMER INJURY

| MOVING PARTY'S UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE |
|---|---|
| 100.    Consumers have suffered and will continue to suffer substantial injury as a result of Defendants' violations of the FTC Act, ROSCA, and EFTA. In addition, Defendants have been unjustly enriched as a result of their unlawful acts or practices. Absent injunctive relief by this Court, Defendants are likely to continue to injure consumers, reap unjust enrichment, and harm the public interest. | 100.         *Disputed.*<br><br>A.    Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc.<br><br>[Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; *"The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment..."*]<br><br>[Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.]<br><br>[Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.]<br><br>[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]<br><br>[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]<br><br>[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |

DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

B. During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea*, R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.] [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| | |
|---|---|
| 1 | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| 2 | |
| 3 | |
| 4 | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| 5 | |
| 6 | |
| 7 | [Opposing Decl. of Latsanovski, ¶¶1-30.] |
| 8 | |
| 9 | C. Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,746 in interest return on the $500,000. |
| 10 | |
| 11 | [Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.] |
| 12 | |
| 13 | |
| 14 | [Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea*, R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*] |
| 15 | |
| 16 | |
| 17 | [Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.] |
| 18 | |
| 19 | [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |
| 20 | |
| 21 | |
| 22 | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |
| 23 | |
| 24 | |
| 25 | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| 26 | |
| 27 | |
| 28 | |

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

D. Defendants Latsanovski and Calenergy had no involvement in the day to day operations of Defendant Bunzai.

[Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.]

[Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.]

[Decl. of Latsanovski, ¶¶10; 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

469

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

E. Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.] [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

1

2   [Opposing Decl. of Latsanovski, ¶¶1-30.]

3

4   F.  Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet skincare business.  Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions.  Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai.

5

6

7

8

9

10

11

12

13

14   [Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

15

16

17   [Decl. of Latsanovski, ¶¶10: 12-18.]

18   [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

19

20

21   [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

22

23

24   [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

25

26

27

28   [Request for Judicial Notice No. 4; Declaration

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| | of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] [Opposing Decl. of Latsanovski, ¶¶1-30.] |

### THIS COURT'S AUTHORITY TO GRANT RELIEF

| *MOVING PARTY'S UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE* | *OPPOSING PARTY'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE* |
|---|---|
| 101.    Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), empowers this Court to grant injunctive and such other relief as the Court may deem appropriate to halt and redress violations of any provision of law enforced by the FTC. The Court, in the exercise of its equitable jurisdiction, may award ancillary relief, including rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies, to prevent and remedy any violation of any provision of law enforced by the FTC. a.    To obtain injunctive and monetary relief against individuals for injury to consumers resulting from a company's conduct, the FTC must establish that the individuals both: (1) participated directly in the unlawful acts or practices or had authority to control them; and (2) had some knowledge of these acts or practices. FTC v. Publ 'g Clearing House, Inc., 104 F.3d 1168, 1170–71 (9th Cir. 1997); FTC v. Amy Travel Serv., Inc., 875 F.2d 564, 573 (7th Cir. 1989). b.    Authority to control the company can be demonstrated by "active involvement in business affairs and the making of corporate policy, including assuming the duties of a corporate officer." Amy Travel, 875 F.2d at 573. | 101.    This is a purported statement of law; not an uncontroverted fact.  It cannot be referenced as Disputed or Undisputed. |

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| c.     The FTC may satisfy the knowledge requirement by showing either actual knowledge of the misrepresentations, reckless indifference to the truth or falsity of the misrepresentations, or an awareness of a high probability of fraud coupled with an intentional avoidance of the truth. Publ 'g Clearing House, 104 F.3d at 1171; Amy Travel, 875 F.2d at 574. The degree of participation in business affairs is probative of knowledge. Publ 'g Clearing House, 104 F. 3d at 1170; FTC v. Sharp, 782 F. Supp. 1445, 1450 (D. Nev. 1991) (Pro, J.). d.     To establish individual liability, the FTC need not show that the individual intended to defraud consumers. Publ 'g Clearing House, 104 F.3d at 1171. | |
| 102. Section 19 of the FTC Act, 15 U.S.C. § 57b, Section 5 of ROSCA, 15 U.S.C. § 8404, and Section 9 17(c) of EFTA, 15 U.S.C. § 16930(c), authorize this Court to grant such relief as the Court finds necessary to redress injury to consumers resulting from Defendants' violations of the FTC Act, ROSCA, and EFTA, including the rescission or reformation of contracts and the refund of money. | 102.     This is a purported statement of law; not an uncontroverted fact.  It cannot be referenced as Disputed or Undisputed. |

## ***PRAYER FOR RELIEF***

Pursuant to Sections 13(b) and 19 of the FTC Act, 15 U.S.C. §§ 53(b), 57b, Section 5 of ROSCA, 15 US.C. § 8404, Section 917(c) of EFTA, 15 U.S.C. § 1693o(c), and the Court's own equitable powers, this Court has authority to:

A.     Enter a permanent injunction to prevent future violations of the FTC Act, ROSCA, and EFTA by Defendants;

B.     Award such relief as the Court finds necessary to redress injury to consumers resulting from Defendants' violations of the FTC Act, ROSCA, and EFTA, including, but not limited to, rescission or reformation of contracts,

DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

restitution, the refund of monies paid, and the disgorgement of ill-gotten monies;

C. Enter an order requiring Relief Defendant to disgorge all funds and assets, or the value of the benefit it received from the funds and assets, which are traceable to Defendants' unlawful acts or practices; and

D. Award Plaintiff the cost of bringing this action, as well as such other additional relief the Court determines to be just and proper.

Defendants dispute that Plaintiff is entitled to any relief.

## *JURISDICTION AND VENUE*

| *MOVING PARTY'S UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE* | *OPPOSING PARTY'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE* |
|---|---|
| 103. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1337(a), and 1345, and 15 U.S.C. §§ 45(a) and 53(b). | 103. This is a purported statement of law; not an uncontroverted fact.  It cannot be referenced as Disputed or Undisputed. |
| 104. Personal jurisdiction over all Defendants exists pursuant to the FTC Act's provision for nationwide service of process, 15 U.S.C. § 53(b). | 104. This is a purported statement of law; not an uncontroverted fact.  It cannot be referenced as Disputed or Undisputed. |
| 105. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c), and 15 U.S.C. § 53(b). | 105. This is a purported statement of law; not an uncontroverted fact.  It cannot be referenced as Disputed or Undisputed. |

## *The Standard for Summary Judgment*

| *MOVING PARTY'S UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE* | *OPPOSING PARTY'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE* |
|---|---|
| 106. Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). | 106. This is a purported statement of law; not an uncontroverted fact.  It cannot be referenced as Disputed or Undisputed. |
| 107. The moving party "bears the initial responsibility of informing the district court of the basis for its motion." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). | 107. This is a purported statement of law; not an uncontroverted fact.  It cannot be referenced as Disputed or Undisputed. |

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| 108.    Once the moving party satisfies its burden under Rule 56(c), the burden shifts to the non-moving party to produce facts to show there is a genuine issue for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). | 108. This is a purported statement of law; not an uncontroverted fact.  It cannot be referenced as Disputed or Undisputed. |
| 109.    Summary judgment is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. Id.; see also Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002). Only disputes over facts that might affect the outcome of the case would properly preclude summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Thus, any opposition to this motion must set forth admissible evidence that is significantly probative, and not merely colorable, of any fact that is claimed to be Disputed. Id. at 249. | 109. This is a purported statement of law; not an uncontroverted fact.  It cannot be referenced as Disputed or Undisputed. |
| 110.    As the Supreme Court has held: "The mere existence of a scintilla of evidence . . . will be insufficient; there must be evidence on which the [fact finder] could reasonably find for [the opposing party]." Id. at 252; Hawking v. Ford Motor Credit Co., 210 F.3d 540, 545 (5th Cir. 2000). | 110. This is a purported statement of law; not an uncontroverted fact.  It cannot be referenced as Disputed or Undisputed. |

### *Counts I-III: Section 5 of the FTC Act – Deception*

| *MOVING PARTY'S UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE* | *OPPOSING PARTY'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE* |
|---|---|
| 111.    Section 5(a) of the FTC Act empowers the FTC to prevent "deceptive acts or practices in or affecting commerce." 15 U.S.C. § 45(a) (2006). | 111. This is a purported statement of law; not an uncontroverted fact.  It cannot be referenced as Disputed or Undisputed. |
| 112.    An act or practice is deceptive if "first, there is a representation, omission, or practice that, second, is likely to mislead consumers acting reasonably under the circumstances, and third, the representation, omission, or practice is material." FTC v. Gill, 265 F.3d 944, 950 (9th Cir. 2001); FTC v. Pantron I Corp., 33 F.3d 1088, 1095 (9th Cir. 1994) (quoting and adopting the standard set forth in In re Cliffdale Assocs., 103 F.T.C. 110, 164–65 | 112. This is a purported statement of law; not an uncontroverted fact.  It cannot be referenced as Disputed or Undisputed. |

475

| | |
|---|---|
| (1984)). | |
| 113.    A representation, omission, or practice is material if it "'involves information that is important to consumers and hence, likely to affect their choice of, or conduct regarding, a product.'" FTC v. Cyberspace.com LLC, 453 F.3d 1196, 1201 (9th Cir. 2006 (quoting Cliffdale Assocs., 103 F.T.C. at 165). | 113. This is a purported statement of law; not an uncontroverted fact.  It cannot be referenced as Disputed or Undisputed. |
| 114.    The FTC need not prove actual reliance by each individual consumer. Figgie Int'l, 994 F .2d at 605. Requiring such proof would defeat the intent of the FTC Act and would frustrate prosecutions of large consumer redress actions. Id. Instead, a presumption of actual reliance arises once the FTC has proved that the defendant made material misrepresentations, that they were widely disseminated, and that consumers purchased the defendant's product. Id. at 605–06. | 114. This is a purported statement of law; not an uncontroverted fact.  It cannot be referenced as Disputed or Undisputed. |
| 115.    The FTC is not required to show an intent to deceive, since consumers can be equally harmed by both deliberate and negligent conduct. FTC v. World Travel Vacation Brokers, Inc., 861 F.2d 1020, 1029 (7th Cir. 1988); FTC v. NCH, Inc., 1995-2 Trade Cas. (CCH) ¶71,114, at 75,346 (D. Nev. 1995) (O'Connor, J.); FTC v. Pioneer Enters., Inc., 1992-2 Trade Cas. (CCH) ¶70,043, at 69,156 (D. Nev. 1992) (George, C.J.). | 115. This is a purported statement of law; not an uncontroverted fact.  It cannot be referenced as Disputed or Undisputed. |
| 116.    The failure to clearly and conspicuously disclose the material terms of an offer is a deceptive omission that violated Section 5 of the FTC Act. FTC v. Pioneer Enters., Inc., 1992-2 Trade Cas. (CCH) ¶ 70,043 (D. Nev. 1992). | 116. This is a purported statement of law; not an uncontroverted fact.  It cannot be referenced as Disputed or Undisputed. |
| 117.    Representations are deceptive under Section 5 of the FTC Act where they are both likely to mislead consumers acting reasonably and material to consumers' purchasing decisions. See FTC v. Gill, 265 F.3d 950; FTC v. Pantron I Corp., 33 F.3d 1095. | 117. This is a purported statement of law; not an uncontroverted fact.  It cannot be referenced as Disputed or Undisputed. |
| 118.    "To determine whether a representation, omission, or practice is likely to mislead, the Court considers the overall net impression the representation creates." Publrs. | 118. This is a purported statement of law; not an uncontroverted fact.  It cannot be referenced as Disputed or Undisputed. |

476

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| Bus. Servs., Inc., 821 F. Supp. 2d at 1223 (citing Cyberspace.com, 453 F.3d at 1200). | |
| 119.    There is no question that a false representation that a product is free or risk free is material and a violation of Section 5. See FTC v. Commerce Planet, Inc., 878 F. Supp. 2d 1048, 1068 (C.D. Cal. 2012) ("This misrepresentation is undoubtedly material because the information about a free kit goes to the cost of the product, an important factor in a consumer's decision on whether or not to purchase a product. The notion that consumers will get a free kit makes it more likely that they will unwittingly provide their credit card information, thinking they are only paying for shipping and handling, when in fact, they are obligating themselves to pay a subscription fee for the continuity program.") | 119. This is a purported statement of law; not an uncontroverted fact.  It cannot be referenced as Disputed or Undisputed. |
| 120.    To be effective, a disclosure must be sufficiently clear and prominent so that the "overall net impression" of the sales offer is truthful. See Cyberspace. Com, 453 F.3d at 1200 ("A solicitation may be likely to mislead by virtue of the net impression it creates even though the solicitation also contains truthful disclosures."). See also FTC v. Direct Marketing Concepts, Inc., 624 F.3d 1, 12 (1st Cir. 2010) ("[d]isclaimers or qualifications in any particular ad are not adequate to avoid liability unless they are sufficiently prominent and unambiguous to change the apparent meaning of the claims and leave an accurate impression") (quoting Removatron Intern. Corp. v. FTC, 884 F.2d 1489, 1497 (1st Cir. 1989)); FTC v. Brown & Williamson Tobacco Corp., 778 F.2d 35, 43 (D.C. Cir. 1985) (holding that an advertisement's description of cigarette tar content was deceptive despite a fine print disclosure at the bottom of the ad); FTC v. Porter & Deitsch, 605 F.2d 294, 301 (7th Cir. 1979) (upholding FTC and finding that disclosures "buried in small print" were inadequate to qualify weight loss claims in advertising); FTC v. Gill, 71 F. Supp. 2d 1030, 1044 (C.D. Cal. 1999) (disclaimers made in contract for credit repair services were insufficient to counteract advertising claims | 120. This is a purported statement of law; not an uncontroverted fact.  It cannot be referenced as Disputed or Undisputed. |

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| about the service). | |
| 121.    Express product claims are presumed to be material and reliance upon such claims is presumptively reasonable. FTC v. Pantron I Corp., 33 F.3d 1088, 1095-96 (9th Cir. 1994); FTC v. Five-Star Auto Club, Inc., 97 F. Supp. 2d 502, 528 (S.D.N.Y. 2000). | 121. This is a purported statement of law; not an uncontroverted fact.  It cannot be referenced as Disputed or Undisputed. |

### *Count IV: Section 5 of the FTC Act - Unfairness*

| *MOVING PARTY'S UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE* | *OPPOSING PARTY'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE* |
|---|---|
| 122.    An act or practice is unfair, and violates Section 5(a) of the FTC Act, if it causes, or is likely to cause, substantial injury to consumers that is not reasonably avoidable and is not outweighed by countervailing benefits to consumers or competition. 15 U.S.C. § 45(n). | 122.       This is a purported statement of law; not an uncontroverted fact.  It cannot be referenced as Disputed or Undisputed. |
| 123.    Courts have regularly found unauthorized billing to be unfair. FTC v. Inc21.com, 745 F. Supp. 2d 975, 1003-05 (N.D. Cal. 2010) (unauthorized charges to telephone bills were unfair); FTC v. J.K. Publ'ns, 99 F. Supp. 2d 1176, 1203 (C.D. Cal. 2000) (unauthorized credit card charges); FTC v. Windward Mktg., Ltd., No. 96-615F, 1997 WL 33642380, at *10, 13 (N.D. Ga. Sept. 30, 1997) (unauthorized bank debits). | 123.       This is a purported statement of law; not an uncontroverted fact.  It cannot be referenced as Disputed or Undisputed. |
| 124.    Taking consumers' money without authorization is presumed to cause substantial injury. See J.K. Publ'ns, 99 F. Supp. 2d at 1201 (finding substantial injury where "consumers were injured by a practice for which they did not bargain"). | 124.    This is a purported statement of law; not an uncontroverted fact.  It cannot be referenced as Disputed or Undisputed. |
| 125.    The injury is substantial even if the amount taken is relatively small. FTC v. Pantron I Corp., 33 F.3d 1088, 1102 (9th Cir. 1994), cert. denied, 514 U.S. 1083 (1995) ("[C]onsumer injury is substantial when it is the aggregate of many small individual injuries."). | 125.       This is a purported statement of law; not an uncontroverted fact.  It cannot be referenced as Disputed or Undisputed. |
| 126. It is well-established principle in the federal courts that large numbers of consumer | 126.       This is a purported statement of law; not an uncontroverted fact.  It cannot be |

| | |
|---|---|
| complaints and high chargeback, return, and refund rates are convincing evidence that a consumer did not agree to be charged. See FTC v. MacGregor, 360 Fed App'x 891, 894 (9th Cir. 2009) (holding that high refund and return rates, along with high volume of complaints, are probative of misrepresentations and other abuses). See also FTC v. Commerce Planet, 878 F. Supp. 2d 1048, 1075-76 (C.D. Cal. 2012) (high volume of consumer complaints and excessive chargeback rates reaching 8 percent consistent with fraud); FTC v. Grant Connect, LLC, 827 F. Supp. 2d 1199, 1221 (D. Nev. 2011) ("[H]igh number of cancellations, refunds and chargebacks suggest that in fact consumers were deceived about what they were ordering."); J.K. Publ'ns, 99 F. Supp. 2d at 1203 (finding unauthorized charging where, among other things, more than 50 percent of consumers contacting defendants claimed they had not ordered defendants' products and there were 7.3 percent chargebacks); FTC v. QT, Inc., 448 F. Supp 908, 936 (N.D. Ill. 2006), aff'd 512 F.3d 858 (7th Cir. 2008) (refund rate of 25 percent indicates deception); FTC v. Crescent Publ'g Grp., 129 F. Supp. 2d 311, 315, 322 (S.D. N.Y 2001) (lack of consumer authorization evidenced by "strikingly high chargeback level that averaged approximately 10.51 percent."); Windward Mktg., 1997 WL 33642380, at *6, 12 (concluding from 40 percent return rate that defendant knew debits were unauthorized). | referenced as Disputed or Undisputed. |
| 127.    Consumers cannot reasonably avoid an unauthorized charge that they discover after it occurs. Inc21.com, 745 F. Supp. 2d at 1004 ("[T]he burden should not be placed on defrauded customers to avoid charges that were never authorized to begin with."). | 127. This is a purported statement of law; not an uncontroverted fact.  It cannot be referenced as Disputed or Undisputed. |
| 128.    Finally, consumers do not benefit from being debited or charged for products or services "they never agreed to purchase, didn't know were being provided to them, and never wanted in the first place." Inc21.com, 745 F. Supp. 2d at 1004-05; see also Neovi, 604 F.3d at 1157 (consumers are "injured by a practice | 128. This is a purported statement of law; not an uncontroverted fact.  It cannot be referenced as Disputed or Undisputed. |

479

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| for which they did not bargain"); J.K. Publ'ns, 99 F. Supp. 2d at 1202. | |
|---|---|

### *Count V: Restore Online Shoppers' Confidence Act ("ROSCA")*

| *MOVING PARTY'S UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE* | *OPPOSING PARTY'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE* |
|---|---|
| 129.     Section 4 of ROSCA, 15 U.S.C. § 8403, generally prohibits charging consumers for goods or services sold on the Internet through a negative option feature, unless the seller clearly and conspicuously discloses all material terms of the transaction before obtaining the consumer's billing information, obtains the consumer's express informed consent before making the charge, and provides a simple mechanism to stop recurring charges. See 15 U.S.C. § 8403 (2006). | 129. This is a purported statement of law; not an uncontroverted fact.  It cannot be referenced as Disputed or Undisputed. |
| 130.     Specifically, it is unlawful "for any person to charge or attempt to charge any consumer for any goods or services sold in a transaction effected on the Internet through a negative option feature (as defined in the Federal Trade Commission's Telemarketing Sales Rule in part 310 of title 16, Code of Federal Regulations)" without clearly and conspicuously disclosing material terms, obtaining a consumer's informed consent, and providing a simple mechanism to stop recurring charges. 15 U.S.C. § 8403 (2006). | 130. This is a purported statement of law; not an uncontroverted fact.  It cannot be referenced as Disputed or Undisputed. |
| 131.     The Telemarketing Sales Rule defines a negative option feature as "an offer or agreement to sell or provide any goods or services, a provision under which the consumer's silence or failure to take an affirmative action to reject goods or services or to cancel the agreement is interpreted by the seller as acceptance of the offer." 16 C.F.R. § 3 10.2(u) (2006). | 131. This is a purported statement of law; not an uncontroverted fact.  It cannot be referenced as Disputed or Undisputed. |

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| 132.    Under Section 5 of ROSCA, 15 U.S.C. § 8404, a violation of ROSCA is a violation of a rule promulgated under Section 18 of the FTC Act, 15 U.S.C. § 57a. | 132. This is a purported statement of law; not an uncontroverted fact.  It cannot be referenced as Disputed or Undisputed. |

### Count VI: The Electric Funds Transfer Act ("EFTA") and Regulation E

| MOVING PARTY'S UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE |
| --- | --- |
| 133.    The Electronic Fund Transfer Act, and its implementing Regulation E, regulate the circumstances under which a merchant may make regularly recurring debits from a consumer's bank account. EFTA and Regulation E require that, before a merchant can make such recurring debits, it must obtain a written authorization signed or similarly authenticated by the consumer. 15 U.S.C. § 1693e(a) (2006); 12 C.F.R. § 205.10(b) (2006). | 133. This is a purported statement of law; not an uncontroverted fact.  It cannot be referenced as Disputed or Undisputed. |
| 134.    Section 907(a) of EFTA, 15 U.S.C. § 1693e(a), provides that a "preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made." | 134. This is a purported statement of law; not an uncontroverted fact.  It cannot be referenced as Disputed or Undisputed. |
| 135.    Section 903(9) of EFTA, 15 U.S.C. § 1693a(9, provides that the term "preauthorized electronic fund transfer" means "an electronic fund transfer authorized in advance to recur at substantially regular intervals." | 135. This is a purported statement of law; not an uncontroverted fact.  It cannot be referenced as Disputed or Undisputed. |
| 136.    Section 205.10(b) of Regulation E, 12 C.F.R. § 205.10(b), provides that "[p]reauthorized electronic fund transfers from a consumer's account may be authorized only by a writing signed or similarly authenticated by the consumer. The person that obtains the authorization shall provide a copy to the consumer." Section 205.10 of the Federal Reserve Board's Official Staff Commentary to | 136. This is a purported statement of law; not an uncontroverted fact.  It cannot be referenced as Disputed or Undisputed. |

| | |
|---|---|
| Regulation E, 12 C.F.R. §205.10(b), Supp. I, provides that "[t]he authorization process should evidence the consumer's identity and assent to the authorization." Id. ¶10(b), cmt 5. The Official Staff Commentary further provides that "[a]n authorization is valid if it is readily identifiable as such and the terms of the preauthorized transfer are clear and readily understandable ..." Id. ¶ 10(b), cmt 6. | |

### Count IV: Relief Defendant

| MOVING PARTY'S UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE |
|---|---|
| 137.   "The broad equitable powers of the federal courts can be employed to recover ill-gotten gains for the benefit of the victims of wrongdoing, whether held138. Under the FTC Act, disgorgement from a relief defendant is warranted where: (1) the relief defendant has received ill-gotten gains; and (2) does not have a legitimate claim to those gains. See FTC v. Ivy Capital, Inc., et al., 2013 WL 1224613, at * 18 (relief defendant who was responsible for keeping the books and for various operations or administrative tasks is liable for disgorgement); FTC v. Transnet Wireless Corp., 506 F. Supp. 2d 1247, 1273 (S.D. Fla. 2007) (relief defendant liable for the full amount off ill-gotten gains she received when she provided no service to the corporate defendants); SEC v. Colello, 139 F.3d 674, 677 (9th Cir. 1998) (summary judgment against a relief defendant who failed to show he had a legitimate claim to the ill-gotten gains he received); FTC v. Inc21.com Corp., 745 F. Supp. 2d 975, 1009 (N.D. Cal. 2010), aff'd 475 Fed. Appx. 106 (9th Cir. 2012) (relief defendant liable for ill-gotten gains as he was "president" of a corporation "in name only" and provided no services to the corporation); FTC v. Holiday Enterp, 2008 WL 953358, at * 12 (N.D. Ga. Feb. 5, 2008) (relief defendant liable as "[s]he never performed any work for the [defendant] companies (except for occasional signing of checks) and would not have a legitimate claim to properties because | 137. This is a purported statement of law; not an uncontroverted fact.  It cannot be referenced as Disputed or Undisputed. |

482

| | |
|---|---|
| of any work performed for the Holiday companies"); FTC v. Think Achievement Corp., 144 F. Supp. 2d 1013, 1020-22 (N.D. Ind. 2000). | |
| 139.    Once demonstrated, the appropriate remedy is an equitable monetary judgment equivalent to the amount of ill-gotten gains that the relief defendant received. See FTC v. Transnet Wireless Corp., 506 F. Supp. at 1273. | 139. This is a purported statement of law; not an uncontroverted fact.  It cannot be referenced as Disputed or Undisputed. |
| 140.    Moreover, it is well-established that government agencies, in an effort to maximize the recovery of funds taken through fraud, may pursue individuals or companies even if they are no longer in possession of the ill-gotten assets. See, e.g., CFTC v. Gresham, No. 3:09-cv-75, 2012 WL 1606037, *3 (N.D. Ga. May 7, 2012) ("An individual may be a proper relief defendant even if she does not possess the actual ill-gotten gains if she previously received benefits that were derived from another person's unlawful conduct."). | 140. This is a purported statement of law; not an uncontroverted fact.  It cannot be referenced as Disputed or Undisputed. |
| 141.    Finally, courts have found that an individual's status as an employee does not create a legitimate claim to salary or other employee benefits if her employment was "in name only." FTC v. Inc21.com Corp., 745 F. Supp. 2d at 999. | 141. This is a purported statement of law; not an uncontroverted fact.  It cannot be referenced as Disputed or Undisputed. |

### Liability: Common Enterprise

| MOVING PARTY'S UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE |
|---|---|
| 142.    Where corporate defendants act as a common enterprise, each may be held jointly and severally liable for the unlawful acts and practices of the other. Grant Connect, 827 F. Supp. 2d at 1216; J.K. Publ'ns, 99 F. Supp. 2d at 1202. | 142.    **Disputed.** <br><br> A.    Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc. <br> [Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; "The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment..."] |

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

1

2   [Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.]

3

4   [Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.]

5

6   [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

7

8

9   [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

10

11

12   [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

13

14

15   [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

16

17

18   [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

19

20

21

22   [Opposing Decl. of Latsanovski, ¶¶1-30.]

23   B. During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates.

24

25   [Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

26

27

28

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea*, R.T. 85: lns. 3-5; *"Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.] [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

C. Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,746 in interest return on the $500,000.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18,

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

*2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5;
"*Did Bunzai ...pay back Igor ...? A. I believe it
did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto,
July, 2015 Loan Summary; ¶¶ 15-16.]

[Request for Judicial Notice No. 1; July 13,
2015 Declaration of Igor Latsanovski in
Support of Ex Parte Request for Partial Relief
from Temporary Restraining Order filed July
15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration
of Igor Latsanovski in Support of Motion for
Summary Judgment, or Alternatively Partial
Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration
of Ilia Klykov Re: November 6, 2009 Fiduciary
Management Agreement; and January 12, 2015
Agreement between Guayas, LTD. and
Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration
of Mariya Aleksandrovna Re: June 4, 2015
Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration
of Jeffrey S. Benice in Support of Defendants
Igor Latsanovski and Calenergy, Inc's Motion
for Summary Judgment Pursuant to Federal
Rules of Civil Procedure Rule 56 or,
Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

D. Defendants Latsanovski and Calenergy had
no involvement in the day to day operations of
Defendant Bunzai.

[Decl. of Benice, ¶2; Exh. "A" *January 28,
2016 Depo of Latsanovski*, R.T. 30: 6-23.]

[Decl. of Benice, ¶4; Exh. "C" *February 18,
2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111:
1-25; 112: 1-25; 161: 10-19.]

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF
UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Decl. of Latsanovski, ¶¶10; 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] [Opposing Decl. of Latsanovski, ¶¶1-30.]

E. Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]
[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

F.  Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet skincare business.  Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions.  Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it. (Bunzai)*].

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| | [Decl. of Latsanovski, ¶¶10: 12-18.] |
| | [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |
| | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |
| | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| | [Opposing Decl. of Latsanovski, ¶¶1-30.] |
| 143.    Corporations "'constitute a common enterprise when they exhibit either vertical or horizontal commonality—qualities that may be demonstrated by a showing of strongly interdependent economic interest or the pooling of assets and revenues.'" Grant Connect, 827 F. Supp. 2d at 1266 (citing FTC v. Network Servs. Depot, Inc., 617 F.3d 1127, 1142-43 (9th Cir. 2010)). | 143.        **Disputed.**<br><br>A.    Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc.<br>[Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; *"The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment..."*]<br><br>[Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.] |

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| 1 | [Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.] |
| 2 | |
| 3 | [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |
| 4 | |
| 5 | |
| 6 | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |
| 7 | |
| 8 | |
| 9 | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| 10 | |
| 11 | |
| 12 | |
| 13 | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| 14 | |
| 15 | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| 16 | |
| 17 | |
| 18 | |
| 19 | [Opposing Decl. of Latsanovski, ¶¶1-30.] |
| 20 | B. During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates. |
| 21 | |
| 22 | [Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.] |
| 23 | |
| 24 | |
| 25 | [Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea*, R.T. 85: lns. 3-5; *"Did Bunzai ...pay back Igor ...? A. I believe it did.*] |
| 26 | |
| 27 | |
| 28 | [Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, |

490

July, 2015 Loan Summary; ¶¶ 15-16.]
[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

C. Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,746 in interest return on the $500,000.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; *"Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| | |
|---|---|
| 1 | [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |
| 2 | |
| 3 | |
| 4 | |
| 5 | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |
| 6 | |
| 7 | |
| 8 | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| 9 | |
| 10 | |
| 11 | |
| 12 | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| 13 | |
| 14 | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| 15 | |
| 16 | |
| 17 | |
| 18 | [Opposing Decl. of Latsanovski, ¶¶1-30.] |
| 19 | D. Defendants Latsanovski and Calenergy had no involvement in the day to day operations of Defendant Bunzai. |
| 20 | [Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.] |
| 21 | |
| 22 | [Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.] |
| 23 | |
| 24 | |
| 25 | [Decl. of Latsanovski, ¶¶10; 12-18.] |
| 26 | [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July |
| 27 | |
| 28 | |

492

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

E. Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct.
[Decl. of Benice, ¶2; Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]
[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration

DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

F.  Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet skincare business.  Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions.  Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai.
[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

494

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

144.    In determining whether a common enterprise exists, "the Court considers factors such as: common control; the sharing of office space and officers; whether business is transacted through a maze of interrelated companies; the commingling of corporate funds and failure to maintain separation of companies; unified advertising; and evidence that reveals that no real distinction exists between the corporate defendants." Id. (quoting FTC v. Nat'l Urological Grp., Inc., 645 F. Supp. 2d 1167, 1182 (N.D. Ga. 2008)); see also FTC v. Ivy Capital, Inc., No. 11-283, 2013 WL 1224613 at *13 (D. Nev. Mar. 26, 2013) (common enterprise existed where there was common control, shared office space, interrelated activity, and commingled funds). In addition, "the pattern and frame-work of the whole enterprise must be taken into consideration." Del. Watch Co. v. FTC, 332 F.2d 745, 746-47 (2d Cir. 1964) (affirming company was liable because it was part of a "maze of interrelated companies").

144.    **Disputed.**

A.    Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc.
[Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; *"The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment..."*]

[Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.]

[Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July

495

15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

B. During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea*, R.T. 85: lns. 3-5; *"Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.] [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

1

2 [Request for Judicial Notice No. 2; Declaration
  of Igor Latsanovski in Support of Motion for
3 Summary Judgment, or Alternatively Partial
  Summary Judgment filed April 18, 2016.]

4

5 [Request for Judicial Notice No. 3; Declaration
  of Ilia Klykov Re: November 6, 2009 Fiduciary
6 Management Agreement; and January 12, 2015
  Agreement between Guayas, LTD. and
7 Calenergy, LLC.]

8 [Request for Judicial Notice No. 4; Declaration
  of Mariya Aleksandrovna Re: June 4, 2015
9 Master Loan Agreement.]

10

11 [Request for Judicial Notice No. 5; Declaration
   of Jeffrey S. Benice in Support of Defendants
12 Igor Latsanovski and Calenergy, Inc's Motion
   for Summary Judgment Pursuant to Federal
13 Rules of Civil Procedure Rule 56 or,
   Alternatively Partial Summary Judgment.]

14 [Opposing Decl. of Latsanovski, ¶¶1-30.]

15

16 C. Defendant Latsanovski and Calenergy
   received the $500,000 in full repayment and
17 $317,746 in interest return on the $500,000.

18 [Decl. of Benice, ¶2; Exh. "A" thereto, *January
   28, 2016 Depo of Latsanovski*, R.T. 35:  2-25;
19 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-
   11.]

20

21 [Decl. of Benice, ¶4; Exh. "C" February 18,
   *2016 Depo of Alon Nottea*, R.T. 85: lns. 3-5;
22 "*Did Bunzai ...pay back Igor ...? A. I believe it
   did.*]

23

24 [Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto,
   July, 2015 Loan Summary; ¶¶ 15-16.]

25

26 [Request for Judicial Notice No. 1; July 13,
   2015 Declaration of Igor Latsanovski in
27 Support of Ex Parte Request for Partial Relief
   from Temporary Restraining Order filed July
28 15, 2015, ¶¶4-14.]

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF
UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

D. Defendants Latsanovski and Calenergy had no involvement in the day to day operations of Defendant Bunzai.

[Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.]

[Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.]

[Decl. of Latsanovski, ¶¶10; 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial

498

DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

E. Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]
[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

F.  Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet skincare business.  Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions.  Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for

500

| | |
|---|---|
| | Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |
| | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| | [Opposing Decl. of Latsanovski, ¶¶1-30.] |
| 145.    The Ninth Circuit has also held that "entities constitute a common enterprise when they exhibit either vertical or horizontal commonality – qualities that may be demonstrated by a showing of strongly interdependent economic interests or the pooling of assets and revenues." FTC v. Network Servs. Depot, Inc., 617 F.3d 1127, 1143 (9th Cir. 2010). | 145.    This is a purported statement of law. It cannot be referenced as Disputed or Undisputed. |
| 146.    It is not necessary that the FTC prove any particular number of entity connections and any specific connection. Instead, it must be proved that the defendants maintained an "unholy" alliance. See FTC v. Ameridebt, Inc., 343 F. Supp. 2d 451, 462 (D. Md. 2004). | 146.    This is a purported statement of law. It cannot be referenced as Disputed or Undisputed. |

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

*Individual Liability*
*Liability for Injunctive Relief*

| MOVING PARTY'S UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE |
|---|---|
| 147.    Individuals are liable for injury to consumers resulting from a company's deceptive acts or practices when they either: (1) "participated directly in the acts or practices;" or (2) "had authority to control them." FTC v. Publ 'g Clearing House, Inc., 104 F.3d 1168, 1170 (9th Cir. 1997). | 147.    This is a purported statement of law. It cannot be referenced as Disputed or Undisputed. |
| 148.    "Participation" can include an individual working at and drawing a salary from the company, even if the individual is not involved in day-to-day operations. See, e.g., FTC v. J.K. Publications, Inc, 99 F. Supp. 2d 1176, 1206 (C.D. Cal. 2000). Moreover, where an officer participates in "acts crucial to the success" of an enterprise, the officer has directly participated for the purposes of individual liability. Id. In J.K. Publications, for instance, the court held liable a corporate officer who had obtained merchant accounts and purchased a database of consumers for the corporate defendant. See, e.g., FTC v. J.K. Publications, Inc, 99 F. Supp. 2d 1176, 1206 (C.D. Cal. 2000). | 148.  This is a purported statement of law.  It cannot be referenced as Disputed or Undisputed. |
| 149. Individuals are also liable for injunctive relief if they had "authority to control" the corporation, which can be inferred from "'active involvement in business affairs and the making of corporate policy.'" J.K. Publications, 99 F. Supp. at 1203 (quoting FTC v. Am. Standard Credit Sys., Inc., 874 F. Supp. 1080, 1089 (C.D. Cal. 1994)). An individual's "status as a corporate officer and authority to sign documents on behalf of the corporate defendant can be sufficient to demonstrate the requisite control." Id. at 1204. Indeed, a "corporate officer is presumed to be in control of a small, closely held corporation, | 149.    This is a purported statement of law. It cannot be referenced as Disputed or Undisputed. |

DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| | |
|---|---|
| and assuming the duties of a corporate officer is probative of an individual's participation or authority." FTC v. Ivy Capital, Inc., No. 2:1 1-CV-283, 2013 WL 1224613, * 14 (D. Nev. Mar. 26, 2013) (quoting FTC v. LoanPointe, LLC, No. 2:10-CV¬225DAK, 2011 WL 4348304, *10 (D. Utah Sept. 16, 2011)); see also FTC v. Transnet Wireless Corp., 506 F. Supp. 2d 1247, 1270 (S.D. Fla. 2007) ("An individual's status as a corporate officer gives rise to the presumption of ability to control a small, closely-held corporation."); Standard Educators, Inc. v. FTC, 475 F .2d 401, 403 (D.C. Cir. 1973) ("A heavy burden of exculpation rests on the chief executive and primary shareholder of a closely held corporation whose stock-in-trade is overreaching and deception."); FTC v. Windward Mktg., No. Civ. A. 1:96- CV-615F, 1997 WL 33642380, *13 (N.D. Ga. Sept. 30, 1997) ("An individual's status as a corporate officer gives rise to a presumption of ability to control a small, closely-held corporation."). | |

### *Liability for Equitable Monetary Relief*

| *MOVING PARTY'S UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE* | *OPPOSING PARTY'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE* |
|---|---|
| 150.   To obtain equitable monetary relief against an individual, the FTC must show, in addition to one of the two factors above, that the individual had some knowledge of the company's deceptive acts or practices. J.K. Publications, 99 F. Supp. at 1204. | 150.   This is a purported statement of law. It cannot be referenced as Disputed or Undisputed. |
| 151.   Individuals possess the requisite knowledge if they: (1) had actual knowledge of the misrepresentations; (2) were recklessly indifferent to the truth or falsity of the misrepresentations; or (3) had an awareness of a high probability of deceptive conduct together with an intentional avoidance of the truth. FTC v. Network Servs. Depot, Inc., 617 F.3d 1127, 1138-39 (9th Cir. 2010); Publ'g Clearing House, 104 F.3d at 1171; FTC v. | 151.   This is a purported statement of law. It cannot be referenced as Disputed or Undisputed. |

503

DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| | |
|---|---|
| Amy Travel Serv. Inc., 875 F.2d 564, 574 (7th Cir. 1989). | |
| 152.   The "degree of participation in business affairs is probative of knowledge." Amy Travel Serv., 875 F.2d at 574; FTC v. Sharp, 782 F. Supp. 1445, 1450 (D. Nev. 1991). The FTC, however, is not required to prove that an individual actually intended to deceive to establish knowledge. Network Servs. Depot, 617 F.3d at 1139; Publ'g Clearing House, 104 F.3d at 1171. | 152.      This is a purported statement of law. It cannot be referenced as Disputed or Undisputed. |

### *Permanent Injunctive Relief is Warranted*

| *MOVING PARTY'S UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE* | *OPPOSING PARTY'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE* |
|---|---|
| 153.     Section 13(b) of the FTC Act authorizes courts to issue a permanent injunction whenever a defendant violates the laws enforced by the Commission and is likely to continue to violate them. FTC v. H.N. Singer, Inc., 668 F.2d 1107, 1111 (9th Cir. 1982); FTC v. Gem Merch. Corp., 87 F.3d 466, 468 (11th Cir. 1996); FTC v. Medlab, Inc., 615 F. Supp. 2d 1068, 1082 (N.D. Cal. 2009). | 153. This is a purported statement of law; not an uncontroverted fact.  It cannot be referenced as Disputed or Undisputed. |
| 154.     To determine whether a defendant is likely to engage in similar violations in the future, courts look to two general factors: (1) the deliberateness and seriousness of the present violation, and (2) the defendant's past record with respect to deceptive and unfair marketing practices. Sears, Roebuck and Co. v. FTC, 676 F.2d 385, 392 (9th Cir. 1982); Ivy Capital, 2013 WL 1224613, at *16. The court may also weigh the "adaptability or transferability of the unfair practice to other products." Id. | 154. This is a purported statement of law; not an uncontroverted fact.  It cannot be referenced as Disputed or Undisputed. |

### The Court May Impose Occupational Bans

| MOVING PARTY'S UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE |
|---|---|
| 155. Further, "[a] court may frame an injunction based on violation of the FTC Act broadly enough to prevent the defendant from engaging in similar illegal conduct in the future." FTC v. Neovi, Inc., No. 06-1952 JLS, 2010 WL 3789713, at *2 (S.D. Cal. Sept. 27, 2010) (citing FTC v. Colgate-Palmolive, 380 U.S. 374, 395 (1965)). | 155. This is a purported statement of law; not an uncontroverted fact. It cannot be referenced as Disputed or Undisputed. |
| 156. In fact, numerous courts have imposed bans enjoining future participation in a particular line of business. See, e.g., FTC v. Gill, 265 F.3d 944, 957-58 (9th Cir. 2001) (ban on engaging in the credit repair business); Ivy Capital, 2013 WL 1224613, at * 16 (ban on business coaching); FTC v. John Beck Amazing Profits, LLC, 888 F. Supp. 2d 1006, 1013 (C.D. Cal. 2012) (ban on telemarketing and producing or disseminating infomercials); Grant Connect, 827 F. Supp. 2d at 1233 (ban on marketing and selling grant products and business opportunities); FTC v. Dinamica Financiera, No. 2:09-03554, 2010 WL 9488821, at *12 (C.D. Cal. Aug. 19, 2010) (ban on loan modification and foreclosure relief services); FTC v. Neiswonger, 494 F. Supp. 2d 1067, 1084 (E.D. Mo. 2007) (ban on marketing business opportunities); FTC v. Bay Area Bus. Council, Inc., No. 02-5762 (N.D. Ill. Apr. 16, 2004) (ban on telemarketing and on sale of credit- related products), aff'd, 423 F.3d 627 (7th Cir. 2005); FTC v. Credit Enhancement Servs., No. 02-2134 (E.D.N.Y. Mar. 31, 2004) (ban on marketing or selling credit- related goods or services); FTC v. Consumer Alliance, No. 02-2429 (N.D. Ill. Sept.29, 2003) (ban on telemarketing and sales of credit card protection and credit-related products). | 156. This is a purported statement of law; not an uncontroverted fact. It cannot be referenced as Disputed or Undisputed. |

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

### *Measure of Monetary Relief*

| *MOVING PARTY'S UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE* | *OPPOSING PARTY'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE* |
|---|---|
| 157.    Where consumers suffer economic injury resulting from defendants' violations of the FTC Act, equity requires monetary relief in the full amount of consumers' losses. FTC v. Stefanchik, 559 F.3d 924, 931 (9th Cir. 2009) (affirming summary judgment holding defendants liable for the full amount of loss incurred by consumers); Inc21.com, 745 F. Supp. 2d at 1011. | 157. This is a purported statement of law; not an uncontroverted fact.  It cannot be referenced as Disputed or Undisputed. |
| 158.    To determine the proper monetary relief, the FTC need only reasonably approximate the amount of consumer injury, at which point the burden shifts to Defendants to show that the figures are inaccurate. See Commerce Planet, 878 F. Supp. 2d at 1089 (citing FTC v. Direct Marketing Concepts, Inc., 624 F.3d 1, 15 (1st Cir. 2010); FTC v. Febre, 128 F.3d 530, 535 (7th Cir. 1997)). "Fuzzy figures due to a defendant's uncertain bookkeeping cannot carry a defendants' burden to show inaccuracy." Id. | 158. This is a purported statement of law; not an uncontroverted fact.  It cannot be referenced as Disputed or Undisputed. |

Dated: April 30, 2016

Respectfully submitted,

Jeffrey S. Benice
Attorney for Defendants Igor Latsanovski
and Calenergy, Inc.

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

1

## CERTIFICATE OF SERVICE

2

3          The undersigned certifies that on May 2, 2016, a true and correct copy of the foregoing document described as DEFENDANTS IGOR LATSANOVSKI AND CALENERGY, INC.'S

4    RESPONSE TO STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR ALTERNATIVELY

5    PARTIAL SUMMARY JUDGMENT was electronically filed with the clerk of the U.S. District Court, Central District of California, using the electronic case filing system of the court.  The

6    attorneys listed below were served by pursuant to the ECF notice generated by the Court.

7

8    **_Local Counsel For Receiver_**
     Tom Vidal

9    Michael Weiss
     Nina Nahal Ameri

10   Abrams Garfinkle Margolis Bergson

11   5900 Wilshire Blvd., Suite 2250
     Los Angeles, CA 90036

12   nameri@agmblaw.com

13
     **_Counsel For Alon Nottea and_**

14   **_Roi Rueveni_**
     Robert M. Ungar

15   Crosswind Law
     14724 Ventura Blvd., Penthouse

16   Sherman Oaks, CA 91403

17   rmu@crosswindlaw.com

18
     **_Federal Trade Commission_**

19   Reid Tepfer
     Luis Gallegos

20   1999 Bryan Street, Suite 2150
     Dallas, Texas 75201

21   rtpefer@ftc.gov

22   lgallegos@ftc.gov

23

24          I declare under penalty of perjury under the laws of the State of California and the

25   United States of America that the foregoing is true and correct.

26          Executed this 2nd day of May, in Costa Mesa, California 92626.

27

28   Javaise Escoto, Declarant

**_Counsel For Doron Nottea and Motti Nottea_**
Randi R. Geffner
Esensten Law
12100 Wilshire Blvd.
Suite 1660
Los Angeles, CA 90025
Telephone: (310) 273-3090
RGEFFNER@ESENSTEINLAW.COM

**_Counsel For Chargeback Armor, Inc._**
Sagar Parikh
Beverly Hills Law Corp.
433 N. Camden Drive, 6th Floor
Beverly Hills, CA 90210
SP@BeverlyHillsLawCorp.com

507

---

**DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**