1 | ROBERT L. ESENSTEN (Bar No. 65728)
   resensten@esenstenlaw.com
2 | RANDI R. GEFFNER (Bar No. 116574)
   rgeffner@esenstenlaw.com
3 | **ESENSTEN LAW**
   12100 Wilshire Boulevard, Suite 1660
4 | Los Angeles, California 90025
   Telephone:   (310) 273-3090
5 | Facsimile:    (310) 207-5969

6 | Attorneys for Defendants DORON NOTTEA and MOTTI
   NOTTEA

7 |

8 |

9 | **UNITED STATES DISTRICT COURT**

10 | **CENTRAL DISTRICT OF CALIFORNIA**

11 |

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | CASE NO. 2:15-CV-04527-GW (PLAx) |
| Plaintiff, | **DEFENDANT DORON NOTTEA'S CORRECTED REQUEST FOR EVIDENTIARY RULINGS ON SPECIFIED OBJECTIONS** |
| vs. | |
| BUNZAI MEDIA GROUP, INC., et al., | |
| Defendants. | **DATE:**   May 23, 2016<br>**TIME:**   8:30 a.m.<br>**CTRM:**   10 |
| | Trial date:  June 21, 2016 |

20 |        Defendant DORON NOTTEA ("Nottea") makes requests rulings on the

21 | following evidentiary objections to the exhibits submitted by Plaintiff FEDERAL

22 | TRADE COMMISSION ("FTC") in support of its Motion for Summary Judgment,

23 | or in the alternative, Partial Summary Adjudication[1]:

24 | ///

25 | _____

26 | [1]   Defendant, Doron Nottea submitted his Request for Ruling on Evidentiary Objections
   on May 2, 2016 (Docket No. 398-1).  These corrected objections are identical but add the
27 | name or identification of each numbered exhibit.

28 |

**Objections as to all Proffered Exhibits:**

**A.     The Exhibits Have Not Been Properly Authenticated by the FTC and are Inadmissible.**

The FTC has provided no adequate foundation or authentication for the 949 exhibits upon which it relies in support of the MSJ.  There is no competent declaration of any custodian of records, no authentication by anyone with personal knowledge as to the source and preparation of any of the exhibits submitted, and no foundation laid for the admission of any of the proffered exhibits.

*Federal Rules of Evidence* 901 requires that evidence be authenticated by the proponent thereof:

> "To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is."

The FTC has failed to authenticate the exhibits upon which it relies.  It has only provided three declarations of forensic analysts who purportedly copied unidentified images from computers to which the Receiver provided access. (Docket Nos. 369-1, pages 43 through 48, Exhibits 951, 952 and 953), and a belated declaration of an FTC investigator who attempts to provide a blanket authentication for hundreds of exhibits (Docket No. 383-1).  These declarations (which are virtually identical in format) do not authenticate any of the proffered exhibits.  The declarations only state that the declarant made images of digital media obtained from computers at certain locations.

No evidence or foundational facts have been presented from which the Court could make a determination that any exhibit is what the FTC claims it is.  There is no correlation between the declarations and the exhibits upon which the FTC places its reliance.  As such, the exhibits are inadmissible due to lack of foundation.

Principles governing admissibility of evidence do not change on motion for summary judgment. *Wurtzel v. Starbucks Coffee Co.* (EDNY 2003) 257 F. Supp. 2d 520. "A document which lacks a proper foundation to authenticate it cannot be used to support a motion for summary judgment." Hal Roach Studios, Inc. v. Richard Feiner & Co. (9th Cir. 1989) 896 F.2d 1542, 1551.

In an effort to rectify this blatant evidentiary deficiency, the FTC belatedly submitted the declaration of Brent D. McPeek (Docket No. 383-1), by which it attempts to authenticate *en masse* the exhibits submitted in support of the MSJ[2]. However, this declaration does not suffice to authenticate the exhibits. Mr. McPeek declares only that he is an investigator with the FTC, that various technicians (not Mr. McPeek himself) made images from computers found at Defendants' premises, and that copies of some of the documents found on the premises are filed in conjunction with the MSJ. This is insufficient to authenticate the documents. Furthermore, the McPeek declaration references only 481 of the 949 exhibits offered by the FTC[3]. No mention is made of more than 450 exhibits that the FTC has made no attempt to authenticate.

What is not contained in Mr. McPeek's declaration is the facts as to who retrieved the images from the computers, what images were retrieved, the chain of custody of those images, how Mr. McPeek obtained those images or how he knows that the exhibits proffered by the FTC are those obtained by the technicians, or any other foundational facts which would enable the Court to make a finding that the exhibits that he attempts to authenticate are what the FTC says they are. No

---

[2]   The McPeek declaration was submitted only after Defendants pointed out in their supplemental *ex parte* filing seeking to strike the MSJ that the FTC had not authenticated any of the exhibits submitted.

[3]   McPeek lists groups of exhibits to which his declaration pertains, but does not specifically authenticate any exhibit.

1  foundational facts can be found or inferred from the declarations provided by the

2  FTC.

3         In fact, the declarations show a glaring lack of foundational facts and a

4  tremendous gap in the chain of custody of the purported exhibits.  Declarants Adrian

5  Leon Mare (Ex. 951) and Taun Michael Yurek (Ex. 953) both state that they gave

6  hard drives[4] to Daniel Rappaport on June 20, 2015.  However, Declarant Daniel

7  Rappaport (Ex. 952) does not reference receiving any of the purported exhibits from

8  either Mare or Yurek.  Rappaport only states that he made digital images on June

9  18, 2015 and gave hard drives with unspecified content to Ajay Patel on June 22,

10  2015.  There is no evidence from which it can be determined that the hard drives

11  Rappaport claims to have given Patel were transmitted to McPeek.  Nor is there any

12  mention of the custody of the documents in the ten-month time lapse between when

13  McPeek claims to have obtained documents and the filing of the MSJ.

14         Further, Rappaport does not mention the Mare and Yurek hard drives, nor

15  what he did with them.   There is no evidence from Rappaport or McPeek to

16  establish that these hard drives were given to McPeek by Rappaport.

17         Simply put, McPeek's declaration does not remedy the basic authentication

18  and foundational issues that preclude the admission of the exhibits proffered by the

19  FTC.  Huge breaks in the FTC's story exist pertaining to any materials copied from

20  the computers on Defendants' premises.  There is no evidence that these copied

21  materials got from the technicians to McPeek.

22         Further, **the** FTC has failed to conform with the applicable procedural

23  requirements for authentication.  Proper foundation for authentication requires,

24  among other things, that the document be "attached to an affidavit that meets the

25  ─────────────────

26  [4]   It is also noteworthy that neither declarant identifies what materials were on the hard
    drives that were allegedly given to Mr. Rappaport.  Neither declaration states that the
27  images from the computers were on the hard drives.

28

1   requirements of Rule 56[(c)] and the affiant must be a person through whom the

2   exhibits could be admitted into evidence." <u>Hal Roach Studios, Inc. v. Richard</u>

3   <u>Feiner & Co.</u> (9th Cir. 1989) 896 F.2d 1542, 1550-51.  Here, none of the evidence

4   the FTC relies upon in support of its MSJ is attached to a declaration or affidavit

5   that purports to lay the proper foundation for each exhibit, as required by Rule

6   56.  Instead, the FTC affixed all of the "evidence" to the MSJ itself and did not even

7   file a declaration or affidavit purporting to lay foundation for any exhibit or

8   document.  For this reason, all of the FTC's exhibits are inadmissible.  <u>See</u> <u>Hal</u>

9   <u>Roach</u>, 896 F.2d at 1550-51.

10   The McPeek Declaration is not a proper attempt at blanket authentication of

11   481 exhibits for several reasons.  First, the FTC's exhibits remain unattached to an

12   affidavit, as required by Rule 56(c) and Ninth Circuit authority.  <u>See</u> <u>Hal Roach</u>, 896

13   F.2d at 1550-51 (document must be "attached to an affidavit that meets the

14   requirements of Rule 56[(c)]").  Second, the McPeek Declaration was untimely, as it

15   was submitted three (3) days after the deadline for the FTC to file its MSJ and

16   supporting documents. <u>See</u> <u>Claar v. Burlington N. R. Co.</u>, 29 F.3d 499, 504 (9th Cir.

17   1994) (parties are not permitted to file late affidavits in support of summary

18   judgment without first invoking Rule 56(e) and providing an acceptable excuse as to

19   why it failed to timely submit a declaration); <u>W. Chance No. 2, Inc. v. KFC Corp.</u>,

20   957 F.2d 1538, 1544 (9th Cir. 1992) (district court properly refused to accept late

21   filed affidavit in support of summary judgment).

22   Third, and most important, even if the FTC could rely upon a belated attempt

23   at authentication, the McPeek Declaration does not provide the proper foundation

24   for authentication, which requires "[t]estimony that an item is what it is claimed to

25   be."  FRE 901(b)(1).  The McPeek Declaration provides no such

26   evidence.  Although McPeek states that the document was either "found on the

27   business premises or retrieved from the forensic images of the computers" (it fails to

28   specify which one for any particular document), this is not evidence of *what each*

*document is*.  Instead, the descriptions of each document are located in the FTC's Statement of Undisputed Facts ("SUF") where attorneys engage in conjecture and speculation as to what each document "appears" to be without any personal knowledge of the documents found or the investigation in which McPeek "assisted".  Because McPeek does not attest to what each document is, the FTC lacks any evidence to support its unilateral and bald interpretation of the documents.  Without testimony or other evidence to support the FTC's descriptions of the documents, the documents are not properly authenticated and are inadmissible.  <u>Therasense, Inc. v. Becton, Dickinson & Co.</u>, 560 F. Supp. 2d 835, 855 (N.D. Cal. 2008) (declaration failed to authenticate video exhibits where it failed to describe "what the videos depict").  An attorney's conjectural description of the contents and descriptions of a document cannot serve as a foundational basis for authentication.  Any contrary rule would eviscerate the authentication prerequisite to admissibility and allow an attorney without personal knowledge of the contents or means of acquiring the document can describe what it "appears" to be.

In addition to the glaring foundational and authentication issues as set forth hereinabove, the exhibits themselves belie the attempt of McPeek to rectify the clear inadmissibility thereof.  Just one example of the 481 documents that McPeek attempts to authenticate is Exhibit No. 141, which purports to be an email chain regarding chargeback regulations.  If McPeek's declaration is to be believed, this email chain came <u>directly</u> from the computers at Defendants' premises.  However, what is readily apparent is that the identifying name at the top of the emails is Luis Gallegos, counsel for the FTC in this action.  Exhibit 141 is <u>not</u> a true and correct copy of a document found on the business premises or retrieved from the forensic images, as is stated by McPeek in his declaration (McPeek declaration, ¶ 6).  Exhibit 141 was clearly obtained directly from counsel Gallegos, not from Defendants' computers, a fact which is evident from the identifying header on the email.  The

1  declaration testimony of McPeek is not truthful with regard to Exhibit 141, putting

2  his credibility at issue with regard to each document he attempts to authenticate[5].

3  **B.   The Exhibits are Hearsay and are Inadmissible.**

4  Pursuant to *Federal Rules of Evidence* 801(c), hearsay is a statement made

5  not while testifying at a hearing, that is offered in evidence to prove the truth of the

6  matter asserted.  Hearsay evidence is not admissible.  *Federal Rules of Evidence*

7  802.

8  The 949 exhibits upon which the FTC bases the MSJ are hearsay.  Each

9  documents is an unauthenticated (see above) out of court statement that is offered

10  for the truth of the matter(s) asserted therein.  This is readily apparent from the

11  entirety of the Statement of Uncontroverted Facts & Conclusions of Law

12  ("Statement") filed by the FTC (Docket No. 353), in which the FTC provides

13  hundreds of purported facts and bases each on the contents of unauthenticated and

14  inadmissible documentary exhibits.

15  **The Inadmissible Report of the Receiver**

16  The FTC places substantial reliance on Docket No. 120, which is the Report

17  of the Receiver[6].  This Report is inadmissible hearsay and should be excluded by the

18  Court.  Wichansky v. Zowine, No. CV-13-01208-PHX-DGC, 2015 WL 8528396, at

19  *10 (D. Ariz. Dec. 11, 2015) (receiver report is inadmissible hearsay and precludes

20  summary judgment); F.T.C. v. Data Med. Capital, Inc., No. SACV 99-

21  1266AHS(EEX), 2010 WL 1049977, at *28 (C.D. Cal. Jan. 15, 2010) (Stotler, J.)

22  ("Receiver's Report is hearsay insofar as the Court is asked to make factual findings

23  _____

24  [5]   The same is true of Exhibit 149.  This email, which FTC claims to have been obtained

25  from the computers at Defendants' premises, also bears the header showing it actually
   came from Gallegos.

26

27  [6]   With regard to Doron Nottea alone, Docket No. 120 is cited as supporting evidence as
   to ¶¶34(a), 34(d)(x), 34(g)(iv), 34(g)(v), 34(g)(vi), 34(g)(vii9) and 43(a).

28

based on the various conclusions drawn by the Receiver…and [the] objections thereto are sustained").

There is simply no basis for admitting the Receiver's Report into evidence. In that it is inadmissible hearsay, the Report cannot be considered on the MSJ.

**Requested Evidentiary Rulings:**

With regard to the specific exhibits proffered by the FTC which purportedly establish its claims against Doron Nottea, evidentiary rulings are requested as follows:

| Exhibit No., Description and Reference to FTC's Statement | Objections | Ruling |
|---|---|---|
| Ex. 21: Email from Igor Latsanovski to Alon Nottea [DOC. 353-12, page 11, FTC's Statement of Uncontroverted Facts ("SUF") ¶ 34(h)(i) and (ii)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402)) | ____ Sustained<br><br>____ Overruled |
| Ex. 29: Emails from Gaurav Bhasin to Doron Nottea and Alon Nottea [DOC. 353-12, pages 12-13, SUF ¶ 34(i)(i)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402)) | ____ Sustained<br><br>____ Overruled |
| Ex. 32: Unsigned Exclusive U.S.A. Fulfillment & Call Center Agreement [DOC. 353-12, page 14, SUF ¶ 34(h)(xii)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402)) | ____ Sustained<br><br>____ Overruled |
| Ex. 35: Email from Julia Reeves to Doron Nottea [DOC. 353-12, page 15, SUF ¶ 34(d)(i) and (ii)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402)) | ____ Sustained<br><br>____ Overruled |

| Exhibit No., Description and Reference to FTC's Statement | Objections | Ruling |
|---|---|---|
| Ex. 38: Email from Leor Azary to Alon Nottea [DOC. 353-12, page 16, SUF ¶ 34(e)(i)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402)) | _____ Sustained<br><br>_____ Overruled |
| Ex. 41: Emails between David Davidian, Doron Nottea and Alon Nottea [DOC. 353-12, pages 17-18, SUF ¶ 34(d)(vii) and 34(i)(iii)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402)) | _____ Sustained<br><br>_____ Overruled |
| Ex. 43: Email from Stephen Bauer to Doron Nottea [DOC. 353-12, page 19, SUF ¶ 34(d)(i) and (iii) 34(i)(iii)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402)) | _____ Sustained<br><br>_____ Overruled |
| Ex. 45: Email from Paul Medina to Doron Nottea and Alon Nottea DOC. 353-12, pages 20-37, SUF ¶ 34(h)(xii) and (xiv)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402)), Improper Lay Opinion (FRE 701) | _____ Sustained<br><br>_____ Overruled |
| Ex. 46: Secured Commerce Invoice to Adageo, LLC [DOC. 353-12, page 38, SUF ¶ 34(h)(i) and (iii) and 34(h)(v)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | _____ Sustained<br><br>_____ Overruled |
| Ex. 47: Emails from Nastassia Yalley to Alon Nottea and Paul Medina [DOC. 353-12, page 39, SUF ¶ 34(h)(i) and 34(i)(iii)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | _____ Sustained<br><br>_____ Overruled |
| Ex. 49: Blank signed Calenergy Inc. checks [DOC. 353-12, page 42, SUF ¶ 34(g)(vii) and (viii)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | _____ Sustained<br><br>_____ Overruled |

| Exhibit No., Description and Reference to FTC's Statement | Objections | Ruling |
|---|---|---|
| Ex. 51: Email from Alon Nottea to Doron Nottea [DOC. 353-12, page 43, SUF ¶ 34(h)(i) and 34(h)(vi)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | _____ Sustained<br><br>_____ Overruled |
| Ex. 52: Email from Alon Nottea to Paul Medina with cc to Doron Nottea [DOC. 353-12, pages 44-45, SUF ¶ 34(b)(i) and 34(h)(i) and (iv)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | _____ Sustained<br><br>_____ Overruled |
| Ex. 58: Email from Igor Latsanovski to Alon Nottea dated 1/3/12 forwarding email from Roman Balanko [DOC. 353-12, pages 74-83, SUF ¶ 34(h)(i) and (iv)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | _____ Sustained<br><br>_____ Overruled |
| Ex. 59: Email from Paul Medina to Alon Nottea, Avico Global and Doron Nottea [DOC. 353-13, page 1, SUF ¶ 34(h)(i) and (viii)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | _____ Sustained<br><br>_____ Overruled |
| Ex. 60: Email from Alon Nottea to Paul Medina, Doron Nottea and Igor Latsanovski [DOC. 353-13, pages 2-6, SUF ¶ 34(i)(vi)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | _____ Sustained<br><br>_____ Overruled |
| Ex. 64: Email from Igor Latsanovski to Doron Nottea [DOC. 353-13, page 10, SUF ¶ 34(g)(x) and (xii)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | _____ Sustained<br><br>_____ Overruled |
| Ex. 78:  Emails between Doron Nottea and Nastassia Yalley with attached spreadsheet [DOC. 353-13, pages 11-2, SUF ¶ 34(g)((x) and xi)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | _____ Sustained<br><br>_____ Overruled |

| **Exhibit No., Description and Reference to FTC's Statement** | **Objections** | **Ruling** |
|---|---|---|
| Ex. 82:  Email from Nastassia Yalley to Doron Nottea with attached account summaries [DOC. 353-13, pages 13-28, SUF ¶ 34(h)(xv)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | _____ Sustained<br><br>_____ Overruled |
| Ex. 84: Email from Leor Arazy to Doron Nottea and Nastassia Yalley [DOC. 353-13, pages 29-30, SUF ¶ 34(e)(ii)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | _____ Sustained<br><br>_____ Overruled |
| Ex. 88: Email from Nastassia Yalley to Doron Nottea [DOC. 353-13, page 24, SUF ¶ 34(h)(xv)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | _____ Sustained<br><br>_____ Overruled |
| Ex. 141: [DOC. 387-1, pages 1-4]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | _____ Sustained<br><br>_____ Overruled |
| Ex. 149: Email with Gallegos header, Avico Global to Alon Nottea, Roi Reuveni, Pinnacle, Paul Medina and Doron Nottea [DOC. 353-14] | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | _____ Sustained<br><br>_____ Overruled |
| Ex. 166: Email from Paul Medina to Doron Nottea [DOC. 353-14, page 91; SUF ¶34(e)(viii), 34(h)(xii) and 34(h)(xiii)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | _____ Sustained<br><br>_____ Overruled |
| Ex. 167: Email from Nastassia Yalley to Paul Medina, Alon Nottea and Doron Nottea with attached spreadsheet [DOC. 353-14, page 92-93; SUF ¶34(g)(x) and (xii), ¶34(h)(xv)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | _____ Sustained<br><br>_____ Overruled |

DORON NOTTEA'S CORRECTED REQUEST FOR EVIDENTIARY RULINGS ON SPECIFIED OBJECTIONS

| Exhibit No., Description and Reference to FTC's Statement | Objections | Ruling |
|---|---|---|
| Ex. 173: Email from Eugene Shampansky to Paul Medina and Doron Nottea [DOC. 353-14, page 99; SUF ¶34(g)(ix) and (xii), ¶34(h)(xv)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained  ____ Overruled |
| Ex. 174: Email from Alon Nottea to Avi Argaman and Doron Nottea [DOC. 353-14, page 100; SUF ¶34(f)(i) and (xii), ¶34(h)(xv)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained  ____ Overruled |
| Ex. 271: Email from Doron Nottea to Alon Nottea with Confidentiality Agreement attached [DOC. 353-15, pages 35-39; SUF ¶34(f)(iv)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained  ____ Overruled |
| Ex. 292: Email from Mike Costache to Doron Nottea [DOC. 353-15, page 61; SUF ¶34(g)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained  ____ Overruled |
| Ex. 294: Email from Alon Nottea to Global Media [DOC. 353-15, pages 62-66; SUF ¶34(g)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained  ____ Overruled |
| Ex. 296: Email chain from Prashan Khanna to David Davidian with cc to Alon Nottea, Doron Nottea and others [DOC. 353-15, pages 67-69; SUF ¶34(g)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained  ____ Overruled |

DORON NOTTEA'S CORRECTED REQUEST FOR EVIDENTIARY RULINGS ON SPECIFIED OBJECTIONS

| Exhibit No., Description and Reference to FTC's Statement | Objections | Ruling |
|---|---|---|
| Ex. 299:  Email from David Davidian to Alon Nottea with cc to Doron Nottea with attached corporate documents for Pinnacle Logistics, Inc. [DOC. 353-15, pages 70-74; SUF ¶34(d)(vi) and 34(i)(ii)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained<br><br>____ Overruled |
| Ex. 302: Email from David Davidian to Doron Nottea with attached spreadsheet [DOC. 353-15, pages 75-76; SUF ¶34(i)ii)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained<br><br>____ Overruled |
| Ex. 308: Email from Serj Titizian to Doron Nottea [DOC. 353-15, pages 134-136; SUF ¶34(f)(v)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained<br><br>____ Overruled |
| Ex. 329: Email from Alon Nottea to Paul Medina [DOC. 353-16, pages 1-4; SUF ¶34(i)(vii)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained<br><br>____ Overruled |
| Ex. 330: Email purportedly to Doron Nottea [DOC. 353-16, page 5; SUF ¶34(j)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained<br><br>____ Overruled |
| Ex. 331: David M email to Doron Nottea [DOC. 353-15, pages 6-7; SUF ¶34(h)(viii)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained<br><br>____ Overruled |
| Ex. 333: David M email to Doron Nottea [DOC. 353-16, pages 134-136; SUF ¶34(f)(vi)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained<br><br>____ Overruled |
| Ex. 335: Alon Nottea email to Global Media [DOC. 353-16, pages 10-13; SUF ¶34(h)(i)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained<br><br>____ Overruled |

13

| Exhibit No., Description and Reference to FTC's Statement | Objections | Ruling |
|---|---|---|
| Ex. 337: Paul Medina email to Doron Nottea, Roi Reuveni, Doron Nottea [DOC. 353-15, pages 14-15; SUF ¶34(h)(i) and 39(i)(ii)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained<br><br>____ Overruled |
| Ex. 338: David Davidian email to Global Media [DOC. 353-16, page 16; SUF ¶34(h)(i) and 34(h)(x)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained<br><br>____ Overruled |
| Ex. 339: Alon Nottea email to Paul Medina [DOC. 353-16, pages 17-22; SUF ¶34(h)(i)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained<br><br>____ Overruled |
| Ex. 340: David Davidian email to Global Media [DOC. 353-16, pages 23-28; SUF ¶34(h)(i)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained<br><br>____ Overruled |
| Ex. 343: David Davidian email to Alon Nottea [DOC. 353-16, pages 29-30; SUF ¶34(d)(vi) and 34(i)(ii)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained<br><br>____ Overruled |
| Ex. 345: David Davidian email to Global Media [DOC. 353-16, page 31; SUF ¶34(e)(iii)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained<br><br>____ Overruled |
| Ex. 346: David Davidian email to Global Media [DOC. 353-16, page 32; SUF ¶34(e)(iii)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained<br><br>____ Overruled |
| Ex. 349: Alon Nottea email to Global Media [DOC. 353-16, pages 36-38; SUF ¶34(g)(ix)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained<br><br>____ Overruled |

DORON NOTTEA'S CORRECTED REQUEST FOR EVIDENTIARY RULINGS ON SPECIFIED OBJECTIONS

| Exhibit No., Description and Reference to FTC's Statement | Objections | Ruling |
|---|---|---|
| Ex. 350: David Davidian email to Global Media [DOC. 353-16, page 39; SUF ¶34(e)(ii)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | \_\_\_\_ Sustained   \_\_\_\_ Overruled |
| Ex. 353: Davidian & Associates email to Global Media [DOC. 353-16, pages 46-49; SUF ¶34(e)(iii)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | \_\_\_\_ Sustained   \_\_\_\_ Overruled |
| Ex. 357: Gmail team email to Secured Merchants [DOC. 353-16, page 50; SUF ¶39(b)(v)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | \_\_\_\_ Sustained   \_\_\_\_ Overruled |
| Ex. 360: Ygal Edy email to Alon Nottea, Tal Karasso, Avi Argaman, Oren Ohayon and Doron Nottea [DOC. 353-16, pages 51-54; SUF ¶39(e)(i)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | \_\_\_\_ Sustained   \_\_\_\_ Overruled |
| Ex. 361: Avico Global email to Doron Nottea [DOC. 353-16, page 55; SUF ¶39(e)(i)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | \_\_\_\_ Sustained   \_\_\_\_ Overruled |
| Ex. 364: David Davidian email to Global Media [DOC. 353-16, page 57; SUF ¶34(i)(ii)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | \_\_\_\_ Sustained   \_\_\_\_ Overruled |
| Ex. 365: Roi Reuveni email to Dorn Nottea [DOC. 353-16, pages 58-73; SUF ¶34(h)(xviii) and 39(g)(v)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | \_\_\_\_ Sustained   \_\_\_\_ Overruled |
| Ex. 374: David Davidian email to Alon Nottea [DOC. 353-18, page 2; SUF ¶34(d)(vii)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | \_\_\_\_ Sustained   \_\_\_\_ Overruled |

| Exhibit No., Description and Reference to FTC's Statement | Objections | Ruling |
|---|---|---|
| Ex. 376: Leor Azary email to Global Media [DOC. 353-18, pages 3-4; SUF ¶34(f)(ii)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained  ____ Overruled |
| Ex. 383: Alon Nottea email to Doron Nottea [DOC. 353-18, pages 5-6; SUF ¶34(g)(x)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained  ____ Overruled |
| Ex. 384: Paul Medina email to Doron Nottea [DOC. 353-18, pages 7-8; SUF ¶34(e)(vi)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained  ____ Overruled |
| Ex. 385: Gary Bhasin email to Alon Nottea [DOC. 353-18, pages 9-10; SUF ¶34(i)(i)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained  ____ Overruled |
| Ex. 391: Davidian & Associates email to Global Media [DOC 353-18, pages 13-23; SUF ¶34(h)(i)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained  ____ Overruled |
| Ex. 392: Davidian & Associates email to Global Media [DOC. 353-18, page 24; SUF ¶34(h)(i)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained  ____ Overruled |
| Ex. 393: Davidian & Associates email to Global Media [DOC. 353-18, pages 25-27; SUF ¶34(h)(i)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained  ____ Overruled |
| Ex. 394: Davidian & Associates email to Global Media [DOC. 353-18, pages 28-29; SUF ¶34(b)(iv)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained  ____ Overruled |

DORON NOTTEA'S CORRECTED REQUEST FOR EVIDENTIARY RULINGS ON SPECIFIED OBJECTIONS

| Exhibit No., Description and Reference to FTC's Statement | Objections | Ruling |
|---|---|---|
| Ex. 397: David Davidian email to Global Media [DOC. 353-18, page 30; SUF ¶34(i)(iv)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | _____ Sustained<br><br>_____ Overruled |
| Ex. 399: Davidian & Associates email to Global Media [DOC. 353-18, pages 31-32; SUF ¶34(h)(i)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | _____ Sustained<br><br>_____ Overruled |
| Ex. 405: David Davidian email to Global Media [DOC. 353-18, pages 56; SUF ¶34(h)(i)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | _____ Sustained<br><br>_____ Overruled |
| Ex. 406: Davidian & Associates email to Global Media [DOC. 353-18, pages 57-67; SUF ¶34(h)(i)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | _____ Sustained<br><br>_____ Overruled |
| Ex. 407: Davidian & Associates email to Global Media [DOC. 353-18, page 68; SUF ¶34(h)(i)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | _____ Sustained<br><br>_____ Overruled |
| Ex. 408: Davidian & Associates email to Global Media [DOC. 353-18, pages 69-72; SUF ¶34(h)(i)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | _____ Sustained<br><br>_____ Overruled |
| Ex. 409: Davidian & Associates email to Zen Mobile Media [DOC. 353-18, page 73; SUF ¶34(h)(i)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | _____ Sustained<br><br>_____ Overruled |
| Ex. 430: Alon Nottea email to Doron Nottea [DOC. 353-18, pages 97-98; SUF ¶34(g)(ix)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | _____ Sustained<br><br>_____ Overruled |

DORON NOTTEA'S CORRECTED REQUEST FOR EVIDENTIARY RULINGS ON SPECIFIED OBJECTIONS

| Exhibit No., Description and Reference to FTC's Statement | Objections | Ruling |
|---|---|---|
| Ex. 433: Doron Nottea email to David Davidian [DOC. 353-18, page 101; SUF ¶34(e)(iv)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained  ____ Overruled |
| Ex. 437: Stephen Bauer email to Doron Nottea [DOC. 353-18, page 102; SUF ¶34(g)(vii)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained  ____ Overruled |
| Ex. 466: Doron Nottea email to Edmund Biro [DOC. 353-18, page 123; SUF ¶34(g)(i)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained  ____ Overruled |
| Ex. 467: Doron Nottea email to Teny Minas [DOC. 353-18, page 124; SUF ¶34(g)(x)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained  ____ Overruled |
| Ex. 479: Teny Minas email to Doron Nottea [DOC. 353-19, pages 39-40; SUF ¶34(g)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained  ____ Overruled |
| Ex. 483: David Davidian email to Alon Nottea [DOC. 353-19, pages 43-44; SUF ¶34(c)(viii)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained  ____ Overruled |
| Ex. 484: Doron Nottea email to David Davidian [DOC. 353-19, page 45; SUF ¶34(i)(v)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained  ____ Overruled |
| Ex. 485: David Hagen email to Doron Nottea [DOC. 369-1, page 23; SUF ¶34(g)(ii)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained  ____ Overruled |

DORON NOTTEA'S CORRECTED REQUEST FOR EVIDENTIARY RULINGS ON SPECIFIED OBJECTIONS

| Exhibit No., Description and Reference to FTC's Statement | Objections | Ruling |
|---|---|---|
| Ex. 488: Doron Nottea email to Alon Nottea [DOC. 369-1, pages 24-25; SUF ¶34(g)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained<br><br>____ Overruled |
| Ex. 497: Avico Global email to Alon Nottea [DOC. 353-19, pages 49-50; SUF ¶34(g)(iii)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained<br><br>____ Overruled |
| Ex. 505: David Davidian email to Doron Nottea [DOC. 353-19, page 62; SUF ¶34(d)(vii)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained<br><br>____ Overruled |
| Ex. 518: Alon Nottea email to Doron Nottea [DOC. 369-1, pages 26-37; SUF ¶34(d)(iv)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained<br><br>____ Overruled |
| Ex.536: Doron Nottea email to David Davidian [DOC. 369-1, pages 389-42; SUF ¶34(g)(vii)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained<br><br>____ Overruled |
| Ex. 542: Nastassia Yalley email to Paul Medina, Doron Nottea and Alon Nottea [DOC. 353-19, page 82; SUF ¶34(h)(xv)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained<br><br>____ Overruled |
| Ex. 543: Nastassia Yalley email to Doron Nottea and Paul Medina [DOC. 353-19, pages 83-102; SUF ¶34(h)(xv)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained<br><br>____ Overruled |
| Ex. 544: Leor Azary email to Doron Nottea [DOC. 353-19, page 103; SUF ¶34(d)(i) and 34(d)(v))]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained<br><br>____ Overruled |

DORON NOTTEA'S CORRECTED REQUEST FOR EVIDENTIARY RULINGS ON SPECIFIED OBJECTIONS

| Exhibit No., Description and Reference to FTC's Statement | Objections | Ruling |
|---|---|---|
| Ex. 546: Nastassia Yalley email to Paul Medina and Doron Nottea [DOC. 353-19, page 104; SUF ¶34(e)(ix)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained<br><br>____ Overruled |
| Ex. 579: Alon Nottea email to Karen Dhillion [DOC. 353-20, pages 13-17; SUF ¶34(f)(iii)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained<br><br>____ Overruled |
| Ex. 941: Federal Trade Commission Financial Statement of Individual Defendant [DOC. 385-2, pages 1-12; SUF ¶43(a)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802), Irrelevant (FRE 401, 402), Invasion of Constitutional Right to Privacy | ____ Sustained<br><br>____ Overruled |
| Ex. 942: Paul Medina email to Doron Nottea [DOC. 385-2, page 13; SUF ¶34(b)(i)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802 (Irrelevant (FRE 401, 402) | ____ Sustained<br><br>____ Overruled |

DORON NOTTEA'S CORRECTED REQUEST FOR EVIDENTIARY RULINGS ON SPECIFIED OBJECTIONS

| Exhibit No., Description and Reference to FTC's Statement | Objections | Ruling |
|---|---|---|
| Ex. 943: Leor Azary email to Global Media [DOC. 385-2, page 14; SUF ¶34(b)(i)]. | Lack of Foundation (FRE 901), Hearsay (FRE 802), Irrelevant (FRE 401, 402) | ____ Sustained<br><br>____ Overruled |
| DOC. 120:  Report of Receiver | Lack of Foundation (FRE 901), Hearsay (FRE 802), Irrelevant (FRE 401, 402) | ____ Sustained<br><br>____ Overruled |

DATED:  May 3, 2016

**ESENSTEN LAW**
ROBERT L. ESENSTEN
RANDI R. GEFFNER


By: _____/s/  Randi R. Geffner_____
RANDI R. GEFFNER
Attorneys for Defendants DORON NOTTEA and MOTTI NOTTEA

**CERTIFICATE OF SERVICE**


I hereby certify that on **May 3, 2016**, I electronically filed the foregoing document entitled **DEFENDANT DORON NOTTEA'S CORRECTED REQUEST FOR EVIDENTIARY RULINGS ON SPECIFIED OBJECTIONS** with the Clerk of the Court by using the CM/ECF System.


*/s/ Robert L. Esensten*
Robert L. Esensten