1   **BEVERLY HILLS LAW CORP., PC**
Sagar Parikh, Esq. (SBN 282655)
2   433 N. Camden Drive, 6th Floor
Beverly Hills, CA 90210
3   Telephone:   (310) 887-1338
Facsimile:   (310) 982-2603
4   Email:         SP@BeverlyHillsLawCorp.com

5
TERREE A. BOWERS (SBN 89334)
6   terree.bowers@arentfox.com
JEFFREY R. MAKIN (SBN 252426)
7   jeffrey.makin@arentfox.com
**ARENT FOX LLP**
8   555 West Fifth Street, 48th Floor
Los Angeles, California 90013-1065
9   Telephone:  213.629.7400

10
Attorneys for Alan Argaman, Secured Merchants, LLC
11   and Chargeback Armor, Inc.

12                     **UNITED STATES DISTRICT COURT**

13                     **CENTRAL DISTRICT OF CALIFORNIA**

14

15   FEDERAL TRADE COMMISSION,          ) **Case No. 2:15-cv-04527-GW (PLAx)**
                                        )
16              Plaintiff,              ) **DECLARATION OF ALAN**
17                    vs.               ) **ARGAMAN IN SUPPORT OF REPLY**
                                        ) **TO OPPOSITION TO MOTION FOR**
18   BUNZAI  MEDIA GROUP, INC., et      ) **SUMMARY JUDGMENT**
19   al.,                               )
                                        )
20              Defendants.             ) **Hearing Date:  May 23, 2016**
     _____        ) **Time: 8:30 am**
21                                      ) **Location:  Courtroom 10 – Spring St.**
                                        ) **Judge: Hon. George H. Wu**
22   SECURED MERCHANTS, LLC,            )
     CHARGEBACK ARMOR, INC.             )
23   AND ALAN ARGAMAN,                  )
                                        )
24                                      )
              Cross-Claimants           )
25                    v.                )
                                        )
26   ALON NOTTEA, an individual,        )
                                        )
27            Cross-Defendant           )
                                        )
28

---

- 1 -

---

DECLARATION OF ALAN ARGAMAN IN SUPPORT OF REPLY TO OPPOSITION TO MOTION FOR
SUMMARY JUDGMENT

I, Alan Argaman, declare:

I have personal knowledge of the following facts and, if called upon to testify, I could and would so competently and truthfully testify to these facts:

1. I am the founder, only current member, and only current manager of Secured Merchants, LLC ("SM").  I have always been the only member and only manager of SM.

2. SM is a technology services company that offers services including website development, software development, e-commerce software, and related technology services.  The majority of the work that I have SM do is done by independent contractors that I hire in India. SM is currently not and never has been a seller of skin care products, and does not market skin care products through online sales using "negative option" or "free trial offer" marketing.  Its business is completely unrelated to the activities the "AuraVie" Defendants were allegedly engaged in.

3. At no time were any of the other Defendants in this case employees of SM.

4. Doron Nottea has been my friend for 25 years and a business associate of 20 years.   He was placed as an authorized signatory on SM's bank account because he had acted as a bookkeeper for numerous companies and I wanted

DECLARATION OF ALAN ARGAMAN IN SUPPORT OF REPLY TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

him as a signatory for convenience purposes to write checks on SM's behalf in

the event I was travelling and unable to access SM checks.  Doron Nottea never

wrote any checks on behalf of SM.  At no time was Doron Nottea ever paid

monies by SM.  At no time was Doron Nottea ever given any responsibilities

for the business operations of SM.

5.  SM was a vendor to the AuraVie Defendants in this case and provided the

following services: IT services to AuraVie merchants primarily for viewing and

handling chargebacks and for developing their Interactive Voice Response

(IVR) system.

6.  SM only provided the actual technology for handling chargebacks and an IVR

system; SM itself never handled chargebacks or dictated the content of the IVR.

7.  I was never employed by, a partner in, an owner of, a shareholder of, or an

affiliate of any of the other Aura-Vie Defendant companies in this case.

8.  I started a company with Doron Nottea called Secured Commerce, LLC.

Secured Commerce was supposed to be an e-commerce company, but the

business never took off.

9.  The only work Secured Commerce ever did was design the AuraVie straight

sale website.  This was a website that was not a part of the AuraVie scheme

DECLARATION OF ALAN ARGAMAN IN SUPPORT OF REPLY TO OPPOSITION TO MOTION FOR
SUMMARY JUDGMENT

alleged in the lawsuit by the FTC as this website did not utilize negative options, continuity, or risk free trials.  It was simply a website where a consumer could purchase skincare products and pay for them.  There were no other added features.   This is the only website I designed as well.  The work is for a site that operates with buttons such as "Add to Cart" and ecommerce industry "checkout" as a straight sale site

10. SM never operated out of the office located at 7900 Gloria Avenue in Van Nuys.

11. SM never operated out of Suite 103 at the Canby office.

12. I never was privy to the actual content the AuraVie Defendants used to market and advertise the AuraVie skincare products.

13. I had no knowledge of the script that AuraVie call center used when talking to customers calling in.

14. I had no knowledge of the terms that were disclosed to AuraVie customers regarding the sale of the products.

15. I never designed, created, or managed any AuraVie website that sold products using a negative option method, continuity, or offered risk free trials.

DECLARATION OF ALAN ARGAMAN IN SUPPORT OF REPLY TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

16. I never interacted with any customers who purchased AuraVie products.

17. I never processed (approved or denied) any chargebacks on behalf of the

AuraVie Defendants.

18. The $250,000 that was invested as a capital infusion by SM into CBA was

profit that SM derived from providing technological services for Wealth Group,

Inc., Wealth Vision, Inc., and Big Ventures, Inc.  I entered into these contracts

on behalf of SM and Exhibits 834, 835, and 836 show true and correct copies of

these three contracts.

19. No money from SBM Management or any other Defendant was used to infuse

capital into CBA by SM.

20. Attached as Exhibit 837 is a true and correct copy of the agreement with CBA I

signed on behalf of CBA.

21. I am not a founder of CBA, was never a shareholder of CBA, nor was I ever a

board member of CBA.

22. I have never been paid any monies from SM or any of the AuraVie Defendants.

DECLARATION OF ALAN ARGAMAN IN SUPPORT OF REPLY TO OPPOSITION TO MOTION FOR
SUMMARY JUDGMENT

23. I corresponded with Victor Azal, the website designer for the AuraVie Defendants and simply provided him with technological advice that related to an internet protocol procedure.

24. I never made Doron Nottea a member of SM, and he was never a member of SM.  Any reference to him as a "member" in bank account documents is language that was used by the bank employee handling that account and not something that was added by me.

25. SM hired Roi Reuveni's company Trigen, LLC, to be a temporary outside consultant to SM for technological consulting.  Reuveni/Trigen, LLC were never employees of SM.

26. SM was formed on June 25, 2013 as a California limited liability company.

27. I met with Igor to discuss potentially doing business together involving technical start-up ideas that he wanted to potentially invest in, but nothing ever materialized.

28. The services SM provided to SBM Management were arms-length technological services that were legitimately provided and invoiced for.

29. AuraVie Angels was not a marketing campaign that I or SM worked on.

DECLARATION OF ALAN ARGAMAN IN SUPPORT OF REPLY TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

30. I developed the "chargeback armor" software technology to use with my clients, not specifically for the AuraVie Defendants.  However, Bunzai Media Group decided to hire SM to integrate this software technology with Limelight, which is a customer relations management system.  I never managed any Limelight campaigns for the AuraVie Defendants.   I do not own or operate Limelight and have no affiliation with the company.

31. I have never before this lawsuit seen the document listed as the FTC's Exhibit Number 257.  This is not any sort of "Executive Summary" I created or sent out.

32. LeElle was a product that was going to be sold by a separate e-commerce business that was for high-end department stores.  It had nothing to do with AuraVie and I had no input or knowledge regarding what products the AuraVie Defendants sold. This concept product LeElle was never created, marketed or sold.

33. I, either individually, or through SM, have never created or helped create any toll-free phone numbers for any "shell corporations."  I also never assisted with anything related to load balancing or high risk accounts.

34. Attitudeline/INFINI were not products that I ever sold or marketed.

DECLARATION OF ALAN ARGAMAN IN SUPPORT OF REPLY TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

35. I had nothing to do with Doron Nottea creating the email address "securedmerchantsllc@gmail.com" and did not instruct him, advise him, or allow him to create this email address.

36. Whenever I updated any SHIPPING IDs, this had to do with Limelight integration and nothing to do with designing of the website.

37. Robert Stayner received a total of $5,666 from SM for temporary services over two months for work that was unrelated to AuraVie.

I declare under penalty of perjury that the foregoing is true and correct.


DATED: May 13, 2016                   By:   _Alan Argaman_____

                                             Alan Argaman

DECLARATION OF ALAN ARGAMAN IN SUPPORT OF REPLY TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT