ROBERT L. ESENSTEN (Bar No. 65728)
  resensten@esenstenlaw.com
RANDI R. GEFFNER (Bar No. 116574)
  rgeffner@esenstenlaw.com
**ESENSTEN LAW**
12100 Wilshire Boulevard, Suite 1660
Los Angeles, California 90025
Telephone:  (310) 273-3090
Facsimile:   (310) 207-5969

Attorneys for Defendants DORON NOTTEA and MOTTI NOTTEA

TERREE A. BOWERS (SBN 89334)
   terree.bowers@arentfox.com
JEFFREY R. MAKIN (SBN 252426)
   jeffrey.makin@arentfox.com
**ARENT FOX LLP**
555 West Fifth Street, 48th Floor
Los Angeles, California 90013-1065
Telephone:  (213) 629-7400
Facsimile:   (213) 629-7401

Attorneys for Defendants DORON NOTTEA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | CASE NO. 2:15-CV-04527-GW (PLAx) |
| Plaintiff, | |
| vs. | **REQUEST FOR EVIDENTIARY RULINGS ON SPECIFIED OBJECTIONS** |
| BUNZAI MEDIA GROUP, INC., et al., | |
| Defendants. | **DATE:** May 23, 2016<br>**TIME:** 8:30 a.m.<br>**CTRM:** 10 |
| | Trial date: June 21, 2016 |

1

Defendant DORON NOTTEA ("Nottea") makes the following requests rulings on the evidentiary objections to the Declaration of Charlene Koonce and exhibits submitted by Plaintiff FEDERAL TRADE COMMISSION ("FTC") in opposition to the Motion for Release of Frozen Funds filed by Nottea jointly with non-parties Rachel Nottea and Lori Bekhor:

**Objections as to Proffered Exhibits Identified as Attachment B and C:**

**A. The Exhibits Have Not Been Properly Authenticated by the FTC and are Inadmissible.**

The FTC has provided no adequate foundation or authentication for Attachments B and C, upon which it relies in opposition to the Motion for Release of Frozen Funds.  There is no competent declaration of any custodian of records, no authentication by anyone with personal knowledge as to the source and preparation of Attachments B and C, and no foundation laid for the admission thereof.

*Federal Rules of Evidence* 901 requires that evidence be authenticated by the proponent thereof:

> "To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is."

The FTC has failed to authenticate the exhibits upon which it relies.  It has not provided competent Custodian of Records declarations or any other foundational evidence upon which the Court could base a finding that the items are what the FTC claims them to be.

**B. The Exhibits are Hearsay and are Inadmissible.**

Pursuant to *Federal Rules of Evidence* 801(c), hearsay is a statement made not while testifying at a hearing, that is offered in evidence to prove the truth of the matter asserted.  Hearsay evidence is not admissible.  *Federal Rules of Evidence*

802.

Attachments B and C are hearsay. Each document is an unauthenticated (see above) out of court statement that is offered for the truth of the matter(s) asserted therein. This is readily apparent from the Opposition, in which the FTC bases its arguments opposing the Motion on the contents of these unauthenticated and inadmissible documentary exhibits.

**Requested Evidentiary Rulings:**

| Identification of Exhibit | Objections | Ruling |
|---|---|---|
| Attachment "B": Email purportedly from Paul Medina to Doron Nottea, with attachment [DOC. 393-2] | Lack of Foundation (FRE 901)<br>Hearsay (FRE 802)<br>Irrelevant (FRE 401, 402)) | ____ Sustained<br><br>____ Overruled |
| Attachment "C": Spreadsheet [DOC. 396-6] | Lack of Foundation (FRE 901)<br>Hearsay (FRE 802)<br>Irrelevant (FRE 401, 402)) | ____ Sustained<br><br>____ Overruled |

**DECLARATION TESTIMONY OF CHARLENCE KOONCE [DOC. 393-1]**

| | | |
|---|---|---|
| (¶5) In the early afternoon on June 18, 2015, Doron left the Canby Office. He had provided virtually no information to me and stated he would communicate through counsel once he had retained an attorney. I had specifically informed him that all of his assets were frozen and provided him with a copy of the TRO. | Irrelevant (FRE 401, 402) | ____ Sustained<br><br>____ Overruled |

| Identification of Exhibit | Objections | Ruling |
|---|---|---|
| (¶5)  Shortly after Doron left the Canby Office, an attorney on my team who had already communicated with Bank of American about the TRO received a call from Bank of America and providing notice that Doron had just left the Encino branch where his safe deposit box was located, told a teller that he had lost his key, and asked for access to the safe deposit box. | Irrelevant (FRE 401, 402)<br>Hearsay (FRE 802) | ____ Sustained<br><br>____ Overruled |
| (¶10)  The FTC objected to the use of funds Lori claimed to be her separate property, and expressed concerns about the dates of the alleged inheritance payments in comparison with the dates on the envelopes in the safe deposit box.  Ultimately, the FTC informed me it would object to the proposed sale because the evidence regarding the source of funds claimed by Lori was not sufficient. | Hearsay (FRE 802) | ____ Sustained<br><br>____ Overruled |

DATED:  May 13, 2016

**ESENSTEN LAW**
ROBERT L. ESENSTEN
RANDI R. GEFFNER


By: ___*/s/  Robert L. Esensten*___
ROBERT L. ESENSTEN
Attorneys for Defendants DORON NOTTEA and MOTTI NOTTEA

**CERTIFICATE OF SERVICE**

I hereby certify that on **May 13, 2016**, I electronically filed the foregoing document entitled **REQUEST FOR EVIDENTIARY RULINGS ON SPECIFIED OBJECTIONS** with the Clerk of the Court by using the CM/ECF System.

                           */s/ Robert L. Esensten*
                           Robert L. Esensten