DAVID C. SHONKA
Acting General Counsel

DAMA J. BROWN
Dbrown1@ftc.gov
Regional Director

REID TEPFER
rtepfer@ftc.gov; Tex. Bar No. 24079444
LUIS GALLEGOS
lgallegos@ftc.gov; Okla. Bar No. 19098
EMILY ROBINSON
erobinson@ftc.gov; Tex. Bar No. 24046737
ZACHARY A. KELLER
zkeller@ftc.gov
Texas Bar No. 24087838 (pro hac vice pending)
Federal Trade Commission
1999 Bryan Street, Ste 2150
Dallas, Texas 75206
(214) 979-9395 (Tepfer); (214) 979-9383 (Gallegos);
(214) 979-9386 (Robinson); (214) 979-9382 (Keller)
(214) 953-3079 (fax)
RAYMOND McKOWN
rmckown@ftc.gov; Cal. Bar No. 150975
10877 Wilshire Boulevard, Ste 700
Los Angeles, California 90024
(310) 824-4343(voice); (310) 824-4380 (fax)

Attorneys for Plaintiff Federal Trade Commission

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,**<br><br>**Plaintiff,**<br><br>v.<br><br>**BUNZAI MEDIA GROUP, INC.,** *et al.*<br><br>**Defendants.** | **Case No. CV 15-4527-GW(PLAx)**<br><br>**RESPONSE TO DEFENDANTS ALAN ARGAMAN, SECURED MERCHANTS, AND CHARGEBACK ARMOR'S STATEMENT OF GENUINE DISPUTES** |

1    By filing their respective motions for summary judgment, Plaintiff and

2    Defendants Igor Latsanovski and CalEnergy, Inc. ("Defendants") agree that

3    summary judgment is proper in this case. *See* Dkts. 353 and 360. As this Response

4    to Defendants' Statement of Genuine Disputes will show, however, the parties rely

5    upon not only different evidence but more importantly different standards of

6    evidence to support their respective positions. Insofar, however, as both parties have

7

8    submitted their respective motions with all underlying material facts that support

9    their positions, this Court should determine the factual issues relating to the parties'

10   statements of fact and render a judgment. *Chevron USA, Inc.  v. Cayetano*, 224 F.3d

11   1030 n.6 (9th Cir. 2000) (citing *Starsky v. Williams*, 512 F.2d 109, 111 (9th Cir.

12

13   1975) ("This court has held that if the parties agree that all of the underlying

14   material facts are reflected in the written record, a judge may decide factual issues

15

16   and essentially convert cross-motions for summary judgment into submission of the

17   case for trial on the written record.")).

18       Plaintiff has amassed a body of evidence that includes consumer and law

19

20   enforcement declarations, extensive deposition and discovery materials, and

21   hundreds of business records and correspondence. *See* Dkts. 353-3 – 353-32. This

22

23   record provides a comprehensive understanding of the scope and mechanics of

24   AuraVie's abuses, allowing the Court to determine the facts of the case to render a

25   judgment. More specifically, these materials have provided a robust body of

26

27   evidence regarding the roles that Defendants served alongside their AuraVie co-

28

2

conspirators in effectuating and maintaining the AuraVie common enterprise until tens of millions of dollars were stolen from consumers. The strength of this evidentiary record led Plaintiff to move for summary judgment, Dkt. 353, with Plaintiff's corresponding Statement of Uncontroverted Facts laying out this mass of evidence for the Court's consideration. Dkt. 353-2.

To oppose Plaintiff's extensive documentary and testamentary evidence, Defendants have supported both their own Motion for Summary Judgment, Dkt. 360, and their Statement of Disputes to Plaintiff's Uncontroverted Facts, Dkts. 399, 400, 402, 403, by offering four self-serving declarations as evidence. The first declaration, that of Defendant Latsanovski, Dkt. 356, contests both executed partnership agreements and testimony of Bunzai employees and a co-owner by disavowing ownership of BunZai, contending without any further proof that the executed agreements were never effectuated. *Id.* at 6-8. Latsanovski also includes a biographical section, an extensive discussion about his Sunset Holdings interests, and a bizarre denial that he "loaned" $1.9 million to Bunzai because $1.9 million was the "aggregate of all principal loan advances" made to the scheme; *id.* at 2. The second declaration is by Defendants' counsel, Jeffery Benice, and merely provides deposition transcripts of the individual Defendants Latsanovski, Alon Nottea, and Doron Nottea. Dkt. 355, at 1. The final two declarations—from witnesses who were

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

never disclosed in Rule 26 disclosures or discovery responses[1]—are from witnesses who have no knowledge of the AuraVie scheme or common enterprise; instead, these witnesses attest only that Defendants owe them money for investment transactions relating to Sunset Holdings, an entity 99% owned by CalEnergy, Inc. and 1% owned by Latsanovski. Dkts. 357 and 358. Not only do these declarations and their appendices present no new relevant evidence or genuine dispute relating to a material fact in the case, but also the Ninth Circuit has recognized that such self-serving affidavits are insufficient to carry the burden of creating genuine disputes of material fact.[2]

Local Rule 56-2 provides that a party opposing a motion for summary judgment should file a "concise" Statement of Genuine Disputes regarding facts that the non-moving party "contend[s] there exists a genuine dispute necessary to be litigated." L.R. 56-2. Here, instead of filing a concise document with specific objections to Plaintiff's Statement of Uncontroverted Facts, Dkt. 353-2 (the "Uncontroverted Facts"), Defendants filed a four-volume Statement of Genuine

---

[1] Plaintiff has sought an evidentiary ruling regarding these two witnesses. *See* Dkt. 394-2.

[2] *FTC v. Publishing Clearing House, Inc*., 104 F.3d 1168, 1171 (1997)("A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact."); *see also FTC v. MacGregor*, 360 Fed.Appx. 891, 893 (9th Cir. 2009)(citing *FTC v. Publ'g Clearing House, Inc*., 104 F.3d 1168, 1171 (9th Cir.1997)("Without any evidentiary support, both DuPree's and MacGregor's statements are conclusory and thus fail to create a genuine issue of material fact.")).

Disputes, Dkt. 399, 400, 402, 403 (the "Disputes"), that simply copied each of the uncontroverted facts in Defendants' own motion for summary judgment into their Dispute for each of Plaintiff's Uncontroverted Facts. *See* Dkt. 361.

As a result, responding to Defendants' Disputes requires Plaintiff's filing this 732-page "Response to Statement of Genuine Disputes" with the Court, even though the Disputes provided were largely off-topic, irrelevant, and non-responsive. Because none of Defendants' disputes are targeted to address the assertions made in the corresponding Uncontroverted Facts, in this Response Plaintiff has no other recourse than to reassert our answers as previously submitted in Plaintiff's statement of genuine disputes to Defendants' motion for summary judgment. *See* Dkt. 394-1. Thus along with Defendants' failure to be concise and specific, Defendants have also failed to show any "genuine dispute," much less one that must be litigated, regarding any of the Uncontested Facts they address. Therefore, the Court should regard the entirety of Defendants' Statement of Genuine Disputes as falling under the Federal Rules of Civil Procedure's Rule 56(e) "Failing to Properly Support or Address a Fact" and Local Rule 56-3's guidelines for "Determination of Motion":

Under Local Rule 53-3, the Court "may assume that the material facts as claimed and adequately supported by the moving party are admitted to exist without controversy except to the extent that such material facts are (a) included in the 'Statement of Genuine Disputes' and (b) controverted by declaration or other written evidence filed in opposition to the motion." L.R. 56-3. This Local Rule

5

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

1  corresponds to the Federal Rules of Civil Procedure Rule 56(e)(2), which provides

2  that a party failing to properly address another party's facts allows the Court to

3  "consider the fact undisputed for purposes of the motion."

4

5      As a result, this Court should deem Plaintiff's Uncontroverted Facts admitted

6  and should render judgment based upon the undisputed facts of this case. *See Mango*

7  *v. City of Maywood*, CV 11-5641-GW(FFMx), 2012 U.S. Dist. LEXIS 15029, *59-

8  60 (C.D. Cal. October 5, 2012)(Wu, J.)(where evidentiary objections were not

9  "properly targeted or particularized," "the Court would be within its power to deem

10  proffered facts falling into this category as 'undisputed.'").

| ***MOVING PARTY'S UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE*** | ***OPPOSING PARTY'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE*** |
|---|---|
| 1.      The FTC brings this action under Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b; Section 5 of the Restore Online Shoppers' Confidence Act ("ROSCA"), 15 U.S.C. § 8404; and Section 917(c), of the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. § l693o(c) to obtain permanent injunctive relief, rescission or reformation of contracts, restitution, the refund of monies paid, disgorgement of ill-gotten monies, and other equitable relief for Defendants' law violations. See Dkt. 235. | 1.      This is a purported statement of law; not an uncontroverted fact.  It cannot be referenced as Disputed or Undisputed. |
| 1.  Moving Party's Response<br><br>As Defendants have not addressed the substance of this statement, Plaintiff has no response. | |

## SUMMARY OF THE CASE

| *MOVING PARTY'S UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE* | *OPPOSING PARTY'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE* |
|---|---|
| 2.      Defendants collectively marketed skincare products over the Internet using deceptive offers with hidden costs, negative option features, and return policies. Specifically, Defendants offered "risk-free" trials of skincare products to consumers nationwide through pop-up advertisements and websites. Defendants required consumers who accepted the "risk-free" trials to provide their credit or debit card billing information, purportedly to pay nominal shipping and handling fees to receive the advertised products. However, 10 days after receiving consumers' billing information, Defendants charged consumers the full costs of the products included in the "risk-free" trials, imposing charges of up to $97.88 onto consumers' credit or debit cards. Defendants refused to provide refunds for product returns unless consumers met onerous conditions that were not adequately disclosed. Additionally, after charging consumers, Defendants enrolled consumers in a negative option continuity plan, in which Defendants shipped additional products each month and charged consumers' credit or debit cards the full costs of the products, | 2.      ***Disputed.*** <br><br> A.     Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc. <br><br> [Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; *"The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment..."*] <br><br> [Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.] [Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.][3] <br><br> [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] <br><br> [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial |

---

[3] The identified declarations are in the Request for Judicial Notice identified directly below.  This format is followed throughout Defendant's Responsive Statement. Thus, the reference to the Benice Declaration is Request for Judicial Notice No. 5.

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| usually $97.88 per month. Defendants' scheme deceived consumers nationwide out of millions of dollars. | Summary Judgment filed April 18, 2016.]<br><br>[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]<br><br>[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]<br><br>[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]<br><br>[Opposing Decl. of Latsanovski, ¶¶1-30.]<br><br>B. During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates.<br><br>[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]<br>[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea*, R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*] |

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| 1 | [Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.] |
| 2 | |
| 3 | |
| 4 | [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |
| 5 | |
| 6 | |
| 7 | |
| 8 | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| 19 | |
| 20 | |
| 21 | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | [Opposing Decl. of Latsanovski, ¶¶1-30.] |
| 28 | |

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

C. Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,746 in interest return on the $500,000.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4;

Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

D. Defendants Latsanovski and Calenergy had no involvement in the day to day operations of Defendant Bunzai.

[Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.]

[Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.]

[Decl. of Latsanovski, ¶¶10; 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

E. Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["Alon can do it... He is running it. (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO**
**PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

F.  Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet skincare business.  Latsanovski never spoke to

13

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions.  Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["Alon can do it... He is running it. (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3;

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]
[Opposing Decl. of Latsanovski, ¶¶1-30.]

2. Moving Party's Response

**A. Plaintiff disputes the entirety of this response:**

Latsanovski: Defendant Latsanovski was a co-owner of BunZai Media Group, Inc. Dkts. 244¶ 36; 245¶ 36; Ex. 18-2; 946, at 29:10-12. Defendant Medina, an employee of BunZai, also believed Latsanovski owned BunZai.

Ex. 946, at 29:10-12. Furthermore, Latsanovski is the CEO of CalEnergy, Inc. and, through CalEnergy, managed Defendants Pinnacle Logistics, Inc. and Media Urge, Inc. Exs. 561-3; 588-1,-9; 908-3. Latsanovski also incorporated Zen Mobile Media, Inc., one of the shell companies used by Defendants to process consumer payments for Defendants' risk-free trials. Ex. 904-23; Dkts. 120, at 68; 121-1, at 3.

*Latsanovski's Involvement in Operations*: Latsanovski also participated in operational planning discussions. These discussions included employee staffing decisions and managing the business's needs in areas such as "plants and Callcenters."Ex. 21 Latsanovski reserved managing higher-level "intellectual labor" for Alon Nottea and Latsanovski himself. Ex. 21 In this email, Defendant Latsanovski himself noted: "Directors, the people who can not just perform, but also to make decisions and in addition whom we trust and know their capabilities. . . .Who we have: You, Paul, Roy, Andre and David and me a little, that's all!" And indeed, in a letter he stated that he would meet with the company's presidents and employees, including "manager Roi Reuveni to review activities of the managed call center Pinnacle (including AuraVie, Dellure and Attitude . . .)." Ex. 21

Latsanovski also had significant involvement in day-to-day financial operations. Former employee Yalley stated that Latsanovski would sit down next to her and review profit and loss statements for the enterprise. Ex. 556, at 34:2-4, 34:20-35:7 Defendant Medina, who worked for Media Urge from 2010 to 2014 and was located at the 7900 Gloria address, testified that Latsanovski was present a few days each month. Ex. 946, at 29:3-12. Latsanovski sent a revised profit and loss spreadsheet containing sales and chargeback information for the common enterprise. Ex. 503. He participated in discussions concerning international merchant accounts and meetings with payment processors, and he was involved in discussions relating to AuraVie's excessive chargeback rates and load balancing. Exs. 319; 562; 565. He assisted Defendants in transferring funds overseas for safekeeping, including possibly to a Cyprus trust. See Exs. 55; 450; 470. In a letter to the United States Citizenship and Immigration Services describing his job responsibilities at CalEnergy, Latsanovski represented that he was involved in "reviewing the activities and providing guidance to managed companies," which included Defendants Pinnacle Logistics, Inc. and Media Urge, Inc. Ex. 571-2.

*Latsanovski's Involvement in Marketing*: Latsanovski was apprised of low-level contractual disputes relating to the advertising. *See* Ex. 48. He was the person Defendant Alon Nottea contacted regarding international marketing for issues as minor as what the customer service telephone numbers were to higher level issues such as how much they should charge for their product. Ex. 559.

*Latsanovski's Receiving Reports*: Former employee Yalley stated that Latsanovski would sit down next to her and review profit and loss statements for the enterprise. Ex. 556, at 34:2-4, 34:20-35:7. Defendant Medina testified that he would have discussions concerning sales and affiliates with Latsanovski. Ex. 946, at 30:4-13.

*Latsanovski's Knowledge of the Web-Based Advertising*: Latsanovski received emails containing links to Defendants' deceptive risk-free trial websites. Ex. 28.

CalEnergy: CalEnergy invested in and financed the BunZai enterprise. Ex. 571-2, -3. CalEnergy also served as one of the two primary entities that collected revenues from the web of merchant accounts that Defendants used to deceive payment processors. Dkt. 121-1, at 3. Upon receiving those funds, CalEnergy would then pass these revenues on to Defendant Focus Media Solutions, Inc. (a company that created advertisements for skincare products sold by negative option) or to Defendant Latsanovski himself. Dkts. 121-1, at 3; 120, at 46; Ex. 910-30 ¶ 215.

*CalEnergy's Role in Operations*: CalEnergy owned Defendants Media Urge, Inc. and Pinnacle Logistics, Inc. CalEnergy's internal organizational chart—which Latsanovski reviewed—confirms that Latsanovski supervised and managed Media Urge and Pinnacle in his capacity as head of CalEnergy. Exs. 561-3; 588-1, -9.

**B.  Plaintiff disputes the entirety of this response:**

CalEnergy transferred no less than $950,000 to Bunzai and its affiliates. Dkts. 120, at 40-41, 69; 121-1, at 3. Defendant Latsanovski structured these transfers as a revolving credit line of up to $500,000, under which he would regularly give Bunzai and later the other AuraVie entities. Dkt. 120, at 41; Ex. 552, at 27:5-13. Defendant Latsanovksi in fact borrowed more than he invested (a net borrower) in the scheme until approximately October 2013. Dkt. 120, at 41.

**C. Plaintiff disputes the entirety of this response:**

Because this Fact contends items substantially the same as Response (B), Plaintiff FTC reasserts:

CalEnergy transferred no less than $950,000 to Bunzai and its affiliates. Dkts. 120, at 40-41, 69; 121-1, at 3. Defendant Latsanovski structured these transfers as a revolving credit line of up to $500,000, under which he would

regularly give Bunzai and later the other AuraVie entities. Dkt. 120, at 41; Ex. 552, at 27:5-13. Defendant Latsanovksi in fact borrowed more than he invested (a net borrower) in the scheme until approximately October 2013. Dkt. 120, at 41.

Moreover, the $317,000 net gain was not an interest payment but instead money transferred as part of the common enterprise's advertising operations. After CalEnergy received the $317,746, Defendant Latsanovski transferred a similar amount, $325,000, to Defendant Focus Media Solutions, Inc., the company responsible for the scheme's advertising campaigns. Dkt. 120, at 41, 46. After Defendant Latsanovski's initial seed money, the funds in question were not loans, but the ill-gotten gains derived from Defendants' online scheme. As noted by the Receiver in her Report, the "constant inflow of money from CalEnergy was repaid first by Bunzai and later by SBM Management, as well as the numerous retail merchant companies." Dkt. 120, at 41. This stream of transfers was not an arms-length revolving credit facility but instead one hand washing the other—shuffling funds from one entity to another in furtherance of the scheme.

## D.  Plaintiff disputes the entirety of this response:

Defendant Latsanovski's Participation in the Bunzai  Enterprise: Defendant Latsanovski was a co-owner of BunZai Media Group. Dkts. 244¶ 36; 245¶ 36; Ex. 18-2; 946, at 29:10-12. A former employee of BunZai testified that Igor Latsanovski received and reviewed monthly accounting reports for BunZai. Ex. 556, at 34:2-4, 34:20-35:7. Latsanovski previously swore under oath that BunZai was his employer. *See* Ex. 949. A BunZai Form W-2 listed Defendant Latsanovski as an employee. Ex. 402-8.

Regarding the larger BunZai common enterprise, Latsanovski had significant involvement in day-to-day financial operations. Defendant Medina, who worked for Media Urge from 2010 to 2014 and was located at the 7900 Gloria address, testified that Latsanovski was present a few days each month. Ex. 946, at 29:3-12. Latsanovski sent a revised profit and loss spreadsheet containing sales and chargeback information for the common enterprise. Ex. 503 He also participated in discussions concerning international merchant accounts and meetings with payment processors, and he was involved in discussions relating to AuraVie's excessive chargeback rates and load balancing. Exs. 319; 329; 562; 565. He assisted Defendants in transferring funds overseas for safekeeping, including possibly to a Cyprus trust. See Exs. 55; 450; 470. In a letter to the United States Citizenship and Immigration Services describing his job responsibilities at CalEnergy, Latsanovski represented that he was involved in "reviewing the

activities and providing guidance to managed companies," which included Defendants Pinnacle Logistics and Media Urge. Ex. 571-2. Latsanovski's participation extended to advertising. He was asked to proofread advertising to be used by Defendants overseas and assisted in coordinating the marketing campaign. See Ex. 564. Latsanovski was apprised of low-level contractual disputes relating to the advertising. *See* Ex. 48. Latsanovski assisted Defendants in transferring funds overseas for safekeeping, including possibly to a Cyprus trust. See Exs. 55; 450; 470.

Defendant CalEnergy's Participation in the Bunzai Enterprise: CalEnergy played a similar significant role in the Bunzai common enterprise. CalEnergy's internal organizational chart—which Latsanovski reviewed—confirms that Latsanovski as the CEO of CalEnergy supervised and managed Defendants Media Urge, Inc. and Pinnacle Logistics, Inc. Exs. 561-3; 588-1, -9. CalEnergy served as one of the two primary entities that collected revenues from the web of merchant accounts that Defendants used to deceive payment processors. Dkt. 121-1, at 3. Upon receiving those funds, CalEnergy would then pass these revenues on to Defendant Focus Media Solutions, Inc. (a company that created advertisements for skincare products sold by negative option) or to Defendant Latsanovski himself. Dkts. 121-1, at 3; 120, at 46; Ex. 910-30 ¶ 215.

**E. Plaintiff disputes the entirety of this response:**

Defendant Latsanovski's participation in the scheme was comprehensive, including both operational and financial oversight that demonstrate his knowledge of the common enterprise's business mechanics.

Operations: An email shows Defendant Latsanovski making business decisions concerning operational aspects of companies within the common enterprise. Ex. 21. He played roles that ran the gamut of BunZai's operations and structure, including employee staffing decisions and how to manage the business's needs for areas such as "plants and Callcenters." Ex. 21. In an email, he also noted that higher-level "intellectual labor" should be left to Defendant Alon Nottea and Latsanovski himself. Ex. 21. In this email, Defendant Latsanovski further noted: "Directors, the people who can not just perform, but also to make decisions and in addition whom we trust and know their capabilities. . . .Who we have: You, Paul, Roy, Andre and David and me a little, that's all!" Ex. 21.

Financial Oversight: Furthermore, his knowledge of the scheme's financial management, including risks for the enterprise, was comprehensive. Former employee Yalley stated that Latsanovski would sit down next to her and review

19

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

profit and loss statements for the enterprise. Ex. 556, at 34:2-4, 34:20-35:7. Defendant Paul Medina testified that he overheard Defendant Latsanovski discussing chargebacks with Defendant Alon Nottea. Ex. 946, at 31:16-32:3. He also received an email concerning excess chargeback programs and the enterprise's excessive chargeback rates, as well as emails discussing high-risk merchant accounts. Exs. 562; 319. Moreover, Latsanovski received an email discussing load balancing to maintain merchant accounts for the enterprise and emails containing links to Defendants' deceptive risk-free trial websites. Exs. 28; 565. Latsanovski requested information concerning the common enterprise's chargeback rates and merchant reserve and followed up these questions by asking the employee "what kind of help do you need from me[?]" Ex. 549.

Latsanovski also incorporated Zen Mobile Media, Inc., one of the shell companies used by Defendants to process consumer payments for Defendants' risk-free trials. Ex. 904-23; Dkts. 120, at 68; 121-1, at 3. Latsanovski also managed Defendants Media Urge, Inc. and Pinnacle Logistics, Inc. through, CalEnergy, the parent company of Defendants Media Urge and Pinnacle. Exs. 561-3; 588-1, -9.

**F. Plaintiff disputes this response in part:**

   **Plaintiff does not dispute:**

   (a) That Latsanovski did not speak to any customers;

   (b) That neither Calenergy nor Latsanovski received any money from consumers directly, but qualifies this response by noting that Defendants Latsanovski and CalEnergy received money from consumers indirectly through the web of merchant accounts Defendants used to process their unauthorized charges to consumers' credit accounts. Dkt. 121-1, at 3.

   (c) That CalEnergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai, but qualifies this response by noting that it received substantial funds after its initial investment, all such funds resulting from the abusive practices at issue in this case.

   **Plaintiff does dispute:**

(a) That Latsanovski played a role in the operation of the Skincare Business: Because this contention requires a response substantially the same as that provided in Fact (A), Plaintiff reasserts:

*Latsanovski's Role in Operations*: An email shows Defendant Latsanovski making business decisions concerning operational aspects of companies within the common enterprise. Ex. 21. He played roles that ran the gamut of BunZai's operations and structure, including employee staffing decisions and how to manage the business's needs for areas such as "plants and Callcenters." Ex. 21 In an email, he also noted that higher-level "intellectual labor" should be left to Defendant Alon Nottea and Latsanovski himself. Ex. 21. In this email, Defendant Latsanovski further noted: "Directors, the people who can not just perform, but also to make decisions and in addition whom we trust and know their capabilities. . . .Who we have: You, Paul, Roy, Andre and David and me a little, that's all!" In a letter he stated that he would meet with the company's presidents and employees, including "manager Roi Reuveni to review activities of the managed call center Pinnacle (including AuraVie, Dellure and Attitude . . .)." Ex. 21.

Latsanovski also had significant involvement in day-to-day financial operations. Former employee Yalley stated that Latsanovski would sit down next to her and review profit and loss statements for the enterprise. Ex. 556, at 34:2-4, 34:20-35:7. Defendant Medina, who worked for Media Urge from 2010 to 2014 and was located at the 7900 Gloria address, testified that Latsanovski was present a few days each month. Ex. 946, at 29:3-12. Latsanovski sent a revised profit and loss spreadsheet containing sales and chargeback information for the common enterprise. Ex. 503. He participated in discussions concerning international merchant accounts and meetings with payment processors, and he was involved in discussions relating to AuraVie's excessive chargeback rates and load balancing. Exs. 319; 562; 565. He assisted Defendants in transferring funds overseas for safekeeping, including possibly to a Cyprus trust. *See* Exs. 55; 450; 470. In a letter to the United States Citizenship and Immigration Services describing his job responsibilities at CalEnergy, Latsanovski represented that he was involved in "reviewing the activities and providing guidance to managed companies," which included Defendants Pinnacle Logistics and Media Urge. Ex. 571-2.

Moreover, Latsanovski also incorporated Zen Mobile Media, Inc., one of the shell companies used by Defendants to process consumer payments for Defendants' risk-free trials. Ex. 904-23; Dkts. 120, at 68; 121-1, at 3.

Latsanovski's Involvement in Marketing: Latsanovski was apprised of low-level contractual disputes relating to the advertising. *See* Ex. 48. He was the person Defendant Alon Nottea contacted regarding international marketing for issues as minor as what the customer service telephone numbers would be to higher-level issues such as how much they should charge for their product. Ex. 559.

21

PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

Latsanovski's Knowledge of Financial Reports: Former employee Yalley stated that Latsanovski would sit down next to her and review profit and loss statements for the enterprise. Ex. 556, at 34:2-4, 34:20-35:7. Defendant Medina testified that he would have discussions concerning sales and affiliates with him. Ex. 946, at 30:4-13. Medina also testified that he overhead Defendant Latsanovski discussing chargebacks with Defendant Alon Nottea. Ex. 946, at 31:16-32:3.

Latsanovski's Knowledge of the Web-Based Advertising: Latsanovski received emails containing links to Defendants' deceptive risk-free trial websites. Ex. 28.

CalEnergy's Role in Operations: CalEnergy owned Defendants Media Urge, Inc. and Pinnacle Logistics, Inc. CalEnergy's internal organizational chart—which Latsanovski reviewed—confirms that Latsanovski supervised and managed Media Urge and Pinnacle in his capacity as head of CalEnergy. Exs. 561-3; 588-1, -9.

| | |
|---|---|
| 3. As explained more fully below, Defendants operated a common enterprise through which they: (a) failed to disclose adequately material terms of their sales offer, including the offer's costs and negative option features; (b) falsely represented that consumers could obtain products on a "trial" or "risk-free" trial basis for only a nominal shipping and handling fee; (c) failed to obtain consumers' informed consent to the material terms, including the negative option feature, of the transaction before charging the consumer; (d) falsely represented their business was accredited by the Better Business Bureau with an "A-" rating; (e) failed to provide consumers a simple method of cancelling their negative option continuity plan, and (f) debited consumers' bank accounts on a recurring basis without obtaining written authorization from consumers or providing a written copy of the | 3.      ***Disputed.*** <br><br> A.      Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc. <br><br> [Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; *"The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment..."*] <br> [Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.] <br><br> [Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.] <br> [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |

authorization to the consumer.

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]
[Opposing Decl. of Latsanovski, ¶¶1-30.]

B. During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| 1 | [Decl. of Benice, ¶4; Exh. "C" February |
| 2 | 18, *2016 Depo of Alon Nottea,* R.T. 85: |
| | lns. 3-5; "*Did Bunzai ...pay back Igor ...?* |
| 3 | *A. I believe it did.*] |
| 4 | |
| | [Decl. of Latsanovski, ¶¶1-4; Exh. "A" |
| 5 | thereto, July, 2015 Loan Summary; ¶¶ |
| 6 | 15-16.] |
| 7 | [Request for Judicial Notice No. 1; July |
| 8 | 13, 2015 Declaration of Igor Latsanovski |
| 9 | in Support of Ex Parte Request for |
| | Partial Relief from Temporary |
| 10 | Restraining Order filed July 15, 2015, |
| 11 | ¶¶4-14.] |
| 12 | [Request for Judicial Notice No. 2; |
| 13 | Declaration of Igor Latsanovski in |
| | Support of Motion for Summary |
| 14 | Judgment, or Alternatively Partial |
| 15 | Summary Judgment filed April 18, |
| | 2016.] |
| 16 | |
| 17 | [Request for Judicial Notice No. 3; |
| | Declaration of Ilia Klykov Re: |
| 18 | November 6, 2009 Fiduciary |
| 19 | Management Agreement; and January |
| | 12, 2015 Agreement between Guayas, |
| 20 | LTD. and Calenergy, LLC.] |
| 21 | [Request for Judicial Notice No. 4; |
| 22 | Declaration of Mariya Aleksandrovna |
| | Re: June 4, 2015 Master Loan |
| 23 | Agreement.] |
| 24 | |
| 25 | [Request for Judicial Notice No. 5; |
| | Declaration of Jeffrey S. Benice in |
| 26 | Support of Defendants Igor Latsanovski |
| 27 | and Calenergy, Inc's Motion for |
| | Summary Judgment Pursuant to Federal |
| 28 | Rules of Civil Procedure Rule 56 or, |

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| 1 | Alternatively Partial Summary Judgment.] |
| 2 | |
| 3 | [Opposing Decl. of Latsanovski, ¶¶1-30.] |
| 4 | |
| 5 | C. Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,746 in interest return on the $500,000. |
| 6 | |
| 7 | |
| 8 | [Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.] |
| 9 | |
| 10 | |
| 11 | |
| 12 | [Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*] |
| 13 | |
| 14 | |
| 15 | [Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.] |
| 16 | |
| 17 | |
| 18 | [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |
| 19 | |
| 20 | |
| 21 | |
| 22 | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: |
| 28 | |

November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

D. Defendants Latsanovski and Calenergy had no involvement in the day to day operations of Defendant Bunzai.

[Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.]

[Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.]

[Decl. of Latsanovski, ¶¶10; 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2;

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

E. Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct. [Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["Alon can do it... He is running it. (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

F.  Defendants Latsanovski and Calenergy, did not play any role in the

operation of the internet skincare business.  Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions.  Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["Alon can do it... He is running it. (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]<br><br>[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]<br>[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]<br><br>[Opposing Decl. of Latsanovski, ¶¶1-30.] |
|---|---|
| 3. Moving Party's Response<br><br>Defendants asserted identical responses to their responses to Plaintiff's Fact #2. Accordingly, Plaintiff hereby incorporates Moving Party's Response #2 and asserts it in response to Defendants' response to this Fact. | |

///

///

## JURISDICTION, VENUE, AND INTRADISTRICT ASSIGNMENT

| ***MOVING PARTY'S UNCONTROVERTED FACTS AND*** | ***OPPOSING PARTY'S RESPONSE TO CITED FACT AND SUPPORTING*** |
|---|---|

| *SUPPORTING EVIDENCE* | *EVIDENCE* |
|---|---|
| 4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337(a), and 1345 and 15 U.S.C. §§ 45(a), 53(b), and 57b. Dkts. 299 ¶ 4; 300 ¶ 4; 301 ¶ 4. See also Exs. 910-2 ¶ 1; 911-2 ¶ 1; 914-2 ¶ 1; 915-2 ¶ 1; 916-2 ¶ 1; 918-9 ¶ 1. | 4.     *Undisputed.* |
| 5. Venue is proper in this district under 28 U.S.C. §§ 1391(b)(1) and (b)(2), and 15 U.S.C. § 53(b). Dkts. 299 ¶ 5; 300 ¶ 5; 301 ¶ 5. See also Exs. 910-2 ¶ 6; 911-2 ¶ 6; 912-4 ¶ 6; 913-4 ¶ 6; 914-3 ¶ 6; 915-3 ¶ 6; 916-10 ¶ 6; 917-12 ¶ 6; 918-10 ¶ 6. | 5.     *Undisputed.* |
| 6. Assignment to the Western Division is proper because Defendants' primary place of business was in Van Nuys, California. Ex. 904. | 6.     *Undisputed.* |

## PLAINTIFF

| *MOVING PARTY'S UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE* | *OPPOSING PARTY'S CONTROVERTED FACTS* |
|---|---|
| 7.  The FTC is an independent agency of the United States Government created by statute. 15 U.S.C. §§ 41-58. The FTC enforces Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), which prohibits unfair or deceptive acts or practices in or affecting commerce. Additionally, the FTC enforces ROSCA, 15 U.S.C. §§ 8401- 05, which prohibits certain methods of negative option marketing on the Internet, and EFTA, 15 U.S.C. § 1693 et seq., which regulates the rights, liabilities, and | 7.     *Undisputed.* |

| | |
|---|---|
| responsibilities of participants in electronic fund transfer systems. | |
| 8. The FTC is authorized to initiate federal district court proceedings, by its own attorneys, to enjoin violations of the FTC Act, ROSCA, and EFTA, and to secure such equitable relief as may be appropriate in each case, including rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies. 15 U.S.C. §§ 53(b), 56(a)(2)(A), 56(a)(2)(B), 57b, 8404, and 1693o(c). | 8.      *Undisputed.* |

## DEFENDANTS

| ***MOVING PARTY'S UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE*** | ***OPPOSING PARTY'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE*** |
|---|---|
| 9.      Defendant BunZai Media Group, Inc. ("BunZai"), also doing business as AuraVie and Miracle Face Kit, was a California corporation with its principal place of business at 7900 Gloria Avenue, Van Nuys, California 91406 ("the Van Nuys Office"). Exs. 904-1; 550, at 17:4-7; 600-9. BunZai. also used a mailbox with the address of 16161 Ventura Boulevard, #378, Encino, California 91436 ("Encino Mailbox A"). Exs. 600-29; 904-2; and 909-6. At times material to the Complaint, BunZai. advertised, marketed, distributed, or sold skincare products, or provided customer service for such products, to consumers throughout the United States. Exs. 909-1, -23, -24; 910-8 ¶ 56; 911-9 ¶ 56; 914-13 ¶ 56; 9 15-13 ¶ 56. BunZai transacted business | 9.      *Disputed.*<br><br>A.      Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc.<br><br>[Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; "*The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment...*"]<br><br>[Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.]<br><br>[Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; |

32

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| in this district and throughout the United States. Dkts. 244 ¶ 9; 245 ¶ 9; 250 ¶ 9; 251 ¶ 9; 253 ¶ 9; 254 ¶ 9. | ¶¶19-24.] |
| | [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |
| a.      Defendant BunZai sold skincare products using the name "AuraVie." Exs. 909-23; 910-9 ¶ 59; 911-9 ¶ 59; 914- 13 ¶ 59; 915-13 ¶ 59. | |
| b.      Defendant BunZai sold skincare products using the name "Miracle Face Kit." Exs. 909-23; 910-9¶ 61; 911-9 ¶ 61. | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |
| c.      BunZai was owned by Defendants Alon Nottea, Igor Latsanovski, and Khristopher Bond. Exs. 18-2; 3 02-2. | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| d.      BunZai handled customer service, chargeback refutation, complaint handling, collections, and order fulfillment for Defendants' skincare product business. Dkt. 120, at 38; Exs. 103; 104; 105; 111; 112; 114; 117; 124; 128; 240. | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| e.      Around June 6, 2013, BunZai was dissolved and its operations were replaced by a convoluted corporate structure involving numerous companies and shell companies, each with different owners or CEOs. See Exs. 904-4; 946, at 13:16-19:25; 946, at 20:24-21:16. There was a transitional period during which the shell corporations and BunZai co-existed and operated simultaneously. See Dkt. 120, at 38-40. | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.] |
| f.      BunZai initially handled | B. During the period 2010 to 2015 |

| | |
|---|---|
| customer service, chargeback refutation, complaint responses, collections, and fulfillment. See Dkt. 120, at 38; Exs. 114; 124; 128; 240; see also UF #9(d), supra. | Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates.<br><br>[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]<br><br>[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]<br><br>[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]<br><br>[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]<br><br>[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]<br><br>[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]<br><br>[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna |

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| 1 | Re: June 4, 2015 Master Loan Agreement.] |
| 2 | |
| 3 | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | [Opposing Decl. of Latsanovski, ¶¶1-30.] |
| 10 | |
| 11 | C. Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,746 in interest return on the $500,000. |
| 12 | |
| 13 | |
| 14 | [Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.] |
| 15 | |
| 16 | |
| 17 | |
| 18 | [Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*] |
| 19 | |
| 20 | |
| 21 | [Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.] |
| 22 | |
| 23 | |
| 24 | [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

D. Defendants Latsanovski and Calenergy had no involvement in the day to day operations of Defendant Bunzai.

[Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.]

[Decl. of Benice, ¶4; Exh. "C"

| | |
|---|---|
| 1 | *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.] |
| 2 | |
| 3 | |
| 4 | [Decl. of Latsanovski, ¶¶10; 12-18.] |
| 5 | [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |
| 11 | |
| 12 | |
| 13 | |
| 14 | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| 20 | |
| 21 | |
| 22 | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[Opposing Decl. of Latsanovski, ¶¶1-30.]

E. Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

38

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

F.  Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet skincare business.  Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions.  Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July
13, 2015 Declaration of Igor
Latsanovski in Support of Ex Parte
Request for Partial Relief from
Temporary Restraining Order filed July
15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2;
Declaration of Igor Latsanovski in
Support of Motion for Summary
Judgment, or Alternatively Partial
Summary Judgment filed April 18,
2016.]

[Request for Judicial Notice No. 3;
Declaration of Ilia Klykov Re:
November 6, 2009 Fiduciary
Management Agreement; and January
12, 2015 Agreement between Guayas,
LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4;
Declaration of Mariya Aleksandrovna
Re: June 4, 2015 Master Loan
Agreement.]

[Request for Judicial Notice No. 5;
Declaration of Jeffrey S. Benice in
Support of Defendants Igor Latsanovski
and Calenergy, Inc's Motion for
Summary Judgment Pursuant to Federal
Rules of Civil Procedure Rule 56 or,
Alternatively Partial Summary
Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-
30.]

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO
PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| 9. Moving Party's Response<br><br>Defendants asserted identical responses to their responses to Plaintiff's Fact #2. Accordingly, Plaintiff hereby incorporates Moving Party's Response #2 and asserts it in response to Defendants' response to this Fact. | |
| 10.  Defendant Pinnacle Logistics, Inc., ("Pinnacle") is or was a California corporation with its principal place of business at the same location as BunZai at the Van Nuys Office. Exs. 904-5; 550, at 17:21-24, 550, at 216:12-17. Pinnacle had a secondary address of 6925 Canby Avenue, Suite 105, Reseda, California 91335 ("the Reseda Office"). Dkts. 244 ¶ 10; 245 ¶ 10. At times material to the Complaint, Pinnacle, advertised, marketed, distributed, or sold the skincare products at issue in this case, or provided customer service for such products, to consumers throughout the United States. Dkts. 244 ¶ 1-; 245 ¶ 10. Pinnacle transacted business in this district and throughout the United States. Dkts. 244 ¶ 10; 245 ¶ 10; 250 ¶ 10; 253 ¶ 10; 254 ¶ 10.<br><br>a.      Pinnacle took over the order fulfillment, customer service, and chargeback functions and managed merchant accounts for Defendants' skincare business after BunZai dissolved. See Exs. 194; 195; 222. | 10.      ***Disputed.***<br><br>A.      Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc.<br><br>[Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; *"The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment..."*]<br><br>[Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.]<br>[Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.]<br><br>[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]<br><br>[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

B. During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶

42

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

15-16.]
[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

C. Defendant Latsanovski and Calenergy received the $500,000 in full

PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

repayment and $317,746 in interest return on the $500,000.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]
[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Request for Judicial Notice No. 5;
Declaration of Jeffrey S. Benice in
Support of Defendants Igor Latsanovski
and Calenergy, Inc's Motion for
Summary Judgment Pursuant to Federal
Rules of Civil Procedure Rule 56 or,
Alternatively Partial Summary
Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-
30.]

D. Defendants Latsanovski and
Calenergy had no involvement in the
day to day operations of Defendant
Bunzai.

[Decl. of Benice, ¶2; Exh. "A" *January
28, 2016 Depo of Latsanovski*, R.T. 30:
6-23.]

[Decl. of Benice, ¶4; Exh. "C"
*February 18, 2016 Depo of Alon
Nottea*, R.T. 110: 1-25; 111: 1-25; 112:
1-25; 161: 10-19.]

[Decl. of Latsanovski, ¶¶10; 12-18.]

[Request for Judicial Notice No. 1; July
13, 2015 Declaration of Igor
Latsanovski in Support of Ex Parte
Request for Partial Relief from
Temporary Restraining Order filed July
15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2;
Declaration of Igor Latsanovski in
Support of Motion for Summary
Judgment, or Alternatively Partial
Summary Judgment filed April 18,

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO
PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]
[Opposing Decl. of Latsanovski, ¶¶1-30.]

E. Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte

| | |
|---|---|
| 1 | Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |
| 2 | |
| 3 | |
| 4 | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |
| 5 | |
| 6 | |
| 7 | |
| 8 | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| 14 | |
| 15 | |
| 16 | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | [Opposing Decl. of Latsanovski, ¶¶1-30.] |
| 23 | |
| 24 | F. Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet skincare business. Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet skincare business; had no involvement |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

47

in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions.  Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January

| | |
|---|---|
| | 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]<br><br>[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]<br><br>[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]<br><br>[Opposing Decl. of Latsanovski, ¶¶1-30.] |
| **10. Moving Party's Response**<br><br>Defendants asserted identical responses to their responses to Plaintiff's Fact #2. Accordingly, Plaintiff hereby incorporates Moving Party's Response #2 and asserts it in response to Defendants' response to this Fact. | |
| 11.     Defendant DSA Holdings, Inc. is or was a California corporation with its principal place of business at the same location as Pinnacle, at the Van Nuys Office, and a secondary address of 8335 Winnetka Avenue, #112, Winnetka, California 91306. Dkts. 244 ¶ 11; 245 ¶11; Exs. 904-9, -11; 550, at 19:19-20:7. At times material to the Complaint, DSA Holdings, Inc., processed credit card or debit card payments for AuraVie, Dellure, Miracle Face Kit, or other skincare products sold by Defendants through negative option. Exs. 910 ¶ 178; 911 ¶ 178; 550, at 19:19-21. DSA Holdings, Inc. | 11.  ***Disputed.***<br><br>A.     Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc.<br><br>[Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; *"The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment..."*]<br><br>[Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1- |

| transacted business in this district and throughout the United States. Dkts. #44 ¶ 11; 245 ¶ 11. | 24.]<br><br>[Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.]<br><br>[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]<br><br>[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]<br><br>[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]<br><br>[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]<br><br>[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
|---|---|

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Opposing Decl. of Latsanovski, ¶¶1-30.]

B. During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

1

2     [Request for Judicial Notice No. 4;
      Declaration of Mariya Aleksandrovna
3     Re: June 4, 2015 Master Loan
      Agreement.]
4

5     [Request for Judicial Notice No. 5;
      Declaration of Jeffrey S. Benice in
6     Support of Defendants Igor Latsanovski
      and Calenergy, Inc's Motion for
7     Summary Judgment Pursuant to Federal
      Rules of Civil Procedure Rule 56 or,
8     Alternatively Partial Summary
      Judgment.]
9

10

11    [Opposing Decl. of Latsanovski, ¶¶1-
      30.]
12

13    C. Defendant Latsanovski and
      Calenergy received the $500,000 in full
14    repayment and $317,746 in interest
      return on the $500,000.
15

16    [Decl. of Benice, ¶2; Exh. "A" thereto,
17    *January 28, 2016 Depo of Latsanovski*,
      R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38:
18    1-24; 114: 1-24; 116: 1-11.]

19

20    [Decl. of Benice, ¶4; Exh. "C" February
      18, *2016 Depo of Alon Nottea,* R.T. 85:
21    lns. 3-5; "*Did Bunzai ...pay back Igor
      ...? A. I believe it did.*]
22

23    [Decl. of Latsanovski, ¶¶1-4; Exh. "A"
24    thereto, July, 2015 Loan Summary; ¶¶
      15-16.]
25

26    [Request for Judicial Notice No. 1; July
      13, 2015 Declaration of Igor
27    Latsanovski in Support of Ex Parte
      Request for Partial Relief from
28

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO
PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| 1 | Temporary Restraining Order filed July |
| 2 | 15, 2015, ¶¶4-14.] |
| 3 | [Request for Judicial Notice No. 2; |
| 4 | Declaration of Igor Latsanovski in |
| 5 | Support of Motion for Summary Judgment, or Alternatively Partial |
| 6 | Summary Judgment filed April 18, 2016.] |
| 7 | |
| 8 | [Request for Judicial Notice No. 3; |
| 9 | Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary |
| 10 | Management Agreement; and January 12, 2015 Agreement between Guayas, |
| 11 | LTD. and Calenergy, LLC.] |
| 12 | |
| 13 | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna |
| 14 | Re: June 4, 2015 Master Loan Agreement.] |
| 15 | |
| 16 | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in |
| 17 | Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for |
| 18 | Summary Judgment Pursuant to Federal |
| 19 | Rules of Civil Procedure Rule 56 or, |
| 20 | Alternatively Partial Summary Judgment.] |
| 21 | |
| 22 | [Opposing Decl. of Latsanovski, ¶¶1-30.] |
| 23 | |
| 24 | D. Defendants Latsanovski and Calenergy had no involvement in the |
| 25 | day to day operations of Defendant |
| 26 | Bunzai. |
| 27 | [Decl. of Benice, ¶2; Exh. "A" *January* |
| 28 | *28, 2016 Depo of Latsanovski*, R.T. 30: |

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO
PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

6-23.]

[Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.]

[Decl. of Latsanovski, ¶¶10; 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or,

Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

E. Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct. [Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

F.  Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet skincare business.  Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions.  Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

11. Moving Party's Response

Defendants asserted identical responses to their responses to Plaintiff's Fact #2. Accordingly, Plaintiff hereby incorporates Moving Party's Response #2 and

| | |
|---|---|
| asserts it in response to Defendants' response to this Fact. | |
| 12.    Defendant Lifestyle Media Brands, Inc. is or was a California corporation with its principal place of business at the Van Nuys Office and a secondary address of 8335 Winnetka Avenue, #118, Winnetka, California 91306. Dkts. 244 ¶ 12; 245 ¶12; Ex. 904-14, -15. At times material to the Complaint, Lifestyle Media Brands, Inc. advertised, marketed, distributed, or sold the skincare products at issue in this case to consumers throughout the United States. Ex. 550, at 71:11-14, 71:22-23. Lifestyle Media Brands, Inc. transacted business in this district and throughout the United States. Dkts. 244 ¶ 12; 245 ¶ 12. | 12.    ***Disputed.***<br><br>A.    Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc.<br><br>[Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; "*The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment...*"]<br><br>[Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.]<br><br>[Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.]<br><br>[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]<br>[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]<br><br>[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, |

58

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4;
Declaration of Mariya Aleksandrovna
Re: June 4, 2015 Master Loan
Agreement.]

[Request for Judicial Notice No. 5;
Declaration of Jeffrey S. Benice in
Support of Defendants Igor Latsanovski
and Calenergy, Inc's Motion for
Summary Judgment Pursuant to Federal
Rules of Civil Procedure Rule 56 or,
Alternatively Partial Summary
Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-
30.]

B. During the period 2010 to 2015
Defendants Latsanovski and Calenergy
made loans totaling $500,000 to
Defendant Bunzai and its affiliates.

[Decl. of Benice, ¶2; Exh. "A" thereto,
*January 28, 2016 Depo of Latsanovski*,
R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38:
1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February
18, *2016 Depo of Alon Nottea,* R.T. 85:
lns. 3-5; "*Did Bunzai ...pay back Igor
...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A"
thereto, July, 2015 Loan Summary; ¶¶
15-16.]
[Request for Judicial Notice No. 1; July
13, 2015 Declaration of Igor
Latsanovski in Support of Ex Parte
Request for Partial Relief from

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO
PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

C. Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,746 in interest return on the $500,000.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski,*

R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

D. Defendants Latsanovski and Calenergy had no involvement in the day to day operations of Defendant Bunzai.

[Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.]

[Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.]

[Decl. of Latsanovski, ¶¶10; 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re:

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| 1 | November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| 2 | |
| 3 | |
| 4 | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| 5 | |
| 6 | |
| 7 | |
| 8 | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | [Opposing Decl. of Latsanovski, ¶¶1-30.] |
| 15 | |
| 16 | E. Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct. [Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)]. [Decl. of Latsanovski, ¶¶10: 12-18.] |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | [Request for Judicial Notice No. 2; |

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO
PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

F.  Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet skincare business.  Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions.  Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4;

65

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO
PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | | |
|---|---|---|
| 1 | | Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| 2 | | |
| 3 | | |
| 4 | | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| 5 | | |
| 6 | | |
| 7 | | |
| 8 | | |
| 9 | | |
| 10 | | [Opposing Decl. of Latsanovski, ¶¶1-30.] |
| 11 | | |

| | |
|---|---|
| 12 | 12. Moving Party's Response |
| 13 | Defendants asserted identical responses to their responses to Plaintiff's Fact #2. Accordingly, Plaintiff hereby incorporates Moving Party's Response #2 and asserts it in response to Defendants' response to this Fact. |
| 14 | |

| | | |
|---|---|---|
| 15 | 13.    Defendant Agoa Holdings, Inc. is or was a California corporation with its principal place of business at the Van Nuys Office. Dkts. 244 ¶ 13; 245 ¶ 13; 250 ¶ 13; 251 ¶ 13; see also Ex. 904-18. At times material to the Complaint, Agoa Holdings, Inc. advertised, marketed, distributed, or sold the skincare products at issue in this case to consumers throughout the United States. Exs. 550, at 71:11-14; 909-154. Agoa Holdings, Inc. transacted business in this district and throughout the United States. Dkts. 244 ¶ 13; 245 ¶ 13; 250 ¶ 13; 251 ¶ 13. | 13.    *Disputed.* |
| 16 | | A.    Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc. |
| 17 | | [Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; *"The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment..."*] |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | [Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.] |
| 24 | | |
| 25 | | |
| 26 | | [Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.] |
| 27 | | |
| 28 | | |

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

B. During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

C. Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,746 in interest return on the $500,000.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

1  2  3  4  5  6  7  8  9  10  11  12  13  14  15  16  17  18  19  20  21  22  23  24  25  26  27  28

Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

D. Defendants Latsanovski and Calenergy had no involvement in the day to day operations of Defendant Bunzai.

[Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.]

[Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.]

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Decl. of Latsanovski, ¶¶10; 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

E. Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

F.  Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet skincare business.  Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions.  Neither Calenergy nor Latsanovski received any money from consumers directly.  Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July

13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

**13. Moving Party's Response**

Defendants asserted identical responses to their responses to Plaintiff's Fact #2. Accordingly, Plaintiff hereby incorporates Moving Party's Response #2 and asserts it in response to Defendants' response to this Fact.

74

| | | |
|---|---|---|
| 1 | 14.      Defendant Zen Mobile Media, Inc. is or was a California corporation with its principal place of business at the Van Nuys Office and a secondary address of 4335 Dickens Street #167, Sherman Oaks, California 91403. See Dkts. 244 ¶ 14; 245 ¶ 14; Ex. 904-23, -26. Zen Mobile Media, Inc. also used a commercial mail receiving agent mailbox, 16830 Ventura Boulevard, #360, Encino, California 91436 ("Encino Mailbox B"). Ex. 904-24. At times material to the Complaint, Zen Mobile Media, Inc. processed consumers' payments for skincare products sold by BunZaiExs. 914 ¶ 73; 915 ¶ 73; 556, at 2 1:1-4; 556, at 23:8-11. Zen Mobile Media, Inc. transacted business in this district and throughout the United States. Dkts. 244 ¶ 14; 245 ¶ 14. | 14.    *Disputed.* |

14.   *Disputed.*

A.     Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc.

[Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; "*The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment...*"]

[Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.]

[Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas,

LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

B. During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates. [Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]
[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| 1 | 15, 2015, ¶¶4-14.] |
| 2 | |
| 3 | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |
| 4 | |
| 5 | |
| 6 | |
| 7 | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| 13 | |
| 14 | |
| 15 | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | [Opposing Decl. of Latsanovski, ¶¶1-30.] |
| 22 | |
| 23 | C. Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,746 in interest return on the $500,000. |
| 24 | |
| 25 | |
| 26 | |
| 27 | [Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: |
| 28 | |

1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

D. Defendants Latsanovski and Calenergy had no involvement in the day to day operations of Defendant Bunzai.

[Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.]

[Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.]

[Decl. of Latsanovski, ¶¶10; 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2;

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

E. Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

F.  Defendants Latsanovski and

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

Calenergy, did not play any role in the operation of the internet skincare business.  Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions.  Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18,

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| | 2016.] |
| | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] [Opposing Decl. of Latsanovski, ¶¶1-30.] |

**14. Moving Party's Response**

Defendants asserted identical responses to their responses to Plaintiff's Fact #2. Accordingly, Plaintiff hereby incorporates Moving Party's Response #2 and asserts it in response to Defendants' response to this Fact.

| | |
|---|---|
| 15.     Defendant Safehaven Ventures, Inc. is or was a California corporation with its principal place of business at the Van Nuys Office and a secondary address of 548 South Spring Street, #406, Los Angeles, California 90013. Ex. 904-28; see also Dkts. 244 ¶ 15; 245 ¶ 15. Safehaven Ventures, Inc. also used Encino Mailbox B. Ex. 904-30. At times material to the Complaint, Safehaven Ventures, Inc. advertised, marketed, distributed, or sold the | 15.     ***Disputed.*** A.     Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc. [Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; *"The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment..."*] |

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| skincare products at issue in this case to consumers throughout the United States. Ex. 550, at 71:11-14, 72:4-5. Safehaven Ventures, Inc. transacted business in this district and throughout the United States. Dkts. 244 ¶ 15; 245 ¶ 15. | [Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.] [Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.] |
| | [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |
| | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |
| | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary |

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

B. During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; *"Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]
[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

C. Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,746 in interest return on the $500,000.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February

84

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; *"Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

D. Defendants Latsanovski and Calenergy had no involvement in the day to day operations of Defendant Bunzai.

[Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.]

[Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.]

[Decl. of Latsanovski, ¶¶10; 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

E. Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary

Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

F.  Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet skincare business.  Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants

| | |
|---|---|
| 1 | Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions.  Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai. |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | [Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)]. |
| 9 | |
| 10 | |
| 11 | [Decl. of Latsanovski, ¶¶10: 12-18.] |
| 12 | [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan |
| 28 | |

| | |
|---|---|
| | Agreement.] |
| | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| | [Opposing Decl. of Latsanovski, ¶¶1-30.] |

| |
|---|
| 15. Moving Party's Response |
|     Defendants asserted identical responses to their responses to Plaintiff's Fact #2. Accordingly, Plaintiff hereby incorporates Moving Party's Response #2 and asserts it in response to Defendants' response to this Fact. |

| | |
|---|---|
| 16.    Defendant Heritage Alliance Group, Inc. is or was a California corporation with its principal place of business at the Van Nuys Office and a secondary address of 21113 Osborne Street, Canoga Park, California 91304. Dkts. 244 ¶ 16; 245 ¶ 16; Ex. 904-32, -33. At times material to the Complaint, Heritage Alliance Group, Inc. advertised, marketed, distributed, or sold the skincare products at issue in this case to consumers throughout the United States. Ex. 550, at 71:11-14, 72:6-7. Heritage Alliance Group, Inc. transacted business in this district and throughout the United States. Dkts. 244 ¶ 16; 245 ¶ 16. | 16.    ***Disputed.*** <br><br> A.    Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc. <br><br> [Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; "*The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment...*"] <br><br> [Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.] <br><br> [Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.] <br> [Request for Judicial Notice No. 1; July |

13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

B. During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates.

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; *"Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in

Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

C. Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,746 in interest return on the $500,000.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea*, R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18,

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| 1 | 2016.] |
| 2 | [Request for Judicial Notice No. 3; |
| 3 | Declaration of Ilia Klykov Re: |
| 4 | November 6, 2009 Fiduciary Management Agreement; and January |
| 5 | 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| 6 | |
| 7 | [Request for Judicial Notice No. 4; |
| 8 | Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan |
| 9 | Agreement.] |
| 10 | [Request for Judicial Notice No. 5; |
| 11 | Declaration of Jeffrey S. Benice in |
| 12 | Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for |
| 13 | Summary Judgment Pursuant to Federal |
| 14 | Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary |
| 15 | Judgment.] |
| 16 | [Opposing Decl. of Latsanovski, ¶¶1- |
| 17 | 30.] |
| 18 | D. Defendants Latsanovski and |
| 19 | Calenergy had no involvement in the |
| 20 | day to day operations of Defendant Bunzai. |
| 21 | |
| 22 | [Decl. of Benice, ¶2; Exh. "A" *January* |
| 23 | *28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.] |
| 24 | [Decl. of Benice, ¶4; Exh. "C" *February* |
| 25 | *18, 2016 Depo of Alon Nottea*, R.T. |
| 26 | 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.] |
| 27 | |
| 28 | [Decl. of Latsanovski, ¶¶10; 12-18.] |

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

E. Defendants Latsanovski and Calenergy had no knowledge or

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

involvement in Defendant Bunzai's
alleged wrongful activity and did not
recklessly disregard such conduct.

[Decl. of Benice, ¶2;Exh. "A" January
28, 2016 Depo of Latsanovski, R.T.
269: 4-18. ["*Alon can do it... He is
running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July
13, 2015 Declaration of Igor
Latsanovski in Support of Ex Parte
Request for Partial Relief from
Temporary Restraining Order filed July
15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2;
Declaration of Igor Latsanovski in
Support of Motion for Summary
Judgment, or Alternatively Partial
Summary Judgment filed April 18,
2016.]

[Request for Judicial Notice No. 3;
Declaration of Ilia Klykov Re:
November 6, 2009 Fiduciary
Management Agreement; and January
12, 2015 Agreement between Guayas,
LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4;
Declaration of Mariya Aleksandrovna
Re: June 4, 2015 Master Loan
Agreement.]

[Request for Judicial Notice No. 5;
Declaration of Jeffrey S. Benice in
Support of Defendants Igor Latsanovski
and Calenergy, Inc's Motion for

Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

F.  Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet skincare business.  Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions.  Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| 1 | Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |
| 2 | |
| 3 | |
| 4 | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |
| 5 | |
| 6 | |
| 7 | |
| 8 | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| 14 | |
| 15 | |
| 16 | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | [Opposing Decl. of Latsanovski, ¶¶1-30.] |
| 23 | |
| 24 | |

16. Moving Party's Response

Defendants asserted identical responses to their responses to Plaintiff's Fact #2. Accordingly, Plaintiff hereby incorporates Moving Party's Response #2 and asserts it in response to Defendants' response to this Fact.

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | | |
|---|---|---|
| 1 | 17.     Defendant AMD Financial Network, Inc. is or was a California corporation that listed its principal place of business as 9820 Owensmouth Avenue, #15, Chatsworth, California 91311. Ex. 904-36, -37. AMD Financial Network, Inc. was controlled and operated from the Reseda office. Dkt. 120, 12:1-13:20, 77:5-16. At times material to the Complaint, AMD Financial Network, Inc. advertised, marketed, distributed, or sold the skincare products at issue in this case to consumers throughout the United States. Exs. 550, at 71:11- 72:9; 909-140,-142,-143, -144. | 17. *Disputed.*<br><br>A.     Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc.<br><br>[Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; "*The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment...*"]<br><br>[Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.]<br><br>[Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.]<br><br>[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]<br>[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]<br><br>[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

B. During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]
[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

C. Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,746 in interest return on the $500,000.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38:

| | |
|---|---|
| 1 | 1-24; 114: 1-24; 116: 1-11.] |
| 2 | [Decl. of Benice, ¶4; Exh. "C" February |
| 3 | 18, *2016 Depo of Alon Nottea,* R.T. 85: |
| 4 | lns. 3-5; *"Did Bunzai ...pay back Igor* |
| 5 | *...? A. I believe it did.*] |
| 6 | [Decl. of Latsanovski, ¶¶1-4; Exh. "A" |
| 7 | thereto, July, 2015 Loan Summary; ¶¶ |
| | 15-16.] |
| 8 | [Request for Judicial Notice No. 1; July |
| 9 | 13, 2015 Declaration of Igor |
| 10 | Latsanovski in Support of Ex Parte |
| 11 | Request for Partial Relief from |
| 12 | Temporary Restraining Order filed July |
| | 15, 2015, ¶¶4-14.] |
| 13 | D. Defendants Latsanovski and |
| 14 | Calenergy had no involvement in the |
| 15 | day to day operations of Defendant |
| | Bunzai. |
| 16 | [Decl. of Benice, ¶2; Exh. "A" *January* |
| 17 | *28, 2016 Depo of Latsanovski*, R.T. 30: |
| 18 | 6-23.] |
| 19 | [Decl. of Benice, ¶4; Exh. "C" *February* |
| 20 | *18, 2016 Depo of Alon Nottea*, R.T. |
| 21 | 110: 1-25; 111: 1-25; 112: 1-25; 161: |
| | 10-19.] |
| 22 | [Decl. of Latsanovski, ¶¶10; 12-18.] |
| 23 | |
| 24 | [Request for Judicial Notice No. 1; July |
| 25 | 13, 2015 Declaration of Igor |
| 26 | Latsanovski in Support of Ex Parte |
| 27 | Request for Partial Relief from |
| | Temporary Restraining Order filed July |
| | 15, 2015, ¶¶4-14.] |
| 28 | |

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO
PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

E. Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

F.  Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet skincare business.  Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions.  Neither Calenergy nor Latsanovski received any money from consumers directly.  Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial

| | |
|---|---|
| | Summary Judgment filed April 18, 2016.]<br><br>[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]<br><br>[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]<br><br>[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]<br><br>[Opposing Decl. of Latsanovski, ¶¶1-30.] |

17. Moving Party's Response

    Defendants asserted identical responses to their responses to Plaintiff's Fact #2. Accordingly, Plaintiff hereby incorporates Moving Party's Response #2 and asserts it in response to Defendants' response to this Fact.

| | |
|---|---|
| 18.    Defendant SBM Management, Inc. is or was a California corporation with its principal place of business at 655 North Central Avenue, Suite 1700, Glendale, California 91203, and its secondary address was the Encino Mailbox B. Ex. 904-39, -40. At times material to the Complaint, SBM Management, Inc., advertised, | 18.    ***Disputed.***<br><br>A.    Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc. [Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; *"The most important term was that from day one from when I gave my first* |

106

| | |
|---|---|
| marketed, distributed, or sold the skincare products at issue in this case to consumers throughout the United States. Ex. 550, at 200:18-25. SBM Management, Inc. transacted business in this district and throughout the United States. Dkts. 244 ¶ 18; 245 ¶ 18. | *check, it's a loan and it's payable back with interest on my investment..."*]

[Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.]

[Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for |

| | |
|---|---|
| 1 | Summary Judgment Pursuant to Federal |
| 2 | Rules of Civil Procedure Rule 56 or, |
| | Alternatively Partial Summary |
| 3 | Judgment.] |
| 4 | |
| | [Opposing Decl. of Latsanovski, ¶¶1- |
| 5 | 30.] |
| 6 | B. During the period 2010 to 2015 |
| | Defendants Latsanovski and Calenergy |
| 7 | made loans totaling $500,000 to |
| | Defendant Bunzai and its affiliates. |
| 8 | |
| 9 | [Decl. of Benice, ¶2; Exh. "A" thereto, |
| 10 | *January 28, 2016 Depo of Latsanovski*, |
| | R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: |
| 11 | 1-24; 114: 1-24; 116: 1-11.] |
| 12 | |
| | [Decl. of Benice, ¶4; Exh. "C" February |
| 13 | 18, *2016 Depo of Alon Nottea,* R.T. 85: |
| 14 | lns. 3-5; "*Did Bunzai ...pay back Igor* |
| | *...? A. I believe it did.*] |
| 15 | |
| 16 | [Decl. of Latsanovski, ¶¶1-4; Exh. "A" |
| | thereto, July, 2015 Loan Summary; ¶¶ |
| 17 | 15-16.] |
| 18 | [Request for Judicial Notice No. 1; July |
| | 13, 2015 Declaration of Igor |
| 19 | Latsanovski in Support of Ex Parte |
| 20 | Request for Partial Relief from |
| | Temporary Restraining Order filed July |
| 21 | 15, 2015, ¶¶4-14.] |
| 22 | |
| 23 | [Request for Judicial Notice No. 2; |
| | Declaration of Igor Latsanovski in |
| 24 | Support of Motion for Summary |
| | Judgment, or Alternatively Partial |
| 25 | Summary Judgment filed April 18, |
| 26 | 2016.] |
| 27 | |
| | [Request for Judicial Notice No. 3; |
| 28 | Declaration of Ilia Klykov Re: |

November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

C. Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,746 in interest return on the $500,000.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea*, R.T. 85: lns. 3-5; *"Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

D. Defendants Latsanovski and

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| 1 | Calenergy had no involvement in the |
| 2 | day to day operations of Defendant |
| 3 | Bunzai. |
| 4 | [Decl. of Benice, ¶2; Exh. "A" *January* |
| 5 | *28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.] |
| 6 | [Decl. of Benice, ¶4; Exh. "C" *February* |
| 7 | *18, 2016 Depo of Alon Nottea*, R.T. |
| 8 | 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.] |
| 9 | |
| 10 | [Decl. of Latsanovski, ¶¶10; 12-18.] |
| 11 | [Request for Judicial Notice No. 1; July |
| 12 | 13, 2015 Declaration of Igor |
| 13 | Latsanovski in Support of Ex Parte Request for Partial Relief from |
| 14 | Temporary Restraining Order filed July |
| 15 | 15, 2015, ¶¶4-14.] |
| 16 | [Request for Judicial Notice No. 2; |
| 17 | Declaration of Igor Latsanovski in Support of Motion for Summary |
| 18 | Judgment, or Alternatively Partial Summary Judgment filed April 18, |
| 19 | 2016.] |
| 20 | [Request for Judicial Notice No. 3; |
| 21 | Declaration of Ilia Klykov Re: |
| 22 | November 6, 2009 Fiduciary Management Agreement; and January |
| 23 | 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| 24 | |
| 25 | [Request for Judicial Notice No. 4; |
| 26 | Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan |
| 27 | Agreement.] |
| 28 | |

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Request for Judicial Notice No. 5;
Declaration of Jeffrey S. Benice in
Support of Defendants Igor Latsanovski
and Calenergy, Inc's Motion for
Summary Judgment Pursuant to Federal
Rules of Civil Procedure Rule 56 or,
Alternatively Partial Summary
Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-
30.]

E. Defendants Latsanovski and
Calenergy had no knowledge or
involvement in Defendant Bunzai's
alleged wrongful activity and did not
recklessly disregard such conduct.

[Decl. of Benice, ¶2;Exh. "A" January
28, 2016 Depo of Latsanovski, R.T.
269: 4-18. ["*Alon can do it... He is
running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July
13, 2015 Declaration of Igor
Latsanovski in Support of Ex Parte
Request for Partial Relief from
Temporary Restraining Order filed July
15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2;
Declaration of Igor Latsanovski in
Support of Motion for Summary
Judgment, or Alternatively Partial
Summary Judgment filed April 18,
2016.]

[Request for Judicial Notice No. 3;
Declaration of Ilia Klykov Re:

November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

F.  Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet skincare business.  Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions.  Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive

any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for

114

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| | Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]<br><br>[Opposing Decl. of Latsanovski, ¶¶1-30.] |
| **18. Moving Party's Response**<br><br>Defendants asserted identical responses to their responses to Plaintiff's Fact #2. Accordingly, Plaintiff hereby incorporates Moving Party's Response #2 and asserts it in response to Defendants' response to this Fact. | |
| 19.　Defendant Media Urge, Inc. is or was a California corporation that listed its principal place of business as 18757 Burbank Boulevard, Suite 205, Tarzana, California. Ex. 904-43. At times material to the Complaint, Media Urge, Inc. marketed for BunZai, Exs. 910 ¶ 222; 912 ¶ 222; see also Ex. 556, at 115:5- 15; secured third party advertising tracked sales and designed marketing materials. Exs. 910 ¶¶ 80-8 1; 911 ¶ ¶ 80-8 1; and performed marketing for the Corporate Defendants. Exs. 910 ¶ 224; 550, at 33:19-34:12. Media Urge, Inc. transacted business in this district. Dkts. 244 ¶ 19; 245 ¶ 19; 250 ¶ 19; 251 ¶ 19. | 19.　***Disputed.***<br><br>A.　Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc.<br>[Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; "*The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment...*"]<br><br>[Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.]<br><br>[Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.]<br><br>[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte |

Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]
B. During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*,

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]
[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

C. Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,746 in interest return on the $500,000.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; *"Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO
PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Request for Judicial Notice No. 3;
Declaration of Ilia Klykov Re:
November 6, 2009 Fiduciary
Management Agreement; and January
12, 2015 Agreement between Guayas,
LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4;
Declaration of Mariya Aleksandrovna
Re: June 4, 2015 Master Loan
Agreement.]

[Request for Judicial Notice No. 5;
Declaration of Jeffrey S. Benice in
Support of Defendants Igor Latsanovski
and Calenergy, Inc's Motion for
Summary Judgment Pursuant to Federal
Rules of Civil Procedure Rule 56 or,
Alternatively Partial Summary
Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-
30.]

D. Defendants Latsanovski and
Calenergy had no involvement in the
day to day operations of Defendant
Bunzai.

[Decl. of Benice, ¶2; Exh. "A" *January
28, 2016 Depo of Latsanovski*, R.T. 30:
6-23.]

[Decl. of Benice, ¶4; Exh. "C" *February
18, 2016 Depo of Alon Nottea*, R.T.
110: 1-25; 111: 1-25; 112: 1-25; 161:
10-19.]

[Decl. of Latsanovski, ¶¶10; 12-18.]

[Request for Judicial Notice No. 1; July

119

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO
PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

13, 2015 Declaration of Igor
Latsanovski in Support of Ex Parte
Request for Partial Relief from
Temporary Restraining Order filed July
15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2;
Declaration of Igor Latsanovski in
Support of Motion for Summary
Judgment, or Alternatively Partial
Summary Judgment filed April 18,
2016.]

[Request for Judicial Notice No. 3;
Declaration of Ilia Klykov Re:
November 6, 2009 Fiduciary
Management Agreement; and January
12, 2015 Agreement between Guayas,
LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4;
Declaration of Mariya Aleksandrovna
Re: June 4, 2015 Master Loan
Agreement.]

[Request for Judicial Notice No. 5;
Declaration of Jeffrey S. Benice in
Support of Defendants Igor Latsanovski
and Calenergy, Inc's Motion for
Summary Judgment Pursuant to Federal
Rules of Civil Procedure Rule 56 or,
Alternatively Partial Summary
Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-
30.]

E. Defendants Latsanovski and
Calenergy had no knowledge or
involvement in Defendant Bunzai's
alleged wrongful activity and did not

recklessly disregard such conduct.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or,

121

Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

F.  Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet skincare business.  Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions.  Neither Calenergy nor Latsanovski received any money from consumers directly.  Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]<br><br>[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]<br><br>[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]<br><br>[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]<br><br>[Opposing Decl. of Latsanovski, ¶¶1-30.] |
| **19. Moving Party's Response**<br><br>Defendants asserted identical responses to their responses to Plaintiff's Fact #2. Accordingly, Plaintiff hereby incorporates Moving Party's Response #2 and asserts it in response to Defendants' response to this Fact. | |

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| 20.     Defendant Adageo, LLC is or was a California limited liability company with Encino Mailbox A listed as its registered place of business. Ex. 904-46, -47. At times material to the Complaint, Adageo, LLC, existed to advertise, market, distribute, or sell the skincare products at issue in this case to consumers throughout the United States. See Ex. 54-15, see also Ex. 550, at 156:21-157:15. Adageo, LLC transacted business in this district. Dkts. 244 ¶ 20; 245 ¶ 20; 250 ¶ 20; 251 ¶ 20. a.     Adageo, LLC purchased AuraVie products from a distributor and had them shipped to Pinnacle. Ex. 54 p. 11. | 20.     ***Disputed.***<br><br>A.     Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc.<br>[Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; *"The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment..."*]<br><br>[Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.]<br><br>[Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.]<br><br>[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]<br><br>[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]<br><br>[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

B. During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]
[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

C. Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,746 in interest return on the $500,000.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea*, R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

D. Defendants Latsanovski and Calenergy had no involvement in the day to day operations of Defendant Bunzai.

[Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.]

[Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.]

[Decl. of Latsanovski, ¶¶10; 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January

12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

E. Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2;

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

F. Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet skincare business. Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no

130

knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions. Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4;

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | | |
|---|---|---|
| 1 | | Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| 2 | | |
| 3 | | |
| 4 | | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| 5 | | |
| 6 | | |
| 7 | | |
| 8 | | |
| 9 | | |
| 10 | | [Opposing Decl. of Latsanovski, ¶¶1-30.] |
| 11 | | |

| | |
|---|---|
| 12 | **20. Moving Party's Response** |
| 13 |     Defendants asserted identical responses to their responses to Plaintiff's Fact #2. Accordingly, Plaintiff hereby incorporates Moving Party's Response #2 and asserts it in response to Defendants' response to this Fact. |
| 14 | |

| | | |
|---|---|---|
| 15 | 21.    Defendant CalEnergy, Inc. is or was a California corporation with its principal place of business listed at 5482 Amber Circle, Calabasas, CA 90132. Ex. 904-49. At times material to the Complaint, CalEnergy, Inc. financed BunZai and managed Pinnacle and Media Urge, Inc. Ex. 57 1-2, -3. CalEnergy, Inc. transacted business in this district. Dkts. 244 ¶ 21; 245 ¶ 21; 253 ¶ 21; 254 ¶ 21. Defendant Igor Latsanovski is the CEO of CalEnergy, Inc. Ex. 904-5 1from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] | 21.    ***Disputed.*** |
| 16 | | A.    Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc. |
| 17 | | [Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; *"The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment..."*] |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | [Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.] |
| 24 | | |
| 25 | a.    Igor Latsanovski admitted that CalEnergy, Inc. made investments and loans to Alon Nottea for Alon Nottea's Internet skincare business. | [Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.] |
| 26 | | |
| 27 | | |
| 28 | | [Request for Judicial Notice No. 1; July |

| | | |
|---|---|---|
| Dkts. 253 ¶¶ 2-3; 254 ¶¶ 2-3. | | 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |
| | | [Opposing Decl. of Latsanovski, ¶¶1-10.] |
| | | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |
| | | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| | | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| | | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| | | [Opposing Decl. of Latsanovski, ¶¶1-30.] |
| | | B. During the period 2010 to 2015 |

| | |
|---|---|
| 1 | Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates. |
| 2 | |
| 3 | |
| 4 | [Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.] |
| 5 | |
| 6 | [Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*] |
| 7 | |
| 8 | |
| 9 | |
| 10 | [Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.] |
| 11 | |
| 12 | [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |
| 13 | |
| 14 | |
| 15 | |
| 16 | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| 27 | |
| 28 | |

134

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

C. Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,746 in interest return on the $500,000.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in

Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

D. Defendants Latsanovski and Calenergy had no involvement in the day to day operations of Defendant Bunzai.

[Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.]

[Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161:

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

10-19.]

[Decl. of Latsanovski, ¶¶10; 12-18.]
[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

E. Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

F.  Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet skincare business.  Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions.  Neither Calenergy nor Latsanovski received any money from consumers directly.  Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July

| | |
|---|---|
| | 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |
| | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |
| | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| | [Opposing Decl. of Latsanovski, ¶¶1-30.] |
| **21. Moving Party's Response**<br><br>    Defendants asserted identical responses to their responses to Plaintiff's Fact #2. Accordingly, Plaintiff hereby incorporates Moving Party's Response #2 and | |

140

| | |
|---|---|
| asserts it in response to Defendants' response to this Fact. | |
| 22.    Defendant Kai Media, Inc. is or was a California corporation. Ex. 904-52. Kai Media was controlled and operated from the Reseda Office. Dkt. 120, at 12:1-13:20, 77:5-16. Kai Media, Inc. also operated out of the Van Nuys Office. Ex. 551, at 64:23-68-7. It also used Encino Mailbox B. Ex. 904-53. At times material to the Complaint, Kai Media, Inc. advertised, marketed, distributed, or sold the skincare products at issue in this case to consumers throughout the United States. Exs. 909-171; 550, at 71:11-14, 72:18-19. Kai Media, Inc. transacted business in this district and throughout the United States. Dkts. 244 ¶ 22; 245 ¶ 22. | 22.    **_Disputed._** |
| | A.    Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc. [Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; "*The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment...*"] |
| | [Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.] |
| | [Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.] |
| | [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |
| | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |
| | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]
B. During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea*, R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]
[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

C. Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,746 in interest return on the $500,000.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

D. Defendants Latsanovski and Calenergy had no involvement in the day to day operations of Defendant Bunzai.

[Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.]

[Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.]

[Decl. of Latsanovski, ¶¶10; 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January

12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

E. Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2;

| | |
|---|---|
| | Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |
| | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| | [Opposing Decl. of Latsanovski, ¶¶1-30.] |
| | F.  Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet skincare business.  Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no |

knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions.  Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]
[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna

| | |
|---|---|
| | Re: June 4, 2015 Master Loan Agreement.]<br><br>[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]<br><br>[Opposing Decl. of Latsanovski, ¶¶1-30.] |

**22. Moving Party's Response**

    Defendants asserted identical responses to their responses to Plaintiff's Fact #2. Accordingly, Plaintiff hereby incorporates Moving Party's Response #2 and asserts it in response to Defendants' response to this Fact.

| | |
|---|---|
| 23.    Defendant Insight Media, Inc. is or was a California corporation. 904-55. Insight Media, Inc., was controlled or operated from the Reseda Office. Dkt. 120, at12:1-13:20, 77:5-16. Its secondary place of business was the Reseda Office. Insight Media, Inc. also used Encino Mailbox B. Ex. 904-56. At times material to the Complaint, Insight Media, Inc. advertised, marketed, distributed, or sold the skincare products at issue in this case to consumers throughout the United States. Ex. 550, at 41:25-42:5. Insight Media, Inc. transacted business in this district. Dkts. 244 ¶ 23; 245 ¶ 23. | 23.    ***Disputed.***<br><br>A.    Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc.<br>[Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; *"The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment..."*]<br><br>[Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.]<br><br>[Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.]<br><br>[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor |

Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

B. During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates.

[Decl. of Benice, ¶2; Exh. "A" thereto,

| | |
|---|---|
| 1 | *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.] |
| 2 | |
| 3 | |
| 4 | [Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*] |
| 5 | |
| 6 | |
| 7 | [Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.] |
| 8 | |
| 9 | [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |
| 10 | |
| 11 | |
| 12 | |
| 13 | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| 24 | |
| 25 | |
| 26 | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for |
| 27 | |
| 28 | |

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

1 | 2 | 3

Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

C. Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,746 in interest return on the $500,000.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; *"Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

D. Defendants Latsanovski and Calenergy had no involvement in the day to day operations of Defendant Bunzai.
[Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.]

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO
PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.]

[Decl. of Latsanovski, ¶¶10; 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary

| | |
|---|---|
| 1 | Judgment.] |
| 2 | |
| 3 | [Opposing Decl. of Latsanovski, ¶¶1-30.] |
| 4 | |
| 5 | E. Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct. |
| 6 | |
| 7 | |
| 8 | [Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)]. |
| 9 | |
| 10 | |
| 11 | |
| 12 | [Decl. of Latsanovski, ¶¶10: 12-18.] |
| 13 | [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| 24 | |
| 25 | |
| 26 | |
| 27 | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna |
| 28 | |

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

F.  Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet skincare business.  Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions.  Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is*

*running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| 23. Moving Party's Response | |
| Defendants asserted identical responses to their responses to Plaintiff's Fact #2. Accordingly, Plaintiff hereby incorporates Moving Party's Response #2 and asserts it in response to Defendants' response to this Fact. | |

| | |
|---|---|
| 24.   Defendant Focus Media Solutions, Inc. is or was a California corporation. Dkts. 244 ¶ 24, 245 ¶ 24. Focus Media Solutions, Inc., was controlled and operated from at 6850 Canby, Suite #103, Reseda, California 91335, which was in the same complex as the Reseda Office. Dkt. 120, at 12:15- 16:2. At times material to the Complaint, Focus Media Solutions, Inc. created advertisements for skincare products sold by negative option. Ex. 910 ¶ 215. Focus Media Solutions, Inc. transacted business in this district and throughout the United States. Dkts. 244 ¶ 24; 245 ¶ 24. | 24.   ***Disputed.***<br><br>A.   Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc.<br>[Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; "*The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment...*"]<br><br>[Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.]<br><br>[Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.]<br><br>[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]<br><br>[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]<br><br>[Request for Judicial Notice No. 3; |

157

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]
B. During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; *"Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

C. Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,746 in interest

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO
PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

return on the $500,000.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

D. Defendants Latsanovski and Calenergy had no involvement in the day to day operations of Defendant Bunzai.

[Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.]

[Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.]

[Decl. of Latsanovski, ¶¶10; 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18,

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| 1 | 2016.] |
| 2 | |
| 3 | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| 4 | |
| 5 | |
| 6 | |
| 7 | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| 8 | |
| 9 | |
| 10 | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | [Opposing Decl. of Latsanovski, ¶¶1-30.] |
| 17 | |
| 18 | E. Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct. |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | [Decl. of Benice, ¶2; Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)]. |
| 24 | |
| 25 | |
| 26 | [Decl. of Latsanovski, ¶¶10: 12-18.] |
| 27 | [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor |
| 28 | |

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

Latsanovski in Support of Ex Parte
Request for Partial Relief from
Temporary Restraining Order filed July
15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2;
Declaration of Igor Latsanovski in
Support of Motion for Summary
Judgment, or Alternatively Partial
Summary Judgment filed April 18,
2016.]

[Request for Judicial Notice No. 3;
Declaration of Ilia Klykov Re:
November 6, 2009 Fiduciary
Management Agreement; and January
12, 2015 Agreement between Guayas,
LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4;
Declaration of Mariya Aleksandrovna
Re: June 4, 2015 Master Loan
Agreement.]

[Request for Judicial Notice No. 5;
Declaration of Jeffrey S. Benice in
Support of Defendants Igor Latsanovski
and Calenergy, Inc's Motion for
Summary Judgment Pursuant to Federal
Rules of Civil Procedure Rule 56 or,
Alternatively Partial Summary
Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-
30.]

F.  Defendants Latsanovski and
Calenergy, did not play any role in the
operation of the internet skincare
business.  Latsanovski never spoke to
any customers; was not involved in the

day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions.  Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re:

164

PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| | |
|---|---|
| | November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| | [Opposing Decl. of Latsanovski, ¶¶1-30.] |
| **24. Moving Party's Response** | |
| Defendants asserted identical responses to their responses to Plaintiff's Fact #2. Accordingly, Plaintiff hereby incorporates Moving Party's Response #2 and asserts it in response to Defendants' response to this Fact. | |
| 25.   Defendant Secured Commerce, LLC is or was a California company doing business at the Reseda Office. Ex. 54-2. Secured Commerce created the websites used for deceptively marketing and selling skincare products, See Ex. 54-2, including the landing pages that contained the bogus "risk free trial" offers. See Ex. 54-2; 909-113, -114, -115, -116, -117, -118, -119, -120, -121, -122, -123, -124, -125. At times material to the Complaint, as part of the common enterprise, Secured Commerce LLC participated in efforts to advertise, market, distribute, or sell the skincare | 25.   ***Disputed.***

A.   Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc. [Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; *"The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment..."*]

[Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.] |

| | |
|---|---|
| products at issue in this case to consumers throughout the United States. See Ex. 54-2. Secured Commerce, LLC transacted business in this district. Dkts. 244 ¶ 25; 245 ¶ 25. | [Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.]<br><br>[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]<br><br>[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]<br><br>[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]<br><br>[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]<br><br>[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]<br><br>[Opposing Decl. of Latsanovski, ¶¶1- |

30.]

B. During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna

Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

C. Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,746 in interest return on the $500,000.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]
[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2;

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| | Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |
| | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| | [Opposing Decl. of Latsanovski, ¶¶1-30.] |
| | D. Defendants Latsanovski and Calenergy had no involvement in the day to day operations of Defendant Bunzai. |
| | [Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.] |
| | [Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. |

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.]

[Decl. of Latsanovski, ¶¶10; 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]
[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

E. Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5;

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

F.  Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet skincare business.  Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions.  Neither Calenergy nor Latsanovski received any money from consumers directly.  Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| | [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |
| | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |
| | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| | [Opposing Decl. of Latsanovski, ¶¶1-30.] |
| 25. Moving Party's Response | |

25. Moving Party's Response

Defendants asserted identical responses to their responses to Plaintiff's Fact #2. Accordingly, Plaintiff hereby incorporates Moving Party's Response #2 and

1 | asserts it in response to Defendants' response to this Fact.
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| 1 | 26. Defendant Secured Merchants, LLC is or was a California limited liability company with its principal place of business at the Reseda Office. Dkts. 299 ¶ 26; 301 ¶ 26. Secured Merchants, LLC, provided other members of the common enterprise the service of contesting chargebacks. See Ex. 9 17-45 ¶ 56. Secured Merchants, LLC transacted business in this district. Dkts. 244 ¶ 26; 245 ¶ 26. |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |

26. Defendant Secured Merchants, LLC is or was a California limited liability company with its principal place of business at the Reseda Office. Dkts. 299 ¶ 26; 301 ¶ 26. Secured Merchants, LLC, provided other members of the common enterprise the service of contesting chargebacks. See Ex. 9 17-45 ¶ 56. Secured Merchants, LLC transacted business in this district. Dkts. 244 ¶ 26; 245 ¶ 26.

**a.** Relief Defendant Chargeback Armor, Inc., stated that Secured Merchants, LLC, billed SBM Management, Inc., for processing chargebacks request. Exs. 917 ¶¶ 156, 162.

**b.** Secured Merchants, LLC, oversaw a variety of other responsibilities for the common enterprise.

i. Secured Merchants managed the "voice logix" system, Defendants' automated customer service line. Ex. 257-2.

ii. Defendant Argaman, and Secured Merchants LLC, provided $250,000 to Chargeback Armor, Inc. and was the entity that owned chargebackarmor.com. Exs. 916 ¶ 235; 917 ¶ 235; 280-1.

**c.** Secured Merchant, LLC's executive summary stated that the company's founders owned a skincare product business:

Over the past two years, the founders of Secure Merchants saw first-hand every type of failure trap that could have killed their skin care product company, which today has monthly sales of $2.5 million or 25,000 orders.

---

26. ***Disputed.***

A. Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc.
[Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; *"The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment..."*]

[Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.]

[Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| Thus the problems that our three initial services solve for any DRM [Direct Response Marketing] company are the core infrastructure needed to deal with (1) the inevitable credit card chargebacks, (2) keeping customers happy or allowing them an easy opt-out, and (3) providing the most sophisticated customer record management system. Ex. 256 | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| **d.** A Secured Merchants, LLC, employee sent an email titled "ChargeBack Armor Jan + Feb figures" to Alon, Alan Argaman, Doron Nottea, and Roi Reuveni. Ex. 151. This email included chargeback statistics for AuraVie. Id. | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| **e.** A document titled "Secured Merchants" described the "ChargeBack Armor" services as helping "win back lost revenue by reversing chargebacks in your favor" and "handl[ing] the entire chargeback dispute process on your behalf." Ex. 257. | [Opposing Decl. of Latsanovski, ¶¶1-30.]<br>B. During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates. |
| | [Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.] |
| | [Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*] |
| | [Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]<br>[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

C. Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,746 in interest return on the $500,000.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38:

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

1

1-24; 114: 1-24; 116: 1-11.]

2

3

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; *"Did Bunzai ...pay back Igor ...? A. I believe it did.*]

4

5

6

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

7

8

9

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

10

11

12

13

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

14

15

16

17

18

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

19

20

21

22

23

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

24

25

26

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for

27

28

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| 1 | Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| 2 | |
| 3 | |
| 4 | [Opposing Decl. of Latsanovski, ¶¶1-30.] |
| 5 | |
| 6 | D. Defendants Latsanovski and Calenergy had no involvement in the day to day operations of Defendant Bunzai. |
| 7 | |
| 8 | |
| 9 | |
| 10 | [Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.] |
| 11 | |
| 12 | [Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.] |
| 13 | |
| 14 | |
| 15 | |
| 16 | [Decl. of Latsanovski, ¶¶10; 12-18.] |
| 17 | [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary |
| 28 | |

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

E. Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct. [Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2;

Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]
F.  Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet skincare business.  Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions. Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

26. Moving Party's Response

Defendants asserted identical responses to their responses to Plaintiff's Fact #2. Accordingly, Plaintiff hereby incorporates Moving Party's Response #2 and asserts it in response to Defendants' response to this Fact.

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| 27.    Defendant USM Products, Inc. is or was a California corporation. USM Products, Inc. made bulk purchases of products and containers for the common enterprise. Exs. 910 ¶ 194; 912 ¶ 194. USM Products, Inc. transacted business in this district. Dkts. 244 ¶ 27; 245 ¶ 27. | 27. *Disputed.*<br><br>A.    Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc.<br>[Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; "*The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment...*"]<br><br>[Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.]<br><br>[Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.]<br><br>[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]<br><br>[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]<br><br>[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, |

| | |
|---|---|
| 1 | LTD. and Calenergy, LLC.] |
| 2 | |
| 3 | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| 4 | |
| 5 | |
| 6 | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | [Opposing Decl. of Latsanovski, ¶¶1-30.] |
| 13 | B. During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates. |
| 14 | |
| 15 | |
| 16 | [Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.] |
| 17 | |
| 18 | |
| 19 | |
| 20 | [Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*] |
| 21 | |
| 22 | |
| 23 | [Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.] |
| 24 | |
| 25 | [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July |
| 26 | |
| 27 | |
| 28 | |

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

C. Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,746 in interest return on the $500,000.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38:

1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea*, R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for

Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

D. Defendants Latsanovski and Calenergy had no involvement in the day to day operations of Defendant Bunzai.

[Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.]

[Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.]

[Decl. of Latsanovski, ¶¶10; 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

E. Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO
PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

F.  Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet skincare business.  Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions.  Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4;

192

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| | Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| | [Opposing Decl. of Latsanovski, ¶¶1-30.] |

| 27. Moving Party's Response |
|---|
| Defendants asserted identical responses to their responses to Plaintiff's Fact #2. Accordingly, Plaintiff hereby incorporates Moving Party's Response #2 and asserts it in response to Defendants' response to this Fact. |

| | |
|---|---|
| 28. Defendant Merchant Leverage Group, Inc. is or was a California corporation. Merchant Leverage Group, Inc. transacted business in this district. Dkts. 244 ¶ 28; 245 ¶ 28. | 28. *Disputed.* <br><br> A. Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc. [Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; *"The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment..."*] <br><br> [Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.] |

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-

30.]
B. During the period 2010 to 2015
Defendants Latsanovski and Calenergy
made loans totaling $500,000 to
Defendant Bunzai and its affiliates.

[Decl. of Benice, ¶2; Exh. "A" thereto,
*January 28, 2016 Depo of Latsanovski*,
R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38:
1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February
18, *2016 Depo of Alon Nottea,* R.T. 85:
lns. 3-5; "*Did Bunzai ...pay back Igor
...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A"
thereto, July, 2015 Loan Summary; ¶¶
15-16.]
[Request for Judicial Notice No. 1; July
13, 2015 Declaration of Igor
Latsanovski in Support of Ex Parte
Request for Partial Relief from
Temporary Restraining Order filed July
15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2;
Declaration of Igor Latsanovski in
Support of Motion for Summary
Judgment, or Alternatively Partial
Summary Judgment filed April 18,
2016.]

[Request for Judicial Notice No. 3;
Declaration of Ilia Klykov Re:
November 6, 2009 Fiduciary
Management Agreement; and January
12, 2015 Agreement between Guayas,
LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4;

Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

C. Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,746 in interest return on the $500,000.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

D. Defendants Latsanovski and Calenergy had no involvement in the day to day operations of Defendant Bunzai.

[Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.]

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.]

[Decl. of Latsanovski, ¶¶10; 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[Opposing Decl. of Latsanovski, ¶¶1-30.]

E. Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan

Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

F.  Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet skincare business.  Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions.  Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO
PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

| | |
|---|---|
| 28. Moving Party's Response<br><br>      Defendants asserted identical responses to their responses to Plaintiff's Fact #2. Accordingly, Plaintiff hereby incorporates Moving Party's Response #2 and asserts it in response to Defendants' response to this Fact. | |
| 29.    Defendant DMA Media Holdings, Inc. is or was a California corporation located at the Van Nuys Office. Ex. 551, at 64:23-69:23. At times material to the Complaint, DMA Media Holdings, Inc. advertised, marketed, distributed, or sold the skincare products at issue in this case to consumers throughout the United States. Ex. 550, at 19:19-21. DMA Media Holdings, Inc. | 29.    ***Disputed.***<br><br>A.    Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc. [Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; "*The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment...*"]<br><br>[Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.]<br><br>[Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.]<br><br>[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]<br><br>[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary |

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]
B. During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO
PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| 1 | [Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.] |
| 2 | |
| 3 | |
| 4 | [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |
| 5 | |
| 6 | |
| 7 | |
| 8 | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| 19 | |
| 20 | |
| 21 | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | [Opposing Decl. of Latsanovski, ¶¶1-30.] |
| 28 | |

204

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

C. Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,746 in interest return on the $500,000.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

D. Defendants Latsanovski and Calenergy had no involvement in the day to day operations of Defendant Bunzai.

[Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.]

[Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.]

[Decl. of Latsanovski, ¶¶10; 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2;

Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

E. Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

F.  Defendants Latsanovski and

208

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Calenergy, did not play any role in the operation of the internet skincare business.  Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions.  Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18,

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

---

29. Moving Party's Response

   Defendants asserted identical responses to their responses to Plaintiff's Fact #2. Accordingly, Plaintiff hereby incorporates Moving Party's Response #2 and asserts it in response to Defendants' response to this Fact.

---

| 30.    Defendant Shalita Holdings, Inc. is or was a California corporation. At times material to the Complaint, Shalita Holdings, Inc. advertised, marketed, distributed, or sold the skincare products at issue in this case to consumers | 30.    *Disputed.*<br><br>A.    Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc. |

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| throughout the United States. Ex. 550, at 32:6-10. Shalita Holdings, Inc. transacted business in this district. Dkts. 244 ¶ 30; 245 ¶ 30. | [Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; *"The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment..."*] |
| | [Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.] |
| | [Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.] |
| | [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |
| | [Opposing Decl. of Latsanovski, ¶¶1-10.] |
| | B. During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates. |
| | [Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.] |
| | [Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; *"Did Bunzai ...pay back Igor ...? A. I believe it did.*] |

211

| | |
|---|---|
| 1 | [Decl. of Latsanovski, ¶¶1-4; Exh. "A" |
| 2 | thereto, July, 2015 Loan Summary; ¶¶ 15-16.] |
| 3 | |
| 4 | [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor |
| 5 | Latsanovski in Support of Ex Parte Request for Partial Relief from |
| 6 | Temporary Restraining Order filed July |
| 7 | 15, 2015, ¶¶4-14.] |
| 8 | [Request for Judicial Notice No. 2; |
| 9 | Declaration of Igor Latsanovski in Support of Motion for Summary |
| 10 | Judgment, or Alternatively Partial |
| 11 | Summary Judgment filed April 18, |
| 12 | 2016.] |
| 13 | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: |
| 14 | November 6, 2009 Fiduciary |
| 15 | Management Agreement; and January |
| 16 | 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| 17 | |
| 18 | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna |
| 19 | Re: June 4, 2015 Master Loan |
| 20 | Agreement.] |
| 21 | [Request for Judicial Notice No. 5; |
| 22 | Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski |
| 23 | and Calenergy, Inc's Motion for |
| 24 | Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, |
| 25 | Alternatively Partial Summary |
| 26 | Judgment.] |
| 27 | [Opposing Decl. of Latsanovski, ¶¶1- |
| 28 | 30.] |

212

C. Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,746 in interest return on the $500,000.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea*, R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

D. Defendants Latsanovski and Calenergy had no involvement in the day to day operations of Defendant Bunzai.

[Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.]

[Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.]

[Decl. of Latsanovski, ¶¶10; 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2;

214

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

E. Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO
PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

F.  Defendants Latsanovski and

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Calenergy, did not play any role in the operation of the internet skincare business.  Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions.  Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| | Summary Judgment filed April 18, 2016.] |
| | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| | [Opposing Decl. of Latsanovski, ¶¶1-30.] |

**30. Moving Party's Response**

     Defendants asserted identical responses to their responses to Plaintiff's Fact #2. Accordingly, Plaintiff hereby incorporates Moving Party's Response #2 and asserts it in response to Defendants' response to this Fact.

| | |
|---|---|
| 31.    Defendant All Star Beauty Products, Inc. is or was a California corporation with its place of business located at the Van Nuys Office. Ex. 551, at 64:23-70:9. At times material to the Complaint, All Star Beauty Products, Inc. advertised, marketed, distributed, or sold the skincare products at issue in this case to consumers throughout the United | 31.    ***Disputed.*** <br><br> A.    Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc. <br> [Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; *"The most important term was that from day one from when I gave my first check, it's a loan and it's payable back* |

218

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| States. Ex. 550, at 71:11 - 73:13. All Star Beauty Products, Inc. transacted business in this district. Dkts. 244 ¶ 31; 245 ¶ 31. | *with interest on my investment..."*]<br><br>[Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.]<br><br>[Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.]<br><br>[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]<br><br>[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]<br><br>[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]<br><br>[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]<br><br>[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for |

| | |
|---|---|
| 1 | Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| 2 | |
| 3 | |
| 4 | [Opposing Decl. of Latsanovski, ¶¶1-30.] |
| 5 | |
| 6 | B. During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates. |
| 7 | |
| 8 | |
| 9 | |
| 10 | [Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.] |
| 11 | |
| 12 | |
| 13 | [Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*] |
| 14 | |
| 15 | |
| 16 | [Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.] |
| 17 | |
| 18 | [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | [Request for Judicial Notice No. 3; |

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

C. Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,746 in interest return on the $500,000.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea*, R.T. 85: lns. 3-5; *"Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

221

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

D. Defendants Latsanovski and Calenergy had no involvement in the

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO
PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| | day to day operations of Defendant Bunzai. |
| | [Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.] |
| | [Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.] |
| | [Decl. of Latsanovski, ¶¶10; 12-18.] |
| | [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |
| | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |
| | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in |

Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

E. Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January

12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

F.  Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet skincare business.  Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions.  Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided

| | |
|---|---|
| 1 | loans to Bunzai. |
| 2 | [Decl. of Benice, ¶2;Exh. "A" January |
| 3 | 28, 2016 Depo of Latsanovski, R.T. |
| 4 | 269: 4-18. ["*Alon can do it... He is* |
| | *running it.* (Bunzai)]. |
| 5 | |
| 6 | [Decl. of Latsanovski, ¶¶10: 12-18.] |
| 7 | [Request for Judicial Notice No. 1; July |
| 8 | 13, 2015 Declaration of Igor |
| | Latsanovski in Support of Ex Parte |
| 9 | Request for Partial Relief from |
| 10 | Temporary Restraining Order filed July |
| | 15, 2015, ¶¶4-14.] |
| 11 | |
| 12 | [Request for Judicial Notice No. 2; |
| 13 | Declaration of Igor Latsanovski in |
| | Support of Motion for Summary |
| 14 | Judgment, or Alternatively Partial |
| 15 | Summary Judgment filed April 18, |
| | 2016.] |
| 16 | |
| 17 | [Request for Judicial Notice No. 3; |
| | Declaration of Ilia Klykov Re: |
| 18 | November 6, 2009 Fiduciary |
| 19 | Management Agreement; and January |
| | 12, 2015 Agreement between Guayas, |
| 20 | LTD. and Calenergy, LLC.] |
| 21 | [Request for Judicial Notice No. 4; |
| 22 | Declaration of Mariya Aleksandrovna |
| | Re: June 4, 2015 Master Loan |
| 23 | Agreement.] |
| 24 | |
| 25 | [Request for Judicial Notice No. 5; |
| | Declaration of Jeffrey S. Benice in |
| 26 | Support of Defendants Igor Latsanovski |
| 27 | and Calenergy, Inc's Motion for |
| | Summary Judgment Pursuant to Federal |
| 28 | Rules of Civil Procedure Rule 56 or, |

| | Alternatively Partial Summary Judgment.]<br><br>[Opposing Decl. of Latsanovski, ¶¶1-30.] |
|---|---|

**31. Moving Party's Response**

    Defendants asserted identical responses to their responses to Plaintiff's Fact #2. Accordingly, Plaintiff hereby incorporates Moving Party's Response #2 and asserts it in response to Defendants' response to this Fact.

| | |
|---|---|
| 32.    Defendant Alon Nottea is or was a Chief Executive Officer ("CEO") of BunZai, a consultant for Media Urge, Inc., and an owner of Adageo, LLC. Dkt. 251 ¶ 32. At times material to the Complaint, acting alone or in concert with others, he formulated, directed, controlled, had the authority to control, or participated in the acts or practices set forth in the Complaint. See infra UF #32(a), (b), (g), (h), and (i). Defendant Alon Nottea resides in this district and, in connection with the matters alleged herein, transacted business in this district. Dkt. 251 ¶ 32.<br>**a.**    Alon Nottea was involved in the day-to-day operations of BunZaiEx. 910 ¶ 18.<br>**b.**    Alon Nottea controlled or had authority to control the business operations of BunZaiEx. 910 ¶ 21.<br>**c.**    Alon Nottea used the alias "Jay Michaels." Ex. 910 ¶ 202. GoDaddy records show that the Shopper ID 26219179 is identified as Jay Michaels. Ex. 598-5. GoDaddy records show that Shopper ID 26219179 purchased and registered BunzaiMedia.com, AuraVie.com, AuraVieFreeTrial. com, MyMiracleKit.com, MiracleFaceKit.com, | 32.    ***Disputed.***<br><br>A.    Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc.<br>[Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; *"The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment..."*]<br><br>[Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.]<br><br>[Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.]<br><br>[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]<br><br>[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in |

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO
PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | | |
|---|---|---|
| 1 | Dellure.com, and BuyDellure.com. Ex. 598-6,-7,-8,-9,-10. | Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |
| 2 | | |
| 3 | **d**.     Alon Nottea solicited investments for Relief Defendant Chargeback Armor, Inc. Ex. 910 ¶ 234. | |
| 4 | | |
| 5 | **e**.     Alon Nottea sent and received emails using the email accounts vigorect@gmail.com and alon@chargebackarmor.com. Exs. 910 ¶¶ 254-55; 917 ¶ 55. | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| 6 | | |
| 7 | | |
| 8 | **f**.     Alan Argaman stated that Alon Nottea also sent and received emails using the email account alon@securedmerchants.com. Exs. 916 ¶ 256; 918 ¶ 256. | |
| 9 | | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| 10 | | |
| 11 | **g**.     Former employees testified that Alon Nottea owned or managed PinnacleExs. 554, at 11:7-9, 13:8-13, 29:17-19; 946, at 42:12-24. | |
| 12 | | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| 13 | | |
| 14 |         i.     Defendant Paul Medina testified that he thought of Pinnacle was "a department of Alon's process" in selling AuraVie products. Ex. 946, at 42:19-42:24. | |
| 15 | | |
| 16 | | |
| 17 | **h**.     Defendants Igor Latsanovski and CalEnergy, Inc. admitted that Alon Nottea had authority to control Focus Media Solutions, Inc. Exs. 914 ¶ 220; 915 ¶ 220. | |
| 18 | | [Opposing Decl. of Latsanovski, ¶¶1-30.] |
| 19 | | |
| 20 | **i**.     Chargeback Armor, Inc. admitted that Alon Nottea provided advice and referred potential partners and clients to the company. Ex. 917 ¶ 231. | B. During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates. |
| 21 | | |
| 22 | | |
| 23 | **j**.     Alon Nottea solicited investments for Corporate Defendants including BunZai, Focus Media Solutions, and Chargeback Armor from individuals including Defendant Igor Latsanovski. Ex. 552, at 22:14-27, 36:13-19; See Ex. 552, at 3 1:5-32:3. | [Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.] |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | **k**.     Alon made decisions concerning the AuraVie common enterprise business | [Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea*, R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor* |
| 28 | | |

| | |
|---|---|
| model and organization. | ...? A. I believe it did.] |
|     i.      He made suggestions concerning whether to open or close shell corporations that functioned as "retail merchant corporations." See e.g., Exs. 267. | [Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.] |
| | [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |
|     ii.    He discussed the enterprise's business structure with accounting and legal professionals and was apprised of the opening of new companies in the common enterprise and the relationship between them. Exs. 278; 483. | |
|     iii.    CPA David Davidian sent Alon incorporation and ancillary related documents for Defendant Corporations that Defendant Alon claims no ownership interest in. See, e.g., Exs. 299; 374; 481; 482; 505. | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |
| **l.**    Alon Nottea hired and supervised employees at Corporate Defendants such as BunZai, Pinnacle, and Media Urge. | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
|     i.    Employees he hired and managed included Andrew Stanley, Nastassia Yalley, and Defendant Paul Medina. Exs. 554, at 30:9-17; 556, at 13:22-24, 30:4-17; 946, at 10:6-10: 15. | |
|     ii.    Alon Nottea supervised Paul Medina in his positions at Bunzai, Media Urge, and Focus Media Solutions. Ex. 946, at 9:19-10:15. | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
|     iii.    Both Paul Medina and Nastassia Yalley testified Alon Nottea had reassigned and supervised them at Media Urge. Ex. 556, at 113:21-22, 112:18-114:11, 115:16-115:21; 946, at 10:6-8. | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| **m**. Alon Nottea procured new merchant accounts, oversaw merchant account load balancing, and recruited "merchant account guarantors" or "CEOs." | |
|     i.    Alon Nottea recruited | [Opposing Decl. of Latsanovski, ¶¶1- |

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| friends, family, and acquaintances to serve as stand-in "owners" and "officers" for Defendants' shell corporations and to open new merchant accounts in their names for processing consumer charges. Exs. 262; 268; 318; 474. | 30.] |
|     ii.        When creating one merchant account, Alon noted "My credit is not the best right now, so we will be filing under my dad... " Ex. 474. | C. Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,746 in interest return on the $500,000. |
|     iii.        Alon oversaw the performance of these entities and balanced their chargeback rates to ensure none raised a cautionary flag to payment processors. See, e.g., Exs. 294; 319; Ex. 946, at 39:18-41:25; Ex. 946, at 60:16-61:5; Ex. 946, at 74:3-74:7. | [Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.] |
|     iv.    Paul Medina testified that Alon Nottea supervised Matan Reuveni, an employee who engaged in load balancing for the sale of AuraVie products. Ex. 946, at 60:16-61:5. | [Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*] |
|     v.    Paul Medina also testified that Alon Nottea told him not to permit particular merchant account's chargeback percentages to exceed a certain point. Ex. 946, at 74:3- 74:24. | [Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.] |
| **n.**    Alon Nottea reviewed and assisted in drafting protocols, model responses, and other correspondence concerning interactions with regulators. See Ex. 320. | [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |
|     i.    He oversaw supervisors or employees who created the protocols, model responses, or other correspondence. See Ex. 555, at 78:13-22. | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |
| **o.**    Alon Nottea oversaw, supervised, or assisted in supervising accounting and bookkeeping for the common enterprise. | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
|     i.    Alon was frequently updated by employees concerning | |

| | |
|---|---|
| the common enterprise's profits, losses, and consumer chargebacks. For example, two employees, Paul Medina and Nastassia Yalley, would periodically send him spreadsheets about the financial status of the Corporate Defendants. See, e.g., Exs. 167; 304; 305; 307. | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| ii.       Alon Nottea received reports from his employees and third party financial institutions concerning the reserve amounts held in the Corporate Defendants various accounts and was actively involved in their negotiations. Exs. 324, 339, 349, 430, 511, 351 (Alon Nottea email to Defendant Latsanovski and Paul Medina regarding reserve amounts required by AuraVie's payment processor)). | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.] |
| iii.     Alon Nottea was apprised of even relatively small financial concerns, and he would receive updates on the same type of minutiae handled by employees such as Nastassia Yalley. See, e.g., Exs. 303; 316. | D. Defendants Latsanovski and Calenergy had no involvement in the day to day operations of Defendant Bunzai. |
| **p.**     Alon Nottea oversaw advertising and marketing for the common enterprise. | [Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.] |
| i.       Alon personally oversaw the development of creative content and advertising for AuraVie and other products marketed by the Defendant Corporations. Exs. 169, 185, 497. | [Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.] |
| ii.     Alon oversaw various marketing campaigns. Ex. 497. | [Decl. of Latsanovski, ¶¶10; 12-18.] |
| **q.**     Alon Nottea supervised the customer service departments of the common enterprise. | [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |
| i.       Alon supervised, or assisted in supervising, the customer service and call center departments at BunZai. See Ex. 143, 149, 184, and 455. | |
| ii.     Alon reviewed or | [Request for Judicial Notice No. 2; |

231

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| assisted in the in drafting protocols or model responses for responding to consumer calls, complaints, and collections. See, e.g., Exs. 137; 143; 312. | Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |
| **r.**    Alon Nottea oversaw the registration and purchase of Internet domains for the common enterprise. | |
| i.    Alon Nottea identified which website names to purchase and either purchased them himself or instructed another person to do so. See, e.g., Ex. 120. | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| ii.    Alon is listed as registrant, technical contact, administrative contact, and billing contact for the enterprise's web sites—websites (auravie. Com, auraviefreetrial.com, auravietrialkit. Com, andmymiraclekit.com) paid for by a business credit card in his name. See Dkt. 6-3, at 3, 5-6, 8. | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| iii.    Alon also used an admitted alias, Jay Michaels, to register at least 65 domain names related to sale of the AuraVie, LeOR, and Dellure skin care products. See Dkt. 120, at 31, 43-44. | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| **s.**    The supervisors or employees of the chargebacks department at BunZai reported to Alon concerning the department and its statistics. See, e.g., Exs. 122-2; 131; 132; 146. | [Opposing Decl. of Latsanovski, ¶¶1-30.] |
| i.    Alon Nottea received chargeback monitoring reports from Roi Reuveni, Andrew Stanley, and other employees of the Corporate Defendants. Exs. 86; 131; and 122-2. | E. Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct. |
| ii.    Meeting notes from a meeting led by Alon Nottea instructed Roi: "CHARGEBACK (same day you do load balancing)." Ex. 86. | [Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)]. |
| iii.    Paul Medina testified that | |

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | | |
|---|---|---|
| 1 | Alon Nottea showed him charts or graphs pertaining to the companies' chargebacks that he was working on. Ex. 946, at 78:1 – 78:21. | [Decl. of Latsanovski, ¶¶10: 12-18.] |
| 2 | | |
| 3 | | [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |
| 4 | iv.     Alon was actively involved in the load balancing his employees would use to maintain the enterprise's merchant accounts. Exs. 94; 122. | |
| 5 | | |
| 6 | | |
| 7 | v.     Alon also discussed specific chargebacks or "winnings" with employees in the chargeback department at BunZai and Pinnacle. Ex. 60-2. | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |
| 8 | | |
| 9 | **t.**     Alon was aware that consumers were misled by his companies' deceptive advertising. | |
| 10 | | |
| 11 | i.     Alon Nottea researched the methods, strategies and technologies the enterprise used for combatting consumer chargebacks. For example, he reviewed a management and consulting plan with Gary Bhasin that included chargeback analysis for the common enterprise. See Ex. 385. Further, he met with a third party company to discuss the possibility of utilizing a chargeback "intercept" program for AuraVie. See Ex. 62. | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| 12 | | |
| 13 | | |
| 14 | | |
| 15 | | |
| 16 | | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| 17 | | |
| 18 | | |
| 19 | ii.     On several occasions, he was notified concerning the high-risk status or high chargeback rate of the common enterprise by financial institutions. Ex. 309. | |
| 20 | | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| 21 | | |
| 22 | iii.     Alon acknowledged that he maintained merchant accounts that were "in jeopardy." Ex. 428. | |
| 23 | | |
| 24 | iv.     Alon Nottea was apprised by the Better Business Bureau of the ways his advertising failed to adequately or accurately disclose its material terms to consumers. Ex. 592. | |
| 25 | | |
| 26 | | [Opposing Decl. of Latsanovski, ¶¶1-30.] |
| 27 | v.     He received notice concerning penalties assessed against his | |
| 28 | | F.  Defendants Latsanovski and |

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

companies' merchant accounts for chargebacks, as well as notices concerning possible suspension of his merchant accounts due to chargebacks. Ex. 102.

vi.    He was notified by business acquaintances concerning FTC enforcement actions for similar deceptive conduct. Ex. 592.

vii.    He received correspondence concerning AuraVie complaints on "ripoffreport.com." Ex. 93.

**u.**    Nastassia Yalley testified that the following statements from a meeting between her, Defendants Alon Nottea, Paul Medina, and Roi Reveuni, were made by Alon Nottea:

I'm going to get a guy. He's going to sit. He's going to get a very, very—I know in advance he's going to have a very, very, very, very low contact ratio. He's going to talk to 700 people. But I'm going to call back my chargebacks. I'm going to talk to them. I'm going to say we are a third party company hired by BunZai Media, or by the company who sold you AuraVie, to figure out what they did wrong. What did they do wrong? Why did they charge them back? Did you call? Did you try to call? Was the cancellation wrong? Did they fuck you? Did you feel misled? Did you feel like you're an idiot? Do you like that? Yeah. Yeah. Very low contact ratio. But out of the thousand people you'll talk to, out of the 10,000 phone calls you make, you'll know if you document it and it's documented and you have reports back from them. And the FTC comes to me, I'm telling them, listen, I'm calling back my chargebacks and see what I did wrong? Do you know how that looks?

Calenergy, did not play any role in the operation of the internet skincare business.  Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions.  Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

Number 1, I'm really... and Number 2, I'm being proactive... we're going to call all of our chargebacks, and say we are a third party." Ex. 556, at 51:16-54:19

iii.     "This calls for another 10 minute meeting for that, just make it, in the chargeback meeting let's talk about this particular details, how to do a test between 500 and 1,000 customers that get the terms. It's a complete different world when the woman—when you can prove to the bank that the terms and conditions are on the invoice...no, the only thing...I know we crashed and burned when we tested it before, but somehow Rappoport is doing it and getting through with it." Ex. 556, at 98-101:13.

iv.     "Rappoport is also sending an email when you're getting billed. Okay. He's sending this email. I know we can do it. Yeah. I'm just saying I don't see how he was surviving doing that." Ex. 556, at 102:24-103:7.

v.     "One more note...We must try 500 orders with the terms and conditions on the invoice for customers. It's completely illegal to not have that there, at least." Ex. 556, at 95:7-95:22.

vi.     "...if you send them the terms, it can act like...we told you that we're going to charge...we notified you... you have ten days. Exactly. But when me and Paul tried it a year ago, it didn't didn't work so good. It hurted us...If it's done creatively, if it's done correctly and optimized.. .not just try, it didn't work. Let's see what Jeff is doing because it's working for him." Ex. 556, at 101: 15-103 :4.

"So what is it for? To reduce chargebacks

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| or to... stay compliant? Stay compliant and to tell the woman on the phone... it's another piece that we can actually use to fight chargebacks. It's going to help Sabina, it's going to help us be compliant, it's going to shut the fucking customer up, but it might hurt your numbers." Ex. 556, at 101:15-103:4. | |

32. Moving Party's Response

      Defendants asserted identical responses to their responses to Plaintiff's Fact #2. Accordingly, Plaintiff hereby incorporates Moving Party's Response #2 and asserts it in response to Defendants' response to this Fact.

| | |
|---|---|
| 33.    Defendant Motti Nottea resides in this district and he held a merchant account in his name for BunZai. Dkt. 245 ¶ 33. | 33.    ***Disputed.***<br><br>A.    Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc.<br>[Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; *"The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment..."*]<br><br>[Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.]<br><br>[Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.]<br><br>[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July |

15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]
B. During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

| | |
|---|---|
| 1 | [Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*] |
| 2 | |
| 3 | |
| 4 | |
| 5 | [Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.] |
| 6 | |
| 7 | [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |
| 13 | |
| 14 | |
| 15 | |
| 16 | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| 22 | |
| 23 | |
| 24 | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| 1 | Alternatively Partial Summary Judgment.] |
| 2 | |
| 3 | [Opposing Decl. of Latsanovski, ¶¶1-30.] |
| 4 | |
| 5 | C. Defendant Latsanovski and |
| 6 | Calenergy received the $500,000 in full repayment and $317,746 in interest |
| 7 | return on the $500,000. |
| 8 | |
| 9 | [Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, |
| 10 | R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.] |
| 11 | |
| 12 | [Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: |
| 13 | lns. 3-5; "*Did Bunzai ...pay back Igor* |
| 14 | *...? A. I believe it did.*] |
| 15 | [Decl. of Latsanovski, ¶¶1-4; Exh. "A" |
| 16 | thereto, July, 2015 Loan Summary; ¶¶ 15-16.] |
| 17 | |
| 18 | [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor |
| 19 | Latsanovski in Support of Ex Parte |
| 20 | Request for Partial Relief from Temporary Restraining Order filed July |
| 21 | 15, 2015, ¶¶4-14.] |
| 22 | |
| 23 | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in |
| 24 | Support of Motion for Summary |
| 25 | Judgment, or Alternatively Partial Summary Judgment filed April 18, |
| 26 | 2016.] |
| 27 | [Request for Judicial Notice No. 3; |
| 28 | Declaration of Ilia Klykov Re: |

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

November 6, 2009 Fiduciary
Management Agreement; and January
12, 2015 Agreement between Guayas,
LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4;
Declaration of Mariya Aleksandrovna
Re: June 4, 2015 Master Loan
Agreement.]

[Request for Judicial Notice No. 5;
Declaration of Jeffrey S. Benice in
Support of Defendants Igor Latsanovski
and Calenergy, Inc's Motion for
Summary Judgment Pursuant to Federal
Rules of Civil Procedure Rule 56 or,
Alternatively Partial Summary
Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-
30.]

D. Defendants Latsanovski and
Calenergy had no involvement in the
day to day operations of Defendant
Bunzai.

[Decl. of Benice, ¶2; Exh. "A" *January
28, 2016 Depo of Latsanovski*, R.T. 30:
6-23.]

[Decl. of Benice, ¶4; Exh. "C"
*February 18, 2016 Depo of Alon
Nottea*, R.T. 110: 1-25; 111: 1-25; 112:
1-25; 161: 10-19.]

[Decl. of Latsanovski, ¶¶10; 12-18.]

[Request for Judicial Notice No. 1; July
13, 2015 Declaration of Igor
Latsanovski in Support of Ex Parte

Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

E. Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

F.  Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet skincare business.  Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions.  Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| 33. Moving Party's Response | |
| Defendants asserted identical responses to their responses to Plaintiff's Fact #2. Accordingly, Plaintiff hereby incorporates Moving Party's Response #2 and asserts it in response to Defendants' response to this Fact. | |
| 34. Defendant Doron Nottea is or has been a manager at BunZaiand PinnacleDefendant Doron Nottea resides in this district and, in connection with the matters alleged herein, transacted business in this district and throughout the United States. Dkt. 244 ¶ 34<br><br>**a.** Doron Nottea possessed a book of credit cards and signed blank checks for Zen Mobile Media, Inc. Dkt. 120, at 32, 40.<br><br>**b.** Alon Nottea, Roi Reuveni, and Motti Nottea, Igor Latsanovski, CalEnergy Inc., and Chargeback Armor, Inc. stated that Doron Nottea sent and received emails using the email account dornon@doron.us. Exs. 910 ¶ 257; 91 ¶ 257; 913 ¶ 257; 914 ¶ 257; 915¶ 257; 917 ¶ 257.<br><br>    i. Doron Nottea sent and received emails from the email address globalmediausa@gmail.com. Exs. 942; 943; 52.<br><br>    ii. Doron Nottea sent and received email from the email address xposedinc@gmail.com. Ex. 551, at 109:15- 109:22.<br><br>**c.** Chargeback Armor, Inc. admitted that Doron Nottea sent and received messages using the Skype account name Accounting8 18. Ex. 917 ¶ 258.<br><br>**d.** Doron Nottea owned Corporate Defendants that participated in the common enterprise.<br><br>    i. Andrew Stanley, a former | 34. ***Disputed.***<br><br>A. Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc.<br>[Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; "*The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment...*"]<br><br>[Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.]<br><br>[Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.]<br><br>[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]<br><br>[Opposing Decl. of Latsanovski, ¶¶1-10.]<br><br>B. During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates.<br><br>[Decl. of Benice, ¶2; Exh. "A" thereto, |

244

| | |
|---|---|
| employee of both BunZai and Pinnacle, testified that Doron Nottea held himself out as the owner of both BunZai and Pinnacle Ex. 554, at 65:20-66:7; 86:17-87-7; see also Exs. 35; 43; 544. | *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.] |
|     ii.     An individual emails Doron Nottea "want[ing] to sell cosmetics on [Nottea's] distribution channel." Ex. 35. | [Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*] |
|     iii.    Stephan Bauer appeared to inform Nottea that he can use SBM Management, Inc. for Nottea's marketing "hard core online trial and offers biz." Ex. 43. | [Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.] |
|     iv.    Alon Nottea emails Doron Nottea profit spreadsheet of BunZai and states they need to go through it together. Ex. 518. | [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |
|     v.    Doron Nottea provided and received payroll reports for Bunzai. Ex. 544. | |
|     vi.    Doron Nottea was apprised of incorporation documents relating to both BunZai and Pinnacle. See Exs. 299; 343. | C. Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,746 in interest return on the $500,000. |
|     vii.    Doron Nottea was apprised of incorporation documents for other Corporate Defendants as well. Exs. 41; 374; 505. | [Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.] |
|     viii.    In initial structuring decisions relating to the common enterprise, Doron Nottea was directly involved with Alon Nottea and Kristopher Bond in determining the enterprise's needs. Ex. 483. | [Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*] |
|     ix.    David Davidian emailed Alon Nottea, Doron Nottea, and Kristopher Bond regarding further consultations in structuring the enterprise. Ex. 483. | [Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.] |
|     x.    Doron Nottea co-owned Secured Commerce LLC with Alan | [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte |

245

Argaman. See Dkt. #120, at 8.

**e.** DoronNottea managed employees of the common enterprise.

   i.   Leor Arazy, human resources manager for Pinnacle and BunZai, included Doron Nottea on an email sending out a salary report by department for Pinnacle. Ex. 38.

   ii.   Leor Arazy sent Doron Nottea the company's paycheck advance policy and requests that he let her know if he wants any changes. Ex. 84

   iii.   Doron Nottea received payroll information for Corporate Defendants. Exs. 345; 346; 353.

   iv.   Doron Nottea sent "new employee" information for shell corporations to CPA David Davidian. Ex. 433.

   v.   Defendant Paul Medina testified in his deposition that he reported to Doron's employees or assistants for anythingfinancially related for the various Corporate Defendants. Ex. 946, at 28:6-28:13; Ex. 946, at 27:8-27:21.

   vi.   Paul Medina emailed Doron Nottea a list of current merchant accounts selling AuraVie. See Ex. 384

vii.   Former employees Nastassia Yalley and Philip Camerino were Doron's "assistants." Ex. 946, at 27:8- 27:21.

   viii.   Defendant Medina also provided Defendant Doron Nottea with commission calculations to payment the straw "owners" of the various Corporate Defendants, who were paid. Exs. 946, at 44:10-20; 166.

   ix.   Nastassia emailed Defendants Doron Nottea and Paul Medina a list of merchant accounts associated with BunZai. Ex. 546.

Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

D. Defendants Latsanovski and Calenergy had no involvement in the day to day operations of Defendant Bunzai.

[Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.]

[Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.]

[Decl. of Latsanovski, ¶¶10; 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

E. Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

**f.**     Defendant Alon Nottea also kept Doron apprised of day-to-day higher level issues concerning the enterprise. This included:

i.     Meetings and discussions relating to negotiating Canadian shipping rates sent to Doron's email, xposedinc@gmail.com. Ex. 174.

ii.     Discussions relating to resolving IRS audits and workers' compensation audits . Exs. 350; 376.

iii.     Operationally, Alon Nottea placed Doron Nottea in charge of many aspects of managing the Indian call centers associated with the scheme, telling his Indian counterpart that "Doron will manage the corporation and DBA Setup as well as accounting, disbursement of funds back to India." Ex. 579.

iv.     Doron forwarded contractual agreements such as the confidentiality agreements required to start negotiations for third party services. Ex. 271.

v.     Doron even managed basic documentation such as insurance documents relating to minor advertising engagements with third parties. Ex. 308.

vi.     Doron received emailed about renewing P.O. Box relating to Dellure. Ex. 333.

**g.**     Despite attempting to keep Alon Nottea and his own name off financial management records, evidence makes clear Doron Nottea managed or controlled numerous accounts associated with the common enterprise, including either making payments or providing permission to make payments on behalf of several of the entities. Exs. 466; 485; see also, e.g., Exs. 292, 294, 296. 479 (setting up wire

13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

F.  Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet skincare business.  Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions.  Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | | |
|---|---|---|
| 1 | transfers), 488. | 15, 2015, ¶¶4-14.] |
| 2 |     i.    Doron adamantly instructed that "All invoices only to accounting@pinlogistics.com never to me !" Ex. 466. | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |

1

transfers), 488.

    i.    Doron adamantly instructed that "All invoices only to accounting@pinlogistics.com never to me !" Ex. 466.

    ii.    Doron instructed an individual "please DON'T write Alon's Name on it" regarding a check from shell company Agoa Holdings. Ex. 485.

    iii.    Doron was responsible for arranging wire transfers relating to the common enterprise. Ex. 497.

    iv.    Numerous "books" each holding dozens of credit cards were found in Doron's possession, located in his office, as well as deposit stamps for more than 18 entities. Dkt. #120, at 13, 70-71, 74.

    v.    Books of deposit slips or checks for at least 35 entities were also located in Doron's office. Dkt.#120, at 13.

    vi.    He also kept RSA devices used to make electronic funds transfers for at least eight bank accounts. Dkt.# 120, at 13.

    vii.    Doron Nottea maintained personal information including copies of other Individual Defendants' driver licenses and signature block for vii.

Doron Nottea maintained personal information including copies of other Individual Defendants' driver licenses and signature block for using new bank accounts, as well as access to and used blank pre-signed checks for numerous Corporate Defendants. Ex. 536; see also, e.g, Exs. 49; 437.

    viii.    Doron Nottea possessed blank, pre-signed checks for CalEnergy, Inc. in his office. Dkt. 120, at

15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

13; see also Ex. 49.

ix.     Former employee Andrew Stanley, whose work for several years consisted of responding to chargebacks for the common enterprise, stated that Doron Nottea controlled and oversaw many merchant accounts associated with BunZai, including reviewing complex issues such as reserve rates relating to such merchant accounts. Exs. 173; 349; 430; see Ex. 554, at 86:17- 87:7.

x.      Doron opened, managed, and controlled the merchant accounts and other financial accounts used by the common enterprise, and was even apprised of negotiations with potential payment processors by his brother, Alon. Exs. 64; 78; 88; 167; 383; 467.

xi.     Doron requested that Yalley send him a list of "all our merchant accounts"; Yalley replied with a spreadsheet of all the merchant accounts used by the AuraVie companies. Ex. 78.

xii.    Yalley provided Doron, Alon, and Paul with accounting spreadsheets for the AuraVie businesses. Ex. 167.

xiii.   Defendant Latsanovski requested that Nottea make a payment to an Israeli bank account from SBM Management's bank account. Ex. 64.

xiv.    Yalley sent Doron login information concerning accessing payments made to AuraVie.com. Ex. 88.

**h.**     Doronhandled accounting or bookkeeping for the common enterprise.

i.      Doron oversaw the finances of the common enterprise, calculating the companies' profits and losses and managing the enterprise's various entities and merchant accounts. See Exs. 21; 46;

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

47; 51; 52; 58; 59; 335; 337; 338; 339; 340; 391; 392; 393; 399; 405; 406; 407; 408; 409; 946, at 36:8-36:11.

     ii.     Defendant Latsanovski openly discussed Doron's "department" in the company he runs with Alon Nottea. Ex. 21.

     iii.     Yalley referenced Doron instructing her which toll-free numbers to leave open. Ex. 47.

     iv.     Alon forwarded Doron an email concerning skincare merchant accounts with EVO and UMS. Ex. 52.

     v.     An invoice from Secured Commerce to Adageo for the AuraVie landing page shows Doron was involved in the common enterprise's landing page's creation. Ex. 46.

     vi.     Doron sent Alon what appears to be an affiliate's "advertorial" concerning AuraVie. Ex. 51.

     vii.     (intentionally left blank)

     viii.     Paul Medina requested approval from Doron and Defendant Alan Argaman to switch one of the Limelight accounts over to Secured Merchants LLC, a company purportedly owned solely by Alan Argaman. Limelight aspect of the enterprise. Ex. 59.

     ix.     Medina testified he believed Doron Nottea was in charge of accounting for the AuraVie companies. Ex. 946, at 36:8-36:11.

     x.     Davidian emailed Doron Nottea the IRS Form W2 for several AuraVie companies. Ex. 338.

     xi.     Alon Nottea testified that he asked Doron Nottea to assist him with accounting for the common enterprise and to supervise Nastassia's accounting work

PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

for the Corporate Defendants. Ex. 550, at
136:20-138-20, 139:24-140:12.

xii.     Defendant Medina also
provided Doron Nottea with information
concerning the 1% "commission"
payouts— the payments made to the
figureheads of the various shell
companies for permitting their names to
be used to open the accounts—among
other financial information for the
enterprise. See also Exs. 32; 45; 166; Ex.
946, at 44:10-45:15.

xiii.    Paul Medina provided Doron
Nottea with commission calculations. Ex.
166.

xiv.    Paul Medina sent Alon and
Doron Nottea a spreadsheet called "US
Rebill Die Down.xlsx," which appears to
concern the revised expenses for the
AuraVie common enterprise as they
wound down operations in the United
States. Ex. 45.

xv.     Former employee Nastassia
Yalley provided monthly "breakdowns"
of accounting and expenses for the
Corporate Defendants to Doron. See, e.g.,
Ex. 82; 167; 542; 543; 556, at 33:23-34:1.

xvi.    Doron admitted to active
involvement in the bookkeeping of nearly
all Corporate Defendants. This list
includes: Pinnacle, Ex. 551, at 17:3-17:5;
DSA Holdings, Inc., Ex. 551, at 17:9-
17:11; DMA Media Holdings, Inc., Ex.
551, at 60:14-60:18; SBM Management,
Inc., Ex. 551, at 53:9-53:14; Kai Media,
Inc., Ex. 551, at 56:21-56:23; Lifestyle
Media Brands, Inc., Ex. 551, at 44:13-
44:15; Agoa Holdings, Inc., Ex. 551, at
49:3-49:7; Zen Mobile Media, Inc., Ex.
551, at 50:17-50:19; Heritage Alliance
Group, Inc., Ex. 551, at 52:12-52:14;

Safehaven Ventures, Inc., Ex. 551, at
51:16-51:20; Insight Media, Inc., Ex. 551,
at 58:7-58:11; Secured Merchants, LLC,
Ex. 551, at 58:23-59:9; Shalita Holdings,
Inc., Ex. 551, at 61:2-61:4; Allstar Beauty
Products, Inc., Ex. 551, at 61:13-61:17;
USM Products, Inc., Ex. 551, at 68:20-
68:25;

     xvii.    Chargeback Armor, Inc.
admitted that Doron Nottea performed
bookkeeping work for Focus Media
Solutions, Inc. Ex. 917 ¶ 221.

     xviii.  Doron Nottea was one of the
individuals authorized to
receive mail for Chargeback Armor, Inc.
Ex. 365-13.

     i.     DoronNottea managed the
Common Enterprise employees and
controlled its business.

**i.**    Doron Nottea met with an
individual to discuss his management plan
for the AuraVie business, which included
ways to reduce his companies'
chargeback levels. Exs. 29; 385.

     ii.    Emails show that Doron
corresponded with a certified public
accountant about incorporating various
Corporate Defendants and overseeing the
initial financials of these corporations.
See Exs. 553, 299, 302, 343, 364.

     iii.    Doron Nottea and the CPA
David Davidian discussed corporate
filings, including DSA Holdings, Inc. Ex.
41.

     iv.    Doron was provided invoices
for "new corporations" including SBM
Management, Inc. and CalEnergy, Inc.
Ex. 397.

     v.    Doron also coordinated the
stand-in owners of various shell
corporations involved in the enterprise,

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO
PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

providing personal information of each individual so that their identities could be used in the incorporation process. Ex. 484.

vi.     Alon Nottea forwarded Doron, as well as Paul Medina and Igor Latsanovski, an email in which Alon informed UMS Bank they intended to wind up their sale of AuraVie products in part due to FTC and credit card regulations. Ex. 60.

vii.     Alon Nottea forwarded Doron an email concerning skin care merchant accounts approved by a payment processing entity. Ex. 329.

viii.     David Midgal emailed Doron asking "what you want me to do" concerning "a new PO Box (address) for Dellure"—one of the common enterprise's products. Ex. 33 1-1.

**j.**     Doron Nottea sent a text message from his phone (XXX) XXX-9999 to his email address, xposed@gmail.com, in which he states:

Our volume is down to about 350 (100 from lifescript + 250 from un-compliant survey traffic per day...) And even that is a miracle since we can no longer use advertorials for now ... As the lady (pam bondi) in the Florida Atty. Gen. is reviewing every single continuity skinc are and diet advertisers in the industry... We are waiting for some more industry news to be released in order to make an executive decision on whether or not to run blogs again... Nevertheless, dawn's and Nancy's attorney is pushing hard ... threatening to file against all corporations and people involved, this creates a very big exposure and risk to our entire entities... Especially now that Nastassia is

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

gone, they will have access to much more personal, private and sensitive information. This is very concerning, and very

risky... If you are not willing to let your attorney speak to their attorney, I will half to engage in a non- formal potential settlement meeting in order to avoid the exposure... This also creates additional exposure for pinnacle logistics as Dawn and Nancy are probably still in touch with some current and former employees... Thereby moving the exposure to pinnacle employees as well ... We don't want the word out that every single employee Can go after us because we are in the business of settling false demands ... Additionally, Joyce Gaines from UMS contacted me With respect to the level of reserves they are holding, they have had a few merchants funds frozen by the FTC previously... And she is concerned due to the high-risk nature of our business model, she would like to hold additional reserves which means more of a lack of income to the company...Ex. 330. See also Ex. 941 (Doron Nottea provides sworn statement concerning his phone number (XXX) XXX-9999); Ex. 551, at 109:15-109:22 (Doron Nottea confirms his email address, xposedinc@gmail.com).

34. Moving Party's Response

    Defendants asserted identical responses to their responses to Plaintiff's Fact #2. Accordingly, Plaintiff hereby incorporates Moving Party's Response #2 and asserts it in response to Defendants' response to this Fact.

| | |
|---|---|
| 35.    Defendant Oz Mizrahi is or was the CEO of Pinnacle and resides in this district. Dkt. 245 | 35.    **_Undisputed._** |

PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO
PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| ¶ 35. | |
|---|---|
| 36.    Defendant Igor Latsanovski resides in this district and, in connection with the matters alleged herein, transacted business in this district. Dkt. 253 ¶ 36. | 36. a. – q. and all subparts. |
| | ***Disputed***. |
| **a.**    Doron Nottea and Motti Nottea stated that Igor Latsanovski was an owner of BunZai, and CEO of Zen Mobile Media Group, Inc. Dkts. 244 ¶ 36; 245 ¶ 36. | A.    Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc. |
| | [Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; "*The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment...*"] |
| **b.**    Partnership agreements show Igor Latsanovski was an owner of BunZai. Ex. 18-2. | |
| **c.**    Defendant Medina, an employee of BunZai, also believed Latsanovski owned BunZai. Ex. 946, at 29:10-29:12. | [Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.] |
| **d.**    A former employee of BunZai, testified that Igor Latsanovski received and reviewed monthly accounting reports for BunZaiEx. 556, at 34:2-4; 34:20-35:7. | [Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.] |
| **e.**    The website for Igor's personal company, Defendant CalEnergy, reflected that CalEnergy was the parent company of both Defendants Media Urge and Pinnacle. Dkt. 908. | [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |
|     i.    CalEnergy's internal organizational chart—which Latsanovski reviewed—confirms that Latsanovski supervised and managed Media Urge and Pinnacle. See Exs.561-3; 588-1, -9. | |
|     ii.    Igor is listed as the "President" of Calenergy, Inc., who supervised (1) Defendant Reuveni, who himself managed Pinnacle, and (2) Philip Camerino, who himself managed "MediUrge," a misspelling of Defendant Media Urge. Ex. 561; 561-3; 588-9. | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |
| **f.**    Latsanovski previously swore under oath that BunZai was his employer. See Ex. 949. | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January |
| **g.**    A BunZai Form W-2 listed | |

255

| | |
|---|---|
| Defendant Latsanovski as an employee. Ex.402-8. | 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| **h.** In a letter to the United States Citizenship and Immigration Services describing his job responsibilities at CalEnergy, Latsanovski represented that he was involved in "reviewing the activities and providing guidance to managed companies." Ex. 571-2. | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| i. In this letter he stated that he would meet with the company's presidents and employees, including "manager Roi Reuveni to review activities of the managed call center Pinnacle (including AuraVie, Dellure and Attitude . . .)" See Ex. 57 1-2, -3. | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| **i.** Latsanovski was personally involved in managing the enterprise on a day-to-day level. | [Opposing Decl. of Latsanovski, ¶¶1-30.] |
| i. Latsanovski sent a revised profit and loss spreadsheet containing sales and chargeback information for the common enterprise. Ex. 503. | B. During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates. |
| ii. Latsanovski participated in discussions concerning international merchant accounts. See Ex. 319. | [Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.] |
| iii. Latsanovski participated in meetings or conference calls with payment processors. See Ex. 329. | |
| iv. Latsanovski was asked to proofread advertising to be used by Defendants overseas and assisted in coordinating the marketing campaign. Exs. 564; see Ex. 559. | [Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*] |
| v. Latsanovski was apprised of low-level contractual disputes relating to the advertising. See Exs. 48. | [Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.] |
| vi. Latsanovski assisted Defendants in transferring funds overseas for safekeeping, including possibly to a Cyprus trust. See Exs. 55; 450; 470. | [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte |

256

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| vii.  He provided Defendants with blank, pre-signed checks to allow Defendants to operate the company. Dkt. 120, at 9, 35, 36. | Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |
| viii.  Among those Corporate Defendants, CalEnergy transferred funds to Latsanovski and a company he owns. Dkt. 120, at 69. | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |
| ix.  Defendant Medina testified that Latsanovski was present at the common enterprise's place of business multiple days each month from 2010 until 2014. Ex. 946, at 28: 17-29:3. | |
| j.  Latsanovski participated in or controlled companies in addition to Pinnacle, including ones that he had no ownership interest in. | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| i.  Latsanovski ordered Doron to issue a payment to an Israeli bank account using funds from SBM Management, Inc., a company purportedly owned and operated by Stephan Bauer. Ex. 64. | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| k.  An email shows Igor making business decisions concerning operational aspects of companies within the common enterprise. These discussions include employee staffing decisions and how to manage the business's needs for areas such as "plants and Call- centers" while leaving higher level "intellectual labor" to Alon Nottea and himself. Ex. 21. | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| l.  Latsanovski discussed and reviewed sales with employees. | [Opposing Decl. of Latsanovski, ¶¶1-30.] |
| i.  Former employee Yalley stated that Latsanovski would sit down next to her and review profit and loss statements for the enterprise. Exh. 556, at 34:2-4; 34:20- 35:7. | C. Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,746 in interest return on the $500,000.<br><br>[Decl. of Benice, ¶2; Exh. "A" thereto, |

257

| | |
|---|---|
|      ii.     Defendant Medina testified that he would have discussions concerning sales and affiliates with him. Ex. 946, at 30:4-30:13 | *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.] |
|      iii.     Paul Medina testified that he overhead Igor Latsanovski discussing chargebacks with Defendant Paul Medina. Ex. 946, at 3 1:16-32:3 | [Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*] |
| **m.**     Latsanovski was included on emails with links to the companies' advertisements and emails discussing issues with chargebacks and compliance. | [Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.] |
|      i.     Latsanovski received an email concerning excess chargeback programs and the enterprise's excessive chargeback rates. Ex.562. | [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |
|      ii.     Latsanovski received emails discussing high-risk merchant accounts. Exs. 235; 444; 445. | |
|      iii.     Latsanovski received an email discussing load balancing to maintain merchant accounts for the enterprise. Ex. 565. | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |
|      iv.     Latsanovski received emails containing links to Defendants' deceptive risk-free trial websites. Ex. 28. | |
| **n.**     Latsanovski requested information concerning the common enterprise's chargeback rates and merchant reserve. Ex. 549. | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| **o.**     Latsanovski incorporated Zen Mobile Media, Inc., one of the shell companies used by Defendants to process consumer payments for Defendants' risk-free trials. Ex. 904-23. | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| **p.**     Latsanovski provided loans to Corporate Defendants in the common enterprise for the AuraVie business. Ex. 552, at 22:14-21, 23:11- 24:21, 27:5-13, 36:13-37:13, 52:5-53:8, 60:5-12, 69:21-70:2. | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in |

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| **q.** Latsanovski sent an "opinion" email regarding the future of Pinnacle and the common enterprise. Ex. 21. In this email, Latsanovski states: | Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
|     i. "And I feel (although it is not objectively) that we want to keep Pinicle . I'll tell you my reasons and point out the pros and cons. We want to grow and already we have Product company in the U.S. business-marketing, security-merchant, merchant-VastPay, and more will be opening: the Product company in England, Brazil, itc, merchant- Europe and so on. That is, we must focus all our resources on that." Ex. 21. | [Opposing Decl. of Latsanovski, ¶¶1-30.]<br><br>D. Defendants Latsanovski and Calenergy had no involvement in the day to day operations of Defendant Bunzai. |
|     ii. "Money, knowledge and people, I'm talking about the Directors, the people who can not just perform, but also to make decisions and in addition whom we trust and know their capabilities. . . .Who we have: You, Paul, Roy, Andre and David and me a little, that's all! Doron has his department. You have to be on top of all, we understand!, . . . David is a good helper, but he has no power to make decisions and you always have to solve them for him, he's very good assistant, but assistant. Maybe with time and next to someone, he will be able to learn how to lead. I would recommend Roy as head of the Product company ,near him would have put David, and maybe next to Roy and under your leadership David will grow. Roy is Sergeant and will be able to perform your tasks well in the distance. Andre good helper, too, but we still have a lot of different directions. And I would not want to so we are constantly thinking about how to download the work of our factory -Pinicle ." Ex. 21 | [Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.]<br><br>[Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.]<br><br>[Decl. of Latsanovski, ¶¶10; 12-18.]<br><br>[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]<br><br>[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]<br><br>[Request for Judicial Notice No. 3; |

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

iii.    I want us to think, and concentrated our efforts on the opening of new businesses and the further management (without the presence of fixed assets) and thus used outsorsing. Do not tie their hands obligations to the large number of low-skilled workers. Let's work with fewer people, but with highly qualified people. Yes we lose in quality, but we'll take with a lot of things: 1-responsibility to the large number of people, and that's a lot. after all people is a problem, dividing the information can give us testimony in court, or just come up with these statements and show to us, and so on. 2 - we remove ourselves from the constant expenditure and translate these costs by the number of products sold. Let those who can not make Intelligent business, own and operate plants and Call-centers, and we will deal with intellectual labor. And we will not get nervous and worry about how to make money for the factory when we transition point occurs in the business. And we are in a quiet mode to create new products. And then as it is now in emergency mode are buying goods, and all for what, to support our factory -Call-center ! 3 - we have to use ours, unfortunately, are not big human resources for development, rather than plant control. 4 - remove some legal risk to other companies that will serve us.

iv.    I just want to give you a look at our entire company, with my eyes, maybe it will give you something.

v.    Latsanovski signs the email "Your sincere partner Igor." Ex 21.

Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

E. Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

F.  Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet skincare business.  Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions.  Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas,

| | |
|---|---|
| | LTD. and Calenergy, LLC.] |
| | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| | [Opposing Decl. of Latsanovski, ¶¶1-30.] |

**36. Moving Party's Response**

Defendants asserted identical responses to their responses to Plaintiff's Fact #2. Accordingly, Plaintiff hereby incorporates Moving Party's Response #2 and asserts it in response to Defendants' response to this Fact.

| | |
|---|---|
| 37. Defendant Roi Reuveni is or has been an employee of BunZai Media Group, Inc. and an officer and manager of PinnacleEx. 553, at 18:21-19:6; 911-16 ¶¶ 106-08. He was a manager of the customer service, call center, and chargebacks departments at Defendant PinnacleEx. 911-16 ¶¶ 107-08, 911-3 1¶ 207. Further, he was an officer or director of Agoa Holdings, Inc. Ex. 911-37 ¶ 245; Dkt. 250 ¶ 37. Defendant Roi Reuveni resides in this district. Dkt. 250 ¶ 37.<br>a.     Roi Reuveni was a president for DMA Media Holdings, Inc. Ex. 911-37 ¶ 244.<br>i.     DMA Media Holdings was | 37.     *Disputed.*<br><br>A.     Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc.<br>[Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; *"The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment..."*]<br><br>[Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.]<br><br>[Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; |

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| another "retail merchant corporation" or shell entity that processed payments for AuraVie sales. Ex. 553 at 73:11-74:14. | ¶¶19-24.] |
| b.     Chargeback Armor, Inc. stated that Roi Reuveni was the COO of Chargeback Armor, Inc. Ex. 9 17-66 ¶ 237. | [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |
| i.     Reuveni's email signature indicated that he was COO of Chargeback Armor, Inc. Ex. 290. | |
| c.     Roi Reuveni admitted that since at least January 2010, he controlled or had the authority to control PinnacleExs. 911-16 ¶ 110; see also 910-15 ¶ 110; 912-27 ¶ 110. | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |
| d.     Roi Reuveni admitted that he received compensation from CalEnergy Inc. Ex. 911-37 ¶ 246; see also Exs. 914-53 ¶ 246; 915-53 ¶ 246. | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| e.     Roi Reuveni sent and received emails using the email accounts roi@chargebackarmor.com and roi@securedmerchants.com. Exs. 911-39 ¶¶ 259-60; see also Exs. 917-71 ¶ ¶ 259-60; 918-62 ¶ 260. | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| f.     Roi Reuveni executed the lease agreement for Chargeback Armor, Inc. Ex. 917-71 ¶ 262. | |
| g.     Reuveni supervised BunZai and Pinnacle chargeback department employees. See e.g. Exs. 129; 131; 132. | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| i.     Reuveni managed Pinnacle, which oversaw fulfillment, customer service, and chargeback rebuttals for the enterprise. Ex. 554, at 32:2-32:14; Ex. 550, at 18:16- 19:2; Ex. 553, at 3 1:1-15, 165:23-166:24, 167:20- 177:18. | [Opposing Decl. of Latsanovski, ¶¶1-30.] |
| ii.     Reuveni assisted in reviewing or drafting AuraVie's template collection letter. Exs. 312. | B. During the period 2010 to 2015 |

264

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| iii.      Roi reviewed customer service protocols, scripts, and call recordings. Exs. 109-7; 143; 195; 573. | Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates. |
| iv.      A call disposition instructional flowchart was authored by Reuveni according to the document's metadata. Ex. 142. | [Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.] |
| v.      Paul Medina testified that Roi Reuveni edited scripts used by call center employees for responding to consumer complaints about AuraVie. Ex. 946, at 47:2- 48:2. | [Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*] |
| vi.      Reuveni reviewed the companies' deceptive free trial websites. Exs. 202 (Reuveni's email address in upper left hand corner of screenshot); 203 (Reuveni's email address in upper left hand corner of screenshot); 594. | [Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.] [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |
| vii.      Reuveni was apprised of the companies' sales and chargebacks, both domestic and international. Ex. 151. | |
| viii.      Reuveni assisted in managing LimeLight, the customer management software used by the common enterprise. Ex. 248. | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |
| ix.      Reuveni tracked customer service call dispositions for the common enterprise. Exs. 140; 325. | |
| x.      A third party call center emailed Reuveni consumer call summaries. Ex. 325. | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| xi.      Reuveni discussed the enterprise's chargeback ratios and ways to lower it with UMS bank and other payment processing entities. Ex. 285. | |
| h.      Reuveni's participated in the common enterprise since at least early 2011. Ex. 263. | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan |

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| i.      Reuveni worked for Secured Merchants. Ex. 553, at 16:9-16-20. | Agreement.] |
| i.      He signed contracts on behalf of Secured Merchants LLC, listing his title as "Managing Member." Ex. 412-5. | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| j.      Reuveni incorporated Agoa Holdings and was its owner and CEO. Agoa was another retail merchant corporation or shell company that process consumer payments for AuraVie risk free trials. Reuveni admitted that he would oversee orders of AuraVie for the company. Ex. 553, at 54:24-55:3; and Ex. 553, at 59:19-61:24. | [Opposing Decl. of Latsanovski, ¶¶1-30.]

C. Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,746 in interest return on the $500,000. |
| k.      Reuveni was included on and sent emails concerning Chargeback Armor, Inc.'s business. Ex. 365. | [Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.] |
| l.      Reuveni admitted he worked for Chargeback Armor. Ex. 553 15:12-16:8. | |
| m.      Reuveni reviewed the common enterprise's deceptive free trial websites. Exs. 202 (Reuveni's email address in upper left hand corner of screenshot); 203 (Reuveni's email address in upper left hand corner of screenshot); 594. | [Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*] |
| n.      Reuveni was present at the meeting in which his cousin, Alon, discussed the illegality of their scheme and his plans for how to prepare for the inevitable FTC enforcement action. See Ex. 86. | [Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.] |
| o.      Defendant Reuveni corresponded concerning posts on "ripoffreport.com" with Defendants Alon Nottea, Paul Medina, and Khristopher Bond. Ex. 93. | [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |
| p.      Roi Reuveni owned Trigen LLC. Ex. 553, at 16:24-17:4. | |
| q.      Alon emailed Reuveni concerning new MasterCard regulations concerning | [Request for Judicial Notice No. 2; |

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| chargebacks. Ex. 141. | Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |
| r.      Reveuni received chargeback reports from third party companies. Revguard, a third party company that assists companies in responding to chargebacks, emailed chargeback information to Reuveni. Exh. 144. XCaliber Solutions also updated Reuveni concerning chargeback statistics for the common enterprise's sales. Ex. 146. | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| s.      Roi Reuveni received call logs along with an invoice from a third party call center. These call logs documented customer complaints concerning the common enterprise's business practices. Ex. 325. | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| | [Opposing Decl. of Latsanovski, ¶¶1-30.] |
| | D. Defendants Latsanovski and Calenergy had no involvement in the day to day operations of Defendant Bunzai. |
| | [Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.] |
| | [Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.] |

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Decl. of Latsanovski, ¶¶10; 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

E. Defendants Latsanovski and

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

F.  Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet skincare business.  Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions.  Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for

PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO
PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| | |
|---|---|
| | Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]<br><br>[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]<br><br>[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]<br><br>[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]<br><br>[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]<br><br>[Opposing Decl. of Latsanovski, ¶¶1-30.] |
| 37. Moving Party's Response<br><br>    Defendants asserted identical responses to their responses to Plaintiff's Fact #2. Accordingly, Plaintiff hereby incorporates Moving Party's Response #2 and asserts it in response to Defendants' response to this Fact. | |
| 38. Defendant Khristopher Bond, is or has been an owner of BunZai. Dkts. 244 | 38.    *Undisputed.* |

| | |
|---|---|
| ¶ 38, 245, ¶ 38. Defendant Bond was integrally involved in the day-to-day operations of BunZai. Dkts. 244 ¶ 38, 245, ¶ 38 Bond resides in this district. Dkts. 244 ¶ 38, 245, ¶ 38. Khristopher Bond has defaulted in this action. Dkt. #229. | |
| 39. Defendant Alan Argaman was an owner of Defendant Secured Commerce LLC, Dkts. 299 ¶ 39, which designed, created, and helped manage the websites or landing pages used for deceptively marketing and selling skincare products. Ex. 46. He is also an owner of Secured Merchants, LLC, Dkts. 299 ¶ 39; 244 ¶ 39; 245 ¶ 39; see also Ex. 917 ¶ 208. Defendant Alan Argaman resides in this district. Dkt. 299 ¶ 39.<br>**a.**    Doron Nottea and Motti Nottea stated that Alan Argaman managed Secured Commerce, LLC. Dkts. 244 ¶ 39; 245 ¶ 39.<br>**b.**    Doron Nottea also stated that he and Alan Argaman were the owners of Secured Commerce, LLC. Ex. 912 ¶ 214.<br>**c.**    Alan Argaman sent and received emails using the email account avicoglobal@gmail.com. Ex. 916 ¶ 261.<br>**d**.    Alan Argaman provided a variety of critical services to the common enterprise, many through his company, Secured Merchants LLC.<br>    i.    Argaman provided integration services for their customer service management software, Limelight (See Dkt. 12 1-6, at 9-21; Dkt. 12 1-7, at 1-3), which Defendant Argaman testified is a software typically used for continuity sales. Ex. 555, 51:3-19. See also Ex. 946, at 19:23-20:17.<br>    ii.    Argaman assisted Alon | 39.        ***Disputed.***<br><br>A.    Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc.<br>[Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; *"The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment..."*]<br><br>[Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.]<br>[Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.]<br><br>[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]<br><br>[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]<br><br>[Request for Judicial Notice No. 3; |

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

Nottea in operating a call center for AuraVie customer complaints. Exs. 47; 149; 432; 440; 441; 516.

iii.    Argaman provided technical expertise to create an automated response system to allow large numbers of consumers to cancel their AuraVie continuity plans. See Dkt. 121-6, at 9-21; Dkt. 121-7, at 1-3.

iv.    Secured Merchants boasted that its contribution to the common enterprise "offer[s] a vehicle to resolve consumer disputes before they become chargebacks." Ex. 257-2.

v.    Defendant Argaman integrated the AuraVie free trial campaigns into Lime Light, a third party customer relationship management (CRM) software Defendants used for selling their products by negative option continuity plans. See Exs. 187; 306; 476; 493; 528; 547.

vi.    Email and screenshots show Defendant Argaman designing, creating, or managing a website offering risk free trial offers of skin care products. Ex. 531

vii.    Defendant Argaman admitted to creating AuraVie.com. See Ex. 555, 49:5-18.

viii.    Defendant Alon Nottea's company was invoiced by Secured Commerce LLC, a company owned by Defendant Argaman for "Design, Creation, & Optimization of Auravie landing page Campaign Setup and integration to Lime Light CRM and Click Connector." See Ex. 46.

ix.    Defendant Argaman sold Attitudeline/INFINI skincare products, a product that Defendants marketed or

Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

B. During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

sold, or assisted others in marketing or selling, by negative option continuity plans (or assisted others in marketing or selling in the same manner). Ex. 368.

x. Defendant Argaman participated in planning and managing the AuraVie Angels promotional campaign. Exs. 185; 494; 497.

xi. Defendant Argaman established toll-free telephone numbers for various shell corporations and set up call forwarding for those numbers. See, e.g., Ex. 529.

xii. Defendant Argaman used Secured Commerce to lease the main office suite where Defendants operated. Dkt. 120, at 12.

**e.** Defendant Argaman played a role in the decision making and marketing of new products relating to the common enterprise that went beyond providing assistance with technology issues and shipping. For example:

i. Defendant Argaman sent Doron Nottea a presentation concerning a product called LeElle. Defendant Argaman was later consulted concerning the company's packaging design. Exs. 360; 361.

ii. Defendant Argaman also provided input concerning who would own the new product Defendants were marketing. Ex. 362.

**f.** Defendant Argaman played a key role in refuting consumer chargebacks for the Corporate Defendants, through his company, Secured Merchants LLC.

i. contested consumer chargebacks for the Corporate Defendants that sold AuraVie and that Secured Merchants had previously

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

C. Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,746 in interest return on the

| | |
|---|---|
| provided a chargeback refutation service termed "chargeback armor." Ex. 555, at 75:1-5, 86:10-25, 88:15-24. | $500,000. |
| ii.   Defendant Argaman possessed a "Standard Service Agreement" form for clients' use of Chargebackarmor.com. Further, emails suggest that Secured Merchants processed chargebacks for AuraVie under the name Chargeback Armor. Exs. 280; 348; 412; 413. | [Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]<br><br>[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*] |
| iii.   The Chargeback Armor Service Agreement states: "The Software is made available to you and the Service is owned, operated, and provided to you by SM through the CHARGEBACKARMOR.COM Site." Ex. 280. | [Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]<br><br>[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |
| iv.   According to Chargeback Armor, Inc.'s Executive Summary, "33,000 chargebacks were processed in 2014 for our fist [sic] client, AuraVie, an anti-aging skincare company." See Ex. 28 1-2.                              v.   A document titled "Secured Merchants – Company Describes" described the "ChargeBack Armor" services as helping "win back lost revenue by reversing chargebacks in your favor" and "handl[ing] the entire chargeback dispute process on your behalf." Ex. 257. | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |
| **g.**   Defendant Argaman operated Relief Defendant Chargeback Armor, Inc., a company Defendant Alon Nottea admitted was used to refute consumer chargebacks, jointly with other Individual Defendants. | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| i.   Defendant Argaman, through his company Secured Merchants LLC, provided $250,000 in startup capital to Chargeback Armor, Inc. Exs. | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

916 ¶ 235; 917 ¶ 235; Dkt. #231-1, at 53.

    ii.     Chargeback Armor's Executive Summary states that Defendant Argaman was the company's "Chief Technology Officer." Ex. 281.

    iii.   Nova 8 Media billed Defendant Argaman of Secured Merchants for "design services" for "Chargeback Armor." See, e.g., Ex. 414.

    iv.   A Chargeback Armor, Inc. services agreement dated March 2, 2015 describes the company's board of directors as consisting of Mike Costache, Alon Nottea, and Avi Argaman. Dkt. # 231-1, at 36.

    v.   A Chargeback Armor, Inc. lease agreement dated February 27, 2015 lists Mike Costache, Doron Nottea, and Defendant Argaman as individuals to whom mail may be sent to Chargeback Armor, Inc. Ex. 365-13.

    vi.   Defendant Argaman incorporated Chargeback Armor, Inc. in concert with other Individual Defendants. Ex. 404.

    vii.   Defendant Argaman received statistics detailing  chargeback numbers for various Chargeback Armor clients, including AuraVie. Ex. 151.

    viii.   (Intentionally left blank.)

    ix.   Defendant Argaman participated in discussions  concerning high-level corporate decisions for Chargeback Armor ranging from updates regarding the launch of the company to opening the company's corporate bank account. Exs. 184; 369.

    x.   Alon Nottea reported to Defendant Argaman concerning new Chargeback Armor customers. Ex. 184.

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

D. Defendants Latsanovski and Calenergy had no involvement in the day to day operations of Defendant Bunzai.

[Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.]

[Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.]

[Decl. of Latsanovski, ¶¶10; 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

E. Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269:

276

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | | |
|---|---|---|
| 1 | Mike Costache, a Secured Merchants employee and purported Chargeback Armor CEO, sent an email to a Secured Merchants client that included referring to Secured Merchants as "the technology company that developed the Chargeback Armor product" and then noting that Secured Merchants is "transitioning all clients to be billed" by Chargeback Armor. Dkt. # 231- 1, at 8. | 4-18. ["*Alon can do it... He is running it.* (Bunzai)]. |

Mike Costache, a Secured Merchants employee and purported Chargeback Armor CEO, sent an email to a Secured Merchants client that included referring to Secured Merchants as "the technology company that developed the Chargeback Armor product" and then noting that Secured Merchants is "transitioning all clients to be billed" by Chargeback Armor. Dkt. # 231- 1, at 8.

**h.** Argaman had notice that Defendants marketed their products through negative option plans.

**i.** (Intentionally left blank.)

ii. Defendant Argaman assisted Defendants with managing their various trial campaigns on Lime Light software— software he acknowledged was often used for selling products by continuity plan. See Exs. 59; 92.

iii. Secured Merchants Executive Summary listed, under "Target Markets," numerous companies that sell or sold their products by negative option continuity plans or trial offer. See Ex. 256. Defendant Argaman was aware, or should have been aware, that Defendants took significant measures to disguise their common enterprise.

i. Defendant Argaman was sent emails discussing the "load balanc[ing] between multiple merchant accounts and corporations." Ex. 337.

ii. Paul Medina informed Defendants Doron Nottea, Alon Nottea, and Alan Argaman about high risk accounts. Ex. 337.

iii. Defendant Argaman assisted in establishing dozens of phone

4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.] [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

numbers for Defendants' shell corporations.

**j.**      Defendant Argaman was aware, or should have been aware, that Defendants engaged in "load balancing"—the means by which Defendants deceived payment processors concerning their actual chargeback ratio—between their various merchant accounts.

i.      Load balancing was discussed in emails Argaman received. See, e.g., Ex. 449.

**k.**      Defendant Argaman appears to have assisted in coordinating the assistance of and payment to a third party call center in India, which handled some customer service calls for Defendants. Ex. 386.

**l.**      Defendant Argaman was included on an email detailing the high chargeback rates for merchant accounts associated with the common enterprise. Ex. 337.

F.  Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet skincare business.  Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions.  Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

39. Moving Party's Response

Defendants asserted identical responses to their responses to Plaintiff's Fact #2.

PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO
PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| | |
|---|---|
| Accordingly, Plaintiff hereby incorporates Moving Party's Response #2 and asserts it in response to Defendants' response to this Fact. | |
| 40.      Defendant Paul Medina is or was the Executive President or Vice President of Defendant Media Urge, Inc. Ex. 946, 9:9-22. He was also an employee of BunZai, and the CEO of Focus Media Solutions, Inc. See Ex. 946, at 7: 18-8:9. | 40.      *Undisputed.* |
| 41.      Relief Defendant Chargeback Armor, Inc. is a California corporation , Dkt. 300 ¶ 41, with its principal place of business at the Reseda Office. Dkt. 120, at 18. At times material to the Complaint, Chargeback Armor, Inc. received funds from Secured Merchants, LLC, which received funds from SBM Management, Inc. Ex. 917 ¶¶ 235-236. At times material to the Complaint, Chargeback Armor Inc. transacted business in this district. Dkts. 244 ¶ 41; 245 ¶ 41. <br> a.      Secured Merchants, LLC transferred $250,000 in funds to Chargeback Armor, Inc. Exs. 916 ¶ 235; 917 ¶ 235; Dkt. # 231-1, at 53. <br> b.      Secured Merchants, LLC received more than $300,000 in funds for providing chargeback services relating to the sale of Defendants' skincare products. Ex. 918 ¶ 236. <br> Alan Argaman and Chargeback Armor, Inc. stated that Roi Reuveni was the COO of Chargeback Armor, Inc. Ex. 917 ¶ 237. <br> d.      Relief Defendant Chargeback Armor, Inc. refuted consumer chargebacks for the unauthorized | 41.      *Disputed.* <br><br> A.      Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc. <br> [Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; *"The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment..."*] <br><br> [Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.] <br><br> [Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.] <br><br> [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] <br><br> [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary |

PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO
PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

AuraVie charges.

i.      Chargeback Armor boasted to potential investors that 33,000 chargebacks were processed in 2014 for our fist [sic] client, AuraVie, an anti-aging skincare company." Dkt. 231-1, at 4.

ii.      Defendant Alon Nottea stated that Chargeback Armor, Inc. processed chargebacks for the common enterprise. Ex. 550, 172:3-5; see also Ex. 946, at 24:9-23.

e.      Although not formally incorporated until March 2015, the company operated informally before incorporation. See Ex. 280.

f.      Chargeback Armor appears to have provided nearly identical chargeback services as Secured Merchants. Dkt. 231-1, at 8; Exs. 280; 412; 413.

g.      This company specialized in providing chargeback refutation services to the "Direct Response Marketing" industry, of which Defendants were but one of many. Ex. 256.

Chargeback Armor's Executive Summary states that their "target market" was "High-rick [sic] online marketers." Ex. 281.

i.      Chargeback Armor claims to investigate all chargebacks they contest.

i.      Mike Costache, the purported CEO of Chargeback Armor, stated that they would investigate the validity of consumer chargebacks before attempting to contest them. Dkt. # 121-6, at 3.

ii.      Costache stated that Chargeback Armor's policy was to

Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

B. During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| "reply[] only to chargebacks that can be won with proper evidence from the client's Customer relationship Management (CRM), gateway provider(s) and shipping provider(s)." Id.<br><br>j.    Chargeback Armor authorized Secured Merchants to receive its mail. Ex. 365. | [Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]<br>[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]<br><br>[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]<br><br>[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]<br><br>[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]<br><br>[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]<br><br>[Opposing Decl. of Latsanovski, ¶¶1-30.] |

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

C. Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,746 in interest return on the $500,000.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea*, R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

D. Defendants Latsanovski and Calenergy had no involvement in the day to day operations of Defendant Bunzai.

[Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.]

[Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.]

[Decl. of Latsanovski, ¶¶10; 12-18.] [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial

| | |
|---|---|
| 1 | Summary Judgment filed April 18, 2016.] |
| 2 | |
| 3 | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| 9 | |
| 10 | |
| 11 | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | [Opposing Decl. of Latsanovski, ¶¶1-30.] |
| 18 | |
| 19 | E. Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct. |
| 20 | |
| 21 | |
| 22 | |
| 23 | [Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)]. |
| 24 | |
| 25 | |
| 26 | |
| 27 | [Decl. of Latsanovski, ¶¶10: 12-18.] [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski |
| 28 | |

284

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

F. Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet skincare business. Latsanovski never spoke to any customers; was not involved in the

day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions.  Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re:

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO
PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| | November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]<br><br>[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]<br><br>[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]<br><br>[Opposing Decl. of Latsanovski, ¶¶1-30.] |

41. Moving Party's Response

    Defendants asserted identical responses to their responses to Plaintiff's Fact #2. Accordingly, Plaintiff hereby incorporates Moving Party's Response #2 and asserts it in response to Defendants' response to this Fact.

## COMMON ENTERPRISE

| ***MOVING PARTY'S UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE*** | ***OPPOSING PARTY'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE*** |
|---|---|
| 42. Defendants BunZai; Pinnacle; DSA Holdings, Inc.; Lifestyle Media Brands, Inc.; Agoa Holdings, Inc.; Zen Mobile | 42. a. – h. and all subparts*.*   ***Disputed.***<br><br>A.    Defendants Latsanovski and Calenergy were solely lenders in Bunzai |

287

PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

Media, Inc.; Safehaven Ventures, Inc.; Heritage Alliance Group, Inc.; AMD Financial Network, Inc.; SBM Management, Inc.; Media Urge, Inc.; Adageo, Inc.; CalEnergy, Inc.; Kai Media, Inc.; Insight Media, Inc.; Focus Media Solutions, Inc.; Secured Commerce, LLC; Secured Merchants, LLC; USM Products, Inc.; Merchant Leverage Group, Inc.; DMA Media Holdings, Inc.; Shalita Holdings, Inc.; All Star Beauty Products, Inc. (collectively, "Corporate Defendants") have operated as a common enterprise while engaging in the deceptive and unlawful acts and practices alleged herein. See, e.g. Dkts. 121-1 p. 3, 10-11; 121-3 pp. 4-5; Ex. 384.

**a.** To determine the existence of a common enterprise, a court may consider a variety of factors including: common control; the sharing of office space and officers; whether business is transacted through a maze of interrelated companies; the commingling of corporate funds and failure to maintain separation of companies; unified advertising; pooled resources and staff; and evidence which reveals that no real distinction existed between the Corporate Defendants. FTC v. J.K. Publ'ns, Inc., 99 F. Supp. 2d 1176, 1202 (C.D. Cal. 2000); FTC v. Wolf, 1997-1 Trade Cas. (CCH) ¶ 71,713, at 79,080 (S.D. Fla. 1997).

**b.** The shared use of different merchant accounts and fictitious business names to conduct business and process credit and debit card transactions may provide a sufficient

Media Group, Inc.

[Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; "*The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment...*"]

[Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.]

[Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan

PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| | |
|---|---|
| 1 | basis for finding a common enterprise. See Cf. J.K. Publications, Inc., 99 F. Supp. 2d at 1202. |
| 2 | |
| 3 | **c.** It has been held by the Ninth Circuit that "entities constitute a common enterprise when they exhibit either vertical or horizontalcommonality – qualities that may be demonstrated by a showing of strongly interdependent economic interests or the pooling of assets and revenues." FTC v. Network Servs. Depot, Inc., 617 F.3d 1127, 1143 (9th Cir. 2010). |

basis for finding a common enterprise. See Cf. J.K. Publications, Inc., 99 F. Supp. 2d at 1202.

**c.** It has been held by the Ninth Circuit that "entities constitute a common enterprise when they exhibit either vertical or horizontalcommonality – qualities that may be demonstrated by a showing of strongly interdependent economic interests or the pooling of assets and revenues." FTC v. Network Servs. Depot, Inc., 617 F.3d 1127, 1143 (9th Cir. 2010).

**d.** Defendants' shell companies funneled the money from AuraVie sales to two primary entities, SBM Management, Inc. and CalEnergy, Inc., which in turn passed the funds on to Focus Media Solutions, Inc, the Individual Defendants, or their personal shell companies. See Dkt. #121-1, at 3.

**e.** Because these Corporate Defendants operated as a common enterprise, each of them is jointly and severally liable for the acts and practices alleged. FTC v. J.K. Publ'ns, Inc., 99 F. Supp. 2d 1176, 1202 (C.D. Cal. 2000); FTC v. Wolf, 1997-1 Trade Cas. (CCH) ¶ 71,713, at 79,080 (S.D. Fla. 1997) .

**f.** The Defendants shared offices space and pooled resources:

i. BunZai, Pinnacle, DSA Holdings, Inc., Agoa Holdings, Inc., Zen Mobile Media, Inc., Safehaven Ventures, Inc., Heritage Alliance Group, Inc., and AMD Financial Network, Inc. used the Van Nuys Office. Dkts. 244 ¶¶ 9-11, 13-17; 245 ¶¶ 9-11, 13-17; 250 ¶¶ 9-10, 13 ; 251 ¶¶ 9-

Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

B. During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; *"Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]
[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]
[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| 10, 13; <br><br>     ii.     BunZaiand Adageo, LLC used Encino Mailbox A. Dkts. 244 ¶ 9; 245 ¶ 9; Exs. 904-2, -47. <br><br>     iii.     Pinnacle used the Reseda office. Exs. 244 ¶ 10; 245 ¶ 10. <br><br>     iv.     Zen Mobile Media, Inc., SafeHaven Ventures, Inc., SBM Management, Inc., Adageo, LLC, Kai Media, Inc., and Insight Media, Inc. used Encino Mailbox B. Ex. 904-24, -30, 40, -47, -53, -56. <br><br>     v.     Secured Merchants LLC operated out of the same office suite as the other Corporate Defendants. Dkt. 120, at 24. <br><br> **g.**     Counsel for BunZai, designed the common enterprise structure. See Exs. 119; 278; see also Ex. 123 (waiver of privilege). <br><br> **h.**     Defendants recruited friends, family, and acquaintances to permit their names to be used to open shell corporations and their respective merchant accounts fraudulently. In exchange, Defendants paid these figureheads 1% of the revenue processed through the companies' in their names. See Ex. 32; 166; 170; 172. | Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] <br><br> [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] <br><br> [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] <br><br> [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] <br><br> [Opposing Decl. of Latsanovski, ¶¶1-30.] <br><br> C. Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,746 in interest return on the $500,000. <br><br> [Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.] <br><br> [Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; *"Did Bunzai ...pay back Igor ...?* |

*A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Opposing Decl. of Latsanovski, ¶¶1-30.]

D. Defendants Latsanovski and Calenergy had no involvement in the day to day operations of Defendant Bunzai.

[Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.]

[Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.]

[Decl. of Latsanovski, ¶¶10; 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO
PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]
E. Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]
[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re:

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

F. Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet skincare business. Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions. Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money

294

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

from defendant Bunzai in this case until
after Calenergy provided loans to
Bunzai.

[Decl. of Benice, ¶2;Exh. "A" January
28, 2016 Depo of Latsanovski, R.T. 269:
4-18. ["*Alon can do it... He is running it.*
(Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July
13, 2015 Declaration of Igor Latsanovski
in Support of Ex Parte Request for
Partial Relief from Temporary
Restraining Order filed July 15, 2015,
¶¶4-14.]

[Request for Judicial Notice No. 2;
Declaration of Igor Latsanovski in
Support of Motion for Summary
Judgment, or Alternatively Partial
Summary Judgment filed April 18,
2016.]

[Request for Judicial Notice No. 3;
Declaration of Ilia Klykov Re:
November 6, 2009 Fiduciary
Management Agreement; and January
12, 2015 Agreement between Guayas,
LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4;
Declaration of Mariya Aleksandrovna
Re: June 4, 2015 Master Loan
Agreement.]

[Request for Judicial Notice No. 5;
Declaration of Jeffrey S. Benice in
Support of Defendants Igor Latsanovski
and Calenergy, Inc's Motion for

| | Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]<br><br>[Opposing Decl. of Latsanovski, ¶¶1-30.] |
|---|---|
| 42. Moving Party's Response<br><br>    Defendants asserted identical responses to their responses to Plaintiff's Fact #2. Accordingly, Plaintiff hereby incorporates Moving Party's Response #2 and asserts it in response to Defendants' response to this Fact. | |
| 43. Defendants Alon Nottea, Motti Nottea, Doron Nottea, Oz Mizrahi, Igor Latsanovski, Roi Reuveni, Khristopher Bond, also known as Ray Ibbot, Alan Argaman, and Paul Medina (collectively, "Individual Defendants") formulated, directed, controlled, had the authority to control, or participated in the acts and practices of the Corporate Defendants that constitute the common enterprise.<br>a.    Media Urge, Inc. and Focus Media Solutions, Inc. were controlled by the Individual Defendants. See Ex. 941 at 8:18-9:10; Ex. 941 at 9:19- 9:25; Id. at 10:3-10:5; see also Dkt. #120, at 6 n.3, 17.<br>b.    Secured Merchants was owned and operated by the Individual Defendants:<br>    i.    Secured Merchants "Executive Summary," created in June 2013 states that the company's management consisted of Defendants Alon Nottea, "Avi" Argaman, and Paul Medina. Ex. 256-2.<br>    ii.    A Secured Merchants | 43.    *Disputed. [a. – d. and all subparts.]*<br>A.    Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc.<br><br>[Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; *"The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment..."*]<br><br>[Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.]<br><br>[Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.]<br><br>[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |

| | |
|---|---|
| LLC's operating agreement draft names Defendant Argaman and Defendant Alon Nottea as the company's two managers. Ex. 255-22. | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |
|      iii.     Nonprivileged attorney invoices reference meetings concerning Secured Merchants with Alon Nottea and "Igor." Ex. 388-3; 388-4. | |
|      iv.     Secured Merchants LLC was identified as one of the "Bunzai Companies" on a list that Defendant Doron Nottea sent to CPA David Davidian. Ex. 394. | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
|      v.     Doron Nottea created the email address securedmerchantsllc@gmail.com. Ex. 357. | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
|      vi.     Defendant Argaman denied the existence of any other founder for Secured Merchants. Ex. 555, at 28:16-28:23; Ex. 555, at 29:7-29:8. | |
| **c.**     Chargeback Armor, Inc. was owned and operated by Defendants: | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
|      i.     Chargeback Armor's Executive Summary lists Defendant Alon Nottea as President, Defendant Alan Argaman as Chief Technology Officer, and Defendant Roi Reuveni as Customer Service Manager. See Ex. 28 1-3. | |
|      ii.     Defendant Paul Medina also testified that he believed Alon Nottea owned the company. Ex. 946, at 25:2-25:6. | [Opposing Decl. of Latsanovski, ¶¶1-30.] |
|      iii.     Alon Nottea reported to Defendant Argaman concerning new Chargeback Armor customers. Ex. 184. | B. During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates. |
|      iv.     Defendant Alon Nottea solicited investors for Chargeback Armor, Ex. 910 ¶ 234; 917 ¶ 234, and | [Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.] |

| | |
|---|---|
| the purported Chargeback Armor CEO referred to him as his "business partner." Dkt. 120, at 23. | [Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*] |
| v.      Purported CEO Mike Costache consulted with the Individual Defendants concerning hiring and contracting decisions. Dkt. #231-1, at 23, 26. | [Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.] |
| vi.      Mike Costache, a Secured Merchants employee and purported Chargeback Armor CEO, sent an email to a Secured Merchants client that included referring to Secured Merchants as "the technology company that developed the Chargeback Armor product" and then noting that Secured Merchants is "transitioning all clients to be billed" by Chargeback Armor. Dkt. #231-1, at 8. | [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |
| vii.      Nova 8 Media billed Defendant Argaman of Secured Merchants for "design services" for "Chargeback Armor." Ex. 414. | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |
| viii.   A Chargeback Armor, Inc. services agreement dated March 2, 2015 describes the company's board of directors as consisting of Mike Costache, Alon Nottea, and Avi Argaman. Dkt. #231-1, at 36. | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| ix.      A Chargeback Armor, Inc. lease agreement dated February 27, 2015 lists Mike Costache, Doron Nottea, and Defendant Argaman as individuals to whom mail may be sent to Chargeback Armor, Inc. Ex. 365-13. | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| x.      Defendant Doron Nottea was a signatory on Chargeback Armor's bank account and is listed as secretary of the company on its bank of America account. See Dkt. #214, at 31; Dkt. #231-1, at 46. | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal |

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| xi. Mike Costache requested that Defendant Roi Reuveni set up an inbox anticipating email and telephone communications in light of Alon Nottea's new business cards with a toll free number. Dkt. 231-1, at 9. | Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| **d.** Defendants' CPA sent Doron Nottea a spreadsheet of the "BunZai companies." Included on this list were nearly every Corporate Defendant. Ex. 302. | [Opposing Decl. of Latsanovski, ¶¶1-30.] |
| | C. Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,746 in interest return on the $500,000. |
| | [Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.] |
| | [Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; *"Did Bunzai ...pay back Igor ...? A. I believe it did.*] |
| | [Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.] |
| | [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |
| | D. Defendants Latsanovski and Calenergy had no involvement in the day to day operations of Defendant Bunzai. |
| | [Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.] |
| | [Decl. of Benice, ¶4; Exh. "C" *February* |

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

*18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.]

[Decl. of Latsanovski, ¶¶10; 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

E. Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct. [Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.] [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

F.  Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet skincare business.  Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions.  Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski

| | |
|---|---|
| 1 | in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |
| 2 | |
| 3 | |
| 4 | |
| 5 | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |
| 6 | |
| 7 | |
| 8 | |
| 9 | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| 15 | |
| 16 | |
| 17 | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | [Opposing Decl. of Latsanovski, ¶¶1-30.] |
| 24 | |
| 25 | |

**43. Moving Party's Response**

Defendants asserted identical responses to their responses to Plaintiff's Fact #2. Accordingly, Plaintiff hereby incorporates Moving Party's Response #2 and

asserts it in response to Defendants' response to this Fact.

**COMMERCE**

| MOVING PARTY'S UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE |
|---|---|
| 44.     At all times material to the Complaint, Defendants have maintained a substantial course of trade in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44. Exs. 910 ¶ 55; 911 ¶ 55. | 44.        *Disputed.*<br><br>A.     Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc.<br>[Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; *"The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment..."*]<br><br>[Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.]<br><br>[Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.]<br><br>[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]<br><br>[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

B. During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO
PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

C. Defendant Latsanovski and Calenergy received the $500,000 in full repayment

and $317,746 in interest return on the $500,000.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO
PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| 1 | Agreement.] |
| 2 | [Request for Judicial Notice No. 5; |
| 3 | Declaration of Jeffrey S. Benice in |
| 4 | Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for |
| 5 | Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, |
| 6 | Alternatively Partial Summary |
| 7 | Judgment.] |
| 8 | [Opposing Decl. of Latsanovski, ¶¶1- |
| 9 | 30.] |
| 10 | D. Defendants Latsanovski and |
| 11 | Calenergy had no involvement in the day to day operations of Defendant Bunzai. |
| 12 | |
| 13 | [Decl. of Benice, ¶2; Exh. "A" *January* |
| 14 | *28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.] |
| 15 | |
| 16 | [Decl. of Benice, ¶4; Exh. "C" *February* |
| 17 | *18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.] |
| 18 | [Decl. of Latsanovski, ¶¶10; 12-18.] |
| 19 | |
| 20 | [Request for Judicial Notice No. 1; July |
| 21 | 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for |
| 22 | Partial Relief from Temporary |
| 23 | Restraining Order filed July 15, 2015, ¶¶4-14.] |
| 24 | |
| 25 | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in |
| 26 | Support of Motion for Summary |
| 27 | Judgment, or Alternatively Partial Summary Judgment filed April 18, |
| 28 | 2016.] |

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]


E. Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.] [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for

Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

F.  Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet skincare business.  Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet

skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions.  Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
|---|---|
| | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| | [Opposing Decl. of Latsanovski, ¶¶1-30.] |

44. Moving Party's Response

   Defendants asserted identical responses to their responses to Plaintiff's Fact #2. Accordingly, Plaintiff hereby incorporates Moving Party's Response #2 and asserts it in response to Defendants' response to this Fact.

## DEFENDANTS BUSINESS PRACTICES

| ***MOVING PARTY'S UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE*** | ***OPPOSING PARTY'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE*** |
|---|---|
| 45.    Defendants advertised, marketed, distributed, and sold skincare products online from multiple Internet websites, including auravie.com, auraviefreetrial.com, auravietrialkit.com, and mymiraclekit.com, since at least 2010. Exs. 909; 597-13,-16,-19, -22; see also Dkt. 120, at 1. Defendants offered free | 45.    ***Disputed.***<br><br>A.    Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc.<br>[Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; *"The most important term was that from* |

312

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| trials of their products under a variety of brand names including "AuraVie," "Dellure," "LéOR Skincare," and "Miracle Face Kit" (collectively, "AuraVie"). Exs. 909-23, -24, -25, -144, -155; 335 (Dellure); 232-33 (Miracle Face Kit). | *day one from when I gave my first check, it's a loan and it's payable back with interest on my investment..."*] <br><br> [Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.] <br><br> [Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.] <br><br> [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] <br><br> [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] <br><br> [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] <br><br> [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] <br><br> [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski |

313

and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

B. During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]
[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

C. Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,746 in interest return on the $500,000.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶

315

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO
PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]
[Opposing Decl. of Latsanovski, ¶¶1-30.]

D. Defendants Latsanovski and Calenergy had no involvement in the day

to day operations of Defendant Bunzai.

[Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.]

[Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.]

[Decl. of Latsanovski, ¶¶10; 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski

and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

E. Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.] [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

F.  Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet skincare business.  Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions.  Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai.

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO
PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| | [Opposing Decl. of Latsanovski, ¶¶1-30.] |

**45. Moving Party's Response**

    Defendants asserted identical responses to their responses to Plaintiff's Fact #2. Accordingly, Plaintiff hereby incorporates Moving Party's Response #2 and asserts it in response to Defendants' response to this Fact.

| 46.   Defendants' website failed to disclose adequately and materially misrepresented the terms of their trial offers. Ex. 909-113, -115, -116, -126, -128, -140. | 46.   ***Disputed.*** |
|---|---|
| | A.   Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc. |
| | [Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; *"The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment..."*] |
| | [Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.] |
| | [Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.] |
| | [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |
| | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial |

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO
PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

B. During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

C. Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,746 in interest return on the $500,000.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

D. Defendants Latsanovski and Calenergy had no involvement in the day to day operations of Defendant Bunzai.

[Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.]

[Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.]

[Decl. of Latsanovski, ¶¶10; 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary

PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

E. Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.] [Request for Judicial Notice No. 1; July

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

F.  Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet skincare business.  Latsanovski never spoke to

any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions.  Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re:

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| | November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]<br><br>[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]<br><br>[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]<br><br>[Opposing Decl. of Latsanovski, ¶¶1-30.] |
| **46. Moving Party's Response**<br><br>    Defendants asserted identical responses to their responses to Plaintiff's Fact #2. Accordingly, Plaintiff hereby incorporates Moving Party's Response #2 and asserts it in response to Defendants' response to this Fact. | |

### *Defendants' Risk Free Trial Offers*

| ***MOVING PARTY'S UNCONTROVERTED FACTS AND*** | ***OPPOSING PARTY'S RESPONSE TO CITED FACT AND SUPPORTING*** |
|---|---|

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| SUPPORTING EVIDENCE | EVIDENCE |
|---|---|
| 47.     [Intentionally left blank.] | |
| 48.     Consumers testified by sworn declaration that Defendants advertised on third-party websites such as Facebook.com, Amazon.com, HomeDepot.com, and offered a "risk-free" trial or "trial order" of Defendants' skincare products. Exs. 2 ¶ 2; 13 ¶ 2; 14 ¶ 2; After consumers clicked on these advertisements, they were directed to Defendants' websites and lured into providing their credit or debit card information by representations that if consumers paid a nominal shipping and handling charge, typically $4.99 or less, they would receive a "risk-free" trial, "trial order," or "gift" of products. Exs. 2 ¶ 2; 4 ¶ 2; 13 ¶ 2; 14 ¶ 2; 15 ¶ 2; 909-1 13,-125; 909-113, -115, -128; see also 903-8. | 48.     ***Disputed.***<br><br>A.     Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc.<br><br>[Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; *"The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment..."*]<br><br>[Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.]<br><br>[Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.]<br><br>[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]<br><br>[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]<br><br>[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January |

| | |
|---|---|
| 1 | 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| 2 | |
| 3 | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| 4 | |
| 5 | |
| 6 | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | [Opposing Decl. of Latsanovski, ¶¶1-30.] |
| 13 | |
| 14 | B. During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates. |
| 15 | |
| 16 | |
| 17 | |
| 18 | [Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.] |
| 19 | |
| 20 | |
| 21 | [Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea*, R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*] |
| 22 | |
| 23 | |
| 24 | [Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.] |
| 25 | |
| 26 | |
| 27 | [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for |
| 28 | |

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

C. Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,746 in interest return on the $500,000.

[Decl. of Benice, ¶2; Exh. "A" thereto,

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| 1 | *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.] |
| 2 | |
| 3 | |
| 4 | [Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*] |
| 5 | |
| 6 | |
| 7 | [Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.] |
| 8 | |
| 9 | |
| 10 | [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |
| 16 | |
| 17 | |
| 18 | |
| 19 | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| 25 | |
| 26 | |
| 27 | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in |
| 28 | |

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO
PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

D. Defendants Latsanovski and Calenergy had no involvement in the day to day operations of Defendant Bunzai.

[Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.]

[Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.]

[Decl. of Latsanovski, ¶¶10; 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

E. Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.] [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2;

Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

F.  Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet skincare business.  Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the

web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions.  Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4;

| | |
|---|---|
| | Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]<br><br>[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]<br><br>[Opposing Decl. of Latsanovski, ¶¶1-30.] |
| **48. Moving Party's Response**<br><br>     Defendants asserted identical responses to their responses to Plaintiff's Fact #2. Accordingly, Plaintiff hereby incorporates Moving Party's Response #2 and asserts it in response to Defendants' response to this Fact. | |
| 49.  Defendants' websites prominently claimed that their offer was merely a "trial" (screen capture from http://auraviefreetrial.com, captured Mar. 25, 2014). Ex. 909-113; see also Ex. 600-17. Defendants promoted their offer as a "risk- free" trial and, on most sites, claimed that customer satisfaction was "100% guaranteed": (screen capture from http://mymiraclekit.com, captured May 12, 2014). Ex. 909- 128.<br>**a**.  Earlier versions of one of Defendants' websites offered their products as a prize, purportedly for consumers who completed surveys: (screen capture from http://archive.org, captured May 28, 2015). Ex. 903-8. | 49.  ***Disputed.***<br><br>A.  Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc.<br>[Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; "*The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment...*"]<br><br>[Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.]<br><br>[Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.] |

338

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

B. During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5;

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| 1 | Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | [Opposing Decl. of Latsanovski, ¶¶1-30.] |
| 7 | |
| 8 | C. Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,746 in interest return on the $500,000. |
| 9 | |
| 10 | |
| 11 | |
| 12 | [Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.] |
| 13 | |
| 14 | |
| 15 | [Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*] |
| 16 | |
| 17 | |
| 18 | [Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.] |
| 19 | |
| 20 | |
| 21 | [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial |
| 27 | |
| 28 | |

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]


D. Defendants Latsanovski and Calenergy had no involvement in the day to day operations of Defendant Bunzai.

[Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.]

[Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.]

[Decl. of Latsanovski, ¶¶10; 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

E. Defendants Latsanovski and Calenergy had no knowledge or

1
2
3

involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct.

4
5
6

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

7
8
9
10
11

[Decl. of Latsanovski, ¶¶10: 12-18.] [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

12
13
14
15
16

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

17
18
19
20
21

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

22
23
24

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

25
26
27
28

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal

344

Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

F.  Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet skincare business.  Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions.  Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | Restraining Order filed July 15, 2015, ¶¶4-14.] |
|---|---|
| | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |
| | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| | [Opposing Decl. of Latsanovski, ¶¶1-30.] |

**49. Moving Party's Response**

Defendants asserted identical responses to their responses to Plaintiff's Fact #2. Accordingly, Plaintiff hereby incorporates Moving Party's Response #2 and asserts it in response to Defendants' response to this Fact.

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| 50. When a user attempted to leave Defendants' websites, a text Box appeared that offered to ship the trial offer at a lower shipping price. These pop-up advertisements contained false representations that AuraVie was accredited by the Better Business Bureau ("BBB") with an "A-" rating: (screen capture from http://auraviefreetrial.com, captured March 25, 2014). Ex. 909-116. In fact, AuraVie was not accredited by the BBB and it had an F rating. Ex. 907 ¶ 5. a. the BBB actually contacted Defendants concerning their deceptive practices. Ex. 592. | 50. a. **Disputed.** A. Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc. [Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; "*The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment...*"]<br><br>[Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.]<br><br>[Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.]<br><br>[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]<br><br>[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]<br><br>[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary |

Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

B. During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea*, R.T. 85: lns. 3-5; *"Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]
[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski

in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

C. Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,746 in interest return on the $500,000.

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5;

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

D. Defendants Latsanovski and Calenergy had no involvement in the day to day operations of Defendant Bunzai.

[Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.]

[Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.]

[Decl. of Latsanovski, ¶¶10; 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re:

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

E. Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.] [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

F.  Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet skincare business.  Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or

353

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions. Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]<br><br>[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]<br><br>[Opposing Decl. of Latsanovski, ¶¶1-30.] |
|---|---|
| 50a. Moving Party's Response<br><br>    Defendants asserted identical responses to their responses to Plaintiff's Fact #2. Accordingly, Plaintiff hereby incorporates Moving Party's Response #2 and asserts it in response to Defendants' response to this Fact. | |

### *Defendants' Hidden Costs, Continuity Plan Features, and Return Policy*

| *MOVING PARTY'S UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE* | *OPPOSING PARTY'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE* |
|---|---|
| 51. Defendants' marketing practices employed tactics including hidden costs, signing up consumers for negative option continuity plans without their consent, and undisclosed and onerous return policies. See, e.g., Exs. 2 | 51.    ***Disputed.***<br><br>A.    Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc. [Decl. of Benice, ¶3; January 28, 2016 |

| | |
|---|---|
| ¶¶ 3-6; 5 ¶¶ 2-5; 6 ¶¶ 3-6; 7 ¶¶ 2-6; 8 ¶¶ 3-5; 9 ¶¶ 2-5; 11 ¶ 5; 13 ¶ 7; 14 ¶¶ 4-6; 909-117, -118, -130, -131, -145, -146. In their advertisements and sales offers, Defendants failed to disclose adequately that they would charge consumers' credit or debit accounts for the trial product, typically as much as $97.88, after a 10-day period. Id. | Depo of Latsanovski, R.T. 76:lns. 1-14; *"The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment..."*] <br><br> [Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.] <br><br> [Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.] <br><br> [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] <br><br> [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] <br><br> [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] <br><br> [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] <br><br> [Request for Judicial Notice No. 5; |

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| 1 | Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | [Opposing Decl. of Latsanovski, ¶¶1-30.] |
| 7 | |
| 8 | B. During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates. |
| 9 | |
| 10 | |
| 11 | |
| 12 | [Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.] |
| 13 | |
| 14 | |
| 15 | [Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*] |
| 16 | |
| 17 | |
| 18 | [Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.] |
| 19 | |
| 20 | |
| 21 | [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |
| 22 | |
| 23 | |
| 24 | |
| 25 | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, |
| 26 | |
| 27 | |
| 28 | |

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

C. Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,746 in interest return on the $500,000.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO
PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

D. Defendants Latsanovski and Calenergy had no involvement in the day to day operations of Defendant Bunzai.

[Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.]

[Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.]

[Decl. of Latsanovski, ¶¶10; 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Request for Judicial Notice No. 5;
Declaration of Jeffrey S. Benice in
Support of Defendants Igor Latsanovski
and Calenergy, Inc's Motion for
Summary Judgment Pursuant to Federal
Rules of Civil Procedure Rule 56 or,
Alternatively Partial Summary
Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-
30.]

E. Defendants Latsanovski and
Calenergy had no knowledge or
involvement in Defendant Bunzai's
alleged wrongful activity and did not
recklessly disregard such conduct.

[Decl. of Benice, ¶2;Exh. "A" January
28, 2016 Depo of Latsanovski, R.T. 269:
4-18. ["*Alon can do it... He is running it.*
(Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]
[Request for Judicial Notice No. 1; July
13, 2015 Declaration of Igor Latsanovski
in Support of Ex Parte Request for
Partial Relief from Temporary
Restraining Order filed July 15, 2015,
¶¶4-14.]

[Request for Judicial Notice No. 2;
Declaration of Igor Latsanovski in
Support of Motion for Summary
Judgment, or Alternatively Partial
Summary Judgment filed April 18,
2016.]

[Request for Judicial Notice No. 3;
Declaration of Ilia Klykov Re:

| | |
|---|---|
| 1 | November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| 2 | |
| 3 | |
| 4 | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| 5 | |
| 6 | |
| 7 | |
| 8 | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | [Opposing Decl. of Latsanovski, ¶¶1-30.] |
| 15 | |
| 16 | F.  Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet skincare business.  Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions.  Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

362

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

from defendant Bunzai in this case until after Calenergy provided loans to Bunzai.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| | Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] <br><br> [Opposing Decl. of Latsanovski, ¶¶1-30.] |

**51. Moving Party's Response**

     Defendants asserted identical responses to their responses to Plaintiff's Fact #2. Accordingly, Plaintiff hereby incorporates Moving Party's Response #2 and asserts it in response to Defendants' response to this Fact.

| | |
|---|---|
| 52.  Defendants also failed to disclose adequately that consumers who accepted the trial offer would be enrolled into a continuity program. Exs. 2 ¶ 6; 3 ¶ 14; 5 ¶ 4; 7 ¶ 6; see also 4 ¶ 6; 9 ¶ 5; 13 ¶ 7; 909-113, -115, -116, -126, -140, - 155. Under the continuity program, Defendants sent consumers additional shipments of Defendants' skin care product each month and charged consumers' credit or debit cards the full cost of each product shipped until consumers affirmatively canceled their membership in the continuity program. Exs. 2 ¶ 5 ¶ 4; 7 ¶ 6; 909-117,-118, -130, -131, -145, -146; see also 3 ¶¶ 8; 4 ¶ 6; 9 ¶ 7. | 52.  **_Disputed._** <br><br> A.  Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc. [Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; *The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment..."*] <br><br> [Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.] <br><br> [Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.] <br><br> [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] <br><br> [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary |

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

B. During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; *"Did Bunzai ...pay back Igor ...?*

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

*A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

C. Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,746 in interest return on the $500,000.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

D. Defendants Latsanovski and Calenergy had no involvement in the day to day operations of Defendant Bunzai.

[Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.]

[Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.]

[Decl. of Latsanovski, ¶¶10; 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

Judgment, or Alternatively Partial
Summary Judgment filed April 18,
2016.]

[Request for Judicial Notice No. 3;
Declaration of Ilia Klykov Re:
November 6, 2009 Fiduciary
Management Agreement; and January
12, 2015 Agreement between Guayas,
LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4;
Declaration of Mariya Aleksandrovna
Re: June 4, 2015 Master Loan
Agreement.]

[Request for Judicial Notice No. 5;
Declaration of Jeffrey S. Benice in
Support of Defendants Igor Latsanovski
and Calenergy, Inc's Motion for
Summary Judgment Pursuant to Federal
Rules of Civil Procedure Rule 56 or,
Alternatively Partial Summary
Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-
30.]

E. Defendants Latsanovski and
Calenergy had no knowledge or
involvement in Defendant Bunzai's
alleged wrongful activity and did not
recklessly disregard such conduct.

[Decl. of Benice, ¶2;Exh. "A" January
28, 2016 Depo of Latsanovski, R.T. 269:
4-18. ["*Alon can do it... He is running it.*
(Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

F.  Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet skincare

business.  Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions.  Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

| | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]<br><br>[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]<br><br>[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]<br><br>[Opposing Decl. of Latsanovski, ¶¶1-30.] |

**52. Moving Party's Response**

Defendants asserted identical responses to their responses to Plaintiff's Fact #2. Accordingly, Plaintiff hereby incorporates Moving Party's Response #2 and asserts it in response to Defendants' response to this Fact.

| 53.    Consumers testified that they were typically unaware that they had enrolled in Defendants' continuity program until they discovered charges— usually $97.88 a month—on their credit or debit card statements. Exs. 4 ¶ 3; 5 ¶ 3; 6 ¶ 5; 7 ¶ 3; 9 ¶ 4; 10 ¶ 3; 11 ¶ 3; 12 ¶ 5; 13 ¶ 6; 14 ¶ 5; 15 ¶ 4; see also 8 ¶ 4. Consumers further testified that, by time they became aware of the charges, Defendants told them it was too late for them to return | 53.    ***Disputed.***<br><br>A.    Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc. [Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; *"The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment..."*]<br><br>[Decl. of Benice, ¶4; Exh. "C" thereto, |

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| the product for a refund. Exs. 2 ¶ 6; 4 ¶ 6; 5 ¶ 4; 7 ¶ 6. | *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.] |
| | [Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.] |
| | [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |
| | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |
| | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Opposing Decl. of Latsanovski, ¶¶1-30.]

B. During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]
[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas,

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO
PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

C. Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,746 in interest return on the $500,000.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; *"Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

D. Defendants Latsanovski and Calenergy had no involvement in the day to day operations of Defendant Bunzai.

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.]

[Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.]

[Decl. of Latsanovski, ¶¶10; 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

E. Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.] [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4;

Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

F.  Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet skincare business.  Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions.  Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai.

[Decl. of Benice, ¶2;Exh. "A" January

---

379

28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| | [Opposing Decl. of Latsanovski, ¶¶1-30.] |
|---|---|

53. Moving Party's Response

     Defendants asserted identical responses to their responses to Plaintiff's Fact #2. Accordingly, Plaintiff hereby incorporates Moving Party's Response #2 and asserts it in response to Defendants' response to this Fact.

| 54. Further, although Defendants promoted their offers as "risk-free" with "100% satisfaction guaranteed," Defendants failed to disclose, or disclose adequately, material terms of their return policy. Ex. 909-113, -115, -116, -126, - 140, -155; see also 2 ¶¶ 2-6, 10; 3 ¶ 14; 4 ¶ 8; 5 ¶ 2; 7 ¶ 7; 8 ¶ 8; 9 ¶ 7; 10 ¶¶ 2, 7; 11 ¶ 7; 12 ¶ 2; 13 ¶ 9; 14 ¶ 8; 15 ¶ 3, 7. Defendants failed to disclose adequately that consumers must cancel their order within 10 or 14 days and return unopened product within a certain period of time, usually 10, 14, or 30 days, to avoid being charged a $97.88 fee. Exs., 909-117, - 118, -125, -131, -146; 2 ¶ 6; 5 ¶ 5; 9 ¶ 7; 13 ¶ 9; 14 ¶¶ 3-4, 8. Defendants also failed to disclose adequately that after 10 days, only unopened products could be returned for a refund and that no refunds would be provided for any product returned after 30 days. Ex., 909-118, -131, -146; see also 2 ¶¶ 7-10; 5 ¶ 5; 9 ¶ 7; 12 ¶¶ 2-3; 13 ¶ 9; 14 ¶¶ 3-4, 8; 15 ¶ 3. | 54. ***Disputed.***<br><br>A. Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc.<br>[Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; "*The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment...*"]<br><br>[Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.]<br><br>[Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.]<br><br>[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]<br><br>[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

B. During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea*, R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A"

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| 1 | thereto, July, 2015 Loan Summary; ¶¶ 15-16.] |
| 2 | [Request for Judicial Notice No. 1; July |
| 3 | 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for |
| 4 | Partial Relief from Temporary |
| 5 | Restraining Order filed July 15, 2015, ¶¶4-14.] |
| 6 | |
| 7 | [Request for Judicial Notice No. 2; |
| 8 | Declaration of Igor Latsanovski in Support of Motion for Summary |
| 9 | Judgment, or Alternatively Partial |
| 10 | Summary Judgment filed April 18, 2016.] |
| 11 | |
| 12 | [Request for Judicial Notice No. 3; |
| 13 | Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary |
| 14 | Management Agreement; and January |
| 15 | 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| 16 | |
| 17 | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna |
| 18 | Re: June 4, 2015 Master Loan Agreement.] |
| 19 | |
| 20 | [Request for Judicial Notice No. 5; |
| 21 | Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski |
| 22 | and Calenergy, Inc's Motion for |
| 23 | Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, |
| 24 | Alternatively Partial Summary Judgment.] |
| 25 | |
| 26 | [Opposing Decl. of Latsanovski, ¶¶1-30.] |
| 27 | |
| 28 | C. Defendant Latsanovski and Calenergy |

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO
PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

received the $500,000 in full repayment and $317,746 in interest return on the $500,000.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea*, R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna

384

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

D. Defendants Latsanovski and Calenergy had no involvement in the day to day operations of Defendant Bunzai.

[Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.]

[Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.]

[Decl. of Latsanovski, ¶¶10; 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18,

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

E. Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.] [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for

PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

F.  Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet skincare business.  Latsanovski never spoke to any customers; was not involved in the

day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions.  Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re:

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO
PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| | November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| | [Opposing Decl. of Latsanovski, ¶¶1-30.] |

**54. Moving Party's Response**

     Defendants asserted identical responses to their responses to Plaintiff's Fact #2. Accordingly, Plaintiff hereby incorporates Moving Party's Response #2 and asserts it in response to Defendants' response to this Fact.

| | |
|---|---|
| 55.    Consumers have testified that, because they did not receive their "risk-free" trial until after 10 days have elapsed (or nearly elapsed), they could not return the product in time to avoid the $97.88 fee. Ex. 14 ¶ 4, 6; see also 10 ¶¶ 3- 4. Consumers also testified that Defendants failed to disclose adequately that they often assessed a "restocking" fee of up to $15 for returning products. Ex. 4 ¶ 7; see also Exs. 2 ¶ 6; 901-49: 8; 909-118, -131, -146. Accordingly, consumers who accepted Defendants' trial offers were likely to incur | 55.    ***Disputed.*** <br><br>A.    Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc. [Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; *"The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment..."*] <br><br>[Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, |

389

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| unexpected charges. | R.T. 84: 15-25; 85: 1-25; 86: 1-24.] |
| | [Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.] |
| | [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |
| | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |
| | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |

PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO
PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

[Opposing Decl. of Latsanovski, ¶¶1-30.]

B. During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

C. Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,746 in interest return on the $500,000.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

D. Defendants Latsanovski and Calenergy had no involvement in the day to day operations of Defendant Bunzai.

[Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.]

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.]

[Decl. of Latsanovski, ¶¶10; 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Opposing Decl. of Latsanovski, ¶¶1-30.]

E. Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.] [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

F.  Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet skincare business.  Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions.  Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| **55. Moving Party's Response** | |
| Defendants asserted identical responses to their responses to Plaintiff's Fact #2. Accordingly, Plaintiff hereby incorporates Moving Party's Response #2 and asserts it in response to Defendants' response to this Fact. | |
| 56.    Defendants' websites did not contain a disclosure concerning the initial charges for the product, continuity program, or return policies until the "final step" of their ordering page. Ex. 909-125. Consumers have testified that they never saw such a disclosure, even when they specifically looked for one. Exs. 4 ¶ 8; 8 ¶ 3.<br><br>**a.**    As the screen capture below illustrates, the disclosure was in significantly smaller print and was obscured by a variety of graphics and text: (screen capture from http://auraviefreetrial.com, captured March 24, 204; not to scale) Ex. 909-125. In contrast, Defendants represented—in bold, red font at the top-center of the page—that their trial shipment cost "$0.00." Id.<br><br>**b.**    For some websites, no disclosure was provided even in the final step. Ex. 902-1. | **56. a.-b.**    ***Disputed.***<br><br>A.    Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc.<br>[Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; *"The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment..."*]<br><br>[Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.]<br><br>[Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.]<br><br>[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]<br><br>[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]<br><br>[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary |

Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

B. During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]
[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski

in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

C. Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,746 in interest return on the $500,000.

PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; *"Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5;

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| 1 | Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | [Opposing Decl. of Latsanovski, ¶¶1-30.] |
| 7 | |
| 8 | D. Defendants Latsanovski and Calenergy had no involvement in the day to day operations of Defendant Bunzai. |
| 9 | |
| 10 | |
| 11 | [Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.] |
| 12 | |
| 13 | |
| 14 | [Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.] |
| 15 | |
| 16 | [Decl. of Latsanovski, ¶¶10; 12-18.] |
| 17 | |
| 18 | [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |
| 19 | |
| 20 | |
| 21 | |
| 22 | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: |
| 28 | |

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

E. Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.] [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO
PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

F.  Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet skincare business.  Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions.  Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| | Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |
| | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| | [Opposing Decl. of Latsanovski, ¶¶1-30.] |

**56. Moving Party's Response**

     Defendants asserted identical responses to their responses to Plaintiff's Fact #2. Accordingly, Plaintiff hereby incorporates Moving Party's Response #2 and asserts it in response to Defendants' response to this Fact.

| | |
|---|---|
| 57. Even if the disclosure were prominently displayed, it failed to mention many material terms and conditions of Defendants' offer. Defendants' disclosure stated: We take great pride in the quality of our products & are confident that you will achieve phenomenal results. By submitting your order, you agree to both | 57.    ***Disputed.*** <br><br> A.    Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc. <br><br> [Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; *"The most important term was that from day one from when I gave my first check,* |

| | |
|---|---|
| the terms of this offer (click link below) & to pay $4.95 S&H for your 10 day trial. If you find this product is not for you, cancel within the 10 day trial period to avoid being billed. After your 10 day trial expires, you will be billed $97.88 for your trial product & enrolled in our monthly autoship program for the same discounted price. Cancel anytime by calling 866.216.9336. Returned shipments are at customer's expense. This trial is limited to 1 offer per household. Ex. 909-125. | *it's a loan and it's payable back with interest on my investment..."*]<br><br>[Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.]<br><br>[Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.]<br><br>[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]<br><br>[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]<br><br>[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]<br><br>[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]<br><br>[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for |

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO
PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

B. During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]
[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3;

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

C. Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,746 in interest return on the $500,000.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea*, R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

D. Defendants Latsanovski and Calenergy had no involvement in the day to day operations of Defendant Bunzai.

[Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.]

[Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.]

[Decl. of Latsanovski, ¶¶10; 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5;

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

E. Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.] [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

F. Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet skincare business. Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions. Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to

1

Bunzai.

2

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

3

4

5

[Decl. of Latsanovski, ¶¶10: 12-18.]

6

7

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

8

9

10

11

12

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

13

14

15

16

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

17

18

19

20

21

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

22

23

24

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or,

25

26

27

28

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| | Alternatively Partial Summary Judgment.] <br><br> [Opposing Decl. of Latsanovski, ¶¶1-30.] |
| **57. Moving Party's Response** <br><br>     Defendants asserted identical responses to their responses to Plaintiff's Fact #2. Accordingly, Plaintiff hereby incorporates Moving Party's Response #2 and asserts it in response to Defendants' response to this Fact. | (spans full width) |
| 58. Defendants' disclosure paragraph, as set forth above, failed to disclose: (a) that the 10-day trial period by which consumers must cancel began on the day that the product was ordered; (b) that, to avoid charges, the consumer must also return the product to Defendants by a certain time; (c) that consumers could not return the product for a refund after 10 days if it has been opened; (d) that consumers could not return the product for a refund after 30 days, even if it was not opened; and (e) that a restocking fee, usually $15, may be charged when a product was returned. Id. | 58.       ***Disputed.*** <br><br> A.   Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc. [Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; *"The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment..."*] <br><br> [Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.] <br><br> [Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.] <br><br> [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] <br><br> [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, |

2016.]

[Request for Judicial Notice No. 3;
Declaration of Ilia Klykov Re:
November 6, 2009 Fiduciary
Management Agreement; and January
12, 2015 Agreement between Guayas,
LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4;
Declaration of Mariya Aleksandrovna
Re: June 4, 2015 Master Loan
Agreement.]

[Request for Judicial Notice No. 5;
Declaration of Jeffrey S. Benice in
Support of Defendants Igor Latsanovski
and Calenergy, Inc's Motion for
Summary Judgment Pursuant to Federal
Rules of Civil Procedure Rule 56 or,
Alternatively Partial Summary
Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-
30.]

B. During the period 2010 to 2015
Defendants Latsanovski and Calenergy
made loans totaling $500,000 to
Defendant Bunzai and its affiliates.

[Decl. of Benice, ¶2; Exh. "A" thereto,
*January 28, 2016 Depo of Latsanovski*,
R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-
24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February
18, *2016 Depo of Alon Nottea,* R.T. 85:
lns. 3-5; "*Did Bunzai ...pay back Igor ...?
A. I believe it did.*]

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO
PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

C. Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,746 in interest return on the $500,000.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; *"Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4;

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

D. Defendants Latsanovski and Calenergy had no involvement in the day to day operations of Defendant Bunzai.

[Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.]

[Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.]

[Decl. of Latsanovski, ¶¶10; 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary

Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

E. Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

| | |
|---|---|
| | [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]<br><br>F. Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet skincare business. Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions. Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai.<br><br>[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].<br><br>[Decl. of Latsanovski, ¶¶10: 12-18.]<br><br>[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary |

| | |
|---|---|
| | Restraining Order filed July 15, 2015, ¶¶4-14.] |
| | |
| | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |
| | |
| | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| | |
| | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| | |
| | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| | |
| | [Opposing Decl. of Latsanovski, ¶¶1-30.] |

58. Moving Party's Response

 Defendants asserted identical responses to their responses to Plaintiff's Fact #2. Accordingly, Plaintiff hereby incorporates Moving Party's Response #2 and asserts it in response to Defendants' response to this Fact.

| | |
|---|---|
| 59.  Most of the material terms and conditions of Defendants' offer was found in a separate, multi-page terms | 59.      **Disputed.**<br><br>A.      Defendants Latsanovski and Calenergy were solely lenders in Bunzai |

| | |
|---|---|
| and conditions webpage that was accessible by hyperlink. Ex. 909-116,-1 17,-1 18,-1 19,-120,-130,-131,-132,-133,-134,-145,- 146,-147,-148,-149,-164,-165, -1 66,-167,-172. On many of Defendants' websites, this hyperlink could only be found by scrolling to the bottom of the website and clicking on a hyperlink labeled "T&C" Ex. 909-1 15,-128,-144,-163, See also 909- 144, -163, -172: (screen capture from auravietrialkit.com, captured on March 25, 2014). Ex. 909-115. | Media Group, Inc. [Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; "*The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment...*"] |
| | [Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.] |
| | [Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.] |
| | [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |
| | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |
| | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

B. During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]
[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary

Judgment, or Alternatively Partial
Summary Judgment filed April 18,
2016.]

[Request for Judicial Notice No. 3;
Declaration of Ilia Klykov Re:
November 6, 2009 Fiduciary
Management Agreement; and January
12, 2015 Agreement between Guayas,
LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4;
Declaration of Mariya Aleksandrovna
Re: June 4, 2015 Master Loan
Agreement.]

[Request for Judicial Notice No. 5;
Declaration of Jeffrey S. Benice in
Support of Defendants Igor Latsanovski
and Calenergy, Inc's Motion for
Summary Judgment Pursuant to Federal
Rules of Civil Procedure Rule 56 or,
Alternatively Partial Summary
Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-
30.]

C. Defendant Latsanovski and Calenergy
received the $500,000 in full repayment
and $317,746 in interest return on the
$500,000.

[Decl. of Benice, ¶2; Exh. "A" thereto,
*January 28, 2016 Depo of Latsanovski*,
R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-
24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February
18, *2016 Depo of Alon Nottea,* R.T. 85:

lns. 3-5; "*Did Bunzai ...pay back Igor ...?
A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A"
thereto, July, 2015 Loan Summary; ¶¶
15-16.]

[Request for Judicial Notice No. 1; July
13, 2015 Declaration of Igor Latsanovski
in Support of Ex Parte Request for
Partial Relief from Temporary
Restraining Order filed July 15, 2015,
¶¶4-14.]

[Request for Judicial Notice No. 2;
Declaration of Igor Latsanovski in
Support of Motion for Summary
Judgment, or Alternatively Partial
Summary Judgment filed April 18,
2016.]

[Request for Judicial Notice No. 3;
Declaration of Ilia Klykov Re:
November 6, 2009 Fiduciary
Management Agreement; and January
12, 2015 Agreement between Guayas,
LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4;
Declaration of Mariya Aleksandrovna
Re: June 4, 2015 Master Loan
Agreement.]

[Request for Judicial Notice No. 5;
Declaration of Jeffrey S. Benice in
Support of Defendants Igor Latsanovski
and Calenergy, Inc's Motion for
Summary Judgment Pursuant to Federal
Rules of Civil Procedure Rule 56 or,
Alternatively Partial Summary
Judgment.]

| | |
|---|---|
| 1 | |
| 2 | [Opposing Decl. of Latsanovski, ¶¶1-30.] |
| 3 | |
| 4 | D. Defendants Latsanovski and Calenergy had no involvement in the day to day operations of Defendant Bunzai. |
| 5 | |
| 6 | [Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.] |
| 7 | |
| 8 | |
| 9 | [Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.] |
| 10 | |
| 11 | |
| 12 | [Decl. of Latsanovski, ¶¶10; 12-18.] |
| 13 | [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| 24 | |
| 25 | |
| 26 | |
| 27 | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna |
| 28 | |

Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]
E. Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]
[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3;

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

F.  Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet skincare business.  Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions.  Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly,

Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]<br><br>[Opposing Decl. of Latsanovski, ¶¶1-30.] |
|---|---|
| **59. Moving Party's Response**<br><br>    Defendants asserted identical responses to their responses to Plaintiff's Fact #2. Accordingly, Plaintiff hereby incorporates Moving Party's Response #2 and asserts it in response to Defendants' response to this Fact. | |
| 60.    Defendants sent consumers who signed up for a trial offer a confirmation email that reinforced the impression that they would receive a free shipment of Defendants' skincare product. Exs. 8 ¶ 4; 8-5,-6; 14 ¶ 3; 15 ¶ 3; 15-5; see also 12 ¶¶ 2, 7; 14 ¶¶ 3, 8; 902-2. These emails showed no charges for the "risk-free" trial other than the nominal shipping and handling fees. Id. | 60.    ***Disputed.***<br><br>A.    Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc.<br>[Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; "*The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment...*"]<br><br>[Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.]<br><br>[Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.]<br><br>[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO
PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

B. During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO
PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| | |
|---|---|
| 1 | [Decl. of Benice, ¶4; Exh. "C" February |
| 2 | 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...?* |
| 3 | *A. I believe it did.*] |
| 4 | |
| 5 | [Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ |
| 6 | 15-16.] |
| 7 | [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski |
| 8 | in Support of Ex Parte Request for Partial Relief from Temporary |
| 9 | Restraining Order filed July 15, 2015, ¶¶4-14.] |
| 10 | |
| 11 | [Request for Judicial Notice No. 2; |
| 12 | Declaration of Igor Latsanovski in Support of Motion for Summary |
| 13 | Judgment, or Alternatively Partial Summary Judgment filed April 18, |
| 14 | 2016.] |
| 15 | |
| 16 | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: |
| 17 | November 6, 2009 Fiduciary Management Agreement; and January |
| 18 | 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| 19 | |
| 20 | [Request for Judicial Notice No. 4; |
| 21 | Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan |
| 22 | Agreement.] |
| 23 | |
| 24 | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in |
| 25 | Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for |
| 26 | Summary Judgment Pursuant to Federal |
| 27 | Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary |
| 28 | |

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO
PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

C. Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,746 in interest return on the $500,000.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re:

| | |
|---|---|
| 1 | November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| 2 | |
| 3 | |
| 4 | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| 5 | |
| 6 | |
| 7 | |
| 8 | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | [Opposing Decl. of Latsanovski, ¶¶1-30.] |
| 15 | |
| 16 | |
| 17 | D. Defendants Latsanovski and Calenergy had no involvement in the day to day operations of Defendant Bunzai. |
| 18 | |
| 19 | [Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.] |
| 20 | |
| 21 | |
| 22 | [Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.] |
| 23 | |
| 24 | [Decl. of Latsanovski, ¶¶10; 12-18.] |
| 25 | |
| 26 | [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary |
| 27 | |
| 28 | |

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

1  
2  

Restraining Order filed July 15, 2015,
¶¶4-14.]

3  
4  
5  
6  
7  

[Request for Judicial Notice No. 2;
Declaration of Igor Latsanovski in
Support of Motion for Summary
Judgment, or Alternatively Partial
Summary Judgment filed April 18,
2016.]

8  
9  
10  
11  

[Request for Judicial Notice No. 3;
Declaration of Ilia Klykov Re:
November 6, 2009 Fiduciary
Management Agreement; and January
12, 2015 Agreement between Guayas,
LTD. and Calenergy, LLC.]

12  
13  
14  
15  

[Request for Judicial Notice No. 4;
Declaration of Mariya Aleksandrovna
Re: June 4, 2015 Master Loan
Agreement.]

16  
17  
18  
19  
20  
21  

[Request for Judicial Notice No. 5;
Declaration of Jeffrey S. Benice in
Support of Defendants Igor Latsanovski
and Calenergy, Inc's Motion for
Summary Judgment Pursuant to Federal
Rules of Civil Procedure Rule 56 or,
Alternatively Partial Summary
Judgment.]

22  
23  

[Opposing Decl. of Latsanovski, ¶¶1-
30.]

24  
25  
26  
27  

E. Defendants Latsanovski and
Calenergy had no knowledge or
involvement in Defendant Bunzai's
alleged wrongful activity and did not
recklessly disregard such conduct.

28

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.] [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO
PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Opposing Decl. of Latsanovski, ¶¶1-30.]

F.  Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet skincare business.  Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions.  Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |
| | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| | [Opposing Decl. of Latsanovski, ¶¶1-30.] |

**60. Moving Party's Response**

Defendants asserted identical responses to their responses to Plaintiff's Fact #2. Accordingly, Plaintiff hereby incorporates Moving Party's Response #2 and asserts it in response to Defendants' response to this Fact.

| | |
|---|---|
| 61. Further, Defendants' confirmation emails did not disclose that consumers would be charged the full cost of the product, usually $97.88, after 10 days unless the consumer canceled the order and returned the product during that | 61. a.-b. ***Disputed.***<br><br>A.    Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc.<br><br>[Decl. of Benice, ¶3; January 28, 2016 |

time. Id. Defendants' confirmation emails did not disclose that the consumer was enrolled into a continuity program that would result in future shipments of product and a monthly charge of $97.88 on their credit or debit cards. Id. These emails also failed to state when the charge would be imposed or how consumers could avoid the charge. Id. Nor did the emails disclose that unopened products could be returned for a refund only within 30 days of ordering. Id.

a. Defendants were aware that their confirmation emails were inadequate. BunZai's attorney informed Alon Nottea that the company was required by law to issue a "post-transaction confirmation email to be sent (within the lesser of 10 days or half the trial period time) that included all the material negative option terms and cancellations/refund procedure." Ex.589-5. The attorney also provided advise on how to become compliant with FTC law. Ex. 589. In his letter, BunZai's attorney further stated:

i. "A 15% restocking fee on non-trial returns is buried in the T&Cs. That's a highly material term that should be disclosed much more prominently, ideally on the order page." Ex. 589-5

ii. "It isn't clear whether the 10-day trial begins from order or delivery date. The consumer needs to have use of the product for the full stated trial period or, alternatively, if the trial period begins from the order date, there must be very clear disclosure of

Depo of Latsanovski, R.T. 76:lns. 1-14; "*The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment...*"]

[Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.]

[Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5;

439

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

that so the consumer knows, before she orders, that the trial period includes shipping time and she will have less than the stated trial period to try the product." Ex. 589-5

iii.    "To satisfy the 'express informed consent' requirement, the Green Millionaire consent mandates a 'check box, signature, or other substantially similar method, that consumers must affirmatively select or sign to accept the negative option feature.' All key negative option disclosures (costs, trial period length, need to cancel to avoid charge), together with a statement that the consumer is agreeing to pay the costs, must be 'immediately adjacent' to the check box." Ex. 589-4

iv.    "I would recommend that you not say 'Risk-Free Trial' since there is risk the consumer won't cancel and will be charged the purchase price, and the FTC certainly wouldn't view it as "risk-free." Ex. 589-3.

v.    "The FTC and a recent federal court decision in an FTC case in California also require that negative option terms appear 'above the fold,' requiring no scrolling. Right now your negative option terms are well below and quite far to the left of the credit card fields and the submit button, and are below the fold (at least on my screen), invisible without scrolling. As such, they are out of compliance with the placement requirements of both Rockefeller and the FTC." Ex. 589-4

vi.    "Almost certainly the FTC would say [your disclosure] therefore is not 'conspicuous.'" Ex. 589-4.

Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

B. During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]
[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18,

| | | |
|---|---|---|
| 1 | **b.**          In an audio-recorded meeting | 2016.] |
| 2 | that included Alon Nottea, Roi Reuveni, and Paul Medina, Alon Nottea stated: | |
| 3 | ...If you send these terms, it can act like | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: |
| 4 | . . . we told you that we're going to charge . . . we notified you . . . you have | November 6, 2009 Fiduciary Management Agreement; and January |
| 5 | 10 days. Exactly. But when me and Paul tried it a year ago, it didn't work so | 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| 6 | good. It hurted (sic) us . . . If it's done | |
| 7 | creatively, if it's done correctly and optimized . . . not just try, it didn't | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna |
| 8 | work. | Re: June 4, 2015 Master Loan |
| 9 | Ex. 556, at 101:12- 103:7. | Agreement.] |
| 10 | | |
| 11 | | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in |
| 12 | | Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for |
| 13 | | Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, |
| 14 | | Alternatively Partial Summary |
| 15 | | Judgment.] |
| 16 | | [Opposing Decl. of Latsanovski, ¶¶1- |
| 17 | | 30.] |
| 18 | | C. Defendant Latsanovski and Calenergy received the $500,000 in full repayment |
| 19 | | and $317,746 in interest return on the |
| 20 | | $500,000. |
| 21 | | [Decl. of Benice, ¶2; Exh. "A" thereto, |
| 22 | | *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1- |
| 23 | | 24; 114: 1-24; 116: 1-11.] |
| 24 | | [Decl. of Benice, ¶4; Exh. "C" February |
| 25 | | 18, *2016 Depo of Alon Nottea*, R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...?* |
| 26 | | *A. I believe it did.*] |
| 27 | | |
| 28 | | [Decl. of Latsanovski, ¶¶1-4; Exh. "A" |

| | |
|---|---|
| | thereto, July, 2015 Loan Summary; ¶¶ 15-16.] |
| | [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |
| | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |
| | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| | [Opposing Decl. of Latsanovski, ¶¶1-30.] |

442

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

D. Defendants Latsanovski and Calenergy had no involvement in the day to day operations of Defendant Bunzai.

[Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.]

[Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.]

[Decl. of Latsanovski, ¶¶10; 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

E. Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.] [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re:

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

F.  Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet skincare business.  Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions.  Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money

445

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

from defendant Bunzai in this case until after Calenergy provided loans to Bunzai.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for

| | |
|---|---|
| | Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]<br><br>[Opposing Decl. of Latsanovski, ¶¶1-30.] |

61. Moving Party's Response

    Defendants asserted identical responses to their responses to Plaintiff's Fact #2. Accordingly, Plaintiff hereby incorporates Moving Party's Response #2 and asserts it in response to Defendants' response to this Fact.

### Defendants' Cancellation and Refund Practices

| MOVING PARTY'S UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE |
|---|---|
| 62.    Consumers testified that, after they learned that Defendants charged their credit card or debit card accounts and signed them up for a continuity plan, they often had significant difficulty receiving a refund and cancelling the continuity plan. See Exs. 3 ¶¶ 5, 9; 4 ¶¶ 4-6; 6 ¶ 6; 8 ¶ 5; 11 ¶ 5; 14 ¶ 5-7. | 62.    **Disputed.**<br><br>A.    Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc. [Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; *"The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment..."*]<br><br>[Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.]<br><br>[Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.]<br><br>[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski |

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

B. During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates.

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO
PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| 1 | [Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.] |
| 2 | |
| 3 | |
| 4 | [Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*] |
| 5 | |
| 6 | |
| 7 | |
| 8 | [Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.] |
| 9 | |
| 10 | [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |
| 11 | |
| 12 | |
| 13 | |
| 14 | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| 25 | |
| 26 | |
| 27 | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in |
| 28 | |

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| 1 | Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | [Opposing Decl. of Latsanovski, ¶¶1-30.] |
| 7 | |
| 8 | |
| 9 | C. Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,746 in interest return on the $500,000. |
| 10 | |
| 11 | |
| 12 | [Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.] |
| 13 | |
| 14 | |
| 15 | [Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*] |
| 16 | |
| 17 | |
| 18 | [Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.] |
| 19 | |
| 20 | |
| 21 | [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial |
| 27 | |
| 28 | |

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

D. Defendants Latsanovski and Calenergy had no involvement in the day to day operations of Defendant Bunzai.

[Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.]

[Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.]

[Decl. of Latsanovski, ¶¶10; 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

E. Defendants Latsanovski and

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.] [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for

453

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO
PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

F.  Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet skincare business.  Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions.  Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski

454

| | |
|---|---|
| | in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |
| | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |
| | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| | [Opposing Decl. of Latsanovski, ¶¶1-30.] |
| 62. Moving Party's Response | |

Defendants asserted identical responses to their responses to Plaintiff's Fact #2. Accordingly, Plaintiff hereby incorporates Moving Party's Response #2 and asserts it in response to Defendants' response to this Fact.

| 63.    Many consumers reported | 63.    ***Disputed.*** |
|---|---|

| | |
|---|---|
| difficulty contacting Defendants' customer service representatives, despite calling Defendants' toll-free number numerous times. Id. Even when consumers spoke with a representative, some consumers continued to receive shipments and unauthorized charges after cancelling the continuity plan. Ex. 8 ¶ 6. Still others reported receiving multiple charges from Defendants without receiving products. Ex. 10 ¶¶ 3-4. As a result, consumers continued to incur unwanted and unauthorized charges. Id. | A.     Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc. [Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; "*The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment...*"] [Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.] [Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.] [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna |

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]
B. During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea*, R.T. 85: lns. 3-5; *"Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]
[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in

| | |
|---|---|
| 1 | Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |
| 2 | |
| 3 | |
| 4 | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| 10 | |
| 11 | |
| 12 | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | [Opposing Decl. of Latsanovski, ¶¶1-30.] |
| 19 | |
| 20 | |
| 21 | C. Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,746 in interest return on the $500,000. |
| 22 | |
| 23 | |
| 24 | [Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.] |
| 25 | |
| 26 | |
| 27 | |
| 28 | [Decl. of Benice, ¶4; Exh. "C" February |

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

18, *2016 Depo of Alon Nottea,* R.T. 85:
lns. 3-5; "*Did Bunzai ...pay back Igor ...?
A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A"
thereto, July, 2015 Loan Summary; ¶¶
15-16.]

[Request for Judicial Notice No. 1; July
13, 2015 Declaration of Igor Latsanovski
in Support of Ex Parte Request for
Partial Relief from Temporary
Restraining Order filed July 15, 2015,
¶¶4-14.]

D. Defendants Latsanovski and
Calenergy had no involvement in the day
to day operations of Defendant Bunzai.

[Decl. of Benice, ¶2; Exh. "A" *January
28, 2016 Depo of Latsanovski*, R.T. 30:
6-23.]

[Decl. of Benice, ¶4; Exh. "C" *February
18, 2016 Depo of Alon Nottea*, R.T. 110:
1-25; 111: 1-25; 112: 1-25; 161: 10-19.]

[Decl. of Latsanovski, ¶¶10; 12-18.]

[Request for Judicial Notice No. 1; July
13, 2015 Declaration of Igor Latsanovski
in Support of Ex Parte Request for
Partial Relief from Temporary
Restraining Order filed July 15, 2015,
¶¶4-14.]

[Request for Judicial Notice No. 2;
Declaration of Igor Latsanovski in
Support of Motion for Summary
Judgment, or Alternatively Partial
Summary Judgment filed April 18,

459

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO
PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

E. Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.] [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for

Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

F.  Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet skincare business.  Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet

skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions.  Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary

| | |
|---|---|
| | Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.] |

**63. Moving Party's Response**

Defendants asserted identical responses to their responses to Plaintiff's Fact #2. Accordingly, Plaintiff hereby incorporates Moving Party's Response #2 and asserts it in response to Defendants' response to this Fact.

| | |
|---|---|
| 64.   Consumers testified that, when they called Defendants to complain about unauthorized charges, Defendants told them that the continuity plan would be cancelled, but their money would not be refunded. See Exs. 2 ¶ 6; 5 ¶ 4; 8 ¶ 5; 13 ¶ 7. Other consumers testified they were offered only a partial refund. See Exs. 3 ¶ 13; 4 ¶ 7; 7 ¶ 6; 9 ¶ 5; 11 ¶ 5; 14 ¶ 6; 15 ¶ 5; 901-10:17 to 901-11:2, 901-49:6- 17. Consumers testified that, at other times, Defendants conditioned a partial refund upon the consumer's promise or signed statement that they would not complain to their credit card | 64. a.-d.   ***Disputed.***

A.   Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc. [Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; *"The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment..."*]

[Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.] |

463

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| company, to the Better Business Bureau, or to any authority. See Exs. 5 ¶ 4; 6 ¶ 8. | [Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.] |
| **a.**      A former employee of BunZai and Pinnacle, who worked in the customer service and chargeback departments, testified that the companies' practice was to deny refunds unless consumers persisted in complaining about the charges. Ex. 554 at 11:4-6, 11:10-21, 24:3- 25:6, 25:23-26:7, 26:17-19, 45:13-16 ("The goals was to spend the least amount of time on the phone with the customer and issue the least—the least amount of refunds that you could."), 79:4-13. | [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |
| i.      Defendants' customer service scripts confirm that customer service representatives were advised to avoid refunds as much as possible. See Ex. 240-3 ("*Important* Avoid Returns as much as possible . . .Customers should initially be advised that the best we can do is cancel their membership and prevent any future charges or shipments"). | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |
| **b.**      Consumer's allegations and former employee testimony are corroborated by employee training materials, which included scripted rebuttals for responding to consumer complaints and refund requests. Ex. 554 22:9-22:15, 37:18-37:21, Ex. 240. According to the scripts, Defendant's employees were to "Avoid Returns as much as possible. Never offer a return unless the customer requests it or is extremely irate. Customers should initially be advised the best we can do is cancel their membership and prevent any future charges or shipments." Ex. | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| | [Opposing Decl. of Latsanovski, ¶¶1- |

| | | |
|---|---|---|
| 1 | 240-3. Consumers who threatened to file complaints with their financial institutions or the Better Business Bureau were to be offered a partial refund. Ex.554, at 34:5-13, 34:18-21, 38:15- 39:13, 39:16-24, 42:9-22, Ex.240-7. | 30.] |

240-3. Consumers who threatened to file complaints with their financial institutions or the Better Business Bureau were to be offered a partial refund. Ex.554, at 34:5-13, 34:18-21, 38:15- 39:13, 39:16-24, 42:9-22, Ex.240-7.

Consumers who threatened to file complaints with the FTC or Attorneys General were to be offered a full refund. Ex. 240-9; Ex.554, at 43:5-44:16.

**c.** Defendant Pinnacle Logistic, Inc. also provided employees with scripted rebuttals for responding to complaints and refund requests. Exs. 103-1, -2; 554, at 21:20-22:15, 26:17-19, 37:5-8, 37:14-21, 38:6-39:24, 80:15-81:3, 81:11-19, 82:4-18.

**d.** Defendants' scripts often instructed employees to inform consumers
that AuraVie was "FTC compliant" and followed the FTC's rules and regulations. Ex. 553, at 79:22-80: 14.

30.]

B. During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]
[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

C. Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,746 in interest return on the $500,000.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

D. Defendants Latsanovski and Calenergy had no involvement in the day to day operations of Defendant Bunzai.

[Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.]

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.]

[Decl. of Latsanovski, ¶¶10; 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[Opposing Decl. of Latsanovski, ¶¶1-30.]

E. Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.] [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]
[Opposing Decl. of Latsanovski, ¶¶1-30.]

F.  Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet skincare business.  Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions.  Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |
| | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |
| | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| | [Opposing Decl. of Latsanovski, ¶¶1-30.] |
| 64. Moving Party's Response | |

| | |
|---|---|
| 1<br>2 | Defendants asserted identical responses to their responses to Plaintiff's Fact #2. Accordingly, Plaintiff hereby incorporates Moving Party's Response #2 and asserts it in response to Defendants' response to this Fact. |

| | | |
|---|---|---|
| 3 | 65. Defendants' continuity program resulted in many complaints and chargeback requests by consumers. See Exs 907; 554 at 26:2-7, 27:7-18, 28:2-5, 28:17-23, 90:20-23. A former employee testified that Defendants provided false documents to payment processing companies and exaggerated the measures they took to communicate the terms of their offer to consumers. Ex. 554, at 97:22-98:4, see Ex. 554, at 71:3-72:5, 72:8-72:22, 96:10-96:18, 96:23-97:4, 98:16-98:19; see 27: 13-27: 18.<br><br>**a**.      Defendants established dozens of merchants accounts, held by numerous shell corporations, and used a variety of billing descriptors. Ex. 554, at 61:15-23, 32:22-25, 69:23-70:3, 83 :25-83:18, 85:8-22, 85:25-87:7, 90:6-23. According to the sworn testimony of former employee Andrew Stanley the use of numerous merchant accounts, shell corporations, and billing descriptors was intended to limit the number of consumer chargebacks to any one particular account and to help ensure that the enterprise could maintain access to credit card processing. Ex. 554:12-555:28.<br><br>**b.**      Andrew Stanley also testified that Defendants submitted falsified documents to oppose consumer chargeback requests. Ex. 554, at 71:3-72:22, 96:10-18, 96:20-97:4, 98:16-19; see also 97:22-98:4, 60:13-22. These falsified documents were altered or doctored to make it appear that Defendants' websites required | 65. a.-f.      ***Disputed.***<br><br>A.      Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc.<br>[Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; *"The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment..."*]<br><br>[Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.]<br><br>[Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.]<br><br>[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]<br><br>[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]<br><br>[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January |

| | |
|---|---|
| consumers to click a box on the ordering screen indicating that they had read the terms and conditions of the sales offer in order to complete a purchase. Ex. 909-13 to -28. No such box existed on AuraVie's websites. See Ex. 554 at 71:12-72:5. Disclosures were made larger and more prominent in materials provided to dispute chargeback requests than appeared on the actual websites. See Exs. 600-21; 909-119,-147,-166; 15-16. | 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| **c.**   Defendants' terms and conditions contained the following statement: CHARGEBACKS AND REVERSALS. We handle all chargebacks and reversals as potential cases of fraudulent use or our product offer and/or theft of product. In cases where we have provided a product and we have verified that a client has received a product and/or refused or returned product(s), whether or not they have used the product in any way, possible actions taken by the company may include filing a complaint with the Internet Crimes Bureau and/or local authorities in your state to investigate theft of product and BE AWARE that if you choose to claim your online transaction was fraudulent that all activity and IP address information is captured. This digital proof of whom and where the order was placed with be submitted to the proper authorities. This information may be used in a civil and criminal case against a customer if there is fraudulent use or theft of product(s). | [Opposing Decl. of Latsanovski, ¶¶1-30.] |
| | B. During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates. |
| | [Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.] |
| | [Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*] |
| | [Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.] |
| **d.**   Ex. 909-118, -131, -132,-146,-147,-165 See Exs. 600-21, Ex. 15-16. Defendants made similar | [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary |

473

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| representations to consumers who called their customer service number to request a refund. Ex. 240-5. Defendants instructed call center representatives to tell consumers that their chargeback attempts fail "90% of the time, meaning if they did temporarily credit your account, they will take those funds out again." Ex. 104-4. | Restraining Order filed July 15, 2015, ¶¶4-14.] |
| **e.**    In an effort to maintain access to credit card processing, Defendants established as many as dozens of merchant accounts, held by numerous shell corporations, and used a variety of billing descriptors to obscure that Defendants were in fact a single enterprise. See Ex. 907 ¶¶17-18; Ex. 554, at 61:12-23, 69:23-70:3, 82:25-83:18, 85:15-22,85:25-87:7, 90:15-23, see 32:22-25. | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]<br><br>[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]<br><br>[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| **f.**    Many of these shell companies use the same payment processing companies and acquiring banks. See Ex. 78-2. | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]<br><br>[Opposing Decl. of Latsanovski, ¶¶1-30.]<br><br>C. Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,746 in interest return on the $500,000.<br><br>[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski,* |

R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

D. Defendants Latsanovski and Calenergy had no involvement in the day to day operations of Defendant Bunzai.

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Request for Judicial Notice No. 5;
Declaration of Jeffrey S. Benice in
Support of Defendants Igor Latsanovski
and Calenergy, Inc's Motion for
Summary Judgment Pursuant to Federal
Rules of Civil Procedure Rule 56 or,
Alternatively Partial Summary
Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-
30.]

[Decl. of Benice, ¶2; Exh. "A" *January
28, 2016 Depo of Latsanovski*, R.T. 30:
6-23.]

[Decl. of Benice, ¶4; Exh. "C" *February
18, 2016 Depo of Alon Nottea*, R.T. 110:
1-25; 111: 1-25; 112: 1-25; 161: 10-19.]

[Decl. of Latsanovski, ¶¶10; 12-18.]

[Request for Judicial Notice No. 1; July
13, 2015 Declaration of Igor Latsanovski
in Support of Ex Parte Request for
Partial Relief from Temporary
Restraining Order filed July 15, 2015,
¶¶4-14.]

[Request for Judicial Notice No. 2;
Declaration of Igor Latsanovski in
Support of Motion for Summary
Judgment, or Alternatively Partial
Summary Judgment filed April 18,
2016.]

[Request for Judicial Notice No. 3;
Declaration of Ilia Klykov Re:
November 6, 2009 Fiduciary
Management Agreement; and January

12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]
E. Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]
[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO
PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Judgment, or Alternatively Partial
Summary Judgment filed April 18,
2016.]

[Request for Judicial Notice No. 3;
Declaration of Ilia Klykov Re:
November 6, 2009 Fiduciary
Management Agreement; and January
12, 2015 Agreement between Guayas,
LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4;
Declaration of Mariya Aleksandrovna
Re: June 4, 2015 Master Loan
Agreement.]

[Request for Judicial Notice No. 5;
Declaration of Jeffrey S. Benice in
Support of Defendants Igor Latsanovski
and Calenergy, Inc's Motion for
Summary Judgment Pursuant to Federal
Rules of Civil Procedure Rule 56 or,
Alternatively Partial Summary
Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-
30.]

F.  Defendants Latsanovski and
Calenergy, did not play any role in the
operation of the internet skincare
business.  Latsanovski never spoke to
any customers; was not involved in the
day to day operations of the internet
skincare business; had no involvement in
the marketing or advertising of the
skincare products; never received or
reviewed any reports regarding customer
complaints; and had no knowledge of the
web based advertising used by defendant
Bunzai. Defendants Alon and Bond

actually operated and controlled Defendant Bunzai and made all operational decisions.  Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| | Agreement.] |
| | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| | [Opposing Decl. of Latsanovski, ¶¶1-30.] |

65. Moving Party's Response

    Defendants asserted identical responses to their responses to Plaintiff's Fact #2. Accordingly, Plaintiff hereby incorporates Moving Party's Response #2 and asserts it in response to Defendants' response to this Fact.

| | |
|---|---|
| 66.    Consumers testified that Defendants often did not honor return policies, even when consumers satisfied them. See Ex. 11 ¶ 5; 901-26:19. For example, Defendants told consumers that they could obtain a refund on any product returned even when the product remained unopened and the 30-day period had not yet elapsed, contrary to Defendants' terms and conditions. Id. Some consumers reported being refused a refund by Defendants despite sending the product back within the permissible time period, with Defendants' customer service representative stating that Defendants could not confirm receipt of return shipment or that the shipment was not returned properly. Exs. 7 ¶ 6; 13 ¶ 7. | 66.    ***Disputed.*** <br><br> A.    Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc. [Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; *"The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment..."*] <br><br> [Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.] <br><br> [Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.] <br><br> [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for |

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

B. During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates.

[Decl. of Benice, ¶2; Exh. "A" thereto,

| | |
|---|---|
| 1 | *January 28, 2016 Depo of Latsanovski,* R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.] |
| 2 | |
| 3 | |
| 4 | [Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*] |
| 5 | |
| 6 | |
| 7 | [Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.] |
| 8 | |
| 9 | [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| 20 | |
| 21 | |
| 22 | |
| 23 | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| 24 | |
| 25 | |
| 26 | |
| 27 | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski |
| 28 | |

482

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

C. Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,746 in interest return on the $500,000.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

D. Defendants Latsanovski and Calenergy had no involvement in the day to day operations of Defendant Bunzai.

[Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.]

[Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.]

[Decl. of Latsanovski, ¶¶10; 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski

484

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

E. Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct.

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.] [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Opposing Decl. of Latsanovski, ¶¶1-30.]

F.  Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet skincare business.  Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions.  Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |
| | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| | [Opposing Decl. of Latsanovski, ¶¶1-30.] |

66. Moving Party's Response

    Defendants asserted identical responses to their responses to Plaintiff's Fact #2. Accordingly, Plaintiff hereby incorporates Moving Party's Response #2 and asserts it in response to Defendants' response to this Fact.

| | |
|---|---|
| 67.    Consumers testified that, in other instances, they received refunds from Defendants only after they complained to their credit card companies, | 67.    ***Disputed.***<br><br>A.    Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc. |

488

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| regulatory authorities, or the Better Business Bureau. Exs. 3 ¶¶ 12-13; 4 ¶ 11; 7 ¶ 9; 7-13. Even in those instances, however, Defendants did not always issue full refunds. Id. | [Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; *"The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment..."*] |
| | [Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.] |
| | [Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.] |
| | [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |
| | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |
| | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

B. During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary

Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

C. Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,746 in interest return on the $500,000.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; *"Did Bunzai ...pay back Igor ...?*

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO
PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

*A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Opposing Decl. of Latsanovski, ¶¶1-30.]

D. Defendants Latsanovski and Calenergy had no involvement in the day to day operations of Defendant Bunzai.

[Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.]

[Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.]

[Decl. of Latsanovski, ¶¶10; 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

E. Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.] [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

F.  Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet skincare business.  Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO
PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions.  Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
|---|---|
| | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| | [Opposing Decl. of Latsanovski, ¶¶1-30.] |

67. Moving Party's Response

Defendants asserted identical responses to their responses to Plaintiff's Fact #2. Accordingly, Plaintiff hereby incorporates Moving Party's Response #2 and asserts it in response to Defendants' response to this Fact.

### _VIOLATIONS OF THE FTC ACT_

| _MOVING PARTY'S UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE_ | _OPPOSING PARTY'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE_ |
|---|---|
| 68.   Section 5(a) of the FTC Act prohibits "unfair or deceptive acts or practices in or affecting commerce." 15 U.S.C. § 45(a) (2006). | 68.   This is a purported statement of law.  It cannot be referenced as Disputed or Undisputed. |

68. Moving Party's Response

As Defendants have not addressed the substance of this statement, Plaintiff has no

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| response. | |
| 69.    Acts or practices are unfair under Section 5 of the FTC Act if they cause substantial injury to consumers that consumers cannot reasonably avoid themselves and that are not outweighed by countervailing benefits to consumers or competition. 15 U.S.C. § 45(n). Misrepresentations or deceptive omissions of material fact constitute deceptive acts or practices prohibited by Section 5(a) of the FTC Act. | 69.    This is a purported statement of law.  It cannot be referenced as Disputed or Undisputed. |
| **a.**    An act or practice is deceptive if "first, there is a representation, omission, or practice that, second, is likely to mislead consumers acting reasonably under the circumstances, and third, the representation, omission, or practice is material." FTC v. Gill, 265 F.3d 944, 950 (9th Cir. 2001); FTC v. Pantron I Corp., 33 F.3d 1088, 1095 (9th Cir. 1994) (quoting and adopting the standard set forth in In re Cliffdale Assocs., 103 F.T.C. 110, 164-65 (1984)). | |
| **b.**    A misrepresentation may be either express or implied. FTC v. Figgie Int'l, Inc., 994 F.2d 595, 604 (9th Cir. 1993) ("[N]othing in statute or case law . . . protects from liability those who merely imply their deceptive claims . . . ."). | |
| **c.**    Although the representation, omission, or practice must be likely to mislead a reasonable consumer, the FTC need not prove actual reliance by each individual consumer. Figgie Int'l, 994 F.2d at 605. Requiring such proof would defeat the intent of the FTC Act and would frustrate prosecutions of large consumer redress actions. Id. | |

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

Instead, a presumption of actual reliance arises once the FTC has proved that the defendant made material misrepresentations, that they were widely disseminated, and that consumers purchased the defendant's product. Id. at 605–06.

d.      A representation, omission, or practice is material if it "'involves information that is important to consumers and, hence, likely to affect their choice of, or conduct regarding, a product.'" FTC v. Cyberspace.com LLC, 453 F.3d 1196, 1201 (9th Cir. 2006) (quoting Cliffdale Assocs., 103 F.T.C. at 165). Express claims are presumed to be material. FTC v. Pantron I Corp., 33 F.3d 1088, 1095-96 (9th Cir. 1994). Reliance upon such claims is presumptively reasonable. FTC v. Five-Star Auto Club, Inc., 97 F. Supp. 2d 502, 528 (S.D.N.Y. 2000).

e.      An advertisement that fails to disclose material information is deceptive. Simeon Mgmt. Corp. v. FTC, 579 F.2d 1137, 1146 (9th Cir. 1978). Inconspicuous disclosures do not remedy the deceptiveness of a material omission. FTC v. Cyberspace.com LLC, No. C00-1806L, 2002 WL 32060289, 2-4 (W.D. Wash. July 10, 2002) (holding that a fine print disclosure was inadequate to escape liability), aff'd 453 F.3d 1196, 1200 (9th Cir. 2006) (collection case where deception was found because fine print disclosures were inadequate); FTC v. Direct Mktg. Concepts, Inc., 624 F.3d 1, 12 (1st Cir. 2010) ("[d]isclaimers or qualifications in any particular ad are

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

not adequate to avoid liability unless they are sufficiently prominent and unambiguous to change the apparent meaning of the claims and leave an accurate impression") (quoting Removatron Int'l Corp. v. FTC, 884 F.2d 1489, 1497 (1st Cir. 1989)); FTC v. Brown & Williamson Tobacco Corp., 778 F.2d 35, 43 (D.C. Cir. 1985) (holding that an advertisement's description of cigarette tar content was deceptive despite a fine print disclosure at the bottom of the ad); Porter & Deitsch v. FTC, 605 F.2d 294, 301 (7th Cir. 1979) (upholding FTC and finding that disclosures "buried in small print" were inadequate to qualify weight loss claims in advertising); FTC v. Gill, 71 F. Supp. 2d 1030, 1044 (C.D. Cal. 1999) (disclaimers made in contract for credit repair services were insufficient to counteract advertising claims about the service).                    **f.**

Under Section 5, the FTC is not required to prove that a defendant intended to deceive consumers, nor is a defendant's good faith a defense to liability. FTC v. World Travel Vacation Brokers, Inc., 861 F.2d 1020, 1029 (7th Cir. 1988); FTC v. Pioneer Enters., Inc., 1992-2 Trade Cas. (CCH) ¶70,043, at 69,156 (D. Nev. 1992) (George, C.J.).

g.      Charging consumers' credit or debit cards without consumers' express informed consent has consistently held to be unfair under the FTC Act. See, e.g., FTC v. J.K. Publ'ns, Inc., 99 F. Supp. 2d 1176, 1201 (C.D. Cal. 2000); FTC v. Global Mktg. Grp., Inc., 594 F. Supp. 2d 1281, 1288-89 (M.D. Fla. 2008).

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

69. Moving Party's Response

As Defendants have not addressed the substance of this statement, Plaintiff has no response.

### Count I.
### Failure to Disclose Adequately Material Terms of Offer

| MOVING PARTY'S UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE |
|---|---|
| 70.  In numerous instances, in connection with the advertising, marketing, promotion, offering for sale, or sale of skincare products, including but not limited to AuraVie products, Defendants represented, directly or indirectly, expressly or by implication, that consumers who provided their credit or debit card billing information would be charged only a nominal shipping and handling fee to receive a trial shipment of Defendants' skincare products and, that their satisfaction was guaranteed. See UF 48 and 49, supra. | 70.        *Disputed.*<br><br>A.     Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc. [Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; *"The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment..."*]<br><br>[Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.]<br><br>[Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.]<br><br>[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]<br><br>[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary |

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

B. During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; *"Did Bunzai ...pay back Igor ...?*

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

*A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]
[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| 1 | 30.] |
| 2 | |
| 3 | C. Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,746 in interest return on the $500,000. |
| 4 | |
| 5 | |
| 6 | [Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.] |
| 7 | |
| 8 | |
| 9 | [Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea*, R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*] |
| 10 | |
| 11 | |
| 12 | [Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.] |
| 13 | |
| 14 | |
| 15 | [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| 26 | |
| 27 | |
| 28 | |

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

D. Defendants Latsanovski and Calenergy had no involvement in the day to day operations of Defendant Bunzai.

[Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.]

[Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.]

[Decl. of Latsanovski, ¶¶10; 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

E. Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

F.  Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet skincare

business.  Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions.  Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]
[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3;

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| | |
| | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| | [Opposing Decl. of Latsanovski, ¶¶1-30.] |

**70. Moving Party's Response**

Defendants asserted identical responses to their responses to Plaintiff's Fact #2. Accordingly, Plaintiff hereby incorporates Moving Party's Response #2 and asserts it in response to Defendants' response to this Fact.

| 71.   In numerous instances in which Defendants made the representation set forth in Paragraph 70, Defendants failed to disclose, or disclose adequately to consumers, material terms and conditions of their offer, including:<br><br>(a)   That Defendants would use consumers' credit or debit card information to charge consumers the full costs of the trial products, usually $97.88, upon the expiration of a limited trial period; | 71. (a)-(f)       ***Disputed.***<br><br>A.   Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc. [Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; *"The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment..."*]<br><br>[Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea,* |

| | |
|---|---|
| (b)  The dates on which the trial period began and ended; | R.T. 84: 15-25; 85: 1-25; 86: 1-24.] |
| (c)  That Defendants would automatically enroll consumers in a negative option continuity plan with additional charges; | [Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.] |
| (d)  The cost of the continuity plan, and the frequency and duration of the recurring charges; | [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |
| (e)  The means consumers must use to cancel the negative option program to avoid additional charges; and | |
| (f)  Requirements of their refund policies. See UF 51 and 52, supra; see also Ex. 909-125. | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |
| | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Opposing Decl. of Latsanovski, ¶¶1-30.]

B. During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

C. Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,746 in interest return on the $500,000.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO
PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-

30.]

D. Defendants Latsanovski and Calenergy had no involvement in the day to day operations of Defendant Bunzai.

[Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.]

[Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.]

[Decl. of Latsanovski, ¶¶10; 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

E. Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.] [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re:

November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

F. Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet skincare business. Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions. Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

from defendant Bunzai in this case until after Calenergy provided loans to Bunzai.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO
PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| | Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] [Opposing Decl. of Latsanovski, ¶¶1-30.] |
| 71. Moving Party's Response Defendants asserted identical responses to their responses to Plaintiff's Fact #2. Accordingly, Plaintiff hereby incorporates Moving Party's Response #2 and asserts it in response to Defendants' response to this Fact. | |
| 72. Plaintiff alleged that Defendants' failure to disclose, or to disclose adequately, the material information described in Paragraph 71, in light of the representation described in Paragraph 70, constituted a deceptive act or practice in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a). | 72.  **Disputed.** A.    Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc. [Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; *"The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment..."*] [Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.] [Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.] [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in |

516

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

B. During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85:

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| 1 | lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*] |
| 2 | |
| 3 | [Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.] |
| 4 | |
| 5 | [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |
| 6 | |
| 7 | |
| 8 | |
| 9 | C. Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,746 in interest return on the $500,000. |
| 10 | |
| 11 | |
| 12 | |
| 13 | [Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.] |
| 14 | |
| 15 | [Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea*, R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*] |
| 16 | |
| 17 | |
| 18 | [Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.] |
| 19 | |
| 20 | |
| 21 | [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial |
| 27 | |
| 28 | |

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

D. Defendants Latsanovski and Calenergy had no involvement in the day to day operations of Defendant Bunzai.

[Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.]

[Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.]

[Decl. of Latsanovski, ¶¶10; 12-18.]

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

E. Defendants Latsanovski and

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.] [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

F. Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet skincare business. Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions. Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai.

[Decl. of Benice, ¶2;Exh. "A" January

28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | [Opposing Decl. of Latsanovski, ¶¶1-30.] |
|---|---|
| 72. Moving Party's Response | |
| Defendants asserted identical responses to their responses to Plaintiff's Fact #2. Accordingly, Plaintiff hereby incorporates Moving Party's Response #2 and asserts it in response to Defendants' response to this Fact. | |

### Count II.

### False "Risk-Free" Trial Claim

| ***MOVING PARTY'S UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE*** | ***OPPOSING PARTY'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE*** |
|---|---|
| 73.    Through the means described in Paragraph 45-67, Defendants represented, directly or indirectly, that consumers could try AuraVie "risk-free." | 73.      ***Disputed.*** <br> A.    Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc. <br> [Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; *"The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment..."*] <br><br> [Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.] <br><br> [Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.] <br><br> [Request for Judicial Notice No. 1; July |

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

B. During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates.

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

1

2 [Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*,

3 R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

4

5 [Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea*, R.T. 85:

6 lns. 3-5; "*Did Bunzai ...pay back Igor ...?*

7 *A. I believe it did.*]

8 [Decl. of Latsanovski, ¶¶1-4; Exh. "A"

9 thereto, July, 2015 Loan Summary; ¶¶

10 15-16.]

 [Request for Judicial Notice No. 1; July

11 13, 2015 Declaration of Igor Latsanovski

12 in Support of Ex Parte Request for

 Partial Relief from Temporary

13 Restraining Order filed July 15, 2015,

14 ¶¶4-14.]

15 [Request for Judicial Notice No. 2;

16 Declaration of Igor Latsanovski in

 Support of Motion for Summary

17 Judgment, or Alternatively Partial

 Summary Judgment filed April 18,

18 2016.]

19

20 [Request for Judicial Notice No. 3;

 Declaration of Ilia Klykov Re:

21 November 6, 2009 Fiduciary

 Management Agreement; and January

22 12, 2015 Agreement between Guayas,

23 LTD. and Calenergy, LLC.]

 [Request for Judicial Notice No. 4;

24 Declaration of Mariya Aleksandrovna

25 Re: June 4, 2015 Master Loan

26 Agreement.]

27 [Request for Judicial Notice No. 5;

28 Declaration of Jeffrey S. Benice in

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO
PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

C. Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,746 in interest return on the $500,000.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18,

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

D. Defendants Latsanovski and Calenergy had no involvement in the day to day operations of Defendant Bunzai.

[Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.]

[Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.]

[Decl. of Latsanovski, ¶¶10; 12-18.]

[Request for Judicial Notice No. 1; July

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

E. Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

recklessly disregard such conduct.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.] [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

F.  Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet skincare business.  Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions.  Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015,

| | |
|---|---|
| | ¶¶4-14.] |
| | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |
| | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| | [Opposing Decl. of Latsanovski, ¶¶1-30.] |

73. Moving Party's Response

　　Defendants asserted identical responses to their responses to Plaintiff's Fact #2. Accordingly, Plaintiff hereby incorporates Moving Party's Response #2 and asserts it in response to Defendants' response to this Fact.

| | |
|---|---|
| 74.　　The representation set forth in Paragraph 73 was false. Consumers could not try Defendants' products | 74.　　***Disputed.***<br><br>A.　　Defendants Latsanovski and Calenergy were solely lenders in Bunzai |

531

PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO
PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| | |
|---|---|
| "risk-free," because Defendants charged consumers the full cost if the "risk-free" product was opened and not returned within 10 days of placing the order, often assessed a restocking fee of up to $15, and consumers had to bear the additional expense of returning the product to the Defendants. In addition, Defendants failed, in numerous instances, to refund consumers' charges assessed for the trial order, despite consumers having returned the product according to the offer's terms and conditions. See UF 66, supra. | Media Group, Inc. [Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; *"The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment..."*]<br><br>[Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.]<br><br>[Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.]<br><br>[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]<br><br>[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]<br><br>[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]<br><br>[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO
PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

B. During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]
[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

C. Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,746 in interest return on the $500,000.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; *"Did Bunzai ...pay back Igor ...?*

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

*A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Opposing Decl. of Latsanovski, ¶¶1-30.]

D. Defendants Latsanovski and Calenergy had no involvement in the day to day operations of Defendant Bunzai.

[Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.]

[Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.]

[Decl. of Latsanovski, ¶¶10; 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan

PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO
PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

E. Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.] [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3;

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

F.  Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet skincare business.  Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions.  Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly,

Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| | and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]<br><br>[Opposing Decl. of Latsanovski, ¶¶1-30.] |
| **74. Moving Party's Response**<br><br>    Defendants asserted identical responses to their responses to Plaintiff's Fact #2. Accordingly, Plaintiff hereby incorporates Moving Party's Response #2 and asserts it in response to Defendants' response to this Fact. | |
| 75.    Plaintiff alleged that Defendants' representations set forth in Paragraph 73 constituted deceptive acts or practices in or affecting commerce in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a). | 75.    ***Disputed.***<br><br>A.    Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc.<br>[Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; *"The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment..."*]<br><br>[Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.]<br><br>[Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.]<br><br>[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]<br><br>[Opposing Decl. of Latsanovski, ¶¶1- |

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

10.]

B. During the period 2010 to 2015
Defendants Latsanovski and Calenergy
made loans totaling $500,000 to
Defendant Bunzai and its affiliates.

[Decl. of Benice, ¶2; Exh. "A" thereto,
*January 28, 2016 Depo of Latsanovski*,
R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-
24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February
18, *2016 Depo of Alon Nottea,* R.T. 85:
lns. 3-5; "*Did Bunzai ...pay back Igor ...?
A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A"
thereto, July, 2015 Loan Summary; ¶¶
15-16.]

[Request for Judicial Notice No. 1; July
13, 2015 Declaration of Igor Latsanovski
in Support of Ex Parte Request for
Partial Relief from Temporary
Restraining Order filed July 15, 2015,
¶¶4-14.]

[Request for Judicial Notice No. 2;
Declaration of Igor Latsanovski in
Support of Motion for Summary
Judgment, or Alternatively Partial
Summary Judgment filed April 18,
2016.]

[Request for Judicial Notice No. 3;
Declaration of Ilia Klykov Re:
November 6, 2009 Fiduciary
Management Agreement; and January
12, 2015 Agreement between Guayas,
LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4;
Declaration of Mariya Aleksandrovna
Re: June 4, 2015 Master Loan
Agreement.]

[Request for Judicial Notice No. 5;
Declaration of Jeffrey S. Benice in
Support of Defendants Igor Latsanovski
and Calenergy, Inc's Motion for
Summary Judgment Pursuant to Federal
Rules of Civil Procedure Rule 56 or,
Alternatively Partial Summary
Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-
30.]

C. Defendant Latsanovski and Calenergy
received the $500,000 in full repayment
and $317,746 in interest return on the
$500,000.

[Decl. of Benice, ¶2; Exh. "A" thereto,
*January 28, 2016 Depo of Latsanovski*,
R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-
24; 114: 1-24; 116: 1-11.]
[Decl. of Benice, ¶4; Exh. "C" February
18, *2016 Depo of Alon Nottea,* R.T. 85:
lns. 3-5; "*Did Bunzai ...pay back Igor ...?
A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A"
thereto, July, 2015 Loan Summary; ¶¶
15-16.]

[Request for Judicial Notice No. 1; July
13, 2015 Declaration of Igor Latsanovski
in Support of Ex Parte Request for
Partial Relief from Temporary
Restraining Order filed July 15, 2015,

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO
PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

¶¶4-14.]

[Request for Judicial Notice No. 2;
Declaration of Igor Latsanovski in
Support of Motion for Summary
Judgment, or Alternatively Partial
Summary Judgment filed April 18,
2016.]

[Request for Judicial Notice No. 3;
Declaration of Ilia Klykov Re:
November 6, 2009 Fiduciary
Management Agreement; and January
12, 2015 Agreement between Guayas,
LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4;
Declaration of Mariya Aleksandrovna
Re: June 4, 2015 Master Loan
Agreement.]

[Request for Judicial Notice No. 5;
Declaration of Jeffrey S. Benice in
Support of Defendants Igor Latsanovski
and Calenergy, Inc's Motion for
Summary Judgment Pursuant to Federal
Rules of Civil Procedure Rule 56 or,
Alternatively Partial Summary
Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-
30.]

[Request for Judicial Notice No. 2;
Declaration of Igor Latsanovski in
Support of Motion for Summary
Judgment, or Alternatively Partial
Summary Judgment filed April 18,
2016.]

[Request for Judicial Notice No. 3;

| | |
|---|---|
| 1 | Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| 2 | |
| 3 | |
| 4 | |
| 5 | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| 6 | |
| 7 | |
| 8 | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | [Opposing Decl. of Latsanovski, ¶¶1-30.] |
| 15 | |
| 16 | D. Defendants Latsanovski and Calenergy had no involvement in the day to day operations of Defendant Bunzai. |
| 17 | |
| 18 | |
| 19 | [Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.] |
| 20 | |
| 21 | |
| 22 | [Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.] |
| 23 | |
| 24 | [Decl. of Latsanovski, ¶¶10; 12-18.] |
| 25 | |
| 26 | [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary |
| 27 | |
| 28 | |

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

E. Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct.

[Decl. of Benice, ¶2;Exh. "A" January

28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.] [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

30.]

F.  Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet skincare business.  Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions.  Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in

Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

75. Moving Party's Response

Defendants asserted identical responses to their responses to Plaintiff's Fact #2. Accordingly, Plaintiff hereby incorporates Moving Party's Response #2 and asserts it in response to Defendants' response to this Fact.

### *Count III.*

### *False Better Business Bureau Accreditation and Rating Claims*

548

| *MOVING PARTY'S UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE* | *OPPOSING PARTY'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE* |
|---|---|
| 76.     In numerous instances in connection with the advertising, marketing, promotion, offering for sale, or sale of skincare products, Defendants represented, directly or indirectly, expressly or by implication, that Defendants were accredited by and had a rating of "A-" with the Better Business Bureau. See UF 50, supra. | 76.     **Disputed.**<br><br>A.     Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc.<br>[Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; *"The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment..."*]<br><br>[Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.]<br><br>[Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.]<br><br>[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]<br><br>[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]<br><br>[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary |

| | |
|---|---|
| 1 | Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| 2 | |
| 3 | |
| 4 | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| 5 | |
| 6 | |
| 7 | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | [Opposing Decl. of Latsanovski, ¶¶1-30.] |
| 14 | |
| 15 | B. During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates. |
| 16 | |
| 17 | |
| 18 | [Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.] |
| 19 | |
| 20 | |
| 21 | |
| 22 | [Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; *"Did Bunzai ...pay back Igor ...? A. I believe it did.*] |
| 23 | |
| 24 | |
| 25 | [Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.] |
| 26 | |
| 27 | [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski |
| 28 | |

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

C. Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,746 in interest return on the $500,000.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5;

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| 1 | Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | [Opposing Decl. of Latsanovski, ¶¶1-30.] |
| 7 | |
| 8 | D. Defendants Latsanovski and Calenergy had no involvement in the day to day operations of Defendant Bunzai. |
| 9 | |
| 10 | |
| 11 | [Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.] |
| 12 | |
| 13 | |
| 14 | [Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.] |
| 15 | |
| 16 | [Decl. of Latsanovski, ¶¶10; 12-18.] |
| 17 | |
| 18 | [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |
| 19 | |
| 20 | |
| 21 | |
| 22 | E. Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct. |
| 23 | |
| 24 | |
| 25 | |
| 26 | [Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)]. |
| 27 | |
| 28 | |

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| 1 | |
| 2 | [Decl. of Latsanovski, ¶¶10: 12-18.] |
| 3 | [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski |
| 4 | in Support of Ex Parte Request for Partial Relief from Temporary |
| 5 | Restraining Order filed July 15, 2015, ¶¶4-14.] |
| 6 | |
| 7 | [Request for Judicial Notice No. 2; |
| 8 | Declaration of Igor Latsanovski in Support of Motion for Summary |
| 9 | Judgment, or Alternatively Partial Summary Judgment filed April 18, |
| 10 | 2016.] |
| 11 | |
| 12 | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: |
| 13 | November 6, 2009 Fiduciary Management Agreement; and January |
| 14 | 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| 15 | |
| 16 | [Request for Judicial Notice No. 4; |
| 17 | Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan |
| 18 | Agreement.] |
| 19 | |
| 20 | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in |
| 21 | Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for |
| 22 | Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, |
| 23 | Alternatively Partial Summary |
| 24 | Judgment.] |
| 25 | |
| 26 | [Opposing Decl. of Latsanovski, ¶¶1-30.] |
| 27 | |
| 28 | F. Defendants Latsanovski and |

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

Calenergy, did not play any role in the operation of the internet skincare business.  Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions.  Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18,

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO**
**PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| | 2016.] |
| | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| | [Opposing Decl. of Latsanovski, ¶¶1-30.] |

**76. Moving Party's Response**

Defendants asserted identical responses to their responses to Plaintiff's Fact #2. Accordingly, Plaintiff hereby incorporates Moving Party's Response #2 and asserts it in response to Defendants' response to this Fact.

| | |
|---|---|
| 77.    In truth and in fact, Defendants were not accredited by and did not have a rating of "A-" with the Better Business Bureau. Defendants' rating with the Better Business Bureau was an "F." Id. | 77.    ***Disputed.*** <br><br> A.    Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc. [Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; *"The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment..."*] |

[Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.]

[Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or,

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

B. During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

1
2
3

Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

4
5
6

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

7
8
9
10
11
12

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

13
14

[Opposing Decl. of Latsanovski, ¶¶1-30.]

15
16
17

C. Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,746 in interest return on the $500,000.

18
19
20
21

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

22
23
24

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea*, R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

25
26
27

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

28

[Request for Judicial Notice No. 1; July

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

13, 2015 Declaration of Igor Latsanovski
in Support of Ex Parte Request for
Partial Relief from Temporary
Restraining Order filed July 15, 2015,
¶¶4-14.]

D. Defendants Latsanovski and
Calenergy had no involvement in the day
to day operations of Defendant Bunzai.

[Decl. of Benice, ¶2; Exh. "A" *January
28, 2016 Depo of Latsanovski*, R.T. 30:
6-23.]

[Decl. of Benice, ¶4; Exh. "C" *February
18, 2016 Depo of Alon Nottea*, R.T. 110:
1-25; 111: 1-25; 112: 1-25; 161: 10-19.]

[Decl. of Latsanovski, ¶¶10; 12-18.]

[Request for Judicial Notice No. 1; July
13, 2015 Declaration of Igor Latsanovski
in Support of Ex Parte Request for
Partial Relief from Temporary
Restraining Order filed July 15, 2015,
¶¶4-14.]

[Request for Judicial Notice No. 2;
Declaration of Igor Latsanovski in
Support of Motion for Summary
Judgment, or Alternatively Partial
Summary Judgment filed April 18,
2016.]

[Request for Judicial Notice No. 3;
Declaration of Ilia Klykov Re:
November 6, 2009 Fiduciary
Management Agreement; and January
12, 2015 Agreement between Guayas,
LTD. and Calenergy, LLC.]

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO
PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Request for Judicial Notice No. 4;
Declaration of Mariya Aleksandrovna
Re: June 4, 2015 Master Loan
Agreement.]

[Request for Judicial Notice No. 5;
Declaration of Jeffrey S. Benice in
Support of Defendants Igor Latsanovski
and Calenergy, Inc's Motion for
Summary Judgment Pursuant to Federal
Rules of Civil Procedure Rule 56 or,
Alternatively Partial Summary
Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-
30.]

E. Defendants Latsanovski and
Calenergy had no knowledge or
involvement in Defendant Bunzai's
alleged wrongful activity and did not
recklessly disregard such conduct.

[Decl. of Benice, ¶2;Exh. "A" January
28, 2016 Depo of Latsanovski, R.T. 269:
4-18. ["*Alon can do it... He is running it.*
(Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]
[Request for Judicial Notice No. 1; July
13, 2015 Declaration of Igor Latsanovski
in Support of Ex Parte Request for
Partial Relief from Temporary
Restraining Order filed July 15, 2015,
¶¶4-14.]

[Request for Judicial Notice No. 2;
Declaration of Igor Latsanovski in
Support of Motion for Summary
Judgment, or Alternatively Partial
Summary Judgment filed April 18,

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO
PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

F.  Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet skincare business.  Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

1  2  3  4  5  6  7  8  9  10  11  12  13  14  15  16  17  18  19  20  21  22  23  24  25  26  27  28

operational decisions. Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] [Opposing Decl. of Latsanovski, ¶¶1-30.] |

**77. Moving Party's Response**

Defendants asserted identical responses to their responses to Plaintiff's Fact #2. Accordingly, Plaintiff hereby incorporates Moving Party's Response #2 and asserts it in response to Defendants' response to this Fact.

| | |
|---|---|
| 78.     Plaintiff alleged Defendants' representation in Paragraph 76 was false or misleading and constituted a deceptive act or practice in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a). | 79.     ***Disputed.*** A.     Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc. [Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; *"The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment..."*] [Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.] [Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.] [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, |

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO
PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

B. During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-

24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; *"Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

C. Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,746 in interest return on the $500,000.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea*, R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3;

567

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

D. Defendants Latsanovski and Calenergy had no involvement in the day to day operations of Defendant Bunzai.

[Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.]

[Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.]

[Decl. of Latsanovski, ¶¶10; 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

E. Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct.

[Decl. of Benice, ¶2;Exh. "A" January

28, 2016 Depo of Latsanovski, R.T. 269:
4-18. ["*Alon can do it... He is running it.*
(Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]
[Request for Judicial Notice No. 1; July
13, 2015 Declaration of Igor Latsanovski
in Support of Ex Parte Request for
Partial Relief from Temporary
Restraining Order filed July 15, 2015,
¶¶4-14.]

[Request for Judicial Notice No. 2;
Declaration of Igor Latsanovski in
Support of Motion for Summary
Judgment, or Alternatively Partial
Summary Judgment filed April 18,
2016.]

[Request for Judicial Notice No. 3;
Declaration of Ilia Klykov Re:
November 6, 2009 Fiduciary
Management Agreement; and January
12, 2015 Agreement between Guayas,
LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4;
Declaration of Mariya Aleksandrovna
Re: June 4, 2015 Master Loan
Agreement.]

[Request for Judicial Notice No. 5;
Declaration of Jeffrey S. Benice in
Support of Defendants Igor Latsanovski
and Calenergy, Inc's Motion for
Summary Judgment Pursuant to Federal
Rules of Civil Procedure Rule 56 or,
Alternatively Partial Summary
Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO
PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

30.]

F. Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet skincare business. Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions. Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| | Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |
| | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| | [Opposing Decl. of Latsanovski, ¶¶1-30.] |

**78. Moving Party's Response**

    Defendants asserted identical responses to their responses to Plaintiff's Fact #2. Accordingly, Plaintiff hereby incorporates Moving Party's Response #2 and asserts it in response to Defendants' response to this Fact.

### *Count IV.*

### *Unfairly Charging Consumers Without Authorization*

| ***MOVING PARTY'S UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE*** | ***OPPOSING PARTY'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE*** |
|---|---|

| | |
|---|---|
| 79.    In numerous instances, Defendants caused charges to be submitted for payment to the credit and debit cards of consumers without the express informed consent of consumers. See UF 53 and 62-65, supra. Charging consumers' credit or debit cards without consumers' express informed consent has consistently held to be unfair under the FTC Act. See, e.g., FTC v. J.K. Publ'ns, Inc., 99 F. Supp. 2d 1176, 1201 (C.D. Cal. 2000); FTC v. Global Mktg. Grp., Inc., 594 F. Supp. 2d 1281, 1288-89 (M.D. Fla. 2008). | 79.    ***Disputed.***<br><br>A.    Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc.<br>[Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; *"The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment..."*]<br><br>[Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.]<br><br>[Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.]<br><br>[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]<br><br>[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]<br><br>[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| 1 | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| 2 | |
| 3 | |
| 4 | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |

**B. During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates.**

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015,

[Opposing Decl. of Latsanovski, ¶¶1-30.]

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]


C. Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,746 in interest return on the $500,000.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*,

R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

D. Defendants Latsanovski and Calenergy had no involvement in the day to day operations of Defendant Bunzai.

[Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.]

[Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.]

[Decl. of Latsanovski, ¶¶10; 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary

Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

E. Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015,

578

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

F.  Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet skincare business.  Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the

skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions.  Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas,

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO
PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | LTD. and Calenergy, LLC.] |
| | |
| | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| | |
| | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| | |
| | [Opposing Decl. of Latsanovski, ¶¶1-30.] |

**79. Moving Party's Response**

Defendants asserted identical responses to their responses to Plaintiff's Fact #2. Accordingly, Plaintiff hereby incorporates Moving Party's Response #2 and asserts it in response to Defendants' response to this Fact.

| 80.    Defendants' actions caused or were likely to cause substantial injury to consumers that consumers cannot reasonably avoid themselves and that was not outweighed by countervailing benefits to consumers or competition | 80.    ***Disputed.*** |
| | A.    Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc. [Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; *"The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment..."*] |
| | |
| | [Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.] |
| | |
| | [Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; |

¶¶19-24.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

B. During the period 2010 to 2015

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan

PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

C. Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,746 in interest return on the $500,000.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Request for Judicial Notice No. 2;
Declaration of Igor Latsanovski in
Support of Motion for Summary
Judgment, or Alternatively Partial
Summary Judgment filed April 18,
2016.]

[Request for Judicial Notice No. 3;
Declaration of Ilia Klykov Re:
November 6, 2009 Fiduciary
Management Agreement; and January
12, 2015 Agreement between Guayas,
LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4;
Declaration of Mariya Aleksandrovna
Re: June 4, 2015 Master Loan
Agreement.]

[Request for Judicial Notice No. 5;
Declaration of Jeffrey S. Benice in
Support of Defendants Igor Latsanovski
and Calenergy, Inc's Motion for
Summary Judgment Pursuant to Federal
Rules of Civil Procedure Rule 56 or,
Alternatively Partial Summary
Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-
30.]

D. Defendants Latsanovski and
Calenergy had no involvement in the day
to day operations of Defendant Bunzai.

[Decl. of Benice, ¶2; Exh. "A" *January
28, 2016 Depo of Latsanovski*, R.T. 30:
6-23.]
[Decl. of Benice, ¶4; Exh. "C" *February
18, 2016 Depo of Alon Nottea*, R.T. 110:

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO
PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

1-25; 111: 1-25; 112: 1-25; 161: 10-19.]

[Decl. of Latsanovski, ¶¶10; 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

E. Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.] [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

F.  Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet skincare business.  Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions.  Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money from defendant Bunzai in this case until

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

after Calenergy provided loans to Bunzai.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| | Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]<br><br>[Opposing Decl. of Latsanovski, ¶¶1-30.] |

80. Moving Party's Response

    Defendants asserted identical responses to their responses to Plaintiff's Fact #2. Accordingly, Plaintiff hereby incorporates Moving Party's Response #2 and asserts it in response to Defendants' response to this Fact.

| | |
|---|---|
| 81.    Plaintiff alleged Defendants' practices as described in Paragraph 79 constituted unfair acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. §§ 45(a) and 45(n). | 81.   ***Disputed.***<br><br>A.   Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc.<br>[Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; *"The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment..."*]<br><br>[Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.]<br><br>[Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.]<br><br>[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]<br><br>[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary |

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

B. During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...?*

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO
PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

*A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

30.]

C. Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,746 in interest return on the $500,000.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO
PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

D. Defendants Latsanovski and Calenergy had no involvement in the day to day operations of Defendant Bunzai.

[Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.]

[Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.]

[Decl. of Latsanovski, ¶¶10; 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

E. Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct. [Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

F.  Defendants Latsanovski and Calenergy, did not play any role in the

operation of the internet skincare business. Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions. Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.] [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]<br><br>[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]<br><br>[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]<br><br>[Opposing Decl. of Latsanovski, ¶¶1-30.] |

81. Moving Party's Response

   Defendants asserted identical responses to their responses to Plaintiff's Fact #2. Accordingly, Plaintiff hereby incorporates Moving Party's Response #2 and asserts it in response to Defendants' response to this Fact.

## VIOLATIONS OF THE RESTORE ONLINE SHOPPERS' CONFIDENCE ACT

| MOVING PARTY'S UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE |
|---|---|

PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| | |
|---|---|
| 82.  In 2010, Congress passed the Restore Online Shoppers' Confidence Act, 15 U.S.C. §§ 8401-05, which became effective on December 29, 2010. Congress passed ROSCA because "[c]onsumer confidence is essential to the growth of online commerce. To continue its development as a marketplace, the Internet must provide consumers with clear, accurate information and give sellers an opportunity to fairly compete with one another for consumers' business." Section 2 of ROSCA, 15 U.S.C. § 8401. | 82.  This is a purported statement of law; not an uncontroverted fact.  It cannot be referenced as Disputed or Undisputed. |

82. Moving Party's Response

As Defendants have not addressed the substance of this statement, Plaintiff has no response.

| | |
|---|---|
| 83.  Section 4 of ROSCA, 15 U.S.C. § 8403, generally prohibits charging consumers for goods or services sold in transactions effected on the Internet through a negative option feature, as that term is defined in the Commission's Telemarketing Sales Rule ("TSR"), 16 C.F.R. § 3 10.2(u), unless the seller: (a) clearly and conspicuously discloses all material terms of the transaction before obtaining the consumer's billing information; (b) obtains the consumer's express informed consent before making the charge; and (c) provides a simple mechanism to stop recurring charges. See 15 U.S.C. § 8403. | 83.  This is a purported statement of law; not an uncontroverted fact.  It cannot be referenced as Disputed or Undisputed. |

83. Moving Party's Response

As Defendants have not addressed the substance of this statement, Plaintiff has no response.

| | |
|---|---|
| 84.  The TSR defines a negative option feature as: "in an offer or | 84.  This is a purported statement of law; not an uncontroverted fact.  It |

| | |
|---|---|
| agreement to sell or provide any goods or services, a provision under which the consumer's silence or failure to take an affirmative action to reject goods or services or to cancel the agreement is interpreted by the seller as acceptance of the offer." 16 C.F.R. § 310.2(u). It is unlawful "for any person to charge or attempt to charge any consumer for any goods or services sold in a transaction effected on the Internet through a negative option feature (as defined in the Federal Trade Commission's Telemarketing Sales Rule in part 310 of title 16, Code of Federal Regulations)" without clearly and conspicuously disclosing material terms, obtaining a consumer's informed consent, and providing a simple mechanism to stop recurring charges. 15 U.S.C. § 8403 (2006). | cannot be referenced as Disputed or Undisputed. |
| 84. Moving Party's Response<br><br>As Defendants have not addressed the substance of this statement, Plaintiff has no response. | |
| 85.   As described above, Defendants advertised and sold Defendants' skincare products to consumers through a negative option feature as defined by the TSR. See UF 5 1-53, supra. | 85.   This is a purported statement of law; not an uncontroverted fact.  It cannot be referenced as Disputed or Undisputed. |
| 85. Moving Party's Response<br><br>As Defendants have not addressed the substance of this statement, Plaintiff has no response. | |
| 86.   Under Section 5 of ROSCA, 15 U.S.C. § 8404, a violation of ROSCA is a violation of a rule promulgated under Section 18 of the FTC Act, 15 U.S.C. § 57a. | 86.   This is a purported statement of law; not an uncontroverted fact.  It cannot be referenced as Disputed or Undisputed. |
| 86. Moving Party's Response | |

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| 1 | As Defendants have not addressed the substance of this statement, Plaintiff has no response. |
| 2 | |

**Count V.**

***Violation of ROSCA – Auto-Renewal Continuity Plan***

| *MOVING PARTY'S UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE* | *OPPOSING PARTY'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE* |
|---|---|
| 87.    In numerous instances, in connection with the selling of skincare products on the Internet through a negative option feature, Defendants failed to:<br>(a)    clearly and conspicuously disclose all material terms of the negative option feature of the skin care products transaction before obtaining the consumer's billing information;<br>(b)    obtain the consumer's express informed consent to the negative option feature before charging the consumer's credit card, debit card, bank account, or other financial account for the transaction; and/or<br>(c)    provide simple mechanisms for a consumer to stop recurring charges for skincare products to the consumer's credit card, debit card, bank account, or other financial account. | 87. (a)-(c)        ***Disputed.***<br><br>A.    Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc.<br><br>[Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; "*The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment...*"]<br><br>[Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.]<br><br>[Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.]<br><br>[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]<br><br>[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial |

Summary Judgment filed April 18,
2016.]

[Request for Judicial Notice No. 3;
Declaration of Ilia Klykov Re:
November 6, 2009 Fiduciary
Management Agreement; and January
12, 2015 Agreement between Guayas,
LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4;
Declaration of Mariya Aleksandrovna
Re: June 4, 2015 Master Loan
Agreement.]

[Request for Judicial Notice No. 5;
Declaration of Jeffrey S. Benice in
Support of Defendants Igor Latsanovski
and Calenergy, Inc's Motion for
Summary Judgment Pursuant to Federal
Rules of Civil Procedure Rule 56 or,
Alternatively Partial Summary
Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-
30.]

B. During the period 2010 to 2015
Defendants Latsanovski and Calenergy
made loans totaling $500,000 to
Defendant Bunzai and its affiliates.

[Decl. of Benice, ¶2; Exh. "A" thereto,
*January 28, 2016 Depo of Latsanovski*,
R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-
24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February
18, *2016 Depo of Alon Nottea,* R.T. 85:
lns. 3-5; "*Did Bunzai ...pay back Igor ...?
A. I believe it did.*]

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO
PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| | [Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.] |
| | [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |
| | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |
| | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| | [Opposing Decl. of Latsanovski, ¶¶1- |

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO
PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

30.]

C. Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,746 in interest return on the $500,000.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea*, R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]
[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

D. Defendants Latsanovski and Calenergy had no involvement in the day to day operations of Defendant Bunzai.

[Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.]

[Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.]

[Decl. of Latsanovski, ¶¶10; 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO
PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

E. Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

F.  Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet skincare business.  Latsanovski never spoke to

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions.  Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3;

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]<br><br>[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]<br><br>[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]<br><br>[Opposing Decl. of Latsanovski, ¶¶1-30.] |
|---|---|
| 87. Moving Party's Response<br><br>    Defendants asserted identical responses to their responses to Plaintiff's Fact #2. Accordingly, Plaintiff hereby incorporates Moving Party's Response #2 and asserts it in response to Defendants' response to this Fact. | |
| 88.    Plaintiff alleged Defendants' practices in Paragraph 87 were a violation of Section 4 of ROSCA, 15 U.S.C. § 8403, and a violation of a rule promulgated under Section 18 of the FTC Act, 15 U.S.C. § 57a, 15 U.S.C. § 8404(a). | 88.    ***Disputed.***<br><br>A.    Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc.<br>[Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; *"The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment..."*]<br><br>[Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea,* |

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

R.T. 84: 15-25; 85: 1-25; 86: 1-24.]

[Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

B. During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

C. Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,746 in interest return on the $500,000.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015,

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

¶¶4-14.]

[Request for Judicial Notice No. 2;
Declaration of Igor Latsanovski in
Support of Motion for Summary
Judgment, or Alternatively Partial
Summary Judgment filed April 18,
2016.]

[Request for Judicial Notice No. 3;
Declaration of Ilia Klykov Re:
November 6, 2009 Fiduciary
Management Agreement; and January
12, 2015 Agreement between Guayas,
LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4;
Declaration of Mariya Aleksandrovna
Re: June 4, 2015 Master Loan
Agreement.]

[Request for Judicial Notice No. 5;
Declaration of Jeffrey S. Benice in
Support of Defendants Igor Latsanovski
and Calenergy, Inc's Motion for
Summary Judgment Pursuant to Federal
Rules of Civil Procedure Rule 56 or,
Alternatively Partial Summary
Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-
30.]

D. Defendants Latsanovski and
Calenergy had no involvement in the day
to day operations of Defendant Bunzai.

[Decl. of Benice, ¶2; Exh. "A" *January
28, 2016 Depo of Latsanovski*, R.T. 30:
6-23.]

[Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.]

[Decl. of Latsanovski, ¶¶10; 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO
PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Opposing Decl. of Latsanovski, ¶¶1-30.]

E. Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

F.  Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet skincare business.  Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions.  Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO
PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| 88. Moving Party's Response |
| --- |
| Defendants asserted identical responses to their responses to Plaintiff's Fact #2. Accordingly, Plaintiff hereby incorporates Moving Party's Response #2 and asserts it in response to Defendants' response to this Fact. |

### _Violations of the Electronic Fund Transfer Act and Regulation E_

| _MOVING PARTY'S UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE_ | _OPPOSING PARTY'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE_ |
| --- | --- |
| 89.    Section 907(a) of EFTA, 15 U.S.C. § 1693e(a), provides that a "preauthorized" electronic fund transfer from a consumer's account may be "authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made." | 89.    This is a purported statement of law; not an uncontroverted fact.  It cannot be referenced as disputed or Undisputed. |
| 89. Moving Party's Response<br><br>As Defendants have not addressed the substance of this statement, Plaintiff has no response. | |
| 90.    Section 903(10) of EFTA, 15 U.S.C. § 1693a(10), provides that the term "preauthorized electronic fund transfer" means "an electronic fund transfer authorized in advance to recur at substantially regular intervals." | 90.    This is a purported statement of law; not an uncontroverted fact.  It cannot be referenced as Disputed or Undisputed. |
| 90. Moving Party's Response<br><br>As Defendants have not addressed the substance of this statement, Plaintiff has no response. | |
| 91.    Section 205.10(b) of Regulation E, 12 C.F.R. § 205.10(b), provides that "[p]reauthorized electronic fund transfers from a consumer's account may be authorized only by a writing signed or similarly authenticated by the consumer. The person that obtains the authorization shall provide a copy to the | 91.    This is a purported statement of law; not an uncontroverted fact.  It cannot be referenced as Disputed or Undisputed. |

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| consumer." | |
| 91. Moving Party's Response<br><br>As Defendants have not addressed the substance of this statement, Plaintiff has no response. | |
| 92.    Section 205.10 of the Federal Reserve Board's Official Staff Commentary to Regulation E, 12 C.F.R. § 205.10(b), Supp. I, provides that "[t]he authorization process should evidence the consumer's identity and assent to the authorization." ¶ 10(b), cmt 5.<br>a.    For an authorization to be valid, the terms of the preauthorized transfer must be "clear and readily understandable" and the authorization "should evidence the consumer's identity and assent to the authorization." Federal Reserve Board's Official Staff Commentary to Regulation E, 12 C.F.R. Part 205, Supp I, ¶ 10(b), comments (5) & (6). These protections ensure that consumers' consent to recurring debits will be knowing and informed.<br>b.    A consumer's rights under EFTA cannot be waived. 15 U.S.C. § 1693l (2006). | 92.        This is a purported statement of law; not an uncontroverted fact.  It cannot be referenced as Disputed or Undisputed. |
| 92. Moving Party's Response<br><br>As Defendants have not addressed the substance of this statement, Plaintiff has no response. | |

### _Count VI._

### _Unauthorized Debiting from Consumers' Accounts_

| _MOVING PARTY'S UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE_ | _OPPOSING PARTY'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE_ |
|---|---|

| | |
|---|---|
| 93.      In numerous instances, Defendants debited consumers' bank accounts on a recurring basis without obtaining a written authorization signed or similarly authenticated from consumers for preauthorized electronic fund transfers from their accounts, thereby violating Section 907(a) of EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.10(b). | 93.      ***Disputed.***<br><br>A.      Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc.<br><br>[Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; "*The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment...*"]<br><br>[Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.]<br><br>[Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.]<br><br>[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]<br><br>[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]<br><br>[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

B. During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]
[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015,

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

1 | ¶¶4-14.]

2 | [Request for Judicial Notice No. 2;
3 | Declaration of Igor Latsanovski in
4 | Support of Motion for Summary
   | Judgment, or Alternatively Partial
5 | Summary Judgment filed April 18,
6 | 2016.]

7 | [Request for Judicial Notice No. 3;
8 | Declaration of Ilia Klykov Re:
   | November 6, 2009 Fiduciary
9 | Management Agreement; and January
10 | 12, 2015 Agreement between Guayas,
   | LTD. and Calenergy, LLC.]
11 |

12 | [Request for Judicial Notice No. 4;
13 | Declaration of Mariya Aleksandrovna
   | Re: June 4, 2015 Master Loan
14 | Agreement.]

15 | [Request for Judicial Notice No. 5;
16 | Declaration of Jeffrey S. Benice in
   | Support of Defendants Igor Latsanovski
17 | and Calenergy, Inc's Motion for
18 | Summary Judgment Pursuant to Federal
   | Rules of Civil Procedure Rule 56 or,
19 | Alternatively Partial Summary
20 | Judgment.]

21 | [Opposing Decl. of Latsanovski, ¶¶1-
22 | 30.]

23 | C. Defendant Latsanovski and Calenergy
24 | received the $500,000 in full repayment
   | and $317,746 in interest return on the
25 | $500,000.

26 |

27 | [Decl. of Benice, ¶2; Exh. "A" thereto,
   | *January 28, 2016 Depo of Latsanovski*,
28 | R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-

| | |
|---|---|
| 1 | 24; 114: 1-24; 116: 1-11.] |
| 2 | [Decl. of Benice, ¶4; Exh. "C" February |
| 3 | 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...?* |
| 4 | *A. I believe it did.*] |
| 5 | |
| 6 | [Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ |
| 7 | 15-16.] |
| 8 | [Request for Judicial Notice No. 1; July |
| 9 | 13, 2015 Declaration of Igor Latsanovski |
| 10 | in Support of Ex Parte Request for Partial Relief from Temporary |
| 11 | Restraining Order filed July 15, 2015, |
| 12 | ¶¶4-14.] |
| 13 | [Request for Judicial Notice No. 2; |
| 14 | Declaration of Igor Latsanovski in Support of Motion for Summary |
| 15 | Judgment, or Alternatively Partial |
| 16 | Summary Judgment filed April 18, 2016.] |
| 17 | |
| 18 | [Request for Judicial Notice No. 3; |
| 19 | Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary |
| 20 | Management Agreement; and January |
| 21 | 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| 22 | |
| 23 | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna |
| 24 | Re: June 4, 2015 Master Loan |
| 25 | Agreement.] |
| 26 | [Request for Judicial Notice No. 5; |
| 27 | Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski |
| 28 | and Calenergy, Inc's Motion for |

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO
PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

D. Defendants Latsanovski and Calenergy had no involvement in the day to day operations of Defendant Bunzai.

[Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.]

[Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.]

[Decl. of Latsanovski, ¶¶10; 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas,

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

E. Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.] [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary

Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]
[Opposing Decl. of Latsanovski, ¶¶1-30.]

F. Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet skincare business. Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled

625

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Defendant Bunzai and made all operational decisions.  Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai.

[Decl. of Benice, ¶2; Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]<br><br>[Opposing Decl. of Latsanovski, ¶¶1-30.] |

**93. Moving Party's Response**

Defendants asserted identical responses to their responses to Plaintiff's Fact #2. Accordingly, Plaintiff hereby incorporates Moving Party's Response #2 and asserts it in response to Defendants' response to this Fact.

| | |
|---|---|
| 94.    Further, in numerous instances, Defendants debited consumers' bank accounts on a recurring basis without providing a copy of a written authorization signed or similarly authenticated by the consumer for preauthorized electronic fund transfers from the consumer's account, thereby violating Section 907(a) of EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.10(b). | 94.            ***Disputed.***<br><br>A.    Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc.<br>[Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; *"The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment..."*]<br><br>[Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.]<br><br>[Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.]<br><br>[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary |

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

B. During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-

24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; *"Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

C. Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,746 in interest return on the $500,000.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*][Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| 1 | Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| 2 | |
| 3 | |
| 4 | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| 5 | |
| 6 | |
| 7 | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | [Opposing Decl. of Latsanovski, ¶¶1-30.] |
| 14 | |
| 15 | D. Defendants Latsanovski and Calenergy had no involvement in the day to day operations of Defendant Bunzai. |
| 16 | |
| 17 | |
| 18 | [Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.] |
| 19 | |
| 20 | |
| 21 | [Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.] |
| 22 | |
| 23 | [Decl. of Latsanovski, ¶¶10; 12-18.] |
| 24 | |
| 25 | [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |
| 26 | |
| 27 | |
| 28 | |

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

E. Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.*

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

(Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.] [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

F.  Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet skincare business.  Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions.  Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial

| | |
|---|---|
| | Summary Judgment filed April 18, 2016.] |
| | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| | [Opposing Decl. of Latsanovski, ¶¶1-30.] |

**94. Moving Party's Response**

Defendants asserted identical responses to their responses to Plaintiff's Fact #2. Accordingly, Plaintiff hereby incorporates Moving Party's Response #2 and asserts it in response to Defendants' response to this Fact.

| | |
|---|---|
| 95. Under Section 917 of EFTA, 15 U.S.C. § 1693o(c), a violation of EFTA and Regulation E constitutes a violation of the FTC Act. | 95. This is a purported statement of law. It cannot be referenced as Disputed or Undisputed. |

**95. Moving Party's Response**

As Defendants have not addressed the substance of this statement, Plaintiff has no response.

| | |
|---|---|
| 96. Plaintiff alleges Defendants | 96. *Disputed.* |

| | |
|---|---|
| engaged in violations of EFTA and Regulation E as described in alleged in Paragraphs 93 and 94. | A.   Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc.<br><br>[Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; *"The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment..."*]<br><br>[Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.]<br><br>[Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.]<br><br>[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]<br><br>[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]<br><br>[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]<br><br>[Request for Judicial Notice No. 4; |

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO
PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| 1 | Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| 2 | |
| 3 | |
| 4 | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | [Opposing Decl. of Latsanovski, ¶¶1-30.] |
| 11 | |
| 12 | B. During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates. |
| 13 | |
| 14 | |
| 15 | [Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.] |
| 16 | |
| 17 | |
| 18 | [Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*] |
| 19 | |
| 20 | |
| 21 | |
| 22 | [Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.] |
| 23 | |
| 24 | |
| 25 | [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |
| 26 | |
| 27 | |
| 28 | |

C. Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,746 in interest return on the $500,000.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

D. Defendants Latsanovski and Calenergy had no involvement in the day to day operations of Defendant Bunzai.

[Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.]

[Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.]

[Decl. of Latsanovski, ¶¶10; 12-18.] [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

E. Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.] [Request for Judicial Notice No. 1; July

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

13, 2015 Declaration of Igor Latsanovski
in Support of Ex Parte Request for
Partial Relief from Temporary
Restraining Order filed July 15, 2015,
¶¶4-14.]

[Request for Judicial Notice No. 2;
Declaration of Igor Latsanovski in
Support of Motion for Summary
Judgment, or Alternatively Partial
Summary Judgment filed April 18,
2016.]

[Request for Judicial Notice No. 3;
Declaration of Ilia Klykov Re:
November 6, 2009 Fiduciary
Management Agreement; and January
12, 2015 Agreement between Guayas,
LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4;
Declaration of Mariya Aleksandrovna
Re: June 4, 2015 Master Loan
Agreement.]

[Request for Judicial Notice No. 5;
Declaration of Jeffrey S. Benice in
Support of Defendants Igor Latsanovski
and Calenergy, Inc's Motion for
Summary Judgment Pursuant to Federal
Rules of Civil Procedure Rule 56 or,
Alternatively Partial Summary
Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-
30.]

F.  Defendants Latsanovski and
Calenergy, did not play any role in the
operation of the internet skincare
business.  Latsanovski never spoke to

641

PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO
PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions.  Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re:

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| | November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| | [Opposing Decl. of Latsanovski, ¶¶1-30.] |

96. Moving Party's Response

Defendants asserted identical responses to their responses to Plaintiff's Fact #2. Accordingly, Plaintiff hereby incorporates Moving Party's Response #2 and asserts it in response to Defendants' response to this Fact.

## *Count VII.*

## *Relief Defendant*

| *MOVING PARTY'S UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE* | *OPPOSING PARTY'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE* |
|---|---|
| 97.    Relief Defendant, Chargeback Armor, Inc. received, directly or indirectly, funds and other assets from Defendants that were traceable to funds obtained from Defendants' customers through the unlawful acts or practices described herein. | 97.    **Disputed.**<br><br>A.    Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc.<br>[Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; "*The most important term was that from day one from when I gave my first check,* |

643

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO
PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

1
2

*it's a loan and it's payable back with interest on my investment..."*]

3
4
5

[Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.]

6
7

[Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.]

8
9
10
11
12

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

13
14
15
16
17

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

18
19
20
21

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

22
23
24
25

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

26
27
28

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO
PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

B. During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]
[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3;

645

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO
PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

1
2
3
4

Declaration of Ilia Klykov Re:
November 6, 2009 Fiduciary
Management Agreement; and January
12, 2015 Agreement between Guayas,
LTD. and Calenergy, LLC.]

5
6
7

[Request for Judicial Notice No. 4;
Declaration of Mariya Aleksandrovna
Re: June 4, 2015 Master Loan
Agreement.]

8
9
10
11
12
13

[Request for Judicial Notice No. 5;
Declaration of Jeffrey S. Benice in
Support of Defendants Igor Latsanovski
and Calenergy, Inc's Motion for
Summary Judgment Pursuant to Federal
Rules of Civil Procedure Rule 56 or,
Alternatively Partial Summary
Judgment.]

14
15
16

[Opposing Decl. of Latsanovski, ¶¶1-
30.]

17
18
19

C. Defendant Latsanovski and Calenergy
received the $500,000 in full repayment
and $317,746 in interest return on the
$500,000.

20
21
22
23

[Decl. of Benice, ¶2; Exh. "A" thereto,
*January 28, 2016 Depo of Latsanovski*,
R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-
24; 114: 1-24; 116: 1-11.]

24
25
26

[Decl. of Benice, ¶4; Exh. "C" February
18, *2016 Depo of Alon Nottea,* R.T. 85:
lns. 3-5; *"Did Bunzai ...pay back Igor ...?
A. I believe it did.*]

27
28

[Decl. of Latsanovski, ¶¶1-4; Exh. "A"
thereto, July, 2015 Loan Summary; ¶¶

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO
PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

D. Defendants Latsanovski and Calenergy had no involvement in the day to day operations of Defendant Bunzai.

[Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.]

[Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.]

[Decl. of Latsanovski, ¶¶10; 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5;

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| 1 | Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | [Opposing Decl. of Latsanovski, ¶¶1-30.] |
| 7 | |
| 8 | |
| 9 | E. Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct. |
| 10 | |
| 11 | |
| 12 | |
| 13 | [Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)]. |
| 14 | |
| 15 | |
| 16 | [Decl. of Latsanovski, ¶¶10: 12-18.] [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary |
| 28 | |

Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

F. Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet skincare business. Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions. Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

from defendant Bunzai in this case until after Calenergy provided loans to Bunzai.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| | Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]<br><br>[Opposing Decl. of Latsanovski, ¶¶1-30.] |
| **97. Moving Party's Response**<br><br>Defendants asserted identical responses to their responses to Plaintiff's Fact #2. Accordingly, Plaintiff hereby incorporates Moving Party's Response #2 and asserts it in response to Defendants' response to this Fact. | |
| 98.    Relief Defendant was not a bona fide purchaser with legal and equitable title to Defendants' customers' funds or other assets, and Relief Defendant will be unjustly enriched if it is not required to disgorge the funds or the value of the benefit it received as a result of Defendants' unlawful acts or practices. | 98.    ***Disputed.***<br><br>A.    Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc.<br><br>[Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; *"The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment..."*]<br><br>[Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea,* R.T. 84: 15-25; 85: 1-25; 86: 1-24.]<br><br>[Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.]<br><br>[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]<br><br>[Request for Judicial Notice No. 2; |

Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

B. During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO
PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Opposing Decl. of Latsanovski, ¶¶1-30.]

C. Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,746 in interest return on the $500,000.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January

655

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO
PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| | 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| | |
| | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| | |
| | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| | |
| | [Opposing Decl. of Latsanovski, ¶¶1-30.] |
| | |
| | D. Defendants Latsanovski and Calenergy had no involvement in the day to day operations of Defendant Bunzai. |
| | [Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.] |
| | [Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.] |
| | [Decl. of Latsanovski, ¶¶10; 12-18.] |
| | [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

E. Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.*

(Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

F.  Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet skincare business.  Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions.  Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial

PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO
PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| | |
|---|---|
| | Summary Judgment filed April 18, 2016.] |
| | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| | [Opposing Decl. of Latsanovski, ¶¶1-30.] |

98. Moving Party's Response

Defendants asserted identical responses to their responses to Plaintiff's Fact #2. Accordingly, Plaintiff hereby incorporates Moving Party's Response #2 and asserts it in response to Defendants' response to this Fact.

| | |
|---|---|
| 99.     By reason of the foregoing, Relief Defendant holds funds and assets in constructive trust for the benefit of Defendants' customers. | 99.     ***Disputed.***<br><br>A.     Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc.<br><br>[Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; *"The most important term was that from day one from when I gave my first check,* |

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

*it's a loan and it's payable back with interest on my investment..."*]

[Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.]
[Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO
PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

B. During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3;

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| 1 | Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| 2 | |
| 3 | |
| 4 | |
| 5 | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| 6 | |
| 7 | |
| 8 | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | [Opposing Decl. of Latsanovski, ¶¶1-30.] |
| 15 | |
| 16 | C. Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,746 in interest return on the $500,000. |
| 17 | |
| 18 | |
| 19 | |
| 20 | [Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.] |
| 21 | |
| 22 | |
| 23 | [Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*] |
| 24 | |
| 25 | |
| 26 | [Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.] |
| 27 | |
| 28 | |

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

D. Defendants Latsanovski and

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

Calenergy had no involvement in the day to day operations of Defendant Bunzai.

[Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.]

[Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.]

[Decl. of Latsanovski, ¶¶10; 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

E. Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct. [Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas,

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4;
Declaration of Mariya Aleksandrovna
Re: June 4, 2015 Master Loan
Agreement.]

[Request for Judicial Notice No. 5;
Declaration of Jeffrey S. Benice in
Support of Defendants Igor Latsanovski
and Calenergy, Inc's Motion for
Summary Judgment Pursuant to Federal
Rules of Civil Procedure Rule 56 or,
Alternatively Partial Summary
Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-
30.]

F.  Defendants Latsanovski and
Calenergy, did not play any role in the
operation of the internet skincare
business.  Latsanovski never spoke to
any customers; was not involved in the
day to day operations of the internet
skincare business; had no involvement in
the marketing or advertising of the
skincare products; never received or
reviewed any reports regarding customer
complaints; and had no knowledge of the
web based advertising used by defendant
Bunzai. Defendants Alon and Bond
actually operated and controlled
Defendant Bunzai and made all
operational decisions.  Neither Calenergy
nor Latsanovski received any money
from consumers directly. Importantly,
Calenergy did not receive any money
from defendant Bunzai in this case until
after Calenergy provided loans to
Bunzai.

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO
PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | Judgment.] |
| | |
| | [Opposing Decl. of Latsanovski, ¶¶1-30.] |
| 99. Moving Party's Response | |
| Defendants asserted identical responses to their responses to Plaintiff's Fact #2. Accordingly, Plaintiff hereby incorporates Moving Party's Response #2 and asserts it in response to Defendants' response to this Fact. | |

<div align="center">

**_CONSUMER INJURY_**

</div>

| _MOVING PARTY'S UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE_ | _OPPOSING PARTY'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE_ |
| --- | --- |
| 100.   Consumers have suffered and will continue to suffer substantial injury as a result of Defendants' violations of the FTC Act, ROSCA, and EFTA. In addition, Defendants have been unjustly enriched as a result of their unlawful acts or practices. Absent injunctive relief by this Court, Defendants are likely to continue to injure consumers, reap unjust enrichment, and harm the public interest. | 100.        _**Disputed.**_ <br><br> A.   Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc. <br><br> [Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; _"The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment..."_] <br><br> [Decl. of Benice, ¶4; Exh. "C" thereto, _February 18, 2016 Depo of Alon Nottea_, R.T. 84: 15-25; 85: 1-25; 86: 1-24.] <br><br> [Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.] <br><br> [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

B. During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; *"Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary

PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

C. Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,746 in interest return on the $500,000.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski,* R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; *"Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary

Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

D. Defendants Latsanovski and Calenergy had no involvement in the day to day operations of Defendant Bunzai.

[Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.]

[Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.]

[Decl. of Latsanovski, ¶¶10; 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

E. Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269:

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| 1 | 4-18. ["*Alon can do it... He is running it.* (Bunzai)]. |
| 2 | |
| 3 | [Decl. of Latsanovski, ¶¶10: 12-18.] |
| 4 | [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski |
| 5 | in Support of Ex Parte Request for Partial Relief from Temporary |
| 6 | Restraining Order filed July 15, 2015, |
| 7 | ¶¶4-14.] |
| 8 | |
| 9 | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in |
| 10 | Support of Motion for Summary Judgment, or Alternatively Partial |
| 11 | Summary Judgment filed April 18, |
| 12 | 2016.] |
| 13 | [Request for Judicial Notice No. 3; |
| 14 | Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary |
| 15 | Management Agreement; and January |
| 16 | 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| 17 | |
| 18 | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna |
| 19 | Re: June 4, 2015 Master Loan |
| 20 | Agreement.] |
| 21 | [Request for Judicial Notice No. 5; |
| 22 | Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski |
| 23 | and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal |
| 24 | Rules of Civil Procedure Rule 56 or, |
| 25 | Alternatively Partial Summary |
| 26 | Judgment.] |
| 27 | [Opposing Decl. of Latsanovski, ¶¶1- |
| 28 | 30.] |

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

F.  Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet skincare business.  Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions.  Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in

PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| | |
|---|---|
| | Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |
| | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| | [Opposing Decl. of Latsanovski, ¶¶1-30.] |

100. Moving Party's Response

Defendants asserted identical responses to their responses to Plaintiff's Fact #2. Accordingly, Plaintiff hereby incorporates Moving Party's Response #2 and asserts it in response to Defendants' response to this Fact.

### *THIS COURT'S AUTHORITY TO GRANT RELIEF*

| ***MOVING PARTY'S UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE*** | ***OPPOSING PARTY'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE*** |
|---|---|
| 101.    Section 13(b) of the FTC Act, 15 | 101.       This is a purported statement of |

677

PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

U.S.C. § 53(b), empowers this Court to grant injunctive and such other relief as the Court may deem appropriate to halt and redress violations of any provision of law enforced by the FTC. The Court, in the exercise of its equitable jurisdiction, may award ancillary relief, including rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies, to prevent and remedy any violation of any provision of law enforced by the FTC.

a.      To obtain injunctive and monetary relief against individuals for injury to consumers resulting from a company's conduct, the FTC must establish that the individuals both: (1) participated directly in the unlawful acts or practices or had authority to control them; and (2) had some knowledge of these acts or practices. FTC v. Publ'g Clearing House, Inc., 104 F.3d 1168, 1170–71 (9th Cir. 1997); FTC v. Amy Travel Serv., Inc., 875 F.2d 564, 573 (7th Cir. 1989).

b.      Authority to control the company can be demonstrated by "active involvement in business affairs and the making of corporate policy, including assuming the duties of a corporate officer." Amy Travel, 875 F.2d at 573.

c.      The FTC may satisfy the knowledge requirement by showing either actual knowledge of the misrepresentations, reckless indifference to the truth or falsity of the misrepresentations, or an awareness of a high probability of fraud coupled with an intentional avoidance of the truth. Publ'g Clearing House, 104 F.3d at

law; not an uncontroverted fact.  It cannot be referenced as Disputed or Undisputed.

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| 1171; Amy Travel, 875 F.2d at 574. The degree of participation in business affairs is probative of knowledge. Publ 'g Clearing House, 104 F. 3d at 1170; FTC v. Sharp, 782 F. Supp. 1445, 1450 (D. Nev. 1991) (Pro, J.).<br><br>d.      To establish individual liability, the FTC need not show that the individual intended to defraud consumers. Publ 'g Clearing House, 104 F.3d at 1171. | |

| | |
|---|---|
| 101. Moving Party's Response<br><br>As Defendants have not addressed the substance of this statement, Plaintiff has no response. | |

| | |
|---|---|
| 102. Section 19 of the FTC Act, 15 U.S.C. § 57b, Section 5 of ROSCA, 15 U.S.C. § 8404, and Section 9 17(c) of EFTA, 15 U.S.C. § 16930(c), authorize this Court to grant such relief as the Court finds necessary to redress injury to consumers resulting from Defendants' violations of the FTC Act, ROSCA, and EFTA, including the rescission or reformation of contracts and the refund of money. | 102.      This is a purported statement of law; not an uncontroverted fact.  It cannot be referenced as Disputed or Undisputed. |

| | |
|---|---|
| 102. Moving Party's Response<br><br>As Defendants have not addressed the substance of this statement, Plaintiff has no response. | |

### ***PRAYER FOR RELIEF***

Pursuant to Sections 13(b) and 19 of the FTC Act, 15 U.S.C. §§ 53(b), 57b, Section 5 of ROSCA, 15 US.C. § 8404, Section 917(c) of EFTA, 15 U.S.C. § 1693o(c), and the Court's own equitable powers, this Court has authority to:

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

A.     Enter a permanent injunction to prevent future violations of the FTC Act, ROSCA, and EFTA by Defendants;

B.     Award such relief as the Court finds necessary to redress injury to consumers resulting from Defendants' violations of the FTC Act, ROSCA, and EFTA, including, but not limited to, rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies;

C.     Enter an order requiring Relief Defendant to disgorge all funds and assets, or the value of the benefit it received from the funds and assets, which are traceable to Defendants' unlawful acts or practices; and

D.     Award Plaintiff the cost of bringing this action, as well as such other additional relief the Court determines to be just and proper.

Defendants dispute that Plaintiff is entitled to any relief.

### *JURISDICTION AND VENUE*

| *MOVING PARTY'S UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE* | *OPPOSING PARTY'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE* |
|---|---|
| 103.   This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1337(a), and 1345, and 15 U.S.C. §§ 45(a) and 53(b). | 103. This is a purported statement of law; not an uncontroverted fact.  It cannot be referenced as Disputed or Undisputed. |
| 103. Moving Party's Response<br><br>As Defendants have not addressed the substance of this statement, Plaintiff has no response. | |
| 104.   Personal jurisdiction over all Defendants exists pursuant to the FTC | 104. This is a purported statement of law; not an uncontroverted fact.  It |

680

PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| Act's provision for nationwide service of process, 15 U.S.C. § 53(b). | cannot be referenced as Disputed or Undisputed. |
|---|---|
| 104. Moving Party's Response<br><br>As Defendants have not addressed the substance of this statement, Plaintiff has no response. | |
| 105.   Venue is proper in this District under 28 U.S.C. § 1391(b) and (c), and 15 U.S.C. § 53(b). | 105. This is a purported statement of law; not an uncontroverted fact.  It cannot be referenced as Disputed or Undisputed. |
| 105. Moving Party's Response<br><br>As Defendants have not addressed the substance of this statement, Plaintiff has no response. | |

### *The Standard for Summary Judgment*

| ***MOVING PARTY'S UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE*** | ***OPPOSING PARTY'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE*** |
|---|---|
| 106.   Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). | 106. This is a purported statement of law; not an uncontroverted fact.  It cannot be referenced as Disputed or Undisputed. |
| 106. Moving Party's Response<br><br>As Defendants have not addressed the substance of this statement, Plaintiff has no response. | |
| 107.   The moving party "bears the initial responsibility of informing the district court of the basis for its motion." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). | 107. This is a purported statement of law; not an uncontroverted fact.  It cannot be referenced as Disputed or Undisputed. |
| 107. Moving Party's Response<br><br>As Defendants have not addressed the substance of this statement, Plaintiff has no | |

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| response. | |
| 108.   Once the moving party satisfies its burden under Rule 56(c), the burden shifts to the non-moving party to produce facts to show there is a genuine issue for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). | 108. This is a purported statement of law; not an uncontroverted fact.  It cannot be referenced as Disputed or Undisputed. |
| 108. Moving Party's Response<br><br>As Defendants have not addressed the substance of this statement, Plaintiff has no response. | |
| 109.   Summary judgment is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. Id.; see also Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002). Only disputes over facts that might affect the outcome of the case would properly preclude summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Thus, any opposition to this motion must set forth admissible evidence that is significantly probative, and not merely colorable, of any fact that is claimed to be Disputed. Id. at 249. | 109. This is a purported statement of law; not an uncontroverted fact.  It cannot be referenced as Disputed or Undisputed. |
| 109. Moving Party's Response<br><br>As Defendants have not addressed the substance of this statement, Plaintiff has no response. | |
| 110.   As the Supreme Court has held: "The mere existence of a scintilla of evidence . . . will be insufficient; there must be evidence on which the [fact finder] could reasonably find for [the opposing party]." Id. at 252; Hawking v. Ford Motor Credit Co., 210 F.3d 540, 545 (5th Cir. 2000). | 110. This is a purported statement of law; not an uncontroverted fact.  It cannot be referenced as Disputed or Undisputed. |
| 110. Moving Party's Response | |

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| As Defendants have not addressed the substance of this statement, Plaintiff has no response. | |

### *Counts I-III: Section 5 of the FTC Act – Deception*

| *MOVING PARTY'S UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE* | *OPPOSING PARTY'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE* |
|---|---|
| 111.   Section 5(a) of the FTC Act empowers the FTC to prevent "deceptive acts or practices in or affecting commerce." 15 U.S.C. § 45(a) (2006). | 111. This is a purported statement of law; not an uncontroverted fact.  It cannot be referenced as Disputed or Undisputed. |
| 111. Moving Party's Response<br><br>As Defendants have not addressed the substance of this statement, Plaintiff has no response. | |
| 112.   An act or practice is deceptive if "first, there is a representation, omission, or practice that, second, is likely to mislead consumers acting reasonably under the circumstances, and third, the representation, omission, or practice is material." FTC v. Gill, 265 F.3d 944, 950 (9th Cir. 2001); FTC v. Pantron I Corp., 33 F.3d 1088, 1095 (9th Cir. 1994) (quoting and adopting the standard set forth in In re Cliffdale Assocs., 103 F.T.C. 110, 164–65 (1984)). | 112. This is a purported statement of law; not an uncontroverted fact.  It cannot be referenced as Disputed or Undisputed. |
| 112. Moving Party's Response<br><br>As Defendants have not addressed the substance of this statement, Plaintiff has no response. | |
| 113.   A representation, omission, or practice is material if it "'involves information that is important to consumers and, hence, likely to affect their choice of, or conduct regarding, a | 113. This is a purported statement of law; not an uncontroverted fact.  It cannot be referenced as Disputed or Undisputed. |

| | |
|---|---|
| product.'" FTC v. Cyberspace.com LLC, 453 F.3d 1196, 1201 (9th Cir. 2006 (quoting Cliffdale Assocs., 103 F.T.C. at 165). | |
| 113. Moving Party's Response<br><br>As Defendants have not addressed the substance of this statement, Plaintiff has no response. | |
| 114.   The FTC need not prove actual reliance by each individual consumer. Figgie Int'l, 994 F .2d at 605. Requiring such proof would defeat the intent of the FTC Act and would frustrate prosecutions of large consumer redress actions. Id. Instead, a presumption of actual reliance arises once the FTC has proved that the defendant made material misrepresentations, that they were widely disseminated, and that consumers purchased the defendant's product. Id. at 605–06. | 114. This is a purported statement of law; not an uncontroverted fact.  It cannot be referenced as Disputed or Undisputed. |
| 114. Moving Party's Response<br><br>As Defendants have not addressed the substance of this statement, Plaintiff has no response. | |
| 115.   The FTC is not required to show an intent to deceive, since consumers can be equally harmed by both deliberate and negligent conduct. FTC v. World Travel Vacation Brokers, Inc., 861 F.2d 1020, 1029 (7th Cir. 1988); FTC v. NCH, Inc., 1995-2 Trade Cas. (CCH) ¶71,114, at 75,346 (D. Nev. 1995) (O'Connor, J.); FTC v. Pioneer Enters., Inc., 1992-2 Trade Cas. (CCH) ¶70,043, at 69,156 (D. Nev. 1992) (George, C.J.). | 115. This is a purported statement of law; not an uncontroverted fact.  It cannot be referenced as Disputed or Undisputed. |
| 115. Moving Party's Response | |

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

As Defendants have not addressed the substance of this statement, Plaintiff has no response.

| | |
|---|---|
| 116.   The failure to clearly and conspicuously disclose the material terms of an offer is a deceptive omission that violated Section 5 of the FTC Act. FTC v. Pioneer Enters., Inc., 1992-2 Trade Cas. (CCH) ¶ 70,043 (D. Nev. 1992). | 116. This is a purported statement of law; not an uncontroverted fact.  It cannot be referenced as Disputed or Undisputed. |

116. Moving Party's Response

As Defendants have not addressed the substance of this statement, Plaintiff has no response.

| | |
|---|---|
| 117.   Representations are deceptive under Section 5 of the FTC Act where they are both likely to mislead consumers acting reasonably and material to consumers' purchasing decisions. See FTC v. Gill, 265 F.3d 950; FTC v. Pantron I Corp., 33 F.3d 1095. | 117. This is a purported statement of law; not an uncontroverted fact.  It cannot be referenced as Disputed or Undisputed. |

117. Moving Party's Response

As Defendants have not addressed the substance of this statement, Plaintiff has no response.

| | |
|---|---|
| 118.   "To determine whether a representation, omission, or practice is likely to mislead, the Court considers the overall net impression the representation creates." Publrs. Bus. Servs., Inc., 821 F. Supp. 2d at 1223 (citing Cyberspace.com, 453 F.3d at 1200). | 118. This is a purported statement of law; not an uncontroverted fact.  It cannot be referenced as Disputed or Undisputed. |

118. Moving Party's Response

As Defendants have not addressed the substance of this statement, Plaintiff has no response.

| | |
|---|---|
| 119.   There is no question that a false representation that a product is free or risk free is material and a violation of | 119. This is a purported statement of law; not an uncontroverted fact.  It cannot be referenced as Disputed or |

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| Section 5. See FTC v. Commerce Planet, Inc., 878 F. Supp. 2d 1048, 1068 (C.D. Cal. 2012) ("This misrepresentation is undoubtedly material because the information about a free kit goes to the cost of the product, an important factor in a consumer's decision on whether or not to purchase a product. The notion that consumers will get a free kit makes it more likely that they will unwittingly provide their credit card information, thinking they are only paying for shipping and handling, when in fact, they are obligating themselves to pay a subscription fee for the continuity program.") | Undisputed. |
| 119. Moving Party's Response<br><br>As Defendants have not addressed the substance of this statement, Plaintiff has no response. | |
| 120.   To be effective, a disclosure must be sufficiently clear and prominent so that the "overall net impression" of the sales offer is truthful. See Cyberspace. Com, 453 F.3d at 1200 ("A solicitation may be likely to mislead by virtue of the net impression it creates even though the solicitation also contains truthful disclosures."). See also FTC v. Direct Marketing Concepts, Inc., 624 F.3d 1, 12 (1st Cir. 2010) ("[d]isclaimers or qualifications in any particular ad are not adequate to avoid liability unless they are sufficiently prominent and unambiguous to change the apparent meaning of the claims and leave an accurate impression") (quoting Removatron Intern. Corp. v. FTC, 884 F.2d 1489, 1497 (1st Cir. 1989)); FTC v. Brown & Williamson Tobacco Corp., | 120. This is a purported statement of law; not an uncontroverted fact.  It cannot be referenced as Disputed or Undisputed. |

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| 778 F.2d 35, 43 (D.C. Cir. 1985) (holding that an advertisement's description of cigarette tar content was deceptive despite a fine print disclosure at the bottom of the ad); FTC v. Porter & Deitsch, 605 F.2d 294, 301 (7th Cir. 1979) (upholding FTC and finding that disclosures "buried in small print" were inadequate to qualify weight loss claims in advertising); FTC v. Gill, 71 F. Supp. 2d 1030, 1044 (C.D. Cal. 1999) (disclaimers made in contract for credit repair services were insufficient to counteract advertising claims about the service). | |
| 120. Moving Party's Response<br><br>As Defendants have not addressed the substance of this statement, Plaintiff has no response. | |
| 121.   Express product claims are presumed to be material and reliance upon such claims is presumptively reasonable. FTC v. Pantron I Corp., 33 F.3d 1088, 1095-96 (9th Cir. 1994); FTC v. Five-Star Auto Club, Inc., 97 F. Supp. 2d 502, 528 (S.D.N.Y. 2000). | 121. This is a purported statement of law; not an uncontroverted fact.  It cannot be referenced as Disputed or Undisputed. |
| 121. Moving Party's Response<br><br>As Defendants have not addressed the substance of this statement, Plaintiff has no response. | |

### Count IV: Section 5 of the FTC Act - Unfairness

| MOVING PARTY'S UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE |
|---|---|
| 122.   An act or practice is unfair, and violates Section 5(a) of the FTC Act, if it causes, or is likely to cause, | 122.      This is a purported statement of law; not an uncontroverted fact.  It cannot be referenced as Disputed or |

| | |
|---|---|
| substantial injury to consumers that is not reasonably avoidable and is not outweighed by countervailing benefits to consumers or competition. 15 U.S.C. § 45(n). | Undisputed. |

**122. Moving Party's Response**

As Defendants have not addressed the substance of this statement, Plaintiff has no response.

| | |
|---|---|
| 123.   Courts have regularly found unauthorized billing to be unfair. FTC v. Inc21.com, 745 F. Supp. 2d 975, 1003-05 (N.D. Cal. 2010) (unauthorized charges to telephone bills were unfair); FTC v. J.K. Publ'ns, 99 F. Supp. 2d 1176, 1203 (C.D. Cal. 2000) (unauthorized credit card charges); FTC v. Windward Mktg., Ltd., No. 96-615F, 1997 WL 33642380, at *10, 13 (N.D. Ga. Sept. 30, 1997) (unauthorized bank debits). | 123.      This is a purported statement of law; not an uncontroverted fact.  It cannot be referenced as Disputed or Undisputed. |

**123. Moving Party's Response**

As Defendants have not addressed the substance of this statement, Plaintiff has no response.

| | |
|---|---|
| 124.   Taking consumers' money without authorization is presumed to cause substantial injury. See J.K. Publ'ns, 99 F. Supp. 2d at 1201 (finding substantial injury where "consumers were injured by a practice for which they did not bargain"). | 124.    This is a purported statement of law; not an uncontroverted fact.  It cannot be referenced as Disputed or Undisputed. |

**124. Moving Party's Response**

As Defendants have not addressed the substance of this statement, Plaintiff has no response.

| | |
|---|---|
| 125.   The injury is substantial even if the amount taken is relatively small. FTC v. Pantron I Corp., 33 F.3d 1088, 1102 (9th Cir. 1994), cert. denied, 514 U.S. 1083 (1995) ("[C]onsumer injury | 125.      This is a purported statement of law; not an uncontroverted fact.  It cannot be referenced as Disputed or Undisputed. |

| | | |
|---|---|---|
| 1 | is substantial when it is the aggregate of many small individual injuries."). | |
| 2 | 125. Moving Party's Response | |
| 3 4 | As Defendants have not addressed the substance of this statement, Plaintiff has no response. | |
| 5 6 7 8 9 10 11 12 13 14 15 16 17 18 19 20 21 22 23 24 25 26 27 28 | 126. It is well-established principle in the federal courts that large numbers of consumer complaints and high chargeback, return, and refund rates are convincing evidence that a consumer did not agree to be charged. See FTC v. MacGregor, 360 Fed App'x 891, 894 (9th Cir. 2009) (holding that high refund and return rates, along with high volume of complaints, are probative of misrepresentations and other abuses). See also FTC v. Commerce Planet, 878 F. Supp. 2d 1048, 1075-76 (C.D. Cal. 2012) (high volume of consumer complaints and excessive chargeback rates reaching 8 percent consistent with fraud); FTC v. Grant Connect, LLC, 827 F. Supp. 2d 1199, 1221 (D. Nev. 2011) ("[H]igh number of cancellations, refunds and chargebacks suggest that in fact consumers were deceived about what they were ordering."); J.K. Publ 'ns, 99 F. Supp. 2d at 1203 (finding unauthorized charging where, among other things, more than 50 percent of consumers contacting defendants claimed they had not ordered defendants' products and there were 7.3 percent chargebacks); FTC v. QT, Inc., 448 F. Supp 2d 908, 936 (N.D. Ill. 2006), aff'd 512 F.3d 858 (7th Cir. 2008) (refund rate of 25 percent indicates deception); FTC v. Crescent Publ'g Grp., 129 F. Supp. 2d 311, 315, 322 (S.D. N.Y 2001) (lack of consumer | 126.      This is a purported statement of law; not an uncontroverted fact.  It cannot be referenced as Disputed or Undisputed. |

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| authorization evidenced by "strikingly high chargeback level that averaged approximately 10.51 percent."); Windward Mktg., 1997 WL 33642380, at *6, 12 (concluding from 40 percent return rate that defendant knew debits were unauthorized). | |
| **126. Moving Party's Response**<br><br>As Defendants have not addressed the substance of this statement, Plaintiff has no response. | |
| 127.   Consumers cannot reasonably avoid an unauthorized charge that they discover after it occurs. Inc21.com, 745 F. Supp. 2d at 1004 ("[T]he burden should not be placed on defrauded customers to avoid charges that were never authorized to begin with."). | 127. This is a purported statement of law; not an uncontroverted fact.  It cannot be referenced as Disputed or Undisputed. |
| **127. Moving Party's Response**<br><br>As Defendants have not addressed the substance of this statement, Plaintiff has no response. | |
| 128.   Finally, consumers do not benefit from being debited or charged for products or services "they never agreed to purchase, didn't know were being provided to them, and never wanted in the first place." Inc21.com, 745 F. Supp. 2d at 1004-05; see also Neovi, 604 F.3d at 1157 (consumers are "injured by a practice for which they did not bargain"); J.K. Publ'ns, 99 F. Supp. 2d at 1202. | 128. This is a purported statement of law; not an uncontroverted fact.  It cannot be referenced as Disputed or Undisputed. |
| **128. Moving Party's Response**<br><br>As Defendants have not addressed the substance of this statement, Plaintiff has no response. | |

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

1

2

3    ### _Count V: Restore Online Shoppers' Confidence Act ("ROSCA")_

4

| _MOVING PARTY'S UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE_ | _OPPOSING PARTY'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE_ |
|---|---|
| 129.   Section 4 of ROSCA, 15 U.S.C. § 8403, generally prohibits charging consumers for goods or services sold on the Internet through a negative option feature, unless the seller clearly and conspicuously discloses all material terms of the transaction before obtaining the consumer's billing information, obtains the consumer's express informed consent before making the charge, and provides a simple mechanism to stop recurring charges. See 15 U.S.C. § 8403 (2006). | 129. This is a purported statement of law; not an uncontroverted fact.  It cannot be referenced as Disputed or Undisputed. |
| 129. Moving Party's Response<br><br>As Defendants have not addressed the substance of this statement, Plaintiff has no response. | |
| 130.   Specifically, it is unlawful "for any person to charge or attempt to charge any consumer for any goods or services sold in a transaction effected on the Internet through a negative option feature (as defined in the Federal Trade Commission's Telemarketing Sales Rule in part 310 of title 16, Code of Federal Regulations)" without clearly and conspicuously disclosing material terms, obtaining a consumer's informed consent, and providing a simple mechanism to stop recurring charges. 15 U.S.C. § 8403 (2006). | 130. This is a purported statement of law; not an uncontroverted fact.  It cannot be referenced as Disputed or Undisputed. |
| 130. Moving Party's Response | |

| | |
|---|---|
| As Defendants have not addressed the substance of this statement, Plaintiff has no response. | |
| 131.   The Telemarketing Sales Rule defines a negative option feature as "an offer or agreement to sell or provide any goods or services, a provision under which the consumer's silence or failure to take an affirmative action to reject goods or services or to cancel the agreement is interpreted by the seller as acceptance of the offer." 16 C.F.R. § 3 10.2(u) (2006). | 131. This is a purported statement of law; not an uncontroverted fact.  It cannot be referenced as Disputed or Undisputed. |
| 131. Moving Party's Response<br><br>As Defendants have not addressed the substance of this statement, Plaintiff has no response. | |
| 132.   Under Section 5 of ROSCA, 15 U.S.C. § 8404, a violation of ROSCA is a violation of a rule promulgated under Section 18 of the FTC Act, 15 U.S.C. § 57a. | 132. This is a purported statement of law; not an uncontroverted fact.  It cannot be referenced as Disputed or Undisputed. |
| 132. Moving Party's Response<br><br>As Defendants have not addressed the substance of this statement, Plaintiff has no response. | |

## Count VI: The Electric Funds Transfer Act ("EFTA") and Regulation E

| MOVING PARTY'S UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE |
|---|---|
| 133.   The Electronic Fund Transfer Act, and its implementing Regulation E, regulate the circumstances under which a merchant may make regularly recurring debits from a consumer's | 133. This is a purported statement of law; not an uncontroverted fact.  It cannot be referenced as Disputed or Undisputed. |

| | |
|---|---|
| bank account. EFTA and Regulation E require that, before a merchant can make such recurring debits, it must obtain a written authorization signed or similarly authenticated by the consumer. 15 U.S.C. § 1693e(a) (2006); 12 C.F.R. § 205.10(b) (2006). | |

**133. Moving Party's Response**

As Defendants have not addressed the substance of this statement, Plaintiff has no response.

| | |
|---|---|
| 134.    Section 907(a) of EFTA, 15 U.S.C. § 1693e(a), provides that a "preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made." | 134. This is a purported statement of law; not an uncontroverted fact.  It cannot be referenced as Disputed or Undisputed. |

**134. Moving Party's Response**

As Defendants have not addressed the substance of this statement, Plaintiff has no response.

| | |
|---|---|
| 135.    Section 903(9) of EFTA, 15 U.S.C. § 1693a(9, provides that the term "preauthorized electronic fund transfer" means "an electronic fund transfer authorized in advance to recur at substantially regular intervals." | 135. This is a purported statement of law; not an uncontroverted fact.  It cannot be referenced as Disputed or Undisputed. |

**135. Moving Party's Response**

As Defendants have not addressed the substance of this statement, Plaintiff has no response.

| | |
|---|---|
| 136.    Section 205.10(b) of Regulation E, 12 C.F.R. § 205.10(b), provides that "[p]reauthorized electronic fund transfers from a consumer's account may be authorized only by a writing signed or similarly authenticated by the consumer. The person that obtains the authorization shall provide a copy to the | 136. This is a purported statement of law; not an uncontroverted fact.  It cannot be referenced as Disputed or Undisputed. |

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

consumer." Section 205.10 of the Federal Reserve Board's Official Staff Commentary to Regulation E, 12 C.F.R. §205.10(b), Supp. I, provides that "[t]he authorization process should evidence the consumer's identity and assent to the authorization." Id. ¶10(b), cmt 5. The Official Staff Commentary further provides that "[a]n authorization is valid if it is readily identifiable as such and the terms of the preauthorized transfer are clear and readily understandable ..." Id. ¶ 10(b), cmt 6.

136. Moving Party's Response

As Defendants have not addressed the substance of this statement, Plaintiff has no response.

### *Count IV: Relief Defendant*

| *MOVING PARTY'S UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE* | *OPPOSING PARTY'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE* |
|---|---|
| 137.   "The broad equitable powers of the federal courts can be employed to recover ill-gotten gains for the benefit of the victims of wrongdoing, whether held138. Under the FTC Act, disgorgement from a relief defendant is warranted where: (1) the relief defendant has received ill-gotten gains; and (2) does not have a legitimate claim to those gains. See FTC v. Ivy Capital, Inc., et al., 2013 WL 1224613, at * 18 (relief defendant who was responsible for keeping the books and for various operations or administrative tasks is liable for disgorgement); FTC v. Transnet Wireless Corp., 506 F. Supp. 2d 1247, 1273 (S.D. Fla. 2007) (relief defendant liable for the full amount off | 137. This is a purported statement of law; not an uncontroverted fact.  It cannot be referenced as Disputed or Undisputed. |

| | |
|---|---|
| ill-gotten gains she received when she provided no service to the corporate defendants); SEC v. Colello, 139 F.3d 674, 677 (9th Cir. 1998) (summary judgment against a relief defendant who failed to show he had a legitimate claim to the ill-gotten gains he received); FTC v. Inc21.com Corp., 745 F. Supp. 2d 975, 1009 (N.D. Cal. 2010), aff'd 475 Fed. Appx. 106 (9th Cir. 2012) (relief defendant liable for ill-gotten gains as he was "president" of a corporation "in name only" and provided no services to the corporation); FTC v. Holiday Enterp, 2008 WL 953358, at * 12 (N.D. Ga. Feb. 5, 2008) (relief defendant liable as "[s]he never performed any work for the [defendant] companies (except for occasional signing of checks) and would not have a legitimate claim to properties because of any work performed for the Holiday companies"); FTC v. Think Achievement Corp., 144 F. Supp. 2d 1013, 1020-22 (N.D. Ind. 2000). | |
| **137. Moving Party's Response**  As Defendants have not addressed the substance of this statement, Plaintiff has no response. | |
| 139.   Once demonstrated, the appropriate remedy is an equitable monetary judgment equivalent to the amount of ill-gotten gains that the relief defendant received. See FTC v. Transnet Wireless Corp., 506 F. Supp. 2d at 1273. | 139. This is a purported statement of law; not an uncontroverted fact.  It cannot be referenced as Disputed or Undisputed. |
| **139. Moving Party's Response**  As Defendants have not addressed the substance of this statement, Plaintiff has no response. | |

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| 140.   Moreover, it is well-established that government agencies, in an effort to maximize the recovery of funds taken through fraud, may pursue individuals or companies even if they are no longer in possession of the ill-gotten assets. See, e.g., CFTC v. Gresham, No. 3:09-cv-75, 2012 WL 1606037, *3 (N.D. Ga. May 7, 2012) ("An individual may be a proper relief defendant even if she does not possess the actual ill-gotten gains if she previously received benefits that were derived from another person's unlawful conduct."). | 140. This is a purported statement of law; not an uncontroverted fact.  It cannot be referenced as Disputed or Undisputed. |

140. Moving Party's Response

As Defendants have not addressed the substance of this statement, Plaintiff has no response.

| | |
|---|---|
| 141.   Finally, courts have found that an individual's status as an employee does not create a legitimate claim to salary or other employee benefits if her employment was "in name only." FTC v. Inc21.com Corp., 745 F. Supp. 2d at 999. | 141. This is a purported statement of law; not an uncontroverted fact.  It cannot be referenced as Disputed or Undisputed. |

141. Moving Party's Response

As Defendants have not addressed the substance of this statement, Plaintiff has no response.

### *Liability: Common Enterprise*

| ***MOVING PARTY'S UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE*** | ***OPPOSING PARTY'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE*** |
|---|---|
| 142.   Where corporate defendants act as a common enterprise, each may be held jointly and severally liable for the unlawful acts and practices of the other. Grant Connect, 827 F. Supp. 2d at 1216; J.K. Publ'ns, 99 F. Supp. 2d at | 142.   *Disputed.*<br><br>A.   Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc. [Decl. of Benice, ¶3; January 28, 2016 |

| | |
|---|---|
| 1202. | Depo of Latsanovski, R.T. 76:lns. 1-14; "*The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment...*"] |
| | [Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.] |
| | [Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.] |
| | [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |
| | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |
| | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| | [Request for Judicial Notice No. 5; |

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

B. During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; *"Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]
[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18,

2016.]

[Request for Judicial Notice No. 3;
Declaration of Ilia Klykov Re:
November 6, 2009 Fiduciary
Management Agreement; and January
12, 2015 Agreement between Guayas,
LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4;
Declaration of Mariya Aleksandrovna
Re: June 4, 2015 Master Loan
Agreement.]

[Request for Judicial Notice No. 5;
Declaration of Jeffrey S. Benice in
Support of Defendants Igor Latsanovski
and Calenergy, Inc's Motion for
Summary Judgment Pursuant to Federal
Rules of Civil Procedure Rule 56 or,
Alternatively Partial Summary
Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-
30.]

C. Defendant Latsanovski and Calenergy
received the $500,000 in full repayment
and $317,746 in interest return on the
$500,000.

[Decl. of Benice, ¶2; Exh. "A" thereto,
*January 28, 2016 Depo of Latsanovski*,
R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-
24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February
18, *2016 Depo of Alon Nottea,* R.T. 85:
lns. 3-5; "*Did Bunzai ...pay back Igor ...?
A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

D. Defendants Latsanovski and Calenergy had no involvement in the day to day operations of Defendant Bunzai.

[Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.]

[Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.]

[Decl. of Latsanovski, ¶¶10; 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

E. Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]
[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas,

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4;
Declaration of Mariya Aleksandrovna
Re: June 4, 2015 Master Loan
Agreement.]

[Request for Judicial Notice No. 5;
Declaration of Jeffrey S. Benice in
Support of Defendants Igor Latsanovski
and Calenergy, Inc's Motion for
Summary Judgment Pursuant to Federal
Rules of Civil Procedure Rule 56 or,
Alternatively Partial Summary
Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-
30.]

F.  Defendants Latsanovski and
Calenergy, did not play any role in the
operation of the internet skincare
business.  Latsanovski never spoke to
any customers; was not involved in the
day to day operations of the internet
skincare business; had no involvement in
the marketing or advertising of the
skincare products; never received or
reviewed any reports regarding customer
complaints; and had no knowledge of the
web based advertising used by defendant
Bunzai. Defendants Alon and Bond
actually operated and controlled
Defendant Bunzai and made all
operational decisions.  Neither Calenergy
nor Latsanovski received any money
from consumers directly. Importantly,
Calenergy did not receive any money
from defendant Bunzai in this case until
after Calenergy provided loans to
Bunzai.

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO
PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | | |
|---|---|---|
| 1 | | Judgment.] |
| 2 | | |
| 3 | | [Opposing Decl. of Latsanovski, ¶¶1-30.] |
| 4 | 142. Moving Party's Response | |
| 5 | Defendants asserted identical responses to their responses to Plaintiff's Fact #2. Accordingly, Plaintiff hereby incorporates Moving Party's Response #2 and asserts it in response to Defendants' response to this Fact. | |
| 6 | | |
| 7 | 143.  Corporations "'constitute a common enterprise when they exhibit either vertical or horizontal commonality—qualities that may be demonstrated by a showing of strongly interdependent economic interest or the pooling of assets and revenues.'" Grant Connect, 827 F. Supp. 2d at 1266 (citing FTC v. Network Servs. Depot, Inc., 617 F.3d 1127, 1142-43 (9th Cir. 2010)). | 143.        *Disputed.* |
| 8 | | A.    Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc. |
| 9 | | [Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; *"The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment..."*] |
| 10 | | |
| 11 | | |
| 12 | | |
| 13 | | |
| 14 | | |
| 15 | | [Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.] |
| 16 | | |
| 17 | | [Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.] |
| 18 | | |
| 19 | | |
| 20 | | [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |
| 26 | | |
| 27 | | |
| 28 | | |

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO
PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]
B. During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶

15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

C. Defendant Latsanovski and Calenergy received the $500,000 in full repayment

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO
PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| 1 | and $317,746 in interest return on the |
| 2 | $500,000. |
| 3 | [Decl. of Benice, ¶2; Exh. "A" thereto, |
| 4 | *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.] |
| 5 | |
| 6 | [Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*] |
| 7 | |
| 8 | |
| 9 | |
| 10 | [Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.] |
| 11 | |
| 12 | [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan |
| 28 | |

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

D. Defendants Latsanovski and Calenergy had no involvement in the day to day operations of Defendant Bunzai. [Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.]

[Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.]

[Decl. of Latsanovski, ¶¶10; 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

E. Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct. [Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.] [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

| | |
|---|---|
| 1 | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

F.  Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet skincare business.  Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or

reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions.  Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| | |
|---|---|
| | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]<br><br>[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]<br><br>[Opposing Decl. of Latsanovski, ¶¶1-30.] |
| 143. Moving Party's Response<br><br>    Defendants asserted identical responses to their responses to Plaintiff's Fact #2. Accordingly, Plaintiff hereby incorporates Moving Party's Response #2 and asserts it in response to Defendants' response to this Fact. | |
| 144.   In determining whether a common enterprise exists, "the Court considers factors such as: common control; the sharing of office space and officers; whether business is transacted through a maze of interrelated companies; the commingling of corporate funds and failure to maintain separation of companies; unified advertising; and evidence that reveals that no real distinction exists between the corporate defendants." Id. (quoting FTC v. Nat'l Urological Grp., Inc., 645 F. Supp. 2d 1167, 1182 (N.D. Ga. 2008)); see also FTC v. Ivy Capital, Inc., No. 11-283, 2013 WL 1224613 at *13 (D. Nev. Mar. 26, 2013) (common enterprise existed where there was common control, shared office space, interrelated activity, and commingled | 144.     ***Disputed.***<br><br>A.    Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc.<br>[Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; *"The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment..."*]<br><br>[Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.]<br><br>[Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.]<br><br>[Request for Judicial Notice No. 1; July |

| | |
|---|---|
| funds). In addition, "the pattern and frame-work of the whole enterprise must be taken into consideration." Del. Watch Co. v. FTC, 332 F.2d 745, 746-47 (2d Cir. 1964) (affirming company was liable because it was part of a "maze of interrelated companies"). | 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] |

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

B. During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates.

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea*, R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]
[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5;

715

Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

C. Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,746 in interest return on the $500,000.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea*, R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

D. Defendants Latsanovski and Calenergy had no involvement in the day to day operations of Defendant Bunzai.

[Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.]

[Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.]

[Decl. of Latsanovski, ¶¶10; 12-18.]

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO
PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

E. Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

alleged wrongful activity and did not recklessly disregard such conduct.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.] [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or,

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO
PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

F. Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet skincare business. Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions. Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015,

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| | ¶¶4-14.] |
|---|---|
| | [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.] |
| | [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.] |
| | [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.] |
| | [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.] |
| | [Opposing Decl. of Latsanovski, ¶¶1-30.] |

**144. Moving Party's Response**

Defendants asserted identical responses to their responses to Plaintiff's Fact #2. Accordingly, Plaintiff hereby incorporates Moving Party's Response #2 and asserts it in response to Defendants' response to this Fact.

| 145.   The Ninth Circuit has also held that "entities constitute a common enterprise when they exhibit either | 145.    This is a purported statement of law.  It cannot be referenced as Disputed or Undisputed. |
|---|---|

| | |
|---|---|
| vertical or horizontal commonality – qualities that may be demonstrated by a showing of strongly interdependent economic interests or the pooling of assets and revenues." FTC v. Network Servs. Depot, Inc., 617 F.3d 1127, 1143 (9th Cir. 2010). | |
| 145. Moving Party's Response<br><br>As Defendants have not addressed the substance of this statement, Plaintiff has no response. | |
| 146.   It is not necessary that the FTC prove any particular number of entity connections and any specific connection. Instead, it must be proved that the defendants maintained an "unholy" alliance. See FTC v. Ameridebt, Inc., 343 F. Supp. 2d 451, 462 (D. Md. 2004). | 146.     This is a purported statement of law.  It cannot be referenced as Disputed or Undisputed. |
| 146. Moving Party's Response<br><br>As Defendants have not addressed the substance of this statement, Plaintiff has no response. | |

*Individual Liability*
*Liability for Injunctive Relief*

| MOVING PARTY'S UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE |
|---|---|
| 147.   Individuals are liable for injury to consumers resulting from a company's deceptive acts or practices when they | 147.     This is a purported statement of law.  It cannot be referenced as Disputed or Undisputed. |

| | | |
|---|---|---|
| 1<br>2<br>3<br>4 | either: (1) "participated directly in the acts or practices;" or (2) "had authority to control them." FTC v. Publ 'g Clearing House, Inc., 104 F.3d 1168, 1170 (9th Cir. 1997). | |
| 5<br>6<br>7<br>8 | 147. Moving Party's Response<br><br>As Defendants have not addressed the substance of this statement, Plaintiff has no response. | |
| 9<br>10<br>11<br>12<br>13<br>14<br>15<br>16<br>17<br>18<br>19<br>20 | 148.   "Participation" can include an individual working at and drawing a salary from the company, even if the individual is not involved in day-to-day operations. See, e.g., FTC v. J.K. Publications, Inc., 99 F. Supp. 2d 1176, 1206 (C.D. Cal. 2000). Moreover, where an officer participates in "acts crucial to the success" of an enterprise, the officer has directly participated for the purposes of individual liability. Id. In J.K. Publications, for instance, the court held liable a corporate officer who had obtained merchant accounts and purchased a database of consumers for the corporate defendant. See, e.g., FTC v. J.K. Publications, Inc., 99 F. Supp. 2d 1176, 1206 (C.D. Cal. 2000). | 148.  This is a purported statement of law.  It cannot be referenced as Disputed or Undisputed. |
| 21<br>22<br>23 | 148. Moving Party's Response<br><br>As Defendants have not addressed the substance of this statement, Plaintiff has no response. | |
| 24<br>25<br>26<br>27<br>28 | 149. Individuals are also liable for injunctive relief if they had "authority to control" the corporation, which can be inferred from "'active involvement in business affairs and the making of corporate policy.'" J.K. Publications, 99 F. Supp. at 1203 (quoting FTC v. Am. | 149.      This is a purported statement of law.  It cannot be referenced as Disputed or Undisputed. |

Standard Credit Sys., Inc., 874 F. Supp. 1080, 1089 (C.D. Cal. 1994)). An individual's "status as a corporate officer and authority to sign documents on behalf of the corporate defendant can be sufficient to demonstrate the requisite control." Id. at 1204. Indeed, a "corporate officer is presumed to be in control of a small, closely held corporation, and assuming the duties of a corporate officer is probative of an individual's participation or authority." FTC v. Ivy Capital, Inc., No. 2:1 1-CV-283, 2013 WL 1224613, * 14 (D. Nev. Mar. 26, 2013) (quoting FTC v. LoanPointe, LLC, No. 2:10-CV¬225DAK, 2011 WL 4348304, *10 (D. Utah Sept. 16, 2011)); see also FTC v. Transnet Wireless Corp., 506 F. Supp. 2d 1247, 1270 (S.D. Fla. 2007) ("An individual's status as a corporate officer gives rise to the presumption of ability to control a small, closely-held corporation."); Standard Educators, Inc. v. FTC, 475 F .2d 401, 403 (D.C. Cir. 1973) ("A heavy burden of exculpation rests on the chief executive and primary shareholder of a closely held corporation whose stock-in-trade is overreaching and deception."); FTC v. Windward Mktg., No. Civ. A. 1:96-CV-615F, 1997 WL 33642380, *13 (N.D. Ga. Sept. 30, 1997) ("An individual's status as a corporate officer gives rise to a presumption of ability to control a small, closely-held corporation.").

149. Moving Party's Response

As Defendants have not addressed the substance of this statement, Plaintiff has no response.

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

*__Liability for Equitable Monetary Relief__*

| __*MOVING PARTY'S UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE*__ | __*OPPOSING PARTY'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE*__ |
|---|---|
| 150.   To obtain equitable monetary relief against an individual, the FTC must show, in addition to one of the two factors above, that the individual had some knowledge of the company's deceptive acts or practices. J.K. Publications, 99 F. Supp. at 1204. | 150.     This is a purported statement of law.  It cannot be referenced as Disputed or Undisputed. |
| 150. Moving Party's Response<br><br>As Defendants have not addressed the substance of this statement, Plaintiff has no response. | |
| 151.   Individuals possess the requisite knowledge if they: (1) had actual knowledge of the misrepresentations; (2) were recklessly indifferent to the truth or falsity of the misrepresentations; or (3) had an awareness of a high probability of deceptive conduct together with an intentional avoidance of the truth. FTC v. Network Servs. Depot, Inc., 617 F.3d 1127, 1138-39 (9th Cir. 2010); Publ'g Clearing House, 104 F.3d at 1171; FTC v. Amy Travel Serv. Inc., 875 F.2d 564, 574 (7th Cir. 1989). | 151.     This is a purported statement of law.  It cannot be referenced as Disputed or Undisputed. |
| 151. Moving Party's Response<br><br>As Defendants have not addressed the substance of this statement, Plaintiff has no response. | |
| 152.   The "degree of participation in business affairs is probative of knowledge." Amy Travel Serv., 875 F.2d at 574; FTC v. Sharp, 782 F. Supp. | 152.     This is a purported statement of law.  It cannot be referenced as Disputed or Undisputed. |

PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| | |
|---|---|
| 1445, 1450 (D. Nev. 1991). The FTC, however, is not required to prove that an individual actually intended to deceive to establish knowledge. Network Servs. Depot, 617 F.3d at 1139; Publ'g Clearing House, 104 F.3d at 1171. | |

**152. Moving Party's Response**

As Defendants have not addressed the substance of this statement, Plaintiff has no response.

## *Permanent Injunctive Relief is Warranted*

| *MOVING PARTY'S UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE* | *OPPOSING PARTY'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE* |
|---|---|
| 153.   Section 13(b) of the FTC Act authorizes courts to issue a permanent injunction whenever a defendant violates the laws enforced by the Commission and is likely to continue to violate them. FTC v. H.N. Singer, Inc., 668 F.2d 1107, 1111 (9th Cir. 1982); FTC v. Gem Merch. Corp., 87 F.3d 466, 468 (11th Cir. 1996); FTC v. Medlab, Inc., 615 F. Supp. 2d 1068, 1082 (N.D. Cal. 2009). | 153. This is a purported statement of law; not an uncontroverted fact.  It cannot be referenced as Disputed or Undisputed. |
| **153. Moving Party's Response** As Defendants have not addressed the substance of this statement, Plaintiff has no response. | |
| 154.   To determine whether a defendant is likely to engage in similar violations in the future, courts look to two general factors: (1) the | 154. This is a purported statement of law; not an uncontroverted fact.  It cannot be referenced as Disputed or Undisputed. |

| | |
|---|---|
| deliberateness and seriousness of the present violation, and (2) the defendant's past record with respect to deceptive and unfair marketing practices. Sears, Roebuck and Co. v. FTC, 676 F.2d 385, 392 (9th Cir. 1982); Ivy Capital, 2013 WL 1224613, at *16. The court may also weigh the "adaptability or transferability of the unfair practice to other products." Id. | |

154. Moving Party's Response

As Defendants have not addressed the substance of this statement, Plaintiff has no response.

### *The Court May Impose Occupational Bans*

| ***MOVING PARTY'S UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE*** | ***OPPOSING PARTY'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE*** |
|---|---|
| 155.   Further, "[a] court may frame an injunction based on violation of the FTC Act broadly enough to prevent the defendant from engaging in similar illegal conduct in the future." FTC v. Neovi, Inc., No. 06-1952 JLS, 2010 WL 3789713, at *2 (S.D. Cal. Sept. 27, 2010) (citing FTC v. Colgate-Palmolive, 380 U.S. 374, 395 (1965)). | 155. This is a purported statement of law; not an uncontroverted fact.  It cannot be referenced as Disputed or Undisputed. |

155. Moving Party's Response

As Defendants have not addressed the substance of this statement, Plaintiff has no response.

| | |
|---|---|
| 156. In fact, numerous courts have imposed bans enjoining future participation in a particular line of business. See, e.g., FTC v. Gill, 265 F.3d 944, 957-58 (9th Cir. 2001) (ban on engaging in the credit repair | 156. This is a purported statement of law; not an uncontroverted fact.  It cannot be referenced as Disputed or Undisputed. |

PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO
PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

business); Ivy Capital, 2013 WL 1224613, at * 16 (ban on business coaching); FTC v. John Beck Amazing Profits, LLC, 888 F. Supp. 2d 1006, 1013 (C.D. Cal. 2012) (ban on telemarketing and producing or disseminating infomercials); Grant Connect, 827 F. Supp. 2d at 1233 (ban on marketing and selling grant products and business opportunities); FTC v. Dinamica Financiera, No. 2:09-03554, 2010 WL 9488821, at *12 (C.D. Cal. Aug. 19, 2010) (ban on loan modification and foreclosure relief services); FTC v. Neiswonger, 494 F. Supp. 2d 1067, 1084 (E.D. Mo. 2007) (ban on marketing business opportunities); FTC v. Bay Area Bus. Council, Inc., No. 02-5762 (N.D. Ill. Apr. 16, 2004) (ban on telemarketing and on sale of credit- related products), aff'd, 423 F.3d 627 (7th Cir. 2005); FTC v. Credit Enhancement Servs., No. 02-2134 (E.D.N.Y. Mar. 31, 2004) (ban on marketing or selling credit- related goods or services); FTC v. Consumer Alliance, No. 02-2429 (N.D. Ill. Sept.29, 2003) (ban on telemarketing and sales of credit card protection and credit-related products).

156. Moving Party's Response

As Defendants have not addressed the substance of this statement, Plaintiff has no response.

### *Measure of Monetary Relief*

| ***MOVING PARTY'S*** | ***OPPOSING PARTY'S RESPONSE TO*** |
|---|---|

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

| UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | CITED FACT AND SUPPORTING EVIDENCE |
|---|---|
| 157.   Where consumers suffer economic injury resulting from defendants' violations of the FTC Act, equity requires monetary relief in the full amount of consumers' losses. FTC v. Stefanchik, 559 F.3d 924, 931 (9th Cir. 2009) (affirming summary judgment holding defendants liable for the full amount of loss incurred by consumers); Inc21.com, 745 F. Supp. 2d at 1011. | 157. This is a purported statement of law; not an uncontroverted fact.  It cannot be referenced as Disputed or Undisputed. |
| 157. Moving Party's Response<br><br>As Defendants have not addressed the substance of this statement, Plaintiff has no response. | |
| 158.   To determine the proper monetary relief, the FTC need only reasonably approximate the amount of consumer injury, at which point the burden shifts to Defendants to show that the figures are inaccurate. See Commerce Planet, 878 F. Supp. 2d at 1089 (citing FTC v. Direct Marketing Concepts, Inc., 624 F.3d 1, 15 (1st Cir. 2010); FTC v. Febre, 128 F.3d 530, 535 (7th Cir. 1997)). "Fuzzy figures due to a defendant's uncertain bookkeeping cannot carry a defendants' burden to show inaccuracy." Id. | 158. This is a purported statement of law; not an uncontroverted fact.  It cannot be referenced as Disputed or Undisputed. |
| | |

Dated: May [X], 2016                              Respectfully submitted,

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

1

2

3        _____

4        _____

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PLAINTIFF FTC'S RESPONSE TO DEFENDANTS LATSANOVSKI AND CALENERGY'S RESPONSE TO
PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW