1   Jeffrey S. Benice, Esq., State Bar No. 81583
    LAW OFFICES OF JEFFREY S. BENICE
2   *A Professional Law Corporation*
    3080 Bristol Street
3   Sixth Floor, Suite 630
    Costa Mesa, California  92626
4   Telephone No.: (714) 641-3600
    Facsimile No.: (714) 641-3601
5   Website: www.JeffreyBenice.com
    E-Mail: JSB@JeffreyBenice.com
6

7   Attorneys for Defendants,
    Igor Latsanovski and Calenergy, Inc.
8

9

10              **UNITED STATES DISTRICT COURT**

11       **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

12

13  FEDERAL TRADE COMMISSION,          | **CASE NO. CV 15-04527 GW (PLAx)**

14              Plaintiff,             | **DEFENDANTS IGOR LATSANOVSKI AND CALENERGY, INC.'S RESPONSE TO PLAINTIFF FEDERAL TRADE COMMISSION'S REPLY AND CONTROVERTED FACTS IN OPPOSITION**

15          v.

16  BUNZAI MEDIA GROUP INC., et al.,

17              Defendants.

18                                     | **Date:       May 23, 2016**
19                                     | **Time:       8:30 A.M.**
20                                     | **Courtroom:  10**

21
22                                     | **[Assigned for All Purposes to the Honorable George H. Wu, Courtroom 10]**

23                                     | **[First Amended Complaint Filed: October 9, 2015]**
24
25                                     | **[United States District Court Local Rules, Rule 56-1 *et seq.*]**

26

27

28

**DEFENDANTS' RESPONSE TO PLAINTIFF FEDERAL TRADE COMMISSION'S CONTROVERTED FACTS IN OPPOSITION**

Defendants Igor Latsanovski and Calenergy, Inc. hereby submit the following Responses to Plaintiff Federal Trade Commission Controverted Facts in Opposition to Defendants' Motion for Summary Judgment or alternatively, Partial Summary Judgment.

## STATEMENT OF UNCONTROVERTED FACTS

## COUNTS 1-5

### *NO GENUINE ISSUES EXIST*

| *MOVING PARTY'S UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE* | *OPPOSING PARTY'S CONTROVERTED FACTS* |
|---|---|
| 1. Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc.<br><br>[Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; *"The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment..."*]<br><br>[Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.]<br><br>[Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.]<br><br>[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] | Disputed.<br><br>1. Plaintiff disputes the entirety of this contention:<br><br>Latsanovski: Defendant Latsanovski was a co-owner of BunZai Media Group, Inc. Dkts. 2441136; 245T 36; Ex. 18-2; 946, at 29:10-12. Defendant Medina, an employee of BunZai, also believed Latsanovski owned BunZai. Ex. 946, at 29:10-12. Furthermore, Latsanovski is the CEO of CalEnergy, Inc. and, through CalEnergy, managed Defendants Pinnacle Logistics, Inc. and Media Urge, Inc. Exs. 561-3; 588-1,-9; 908-3. Latsanovski also incorporated Zen Mobile Media, Inc., one of the shell companies used by Defendants to process consumer payments for Defendants' risk-free trials. Ex. 904-23; Dkts. 120, at 68; 121-1, at 3.<br><br>*Latsanovksi's Involvment in Operations:* Latsanovski also participated in operational planning discussions. These discussions included employee staffing decisions and managing the business's needs in areas such as "plants and Callcenters."Ex. 21 Latsanovski reserved managing higher-level "intellectual labor" for Alon Nottea and Latsanovski himself. Ex. 21 In this email, Defendant Latsanovski himself noted: "Directors, the people who can not just perform, but also to make decisions and in addition whom we trust and know their |

**DEFENDANTS' RESPONSE TO PLAINTIFF FEDERAL TRADE COMMISSION'S CONTROVERTED FACTS IN OPPOSITION**

capabilities. . . .Who we have: You, Paul, Roy, Andre and David and me a little, that's all!" And indeed, in a letter he stated that he would meet with the company's presidents and employees, including "manager Roi Reuveni to review activities of the managed call center Pinnacle (including AuraVie, Dellure and Attitude . . .)." Ex. 21

Latsanovski also had significant involvement in day-to-day financial operations. Former employee Yalley stated that Latsanovski would sit down next to her and review profit and loss statements for the enterprise. Ex. 556, at 34:2-4, 34:20-35:7 Defendant Medina, who worked for Media Urge from 2010 to 2014 and was located at the 7900 Gloria address, testified that Latsanovski was present a few days each month. Ex. 946, at 29:3-12. Latsanovski sent a revised profit and loss spreadsheet containing sales and chargeback information for the common enterprise. Ex. 503. He participated in discussions concerning international merchant accounts and meetings with payment processors, and he was involved in discussions relating to AuraVie's excessive chargeback rates and load balancing. Exs. 319; 562; 565. He assisted Defendants in transferring funds overseas for safekeeping, including possibly to a Cyprus trust. See Exs. 55; 450; 470. In a letter to the United States Citizenship and Immigration Services describing his job responsibilities at CalEnergy, Latsanovski represented that he was involved in "reviewing the activities and providing guidance to managed companies," which included Defendants Pinnacle Logistics, Inc. and Media Urge, Inc. Ex. 571-2.

*Latsanovski's Involvement in Marketing:* Latsanovski was apprised of low-level contractual disputes relating to the advertising. See Ex. 48. He was the person Defendant Alon Nottea contacted regarding international marketing for issues as minor as what the customer service telephone numbers were to higher level issues such as how much they

2

should charge for their product. Ex. 559. *Latsanovski 's Receiving Reports*: Former employee Yalley stated that Latsanovski would sit down next to her and review profit and loss statements for the enterprise. Ex. 556, at 34:2-4, 34:20-35:7. Defendant Medina testified that he would have discussions concerning sales and affiliates with Latsanovski. Ex. 946, at 30:4-13.

*Latsanovski 's Knowledge of the Web- Based Advertising*: Latsanovski received emails containing links to Defendants' deceptive risk-free trial websites. Ex. 28.

CalEnergy: CalEnergy invested in and financed the BunZai enterprise. Ex. 571-2, -3. CalEnergy also served as one of the two primary entities that collected revenues from the web of merchant accounts that Defendants used to deceive payment processors. Dkt. 121-1, at 3. Upon receiving those funds, CalEnergy would then pass these revenues on to Defendant Focus Media Solutions, Inc. (a company that created advertisements for skincare products sold by negative option) or to Defendant Latsanovski himself. Dkts. 121-1, at 3; 120, at 46; Ex. 910-30 11215.

*CalEnergy's Role in Operations*: CalEnergy owned Defendants Media Urge, Inc. and Pinnacle Logistics, Inc. CalEnergy's internal organizational chart—which Latsanovski reviewed—confirms that Latsanovski supervised and managed Media Urge and Pinnacle in his capacity as head of CalEnergy. Exs. 561-3; 588-1, -9.

### 1. Moving Party's Response

Defendants held no ownership or other interest in Defendant Bunzai or its affiliates; exercised no control over Bunzai or its affiliates; and had no knowledge of any wrongful conduct.

**A.**   Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc.

[Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; *"The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment..."*]

[Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25;

**DEFENDANTS' RESPONSE TO PLAINTIFF FEDERAL TRADE COMMISSION'S CONTROVERTED FACTS IN OPPOSITION**

85: 1-25; 86: 1-24.]

[Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.][1]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

**B.** During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea*, R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015

---

[1] The identified declarations are in the Request for Judicial Notice identified directly below. This format is followed throughout Defendant's Responsive Statement. Thus, the reference to the Benice Declaration is Request for Judicial Notice No. 5.

**DEFENDANTS' RESPONSE TO PLAINTIFF FEDERAL TRADE COMMISSION'S
CONTROVERTED FACTS IN OPPOSITION**

Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

**C.** Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,746 in interest return on the $500,000.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea*, R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

**D.** Defendants Latsanovski and Calenergy had no involvement in the day to day operations of Defendant Bunzai.

[Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.]

[Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.]

[Decl. of Latsanovski, ¶¶10; 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

**DEFENDANTS' RESPONSE TO PLAINTIFF FEDERAL TRADE COMMISSION'S CONTROVERTED FACTS IN OPPOSITION**

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

**E.** Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["Alon can do it... He is running it. (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

**F.** Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet skincare business. Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions. Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["Alon can do it... He is running it. (Bunzai)].

6

1  [Decl. of Latsanovski, ¶¶10: 12-18.]

2  [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-
3  14.]

4  [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

5

6  [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

7

8  [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

9  [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules
10  of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

11  [Opposing Decl. of Latsanovski, ¶¶1-30.]

12  [These above documents are filed in Opposition to the FTC's Summary Judgment Motion.]

13  *[Supp. Decl. of Latsanovski, ¶¶ 1-3.]*

14  *[Supp. Decl. of Benice, ¶¶ 1-2.]*

15  *[Supplemental Request for Judicial Notice No. 1;  Declaration of Igor Latsanovski in Support*
16  *of Defendants' Opposition to Plaintiff Federal Trade Commission's Motion for Summary Judgment filed May 2, 2016.]*

17

18  *[Supplemental Request for Judicial Notice No. 2; Declaration of Defendant Alon Nottea in Opposition to Plaintiff's Motion for Summary Judgment.]*

19

20

21  2. During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans
22  totaling $500,000 to Defendant Bunzai and its affiliates.

23

24  [Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T.
25  35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

26

27  [Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea*, R.T. 85: lns. 3-5;
28  "*Did Bunzai ...pay back Igor ...? A. I believe it*

2. Disputed.

Plaintiff disputes the entirety of this contention:

CalEnergy transferred no less than $950,000 to Bunzai and its affiliates. Dkts. 120, at 40-41, 69; 121-1, at 3. Defendant Latsanovski structured these transfers as a revolving credit line of up to $500,000, under which he would regularly give Bunzai and later the other AuraVie entities. Dkt. 120, at 41; Ex. 552, at 27:5-13. Defendant Latsanovksi in fact borrowed more than he invested (a net

| | |
|---|---|
| *did.*]<br><br>[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]<br><br>[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] | borrower) in the scheme until approximately October 2013. Dkt. 120, at 41. |

**2. Moving Party's Response**

The Declaration of Latsanovski and Exhibit "A" thereto establish the total funds loaned to Defendant Bunzai.

1. Moving Party's Response

Defendants held no ownership or other interest in Defendant Bunzai or its affiliates; exercised no control over Bunzai or its affiliates; and had no knowledge of any wrongful conduct.

A.    Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc.

[Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; *"The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment..."*]

[Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.]

[Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.][2]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

---

[2] The identified declarations are in the Request for Judicial Notice identified directly below.  This format is followed throughout Defendant's Responsive Statement.  Thus, the reference to the Benice Declaration is Request for Judicial Notice No. 5.

**DEFENDANTS' RESPONSE TO PLAINTIFF FEDERAL TRADE COMMISSION'S
CONTROVERTED FACTS IN OPPOSITION**

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

**B.** During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

**C.** Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,746 in interest return on the $500,000.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

DEFENDANTS' RESPONSE TO PLAINTIFF FEDERAL TRADE COMMISSION'S
CONTROVERTED FACTS IN OPPOSITION

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

**D.** Defendants Latsanovski and Calenergy had no involvement in the day to day operations of Defendant Bunzai.

[Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.]

[Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.]

[Decl. of Latsanovski, ¶¶10; 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

**E.** Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["Alon can do it... He is running it. (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of

Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

**F.** Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet skincare business.  Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions. Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["Alon can do it... He is running it. (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

[These above documents are filed in Opposition to the FTC's Summary Judgment Motion.]

11

*[Supp. Decl. of Latsanovski, ¶¶ 1-3.]*

*[Supp. Decl. of Benice, ¶¶ 1-2.]*

*[Supplemental Request for Judicial Notice No. 1; Declaration of Igor Latsanovski in Support of Defendants' Opposition to Plaintiff Federal Trade Commission's Motion for Summary Judgment filed May 2, 2016.]*

*[Supplemental Request for Judicial Notice No. 2; Declaration of Defendant Alon Nottea in Opposition to Plaintiff's Motion for Summary Judgment.]*

| | |
|---|---|
| 3. Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,746 in interest return on the $500,000.<br><br>[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]<br><br>[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea*, R.T. 85: lns. 3-5; *"Did Bunzai ...pay back Igor ...? A. I believe it did.*]<br><br>[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]<br><br>[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] | 3.   Disputed<br><br>    1. Plaintiff disputes the entirety of this contention:<br><br>Because this Fact contends items substantially the same as Fact #2, Plaintiff FTC reasserts:<br><br>CalEnergy transferred no less than $950,000 to Bunzai and its affiliates. Dkts. 120, at 40-41, 69; 121-1, at 3. Defendant Latsanovski structured these transfers as a revolving credit line of up to $500,000, under which he would regularly give Bunzai and later the other AuraVie entities. Dkt. 120, at 41; Ex. 552, at 27:5-13. Defendant Latsanovksi in fact borrowed more than he invested (a net borrower) in the scheme until approximately October 2013. Dkt. 120, at 41.<br><br><u>Moreover</u>, the $317,000 net gain was not an interest payment but instead money transferred as part of the common enterprise's advertising operations. After CalEnergy received the $317,746, Defendant Latsanovski transferred a similar amount, $325,000, to Defendant Focus Media Solutions, Inc., the company responsible for the scheme's advertising campaigns. Dkt. 120, at 41, 46. After Defendant Latsanovski's initial seed money, the funds in question were not loans, but the ill-gotten gains derived from Defendants' online scheme. As noted by the |

**DEFENDANTS' RESPONSE TO PLAINTIFF FEDERAL TRADE COMMISSION'S
CONTROVERTED FACTS IN OPPOSITION**

| | Receiver in her Report, the "constant inflow of money from CalEnergy was repaid first by Bunzai and later by SBM Management, as well as the numerous retail merchant companies." Dkt. 120, at 41. This stream of transfers was not an arms-length revolving credit facility but instead one hand washing the other—shuffling funds from one entity to another in furtherance of the scheme. |
|---|---|

3. Moving Party's Response

The Declaration of Latsanovski and Exhibit "A" thereto establish the total funds loaned to Defendant Bunzai.

1. Moving Party's Response

Defendants held no ownership or other interest in Defendant Bunzai or its affiliates; exercised no control over Bunzai or its affiliates; and had no knowledge of any wrongful conduct.

**A.** Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc.

[Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; *The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment...*]

[Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.]

[Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.][3]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

---

[3] The identified declarations are in the Request for Judicial Notice identified directly below. This format is followed throughout Defendant's Responsive Statement. Thus, the reference to the Benice Declaration is Request for Judicial Notice No. 5.

**DEFENDANTS' RESPONSE TO PLAINTIFF FEDERAL TRADE COMMISSION'S CONTROVERTED FACTS IN OPPOSITION**

1  [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants
2  Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules
   of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

3  [Opposing Decl. of Latsanovski, ¶¶1-30.]

4
   **B.** During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling
5  $500,000 to Defendant Bunzai and its affiliates.

6  [Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25;
   36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]
7  [Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did
   Bunzai ...pay back Igor ...? A. I believe it did.*]
8
   [Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]
9
10 [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of
   Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-
   14.]
11
12 [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for
   Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]
13
   [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary
14 Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and
   Calenergy, LLC.]
15
   [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015
16 Master Loan Agreement.]

17 [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants
   Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules
   of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]
18
19 [Opposing Decl. of Latsanovski, ¶¶1-30.]

20 **C.** Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,746
   in interest return on the $500,000.
21
22 [Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25;
   36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]
23
   [Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did
   Bunzai ...pay back Igor ...? A. I believe it did.*]
24
   [Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]
25
   [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of
26 Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-
   14.]
27
   [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for
28 Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

DEFENDANTS' RESPONSE TO PLAINTIFF FEDERAL TRADE COMMISSION'S
CONTROVERTED FACTS IN OPPOSITION

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

**D.** Defendants Latsanovski and Calenergy had no involvement in the day to day operations of Defendant Bunzai.

[Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.]

[Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.]

[Decl. of Latsanovski, ¶¶10; 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

**E.** Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["Alon can do it... He is running it. (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

**DEFENDANTS' RESPONSE TO PLAINTIFF FEDERAL TRADE COMMISSION'S CONTROVERTED FACTS IN OPPOSITION**

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

**F.** Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet skincare business.  Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions. Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["Alon can do it... He is running it. (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

[These above documents are filed in Opposition to the FTC's Summary Judgment Motion.]

***[Supp. Decl. of Latsanovski, ¶¶ 1-3.]***

**DEFENDANTS' RESPONSE TO PLAINTIFF FEDERAL TRADE COMMISSION'S CONTROVERTED FACTS IN OPPOSITION**

*[Supp. Decl. of Benice, ¶¶ 1-2.]*

*[Supplemental Request for Judicial Notice No. 1;  Declaration of Igor Latsanovski in Support of Defendants' Opposition to Plaintiff Federal Trade Commission's Motion for Summary Judgment filed May 2, 2016.]*

*[Supplemental Request for Judicial Notice No. 2; Declaration of Defendant Alon Nottea in Opposition to Plaintiff's Motion for Summary Judgment.]*

| | |
|---|---|
| 4. Defendants Latsanovski and Calenergy had no involvement in the day to day operations of Defendant Bunzai. <br><br> [Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.] <br><br> [Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.] <br><br> [Decl. of Latsanovski, ¶¶10; 12-18.] <br><br> [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] | 4. Disputed. <br><br>          1. Plaintiff disputes the entirety of this contention: <br><br> Defendant Latsanovski's Participation in the Bunzai Enterprise: Defendant Latsanovski was a co-owner of BunZai Media Group. Dkts. 2441136; 2451136; Ex. 18-2; 946, at 29:10-12. A former employee of BunZai testified that Igor Latsanovski received and reviewed monthly accounting reports for BunZai. Ex. 556, at 34:2-4, 34:20-35:7. Latsanovski previously swore under oath that BunZai was his employer. See Ex. 949. A BunZai Form W-2 listed Defendant Latsanovski as an employee. Ex. 402-8. <br><br> Regarding the larger BunZai common enterprise, Latsanovski had significant involvement in day-to-day financial operations. Defendant Medina, who worked for Media Urge from 2010 to 2014 and was located at the 7900 Gloria address, testified that Latsanovski was present a few days each month. Ex. 946, at 29:3-12. Latsanovski sent a revised profit and loss spreadsheet containing sales and chargeback information for the common enterprise. Ex. 503 He also participated in discussions concerning international merchant accounts and meetings with payment processors, and he was involved in discussions relating to AuraVie's excessive chargeback rates and load balancing. Exs. 319; 329; 562; 565. He assisted Defendants in transferring funds overseas for safekeeping, including |

**DEFENDANTS' RESPONSE TO PLAINTIFF FEDERAL TRADE COMMISSION'S
CONTROVERTED FACTS IN OPPOSITION**

possibly to a Cyprus trust. See Exs. 55; 450; 470. In a letter to the United States Citizenship and Immigration Services describing his job responsibilities at CalEnergy, Latsanovski represented that he was involved in "reviewing the activities and providing guidance to managed companies," which included Defendants Pinnacle Logistics and Media Urge. Ex. 571-2.

Latsanovski's participation extended to advertising. He was asked to proofread advertising to be used by Defendants overseas and assisted in coordinating the marketing campaign. See Ex. 564. Latsanovski was apprised of low-level contractual disputes relating to the advertising. See Ex. 48. Latsanovski assisted Defendants in transferring funds overseas for safekeeping, including possibly to a Cyprus trust. See Exs. 55; 450; 470.

<u>Defendant CalEnergy's Participation in the Bunzai Enterprise</u>: CalEnergy played a similary significant role in the Bunzai common enterprise. CalEnergy's internal organizational chart—which Latsanovski reviewed—confirms that Latsanovski as the CEO of CalEnergy supervised and managed Defendants Media Urge, Inc. and Pinnacle Logistics, Inc. Exs. 561-3; 588-1, -9.

CalEnergy served as one of the two primary entities that collected revenues from the web of merchant accounts that Defendants used to deceive payment processors. Dkt. 121-1, at 3. Upon receiving those funds, CalEnergy would then pass these revenues on to Defendant Focus Media Solutions, Inc. (a company that created advertisements for skincare products sold by negative option) or to Defendant Latsanovski himself. Dkts. 121-1, at 3; 120, at 46; Ex. 910-30 ¶215.

4. Moving Party's Response

Defendants held no ownership or other interest in Defendant Bunzai or its affiliates; exercised no control over Bunzai or its affiliates; and had no knowledge of any wrongful conduct.

1. Moving Party's Response

Defendants held no ownership or other interest in Defendant Bunzai or its affiliates; exercised no control over Bunzai or its affiliates; and had no knowledge of any wrongful conduct.

**A.**    Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc.

[Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; *"The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment..."*]

[Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.]

[Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.][4]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

**B.** During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

---

[4]  The identified declarations are in the Request for Judicial Notice identified directly below.  This format is followed throughout Defendant's Responsive Statement.  Thus, the reference to the Benice Declaration is Request for Judicial Notice No. 5.

**DEFENDANTS' RESPONSE TO PLAINTIFF FEDERAL TRADE COMMISSION'S CONTROVERTED FACTS IN OPPOSITION**

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea*, R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

**C.** Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,746 in interest return on the $500,000.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea*, R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

**DEFENDANTS' RESPONSE TO PLAINTIFF FEDERAL TRADE COMMISSION'S
CONTROVERTED FACTS IN OPPOSITION**

**D.** Defendants Latsanovski and Calenergy had no involvement in the day to day operations of Defendant Bunzai.

[Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.]

[Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.]

[Decl. of Latsanovski, ¶¶10; 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

**E.** Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["Alon can do it... He is running it. (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules

**DEFENDANTS' RESPONSE TO PLAINTIFF FEDERAL TRADE COMMISSION'S CONTROVERTED FACTS IN OPPOSITION**

1   of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

2   [Opposing Decl. of Latsanovski, ¶¶1-30.]

3   **F.**  Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet
    skincare business.  Latsanovski never spoke to any customers; was not involved in the day to day
4   operations of the internet skincare business; had no involvement in the marketing or advertising
    of the skincare products; never received or reviewed any reports regarding customer complaints;
5   and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon
    and Bond actually operated and controlled Defendant Bunzai and made all operational decisions.
6   Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly,
    Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy
7   provided loans to Bunzai.

8   [Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["Alon can
    do it... He is running it. (Bunzai)].
9
    [Decl. of Latsanovski, ¶¶10: 12-18.]
10
    [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of
11  Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-
    14.]
12
    [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for
13  Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

14  [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary
    Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and
15  Calenergy, LLC.]

16  [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015
    Master Loan Agreement.]
17
    [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants
18  Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules
    of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]
19
    [Opposing Decl. of Latsanovski, ¶¶1-30.]
20
    [These above documents are filed in Opposition to the FTC's Summary Judgment Motion.]
21
22  *[Supp. Decl. of Latsanovski, ¶¶ 1-3.]*

23  *[Supp. Decl. of Benice, ¶¶ 1-2.]*

24  *[Supplemental Request for Judicial Notice No. 1;  Declaration of Igor Latsanovski in Support
    of Defendants' Opposition to Plaintiff Federal Trade Commission's Motion for Summary
25  Judgment filed May 2, 2016.]*

26  *[Supplemental Request for Judicial Notice No. 2; Declaration of Defendant Alon Nottea in
    Opposition to Plaintiff's Motion for Summary Judgment.]*
27

28

| | |
|---|---|
| 5. Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct.<br><br>[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].<br><br>[Decl. of Latsanovski, ¶¶10: 12-18.]<br><br>[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.] | 5.  Disputed<br><br>   1.  Plaintiff disputes the entirety of this contention:<br><br>Defendant Latsanovski's participation in the scheme was comprehensive, including both operational and financial oversight that demonstrate his knowledge of the common enterprise's business mechanics.<br><br>Operations: An email shows Defendant Latsanovski making business decisions concerning operational aspects of companies within the common enterprise. Ex. 21. He played roles that ran the gamut of BunZai's operations and structure, including employee staffing decisions and how to manage the business's needs for areas such as "plants and Cailcenters." Ex. 21. In an email, he also noted that higher-level "intellectual labor" should be left to Defendant Alon Nottea and Latsanovski himself. Ex. 21. In this email, Defendant Latsanovski further noted: "Directors, the people who can not just perform, but also to make decisions and in addition whom we trust and know their capabilities. . . .Who we have: You, Paul, Roy, Andre and David and me a little, that's all!" Ex. 21.<br><br>Financial Oversight: Furthermore, his knowledge of the scheme's financial management, including risks for the enterprise, was comprehensive. Former employee Yalley stated that Latsanovski would sit down next to her and review profit and loss statements for the enterprise. Ex. 556, at 34:2-4, 34:20-35:7. Defendant Paul Medina testified that he overheard Defendant Latsanovski discussing chargebacks with Defendant Alon Nottea. Ex. 946, at 31:16-32:3. He also received an email concerning excess chargeback programs and the enterprise's excessive chargeback rates, as well as emails discussing high-risk merchant accounts. Exs. 562; 319. Moreover, Latsanovski received an email discussing load balancing to maintain merchant accounts for the enterprise |

**DEFENDANTS' RESPONSE TO PLAINTIFF FEDERAL TRADE COMMISSION'S**
**CONTROVERTED FACTS IN OPPOSITION**

| | and emails containing links to Defendants' deceptive risk-free trial websites. Exs. 28; 565. Latsanovski requested information concerning the common enterprise's chargeback rates and merchant reserve and followed up these questions by asking the employee "what kind of help do you need from me[?]" Ex. 549.<br><br>Latsanovski also incorporated Zen Mobile Media, Inc., one of the shell companies used by Defendants to process consumer payments for Defendants' risk-free trials. Ex. 904-23; Dkts. 120, at 68; 121-1, at 3. Latsanovski also managed Defendants Media Urge, Inc. and Pinnacle Logistics, Inc. through, CalEnergy, the parent company of Defendants Media Urge and Pinnacle. Exs. 561-3; 588-1, -9. |

5.  Moving Party's Response

Defendants held no ownership or other interest in Defendant Bunzai or its affiliates; exercised no control over Bunzai or its affiliates; and had no knowledge of any wrongful conduct.

1. Moving Party's Response

Defendants held no ownership or other interest in Defendant Bunzai or its affiliates; exercised no control over Bunzai or its affiliates; and had no knowledge of any wrongful conduct.

**A.**     Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc.

[Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; *"The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment..."*]

[Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.]

[Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.][5]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

---

[5] The identified declarations are in the Request for Judicial Notice identified directly below. This format is followed throughout Defendant's Responsive Statement. Thus, the reference to the Benice Declaration is Request for Judicial Notice No. 5.

DEFENDANTS' RESPONSE TO PLAINTIFF FEDERAL TRADE COMMISSION'S
CONTROVERTED FACTS IN OPPOSITION

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

**B.** During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea*, R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

**C.** Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,746 in interest return on the $500,000.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea*, R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

**DEFENDANTS' RESPONSE TO PLAINTIFF FEDERAL TRADE COMMISSION'S CONTROVERTED FACTS IN OPPOSITION**

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

**D.** Defendants Latsanovski and Calenergy had no involvement in the day to day operations of Defendant Bunzai.

[Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.]

[Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.]

[Decl. of Latsanovski, ¶¶10; 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

**E.** Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["Alon can

**DEFENDANTS' RESPONSE TO PLAINTIFF FEDERAL TRADE COMMISSION'S CONTROVERTED FACTS IN OPPOSITION**

do it... He is running it. (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

**F.**  Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet skincare business.  Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions. Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["Alon can do it... He is running it. (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules

**DEFENDANTS' RESPONSE TO PLAINTIFF FEDERAL TRADE COMMISSION'S
CONTROVERTED FACTS IN OPPOSITION**

1   of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

2   [Opposing Decl. of Latsanovski, ¶¶1-30.]

3   [These above documents are filed in Opposition to the FTC's Summary Judgment Motion.]

4   *[Supp. Decl. of Latsanovski, ¶¶ 1-3.]*

5   *[Supp. Decl. of Benice, ¶¶ 1-2.]*

6   *[Supplemental Request for Judicial Notice No. 1;  Declaration of Igor Latsanovski in Support*
7   *of Defendants' Opposition to Plaintiff Federal Trade Commission's Motion for Summary*
    *Judgment filed May 2, 2016.]*
8
    *[Supplemental Request for Judicial Notice No. 2; Declaration of Defendant Alon Nottea in*
9   *Opposition to Plaintiff's Motion for Summary Judgment.]*

10

| | |
|---|---|
| 6.  Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet skincare business.  Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions.  Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai.<br><br>[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["*Alon can do it... He is running it.* (Bunzai)].<br><br>[Decl. of Latsanovski, ¶¶10: 12-18.]<br><br>[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July | 6.  Disputed<br><br>Plaintiff does not dispute:<br>(a)      That Latsanovski did not speak to any customers;<br>(b)      That neither Calenergy nor Latsanovski received any  money from consumers directly, but qualifies this response by noting that Defendants Latsanovski and CalEnergy received money from consumers indirectly through the web of merchant accounts Defendants used to process their unauthorized charges to consumers' credit accounts. Dkt. 121-1, at 3.<br>(c)      That CalEnergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to  Bunzai, but qualifies this response by noting that it received substantial funds after its initial investment, all such funds resulting from the abusive practices at issue in this case.<br>2. Plaintiff does dispute:<br>(a) That Latsanovski played a role  in the operation of the Skincare Business: Because this contention requires a response substantially the same as that provided in Fact #1, Plaintiff reasserts:<br>Latsanovski's Role in Operations: An email shows Defendant Latsanovski making business decisions concerning operational aspects of |

| | |
|---|---|
| 15, 2015, ¶¶4-14.] | companies within the common enterprise. Ex. 21. He played roles that ran the gamut of BunZai's operations and structure, including employee staffing decisions and how to manage the business's needs for areas such as "plants and Callcenters." Ex. 21 In an email, he also noted that higher-level "intellectual labor" should be left to Defendant Alon Nottea and Latsanovski himself. Ex. 21. In this email, Defendant Latsanovski further noted: "Directors, the people who can not just perform, but also to make decisions and in addition whom we trust and know their capabilities. . . .Who we have: You, Paul, Roy, Andre and David and me a little, that's all!" In a letter he stated that he would meet with the company's presidents and employees, including "manager Roi Reuveni to review activities of the managed call center Pinnacle (including AuraVie, Dellure and Attitude . . .)." Ex. 21. Latsanovski also had significant involvement in day-to-day financial operations. Former employee Yalley stated that Latsanovski would sit down next to her and review profit and loss statements for the enterprise.

Ex. 556, at 34:2-4, 34:20-35:7. Defendant Medina, who worked for Media Urge from 2010 to 2014 and was located at the 7900 Gloria address, testified that Latsanovski was present a few days each month. Ex. 946, at 29:3-12. Latsanovski sent a revised profit and loss spreadsheet containing sales and chargeback information for the common enterprise. Ex. 503. He participated in discussions concerning international merchant accounts and meetings with payment processors, and he was involved in discussions relating to AuraVie's excessive chargeback rates and load balancing. Exs. 319; 562; 565. He assisted Defendants in transferring funds overseas for safekeeping, including possibly to a Cyprus trust. See Exs. 55; 450; 470. In a letter to the United States Citizenship and Immigration Services describing his job responsibilities at CalEnergy, Latsanovski represented that he was involved in "reviewing |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

the activities and providing guidance to managed companies," which included Defendants Pinnacle Logistics and Media Urge. Ex. 571-2.

Moreover, Latsanovski also incorporated Zen Mobile Media, Inc., one of the shell companies used by Defendants to process consumer payments for Defendants' risk-free trials. Ex. 904-23; Dkts. 120, at 68; 121-1, at 3. Latsanovski's Involvement in

Marketing: Latsanovski was apprised of low-level contractual disputes relating to the advertising. See Ex. 48. He was the person Defendant Alon Nottea contacted regarding

international marketing for issues as minor as what the customer service telephone numbers would be to higher-level issues such as how much they should charge for their product. Ex. 559.

Latsanovski's Knowledge of

Financial Reports: Former employee Yalley stated that Latsanovski would sit down next to her and review profit and loss statements for the enterprise. Ex. 556, at 34:2-4, 34:20-35:7. Defendant Medina testified that he would have discussions concerning sales and affiliates with him. Ex. 946, at 30:4-13. Medina also testified that he overhead Defendant Latsanovski discussing chargebacks with

Defendant Alon Nottea. Ex. 946, at 31:16-32:3.

Latsanovski's Knowledge of the Web-Based Advertising: Latsanovski received emails containing links to Defendants' deceptive risk-free trial websites. Ex. 28.

CalEnergy's Role in Operations: CalEnergy owned Defendants Media Urge, Inc. and Pinnacle Logistics, Inc. CalEnergy's internal organizational chart—which Latsanovski reviewed—confirms that Latsanovski supervised and managed Media Urge and Pinnacle in his capacity as head of CalEnergy. Exs. 561-3; 588-1, -9.

**DEFENDANTS' RESPONSE TO PLAINTIFF FEDERAL TRADE COMMISSION'S CONTROVERTED FACTS IN OPPOSITION**

6. Moving Party's Response

Defendants held no ownership or other interest in Defendant Bunzai or its affiliates; exercised no control over Bunzai or its affiliates; and had no knowledge of any wrongful conduct.

1. Moving Party's Response

Defendants held no ownership or other interest in Defendant Bunzai or its affiliates; exercised no control over Bunzai or its affiliates; and had no knowledge of any wrongful conduct.

**A.**    Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc.

[Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; *"The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment..."*]

[Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.]

[Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.][6]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

**B.** During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

---

[6] The identified declarations are in the Request for Judicial Notice identified directly below.  This format is followed throughout Defendant's Responsive Statement. Thus, the reference to the Benice Declaration is Request for Judicial Notice No. 5.

DEFENDANTS' RESPONSE TO PLAINTIFF FEDERAL TRADE COMMISSION'S
CONTROVERTED FACTS IN OPPOSITION

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

**C.** Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,746 in interest return on the $500,000.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski,* R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

DEFENDANTS' RESPONSE TO PLAINTIFF FEDERAL TRADE COMMISSION'S
CONTROVERTED FACTS IN OPPOSITION

**D.** Defendants Latsanovski and Calenergy had no involvement in the day to day operations of Defendant Bunzai.

[Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.]

[Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.]

[Decl. of Latsanovski, ¶¶10; 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

**E.** Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["Alon can do it... He is running it. (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules

**DEFENDANTS' RESPONSE TO PLAINTIFF FEDERAL TRADE COMMISSION'S CONTROVERTED FACTS IN OPPOSITION**

of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

**F.**  Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet skincare business.  Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions. Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["Alon can do it... He is running it. (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

[These above documents are filed in Opposition to the FTC's Summary Judgment Motion.]

*[Supp. Decl. of Latsanovski, ¶¶ 1-3.]*

*[Supp. Decl. of Benice, ¶¶ 1-2.]*

*[Supplemental Request for Judicial Notice No. 1;  Declaration of Igor Latsanovski in Support of Defendants' Opposition to Plaintiff Federal Trade Commission's Motion for Summary Judgment filed May 2, 2016.]*

*[Supplemental Request for Judicial Notice No. 2; Declaration of Defendant Alon Nottea in Opposition to Plaintiff's Motion for Summary Judgment.]*

**DEFENDANTS' RESPONSE TO PLAINTIFF FEDERAL TRADE COMMISSION'S CONTROVERTED FACTS IN OPPOSITION**

### *FURTHER UNDISPUTED GENUINE ISSUES*

| *MOVING PARTY'S UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE* | *OPPOSING PARTY'S CONTROVERTED FACTS* |
|---|---|
| 1.  Third party Sunset Holdings, LLC received no funds from Defendant Bunzai; any affiliate of Defendant Bunzai; And no consumers doing business with Defendant Bunzai.<br><br>[Decl. of Latsanovski, ¶¶7-8; 11; 27.]<br><br>[Decl. of Klykov, ¶¶1-9; Exhs. "A" –"E" thereto.]<br><br>[Decl. of Aleksandrovna, ¶¶1-7; Exhs. "A" and "B" thereto.]<br><br>[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶24-27.] | 1. Disputed<br>1. Plaintiff does not dispute:<br><br>(a) That Sunset Holdings, LLC received no funds from Defendant Bunzai but qualifies this response by noting that Sunset Holdings received funds indirectly from Bunzai through Sunset's parent entity CalEnergy, Inc. Dkts. 120, at 50; 121-1, at 3.<br><br>(b)That Sunset Holdings, LLC received no funds from consumers doing business with Defendant Bunzai but qualifies this response by noting that Sunset Holdings received funds indirectly from consumers doing business with Bunzai through Sunset's parent entity CalEnergy, Inc., which itself indirectly received consumer funds as part of the AuraVie scheme. Dkts. 120, at 50; 121- 1, at 3.<br><br>2. Plaintiff does dispute:<br>(a) That Sunset Holdings, LLC  received no funds from any affiliate of Defendant BunZai: Defendant CalEnergy as Affiliate: Plaintiff responds to this contention by first establishing that Defendant CalEnergy was an "affiliate" of Defendant BunZai: Defendant CalEnergy was affiliated with Defendant BunZai through its admitted financial relationship with Defendant Bunzai Media Group, Inc. and was a member of the BunZai common enterprise through its management of both Pinnacle Logistics, Inc. and Media Urge, Inc., as well as through its financing of the scheme. Exs. 552, at 27:5-13; 561-3; 588-1,-9; 908-3; see Dkts. 120, at 40¬41, 69; 121-1, at 3.<br>Defendant Latsanovski as Affiliate: Defendant Latsanovski was similarly affiliated with both Defendant Bunzai and the BunZai scheme. Latsanovski was a co-owner of BunZai Media Group. Dkts. 2441136; 2451136; Ex. 18-2; 946, at 29:10-12. Defendant Paul Medina also |

| | believed Latsanovski owned BunZai. Ex. 946, at 29:10-12. Latsanovski previously swore under oath that BunZai was his employer. See Ex. 949. Furthermore, Latsanovski is the CEO of CalEnergy, Inc. and, through588-1,-9. Sunset Holdings was Funded by BunZai Affiliates: Because CalEnergy, an affiliate of BunZai, owned substantially all of the membership interests, its affiliate status establishes that Sunset Holdings received funds from a BunZai Affiliate: Sunset Holdings, LLC is 99% owned by Defendant CalEnergy and 1% by Defendant Latsanovski. Dkt. 106-7, at 3. Latsanovski is a signatory on Sunset Holdings' accounts. Dkt. 120, at 50. Both CalEnergy and Latsanovski received money from BunZai and funded Sunset Holdings. Dkt. 120, at 41, 50-51. Regardless of the third party contractual claims Defendant CalEnergy associates with its real estate investments, CalEnergy both owns and controls the assets its subsidiary holds. Furthermore, Defendant Latsanovski transferred money to Sunset Holdings via Guayas International, Inc., a company he wholly owns. Dkt. 120, at 60-61. |
|---|---|

1. Moving Party's Response

No funds from defendant Bunzai or any affiliate of Bunzai were paid or transferred directly to Sunset Holdings.  And, any funds paid or transferred to Sunset Holdings came from Defendant Calenergy solely from funds deposited by third party investors in Sunset.

Defendants held no ownership or other interest in Defendant Bunzai or its affiliates; exercised no control over Bunzai or its affiliates; and had no knowledge of any wrongful conduct.

1. Moving Party's Response

Defendants held no ownership or other interest in Defendant Bunzai or its affiliates; exercised no control over Bunzai or its affiliates; and had no knowledge of any wrongful conduct.

A.    Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc.

[Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; *"The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment..."*]

[Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.]

[Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.][7]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

**B.** During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

---

[7] The identified declarations are in the Request for Judicial Notice identified directly below. This format is followed throughout Defendant's Responsive Statement. Thus, the reference to the Benice Declaration is Request for Judicial Notice No. 5.

**DEFENDANTS' RESPONSE TO PLAINTIFF FEDERAL TRADE COMMISSION'S
CONTROVERTED FACTS IN OPPOSITION**

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

**C.** Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,746 in interest return on the $500,000.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea*, R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

**D.** Defendants Latsanovski and Calenergy had no involvement in the day to day operations of Defendant Bunzai.

[Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.]

[Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.]

[Decl. of Latsanovski, ¶¶10; 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

**E**. Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["Alon can do it... He is running it. (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

**F**. Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet skincare business. Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions. Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["Alon can

**DEFENDANTS' RESPONSE TO PLAINTIFF FEDERAL TRADE COMMISSION'S CONTROVERTED FACTS IN OPPOSITION**

1   do it... He is running it. (Bunzai)].

2   [Decl. of Latsanovski, ¶¶10: 12-18.]

3   [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-

4   14.]

5   [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

6

7   [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

8

9   [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

10   [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules

11   of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

12   [Opposing Decl. of Latsanovski, ¶¶1-30.]

13   [These above documents are filed in Opposition to the FTC's Summary Judgment Motion.]

14   *[Supp. Decl. of Latsanovski, ¶¶ 1-3.]*

15   *[Supp. Decl. of Benice, ¶¶ 1-2.]*

16   *[Supplemental Request for Judicial Notice No. 1;  Declaration of Igor Latsanovski in Support*

17   *of Defendants' Opposition to Plaintiff Federal Trade Commission's Motion for Summary Judgment filed May 2, 2016.]*

18

19   *[Supplemental Request for Judicial Notice No. 2; Declaration of Defendant Alon Nottea in Opposition to Plaintiff's Motion for Summary Judgment.]*

20

21

| | |
|---|---|
| 2.  All funds invested into third party Sunset Holdings, LLC came from third party investors with no affiliation or relationship with Defendant Bunzai. | 2. Disputed |
| | 1. Plaintiff disputes the entirety of this contention: |
| [Decl. of Latsanovski, ¶¶7-8; 11; 27.] | The Funding of Sunset Holdings, LLC: |
| [Decl. of Kyrkov, ¶¶1-9; Exhs. "A" –"E" thereto.] | Insofar as this claim is related to Defendants' Further Fact #1 regarding the contribution of BunZai affiliates, Plaintiff reiterates part of its |
| [Decl. of Aleksandrovna, ¶¶1-7; Exhs. "A" | response to Further Fact #1: Sunset Holdings, |

**DEFENDANTS' RESPONSE TO PLAINTIFF FEDERAL TRADE COMMISSION'S CONTROVERTED FACTS IN OPPOSITION**

and "B" thereto.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶24-27.]

LLC is 99% owned by Defendant CalEnergy and 1% by Defendant Latsanovski. Dkt. 106-7, at 3. Latsanovski is a signatory on Sunset Holdings' accounts. Dkt. 120 at 50. Both CalEnergy and Latsanovski received money from BunZai and funded Sunset Holdings. Dkt. 120, at 37, 41, 50-51. Regardless of the third party contractual claims Defendant CalEnergy associates with its real estate investments, CalEnergy both owns and controls the assets its subsidiary holds.

CalEnergy, itself not only a critical component of the AuraVie common enterprise but also the receiver of substantial funds from the AuraVie scheme, invested capital in Sunset Holdings and owns substantially all its membership interests. Dkts. 106-7, at 3; 120, at 41, 50. Latsanovski transferred money to Sunset via Guayas International, Inc., a company he wholly owns. Dkt. 120, at 41, 60¬61. Both Latsanovski and CalEnergy are affiliated with Bunzai. Dkts. 253 1 2-3; 25411i 2-3; 121-1, at 3; Exs. 18-2; 302-2; 556, at 34:2-4, 34:20-35:7; 946, at 29:10-29:12; 949. Any claim by a third party relating to the membership interests or underlying assets of Sunset can only be a claim existing in contract against CalEnergy or Defendant Latsanovski. Such claims may speak to whether CalEnergy has business relationships outside of the AuraVie scheme but does not otherwise affect the ownership interest CalEnergy has in Sunset and its underlying assets.

In addition, the declarations supporting this contention fail to show that third party investors controlled or owned the funds invested in Sunset Holdings, LLC. The Aleksandrovna and Latsanovski Declarations describe contractual loan obligations that conferred control and ownership to Defendant Latsanovski with an obligation to repay. This simple contract does not challenge Latsanovski's control or ownership of the funds in question. Similarly, the Krykov declaration provides, at most, that funds were transferred to Defendant

| | Latsanovski for him to both hold legal title to and to control the deployment of. Such facts fail to challenge that Sunset Holdings is an asset owned and controlled by Defendants CalEnergy and Latsanovski. |
|---|---|

## 2.  Moving Party's Response

Defendants held no ownership or other interest in Defendant Bunzai or its affiliates; exercised no control over Bunzai or its affiliates; and had no knowledge of any wrongful conduct.

1. Moving Party's Response

Defendants held no ownership or other interest in Defendant Bunzai or its affiliates; exercised no control over Bunzai or its affiliates; and had no knowledge of any wrongful conduct.

**A.**    Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc.

[Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; *"The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment..."*]

[Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.]

[Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.][8]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

---

[8] The identified declarations are in the Request for Judicial Notice identified directly below.  This format is followed throughout Defendant's Responsive Statement. Thus, the reference to the Benice Declaration is Request for Judicial Notice No. 5.

**DEFENDANTS' RESPONSE TO PLAINTIFF FEDERAL TRADE COMMISSION'S CONTROVERTED FACTS IN OPPOSITION**

**B.** During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]
[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

**C.** Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,746 in interest return on the $500,000.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015

**DEFENDANTS' RESPONSE TO PLAINTIFF FEDERAL TRADE COMMISSION'S
CONTROVERTED FACTS IN OPPOSITION**

Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

**D.** Defendants Latsanovski and Calenergy had no involvement in the day to day operations of Defendant Bunzai.

[Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.]

[Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.]

[Decl. of Latsanovski, ¶¶10; 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

**E.** Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["Alon can do it... He is running it. (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and

Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

**F.** Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet skincare business.  Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions. Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["Alon can do it... He is running it. (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

[These above documents are filed in Opposition to the FTC's Summary Judgment Motion.]

*[Supp. Decl. of Latsanovski, ¶¶ 1-3.]*

*[Supp. Decl. of Benice, ¶¶ 1-2.]*

*[Supplemental Request for Judicial Notice No. 1;  Declaration of Igor Latsanovski in Support*

**DEFENDANTS' RESPONSE TO PLAINTIFF FEDERAL TRADE COMMISSION'S CONTROVERTED FACTS IN OPPOSITION**

1   *of Defendants' Opposition to Plaintiff Federal Trade Commission's Motion for Summary*
2   *Judgment filed May 2, 2016.]*

3   *[Supplemental Request for Judicial Notice No. 2; Declaration of Defendant Alon Nottea in*
    *Opposition to Plaintiff's Motion for Summary Judgment.]*

4

5                                          II.

6                 **DEFENDANTS LATSANOVSKI AND CALENERGY'S**

7                      **PROPOSED CONCLUSIONS OF LAW**

| 8  | 1.  No evidence exists that Defendant Latsanovski (1) participate directly in, or had the authority to control, the unlawful acts or practices alleged in the first amended complaint; and (2) had actual knowledge of the misrepresentations involved, was recklessly indifferent to the truth or falsity of the misrepresentations, or was aware of a high probability of fraud and intentionally avoided learning the truth.  *See, FTC v. Network Services Depot, Inc.,* 617 *F.3d* 1127, 1138-1139 (9th Cir. 2010) | 1. Disputed.  1. Plaintiff disputes the entirety of Defendants' conclusion of law:  See Section II.B. of Plaintiff's Opposition to Defendants Igor Latsanovski and CalEnergy, Inc.'s Motion for Summary Judgment. |
|----|----|----|

1. Moving Party's Response

Defendants' proposed conclusions of law are supported by the above reference evidence; and all evidence referenced in Defendants' original Statement of Uncontroverted Facts and Conclusions of Law.

1. Moving Party's Response

Defendants held no ownership or other interest in Defendant Bunzai or its affiliates; exercised no control over Bunzai or its affiliates; and had no knowledge of any wrongful conduct.

A.     Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc.

[Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; *"The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment..."*]

[Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea,* R.T. 84: 15-25; 85: 1-25; 86: 1-24.]

[Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.][9]

------

[9]  The identified declarations are in the Request for Judicial Notice identified directly below.  This format is followed

(footnote continued)

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

**B.** During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]
[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

---

throughout Defendant's Responsive Statement. Thus, the reference to the Benice Declaration is Request for Judicial Notice No. 5.

**DEFENDANTS' RESPONSE TO PLAINTIFF FEDERAL TRADE COMMISSION'S
CONTROVERTED FACTS IN OPPOSITION**

[Opposing Decl. of Latsanovski, ¶¶1-30.]

**C.** Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,746 in interest return on the $500,000.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea*, R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

**D.** Defendants Latsanovski and Calenergy had no involvement in the day to day operations of Defendant Bunzai.

[Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.]

[Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.]

[Decl. of Latsanovski, ¶¶10; 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

**E.** Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["Alon can do it... He is running it. (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

**F.** Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet skincare business. Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions. Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["Alon can do it... He is running it. (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

**DEFENDANTS' RESPONSE TO PLAINTIFF FEDERAL TRADE COMMISSION'S CONTROVERTED FACTS IN OPPOSITION**

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

[These above documents are filed in Opposition to the FTC's Summary Judgment Motion.]

*[Supp. Decl. of Latsanovski, ¶¶ 1-3.]*

*[Supp. Decl. of Benice, ¶¶ 1-2.]*

*[Supplemental Request for Judicial Notice No. 1;  Declaration of Igor Latsanovski in Support of Defendants' Opposition to Plaintiff Federal Trade Commission's Motion for Summary Judgment filed May 2, 2016.]*

*[Supplemental Request for Judicial Notice No. 2; Declaration of Defendant Alon Nottea in Opposition to Plaintiff's Motion for Summary Judgment.]*

| | |
|---|---|
| 2. No evidence exists that Defendant Calenergy (1) participate directly in, or had the authority to control, the unlawful acts or practices alleged in the first amended complaint; and (2) had actual knowledge of the misrepresentation involved, was recklessly indifferent to the truth or falsity of the misrepresentations, or was aware of a high probability of fraud and intentionally avoided learning the truth.  *See, FTC v. Network Services Depot, Inc.,* 617 *F.3d* 1127, 1138-1139 (9th Cir. 2010) | 2. Disputed<br><br>1. Plaintiff disputes the entirety of Defendants' conclusion of law:<br><br>See Section II.A. of Plaintiff's Opposition to Defendants Igor Latsanovski and CalEnergy, Inc.'s Motion for Summary Judgment. |

2. Moving Party's Response

Defendants held no ownership or other interest in Defendant Bunzai or its affiliates; exercised no control over Bunzai or its affiliates; and had no knowledge of any wrongful conduct.

1. Moving Party's Response

**DEFENDANTS' RESPONSE TO PLAINTIFF FEDERAL TRADE COMMISSION'S CONTROVERTED FACTS IN OPPOSITION**

Defendants held no ownership or other interest in Defendant Bunzai or its affiliates; exercised no control over Bunzai or its affiliates; and had no knowledge of any wrongful conduct.

**A.**   Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc.

[Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; "*The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment...*"]

[Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.]

[Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.][10]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

**B.** During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]
[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of

---

[10]   The identified declarations are in the Request for Judicial Notice identified directly below.  This format is followed throughout Defendant's Responsive Statement.  Thus, the reference to the Benice Declaration is Request for Judicial Notice No. 5.

**DEFENDANTS' RESPONSE TO PLAINTIFF FEDERAL TRADE COMMISSION'S CONTROVERTED FACTS IN OPPOSITION**

Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

**C.** Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,746 in interest return on the $500,000.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35: 2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea*, R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

**D.** Defendants Latsanovski and Calenergy had no involvement in the day to day operations of Defendant Bunzai.

[Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.]

**DEFENDANTS' RESPONSE TO PLAINTIFF FEDERAL TRADE COMMISSION'S
CONTROVERTED FACTS IN OPPOSITION**

[Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.]

[Decl. of Latsanovski, ¶¶10; 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

**E.** Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct.

[Decl. of Benice, ¶2; Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["Alon can do it... He is running it. (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

**F.** Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet skincare business. Latsanovski never spoke to any customers; was not involved in the day to day

operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions. Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["Alon can do it... He is running it. (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

[These above documents are filed in Opposition to the FTC's Summary Judgment Motion.]

*[Supp. Decl. of Latsanovski, ¶¶ 1-3.]*

*[Supp. Decl. of Benice, ¶¶ 1-2.]*

*[Supplemental Request for Judicial Notice No. 1;  Declaration of Igor Latsanovski in Support of Defendants' Opposition to Plaintiff Federal Trade Commission's Motion for Summary Judgment filed May 2, 2016.]*

*[Supplemental Request for Judicial Notice No. 2; Declaration of Defendant Alon Nottea in Opposition to Plaintiff's Motion for Summary Judgment.]*

**DEFENDANTS' RESPONSE TO PLAINTIFF FEDERAL TRADE COMMISSION'S
CONTROVERTED FACTS IN OPPOSITION**

| 3. As a matter of law neither Defendants Latsanovski nor Calenergy are jointly and severally liable with the other defendants for the consumer damages or any other damages claimed by Plaintiff FTC. *See, FTC v. Stefanchik*, 559 *F.3d* 924, 931 (9th Cir. 2009). | 3.       Disputed.<br><br>1. Plaintiff disputes the entirety of Defendants' conclusion of law:<br><br>See Section II of Plaintiff's Opposition to Defendants Igor Latsanovski and CalEnergy, Inc.'s Motion for Summary Judgment. |
|---|---|

**3. Moving Party's Response**

Defendants held no ownership or other interest in Defendant Bunzai or its affiliates; exercised no control over Bunzai or its affiliates; and had no knowledge of any wrongful conduct.

**1. Moving Party's Response**

Defendants held no ownership or other interest in Defendant Bunzai or its affiliates; exercised no control over Bunzai or its affiliates; and had no knowledge of any wrongful conduct.

**A.    Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc.**

[Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; *"The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment..."*]

[Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.]

[Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.][11]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants

---

[11] The identified declarations are in the Request for Judicial Notice identified directly below. This format is followed throughout Defendant's Responsive Statement. Thus, the reference to the Benice Declaration is Request for Judicial Notice No. 5.

**DEFENDANTS' RESPONSE TO PLAINTIFF FEDERAL TRADE COMMISSION'S CONTROVERTED FACTS IN OPPOSITION**

1   Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

2

3   [Opposing Decl. of Latsanovski, ¶¶1-30.]

4   **B.** During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates.

5
    [Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25;
6   36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]
    [Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea*, R.T. 85: lns. 3-5; "*Did*
7   *Bunzai ...pay back Igor ...? A. I believe it did.*]

8   [Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

9   [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-
10  14.]

11  [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

12
13  [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

14
15  [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

16  [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules
17  of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

18  [Opposing Decl. of Latsanovski, ¶¶1-30.]

19  **C.** Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,746 in interest return on the $500,000.

20
    [Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25;
21  36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

22  [Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea*, R.T. 85: lns. 3-5; "*Did
    Bunzai ...pay back Igor ...? A. I believe it did.*]

23
    [Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]
24
25  [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-
    14.]
26
27  [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

28  [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary

**DEFENDANTS' RESPONSE TO PLAINTIFF FEDERAL TRADE COMMISSION'S
CONTROVERTED FACTS IN OPPOSITION**

Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

**D.** Defendants Latsanovski and Calenergy had no involvement in the day to day operations of Defendant Bunzai.

[Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.]

[Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.]

[Decl. of Latsanovski, ¶¶10; 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

**E.** Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["Alon can do it... He is running it. (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for

Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

**F.**  Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet skincare business.  Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions. Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["Alon can do it... He is running it. (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

[These above documents are filed in Opposition to the FTC's Summary Judgment Motion.]

*[Supp. Decl. of Latsanovski, ¶¶ 1-3.]*

**DEFENDANTS' RESPONSE TO PLAINTIFF FEDERAL TRADE COMMISSION'S**
**CONTROVERTED FACTS IN OPPOSITION**

*[Supp. Decl. of Benice, ¶¶ 1-2.]*

*[Supplemental Request for Judicial Notice No. 1;  Declaration of Igor Latsanovski in Support
of Defendants' Opposition to Plaintiff Federal Trade Commission's Motion for Summary
Judgment filed May 2, 2016.]*

*[Supplemental Request for Judicial Notice No. 2; Declaration of Defendant Alon Nottea in
Opposition to Plaintiff's Motion for Summary Judgment.]*

| | |
|---|---|
| 4.  As a matter of law Defendants Latsanovki and Calenergy are only liable, if at all for equitable disgorgement of the sums they received from defendant Bunzai (and affiliates) during the period 2010 to 2015; $317,000.  *See, FTC v. Burnlounge*, 584 Fed. Appx. 315 (9th Cir. 2014) | 4. Disputed.<br><br>1. Plaintiff disputes the entirety of Defendants' conclusion of law:<br><br>See Section II and III.A. of Plaintiff's Opposition to Defendants Igor Latsanovski and CalEnergy, Inc.'s Motion for Summary Judgment. |

4.  Moving Party's Response

Defendants held no ownership or other interest in Defendant Bunzai or its affiliates; exercised no control over Bunzai or its affiliates; and had no knowledge of any wrongful conduct.

1. Moving Party's Response

Defendants held no ownership or other interest in Defendant Bunzai or its affiliates; exercised no control over Bunzai or its affiliates; and had no knowledge of any wrongful conduct.

**A.**    Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc.

[Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; *"The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment..."*]

[Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.]

[Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.][12]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

---

[12]  The identified declarations are in the Request for Judicial Notice identified directly below.  This format is followed throughout Defendant's Responsive Statement.  Thus, the reference to the Benice Declaration is Request for Judicial Notice No. 5.

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

**B.** During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling $500,000 to Defendant Bunzai and its affiliates.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]
[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea*, R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

**C.** Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,746 in interest return on the $500,000.

[Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

[Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea*, R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

[Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

**D.** Defendants Latsanovski and Calenergy had no involvement in the day to day operations of Defendant Bunzai.

[Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.]

[Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.]

[Decl. of Latsanovski, ¶¶10; 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

**E.** Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct.

DEFENDANTS' RESPONSE TO PLAINTIFF FEDERAL TRADE COMMISSION'S
CONTROVERTED FACTS IN OPPOSITION

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["Alon can do it... He is running it. (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

**F.** Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet skincare business. Latsanovski never spoke to any customers; was not involved in the day to day operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints; and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions. Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy provided loans to Bunzai.

[Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["Alon can do it... He is running it. (Bunzai)].

[Decl. of Latsanovski, ¶¶10: 12-18.]

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

**DEFENDANTS' RESPONSE TO PLAINTIFF FEDERAL TRADE COMMISSION'S
CONTROVERTED FACTS IN OPPOSITION**

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

[These above documents are filed in Opposition to the FTC's Summary Judgment Motion.]

*[Supp. Decl. of Latsanovski, ¶¶ 1-3.]*

*[Supp. Decl. of Benice, ¶¶ 1-2.]*

*[Supplemental Request for Judicial Notice No. 1;  Declaration of Igor Latsanovski in Support of Defendants' Opposition to Plaintiff Federal Trade Commission's Motion for Summary Judgment filed May 2, 2016.]*

*[Supplemental Request for Judicial Notice No. 2; Declaration of Defendant Alon Nottea in Opposition to Plaintiff's Motion for Summary Judgment.]*

| | |
|---|---|
| 5. The September 9, 2010 preliminary injunction and asset freeze, as to Defendants Latsanovski and Calenergy, shall accordingly be dissolved. | 5. Disputed<br><br>1. Plaintiff disputes the entirety of Defendants' conclusion of law:<br><br>See Section III of Plaintiff's Opposition to Defendants Igor Latsanovski and CalEnergy, Inc.'s Motion for Summary Judgment. |

5. Moving Party's Response

Defendants held no ownership or other interest in Defendant Bunzai or its affiliates; exercised no control over Bunzai or its affiliates; and had no knowledge of any wrongful conduct.

1. Moving Party's Response

Defendants held no ownership or other interest in Defendant Bunzai or its affiliates; exercised no control over Bunzai or its affiliates; and had no knowledge of any wrongful conduct.

A.    Defendants Latsanovski and Calenergy were solely lenders in Bunzai Media Group, Inc.

[Decl. of Benice, ¶3; January 28, 2016 Depo of Latsanovski, R.T. 76:lns. 1-14; *"The most important term was that from day one from when I gave my first check, it's a loan and it's payable back with interest on my investment..."*]

[Decl. of Benice, ¶4; Exh. "C" thereto, *February 18, 2016 Depo of Alon Nottea*, R.T. 84: 15-25; 85: 1-25; 86: 1-24.]

**DEFENDANTS' RESPONSE TO PLAINTIFF FEDERAL TRADE COMMISSION'S CONTROVERTED FACTS IN OPPOSITION**

1    [Decl. of Latsanovski, ¶¶1-3; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶19-24.][13]

2    [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of
     Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-
3    14.]

4    [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for
     Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]
5
6    [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary
     Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and
7    Calenergy, LLC.]

8    [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015
     Master Loan Agreement.]

9    [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants
     Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules
10   of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

11   [Opposing Decl. of Latsanovski, ¶¶1-30.]

12
     **B.** During the period 2010 to 2015 Defendants Latsanovski and Calenergy made loans totaling
13   $500,000 to Defendant Bunzai and its affiliates.

14   [Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25;
     36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]
15   [Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea*, R.T. 85: lns. 3-5; "*Did
     Bunzai ...pay back Igor ...? A. I believe it did.*]
16
     [Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]
17
18   [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of
     Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-
     14.]
19
20   [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for
     Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

21   [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary
     Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and
22   Calenergy, LLC.]

23   [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015
     Master Loan Agreement.]
24

25   _____

26   [13] The identified declarations are in the Request for Judicial Notice identified directly below.  This format is followed
     throughout Defendant's Responsive Statement. Thus, the reference to the Benice Declaration is Request for Judicial
27   Notice No. 5.

28
**DEFENDANTS' RESPONSE TO PLAINTIFF FEDERAL TRADE COMMISSION'S
CONTROVERTED FACTS IN OPPOSITION**

1     [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

2

3     [Opposing Decl. of Latsanovski, ¶¶1-30.]

4     **C.** Defendant Latsanovski and Calenergy received the $500,000 in full repayment and $317,746 in interest return on the $500,000.

5

6     [Decl. of Benice, ¶2; Exh. "A" thereto, *January 28, 2016 Depo of Latsanovski*, R.T. 35:  2-25; 36: 1-24; 37: 1-24; 38: 1-24; 114: 1-24; 116: 1-11.]

7     [Decl. of Benice, ¶4; Exh. "C" February 18, *2016 Depo of Alon Nottea,* R.T. 85: lns. 3-5; "*Did Bunzai ...pay back Igor ...? A. I believe it did.*]

8

9     [Decl. of Latsanovski, ¶¶1-4; Exh. "A" thereto, July, 2015 Loan Summary; ¶¶ 15-16.]

10     [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

11

12     [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

13     [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

14

15     [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

16

17     [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

18

19     [Opposing Decl. of Latsanovski, ¶¶1-30.]

20     **D.** Defendants Latsanovski and Calenergy had no involvement in the day to day operations of Defendant Bunzai.

21     [Decl. of Benice, ¶2; Exh. "A" *January 28, 2016 Depo of Latsanovski*, R.T. 30: 6-23.]

22     [Decl. of Benice, ¶4; Exh. "C" *February 18, 2016 Depo of Alon Nottea*, R.T. 110: 1-25; 111: 1-25; 112: 1-25; 161: 10-19.]

23     [Decl. of Latsanovski, ¶¶10; 12-18.]

24

25     [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

26

27     [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

28     [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary

1   Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

2

3   [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

4   [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules

5   of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

6   [Opposing Decl. of Latsanovski, ¶¶1-30.]

7   **E.** Defendants Latsanovski and Calenergy had no knowledge or involvement in Defendant Bunzai's alleged wrongful activity and did not recklessly disregard such conduct.

8

9   [Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["Alon can do it... He is running it. (Bunzai)].

10   [Decl. of Latsanovski, ¶¶10: 12-18.]

11   [Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-

12   14.]

13   [Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

14

15   [Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

16

17   [Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

18   [Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules

19   of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

20   [Opposing Decl. of Latsanovski, ¶¶1-30.]

21   **F.**  Defendants Latsanovski and Calenergy, did not play any role in the operation of the internet skincare business.  Latsanovski never spoke to any customers; was not involved in the day to day

22   operations of the internet skincare business; had no involvement in the marketing or advertising of the skincare products; never received or reviewed any reports regarding customer complaints;

23   and had no knowledge of the web based advertising used by defendant Bunzai. Defendants Alon and Bond actually operated and controlled Defendant Bunzai and made all operational decisions.

24   Neither Calenergy nor Latsanovski received any money from consumers directly. Importantly, Calenergy did not receive any money from defendant Bunzai in this case until after Calenergy

25   provided loans to Bunzai.

26   [Decl. of Benice, ¶2;Exh. "A" January 28, 2016 Depo of Latsanovski, R.T. 269: 4-18. ["Alon can do it... He is running it. (Bunzai)].

27   [Decl. of Latsanovski, ¶¶10: 12-18.]

28

**DEFENDANTS' RESPONSE TO PLAINTIFF FEDERAL TRADE COMMISSION'S**
**CONTROVERTED FACTS IN OPPOSITION**

[Request for Judicial Notice No. 1; July 13, 2015 Declaration of Igor Latsanovski in Support of Ex Parte Request for Partial Relief from Temporary Restraining Order filed July 15, 2015, ¶¶4-14.]

[Request for Judicial Notice No. 2; Declaration of Igor Latsanovski in Support of Motion for Summary Judgment, or Alternatively Partial Summary Judgment filed April 18, 2016.]

[Request for Judicial Notice No. 3; Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement between Guayas, LTD. and Calenergy, LLC.]

[Request for Judicial Notice No. 4; Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement.]

[Request for Judicial Notice No. 5; Declaration of Jeffrey S. Benice in Support of Defendants Igor Latsanovski and Calenergy, Inc's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56 or, Alternatively Partial Summary Judgment.]

[Opposing Decl. of Latsanovski, ¶¶1-30.]

[These above documents are filed in Opposition to the FTC's Summary Judgment Motion.]

*[Supp. Decl. of Latsanovski, ¶¶ 1-3.]*

*[Supp. Decl. of Benice, ¶¶ 1-2.]*

*[Supplemental Request for Judicial Notice No. 1;  Declaration of Igor Latsanovski in Support of Defendants' Opposition to Plaintiff Federal Trade Commission's Motion for Summary Judgment filed May 2, 2016.]*

*[Supplemental Request for Judicial Notice No. 2; Declaration of Defendant Alon Nottea in Opposition to Plaintiff's Motion for Summary Judgment.]*

Dated: May 13, 2016                              Respectfully submitted,


Jeffrey S. Benice
Attorney for Defendants Igor Latsanovski
and Calenergy, Inc.

DEFENDANTS' RESPONSE TO PLAINTIFF FEDERAL TRADE COMMISSION'S
CONTROVERTED FACTS IN OPPOSITION

# CERTIFICATE OF SERVICE

The undersigned certifies that on May 13, 2016, a true and correct copy of the foregoing document described as DEFENDANTS IGOR LATSANOVSKI AND CALENERGY, INC.'S RESPONSE TO PLAINTIFF FEDERAL TRADE COMMISSION'S CONTROVERTED FACTS IN OPPOSITION was electronically filed with the clerk of the U.S. District Court, Central District of California, using the electronic case filing system of the court.  The attorneys listed below were served by pursuant to the ECF notice generated by the Court.

*Local Counsel For Receiver*
Tom Vidal
Michael Weiss
Nina Nahal Ameri
Abrams Garfinkle Margolis Bergson
5900 Wilshire Blvd., Suite 2250
Los Angeles, CA  90036
nameri@agmblaw.com

*Counsel For Alon Nottea and Roi Rueveni*
Robert M. Ungar
Crosswind Law
14724 Ventura Blvd., Penthouse
Sherman Oaks, CA  91403
rmu@crosswindlaw.com

*Federal Trade Commission*
Reid Tepfer
Luis Gallegos
1999 Bryan Street, Suite 2150
Dallas, Texas 75201
rtpefer@ftc.gov
lgallegos@ftc.gov

*Counsel For Doron Nottea and Motti Nottea*
Randi R. Geffner
Esensten Law
12100 Wilshire Blvd.
Suite 1660
Los Angeles, CA  90025
Telephone:  (310) 273-3090
RGEFFNER@ESENSTEINLAW.COM

*Counsel For Chargeback Armor, Inc.*
Sagar Parikh
Beverly Hills Law Corp.
433 N. Camden Drive, 6th Floor
Beverly Hills, CA  90210
SP@BeverlyHillsLawCorp.com

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed this 13th day of May, in Costa Mesa, California  92626.

Javaise Escoto Declarant

DEFENDANTS' RESPONSE TO PLAINTIFF FEDERAL TRADE COMMISSION'S CONTROVERTED FACTS IN OPPOSITION