DAVID C. SHONKA
Acting General Counsel

DAMA J. BROWN
Dbrown1@ftc.gov
Regional Director

REID TEPFER
rtepfer@ftc.gov; Tex. Bar No. 24079444
LUIS GALLEGOS
lgallegos@ftc.gov; Okla. Bar No. 19098
EMILY ROBINSON
erobinson@ftc.gov; Tex. Bar No. 24046737
ZACHARY A. KELLER
zkeller@ftc.gov
Texas Bar No. 24087838 (pro hac vice pending)
Federal Trade Commission
1999 Bryan Street, Ste 2150
Dallas, Texas 75206
(214) 979-9395 (Tepfer); (214) 979-9383 (Gallegos);
(214) 979-9386 (Robinson); (214) 979-9382 (Keller)
(214) 953-3079 (fax)
RAYMOND McKOWN
rmckown@ftc.gov; Cal. Bar No. 150975
10877 Wilshire Boulevard, Ste 700
Los Angeles, California 90024
(310) 824-4343(voice); (310) 824-4380 (fax)

Attorneys for Plaintiff Federal Trade Commission

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>BUNZAI MEDIA GROUP, INC., *et al.*<br><br>Defendants. | Case No. CV 15-4527-GW(PLAx)<br><br>**PLAINTIFF'S AMENDED REQUEST FOR EVIDENTIARY RULING ON SPECIFIED OBJECTIONS** |

Plaintiff Federal Trade Commission submits this Request for Evidentiary Ruling on Specified Objections pursuant to this Court's Standing Order Re Summary Judgment Motions, entered on April 19, 2016. Plaintiff objects to the Declarations of Mariya Aleksandrovna and Ilia Klykov ("Declaration of Ilia Klykov Re: November 6, 2009 Fiduciary Management Agreement; and January 12, 2015 Agreement Between Guayas, Ltd. And Calenergy LLC" and "Declaration of Mariya Aleksandrovna Re: June 4, 2015 Master Loan Agreement," respectively), Dkts. 357 and 358, which Defendants Igor Latsanovski and Calenergy, Inc. relied on in their Motion for Summary Judgment, Dkt. 352. Plaintiff further objections to the Declaration of Daniel M. Howard ("Declaration of Daniel M. Howard, CPA in Support of Opposition to Motion for Summary Judgment"), which Defendant Doron Nottea filed with his opposition to the FTC's motion for summary judgment, Dkt. #398-4. The FTC requests that the Court sustain these objections and strike the three declarations.

### I. Defendants Igor Latsanovski and CalEnergy, Inc. did not timely disclose Ilia Klykov and Mariya Aleskandrovna as persons with knowledge.

Under Rule 26 of the Federal Rules of Civil Procedure, a party must disclose "the name . . . of each individual likely to have discoverable information . . . that the disclosing party may use to support its claims or defenses." Furthermore, a party "must supplement or correct its disclosure . . . in a timely manner if the party learns that in some material respect the disclosure . . . is incomplete or incorrect . . . ." If a party fails to disclose a witness, "the party is not allowed to use that . . . witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37.

For example, in *Holak v. Kmart Corp.*, three months after discovery ended, the Plaintiff filed a motion, relying in part on declarations from six individuals Plaintiff did not disclose during discovery.[1] The Court held that Plaintiff failed to timely disclose its witnesses and struck the witnesses' declarations.[2] The Court emphasized the fact that "Defendant had no meaningful opportunity to depose the

---

[1] No. 1:12-CV-00304 AWI, 2014 WL 2565902 (E.D. Cal. June 6, 2014), *report and recommendation adopted in relevant part*, No. 1:12-CV-00304-AWI, 2014 WL 4930762 (E.D. Cal. Sept. 30, 2014).

[2] *Id.*

PLAINTIFF'S AMENDED REQUEST FOR EVIDENTIARY
RULING ON SPECIFIED OBJECTIONS

3

witnesses during the discovery period."[3] Furthermore, the Court held Plaintiff's failure to disclose the witnesses was prejudicial even though Defendant subsequently offered the witnesses for deposition, as deposing witnesses "shortly before [Defendant's] opposition brief was due . . . was not a practical means to avoid prejudice . . . ."[4]

Here, too, the Court should strike the Declarations of the undisclosed witnesses. As in *Holak*, Defendants did not disclose the witnesses during discovery. Indeed, Defendants first mentioned the witnesses in Defendants' Motion for Summary Judgment. Plaintiff will be severely prejudiced if Defendants are allowed to rely on these declarations, as Plaintiff's reply brief is due imminently, it never had an opportunity to depose the witnesses, and it cannot practically or meaningfully depose the witnesses before its brief is due.

## II. Defendant Doron Nottea failed to timely disclose his expert witness.

Defendants' expert witness, Mr. Daniel M. Howard, was never disclosed in any initial disclosure nor was he disclosed by the deadline for disclosing expert witnesses.[5] Further, this expert witness failed to provide a written report as

---

[3] *Id.* at 8.
[4] *Id.*
[5] The first mention of any expert witness by Doron was in his *ex parte* application for a continuance (Dkt. #367), several weeks after the deadline for such a

required by Rule 26(a)(2)(B). By failing to disclose this expert witness, Doron Nottea has denied the FTC the opportunity to examine the witness concerning his qualifications or the basis for his conclusions.

Mr. Howard testifies that he is a "non-retained expert that was hired to assist in evaluating the services of Doron."[6] However, the Federal Rules require a witness to provide a written report if that witness was "retained or *specially employed to provide expert testimony in the case*."[7] Accordingly, because Mr. Howard was hired to provide expert testimony in this case but was never disclosed and failed to provide an expert report, his testimony should not be considered by the Court. Accordingly, the FTC respectfully requests that the Court strike his declaration.

|  | Respectfully submitted, |
|---|---|
| Dated: May 13, 2016 | /s/ REID TEPFER<br>REID TEPFER<br>LUIS H. GALLEGOS<br>EMILY ROBINSON<br>ZACHARY A. KELLER<br>Attorneys for the Plaintiff<br>Federal Trade Commission<br>1999 Bryan Street, Suite 2150<br>Dallas, Texas 75201 |

---

disclosure. *See* Dkt. #344 (ordering that expert witnesses shall be designated by April 1).

[6] Dkt. #398-4, at 2.

[7] FED. R. CIV. P. 26(a)(2)(B).

(214) 979-9395 (Tepfer)
(214) 979-9383 (Gallegos)
(214) 953-3079 (facsimile)
rtepfer@ftc.gov
lgallegos@ftc.gov

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on May 13, 2016, a true and correct copy of the foregoing document was electronically emailed to the attorneys listed below.

Erik S Syverson
Raines Feldman LLP
9720 Wilshire Boulevard Fifth Floor
Beverly Hills, CA 90212
esyverson@raineslaw.com
*Counsel for Oz Mizrahi*

Robert M. Ungar
Crosswind Law
14724 Ventura Blvd Penthouse
Sherman Oaks, CA 91403
rmu@crosswindlaw.com
*Counsel for Alon Nottea and Roi Reuveni*

Randi R. Geffner
Esensten Law
12100 Wilshire Blvd.
Suite 1660
Los Angeles, CA 90025
(310) 273-3090
RGEFFNER@ESENSTEINLAW.COM
*Counsel for Doron Nottea and Motti Nottea*

Jeffrey S. Benice
Law Offices of Jeffrey S. Benice
3080 Bristol Street
Sixth Floor, Suite 630

PLAINTIFF'S AMENDED REQUEST FOR EVIDENTIARY
RULING ON SPECIFIED OBJECTIONS

1  Costa Mesa, California 92626
   E-Mail: JSB@JeffreyBenice.com
2  *Counsel for Igor Latsanovski and*
   *CalEnergy, Inc.*
3
   Benjamin A Pettit
4  20 East Pueblo Street
   Santa Barbara, CA 93105
5  *Counsel for Alon Nottea*

6  Sagar Parikh
   Beverly Hills Law Corp.
7  433 N. Camden Dr., 6th Floor
   Beverly Hills, CA 90210
8  *Counsel for Chargeback Armor, Inc.,*
   *Secured Merchants LLC, and Alan Argaman*
9
                                            /S/ REID TEPFER
10                                           REID TEPFER

11

12

13

14

15

16

17

18

19

20

PLAINTIFF'S AMENDED REQUEST FOR EVIDENTIARY
RULING ON SPECIFIED OBJECTIONS