# NINTH DECLARATION OF FTC INVESTIGATOR BRENT D. MCPEEK PURSUANT TO 28 U.S.C. § 1746

Pursuant to 28 U.S.C. § 1746, Brent D. McPeek declares that:

1. My name is Brent D. McPeek. I am over the age of 21 and competent to give this declaration. I am a Federal Trade Investigator with the Federal Trade Commission ("FTC"). I have a Bachelor of Science degree in agricultural economics with a minor in finance, as well as a Master of Science degree in applied economics. I have more than ten years' experience as an investigator and litigation consultant. My business address is Federal Trade Commission, Southwest Region, 1999 Bryan Street, Suite 2150, Dallas, Texas 75201.

2. My duties, as a Federal Trade Investigator, include investigating parties suspected of engaging in unfair or deceptive acts or practices in violation of the Federal Trade Commission Act and other laws and rules enforced by the Commission.

3. I assisted in the FTC's investigation of Bunzai Media Group, Inc. ("Bunzai") and related companies and individuals. I will refer to the subjects of the FTC's investigation collectively as the "Defendants."

4. During the FTC's investigation, I acquired personal knowledge of the facts stated here, and, if called, would testify to the same. Personally Identifying Information ("PII") has been redacted from all documents referenced in this

declaration. I have executed eight previous declarations in this matter located in the docket as follows: Document 6; Document 93-1; Document 119-1 ; Document 231-1; Document 232-1; Document 280-1; Document 383-1; and Document 396.

**BUSINESS PREMISES**

5. As discussed in previous declarations (*see, e.g.,* Dkt. 93-1 and Dkt. 119-1), the Court's Receiver, the FTC, and the FTC's Technical Forensic Examiners gained access to various business premises of Defendants on June 18, 2015 pursuant to Court order. FTC staff selected hundreds of documents found on the premises to be copied and stored as electronic images. Additionally, the forensic electronic technicians made forensically sound images of many of the computers found in the Defendants' business premises.

6. As part of my duties, I made sketches of the floor plans of the various office suites occupied by Defendants at the Canby Ave. office complex. These sketches are not to scale and are used to reflect the layout of the premises, as opposed to any specific dimensions. I also assigned a numbering and lettering system to identify each room in each of the office suites. I have attached true and correct copies of these floor sketches as Exhibit 1005 to this declaration.

7. The number and letter combination assigned to each of the rooms was used to track evidence retrieved from the rooms, either in the form of hard copy

1  documents or in the form of electronically stored information ("ESI") maintained
2  on computer hard drives or other external storage devices.  True and correct copies
3  of declarations, attached as Exhibits 1002 and 1003, discuss the forensic images,
4  including the chain of custody from their creation until the point they were loaded
5  onto the FTC servers for FTC staff to review.

6      8.    These declarations demonstrate that the computer hard drives and
7  other ESI storage devices were designated with an unique identifier code that
8  coordinates with my number/letter room designation.  For example, in Exhibit
9  1002 ¶ 6, the first computer is identified as AV-IT04-CAN105-DoronNottea-
10 DellDesktop.  The "AV" represents AuraVie.  "IT04" is the number assigned by
11 the forensic examiners.  "CAN105" identifies that this image was obtained from
12 the Canby office complex in Suite 105.  Finally, "DoronNottea-DellDesktop"
13 identifies that it came from Doron Nottea's office (*see* Ex. 1005-1, Room 105-I).
14 Other identifying information about the computer or hard drive, including the
15 serial number, is also included in the description following the identification code.

16     9.    When the occupant of a room or office was not known, the code
17 would include the room number instead of the occupant's name.  For example in
18 Exhibit 1002-1, Line 24, AV-IT09a-CAN105-RoomH-ASUS, identifies that this
19 computer hard drive was located in Suite 105, Room 105-H, as identified on my
20 sketch.

NINTH DECLARATION OF FTC INVESTIGATOR BRENT D. MCPEEK    Page | 3

10.     A true and correct copy of the Declaration of Amelia Stobaugh, Litigation Support Specialist, is attached as Exhibit 1006. This declaration describes how ESI is stored in Zylab on the FTC's servers, and how the metadata relating to ESI is captured and preserved. The chart attached to her declaration lists the documents from Zylab that were identified as exhibits in support of the FTC's Motion for Summary Judgment. The "SOURCE" column corresponds to the identification code of the ESI source as described in paragraphs 7 – 9, above. The "SOURCEFILENAME" column corresponds to the actual name of the file as it was originally stored on the Defendants' device. Finally, the "SOURCEFILEPATH" column includes the full file path of the file, including the location on the FTC's servers, as well as the file path as it originally existed on Defendants' device.

11.     Additionally there were some exhibits, in addition to those in Amelia Stoubaugh's spreadsheet, for which I created an additional chart with the metadata for these Exhibits. This chart, attached as Exhibit 1008, includes the metadata information for Exhibits 176, 187, 194, 266, 528, 943, and 999. Exhibits 187, 194, and 943 were filed in conjunction with the FTC's Motion for Summary Judgment. True and correct copies of the documents identified as Exhibits 176, 266, 528, and 999 are attached to this declaration. These documents were obtained from the Court-ordered access to the business premises as previously described.

12. When hard copy documents are selected by FTC staff for copying and imaging, they are place in evidence envelopes along with an evidence tracking sheet. This sheet identifies the address, the office suite, the room identifier corresponding to the floor sketches, and specifically where a document was located in the room, *e.g.*, a desk drawer or a file cabinet.

13. The tracking sheet for Exhibit 18 specifies that this document was originally found in the bottom left drawer of the desk identified as I-4, in Room I of Suite 105 (Room 105-I-4). This office was stated to be occupied by Doron Nottea. The tracking sheets for Exhibits 46 and 49 specify that these documents were originally found in the bottom right drawer of the desk identified as I-4 in Room 105-I. True and correct copies of Exhibits 18, 46, and 49 were filed with the FTC's Motion for Summary Judgment. The tracking sheet for Exhibit 26 specifies that this document was originally found in the file cabinet B1, in Room B of Suite 103 in the Canby Ave. office complex. A true and correct copy of Exhibit 26 is attached to this declaration.

### INVESTIGATION

14. On March 25, 2014, I printed the website at the url http://auravietrialkit.com/ to Adobe to save the website as a PDF file. A true and correct copy of this document is attached as Exhibit 1007. Another printed copy of

this web capture was previously marked and identified during depositions in this case as Exhibit 16. However Exhibit 16 did not preserve the header and footer information from my original website capture, now marked as Exhibit 1007. Exhibit 1007 represents the authentic copy of my original website capture.

15. Exhibits 901, 902, and 903 are true and correct copies of documents that were included the appendix with my first declaration, filed in the docket as Document 6. Exhibit 901 is included at Document 6-4, beginning on Page 26. Exhibit 902 is included at Document 6-5, beginning on Page 37. Exhibit 903 is included at Document 7-4, beginning on Page 1.

16. During the investigation of this matter, I ordered certified copies of the California Secretary of State records for the corporate Defendants. However, in some cases, these records were filed as exhibits without including the certified records seal with the copy of the document. I have attached true and correct copies of the certified corporate records obtained by the FTC for Bunzai Media Group, Inc. as Exhibit 1004. Similarly, the FTC has the certified records seals for each of the other corporate entities that are the subject of this matter.

**MISCELLANEOUS**

17. Exhibit 216 is a true and correct copy of a document that was produced to the FTC by Nastassia Yalley at her deposition on February 17, 2016.

18. On May 12, 2016, I printed the landing page of the website at the URL http://opkeservices.com/ to Adobe to save as a PDF file. A true and correct copy of this document is attached to this declaration as Exhibit 1000. Also on May 12, 2016, I printed the Wayback Machine capture for the website http://www.totalbeautyanswers.com/auravie.html. The Wayback Machine version was preserved on January 15, 2012 and is located at the URL https://web.archive.org/web/20120115084726/http://www.totalbeautyanswers.com/auravie.html. A true and correct copy of this document is attached to this declaration as Exhibit 1001.

19. Exhibit 123 filed in conjunction with the FTC's Motion for Summary Judgment is a true and correct printed copy of an email exchange between Reid Tepfer and the Court-appointed Receiver, Charlene Koonce, that occurred between February 3, 2016 and February 10, 2016.

20. Exhibit filed in conjunction with the FTC's Motion for Summary Judgment is a true and correct copy of Defendant Alon Nottea's Responses to Plaintiff Federal Trade Commission's Request for Admissions.

21. Exhibit 941 filed in conjunction with the FTC's Motion for Summary Judgment is a true and correct copy of Defendant Doron Nottea's completed Financial Statement of Individual Defendant, signed on July 6, 2015.

1  22. Exhibit 944 is a true and correct copy of my fifth declaration, which
2  was also filed in the docket at Document 232-1.

I declare, under penalty of perjury, that the foregoing statement is true and correct.

Executed on May 13, 2016, at Dallas, Texas.

*[signature]*

**BRENT D. MCPEEK**