TERM PARTY

DAVID C. SHONKA
Acting General Counsel

DAMA J. BROWN
Regional Director

REID TEPFER
rtepfer@ftc.gov
Texas Bar No. 24079444
LUIS GALLEGOS
lgallegos@ftc.gov
Oklahoma Bar No. 19098
Federal Trade Commission
1999 Bryan Street, Suite 2150
Dallas, Texas 75206
(214) 979-9395 (Tepfer)
(214) 979-9383 (Gallegos)
(214) 953-3079 (fax)

RAYMOND McKOWN
rmckown@ftc.gov
California Bar No. 150975
10877 Wilshire Boulevard, Suite 700
Los Angeles, California 90024
(310) 824-4325 (voice)
(310) 824-4380 (fax)

Attorneys for Plaintiff Federal Trade Commission

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**BUNZAI MEDIA GROUP, INC.,** *et al.*<br><br>**Defendants.** | **Case No.  CV 15-4527-GW(PLAx)**<br><br>**STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT AS TO STIPULATING DEFENDANT OZ MIZRAHI** |

1     Plaintiff, the Federal Trade Commission (Commission or FTC), filed its

2   Complaint for Permanent Injunction and Other Equitable Relief (Complaint)

3   (Dkt #3), for a permanent injunction and other equitable relief in this matter,

4   pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act (FTC

5   Act), 15 U.S.C. §§ 53(b) and 57b, Section 5 of the Restore Online Shoppers'

6   Confidence Act (ROSCA), 15 U.S.C. § 8404, and Section 917(c) of the Electronic

7   Funds Transfer Act (EFTA), 15 U.S.C. § 1693o(c).  The Commission and

8   Stipulating Defendant Oz Mizrahi stipulate to the entry of this Stipulated Order

9   for Permanent Injunction and Monetary Judgment (Order) to resolve all matters in

10   dispute in this action between them.

11     THEREFORE, IT IS ORDERED as follows:

12                                    **FINDINGS**

13   1.     This Court has jurisdiction over this matter.

14   2.     The Complaint charges that Stipulating Defendant and Defendants

15   participated in deceptive and unfair acts or practices in violation of Section 5 of

16   the FTC Act, 15 U.S.C. § 45, Section 4 of ROSCA, 15 U.S.C. § 8403, and Section

17   907(a) of EFTA, 15 U.S.C. § 1693e(a), in connection with the online sale of

18   skincare products through a negative option continuity plan.

19   3.     Stipulating Defendant neither admits nor denies any of the allegations in

20   the Complaint related to Stipulating Defendant, except as specifically stated in this

Order.  Only for purposes of this action, Stipulating Defendant admits the facts necessary to establish jurisdiction.

4.      Stipulating Defendant waives any claim that he may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agrees to bear his own costs and attorney fees.

5.      Stipulating Defendant waives all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

A.      "**Acquirer**" means a business organization, financial institution, or an agent of a business organization or financial institution that has authority from an organization  that operates or licenses a credit card system (*e.g.* Visa, MasterCard, American Express, and Discover) to authorize merchants to accept, transmit, or process payment by credit card through the credit card system for money, goods or services, or anything else of value.

B.      "**Charge**" or "**Charging**" means causing billing information to be submitted for payment, including against a consumer's credit card, debit card, bank account, phone bill, or other account, or otherwise attempting to collect money or other consideration.

STIPULATED ORDER FOR PERMANENT INJUNCTION
AND MONETARY JUDGMENT

C.    "**Clear and conspicuous**" means that a required disclosure is difficult to miss (*i.e.*, easily noticeable) and easily understandable by ordinary consumers, including in all of the following ways:

1.    In any communication that is solely visual or solely audible, the disclosure must be made through the same means through which the communication is presented.  In any communication made through both visual and audible means, such as a television advertisement, the disclosure must be presented simultaneously in both the visual and audible portions of the communication even if the representation requiring the disclosure is made in only one means.

2.    A visual disclosure, by its size, contrast, location, the length of time it appears, and other characteristics, must stand out from any accompanying text or other visual elements so that it is easily noticed, read, and understood.

3.    An audible disclosure, including by telephone or streaming video, must be delivered in a volume, speed, and cadence sufficient for ordinary consumers to easily hear and understand it.

4.    In any communication using an interactive electronic medium, such as the Internet or software, the disclosure must be unavoidable.

5.    On a product label, the disclosure must be presented on the principal display panel.

STIPULATED ORDER FOR PERMANENT INJUNCTION
AND MONETARY JUDGMENT

6.      The disclosure must use diction and syntax understandable to ordinary consumers and must appear in each language in which the representation that requires the disclosure appears.

7.      The disclosure must comply with these requirements in each medium through which it is received, including all electronic devices and face-to-face communications.

8.      The disclosure must not be contradicted or mitigated by, or inconsistent with, anything else in the communication.

9.      When the representation or sales practice targets a specific audience, such as children, the elderly, or the terminally ill, "ordinary consumers" includes reasonable members of that group.

D.      "**Credit Card Laundering**" means:

1.      Presenting or depositing into, or causing or allowing another to present or deposit into, the credit card system for payment, a Credit Card Sales Draft generated by a transaction that is not the result of a credit card transaction between the cardholder and the Stipulating Defendant;

2.      Employing, soliciting, or otherwise causing or allowing a Merchant, or an employee, representative, or agent of a Merchant, to present to or deposit into the credit card system for payment, a Credit Card Sales Draft generated by a

transaction that is not the result of a credit card transaction between the cardholder and the Merchant; or

  3. Obtaining access to the credit card system through the use of a business relationship or an affiliation with a Merchant, when such access is not authorized by the Merchant Account agreement or the applicable credit card system.

E. "**Credit Card Sales Draft**" means any record or evidence of a credit card transaction.

F. "**Continuity Plan**" means any plan, arrangement, or system in which a consumer is periodically charged for products or services *without* prior notification by the seller before each charge.

G. "**Defendants**" means all of the Individual Defendants and the Corporate Defendants, individually, collectively, or in any combination.

  1. "**Corporate Defendants**" means Bunzai Media Group, Inc., d/b/a AuraVie and Miracle Face Kit; Pinnacle Logistics, Inc.; DSA Holdings, Inc.; Lifestyle Media Brands, Inc.; Agoa Holdings, Inc.; Zen Mobile Media, Inc.; Safehaven Ventures, Inc.; Heritage Alliance Group, Inc., also doing business as AuraVie Distribution; AMD Financial Network, Inc.; SBM Management, Inc.; Media Urge, Inc.; Adageo, LLC; Calenergy, Inc.; KAI Media, Inc.; Insight Media, Inc.; Focus Media Solutions, Inc.; Secured Commerce, LLC; Secured Merchants,

LLC; USM Products, Inc.; Merchant Leverage Group, Inc.; DMA Media Holding, Inc.; Shalita Holdings, Inc.; All Star Beauty Products, Inc. and their successors and assigns.

2.    "**Individual Defendants**" mean Alon Nottea, Motti Nottea, Doron Nottea, Igor Latsanovski, Oz Mizrahi, Roi Reuveni, Kristopher Bond a/k/a Ray Ibbot, Alan Argaman, and Paul Medina individually, collectively, or in any combination.

3.    "**Stipulating Defendant**" means Oz Mizrahi.

H.    "**Electronic Fund Transfer**" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, or computer or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account.  Such term includes point-of-sale transfers, automated teller machine transactions, direct deposits or withdrawals of funds, and transfers initiated by telephone.  Such term does not include:

1.    Any check guarantee or authorization service that does not directly result in a debit or credit to a consumer's account;

2.    Any transfer of funds, other than those processed by automated clearinghouse, made by a financial institution on behalf of a consumer by means of a service that transfers funds held at either Federal Reserve banks or other

STIPULATED ORDER FOR PERMANENT INJUNCTION
AND MONETARY JUDGMENT

depository institutions and that is not designed primarily to transfer funds on behalf of a consumer;

      3.     Any transaction the primary purpose of which is the purchase or sale of securities or commodities through a broker-dealer registered with or regulated by the Securities and Exchange Commission;

      4.     Any automatic transfer from a savings account to a demand deposit account pursuant to an agreement between a consumer and a financial institution for the purpose of covering an overdraft or maintaining an agreed upon minimum balance in the consumer's demand deposit account; or

      5.     Any transfer of funds which is initiated by a telephone conversation between a consumer and an officer or employee of a financial institution which is not pursuant to a prearranged plan and under which periodic or recurring transfers are not contemplated.

I.     "**Material**" means likely to affect a person's choice of, or conduct regarding, goods or services.

J.     "**Merchant**" means a person who is authorized under a written contract with an Acquirer to honor or accept credit cards, or to transmit or process for payment credit card payments, for the purchase of goods or services.

K.     "**Merchant Account**" means an account with an Acquirer that authorizes and allows a Merchant to honor or accept credit cards, or to transmit or process for

1 payment credit card payments, for the purchase of goods or services or a

2 charitable contribution.

3 L.     "**Negative Option Feature**" means, in an offer or agreement to sell or

4 provide any good or service, a provision under which the consumer's silence or

5 failure to take an affirmative action to reject a good or service or to cancel the

6 agreement is interpreted by the seller or provider as acceptance or continuing

7 acceptance of the offer or agreement.

8 M.     "**Preauthorized Electronic Fund Transfer**" as defined by the Electronic

9 Fund Transfer Act, 15 U.S.C. § 1693a(10), means an electronic fund transfer

10 authorized in advance to recur at substantially regular intervals.

11 N.     "**Receiver**" means Charlene Koonce, the person appointed by the Court in

12 this matter pursuant to the Temporary Restraining Order and the Preliminary

13 Injunction.

## ORDER

## I.     BAN ON NEGATIVE OPTION SALES

16      IT IS ORDERED that Stipulating Defendant is permanently restrained and

17 enjoined from advertising, marketing, promoting, or offering for sale any good or

18 service with a Negative Option Feature, whether directly or through an

19 intermediary, including by consulting, planning, participating, facilitating or

20 advising.

## II.    PROHIBITED BUSINESS ACTIVITY

IT IS FURTHER ORDERED that Stipulating Defendant, Stipulating Defendant's officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting or offering for sale any good or service, are permanently restrained and enjoined from:

A.    Before a customer consents to pay for such good or service, failing to disclose, or assisting others in failing to disclose, in a clear and conspicuous manner all material terms and conditions of any offer, including:

    1.    The amount, timing, and manner of all fees, charges, or other amounts that a consumer will be charged or billed, including but not limited to the date of the charge and whether it will be a credit card charge or checking account debit;

    2.    The dates that any limited time sales offer begins and ends;

    3.    The identity of the seller, including the seller's name, physical address, and customer service telephone number;

    4.    The total costs to purchase, receive, or use, and the quantity of, any goods or services that are the subject of the sales offer;

STIPULATED ORDER FOR PERMANENT INJUNCTION
AND MONETARY JUDGMENT

5.      Any material restriction, limitation, or condition to purchase, receive, or use goods or services that are the subject of a sales offer;

B.      Before a customer consents to pay for such good or service, failing to disclose, or assisting others in failing to disclose, in a clear and conspicuous manner all material terms and conditions of any refund or cancellation policies, including:

1.      The specific steps and means by which such requests must be submitted;

2.      The customer service telephone number that a customer must call to cancel or return goods or services;

3.      The email address, web address, or street address to which such requests must be directed;

4.      Any mechanism that customers must use to return any goods or services, including any requirement for specific tracking methods or delivery confirmation for a package;

5.      If there is any policy of not making refunds or cancellations, including any requirement that a product will not be accepted for return or refund unless it is unopened and in re-sellable condition, a statement regarding this policy;

6.      The date by which a customer is required to request a refund;

STIPULATED ORDER FOR PERMANENT INJUNCTION
AND MONETARY JUDGMENT

C.      Misrepresenting, or assisting others in misrepresenting, expressly or by implication, any fact material, including:

      1.      That a good or service is free, a bonus, a gift, a trial, without cost;

      2.      That a good or service is available for a minimal processing, service, or administrative fee or without further obligation;

      3.      That a purchase is "risk free" or offered with a satisfaction guarantee or money-back guarantee;

      4.      That the seller is accredited or rated favorably by the Better Business Bureau;

      5.      A seller's affiliation with, or endorsement or sponsorship by, any person or entity;

      6.      The amount that a consumer's credit or debit card will be charged and the timing of the charge(s);

      7.      That a transaction has been authorized by a consumer;

      8.      The dates that any limited time sales offer begins and ends;

      9.      The requirements or terms of the seller's refund or cancellation policies;

      10.     The identity of the seller, including the seller's name, physical address, and customer service telephone number;

STIPULATED ORDER FOR PERMANENT INJUNCTION
AND MONETARY JUDGMENT

11.    The total costs to purchase, receive, or use, and the quantity of, any goods or services that are the subject of the sales offer;

12.    Any material restriction, limitation, or condition to purchase, receive, or use goods or services that are the subject of a sales offer;

13.    Any material aspect of the performance, efficacy, nature, or central characteristics of a good or service;

D.    Providing false information to any bank or other billing entity, directly or indirectly, to contest a consumer's request for a refund, cancellation, chargeback, or reversal of payment;

E.    Failing to obtain a consumer's express informed consent by causing billing information to be submitted for payment, or collecting or attempting to collect payment for goods or services without the consumer's express verifiable authorization, which shall include: (a) the customer's signature, including an electronic or digital form of signature that is recognized as a valid signature under federal law; or (b) express oral authorization that is audio-recorded and made available to the customer and the customer's bank or other billing entity and that evidences clearly both the customer's authorization of payment and the customer's receipt of the following information: (i) The number of debits, charges, or payments (if more than one); (ii) the date(s) the debit(s), charge(s), or payment(s) will be submitted for payment; (iii) the amounts of the debit(s),

charge(s), or payment(s); (iv) the customer's name; (v) the customer's billing information identified with sufficient specificity such that the customer understands what account will be used to collect payment; (vi) identification of the seller's name, physical address, and telephone number; (vii) the date of the customer's oral authorization.;

F.     Failing to obtaining written authorization signed or similarly authenticated from consumers for Preauthorized Electronic Fund Transfers from the consumer's account; or

G.     Failing to provide a copy of a written authorization signed or similarly authenticated by a consumer for Preauthorized Electronic Fund Transfers from the consumer's account.

## III.     PROHIBITIONS RELATED TO MERCHANT ACCOUNTS

IT IS FURTHER ORDERED that Stipulating Defendant, Stipulating Defendant's officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting or offering for sale any good or service, are permanently restrained and enjoined from Credit Card Laundering.

STIPULATED ORDER FOR PERMANENT INJUNCTION
AND MONETARY JUDGMENT

## IV.    MONETARY JUDGMENT AND PARTIAL SUSPENSION

IT IS FURTHER ORDERED that:

A.    Judgment in the amount of SEVENTY THREE MILLION THREE HUNDRED AND TWENTY SIX THOUSAND AND FIFTY FOUR Dollars ($73,326,054) is entered in favor of the Commission against Stipulating Defendant as equitable monetary relief.

B.    Stipulating Defendant is ordered to pay to the Commission NINETEEN THOUSAND FIVE HUNDRED AND SIXTEEN DOLLARS ($19,516), which, as Stipulating Defendant stipulates, his undersigned counsel holds in escrow for no purpose other than payment to the Commission.  Such payment must be made within 7 days of entry of this Order by electronic fund transfer in accordance with instructions previously provided by a representative of the Commission.  Upon such payment, the remainder of the judgment is suspended, subject to the Subsections below.

C.    The Commission's agreement to the suspension of part of the judgment is expressly premised upon the truthfulness, accuracy, and completeness of Stipulating Defendant's sworn financial statements and related documents (collectively, "financial representations") submitted to the Commission, namely:

1.    the Financial Statement of Individual Defendant Oz Mizrahi signed on July 3, 2015, including the attachments;

STIPULATED ORDER FOR PERMANENT INJUNCTION
AND MONETARY JUDGMENT

Page   14

2.    the Financial Statement of The Wizard of Construction, Inc., formerly known as The Wizard of Floors, Inc., signed on December 16, 2015, including the attachments; and

3.    the Financial Statement of N.Y.D.R. Investments, Inc., doing business as Benny's Kosher Meat, signed on December 16, 2015, including the attachments.

D.    The suspension of the judgment will be lifted as to Stipulating Defendant if, upon motion by the Commission, the Court finds that Stipulating Defendant failed to disclose any material asset, materially misstated the value of any asset, or made any other material misstatement or omission in the financial representations identified above.

E.    If the suspension of the judgment is lifted, the judgment becomes immediately due as to Stipulating Defendant in the amount specified in Subsection A above which the parties stipulate only for purposes of this Section represents the consumer injury alleged in the Complaint, less any payment previously made pursuant to this Section, plus interest computed from the date of entry of this Order.

STIPULATED ORDER FOR PERMANENT INJUNCTION
AND MONETARY JUDGMENT

## V.    ADDITIONAL MONETARY PROVISIONS

IT IS FURTHER ORDERED that:

A.    Stipulating Defendant relinquishes dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

B.    The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

C.    The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

D.    Stipulating Defendant acknowledges that his Taxpayer Identification Number (Social Security Number or Employer Identification Number), which Stipulating Defendant previously submitted to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. §7701.

E.     All money paid to the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund.  If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint.  Any money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement.  Stipulating Defendant has no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

F.     The asset freeze is modified to permit the payments/transfers identified in the Monetary Judgment and Partial Suspension Section.  Upon completion of those payments/transfers, the asset freeze is dissolved as to Stipulating Defendant.

## VI.    CUSTOMER INFORMATION

IT IS FURTHER ORDERED that Stipulating Defendant, his officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether

acting directly or indirectly, are permanently restrained and enjoined from directly or indirectly:

A.     Failing to provide sufficient customer information to enable the Commission to efficiently administer consumer redress.  Stipulating Defendant represents that he has provided this redress information to the Commission.  If a representative of the Commission requests in writing any information related to redress, Stipulating Defendant must provide it, in the form prescribed by the Commission, within 14 days.

B.     Disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, Social Security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), that any Defendant obtained prior to entry of this Order in connection with the sale of any product through a negative option continuity plan; and

C.     Failing to destroy such customer information in all forms in his possession, custody, or control within 30 days after receipt of written direction to do so from a representative of the Commission.

Provided, however, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

STIPULATED ORDER FOR PERMANENT INJUNCTION
AND MONETARY JUDGMENT

## VI.     COOPERATION

IT IS FURTHER ORDERED that Stipulating Defendant must fully cooperate with representatives of the Commission and the Receiver in this case and in any investigation related to or associated with the transactions or the occurrences that are the subject of the Complaint.  Stipulating Defendant must provide truthful and complete information, evidence, and testimony.  Stipulating Defendant must appear for interviews, discovery, hearings, trials, and any other proceedings that a Commission or Receiver representative may reasonably request upon 5 days written notice, or other reasonable notice, at such places and times as a Commission or Receiver representative may designate, without the service of a subpoena.

## VII.     ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Stipulating Defendant obtain acknowledgments of receipt of this Order:

A.     Stipulating Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.     For 15 years after entry of this Order, Stipulating Defendant for any business that he, individually or collectively with any other Defendant, is the majority owner or controls directly or indirectly, must deliver a copy of this Order

STIPULATED ORDER FOR PERMANENT INJUNCTION
AND MONETARY JUDGMENT

to:  (1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents, and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting.  Delivery must occur within 7 days of entry of this Order for current personnel.  For all others, delivery must occur before they assume their responsibilities.

C.     From each individual or entity to which Stipulating Defendant delivered a copy of this Order, Stipulating Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## IX.    COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Stipulating Defendant make timely submissions to the Commission:

A.     One year after entry of this Order, Stipulating Defendant must submit a compliance report, sworn under penalty of perjury:

1.     Stipulating Defendant must:  (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with Stipulating Defendant; (b) identify all of Stipulating Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services

offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant which Stipulating Defendant must describe if he knows or should know due to his own involvement; (d) describe in detail whether and how Stipulating Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

2.     Additionally, Stipulating Defendant must:  (a) identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences; (b) identify all business activities, including any business for which Stipulating Defendant performs services whether as an employee or otherwise and any entity in which Stipulating Defendant has any ownership interest; and (c) describe in detail Stipulating Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B.     For 15 years after entry of this Order, Stipulating Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1.     Stipulating Defendant must report any change in:  (a) any designated point of contact; or (b) the structure of any entity that Stipulating Defendant has any ownership interest in or controls directly or indirectly that may affect

STIPULATED ORDER FOR PERMANENT INJUNCTION
AND MONETARY JUDGMENT

compliance obligations arising under this Order, including:  creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2.      Additionally, Stipulating Defendant must report any change in: (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which Stipulating Defendant performs services whether as an employee or otherwise and any entity in which Stipulating Defendant has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

C.      Stipulating Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against Stipulating Defendant within 14 days of its filing.

D.      Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding:  "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.      Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to

STIPULATED ORDER FOR PERMANENT INJUNCTION<br>AND MONETARY JUDGMENT

1   DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to:

2   Associate Director for Enforcement, Bureau of Consumer Protection, Federal

3   Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC  20580.  The

4   subject line must begin:  *FTC v. BunZai Media Group, Inc*., et al. FTC File No.

5   X150047.

6                                     **X.    RECORDKEEPING**

7            IT IS FURTHER ORDERED that Stipulating Defendant must create certain

8   records for 15 years after entry of the Order, and retain each such record for 5

9   years.  Specifically, Stipulating Defendant for any business that Stipulating

10  Defendant, individually or collectively with any other Defendants, is a majority

11  owner or controls directly or indirectly, must create and retain the following

12  records:

13  A.    Accounting records showing the revenues from all goods or services sold;

14  B.    Personnel records showing, for each person providing services, whether as

15  an employee or otherwise, that person's:  name; addresses; telephone numbers;

16  job title or position; dates of service; and (if applicable) the reason for

17  termination;

18  C.    Records of all consumer complaints and refund requests, whether received

19  directly or indirectly, such as through a third party, and any response;

20

STIPULATED ORDER FOR PERMANENT INJUNCTION
AND MONETARY JUDGMENT

D.     All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

E.     A copy of each unique advertisement or other marketing material, including Internet and social media advertising or webpages.

## XI.    COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Stipulating Defendant's compliance with this Order, including the financial representations upon which part of the judgment was suspended and any failure to transfer any assets as required by this Order:

A.     Within 14 days of receipt of a written request from a representative of the Commission, Stipulating Defendant must:  submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying.  The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.     For matters concerning this Order, the Commission is authorized to communicate directly with Stipulating Defendant.  Stipulating Defendant must permit representatives of the Commission to interview any employee or other

person affiliated with Stipulating Defendant who has agreed to such an interview. The person interviewed may have counsel present.

C.     The Commission may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Stipulating Defendant or any individual or entity affiliated with Stipulating Defendant, without the necessity of identification or prior notice.  Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D.     Upon written request from a representative of the Commission, any consumer reporting agency must furnish consumer reports concerning Stipulating Defendant, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. §1681b(a)(1).

## XII.   RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**SO ORDERED this 17th day of May, 2016.**

___ *George H. Wu* _____

GEORGE H. WU, U.S. DISTRICT JUDGE

STIPULATED ORDER FOR PERMANENT INJUNCTION
AND MONETARY JUDGMENT

**SO STIPULATED AND AGREED:**

**FOR PLAINTIFF**
**FEDERAL TRADE COMMISSION**

_____

**REID A. TEPFER, Texas Bar #24079444**
**LUIS H. GALLEGOS, Oklahoma Bar #19098**
**(214) 979-9395 (Tepfer)**
**(214) 979-9383 (Gallegos)**
 **(214) 953-3079 (facsimile)**
**RTEPFER@FTC.GOV**
**LGALLEGOS@FTC.GOV**

STIPULATED ORDER FOR PERMANENT INJUNCTION
AND MONETARY JUDGMENT

**FOR STIPULATING DEFENDANT:**


_____      **Date:**_____
**ERIK SYVERSON**
**RAINES FELDMA, LLP**
**9720 WILSHIRE BLVD, FIFTH FLOOR**
**BEVERLY HILLS, CA 90212**
**(310) 440-4100**
**(310) 765-7730 FAX**
**ESyverson@raineslaw.com**
**COUNSEL FOR OZ MIZRAHI**


**STIPULATING DEFENDANT:**


_____      **Date:**_____
**OZ MIZRAHI, INDIVIDUALLY AND**
**AS AN OFFICER OR MANAGER OF**
**BUNZAI MEDIA GROUP, INC. AND**
**PINNACLE LOGISTICS, INC.**

STIPULATED ORDER FOR PERMANENT INJUNCTION
AND MONETARY JUDGMENT