1 | DAVID C. SHONKA
Acting General Counsel

2 | DAMA J. BROWN
Dbrown1@ftc.gov
3 | Regional Director

4 | REID TEPFER
rtepfer@ftc.gov; Tex. Bar No. 24079444
5 | LUIS GALLEGOS
lgallegos@ftc.gov; Okla. Bar No. 19098
6 | EMILY ROBINSON
erobinson@ftc.gov; Tex. Bar No. 24046737
7 | ZACHARY A. KELLER
zkeller@ftc.gov
8 | Texas Bar No. 24087838 (pro hac vice pending)
Federal Trade Commission
9 | 1999 Bryan Street, Ste 2150
Dallas, Texas 75206
(214) 979-9395 (Tepfer); (214) 979-9383 (Gallegos);
(214) 979-9386 (Robinson); (214) 979-9382 (Keller)
10 | (214) 953-3079 (fax)
RAYMOND MCKOWN
11 | rmckown@ftc.gov; Cal. Bar No. 150975
10877 Wilshire Boulevard, Ste 700
12 | Los Angeles, California 90024
(310) 824-4343(voice); (310) 824-4380 (fax)

13 | Attorneys for Plaintiff Federal Trade Commission

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,**<br><br>Plaintiff,<br><br>v.<br><br>**BUNZAI MEDIA GROUP, INC.,** *et al.,*<br><br>**Defendants.** | Case No. CV 15-4527-GW(PLAx)<br><br>**JOINT STATEMENT OF THE CASE** |

JOINT STATEMENT OF THE CASE
Page | 1

Pursuant to the Court's Standing Order (Doc. No. 25) the parties submit the following joint statement concerning the case.

## STATEMENT OF THE CASE

The FTC, an independent federal agency, sued 32 Defendants for allegedly violating numerous consumer protection acts while marketing various skincare products online to consumers nationwide. The FTC also sued one Relief Defendant. The FTC has alleged that the Defendants—including 23 California corporations and nine individuals—operated the skincare business as a common enterprise through a maze of interrelated companies with shared offices and common control.

Defendants Secured Commerce, LLC, and Alan Argaman deny that they participated in, or controlled, the common enterprise or were engaged in the sale of skincare products. Defendants CalEnergy, Inc., Igor Latsanovski, and Doron Nottea each deny that they controlled the common enterprise or were directly engaged in the sale of skincare products. Defendant Alon Nottea denies that his actions and those of his businesses violated any law or caused any consumer loss.[1]

The FTC alleges that, acting as a common enterprise, Defendants violated Section 5 of the FTC Act, 15 U.S.C. §§ 45(a) and (n), by engaging in deceptive or unfair acts or practices in or affecting commerce. Defendants marketed skincare

---

[1] Underlined text is the language of Defendant Alon Nottea only.

products through internet sales offers that prominently offered to ship products "risk free," with payment of a modest shipping and handling fee. The FTC claims Defendants' internet sales offers were deceptive because they contained either omissions or misrepresentations of material facts. Specifically, the FTC alleges that Defendants' internet sales offers failed to adequately disclose to consumers: (a) that Defendants waived use consumers' credit or debit card information to charge consumers the full costs of the trial products, usually $97.88, upon the expiration of a limited trial period; (b) the dates on which the trial period began and ended; (c) that Defendants waived automatically enroll consumers in a negative option continuity plan with additional charges; (d) the cost of the continuity plan, and the frequency and duration of the recurring charges; (e) the means consumers must use to cancel the negative option program to avoid additional charges; and (f) requirements of their refund policies. The FTC also alleges that for a certain period of time Defendants' internet sales offers misrepresented that Defendants were accredited by, and had an A- rating with, the Better Business Bureau. Finally, the FTC alleges that Defendants' practices were unfair because they charged consumers' credit and debit cards without consumers' express, informed consent. All Defendants deny these allegations.

The FTC further alleges that, acting as a common enterprise, Defendants violated Section 4 of the Restore Online Shoppers' Confidence Act, 15 U.S.C.

§ 8403, by having failed to: (a) clearly and conspicuously disclose all material terms of the negative option feature of the skincare products transaction before obtaining the consumer's billing information; (b) obtain the consumer's express informed consent to the negative option feature before charging the consumer's credit card, debit card, bank account, or other financial account for the transaction; and/or (c) provide simple mechanisms for a consumer to stop recurring charges for skincare products to the consumer's credit card, debit card, bank account, or other financial account. All Defendants deny these allegations.

The FTC also alleges that, acting as a common enterprise, Defendants violated the Electronic Funds Transfer Act by: (a) debiting consumers' bank accounts on a recurring basis without obtaining a written authorization signed or similarly authenticated from consumers and (b) failing to provide a copy of this written authorization signed or similarly authenticated by the consumer. All Defendants deny these allegations.

The FTC has sued Chargeback Armor, Inc. as a Relief Defendant. The FTC has alleged that Chargeback Armor, Inc. received ill-gotten gains by way of monetary transfers or loans from Secured Merchants, LLC, to which it does not have a legitimate claim. The FTC seeks disgorgement of these ill-gotten gains.

The FTC seeks a permanent injunction and other equitable relief, including consumer redress in the amount of consumer injury, against Defendants. The FTC

contends Defendants should be held jointly and severally liable for the full amount of consumer injury. The FTC contends that consumer injury should be calculated as Defendants' gross revenue minus refunds and chargebacks, which the FTC contends in this case to be $75,624,030.  Defendants contend that their collective gross revenue, minus refunds and chargebacks, is significantly less but have failed to provide an alternative calculation of consumer injury. <u>Alon Nottea contends "collective gross revenue" cannot exceed the amount actually paid by consumers and, in this regard, the FTC's claim overstates the amount by $9,000,000. Alon Nottea further contends that the scope of a permanent injunction sought by the FTC, including a lifetime ban on the means of earning a living, is inappropriate under the circumstances of this case.</u>

*Defendant Doron Nottea contends that he is not liable for any of the claims asserted by the FTC as he did not participate in, engage in, or exercise control over any of the allegedly illegal or improper actions alleged, and further because he did not, and could not, manage, control, operate or direct the activities of any Defendant.[2]  Doron Nottea's responsibilities were limited to bookkeeping for some, but not all, of the Corporate Defendants.  Doron Nottea contends that he did not draft or approve any of the alleged misrepresentations, that he did not assert direct control over anyone who directly participated in making the alleged*

---

[2] Italic text is the language of Defendant Doron Nottea only.

*misrepresentations, that he did not participate in processing consumer credit card transactions, and that he did not assert direct control over anyone who directly participated in processing consumer credit card transactions. Doron Nottea's limited responsibilities were finance-based and were unrelated to any alleged misrepresentations.*

*Doron Nottea further contends that he had no actual knowledge of the alleged wrongful acts, not can such knowledge be inferred as he has never been an owner, shareholder, or officer of any of the Corporate Defendants (with the exception of Secured Commerce, LLC, a company that sold discounted postage and was not part of the alleged common enterprise).*

Defendants Secured Merchants, LLC and Argaman contend that they are not liable for any of the claims asserted by the FTC as they did not participate in, engage in, or exercise control over any of the allegedly illegal or improper actions alleged, and further because they did not, and could not, manage, control, operate or direct the activities of any Defendant. They were simply third-party, arms-length vendors providing legitimate and legal technical services. They never participated in the advertising, marketing, or selling of AuraVie, nor did they have any decision-making authority with regards to any of these activities. They provided technological services and received payment. Argaman personally never received any monies from AuraVie.

1  **Furthermore, they did not draft or approve any of the alleged**
2  **misrepresentations, did not assert direct control over anyone who directly**
3  **participated in making the alleged misrepresentations, did not participate in**
4  **processing consumer credit card transactions, and did not assert direct**
5  **control over anyone who directly participated in processing consumer credit**
6  **card transactions.** [3]

7  **Additionally, Argaman further contends that they had no actual**
8  **knowledge of the alleged wrongful acts, nor can such knowledge be inferred**
9  **as they have never been an owner, shareholder, or officer of any of the**
10 **Corporate Defendants (with the exception of Secured Merchants, LLC).**

11 **CBA was not even formed until February 2015 and thus contends that**
12 **it never participated in anything to do with AuraVie, received no ill-gotten**
13 **gains, and any monies given to it by SM were legitimate monies unrelated to**
14 **the sale of AuraVie products.**

15                                                    Respectfully submitted,

16 Dated: 6/3/16                                      _____/s/ Reid Tepfer_____
17                                                    REID TEPFER,
                                                      Texas Bar No. 24079444
18                                                    LUIS GALLEGOS
                                                      Oklahoma Bar No. 19098
19                                                    Federal Trade Commission

---

20 [3] Bold text is the language of Defendants Alan Argaman, Secured Merchants LLC, and Relief Defendant Chargeback Armor, Inc. only.

1999 Bryan Street, Suite 2150
Dallas, Texas 75206
(214) 979-9395 (Tepfer)
(214) 979-9383 (Gallegos)
 (214) 953-3079 (fax)
rtepfer@ftc.gov; lgallegos@ftc.gov;
erobinson@ftc.gov; zkeller@ftc.gov

RAYMOND MCKOWN,
California Bar No. 150975
10877 Wilshire Boulevard, Suite 700
Los Angeles, California 90024
(310) 824-4343(voice)
(310) 824-4380 (fax)
rmcknown@ftc.gov

   */s/ Jeffrey Benice*
Jeffrey Benice
Attorney for Igor Latsanovski and
CalEnergy, Inc.

   */s/ Robert Ungar*
Robert Ungar
Attorney for Alon Nottea

  */s/ Robert Esensten*
Robert Esensten
Attorney for Doron Nottea

  */s/ Sagar Parikh*
Sagar Parikh
Attorney for Alan Argaman,
Secured Merchants LLC, and
Chargeback Armor, Inc.

# CERTIFICATE OF SERVICE

The undersigned certifies that on June 3, 2016, a true and correct copy of the foregoing document was electronically filed with the clerk of the U.S. District Court, Central District of California, using the electronic case filing system of the court. The attorneys listed below were served by pursuant to the ECF notice generated by the Court, or by email.

Erik S Syverson
Raines Feldman LLP
9720 Wilshire Boulevard Fifth Floor
Beverly Hills, CA 90212
esyverson@raineslaw.com
Counsel for Oz Mizrahi

Robert M. Ungar
Crosswind Law
14724 Ventura Blvd Penthouse
Sherman Oaks, CA 91403
rmu@crosswindlaw.com
Counsel for Alon Nottea and
Roi Rueveni

Robert Esensten
Esensten Law
12100 Wilshire Blvd., Suite 1660
Los Angeles, CA 90025
resensten@esenstenlaw.com
Counsel for Doron Nottea and
Motti Nottea

Charlene Cantrell Koonce
Receiver
Scheef & Stone
500 N. Akard, Suite 2700
Dallas, Texas 75201
charlene.koonce@solidcounsel.com
Receiver

1. Sagar Parikh
   Beverly Hills Law Corp. PC
2. 433 N. Camden Drive, 6th Floor
   Beverly Hills, CA 90210
3. SP@BeverlyHillsLawCorp.com
   Attorney for Secured Merchants LLC
4. and Chargeback Armor, Inc.

5. Jeffrey Benice
   Law Offices of Jeffrey S. Benice
6. A Professional Law Corporation
   3080 Bristol Street
7. Sixth Floor, Suite 630
   Costa Mesa, CA 92626
8. jsb@jeffreybenice.com
   Telephone: (714) 641-3600 Ext. 214
9.
   /S/ REID TEPFER
10. REID TEPFER