DAVID C. SHONKA
Acting General Counsel

DAMA J. BROWN
Dbrown1@ftc.gov
Regional Director

REID TEPFER
rtepfer@ftc.gov; Tex. Bar No. 24079444
LUIS GALLEGOS
lgallegos@ftc.gov; Okla. Bar No. 19098
EMILY ROBINSON
erobinson@ftc.gov; Tex. Bar No. 24046737
ZACHARY A. KELLER
zkeller@ftc.gov
Texas Bar No. 24087838 (pro hac vice pending)
Federal Trade Commission
1999 Bryan Street, Ste 2150
Dallas, Texas 75206
(214) 979-9395 (Tepfer); (214) 979-9383 (Gallegos);
(214) 979-9386 (Robinson); (214) 979-9382 (Keller)
(214) 953-3079 (fax)
RAYMOND MCKOWN
rmckown@ftc.gov; Cal. Bar No. 150975
10877 Wilshire Boulevard, Ste 700
Los Angeles, California 90024
(310) 824-4343(voice); (310) 824-4380 (fax)

Attorneys for Plaintiff Federal Trade Commission

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,**<br><br>**Plaintiff,**<br><br>v.<br><br>**BUNZAI MEDIA GROUP, INC.,** *et al.,*<br><br>**Defendants.** | **Case No.  CV 15-4527-GW(PLAx)**<br><br>**JOINT STIPULATIONS OF FACT** |

**JURISDICTION AND VENUE**

1.   Alon Nottea, Igor Latsanovski, Alan Argaman, CalEnergy, Secured Merchant, and Plaintiff stipulate that the Federal District Court for the Central District of California has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337(a), 1345, and 1355, and 15 U.S.C. §§ 45(a), 45(l), 53(b), and 56(a).

2.   Alon Nottea, Igor Latsanovski, Alan Argaman, CalEnergy, Secured Merchant, and Plaintiff stipulate that venue is proper in the Central District of California under 28 U.S.C. §§ 1391(b)(1), (b)(2), (c)(1), (c)(2), and (d) and 1395(a) and 15 U.S.C. § 53(b).

**Individual Defendants**

3.   Alon Nottea and Plaintiff stipulate that each individual defendant was paid at least 1% of sales processed through merchant accounts in which they were listed as CEO.

4.   Alon Nottea and Plaintiff stipulate that some Defendants have sold skincare products.

5.   Alon Nottea, Igor Latsanovski, CalEnergy, and Plaintiff stipulate that Alon Nottea was an owner of BunZai Media Group, Inc. since at least January 1, 2010.

6.   Alon Nottea, Igor Latsanovski, CalEnergy, and Plaintiff stipulate that Alon Nottea was involved in the day-to-day operations of BunZai Media Group, Inc.

7.   Alon Nottea, Igor Latsanovski, CalEnergy, and Plaintiff stipulate that since at least January 2010, Alon Nottea has controlled or had the authority to control the business operations of BunZai Media Group, Inc.

8.   Alon Nottea and Plaintiff stipulate that Alon Nottea transacts or has transacted business in the Central District of California.

9.   Alon Nottea and Plaintiff stipulate that Alon Nottea resides in the Central District of California.

10.  Alon Nottea and Plaintiff stipulate that Alon Nottea used the alias name "Jay Michaels."

11.  Alon Nottea, Igor Latsanovski, CalEnergy, and Plaintiff stipulate that Alon Nottea sent and received emails using the email account vigorect@gmail.com.

12.  Alon Nottea and Plaintiff stipulate that Adageo, LLC, provided consulting services to Media Urge, Inc.

13.  Alon Nottea and Plaintiff stipulate that DSA Holdings, Inc., did business with BunZai Media Group, Inc.

14. Alon Nottea and Plaintiff stipulate that as CEO of BunZai Media Group, Inc., Alon Nottea reviewed company advertising, sales figures, and refund percentages.

15. Alon Nottea and Plaintiff stipulate that Alon Nottea reviewed the business plan marked as Exhibit 26.

16. Alon Nottea and Plaintiff stipulate that Alon Nottea reviewed complaints concerning AuraVie products on other websites including BBB and some other websites.

17. CalEnergy and Plaintiff stipulate that since its incorporation, Alon Nottea had the authority to control the business operations of Focus Media Solutions, Inc.

18. Igor Latsanovski, CalEnergy, and Plaintiff stipulate that Doron Nottea sent and received emails using the email account Doron@doron.us.

19. Alon Nottea, Igor Latsanovski, and Plaintiff stipulate that Kristopher Bond was an owner of BunZai Media Group, Inc.

20. Alon Nottea, Igor Latsanovski, CalEnergy, and Plaintiff stipulate that Kristopher Bond was involved in the day-to-day operations of BunZai Media Group, Inc.

**<u>Corporate Defendants</u>**

21.  Alon Nottea and Plaintiff stipulate that BunZai Media Group, Inc.'s principal place of business was at the 7900 Gloria Avenue, Van Nuys, California 91406.

22.  Alon Nottea and Plaintiff stipulate that BunZai Media Group, Inc., also used a mailbox with the address of 16161 Ventura Boulevard, #378, Encino, California 91436.

23.  Alon Nottea and Plaintiff stipulate that BunZai Media Group, Inc., was an online skin care retailing business that marketed its products through straight sales and risk free trials.

24.  Igor Latsanovski, CalEnergy, and Plaintiff stipulate that BunZai Media Group, Inc., at all times prior to its dissolution, was a for-profit corporation.

25.  Igor Latsanovski, CalEnergy, and Plaintiff stipulate that BunZai Media Group, Inc., at all times prior to its dissolution, has offered for sale, sold, and distributed skincare products using the name AuraVie.

26.  Igor Latsanovski, CalEnergy, and Plaintiff stipulate that BunZai Media Group, Inc. has offered for sale, sold and distributed skincare products using the term "risk free trial."

27.  Igor Latsanovski, CalEnergy, and Plaintiff stipulate that BunZai Media Group Inc. processed consumer skincare payments through a merchant account in the name of Zen Mobile Media, Inc.

28.  Igor Latsanovski and Plaintiff stipulate that Bunzai Media Group, Inc., transacted business in this district.

29.  Alon Nottea, Igor Latsanovski, and Plaintiff stipulate that Pinnacle Logistics, Inc., is a for-profit corporation.

30.  Alon Nottea and Plaintiff stipulate that Pinnacle Logistics, Inc.'s principle place of business was 7900 Gloria Avenue, Van Nuys, California 91406.

31.  Alon Nottea and Plaintiff stipulate that Pinnacle Logistics, Inc., provided customer service for the skincare products at issue in this case.

32.  Alon Nottea and Plaintiff stipulate that Pinnacle Logistics, Inc., contested consumer chargebacks from the purchase of AuraVie products.

33.  Igor Latsanovski and Plaintiff stipulate that Pinnacle Logistics, Inc., was a for-profit corporation.

34.  Igor Latsanovski and Plaintiff stipulate that Oz Mizrahi was the CEO of Pinnacle.

35.  Igor Latsanovski and Plaintiff stipulate that Pinnacle Logistics, Inc., transacted business in this district.

36.   Alon Nottea and Plaintiff stipulate that DSA Holdings, Inc., principle place of business was at 7900 Gloria Avenue, Van Nuys, California 91406.

37.   Alon Nottea and Plaintiff stipulate that Agoa Holdings, Inc. principal place of business was at 7900 Gloria Avenue, Van Nuys, California 91406.

38.   Alon Nottea and Plaintiff stipulate that Agoa Holdings, Inc., marketed AuraVie products.

39.   Alon Nottea and Plaintiff stipulate that Alon made decisions on behalf of Zen Mobile Media, Inc.

40.   Alon Nottea and Plaintiff stipulate that Zen Mobile Media, Inc., marketed AuraVie products.

41.   Igor Latsanovski, CalEnergy, and Plaintiff stipulate that Zen Mobile Media, Inc., was a California corporation.

42.   Alon Nottea and Plaintiff stipulate that Heritage Alliance Group, Inc. is a dissolved California corporation.

43.   Alon Nottea and Plaintiff stipulate that SBM Management Group, Inc. transacts or has transacted business in this district.

44.   Alon Nottea and Plaintiff stipulate that Media Urge, Inc., transacts or has transacted business in this district.

45.   Alon Nottea and Plaintiff stipulate that Adageo, LLC, transacted business in this district.

46. CalEnergy and Plaintiff stipulate that CalEnergy, Inc., transacted business in this district.

47. Alon Nottea and Plaintiff stipulate that Insight Media, Inc. is or was a California corporation.

48. Alon Nottea and Plaintiff stipulate that Focus Media Solutions, Inc., transacts or has transacted business in this district.

49. Igor Latsanovski and Plaintiff stipulate that since its incorporation, Alon Nottea had the authority to control the business operations of Focus Media Solutions, Inc.

50. Igor Latsanovski, CalEnergy, and Plaintiff stipulate that Paul Medina is or was the manager of Focus Media Solutions.

51. Alon Nottea and Plaintiff stipulate that USM Products, Inc., is or was a California corporation.

52. Alon Nottea and Plaintiff stipulate that Merchant Leverage Group, Inc. is or was a California corporation.

53. Alon Nottea and Plaintiff stipulate that DMA Media Holdings, Inc., is or was a California corporation.

54. Alon Nottea and Plaintiff stipulate that Shalita Holdings, Inc., is or was a California corporation.

55.   Alon Nottea and Plaintiff stipulate that All Star Beauty Products, Inc., is or was a California corporation.

## Business Practices

56.   Alon Nottea and Plaintiff stipulate that BunZai Media Group, Inc., has offered for sale, sold, and distributed skincare products to consumers throughout the United States.

57.   Alon Nottea and Plaintiff stipulate that BunZai Media Group, Inc., was a for-profit corporation.

Respectfully submitted,

Dated: 6/3/16

_____/s/ Reid Tepfer_____
REID TEPFER,
Texas Bar No. 24079444
LUIS GALLEGOS
Oklahoma Bar No. 19098
Federal Trade Commission
1999 Bryan Street, Suite 2150
Dallas, Texas 75206
(214) 979-9395 (Tepfer)
(214) 979-9383 (Gallegos)
 (214) 953-3079 (fax)
rtepfer@ftc.gov; lgallegos@ftc.gov;
erobinson@ftc.gov; zkeller@ftc.gov

RAYMOND MCKOWN,
California Bar No. 150975
10877 Wilshire Boulevard, Suite 700
Los Angeles, California 90024
(310) 824-4343(voice)

(310) 824-4380 (fax)
rmcknown@ftc.gov

*(contributed to joint stipulations but did not authorize filing)*
Jeffrey Benice
Attorney for Igor Latsanovski and CalEnergy, Inc.

    */s/  Robert Ungar*
Robert Ungar
Attorney for Alon Nottea

   */s/  Robert Esensten*
Robert Esensten
Attorney for Doron Nottea

   */s/ Sagar Parikh*
Sagar Parikh
Attorney for Alan Argaman, Secured Merchants LLC, and Chargeback Armor, Inc.

JOINT STIPULATIONS OF FACT

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on June 3, 2016, a true and correct copy of the foregoing document was electronically filed with the clerk of the U.S. District Court, Central District of California, using the electronic case filing system of the court. The attorneys listed below were served by pursuant to the ECF notice generated by the Court, or by email.

Erik S Syverson
Raines Feldman LLP
9720 Wilshire Boulevard Fifth Floor
Beverly Hills, CA 90212
esyverson@raineslaw.com
Counsel for Oz Mizrahi

Robert M. Ungar
Crosswind Law
14724 Ventura Blvd Penthouse
Sherman Oaks, CA 91403
rmu@crosswindlaw.com
Counsel for Alon Nottea and
Roi Rueveni

Robert Esensten
Esensten Law
12100 Wilshire Blvd., Suite 1660
Los Angeles, CA 90025
resensten@esenstenlaw.com
Counsel for Doron Nottea and
Motti Nottea
Charlene Cantrell Koonce
Receiver
Scheef & Stone
500 N. Akard, Suite 2700
Dallas, Texas 75201
charlene.koonce@solidcounsel.com
Receiver

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

Sagar Parikh
Beverly Hills Law Corp. PC
433 N. Camden Drive, 6th Floor
Beverly Hills, CA 90210
SP@BeverlyHillsLawCorp.com
Attorney for Secured Merchants LLC
and Chargeback Armor, Inc.


Jeffrey Benice
Law Offices of Jeffrey S. Benice
A Professional Law Corporation
3080 Bristol Street
Sixth Floor, Suite 630
Costa Mesa, CA 92626
jsb@jeffreybenice.com
Telephone: (714) 641-3600 Ext. 214

/S/ REID TEPFER
REID TEPFER