UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 15-4527-GW(PLAx) | Date | June 6, 2016 |
| Title | *Federal Trade Commission v. Bunzai Media Group, Inc., et al.* | | |

| | |
|---|---|
| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE |

| Javier Gonzalez | Anne Kielwasser | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Reid Tepfer | Robert L. Esentsten |
| Luis Gallegos | Robert M. Ungar |
| | Terree Bowers |
| | Jeffrey Makin |
| | IN PERSON: |
| | Jeffrey S. Benice |
| | Jessica Youngblood |

**PROCEEDINGS:**         **TELEPHONIC HEARING RE:**

**DEFENDANTS IGOR LATSANOVSKI AND CALENERGY'S MOTION FOR PARTIAL SUMMARY JUDGMENT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE, RULE 56 [352];**

**PLAINTIFF FTC'S MOTION FOR SUMMARY JUDGMENT ON ALL COUNTS AGAINST ALL DEFENDANTS; OR, IN THE ALTERNATIVE, FOR SUMMARY ADJUDICATION OF CLAIMS [353];**

**DEFENDANTS ALAN ARGAMAN, SECURED MERCHANTS, LLC, AND CHARGEBACK ARMOR, INC.'S MOTION FOR SUMMARY JUDGMENT [354];**

**DEFENDANTS DORON NOTTEA AND MOTTI NOTTEA'S MOTION FOR RELEASE OF FROZEN FUNDS OF LORI BEKHOR AND RACHEL NOTTEA [350]**

The Tentative circulated and attached hereto, is adopted as the Court's Final Ruling. The Defendants' motions for summary judgment [352][353][354], are DENIED. For reasons stated on the record, Defendants' Nottea's motion [350] is DENIED.

The Pretrial Conference will remain set for June 9, 2016 at 8:30 a.m. Plaintiff FTC will have until close of business today to file its request for undisputed facts. Defendants' responses will be filed by noon on June 8, 2016.

|  | : | 07 |
|---|---|---|
| | Initials of Preparer | JG |

***Federal Trade Commission v. Bunzai Media Grp. Inc., et al.***, Case No. CV 15-04527
Tentative Rulings on Motions for Summary Judgment ("MSJ")


1. Latsanovski/Calenergy's MSJ

      For the reasons adequately delineated in the FTC's Opposition, this is an obvious denial.  Based on the evidence the FTC cited and discussed in its Opposition, there are at least triable issues on the questions of whether a "common enterprise" exists that involves Calenergy[1] and whether Latsanovski is individually liable[2].  Defendants' decision to present or focus on evidence only favorable to their position is not a way to win a summary judgment motion.  Defendants' attempted explanations concerning the evidence the FTC relies upon may be useful for trial, but does not negate that evidence for purposes of prevailing on a summary judgment motion.  With respect to the alleged third parties' assets being covered by the asset freeze, the FTC has pointed out that the

---

[1] *See FTC v. Grant Connect, LLC*, 827 F.Supp.2d 1199, 1216 (D. Nev. 2011), *affirmed in part and vacated in part, on other grounds*, 763 F.3d 1094 (9th Cir. 2014) ("'When corporations act as a common enterprise, each may be held liable for the deceptive acts and practices of the other.'  '[E]ntities constitute a common enterprise when they exhibit either vertical or horizontal commonality – qualities that may be demonstrated by a showing of strongly interdependent economic interests or the pooling of assets and revenues.'  To determine whether a common enterprise exists, the Court considers factors such as:  'common control; the sharing of office space and officers; whether business is transacted through a maze of interrelated companies; the commingling of corporate funds and failure to maintain separation of companies; unified advertising; and evidence that reveals that no real distinction exists between the corporate defendants.'") (omitting internal citations) (quoting *FTC v. Nat'l Urological Grp., Inc.*, 645 F.Supp.2d 1167, 1182 (N.D. Ga. 2008) and *FTC v. Network Servs. Depot, Inc.*, 617 F.3d 1127, 1142-43 (9th Cir. 2010)).

[2] *See FTC v. Grant Connect, LLC*, 763 F.3d 1094, 1101-02 (9th Cir. 2014) ("Individuals may be held liable for injunctive relief based on corporate entity violations of the FTC Act if (1) the corporation committed misrepresentations of a kind usually relied on by a reasonably prudent person and resulted in consumer injury, and (2) individuals participated directly in the violations or had authority to control the entities.  In order to hold an individual liable for restitution as a result of the misconduct of a corporation, the FTC must also show that the individual 'had knowledge that the corporation or one of its agents engaged in dishonest or fraudulent conduct, that the misrepresentations were the type upon which a reasonable and prudent person would rely, and that consumer injury resulted.'  To satisfy the knowledge requirement, the FTC must show 'that [a defendant] had actual knowledge of material misrepresentations, [was] recklessly indifferent to the truth or falsity of a misrepresentation, or had an awareness of a high probability of fraud along with an intentional avoidance of the truth.'… And '[t]he extent of an individual's involvement in a fraudulent scheme alone is sufficient to establish the requisite knowledge for personal restitutionary liability.'") (omitting internal citations) (quoting *FTC v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1170-71 (9th Cir. 1997) and *FTC v. Affordable Media*, 179 F.3d 1228, 1235 (9th Cir. 1999)); *FTC v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1170 (9th Cir. 1997) (indicating that direct participation or authority to control can be satisfied at least by "assumption of the role" of an officer of the corporation and "authority to sign documents on behalf of the corporation"); *FTC v. J.K Publ'ns, Inc.*, 99 F.Supp.2d 1176, 1203-04, 1206 (C.D. Cal. 2000) ("'Authority to control the company can be evidenced by active involvement in business affairs and the making of corporate policy.'") (quoting *FTC v. Am. Standard Credit Sys., Inc.*, 874 F.Supp.1080, 1089 (C.D. Cal. 1994)).

defendants failed to provide it with that information prior to the close of discovery, making resolution of that issue by way of a summary judgment motion improper.  In addition, the assets fall within the definition of "owned" or "controlled" assets subject to the asset freeze.  The moving parties on this motion may eventually prevail at trial based on their arguments, but not by way of a summary judgment motion.

2.  Argaman/Secured Merchants, LLC/Chargeback Armor, Inc.'s MSJ

For the same reasons as the Latsanovski/Calenergy motion, this motion would be denied.  Once again, the parties argue over the *meaning* of evidence, not the *absence* of evidence.  *See* Docket No. 395, at 7:10-13:18 (discussing the evidence applicable to the several recognized factors for a "common enterprise" determination).  This observation, especially where a multi-factor test is involved where no one factor is dispositive (such as with the existence of a "common enterprise," *see* Footnote 1, *supra*), demonstrates the impropriety of ruling by way of summary judgment.  In addition, the FTC's Opposition makes clear that there is sufficient evidence to pose triable issues with respect to Argaman's individual liability under *Grant Connect*, *Publishing Clearing House* and *J.K. Publications*, *see* Footnote 2, *supra*, and whether Chargeback Armor, Inc. is properly considered a relief defendant, *see* Docket No. 395, at 17:4-19:12.  As with the Latsanovski/Calenergy motion, the moving parties on this motion may eventually prevail at trial based on their arguments, but not by way of a summary judgment motion.

3.  FTC's MSJ

A denial is also clearly appropriate with respect to the FTC's motion for summary judgment.  As is abundantly apparent from the parties' papers on these various motions, what this case presents is a complex web of interlacing entities and individuals.  Even if the Court could conclude that, as a substantive matter, the FTC had demonstrated a violation of the various statutes it is proceeding under, the question is as to *whom* those violations could be attributed.  On that question, the evidence is not sufficiently clear for purposes of prevailing on a summary judgment motion.  This is even more obviously the correct conclusion considering that, as a moving party bearing the ultimate burden of persuasion, the FTC's summary judgment hurdle is even higher than it is for the

defendants in connection with their own motions.[3]  *See, e.g.*, *Shakur v. Schriro*, 514 F.3d 878, 890 (9th Cir. 2008); *S. Cal. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 888 (9th Cir. 2003); *C.A.R. Transp. Brokerage Co., Inc. v. Darden Restaurants, Inc.*, 213 F.3d 474, 480 (9th Cir. 2000).  That is − even before factoring in the additional rules favoring a non-moving party where there is conflicting evidence (where, for instance, facts are seen in the light most favorable to the non-moving party) − the presence of multi-factor tests pertinent to the question of membership in a "common enterprise," difficulties in establishing knowledge as a matter of law (especially where credibility/demeanor may be an issue), etc. create here an insurmountable bar against summary adjudication.

---

[3] In its opening brief, the FTC appears to ignore (or at least overlook) the applicability of this exacting standard.  *See* Docket No. 353-1, at 21:11-22:13.