**BEVERLY HILLS LAW CORP., PC**
Sagar Parikh, Esq. (SBN 282655)
433 N. Camden Drive, 6th Floor
Beverly Hills, CA 90210
Telephone:  (310) 887-1338
Facsimile:   (310) 982-2603
Email:        SP@BeverlyHillsLawCorp.com

Attorneys for Alan Argaman, Secured Merchants, LLC
and Chargeback Armor, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>BUNZAI MEDIA GROUP, INC., et al.,<br><br>Defendants.<br>_____<br><br>SECURED MERCHANTS, LLC, CHARGEBACK ARMOR, INC. AND ALAN ARGAMAN,<br><br>Cross-Claimants<br>v.<br>ALON NOTTEA, an individual,<br><br>Cross-Defendant | Case No. 2:15-cv-04527-GW (PLAx)<br><br>**ALAN ARGAMAN, SECURED MERCHANTS, LLC, AND CHARGEBACK ARMOR, INC.'S OPPOSITION TO FTC'S MOTION FOR PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Hearing Date:  June 9, 2016<br>Time: 8:30 am<br>Location:  Courtroom 10 – Spring St.<br>Judge: Hon. George H. Wu |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

ALAN ARGAMAN ("Argaman"), SECURED MERCHANTS, LLC ("SM"), and CHARGEBACK ARMOR, INC. ("CBA") (collectively "Defendants) hereby

1

ALAN ARGAMAN, SECURED MERCHANTS, LLC, AND CHARGEBACK ARMOR, INC.'S OPPOSITION TO FTC'S MOTION FOR PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

oppose the Motion for Partial Summary Judgment brought against them by Plaintiff FEDERAL TRADE COMMISSION.

Plaintiff's Motion should be stricken because it is an improper attempt to circumvent the Court's June 6 order denying its MSJ, an improper attempt to have the Court hear the same failing arguments from its MSJ over again, and a bad-faith tactic to force Defendants to oppose a 30 page Motion in one and one half days, with a hearing less than three days after the Motion was filed.

If the Court is inclined to hear the Motion on its merits, it should still be denied, as Defendants have provided an abundance of evidence showing that there is a material dispute as to whether or not Defendants were part of the Common Enterprise alleged in the First Amended Complaint.

This Opposition is based on the Memorandum of Points and Authorities, the previously filed Declarations of Argaman and Costache, the previously filed Opposition to the FTC's MSJ, and the arguments that may be made at the hearing on this Motion.

DATED:  Jun 8, 2016                    BEVERLY HILLS LAW CORP., PC

                                       By:   /s/ Sagar Parikh
                                             Sagar Parikh, Esq.
                                             Attorneys for Alan Argaman, Secured
                                             Merchants, LLC and Chargeback Armor,
                                             Inc.

2

ALAN ARGAMAN, SECURED MERCHANTS, LLC, AND CHARGEBACK ARMOR, INC.'S OPPOSITION TO FTC'S MOTION FOR PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

## MEMORANDUM OF POINTS AND AUTHORITIES

The FTC remarkably directly disobeyed the local rules and filed a noticed motion a mere 2.5 days before the hearing on the Motion.

This is in blatant violation of Local Rule 6-1, which provides that noticed motions must be filed at least 28 days before the hearing on the motion. Oppositions are to be submitted 14 days before the hearing. Here, Defendants have a mere 1.5 days to respond to the 31 page Motion.

Moreover, the FTC did not give any sort of ex parte notice for this Motion, nor is there any ex parte basis here for this Motion.

The FTC abused the opportunity given to it by the Court to provide a written response with regards to narrowing of issues and instead filed a 30 page plus Motion for Partial Summary Judgment, with two 30 page plus Orders.

The Motion is also in violation of Local Rule 11-6, as it is in excess of 25 pages.

Next, the Court has already ruled on the issues raised in the Motion, as they are part of the same issues raised in the previous MSJ. The FTC is improperly attempting to have the Court reconsider the ruling on the MSJ, without filing a properly noticed or ex parte Motion for Reconsideration, or without appealing the ruling on the MSJ.

The FTC should be subject to sanctions pursuant to Local Rule 11-9 for this abuse of the legal process and for forcing Defendants to oppose the Motion on such short notice.

If the Court does not strike/summarily deny the Motion on the aforementioned grounds, the Motion must also fail on substantive grounds. The FTC is not entitled to partial summary judgment. Instead, Argaman, SM, and CBA are entitled to partial

3

ALAN ARGAMAN, SECURED MERCHANTS, LLC, AND CHARGEBACK ARMOR, INC.'S OPPOSITION TO FTC'S MOTION FOR PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

summary judgment because there is no genuine issue of material fact that Defendants were not a part of the Common Enterprise alleged in the First Amended Complaint.

### A. THE FTC IS NOT ENTITLED TO PARTIAL SUMMARY JUDGMENT AGAINST DEFENDANTS BECAUSE THEY DID NOT ACT IN A COMMON ENTERPRISE WITH THE AURAVIE DEFENDANTS.

Courts allow the FTC to use the common enterprise doctrine to expand the agency's reach beyond those who themselves deceptively market a product where the "same individuals were transacting an integrated business through a maze of interrelated companies." *Delaware Watch Co. v. FTC, 332 F. 2d 745, 746* (2d Cir. 1964). Applying *Delaware Watch*, courts rely on several factors to assess the existence of a common enterprise: whether companies (1) maintain officers and employees in common; (2) operate under common control; (3) share offices; (4) commingle funds; and (5) share advertising and marketing. See *FTC v. CHBA, Case No. 1:10-cv-3551, Order at 9*, (E.D.N.Y May 23, 2012). No one factor is determinative, rather, the entirety of the factual circumstances dictates whether a common enterprise exists and whether a company should be found to be a part of it. *Delaware Watch*, 332 F.2d 1143.

Here, neither any individual factor nor the overall circumstances support finding SM to be a part of the common enterprise involving the AuraVie Defendants.

#### 1. Lack of Common Officers or Employees.

Most of the work done by SM is done by technical personnel in India. (Argaman Decl. at ¶ 2). Argaman, the sole managing member and owner of SM at all times since SM was formed, was not an employee or officer of any of the AuraVie Defendants. (Argaman Decl. at ¶ 1, 3, 4).

4

ALAN ARGAMAN, SECURED MERCHANTS, LLC, AND CHARGEBACK ARMOR, INC.'S OPPOSITION TO FTC'S MOTION FOR PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

Doron Nottea is the only link between SM and the AuraVie Defendants, and that link is inadequate to impose joint and several liability upon SM as Mr. Nottea never undertook any actions in furthering SM's business.  Mr. Nottea was not an officer or employee of SM.  (Argaman Decl. at ¶ 4, Argaman Depo., 131:4-24).

Doron Nottea has for many years operated an "adult" products business independent of the AuraVie Defendants.  Doron Nottea has done some bookkeeping, including bill payment, for AuraVie Defendants.  There is no evidence that he is an officer or employee of the AuraVie Defendants or had the ability to control those entities.

Moreover, Argaman and Doron Nottea have known each other for years. Several years ago Argaman proposed to Doron Nottea that the two of them share office space for their two separate business ventures and possibly explore doing business together.  To this end, Secured Commerce, another Defendant, was formed. However, Secured Commerce did very limited business and was eventually shuttered. (Argaman Decl. at ¶ 8-9, Argaman Depo., 139:1-21).

Due to this friendship and Doron Nottea's experience with bookkeeping, Argaman made Doron Nottea an authorized signatory on the bank account for SM.  , Doron Nottea was simply on the SM bank account for convenience purposes, as Argaman travels internationally often and wanted the convenience of having his friend and business associate write checks on behalf of SM under the direction of Argaman. (Argaman Decl. at ¶ 4).  However, Doron Nottea, actually never wrote any checks on behalf of SM, and was never intended to be, nor was in practice, a part of the actual operations of SM.  (Argaman Decl. at ¶ 4).

### 2. **No Evidence of Common Control.**

There is no evidence that there was common control between SM and the AuraVie Defendants.  Argaman ran a technology company that provided

5

ALAN ARGAMAN, SECURED MERCHANTS, LLC, AND CHARGEBACK ARMOR, INC.'S OPPOSITION TO FTC'S MOTION FOR PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

technological services to a variety of companies including the AuraVie Defendants. There is no evidence that Argaman controlled the AuraVie Defendants or that Alon Nottea, Motti Nottea, Doron Nottea, Igor Latsanovski, Oz Mizrahi, or Roi Reuveni controlled Secured Merchants. (Argaman Decl. at ¶ 1, 3). There is also no evidence that Argaman knew, intended that, or actually provided any services through SM to further the AuraVie Defendants' allegedly deceptive and unfair business practices. (Argaman Decl. at ¶ 5, 6, 10, 11, 12, 13, 14, 15, 16, 17).

Indeed, both the Court and the Receiver previously recognized that Secured Merchants is an independent business that generated the majority of its income from customers other than the AuraVie Defendants. (Doc. 120, p. 77:21-22). These facts are fundamentally inconsistent with common control or a common enterprise.

Next, despite what the FTC claims, SM was not one of the "Bunzai Companies." (Argaman Decl. at ¶ 3, 7, 10-17).

SM's only connection with the AuraVie merchants was in providing IT services to those merchants primarily for viewing and handling chargebacks and for developing their IVR system. Secured Merchants' role was to provide the technology for handling chargebacks and an IVR system; Secured Merchants was not involved in actually handling chargebacks or dictating the content of the IVR. (Argaman Decl. at ¶ 5-6).

This type of third-party vendor relationship is not common control and not the basis for imposing common enterprise liability. See *FTC v. Kuykendall*, 371 F. 3d 745, 758-59 (10th Cir. 2004) (finding no common enterprise based on commonly owned company providing and being paid for services such as equipment leasing, billing, and collecting); *FTC v. National Urological Grp. Inc.*, 645 F. Supp. 2d 1167, 1183 n. 7 (N.D. Ga. 2008) (finding common enterprise where companies were not "compensated for services" performed on the "on the other companies behalf.").

6

ALAN ARGAMAN, SECURED MERCHANTS, LLC, AND CHARGEBACK ARMOR, INC.'S OPPOSITION TO FTC'S MOTION FOR PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

1  Here, unlike the situation in *Kuykendall*, SM is not commonly owned with the AuraVie Defendants as Argaman is the sole owner, so the imposition of common enterprise liability is even more unwarranted.

The FTC in its Motion also alleges that SM engaged in skincare sales, but the only support provided for this is a purported executive summary that has not been authenticated, that there is no foundation for, and is a document that the sole principal of SM, Argaman, has never seen before and on which his name does not appear. (Argaman Decl. at ¶ 30).

The FTC also misconstrues emails that reference SM as stating chargeback statistics, while the email on its face deals with unpaid bills of customers, and has nothing to do with customers as SM never processed, approved, or denied chargebacks. (Argaman Decl. at ¶ 5, 6).

### 3. The Evidence Regarding the Sharing of Office Space Does not Support the Imposition of Common Enterprise Liability.

SM/Argaman shared office space with Doron Nottea and his adult business in Suite 105 of the Canby building. Doron Nottea also used Suite 109 in that building for his adult business. Because he also performed some bookkeeping for the AuraVie entities, Doron Nottea kept books and records for those entities in Suite 105. There is no evidence that Suite 105 was in any way the operational "nerve center" for the AuraVie entities or Alon Nottea who ran those entities operated out of Suite 105.

The evidence shows that the AuraVie entities operated out of the 7900 Gloria, Van Nuys CA address and briefly from a space at the Canby building in Suite 103. Neither Secured Merchants nor Argaman had anything to do with those spaces. The AuraVie entities leased, paid for, and occupied those spaces without the involvement of Argaman or SM. (Argaman Decl. at ¶ 10-11).

7

ALAN ARGAMAN, SECURED MERCHANTS, LLC, AND CHARGEBACK ARMOR, INC.'S OPPOSITION TO FTC'S MOTION FOR PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

SM never had any incidental contact or any other contact with the 7900 Gloria space as it never occupied it.

### 4. There Is No Evidence of Comingling Funds.

Typically, one of the strongest indicators that defendants operate as a common enterprise is the comingling of funds. There is no evidence of that here. The AuraVie entities paid Secured Commerce and Secured Merchants for services rendered, but that does not constitute the requisite comingling of funds. See *Kuykendahl* supra 371 F. 3d at 758-59. Courts analyzing whether funds have been comingled so as to constitute a common enterprise focus on whether the companies pooled funds, shared expenses, and had unhindered movement of funds between them. See *FTC v. Neovi*, 598 F. Supp.2d 1104, 1116 (S.D. Cal. 2008); *FTC v. Network Servs. Depot, Inc.*, 617 F.3d 1127, 1142-43 (9th Cir. 2010) (finding a common enterprise where companies pooled revenues and assets for their collective use); *FTC v. Grant Connect, LLC*, 827 F. Supp. 2d 1199, 1210 (D. Nev. 2011) (same, where companies transferred funds among themselves through various undocumented loans and accounts receivable). The FTC has not provided any evidence of that type of conduct here, and the absence of this type of evidence is fatal to the allegation that SM participated in any common enterprise.

### 5. SM Did Not Share Advertising and Marketing With the AuraVie Defendants.

There is no evidence SM engaged in any shared advertising or marketing with the AuraVie entities and indeed, SM did not. (Argaman Decl. at ¶ 2, 5, 6, 12).

At its core, this is a case about deceptive marketing and advertising and not a shred of evidence has been produced by the FTC showing that SM had anything to do with the advertising or marketing in question.

8

ALAN ARGAMAN, SECURED MERCHANTS, LLC, AND CHARGEBACK ARMOR, INC.'S OPPOSITION TO FTC'S MOTION FOR PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

This alone makes it clear that there is simply no basis for the imposition of any liability upon SM or Argaman.

### 6. **SM Did Not Share Business Functions With The AuraVie Defendants.**

In the First Amended Complaint, the FTC makes conclusory allegations that all of the corporate defendants shared business functions and that this supports finding a common enterprise. This vague and overbroad allegation does not rescue the failed effort to pin common enterprise liability on Defendants. Secured Merchants had limited business relations with the AuraVie entities, for which they sent invoices and were paid. (Argaman Decl. at ¶ 5-6). This does not create a common enterprise.

Similarly, the fact that Secured Merchants shared office space with Doron Nottea and that Mr. Nottea provided some bookkeeping services for both the AuraVie Defendants and Secured Merchants (again, the "bookkeeping services" were limited to being an authorized signer on a bank account and having the ability to write checks, but not even actually writing checks) (Argaman Decl. at ¶ 4) does not transform routine arms' length business relationships into a common enterprise.

SM invoiced the AuraVie Defendants, particularly SBM Management, for approximately $340,000 for technical services. (Exh. 833). These invoices detail these services and it is abundantly evidence upon looking at these invoices that the invoices are completely unrelated to the alleged sale of skincare using deceptive marketing and advertising.

There is no evidence that SM shared in any profits generated by the AuraVie entities. SM was a vendor paid for technological services. Nevertheless, the FTC seeks to hold SM and (and though this entity Argaman) jointly and severally liable for the full amount of alleged consumer injury, an amount the FTC has stated to be in excess of $75 million.

9

ALAN ARGAMAN, SECURED MERCHANTS, LLC, AND CHARGEBACK ARMOR, INC.'S OPPOSITION TO FTC'S MOTION FOR PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

The FTC brings this case under Section 13(b) of the FTC Act, 15 USC §53(b), which allows this Court to award a permanent injunction and other equitable relief. Imposing joint and several liability upon Defendants under these facts (or lack thereof) is anything but equitable. Thus, the FTC's Motion must be denied.

## CONCLUSION

For the aforementioned reasons, the Motion for Partial Summary Judgment filed by the FTC should be denied as to all of the claims the FTC alleges against Defendants.

DATED: June 8, 2016                    **BEVERLY HILLS LAW CORP., PC**

By: /s/ Sagar Parikh
Sagar Parikh, Esq.
*Attorneys for* Alan Argaman, Chargeback Armor, Inc. and Secured Merchants, LLC

10

ALAN ARGAMAN, SECURED MERCHANTS, LLC, AND CHARGEBACK ARMOR, INC.'S OPPOSITION TO FTC'S MOTION FOR PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES