DAVID C. SHONKA
Acting General Counsel

DAMA J. BROWN
dbrown1@ftc.gov
Regional Director

REID TEPFER
rtepfer@ftc.gov; Tex. Bar No. 24079444
LUIS GALLEGOS
lgallegos@ftc.gov; Okla. Bar No. 19098
ZACHARY A. KELLER
zkeller@ftc.gov; Tex. Bar No. 24087838
Federal Trade Commission
1999 Bryan Street, Suite 2150
Dallas, Texas 75201
(214) 979-9395 (Tepfer); (214) 979-9383 (Gallegos);
(214) 979-9382 (Keller); (214) 953-3079 (fax)

RAYMOND MCKOWN
rmckown@ftc.gov; Cal. Bar No. 150975
10877 Wilshire Boulevard, Suite 700
Los Angeles, California 90024
(310) 824-4343(voice); (310) 824-4380 (fax)

Attorneys for Plaintiff Federal Trade Commission

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,**<br><br>Plaintiff,<br><br>v.<br><br>**BUNZAI MEDIA GROUP, INC.,** *et al.,*<br><br>**Defendants.** | Case No. CV 15-4527-GW(PLAx)<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION *IN LIMINE* TO PRE-ADMIT FORENSIC DECLARATIONS AND AUTHENTICATE EXHIBITS FOR TRIAL AND MEMORANDUM IN SUPPORT**<br><br>Trial: June 21, 2016<br>Time: 9:00 a.m.<br>Courtroom: 10 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that at the beginning of the trial in the above-titled case, on June 21, 2016 at 9:00 a.m., of the above-titled Court, before Hon. George H. Wu, Plaintiff Federal Trade Commission will move the Court for an order *in limine* to pre-admit six forensic declarations and authenticate certain exhibits Plaintiff extracted from Defendants' Electronically Stored Information for trial.

This Motion is based upon this Notice of Motion and Motion, the incorporated memorandum in support, all other papers being filed in support of this Motion, evidence and other pleadings previously filed with the Court in this case, and such further argument and evidence as may be presented in writing or at any hearing held on this Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I. Introduction**

Plaintiff moves for an order *in limine* to pre-admit six sworn forensic declarations establishing the chain of custody of computer forensic images and to authenticate Plaintiff Exhibits 17, 19-21, 23-45, 47-48, 50-78, 80-98, 100, 102, 119-122, 124, 126, 128-151, 154-163, 165-174, 176-177, 179, 183-185, 187-189, 191-195, 246-249, 251, 255-272, 275-287, 289-299, 301-305, 307-549, 557-573, 575-576, 578-580, 583, 585-586, 588-592; 594, 942-943, 945, 947-948, 962-973, 984, and 989-991 (hereafter the "Forensic Exhibits"),[1] which Plaintiff extracted from the computer forensic images of Defendants' Electronically Stored Information (ESI). Pre-admitting these foundational sworn declarations for trial will preserve judicial time and resources, and will eliminate the significant cost of producing six witnesses from across the country to testify about foundational matters that Defendants cannot legitimately dispute.

**II. Plaintiff's six declarations are admissible under FRE 807 and lay a proper foundation under FRE 901 to authenticate exhibits extracted from forensic images of Defendants' ESI**

The six forensic declarations, Plaintiff Exhibits 950-53, 1003, and 1006, are admissible under the residual hearsay exception, Rule 807 of the Federal Rule of

---

[1] At trial, Plaintiff will further demonstrate that these Forensic Exhibits are also admissible, either because they are not hearsay or because they are subject to an applicable hearsay exception, for example, as admissions of party opponents.

MOTION *IN LIMINE* TO PRE-ADMIT FORENSIC DECLARATIONS AND AUTHENTICATE EXHIBITS
Page | 3

Evidence, and have circumstantial guarantees of trustworthiness because they are signed under penalty of perjury, under 28 U.S.C. § 1748. These declarations provide evidence of the chain of custody of the computer forensic images that Plaintiff made with permission of the Receiver under the terms of the TRO. The declarations document the procedures by which the computer forensic examiners, who made forensically sound images of Defendants' ESI, maintained an unbroken chain of custody of the forensic images. Plaintiff extracted the Forensic Exhibits from the forensic image data for use as documentary evidence at trial.

These declarations were signed under penalty of perjury. FRE 901(a) requires that a proponent of evidence "must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Rule 901(b) provides examples of evidence that satisfies the requirements, including testimony that "an item is what it is claimed to be." Plaintiff's six sworn declarations are sufficient testimony to support a finding that the computer images, and the Forensic Exhibits derived from them, are exactly what Plaintiff purports them to be.

Admitting these six declarations into the record of the trial on the merits will also serve the interests of judicial economy because the six witnesses, some from as far away as Washington, DC, would otherwise have to testify at trial in order to establish the authenticity and the chain of custody of the forensic images.

In addition, the declarants making the six sworn declarations are qualified to provide chain of custody, and they provide ample evidence to support that the forensic images of Defendants' ESI are authentic. Viewed in the aggregate, the declarations establish a clear line of custody that authenticates the Forensic Exhibits. Eric Robi (Exhibit 950) is a Certified Computer Examiner who the Receiver instructed to make a forensically sound image of emails. He transferred the image as a secure zip file directly to Plaintiff. Adrian Leon Mare (Exhibit 951) and Taun Michael York (Exhibit 953) were contracted by Plaintiff to make forensically sound images of certain computer hard drives. They transferred their forensic images to Daniel L. Rappaport (Exhibit 952), another contractor who also made forensically sound images of additional hard drives. Mr. Rappaport transferred the forensic images that he made, as well as those he received from Mr. York and Mr. Mare, to Plaintiff representative Mr. Ajay Patel in Washington, DC. Mr. Patel (Exhibit 1003) signed the chain of custody forms, which indicate he took possession of each of the forensic images from the contractor. Mr. Patel made working copies of each forensic image available to FTC litigation support staff. Amelia Stobaugh (Exhibit 1006) oversaw the processing of the data into Zylab, where it was made available to Plaintiff's litigation team. Plaintiff extracted the Forensic Exhibits from that data.

On or about February 11, 2016, Plaintiff provided Defendants a complete digital copy of each forensic image. Defendants have had time to review the computer images, and the Forensic Exhibits that Plaintiff extracted from the data. Defendants had ample opportunity to conduct discovery, but Defendants never conducted any discovery as to the forensic procedures followed in creating the forensic images or the chain of custody.

While some Defendants disavowed some of the Forensic Exhibits during depositions, other Defendants acknowledged and, in fact, testified about many of the Forensic Exhibits that Plaintiff extracted from Defendants' ESI. For example, Plaintiff Exhibit 21 is an email that counsel for Defendants Argaman, Secured Merchants, Chargeback Armor, and Doron Nottea objected to for lack of foundation despite the fact that Defendant Igor Latsanovski identified the email as one he sent, and Defendant Doron Nottea identified the email as one he received, at their depositions.[2] Moreover, Counsel for Doron Nottea objected to Plaintiff Exhibit 29, an email addressed to Alon and Doron Nottea, despite the fact that both Alon and Doron Nottea testified at their deposition that they remembered

---

[2] *See* Attachment A, Plaintiff Exhibit 21. Plaintiff Exhibits 29, 32, 35, 43, 49, 50, 51, 54, 56, and 57 are additional examples of exhibits that Defendants' counsel objected to for lack of foundation and authenticity despite being identified by Defendant Doron Nottea as his records at his deposition.

receiving the email.[3] To date, Defendants have made no credible challenge to the authenticity of the forensic images or the Forensic Exhibits that Plaintiff extracted from the images. They are, after all, Defendants' own documents and they are what they purport to be.

### III. Defendants bald objections to the authenticity of documents extracted from their own ESI are frivolous and dilatory

In the parties' joint exhibit list and at the June 9, 2016 pretrial conference, Defendants globally objected to the authenticity and foundation of the Forensic Exhibits that Plaintiff extracted from forensic images of Defendants' own ESI. They provided no reasonable basis or credible argument for their objections. They produced no evidence showing the Forensic Exhibits are anything but what Plaintiff purports them to be, namely Defendants' own documents extracted from Defendants' own ESI.

The forensic images have been available to Defendants since the time Plaintiff described the computer data recovered from Defendants' business premises in its September 25, 2105 initial disclosures. Plaintiff then produced complete copies of each forensic image to Defendants in response to discovery requests on February 11, 2016. Plaintiff also produced copies of certain specific documents to Defendants on or about March14, 2016. Finally, Plaintiff produced

---

[3] See Attachment B, Plaintiff Exhibit 29.

copies of these documents as its Plaintiff Exhibit list on April 26, 2016. Defendants have had ample time to review the images and the Forensic Exhibits extracted from the images.

Plaintiff's declaratory evidence (Exhibits 950-53, 1003, and 1006) establishes that forensically sound images of Defendants' own ESI were made. However, Defendants have not provided any legitimate challenge to the soundness of the forensic images. Plaintiff's declaratory evidence establishes proper chain of custody of the forensic images of Defendants' ESI. However, Defendants have not provided any legitimate challenge to the chain of custody. Plaintiff's declaratory evidence establishes that the Forensic Exhibits were extracted from Defendants' own ESI. Again, however, Defendants have not provided any legitimate challenge to the authenticity of the Forensic Exhibits.

In summary, Defendants provided no reasonable basis to globally object to authenticity because there is no reasonable basis. Nevertheless, Defendants intend to needlessly waste valuable judicial time and resources and cause needless Plaintiff expense. Instead of proffering frivolous and dilatory objections about undisputed authenticity, Defendants should stipulate to admission of the six declarations and the authenticity of the Forensic Exhibits and reserve any legitimate evidentiary challenges for trial.

**IV. Conclusion**

For the foregoing reasons, the Court should grant Plaintiff's Motion in Limine to Pre-Admit Forensic Declarations and Authenticate Exhibits for Trial and order that Plaintiff Exhibits 950-53, 1003, and 1006 are admitted for trial and Plaintiff Exhibits 17, 19-21, 23-45, 47-48, 50-78, 80-98, 100, 102, 119-122, 124, 126, 128-151, 154-163, 165-174, 176-177, 179, 183-185, 187-189, 191-195, 246-249, 251, 255-272, 275-287, 289-299, 301-305, 307-549, 557-573, 575-576, 578-580, 583, 585-586, 588-592; 594, 942-943, 945, 947-948, 962-973, 984, and 989-991 are properly authenticated for trial.

Dated: June 13, 2016

Respectfully submitted,
DAVID C. SHONKA
Acting General Counsel

DAMA J. BROWN
Regional Director

*/s/ Reid Tepfer*
_____
REID TEPFER
rtepfer@ftc.gov
Texas Bar No. 24079444
LUIS GALLEGOS
lgallegos@ftc.gov
Oklahoma Bar No. 19098
ZACHARY A. KELLER
zkeller@ftc.gov
Texas Bar No. 24087838
Federal Trade Commission
1999 Bryan Street, Suite 2150
Dallas, Texas 75206

(214) 979-9395 (Tepfer)
(214) 979-9383 (Gallegos)
(214) 979-9382 (Keller)
(214) 953-3079 (fax)
RAYMOND MCKOWN
rmckown@ftc.gov
California Bar No. 150975
10877 Wilshire Boulevard, Suite 700
Los Angeles, California 90024
(310) 824-4343(voice)
(310) 824-4380 (fax)

# CERTIFICATE OF SERVICE

The undersigned certifies that on June 13, 2016, a true and correct copy of the foregoing document was electronically filed with the clerk of the U.S. District Court, Central District of California, using the electronic case filing system of the court. The attorneys listed below were served pursuant to the ECF notice generated by the Court.

Erik S. Syverson
Raines Feldman LLP
9720 Wilshire Boulevard Fifth Floor
Beverly Hills, CA 90212
esyverson@raineslaw.com
*Counsel for Oz Mizrahi*

Robert M. Ungar
Crosswind Law
14724 Ventura Blvd Penthouse
Sherman Oaks, CA 91403
rmu@crosswindlaw.com
*Counsel for Alon Nottea and Roi Rueveni*

Randi R. Geffner

| | |
|---|---|
| 1 | Esensten Law |
| 2 | 12100 Wilshire Blvd. |
| 3 | Suite 1660 |
|   | Los Angeles, CA 90025 |
| 4 | (310) 273-3090 |
| 5 | rgeffner@esenstenlaw.com |
|   | *Counsel for Doron Nottea and* |
| 6 | *Motti Nottea* |
| 7 | |
| 8 | Jeffrey Benice |
|   | Law Offices of Jeffrey S. Benice |
| 9 | A Professional Law Corporation |
| 10 | 3080 Bristol Street |
|   | Sixth Floor, Suite 630 |
| 11 | Costa Mesa, CA 92626 |
| 12 | Telephone: (714) 641-3600 Ext. 214 |
|   | *Counsel for Igor Latsanovski and* |
| 13 | *CalEnergy, Inc.* |
| 14 | |
| 15 | Sagar Parikh |
|   | Beverly Hills Law Corp. |
| 16 | 433 N. Camden Dr., 6th Floor |
| 17 | Beverly Hills, CA 90210 |
|   | *Counsel for Chargeback Armor, Inc.,* |
| 18 | *Secured Merchants LLC, Paul Medina,* |
| 19 | *and Alan Argman* |

                                                            /s/ Reid Tepfer
                                                            Reid Tepfer