DAVID C. SHONKA
Acting General Counsel

DAMA J. BROWN
dbrown1@ftc.gov
Regional Director

REID TEPFER
rtepfer@ftc.gov; Tex. Bar No. 24079444
LUIS GALLEGOS
lgallegos@ftc.gov; Okla. Bar No. 19098
ZACHARY A. KELLER
zkeller@ftc.gov; Tex. Bar No. 24087838 (pro hac vice pending)
Federal Trade Commission
1999 Bryan Street, Suite 2150
Dallas, Texas 75201
(214) 979-9395 (Tepfer); (214) 979-9383 (Gallegos);
(214) 979-9382 (Keller); (214) 953-3079 (fax)

RAYMOND MCKOWN
rmckown@ftc.gov; Cal. Bar No. 150975
10877 Wilshire Boulevard, Suite 700
Los Angeles, California 90024
(310) 824-4343(voice); (310) 824-4380 (fax)

Attorneys for Plaintiff Federal Trade Commission

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,**<br><br>Plaintiff,<br><br>v.<br><br>**BUNZAI MEDIA GROUP, INC.,** *et al.,*<br><br>**Defendants.** | Case No. CV 15-4527-GW(PLAx)<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION *IN LIMINE* TO PRE-ADMIT EXHIBITS FOR TRIAL AND MEMORANDUM IN SUPPORT**<br><br>**Hearing: June 20, 2016**<br>**Time: 8:30 a.m.**<br>**Courtroom: 10___** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that at the beginning of the trial in the above-titled case, on June 21, 2016 at 9:00 a.m., of the above-titled Court, before Hon. George H. Wu, Plaintiff Federal Trade Commission will move the Court for an order *in limine* to pre-admit certain exhibits as evidence at trial.

This Motion is based upon this Notice of Motion and Motion, the incorporated memorandum in support, all other papers being filed in support of this Motion, evidence and other pleadings previously filed with the Court in this case, and such further argument and evidence as may be presented in writing or at any hearing held on this Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    Introduction

Plaintiff moves for an order *in limine* to pre-admit 14 consumer declarations with attachments (Plaintiff Exhibits 2-15) and nine sets of certified records of regularly conducted business activities (Plaintiff Exhibits 596-600, 906, and 919) at the trial in this case.

### II.    Consumer Declarations are Admissible

Plaintiff alleges Defendants violated the FTC Act by using deceptive "free trial" offers with hidden costs, negative option features, and return policies.

1

PLAINTIFF'S MOTION *IN LIMINE* TO PRE-ADMIT EXHIBITS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Plaintiff seeks to admit 14 consumer declarations as material evidence of these deceptive practices at the trial of this case. Plaintiff submitted these declarations during the injunction phases of this action,[1] and now moves *in limine* to pre-admit these consumer declarations into evidence.

Plaintiff's Exhibits 2-15 are declarations from consumers who were deceived into signing up for "free trial" offers for Defendants' AuraVie skincare products. Instead of receiving free trials, these consumers encountered hidden costs, undisclosed negative option features, and onerous return policies. These consumer declarations are offered as evidence of material facts about Defendants' deceptive business practices.

The Federal Rules of Evidence ("Rules") provide several exceptions to the general bar against hearsay evidence, including the Rule 807 residual exception. Under Rule 807, the Court may admit any out-of-court statement having circumstantial guarantees of trustworthiness if the Court determines that:

- "(A) the statement is offered as evidence of material fact;

---

[1] Plaintiff first filed these exhibits in Appendix Volume III to its *Memorandum in Support of its Ex Parte Motion for Temporary Restraining Order* (Doc. 9, Exhibits 2-15; *see* Attachment A, Exhibit Cross-Reference Chart). Plaintiff also filed Exs. 2-15 as evidentiary exhibits (Dkts. 353-3 to 353-10) to its *Plaintiff Federal Trade Commission's Memorandum of Points and Authorities in Support of its Motion for Summary Judgment* (Dkt. 353-1).

PLAINTIFF'S MOTION *IN LIMINE* TO PRE-ADMIT EXHIBITS

- (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and
- (C) the general purposes of these rules and the interest of justice will best be served by admission of the statement into evidence."

Rule 807 also provides that the proponent of the out-of-court statement must give the adverse party sufficient notice to provide a fair opportunity to prepare to meet it.

The Ninth Circuit, in *FTC v. Figgie Int'l, Inc.*, 994 F.2d 595, 608-09 (9th Cir. 1993), enunciated clear standards for admitting and relying upon written consumer complaints. There, the court held that 127 customer complaint letters were admissible under Rule 807.[2] *Id.* at 608. First, the court first noted that the

_____

[2]  Numerous circuit courts of appeal and district courts have also held that sworn consumer declarations and complaints are admissible under Rule 807. *See, e.g.*, *FTC v. Kuykendall*, 312 F.3d 1329, 1343 (10th Cir. 2002) (affirming district court's ruling that consumer declarations and consumer complaints are admissible as evidence of the appellants' violative behavior); *FTC v. Amy Travel Serv., Inc.*, 875 F.2d 564, 576 (7th Cir. 1989) (affirming district court's ruling that sworn consumer declarations are admissible to show actual harm to consumers had resulted from the defendants' activities); *FTC v. Magazine Solutions, LLC*, No. 7-692, 2009 U.S. Dist. LEXIS 20629, at *11 (W.D. Pa. Mar. 16, 2009) (consumer complaints and consumer declarations are admissible); *FTC v. Cyberspace.com, LLC*, No. No. C00–1806L, 2002 U.S. Dist. LEXIS 25565, at *13 n.5 (W.D. Wa. July 10, 2002) ("Emails and letters of complaint from recipients of the solicitations are admissible both to show notice and to show the truth of the matters asserted under the residual hearsay exception set forth in Fed. R. Evid. 807."); *FTC v. Kitco of Nev., Inc.*, 612 F.Supp. 1280, 1294 (D. Minn. 1985) (affidavits are admissible as proof of purchase, injury to consumers, and entitlement to restitution).

3

PLAINTIFF'S MOTION *IN LIMINE* TO PRE-ADMIT EXHIBITS

"most important inquiry under this Rule is whether the proffered evidence has trustworthiness equivalent to that of the enumerated hearsay exceptions." *Id.* On this issue, the court found the requisite circumstantial guarantees of trustworthiness present. The court cited the facts that (i) "[t]he letters were sent independently to the FTC from unrelated members of the public," (ii) "they all reported roughly similar experiences," suggesting their truthfulness, and (iii) "the declarants had no motive to lie to the FTC . . . ." *Id*. at 608.

Second, the court found that the statements in the declarations—which established the price of the good at issue—were material facts. *Id.*

Third, the court found that reasonable efforts would not produce more probative evidence of these facts. The court noted that it would not be reasonable to bring each complainant into court to testify, under oath, that the contents of their complaints were true. *Id.* at 608-09.

Fourth, the court found that the letters furthered both the goal of making relevant evidence admissible and the interests of justice, in that the letters aided the court in establishing the amount of the consumers' losses. *Id.* at 609.

Finally, the court found that the defendant had "adequate notice of the letters," citing the fact that the defendants could not have objected to the letters unless they had notice of them. *Id.*

PLAINTIFF'S MOTION *IN LIMINE* TO PRE-ADMIT EXHIBITS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

In this case, the consumer declarations also qualify for the residual exception to hearsay. First, the declarations have even greater "circumstantial guarantees of trustworthiness" than the consumer complaints admitted in *Figgie*. They were made subject to penalty of perjury under 28 U.S.C. § 1746. They describe direct, personal interactions with the Defendants, indicating the reliability of the statements.[3] The consumers also report roughly similar accounts of their experiences with Defendants. Additionally, prior to the declarations, many of these consumers independently filed complaints about Defendants' business practices. These circumstances attest to the veracity of the declarations, eliminating the need for in-court testimony regarding their content. *See Id.* at 609.

Next, the consumer declarations concern material facts about Defendants' practices in offering for sale and selling their skincare products over the Internet. For example, Plaintiff's Complaint alleges Defendants failed to disclose clearly the material terms of their offer. The proffered consumer declarations relate directly to these and other core issues in the case. In addition to establishing a

---

[3] *See U.S. v. Carlson*, 547 F.2d 1346, 1354 (8th Cir. 1976), cert. denied, 431 U.S. 914 (1977) (previous testimony was by an individual who possessed firsthand knowledge, therefore, there was no reliance upon potentially erroneous secondary information). Moreover, the consumer declarations are consistent with other documents Plaintiff has filed with the Court in this matter, such as Defendants' advertisements, websites, and sales scripts. *U.S. v. Doerr*, 886 F.2d 944, 956-57 (7th Cir. 1989) (corroborating evidence is indicator of trustworthiness.).

5

PLAINTIFF'S MOTION *IN LIMINE* TO PRE-ADMIT EXHIBITS

pattern of deception, the consumer declarations demonstrate that consumers relied to their detriment on Defendants' misrepresentations.

Furthermore, these written statements are more probative of consumers' experiences than Plaintiff can reasonably procure through alternative means, particularly in light of the burdensome exercise of requiring consumers from across the nation to travel to the Court to testify to facts already set forth in their declarations. *See Amy Travel*, 875 F.2d at 576 ("The defendants ran a nation-wide telemarketing operation and it would be cumbersome and unnecessarily expensive to bring all the consumers in for live testimony.").

Next, admission of the consumer declarations also best serves the general purposes of the Federal Rules of Evidence and the interests of justice by making relevant evidence admissible, enabling the Court to ascertain the truth, and eliminating expense and delay. *Kuykendall*, 312 F.3d at 1343; *Amy Travel*, 875 F.2d at 576.[4]

Finally, Defendants have had reasonable notice and fair opportunity to review these consumer declarations and attachments. First, Plaintiff served the

---

[4] There is also little risk of prejudice in a non-jury trial where the Court exercises discretion in admitting and weighing hearsay. *Ark-mo Farms, Inc. v. United States*, 530 F.2d 1384, 1386-87 (Ct. Cl. 1976) (citing *Dallas County v. Commercial Union Assurance Co.*, 286 F.2d 388, 398 (5th Cir. 1961)).

6

PLAINTIFF'S MOTION *IN LIMINE* TO PRE-ADMIT EXHIBITS

exhibits on Defendants at the inception of this case (Doc. 9, Exhibits 2-15).

Then, on July 29, 2015, Plaintiff filed notice of its intent to use these consumer

declarations at the trial on the merits (Dkt. 113).[5]

These declarations meet the requirements of the Rule 807 residual

exception. Therefore, Plaintiff respectfully requests that the Court pre-admit

Exhibits 2-15 under Rule 807 as exceptions to the hearsay rule.[6]

**III.     Certified Records of Regularly Conducted Business Activities are Admissible**

Plaintiff also seeks to pre-admit Exhibits 596-600, 906-908, and 919 before

trial.[7] Rules 803(6) and 902(11) provide for "self-authentication of certain

---

[5] Furthermore, on Sept. 25, 2015, Plaintiff identified "the Declarations of consumers and others filed in support of Plaintiff's Motion for TRO" as documents it may use to support its claims.

[6] Attachments to Exhibits 2-15 include documents Defendants sent to the declarants, many bearing Defendants' names, are on Defendants' letterhead or business forms, or are from Defendants' email accounts. These documents were made by Defendants, by a person authorized by Defendants to make such statements, or by Defendants' agents or servants acting within the scope of their agency or employment. Therefore, these documents are also admissible as admissions by a party-opponent under Rule 801(d)(2).

[7] These exhibits were served previously on Defendants as Doc. 6, Exs. 1B, 1D, 1E, and 1F; Doc. 7, Ex. 1L; Doc. 8, Ex. 1O; and Doc. 9, Exs. 17-18 during the injunctive phase of this case (these exhibits have been re-numbered for trial as Exhibits 596-600, 906-908, and 919. *See* Attachment A, Exhibit Cross-Reference Chart).

PLAINTIFF'S MOTION *IN LIMINE* TO PRE-ADMIT EXHIBITS

business records based on sworn declarations from the record custodians." *United States v. Kahre*, 610 F. Supp. 2d 1261, 1262 (D. Nev. 2009). According to Rule 902(11), the government can request to remove the need to call witnesses altogether by providing the court with certifications as to their status as custodians of the documents as well as providing the other criteria required under the business records exception. *Id* at 7.

Exhibits 596-600, 906-908, and 919 are certifications of records of regularly conducted activity. The certifications indicate that the attached records were made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters; were kept in the course of the regularly conducted activity of the entities; and were made by the regularly conducted activity as a regular practice of the entities.

- **Exhibit 596** is a business records certification and copies of employment records produced by the California Development Department.
- **Exhibit 597** is two business records certifications and business records produced by Domains by Proxy in response to an FTC subpoena.
- **Exhibit 598** is two business records certifications and business records produced by GoDaddy.com, LLC in response to an FTC subpoena.
- **Exhibit 599** is a business records certification and business records produced by J2Global Communications, Inc. in response to an FTC subpoena.
- **Exhibit 600** is a business records certification and business records produced in response to an FTC Civil Investigative Demand to Moneris Solutions, Inc. (produced by Cynergy Data, LLC).

8

PLAINTIFF'S MOTION *IN LIMINE* TO PRE-ADMIT EXHIBITS

- **Exhibit 906** is a business records certification and business records produced by American Express Company in response to and FTC subpoena.
- **Exhibit 907** is a business records certification and business records produced by the Better Business Bureau of Santa Clara Valley, Ltd d/b/a BBB Los Angeles Silicon Valley.[8]
- **Exhibit 908** is a business records certification and business records produced by the Consumer Protection Division of the Florida Office of the Attorney General.
- **Exhibit 919** is a declaration containing a business records certification and information produced by the United States Postal Inspection Service.

Exhibits 596-600, 906-908, and 919 are admissible as records of each entity's regularly conducted business activity under Rule 803(6). Rule 902(11) allows for self-authentication of business records as shown by a custodian or other qualified person. In accordance with Rule 902(11), the declarants certified that the documents attached to their declarations meet the requirements of Rule 803(6).[9]

_____

[8] Exhibit 907, Attachment A, is a 16-page BBB spreadsheet that identifies and summarizes 406 complaints the BBB received about AuraVie Skincare, including their category and disposition. The attachment is also admissible as a Rule 1006 summary. Rule 1006 allows a summary to prove the content of the voluminous writings that cannot be conveniently examined in court. The proponent must make the documents available for examination or copying. On April 13, 2016, Plaintiff served its *Second Supplemental Response to Defendants' Discovery Requests*. This response contained redacted versions of the BBB complaints underlying the BBB's 16-page summary. The consumer complaints themselves meet the requirements for admission under the Rule 807 residual exception.

[9] Exhibits 596 and 908 are also admissible as certified public records under Rule 902(4).

PLAINTIFF'S MOTION *IN LIMINE* TO PRE-ADMIT EXHIBITS

Rule 902(11) further requires that the proponent of the certifications give reasonable written notice of their intent to offer the records. Plaintiff gave adequate notice of its intent to use these business records (Exhibits 596-600, 906-908, and 919) at trial. First, Plaintiff served these exhibits on Defendants at the inception of this case (Docs. 6-9). Then, on July 29, 2015, Plaintiff filed written notice of its intent to use these business records at the trial on the merits (Doc. 113).[10] Defendants have also had fair and ample opportunity to review these certifications and business records, but have not contested their reliability.

Exhibits 596-600, 906-908, and 919 are therefore admissible under Rules 803(6) and 902(11). Plaintiff respectfully requests that the Court pre-admit Plaintiff's Exhibits 596-600, 906-908, and 919 as records of regularly conducted business activities under Rules 803(6) and 902(11).

## V.    Conclusion

Based on the foregoing, Plaintiff respectfully asks the Court to grant its motion *in limine* and pre-admit Plaintiff Exhibits 2-15, 596-600, 906-908, and 919 at the trial of this matter.

---

[10] *See* Doc. 6, Exs. 1B, 1D, 1E, and 1F; Doc. 7, Ex. 1L; Doc. 8, Ex. 1O; and Doc. 9, Exs. 17-18). On September 25, 2015, Plaintiff gave general written notice of its intent to use declarations and exhibits to support its claims. These declarations and their attachments are covered by category in Plaintiff's Initial Disclosures.

10

PLAINTIFF'S MOTION *IN LIMINE* TO PRE-ADMIT EXHIBITS

1

2

3

4                                              Respectfully submitted,
                                               DAVID C. SHONKA
5                                              Acting General Counsel

6                                              DAMA J. BROWN
7                                              Regional Director

8                                              /s/ Reid Tepfer

9  Dated: June 13, 2016                        _____

10                                             REID TEPFER
                                               rtepfer@ftc.gov
11                                             Texas Bar No. 24079444
12                                             LUIS GALLEGOS
                                               lgallegos@ftc.gov
13                                             Oklahoma Bar No. 19098
14                                             ZACHARY A. KELLER
                                               zkeller@ftc.gov
15                                             Texas Bar No. 24087838
16                                             Federal Trade Commission
                                               1999 Bryan Street, Suite 2150
17                                             Dallas, Texas 75206
18                                             (214) 979-9395 (Tepfer)
                                               (214) 979-9383 (Gallegos)
19                                             (214) 979-9382 (Keller)
20                                             (214) 953-3079 (fax)

21                                             RAYMOND MCKOWN
22                                             rmckown@ftc.gov
                                               California Bar No. 150975
23                                             10877 Wilshire Boulevard, Suite 700
24                                             Los Angeles, California 90024
                                               (310) 824-4343(voice)
25                                             (310) 824-4380 (fax)
26

27

28

PLAINTIFF'S MOTION *IN LIMINE* TO PRE-ADMIT EXHIBITS

**CERTIFICATE OF SERVICE**

The undersigned certifies that on June 13, 2016, a true and correct copy of the foregoing document was filed electronically with the clerk of the U.S. District Court, Central District of California, using the electronic case filing system of the court. The attorneys listed below were served pursuant to the ECF notice generated by the Court.

Erik S. Syverson
Raines Feldman LLP
9720 Wilshire Boulevard Fifth Floor
Beverly Hills, CA 90212
esyverson@raineslaw.com
*Counsel for Oz Mizrahi*

Robert M. Ungar
Crosswind Law
14724 Ventura Blvd Penthouse
Sherman Oaks, CA 91403
rmu@crosswindlaw.com
*Counsel for Alon Nottea and Roi Rueveni*

Randi R. Geffner
Esensten Law
12100 Wilshire Blvd.
Suite 1660
Los Angeles, CA 90025
(310) 273-3090
rgeffner@esenstenlaw.com
*Counsel for Doron Nottea and Motti Nottea*

Jeffrey Benice
Law Offices of Jeffrey S. Benice
A Professional Law Corporation
3080 Bristol Street
Sixth Floor, Suite 630
Costa Mesa, CA 92626
Telephone: (714) 641-3600 Ext. 214

PLAINTIFF'S MOTION *IN LIMINE* TO PRE-ADMIT EXHIBITS

*Counsel for Igor Latsanovski and CalEnergy, Inc.*

Sagar Parikh
Beverly Hills Law Corp.
433 N. Camden Dr., 6th Floor
Beverly Hills, CA 90210
*Counsel for Chargeback Armor, Inc., Secured Merchants LLC, Paul Medina, and Alan Argman*

/s/ Reid Tepfer
Reid Tepfer

PLAINTIFF'S MOTION *IN LIMINE* TO PRE-ADMIT EXHIBITS