DAVID C. SHONKA
Acting General Counsel

DAMA J. BROWN
dbrown1@ftc.gov
Regional Director

REID TEPFER
rtepfer@ftc.gov; Tex. Bar No. 24079444
LUIS GALLEGOS
lgallegos@ftc.gov; Okla. Bar No. 19098
ZACHARY A. KELLER
zkeller@ftc.gov; Tex. Bar No. 24087838
Federal Trade Commission
1999 Bryan Street, Suite 2150
Dallas, Texas 75201
(214) 979-9395 (Tepfer); (214) 979-9383 (Gallegos);
(214) 979-9382 (Keller); (214) 953-3079 (fax)

RAYMOND MCKOWN
rmckown@ftc.gov; Cal. Bar No. 150975
10877 Wilshire Boulevard, Suite 700
Los Angeles, California 90024
(310) 824-4343(voice); (310) 824-4380 (fax)

Attorneys for Plaintiff Federal Trade Commission

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,**<br><br>Plaintiff,<br><br>v.<br><br>**BUNZAI MEDIA GROUP, INC.**, *et al.*,<br><br>**Defendants.** | Case No. CV 15-4527-GW(PLAx)<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION *IN LIMINE* TO PRECLUDE TESTIMONY OF UNDISCLOSED WITNESSES AT TRIAL AND MEMORANDUM IN SUPPORT**<br><br>Trial: June 21, 2016<br>Time: 9:00 a.m.<br>Courtroom: 10 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

1
2      **PLEASE TAKE NOTICE** that at the beginning of the trial in the above-
3
4  titled case, on June 21, 2016 at 9:00 a.m., of the above-titled Court, before Hon.
5  George H. Wu, Plaintiff Federal Trade Commission will move the Court for an
6  order *in limine* to preclude certain testimony of undisclosed witnesses at trial.
7
8      This Motion is based upon this Notice of Motion and Motion, the
9  incorporated memorandum in support, all other papers being filed in support of
10 this Motion, evidence and other pleadings previously filed with the Court in this
11
12 case, and such further argument and evidence as may be presented in writing or at
13 any hearing held on this Motion.
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. Introduction

Plaintiff moves for an order *in limine* to preclude Defendants from introducing the testimony of certain witnesses at trial, whether live or by declaration, where Defendants failed to timely and properly disclose the witnesses during discovery.[1] As discussed below, Plaintiff will be prejudiced if these undisclosed witnesses are permitted to testify at trial.

### II. Defendants Igor Latsanovski and CalEnergy, Inc. failed to timely disclose Mariya Aleskandrovna, Art Barham, and Sergey Shevenko as persons with knowledge

Under Rule 26 of the Federal Rules of Civil Procedure, a party must disclose "the name . . . of each individual likely to have discoverable information . . . that the disclosing party may use to support its claims or defenses[.]" Furthermore, a party "must supplement or correct its disclosure . . . in a timely manner if the party learns that in some material respect the disclosure . . . is incomplete or incorrect[.]" If a party fails to disclose a witness, "the party is not allowed to use that . . . witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37.

---

[1] Plaintiff re-urges its *Plaintiff's Amended Request for Evidentiary Ruling on Specified Objections* (Dkt 429-1).

For example, in *Holak v. Kmart Corp.*, three months after discovery ended, the Plaintiff filed a motion, relying in part on declarations from six individuals Plaintiff did not disclose during discovery.[2] The Court held that Plaintiff failed to timely disclose its witnesses and struck the witnesses' declarations.[3] The Court emphasized the fact that "Defendant had no meaningful opportunity to depose the witnesses during the discovery period." [4] Furthermore, the Court held Plaintiff's failure to disclose the witnesses was prejudicial even though Defendant subsequently offered the witnesses for deposition, as deposing witnesses "shortly before [Defendant's] opposition brief was due . . . was not a practical means to avoid prejudice [.]"[5]

Likewise, this Court should prohibit the testimony of Defendants' undisclosed witnesses. Defendants Igor Latsanovski and CalEnergy, Inc. did not disclose Mariya Aleskandrovna, Art Barham, and Sergey Shevenko in their initial disclosures or at any other time during discovery. These Defendants first mentioned Mariya Aleskandrovna in their motion for summary judgment filed

---

[2] No. 1:12-CV-00304 AWI, 2014 WL 2565902 (E.D. Cal. June 6, 2014), *report and recommendation adopted in relevant part*, No. 1:12-CV-00304-AWI, 2014 WL 4930762 (E.D. Cal. Sept. 30, 2014).

[3] *Id.*

[4] *Id.* at 8.

[5] *Id.*

after discovery closed. Defendants did not disclose Art Barham and Sergey Shevenko until after the close of discovery.

Defendants Igor Latsanovski and CalEnergy, Inc. provided no substantial justification for their failure to disclose these witnesses, and their failure is not harmless. Because of Defendants' failure to timely disclose these witnesses, Plaintiff was foreclosed from conducting any discovery related to these witnesses, including taking their depositions. Therefore, Plaintiff will be prejudiced if Defendants are allowed to introduce testimony of these witnesses at trial, whether live or by declaration.

### III. Defendants Alan Argaman, Secured Merchants, and Chargeback Armor, Inc. failed to timely disclose Kevin Kotzin, Andras Kence, and Victor Azal persons with knowledge

More recently, on May 20, 2016, Defendants Alan Argaman, Secured Merchants, and Chargeback Armor, Inc., disclosed Kevin Kotzin, Andras Kence, and Victor Azal as witnesses on their portion of the joint witness list. Again, these Defendants failed to disclose these witnesses in their initial disclosures or at any other time before discovery closed in this matter. Defendants provided no substantial justification for their failure to timely disclose these witnesses, and their failure is not harmless. Without the opportunity to conduct discovery related to these witnesses, Plaintiff will be prejudiced if Defendants are allowed to introduce testimony of these witnesses at trial, whether live or by declaration.

## V. Conclusion

Defendants failed to timely disclose numerous witnesses and they did not provide any substantial justification for their failures. Their failures to comply with the Rules are not harmless to Plaintiff. Defendants failures prevented Plaintiff from conducting any discovery related to these witnesses. Plaintiff will be severely prejudiced if Defendants are allowed to rely on the testimony of these witnesses at trial, whether live or by declaration. For the foregoing reasons, the Court should grant Plaintiff's Motion *in Limine* to Preclude Testimony at Trial and exclude the testimony of all of Defendants' undisclosed witnesses, including Mariya Aleskandrovna, Art Barham, Sergey Shevenko, Kevin Kotzin, Andras Kence, and Victor Azal.

Dated: June 13, 2016

Respectfully submitted,
DAVID C. SHONKA
Acting General Counsel

DAMA J. BROWN
Regional Director

/s/ Reid Tepfer
_____
REID TEPFER
rtepfer@ftc.gov
Texas Bar No. 24079444
LUIS GALLEGOS
lgallegos@ftc.gov
Oklahoma Bar No. 19098
ZACHARY A. KELLER

zkeller@ftc.gov
Texas Bar No. 24087838
Federal Trade Commission
1999 Bryan Street, Suite 2150
Dallas, Texas 75206
(214) 979-9395 (Tepfer)
(214) 979-9383 (Gallegos)
(214) 979-9382 (Keller)
(214) 953-3079 (fax)

RAYMOND MCKOWN
rmckown@ftc.gov
California Bar No. 150975
10877 Wilshire Boulevard, Suite 700
Los Angeles, California 90024
(310) 824-4343(voice)
(310) 824-4380 (fax)

# CERTIFICATE OF SERVICE

The undersigned certifies that on June 13, 2016, a true and correct copy of the foregoing document was electronically filed with the clerk of the U.S. District Court, Central District of California, using the electronic case filing system of the court. The attorneys listed below were served pursuant to the ECF notice generated by the Court.

Erik S. Syverson
Raines Feldman LLP
9720 Wilshire Boulevard Fifth Floor
Beverly Hills, CA 90212
esyverson@raineslaw.com
*Counsel for Oz Mizrahi*

Robert M. Ungar
Crosswind Law
14724 Ventura Blvd Penthouse
Sherman Oaks, CA 91403
rmu@crosswindlaw.com
*Counsel for Alon Nottea and Roi Rueveni*

Randi R. Geffner
Esensten Law
12100 Wilshire Blvd.
Suite 1660
Los Angeles, CA 90025
(310) 273-3090
rgeffner@esenstenlaw.com
*Counsel for Doron Nottea and Motti Nottea*

Jeffrey Benice
Law Offices of Jeffrey S. Benice
A Professional Law Corporation
3080 Bristol Street
Sixth Floor, Suite 630
Costa Mesa, CA 92626
Telephone: (714) 641-3600 Ext. 214

1 | *Counsel for Igor Latsanovski and*
2 | *CalEnergy, Inc.*
3 |
4 | Sagar Parikh
5 | Beverly Hills Law Corp.
  | 433 N. Camden Dr., 6th Floor
  | Beverly Hills, CA 90210
6 | *Counsel for Chargeback Armor, Inc.,*
7 | *Secured Merchants LLC, Paul Medina,*
  | *and Alan Argman*
8 |
9 |                                    /s/ Reid Tepfer
10|                                    Reid Tepfer