1  DAVID C. SHONKA
   Acting General Counsel
2
3  DAMA J. BROWN
   dbrown1@ftc.gov
4  Regional Director

5  REID TEPFER
   rtepfer@ftc.gov; Tex. Bar No. 24079444
6  LUIS GALLEGOS
7  lgallegos@ftc.gov; Okla. Bar No. 19098
   ZACHARY A. KELLER
8  zkeller@ftc.gov; Tex. Bar No. 24087838
   Federal Trade Commission
9  1999 Bryan Street, Suite 2150
10 Dallas, Texas 75201
   (214) 979-9395 (Tepfer); (214) 979-9383 (Gallegos);
11 (214) 979-9382 (Keller); (214) 953-3079 (fax)

12
   RAYMOND MCKOWN
13 rmckown@ftc.gov; Cal. Bar No. 150975
   10877 Wilshire Boulevard, Suite 700
14 Los Angeles, California 90024
15 (310) 824-4343(voice); (310) 824-4380 (fax)

16 Attorneys for Plaintiff Federal Trade Commission

17                    **UNITED STATES DISTRICT COURT**
18                    **CENTRAL DISTRICT OF CALIFORNIA**
                      **WESTERN DIVISION**
19

| | |
|---|---|
| 20  **FEDERAL TRADE COMMISSION,** | Case No. CV 15-4527-GW(PLAx) |
| 21 | |
| 22  Plaintiff, | **PLAINTIFF'S NOTICE OF MOTION AND MOTION *IN LIMINE* TO AUTHENTICATE DOCUMENTS FROM DEFENDANTS' BUSINESS PREMISES FOR TRIAL AND MEMORANDUM IN SUPPORT** |
| 23  v. | |
| 24  **BUNZAI MEDIA GROUP, INC.,** *et al.*, | |
| 25 | |
| 26  **Defendants.** | |
| 27 | Hearing: June 20, 2016 |
|    | Time: 8:30 a.m. |
| 28 | Courtroom: 10 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that at the beginning of the trial in the above-titled case, on June 21, 2016 at 9:00 a.m., of the above-titled Court, before Hon. George H. Wu, Plaintiff Federal Trade Commission will move the Court for an order *in limine* to authenticate certain business record exhibits Plaintiff identified and copied at Defendants' business premises for trial.

This Motion is based upon this Notice of Motion and Motion, the incorporated memorandum in support, all other papers being filed in support of this Motion, evidence and other pleadings previously filed with the Court in this case, and such further argument and evidence as may be presented in writing or at any hearing held on this Motion.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Introduction

Plaintiff identified and copied numerous business records during the immediate access of Defendants' business premises provided by the Court's TRO (Dkt. 14). Plaintiff moves for an order *in limine* ruling that several of those documents, Plaintiff Exhibits 18, 46, 49, 79, 80, 101, 103-118, 152-153, 230, 232-245, 273, and 274 (hereafter "Business Premises Exhibits"), are sufficiently authenticated for trial.[1] Ruling on the authenticity of these Business Premises Exhibits will preserve judicial time and resources, and will eliminate the trial time necessary for Plaintiff's witnesses having to testify about foundational matters that Defendants cannot legitimately dispute.

## II. Authenticating documents under FRE 901 based on location

Fed. R. Evid. 901 describes 10 methods for authenticating evidence: (1) testimony of a witness with knowledge; (2) non-expert opinion about handwriting; (3) comparison by an expert or the trier of fact; (4) distinctive characteristics; (5) opinion about a voice; (6) evidence about a telephone call; (7) evidence about public records; (8) evidence about ancient documents; (9) evidence about a process or system; and (10) other methods provided by statute or rule. Fed. R.

---

[1] At trial, Plaintiff will further demonstrate that these business records identified and copied at Defendants' business premises are also admissible, either because they are not hearsay or because they are subject to an applicable hearsay exception.

Evid. 901(b). These methods are only examples—the Rules recognize that other methods may be used to establish a *prima facie* case that a document is what it portends to be.

While other methods of authentication may be equally appropriate, the Business Premises Exhibits may be authenticated based upon "the appearance, contents, substance, internal patterns, or other distinctive characteristics of the item, taken together with all the circumstances." Fed. R. Evid. 901(b)(4). Wholly circumstantial evidence, including the documents' distinctive characteristics and circumstances surrounding discovery, may be used to authenticate documents.[2]

In the Ninth Circuit, documents may be authenticated based solely upon the location where they are found. In *Burgess v. Premier Corp.*, 727 F.2d 826, 835 (9th Cir. 1983), the court rejected admissibility challenges to documents found in a plaintiff's warehouse. Holding that the district court could properly find that the exhibits were authentic based only upon their location, the court observed, "There was no motive shown for anyone to store false documents." *Id*.

Likewise, in *U.S. v. Black*, 767 F.2d 1334, 1342 (9th Cir. 1985), the court upheld a finding of authenticity based upon the fact that the challenged documents were found in the defendant's own records. In that case, the court held, "the strongest support for the government's position [of authenticity] is that the

---

[2] *U.S. v. Smith*, 918 F.2d 1501, 1510 (11th Cir. 1990).

evidence was in Black's possession at the time the government sought its production. That fact alone should warrant upholding the district court's decision [to admit]." *Id*. The court went on to state that the defendant could challenge the *weight* of the evidence but not its *admissibility*. *Id*.

Plaintiff's Business Premises Exhibits were identified and forensically imaged or photocopied during the Plaintiff's court-ordered immediate access to Defendants' business premises.[3] Like documents stored by a party in a warehouse, this Court may hold that Defendants' possession of documents—in offices, computers, or servers—by itself provides sufficient indicia that the documents are authentic. Any challenges to the documents should effect only the weight that the Court affords them, not their admissibility. Moreover, as this is a bench trial, there is no risk of unfair prejudice.

Defendants have provided no reasonable basis or credible argument for their objections to the authenticity of the Business Premises Exhibits. They produced no evidence showing the documents are anything but what Plaintiff purports the documents to be, namely, Defendants' own business record documents identified and copied from Defendants' own business premises.

---

[3] *See* Ninth Declaration of Federal Trade Investigator Brent D McPeek at Dkt. #430-1

## IV. Conclusion

For the foregoing reasons, the Court should grant Plaintiff's Motion *in Limine* to Authenticate Documents from Defendants' Business Premises for Trial and order that Plaintiff Exhibits 18, 46, 49, 79, 80, 101, 103-118, 152-153, 230, 232-245, 273, and 274 are properly authenticated for trial.

Dated: June 13, 2016

Respectfully submitted,
DAVID C. SHONKA
Acting General Counsel

DAMA J. BROWN
Regional Director

/s/ Reid Tepfer
_____
REID TEPFER
rtepfer@ftc.gov
Texas Bar No. 24079444
LUIS GALLEGOS
lgallegos@ftc.gov
Oklahoma Bar No. 19098
ZACHARY A. KELLER
zkeller@ftc.gov
Texas Bar No. 24087838
Federal Trade Commission
1999 Bryan Street, Suite 2150
Dallas, Texas 75206
(214) 979-9395 (Tepfer)
(214) 979-9383 (Gallegos)
(214) 979-9382 (Keller)
(214) 953-3079 (fax)
RAYMOND MCKOWN
rmckown@ftc.gov
California Bar No. 150975

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

10877 Wilshire Boulevard, Suite 700
Los Angeles, California 90024
(310) 824-4343(voice)
(310) 824-4380 (fax)

## CERTIFICATE OF SERVICE

The undersigned certifies that on June 13, 2016, a true and correct copy of the foregoing document was electronically filed with the clerk of the U.S. District Court, Central District of California, using the electronic case filing system of the court. The attorneys listed below were served pursuant to the ECF notice generated by the Court.

Erik S. Syverson
Raines Feldman LLP
9720 Wilshire Boulevard Fifth Floor
Beverly Hills, CA 90212
esyverson@raineslaw.com
*Counsel for Oz Mizrahi*

Robert M. Ungar
Crosswind Law
14724 Ventura Blvd Penthouse
Sherman Oaks, CA 91403
rmu@crosswindlaw.com
*Counsel for Alon Nottea and Roi Rueveni*

Randi R. Geffner
Esensten Law
12100 Wilshire Blvd.
Suite 1660
Los Angeles, CA 90025
(310) 273-3090
rgeffner@esenstenlaw.com
*Counsel for Doron Nottea and Motti Nottea*

Jeffrey Benice
Law Offices of Jeffrey S. Benice
A Professional Law Corporation
3080 Bristol Street
Sixth Floor, Suite 630
Costa Mesa, CA 92626

1  Telephone: (714) 641-3600 Ext. 214
2  *Counsel for Igor Latsanovski and*
3  *CalEnergy, Inc.*

4  Sagar Parikh
5  Beverly Hills Law Corp.
   433 N. Camden Dr., 6th Floor
6  Beverly Hills, CA 90210
7  *Counsel for Chargeback Armor, Inc.,*
   *Secured Merchants LLC, Paul Medina,*
8  *and Alan Argman*

9
10                                                       /s/ Reid Tepfer
                                                         Reid Tepfer
11
12
...
28