ROBERT L. ESENSTEN (SBN 65728)
    resensten@esenstenlaw.com
RANDI R. GEFFNER (SBN 116574)
    rgeffner@esenstenlaw.com
**ESENSTEN LAW**
12100 Wilshire Boulevard, Suite 1660
Los Angeles, California 90025
Telephone:  (310) 273-3090
Facsimile:   (310) 207-5969

Attorneys for Defendants DORON NOTTEA
and MOTTI NOTTEA

*Additional counsel listed on signature page*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>BUNZAI MEDIA GROUP, INC., *et al.*,<br><br>Defendants. | Case No.: 2:15-CV-04527-GW (PLAx)<br><br>*Assigned to the Honorable George Wu, Courtroom 10*<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF INDIVIDUAL DEFENDANTS' JOINT MOTION IN LIMINE**<br><br>Date: June 20, 2016<br>Time: 8:30 a.m.<br>Courtroom: 10<br>Judge: Honorable George Wu |

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ...................................................................................... 1

II. LEGAL STANDARD ................................................................................ 1

III. ARGUMENT ............................................................................................. 2

    A. THE COURT SHOULD EXCLUDE ALL EVIDENCE THAT DOES NOT DIRECTLY TIE DEFENDANTS TO THE ALLEGEDLY UNLAWFUL CONDUCT ............................................................. 2

        1. Evidence Of Activities Or Conduct Other Than The Allegedly Unlawful Activity Is Irrelevant For Purposes Of Establishing Individual Liability ........................................... 2

        2. Evidence Of Activities Or Conduct Other Than The Allegedly Unlawful Activity Is Irrelevant For Purposes Of Establishing A Common Enterprise ................................... 4

    B. THE RECEIVER'S REPORT CONSTITUTES INADMISSIBLE HEARSAY ............................................................................................. 6

    C. THE DIAGRAM PURPORTING TO DEPICT THE BUSINESS RELATIONSHIPS (EX. 1) IS INADMISSIBLE ................................. 6

        1. There Is No Foundation For The Diagram ............................... 6

        2. The Diagram Constitutes Inadmissible Hearsay .................... 7

        3. The Diagram Is Confusing And Lacks Probative Value ........ 7

    D. THE PURPORTED TEXT MESSAGE (EX. 330) IS INADMISSIBLE ............. 8

IV. CONCLUSION ......................................................................................... 9

**TABLE OF AUTHORITIES**

Page

Cases

Abbott v. Lockheed Martin Corp.,
    2009 WL 511866 (S.D. Ill. Feb. 27, 2009) ...................................................... 6

Brodt v. Bache & Co.,
    595 F.2d 459 (9th Cir. 1978) ........................................................................... 5

F.T.C. v. Data Med. Capital, Inc.,
    2010 WL 1049977 (C.D. Cal. Jan. 15, 2010) ................................................. 6

F.T.C. v. Grant Connect, LLC,
    827 F. Supp. 2d 1199, 1216 (D. Nev. 2011),
    vacated in part, 763 F.3d 1094 (9th Cir. 2014) ............................................. 4

F.T.C. v. Kuykendall,
    371 F.3d 745 (10th Cir. 2004) ......................................................................... 3

F.T.C. v. Network Servs. Depot, Inc.,
    617 F.3d 1127 (9th Cir. 2010) ......................................................................... 5

F.T.C. v. Publ'g Clearing House, Inc.,
    104 F.3d 1168 (9th Cir. 1997) .................................................................... 2, 3

F.T.C. v. Ross,
    2012 WL 2126533 (D. Md. June 11, 2012) ................................................... 2

F.T.C. v. Swish Mktg.,
    2010 WL 653486 (N.D. Cal. Feb. 22, 2010) ........................................... 2, 3, 4

F.T.C. v. WebSource Media, LLC,
    2007 WL 5463511 (S.D. Tex. July 2, 2007) ................................................... 4

Fed. Trade Comm'n v. Digital Interactive Assocs., Inc.,
    1997 WL 524930 (D. Colo. Jan. 24, 1997) ..................................................... 4

Jenkins v. Chrysler Motors Corp.,
    316 F.3d 663 (7th Cir. 2002) ........................................................................... 1

Jones v. Stotts,
    59 F.3d 143 (10th Cir. 1995) ........................................................................... 1

Luce v. United States,
    469 U.S. 38 (1984) .......................................................................................... 1

S.E.C. v. Eurobond Exch., Ltd.,
    13 F.3d 1334 (9th Cir. 1994) ........................................................................... 5

United States v. Bldg. Insp. of Am., Inc.,
    894 F. Supp. 507 (D. Mass. 1995) .............................................................. 2, 3

United States v. Bldg. Inspector of Am., Inc.,
    894 F. Supp. 507 (D. Mass. 1995) ................................................................. 3

Wichansky v. Zowine,
    2015 WL 8528396 (D. Ariz. Dec. 11, 2015) ................................................. 6

<u>Rules</u>

Fed. R. Evid. 403 ................................................................................................ 5, 7

Fed. R. Evid. 801 ................................................................................................... 7

Fed. R. Evid. 802 ................................................................................................... 7

Fed. R. Evid. 901 ............................................................................................ 6, 8, 9

## I.   INTRODUCTION

Individual Defendants Alon Nottea, Oz Mizrahi, Roi Reuveni, Igor Latsanovski, Paul Medina, Alan Argaman, and Doron Nottea (hereinafter, "Individual Defendants") jointly file this Motion in Limine to exclude the following evidence at Trial:

    (1)    Evidence as to Defendants' involvement in any activity unrelated to the allegedly unlawful conduct as being irrelevant and lacking foundation;

    (2)    The Receiver's Report as constituting inadmissible hearsay and lacking foundation;

    (3)    The Federal Trade Commission ("FTC")-created diagram (Exhibit 1 to the FTC's MSJ) as lacking foundation, constituting inadmissible hearsay, and being confusing and lacking probative value; and

    (4)    The purported text message that the FTC claims Defendant Doron Nottea sent to himself as lacking foundation and being unauthenticated (Ex. 330).

For the reasons set forth below, the Court should grant Individual Defendants' Motion in Limine in its entirety and exclude each category of evidence.

## II.   LEGAL STANDARD

A motion in limine allows a party to seek a preliminary ruling on the admissibility of evidence.  A motion in limine is a request for the court's guidance concerning an evidentiary issue.  <u>Jones v. Stotts</u>, 59 F.3d 143, 146 (10th Cir. 1995). District courts, under their inherent authority to manage trials, are authorized to grant motions in limine and make a preliminary ruling as to the admissibility of evidence.  <u>Luce v. United States</u>, 469 U.S. 38, 41 n.4 (1984).  District courts have broad discretion to grant a motion in limine and make evidentiary rulings excluding certain categories of evidence prior to trial.  <u>Jenkins v. Chrysler Motors</u>

1

Corp., 316 F.3d 663, 664 (7th Cir. 2002).

## III. ARGUMENT

### A. THE COURT SHOULD EXCLUDE ALL EVIDENCE THAT DOES NOT DIRECTLY TIE DEFENDANTS TO THE ALLEGEDLY UNLAWFUL CONDUCT

The allegedly unlawful conduct upon which the FTC bases its claims against Defendants is limited to two types of conduct: (1) alleged omissions and false representations on the website (Counts I, II, III, V); and (2) alleged unlawful credit card charges (Counts IV, V, VI).  Evidence as to any particular Defendant's involvement in any activity other than the allegedly unlawful conduct is wholly irrelevant to this action because it is not relevant to establish either individual liability or the existence of a common enterprise.

#### 1. Evidence Of Activities Or Conduct Other Than The Allegedly Unlawful Activity Is Irrelevant For Purposes Of Establishing Individual Liability

Under Ninth Circuit precedent, an individual defendant is not subject to injunctive relief or otherwise liable unless he or she *participated directly in the allegedly wrongful* or unlawful activity or *exerted direct control over the allegedly wrongful* and unlawful activity.  F.T.C. v. Publ'g Clearing House, Inc., 104 F.3d 1168, 1170-71 (9th Cir. 1997).  If the individual defendant's participation or control does not extend to the allegedly wrongful activity, he or she is not liable for injunctive or restitutionary relief.  Id.; F.T.C. v. Swish Mktg., 2010 WL 653486, at *5 (N.D. Cal. Feb. 22, 2010); United States v. Bldg. Insp. of Am., Inc., 894 F. Supp. 507, 520 (D. Mass. 1995).  Likewise, the knowledge required to hold an individual defendant liable for restitution must also extend to the allegedly unlawful activity of the corporate defendant.  Publ'g Clearing House, 104 F.3d at 1171; see F.T.C. v. Ross, 2012 WL 2126533, at *6 (D. Md. June 11, 2012) (evidence indicating that individual defendant "had some degree of control over

certain aspects of [the company's] affairs" was irrelevant to proving she had control over the content of representations).

In its reply brief in support of its unsuccessful Motion for Summary Judgment, the FTC argued that control over any aspect of the company, as opposed to the allegedly wrongful conduct, can provide the basis for imposition of individual liability. (FTC Reply to Doron's Opposition to MSJ, Dkt. #437, at 3.) This nonsensical argument, unsupported by any authority, would create an exception that would swallow the rule by exposing every employee exerting control over any aspect of a company to individual liability. Indeed, under the FTC's proposed rule, a company's treasurer could be held vicariously liable for false representations made by others in the company simply because the treasurer exerts control over unrelated financial matters. This is not the law. Bldg. Insp. of Am., 894 F. Supp. at 520 (holding that FTC's case against treasurer based upon false representations in franchise offer is "practically nonexistent" where there is "no evidence in the record that she was ever involved authorizing, drafting or approving the content of the [representations]").

As the Ninth Circuit and lower courts have held, the control that the individual defendant exerts must be *over the allegedly wrongful activity*. Id.; Publ'g Clearing House, 104 F.3d at 1170 (must prove that individual defendant "participated directly in the acts or practices or had authority to control them"); Swish Mktg., 2010 WL 653486, at *5. The control must be such that the individual defendant has the ability to "prevent" the allegedly wrongful conduct. F.T.C. v. Kuykendall, 371 F.3d 745, 763 (10th Cir. 2004). Simply put, evidence that an individual defendant directly participated in or controlled activities other than the allegedly wrongful conduct is irrelevant.

It follows that prior to introducing any evidence implicating Defendants' involvement, the FTC, therefore, must establish a foundation that any such evidence implicates that Defendants either (1) directly participated in drafting the

allegedly false representations on the website or asserted direct control over the persons who did so; or (2) directly participated in processing the allegedly unlawful credit card charges or asserted direct control over the persons who did so. Absent such a showing by the FTC, the evidence is irrelevant. See Swish Mktg., 2010 WL 653486, at *5-6 (dismissing individual defendant where FTC was unable to tie relationship between the individual defendant and the fraudulent scheme).[1]

### 2. Evidence Of Activities Or Conduct Other Than The Allegedly Unlawful Activity Is Irrelevant For Purposes Of Establishing A Common Enterprise

Activities unrelated to the wrongful conduct are likewise irrelevant to establish the existence of a common enterprise or the participating members of a common enterprise. The factors for the existence of a common enterprise do not concern themselves with an individual's conduct in activities unrelated to the wrongful conduct. The five factors to establish a common enterprise are common control, sharing office spaces, whether business is transacted through a maze of interrelated companies, the commingling of corporate funds, unified advertising, and no real distinction between the corporate defendants. F.T.C. v. Grant Connect, LLC, 827 F. Supp. 2d 1199, 1216 (D. Nev. 2011), vacated in part, 763 F.3d 1094 (9th Cir. 2014). These factor focus on *corporate* conduct, not an *individual's* conduct. For instance, Defendant Doron Nottea's individual conduct related to bookkeeping is wholly unrelated and irrelevant to these factors and therefore completely irrelevant to the existence of a common enterprise. See Fed. Trade Comm'n v. Digital Interactive Assocs., Inc., 1997 WL 524930, at *2 (D. Colo. Jan.

---

[1] For this reason, products unrelated to this litigation and which were not purchased by a testifying witness are irrelevant. F.T.C. v. WebSource Media, LLC, 2007 WL 5463511, at *2 (S.D. Tex. July 2, 2007) (evidence relating to individual defendant's role with products outside of the scope of the FTC's claims were irrelevant and inadmissible).

24, 1997) (evidence of payments to individual defendants were irrelevant to corporate to claims and irrelevant to claims of corporate unity of interest and ownership).

Similarly, the test to determine a corporate defendant's membership in the common enterprise likewise does not concern itself with an individual's conduct in activities unrelated to the wrongful conduct. To be a member of a common enterprise, there must be "vertical commonality" to the other wrongdoing members of the common enterprise. S.E.C. v. Eurobond Exch., Ltd., 13 F.3d 1334, 1339 (9th Cir. 1994). "[T]he requisite element of vertical commonality" requires that the defendant's fortunes be "linked" with the fortunes of the wrongdoing members of the common enterprise. Id.; Brodt v. Bache & Co., 595 F.2d 459, 460 (9th Cir. 1978); F.T.C. v. Network Servs. Depot, Inc., 617 F.3d 1127, 1142-43 (9th Cir. 2010). The focus is on whether there is a "direct correlation" between the success or failure of the corporate wrongdoer's alleged conduct and the success or failure of the other corporate defendants. Brodt, 595 F.2d at 461. Under this test, Defendant Doron Nottea's individual conduct related to shipping rates, a P.O. box, or taxes (allegations relied upon by the FTC in its MSJ), for example, is wholly unrelated to whether any such direct correlation between the any two corporate defendants.

Because such evidence is irrelevant, the Court should issue a ruling that evidence concerning Defendants' involvement in conduct unrelated to the alleged unlawful conduct is inadmissible. Further, any minimal relevance would undoubtedly be outweighed by the undue prejudice Defendants would suffer and the exorbitant time that would be wasted litigating factual disputes and conduct irrelevant to the ultimate resolution of this action. See Fed. R. Evid. 403. Indeed, the over 900 exhibits attached to the FTC's MSJ largely consisted of conduct unrelated to the alleged unlawful conduct.

///

If any evidence of conduct unrelated to the wrongful conduct could be relevant to proving any of the factors for the existence of a common enterprise or anything else unrelated to imposing individual liability, the names of persons on any such evidence should be redacted. Courts have consistently "found redaction appropriate where the information redacted was not relevant to the issues in the case." Abbott v. Lockheed Martin Corp., 2009 WL 511866, at *2 (S.D. Ill. Feb. 27, 2009) (collecting cases therein).

### B. THE RECEIVER'S REPORT CONSTITUTES INADMISSIBLE HEARSAY

In its MSJ, the FTC placed substantial reliance on Docket No. 120, which is the Report of the Receiver. The FTC's Statement of Undisputed Facts cited conclusions made in the Receiver's Report as supporting evidence at least 23 separate times. This Report is inadmissible hearsay and should be excluded by the Court. Wichansky v. Zowine, 2015 WL 8528396, at *10 (D. Ariz. Dec. 11, 2015) (receiver report is inadmissible hearsay); F.T.C. v. Data Med. Capital, Inc., 2010 WL 1049977, at *28 (C.D. Cal. Jan. 15, 2010) (Stotler, J.) ("Receiver's Report is hearsay insofar as the Court is asked to make factual findings based on the various conclusions drawn by the Receiver…and [the] objections thereto are sustained").

In that it is inadmissible hearsay, there is simply no basis for admitting the Receiver's Report into evidence.

### C. THE DIAGRAM PURPORTING TO DEPICT THE BUSINESS RELATIONSHIPS (EX. 1) IS INADMISSIBLE

The FTC seeks to introduce into evidence a diagram (Exhibit 1 to the FTC's MSJ) purporting to depict the business relationships between the multiple Defendants herein; however, said diagram is wholly inadmissible on multiple grounds.

#### 1. There Is No Foundation For The Diagram

Federal Rules of Evidence 901 requires that evidence be authenticated by the proponent thereof. "To satisfy the requirement of authenticating or identifying an

1  item of evidence, the proponent must produce evidence sufficient to support a
2  finding that the item is what the proponent claims it is." Fed. R. Evid. 901.
3      In order to authenticate the diagram, the FTC must provide witness
4  testimony as to foundational facts from which the Court could make a
5  determination that the diagram is what the FTC claims it is. Unless the FTC calls a
6  witness who prepared the diagram, with personal knowledge of the contents
7  thereof and testimony as to the preparation, such that it can be determined that the
8  diagram is what the FTC claims it to be, the diagram is inadmissible.

9      **2.   The Diagram Constitutes Inadmissible Hearsay**
10     Hearsay is a statement made not while testifying at a court hearing and
11 offered in evidence to prove the truth of the matter asserted. Fed. R. Evid. 801(c).
12 Hearsay evidence is inadmissible. Fed. R. Evid. 802.
13     The diagram is inadmissible double-layered hearsay. The first layer of
14 hearsay is the unknown information upon which the unknown maker of the
15 diagram based his or her information. The second layer of hearsay is the diagram
16 itself: It is an unauthenticated (see above) out of court statement that is offered for
17 the truth of the matters asserted therein. The FTC presumably seeks to admit this
18 diagram purportedly outlining the relationship between the Defendants to prove the
19 existence of the "common enterprise" upon which it bases its theories of liability
20 against the multiple Defendants. As such, it is classic hearsay and is inadmissible.

21     **3.   The Diagram Is Confusing And Lacks Probative Value**
22     Even if the diagram were otherwise admissible, which it is not, it must be
23 excluded pursuant to Federal Rules of Evidence 403, which provides as follows:
24 "The court may exclude relevant evidence if its probative value is substantially
25 outweighed by a danger of one or more of the following: unfair prejudice,
26 confusing the issues, misleading the jury, undue delay, wasting time, or needlessly
27 presenting cumulative evidence." Fed. R. Evid. 403.
28

The diagram is inadmissible on several grounds set forth in Federal Rules of Evidence 403.  It is irreparably confusing, as it is nothing but a spider web of lines and text that does nothing to elucidate the purported relationships between the Defendants.  It is misleading, as it does not clearly or accurately reflect the actual facts, as corroborated by the evidence in this case, as to the entities and the ownership and control thereof.   Further, it is an undue waste of time.  The foundational testimony necessary to authenticate and explain the diagram (which would require the FTC to call at least one witness to establish) will be lengthy and ultimately cumulative, as the direct evidence as to the relationships between the Defendants, and more specifically, the lack of participation of Defendant Doron Nottea in the management or control of the entity Defendants, is far more probative and credible than a diagram created by the FTC for the purpose of this litigation.

As such, there are multiple grounds for excluding the diagram, and no evidentiary basis for admitting it into evidence.

### D. THE PURPORTED TEXT MESSAGE (EX. 330) IS INADMISSIBLE

The FTC seeks to admit what it contends, without any evidentiary support, to be a text message that Defendant Doron Nottea allegedly sent to himself.  Not only does that contention make no sense whatsoever, the text message is inadmissible due to lack of authentication.  Evidence lacks authentication, and is thus inadmissible, if the proponent of the evidence is unable to establish that the evidence is what the proponent claims it to be.  Fed. R. Evid. 901(a).

Here, there is no evidence supporting the contention of the FTC as to what the text message is.  That the text message is what the FTC claims it to be—a message authored by Doron and sent by him to his own email address—is belied by common sense as well as its content.  The very notion that someone would send a text message to his or her own email address is farfetched.  Further, the content of the text message asks the person on the other end of the conversation to "let

your attorney speak to their attorney" or "I will [have] to [act]." Clearly, this is not a text message that a person emails to himself, but rather is a portion of a conversation between two different people. The FTC cannot authenticate this document, and the content thereof makes clear that it is not what the FTC claims it is. As such, the purported text message (Exhibit 330) is inadmissible due to lack of foundation and authentication. See Fed. R. Evid. 901(a).

## IV. CONCLUSION

Based on the foregoing, the Court should grant Defendants' Joint Motion in Limine, excluding the proffered evidence from Trial.

Dated: June 13, 2016

**ESENSTEN LAW**
ROBERT L. ESENSTEN
RANDI R. GEFFNER

By: */s/ Robert L. Esensten*
Robert L. Esensten
Attorneys for Defendants DORON NOTTEA and MOTTI NOTTEA

Additional Counsel for Individual Defendants:

Robert M. Ungar, Esq.
CROSSWIND LAW
14724 Ventura Blvd., Penthouse
Sherman Oaks, California 91403
TEL: (310) 405-1884

Counsel for Defendants, Alon Nottea, Roi Ruevenu and Adageo, LLC

Jeffrey S. Benice, Esq.
LAW OFFICES OF JEFFREY S. BENICE
3080 Bristol Street, Suite 630
Costa Mesa, California 92626
TEL: (714) 641-3600
FAX: (714) 641-3604

Counsel for Defendants, Igor Latsanovski and CalEnergy, Inc.

Sagar Parikh, Esq.
BEVERLY HILLS LAW CORP., PC
433 N. Camden Drive, 6th Floor
Beverly Hills, California 90210
TEL: (310) 887-1338

1    FAX: (310) 982-2603

2

3    Counsel for Defendants Paul Medina,
Alan Argaman, Chargeback Armor,
4    Inc. and Secured Merchants, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on June 13, 2016, I electronically filed the foregoing document entitled **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF INDIVIDUAL DEFENDANTS' JOINT MOTION IN LIMINE** with the Clerk of the Court by using the CM/ECF System.

                               */s/ Robert L. Esensten*
                               Robert L. Esensten