ROBERT M. UNGAR (State Bar No. 102007)
rmu@ungarlaw.com
14724 Ventura Blvd., PH
Sherman Oaks, CA 91403
Telephone: (310) 405-1884

BEN PETTIT (State Bar No. 135941)
ben@benpettit.com
20 E. Pueblo Street
Santa Barbara, CA 93105
Telephone (805) 896-5113

**Attorneys for Defendants:** Alon Nottea and Roi Reuveni

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>BUNZAI MEDIA GROUP, INC., et al.,<br><br>Defendants. | CASE NO.  2:15-CV-4527-GW (PLAx)<br><br>[*Assigned to the Honorable George H. Wu, Courtroom 10*]<br><br>**DEFENDANTS' JOINT MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO PRE-ADMIT EXHIBITS FOR TRIAL [DOC # 467]**<br><br>**DATE: June 20, 2016**<br>**TIME:  8:30 A.M.**<br>**CTRM: 10** |

Defendants Alon Nottea, Oz Mizrahi, Roi Reuveni, Igor Latsanovski, Paul Medina, Alan Argaman, and Doron Nottea (hereinafter "Individual Defendants") oppose Plaintiff's Motion *in limine* to pre-admit exhibits for trial [Doc. # 467], for the following reasons:

1. <u>The Consumer Declarations [Exhibits 2-15] Are Inadmissible Hearsay</u>.

Plaintiff offers consumer declarations [Exhibits 2-15] (collectively the "Consumer Declarations") as proof of the matters asserted therein. [FRE 801(c); 802]. Plaintiff does not dispute the Consumer Declarations are hearsay. [Doc. # 467, 2:11-14] Plaintiff argues the Consumer Declarations may be admitted under the rarely used FRE 807 exception. Defendants disagree.

Plaintiff relies on *F.T.C. v. Figgie Int'l, Inc.,* 994 F.2d 595, 608 (9th Cir.1993) ("*Figgie*"). To be admissible under FRE 807, *Figgie* and FRE 807 require that the hearsay statement: (1) have "equivalent circumstantial guarantees of trustworthiness;" (2) be "offered as evidence of a material fact;" (3) be "more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts;" and (4) be admitted to "best serve the purposes of these rules and the interests of justice." *Id. Figgie* further requires the trial court to make "detailed findings" when admitting evidence under FRE 807. *Id.* "Detailed findings" are necessary because FRE 807 "is not to be used as a new and broad hearsay exception, but rather is to be used rarely and in exceptional circumstances." *Mutuelles Unies v. Kroll & Linstrom,* 957 F.2d 707, 713 (9th Cir. 1992), (citing *Fong v. Am. Airlines,* 626 F.2d 759, 763 (9th Cir. 1980). Under *Figgie*, The proponent of the out-of-court statement must give the adverse party sufficient notice to provide a fair opportunity to prepare to meet it. Plaintiff, as the hearsay proponent, bears the burden of persuasion. *United States v. Chang,* 207 F.3d 1169, 1176 (9th Cir. 2000)

(a) Use of FRE 807 does not serve the interest of justice in this case. Defendants should have a fair opportunity to meet the proffered hearsay. Due to the asset freeze, Plaintiff has cut off Defendants from financial resources needed to confront this testimonial hearsay through discovery. Having tied Defendants hands with the asset freeze, it is fundamentally unfair if Defendants are not permitted to meet these hearsay statements through cross-examination at trial. Justice is not

served if to do so means denying fundamental fairness. And, what could be more fundamental than the right of cross-examination. An asset freeze further restricts the already exceptional circumstances when use of the FRE 807 exception is warranted.

(b) The Consumer Declarations are inherently untrustworthy. In *Figgie*, the Court permitted a summary of contemporaneous consumer letters. Unlike *Figgie*, Plaintiff is offering declarations (testimonial hearsay) written by Plaintiff's counsel <u>for purposes of litigation</u>. As such, the statements written by Plaintiff's counsel are inherently untrustworthy. The statements are also unreliable. The Consumer Declarations, drafted and signed in or around June 2015, describe events, observations, conversations, and conditions that often occurred years earlier.

For example, in Exhibit 5 [Doc. # 353-6, 2-5] the declarant describes from memory details about a website visited more than 3 years beforehand. The declarant then recites statements made to and by a "representative" more than 3 years earlier. The declarant then describes what the declarant did not see on the "website" more than 3 years earlier, but does not offer a photo, screen capture, or other image of the "website" viewed. Finally, the declarant attaches a Discover card statement. The Discover card statement and the "representative" statements are hearsay. FRE Rule 805 states that "hearsay within hearsay" is inadmissible, unless an exception applies to each part of the combined statement. Plaintiff offers no exceptions to the hearsay within hearsay. Exhibit 5 demonstrates the same lack of reliability in each proffered declaration, all of which contain similar hearsay within hearsay.

(c) Plaintiff has not satisfied its burden. Plaintiff has not provided sufficient details to bring each Consumer Declaration within the FRE 807 exception. Moreover, Plaintiff has not laid a foundation for attachments to the Consumer Declarations nor demonstrated applicable exceptions for hearsay within hearsay.

2. <u>Exhibit 596 Lacks Foundation For Hearsay Exception</u>.

(a) The EDD records are hearsay. [FRE 801(c); 802]

(b) There is no declaration that satisfies the FRE 803(6) A-C requirements for the regularly conducted activity hearsay exception.

3. Exhibit 600 Lacks Foundation For Hearsay Exception.

(a) The Signapay records are hearsay. [FRE 801(c); 802]

(b) No showing is made that the declarant is a custodian or otherwise qualified to make the certification. As such, the declaration [Exhibit 600-6] fails to satisfy the FRE 803(6)(D) requirement for the regularly conducted activity hearsay exception.

4. Exhibit 907 Lacks Foundation And Is Inadmissible Hearsay [Doc. # 353-27, 10-27].

(a) The Exhibit 907 Certification is hearsay. [FRE 801(c); 802]

(b) There is no foundation for how the declarant has personal knowledge of the matters set forth in the declaration, or if the declarant is a custodian or otherwise qualified to make the certification.

(c) As such, the records exception under FRE 803(6) is not satisfied, and the documents are not self-authenticated under FRE 902(11). [Rule 803(6)(D) - conditions must be shown by the testimony of the custodian or another qualified witness]

(d) The "Business Review" referred to in Paragraph 5 is not attached and is hearsay. There is no foundation for the "Business Review" or the "geographical area" in which the "BBB" operates. Reference to the purported content of the "Business Review" is hearsay within hearsay within hearsay. Plaintiff does not offer exceptions for each of the hearsay parts.

(e) The summary of consumer complaints (Attachments A and B) are hearsay within hearsay. To be admissible, the summary of consumer complaints can only be admissible if the consumer complaints themselves satisfy a hearsay exception. *Figgie, supra*, at 607. While Plaintiff suggests the FRE 807 exception

4

applies to the consumer complaints, Plaintiff has made no detailed showing that such an exception is warranted.

For the reasons outlined herein, Individual Defendants request that Plaintiff's motion *in limine* to pre-admit exhibits for trial be denied.

DATED: June 15, 2016

                                        */s/ Robert M. Ungar*
                                        ROBERT M. UNGAR
                                        Attorney for Defendants
                                        Alon Nottea and Roi Reuveni

Additional Counsel for Individual Defendants:

Sagar Parikh, Esq.
BEVERLY HILLS LAW CORP., PC
433 N. Camden Drive, 6th Floor
Beverly Hills, California 90210
TEL: (310) 887-1338
FAX: (310) 982-2603
Counsel for Defendants Paul Medina, Alan Argaman, Chargeback Armor, Inc. and Secured Merchants, LLC

Jeffrey S. Benice, Esq.
LAW OFFICES OF JEFFREY S. BENICE
3080 Bristol Street, Suite 630
Costa Mesa, California 92626
TEL: (714) 641-3600
FAX: (714) 641-3604
Counsel for Defendants, Igor Latsanovski and CalEnergy, Inc.

Robert L. Esensten, Esq.
Randi R. Geffner, Esq.
ESENSTEN LAW
12100 Wilshire Boulevard, Suite 1660
Los Angeles, California 90025
Telephone: (310) 273-3090
Facsimile: (310) 207-5969
Counsel for Defendants Doron Nottea and Motti Nottea