1  DAVID C. SHONKA
   Acting General Counsel
2

3  REID TEPFER
   rtepfer@ftc.gov; Tex. Bar No. 24079444
4  LUIS GALLEGOS
   lgallegos@ftc.gov; Okla. Bar No. 19098
5  ZACHARY A. KELLER
   zkeller@ftc.gov; Tex. Bar No. 24087838
6  DAMA J. BROWN
   Dbrown1@ftc.gov; Mi. Bar No. P54775
7

8  Federal Trade Commission
   1999 Bryan Street, Suite 2150
9  Dallas, Texas 75201
   (214) 979-9395 (Tepfer); (214) 979-9383 (Gallegos);
10 (214) 979-9382 (Keller); (214) 979-9374 (Brown)
   (214) 953-3079 (fax)
11

12 RAYMOND MCKOWN
   rmckown@ftc.gov; Cal. Bar No. 150975
13 10877 Wilshire Boulevard, Ste 700
   Los Angeles, California 90024
14 (310) 824-4343(voice); (310) 824-4380 (fax)
15

16 Attorneys for Plaintiff Federal Trade Commission

17                    UNITED STATES DISTRICT COURT
                      CENTRAL DISTRICT OF CALIFORNIA
18

19
   | | |
   |---|---|
   | **FEDERAL TRADE COMMISSION,** | Case No. CV 15-4527-GW(PLAx) |
   | Plaintiff, | **PLAINTIFF FTC'S RESPONSE TO DEFENDANTS ALON NOTTEA, OZ MIZHRAHI [sic], ROI REUVENI, IGOR LATSANOVSKI, PAUL MEDINA, ALAN ARGAMAN, AND DORON NOTTEA'S JOINT MOTION IN LIMINE** |
   | v. | |
   | **BUNZAI MEDIA GROUP, INC.,** *et al.,* | |
   | **Defendants.** | |

27

28

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS' JOINT MOTION IN LIMINE**

1

# TABLE OF CONTENTS

2

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

3

  I.      INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

4

  II.     EVIDENCE RELATED TO COMPONENTS OF PLAINTIFF'S
PRIMA FACIE CASE ARE RELEVANT AND ADMISSIBLE . . . . . . 2

5

       A. Evidence of Individual Defendants' Participation, Authority to
Control, and Common Enterprise is Relevant . . . . . . . . . . . . . . . .2

6

            1.  Evidence of Individual Participation in Acts Crucial to the
Success of an Enterprise Is Relevant . . . . . . . . . . . . . . . . . .3

7

8

            2.  Evidence of Individual Defendants' Authority to Control
Corporate Affairs Is Relevant . . . . . . . . . . . . . . . . . . . . . . 4

9

            3.  Evidence of Individual Defendants' Activities Relating to
Common Enterprise Is Relevant . . . . . . . . . . . . . . . . . . . . 7

10

  III.    THE RECEIVER'S REPORT IS ADMISSIBLE EVIDENCE . . . . . . . 8

11

12

       A. The Receiver's Report is Admissible under the Federal Rules of
Evidence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

13

       B. The Receiver's Report is Admissible under Local Rule 43-1 . . . 9

14

       C. Defendants Mischaracterized the Case Law on Admitting
Receiver's Reports . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

15

16

       D. Alternatively, the Evidence Cited in the Receiver's Report is
Admissible. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

17

  IV.    THE FTC IS NOT OFFERING THE REFERENCED DIAGRAM INTO
EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

18

19

  V.     EXHIBIT 330'S AUTHENTICITY IS ESTABLISHED—AND CAN
BE RE-ESTABLISHED AT TRIAL. . . . . . . . . . . . . . . . . . . . . . . . . 13

20

  VI.    CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

21

22

23

24

25

26

27

28

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS' JOINT MOTION IN LIMINE**

1

# TABLE OF AUTHORITIES

2

**Cases**

3  *Del. Watch Co. v. FTC*, 332, F.2d 745 (2d Cir. 1964) ...............................................7

4  *FTC v. Am. Standard Sys., Inc*., 874 F.Supp. 1080 (C.D. Cal. 1994) .................5, 6

5  *FTC v. Data Medical Capital, Inc.*, No. SACV 99-1266AHS(EEX), 2010 WL
    1049977 (C.D. Cal. Jan. 15, 2010) .............................................................. 11, 12

6  *FTC v. Freecom Communications, Inc.*, 401 F.3d 1192 (10th Cir.2005) ...............6

7  *FTC v. Ivy Capital, Inc.*, No. 2:11-CV-283, 2013 WL 1224613 (D.Nev. Mar. 26,
    2013) ....................................................................................................................5

8  *FTC v. J.K. Publications, Inc*., 99 F.Supp. 2d 1176 (C.D. Cal. 2000)............ 3, 5, 7

9  *FTC v. LoanPointe, LLC*, No. 2:10-CV0225DAK, 2011 WL 4348304 (D. Utah
    Sept. 16, 2011) ....................................................................................................5

10 *FTC v. Medicor LLC*, 217 F. Supp. 2d 1048 (C.D. Cal. 2002) ...........................4,6

11 *FTC v. Network Srvs. Depo, Inc*. 617 F.3d 1127 (9th Cir. 2010)...........................7

   *FTC v. Publishing Clearing House*, 104 F.3d 1168 (9th Cir. 1997) .......................3

12 *FTC v. Transnet Wireless Corp.*, 506 F. Supp. 2d. 1247 (S.D. Fla. 2007) ............5

13 *FTC v. Winward Mktg.*, No. Civ. A. 1:96-CV-615F, 1997 WL 33642380 (N.D.
    Ga. Sept. 30, 1997) .............................................................................................5

14 *FTC v. Wolf.*, No. No. 94–8119–CIV–FERGUSON, 1996 WL 812940, 1997-1
    Trade Cas. (CCH) ¶ 71,713 (S.D. Fla. Jan. 31, 1996).......................................7

15 *FTC v. World Media Brokers*, 415 F.3d 758 (7th Cir. 2005) .................................6

16 *In re National Credit Mgmt. Group, L.L.C.*, 21 F. Supp. 2d 424 (D.N.J. 1998)......4

17 *Wichansky v. Zowine*, No. CV-13-01208-PHX-DGC, 2015 WL 8528396 (D. Ariz.
    Dec. 11, 2015) ...................................................................................................10

18

19

**Rules**

20 FED. R. EVID. 401...................................................................................................2

21 Local Rule 43-1 ......................................................................................................9

22

23

24

25

26

27

28

## I.   INTRODUCTION

Defendants Alon Nottea, Roi Reuveni, Igor Latsanovski, Paul Medina, Alan Argaman, and Doron Nottea ("Individual Defendants") seek to exclude whole categories of, and three specific, trial exhibits Plaintiff anticipates offering at trial. (*See* Dkts. 470-1). Specifically, the Individual Defendants seek to exclude: (1) as irrelevant and lacking foundation, any evidence not directly related to the alleged unlawful conduct; (2) as inadmissible hearsay and lacking foundation, the Receiver's Report; (3) as lacking foundation, as inadmissible hearsay, and as confusing and lacking probative value, the FTC-created diagram (identified as Exhibit 1 to the FTC's Motion for Partial Summary Judgment, Dkt. 453-1), and (4) as inadmissible, the text message in Ex. 330.

Plaintiff will establish the relevance and authenticity of each category and specific exhibit to which Individual Defendants object in their motion.  Plaintiff will also demonstrate that each exhibit is either not hearsay, or properly falls within a hearsay exception, and is therefore admissible.  Accordingly, at the time Plaintiff offers these exhibits, the Court may accept into evidence and consider the exhibits to which the Individual Defendants object in this motion.  Thus, Plaintiff respectfully requests Individual Defendants' Joint Motion in Limine be denied in whole.

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS' JOINT MOTION IN LIMINE**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## II.   EVIDENCE RELATED TO COMPONENTS OF PLAINTIFF'S PRIMA FACIE CASE ARE RELEVANT AND ADMISSIBLE

Individual Defendants' objection to any evidence not directly related to alleged omissions and false representations on the website, and alleged unlawful credit card charges, is overbroad and unfounded.  Individual Defendants' recitation of the law regarding individual liability oversimplifies the law regarding individual liability and Plaintiff's case, which requires evidence of the law violations, the common enterprise, individual liability elements, and consumer injury.

### A.   Evidence of Individual Defendants' Participation, Authority to Control, and Common Enterprise is Relevant

Individual Defendants contend that evidence of activities or conduct other than the allegedly unlawful activity is irrelevant for purposes of establishing individual liability.[1]  As a preliminary matter, Defendants ignore the low threshold for relevance:  "[e]vidence is relevant if:  (a) it has *any* tendency to make a fact more or less probable than it would be without the evidence; and (b)  the fact is of consequence in determining the action."[2] Further, as the Defendants misunderstand, evidence that has "*any* tendency" to show participation *or* control of the corporation is relevant.

"Individual defendants may be held liable for injunctive relief for the corporate defendants' violations of the FTC Act if the FTC demonstrates that the

---

[1] Memorandum of Points and Authorities in Support of Individual Defendants' Joint Motion in Limine, Dkt. 470-1, at 2.

[2] FED. R. EVID. 401 (emphasis added).

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS' JOINT MOTION IN LIMINE**

individual defendants participated directly in the wrongful acts or practices or had authority to control the corporations."[3] To suppose otherwise would be to ignore precedent and the possibility that liability extends to those who control the corporation but turn a blind eye to unlawful practices. The law clearly presumes such a basis for individual liability, or else an additional knowledge requirement for restitution would be superfluous.

### 1. Evidence of Individual Participation in Acts Crucial to the Success of an Enterprise Is Relevant

Individual Defendants misread *FTC v. Publishing Clearing House*, 104 F.3d 1168 (9th Cir. 1997) For example, "participation" in the acts or practices can include an individual working at and drawing a salary from the company, even if the individual is not involved in day-to-day operations.  *See, e.g., FTC v. J.K. Publications, Inc.*, 99 F.Supp. 2d 1176, 1206 (C.D. Cal. 2000).  Moreover, where an officer participates in "acts crucial to the success" of an enterprise, the officer has directly participated for purposes of individual liability.  *Id.*

In *J.K. Publications*, for instance, the court held liable a corporate officer who had used her credit to obtain merchant accounts and signing agreements to purchase a database of consumers for the corporate defendant. *Id*. In other instances, courts have found individual liability where an individual defendant: (1)

---

[3] *FTC v. J.K. Publ'ns, Inc.*, 99 F. Supp. 2d 1176, 1203 (C.D. Cal. 2000) (citing *FTC v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1170 (9th Cir. 1997).

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS' JOINT MOTION IN LIMINE**

although having the title of "consultant," was very active in corporate defendant's operations and had the authority to formulate and implement corporate policies and procedures, [4] or (2) was the vice president of, and worked daily at, the defendant corporation, assisted in managing the daily affairs, supervised the distribution and compliance departments, and signed refund checks.[5]

The FTC intends to introduce evidence of how each of the Individual Defendants' was involved in the common enterprise.  It is to the trier of fact to determine whether the preponderance of this evidence proves each Individual Defendant's participation in the common enterprises' activities.  Therefore, excluding evidence of activities indicative of their individual participation and the extent of it, whole cloth, should be denied.

### 2.  Evidence of Individual Defendants' Authority to Control Corporate Affairs Is Relevant

Additionally, Individual Defendants seek to narrow evidence introduced to show each Individual Defendant may have had the authority to control.  Individual Defendants misconstrue the FTC's position that control over certain aspects of the company can establish control of the corporation, and thereby, control of the unlawful practices.

---

[4] *FTC v. Medicor LLC*, 217 F. Supp. 2d 1048, 1055 (C.D. Cal. 2002).
[5] *In re National Credit Mgmt. Group, L.L.C.*, 21 F. Supp. 2d 424, 461 (D.N.J. 1998).

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS' JOINT MOTION IN LIMINE**

Because control of the corporation amounts to authority to control unlawful practices, any evidence that *tends* to make more probable the fact that an individual had such control must be relevant.  Such facts would certainly include those that the Ninth Circuit has already found to be indicative of control.

Evidence of an individual's "authority to control" can be inferred from "'active participation in business affairs and the making of corporate policy.'" *J.K. Publications, Inc.*, 99 F.Supp. 2d at 1203 (quoting *FTC v. Am. Standard Sys., Inc.*, 874 F.Supp. 1080, 1089 (C.D. Cal. 1994)).  An individual's "status as a corporate officer and authority to sign documents on behalf of the corporate defendant can be sufficient to demonstrate the requisite control." *Id.* at 1204.  Indeed, a "corporate officer is presumed to be in control of a small, closely held corporation, and assuming the duties of a corporate officer is probative of an individual's participation or authority." *FTC v. Ivy Capital, Inc.*, No. 2:11-CV-283, 2013 WL 1224613, at *14 (D.Nev. Mar. 26, 2013) (quoting *FTC v. LoanPointe, LLC*, No. 2:10-CV0225DAK, 2011 WL 4348304, *10 (D. Utah Sept. 16, 2011); *see also FTC v. Transnet Wireless Corp.*, 506 F. Supp. 2d. 1247, 1270 (S.D. Fla. 2007) ("An individual's status as a corporate officer gives rise to the presumption of ability to control a small, closely held corporation whose stock-in-trade is overreaching and deception."); *FTC v. Winward Mktg.*, No. Civ. A. 1:96-CV-615F, 1997 WL 33642380, at *13 (N.D. Ga. Sept. 30, 1997) ("An

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS' JOINT MOTION IN LIMINE**

individual's status as a corporate officer gives rise to a presumption of ability to control a small, closely-held corporation."). Authority to control the corporation can be evidenced by active involvement in business affairs. *Medicor*, 217 F. Supp. 2d at 1055(citing *Am. Standard Credit Sys., Inc.*, 874 F.Supp. at 1089).

Here, the evidence will show that each Individual Defendant was an officer of at least one of the entities the FTC alleges formed the common enterprise.  And each of their statuses as a corporate officer gives rise to a presumption of the authority to control.  Therefore, rather than seeking to limit the FTC's evidence, the burden is on the Defendants to rebut the presumption that none of them had control of the corporate actions in furtherance of the law violations. *See FTC v. World Media Brokers*, 415 F.3d 758, 764 (7th Cir. 2005) ("Whether he personally made misrepresentations is irrelevant so long as the FTC has shown that he had authority to control the corporations' deceptive practices."), citing *FTC v. Freecom Communications, Inc.*, 401 F.3d 1192, 1204 (10th Cir.2005) (fact that defendant "never personally misrepresented the income . . .  is beside the point because the law did not require the FTC to make such a showing").

Moreover, individuals should not be allowed to hide behind a maze of corporate shields when each of them forwarded the common enterprise's operation.  To the extent the FTC offers evidence that establishes common

enterprise activities each of the Individual Defendants did control, it again, is to

the trier of fact to determine the weight of that evidence.

### 3. Evidence of Individual Defendants' Activities Relating to Common Enterprise Is Relevant

Contrary to Individual Defendants' argument, corporations can act only

through individuals, and individuals' actions, taken together, in furtherance of a

business may evidence a common enterprise.  Thus, evidence relating to "the

pattern and frame-work of the whole enterprise must be taken into consideration,"

*Del. Watch Co. v. FTC*, 332, F.2d 745, 746-47 (2d Cir. 1964), and is directly

relevant.  Such evidence may include a multitude of factors, including but not

limited to: common control, sharing of office space and officers, transacting

business through a maze of interrelated companies, the commingling of corporate

funds and failure to maintain separation of companies, unified advertising, pooled

resources and staff, and evidence that no real distinction exists between the

corporate defendants.  *J.K. Publ'ns*, 99 F.Supp. 2d at 1202; *FTC v. Wolf.*, No. No.

94–8119–CIV–FERGUSON, 1996 WL 812940 at *7-8 1997-1 Trade Cas. (CCH)

¶ 71,713 (S.D. Fla. 1997), *see FTC v. Network Srvs. Depo, Inc*. 617 F.3d 1127,

1143 (9th Cir. 2010) ("entities constitute a common enterprise when they exhibit

either vertical or horizontal commonality – qualities that may be demonstrated by

a showing of strongly interdependent economic interests or the pooling of assets

and revenues"). Corporate employee and agent activities may be relevant to establishing any one of these factors.

In this case, as will be established at trial through evidence that Individual Defendants now seek to exclude, each of the Individual Defendants' controlled multiple entities, and each served in various roles at other of the enterprises as well, and this relatively small group of individuals were responsible for the day-to-day operations of the entities and the common enterprise. Thus, evidence of each Individual Defendant's activities, even seemingly mundane activities, related to the other Individual Defendants and to the Corporate Defendants establish a common enterprise and is directly relevant to establishing the Complaint's allegations. Individual Defendants' argument that the evidence of the Individual Defendants' activities is not relevant to establishing the common enterprise is nonsensical and misplaced.

## III.   THE RECEIVER'S REPORT IS ADMISSIBLE EVIDENCE

### A. The Receiver's Report is Admissible under the Federal Rules of Evidence

Contrary to the Individual Defendants' claims, the Receiver's Report is admissible under the Federal Rules of Evidence 803(8). The Receiver's Report is admissible as a public record. Rule 803(8) provides, in relevant part, that a record or statement of a public office is admissible if "it sets out . . . in a civil case . . . factual findings from a legally authorized investigation" and "the opponent does

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS' JOINT MOTION IN LIMINE**

not show that the source of information or other circumstances indicate a lack of trustworthiness."

Here, the Receiver is a Court-appointed officer who filed her Report as "an agent of this Court." Dkt. 14, at 27. She acted pursuant to a Court-imposed duty to report to the Court regarding, among other things, the Receiver's actions taken to carry out the Court's Temporary Restraining Order; Defendants' liabilities and assets; "the Temporary Receiver's finding regarding the ability of the Receivership Defendants to operate legally and profitably"; and "any other matters that the Temporary Receiver believes should be brought to the Court's attention." Dkt. 14, at 40.

Accordingly, the Report satisfies the three criteria of Rule 803(8), and is therefore admissible. First, in that the Receiver is an agent of the Court, the Report qualifies as the report of a public office. Second, the Report sets out factual findings. Third, the Report is the product of a legally authorized investigation—indeed, one ordered by this Court.

**B.  The Receiver's Report is Admissible under Local Rule 43-1**

The Receiver's Report is also admissible under Local Rule 43-1 because it constitutes an admissible narrative statement. Rule 43-1 provides that:

> In any matter tried to the Court, the judge may order that the direct testimony of a witness be presented by written narrative statement subject to the witness' cross-examination at the trial. Such written,

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS' JOINT MOTION IN LIMINE**

1    direct testimony shall be adopted by the witness orally in open court, unless such requirement is waived.

2    L.R. 43-1.

3    Here, the Receiver's Report meets all criteria required under Local Rule 43-1. It is the written narrative statement of a witness who will be subject to cross-examination at trial, and who will adopt the statement orally in open court. Accordingly, the Receiver's Report is admissible evidence in satisfaction of Local Rule 43-1. The Court should admit it in furtherance of judicial economy.

## C. Defendants Mischaracterized the Case Law on Admitting Receiver's Reports

Finally, Defendants have cited just two cases for the proposition that the Receiver's Report is hearsay—and mischaracterized both. First, *Wichansky v. Zowine* concerns the exclusion of a receiver's report from consideration on summary judgment. In fact, the only reason the court excluded the receiver's report is because the offering party "[did] not reply to this evidentiary objection" and "'once Defendants objected to the evidence Plaintiff[ ] sought to be admitted, the onus was on Plaintiff[ ] to direct the district court's attention to ... evidentiary principles under which the evidence in question could be deemed admissible by the district court.'" No. CV-13-01208-PHX-DGC, 2015 WL 8528396, at *10 (D. Ariz. Dec. 11, 2015). The Court specifically noted that its ruling "[did] not

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS' JOINT MOTION IN LIMINE**

preclude [the offering party] from arguing that the receiver's report is admissible at trial." *Id.*

Second, the Court in *FTC v. Data Medical Capital, Inc.* did not wholly exclude the receiver's report. It only held that the report was hearsay "insofar as the Court is asked to make factual findings based on the various conclusions drawn by the Receiver as to how the entities were operated (pages 3 through 14)." No. SACV 99-1266AHS(EEX), 2010 WL 1049977, at *28 (C.D. Cal. Jan. 15, 2010). In fact, the court "accepted as correct for these proceedings" facts in the receiver's report that stood uncontroverted. Moreover, the Court specifically allowed exhibits referred to in the report, whether as attachments or in the body of the report:

> "In addition, the Report has attached to it numerous exhibits, particularly office e-mails, that disclose how [the individual defendant] and his associates operated the Contempt Defendant entities. [The individual defendant's] objections to the communications found by the Receiver, or communications made directly to the Receiver, whether in attachments or in [the report itself], are overruled."

> *Id.*

### D. Alternatively, the Evidence Cited in the Receiver's Report is Admissible

Alternatively, even if the Receiver's Report is not wholly admissible, its evidence, as cited in or attached to the Report, is admissible. For example, in *FTC*

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS' JOINT MOTION IN LIMINE**

1   *v. Data Medical Capital, Inc.*, the Court specifically allowed into the evidence

2   exhibits attached to the receiver's report.

3
        "In addition, the Report has attached to it numerous exhibits,
4       particularly office e-mails, that disclose how [the individual
        defendant] and his associates operated the Contempt Defendant
5       entities. [The individual defendant's] objections to the
        communications found by the Receiver, or communications made
6       directly to the Receiver, whether in attachments or in [the report
        itself], are overruled."
7

8
9   *Data Med. Capital*, 2010 WL 1049977 at *28.

10
11      Accordingly, even if the Receiver's factual findings constitute hearsay, the

12  evidence the Receiver relied on—whether found in the Report or as an exhibit

13  thereto—is admissible. Far from being a statement or finding by the Receiver, the

14  evidence in the Report is almost exclusively materials recovered from the
15
16  Defendants and their computers.

17
    **IV.   THE FTC IS NOT OFFERING THE REFERENCED DIAGRAM**
18  **      INTO EVIDENCE**

19
20      Next, Defendants have challenged the admissibility of a diagram the FTC is

21  not offering into evidence at trial. Defendants contested the admissibility of

22  "Exhibit 1 to the FTC's MSJ." There is no Exhibit 1 to the FTC's Motion for
23
24  Summary Judgment. But assuming Defendants are referring to the diagram filed

25  as an appendix to the FTC's Motion for Partial Summary Judgment, Dkt. 453-1,

26
    this document was intended strictly as a visual aid and is not being offered at trial.
27

28

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS' JOINT MOTION IN LIMINE**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## V.   EXHIBIT 330'S AUTHENTICITY HAS BEEN ESTABLISHED— AND CAN BE RE-ESTABLISHED AT TRIAL

Finally, Defendants' objection that Exhibit 330 lacks authentication is without basis. The Exhibit is a text message from Doron Nottea to xposedinc@gmail.com. The FTC has provided the document's digital forensics, including the computer from which it was recovered and the document's Microsoft Outlook extension. The FTC has also filed sworn declarations from the computer forensics experts who recovered the Defendants' files and provided sworn testimony concerning the file's chain of custody. Dkt. 369-1, at 43-48. Finally, if necessary, these experts, as well as FTC investigator Brent McPeek, can be called at trial to further authenticate Exhibit 330.

In reality, Exhibit 330 is indistinguishable for authentication purposes from all other emails the FTC recovered from Defendants' business records. Defendants seek to exclude it not for authentication concerns but because it so clearly demonstrates Doron Nottea's role in running the common enterprise. As evidenced by Defendants' argument, Defendants' actual issue is with the FTC's interpretation of the document's *contents*—an issue for the trier of fact to consider at trial. The FTC has provided ample authenticating evidence for Exhibit 330 and can do so again at trial. Defendants' motion to exclude the Exhibit is therefore without merit, and the Court should deny it.

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS' JOINT MOTION IN LIMINE**

# VI.   CONCLUSION

For the foregoing reasons, each of Defendants' evidentiary objections in their Motion in Limine is meritless. The Court should deny the Motion in its entirety.

Respectfully submitted,

DAVID C. SHONKA
Acting General Counsel

DAMA J. BROWN
Regional Director

Dated: June 16, 2016            __/s/REID TEPFER_____
REID TEPFER
rtepfer@ftc.gov
Texas Bar No. 24079444
LUIS GALLEGOS
lgallegos@ftc.gov
Oklahoma Bar No. 19098
Federal Trade Commission
1999 Bryan Street, Suite 2150
Dallas, Texas 75206
(214) 979-9395 (Tepfer)
(214) 979-9383 (Gallegos)
(214) 953-3079 (fax)

RAYMOND MCKOWN
rmcknown@ftc.gov
California Bar No. 150975
10877 Wilshire Boulevard, Suite 700
Los Angeles, California 90024
(310) 824-4343(voice)
(310) 824-4380 (fax)

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS' JOINT MOTION IN LIMINE**

## CERTIFICATE OF SERVICE

The undersigned certifies that on June 16, 2016, a true and correct copy of the foregoing document was electronically filed with the clerk of the U.S. District Court, Central District of California, using the electronic case filing system of the court. The attorneys listed below were served by pursuant to the ECF notice generated by the Court, or by email.

Erik S Syverson
Raines Feldman LLP
9720 Wilshire Boulevard Fifth Floor
Beverly Hills, CA 90212
esyverson@raineslaw.com
Counsel for Oz Mizrahi

Robert M. Ungar
Crosswind Law
14724 Ventura Blvd Penthouse
Sherman Oaks, CA 91403
Counsel for Alon Nottea and
Roi Rueveni

Robert Esensten
Esensten Law
12100 Wilshire Blvd., Suite 1660
Los Angeles, CA 90025
Counsel for Doron Nottea and
Motti Nottea

Charlene Cantrell Koonce
Receiver
Kelly M. Crawford
Counsel to Receiver
Scheef & Stone
500 N. Akard, Suite 2700
Dallas, Texas 75201

Sagar Parikh
Beverly Hills Law Corp. PC
433 N. Camden Drive, 6th Floor

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS' JOINT MOTION IN LIMINE**

Beverly Hills, CA 90210
Attorney for Secured Merchants LLC
and Chargeback Armor, Inc.

Jeffrey Benice
Law Offices of Jeffrey S. Benice
A Professional Law Corporation
3080 Bristol Street
Sixth Floor, Suite 630
Costa Mesa, CA 92626
Telephone: (714) 641-3600 Ext. 214

/S/ REID TEPFER
REID TEPFER

**PLAINTIFF FTC'S RESPONSE TO DEFENDANTS' JOINT MOTION IN LIMINE**