1  DAVID C. SHONKA
   Acting General Counsel

2
   REID TEPFER
3  rtepfer@ftc.gov; Tex. Bar No. 24079444
   LUIS GALLEGOS
4  lgallegos@ftc.gov; Okla. Bar No. 19098
   ZACHARY A. KELLER
5  zkeller@ftc.gov; Tex. Bar No. 24087838
   DAMA J. BROWN
6  Dbrown1@ftc.gov; Mi. Bar No. P54775
7
8  Federal Trade Commission
   1999 Bryan Street, Suite 2150
9  Dallas, Texas 75201
   (214) 979-9395 (Tepfer); (214) 979-9383 (Gallegos);
10 (214) 979-9382 (Keller); (214) 979-9374 (Brown)
11 (214) 953-3079 (fax)

12 RAYMOND MCKOWN
   rmckown@ftc.gov; Cal. Bar No. 150975
13 10877 Wilshire Boulevard, Ste 700
   Los Angeles, California 90024
14 (310) 824-4343(voice); (310) 824-4380 (fax)
15
16 Attorneys for Plaintiff Federal Trade Commission

17                **UNITED STATES DISTRICT COURT**
                  **CENTRAL DISTRICT OF CALIFORNIA**
18

| 19 | | |
|----|---|---|
| 20 **FEDERAL TRADE COMMISSION,** | Case No. CV 15-4527-GW(PLAx) | |
| 21                      Plaintiff, | **JOINT STATUS REPORT** | |
| 22                          v. | **CONCERNING SETTLEMENT** | |
| 23 **BUNZAI MEDIA GROUP, INC.**, | | |
| 24 *et al.,* | | |
| 25                      **Defendants.** | | |

26

27

28

**FTC's Position**

This matter was set for trial on June 21, 2016. After lengthy negotiations, all parties reached a settlement in principle on the eve of trial. At the pretrial conference on June 20, each counsel represented to the Court that an agreement had been reached. Drafting the settlement was all that remained.

Since making those representations, all parties, except one, have worked diligently to complete this tentative agreement, filed concurrently with this status report under seal.[1] However, one party, Relief Defendant Chargeback Armor, Inc., has reneged on the agreed settlement, despite its representations to the Plaintiff, other Defendants, and this Court.

As a relief defendant, the terms of Chargeback Armor's settlement were exceedingly straightforward. In fact, Chargeback Armor's settlement consisted of only two terms: (1) Chargeback Armor would waive any claim to the frozen funds in its sole bank account (totaling approximately $133,000); and (2) Chargeback Armor would acknowledge receipt of the settlement order. There was no miscommunication or misunderstanding concerning these provisions. After agreeing to these terms—and after representing to the Court that these terms were accepted—Chargeback Armor now demands a dismissal from the lawsuit and a $0

---

[1] This agreement is tentative because only the Commission itself has authority to enter a binding settlement. FTC counsel has informed defense counsel of the Commission's settlement procedure and intends to recommend that the Commission accept the tentative settlement.

judgment. Chargeback Armor cannot now, in good faith, represent to the Court

that it misunderstood the two simple terms of the settlement agreement—or

believed the FTC had offered to dismiss it from the lawsuit entirely with a $0

judgment. Further, Chargeback Armor's counsel's claim that the settlement

agreement is unenforceable solely because there "had been no pen to paper" is

plainly contradicted by caselaw.[2] In short, Chargeback Armor knew the terms,

agreed to the terms, and informed the Court of this agreement, only to then back

out.[3]

   Importantly, the ripple effects of Chargeback Armor's decision prevent the

FTC from settling with two other Defendants, Alan Argaman and Secured

Merchants LLC. To explain, Argaman and Secured Merchants transferred

$250,000 in ill-gotten gains to Chargeback Armor. Those three Defendants have

stated that this was a loan. Of that original transfer, only $133,000 remains, which

is the amount Chargeback Armor had originally agreed to turn over to the FTC.

---

[2]  *See Doi v. Halekulani Corp.,* 276 F.3d 1131, 1134 (9th Cir. 2002) ("An
agreement announced on the record becomes binding even if a party has a change
of heart after he agreed to its terms but before the terms are reduced to writing.").
And while the settlement terms were stated in open court in *Doi*, email
correspondence between FTC and defense counsel makes clear there was no
misunderstanding concerning the agreed terms of settlement.

[3] In its section, Chargeback Armor complains that the signature line of the
settlement listed the wrong individual to sign on behalf of the company. This issue
is a red herring: counsel raised the issue on June 23rd; the FTC circulated a
revised draft the 24th.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The FTC typically bases any settlement short of full restitution on a defendant's ability to pay. Here, based on Defendants' own declarations, Argaman and Secured Merchants are entitled to repayment of a $250,000 loan. Because Chargeback Armor had already agreed to pay the FTC the remaining money from that loan in settlement, this asset was not considered in Argaman or Secured Merchants's settlement arrangement. But now that Chargeback Armor has broken its promise to turn over those funds, Argaman and Secured Merchants's have an interest in a substantial asset that was not factored into the FTC's settlement offer.

Chargeback Armor's broken promise is more than a mere inconvenience. The FTC expended significant resources serving numerous subpoenas, creating exhibits, and preparing for trial. All of these efforts were suspended based on Chargeback Armor's representation.

As to the FTC's settlement with all other remaining Defendants, FTC counsel will be forwarding the settlement with Defendants' signatures to the Commission and recommend the Commission approve the settlement. If approved, FTC counsel will then submit the signed order to the Court. At this time, the FTC is still awaiting financial disclosure statements from several Defendants, and accordingly the settlement has not been signed by any party.

**JOINT STATUS REPORT CONCERNING SETTLEMENT**                  Page | 4

**Alon Nottea's Position**

Provided the Receiver sign the tentative settlement agreement (Stipulated Order) and release all claims against and property interests of the Stipulating Defendants not otherwise expressly stated in Attachment A thereto, the draft circulated by the FTC on June 30, 2016 is acceptable.

**Doron Nottea's Position**

Doron Nottea intends to proceed with the settlement he has negotiated with the FTC.

**Chargeback Armor's Inc.s Position**

The FTC mischaracterizes the "settlement" that had been reached and mischaracterizes what happened on June 20, 2016.  Indeed, it was stated on that date that a tentative agreement had been reached, but details needed to be worked out.  At that point, no final order had been presented to CBA for signature.

At that time, there had been no pen to paper, no executed settlement agreement or proposed order.  Once the details of the order and the order itself were revealed and presented to CBA's sole principal for signature (Mike Costache), Mr. Costache decided that he wished to have his day in Court, via either an evidentiary hearing or a short cause trial.  Instead, the FTC attempts to enforce a non-existent settlement agreement.  This is not a case of a fully executed settlement agreement being breached and thus requiring a Court order for enforcement; this is simply a party that tentatively agreed to settle without

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

knowing the details of the settlement no longer wanting to settle and instead wishing to proceed to Court on the merits.

The FTC also ignores two other crucial points:  in Attachment A to the final proposed order, CBA's funds were not even listed as being frozen or subject to the error.  These frozen funds are not event listed as of today as we are submitting this status to the Court. Additionally, the final order submitted to defendants on June 20, 2016 did not even have a separate signature line for CBA to sign, but rather, the FTC simply put Argaman's signature line and listed CBA next to his name, inexplicably.

### Argaman and Secured Merchants, LLC's Position

After making a huge fuss about CBA's purported "breach" of the non-existent settlement agreement/order and purported reneging of the settlement, the FTC ironically wishes to renege its own settlement with Argaman/SM and now holds Argaman and SM hostage and as leverage in order to force CBA to settle. Notably, both CBA and Argaman and SM are represented by the same counsel.

The Argaman and SM settlement was finalized due to the extensive negotiations between the FTC and Argaman/SM's settlement counsel, Mr. Leonard Gordon of Venable LLP.  It was ready to be executed by both Parties.

Yet, now, due to the actions of a completely separate party (and a Relief Defendant to boot), the FTC wishes to renege on a settlement it had with two

**JOINT STATUS REPORT CONCERNING SETTLEMENT**                    Page | 6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Defendants in this case, based on a purported loan that SM made to CBA,

ignoring that there exists a Capital Infusion Agreement stating the $250,000 CBA

received from SM were for equity, not as a debt transaction.  Moreover, the entire

tracing of this $250,000 has been previously provided to the FTC numerous times,

showing that these funds never touched any AuraVie Defendants.  These funds are

traceable via signed contracts with SM and checks paid to SM by three new

clients of SM on March 1, 2015, totaling $250,000. The FTC simply refuses to

acknowledge this evidence.

CBA is only a Relief Defendant and determining its liability here (or

whether its frozen monies should be released) will be nothing more than an

evidentiary hearing, something Dama Brown of the FTC herself mentioned being

a possibility on a conference call between counsel held on June 13.

Respectfully submitted,

DAVID C. SHONKA
Acting General Counsel

DAMA J. BROWN
Regional Director

Dated: July 5, 2016                            *Reid Tepfer*
                                               REID TEPFER
                                               rtepfer@ftc.gov
                                               Texas Bar No. 24079444
                                               LUIS GALLEGOS
                                               lgallegos@ftc.gov
                                               Oklahoma Bar No. 19098

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Federal Trade Commission
1999 Bryan Street, Suite 2150
Dallas, Texas 75206
(214) 979-9395 (Tepfer)
(214) 979-9383 (Gallegos)
(214) 953-3079 (fax)

RAYMOND MCKOWN
rmcknown@ftc.gov
California Bar No. 150975
10877 Wilshire Boulevard, Suite 700
Los Angeles, California 90024
(310) 824-4343(voice)
(310) 824-4380 (fax)


_____*/s/ Jeffrey Benice*_____
Jeffrey Benice
Attorney for Igor Latsanovski and
CalEnergy, Inc.

_*/s/ Robert Ungar*_____
Robert Ungar
Attorney for Alon Nottea

_____*/s/ Robert Esensten*__
Robert Esensten
Attorney for Doron Nottea

___*/s/ Sagar Parikh*_____
Sagar Parikh
Attorney for Alan Argaman,
Secured Merchants LLC, and
Chargeback Armor, Inc.

**CERTIFICATE OF SERVICE**

The undersigned certifies that on July 5, 2016, a true and correct copy of the foregoing document was electronically filed with the clerk of the U.S. District Court, Central District of California, using the electronic case filing system of the court. The attorneys listed below were served by pursuant to the ECF notice generated by the Court, or by email.

Erik S Syverson
Raines Feldman LLP
9720 Wilshire Boulevard Fifth Floor
Beverly Hills, CA 90212
esyverson@raineslaw.com
Counsel for Oz Mizrahi

Robert M. Ungar
Crosswind Law
14724 Ventura Blvd Penthouse
Sherman Oaks, CA 91403
Counsel for Alon Nottea and
Roi Rueveni

Robert Esensten
Esensten Law
12100 Wilshire Blvd., Suite 1660
Los Angeles, CA 90025
Counsel for Doron Nottea and
Motti Nottea

Charlene Cantrell Koonce
Receiver
Kelly M. Crawford
Counsel to Receiver
Scheef & Stone
500 N. Akard, Suite 2700
Dallas, Texas 75201

Sagar Parikh
Beverly Hills Law Corp. PC
433 N. Camden Drive, 6th Floor

1    Beverly Hills, CA 90210
     Attorney for Secured Merchants LLC
2    and Chargeback Armor, Inc.

3
     Jeffrey Benice
4    Law Offices of Jeffrey S. Benice
5    A Professional Law Corporation
     3080 Bristol Street
6    Sixth Floor, Suite 630
7    Costa Mesa, CA 92626
     Telephone: (714) 641-3600 Ext. 214
8

9

10

11                                          /S/ REID TEPFER
12                                           REID TEPFER

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JOINT STATUS REPORT CONCERNING SETTLEMENT**                    Page | 2