UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 15-4527-GW(PLAx) | Date | July 7, 2016 |
| Title | *Federal Trade Commission v. Bunzai Media Group, Inc., et al.* | | |

| | |
|---|---|
| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE |

| Javier Gonzalez | Katie Thibodeaux | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Reid Tepfer<br>Dama Brown | BY TELEPHONE:<br>Robert L. Esentsten<br>Jeffrey S. Benice<br>Sagar Parikh<br>Robert M. Ungar - In Person |

**PROCEEDINGS:** PLAINTIFF'S SECOND MOTION FOR DEFAULT JUDGMENT [454];

ORDER TO SHOW CAUSE RE SETTLEMENT

The Court's Tentative Ruling as to Plaintiff's Motion is circulated and attached hereto. Court hears oral argument. For reasons stated on the record, Plaintiff's motion and the order to show cause are continued to July 18, 2016 at 8:30 a.m. Supplemental filings will be due by July 14, 2016.

| | : | 25 |
|---|---|---|
| | Initials of Preparer | JG |

*Federal Trade Commission v. Bunzai Media Grp. Inc., et al.*, Case No. CV-15-04527-GW (PLAx); Tentative Ruling on Second Motion for Default Judgment

The Federal Trade Commission ("FTC") has moved for a default judgment against twenty two defendants in this action: Bunzai Media Group, Inc.; Pinnacle Logistics, Inc.; DSA Holdings, Inc.; Lifestyle Media Brands, Inc.; Agoa Holdings, Inc.; Zen Mobile Media, Inc.; Safehaven Ventures, Inc.; Heritage Alliance Group, Inc.; AMD Financial Network, Inc.; SBM Management, Inc.; Media Urge, Inc.; Adageo, LLC; Kai Media, Inc.; Insight Media, Inc.; Focus Media Solutions, Inc.; Secured Commerce, LLC; USM Products, Inc.; Merchant Leverage Group, Inc.; DMA Media Holdings, Inc.; Shalita Holdings, Inc.; All Star Beauty Products, Inc.; and Kristopher Bond. There are multiple reasons why the Court cannot grant default judgment on the present showing.

First, the FTC filed a First Amended Complaint for Permanent Injunction and Other Equitable Relief ("FAC") in this action on October 9, 2015. *See* Docket No. 235. Unless the FTC can direct the Court to authority indicating otherwise, this would seemingly have the effect of "opening up" any default that had already been entered against any of the defendants who had defaulted on the *original* Complaint.[1] See Schwarzer, Tashima, et al., California Practice Guide: Federal Civil Procedure Before Trial (2016) § 6:137, at 6-39 ("Of course, plaintiff may seek leave to amend the pleadings to change the nature of the claims or relief sought. But any such amendment 'opens up' the default; i.e., the amended complaint would have to be served on the defendant and defendant given opportunity to respond. No default judgment could be entered unless defendant also defaulted on the amended complaint."). The FTC admits that default had been entered as to fourteen of the twenty two defendants[2] *before* it filed the FAC. *See*

---

[1] The FTC explains that the FAC added ten defendants and one relief defendant, and that the allegations were unchanged between the Complaint and the FAC. In the present showing, however, the FTC has not presented any legal authority for the proposition that this fact makes any difference with respect to any impact on the defaults entered on the original Complaint.

[2] *I.e.* Adageo, LLC; Agoa Holdings, Inc.; Bunzai Media Group, Inc.; DSA Holdings, Inc.; Heritage Alliance Group, Inc.; Insight Media, Inc.; Kai Media, Inc.; Lifestyle Media Brands, Inc.; Media Urge, Inc.; Safehaven Ventures, Inc.; SBM Management, Inc.; Zen Mobile Media, Inc.; Kristopher Bond; and Pinnacle Logistics, Inc.

Docket No. 454, at 3:9-15; *see also* Docket Nos. 157-159, 229-230.  As the FTC has not demonstrated that there has been any default entered against those fourteen defendants with respect to the FAC, the operative complaint, there can be no default judgment entered against them.

Second, the FTC has cited the Court to twenty two docket entries for purposes of demonstrating service of "the Complaint or Amended Complaint."  Docket No. 454, at 3:2-4.  Again, service of the *original* Complaint is not sufficient to the task of requesting default judgment on *the FAC* (unless the FTC is successful in demonstrating that filing of the FAC did not "open up" the defaults on the original Complaint).  As a result, where the FTC has only demonstrated service of the original Complaint, this cannot support default judgment on the FAC.  Here, this impacts the same fourteen defendants as set out in the previous paragraph and Footnote 2, *supra*.  *See* Docket Nos. 71-77, 79-80, 82-83, 85, 109, 222.

Third,[3] on default the allegations in the operative, served, complaint are admitted.  Here, in support of its request for default judgment, the FTC cites only *generally* to the *entire* FAC (or the entire Complaint which, again, is potentially irrelevant) and, beyond that, relies on other papers filed during the course of this case.  *See generally* Docket No. 454, at 6:11-13, 7:12-9:16, 14:15-18, 16:6-16, 18:13-19:1.  But (at least where default occurs from a failure to appear, respond and participate in an action) a defaulting defendant does not admit the contents of other papers in the case; it admits only the allegations in the pleading to which it failed to respond.  *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) ("'The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'") (quoting *Geddes v. United Fin'l Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)); *see also Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992) ("[N]ecessary facts not contained in the pleadings…are not established by default."); *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1393 (9th Cir. 1988); Schwarzer, Tashima, et al., <u>California Practice Guide:  Federal Civil Procedure Before Trial</u> (2016) § 6:134.1, at 6-38.  As such, if the FTC is to attempt again to have a default

---

[3] The third through seventh issues the Court identifies herein apply even if the FTC is able to demonstrate that it did not "open up" the defaults on the original Complaint by virtue of filing the FAC.

judgment or default judgments entered here, it must specify where *in the FAC itself* it pled the elements of its various claims, *and as to each defendant*. Reference to its other papers filed in this case may support its pursuit of a monetary recovery, as damages need to be proved, but those other papers may not supply the allegations necessary to demonstrate a sufficient claim or claims against the various defendants. This deficiency relates to all twenty two defendants.

Fourth, a potentially more fundamental problem for the FTC: Federal Rule of Civil Procedure 54(c) states, in part, that "[a] default judgment must not differ in kind from, or *exceed in amount*, what is demanded in the pleadings." Fed. R. Civ. P. 54(c) (emphasis added). A brief review of the FAC does not reveal any allegation that what is at stake in this action is either the $75,624,030 sought from 21 of the 22 defendants at issue here, or the $45,095,123 sought from defendant Kristopher Bond. It would appear that, if the FTC wishes to obtain those monetary judgments, it would either have to amend the complaint yet again to include that allegation or come up with some legal authority that allows the Court to ignore the terms of Rule 54(c) in the default judgment context. This deficiency relates to all twenty two defendants.

Fifth, in its pursuit of injunctive relief, the FTC must demonstrate satisfaction of the standard test for such relief (or otherwise demonstrate why it need not). *See, e.g.*, *W. Watersheds Project v. Abbey*, 719 F.3d 1035, 1054 (9th Cir. 2013). In its pitch for such relief as part of this proceeding, the FTC makes no effort to tie its showing to satisfaction of those standards. *See* Docket No. 454, at 20:7-22:3.

Sixth, related to the previous comment, the FTC asks for, as part of the requested order, a provision that requires third parties not before the Court to turn over any assets of any of the twenty two defendants in question. *See* Docket No. 454, at 22:15-16. While the Court is not necessarily averse to such a suggestion, the FTC should present authority allowing for such relief against third parties, or otherwise explaining why such an order is permissible.

Finally, the Court does not observe any attempt by the FTC to directly address the terms of Local Rule 55-1, though some of the information required by that Local Rule happens to be present in the FTC's discussion of the case's procedural history. *See* Docket No. 454, at 2:4-3:19.

The foregoing assessment is not meant as a comprehensive presentation of flaws or potential flaws in the present application for default judgment, and should not be taken as a limitation on the issues that the FTC may need to overcome should it continue to pursue the default judgments. For now, however, for the reasons explained, the Court would deny the requested default judgment.