DAVID C. SHONKA
Acting General Counsel

REID TEPFER
rtepfer@ftc.gov; Tex. Bar No. 24079444
LUIS GALLEGOS
lgallegos@ftc.gov; Okla. Bar No. 19098
ZACHARY A. KELLER
zkeller@ftc.gov; Tex. Bar No. 24087838
DAMA J. BROWN
Dbrown1@ftc.gov; Mi. Bar No. P54775

Federal Trade Commission
1999 Bryan Street, Suite 2150
Dallas, Texas 75201
(214) 979-9395 (Tepfer); (214) 979-9383 (Gallegos);
(214) 979-9382 (Keller); (214) 979-9374 (Brown)
(214) 953-3079 (fax)

RAYMOND MCKOWN
rmckown@ftc.gov; Cal. Bar No. 150975
10877 Wilshire Boulevard, Ste 700
Los Angeles, California 90024
(310) 824-4343(voice); (310) 824-4380 (fax)

Attorneys for Plaintiff Federal Trade Commission

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,** | Case No. CV 15-4527-GW(PLAx) |
| **Plaintiff,** | **SECOND SUPPLEMENTAL FILING CONCERNING DEFAULT JUDGMENT** |
| v. | |
| **BUNZAI MEDIA GROUP, INC.,** *et al.,* | |
| **Defendants.** | |

In its Tentative Ruling (Doc. No. 483), the Court raised several concerns regarding the FTC's Second Motion for Default Judgment. (Dkt. 454). The FTC hereby responds to each such concern, as discussed below.

First, the Court noted that, in seeking entry of default judgments against 14 of the defendants,[1] the FTC relied upon Clerk defaults that related to the Commission's original Complaint (Dkt. 3) and not its First Amended Complaint. (Dkt. 235). To address this concern, the FTC has filed applications seeking entry of Clerk defaults for these Defendants as to the First Amended Complaint.

Second, the Court raised the concern that these same Defendants were served with the original Complaint only and not the First Amended Complaint. To address this issue, the FTC has filed a supplemental filing containing a stipulation with Alon Nottea in which he acknowledged service of the First Amended Complaint on behalf of 18 corporations under his control, including: BunZai Media Group, Inc.; Pinnacle Logistics, Inc.; DSA Holdings, Inc.; Lifestyle Media Brands, Inc.; Agoa Holdings, Inc.; Safehaven Ventures, Inc.; Heritage Alliance Group, Inc.; AMD Financial Network, Inc.; SBM Management, Inc.; Media Urge, Inc.; Kai Media, Inc.; Insight Media, Inc.; Focus Media Solutions, Inc.; USM Products, Inc.; Merchant Leverage Group, Inc.; DMA Media Holdings, Inc.;

---

[1] Plaintiff's motion initially requested default judgments against 14 of the originally named Defendants. However, Plaintiff is not seeking defaults against Adageo LLC and Khristopher Bond at this time. Plaintiff has a proposed settlement as to Adageo and is attempting to re-serve Khristopher Bond.

**SECOND SUPPLEMENTAL FILING CONCERNING DEFAULT JUDGMENT** Page | 2

Shalita Holdings, Inc.; and All Star Beauty Products, Inc. (Dkt. 486). Additionally, Secured Commerce was properly served with First Amended Complaint as described in the related proof of service. (Dkt. 376). As to the defaulting Individual Defendant, Khristopher Bond, the FTC acknowledges that a default is not appropriate as to him at this time and withdraws its request for a Default Judgment against him. The FTC is attempting to serve Defendant Bond with the Amended Complaint.

Third, the Court noted that the FTC's Second Motion for Default Judgment referred to other pleadings to establish liability, rather than relying solely on the factual allegations contained in the Commission's First Amended Complaint. To correct this issue, the FTC has lodged a revised proposed Default Judgment that cites to the Amended Complaint and deletes all references to other documents except concerning the calculation of equitable monetary relief.

Fourth, the Court raised a concern relating to the Federal Rules prohibition against a default judgment that differs in kind, or exceeds in amount, what is demanded in the pleading. FED. R. CIV. P. 54(c). While it is worth noting that the Commission's Complaint and First Amended Complaint actually sought the same kind and amount of relief, the stipulation contained in FTC's supplemental filing nonetheless addresses this issue. (Dkt. 486). Alon Nottea, an officer or manager of all pertinent Corporate Defendants (except for Secured Commerce LLC),

acknowledged receipt of both the First Amended Complaint and notice of the equitable monetary relief sought. (Dkt. 486). As to Defendant Secured Commerce LLC, the FTC notes that, not only was Secured Commerce served with the First Amended Complaint, both of its owners filed sworn declarations in this action acknowledging their ownership and control of the company (Dkt. 424-2 at p.3 ¶8; Dkt. 398-2 at p.2 ¶6). and both participated in these legal proceedings, received repeated notices of the amounts Plaintiff sought, and, although they appeared in their individual capacities, they elected not to defend their company. (*Id.*).

Fifth, the Court noted that the FTC must demonstrate that the standard test for injunctive relief is satisfied. Section 13(b) of the FTC Act authorizes courts to issue a permanent injunction whenever a defendant violates the laws enforced by the Commission and is likely to continue to violate them. *FTC v. H.N. Singer, Inc.*, 668 F.2d 1107, 1111 (9th Cir. 1982 *FTC v. Medlab*, *Inc*., 615 F. Supp. 2d 1068, 1082 (N.D. Cal. 2009). To determine whether a defendant is likely to engage in similar violations in the future, courts look to two general factors: (a) the deliberateness and seriousness of the present violation, and (b) the defendant's past record with respect to deceptive and unfair marketing practices.[2] *Sears, Roebuck & Co. v. FTC*, 676 F.2d 385, 392 (9th Cir. 1982); *Ivy Capital*, 2013 WL

---

[2] Courts have held, in the preliminary injunction context, that the FTC need not show irreparable harm, which is presumed. *See*, *e.g., FTC v. University Health, Inc.*, 938 F.2d 1206, 1217 (11th Cir. 1991).

1224613, at *16. The alleged violations in the Amended Complaint, taken as true for purposes of the motion for default, satisfy this standard.

Sixth, the Court requested authority permitting the Court to require third parties to turn over assets of the defaulting Corporate Defendants. Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), gives the FTC authority to seek, and the district court authority to grant, both a permanent injunction against violations of any provisions of law enforced by the FTC and "any ancillary relief necessary to accomplish complete justice." *FTC v. H. N. Singer, Inc.*, 668 F.2d 1107, 1111–13 (9th Cir. 1982). Indeed, it was under this grant of authority that this Court previously entered both an ex parte Temporary Restraining Order and subsequent preliminary injunction orders that included asset freeze provisions directing third party financial institutions and asset holders to preserve funds belonging to, or held for the benefit of, defendants for the future payment of equitable relief. (*See*, *e.g.,* Dkts. 10, 147, 104, 108). Courts have long held that the court's equitable powers assume broad flexibility where federal agencies seeking equitable relief pursuant to federal statute.[3] The FTC contends that such ancillary relief is within the broad equitable authority of this Court.

---

[3] *Porter v. Warner Holding Co.*, 328 U.S. 395, 398 (1946); *see also Grupo Mexicano de Desarollo, SA v. AllianceBond Fund, Inc.*, 527 U.S. 308, 326 (1999) ("[C]ourts of equity will go much farther both to give and withhold relief in furtherance of the public interest than they are accustomed to go when only private interests are involved.") (internal quotation marks omitted).

Lastly, the Court raised the requirements of Local Rule 55-1. The FTC has submitted a declaration from counsel providing the required information.

                                                               Respectfully submitted,

                                                               DAVID C. SHONKA
Acting General Counsel

DAMA J. BROWN
Regional Director

Dated: July 15, 2016                             */s/ Reid Tepfer*_____
REID TEPFER
rtepfer@ftc.gov
Texas Bar No. 24079444
LUIS GALLEGOS
lgallegos@ftc.gov
Oklahoma Bar No. 19098
Federal Trade Commission
1999 Bryan Street, Suite 2150
Dallas, Texas 75206
(214) 979-9395 (Tepfer)
(214) 979-9383 (Gallegos)
(214) 953-3079 (fax)

# CERTIFICATE OF SERVICE

The undersigned certifies that on July 15, 2016, a true and correct copy of the foregoing document was electronically filed with the clerk of the U.S. District Court, Central District of California, using the electronic case filing system of the court. The attorneys listed below were served by pursuant to the ECF notice generated by the Court, or by email.

Erik S Syverson
Raines Feldman LLP
9720 Wilshire Boulevard Fifth Floor
Beverly Hills, CA 90212
esyverson@raineslaw.com
Counsel for Oz Mizrahi

Shai Oved
The Law Offices of Shai Oved
7445 Topanga Cyn. Blvd., Suite 220
Canoga Park, California  91303
Attorney for Alan Argaman and Secured Merchants, LLC

Robert M. Ungar
Crosswind Law
14724 Ventura Blvd Penthouse
Sherman Oaks, CA 91403
Counsel for Alon Nottea and
Roi Reuveni

Robert Esensten
Esensten Law
12100 Wilshire Blvd., Suite 1660
Los Angeles, CA 90025
Counsel for Doron Nottea and
Motti Nottea

Charlene Cantrell Koonce
Receiver
Kelly M. Crawford
Counsel to Receiver
Scheef & Stone

500 N. Akard, Suite 2700
Dallas, Texas 75201

Sagar Parikh
Beverly Hills Law Corp. PC
433 N. Camden Drive, 6th Floor
Beverly Hills, CA 90210
Attorney for Chargeback Armor, Inc.

Jeffrey Benice
Law Offices of Jeffrey S. Benice
A Professional Law Corporation
3080 Bristol Street
Sixth Floor, Suite 630
Costa Mesa, CA 92626
Telephone: (714) 641-3600 Ext. 214

      /S/ REID TEPFER
       REID TEPFER