**BEVERLY HILLS LAW CORP., PC**
Sagar Parikh, Esq. (SBN 282655)
433 N. Camden Drive, 6th Floor
Beverly Hills, CA 90210
Telephone:   (310) 887-1338
Facsimile:   (310) 982-2603
Email:        SP@BeverlyHillsLawCorp.com

Attorneys Chargeback Armor, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br>vs.<br><br>BUNZAI MEDIA GROUP, INC., et al.,<br><br>Defendants.<br>_____<br><br>SECURED MERCHANTS, LLC, CHARGEBACK ARMOR, INC. AND ALAN ARGAMAN,<br><br>Cross-Claimants<br>v.<br>ALON NOTTEA, an individual,<br><br>Cross-Defendant | Case No. 2:15-cv-04527-GW (PLAx)<br><br>**CHARGEBACK ARMOR, INC.'S RESPONSE TO FTC'S POSITION CONCERNING CHARGEBACK ARMOR'S REPRESENTATION OF SETTLEMENT**<br><br>Hearing Date:  August 8, 2016<br>Time: 8:30 am<br>Location:  Courtroom 10 – Spring St.<br>Judge: Hon. George H. Wu |

As the FTC, rather than filing the Motion to Enforce Settlement it represented it was going to file, instead concedes that Chargeback Armor, Inc. ("CBA") did not agree to a settlement and asks the Court to set the matter for trial, CBA will not address the settlement.

However, with regards to the trial, CBA's position is that trial is unnecessary. The FTC has advised that it will continue settlement talks with Argaman and Secured

---

**CHARGEBACK ARMOR, INC.'S RESPONSE TO FTC'S POSITION CONCERNING CHARGEBACK ARMOR'S REPRESENTATION OF SETTLEMENT**

1

Merchants, parties whom already had a settlement finalized with the FTC before the CBA issue arose.

Thus, the lone remaining Defendant in this case is CBA, a relief Defendant. There are no monetary damages being sought against CBA, no liability being sought for deceptive marketing or advertising, and no disgorgement of profits sought.

There is one issue for the Court to decide: whether the $133,075.19 frozen on June 18, 2015 are "tainted funds" or "ill-gotten gains."

At most, CBA contends that this requires a brief evidentiary hearing.

However, in reality, CBA has already presented all of its evidence regarding this issue to the Receiver, the FTC, and most importantly, the Court.

Docket number 214 lays out CBA's entire argument and evidence regarding why the monies should be unfrozen.

At that time, the FTC had not had the opportunity to conduct discovery and thus, the preliminary injunction and temporary restraining order remained in effect, and thus, that Motion in November 2015 was denied.

However, more than a year after the case began, the FTC has still not raised any evidence to support its position with regards to CBA and the frozen funds.

Thus, CBA believes this issue of the frozen funds (and CBA's subsequent dismissal from the case) can be resolved on the papers, with the Court relying on Document number 214 and considering the merits of the evidence presented.

DATED: July 28, 2016                **BEVERLY HILLS LAW CORP., PC**

By:   /s/ Sagar Parikh
      Sagar Parikh, Esq.
      *Attorneys for* Chargeback Armor, Inc.