Michael J. Weiss (SBN 206473)
**ABRAMS GARFINKEL MARGOLIS BERGSON, LLP**
5900 Wilshire Blvd. Suite 2250
Los Angeles, CA 90036
310-300-2900
310-300-2901- Fax
Mweiss@agmblaw.com

Charlene C. Koonce (TX Bar No 11672850)
*Admitted Pro Hac Vice*
**SCHEEF & STONE, L.L.P.**
500 N. Akard, Suite 2700
Dallas, Texas  75201
214-706-4200
214-706-4242 - Fax
Charlene.koonce@solidcounsel.com
RECEIVER

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>BUNZAI MEDIA GROUP, INC., a California corporation, also doing business as AuraVie and Miracle Face Kit, et al.,<br><br>Defendants. | Case No. 2:15-CV-4527-GW(PLAx)<br><br>NOTICE OF MOTION AND MOTION FOR ORDER APPROVING AND AUTHORIZING PAYMENT OF RECEIVERSHIP FEES AND EXPENSES INCURRED AUGUST 1, 2015 THROUGH JUNE 30, 2016; STATUS REPORT; MEMORANDUM OF POINTS AND AUTHORITIES, AND SUPPORTING DECLARATION OF CHARLENE C. KOONCE<br><br>Hearing Date:  September 1, 2016<br>Time: 8:30 am<br>Courtroom: 10 |

# TABLE OF CONTENTS

NOTICE OF MOTION ........................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ................................................ 4

I.      STATUS REPORT ....................................................................................... 4

II.     PAY PETITION............................................................................................ 10

      A.     RECEIVER'S FEES ............................................................................ 10

      B.     RECEIVER'S ATTORNEYS' FEES AND EXPENSES ........................ 10

             1.     Scheef & Stone, L.L.P. ................................................... 10

             2.     Abrams Garfinkel Margolis Bergson, LLP ..................... 13

      C.     RECEIVER'S ACCOUNTANTS' FEES AND EXPENSES ................. 13

      D.     RECEIVER'S IT PROFESSIONALS' FEES AND EXPENSES ........... 14

      E.     LODESTAR AND JOHNSON FACTOR ANALYSIS........................... 15

DECLARATION................................................................................................. 25

# TABLE OF AUTHORITIES

**Cases**

*Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973 (9th Cir. 2008) ............................ 15, 16

*Chalmers v. City of L.A.*, 796 F.2d 1205 (9th Cir. 1986)............................................... 16

*Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132 (9th Cir. 2012) ......................... 16

*Gonzalez v. City of Maywood*, 729 F.3d 1196 (9th Cir. 2013) ...................................... 16

*In re Toys R Us-Delaware, Inc.--Fair & Accurate Credit Transactions Act (FACTA)*

   *Litig.*, 295 F.R.D. 438 (C.D. Cal. 2014)...................................................................... 15

*Ingram v. Oroudjian*, 647 F.3d 925 (9th Cir. 2011) ..................................................... 15

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir. 1975)........................ 16, 17, 19

*Perdue v. Kenny*, 559 U.S. 542, 130 S.Ct. 1662 (2010) ............................................... 15

*Schwarz v. Sec'y of Health and Human Servs.*, 73 F.3d 895 (9th Cir. 1995)................ 16

*SEC v. Fifth Ave. Coach Lines, Inc.*, 364 F. Supp. 1220 (S.D.N.Y. 1973)............. 17, 18

*SEC v. Schooler*, No. 3:12-CV-2164-GPC-JMA, 2015 WL 224634 (S.D. Cal. Jan. 15,

   2015)........................................................................................................................ 17, 18

## NOTICE OF MOTION

TO THE HONORABLE JUDGE GEORGE WU, UNITED STATES DISTRICT JUDGE, AND ALL PARTIES IN INTEREST:

PLEASE TAKE NOTICE that on September 1, 2016, commencing at 8:30 a.m. or as soon thereafter as the parties may be heard in Courtroom 10 of the above-entitled Court located at 312 North Spring Street, Los Angeles, California, 90012, Charlene Koonce, the Receiver in the above –entitled action, will and hereby does move the Court for an order approving the reasonableness and authorizing the payment from receivership assets of compensation and expenses for the Receiver and the Receiver's counsel, Scheef & Stone, LLP and Abrams Garfinkel Margolis Bergson, LLP, the Receiver's accountants, Brandlin & Associates, and Davidian & Associates, and the Receiver's IT experts, Elluma Discovery, for the period July 31, 2015 through June 30, 2016.  During this pay period, the fees and expenses were as follows:

a.      Receiver's fees: $63,510.00;[1]

b.      Scheef & Stone's fees: $45,501.75;[2]

c.      Scheef & Stone's expenses: $9,855.01;[3]

d.      Abrams Garfinkel's fees: $3,011.00;

---

[1] This total is $174.00 less than as reported in the monthly fee reports.
[2] This total is $320.00 less than as reported in monthly fee reports.
[3] As noted in the June Fee Report, these expenses include $938.24 in previously unreported expenses, which were received after the billing report period had closed.  All expenses are fully documented in Exhibit D.

**NOTICE OF MOTION AND MOTION FOR ORDER APPROVING AND AUTHORIZING PAYMENT OF RECEIVERSHIP FEES AND EXPENSES; STATUS REPORT; MEMORANDUM OF POINTS AND AUTHORITIES, AND SUPPORTING DECLARATION**

- 1 -

e.     Abrams Garfinkel's expenses: $0;

f.     Brandlin & Associates' fees: $6,883.75;

g.     Brandlin & Associates' expenses: $553.06;

h.     Elluma Discovery's fees: $6,525,00;

i.     Elluma Discovery's expenses: $220.00; and

j.     Davidian & Associates Fees: $2,625.00.

PLEASE TAKE FURTHER NOTICE that this Motion is based upon this Notice of Motion and Motion; the accompanying memorandum of points and authorities and the declaration of Charlene C. Koonce; the pleadings, records and files of this case of which the Receiver requests the Court take judicial notice; the separate Notice of Hearing filed and served concurrently; and all other further pleadings, oral and documentary evidence and arguments of counsel as may be presented by the Receiver at or before the time of the hearing on the Motion.

PLEASE TAKE FURTHER NOTICE that a copy of this Notice of Motion and Motion, the accompanying memorandum of points and authorities and declaration of Charlene C. Koonce will be mailed by first class mail to all interested persons.

PLEASE TAKE FURTHER NOTICE that this Motion is made following the conference of counsel pursuant to Local Rule 7-3.  On July 19, 2016, the Receiver's

1  counsel sent emails to counsel for each of the individual defendants and the FTC,

2  which included a copy of this motion and all exhibits.

3

4                                   /s/Charlene Koonce
5                                   Charlene C. Koonce
6                                   **RECEIVER**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

## MEMORANDUM OF POINTS AND AUTHORITIES

Charlene C. Koonce, the Receiver appointed pursuant to the *Ex Parte Temporary Restraining Order with Asset Freeze*, etc. (the "Receivership Order") and the various Preliminary Injunctions entered subsequently,[4] (the "Injunctions"), moves the Court for permission to pay, from the receivership assets under her possession or control,[5] the fees and expenses accrued August 1, 2015 through June 30, 2016[6] and in support thereof, respectfully shows the Court as follows:

## I.   STATUS REPORT

Following a hearing on September 17, 2015, the Court approved and authorized payment of fees and expenses incurred from the inception of the case – June 16, 2015 through July 31, 2015.   Pursuant to the Court's instruction, the Receiver has not filed any interim other interim fee petitions, but has filed monthly reports summarizing fees and expenses incurred each month.[7]

As reflected in the invoices attached to this Motion, following the frenzied period at the inception of the case, many tasks were accomplished or addressed, including but not limited to the following:

---

[4] *See* Docket No. 105, 107 and 108.
[5] The balance of the estate account as of July 15, 2016 is $384,475.28.
[6] Invoices for the Receiver's firm generally run through the 25th of every month.  Invoices for the accountants, local counsel and the IT professionals are through the 30th of each month.
[7] Fees incurred after the date of this report will be include in a "Final Report" filed in connection with a motion to close the receivership.

1        •    The Receiver's lengthy Initial Report was finalized and filed;[8]

2        •    The Receiver's first fee petition and a supporting reply was finalized and
3
filed;[9]
4

5        •    The Receiver travelled to LA and attended the hearing on the FTC's
6
Application for Preliminary Injunction regarding Defendants Latsanovsky and
7
Calenergy;
8

9        •    The Receiver's "Motion for Continuation of Show Cause Hearing" was
10
prepared and filed (regarding various Defendants' failure to comply with several
11
provision of the TRO and Preliminary Injunction);[10]
12

13        •    The Receiver's Motion to Compel was continued, and briefing in support
14
of that Motion and the earlier Motions to Show Cause were filed;[11]
15

16        •    An opposition to Defendants' Motion to Stay Pending Criminal
17
Investigation was prepared and filed;

18        •    The Receiver's Motion to Find Certain Assets Subject to the TRO, and
19
supporting Declaration and supporting Reply was prepared and filed;[12]
20

21

22

23

---

[8] Docket No. 121-124.
[9] Docket No. 161; 195, 196.  An additional motion, brief, and reply were filed in support of authorizing payment of the final 25% of the approved fees.  Docket Nos. 263, 277.
[10] Docket No. 155.
[11] Docket No. 193.
[12] Docket No. 165-167; 192.

- Negotiations and communications continued with banks and merchant processors regarding frozen assets, turning over assets as appropriate, and in the case of EVO, treatment of a claimed possessory security interest in the merchant account funds on deposit with EVO;

- A stipulated agreement was reached with one entity subject to the Motion to Find Certain Assets Subject to the TRO;[13]

- The Receiver prepared for, travelled to LA and argued the Motions for Show Cause, Motion to Find Certain Assets Subject to the TRO, and the Fee Petition;[14]

- Following entry of the Order regarding Assets Subject to the TRO, the computer owned by Secured Merchants was located in storage and returned to Secured Merchants;

- All receivership entities' computers, documents and furnishings were moved out of the Canby Ave. location and moved into storage.  The Canby landlord was notified and rent for a short hold-over period was waived;

- The receiver communicated with a creditor, Mimonis, who claimed to own certain intellectual property related to marketing that was being developed by one or more of the entity defendants and stored in one of the computers.   Mimonis,

---

[13] Docket No. 198-199.

however, could never produce evidence of the payments it claimed to have made or otherwise stipulate to the facts necessary to justify transferring any such intellectual property to it;

- A motion establishing sales procedure, together with a supporting reply, were prepared and filed;[15]

- A notice of sale and supporting reply requesting approval of the receivership entities' inventory of skin cream, following efforts to sell the skin cream, was prepared and filed.[16] Documents reflecting the sale were also prepared and exchanged.

- A motion to establish claims priority, and supporting reply were prepared and filed.[17] Discussions with the IRS also occurred after the Motion was filed. The Receiver attended the hearing on this motion by telephone;

- Information about tax obligations was requested from the accountant previously used by the Defendants, and extensions for federal tax returns were prepared and filed;

- The 2014 federal tax return for Calenergy, the deadline for which had been extended prior to the Receiver's appointment, was prepared and filed;

---

[14] See Docket No. 206.
[15] Docket No. 207-208; 226.  The hearing on the motion regarding establishing sales procedures was waived.  Docket No. 225.
[16] Docket No. 207.

**NOTICE OF MOTION AND MOTION FOR ORDER APPROVING AND AUTHORIZING PAYMENT OF RECEIVERSHIP FEES AND EXPENSES; STATUS REPORT; MEMORANDUM OF POINTS AND AUTHORITIES, AND SUPPORTING DECLARATION**

- 7 -

• Monthly reports, beginning in October 2015 were prepared and filed regarding fees and expenses incurred during the preceding month;[18]

• The Receiver negotiated extensively with Doron (through one of his entities) regarding the sale of the contents of the Canby Ave locations, including the computers removed from those locations. A lengthy sales agreement was prepared, and the FTC participated in negotiations regarding the source of the funds used for the sale, agreements to "wipe" consumer information from the computers and not use that data for enjoined purposes, and agreement to provide access to the computers to all defendants. Counsel for Doron and the Receiver met at a bank to remove cash frozen in a safe deposit box and transfer those funds to the Receiver, and, after the computers were inventoried, possession, control and ownership were transferred to Doron.

• Communications and complaints were received from a few consumers about "Miravie" or other products that looked similar to "Auravie" but had no other apparent connection to the defendants, "Auravie" or the skin cream products at issue in this lawsuit. The Receiver communicated with these consumers regarding these issues as appropriate;

---

[17] Docket Nos. 258, 275.
[18] Docket Nos. 239, 276, 305, 318, 334, 340, 348, 419, 474, 488.

- Periodically, at the request of the FTC and on behalf of the receivership entities, the Receiver reviewed documents or emails obtained during the FTC's initial access, for privilege;

- Mail forwarded from the numerous mailbox drop locations used by several of the entities was reviewed and handled as necessary.

- The Receiver was served with a subpoena for the trial previously scheduled in June and began preparing for her testimony.  Likewise, the accountants and IT professionals were also subpoenaed and began reviewing prior reports and information in preparation for their testimony. Upon being advised of the settlement, the Receiver provided information as requested regarding tasks remaining to close the receivership estate, assets, etc.

The settlement between the FTC and those parties that have settled will permit the Receiver to accomplish the remaining duties necessary to wind up the receivership with respect to the settling defendants and the defaulting entities.  That work will be accomplished as quickly and efficiently as possible, and is expected to be relatively minimal.[19] The fees related to those tasks will be included in a Final Report, which will also request authorization to terminate the Receiver's appointment as to the settling

---

[19] Payroll taxes for all receivership entities must be paid, a notice must be prepared and filed with the IRS regarding termination of the Receiver's authority for the settling Receivership Defendants, a tax return for the estate must be prepared and filed, a Final Report, including a cash-based accounting must be prepared and filed, together with a

parties.  If the claims against the non-settling parties are resolved soon, the Receiver

believes all activities necessary to close the estate can likely be accomplished within

120 days or less.

A cash-based summary of all transactions reflecting activity in the estate

account for the period September 1, 2015 through June 30, 2016 is attached as **Exhibit**

**A**.

## II.   PAY PETITION

As described above, performing the Injunctions' mandate required the

expenditure of fees and expenses which Receiver seeks permission to pay.[20]

## A.   RECEIVER'S FEES

Based on the originally discounted rates, the Receiver's fees were $63,510.00

for fees incurred from August 1, 2015 through June 25, 2016.  The Receiver provided

219 hours of service at her $290.00 discounted hourly rate.[21]  Detailed descriptions of

the Receiver's services are set forth in the invoices attached as **Exhibit B**.

## B.   RECEIVER'S ATTORNEYS' FEES AND EXPENSES

### 1.   Scheef & Stone, L.L.P.

---

proposed Order of Discharge, etc.  The Receiver estimates that all future fees necessary to perform the mandate and
permit discharge should be $10,000- $20,000.
[20] The Order requires payment of reasonable fees and expenses: "[T]he Permanent Receiver and all personnel hired by the
Permanent Receiver… are entitled to reasonable compensation for the performance of duties pursuant to this Order and
for the cost of actual out-of-pocket expenses incurred by them …" Preliminary Injunction ¶ XXIII.
[21] Ms. Koonce's standard billing rate is $340 per hour.

**NOTICE OF MOTION AND MOTION FOR ORDER APPROVING AND AUTHORIZING PAYMENT OF
RECEIVERSHIP FEES AND EXPENSES; STATUS REPORT; MEMORANDUM OF POINTS AND
AUTHORITIES, AND SUPPORTING DECLARATION**

Scheef & Stone, L.L.P. ("Scheef & Stone") serves as primary counsel for the Receiver.[22]  Scheef & Stone's fees for services provided from August 1, 2015 through June 25, 2016 were $46,066.51 for a total of 210.5 hours.  The attorneys and paralegals of Scheef & Stone who provided services to the Receiver during this period, their billable rates, and the hours billed are summarized as follows:

| Attorney/ Paralegal | Hours Billed | Billable Rate | Discounted Billable Rate[23] | Reduced Total Requested |
|---|---|---|---|---|
| Kelly Crawford (litigation partner) | 47.5 | $420 | $375 | $17,812.50 |
| Mitch Little (litigation partner) | 3.7 | $415 | $375 | $1,387.50 |
| Robert Bolton (tax partner) | 2.5 | $160 | $150 | $937.50 |
| Leslie Sanderson (litigation associate) | 23.6 | $250 | $225 | $5,310.00 |
| James Stafford (litigation associate) | 2.7 | $215 | $180 | $486.00 |
| Jacob Sparks (litigation associate-bankruptcy) | 13.1 | $250 | $180 | $2,947.50 |
| Audra Mayberry (litigation associate) | 1.4 | $235 | $215 | $350.00 |
| Sara Benes (corporate associate) | .25 | $265 | $235 | $47.00 |
| Will Hester (paralegal) | 115.80 | $150 | $140 | $16,212.00 |
| **Total** | **210.5** | | | **$45,501.75** |

[22] The Receiver is an equity partner of Scheef & Stone.
[23] The total discount on an hourly basis is $285.

Detailed descriptions of the services provided by each member of Scheef & Stone are set forth on the invoices attached as **Exhibit C**.  The services provided by Scheef & Stone are also discussed above.   In addition, Scheef & Stone incurred expenses in the amount of $9,855.01[24] for the period from August 1, 2015 through June 25, 2016 as detailed on the invoice attached as **Exhibit D**. Approximately $2,054.48 in expenses incurred by Scheef & Stone (for photocopies, Westlaw research and meals) was either not charged or was written off.

Scheef & Stone is comprised largely of attorneys who began their careers at large firms, with equally large billing rates. The rates billed by Scheef & Stone, however, are approximately 15-20% lower than attorneys with comparable experience at comparably sized firms,[25] and are 30-50% lower than rates billed by the large firms where most of Scheef and Stone's attorneys previously worked. As reflected above, the hourly rates for Scheef & Stone attorneys and the Receiver are further discounted for this matter.   Moreover, as discussed below, these rates appear to be comparable to or lower than rates charged by attorneys in the Central District of California for receiver or receivership appointments.

---

[24] Expenses were all billed as "pass-through" and included charges for federal expressing chambers' copies of all filings, travel expenses for the Receiver to attend two hearings in LA, and travel charges' for a paralegal to travel to LA and supervise moving the contents of the Canby locations, storage and moving  costs for the contents of the Canby locations, postage, charges to continue rental on numerous "mail box" rentals previously used by the Receivership Defendants and to have that mail forwarded to the Receiver, and Quickbooks and a Dropbox subscription.
[25] Approximately fifty five (55) attorneys comprise Scheef & Stone, LLP.

### 2. Abrams Garfinkel Margolis Bergson, LLP

The Receiver's local counsel in Los Angeles, California is Abrams Garfinkel Margolis Bergson, LLP ("Abrams Garfinkel"). Based on the originally discounted rate billed by Abrams Garfinkel, fees were $3,011.00 for total hours of 10.10 for services provided from August 1, 2015 through June 25, 2016. Abrams Garfinkel's fees were discounted by 15% for this appointment. Detailed descriptions of the services provided by Abrams Garfinkel are set forth in the invoices attached as **Exhibit E**.

## C. RECEIVER'S ACCOUNTANTS' FEES AND EXPENSES

Brandlin & Associates serves as the Receiver's accountant and provided forensic accounting services that were essential to the Receiver's duties under the Receivership Order. Brandlin & Associates, L.L.P. discounted invoices totaled $6,883.75 in fees for services provided from August 1, 2015 through June 25, 2016 for a total of 22.30 hours. In addition, the Receiver requests authority to pay Brandlin & Associates, L.L.P. $533.06 in expenses incurred from August 1, 2015 through June 25, 2016.

The accountants at Brandlin & Associates who provided services to the Receiver during this time period, their billable rates, and the hours billed are summarized as follows:

| Accounting Professional/ Admin Staff | Hours Billed | Billable Rate | Discounted Billable Rate[26] | Reduced Total Requested |
|---|---|---|---|---|
| Jeff Brandlin | 7.55 | $495 | $450 | $3,397.50 |
| Richard Lieu | 5.25 | $295 | $275 | $1,443.75 |
| Jinyong Na | 9.50 | $215 | $215 | $2,042.50 |
| Total | 22.30 | | | $6,883.75 |

Detailed descriptions of the valuable services provided by Brandlin & Associates are set forth in the invoices attached as **Exhibit F**.

Brandlin & Associates does not generally provide tax accountancy services and thus the Receiver also retained Davidian & Associates, the CPA who had previously provided tax services to many of the defendant entities.   Based on the originally discounted rate billed by Davidian & Associates, fees were $2,625.00for services provided from August 1, 2015 through June 25, 2016, with the total number of hours billed estimated at 10. [27]   Detailed descriptions of the valuable services provided by Davidian & Associates are set forth in the invoices attached as **Exhibit G**.

**D.    RECEIVER'S IT PROFESSIONALS' FEES AND EXPENSES**

Elluma Discovery was retained to provide electronic data and forensic IT services to the Receivership Estate. Elluma Discovery's invoices reflected $6,525.00 in fees and $220.00 in expenses for the period from August 1, 2015 through June 25,

---

[26] The total discount on an hourly basis is $90.00.
[27] Services were billed at a "flat rate" rather than hourly, but the services were estimated to require more than 10 hours, and included the preparation of Calenergy's 2014 tax return.

2016 and include a total of 23.9 hours.  Detailed descriptions of the valuable services provided by Elluma Discovery are set forth in the invoice attached as **Exhibit H.**

The Receiver requests permission to pay the fees and expenses described above. As discussed below, the lodestar rate for all services is well below the prevailing market rates and all time and expenses were necessary.  The cash balance of the estate bank account is $384,475.28.

## E.     LODESTAR AND JOHNSON FACTOR ANALYSIS

The "lodestar" method of evaluating the reasonableness of fees, which has been expressly approved by the Supreme Court, requires a court to compare the prevalent market rates in the relevant community with the average rate charged in the matter in issue.  *Perdue v. Kenny*, 559 U.S. 542, 552 –53, 130 S.Ct. 1662, 1673 (2010); *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008).  When determining the reasonableness of the attorney's proposed hourly rate, the district court looks to the hourly rates prevailing in the relevant legal community for similar work performed by attorneys of "comparable skill, experience, and reputation." *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011) (per curiam); *In re Toys R Us-Delaware, Inc.--Fair & Accurate Credit Transactions Act (FACTA) Litig.*, 295 F.R.D. 438, 461 (C.D. Cal. 2014). The "relevant legal community" is the forum in which the district

NOTICE OF MOTION AND MOTION FOR ORDER APPROVING AND AUTHORIZING PAYMENT OF RECEIVERSHIP FEES AND EXPENSES; STATUS REPORT; MEMORANDUM OF POINTS AND AUTHORITIES, AND SUPPORTING DECLARATION

- 15 -

court sits. *Schwarz v. Sec'y of Health and Human Servs.*, 73 F.3d 895, 906 (9th Cir. 1995).

The district court calculates the lodestar by determining the number of hours reasonably expended by an appropriate hourly rate in the community. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013); *Camacho,* 523 F. 3d at 978. District court judges may use their own expertise and judgment to independently assess the value of the attorney's services. *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012). The district court also looks for evidence of "billing judgment," or the attorney's decision to discount hours that are "excessive, redundant, or otherwise unnecessary" as a lawyer in private practice would do. *Costa*, 690 F.3d at 1135.

Although the lodestar is presumptively a reasonable fee award, the district court may adjust the lodestar to account for other factors which are not subsumed within it. *Camacho*, 523 F.3d at 978. In *Kerr v. Screen Extras Guild, Inc.*, the court outlined twelve factors intended to provide district courts with guidance in the number of hours reasonably expended on litigation and the reasonable hourly rate. 526 F.2d 67, 70 (9th Cir. 1975). Accordingly, once the district court calculates the initial lodestar figure, it may then consider the *Kerr* factors in determining whether to adjust the fee award. *Chalmers v. City of L.A.*, 796 F.2d 1205, 1212 (9th Cir. 1986). The *Kerr* factors are:

(1) The time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Kerr*, 526 F.2d at 70.

Additional considerations are also relevant in the context of an equity receivership. First, the agreement or opposition of the appointing agency to the fee application is entitled to great weight. *See, SEC v. Fifth Ave. Coach Lines, Inc.*, 364 F. Supp. 1220, 1222 (S.D.N.Y. 1973); *SEC v. Schooler*, No. 3:12-CV-2164-GPC-JMA, 2015 WL 224634, at *2, 6 (S.D. Cal. Jan. 15, 2015). Further, given the public service nature of equity receiverships and similar appointments, courts also consider the quality of the work performed, including the results obtained and the benefit to the receivership estate in determining what constitutes a "reasonable fee." *See, Fifth Ave. Coach Lines, Inc.*, 364 F. Supp. at 1222; *SEC v. Schooler*, No. 3:12-CV-2164-GPC-JMA, 2015 WL 224634, at *2, 5 (S.D. Cal. Jan. 15, 2015). The complexity and difficulty associated with the appointment are also highly relevant factors in

**NOTICE OF MOTION AND MOTION FOR ORDER APPROVING AND AUTHORIZING PAYMENT OF RECEIVERSHIP FEES AND EXPENSES; STATUS REPORT; MEMORANDUM OF POINTS AND AUTHORITIES, AND SUPPORTING DECLARATION**

- 17 -

determining the reasonableness of professional fees. *Fifth Ave. Coach Lines, Inc.*, 364 F. Supp. at 1222 (Awarding interim fees and expenses to law firm for role in receivership and noting that it involved a wide variety of complex legal matters requiring the time, competence, and diverse resources of a law firm of high caliber); *Schooler*, 2015 WL 224634, at *2. Courts examine the fair value of the receiver's time, labor, and skill, measured by conservative business standards, required to carry out a court's orders when assessing the reasonableness of the rates charged for services to a receivership. *See, Fifth Ave. Coach Lines, Inc.*, 364 F. Supp. at 1222 (Fees awarded in full because they were based on law firm's usual hourly rate and supported by meticulous records); *Schooler*, 2013 WL 5945051, at *2, 5 (S.D. Cal. Nov. 5, 2013) (Fees awarded because the rates charged by the receiver were comparable to rates charged in the geographic area).   Finally the receivership estate's ability to bear the burden of fees is considered. *Schooler*, 2013 WL 5945051, at *2, 6.

As detailed above, a total of 439.6 hours for the Receiver and her counsel are included in this Motion, with a total discounted charge for Receiver and attorneys' fees (excluding expenses) of \$112,022.75, and a lodestar of \$254.82. When the accountants' and IT professional's rates and hours are incorporated into the lodestar

calculations, the total number of hours billed is 495.8, the total fees (excluding expenses) are $128,036.50[28] and the lodestar is $258.24.

Based on the *Kerr* factor analysis below as well as the lodestar figures above, the Receiver believes the fees submitted are appropriate, just, and reasonable, and require no adjustment prior to approval.

1.     The Time and Labor Required.   The Receiver respectfully directs the Court's attention to the attached invoices for unpaid fees and expenses, which identify the total number of hours billed by the Receiver, her staff and the attorneys during the approximately eleven months included in this request for payment of fees and expenses.  During that time period, the Receiver billed approximately 219 hours, while approximately 210.5 hours were billed by attorneys or paralegals assisting with the Receiver's duties.  Additional hours were billed by the accountants and IT professionals.

2.     The Novelty and Difficulty of the Questions.  The scope, complexity and numerous artifices used to disguise and camouflage the entities engaged in the Enjoined Conduct, as explained in the Receiver's *Initial Report,* rendered this appointment *extremely* difficult. During the period covered by this petition, the Receiver addressed complex or unique issues related to the inclusion of assets of

---

[28] This total is $2,521.67 lower than the total reported in the monthly fee reports, ($130, 558.17) due to a mathematical

**NOTICE OF MOTION AND MOTION FOR ORDER APPROVING AND AUTHORIZING PAYMENT OF RECEIVERSHIP FEES AND EXPENSES; STATUS REPORT; MEMORANDUM OF POINTS AND AUTHORITIES, AND SUPPORTING DECLARATION**

- 19 -

entities not named in the Original Complaint; presented various issues of contempt or noncompliance with the terms of the TRO and/or PI to the court; established a process for sales of assets and sold assets – including the defendants' computers, which necessitated special treatment as evidence to which all defendants needed access; established claim priorities to eliminate or minimize creditor objections.

3.      <u>The Skill Requisite to Perform the Service</u>.  The Receiver believes the services performed in this case required individuals possessing considerable skill and experience with receivership services, litigation, and accounting.

4.      <u>The Preclusion of Other Employment Due to Acceptance of the Case</u>. During the period covered by this Motion, no other work was declined because of this representation.

5.      <u>The Customary Fee</u>. The hourly rates sought for the Receiver and Scheef & Stone, L.L.P., and Brandlin & Associates are *substantially* lower than the rates charged by other practitioners of similar experience levels in the Central District of California.  Indeed the per hour rates charged by the Receiver and all counsel whose fees are included are believed to be 20-30% lower than the average per hour charges for attorneys and firms in the Los Angeles area with similar experience and

error in the report for March time, and revisions and corrections to other monthly invoices.

reputation.[29] Further, the Receiver's standard hourly rate of $340.00 was discounted to $290.00 for this matter and the hourly rates charged by other attorneys or paralegals that assisted in this matter were also substantially discounted. Similarly, the Receiver's IT professional's rates are discounted.

6.     <u>Whether the Fee is Fixed or Contingent</u>. The Receiver, her staff, counsel, accountants, and IT professional's hourly rates are fixed and the fees are based on the hours worked.  Payment of such fees, however, is subject to Court approval and further subject to available assets sufficient to pay the fees.

7.     <u>Time Limitations Imposed by the Client or Other Circumstances</u>.

Time is always of the essence in performing a mandate, although following the deadline related to the Initial Report tasks were generally accomplished in the ordinary course of business rather than on the emergency basis that drove the performance of services in the summer of 2015.

8.     <u>The Amount Involved and the Results Obtained</u>.  All fees and expenses incurred were necessary to perform the duties assigned to the Receiver by the Receivership Order.

---

[29] *See, for example, Securities and Exchange Commission v. Secure Investment Services, Inc., et al;* Case No. 2:07-cv-01724 in the United States District Court for the Eastern District of California, in which the receiver's fee was $350 per hour; and *Securities and Exchange Commission v. Nationwide Automated System Inc., et al;* Case No. 14-07249 in the United States District Court for the Central District of California in which receiver's fee is $350 per hour and receiver's blended attorney fee rate is $423 per hour; *see also SEC v. W Financial Group, LLC, et al.,* Cause No. 3:08-CV-0499-N in the United States District Court for the Northern District of Texas, Docket No. 65; Receiver's counsel's rate is $510 per hour.

9.     <u>The Experience, Reputation and Ability of the Attorneys</u>.   Ms. Koonce has served as receiver, special master or distribution agent in nine (9) other matters, and has represented other receivers in more than fifteen (15) receivership matters.   She is also a board member of NAFER, the National Association of Federal Equity Receivers. The Receiver's counsel, Scheef & Stone, L.L.P., includes other attorneys who specialize in serving as or representing equity receivers in federal enforcement cases and attorneys with varying practice areas and specialties. The reputations of the Receiver and Scheef & Stone, L.L.P., are recognized and respected in these fields. Ms. Koonce and attorneys with Scheef & Stone assisting her in this case have been appointed as receiver by federal courts in each of the four districts of Texas, the Southern District of Florida, and the Southern District of New York.

10.     <u>The Undesirability of the Case</u>. The Receiver's work in this case and representation of the Receiver incident to this case has not been undesirable.

11.     <u>The Nature and Length of the Professional Relationship with the Client</u>. The Receiver has been employed by or a partner at Scheef & Stone, L.L.P. for more than eighteen (18) years, and has represented other members of Scheef & Stone, L.L.P. appointed to serve as equity receivers in enforcement cases.

12.     <u>Awards in Similar Cases</u>. Based on the rates charged, the scope and difficulty of the appointment, the number of defendants and the gross sales involved,

and the total unencumbered frozen assets available to pay the fees and expenses described above, the fees requested in this case are less than or equal to those which have been awarded in similar cases.[30]

The Receiver believes the fees and expenses charged and submitted with this Motion are reasonable and necessary, and should be approved for immediate payment.

WHEREFORE, the Receiver respectfully requests that the Court enter an order authorizing the Receiver to pay from receivership assets the following administrative expenses:

a.      The total amount of $63,510.00 to Scheef & Stone for the Receiver's fees incurred during the period ending June 25, 2016; and

b.      The total amount of $55,356.76 to Scheef & Stone for attorneys' fees ($45,501.75) and expenses ($9,855.01) incurred or paid during the period ending June 25, 2016; and

c.      The total amount of $3,011.00 to Abrams Garfinkel Margolis Bergson LLP for attorneys' fees ($3,011.00) and expenses ($0.00) incurred or paid during the period ending June 25, 2016; and

---

[30] For instance, in the first fee petition filed by the Receiver and his counsel in *Securities and Exchange Commission v. Medical Capital Holdings, Inc., et al,* Case No. SA CV09-0818 in the United States District Court for the Central District of Texas, the Court approved fees totaling $360,460 for the receiver, $793,606 for counsel to the receiver, and $61,000 for the receiver's IT professional.

**NOTICE OF MOTION AND MOTION FOR ORDER APPROVING AND AUTHORIZING PAYMENT OF RECEIVERSHIP FEES AND EXPENSES; STATUS REPORT; MEMORANDUM OF POINTS AND AUTHORITIES, AND SUPPORTING DECLARATION**

- 23 -

d.   The total amount of $7,436.81 to Brandlin & Associates for accounting services rendered ($6,883.75) and expenses incurred ($553.06) or paid during the period ending June 25, 2016; and

e.   The total amount of $2,605.00 to Davidian & Associates for services rendered during the period ending June 25, 2016.

f.   The total amount of $6,745.00 to Elluma Discovery for services rendered ($6525.00) and expenses incurred ($220.00) during the period ending June 25, 2016.

Respectfully submitted,
**SCHEEF & STONE, L.L.P.**

*/s/Charlene Koonce*
Charlene C. Koonce
(TX SBN 11672850)
500 N. Akard Street, Suite 2700
Dallas, Texas 75201
Telephone: 214-706-4200
Telecopier: 214-706-4242
*Admitted Pro Hac Vice*
**Receiver**

# DECLARATION

I, Charlene Koonce, declare under penalty of perjury under the laws of the United States of America that the following statements are true and correct:

1. I am over the age of 18 years, have never been convicted of a crime involving moral turpitude, and am competent to make this Declaration. I have personal knowledge of the facts stated herein.

2. I am an attorney licensed to practice law in the state of Texas and am a partner with the law firm of Scheef & Stone, LLP. I have been licensed to practice law in Texas since 1991. I am admitted to practice before all state and federal courts in the state of Texas, and am admitted to practice before the Fifth and Eleventh Circuit Courts of Appeal. My practice emphasis is in complex business litigation, particularly in federal courts, and I have extensive experience in serving as or representing equity receivers in government enforcement cases.

3. The invoices attached to this Motion are true and correct copies of the invoices generated by Scheef & Stone, Abrams Garfinkel, Brandlin & Associates, Davidian & Associates, and Elluma Discovery for the services rendered as required by the Receivership Order and the Preliminary Injunctions, and accurately reflect the charges incurred in connection with my appointment as Receiver.

NOTICE OF MOTION AND MOTION FOR ORDER APPROVING AND AUTHORIZING PAYMENT OF RECEIVERSHIP FEES AND EXPENSES; STATUS REPORT; MEMORANDUM OF POINTS AND AUTHORITIES, AND SUPPORTING DECLARATION

- 25 -

4.      The fees reflected in the attached invoices are lower than the fees charged by attorneys and accountants with comparable skills, reputations, and experience in the Northern District of Texas and the Central District of California.    Similarly, the fees and expenses reflected in the invoices attached to the Motion are reasonable and customary rates and reflect services which were necessary to perform the Receiver's duties as outlined in the Receivership Order and the Preliminary Injunctions. Executed this 19th day of July 2016.

*/s/Charlene Koonce*
CHARLENE C. KOONCE

## **CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that this motion is filed following the conference of counsel pursuant to L.R. 7.3, which took place on July 19, 2016. The Receiver conferred with counsel for the Federal Trade Commission and counsel for the Individual Defendants and Receivership Defendants (to the extent any Receivership Defendant has appeared and is defending) regarding this Motion and proposed order. The FTC does not oppose the requested relief. Counsel for Relief Defendant Chargeback Armor also stated no opposition. No other Defendant or Relief Defendant stated any objection to the Motion.

*/s/Charlene Koonce*
Charlene C. Koonce

# CERTIFICATE OF SERVICE

The undersigned certifies that on August 4, 2016 a true and correct copy of the foregoing document was electronically filed with the clerk of the U.S. District Court, Central District of California, using the CM/ECF system which will send notification of such filing to the following:

Erik S Syverson / Scott M. Lesowitz
Steven T. Gebelin
Raines Feldman LLP
9720 Wilshire Boulevard Fifth Floor
Beverly Hills, CA 90212
*Counsel for Oz Mizrahi*

Robert L. Esensten
Randi R.Gefflner
Esensten Law
12100 Wilshire Boulevard, Suite 1660
Los Angeles, CA 90025
*Counsel for Doron Nottea and Motti Nottea*

Robert M. Ungar
Crosswind Law
14724 Ventura Blvd Penthouse
Sherman Oaks, CA 91403
*Counsel for Alon Nottea, Roi Rueveni and Adageo, LLC*

Jeffrey S Benice
Law Offices of Jeffrey S Benice
3080 Bristol Street Suite 630
Costa Mesa, CA 92626
*Counsel for Igor Latsanovski and CalEnergy, Inc.*

Benjamin A. Pettit
20 East Pueblo Street
Santa Barbara, CA 93105
*Counsel for Alon Nottea*

1
   Reid Tepfer/ Luis Gallegos
   Federal Trade Commission
2
   1999 Bryan Street, Suite 2150
3
   Dallas, TX  75201
   *Counsel for the FTC*
4

5
   Sagar Parikh
   Beverly Hills Law Corp., PC
6
   433 N. Camden Drive, 6th Floor
7
   Beverly Hills, CA 90210
   *Counsel for Chargeback Armor, Inc.*
8

9
   Raymond E McKown
   Federal Trade Commission
10
   10877 Wilshire Boulevard, Suite 700
11
   Los Angeles, CA 90024
   *Counsel for the FTC*
12

13
   Shai Oved
   The Law Offices of Shai Oved
14
   433 N. Camden Drive, 6th Floor
15
   Beverly Hills, CA 90210
   *Counsel for Secured Merchants, LLC*
16

17

18

19

20
      In addition, a true and correct copy of the foregoing was served by First Class Mail upon the creditors listed on **Exhibit I**.

21

22
                    */s/  Charlene C. Koonce*
                    CHARLENE C. KOONCE

23

24

25

26

27
   **NOTICE OF MOTION AND MOTION FOR ORDER APPROVING AND AUTHORIZING PAYMENT OF RECEIVERSHIP FEES AND EXPENSES; STATUS REPORT; MEMORANDUM OF POINTS AND AUTHORITIES, AND SUPPORTING DECLARATION**