**EXHIBIT B**

Sche... ...tto...
500 N. Akard, Suite 2700
Dallas, Texas 75201
(214) 706-4200

INVOICE

---------------------------------------------------------

Charlene C. Koonce, Receiver FTC v. Bunzai                                              10/07/2015

Account No:     8477-100
Invoice No:      849867

Matter 100 - Receiver

|            |     |                                                                                                                                                                                                                                                                                           | Hours |
|------------|-----|-------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|-------|
| 08/01/2015 | CCK | Review additional information rec'd from Brandlin for inclusion in report and edit report regarding same; email with LS regarding status of getting EVO's funds, which accounts are included in $39k to be transferred from WF; review latest version of D's proposed confidentiality agreement and email Alon's counsel regarding same | 2.00  |
| 08/02/2015 | CCK | Review Brandlin report and exhibits to same; email Brandlin with questions/comments/changes and update report to include accurate references to same (multiple); draft summary of assets and liabilities and confer w/Brandlin regarding same; continue edits to Report | 5.30  |
| 08/03/2015 | CCK | Review PP slides and revise same; begin drafting outline for discussion at PI hearing (N/C); confer w/KMC regarding issues related to Roi and Alon's failure to provide consent required by Google, email information, etc; email FTC regarding checks rec'd from Doron's adult businesses; review and revise letter to EVO; brief review of account docs rec'd from another processor and ask LS to review for determination of who signed account for Optimized Media and what it was selling | 1.00  |
| 08/04/2015 | CCK | Review data received from Google regarding deleted info from business account and confer w/IT regarding difficulties opening/accessing same and questions regarding some emails from Google to the account regarding changes to access/codes; confer w/KMC regarding status and prior communications with Unger regarding the email/Google issues; Confer w/KMC regarding strategy regarding including all defendants in scope of the orders; Telephone conference with FTC regarding hearing on Thursday, status of whether entities are defending and proposed motion to designate un-named entities as "Receivership Defendants"; draft email to all counsel conferring regarding same; begin drafting same;  confer w/accountants regarding providing cash-based summary for use with pay petition and confer w/KMC regarding drafting same, local rules requirements, list of known creditors and conferring with the Ds regarding same 7 days before filing; Telephone conference with with B of I regarding Igor's mortgage and issues regarding same- forward them to the FTC; continued email exchanges with Eran Link regarding what/whether he consented to regarding use of his name; review invoices for pay petition and confer w/assistant/accounting regarding |       |

Charlene C. Koonce, Receiver FTC v. Bunzai

10/07/2015
Account No:     8477-100
Invoice No:       849867

Matter 100 - Receiver

|  |  |  | Hours |
|---|---|---|---|
|  |  | edits to same and reduction of expenses | 8.30 |
| 08/05/2015 | CCK | Review Report, Brandlin report and all related data, including recent applications rec'd from merchant processors; continue drafting summary/PP outline (N/C); travel to LA and from airport to hotel | 7.00 |
| 08/06/2015 | CCK | Attend hearing; confer w/ opposing parties regarding fee petitions, motion to designate additional entities as subject to the TRO, issues regarding mail for Doron's adult businesses, issues regarding Sunset and CalEnergy; confer w/KMC regarding status and fee petition;  travel to airport from courthouse and return flight to Dallas (2 hour discount for time spent on other matter while in transit). | 7.60 |
| 08/07/2015 | CCK | Continue drafting motion to designate additional entities as bound by TRO; email D's counsel regarding opening or forwarding mail; email D's counsel conferring about motions to show cause; confer w/KMC regarding issues related to designating entities; confer w/FTC regarding issues pertaining to CalEnergy and Sunset; email exchanges w/Igor's counsel and FTC regarding invoices supporting pay petition; review and revise statement of expenses for same | 2.50 |
| 08/08/2015 | CCK | Further revisions and reductions to invoices, and edits to fee petition; draft lengthy email to counsel for Igor regarding fees, etc.; draft response to email from counsel for Alon regarding  questions related to MSC hearing and requests for information; confer w/Brandlin regarding waiving their 7% admin fee; review phone message from individual interested in purchasing AuraVie inventory and forward to WH with instructions | 4.80 |
| 08/09/2015 | CCK | Continue drafting motion regarding declaring additional RD entities' assets are within the scope of the TRO; begin drafting Dec in support; multiple email exchanges with counsel for Alon regarding same and Order to Show Cause hearing | 2.50 |
| 08/10/2015 | CCK | Continue drafting motion to designate assets of entities that qualify as Receivership Defendants within the scope of the TRO, and supporting Dec; further edits to fee petition and invoices; forward invoices to the FTC with summary and comments; forward invoices to counsel for Cal Energy with comments; reply to additional email from Cal Energy regarding proposal for its continued operation; confer w/KMC regarding status related to Defendants' continued failure/refusal to provide requested information, avoiding expenses going forward, strategy regarding potential claims against banks and remaining work necessary to wind-down; email court regarding continuance on show cause hearings and draft affidavit of noncompliance/motion to continue regarding same; review email from Nottea defendants regarding request to stay based on pending criminal investigation and email exchange w/Ds regarding same regarding confirmation that receivership defendants would not be included within the stay; email FTC regarding issue regarding Doron Nottea's mail, including mail addressed to his porn businesses | 5.00 |
| 08/11/2015 | CCK | Telephone conference with FTC regarding issues pertaining to D's proposed stay; email D's regarding same; draft summary of work needed to complete/accomplish the mandate; continue drafting motion to designate |  |

Charlene C. Koonce, Receiver FTC v. Bunzai

Matter 100 - Receiver

| | | | Account No: | 8477-100 |
|---|---|---|---|---|
| | | | Invoice No: | 849867 |

10/07/2015

|  |  |  |  | Hours |
|---|---|---|---|---|
| | | certain assets as Receivership Assets and research regarding same; email exchange with accountant regarding estimated costs for preparing 2014 and 2015 returns; continue revisions to pay petition and forward same to FTC; review and revise letter to affiliate marketers requesting transfer of their assets; email exchange with counsel for SM regarding his acceptance of service of process regarding motion to declare SM's assets RD assets; review D's motion to stay; confer w/WH regarding finding address to serve owner of Daria Media; Telephone conference with landlord regarding rent, date to vacate, "porn suite," contacting Alan Argaman, the guarantor, etc., continue email exchanges with counsel for SM regarding their proposal to abandon disclosed assets to estate in exchange for agreement that i take no further action regarding SM until/unless it is added as a defendant; draft response to D's motion to stay; | | 8.20 |
| 08/12/2015 | CCK | Continue drafting Response to D's motion to stay and confer w/KMC regarding same; continue drafting motion to designate additional entities as "Receivership Defendants," and drafting supporting dec; review D's reply in support of their motion to stay; confer w/WH regarding vacating Canby locations; | | 4.00 |
| 08/13/2015 | CCK | Review email from counsel for Mimonis and respond regarding status of case, requesting additional information; email counsel for Paul Medina and Alon requesting information regarding same; confer w/KMC regarding adding entity to the creditor's matrix; review and revise letter agreement with EVO and confer w/LS e same; confer w/FTC regarding numerous open issues, including proposed stip with SM, mail issues and access to 109; email exchanges with counsel regarding agreement to open/forward mail, and ownership of contents of Canby; draft Stip regarding SM and forward to counsel for SM, and email exchange regarding financial disclosure regarding same; confer w/WH regarding getting good address for service on Forward Momentum, and adding informaiton to motion regarding treating all entities as RD; confer w/WH regarding selling all skin care products and storing everything else until we get a ruling on ownership; review mail rec'd from all post office and Canby locations and sort for return to Ds and confer w/assistant regarding forwarding same; email exchange w/Doron's counsel regarding same; email landlord regarding status of our exit, etc.; continue drafting Declaration in support of Motion for Finding regarding additional entities (lengthy); review revised cash-based accounting for exhibit to pay petition; Telephone conference with FTC regarding fees; email all team members regarding requested reduction; and email FTC regarding same; email exchanges with counsel for Secured Merchants and Paul Medina regarding their request for my abandonment of the contents 105 and 103, and terminating the lease; email counsel for Doron regarding contents of 109 and abandonment of same; begin draft of motion requesting authority to sell contents of 105 and 103 given D's refusal to ID the owner of that stuff | | 10.10 |
| 08/14/2015 | CCK | Telephone conference with lawyer for landlord regarding when we are vacating, their eviction process, etc; Telephone conference with FTC regarding fee petition, and requested reductions in rates; revise same, including adding notice of motion, additional detail to conference, and revising to reflect further reductions; confer w/KMC regarding additional docs required by local procedure; continue drafting/revising Motion regarding assets of | | |

Charlene C. Koonce, Receiver FTC v. Bunzai

10/07/2015

Account No:     8477-100
Invoice No:     849867

Matter 100 - Receiver

Hours

additional entities, adding notice of motion, and revisions to order regarding same; review Local Rules regarding whether creditors must receive notice of same; draft letter to David Migdal for enclosure when personally served and confer w/WH regarding same; review FTC's and Igor's Joint Status Report; confer w/FTC regarding providing notice to Igor regarding information provided to US Attorney for SDNY; review email from D regarding Doron's mail and mail for other entities;

4.30

08/18/2015    CCK    Telephone conference with FTC regarding entities not included in motion to clarify TRO/PI scope, and declaration in support of their motion for default judgment; review accountant's report and data rec'd from accountants regarding 2015 income and email accountants regarding same; confer w/KMC regarding D's request to move all hearings scheduled for the 14th; review local rules regarding deadlines for responses and replies regarding same; review summary pulled from D's computers regarding CbA's first client having been Auravie; review emails between IT and Unger regarding alleged improper access to Reuveni email; review email from CA EDD and email Davidian regarding preparing filing reports regarding same; further email exchange with counsel for Alon regarding "rolling requests"; Telephone conference with counsel for creditor of Exposed Media regarding claim to assets stored in 109;

1.00

08/19/2015    CCK    Review addt'l info rec'd from accountants regarding entity income for 2015; forward same to FTC for use in dec; confer w/KMC regarding potential issues requiring clarity during hearing on D's motion to stay, and strategy regarding D's motion to continue all R motions; review and revise D's proposed stip regarding continuation of same hearings; Telephone conference with Amegy regarding questions related to incorrect info tied to EVO wire; review account and confer w/LS regarding why priority payments wire has not hit the account; confer w/WH regarding holding off on further service attempts for Migdal until the court enters the stip on the new hearing date; confer w/local counsel regarding associate or paralegal assistance to get bids for moving out of Canby suites; review list of email accounts for which Ds have never provided email access

1.10

08/20/2015    CCK    Review Deed of Trust regarding Sunset property Igor represented was not subject to a lien; confer w/KMC regarding investigating same; confer w/assistant regarding preparing amended notice of hearing regarding various hearings to be rescheduled for September 17th; confer w/KMC regarding issues related to D's motion to stay and preparation for arguing same; review D's reply in support of same and FTC's notice of lodging regarding joint status report related to Igor; Telephone conference with LS regarding status of getting funds wired from priority payments; review and respond to email from Doron's counsel regarding claim that contents of 105 belong to the adult businesses; review and respond to email from counsel for mimonis regarding continued assertion that his clients dealt with Media Urge; email KMC regarding same for use at hearing on Monday

0.90

08/24/2015    CCK    Review Am Ex statements and forward same to FTC; email communications with counsel for Doron regarding claim to various items in Suite 105 and confer w/WH regarding relocating same to suite 109; email exchanges with counsel for Mimonis regarding IP located on computer in suite 103; Telephone conference with KMC regarding status update from this morning's hearings,

Charlene C. Koonce, Receiver FTC v. Bunzai

10/07/2015

Account No:     8477-100
Invoice No:      849867

Matter 100 - Receiver

|  |  |  | Hours |
|---|---|---|---|
|  |  | and issues regarding Sunset, etc.; email PS regarding bankruptcy procedure for establishing claims priority | 0.90 |
| 08/26/2015 | CCK | Review and respond to email from counsel for Doron listing items he contends are personal property with possession turned over to him and requesting sworn declaration regarding same; email conferences with WH regarding same; Telephone conference with WH regarding offer to purchase skin care products rec'd; draft bill of sale; review local rules regarding sales and confer w/LS regarding drafting motion to confirm sale; conference with all counsel regarding same; Telephone conference with David Migdal regarding his questions related to filing response to motion to designate; email exchanges w/WH regarding safe located in suite 109 and email exchange with Doron's counsel regarding getting combination for same | 0.80 |
| 08/27/2015 | CCK | Telephone conference with WH regarding status of move; review email from counsel for SM/Argaman regarding request for computer and respond to email regarding same; email exchanges regarding safe combination and review photos of contents of safe, forwarding same to counsel for Doron and FTC; review various responses filed by Ds, and Secured Merchants, regarding pending motions; email FTC regarding whether they will respond to CBA response | 0.80 |
| 08/28/2015 | CCK | Continuing review of Lats response to fee petition, and email KMC regarding arguments regarding same; begin drafting response to SM response to motion to designate; Review Midgdal/Forward Momentum response (unfiled) and return call from David Migdal regarding request to discuss settlement; review all supporting evidence regarding Midgal; and email Migdal regarding questions related to his purported employment with outside 3rd company; | 4.20 |
| 08/29/2015 | CCK | Begin drafting response to Alon/Roi response to Motions to Show Cause, including research regarding compensatory sanctions and Rule 37 sanctions | 2.60 |
| 08/30/2015 | CCK | Continue drafting Reply to objections to Show Cause orders, filed by Alon and Doron, including research regarding assertion of 5th Amendment not being an impediment to the award of monetary sanctions | 4.10 |
| 08/31/2015 | CCK | Confer w/KMC regarding response to objections to pay petitions and various arguments in support of same; confer w/WH regarding status of items moved from Canby locations, and status with prospective buyer of skin cream items; Continue drafting Reply in Support of Orders to Show Cause, including research regarding "all reasonable efforts" as a defense to contempt; continue drafting reply to SM' response regarding motion to include its assets, and review various information available regarding SM, including additional bank records and mailing addresses; email exchange with counsel for Doron regarding contents of 109 and location of items from 105; confer w/LS regarding motion for admin procedures and email all counsel conference on same; email exchanges w/David Migdal regarding motion related to Forward Momentum; email FTC regarding potential opposition to limited stip regarding FM; review information rec'd from Migdal regarding same and Telephone conference with Migdal; review checks rec'd from Priority Payment for reserve accounts and confer w/LS missing amount; | 5.70 |

Charlene C. Koonce, Receiver FTC v. Bunzai

10/07/2015
Account No:     8477-100
Invoice No:      849867

Matter 100 - Receiver

|  |  |  | Hours |
|---|---|---|---|
| 09/01/2015 | CCK | Continue research regarding authorities defining/discussing "all reasonable efforts" to comply with order so as to avoid finding of contempt (Alon/Doron Reply to OSC); Telephone conference with FTC regarding status of Forward Momentum motion and whether they are filing any response to Chargeback Armor's motion; review email from Davidian regarding tax returns due, review prior informaiton regarding which named entities have extensions and respond with further questions; email Midgal regarding additional questions regarding his and Forward Momentum's involvement with D's skin care operations; continue drafting Replies in support of motion to compel and Show Cause Orders, and motion to find assets of Secured Merchants subject to the TRO/PI; begin drafting Declaration for Migdal and Stipulation regarding withdrawal of motion regarding same | 3.70 |
| 09/02/2015 | CCK | Email property manager for Canby regarding holding any security deposits until the Court rules on motion to include SC's assets as receivership assets; review, revise and add detail to reply in support of pay petition and confer w/KMC regarding same; Telephone conference with Migdal regarding facts for inclusion in his Dec and resolution of claim against FM; further edits to his Dec regarding same; Telephone conference with FTC regarding facts related to witnesses and fraud; continue edits to reply in support of Orders to Show Cause | 5.20 |
| 09/03/2015 | CCK | Revise Declaration and review Lats transcript for supporting excerpts; continue drafting/revising Reply in support of Pay Petition; email exchanges with Migdal; draft Order regarding Stipulation and forward signed Dec from Migdal to FTC; email LS regarding communicating with B of A regarding getting FM account released; review Regus lease for SBM and contact SBM regarding terminating same; email copy of PI to Regus regarding same | 5.00 |
| 09/08/2015 | CCK | Review stip for PI between FTC and Igor; email FTC regarding questions related to sale of property; email Cal counsel regarding removal of all officers, employees, etc.; review email from IT regarding Unger's request for privilege sort in all entity emails and purported notice regarding same arising from 502 Stip; review Stip regarding same and email Unger; review TM from FM employee; return call; Telephone conference with LS regarding motion for sales procedures, and approval of sale of skin cream products; begin drafting status report required by PI; email exchange with Alon's counsel regarding request for statement regarding objection to dissolution of any entity; email counsel for Paul Medina regarding request to ID all affiliate marketers which may owe FM $$; review status of demand letters to affiliate marketers for turnover, previously sent regarding FM | 1.60 |
| 09/09/2015 | CCK | Review and revise motion for establishing sales procedures and approval of sale of skin care products; confer w/WH regarding details regarding skin care inventory; continue drafting First Status Report; review documents, evidence and statute regarding potential fraudulent transfer claim against Sunset and confer w/KMC regarding same; | 2.70 |
| 09/10/2015 | CCK | Telephone conference with counsel for customs merchant claiming to own certain skin care products; email landlord at Canby regarding reports that contents of 109 will be auctioned; review and respond to email from KMC regarding communications from settling employees regarding status of | |

Charlene C. Koonce, Receiver FTC v. Bunzai

10/07/2015

| | |
|---|---|
| Account No: | 8477-100 |
| Invoice No: | 849867 |

Matter 100 - Receiver

Hours

settlement payments; review and respond to email from Alon's counsel regarding his purported request for privilege sort of all email as encompassed by Rule 502 Stip, questions regarding objection to dissolution of entities, and status of motions to compel/show cause

0.60

09/15/2015   CCK   Review CalEnergy schedule of depreciating assets and summary regarding attorney's fees and email Igor's counsel regarding where assets are located and whether used to operate the other receivership defendants; further email exchange with accountant regarding finalizing the return and his need for additional information; further email to counsel for Igor requesting additional information needed by accountant; Telephone conference with FTC regarding whether asset depos occurred and whether stipulated injunction with Igor will involve release of assets from Sunset frozen account, etc.; begin preparing for hearing regarding motion to declare assets of unnamed entities fall within scope of PI, review all briefing and my dec, authorities regarding same, and brief research regarding piercing the corporate veil, and draft outline; review creditor demand letter to SBM and draft response regarding stay of enforcement in PI; review email from forensic accountants regarding additional questions regarding Cal's tax return and email CPA regarding same; review FTC's motion to strike Chargeback Armor's Motion; forward additional questions regarding Cal's return to Igor's counsel after reviewing response from CPA regarding same.

2.60

09/16/2015   CCK   Review exhibits emailed by counsel for Alon and email exchange regarding his questions regarding admissibility; review related emails from my files to obtain/select my own exhibits and email exchange with same regarding admissibility/objections; Draft outline for arguments/evidence regarding hearing on Show Cause/sanctions for Alon and Doron; confer w/assistant regarding reviewing chambers' procedures regarding copies/notebooks, etc. (n/c); review summary drafted by KMC for argument regarding fee petition, and continue drafting outline for same and prep for hearing, reviewing total number of fees billed/discounted, source of all fees, relevant authorities, etc. review CBA response to FTC's motion to strike; email accountants regarding fees incurred August  - today and review response.

5.50

09/17/2015   CCK   Travel to LA (6:10 a.m. flight), continuing preparing for hearings on 3 motions during flight, including outline for direct exam of Nottea Ds regarding sanctions motions; travel to court house from airport; attend hearing and argue motions; return to airport, email team regarding holding on fee petition; and return flight to Dallas (2:30 flight- arriving Dal late at 8:00);

14.50

09/18/2015   CCK   Review summaries regarding identifying SM bank accounts and draft revised order regarding same; draft revised order regarding fee petition; review email from accountant regarding information rec'd from Igor regarding questions related to Cal's tax return, and reply with additional questions sent previously but not answered by Igor, and timing regarding dissolution of various entities and final tax returns for same; email counsel for Igor regarding obtaining photos and inventory of Cal items stored in Igor's garage; review and slight revisions to order regarding sales procedures and confer w/assistant regarding drafting notice of lodging for same; review email from "liftablemedia.com" confirming no payments to FM since 6/17 and no amounts currently owed to FM; draft notice regarding intent to dissolve various entities; review email from

Charlene C. Koonce, Receiver FTC v. Bunzai

10/07/2015
Account No:     8477-100
Invoice No:      849867

Matter 100 - Receiver

|  |  |  | Hours |
|---|---|---|---|
|  |  | counsel for Doron regarding another change of counsel; confer w/WH regarding items in storage from Canby and potential sales value regarding same; email exchange w/WH regarding confirming entities for which we want mail forwarded only (not all mail to all locations) | 1.20 |
| 09/21/2015 | CCK | Email exchange with skin care product purchaser regarding status of motion to approve sale; email exchange with counsel for SM regarding release of funds at issue and getting Argaman his computer; email local counsel regarding motion to show cause why Lifescript v. SBM case should not be dismissed and appearing at same; Call FTC regarding image of Argaman computer; LM; email exchanges w/counsel for CBA regarding motion related to "modification" of TRO and PI regarding conference on motion; review motion regarding same; review and revise notice of lis pendens for various Sunset properties | 0.60 |
| 09/22/2015 | CCK | Review orders entered last night and instruct assistant regarding when and amounts for cutting checks and preparing template for future reports regarding fees and expenses; review objection filed by SM to order related to its assets and review local rules regarding rules related to service of orders for hearings (none apply to our situation); email exchange with creditor regarding their inquiries for IP created for "mimonis" and purportedly stored on graphic designer's computer, and respond regarding order finding all assets of all related entities to be receivership assets and request stipulation to authorize transfer of IP in exchange for release of claim; confer w/WH regarding getting office furniture, camera/phone and security system sold; email landlord confirming order finding all assets of SC and FMS to be receivership assets and request transfer of any balance from security deposit to be transferred to me; finalize notice regarding dissolution; review CBA's motion and email FTC regarding incomplete email exchanges referenced in the motion; revise notice regarding monthly fees/expenses to be filed; email exchange with accountant regarding status of getting additional information from Igor regarding Cal's tax return; email Igor's counsel regarding no response regarding Cal assets stored in Igor's garage | 1.10 |
| 09/23/2015 | CCK | Review draft dec sent by Mimonis regarding release of IP, and revise same; review older emails regarding Mimonis and AMD; forward revised Dec to Mimonis counsel with comments regarding same and requested stipulation; review docket sheet in Igor immigration lawsuit (pleadings not available) and email attorney regarding why Cal was included in that lawsuit and request information regarding why Cal paid attorneys fees for Lats family and request info and copy of Complaint regarding same; review and revise mailing matrix, ensuring Mimonis is listed and revising as to Regus Business Center, etc.; confer w/KMC regarding Mimonis and their position regarding releasing claim; Telephone conference with FTC regarding when they expect to add additional parties and creditor priority issues, Mimonis, info regarding CBA, and dissolution issues, etc.; confer w/KMC regarding strategy regarding Doron's claim to computers and other items stored from suites 103 and 105; review Doron's Dec and list of items he claims ownership of; email accountant for tax returns of NFT regarding checking to see what equipment it lists as owning for depreciation; email Doron's counsel regarding ownership/sales issue; review prior correspondence with Mobooka requesting accounting of funds owed to FMS and turnover of same; draft lengthy email to Mobooka regarding same, attaching order finding FMS's assets to be receivership assets, requesting |  |

Charlene C. Koonce, Receiver FTC v. Bunzai

| | | |
|---|---|---|
| | | 10/07/2015 |
| | Account No: | 8477-100 |
| | Invoice No: | 849867 |

Matter 100 - Receiver

| | | | Hours |
|---|---|---|---|
| | | turnover and providing deadline for same | 1.60 |
| 09/24/2015 | CCK | Review NFT tax returns, confirming no computer equipment listed for depreciation and thus disproving Doron's contention that NFT owned the computers, etc. in Canby; email exchange with counsel for Doron regarding his request for additional time to locate evidence regarding what entities own the computer equipment recovered from Canby; follow up email to additonal counsel for Mobooka, regarding request for turnover of any funds owed to FMS, if any and Telephone conference with additional counsel for Mobooka regarding same; email exchange w/KMC regarding calls from settlement creditor/former employee regarding status of whether settlement payments will continue | 0.80 |
| 09/25/2015 | CCK | Review order to show cause filed by the WD Tenn regarding 28 U.S.C. 754 notice; Telephone conference with local counsel regarding same; telephone judge's chambers; LM; draft letter regarding same; draft brief response to CBA's motion regarding inaccuracies; review objection to notice to dissolve and begin drafting response; review Adageo tax returns and sworn statement of financial condition regarding identification of any other member not provided notice of intent to dissolved (none identified); review photos of CalEnergy items in storage in Igor's garage and respond requesting inventory regarding same; confer w/WH regarding beginning efforts to sell same; | 2.10 |

| | | | | |
|---|---|---|---|---|
| | For Current Services Rendered | | 143.50 | 41,615.00 |

Recapitulation

| Timekeeper | Hours | Hourly Rate | Total |
|---|---|---|---|
| Charlene C. Koonce | 143.50 | $290.00 | $41,615.00 |

| | |
|---|---|
| Total Current Services and Expenses | 41,615.00 |
| Previous Balance | $86,658.96 |
| Balance Due | $128,273.96 |

Past Due Amounts

| 0-30 | 31-60 | 61-90 | 91-120 | 121-180 | 181+ |
|---|---|---|---|---|---|
| 0.00 | 0.00 | 86,658.96 | 0.00 | 0.00 | 0.00 |

TERMS: DUE AND PAYABLE UPON RECEIPT

Schwartz Semerdjian Cauley & Moot LLP
500 N. Akard, Suite 2700
Dallas, Texas 75201
(214) 706-4200

INVOICE

------------------------------------------------------------

Charlene C. Koonce, Receiver FTC v. Bunzai

11/23/2015
Account No:   8477-100
Invoice No:   853152

Matter 100 - Receiver

| | | | Hours |
|---|---|---|---|
| 09/28/2015 | CCK | Brief review of parties' 26(f) report noting claims by Doron that estate is in possession of records and materials related to porn businesses and intent to file motion regarding same; email counsel for Igor regarding why Cal was a plaintiff in Igor's immigration lawsuit and why it paid attorneys fees regarding same; review Alon's objection to sales procedures motion and confer w/WH regarding amount of offer on furniture, and soliciting additional offers; finalize response to CBA motion; continue drafting Motion for authorization to dissolve in response to Alon motion to notice of dissolution; email exchange with local counsel regarding necessity for appearing at show cause hearing regarding Lifescript lawsuit, and CA law regarding basis for dissolution noted in Alon's objection; revise letter enclosing partial payments to all counsel, accountants, IT regarding 50% payments issued today; review Complaint filed by Cal and all Lats family members to evaluate regarding why Cal paid fees for all. | 3.30 |
| 09/29/2015 | CCK | Review email from counsel for SM regarding status or release of computer; respond regarding pending objection and request for transcript of hearing supporting his objection; email exchange with accountant regarding finalizing Cal's tax return; research regarding court's subject matter jurisdiction in FTC case to authorize receiver to dissolve entities (responding to Alon's objection regarding dissolution); further email exchange with SM's counsel; email LS regarding getting 40% of SM's bank account transferred to estate with balance unfrozen; email IT regarding cost for getting hard drives copied of any not already copied by FTC and status of copy of SM's hard drive; confer w/JS regarding drafting motion to establish claims priority for creditor, taxes and consumer redress; continue drafting motion for authorization to dissolve entities and continue research regarding court's subject matter jurisdiction in FTC case encompasing same; draft reply in support of motion for sales procedures, addressing objections asserted by Alon regarding same, and revise proposed order regarding same; Telephone conference with counsel for Doron regarding his proposal for sale of disputed computer equipment to Doron's porn businesses; forward emails to Doron's current counsel regarding initial efforts to spin-out the porn businesses, and email FTC regarding Doron's proposal regarding purchasing the computer equipment | 2.40 |
| 10/01/2015 | CCK | Review info rec'd from IT regarding copying hard drive or Argaman computer and email FTC regarding question relate to same; review bank account info for | |

Charlene C. Koonce, Receiver FTC v. Bunzai                                11/23/2015

Account No:     8477-100
Invoice No:      853152

Matter 100 - Receiver

Hours

SM and email counsel for SM regarding same; review Dec rec'd from Mimonis
and begin drafting stipulation regarding reduction in claim amount in exchange
for searching and providing as much IP as can be located in FMS computers,
in exchange for same; review inventory of Canby property moved to 109 and
stored and email exchange with WH regarding same; review phone message
from Stephan Bauer requesting info regarding his prior decs and SBM tax
returns and forward same to him; review additional info rec'd from Mimonis'
counsel regarding location of IP info and Kristopher Bond involvement;                    0.60

10/02/2015   CCK   Telephone conference with FTC regarding computer imaging, conference
regarding potential sales of same, etc. to Doron's porn businesses; email
counsel for Alon regarding conferring about his objection and whether he
would insist computers be wiped if sold to Doron's porn businesses; revise
response to objection and revised [proposed] order; draft order regarding
stipulation for Mimonis and forward same to counsel for Mimonis; email IT
regarding whether we have list of which computers have been imaged, etc.;
review docket entry regarding scheduling conference and continuation of
motions regarding sales procedures; further email exchange with Alon's
counsel regarding conference on potential sale of electronic equipment to
Doron's businesses; further revisions to Mimonis Stip and proposed order
based on additional email exchanges with Mimonis' counsel; email exchanges
with the FTC regarding tax return data, and additional imaging issues; email
Alon's counsel regarding conference on request for resolution of sales
procedure motion without oral argument; continue drafting motion for authority
to dissolve various entities; confer w/assistant regarding outline for response
to CBA objection regarding order; continue drafting motion to dissolve entities
and research regarding same related to CA law and dissolution of CA entities;
confer w/WH regarding feasibility of allowing access to computers in storage
for copying hard drives, at storage site; email Igor's counsel regarding any
objection to sale of computers to Doron's porn businesses and potential for
gaining access to computer data from Doron following sale, and email Doron's
counsel regarding objections from Alon's counsel regarding not wiping data
prior to sale; review JS outline of motion regarding priorities and extract
highlights to forward as conference on motion regarding same; email
exchange with LS regarding status of releasing SM's assets                               3.80

10/05/2015   CCK   Review lengthy email from counsel for Alon and draft lengthy response
regarding conference on various motions, including procedures for sale of
personalty, potential sale of computers to Doron, etc.; review email/research
from JS regarding dissolution procedures under CA law and confer w/JS
regarding bankruptcy procedure regarding same; review local rules regarding
waiver of oral argument; draft revised order approving sale of skin cream
inventory and email to clerk regarding waiver of oral argument regarding
motion related to same; email accountant regarding status of Cal tax return
and Adageo regarding confirming it does not need to file separately from Alon
and whether he is aware of stock having issued for any of the entities that
need to be dissolved; confer w/KMC regarding dissolution of Adageo, given its
default; additional review Cal Code research sent by JS regarding dissolution
issues; receipt of check from BA and confer w/LS regarding confirmation that
SM account was released and confer with counsel for SM regarding same;
multiple emails with IT and FTC regarding issues regarding copying hard
drives; Telephone conference with IT regarding costs and issues regarding

Charlene C. Koonce, Receiver FTC v. Bunzai

11/23/2015

| | |
|---|---|
| Account No: | 8477-100 |
| Invoice No: | 853152 |

Matter 100 - Receiver

Hours

copying all hard drives or making same available for copying; review info rec'd from WH regarding valuation of computer equipment and estimate costs related to sale of same, and any existing offers for furnishings; Forward estimates regarding same to counsel for Doron and Telephone conference with Doron's counsel regarding potential sale regarding same; Telephone conference with FTC regarding sales issues; review email from court clerk requesting motion and order for Court to sign regarding waiver of hearing; draft motion for waiver of hearing regarding confirmation of sale of skin care inventory and order regarding same; finalize reply in support of motion for establishing sales procedures and order regarding same; review response from Unger regarding dissolution, copies of data/hard drives, request for return of data, etc. and request very brief research from LS regarding whether authorities support his request for return of any photographs; email exchange with local counsel regarding order to show cause regarding dismissal of creditor lawsuit, and confirming their handling

4.60

10/06/2015   CCK   Review Unger email regarding questions/conference on motion to dissolve/establish priorities; confer w/JS regarding bankruptcy aspect of priorities; Telephone conference with LS regarding her review of authorities cited by Unger regarding issues related to surveillance; draft response to Unger regarding same, regarding Adageo tax return, request to waive hearings, identifying any issued shares, etc.; email exchanges with the FTC regarding requests for tax returns for various entities and confirmation regarding source of funds in estate account; request same from Davidian; review email from Davidian regarding Adageo as a single member entity; review of WH summary regarding assets and estimate costs related to potential sale to 3rd/p for purposes of counter-offer to Doron; Telephone conference with FTC and counsel for Doron regarding discussion regarding source of funds for sale of computer equipment, etc.

1.30

10/07/2015   CCK   Review summary and calculations related to potential costs for selling all personalty, and further review of estimated sales value; draft lengthy email to counsel for Doron regarding amount of offer to purchase same and potential source of funds for same; review of final Cal tax return and email RB regarding question related to tax treatment of "interest"; review recent invoices and continued drafting of report regarding hours; review Davidian invoice regarding same and forward to KB for inclusion in report; review latest email from counsel for Alon and draft lengthy response to same; lengthy Telephone conference with RB regarding tax issues and implications regarding Cal's tax return; confer w/KMC regarding potential claim against banks related to forgeries; Telephone conference with local counsel regarding appearance at show cause hearing related to dismissal of Lifesmart v. SBM case, background facts and strategy regarding same, and request background docs related to the FTC case from assistant to send to LC regarding same;

1.90

10/08/2015   CCK   Review final tax return for Cal, including disclaimer statement added and execute e-file consent, forwarding same to accountant; review invoice from Kristopher Bond entity related to Mimonis, located by WH; review FTC response to CBA motion for modification of asset freeze; review email from Unger regarding issues related to waiver of hearing, whether shares were issued in various entities, dissolution, etc.

0.50

Charlene C. Koonce, Receiver FTC v. Bunzai

11/23/2015
Account No:      8477-100
Invoice No:        853152

Matter 100 - Receiver

Hours

| 10/11/2015 | CCK | Review email from Doron's counsel regarding agreement on price; Email status regarding computers to Eric; email FTC regarding agreement in principle to sell computers to Doron's porn entities and request additional info regarding what they need to confirm source of funds; review and revise motion to waive hearing regarding sales procedures; email Argaman's attorney regarding status of not yet shipping computer while i try to sort all computer issues to allow just one trip; review FTC's amended complaint | 0.80 |

| 10/13/2015 | CCK | Telephone conference with w/IRS agent regarding why we did not file Form 56s regarding certain entities (they are dissolved) and status of entities whose assets became receivership assets by motion; confer w/assistant regarding updating creditor matrix with direct address for IRS agent involved; review PI to evaluate whether naming additional entities (FMS, Shalita, etc.) is sufficient to designate them as RD, or whether an amended PI will be issued as to those entities; email FTC regarding same and confer w/assistant regarding preparing Form 56s for the new entities; email Doron's counsel regarding request for Dec from Doron's wife regarding origin of funds she claims are separate property in the safe deposit box; email exchange with IT regarding continuing issues related to copying hard drive for Argaman computer, etc.; review orders waiving hearing regarding skin care inventory and confirming sale and email WH to finalize bill of sale and confer w/buyer regarding per diem refund on storage; email exchange with LC regarding additional background info for Lifescript stay hearing; draft email to clerk regarding chron and docket numbers, requesting issuance of order confirming skin cream sale and not just order regarding sales procedures; email exchanges with accountant regarding getting more info about furniture in Igor's garage and Cal's purchase of "research" as reflected in tax return; email exchange with DBD regarding late "response" from Bauer to Dyer email, which seems like a hack/not Bauer | 1.70 |

| 10/14/2015 | CCK | Telephone conference with FTC regarding which, if any computers, they would want copies of hard drives, status of whether they will oppose sale to Doron's business and potential terms regarding same, whether they will seek an amended PI to include the new entities named for purposes of my timing in filing Form 56 with the IRS; confer w/assistant regarding tax returns needed for new entities and tax ID info regarding same for drafting Form 56s; confer w/JS regarding revisions to motion for priorities; draft lengthy email to all counsel conferring re same; review and respond to email from Unger regarding same; revise Bill of Sale regarding skin care inventory and confer w/WH regarding storage costs and inclusion of other issues regarding same in the bill of sale or further negotiations regarding same; email exchange with local counsel regarding hearing on motion to show cause regarding why Lifescript case should not be dismissed, and review proposed order regarding dismissal of same, and forwarding comments/suggested revisions regarding same | 1.30 |

| 10/15/2015 | CCK | Review message from Igor's counsel regarding reversal of position that Igor has disposed of Cal furniture in his garage and respond; review email response from Alon's counsel regarding conference on Motion to Establish Priorities and respond; confer w/WH regarding changes to Bill of Sale for skin care inventory | 0.30 |

Charlene C. Koonce, Receiver FTC v. Bunzai                                                    11/23/2015

Account No:     8477-100
Invoice No:      853152

Matter 100 - Receiver

|  |  |  | Hours |
|---|---|---|---|
| 10/19/2015 | CCK | Review email from skin care merchant regarding his collection of info regarding consumer complaints and still-operating websites allegedly related to Auravie and other similar product ("SkinRenu" products); Telephone conference with same, and review email with websites related to still-operating entities and instruct assistant to compare with webpages/landing pages we shut down to search for any overlap in products, for instance, rejuvaderm, etc.; Telephone conference with FTC regarding copying computers and issues regarding same; email E Robi to connect him with FTC person in charge of same and updates regarding timing of same; forward emails from Igor's counsel regarding items stored in Igor's garage and whether he believes we can sell for a net profit; email Igor's counsel to confirm Igor will allow access to same for pick-up if we make a sale; execute checks regarding 25% of previously authorized fees;  email exchange with clerk of the court regarding order confirming sale of skin care inventory and instruct assistant to lodge same |  |
|  |  |  | 1.00 |
| 10/21/2015 | CCK | Review phone message from consumer who was scammed by "MiraVie" skin care and return call; review information sent by consumer regarding his contention that this is Auravie, and forward info to FTC regarding same; review order confirming sale of skin care inventory and instruct WH to finalize sale; review and revise Motion to Establish Priorities for claims |  |
|  |  |  | 2.90 |
| 10/22/2015 | CCK | Review additional information rec'd from merchant who frequently receives complaints regarding Auravie and SkinRenu, regarding whether any current/recent sales are tied to merchant accounts or other identified info related to any RD; further revisisions to Motion to Establish Claim Priority and order regarding same, including review of various statutes related to tax liability, etc. and confer w/JS regarding bankruptcy priorities regarding same; email Igor's counsel requesting more information about the conference table and the sofa in storage and confer w/WH regarding potential buyer of same; confer w/IT regarding timing/pick up related to Argaman's computer; email counsel for SM regarding request for tax return (to complete Form 56) and email Doron's counsel regarding same for Secured Commerce and status of dec to demonstrate source of funds; Telephone conference with LS regarding call from B of A related to new accounts opened by various entities, review PI related to same; edits to creditor's matrix and confer w/assistant regarding same; begin drafting sale agreement for Canby contents, including provisions related to enjoined use of computer data, access to data for other defendants, etc. |  |
|  |  |  | 2.40 |
| 10/23/2015 | CCK | Telephone conference with FTC regarding request to wipe all consumer data before sale of computers and issues regarding same, source of funds for purchase of computers and furniture, etc. |  |
|  |  |  | 0.20 |
| 10/26/2015 | CCK | Draft letter to potential creditor seeking information about whether they are a creditor and the nature of their business relationship with FMS; email court requesting permission to appear by telephone for CBA motion; review and revise Form 56s for numerous entities and email Brandlin regarding advice related to whether to provide same for dissolved entities; email SM counsel regarding status of production of tax return and return of computer; email with IT regarding SM computer return logistics; forward information to FTC rec'd from creditor regarding potentially related schemes; review additional bank |  |

Charlene C. Koonce, Receiver FTC v. Bunzai                                    11/23/2015

|  |  | Account No: | 8477-100 |
|  |  | Invoice No: | 853152 |

Matter 100 - Receiver

|  |  |  | Hours |
|---|---|---|---|
|  |  | notice rec'd from WF for SBM and forward same to LS for resolution; email counsel for Mobooka regarding status of inquiry regarding funds owed; continued edits to motion to establish claims priority; email exchange with counsel for Doron regarding sales agreement and procedure/strategy regarding same; further drafting of sales agreement; review FTC's reply in support of motion for entry of default regarding entities (n/c) | 2.80 |
| 10/27/2015 | CCK | Telephone conference with IT regarding issues and expenses related to inventorying all computers, and delivery of Argaman computer | 0.20 |
| 10/28/2015 | CCK | Review Dec of Lori Bekhor regarding use of her funds to purchase Canby property; revise Sales Agreement to reflect Bekhor as the purchaser.  Forward all to the FTC for comments/changes; respond to email from Doron's counsel regarding same and send draft Sales Agreement and request for status regarding other defendants' agreement to access computers through Bekhor or Doron; finalize order regarding motion to establish priorities; further emails with FTC and Doron's counsel regarding terms of Sales Agreement and Bekhor Dec; email all counsel regarding conference on paying final 25% owed for first fee petition | 1.00 |
| 10/29/2015 | CCK | Telephone conference with FTC regarding their concerns related to terms of sale of computers, etc.; request additional detail and photos from ML from inventory of the safe deposit box, and email LS to request that B of A disclose when the box was leased/rented; telephone Judge Wu's clerk regarding appearing for hearing on Monday by telephone | 0.70 |
| 11/02/2015 | CCK | Email exchange w/Judge Wu's clerk regarding participating in hearing today by telephone; review all pleadings related to CBA motion, review portions of Initial Report related to CBA, and review financial records provided previously by CBA, and SM in preparation of hearing; participate in hearing; review emails from FTC regarding terms of proposed sale of Canby contents to Doron's porn business and revise Sales Agreement regarding same; forward to counsel for Doron; review email from counsel for Igor/Cal regarding their withdrawal; revise motion and order requesting authority to pay last 25% of fees approved from first pay petition; email Mobooka's counsel regarding status of request for confirmation regarding assets they are/are not holding | 2.10 |
| 11/03/2015 | CCK | Review status of Form 56s for various entities and Telephone conference with IRS agent regarding same and his position regarding Motion to Establish Priorities; draft email to IRS as requested regarding Form 56s regarding entities added by amendment, but which the estate has no liability or responsibility for as set out in the Court's 9/18/15 Order; review objection rec'd from Alon/Reuveni regarding authorization to pay 25% fees approved previously and continue drafting/revise motion regarding same; review FTC's objection to motion to withdraw filed by counsel for Cal and Lats; | 1.10 |
| 11/04/2015 | CCK | Review and revise red-line version of Sales Agreement rec'd from counsel for Doron and email same with comments and questions to counsel and FTC counsel; email exchange with counsel for Secured Merchants regarding tax return | 0.40 |
| 11/05/2015 | CCK | email exchange w/counsel for Lats/Cal regarding conference on whether i |  |

Charlene C. Koonce, Receiver FTC v. Bunzai

11/23/2015

| | | |
|---|---|---|
| Account No: | 8477-100 |
| Invoice No: | 853152 |

Matter 100 - Receiver

| | | | Hours |
|---|---|---|---|
| | | would release $ to pay Cal's legal bills and whether I oppose their motion to withdraw | 0.10 |
| 11/09/2015 | CCK | Email exchange with Doron's counsel and FTC regarding status of sales agreement; review motion to withdraw filed by Cal's attorneys | 0.20 |
| 11/10/2015 | CCK | Review oppositions to motion for authority to pay and for motion to establish priorities filed by Alon; brief Telephone conference with FTC regarding issues related to sales agreement and court's denial of motion for entry of default judgments; confer w/WH regarding why we're not receiving mail for any entities | 0.30 |
| 11/11/2015 | CCK | Continue drafting Reply in Support of Motion to Establish Priorities; begin drafting reply in support of authorization to pay fees; review Brandlin invoice for Oct and confer w/assistant regarding drafting report for Bunzai fees; review receipt confirming Argaman picked up his computer; | 2.80 |
| 11/13/2015 | CCK | Continue drafting Reply in Support of motion to establish priorities and reply in support of authority to pay approved fees; continue edits to report regarding Oct. fees | 1.10 |
| 11/16/2015 | CCK | Review large delivery of mail for various entities, including consumer complaint rec'd from CA AG regarding Auravie sales made in August, notices regarding WF accounts that WF should have closed, notices regarding garnishments for child support, etc.; confer w/assistant regarding responding to some; email SBauer regarding notice received from WF and request permission to open what is addressed to him; and review mail addressed to SB following receipt of permission; confer w/WH regarding corporate ownership of entities whose mail was delivered to me; finalize replies in support of motion to establish priorities and motion for authority to pay approved expenses and finalize report regarding fees incurred in October; email exchange with court clerk regarding whether i will be called to appear during status conference; | 1.40 |
| 11/17/2015 | CCK | Email exchange with counsel for Doron regarding status of sales agreement/confirmation regarding source of funds; email court clerk regarding procedure for requesting waiver of hearing regarding two pending motions; review and revise response to CA AG complaint | 0.50 |
| 11/18/2015 | CCK | Finalize letter to CA AG regarding consumer complaint; finalize letter to BA regarding charge for records | 0.20 |
| 11/23/2015 | CCK | Review and respond to emails from Doron's counsel regarding FTC's rejection of the source of funds for purchase of the computers, and request for alternative source for funds or ID of assets, besides computers in which Doron claims an ownership | 0.20 |
| | | For Current Services Rendered | 44.10 |

12,789.00

Recapitulation

| Timekeeper | Hours | Hourly Rate | Total |
|---|---|---|---|
| Charlene C. Koonce | 44.10 | $290.00 | $12,789.00 |

Charlene C. Koonce, Receiver FTC v. Bunzai

11/23/2015

Account No:   8477-100
Invoice No:      853152

Matter 100 – Receiver

| | | |
|---|---|---|
| Previous Balance | | $128,273.96 |
| | | |
| 09/25/2015 | Payment - thank you - check #1003 | -43,329.48 |
| 10/19/2015 | 25% Fee payment - thank you check #1013 | -21,664.74 |
| | Total Payments | -64,994.22 |
| | Balance Due | $76,071.54 |

### Past Due Amounts

| 0-30 | 31-60 | 61-90 | 91-120 | 121-180 | 181+ |
|---|---|---|---|---|---|
| 0.00 | 41,615.00 | 0.00 | 21,664.74 | 0.00 | 0.00 |

TERMS: DUE AND PAYABLE UPON RECEIPT

Schedule 2 – Levit
500 N. Akard, Suite 2700
Dallas, Texas  75201
(214) 706-4200

INVOICE
-------------------------------------------------------------

Charlene C. Koonce, Receiver FTC v. Bunzai                                    12/22/2015

Account No:    8477-100
Invoice No:     855255

Matter 100 - Receiver

| | | | Hours |
|---|---|---|---|
| 11/24/2015 | CCK | Email exchanges w/WH regarding possibilities for sale of furniture, separate from computers which are going to be subject to claim of ownership by Doron. | 0.20 |
| 11/30/2015 | CCK | Review storage costs and email WH regarding contents of unit with furniture; review Doron's prior dec regarding claim to various items in storage; email Doron's counsel regarding claim to personalty (other than computers) to resolve that claim and move towards sale of remainder; review mail rec'd from one mail drop; begin drafting Status Report; review phone message from CA Franchise Tax Board and return call; draft letter to same confirming no bar date set yet. | 0.60 |
| 12/01/2015 | CCK | Email exchanges with clerk regarding permission to appear by telephone on Th and possibility that another attorney will cover same; email BM regarding status of same and pleadings set for hearing | 0.20 |
| 12/02/2015 | CCK | Confer w/WH regarding moving potentially personal items (musical instruments and art) to computer storage unit and selling the remainder or abandoning (depending on best offer) to stop incurring storage fees; review pleadings regarding hearings set for tomorrow and prepare outline for arguments; email all counsel regarding whether they would oppose a sale of the office furniture to evaluate potential costs related to same; Telephone conference with FTC regarding art, instruments, etc. stored for purposes of evaluating assets | 1.20 |
| 12/03/2015 | CCK | Continued prep for hearing; attend hearing regarding motion to establish claim priority and authorize payment of approved fees, also providing brief status report to the court; review and revise draft sales agreement for Canby contents and email Doron's counsel and FTC regarding court's instruction to sell the Canby contents using previously discussed source of funds; confer w/assistant regarding forwarding mail rec'd for new Alon entity, which was inadvertently forwarded to us; confer w/all contracted agents (accountants, etc.) regarding not filing a fee petition until the case ends | 1.40 |
| 12/04/2015 | CCK | Email exchanges w/counsel for Doron regarding sale of assets and specific terms regarding same and use of cash in safe deposit box; | 0.20 |

Charlene C. Koonce, Receiver FTC v. Bunzai

12/22/2015
Account No:  8477-100
Invoice No:  855255

Matter 100 - Receiver

| Date | | Description | Hours | |
|------|------|-------------|------:|---|
| | | | Hours | |
| 12/08/2015 | CCK | Review message from Doron's attorney regarding status of sale; forward question to FTC and respond to Doron's attorney regarding status of sale; email all counsel copy of the bank statement | 0.20 | |
| 12/09/2015 | CCK | Review changes to sales agmt rec'd from counsel for Doron and red-line edit same, and email same and FTC regarding continuing resolution of remaining issues; confer w/local counsel regarding availability to be present while funds are withdrawn from the safe deposit box; confer w/WH regarding confirming bank will permit access and agree to sell cashier's check; confer w/assistant regarding preparing draft Notice of Sale and Bill of Sale; email local IT to commence inventory of computers, to have in the event of any issues with sales, law enforcement, or imaging. | 1.00 | |
| 12/11/2015 | CCK | Confer w/WH regarding BA agreement to allow access for withdrawing purchase funds if they receive a copy of the purchase agreement; email same information to counsel for Doron; review consent to computer access being provided by Doron's counsel to other D's, and email Doron's counsel regarding whether Igor's counsel has agreed; Telephone conference with Intuit regarding getting PW ownership of accounts for Chargeback, etc. changed to my name and forward DL as requested for same; | 0.30 | |
| 12/14/2015 | CCK | Email exchanges with Doron's attorney regarding status of purchase agreement; email exchange with local counsel regarding likely dates for bank access and who will be available; Telephone conference with Intuit regarding changing access info for Calenergy QB and forward same to accountant; revise and update report regarding fees; review and respond to questions from Doron's counsel regarding Doron's objection to use of $3,600 seized from brief case in the office and claim to personalty stored at Canby | 0.80 | |
| 12/15/2015 | CCK | Finalize all documents regarding sale of Canby assets; Email exchanges with Doron's counsel regarding final versions of all documents, timing of exchanges and details regarding who will be accompanying him to the bank for the withdrawal | 0.30 | |
| 12/17/2015 | CCK | Review executed Asset Purchase Agreement rec'd from D's counsel and forward same to FTC requesting signature; email D regarding not providing access to $ until notice period expires as provided under the agreement, and provide notice to D's counsel regarding competing claim to nicotine products stored in Suite 109; email David Migdal who claims ownership of the nicotine products regarding same; receive FTC signature and execute same; finalize notice of sale and instruct assistant regarding assembling all docs and attachments for same; further email to D's counsel and local counsel regarding access date given ending notice period; confer w/LS regarding checking on agreement with EVO to resolve claim to reserve funds; | 0.80 | |
| | | For Current Services Rendered | 7.20 | 2,088.00 |

Recapitulation

| Timekeeper | Hours | Hourly Rate | Total |
|------------|------:|------------:|------:|
| Charlene C. Koonce | 7.20 | $290.00 | $2,088.00 |

Charlene C. Koonce, Receiver FTC v. Bunzai

12/22/2015
Account No:   8477-100
Invoice No:   855255

Matter 100 - Receiver

| | | |
|---|---|---|
| Total Current Services and Expenses | | 2,088.00 |
| Previous Balance | | $76,071.54 |
| 12/07/2015    Payment - thank you check #1019 | | -21,664.74 |
| Balance Due | | $56,494.80 |

Past Due Amounts

| 0-30 | 31-60 | 61-90 | 91-120 | 121-180 | 181+ |
|---|---|---|---|---|---|
| 12,791.80 | 0.00 | 41,615.00 | 0.00 | 0.00 | 0.00 |

TERMS: DUE AND PAYABLE UPON RECEIPT

Scheef & Stone, L.L.P.
500 N. Akard, Suite 2700
Dallas, Texas  75201
(214) 706-4200


INVOICE

------------------------------------------------------------

Charlene C. Koonce, Receiver FTC v. Bunzai                                                          01/25/2016

                                                                                Account No:      8477-100
                                                                                Invoice No:        865477


Matter 100 - Receiver


|            |     |                                                                                                                                                                                                                                                                                                                                              | Hours |
|------------|-----|------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|-------|
| 01/04/2016 | CCK | Email exchange w/local counsel regarding removal of funds from the bank today for sale of assets, and forwarding check for same; review notice from post office box location and confer w/WH regarding which entities receive mail at that location and renewal of same; obtain contact information for witness and forward same to FTC as requested; email LS regarding status of inquiry regarding EVO | 0.40 |
| 01/06/2016 | CCK | Execute Bill of Sale and review terms of sales agreement regarding additional requirements; email bill of sale together with requests for Ds to vacate the storage units by the end of the week, and provide additional access to computers to all other Ds, etc.; confer w/assistant regarding terminating rental on the storage units; and confer w/WH regarding providing location and access information for the storage units to Ds; review email from D's counsel regarding additional storage location and whether we are abandoning contents and confer w/WH regarding inventory of same | 0.40 |
| 01/07/2016 | CCK | Email exchanges with WH regarding continuing discovery regarding what is stored in San Fernando warehouse; email D's counsel regarding same and their request that we abandon; further conference with WH regarding contents of warehouse and review emails between WH, D's counsel and Elluma regarding D's access to computers and storage unit | 0.40 |
| 01/11/2016 | CCK | Review email and employment docs (handbook, etc.) sent by FTC and respond regarding no privilege based on content and dissolution of Bunzai prior to the case being filed; Email exchange w/local counsel regarding fees and status of lis pendens; revise and revise fee report | 0.50 |
| 01/12/2016 | CCK | Review sales agreement and calendar D's deadline to provide notice to other Ds regarding computer access and destroy data; review mail - proof of claim by State of CA for Calenergy taxes and request for CA agency for information about medical coverage for a former employee; confer w/assistant regarding drafting response to claim for med insurance and |  |

Charlene C. Koonce, Receiver FTC v. Bunzai

01/25/2016
Account No:    8477-100
Invoice No:      865477

Matter 100 - Receiver

| | | | Hours | |
|---|---|---|---|---|
| | | forwarding mail addressed to Alon Nottea; review 940 tax info rec'd from accountant; revise response to CA authority requesting med coverage info for former employee; email exchange w/WH regarding offer to purchase assets stored in warehouse | 0.70 | |
| 01/13/2016 | CCK | Email exchanges w/WH regarding invoices for storage of various Auravie related items (sea salt, boxes, etc.) negotiating reduction in same and what net would be for sale based on existing offers | 0.20 | |
| 01/14/2016 | CCK | Further email exchanges with accountant regarding payroll taxes due for various entities and questions regarding same | 0.20 | |
| 01/18/2016 | CCK | Review email from EVO regarding balance of reserve funds and confer w/LS regarding strategy for resolving same; review PI to determine whether motion is required to authorize deal with EVO; review EVO/LS exchange regarding same; confer w/WH regarding inquiries regarding sale of Auravie products stored in warehouse with sea salt | 0.30 | |
| | | For Current Services Rendered | 3.10 | 899.00 |

Recapitulation

| Timekeeper | Hours | Hourly Rate | Total |
|---|---|---|---|
| Charlene C. Koonce | 3.10 | $290.00 | $899.00 |

Total Current Services and Expenses                899.00

Previous Balance                                              $56,494.80

Balance Due                                                     $57,393.80

Past Due Amounts

| 0-30 | 31-60 | 61-90 | 91-120 | 121-180 | 181+ |
|---|---|---|---|---|---|
| 0.00 | 2,088.00 | 12,791.80 | 41,615.00 | 0.00 | 0.00 |

TERMS: DUE AND PAYABLE UPON RECEIPT

Scheef & Stone, L.L.P.
500 N. Akard, Suite 2700
Dallas, Texas  75201
(214) 706-4200


INVOICE
-----------------------------------------------------------

Charlene C. Koonce, Receiver FTC v. Bunzai                                    02/25/2016
                                                              Account No:    8477-100
                                                              Invoice No:      865478


Matter 100 - Receiver


|            |     |                                                                                                                                                                                                                                                                                        | Hours |        |
|------------|-----|----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|-------|--------|
| 01/26/2016 | CCK | Review message from person inquiring about products previously stored in Doron's porn location; forward to WH to return, and ask about status of sale of items in off-site warehouse; review and revise letter agreement with EVO and return to LS; review email message from same person inquiring about stored "inventory" he claims as his and draft response | 0.60  |        |
| 02/03/2016 | CCK | Email exchanges with the FTC regarding whether Lats produced emails during initial days of the case and email IT professional regarding same and whether he has docs/emails already sorted to remove privilege; review doc provided by the FTC with request regarding whether same is privileged and whether i will waive privilege; research and evaluation of same | 0.60  |        |
| 02/05/2016 | CCK | Review sales agreement regarding computers and email Ds regarding today being the deadline to delete non-porn data from the computers | 0.20  |        |
| 02/08/2016 | CCK | Review January bank statement and forward same to all counsel | 0.10  |        |
| 02/11/2016 | CCK | Confer w/KMC regarding Yalley's inquiry regarding whether Bunzai NDA is enforceable for purposes of her upcoming depo; review letter drafted by KMC and execute same; confer w/KMC regarding potential claim against third-party on behalf of various entities and close review of documents produced/obtained last summer regarding same; email exchange w/Audra Mayberry regarding research pertaining to viability of claim; email Doron's counsel regarding failure to provide sworn declaration regarding deletion of all non-porn data as required by agreement | 1.30  |        |
| 02/14/2016 | CCK | Review dec provided by doron regarding having all non-porn data wiped from the computers as required by sales agreement | 0.10  |        |
| 02/15/2016 | CCK | Review and revise report regarding fees | 0.10  |        |
|            |     | For Current Services Rendered | 3.00  | 870.00 |

Charlene C. Koonce, Receiver FTC v. Bunzai

02/25/2016
Account No:   8477-100
Invoice No:      865478

Matter 100 - Receiver

Recapitulation

| Timekeeper | Hours | Hourly Rate | Total |
|---|---|---|---|
| Charlene C. Koonce | 3.00 | $290.00 | $870.00 |

Total Current Services and Expenses                                              870.00

Previous Balance                                                                            $57,393.80

Balance Due                                                                                    $58,263.80

Past Due Amounts

| 0-30 | 31-60 | 61-90 | 91-120 | 121-180 | 181+ |
|---|---|---|---|---|---|
| 0.00 | 899.00 | 2,088.00 | 12,791.80 | 41,615.00 | 0.00 |

TERMS: DUE AND PAYABLE UPON RECEIPT

Scheef & Stone, L.L.P.
500 N. Akard, Suite 2700
Dallas, Texas  75201
(214) 706-4200

INVOICE

----------------------------------------------------------

Charlene C. Koonce, Receiver FTC v. Bunzai

03/25/2016
Account No:    8477-100
Invoice No:      865479

Matter 100 - Receiver

|  |  |  | Hours |  |
|---|---|---|---|---|
| 03/01/2016 | CCK | Review entities that are within the receivership, and email accountant regarding filing for extensions for tax returns | 0.20 | |
| 03/03/2016 | CCK | Review emails and docs rec'd from Davidian and forward one such email to FTC at their request | 0.10 | |
| 03/10/2016 | CCK | Review Feb bank statement and forward same to all counsel; telephone conference with counsel for Doron regarding request to release funds for living expenses. | 0.30 | |
| 03/14/2016 | CCK | Revise report regarding fees; email AM regarding results of research regarding whether dissolved entity has standing to sue under CA law | 0.30 | |
| 03/15/2016 | CCK | Further edits to fee report, finalizing same; review documents rec'd from FTC with request to waive privilege and respond regarding same | 0.40 | |
| 03/17/2016 | CCK | Review email forwarded by local counsel from lein-holders on property owned by Sunset; review pleadings regarding agreed injunction regarding same and forward same to KMC to respond to inquiry | 0.20 | |
|  | CCK | Review fax letter from Mary at All-Boxed-Inn regarding second notice of rent due on Extra Entertainment post office box 310; conference with B Cezar to verify the status of payment for the post office box. | 0.10 | |
| 03/21/2016 | CCK | Review email rom the FTC regarding information related to total sales calculations; review prior reports and declarations regarding same and respond to the FTC | 0.80 | |
| 03/24/2016 | CCK | Review request from FTC for identification of source of email included in appendix to report; search files/emails regarding same and further communications with the FTC regarding same; email IT consultant regarding whether email account for Media Urge can be produced | 0.50 | |
|  |  | For Current Services Rendered | 2.90 | 841.00 |

Charlene C. Koonce, Receiver FTC v. Bunzai

03/25/2016
Account No:   8477-100
Invoice No:   865479

Matter 100 - Receiver

Recapitulation

| Timekeeper | Hours | Hourly Rate | Total |
|---|---|---|---|
| Charlene C. Koonce | 2.90 | $290.00 | $841.00 |

Total Current Services and Expenses                841.00

Previous Balance                     $58,263.80

Balance Due                       $59,104.80

Past Due Amounts

| 0-30 | 31-60 | 61-90 | 91-120 | 121-180 | 181+ |
|---|---|---|---|---|---|
| 870.00 | 899.00 | 0.00 | 2,088.00 | 54,406.80 | 0.00 |

TERMS: DUE AND PAYABLE UPON RECEIPT

Scheef & Stone, L.L.P.
500 N. Akard, Suite 2700
Dallas, Texas  75201
(214) 706-4200

INVOICE
------------------------------------------------------------

Charlene C. Koonce, Receiver FTC v. Bunzai                                04/25/2016
                                                            Account No:    8477-100
                                                            Invoice No:     865480

Matter 100 - Receiver

|            |     |                                                                                                                                              | Hours |
|------------|-----|----------------------------------------------------------------------------------------------------------------------------------------------|-------|
| 03/29/2016 | CCK | Confer w/WH regarding offer to purchase dead sea salt stored in warehouse, total amount of storage fees due, and negotiations regarding same | 0.20 |
| 03/30/2016 | CCK | Telephone conference with FTC regarding status of case, info obtained during initial investigation, etc. | 0.20 |
| 04/11/2016 | CCK | Review and revise letter agreement with warehouse regarding abandonment and waiver of storage fees | 0.20 |
| 04/12/2016 | CCK | Review document sent by FTC for privilege | 0.20 |
| 04/13/2016 | CCK | Draft monthly fee report | 0.10 |
| 04/15/2016 | CCK | Finalize monthly fee report | 0.20 |
| 04/18/2016 | CCK | Telephone conference with counsel for Doron regarding his questions related to source of freeze and control over certain assets | 0.20 |
| 04/19/2016 | CCK | Review Motion to release funds filed by Doron's wife and daughter | 0.30 |
| 04/21/2016 | CCK | Brief review of FTC's MSJ and proposed order regarding same, including receivership provisions; and brief review of other cross or related motions filed by other parties | 0.80 |
| 04/22/2016 | CCK | Telephone conference with Mr. Gallegos at the FTC regarding request for declaration related to source of funds used to pay for computer/asset purchase; review photos regarding inventory of safe deposit box, bank records regarding same, and email exchanges during the period when the asset sale was negotiated; draft declaration regarding same; further email exchanges with BA regarding obtaining signature card/rental agreement; further conference with FTC regarding timing for Dec and review HSBC records; review Declaration filed today regarding request for | |

Charlene C. Koonce, Receiver FTC v. Bunzai

04/25/2016

Account No:   8477-100
Invoice No:   865480

Matter 100 - Receiver

|  |  |  | Hours |  |
|---|---|---|---|---|
| | extension of SJ deadline | | 3.10 | |
| 04/25/2016 | CCK | Review doc/emails sent by FTC with inquiry about privilege/waiver and respond regarding same; exchange emails with B of A regarding safe deposit box docs; Telephone conference with FTC regarding court's order extending response date for motion regarding releasing assets | 0.50 | |
| | For Current Services Rendered | | 6.00 | 1,740.00 |

## Recapitulation

| Timekeeper | Hours | Hourly Rate | Total |
|---|---|---|---|
| Charlene C. Koonce | 6.00 | $290.00 | $1,740.00 |

| | |
|---|---|
| Total Current Services and Expenses | 1,740.00 |
| Previous Balance | $59,104.80 |
| Balance Due | $60,844.80 |

## Past Due Amounts

| 0-30 | 31-60 | 61-90 | 91-120 | 121-180 | 181+ |
|---|---|---|---|---|---|
| 0.00 | 1,711.00 | 0.00 | 899.00 | 14,879.80 | 41,615.00 |

TERMS: DUE AND PAYABLE UPON RECEIPT

Scheef & Stone, L.L.P.
500 N. Akard, Suite 2700
Dallas, Texas  75201
(214) 706-4200

INVOICE

------------------------------------------------------------

Charlene C. Koonce, Receiver FTC v. Bunzai

05/25/2016

Account No:    8477-100
Invoice No:      865481

Matter 100 - Receiver

| | | | Hours | |
|---|---|---|---|---|
| 04/26/2016 | CCK | Telephone conference with BA rep regarding docs related to Doron's safe deposit box | 0.20 | |
| 04/28/2016 | CCK | Review docs rec'd from BA related to safe deposit rental agreement; revise declaration regarding same and send to the FTC | 0.50 | |
| 05/10/2016 | CCK | Review and revise report regarding fees, including review of fees statements to accurately report regarding services rendered during this period | 0.30 | |
| | | For Current Services Rendered | 1.00 | 290.00 |

Recapitulation

| Timekeeper | Hours | Hourly Rate | Total |
|---|---|---|---|
| Charlene C. Koonce | 1.00 | $290.00 | $290.00 |

| | |
|---|---|
| Total Current Services and Expenses | 290.00 |
| Previous Balance | $60,844.80 |
| Balance Due | $61,134.80 |

Past Due Amounts

| 0-30 | 31-60 | 61-90 | 91-120 | 121-180 | 181+ |
|---|---|---|---|---|---|
| 1,740.00 | 0.00 | 1,711.00 | 0.00 | 2,987.00 | 54,406.80 |

TERMS: DUE AND PAYABLE UPON RECEIPT

Scheef & Stone, L.L.P.
500 N. Akard, Suite 2700
Dallas, Texas  75201
(214) 706-4200


INVOICE
-------------------------------------------------------------

Charlene C. Koonce, Receiver FTC v. Bunzai                                              06/25/2016
                                                                          Account No:      8477-100
                                                                          Invoice No:        865611


Matter 100 - Receiver


|            |     |                                                                                              | Hours |     |
|------------|-----|----------------------------------------------------------------------------------------------|-------|-----|
| 06/07/2016 | CCK | Review docket and recent pleadings; telephone FTC counsel regarding status of trial setting/MSJs; email accountant and IT tech assistance regarding trial setting and likely trial subpoena; confer w/assistant regarding travel arrangements; review bank statement and forward same to all counsel; review Court's ruling on numerous MSJs and motion for release of assets | 0.70 |     |
| 06/08/2016 | CCK | Email exchange with FTC regarding scheduling conference to discuss testimony; brief review of pleadings filed today regarding impact on trial setting | 0.20 |     |
| 06/09/2016 | CCK | Confer w/IT contractor regarding status of outstanding bills, trial setting etc.; review travel request form rec'd from the FTC and confer with the FTC regarding trial setting, etc. | 0.20 |     |
| 06/10/2016 | CCK | Telephone conference with FTC regarding anticipated dates for testimony; confer w/assistant regarding travel arrangements for same | 0.20 | n/c |
| 06/14/2016 | CCK | Review subpoenas served by FTC; Telephone conference with accountant and with IT expert regarding same; brief review of court's order denying motion for partial SJ; | 0.20 |     |
| 06/17/2016 | CCK | Begin review of Initial Report and exhibits; review docket and confer w/assistant regarding copying additional docs for my review- regarding prep to testify at trial; confer w/the FTC regarding testimony and trial; review lengthy email from counsel for Sunset investors and return call from counsel regarding same; Telephone conference with accountant regarding issues related to trial and evidence related to damages; | 4.20 |     |
| 06/21/2016 | CCK | Communications with the FTC regarding requests for info regarding source and amounts of funds rec'd from different entities and banks and research/review data regarding same; confer w/accountants regarding updating cash-based accounting for sources and uses of cash in |       |     |

Charlene C. Koonce, Receiver FTC v. Bunzai

06/25/2016

Account No: 8477-100
Invoice No: 865611

Matter 100 - Receiver

|  |  |  | Hours |  |
|---|---|---|---|---|
|  |  | receivership account | 1.00 |  |
| 06/22/2016 | CCK | Telephone conference with FTC regarding questions related to funds rec'd, remaining work to accomplish, issues regarding transfers from various third-parties, etc; research and review info regarding responding to same and draft lengthy email/summary regarding work to finalize the estate, source of funds rec'd from EVO and Signapay, outstanding obligations, etc. | 1.20 |  |
| 06/23/2016 | CCK | Confer w/accountant regarding info he needed for cash-based accounting and review bank records regarding same | 0.20 |  |
| 06/24/2016 | CCK | Telephone conference with FTC regarding terms of settlement and inquiries regarding whether estate can provide releases to non-party who is turning over funds, and one additional defendant | 0.30 |  |
|  |  | For Current Services Rendered | 8.20 | 2,378.00 |
|  |  | COURTESY DISCOUNT |  | -2.80 |
|  |  | Net Fees After Courtesy Discount |  | 2,375.20 |

Recapitulation

| Timekeeper | Hours | Hourly Rate | Total |
|---|---|---|---|
| Charlene C. Koonce | 8.20 | $290.00 | $2,378.00 |

| | |
|---|---|
| Total Current Services and Expenses | 2,375.20 |
| Previous Balance | $61,134.80 |
| Balance Due | $63,510.00 |

Past Due Amounts

| 0-30 | 31-60 | 61-90 | 91-120 | 121-180 | 181+ |
|---|---|---|---|---|---|
| 0.00 | 290.00 | 1,740.00 | 841.00 | 1,769.00 | 56,494.80 |

TERMS: DUE AND PAYABLE UPON RECEIPT