DAVID C. SHONKA
Acting General Counsel

REID TEPFER
rtepfer@ftc.gov; Tex. Bar No. 24079444
LUIS GALLEGOS
lgallegos@ftc.gov; Okla. Bar No. 19098
ZACHARY A. KELLER
zkeller@ftc.gov; Tex. Bar No. 24087838
DAMA J. BROWN
Dbrown1@ftc.gov; Mi. Bar No. P54775

Federal Trade Commission
1999 Bryan Street, Suite 2150
Dallas, Texas 75201
(214) 979-9395 (Tepfer); (214) 979-9383 (Gallegos);
(214) 979-9382 (Keller); (214) 979-9374 (Brown)
(214) 953-3079 (fax)

RAYMOND MCKOWN
rmckown@ftc.gov; Cal. Bar No. 150975
10877 Wilshire Boulevard, Ste 700
Los Angeles, California 90024
(310) 824-4343(voice); (310) 824-4380 (fax)

Attorneys for Plaintiff Federal Trade Commission

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,** | **Case No.  CV 15-4527-GW(PLAx)** |
| **Plaintiff,** | **DECLARATION OF PLAINTIFF'S COUNSEL IN SUPPORT OF PLAINTIFF'S AMENDED SECOND MOTION FOR DEFAULT JUDGMENT** |
| v. | |
| **BUNZAI MEDIA GROUP, INC.,** *et al.* | |
| **Defendants.** | |

1    I, Reid Tepfer, pursuant to Federal Rule of Civil Procedure 55 and Local

2    Rule 55-1, declare as follows:

3        1.    I am an attorney for the Federal Trade Commission (FTC), an agency

4    of the United States and the Plaintiff in this lawsuit.

5        2.    On June 15, 2015, the FTC filed its Complaint for Injunctive and

6    Other Equitable Relief ("Complaint") in the United States District Court for the

7    Central District of California against Bunzai Media Group, Inc.; Pinnacle

8    Logistics, Inc.; DSA Holdings, Inc.; Lifestyle Media Brands, Inc.; Agoa Holdings,

9    Inc.; Zen Mobile Media, Inc.; Safehaven Ventures, Inc.; Heritage Alliance Group,

10   Inc.; AMD Financial Network, Inc.; SBM Management Inc.; Media Urge, Inc.;

11   Adageo, Inc.; Calenergy, Inc.; Kai Media, Inc.; Insight Media, Inc.; Alon Nottea;

12   Motti Nottea; Doron Nottea; Igor Latsanovski; Oz Mizrahi; Roi Reuveni; and

13   Kristopher Bond.  (Dkt. 1).  The Complaint alleges that acting as a common

14   enterprise, Defendants violated Section 5(a) of the Federal Trade Commission

15   Act, 15 U.S.C. § 5(a), Section 5 of the Restore Online Shoppers' Confidence Act

16   ("ROSCA"), 15 U.S.C. § 8404, and Section 917(c) of the Electronic Fund

17   Transfer Act ("EFTA"), 15 U.S.C. § 1693o(c).  *Id.*

18       3.    The FTC properly served the Complaint on Bunzai Media Group,

19   Inc. (Dkt. 71); Pinnacle Logistics, Inc. (Dkt. 109); DSA Holdings, Inc. (Dkt. 72);

20   Lifestyle Media Brands, Inc. (Dkt. 73); Agoa Holdings, Inc. (Dkt. 74); Zen

1   Mobile Media, Inc. (Dkt. 75); Safehaven Ventures, Inc. (Dkt. 76); Heritage

2   Alliance Group, Inc. (Dkt. 77); SBM Management Inc. (Dkt. 79); Media Urge,

3   Inc. (Dkt. 85); Adageo, Inc. (Dkt. 80); Calenergy, Inc. (Dkt. 81); Kai Media, Inc.

4   (Dkt. 82); Insight Media, Inc. (Dkt. 83); Alon Nottea (Dkt. 110); Motti Nottea

5   (Dkt.89); Doron Nottea (Dkt. 84); Igor Latsanovski (Dkt. 88); Oz Mizrahi (Dkt.

6   111); Roi Reuveni (Dkt. 87); and Kristopher Bond (Dkt. 86).

7          4.     On October 9, 2015, the FTC filed its First Amended Complaint for

8   Permanent Injunction and Other Equitable Relief ("Amended Complaint")(Dkt.

9   235).  The Amended Complaint added the following defendants: Focus Media

10  Solutions, Inc.; Secured Commerce, LLC; Secured Merchants, LLC; USM

11  Products, Inc.; Merchant Leverage Group, Inc.; DMA Media Holdings, Inc.;

12  Shalita Holdings, Inc.; All Star Beauty Products, Inc.; Alan Argaman; Paul

13  Medina; and Relief Defendant Chargeback Armor, Inc. (Dkt. 235) The claims and

14  relief sought in the Amended Complaint were indentical to those sought in the

15  Complaint. (C*ompare* Dkt. 1 *with* Dkt. 235).

16         5.     The FTC properly served the Summons and Amended Complaint on

17  Focus Media Solutions, Inc. (Dkt. 373); Secured Commerce, LLC (Dkt. 376);

18  Secured Merchants, LLC (Dkt. 266); USM Products, Inc. (Dkt. 379); Merchant

19  Leverage Group, Inc. (Dkt. 374); DMA Media Holdings, Inc. (Dkt. 372); Shalita

20  Holdings, Inc. (Dkt. 378); All Star Beauty Products, Inc. (Dkt. 371); Alan

1  Argaman (Dkt. 268); Paul Medina (Dkt. 375); Relief Defendant Chargeback

2  Armor, Inc. (Dkt. 267); and AMD Financial Network, Inc. (Dkt. 406).

3      6.      In addition, as indicated in their stipulation, Bunzai Media Group,

4  Inc.; Pinnacle Logistics, Inc.; DSA Holdings, Inc.; Lifestyle Media Brands, Inc.;

5  Agoa Holdings, Inc.; Safehaven Ventures, Inc.; Heritage Alliance Group, Inc.;

6  AMD Financial Network, Inc.; SBM Management Inc.; Media Urge, Inc.; Kai

7  Media, Inc.; Insight Media, Inc.; Focus Media Solutions, Inc.; USM Products,

8  Inc.; Merchant Leverage Group, Inc.; DMA Media Holdings, Inc.; Shalita

9  Holdings, Inc.; and All Star Beauty Products, Inc. have acknowledged to this

10  Court that they were served with the Amended Complaint through Alon Nottea,

11  their officer, managing or general agent, or other agent authorized by appointment

12  or by law (Dkt. 486), who filed an Answer to the Amended Complaint

13  individually, but not for these defaulting corporations on October 23, 2015. (*See*

14  Dkt. 251).

15      7.      Bunzai Media Group, Inc.; Pinnacle Logistics, Inc.; DSA Holdings,

16  Inc.; Lifestyle Media Brands, Inc; Agoa Holdings, Inc.; Safehaven Ventures, Inc.;

17  Heritage Alliance Group, Inc.; AMD Financial Network, Inc.; SBM Management,

18  Inc.; Media Urge, Inc.; Kai Media, Inc.; Insight Media, Inc.; Focus Media

19  Solutions, Inc.; Secured Commerce, LLC; USM Products, Inc.; Merchant

20  Leverage Group, Inc.; DMA Media Holdings, Inc.; Shalita Holdings, Inc.; All Star

Beauty Products, Inc.; and Zen Mobile Media, Inc. ("Defaulting Defendants") have not filed an answer or otherwise responded to the Complaint or Amended Complaint.

8.      Defaults were entered against Defaulting Defendants:

a.      On May 5, 2016, the Clerk of Court entered a Default against Secured Commerce, LLC (Dkt. 418).

b.      On July 18, 2016, the Clerk of Court entered Defaults against Agoa Holdings, Inc.; Bunzai Media Group, Inc.; DSA Holdings, Inc.; Heritage Alliance Group, Inc.; Insight Media, Inc.; Kai Media, Inc.; Lifestyle Media Brands, Inc.; Media Urge, Inc.; Safehaven Ventures, Inc.; SBM Management, Inc.; and Pinnacle Logistics, Inc., as to Plaintiff's First Amended Complaint (Dkts. 504, 505, and 506).

c.      On August 9 and 10, 2016, the Clerk of Court entered Defaults against Shalita Holdings, Inc.; USM Products, Inc.; All Star Beauty Products, Inc.; AMD Financial Network, Inc.; DMA Media Holdings, Inc.; Focus Media Solutions, Inc.; and Merchant Leverage Group, Inc. (Dkts. 525, 526, 527).

9.      Plaintiff  is concurrently filing an Amended Second Motion for Default Judgment and Memorandum of Points and Authorities in Support Thereof against Defaulting Defendants.

10.     All the Defaulting Defendants are business entities.  Defaulting Defendants are not infants.  Plaintiff is unware of any condition that would classify Defaulting Defendant as incompetent.  To Plaintiff's knowledge Defaulting Defendants are not represented by a general guardian, committee, conservator, or other representative.

11.     The Service members Civil Relief Act, 50 U.S.C. App. § 521, does not apply to Defaulting Defendants as they are corporations.

12.     Notice required by Federal Rule of Civil Procedure 55(b)(2) is not required since none of the Defaulting Defendants have personally appeared in this matter.  In any event, the Defaulting Defendants' officer, managing or general agent, or other agent authorized by appointment or by law has been on notice of the Plaintiff Second Motion for Default since he is a party to this matter and is served with all pleadings.  (*See* Dkt. 486).

13.     On July 6, 2016, Plaintiff gave Defaulting Defendants' officer, managing or general agent, or other agent authorized by appointment or by law, notice of Plaintiff's calculation of damages.  *See* Dkts. 482-1 and 486.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: August 17, 2016                    /s/ REID TEPFER_____
                                          REID A. TEPFER

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 17, 2016, a true and correct copy of the foregoing document was electronically filed with the clerk of the U.S. District Court, Central District of California, using the electronic case filing system of the court. The attorneys listed below were served by pursuant to the ECF notice generated by the Court.

Erik S Syverson
Raines Feldman LLP
9720 Wilshire Boulevard Fifth Floor
Beverly Hills, CA 90212
esyverson@raineslaw.com
Counsel for Oz Mizrahi

Shai Oved
The Law Offices of Shai Oved
7445 Topanga Cyn. Blvd., Suite 220
Canoga Park, California  91303
Attorney for Alan Argaman and Secured Merchants, LLC

Robert M. Ungar
Crosswind Law
14724 Ventura Blvd Penthouse
Sherman Oaks, CA 91403
Counsel for Alon Nottea and
Roi Reuveni

Robert Esensten
Esensten Law
12100 Wilshire Blvd., Suite 1660
Los Angeles, CA 90025
Counsel for Doron Nottea and
Motti Nottea

Charlene Cantrell Koonce
Receiver
Kelly M. Crawford
Counsel to Receiver
Scheef & Stone

500 N. Akard, Suite 2700
Dallas, Texas 75201

Sagar Parikh
Beverly Hills Law Corp. PC
433 N. Camden Drive, 6th Floor
Beverly Hills, CA 90210
Attorney for Chargeback Armor, Inc.

Jeffrey Benice
Law Offices of Jeffrey S. Benice
A Professional Law Corporation
3080 Bristol Street
Sixth Floor, Suite 630
Costa Mesa, CA 92626
Telephone: (714) 641-3600 Ext. 214

/S/ REID TEPFER
REID TEPFER