UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-4527-GW(PLAx) | Date | August 22, 2016 |
|---|---|---|---|
| Title | *Federal Trade Commission v. Bunzai Media Group, Inc., et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | Lisa M. Gonzalez | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Reid Tepfer - by telephone | Sagar Parikh - by telephone |
| | Shai Oved |

**PROCEEDINGS:** PLAINTIFF'S SECOND MOTION FOR DEFAULT JUDGMENT [454];

ORDER TO SHOW CAUSE RE SETTLEMENT

The Court's Tentative Ruling is circulated and attached hereto. Court and counsel confer. Based on the Tentative, and for reasons stated on the record, Plaintiff's Motion is GRANTED. Order to issue.

Settlement with Defendant Secured Merchants, LLC was not reached. The Court sets a scheduling conference for August 25, 2016 at 8:30 a.m., with a joint status report filed by noon on August 24, 2016. Telephonic appearances are allowed provided notice is given to the clerk prior to the hearing.

| | : | 04 |
|---|---|---|
| | Initials of Preparer | JG |

*Federal Trade Commission v. Bunzai Media Grp. Inc., et al.*, Case No. CV-15-4527
Tentative Ruling on Second Motion for Default Judgment

Following earlier hearings on July 7 and August 8, 2016, in connection with the pursuit, by plaintiff Federal Trade Commission ("FTC"), of a default judgment in this action, the FTC has submitted a further brief addressing questions the Court raised concerning such relief here. Familiarity with the Court's prior tentative rulings, *see* Docket Nos. 483, 524, is presumed, and the Court will only address herein those issues still left open as a result of those two earlier hearings.

With respect to those defendants who did not receive notice of the extent of the potential monetary relief at issue in this case prior to entry of their defaults in this action, the FTC has now had their defaults entered again (*after* they received such notice). *See* Docket Nos. 525-527; *see also* Docket No. 486; Docket No. 503-3, ¶ 14. As a result, the Court believes that the FTC has cured any problem with Federal Rule of Civil Procedure 54(c) that it might otherwise have had.

As to whether the FTC has adequately stated its claims against each of the 19 defendants who are the subject of this proceeding, if the Court concludes that the FTC did, indeed, adequately plead the existence of a common enterprise amongst all the defendants, then the FTC did adequately plead the elements of its claims here. *See FTC v. Gill*, 265 F.3d 944, 950 (9th Cir. 2001) (setting forth requirements to show deceptive act or practice, prohibited by 15 U.S.C. § 45(a)(1)); *FTC v. Neovi, Inc.*, 604 F.3d 1150, 1155 (9th Cir. 2010) (recognizing definition of unfair practice or act in 15 U.S.C. § 45(n)); 15 U.S.C. § 45(n) (describing what would constitute unfair acts or practices, prohibited by 15 U.S.C. § 45(a)(1)); 15 U.S.C. § 8403 (making unlawful any charges or attempts to charge for goods or services by way of Internet transaction and using "negative option feature," unless specific requirements met); 16 C.F.R. § 310.2(w) (defining "negative option feature" for purposes of § 8403); 15 U.S.C. § 1693e(a) (requiring authorization for preauthorized electronic fund transfer from consumer's account to be in writing, and provision to consumer of copy of such authorization when made); 12 C.F.R. § 205.10(b) (requiring authorization for preauthorized electronic fund transfers from consumer's account to be in "a writing signed or similarly authenticated by the consumer" and provision of copy of authorization to consumer); First Amended

1

Complaint for Permanent Injunction and Other Equitable Relief ("FAC") ¶¶ 70-71, 73-74, 76-77, 79, 87, 93-94.

However, though it sets forth the necessary factors giving rise to such an association, *see FTC v. J.K. Publ'ns, Inc.*, 99 F.Supp.2d 1176, 1202 (C.D. Cal. 2000) (citing cases describing factors supporting showing of common enterprise), the common enterprise allegation against the defendants in this case is fairly formulaic and non-factual. *See* FAC ¶ 42. As to each of the defendants that are the subject of this default proceeding, the actual facts alleged in support of that relatively conclusory assertion vary in the amount of detail provided (at least in terms of the paragraphs in the FAC that the FTC has now cited, *see* Docket No. 530, at 7 n.8). *See* FAC ¶¶ 9-13, 15-19, 22-25, 27-31. Frequently, the connection between one another – in terms of *factual* allegations – appears to be only that they operated out of the same office or building or used the same mailbox. *See id.* ¶¶ 9-13, 15-18, 22-25. For at least one of the defendants, even that allegation is missing. *See id.* ¶ 19 (Media Urge, Inc.). The FAC alleges *more* than simply that common business location as to only six of the defendants that are the subject of this default proceeding. *See id.* ¶ 25 (alleging that Secured Commerce, LLC "created the websites used for deceptively marketing and selling skincare products, including the landing pages that contained the bogus 'risk free trial' offer); *id.* ¶ 27 (alleging that USM Products, Inc. "made bulk purchases of products and containers for the common enterprise"); *id.* ¶ 28 (alleging that Merchant Leverage Group, Inc. "provided merchant processing services to the common enterprise"); *id.* ¶ 29 (alleging that DMA Media Holdings, Inc. "processed payments for the negative-option skincare subscriptions"); *id.* ¶ 30 (alleging that Shalita Holdings, Inc. "processed payments for the negative-option skincare subscriptions"); *id.* ¶ 31 (alleging that All Star Beauty Products, Inc. "processed payments for the negative-option skincare subscriptions"). But – beyond the shared or similar office/business locations – these allegations can be viewed as simply displaying a series of businesses providing services to the core skincare products business in question. The Court would question why this – more than any other relationship amongst a business and its various service providers – necessarily demonstrates, for instance, "a maze of interrelated companies" transacting business. If all the FTC has is a handful of shared office/business locations, it is difficult to credit the common enterprise allegation

(under the commonly-listed factors governing such an assertion) unless the Court is simply going to accept the boilerplate allegation in paragraph 42 of the FAC.

Thus, the Court will have to determine whether, for purposes of entering a default judgment,[1] the FTC has sufficiently pled its claims so as to demonstrate those claims' merits. The Court otherwise agrees with the FTC's presentation as to each of the other factors that typically inform whether or not to grant a default judgment. *See* Docket No. 530, at 17:11-18:3, 18:13-21:3; *see also Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).[2]

If the Court is to grant a default judgment, the FTC has made a sufficient showing with respect to those requirements necessary for injunctive relief. *See* Docket No. 530, at 22:1-7 (citing FAC ¶¶ 45-67 and Docket No. 482-1, ¶ 7); *see also FTC v. Ivy Capital*, No. 2:11-CV-283 JCM (GWF), 2013 WL 1224613, *16 (D. Nev. Mar. 26, 2013), *aff'd in part, vacated in part*, 616 Fed. Appx. 360 (9th Cir. Oct. 5, 2015); *FTC v. Medicor LLC*, No. CV 011896CBMEX, 2001 WL 765628, *2 (C.D. Cal. June 26, 2001). It also has demonstrated a sufficient basis for the other forms of relief included in the proposed judgment/order.

The FTC also has cured all of the problems with the proposed judgment/order that the Court noted in connection with the August 8 hearing.

In sum, unless the Court is also troubled by the issue noted *supra*, Footnote 2, the only apparent roadblock to the default judgment the FTC requests would be the issue of whether the FTC truly has properly pled the existence of a common enterprise against all of the defendants that are the subject of this default proceeding. If, notwithstanding these potential issues, the Court grants the requested default judgment, in doing so it would incorporate the tentative rulings issued on July 7 and August 8 into any final ruling it issues this day.

---

[1] The FTC notes that the Court already held, in granting temporary and preliminary relief, that the FTC's Complaint had stated a claim upon which relief may be granted. *See* Docket No. 530, at 18 n.29 (citing Docket No. 14).

[2] The Court would note, however, that this action remains open as to certain other defendants. In that circumstance, "the court may direct entry of a final judgment as to one or more, but fewer than all…parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b); *see also* Schwarzer, Tashima, et al., California Practice Guide: Federal Civil Procedure Before Trial (2016) §§ 6:121-129.5, at 6-34 – 36. The FTC has not addressed this issue in its submissions.