1  DAVID C. SHONKA
   Acting General Counsel

2  REID TEPFER
   rtepfer@ftc.gov; Tex. Bar No. 24079444
3  LUIS GALLEGOS
   lgallegos@ftc.gov; Okla. Bar No. 19098
4  ZACHARY A. KELLER
   zkeller@ftc.gov; Tex. Bar No. 24087838
5  DAMA J. BROWN
   Dbrown1@ftc.gov; Mi. Bar No. P54775

6  Federal Trade Commission
   1999 Bryan Street, Suite 2150
7  Dallas, Texas 75201
   (214) 979-9395 (Tepfer); (214) 979-9383 (Gallegos);
8  (214) 979-9382 (Keller); (214) 979-9374 (Brown)
   (214) 953-3079 (fax)

9  RAYMOND MCKOWN
   rmckown@ftc.gov; Cal. Bar No. 150975
10 10877 Wilshire Boulevard, Ste. 700
   Los Angeles, California 90024
11 (310) 824-4343(voice); (310) 824-4380 (fax)

12 Attorneys for Plaintiff Federal Trade Commission

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,**<br><br>    Plaintiff,<br><br>    v.<br><br>**BUNZAI MEDIA GROUP, INC.,** *et al.,*<br><br>    Defendants. | Case No. CV 15-4527-GW(PLAx)<br><br>**STATUS REPORT CONCERNING TRIAL AS TO DEFENDANTS ALAN ARGAMAN, SECURED MERCHANTS, LLC, AND RELIEF DEFENDANT CHARGEBACK ARMOR, INC.** |

JOINT STATUS REPORT CONCERNING TRIAL AS TO REMAINING DEFENDANTS
Page | 1

Pursuant to the Court's Order (Dkt. 532), the Plaintiff Federal Trade Commission, Defendants Alan Argaman and Secured Merchants, LLC, and Relief Defendant Chargeback Armor, Inc. submit the following Status Report:

## I. Plaintiff Federal Trade Commission's Statement

### A. *Plaintiff's Statement Concerning Settlement*

The parties have exhausted settlement discussions, having completed mediation, having engaged in numerous discussions, and having arrived at a proposed global settlement (as affirmed by the parties to this Court on June 20, 2016) that was subsequently reneged upon by the Relief Defendant. Following the Relief Defendant's unjustified departure from the proposed global settlement, Plaintiff attempted to salvage a settlement with Defendants Alan Argaman and Secured Merchants, LLC, by agreeing to recommend Commission approval of a settlement that included, as Defendants had proposed, assignment to the FTC of their interest in a certain asset. However, once the FTC agreed to this offer, Defendants Argaman and Secured Merchants refused to follow through or execute the proposed settlement agreement and instead attempted to renegotiate injunctive terms that they had already accepted.

At this stage, the FTC has issued its best and final offer to the remaining defendants. Further negotiations are unwarranted and are not be likely to result in

a settlement that the members of the Federal Trade Commission will vote to approve.

### B. Plaintiff's Statement Concerning Sanctions

The Court further requested the parties to address the issue of Court-imposed sanctions or other appropriate methods by which the Court could facilitate settlement of the case. There is no dispute that, as a matter of law, the Commission could have filed a motion asking the Court to enforce the agreement to settle, which the Court could have granted, notwithstanding that at the time the Relief Defendant reneged on the settlement, the Federal Trade Commission had not yet voted to approve the proposal.[1] *See*, *e.g.*, *Phinisee ex rel. Phinisee v. United States*, No. CIV.A. 10-1253, 2012 WL 3186160, at *5 (E.D. Pa. Aug. 6, 2012) (tentative settlement, contingent upon government counsel obtaining agency approval, is enforceable). However, as a matter of discretion, and in consideration of a number of factors, including that Chargeback Armor never signed the proposed settlement, the Commission did not seek such enforcement in this instance.

There is similarly no question that, as a matter of law, the Court is authorized to impose sanctions against a party or counsel who reneges on an

---

[1] Settlement authority for the FTC resides exclusively in its five-member Commission, which can act only upon a majority vote of a quorum. *See FTC v. Flotill Products, Inc.*, 389 U.S. 179, 183 (1967).

agreed upon settlement. By statute, the Court is authorized to impose reasonable costs, expenses, and attorney's fees on an attorney that "multiplies the proceedings in any case unreasonably and vexatiously."[2] This statute is intended to "to deter unnecessary delays in litigation"[3] and requires a finding of subjective bad faith.[4] Moreover, the Court has broad inherent authority to sanction a party for abuse of the judicial process in bad faith.[5]

### C. Plaintiff's Statement Concerning Proposed Trial Dates

This Court has already considered and rejected motions for summary judgment filed by all parties (*See* Dkt. 456) and pre-trial motions to resolve claims against the Relief Defendant. (*See* Dkts. 264). Therefore, Plaintiff respectfully requests that the Court schedule this matter for trial.

The FTC anticipates that it will take a minimum of five to seven days to present its case-in-chief. Plaintiff's counsel has already sought stipulations from defense counsel in an effort to streamline the proceedings and minimize the burden on the court. However, to date, defense counsel have rejected all such requests. The FTC objects to a bifurcation of the trials against Defendants and

---

[2] 28 U.S. Code § 1927.

[3] *Oliveri v. Thompson*, 803 F.2d 1265, 1273 (2d Cir. 1986) (internal citations omitted).

[4] *Trulis v. Barton*, 107 F.3d 685, 694 (9th Cir. 1995).

[5] *See, e.g.*, *Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991).

Relief Defendant, which would be duplicative and unnecessarily burdensome on the Court's resources.  Plaintiff proposes the following dates for pre-trial and trial proceedings:

- Filing of Findings of Fact and Conclusions of Law (by all parties): **September 12, 2016**

- Deadline for pretrial meeting of counsel to discuss amended joint witness list, exhibit list, fact stipulations, and other issues discussed in this Court's standing order (Doc. No. 25): **October 3, 2016**

- Filing of amended joint witness list, exhibit list,[6] fact stipulations, and testimony by deposition transcript: **October 17, 2016**

- Motions in Limine filing deadline: **October 24, 2016**

- Response Deadline for Motions in Limine: **October 31, 2016**

- Amended Joint Proposed Final Pretrial Conference Order Deadline: **November 4, 2016**

- Reply Deadline for Motions in Limine: **November 7, 2016**

- Final Pretrial Conference: **November 21, 2016 at 8:30 a.m.**

- Hearing Concerning Motions in Limine: **December 5, 2016 at 8:30 a.m.**

- Trial: **December 12, 2016 at 9:00 a.m.**

## II.     Defendant Argaman and Secured Merchant's Statement

Argaman disputes the statements related to settlement above by the FTC. Both sides could not agree on the details of the settlement.  Settlement as to

---

[6] The FTC respectfully requests that the Court limit the parties to witnesses and exhibits previously provided and identified in the joint witness list before the original June 21 trial date.

Argaman was halted when the dispute as to Chargeback Armour arose. Different claims, edits as well as multiple orders have been presented to Argaman. All seem to include changes in favor of the FTC but none of the changes/clarifications requested by Argaman were made. Argaman was advised that the "last and best" was take it or leave it and the alternative was to go to trial despite representations that a framework for Argaman without repercussion or liability.

Argaman and Secured Merchants, LLC, were included in the First Amended Complaint as part of the laundry list of Defendants. Secured Merchants, LLC, was a technical service provider. Argaman received no direct compensation from any of the Defendants.

The parties have discussed trial dates and times for either early December or thereafter with a handful of dates of unavailability. The parties intend on working on revised exhibit and witness lists but estimate 5 days of trial.

**III. Chargeback Armor, Inc.'s Statement**

**A. Relief Defendant's Statement Concerning Settlement**

CBA wishes to inquire whether the Court would be amenable to an informal settlement conference or mediation between the CBA and FTC regarding this one narrow issue. If that is not possible, CBA requests that the Court decide this issue on the papers, which have already been submitted, namely CBA's Motion to Unfreeze Funds from last November, as well as CBA's portion of the MSJ filed

'recently. Finally, if the Court is unwilling to do that, CBA would propose a evidentiary hearing, which would take a morning or afternoon session to decide this issue, rather than a trial, which would be unnecessary and time-wasting.

### B. Relief Defendant's Statement Concerning Proposed Trial Dates

CBA does not believe that a trial is necessary to adjudicate its rights as it is simply a Relief Defendant and not subject to being liable for any of the Counts listed in the First Amended Complaint. The FTC is simply attempting to get CBA to disgorge funds, which is a narrow issue.

Respectfully submitted,

DAVID C. SHONKA
Acting General Counsel

DAMA J. BROWN
Regional Director

Dated: August 24, 2016

_Reid Tepfer_____
REID TEPFER
rtepfer@ftc.gov
Texas Bar No. 24079444
LUIS GALLEGOS
lgallegos@ftc.gov
Oklahoma Bar No. 19098
Federal Trade Commission
1999 Bryan Street, Suite 2150
Dallas, Texas 75206
(214) 979-9395 (Tepfer)
(214) 979-9383 (Gallegos)
(214) 953-3079 (fax)

1
                                                             __*Shai Oved*_____
                                                             Shai Oved

2
                                                             Attorney for Alan Argaman and
                                                             Secured Merchants, LLC

3

4  Dated: August 24, 2016                 _*/s/ Sagar Parikh*_____
                                                            Sagar Parikh

5
                                                             Attorney for Chargeback Armor, Inc.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

JOINT STATUS REPORT CONCERNING TRIAL AS TO REMAINING DEFENDANTS

# CERTIFICATE OF SERVICE

The undersigned certifies that on August 23, 2016, a true and correct copy of the foregoing document was electronically filed with the clerk of the U.S. District Court, Central District of California, using the electronic case filing system of the court. The attorneys listed below were served pursuant to the ECF notice generated by the Court.

Erik S. Syverson
Raines Feldman LLP
9720 Wilshire Boulevard Fifth Floor
Beverly Hills, CA 90212
esyverson@raineslaw.com
Counsel for Oz Mizrahi

Shai Oved
The Law Offices of Shai Oved
7445 Topanga Cyn. Blvd., Suite 220
Canoga Park, California 91303
Attorney for Alan Argaman and Secured Merchants, LLC

Robert M. Ungar
Crosswind Law
14724 Ventura Blvd. Penthouse
Sherman Oaks, CA 91403
Counsel for Alon Nottea and
Roi Reuveni

Robert Esensten
Esensten Law
12100 Wilshire Blvd., Suite 1660
Los Angeles, CA 90025
Counsel for Doron Nottea and
Motti Nottea

Charlene Cantrell Koonce
Receiver
Kelly M. Crawford
Counsel to Receiver

Scheef & Stone
500 N. Akard, Suite 2700
Dallas, Texas 75201

Sagar Parikh
Beverly Hills Law Corp. PC
433 N. Camden Drive, 6th Floor
Beverly Hills, CA 90210
Attorney for Chargeback Armor, Inc.

Jeffrey Benice
Law Offices of Jeffrey S. Benice
A Professional Law Corporation
3080 Bristol Street
Sixth Floor, Suite 630
Costa Mesa, CA 92626
Telephone: (714) 641-3600 Ext. 214
*Counsel for Igor Latsanovski and CalEnergy, Inc.*

            /S/ REID TEPFER
            REID TEPFER