DAVID C. SHONKA
Acting General Counsel

REID TEPFER
rtepfer@ftc.gov; Tex. Bar No. 24079444
LUIS GALLEGOS
lgallegos@ftc.gov; Okla. Bar No. 19098
ZACHARY A. KELLER
zkeller@ftc.gov; Tex. Bar No. 24087838
DAMA J. BROWN
Dbrown1@ftc.gov; Mi. Bar No. P54775

Federal Trade Commission
1999 Bryan Street, Suite 2150
Dallas, Texas 75201
(214) 979-9395 (Tepfer); (214) 979-9383 (Gallegos);
(214) 979-9382 (Keller); (214) 979-9374 (Brown)
(214) 953-3079 (fax)

RAYMOND MCKOWN
rmckown@ftc.gov; Cal. Bar No. 150975
10877 Wilshire Boulevard, Ste. 700
Los Angeles, California 90024
(310) 824-4343(voice); (310) 824-4380 (fax)

Attorneys for Plaintiff Federal Trade Commission

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**FEDERAL TRADE COMMISSION,**

Plaintiff,

v.

**BUNZAI MEDIA GROUP, INC.**, *et al.*,

Defendants.

Case No. CV 15-4527-GW(PLAx)

**PLAINTIFF FTC'S SUPPLEMENTAL STATUS REPORT CONCERNING TRIAL AS TO DEFENDANTS ALAN ARGAMAN, SECURED MERCHANTS, LLC, AND RELIEF DEFENDANT CHARGEBACK ARMOR, INC.**

The FTC files this supplemental status report to address incorrect statements made in Defendants Alan Argaman and Secured Merchants, LLC's portion of the Joint Status Report. (Dkt. 533, at 7-8). These statements were added to the Joint Status Report approximately 15 minutes before the filing deadline, and thus the FTC did not have an earlier opportunity to respond.

In the Joint Status Report, Defendants claim that the FTC has presented Defendants a proposed final order that includes multiple "changes in favor of the FTC" and fails to include the "changes/clarifications" requested by Defendants. (*See* Dkt. 533, at 6.) Defendants failed to identify any such changes made by the FTC.

In fact, the Proposed Order offered to Defendants is unchanged in substance from the original offer. The only changes include provisions relating to parties that have already settled, striking references to the Receiver (because Secured Merchants is not a Receivership Defendant), and minor wording changes requested by the settling Defendants. The Proposed Order contains only one change in the FTC's favor—the addition a provision assigning a certain asset to the FTC—and this provision was included at Defendants' request.[1]

[1] *See* Dkt. 485, at 8 ("Argaman and SM have done everything they can to close out this settlement, including giving up any right to the $250,000 (even assuming they have any rights) that was invested into CBA.").

The FTC further notes that Defendants' claim that "[b]oth sides could not agree on the details of the settlement" is contradicted by their prior statements to the Court. In a previous status report, Defendants stated that they were " were ready (and remain ready) to settle the case on the terms that had already been agreed upon previously with the FTC." [2] The FTC has provided Defendants with an opportunity to settle on those terms, including accepting Defendants' offer of assigning rights to a certain asset.

Defendants have instead sought to renegotiate the agreed terms of the Proposed Order, and even requested that Defendant Alan Argaman be dismissed from the lawsuit outright. Defendants' claim that the FTC represented Defendant Argaman could be dismissed "without repercussion or liability" from this lawsuit is incorrect. The FTC never made such a representation.

Respectfully submitted,

DAVID C. SHONKA
Acting General Counsel

DAMA J. BROWN
Regional Director

Dated: August 24, 2016

***Reid Tepfer***
REID TEPFER
rtepfer@ftc.gov
Texas Bar No. 24079444
LUIS GALLEGOS

[2] *See id.* at 7.

lgallegos@ftc.gov
Oklahoma Bar No. 19098
Federal Trade Commission
1999 Bryan Street, Suite 2150
Dallas, Texas 75206
(214) 979-9395 (Tepfer)
(214) 979-9383 (Gallegos)
(214) 953-3079 (fax)

**CERTIFICATE OF SERVICE**

The undersigned certifies that on August 23, 2016, a true and correct copy of the foregoing document was electronically filed with the clerk of the U.S. District Court, Central District of California, using the electronic case filing system of the court. The attorneys listed below were served pursuant to the ECF notice generated by the Court.

Erik S. Syverson
Raines Feldman LLP
9720 Wilshire Boulevard Fifth Floor
Beverly Hills, CA 90212
esyverson@raineslaw.com
Counsel for Oz Mizrahi

Shai Oved
The Law Offices of Shai Oved
7445 Topanga Cyn. Blvd., Suite 220
Canoga Park, California 91303
Attorney for Alan Argaman and Secured Merchants, LLC

Robert M. Ungar
Crosswind Law
14724 Ventura Blvd. Penthouse
Sherman Oaks, CA 91403
Counsel for Alon Nottea and
Roi Reuveni

Robert Esensten
Esensten Law
12100 Wilshire Blvd., Suite 1660
Los Angeles, CA 90025
Counsel for Doron Nottea and
Motti Nottea

Charlene Cantrell Koonce
Receiver
Kelly M. Crawford
Counsel to Receiver

Scheef & Stone
500 N. Akard, Suite 2700
Dallas, Texas 75201

Sagar Parikh
Beverly Hills Law Corp. PC
433 N. Camden Drive, 6th Floor
Beverly Hills, CA 90210
Attorney for Chargeback Armor, Inc.

Jeffrey Benice
Law Offices of Jeffrey S. Benice
A Professional Law Corporation
3080 Bristol Street
Sixth Floor, Suite 630
Costa Mesa, CA 92626
Telephone: (714) 641-3600 Ext. 214
*Counsel for Igor Latsanovski and CalEnergy, Inc.*

/S/ REID TEPFER
REID TEPFER