**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,** | **Case No.  CV 15-4527-GW(PLAx)** |
| **Plaintiff,** | **STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT AS TO DEFENDANTS ADAGEO, LLC, CALENERGY, INC., ZEN MOBILE MEDIA, INC., ALON NOTTEA, DORON NOTTEA, AND IGOR LATSANOVSKI, ONLY** |
| **v.** | |
| **BUNZAI MEDIA GROUP, INC.,** *et al.* | |
| **Defendants.** | |

Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), filed its Complaint for Permanent Injunction and Other Equitable Relief (Dkt #3), subsequently amended as First Amended Complaint ("Complaint," Dkt #235), seeking a permanent injunction and other equitable relief in this matter, pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15

STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY
JUDGMENT AS TO DEFENDANTS ADAGEO, LLC, CALENERGY, INC., ZEN
MOBILE MEDIA, INC., ALON NOTTEA, DORON NOTTEA, AND  IGOR LATSANOVSKI

U.S.C. §§ 53(b) and 57b, Section 5 of the Restore Online Shoppers' Confidence Act ("ROSCA"), 15 U.S.C. § 8404, and Section 917(c) of the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. § 1693o(c).

The Commission and Adageo, LLC, CalEnergy, Inc., Zen Mobile Media, Inc., Alon Nottea, Doron Nottea, and Igor Latsanovski (collectively, "Stipulating Defendants") stipulate to the entry of this Stipulated Order for Permanent Injunction and Monetary Judgment ("Order") to resolve all matters in dispute in this action between them.

**THEREFORE, IT IS ORDERED** as follows:

## FINDINGS

1. This Court has jurisdiction over this matter.

2. The Complaint charges that Defendants, through a common enterprise and a unity of ownership and control between Individual Defendants and Corporate Defendants, participated in deceptive and unfair acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, Section 4 of ROSCA, 15 U.S.C. § 8403, and Section 907(a) of EFTA, 15 U.S.C. §1693e(a), in connection with the online sale of skincare products through a negative option continuity plan.

3. Stipulating Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order. Only for purposes of

STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT AS TO DEFENDANTS ADAGEO, LLC, CALENERGY, INC., ZEN MOBILE MEDIA, INC., ALON NOTTEA, DORON NOTTEA, AND IGOR LATSANOVSKI

Page    2

this action, Stipulating Defendants admit the facts necessary to establish jurisdiction.

4.      Stipulating Defendants waive any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear their own costs and attorney fees.

5.      Stipulating Defendants waive all rights to appeal or otherwise challenge or contest the validity of this Order. Plaintiff and the Stipulating Defendants agree that this Order resolves all allegations and claims in the Complaint against the Stipulating Defendants.

## **DEFINITIONS**

For the purpose of this Order, the following definitions apply:

A.      **"Acquirer"** means a business organization, financial institution, or an agent of a business organization or financial institution that has authority from an organization  that operates or licenses a credit card system (*e.g.*, Visa, MasterCard, American Express, and Discover) to authorize merchants to accept, transmit, or process payment by credit card through the credit card system for money, goods or services, or anything else of value.

**STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT AS TO DEFENDANTS ADAGEO, LLC, CALENERGY, INC., ZEN MOBILE MEDIA, INC., ALON NOTTEA, DORON NOTTEA, AND IGOR LATSANOVSKI**

B.     **"Charge"** or **"Charging"** means causing billing information to be submitted for payment, including against a consumer's credit card, debit card, bank account, phone bill, or other account, or otherwise attempting to collect money or other consideration.

C.     **"Clear and conspicuous"** means that a required disclosure is difficult to miss (*i.e.*, easily noticeable) and easily understandable by ordinary consumers, including in all of the following ways:

1.     In any communication that is solely visual or solely audible, the disclosure must be made through the same means through which the communication is presented. In any communication made through both visual and audible means, such as a television advertisement, the disclosure must be presented simultaneously in both the visual and audible portions of the communication even if the representation requiring the disclosure is made in only one means.

2.     A visual disclosure, by its size, contrast, location, the length of time it appears, and other characteristics, must stand out from any accompanying text or other visual elements so that it is easily noticed, read, and understood.

3.     An audible disclosure, including by telephone or streaming

**STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT AS TO DEFENDANTS ADAGEO, LLC, CALENERGY, INC., ZEN MOBILE MEDIA, INC., ALON NOTTEA, DORON NOTTEA, AND IGOR LATSANOVSKI**

video, must be delivered in a volume, speed, and cadence sufficient for ordinary consumers to easily hear and understand it.

4.     In any communication using an interactive electronic medium, such as the Internet or software, the disclosure must be unavoidable.

5.     On a product label, the disclosure must be presented on the principal display panel.

6.     The disclosure must use diction and syntax understandable to ordinary consumers and must appear in each language in which the representation that requires the disclosure appears.

7.     The disclosure must comply with these requirements in each medium through which it is received, including all electronic devices and face-to-face communications.

8.     The disclosure must not be contradicted or mitigated by, or inconsistent with, anything else in the communication.

9.     When the representation or sales practice targets a specific audience, such as children, the elderly, or the terminally ill, "ordinary consumers" includes reasonable members of that group.

D.     **"Credit Card Laundering"** means:

1.     Presenting or depositing into, or causing or allowing another to

**STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT AS TO DEFENDANTS ADAGEO, LLC, CALENERGY, INC., ZEN MOBILE MEDIA, INC., ALON NOTTEA, DORON NOTTEA, AND IGOR LATSANOVSKI**

present or deposit into, the credit card system for payment, a Credit Card Sales Draft generated by a transaction that is not the result of a credit card transaction made directly with the cardholder;

2.     Employing, soliciting, or otherwise causing or allowing a Merchant, or an employee, representative, or agent of a Merchant, to present to or deposit into the credit card system for payment, a Credit Card Sales Draft generated by a transaction that is not the result of a credit card transaction between the cardholder and the Merchant; or

3.     Obtaining access to the credit card system through the use of a business relationship or an affiliation with a Merchant, when such access is not authorized by the Merchant Account agreement or the applicable credit card system.

E.     **"Credit Card Sales Draft"** means any record or evidence of a credit card transaction.

F.     **"Continuity Plan"** means any plan, arrangement, or system in which a consumer is periodically charged for products or services *without* prior notification by the seller before each charge.

G.     **"Defendants"** means Bunzai Media Group, Inc., d/b/a AuraVie and Miracle Face Kit; Pinnacle Logistics, Inc.; DSA Holdings, Inc.; Lifestyle Media Brands, Inc.; Agoa Holdings, Inc.; Zen Mobile Media, Inc.; Safehaven Ventures,

**STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT AS TO DEFENDANTS ADAGEO, LLC, CALENERGY, INC., ZEN MOBILE MEDIA, INC., ALON NOTTEA, DORON NOTTEA, AND IGOR LATSANOVSKI**

**Page     6**

Inc.; Heritage Alliance Group, Inc., also doing business as AuraVie Distribution; AMD Financial Network, Inc.; SBM Management, Inc.; Media Urge, Inc.; Adageo, LLC; Calenergy, Inc.; KAI Media, Inc.; Insight Media, Inc.; Focus Media Solutions, Inc.; Secured Commerce, LLC; Secured Merchants, LLC; USM Products, Inc.; Merchant Leverage Group, Inc.; DMA Media Holding, Inc.; Shalita Holdings, Inc.; All Star Beauty Products, Inc., and their successors and assigns, and Alon Nottea, Motti Nottea, Doron Nottea, Igor Latsanovski, Oz Mizrahi, Roi Reuveni, Kristopher Bond a/k/a Ray Ibbot, Alan Argaman, and Paul Medina individually, collectively, or in any combination.

1.    **"Corporate Defendants"** means Adageo, LLC; CalEnergy, Inc.; Zen Mobile Media, Inc.; Bunzai Media Group, Inc., d/b/a AuraVie and Miracle Face Kit; Pinnacle Logistics, Inc.; DSA Holdings, Inc.; Lifestyle Media Brands, Inc.; Agoa Holdings, Inc.; Safehaven Ventures, Inc.; Heritage Alliance Group, Inc., also doing business as AuraVie Distribution; AMD Financial Network, Inc.; SBM Management, Inc.; Media Urge, Inc.; KAI Media, Inc.; Insight Media, Inc.; Focus Media Solutions, Inc.; Secured Commerce, LLC; Secured Merchants, LLC; USM Products, Inc.; Merchant Leverage Group, Inc.; DMA Media Holding, Inc.; Shalita Holdings, Inc.; All Star Beauty Products, Inc., and their successors and assigns.

**STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT AS TO DEFENDANTS ADAGEO, LLC, CALENERGY, INC., ZEN MOBILE MEDIA, INC., ALON NOTTEA, DORON NOTTEA, AND IGOR LATSANOVSKI**

2.    **"Receivership Defendants"** means Adageo, LLC; CalEnergy, Inc.; Zen Mobile Media, Inc.; Bunzai Media Group, Inc. d/b/a AuraVie and Miracle Face Kit; Pinnacle Logistics, Inc.; DSA Holdings, Inc.; Lifestyle Media Brands, Inc.; Agoa Holdings, Inc.; Safehaven Ventures, Inc.; Heritage Alliance Group, Inc. also doing business as AuraVie Distribution; AMD Financial Network, Inc.; SBM Management, Inc.; Media Urge, Inc.; KAI Media, Inc.; Insight Media, Inc.; Focus Media Solutions, Inc.; USM Products, Inc.; Merchant Leverage Group, Inc.; DMA Media Holding, Inc.; Shalita Holdings, Inc.; All Star Beauty Products, Inc., and their successors and assigns.

3.    **"Stipulating Defendants"** means Adageo, LLC, CalEnergy, Inc., and Zen Mobile Media, Inc., and their successors and assigns, and Alon Nottea, Doron Nottea, and Igor Latsanovski, individually, collectively, or in any combination.

H.    **"Electronic Fund Transfer"** means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, or computer or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes point-of-sale transfers, automated teller machine transactions, direct deposits or withdrawals of funds, and transfers

**STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT AS TO DEFENDANTS ADAGEO, LLC, CALENERGY, INC., ZEN MOBILE MEDIA, INC., ALON NOTTEA, DORON NOTTEA, AND IGOR LATSANOVSKI**

initiated by telephone. Such term does not include:

   1. Any check guarantee or authorization service that does not directly result in a debit or credit to a consumer's account;

   2. Any transfer of funds, other than those processed by automated clearinghouse, made by a financial institution on behalf of a consumer by means of a service that transfers funds held at either Federal Reserve banks or other depository institutions and that is not designed primarily to transfer funds on behalf of a consumer;

   3. Any transaction the primary purpose of which is the purchase or sale of securities or commodities through a broker-dealer registered with or regulated by the Securities and Exchange Commission;

   4. Any automatic transfer from a savings account to a demand deposit account pursuant to an agreement between a consumer and a financial institution for the purpose of covering an overdraft or maintaining an agreed upon minimum balance in the consumer's demand deposit account; or

   5. Any transfer of funds, which is initiated by a telephone conversation between a consumer and an officer or employee of a financial institution which is not pursuant to a prearranged plan and under which

**STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT AS TO DEFENDANTS ADAGEO, LLC, CALENERGY, INC., ZEN MOBILE MEDIA, INC., ALON NOTTEA, DORON NOTTEA, AND IGOR LATSANOVSKI**

1    periodic or recurring transfers are not contemplated.

2        I.    **"Material"** means likely to affect a person's choice of, or conduct

3    regarding, goods or services.

4        J.    **"Merchant"** means a person who is authorized under a written

5    contract with an Acquirer to honor or accept credit cards, or to transmit or process

6    for payment credit card payments, for the purchase of goods or services.

7        K.    **"Merchant Account"** means an account with an Acquirer that

8    authorizes and allows a Merchant to honor or accept credit cards, or to transmit or

9    process for payment credit card payments, for the purchase of goods or services or

10   a charitable contribution.

11       L.    **"Negative Option Feature"** means, in an offer or agreement to sell

12   or provide any good or service, a provision under which the consumer's silence or

13   failure to take an affirmative action to reject a good or service or to cancel the

14   agreement is interpreted by the seller or provider as acceptance or continuing

15   acceptance of the offer or agreement.

16       M.    **"Preauthorized Electronic Fund Transfer"** as defined by the

17   Electronic Fund Transfer Act, 15 U.S.C. § 1693a(10), means an electronic fund

18   transfer authorized in advance to recur at substantially regular intervals.

19

20

**STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT AS TO DEFENDANTS ADAGEO, LLC, CALENERGY, INC., ZEN MOBILE MEDIA, INC., ALON NOTTEA, DORON NOTTEA, AND IGOR LATSANOVSKI**

N.     **"Receiver"** means **Charlene Koonce** of **Scheef & Stone, LLP**, the person appointed by the Court in this matter to serve as Receiver over Receivership Defendants.

## ORDER

## I.     BAN ON NEGATIVE OPTION SALES

**IT IS ORDERED** that Stipulating Defendants are permanently restrained and enjoined from advertising, marketing, promoting, or offering for sale any good or service with a Negative Option Feature, whether directly or through an intermediary, including by consulting, planning, participating, facilitating or advising.

## II.     PROHIBITED BUSINESS ACTIVITY

**IT IS FURTHER ORDERED** that Stipulating Defendants, Stipulating Defendants' officers, agents, and employees, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting or offering for sale any good or service, are permanently restrained and enjoined from:

A.     Before a customer consents to pay for such good or service, failing to disclose, or assisting others in failing to disclose, in a clear and conspicuous manner all material terms and conditions of any offer, including:

1.     The amount, timing, and manner of all fees, charges, or other

**STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT AS TO DEFENDANTS ADAGEO, LLC, CALENERGY, INC., ZEN MOBILE MEDIA, INC., ALON NOTTEA, DORON NOTTEA, AND IGOR LATSANOVSKI**

amounts that a consumer will be charged or billed, including but not limited to the date of the charge and whether it will be a credit card charge or checking account debit;

2.    The dates that any limited time sales offer begins and ends;

3.    The identity of the seller, including the seller's name, physical address, and customer service telephone number;

4.    The total costs to purchase, receive, or use, and the quantity of, any goods or services that are the subject of the sales offer;

5.    Any material restriction, limitation, or condition to purchase, receive, or use goods or services that are the subject of a sales offer;

B.    Before a customer consents to pay for such good or service, failing to disclose, or assisting others in failing to disclose, in a clear and conspicuous manner all material terms and conditions of any refund or cancellation policies, including:

1.    The specific steps and means by which such requests must be submitted;

2.    The customer service telephone number that a customer must call to cancel or return goods or services;

3.    The email address, web address, or street address to which such requests must be directed;

**STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT AS TO DEFENDANTS ADAGEO, LLC, CALENERGY, INC., ZEN MOBILE MEDIA, INC., ALON NOTTEA, DORON NOTTEA, AND IGOR LATSANOVSKI**

4.      Any mechanism that customers must use to return any goods or services, including any requirement for specific tracking methods or delivery confirmation for a package;

5.      If there is any policy of not making refunds or cancellations, including any requirement that a product will not be accepted for return or refund unless it is unopened and in re-sellable condition, a statement regarding this policy; and

6.      The date by which a customer is required to request a refund;

C.      Misrepresenting, or assisting others in misrepresenting, expressly or by implication, any fact material, including:

1.      That a good or service is free, a bonus, a gift, a trial, without cost;

2.      That a good or service is available for a minimal processing, service, or administrative fee or without further obligation;

3.      That a purchase is "risk free" or offered with a satisfaction guarantee or money-back guarantee;

4.      That the seller is accredited or rated favorably by the Better Business Bureau;

5.      A seller's affiliation with, or endorsement or sponsorship by, any person or entity;

**STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT AS TO DEFENDANTS ADAGEO, LLC, CALENERGY, INC., ZEN MOBILE MEDIA, INC., ALON NOTTEA, DORON NOTTEA, AND IGOR LATSANOVSKI**

6.     The amount that a consumer's credit or debit card will be charged and the timing of the charge(s);

7.     That a transaction has been authorized by a consumer;

8.     The dates that any limited time sales offer begins and ends;

9.     The requirements or terms of the seller's refund or cancellation policies;

10.    The identity of the seller, including the seller's name, physical address, and customer service telephone number;

11.    The total costs to purchase, receive, or use, and the quantity of, any goods or services that are the subject of the sales offer;

12.    Any material restriction, limitation, or condition to purchase, receive, or use goods or services that are the subject of a sales offer;

13.    Any material aspect of the performance, efficacy, nature, or central characteristics of a good or service;

D.     Providing false information to any bank or other billing entity, directly or indirectly, to contest a consumer's request for a refund, cancellation, chargeback, or reversal of payment;

E.     Failing to obtain a consumer's express informed consent by causing billing information to be submitted for payment, or collecting or attempting to collect payment for goods or services without the consumer's express verifiable

**STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT AS TO DEFENDANTS ADAGEO, LLC, CALENERGY, INC., ZEN MOBILE MEDIA, INC., ALON NOTTEA, DORON NOTTEA, AND IGOR LATSANOVSKI**

**Page    14**

authorization, which shall include: (a) the customer's signature, including an electronic or digital form of signature that is recognized as a valid signature under federal law; or (b) express oral authorization that is audio-recorded and made available to the customer and the customer's bank or other billing entity and that evidences clearly both the customer's authorization of payment and the customer's receipt of the following information: (i) The number of debits, charges, or payments (if more than one); (ii) the date(s) the debit(s), charge(s), or payment(s) will be submitted for payment; (iii) the amounts of the debit(s), charge(s), or payment(s); (iv) the customer's name; (v) the customer's billing information identified with sufficient specificity such that the customer understands what account will be used to collect payment; (vi) identification of the seller's name, physical address, and telephone number; and (vii) the date of the customer's oral authorization;

F.       Failing to obtaining written authorization signed or similarly authenticated from consumers for Preauthorized Electronic Fund Transfers from the consumer's account; or

G.       Failing to provide a copy of a written authorization signed or similarly authenticated by a consumer for Preauthorized Electronic Fund Transfers from the consumer's account.

**STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT AS TO DEFENDANTS ADAGEO, LLC, CALENERGY, INC., ZEN MOBILE MEDIA, INC., ALON NOTTEA, DORON NOTTEA, AND IGOR LATSANOVSKI**

## III.   PROHIBITIONS RELATED TO MERCHANT ACCOUNTS

**IT IS FURTHER ORDERED** that Stipulating Defendants, Stipulating Defendants' officers, agents, and employees, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting or offering for sale any good or service, are permanently restrained and enjoined from Credit Card Laundering.

## IV.   MONETARY JUDGMENT AGAINST DEFENDANTS ADAGEO, LLC, CALENERGY, INC., ZEN MOBILE MEDIA, INC., ALON NOTTEA, DORON NOTTEA, AND IGOR LATSANOVSKI AND PARTIAL SUSPENSION

**IT IS FURTHER ORDERED** that:

A.   Judgment in the amount of SEVENTY-TWO MILLION SIX HUNDRED NINETY-TWO THOUSAND AND EIGHT HUNDRED AND TWELVE DOLLARS ($72,692,812) is entered in favor of the Commission against Defendants Adageo, LLC, CalEnergy, Inc., Zen Mobile Media, Inc., Alon Nottea, Doron Nottea, and Igor Latsanovski, jointly and severally, as equitable monetary relief.

B.   Defendants Alon Nottea and Adageo, LLC are ordered to pay to the Commission FIFTEEN THOUSAND DOLLARS ($15,000).

1.   Such payment must be made within 10 days of entry of this

STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT AS TO DEFENDANTS ADAGEO, LLC, CALENERGY, INC., ZEN MOBILE MEDIA, INC., ALON NOTTEA, DORON NOTTEA, AND IGOR LATSANOVSKI

Page   16

1   Order by electronic fund transfer in accordance with instructions to be

2   provided by a representative of the Commission. Upon such timely

3   payment, the remainder of the judgment is suspended, subject to the

4   Subsections below.

5           2.      The Commission's agreement to the suspension of part of the

6   judgment is expressly premised upon the truthfulness, accuracy, and

7   completeness of sworn financial statements and related documents

8   (collectively, "financial representations") submitted to the Commission,

9   namely:

10          a.      The Financial Statement of Defendant Alon Nottea

11                  signed on June 14 and 27, 2016, including all tax filings,

12                  bank statements, and attachments;

13          b.      The Financial Statement of Defendant Adageo, LLC

14                  signed on June 29, 2016, including all tax filings, bank

15                  statements, and attachments;

16          c.      The Financial Statement of Apogee Network, LLC

17                  signed on June 2, 2016, including all tax filings, bank

18                  statements, and attachments;

19          d.      The Financial Statement of Defendant BunZai Media

20

**STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT AS TO DEFENDANTS ADAGEO, LLC, CALENERGY, INC., ZEN MOBILE MEDIA, INC., ALON NOTTEA, DORON NOTTEA, AND IGOR LATSANOVSKI**

1   Group, Inc. signed on June 29, 2016, including all tax

2   filings, bank statements, and attachments;

3   e.      The Financial Statement of Zen Mobile Media, Inc.

4   signed on July 12, 2016, including all tax filings, bank

5   statements, and attachments.

6   3.      The suspension of judgment will be lifted as to Defendants

7   Alon Nottea and Adageo, LLC, if upon motion by the Commission, the

8   Court finds that Alon Nottea, acting individually or as a corporate

9   representative, failed to disclose any material asset, materially misstated the

10   value of any asset, or made any other material misstatement or omission in

11   any of the financial representations identified above.

12   4.      If the suspension of the judgment is lifted as to Defendant

13   Alon Nottea and Adageo, LLC, the judgment becomes immediately due as

14   to them in the amount specified in Subsection A above, which Defendants

15   Alon Nottea and Adageo, LLC stipulate only for purposes of this Section

16   represents the consumer injury alleged in the Complaint, less any payment

17   previously made pursuant to this Section, plus interest computed from the

18   date of entry of this Order.

19

20

**STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY
JUDGMENT AS TO DEFENDANTS ADAGEO, LLC, CALENERGY, INC., ZEN
MOBILE MEDIA, INC., ALON NOTTEA, DORON NOTTEA, AND IGOR LATSANOVSKI**

C.    Defendant Doron Nottea is ordered to pay, as directed below, to the Commission TWO HUNDRED SEVENTY-EIGHT THOUSAND FIVE HUNDRED AND EIGHTY-EIGHT DOLLARS AND SIXTY-SIX CENTS ($278,588.66) as follows:

1.    Such payments, listed below, must be made within 10 days of entry of this Order by electronic fund transfer in accordance with instructions to be provided by a representative of the Commission:

*Bank of American Accounts*

a.   Bank of America, on behalf of Defendant Doron Nottea, is ordered to transfer to the Commission:

i.    $42,017.85 from account ending *9000;

ii.   $21,285.57 from account ending *4411;

iii.  $14,095.00 from account ending *3555;

iv.   $3,469.00 from account ending *6855;

v.    $6,119.00 from account ending *7333; and

vi.   $10,836.86 from his account ending *3322;

*Wells Fargo Bank Accounts*

b.   Wells Fargo Bank, on behalf of Defendant Doron Nottea, is ordered to transfer to the Commission:

**STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT AS TO DEFENDANTS ADAGEO, LLC, CALENERGY, INC., ZEN MOBILE MEDIA, INC., ALON NOTTEA, DORON NOTTEA, AND IGOR LATSANOVSKI**

i.   $2,682.20 from account ending *7222;

ii.   $25,537.64 from account ending *6646;

iii.   $8,534.14 from account ending *8551;

iv.   $2,206.64 from account ending *1544;

v.   $64,509.00 from account ending *8700; and

vi.   $20,000.00 from account ending *8155;

*Citibank Account*

    c.   Citibank, on behalf of Defendant Doron Nottea, is ordered to transfer to the Commission:

i.   $713.98 from account ending *5767; and

ii.   $4,744.89 from account ending *3456;

*JP Morgan Bank Accounts*

    d.   J.P. Morgan Bank, on behalf of Defendant Doron Nottea, is ordered to transfer to the Commission:

i.    $4,200.06 from account ending *1365; and

ii.   $1,709.44 from his account ending *4893; and

*HSBC Bank Account*

    e.   HSBC Bank, on behalf of Defendant Doron Nottea, is ordered to transfer to the Commission $45,927.39 from

**STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT AS TO DEFENDANTS ADAGEO, LLC, CALENERGY, INC., ZEN MOBILE MEDIA, INC., ALON NOTTEA, DORON NOTTEA, AND IGOR LATSANOVSKI**

1      account ending *5855.

2      2.     Defendant Doron Nottea shall cooperate fully with the FTC

3 and/or financial institutions to effectuate the above electronic fund transfers.

4 Upon such payments, the remainder of the judgment against Defendant

5 Doron Nottea is suspended, subject to the Subsections below.

6      3.     The Commission's agreement to the suspension of part of the

7 judgment is expressly premised upon the truthfulness, accuracy, and

8 completeness of sworn financial statements and related documents

9 (collectively, "financial representations") submitted to the Commission,

10 namely:

11          a.     The Financial Statement of Defendant Doron Nottea

12                  signed on June 16, 2016, including all tax filings, bank

13                  statements, and attachments;

14          b.     The Financial Statement of NFT Holdings, Inc., signed

15                  on July 5, 2016, including all tax filings, bank

16                  statements, and attachments;

17          c.     The Financial Statement of Vertex Holdings Group, Inc.,

18                  signed on July 5, 2016, including all tax filings, bank

19                  statements, and attachments;

20          d.     The Financial Statement of Defendant Secured

**STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT AS TO DEFENDANTS ADAGEO, LLC, CALENERGY, INC., ZEN MOBILE MEDIA, INC., ALON NOTTEA, DORON NOTTEA, AND IGOR LATSANOVSKI**

1  Commerce, LLC signed on July 6, 2016, including all

2  tax filings, bank statements, and attachments;

3        4.     The suspension of judgment will be lifted as to Defendant

4  Doron Nottea if, upon motion by the Commission, the Court finds that he,

5  acting individually or as a corporate representative, failed to disclose any

6  material asset, materially misstated the value of any asset, or made any

7  other material misstatement or omission in any of the financial

8  representations identified above.

9        5.     If the suspension of the judgment is lifted as to Defendant

10  Doron Nottea, the judgment becomes immediately due as to him in the

11  amount specified in Subsection A above, which Defendant Doron Nottea

12  stipulates only for purposes of this Section represents the consumer injury

13  alleged in the Complaint, less any payment previously made pursuant to this

14  Section, plus interest computed from the date of entry of this Order.

15  D.     Defendants Igor Latsanovski, CalEnergy, Inc., and Zen Mobile

16  Media, Inc., are ordered to pay to the Commission ONE MILLION DOLLARS

17  ($1,000,000).

18        1.     Such payment must be made within 21 days of entry of this

19  Order by electronic fund transfer in accordance with instructions to be

20

**STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT AS TO DEFENDANTS ADAGEO, LLC, CALENERGY, INC., ZEN MOBILE MEDIA, INC., ALON NOTTEA, DORON NOTTEA, AND IGOR LATSANOVSKI**

provided by a representative of the Commission. Upon such timely payment, the remainder of the judgment is suspended, subject to the Subsections below.

2.      The Commission's agreement to the suspension of part of any judgment is expressly premised upon the truthfulness, accuracy, and completeness of sworn financial statements and related documents (collectively, "financial representations") submitted to the Commission, namely:

a.      The Financial Statement of Defendant Igor Latsanovski signed on June 14, 2016, including all tax filings, bank statements, and attachments;

b.      The Financial Statement of Defendant CalEnergy, Inc. signed on June 14, 2016, including all tax filings, bank statements, and attachments;

c.      The Financial Statement of Rilend, Inc., signed on July 5, 2016, including all tax filings, bank statements, and attachments;

d.      The Financial Statement of Vastpay, LLC signed on July 5, 2016, including all tax filings, bank statements,

**STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT AS TO DEFENDANTS ADAGEO, LLC, CALENERGY, INC., ZEN MOBILE MEDIA, INC., ALON NOTTEA, DORON NOTTEA, AND IGOR LATSANOVSKI**

**Page    23**

1    and attachments;

2           e.    The Financial Statement of ComicFix, LLC signed on

3                 July 5, 2016, including all tax filings, bank statements,

4                 and attachments;

5           f.    The Financial Statement of Nexipay, LLC signed on

6                 July 5, 2016, including all tax filings, bank statements,

7                 and attachments;

8           g.    The Financial Statement of Sunset Holdings, LLC

9                 signed on June 14, 2016, including all operating

10                agreements, investment contracts, tax filings, bank

11                statements, and attachments;

12          h.    The Financial Statement of Zen Mobile Media, Inc.

13                signed on July 12, 2016, including all tax filings, bank

14                statements, and attachments.

15       3.    The suspension of judgment will be lifted as to Defendants

16   Igor Latsanovski, CalEnergy, Inc., and Zen Mobile Media, Inc., if upon

17   motion by the Commission, the Court finds that Igor Latsanovski, acting

18   individually or as a corporate representative, or Zen Mobile Media, Inc.,

19   failed to disclose any material asset, materially misstated the value of any

20   asset, or made any other material misstatement or omission in any of the

**STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY
JUDGMENT AS TO DEFENDANTS ADAGEO, LLC, CALENERGY, INC., ZEN
MOBILE MEDIA, INC., ALON NOTTEA, DORON NOTTEA, AND IGOR LATSANOVSKI**

financial representations identified above.

4.     If the suspension of the judgment is lifted as to Defendants Igor Latsanovski, CalEnergy, Inc., and Zen Mobile Media, Inc., the judgment becomes immediately due as to them in the amount specified in Subsection A above, which Defendants Igor Latsanovski, CalEnergy, Inc., and Zen Mobile Media, Inc., stipulate only for purposes of this Section represents the consumer injury alleged in the Complaint, less any payment previously made pursuant to this Section, plus interest computed from the date of entry of this Order.

E.     In addition, Defendants Alon Nottea, Doron Nottea, Igor Latsanovski, Adageo, LLC, CalEnergy, Inc., and Zen Mobile Media, Inc. each relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and all assets identified in Attachment A to this Order, and may not seek the return of any assets. Only the assets identified in Attachment A shall be treated as assets of the Receivership for the purposes of this Order, and shall be distributed as provided for in the Section titled "Receivership Termination."

## V.     ADDITIONAL MONETARY PROVISIONS

**IT IS FURTHER ORDERED** that:

A.     The facts alleged in the Complaint will be taken as true, without

**STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT AS TO DEFENDANTS ADAGEO, LLC, CALENERGY, INC., ZEN MOBILE MEDIA, INC., ALON NOTTEA, DORON NOTTEA, AND IGOR LATSANOVSKI**

further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

B.    The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

C.    Stipulating Defendants acknowledge that their Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers), which Defendants previously submitted to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

D.    All money paid to the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund. If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies)

**STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT AS TO DEFENDANTS ADAGEO, LLC, CALENERGY, INC., ZEN MOBILE MEDIA, INC., ALON NOTTEA, DORON NOTTEA, AND IGOR LATSANOVSKI**

as it determines to be reasonably related to Defendants' practices alleged in the

Complaint. Any money not used for such equitable relief is to be deposited to the

U.S. Treasury as disgorgement. Stipulating Defendants have no right to challenge

any actions the Commission or its representatives may take pursuant to this

Subsection.

E.     The asset freezes imposed in the preliminary injunctions entered on

July 23, 2015 (Dkt. 105), July 24, 2015 (Dkt. 108), August 24, 2015 (Dkt. 182),

and September 9, 2015 (Dkt. 200) are modified to permit the payments/transfers

identified in the Monetary Judgments and Partial Suspension Sections of this

Order at Section IV. Upon completion of those payments/transfers, those asset

freezes are dissolved, with the exception that the asset freeze shall remain as to

each of the following accounts: Bank of America accounts for Chargeback Armor

Inc. (*0818), Secured Merchants LLC. (*0922), IVR Logix, Inc. (*0018), Vbonita

Inc. (*4222), and Wells Fargo account for Secured Merchants (*5241).

## VI.   CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Stipulating Defendants, Stipulating

Defendants' officers, agents, and employees, and all other persons in active

concert or participation with any of them, who receive actual notice of this Order,

whether acting directly or indirectly, are permanently restrained and enjoined

from directly or indirectly:

**STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT AS TO DEFENDANTS ADAGEO, LLC, CALENERGY, INC., ZEN MOBILE MEDIA, INC., ALON NOTTEA, DORON NOTTEA, AND IGOR LATSANOVSKI**

A.      Failing to provide sufficient customer information to enable the Commission to efficiently administer consumer redress. If a representative of the Commission requests in writing any information related to redress, Stipulating Defendants must provide it, in the form prescribed by the Commission, within 14 days.

B.      Disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), that any Defendant obtained prior to entry of this Order in connection with the sale of any product through a negative option continuity plan; and

C.      Failing to destroy such customer information in all forms in his possession, custody, or control within 30 days after receipt of written direction to do so from a representative of the Commission.

*Provided, however*, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

## VII.   COOPERATION

**IT IS FURTHER ORDERED** that Stipulating Defendants must fully cooperate with representatives of the Commission in this case at the trial against

STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT AS TO DEFENDANTS ADAGEO, LLC, CALENERGY, INC., ZEN MOBILE MEDIA, INC., ALON NOTTEA, DORON NOTTEA, AND IGOR LATSANOVSKI

**Page    28**

Defendants Alan Argaman, Secured Merchants, LLC, and Chargeback Armor, Inc., and in any investigation related to or associated with the transactions or the occurrences that are the subject of the Complaint. Such Defendants must provide truthful and complete information, evidence, and testimony. Defendants Adageo, LLC, CalEnergy, Inc., Zen Mobile Media, Inc., and Alon Nottea, Doron Nottea, and Igor Latsanovski must cause their officers, employees, representatives, or agents to appear for interviews, discovery, hearings, trials, and any other proceedings that a Commission representative may reasonably request upon 5 days written notice, or other reasonable notice, at such places and times as a Commission representative may designate, without the service of a subpoena.

## VIII.   RECEIVERSHIP TERMINATION

**IT IS FURTHER ORDERED** that **Charlene Koonce** of **Scheef & Stone, LLP** shall continue to serve as the Court's Receiver and is hereby directed and authorized to accomplish the following:

A.      Prepare, file, and pay any payroll tax obligations due on or before the date of the Receiver's report described in Subsection C below, for the Receivership Defendants;

B.      Prepare and file a tax return for the Receivership Estate, and provide all other reports and filings necessary to comply with applicable state or federal law with regard to the Receivership Estate;

STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT AS TO DEFENDANTS ADAGEO, LLC, CALENERGY, INC., ZEN MOBILE MEDIA, INC., ALON NOTTEA, DORON NOTTEA, AND IGOR LATSANOVSKI

Page    29

1

2        C.      Prepare and file with the Court a report describing the Receiver's

3    activities under this Order and the preliminary injunction orders and an

4    application for compensation, expenses, and all other relief necessary to terminate

5    the Receivership Estate and to discharge the Receiver as to the Receivership

6    Defendants;

7        D.      Any money that the Court finds should be awarded to the Receiver

8    shall be paid only from the monies or other assets in the possession of, or under

9    the control of, the Receiver. Neither Plaintiff, the Stipulating Defendants, nor the

10   Receivership Defendants shall have an obligation to pay any money to the

11   Receiver for compensation or expenses or claims made or could have been made

12   by the Receiver or the Receivership Estate;

13       E.      Upon the Court's approval of the Receiver's final application for

14   compensation and expenses, distribute to the Commission all remaining funds in

15   partial satisfaction of the judgment. Such payment must be made by electronic

16   fund transfer in accordance with instructions to be provided by a representative of

17   the Commission.

18       The Receiver must complete all duties within 120 days after the entry of the

19   final Order entered in this matter disposing of all of the FTC's claims against all

20   parties this Order, but any party or the Receiver may request that the Court extend

**STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT AS TO DEFENDANTS ADAGEO, LLC, CALENERGY, INC., ZEN MOBILE MEDIA, INC., ALON NOTTEA, DORON NOTTEA, AND IGOR LATSANOVSKI**

the Receiver's term for good cause. Upon completion of the above tasks, the duties of the Receivership shall terminate, be satisfied and the Receiver shall be entitled to an order discharging her as to the Receivership Defendants.

## IX.   ORDER ACKNOWLEDGMENTS

**IT IS FURTHER ORDERED** that Stipulating Defendants obtain acknowledgments of receipt of this Order:

A.      Each Stipulating Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.      For 5 years after entry of this Order, Defendants Alon Nottea, Doron Nottea, and Igor Latsanovski, for any business that such Defendant, individually or collectively, with any other Defendant is the majority owner or controls directly or indirectly, and Defendants Adageo, LLC, CalEnergy, Inc., and Zen Mobile Media, Inc., must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents, and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

**STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT AS TO DEFENDANTS ADAGEO, LLC, CALENERGY, INC., ZEN MOBILE MEDIA, INC., ALON NOTTEA, DORON NOTTEA, AND IGOR LATSANOVSKI**

**Page     31**

C.      From each individual or entity to which a Defendant delivered a copy of this Order, that Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## X.  COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that Stipulating Defendants make timely submissions to the Commission:

A.      One year after entry of this Order, each Stipulating Defendant must submit a compliance report, sworn under penalty of perjury:

1.      Each Stipulating Defendant must: (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with that Defendant; (b) identify all of that Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which each Defendant must describe if he knows or should know due to his own involvement); (d) describe in detail whether and how that Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously

**STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT AS TO DEFENDANTS ADAGEO, LLC, CALENERGY, INC., ZEN MOBILE MEDIA, INC., ALON NOTTEA, DORON NOTTEA, AND IGOR LATSANOVSKI**

**Page    32**

submitted to the Commission.

2.      Additionally, Defendants Alon Nottea, Doron Nottea, and Igor Latsanovski must each: (a) identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences; (b) identify all business activities, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest; and (c) describe in detail such Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B.      For 10 years after entry of this Order, each Stipulating Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1.      Each Stipulating Defendant must report any change in: (a) any designated point of contact; or (b) the structure of any Corporate Defendant or any entity that Stipulating Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including:  creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

**STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT AS TO DEFENDANTS ADAGEO, LLC, CALENERGY, INC., ZEN MOBILE MEDIA, INC., ALON NOTTEA, DORON NOTTEA, AND IGOR LATSANOVSKI**

2.      Additionally, Defendants Alon Nottea, Doron Nottea, and Igor Latsanovski must report any change in: (a) name, including aliases or fictitious names, or residence address; or (b) title or role in any business activity, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

C.      Each Stipulating Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Defendant within 14 days of its filing.

D.      Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding:  "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on:  _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.      Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal

**STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT AS TO DEFENDANTS ADAGEO, LLC, CALENERGY, INC., ZEN MOBILE MEDIA, INC., ALON NOTTEA, DORON NOTTEA, AND IGOR LATSANOVSKI**

Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: *FTC v. BunZai Media Group, Inc.*, et al. FTC File No. X150047.

## XI.   RECORDKEEPING

**IT IS FURTHER ORDERED** that Stipulating Defendants must create certain records for 10 years after entry of the Order, and retain each such record for 5 years. Specifically, Adageo, LLC, CalEnergy, Inc., Zen Mobile Media, Inc., and Alon Nottea, Doron Nottea, and Igor Latsanovski, for any business that such Defendant, individually or collectively with any other Defendant, is a majority owner or controls directly or indirectly, must create and retain the following records:

      A.     Accounting records showing the revenues from all goods or services sold;

      B.     Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

      C.     Records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

      D.     All records necessary to demonstrate full compliance with each

**STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT AS TO DEFENDANTS ADAGEO, LLC, CALENERGY, INC., ZEN MOBILE MEDIA, INC., ALON NOTTEA, DORON NOTTEA, AND IGOR LATSANOVSKI**

**Page     35**

provision of this Order, including all submissions to the Commission ; and

E.      A copy of each unique advertisement or other marketing material, including but not limited to Internet and social media advertising or webpages.

## XII.   COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring Stipulating Defendants' compliance with this Order, including the financial representations upon which part of any judgment was suspended and any failure to transfer any assets as required by this Order:

A.      Within 14 days of receipt of a written request from a representative of the Commission, each Stipulating Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.      For matters concerning this Order, the Commission is authorized to communicate directly with each Stipulating Defendant. Stipulating Defendants must permit representatives of the Commission to interview any employee or other person affiliated with any Defendant who has agreed to such an interview.

STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT AS TO DEFENDANTS ADAGEO, LLC, CALENERGY, INC., ZEN MOBILE MEDIA, INC., ALON NOTTEA, DORON NOTTEA, AND IGOR LATSANOVSKI

Page      36

The person interviewed may have counsel present.

C.      The Commission may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Defendants or any individual or entity affiliated with Defendants, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49 and 57b-1.

D.      Upon written request from a representative of the Commission, any consumer reporting agency must furnish consumer reports concerning Defendant Alon Nottea, Doron Nottea, and Igor Latsanovski, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. §1681b(a)(1).

## XIII.  RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**SO ORDERED** this ___ day of _____, 2016.


_____
**GEORGE H. WU**
**UNITED STATES DISTRICT JUDGE**

STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY
JUDGMENT AS TO DEFENDANTS ADAGEO, LLC, CALENERGY, INC., ZEN
MOBILE MEDIA, INC., ALON NOTTEA, DORON NOTTEA, AND IGOR LATSANOVSKI

1    **SO STIPULATED AND AGREED:**

2

3    **FOR PLAINTIFF**
     **FEDERAL TRADE COMMISSION**

4

5    _____           Date: 9/15/14

6    **REID A. TEPFER**, Texas Bar #24079444
     **LUIS H. GALLEGOS**, Oklahoma Bar #19098

7    (214) 979-9395 (Tepfer)
     (214) 979-9383 (Gallegos)

8     (214) 953-3079 (facsimile)
     RTepfer@FTC.gov

9    LGallegos@FTC.gov
     **COUNSEL FOR FEDERAL TRADE COMMISSION**

10

11

12

13

14

15

16

17

18

19

20

STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY
JUDGMENT AS TO DEFENDANTS ADAGEO, LLC, CALENERGY, INC., ZEN
MOBILE MEDIA, INC., ALON NOTTEA, DORON NOTTEA, AND IGOR LATSANOVSKI

**FOR DEFENDANT ALON NOTTEA:**

Date: 8-12-2016

ROBERT UNGAR
CROSSWIND LAW
2190 N. Beverley Glen Drive
Los Angeles, CA 90077
RMU@ungarlaw.com
**COUNSEL FOR ALON NOTTEA and
ADAGEO, LLC**

Date: 8-10-16

**ALON NOTTEA**

Date: 8-10-16

**ALON NOTTEA, as Officer of
ADAGEO, LLC**

STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY
JUDGMENT AS TO DEFENDANTS ADAGEO, LLC, CALENERGY, INC., ZEN
MOBILE MEDIA, INC., ALON NOTTEA, DORON NOTTEA, AND IGOR LATSANOVSKI

Page   39

1

**FOR DEFENDANT IGOR LATSANOVSKI,
CALENERGY, INC., AND ZEN MOBILE**

2

**MEDIA, INC.:**

3

4

_____     Date: 8/10/16

5

**JEFFREY S. BENICE**

6

LAW OFFICES OF JEFFREY S. BENICE
3080 BRISTOL STREET SUITE 630
COSTA MESA, CA 92626
714-641-3600
Fax: 714-641-3604
Jsb@jeffreybenice.com

7

8

**COUNSEL FOR IGOR LATSANOVSKI,
CALENERGY, INC., AND ZEN MOBILE**

9

**MEDIA, INC.**

10

11

12

_____     Date: 8/10/16

13

**IGOR LATSANOVSKI,** INDIVIDUALLY
AND AS AN OFFICER OR MANAGER OF
**CALENERGY, INC.** and **ZEN MOBILE**

14

**MEDIA, INC.**

15

16

17

18

19

20

**STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY
JUDGMENT AS TO DEFENDANTS ADAGEO, LLC, CALENERGY, INC., ZEN
MOBILE MEDIA, INC., ALON NOTTEA, DORON NOTTEA, AND IGOR LATSANOVSKI**

**FOR DEFENDANT DORON NOTTEA:**

Date: 8-10-16

**ROBERT ESENSTEN**
ESENSTEN LAW
12100 WILSHIRE BOULEVARD SUITE 1660
LOS ANGELES, CA 90025
310-273-3090
Fax: 310-207-5969
Resensten@esenstenlaw.com
**COUNSEL FOR DORON NOTTEA**

Date: 8/10/16

**DORON NOTTEA**

STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY
JUDGMENT AS TO DEFENDANTS ADAGEO, LLC, CALENERGY, INC., ZEN
MOBILE MEDIA, INC., ALON NOTTEA, DORON NOTTEA, AND IGOR LATSANOVSKI

1

**FOR THE RECEIVER**

2

3    Date: 8/11/16

**CHARLENE KOONCE**
4    SHEEF & STONE, L.L.P.
     Court-Appointed Receiver
5    500 North Akard Street, Suite 2700
     Dallas, Texas  75201
6    Telephone: (214) 706-4215
     Email: Charlene.koonce@solidcounsel.com

7

8

9

10

11

12

13

14

15

16

17

18

19

20

STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY
JUDGMENT AS TO DEFENDANTS ADAGEO, LLC, CALENERGY, INC., ZEN
MOBILE MEDIA, INC., ALON NOTTEA, DORON NOTTEA, AND IGOR LATSANOVSKI

Page    42