**BEVERLY HILLS LAW CORP., PC**
Sagar Parikh, Esq. (SBN 282655)
433 N. Camden Drive, 6th Floor
Beverly Hills, CA 90210
Telephone:  (310) 887-1338
Facsimile:  (310) 982-2603
Email:       SP@BeverlyHillsLawCorp.com

Attorneys for Chargeback Armor, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Case No. 2:15-cv-04527-GW (PLAx) |
| Plaintiff, | **CHARGEBACK ARMOR, INC.'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES;** |
| vs. | |
| BUNZAI MEDIA GROUP, INC., et al., | |
| Defendants. | Hearing Date: October 17, 2016 |
| | Time: 8:30 am |
| SECURED MERCHANTS, LLC, CHARGEBACK ARMOR, INC. AND ALAN ARGAMAN, | Location:  Courtroom 10 – Spring St. |
| | Judge: Hon. George H. Wu |
| Cross-Claimants | |
| v. | |
| ALON NOTTEA, an individual, | |
| Cross-Defendant | |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on October 17, 2016 at 8:30 am in Courtroom 10 of the above-entitled Court, located at 312 N. Spring Street, Los Angeles, CA 90012, CHARGEBACK ARMOR, INC. ("CBA") will and hereby does move the Court for summary judgment against Plaintiff FEDERAL TRADE COMMISSION.

1

1  CBA is entitled to judgment as a matter of law because there is no genuine issue
2  of material fact that Relief Defendant CBA did not receive any ill-gotten gain from the
3  conduct alleged in the First Amended Complaint.
4      This Motion is based upon: this Notice of Motion; the attached Memorandum
5  of Points and Authorities; the Declarations of Alan Argaman and Mike Costache
6  previously filed (docket numbers 354-2 and 354-1 respectively) ; the Compendium of
7  Exhibits previously filed (docket number 354-5); the Statement of Uncontroverted
8  Facts and Conclusions of Law; all the pleadings, papers, and records on file in this
9  matter; any reply brief filed in connection with this Motion; and upon such argument
10 that may be presented at the hearing on this Motion.

DATED: September 2016        BEVERLY HILLS LAW CORP., PC

                                      By: /s/ Sagar Parikh
                                          Sagar Parikh, Esq.
                                          Attorneys Chargeback Armor, Inc.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.
### INTRODUCTION

Despite having the benefit of pre-complaint discovery, the ability to conduct a "raid" on the premises of the defendants in this case, the full weight of the government behind it, and almost a year of discovery, the FTC cannot produce sufficient admissible evidence to create a genuine issue of material fact regarding CBA'S involvement as a Relief Defendant. CBA did not receive any ill-gotten monies nor did it engage in any illegal conduct. As a result, the Court should grant the CBA'S motion for summary judgment.

### II.
### FACTUAL BACKGROUND

Relief Defendant CBA was formed on February 18, 2015 (Exh. 811), long after the AuraVie Defendants' skin care sales business had been shuttered. The First Amended Complaint does not allege that CBA engaged in any wrongdoing. Rather, the only allegation against CBA is that SM made a capital investment of $250,000 of its own funds into CBA in exchange for equity. The First Amended Complaint alleges that this money is ill-gotten gain from the alleged deception; however, ample documentation, including bank records, invoices, and contracts show that the funds that SM invested in CBA were not from any work that SM did for the other Defendants but rather for work not connected to the AuraVie Defendants. (Exh. 834, 835, 836, 837, 838, Costache Decl. at ¶ 4-5).

### III.
### LEGAL ARGUMENT

Summary judgment is appropriate where the moving party shows that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter

3

of law. Fed. R. Civ. P. 56(a). At the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party only if there is a "genuine" dispute as to those facts. *Scott v. Harris*, 550 U.S. 372, 378, 380-81, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007). For a dispute of fact to be genuine, the evidence must be such that a reasonable trier of fact could return a verdict for the non-moving party. *See Scott*, 550 U.S. at 380-81. A mere scintilla of evidence in favor of the non-moving party is insufficient to withstand summary judgment. *Anderson* v. *Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

### A. The Claim Against Relief Defendant Chargeback Armor Also Should Be Dismissed.

The First Amended Complaint alleges that CBA received ill-gotten funds from the alleged wrongdoing to which it is not entitled. The only funds that the FTC has identified are the $250,000 that SM invested in CBA. (Doc. 231, p. 2: 8-10).

The FTC maintains that SM invested money in CBA and that these funds constitute ill-gotten gain to which CBA has no legitimate claim making CBA a relief defendant. This allegation also is fatally flawed and contradicted by the evidence.

First, because SM was not a part of any alleged common enterprise, there is no basis for keeping it in the case. Without SM in the case, there is no basis for continuing to assert that CBA received any alleged ill-gotten gain.

Second, Secured Merchants and CBA have supplied bank records, invoices, copies of contracts, and sworn testimony demonstrating that the $250,000 that SMinvested in CBA came from work SM performed for clients other than the AuraVie Defendants. (Exh. 834-838). Thus, there is no evidence that CBA received any ill-gotten gain from the conduct alleged in the First Amended Complaint.

This was a simple business transaction that the FTC cannot arbitrarily claim was illegal: SM provides technological services and three of its clients were the Wealth Group, Inc., Wealth Vision, Inc., and Big Ventures, Inc., three companies not

part of this lawsuit, unrelated to the Defendants, and unrelated to the sale of AuraVie. (Exh. 834-836, Argaman Decl. at ¶ 18, Costache Decl. at ¶ 6).

SM then took this $250,000 and chose to make a capital investment into CBA in exchange for future equity in CBA, once the valuation of CBA was more established.  This was attested to in Argaman's deposition and the contract for this transaction was provided, as well as the bank statements showing the transfer. (Argaman Decl. at ¶ 18, 19, 20, Argaman Depo., 95: 14-25, 96:1-25, Costache Decl. at ¶ 5-6).

Third, while the FTC would like to claim differently, Argaman had no role with CBA and this cannot be used to hold CBA liable either (even assuming the FTC can overcome the insurmountable task of somehow showing Argaman is liable for anything).  (Argaman Decl. at ¶ 21, Costache Decl. at ¶ 1-2, 8). No other Defendant had any formal role with CBA as a shareholder or director either.  (Costache Decl. at ¶ 2, 7, 8).

In its Interrogatory Responses (Exh. 802) the FTC argues that Argaman was supposedly on the Board of CBA, according to AuraVie-0002962 - AuraVie-0002964. However, these documents do not even relate to Argaman.  (Exh. 818-819).

Argaman also allegedly incorporated CBA according to the FTC (Exh. 802, p. 15), yet AuraVie-0003497 that the FTC references does not show this.  (Exh.  828) Indeed, Costache has always been the sole officer, director, and shareholder of CBA and is the one that incorporated the company, as Secretary of State filings show (Costache Decl. at ¶ 1).

Multiple times in these same Responses, Alon Nottea is alleged to have stated that "CBA was used by the common enterprise to refute consumer chargebacks." (Exh. 802, p. 13). There is not one shred of evidenced cited to support this; no documents, no deposition testimony.

For all these reasons, the claim against CBA should be dismissed.

**IV.**

5

## CONCLUSION

For the aforementioned reasons, CBA should be granted summary judgment against the FTC on all of the claims the FTC alleges against CBA as there is simply no evidence (after more than a year of litigation) that these CBA can be held liable for any wrongdoing, even if this matter proceeded to a trial. CBA must be dismissed from the case, be awarded its costs, and any monies of its that are frozen by the FTC and the FTC's Receiver must be unfrozen and released to it.

DATED: September 19, 2016          **BEVERLY HILLS LAW CORP., PC**

By: /s/ Sagar Parikh
Sagar Parikh, Esq.
*Attorneys for* Chargeback Armor, Inc