DAVID C. SHONKA
Acting General Counsel

REID TEPFER
rtepfer@ftc.gov; Tex. Bar No. 24079444
LUIS GALLEGOS
lgallegos@ftc.gov; Okla. Bar No. 19098
ZACHARY A. KELLER
zkeller@ftc.gov; Tex. Bar No. 24087838
DAMA J. BROWN
Dbrown1@ftc.gov; Mi. Bar No. P54775

Federal Trade Commission
1999 Bryan Street, Suite 2150
Dallas, Texas 75201
(214) 979-9395 (Tepfer); (214) 979-9383 (Gallegos);
(214) 979-9382 (Keller); (214) 979-9374 (Brown)
(214) 953-3079 (fax)

RAYMOND MCKOWN
rmckown@ftc.gov; Cal. Bar No. 150975
10877 Wilshire Boulevard, Ste 700
Los Angeles, California 90024
(310) 824-4343(voice); (310) 824-4380 (fax)

Attorneys for Plaintiff Federal Trade Commission

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,** <br><br> **Plaintiff,** <br><br> v. <br><br> **BUNZAI MEDIA GROUP, INC.,** *et al.,* <br><br> **Defendants.** | **Case No. CV 15-4527-GW(PLAx)** <br><br> **NOTICE OF MOTION AND MOTION TO QUASH DEFENDANTS ALAN ARGAMAN AND SECURED MERCHANTS, LLC'S RENEWED MOTION FOR SUMMARY JUDGMENT AND RELIEF DEFENDANT CHARGEBACK ARMOR, INC.'S MOTION FOR SUMMARY JUDGMENT** <br><br> Date: October 17, 2016 <br> Time: 8:30 a.m. |

Courtroom: 10
Judge: Honorable George H. Wu

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on October 17, 2016, at 8:30 a.m., before the Honorable George H. Wu, Plaintiff Federal Trade Commission will move the Court to quash Defendants Alan Argaman and Secured Merchants, LLC's Renewed Noticed of Motion and Motion for Summary Judgment as to Alan Argaman and Secured Merchants, LLC (Doc. No. 542) and Chargeback Armor, Inc.'s Motion for Summary Judgment (Doc. No. 541).

## I.     Introduction

Defendants Alan Argaman, Secured Merchants, and Relief Defendant Chargeback Armor, Inc. have each filed Motions for Summary Judgment for the second time.[1] These motions are nearly identical to those already denied and merely reassert the same arguments that have failed to persuade the Court on several occasions.[2] Defendants have filed these motions contrary to the Court's instruction and without attempting to satisfy the standard for reconsideration. Accordingly, the Court should not entertain these motions.

## II.    Factual Background

On June 6, 2016, this Court denied Defendants Alan Argaman, Secured Merchants, LLC, and Relief Defendant Chargeback Armor, Inc.'s Motions for Summary Judgment.[3] In its ruling, the Court observed that "the FTC's Opposition makes clear that there is sufficient evidence to pose triable issues with respect to Argaman's individual liability under *Grant Connect*, *Publishing Clearing House* and *J.K. Publications* . . . and whether Chargeback Armor, Inc. is properly

---

[1] Doc. Nos. 541 and 542.

[2] *See* Doc. Nos. 264 and 356.

[3] *See* Doc. No. 356.

considered a relief defendant[.]"[4] Following this ruling, Defendants failed to move for reconsideration.

At a September 1, 2016 scheduling conference, Shai Oved, counsel for Defendants Secured Merchants, LLC and Alan Argaman, informed the Court that the Defendants and Relief Defendant intended to file motions concerning limited, discrete issues:

> MR. TEPFER: It sounded as if defendants were anticipating a sort of summary judgment type motion, and we would be interested in a similar motion as well if we had that opportunity.
>
> THE COURT: [M]y understanding is from the defendant's [sic] and Mr. Oved can correct me if I am wrong, but it seemed to me that what the defendants were saying was that there was a limited number of key issues that they want resolved, and once those issues are resolved, either it will be apparent that either the FTC does not have a claim against them or they will have to concede that the FTC has a claim against them in which case they are a lot more likely to resolve the case at that point in time.
> Let me ask Mr. Oved, is that a correct characterization?
>
> MR. OVED: Yes, your Honor. ...
>
> THE COURT: Okay. So let me just ask, if the FTC has something that is a very discrete issue, then, maybe I will allow them to do so but the reason I am allowing the defendants to do this is they have already represented that there is one or two issues that they want

---

[4] *See id.* at 3.

> resolved and the resolution of that will assist in hopefully having this case resolved between the parties.[5]

Despite defense counsel's representation to this Court, Defendants did not file discrete motions concerning a limited number of issues. Instead, they re-filed their motions for summary judgment.[6] These motions are virtually identical to the motions that were previously filed and contain no new facts or argument.

### III. Legal Argument

Defendants failed to file a timely motion for reconsideration but now appear to be requesting that the Court reconsider its denial of summary judgment nevertheless. The Local Rules provide reconsideration in limited circumstance:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.[7]

Importantly, "[n]o motion for reconsideration shall in any manner repeat

---

[5] *See* Att. A.

[6] Doc. Nos. 541 and 542.

[7] L.R. 7-18.

any oral or written argument made in support of or in opposition to the original motion."[8]

Here, Defendants re-filed their previously denied motions, copying large sections of their previously denied motions verbatim.[9] In their motions, Defendants failed to include any new argument or evidence. Nor did Defendants attempt to rebut the Court's rationale for denying their earlier motion or offer any explanation why the Court should revisit its earlier ruling. The Court should decline to revisit its earlier ruling because have failed to satisfy—or even attempt to satisfy—the standard for reconsideration set out by Local Rule 7-18.

## IV. Conclusion

Defendants have re-filed their motions for summary judgment without providing the Court any reason it should revisit its earlier ruling and have done so contrary to the Court's instructions. Accordingly, the FTC respectfully requests that the Court quash Defendants Alan Argaman, Secured Merchants, and Relief Defendant Chargeback Armor, Inc.'s (Defendants) Motions for Summary Judgment.

                                        Respectfully submitted,

---

[8] *Id.*

[9] *Compare* Doc. Nos. 541 and 542 w*ith* Doc. No. 354.

| | |
|---|---|
| 1 | |
| 2 | Dated: 9/27/16 |
| 3 | |

Dated: 9/27/16                                            */s/ Reid Tepfer*
REID TEPFER,
Texas Bar No. 24079444
LUIS GALLEGOS
Oklahoma Bar No. 19098
ZACHARY A. KELLER
Texas Bar No. 24087838
DAMA J. BROWN
Michigan Bar No. P54775
Federal Trade Commission
1999 Bryan Street, Suite 2150
Dallas, Texas 75206
(214) 979-9395 (Tepfer)
(214) 979-9383 (Gallegos)
(214) 979-9384 (Keller)
(214) 979-9374 (Brown)
 (214) 953-3079 (fax)
rtepfer@ftc.gov; lgallegos@ftc.gov;
zkeller@ftc.gov; dbrown1@ftc.gov

## CERTIFICATE OF CONFERENCE

This motion is made following the conference with counsel for Defendants pursuant to L.R. 7-3. Conference with counsel for Alan Argaman, Secured Merchants LLC, and Chargeback Armor, Inc. occurred on September 26 and 27, 2016. Defendants oppose the motion.

## CERTIFICATE OF SERVICE

The undersigned certifies that on September 27, 2016, a true and correct copy of the foregoing document was electronically filed with the clerk of the U.S. District Court, Central District of California, using the electronic case filing system of the court. The attorneys listed below were served by pursuant to the ECF notice generated by the Court, or by email.

Erik S Syverson
Raines Feldman LLP
9720 Wilshire Boulevard Fifth Floor
Beverly Hills, CA 90212
esyverson@raineslaw.com
Counsel for Oz Mizrahi

Shai Oved
The Law Offices of Shai Oved
7445 Topanga Cyn. Blvd., Suite 220
Canoga Park, California  91303
Attorney for Alan Argaman and Secured Merchants, LLC

Robert M. Ungar
Crosswind Law
14724 Ventura Blvd Penthouse
Sherman Oaks, CA 91403
Counsel for Alon Nottea and
Roi Reuveni

Robert Esensten
Esensten Law
12100 Wilshire Blvd., Suite 1660
Los Angeles, CA 90025

Counsel for Doron Nottea and Motti Nottea

Charlene Cantrell Koonce
Receiver
Kelly M. Crawford
Counsel to Receiver
Scheef & Stone
500 N. Akard, Suite 2700
Dallas, Texas 75201

Sagar Parikh
Beverly Hills Law Corp. PC
433 N. Camden Drive, 6th Floor
Beverly Hills, CA 90210
Attorney for Chargeback Armor, Inc.

Jeffrey Benice
Law Offices of Jeffrey S. Benice
A Professional Law Corporation
3080 Bristol Street
Sixth Floor, Suite 630
Costa Mesa, CA 92626
Telephone: (714) 641-3600 Ext. 214

/S/ REID TEPFER
REID TEPFER