**The Law Offices of Shai Oved**
Shai Oved, Esq. (SBN 185526)
7445 Topanga Cyn Blvd., Suite 220
Canoga Park, CA 91303
Telephone:  (818) 992-6588
Facsimile:   (818) 992-6511
Email:        ssoesq@aol.com

Attorneys for Alan Argaman, Secured Merchants, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br>vs.<br><br>BUNZAI MEDIA GROUP, INC., et al.,<br><br>Defendants.<br>_____<br><br>SECURED MERCHANTS, LLC, CHARGEBACK ARMOR, INC. AND ALAN ARGAMAN,<br><br>Cross-Claimants<br>v.<br>ALON NOTTEA, an individual,<br><br>Cross-Defendant | Case No. 2:15-cv-04527-GW (PLAx)<br><br>**ALAN ARGAMAN, and SECURED MERCHANTS, LLC,'S OPPOSITION TO FTC' MOTION TO QUASH**<br><br>Hearing Date:  October 17, 2016<br>Time: 8:30 am<br>Location:  Courtroom 10 – Spring St.<br>Judge: Hon. George H. Wu |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

COME NOW ALAN ARGAMAN ("Argaman"), and SECURED MERCHANTS, LLC ("SM"), (collectively "Defendants) with their Opposition to Plaintiff FEDERAL TRADE COMMISSION's (hereinafter the "FTC") Motion to Quash Defendants' renewed Motion for Summary Judgment as follows:

1

The Defendants, in accordance with this Court's order to file dispositive motion on discrete issues, noticed their renewed motion for summary judgments to the Court do just that. The discrete issues are that, as a matter of law, there is no genuine issue of material fact that: (1) SM was not a part of the Common Enterprise alleged in the First Amended Complaint; and (2) Argaman did not participate in or have the ability to control the alleged illegal conduct.

In response, the FTC in its continued effort to strong-arm Defendants who were not part of the Common Enterprise, not named in the original complaint, and have offered to have the issues considered by this Court as a settlement officer, filed a Motion to Quash in lieu of any substantive opposition. They do so at their peril.

Counsel offered to provide more time to respond to the Renewed Motion for Summary Judgment but the FTC has needlessly increased the costs of litigation to parties with limited roles by filing an unnecessary motion.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

A Motion to Quash is not responsive to the Renewed Motion for Summary Judgment and should not be considered. It is not an appropriate vehicle for challenging the underlying Motion. This is not a jurisdictional challenge nor a challenge to a subpoena. The Motion to Quash suggests that it is an improper attempt to have this Court reconsider a matter which was previously denied.

To begin with, the Motion was filed by Order of this Court. Additionally, the facts and law are now different. Except for Defendants (and relief Defendant), all other named Defendants have either been defaulted or have stipulated to a settlement which does not admit any wrongdoing or fault. As such, other than the ministerial Defendants (and the relief Defendant), none of whom were originally named Defendants, there is no Common Enterprise which exists, can be proven, or any basis for which judgment should be entered against Defendants.

Yes, Argaman owns SM, which is a technology company. Yes, SM provided technical services on a fee for service basis to a number of companies including some of the other defendants in this case. But so did the US Postal Service, Federal Express, and tens if not hundreds of other venders/suppliers.

The FTC has thrown its net on its fishing expedition and effectively caught what it could, amended its complaint to name Defendants who did not control, profit, or otherwise do the purported bad acts of the originally named Defendants, who themselves have settled out of the case without an admission of wrongdoing.

It makes sense that in the face of trial, with tens of other parties, this Court would initially deny the relief requested; however, now the picture is a clearer, the muddied waters have cleared and the limited issues are ripe for determination.

It is for the reasons, that the FTC subjects itself to peril should it choose not to substantively respond the Motion which is calendared for the same date and time as this nonsensical Motion.

## **CONCLUSION**

For all of these reasons, this Honorable Court should deny the FTC's Motion to Quash and find that Argaman and SM should be granted summary judgment against the FTC on all of the claims the FTC alleges against these Defendants as there is simply no evidence (after a year of litigation and months of trial preparation) that these Defendants can be held liable for any wrongdoing, even if this matter proceeded to a trial.

Respectfully submitted,

DATED: September 30, 2016  The Law Offices of Shai Oved

By: /s/ Shai Oved
Shai Oved, Esq.
*Attorneys for* Alan Argaman and Secured Merchants, LLC