DAVID C. SHONKA
Acting General Counsel

DAMA J. BROWN
Dbrown1@ftc.gov
Regional Director

REID TEPFER
rtepfer@ftc.gov; Tex. Bar No. 24079444
LUIS GALLEGOS
lgallegos@ftc.gov; Okla. Bar No. 19098
ZACHARY A. KELLER
zkeller@ftc.gov; Texas Bar No. 24087838
DAMA J. BROWN
Dbrown1@ftc.gov; Michigan Bar No. P54775
Federal Trade Commission
1999 Bryan Street, Ste 2150
Dallas, Texas 75206
(214) 979-9395 (Tepfer); (214) 979-9383 (Gallegos);
(214) 979-9382 (Keller); (214) 979-9374 (Brown)
(214) 953-3079 (fax)
RAYMOND MCKOWN
rmckown@ftc.gov; Cal. Bar No. 150975
10877 Wilshire Boulevard, Ste 700
Los Angeles, California 90024
(310) 824-4343(voice); (310) 824-4380 (fax)

Attorneys for Plaintiff Federal Trade Commission

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,**<br><br>Plaintiff,<br><br>v.<br><br>**BUNZAI MEDIA GROUP, INC.**, *et al.*<br><br>**Defendants.** | Case No. CV 15-4527-GW(PLAx)<br><br>**PLAINTIFF'S STATEMENT OF GENUINE DISPUTES TO DEFENDANT CHARGEBACK ARMOR, INC.'S STATEMENT OF UNCONTROVERTED FACTS** |

**STATEMENT OF GENUINE DISPUTES TO DEFENDANT'S STATEMENT OF UNCONTROVERTED FACTS**

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| 1. SM or Argaman or CBA never approved or denied chargebacks for the AuraVie Defendants. (Argaman Decl. at ¶ 6, 17, Costache Decl. at ¶ 4). | 1. Disputed.<br><br>1. Plaintiff disputes the entirety of this contention:<br><br>That SM did not process chargebacks: The meaning of this contention is unclear. Plaintiff does not dispute that payment processors and banks are ultimately responsible for accepting or denying consumer chargeback demands.<br><br>However, SM "processed" Auravie's chargebacks, including through its "ChargeBack Armor" service to the extent "processed" means that SM provided the services that accounted for and sought to mitigate chargeback demands resulting from the scheme's deceptive practices. SM described "ChargeBack Armor" as "[c]redit card chargeback *processing*, management & dispute services." Ex. 256 (emphasis added). Indeed, the SM company description states that, as part of their "ChargeBack Armor" service, SM "handle[s] the entire chargeback dispute process on your behalf." Ex. 257.<br><br>SM's role in founding and developing CBA is also relevant here. Defendant Argaman and SM provided $250,000 |

1

**STATEMENT OF GENUINE DISPUTES TO DEFENDANT'S STATEMENT OF UNCONTROVERTED FACTS**

|  | to CBA, Dkts. 353-30, at 403, ¶235; 353-31, at 138, ¶235, owned and operated CBA's website, Ex. 280, and oversaw CBA's chargeback statistics. Dkt. 231-1, at 7. In turn, an internal document titled "Secured Merchants" described the "ChargeBack Armor" services as helping "win back lost revenue by reversing chargebacks in your favor" and "handl[ing] the entire chargeback dispute process on your behalf." Ex. 257-1. Mike Costache, then a SM employee and soon-to-be purported CBA CEO, sent an email to a SM client that included referring to SM as "the technology company that developed the CBA product" and then noted that SM is "transitioning all clients to be billed" by CBA. Dkt. 231-1, at 8.<br><br>Defendants Alon Nottea and Paul Medina corroborated that Chargeback Armor, Inc. processed chargebacks for the common enterprise. Dkts. 353-19, at 138:3-16; 353-32, at 23:9-23. CBA boasted to potential investors that "33,000 chargebacks were processed in 2014 for our fist [sic] client, AuraVie, an anti-aging skincare company." Ex. 281-2. |
|---|---|
| 2. CBA was not formed until February 2015, by Mike Costache. (Costache Decl. at ¶ 4, Exh. 811). | 2. Disputed.<br><br>1. Plaintiff disputes the entirety of this contention:<br><br>Although not formally incorporated until March 2015, the company |

2
**STATEMENT OF GENUINE DISPUTES TO DEFENDANT'S
STATEMENT OF UNCONTROVERTED FACTS**

| | |
|---|---|
| | operated informally before incorporation. For example, CBA boasted in its Executive Summary to potential investors that "33,000 chargebacks were processed in 2014 for our fist [sic] client, AuraVie, an anti-aging skincare company." Ex. 281-2. Moreover, an email from Costache to a client stated that SM was "transitioning all clients to be billed" by CBA. Dkt. 231-1, at 8. Defendants Alon Nottea and Paul Medina corroborated that Chargeback Armor, Inc. processed chargebacks for the common enterprise. Dkts. 353-19, at 138:3-16; 353-32, at 23:9-23. |
| 3. Costache has at all times been the sole incorporator, shareholder, director, and board member of CBA. (Costache Decl. at ¶ 1). | 3. Disputed.<br><br>1. Plaintiff does not dispute that Costache incorporated CBA.<br><br>2. Plaintiff does dispute:<br><br>That Costache was the sole shareholder of CBA: Defendant Alon Nottea solicited investors for Chargeback Armor, Dkts. 353-20, at 33, ¶234; 353-31, at 65 ¶234, and the purported CBA CEO referred to Nottea as his "business partner." Dkt. 120, at 23. SM was offered equity ownership interest in CB armor in exchange for its $250,000 investment. Dkt. 231-1, at 50, 53-54. Alon Nottea's email signature was from Chargeback Armor. Dkt. 231-1, at 27.<br><br>That Costache was the sole director of |

3

**STATEMENT OF GENUINE DISPUTES TO DEFENDANT'S STATEMENT OF UNCONTROVERTED FACTS**

|  | <u>CBA</u>: A Chargeback Armor, Inc. services agreement dated March 2, 2015 describes the company's board of directors as consisting of Mike Costache, Alon Nottea, and Avi Argaman. Dkt. 231-1, at 36.<br><br>Chargeback Armor's Executive Summary lists Defendant Alon Nottea as President, Defendant Alan Argaman as Chief Technology Officer, and Defendant Roi Reuveni as Customer Service Manager. Ex. 281-3.<br><br>Moreover, purported CEO Mike Costache also consulted with the Individual Defendants concerning hiring and contracting decisions. Dkt. 231-1, at 11-13, 23-24, 26. Additionally, in a March 23, 2015 email, Costache represented that Alon Nottea was a board member of the company and Roi Reuveni was COO. Dkt. 231-1, at 52. Doron Nottea was a signatory on Chargeback Armor's bank account and is listed as secretary of the company on its Bank of America account.<br><br><u>That Costache was the sole board member of CBA</u>: Plaintiff reasserts: A Chargeback Armor, Inc. services agreement dated March 2, 2015 describes the company's board of directors as consisting of Mike Costache, Alon Nottea, and Argaman. Dkt. 231-1, at 36. Chargeback Armor's Executive Summary lists |

4
**STATEMENT OF GENUINE DISPUTES TO DEFENDANT'S STATEMENT OF UNCONTROVERTED FACTS**

| | |
|---|---|
| | Defendant Alon Nottea as President, Defendant Alan Argaman as Chief Technology Officer, and Defendant Roi Reuveni as Customer Service Manager. Ex. 281-3. Doron Nottea was a signatory on Chargeback Armor's bank account and is listed as secretary of the company on its Bank of America account. Dkt. 231-1, at 46-48. In a March 24, 2015 email, Costache represented that Defendant Alon Nottea was a board member. Dkt. 231-1, at 52; *see also* Dkt. 231-1, at 26. |
| 4. Argaman was never employed by or had any ownership interest in CBA. (Argaman Decl. at ¶ 21, Costache Decl. at ¶ 7). | 4. Disputed.<br><br>1. Plaintiff disputes the entirety of this contention:<br><br>CBA's Executive Summary lists Argaman as Chief Technology Officer. Ex. 281-3. He was also listed as a member of the company's board of directors. Dkt. 231-1, at 36. Indeed, Argaman and his Secured Merchants company owned and operated CBA. Dkt. 231-1, at 53-54. *See* Ex. 280. He incorporated it in concert with other Individual Defendants. Ex. 404. SM provided CBA $250,000 in startup capital. Dkts. 353-30, at 403, ¶235; 353-31, at 65, ¶235. He participated in discussions concerning high-level corporate decisions for Chargeback Armor ranging from updates regarding the launch of the company to Doron Nottea opening the company's corporate bank account. Exs. 184, 369. Argaman also received |

5
**STATEMENT OF GENUINE DISPUTES TO DEFENDANT'S STATEMENT OF UNCONTROVERTED FACTS**

| | |
|---|---|
| | reports concerning new CBA customers. Ex. 184. Finally, Argaman was billed by Nova 8 Media for design services for CBA. Ex. 414. |
| 5. The $250,000 that SM invested in CBA was an arms-length business transaction and these funds came from entities other than the AuraVie Defendants. (Argaman Decl. at ¶ 18, 19, 20, Costache Decl. at ¶ 5, Exh. 834-838). | 5. Disputed.<br><br>1. Plaintiff disputes the entirety of this contention:<br><br>That the $250,000 Investment in CBA was Arms-Length: SM provided $250,000 to CBA, Dkt. 231-1, at 53-54; Dkts. 353-30, at 403, ¶235; 353-31, at 65, ¶235, which was itself operated by several of SM's managers, officers and employees. SM received more than $300,000 in funds for providing chargeback services relating to the sale of Defendants' skincare products. Dkt. 353-31, at 138, ¶236.<br><br>That the $250,000 was an investment made by SM: Defendants have equivocated regarding the status of the $250,000—whether it was a loan, an investment, or simply a gift. CBA's purported CEO, Mike Costache, has sworn that the agreement between SM and CBA provided that after four months, CBA would "return the money to SM or provide equity in CBA." Dkt. 392-2, at 2, ¶6. *See also* Dkt. 231-1, at 53-54 (Capital Infusion Agreement). At present, CBA has neither paid back the capital nor issued equity to SM, and SM has not received any other form of consideration for the $250,000. |

6
**STATEMENT OF GENUINE DISPUTES TO DEFENDANT'S STATEMENT OF UNCONTROVERTED FACTS**

| | |
|---|---|
| | That the funds came from entities other than the AuraVie Defendants: Defendants failed to establish that the funds transferred from Chargeback Armor's sole bank account were not funds received from the common enterprise. The only evidence provided to support this merely establishes that SM had clients in addition to the Defendants. *See* Dkt. 354, at 23. |
| 6. CBA never received any ill-gotten gain from the AuraVie Defendants. (Costache Decl. at ¶ 4, Exh. 838). | 6. Disputed<br><br>1. Plaintiff disputes the entirety of this contention:<br><br>CBA received ill-gotten gains as part of the common enterprise. Specifically, CBA was paid to process chargebacks and perform other services for the AuraVie Defendants. CBA also received $250,000 from SM, Dkts. 231-1, at 53-54; 353-30, at 403, ¶235; 353-31, at 138, ¶235, which received more than $300,000 in funds for providing chargeback and other services relating to the sale of Defendants' skincare products. Dkts. 353-19, at 138:3-16; 353-31, at 138, ¶236.<br><br>Moreover, CBA served the common enterprise by refuting consumer chargebacks relating to the unauthorized AuraVie charges. CBA boasted to potential investors that "33,000 chargebacks were processed in 2014 for our fist [sic] client, |

7
**STATEMENT OF GENUINE DISPUTES TO DEFENDANT'S STATEMENT OF UNCONTROVERTED FACTS**

|  | AuraVie, an anti-aging skincare company." Dkt. 231-1, at 5. Defendants Alon Nottea and Paul Medina corroborated that Chargeback Armor, Inc. processed chargebacks for the common enterprise. Dkts. 353-19, at 138:3-16; 353-32, at 23:9-23. |
|---|---|

Dated: 9/30/16

/s/ REID TEPFER
REID A. TEPFER
LUIS H. GALLEGOS
ZACHARY A. KELLER
Attorneys for the Plaintiff
Federal Trade Commission
1999 Bryan Street, Suite 2150
Dallas, Texas 75201
(214) 979-9395 (Tepfer)
(214) 979-9383 (Gallegos)
(214) 953-3079 (facsimile)
rtepfer@ftc.gov
lgallegos@ftc.gov
zkeller@ftc.go

## CERTIFICATE OF SERVICE

The undersigned certifies that on September 30, 2016, a true and correct copy of the foregoing document was electronically filed with the clerk of the U.S. District Court, Central District of California, using the electronic case filing system of the court. The attorneys listed below were served by pursuant to the ECF notice generated by the Court, or by email.

Erik S Syverson
Raines Feldman LLP
9720 Wilshire Boulevard Fifth Floor
Beverly Hills, CA 90212
esyverson@raineslaw.com
*Counsel for Oz Mizrahi*

Robert M. Ungar
Crosswind Law
14724 Ventura Blvd Penthouse
Sherman Oaks, CA 91403
rmu@crosswindlaw.com
*Counsel for Alon Nottea and Roi Rueveni*

Robert Esensten
Esensten Law
12100 Wilshire Blvd., Suite 1660
Los Angeles, CA 90025
resensten@esenstenlaw.com
*Counsel for Doron Nottea and Motti Nottea*

Jeffrey Benice
Law Offices of Jeffrey S. Benice
A Professional Law Corporation
3080 Bristol Street
Sixth Floor, Suite 630
Costa Mesa, CA 92626

Telephone: (714) 641-3600 Ext. 214
*Counsel for Igor Latsanovski and CalEnergy, Inc*

Sagar Parikh
Beverly Hills Law Corp. PC
433 N. Camden Drive, 6th Floor
Beverly Hills, CA 90210
SP@BeverlyHillsLawCorp.com
*Attorney for Paul Medina, Secured Merchants, LLC, and Chargeback Armor, Inc.*

Charlene Cantrell Koonce
Receiver
Scheef & Stone
500 N. Akard, Suite 2700
Dallas, Texas 75201
charlene.koonce@solidcounsel.com
*Receiver*

Kelly M. Crawford
Scheef and Stone
500 N. Akard, Suite 2700
Dallas, Texas 75201
kelly.crawford@solidcounsel.com
*Counsel to Receiver*

/S/ REID TEPFER
REID TEPFER