**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, | ) | No. CV 15-4527-GW (PLAx) |
| Plaintiff, | ) | |
| v. | ) | **ORDER RE SETTLEMENT CONFERENCE** |
| BUNZAI MEDIA GROUP, INC., et al., | ) | |
| Defendants. | ) | |

---

**PLEASE READ THIS ORDER CAREFULLY!**

This case has been referred to Magistrate Judge Paul L. Abrams for settlement proceedings. A Settlement Conference will be held on **January 19, 2017, at 9:00 a.m**. in courtroom G, ninth floor of the U.S Courthouse, located at 312 North Spring Street, Los Angeles, California.

The Magistrate Judge will not be involved in the actual trial of the case and will assist the parties in an objective appraisal and evaluation of the case. The following are guidelines for the parties in preparing for the Settlement Conference:

1       1.      The purpose of the Settlement Conference is to permit an informal discussion

2   between the attorneys, parties, non-party indemnitors or insurers, and the settlement judge, of

3   every aspect of the case bearing on its settlement value.

4       2.      Pursuant to Local Rule 16-14.8, all settlement proceedings shall be confidential and

5   no statement made therein shall be admissible in any proceeding in the case, unless the parties

6   otherwise agree.  No part of a settlement proceeding shall be reported or otherwise recorded,

7   without the consent of the parties, except for any memorialization of a settlement.

8       3.      In addition to counsel who will try the case being present, a person with full

9   settlement authority must likewise be present for the conference.  This requirement contemplates

10  the physical presence of your client or, if a corporate or governmental entity, of an authorized and

11  knowledgeable representative of your client.[1]  This requirement applies even if the representative

12  resides outside of the Central District. The plaintiff's representative must have full and final

13  authority, **in the representative's sole discretion**, to authorize dismissal of the case with

14  prejudice, or to accept a settlement amount recommended by the settlement judge down to the

15  defendant's last offer made prior to the settlement conference.  The defendant's representative

16  must have final settlement authority to commit the defendant to pay, **in the representative's sole**

17  **discretion**, a settlement amount recommended by the settlement judge up to the plaintiff's prayer

18  (excluding punitive damage prayers), or up to the plaintiff's last demand made prior to the

19  settlement conference, whichever is **lower**.   The purpose of this requirement is to have

20  representatives present who can settle the case during the course of the conference without

21  consulting a superior.

22      4.      If Board approval is required to authorize settlement, the attendance of at least one

23  sitting and knowledgeable member of the Board (preferably the Chairman) is **absolutely required**.

24

25

26      [1]    However, if this matter is a lawsuit in which the United States or any of its agencies is a
27  party, the Assistant United States Attorney who will try the case may appear without a
    representative, provided that he or she comes armed with the full measure of authority conveyed
28  by his or her superiors within the United States Attorney's Office after appropriate consultation.

5.      Counsel appearing without their clients (whether or not counsel purportedly have been given settlement authority) may cause the settlement conference to be cancelled and rescheduled.   The noncomplying party, attorney, or both, may be assessed the costs and expenses incurred by other parties as a result of such cancellation and rescheduling.

6.      Any insurance company that is a party to the case or is contractually required to defend or to pay damages assessed within policy limits, shall have a settlement representative present at the conference.  Such representative must have final settlement authority to commit the company to pay, **in the representative's sole discretion**, an amount recommended by the settlement judge within the policy limits.  The purpose of this requirement is to have an insurance representative present who can settle the outstanding claim or claims during the course of the conference without consulting a superior.  An insurance representative authorized to pay, **in his or her sole discretion**, up to the plaintiff's last demand made prior to the settlement conference will also satisfy this requirement.  Counsel of record will be responsible for timely advising any involved non-party insurance company of the requirements of this Order.

7.      The settlement judge may, in his discretion, converse with the lawyers, the parties, the insurance representatives, or any one of them outside of the hearing of the others.   The comments of the judge during such separate sessions are not to be used by counsel in settlement negotiations with opposing counsel.  This is a necessary requirement in order to avoid intentional or unintentional misquotation of the judge's comments.  If all counsel and parties are not present to hear the Court's opinions, it is all too easy for counsel to misrepresent the Court's comments in an effort to obtain a tactical advantage with opposing counsel.  Violation of this policy may be a hindrance to settlement.

8.      Unless otherwise excused by the Court, no later than fifteen (15) days before the date of the settlement conference, counsel for plaintiffs shall fax or hand-deliver a written settlement demand to counsel for defendants.  Counsel for defendants shall fax or hand-deliver a response to counsel for plaintiffs no later than twelve (12) days before the date of the settlement conference; if plaintiffs' demand is not accepted, defendants' written response must include a counter-settlement offer.  Plaintiffs must then fax or hand-deliver a reply to defendants' counter-

offer no later than nine (9) days before the date of the settlement conference; if defendants'

counter-offer is rejected, plaintiffs' reply must contain a counter-settlement demand.  All demands

and counter-offers must be accompanied by a brief explanation of the party's settlement proposal.

At the Settlement Conference, each party shall be fully prepared to discuss all economic and non-

economic factors relevant to a full and final settlement of the case.[2]

9.    **No later than January 12, 2017, each party shall submit a Confidential**

**Settlement Conference Statement directly to the chambers of Magistrate Judge Abrams**

(i.e., Room 926) or fax to (213) 894-8534.  The statement shall be submitted in a sealed envelope

clearly marked confidential, and shall not be filed with the Clerk of the Court or given to opposing

counsel; it will not be made part of the case file.  The Statement shall be in the form of a letter, and

shall not exceed five (5) pages in length.   The Statement shall include the following:

> A.    A brief statement of the facts of the case, and of the claims and defenses
>
> remaining to be tried, including the statutory or other grounds upon which the
>
> claims are founded.  This statement should identify the major factual and
>
> legal issues in dispute, and cite any controlling authorities.
>
> B.    An itemized statement of the damages claimed, and of any other relief
>
> sought.
>
> C.    A history of past settlement discussions, offers and demands.
>
> D.    A forthright evaluation of the party's likelihood of prevailing on each of its
>
> claims and/or defenses.

---

[2]    The Court expects the parties to exchange good faith settlement offers.  For the plaintiff, this means offering to settle on terms less favorable than those which the plaintiff reasonably could expect to achieve if plaintiff prevailed at trial, taking into account plaintiff's non-recoupable costs of litigation.  For each defendant, this means offering to settle on terms less favorable to such defendant than those such defendant reasonably could expect to achieve if such defendant prevailed at trial, taking into account such defendant's non-recoupable costs of litigation.  **The Court also expects that counsel for each party has discussed with his or her client the estimated attorneys' fees, time and costs to be expended if a settlement is not reached.**

      E.     The approximate amount of attorney's fees, time and costs expended to date, and an estimate of the fees, time and costs to be expended for (i) further discovery, (ii) pretrial and (iii) trial.

      F.     The party's evaluation of the terms on which the case could be settled **fairly, taking into account the litigation position and settlement position of the other side.**

10.    If it does not appear to the Court from its review of the parties' Statements that a Settlement Conference at this juncture in  the proceedings is likely to result in a settlement of the matter, the Court may order the Settlement Conference off calendar or defer it to a later juncture in the proceedings (e.g., after a pending or anticipated dispositive summary judgment motion is decided).  In the event any party believes, in good faith, <u>after the above described steps have been completed</u>, that a settlement conference at this point in the litigation would not be meaningful, the party may contact Judge Abrams' courtroom deputy clerk at (213) 894-7103 and provide her with this information.  The Court will then contact the parties to discuss with them how to proceed.

11.    Any failure of the trial attorneys, parties or persons with authority to attend the conference may result in sanctions to include the fees and costs expended by the other parties in preparing for and attending the conference.  The failure of any party to timely submit a Confidential Settlement Conference Statement in compliance with this Order, or otherwise comply strictly with this Order, may result in the Settlement Conference being ordered off calendar and sanctions being imposed.

12.    Counsel for each party should be prepared to respond to the Court's questions regarding the relevant facts and law, in the presence of all parties and counsel.

13.    If settlement between any or all parties is reached as a result of the Settlement Conference, it is the responsibility of all counsel to immediately report the settlement to the District Judge's courtroom deputy clerk, as well as to timely memorialize the settlement. <u>See</u> Local Rule 16-14.7.

/

14.    All papers submitted for the Settlement Conference will either be returned to the parties or destroyed by the Magistrate Judge, after the settlement proceedings are concluded, unless the parties agree otherwise.

DATED: November 2, 2016

_____
PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE