# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>BUNZAI MEDIA GROUP, INC., a California corporation, also doing business as AuraVie and Miracle Face Kit; et al.,<br><br>Defendants. | Case No. CV 15-4527-GW(PLAx)<br><br>**ORDER APPROVING FINAL REPORT AND CASH BASED ACCOUNTING, AUTHORIZING DISTRIBUTION OF FUNDS TO THE FTC, AND OTHER MISCELLANEOUS RELIEF INCIDENT TO CLOSING RECEIVERSHIP**<br><br>Hearing Date:   December 19, 2016<br>TIME:              8:30 A.M.<br>CRTM:             9D<br>JUDGE:            HON. GEORGE WU |

[PROPOSED] ORDER APPROVING FINAL REPORT AND CASH BASED ACCOUNTING, AUTHORIZING DISTRIBUTION OF FUNDS TO THE FTC, AND OTHER MISCELLANEOUS RELIEF INCIDENT TO CLOSING RECEIVERSHIP

On this date the Court considered the Receiver's Final Report, including the Receiver's request for Approval of Final Report and Cash Based Accounting, and Other Miscellaneous Relief Incident to Closing Receivership. After considering the pleadings on file it appears the matters requested are just and reasonable, the Court believes the relief requested in the Final Report should be and hereby is GRANTED. IT IS THEREFORE ORDERED:

1) The Receiver's Final Report is APPROVED. The Court finds the services provided the Receiver, her counsel, accountants and agents in performing the mandate of the Preliminary Injunction and the Permanent Injunction were reasonable, necessary and appropriate;

2) The Receiver's Cash-Basis Accounting attached to the Final Report as **Exhibit A** is APPROVED. The Court finds the receipts and disbursements reflected in the Accounting were reasonable, necessary and appropriate, and that the Accounting accurately reflects those receipts and disbursements;

3) The Receiver is AUTHORIZED to pay $11,628.71 for accrued fees and expenses, and pay those fees and expenses as described in the Final Report;

4) The Receiver is AUTHORIZED to pay $750.00 for future fees and expenses, which may be paid upon completion of the services for which the future fees and expenses are withheld;

5) The Receiver is AUTHORIZED to immediately transfer $679,134.08 to the FTC;

6) The Receiver is AUTHORIZED to store any receivership documents until destruction of the documents is appropriate;

7) The Receiver is AUTHORIZED to destroy all books and records not necessary to support the tax returns filed by the Receiver 120 days after entry of any Order adjudicating any objections filed by creditors or consumers;

8) The Court FINDS the Receiver and the Receivership Estate have no liability to prepare or file any reports or tax documents for any Receivership Defendant or Relief Defendant, or pay any tax or fees owed by any Receivership Defendant or Relief Defendant;

9) Upon filing a Closing Declaration, the Receiver's Bond is EXONERATED and released;

10) Upon filing a Closing Declaration, all persons and entities are ENJOINED from commencing or prosecuting, without leave of this Court, any action against the Receiver or her agents in connection with or arising out of the Receiver's service to this Court;

11) The Court retains jurisdiction for the purpose of enforcing the above injunctive relief;

12) Effective on the date the Receiver files a Closing Declaration in which she attests that she completed the duties required to close the receivership, without further order of this Court, the Receiver and her employees, agents, accountants, and attorneys are EXONERATED and RELEASED from any and all further liability to this receivership estate, defendants, creditors, claimants, or beneficiaries of the Receivership Estate;

13) Effective on the date the Receiver files a Closing Declaration in which she attests that she completed the duties required to close the receivership, without further order of this Court, the Receivership Estate is CLOSED.

SO ORDERED.

November 21, 2016

_____
GEORGE H. WU. U.S. District Judge