DAVID C. SHONKA
Acting General Counsel

REID TEPFER
rtepfer@ftc.gov; Tex. Bar No. 24079444
LUIS GALLEGOS
lgallegos@ftc.gov; Okla. Bar No. 19098
ZACHARY A. KELLER
zkeller@ftc.gov; Tex. Bar No. 24087838
DAMA J. BROWN
Dbrown1@ftc.gov; Mi. Bar No. P54775

Federal Trade Commission
1999 Bryan Street, Suite 2150
Dallas, Texas 75201
(214) 979-9395 (Tepfer); (214) 979-9383 (Gallegos);
(214) 979-9382 (Keller); (214) 979-9374 (Brown)
(214) 953-3079 (fax)

RAYMOND MCKOWN
rmckown@ftc.gov; Cal. Bar No. 150975
10877 Wilshire Boulevard, Ste 700
Los Angeles, California 90024
(310) 824-4343(voice); (310) 824-4380 (fax)

Attorneys for Plaintiff Federal Trade Commission

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,**<br><br>**Plaintiff,**<br><br>v.<br><br>**BUNZAI MEDIA GROUP, INC.,** *et al.,*<br><br>**Defendants.** | **Case No. CV 15-4527-GW(PLAx)**<br><br>**PLAINTIFF FEDERAL TRADE COMMISSION'S UNOPPOSED MOTION FOR LEAVE TO SEND A REPRESENTATIVE WITH AUTHORITY TO RECOMMEND SETTLEMENT TO MEDIATION**<br><br>Hearing Date: January 3, 2017<br>Time: 10 a.m.<br>Location: Courtroom G, Spring St.<br>Judge: Hon. Paul L. Abrams |

Plaintiff Federal Trade Commission respectfully requests leave for FTC counsel to attend the January 19, 2017 mediation before Judge Abrams with authority to recommend an appropriate settlement to the Commission of the FTC, the only entity authorized to enter a settlement on behalf of the FTC.

I. **Background**

On June 16, 2015, the FTC filed a Complaint for Permanent Injunction and other Equitable Relief against 22 Defendants, alleging violations of Section 5(a) of the Federal Trade Commission Act, 15 U.S.C. § 45(a), Section 4 of the Restore Online Shoppers' Confidence Act, 15 U.S.C. § 8403, and Section 907(a) of the Electronic Fund Transfer Act, 15 U.S.C. § l693e(a), in connection with the sale of skincare products through a negative option continuity plan. (Doc. No. 3). On October 9, 2015, the FTC filed its First Amended Complaint for Permanent Injunction and Other Equitable Relief ("Amended Complaint") (Doc. No. 235), adding 10 additional Defendants and a Relief Defendant.

The FTC settled[1] with, or obtained a default judgment[2] against, all Defendants except Defendants Alan Argaman, Secured Merchants LLC, and Relief Defendant Chargeback Armor, Inc. This Court ordered the remaining

---

[1] *See* Doc. Nos. 439, 440, 508, and 547.
[2] *See* Doc. No. 532. The FTC is still seeking to re-serve Defendant Khristopher Bond with the Amended Complaint and intends to seek a default against this Defendant.

parties to attend mediation before the Honorable Paul L. Abrams. (Doc. No. 557). The Magistrate subsequently issued its Order Re Settlement Conference outlining the general rules of the mediation. (Doc. No. 561).

## II.     Argument

The FTC requests authority to have the lead attorney present at mediation with the Assistant Regional Director, with these parties authorized to recommend to the Commission an appropriate settlement.

Under the Magistrates Order Re Settlement Conference (Doc. No. 561), in the cases of governmental entities, the Magistrate requires the presence of an "authorized and knowledgeable representative" at its settlement conferences. (Doc. No. 561, at 2). This representative must "come[] armed with the full measure of authority conveyed by his or her superiors." (*Id.* at n.1). The Magistrate notes that the purpose of these requirements "is to have representatives present who can settle the case during the course of the conference without consulting a superior." (*Id.* at 2).

But no single attorney or representative has authority to settle on behalf of Plaintiff. Settlement authority for the FTC resides exclusively in the

Commission itself, which can act only upon a majority vote of a quorum.[3] However, Plaintiff's counsel has authority to negotiate and recommend acceptable settlement terms to the FTC's Commissioners for their approval. As the counsel on the case, Plaintiff's counsel has the authority to recommend a settlement, with the approval of the Director of the Southwest Region, and FTC counsel will appear at the settlement conference with the Assistant Regional Director. Moreover, the Director will be available by telephone for consultation and approval.

As stated previously, Plaintiff's counsel has the authority to recommend a settlement. If a tentative settlement is reached with Defendants and their counsel, the proposed settlement would then be forwarded to the Commission, where the FTC Commissioners could vote to approve or reject the settlement recommendation.

## III.  Conclusion

---

[3] *See FTC v. Flotill Products, Inc.*, 389 U.S. 179, 183 (1967) (applying the common-law rule requiring the assent of a majority of a quorum of Commissioners to act on behalf of the agency); *see also* COMMISSION RULE OF PRACTICE 4.14(c), 16 C.F.R. Part 4.14 ("Any Commission action, either at a meeting or by written circulation, may be taken only with the affirmative concurrence of a majority of the participating Commissioners, except where a greater majority is required by statute or rule or where the action is taken pursuant to a valid delegation of authority."); 15 U.S.C. § 56(a)(2) ("[T]he Commission shall have exclusive authority to commence or defend, and supervise the litigation of, such action and any appeal of such action in its own name by any of its attorneys designated by it for such purpose[.]").

For the reasons stated above, Plaintiff respectfully requests permission for FTC counsel to attend the settlement conference with authority to recommend an appropriate settlement be forwarded to the Commission through the FTC's approval process.

Respectfully submitted,

Dated: 11/30/16

/s/ REID TEPFER_____
REID A. TEPFER
LUIS H. GALLEGOS
Attorneys for the Plaintiff
Federal Trade Commission
1999 Bryan Street, Suite 2150
Dallas, Texas 75201
(214) 979-9395 (Tepfer)
(214) 979-9383 (Gallegos)
(214) 953-3079 (facsimile)
rtepfer@ftc.gov
lgallegos@ftc.gov

## CERTIFICATE OF CONFERENCE

This motion is made following the conference with counsel for Defendants pursuant to L.R. 7-3. Conference with counsel for Alan Argaman, Secured Merchants LLC, and Chargeback Armor, Inc. occurred on November 28 and 29, 2016. Defendants do not oppose the motion.

## CERTIFICATE OF SERVICE

The undersigned certifies that on November 30, 2016, a true and correct copy of the foregoing document was served by ECF to the attorneys listed below.

Robert M. Ungar
Crosswind Law
14724 Ventura Blvd Penthouse
Sherman Oaks, CA 91403
rmu@crosswindlaw.com
Counsel for Alon Nottea and
Roi Reuveni

Jeffrey S. Benice
Law Offices of Jeffrey S. Benice
3080 Bristol Street
Sixth Floor, Suite 630
Costa Mesa, California 92626
E-Mail: JSB@JeffreyBenice.com
Counsel for Igor Latsanovski and
CalEnergy, Inc.

Robert Esensten
Esensten Law
12100 Wilshire Blvd., Suite 1660
Los Angeles, CA 90025
resensten@esenstenlaw.com
Counsel for Doron Nottea and
 Motti Nottea

1  Sagar Parikh
2  Beverly Hills Law Corp.
   433 N. Camden Dr., 6th Floor
3  Beverly Hills, CA 90210
   Counsel for Chargeback Armor, Inc.,
4  Secured Merchants LLC, and Alan Argaman

5  　　　　　　　　　　　　　　　　/S/ REID TEPFER_____
　　　　　　　　　　　　　　　　REID TEPFER

PLAINTIFF FEDERAL TRADE COMMISSION'S UNOPPOSED MOTION FOR
LEAVE TO SEND A REPRESENTATIVE WITH AUTHORITY
TO RECOMMEND SETTLEMENT TO MEDIATION