DAVID C. SHONKA
Acting General Counsel

REID TEPFER
rtepfer@ftc.gov; Tex. Bar No. 24079444
LUIS GALLEGOS
lgallegos@ftc.gov; Okla. Bar No. 19098
ZACHARY A. KELLER
zkeller@ftc.gov; Tex. Bar No. 24087838
DAMA J. BROWN
Dbrown1@ftc.gov; Mi. Bar No. P54775

Federal Trade Commission
1999 Bryan Street, Suite 2150
Dallas, Texas 75201
(214) 979-9395 (Tepfer); (214) 979-9383 (Gallegos);
(214) 979-9382 (Keller); (214) 979-9374 (Brown)
(214) 953-3079 (fax)

RAYMOND MCKOWN
rmckown@ftc.gov; Cal. Bar No. 150975
10877 Wilshire Boulevard, Ste 700
Los Angeles, California 90024
(310) 824-4343(voice); (310) 824-4380 (fax)

Attorneys for Plaintiff Federal Trade Commission

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,**<br><br>Plaintiff,<br><br>v.<br><br>**BUNZAI MEDIA GROUP, INC.**, *et al.,*<br><br>**Defendants.** | **Case No.  CV 15-4527-GW(PLAx)**<br><br>**EX PARTE APPLICATION TO COMPEL THE PRESENCE OF A CORPORATE REPRESENTATIVE AT MEDIATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: TBD<br>Time: TBD<br>Courtroom G<br>Judge: Honorable Paul L. Abrams |

## *EX PARTE* APPLICATION

Plaintiff Federal Trade Commission files this *Ex Parte* Application to respectfully request this Court compel the presence of a corporate representative for Relief Defendant Chargeback Armor, Inc. ("CBA") at the January 19, 2017 mediation, as required by this Court's order. *See* Doc. No. 561 at 2.

On January 10, counsel for CBA informed the FTC that CBA's CEO, Mike Costache, would not physically attend the mediation as required by the Magistrate's order but would instead appear by phone despite the FTC's objections.

Pursuant to Local Rule 7.19, notice of this *ex parte* application was provided via email to counsel for CBA, Sagar Parikh, on January 10, 2017.

Contrary to the Court's order, counsel for Chargeback Armor, Inc. ("CBA") has informed the FTC that its CEO, Mike Costache, would not physically attend the Court's settlement conference but would instead appear by phone. Mr. Costache's failure to appear in person for mediation would inhibit settlement and preclude a productive mediation conference. Accordingly, Plaintiff respectfully requests the Court compel Relief Defendant's presence at the January 19, 2017 mediation before the Honorable Paul Abrams.

## I. Factual Background and Argument

In its Order Re Settlement Conference, this Court directed that "a person with full settlement authority must . . . be present for the conference." *See* Doc. No. 561 at 2. The Court further specified that "the physical presence of your client" was required, "even if the representative resides outside of the Central District." *Id.* The Court indicated that "appearing without [] clients" may result in the cancellation or rescheduling of the conference with the "noncomplying party, attorney, or both, [] be[ing] assessed the costs and expenses incurred by other parties as a result of such cancellation and rescheduling." *Id.* at 3.

Despite these requirements, counsel for CBA has unilaterally informed the FTC that CBA's CEO, Mike Costache, will not attend the settlement conference and intends to appear by phone. Counsel initially advised the FTC that CBA's CEO was unable to attend mediation and wanted to reschedule mediation or

appear at mediation telephonically. The FTC declined the request to postpone mediation because the FTC had already postponed mediation by several months based on CBA and its attorney's purported unavailability. The FTC further stated it would oppose Mr. Costache's telephonic appearance, as it would preclude a productive mediation conference and was contrary to the Court's order. When advised of this, defense counsel advised that Mr. Costache would appear telephonically regardless.

CBA's efforts to undermine mediation are consistent with the dilatory tactics it has employed throughout this case. This case was referred to the Honorable Paul Abrams for mediation after CBA backed out of a settlement it agreed to shortly before trial was to commence. CBA reneged on this settlement despite advising Judge Wu that it had accepted it. These actions have cost the FTC considerable expense and have resulted in the postponement of trial by over eight months.

II. Conclusion

Plaintiff Federal Trade Commission respectfully requests the Court compel the presence of a corporate representative for CBA at the January 19, 2017 mediation. In the event that a corporate representative fails to appear, the FTC asks that CBA's counsel and CEO, Mike Costache, be held in contempt; that the

the FTC be awarded related costs and expenses with attending and preparing for the mediation; and that CBA's answer be stricken.

                                            Respectfully submitted,

Dated: 1/10/17                    _____*/s/ Reid Tepfer*_____
                                            REID TEPFER,
                                            Texas Bar No. 24079444
                                            LUIS GALLEGOS
                                            Oklahoma Bar No. 19098
                                            ZACHARY A. KELLER
                                            Texas Bar No. 24087838
                                            DAMA J. BROWN
                                            Michigan Bar No. P54775
                                            Federal Trade Commission
                                            1999 Bryan Street, Suite 2150
                                            Dallas, Texas 75206
                                            (214) 979-9395 (Tepfer)
                                            (214) 979-9383 (Gallegos)
                                            (214) 979-9384 (Keller)
                                            (214) 979-9374 (Brown)
                                            (214) 953-3079 (fax)
                                            rtepfer@ftc.gov; lgallegos@ftc.gov;
                                            zkeller@ftc.gov; dbrown1@ftc.gov

## CERTIFICATE OF CONFERENCE

This motion is made following the conference with counsel for Chargeback Armor, Inc. pursuant to L.R. 7-3. Conference with counsel occurred on January 10, 2017. Defendants oppose the motion.

## CERTIFICATE OF SERVICE

The undersigned certifies that on January 10, 2017, a true and correct copy of the foregoing document was electronically filed with the clerk of the U.S. District Court, Central District of California, using the electronic case filing system of the court. The attorneys listed below were served by pursuant to the ECF notice generated by the Court, or by email.

Shai Oved
The Law Offices of Shai Oved
7445 Topanga Cyn. Blvd., Suite 220
Canoga Park, California  91303
Attorney for Alan Argaman and Secured Merchants, LLC


Sagar Parikh
Beverly Hills Law Corp. PC
433 N. Camden Drive, 6th Floor
Beverly Hills, CA 90210
Attorney for Chargeback Armor, Inc.

/S/ REID TEPFER
REID TEPFER