**BEVERLY HILLS LAW CORP., PC**
Sagar Parikh, Esq. (SBN 282655)
433 N. Camden Drive, 6th Floor
Beverly Hills, CA 90210
Telephone:   (310) 887-1338
Facsimile:   (310) 982-2603
Email:       SP@BeverlyHillsLawCorp.com

Attorneys Chargeback Armor, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>          Plaintiff,<br>          vs.<br><br>BUNZAI MEDIA GROUP, INC., et al.,<br>          Defendants.<br>_____<br><br>SECURED MERCHANTS, LLC, CHARGEBACK ARMOR, INC. AND ALAN ARGAMAN,<br><br>          Cross-Claimants<br>          v.<br>ALON NOTTEA, an individual,<br><br>          Cross-Defendant | **Case No. 2:15-cv-04527-GW (PLAx)**<br><br>**CHARGEBACK ARMOR, INC.'S OPPOSITION TO FTC'S MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF SAGAR PARIKH AND MICHAEL COSTACHE**<br><br>**Hearing Date:  April 27, 2017**<br>**Time: 8:30 am**<br>**Location:  Courtroom 9D**<br>**Judge: Hon. George H. Wu** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

         CHARGEBACK ARMOR, INC. ("CBA") hereby opposes the Motion for Dismissal brought against it by Plaintiff FEDERAL TRADE COMMISSION.

         CBA does not oppose the dismissal itself, but rather that it is not entitled to costs or attorney's fees and damages.  As further shown herein, CBA should be

1

CHARGEBACK ARMOR, INC.'S  OPPOSITION TO FTC'S MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF SAGAR PARIKH AND MICHAEL COSTACHE

dismissed with prejudice, but shall be awarded $139,111.35 in legal fees and costs, and $379,500 in damages against the FTC.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### **I.     Factual Background**

CBA has maintained throughout this action that it did not receive tainted funds and was never a part of any AuraVie common enterprise.  Despite having evidence from the inception of the case supporting both of these defenses, the FTC in bad faith maintained its action against CBA, simply to attempt to obtain monies that belonged to CBA and were frozen by the Receiver. See Declaration of Michael Costache attached hereto, at ¶ 2.  $133,075.19 has been frozen for 23 months and continues to be frozen, without any reasonable basis.

While CBA agrees to be dismissed with prejudice, it believes it should be entitled to its reasonable attorney's fees and costs, as well as damages, as the FTC maintained this action for 22 months, without having any reasonable basis for doing so.  The $133,075.19 should also immediately be unfrozen and released.

From the outset of the case, Costache voluntarily turned over all emails, contracts, and bank statements (as well as checks) that related to CBA's purported involvement with AuraVie.  This was done the week of June 22, 2015, a week after CBA's bank account was frozen, and without formal discovery or without CBA even being a party to the case.

Costache wanted to keep the business going and did everything in his power to make it known to the FTC that CBA was simply a technological provider that had never received any tainted monies or was engaged in deceptive marketing or advertising.  Costache Decl. at ¶ 2.

2

Despite this, the FTC maliciously forced CBA to retain counsel, multiple counsel, and defend itself vigorously.

Costache also missed out on the opportunity to earn the $10,000 per month salary he was earning as the CEO of CBA.  Costache Decl. at ¶ 3.

Additionally, CBA's employees Tyler Reitenbach and Robert Stayner are owed $92,000 and $57,500 respectively.  Costache Decl. at ¶ 4.

With regards to the FTC's notion that the action was maintained in good faith, and that this is shown by the fact that this Court has previously rejected Motions filed by CBA, the Motions CBA filed were denied only in an effort to maintain the status quo and keep the preliminary injunction in place, while discovery occurred.  Indeed, even after discovery, the FTC has not one scintilla of evidence that CBA engaged in any wrongdoing.

As the FTC had investigators and a full staff to properly investigate and research CBA's involvement before blindly adding it as Relief Defendant literally the last day the FTC could have filed an amended Complaint, the FTC's actions were done unreasonably and in bad-faith.

CBA has incurred $139,111.35 in legal fees, $50,398.09 of them from Sagar Parikh, Esq., of Beverly Hills Law Corp., PC.  See Declaration of Sagar Parikh attached hereto, at ¶ 2.

## III.
## LEGAL ARGUMENT

### A. Even On a Voluntary Dismissal, the Court Has the Power to Award Legal Fees and Costs

3

CHARGEBACK ARMOR, INC.'S   OPPOSITION TO FTC'S MOTION TO DISMISS;
MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF SAGAR PARIKH
AND MICHAEL COSTACHE

One of the "terms" upon which a court may condition dismissal is the payment of the defendant's attorneys' fees and costs. See *Taragan v. Eli Lilly & Co.*, 838 F.2d 1337, 1340 (D.C. Cir. 1988). The purpose of the provision authorizing the Court to dismiss a case "on terms that the court considers proper" is to protect a defendant from any prejudice or inconvenience that may result from a plaintiff's premature dismissal. *GAF Corp. v. Transamerica Ins. Co.*, 665 F.2d 364, 369 (D.C. Cir. 1981).

Rule 41 has also been interpreted as allowing for attorney's fees.  See *Evans v. Safeway Stores, Inc.*, 623 F.2d 121, 122 (8th Cir. 1980) (affirming fee award of $200 as within district court's discretion); *Esquivel,* 913 F. Supp. At 1388-92 (allowing attorney's fee award); *Behrle v. Olshansky*, 139 F.R.D. 370 (W.D. Ark. 1991) (awarding same); *Zucker v. Katz*, No. 87 CIV. 7595, 1990 WL 20171, at *2 (S.D.N.Y. Feb. 21, 1990) (holding attorney's fees for court attendance in first action were "clearly covered" because they could not be used in defense of second action); *Whitehead v. Miller Brewing Co.*, 126 F.R.D. 581, 582-83 (M.D. Ga. 1989) (allowing fee award); *Eager v. Kain*, 158 F. Supp. 222, 223 (E.D. Tenn. 1957) (holding court may require payment of costs, including attorney's fees of previous action, prior to allowing filing of second action)

Attorneys' fees may be awarded where "costs were undertaken unnecessarily." *Id*. at 367.

In *Carter v. Village of Ocean Beach*, the US Court of Appeals for the Second Circuit ruled that the district court's award of attorneys' fees under Federal Rule of Civil Procedure (FRCP) 54 and 42 USC § 1988(b) was appropriate and within the district court's discretion, even though the plaintiffs had voluntarily dismissed certain claims, because the plaintiffs' claims were frivolous, unreasonable, and without foundation from the outset and the defendants had completely prevailed on the remaining claims (No. 13–815, 2014 WL 3561247 (July 21, 2014).

4

CHARGEBACK ARMOR, INC.'S   OPPOSITION TO FTC'S MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF SAGAR PARIKH AND MICHAEL COSTACHE

1    Here, the situation is analogous, and thus, CBA should be entitled to
2    $139,111.35 in legal fees and costs, and $379,500 in damages against the FTC.
3    Additionally, an order should be issued stating that the FTC/Receiver for the FTC
4    shall release the $133,075.19 immediately upon entry of the dismissal.

5                                    **IV.**

6                               <u>**CONCLUSION**</u>

7    For the aforementioned reasons, CBA should be dismissed with prejudice, but
8    should recover costs and fees in the amount of $139,111.35, and $379,500 in
9    damages.

10

11   DATED:  April 5, 2017            **BEVERLY HILLS LAW CORP., PC**

12

13                                   By:   /s/ Sagar Parikh
14                                         Sagar Parikh, Esq.
                                           *Attorneys for* CBA
15

16

17

18

19

20

21

22

23

24

25

26

27                                    5

28

## DECLARATION OF MICHAEL COSTACHE

I, Mike Costache, declare:

I have personal knowledge of the following facts and, if called upon to testify, I could and would so competently and truthfully testify to these facts:

1.  I am the founder, and sole director, officer, and  shareholder of Chargeback Armor, Inc. ("CBA"), a California corporation.

2.  In an effort to keep my business going after unlawfully having my company's bank account frozen based on specious evidence, I immediately cooperated with the Receiver Charlene Koonce, and voluntarily turned over bank statements, checks, emails, contracts, and related documents to her and the FTC, showing that CBA had no involvement in this alleged AuraVie scheme and that CBA had never received tainted monies.  The checks and bank statements also showed that CBA had received the monies in its account through legal means and from sources unrelated to AuraVie.  These documents were turned over via email the week of June 22, 2015.

3.  At the time this action was filed, and CBA's bank account was frozen, in June 2015, I was earning $10,000 month as a salary for my role as CEO of

6

CBA, and would have continued earning this same $10,000 per month, or more, for the next 23 months.

4.      I hired Tyler Reitenbach to work for CBA at the rate of $4,000 a month, and he has not been paid for 23 months due to this case.  Robert Stayner was hired by me to work for CBA at the rate of $2,500, and also has not gotten paid for 23 months.   As a result of them not having been paid, they have had to file for unemployment and have lost their cars due to not being able to afford them.

5.      CBA has been charged $139,111.35 in legal fees in this matter, as follows:

| Law Firm Name | Contract Date: | Paid | Still Owed |
|---|---|---|---|
| Beverly Hills Law Corp | 6/21/2015 | $25,248.09 | 25,150.00 |
| Atkinson Andelson Loya Rudd & Romo | 8/5/2015 | $5,000.00 | 838.60 |
| Venable LLP | 2/11/2016 | $15,500.00 | 37,385.50 |
| ArentFox | 4/1/2016 | $25,000.00 | 4,989.16 |
| **TOTAL:** | | **$70,748.09** | **68,363.26** |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: April 5, 2017

*Michael Costache*
———————————————
Michael Costache

7

CHARGEBACK ARMOR, INC.'S   OPPOSITION TO FTC'S MOTION TO DISMISS;
MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF SAGAR PARIKH
AND MICHAEL COSTACHE

## DECLARATION OF SAGAR PARIKH

I, Sagar Parikh declare:

I am the attorney of record for CBA in this matter.  I have personal knowledge of the following facts and, if called upon to testify, I could and would so competently and truthfully testify to these facts:

1.  I am the sole founder and attorney practicing with Beverly Hills Law Corp., PC.

2.  Since the inception of this matter, I have charged to CBA $50,398.09 in legal fees and costs.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: April 5, 2017

_____

Sagar Parikh, Esq.

8

CHARGEBACK ARMOR, INC.'S   OPPOSITION TO FTC'S MOTION TO DISMISS;
MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF SAGAR PARIKH
AND MICHAEL COSTACHE