DAVID C. SHONKA
Acting General Counsel

REID TEPFER
rtepfer@ftc.gov; Tex. Bar No. 24079444
LUIS GALLEGOS
lgallegos@ftc.gov; Okla. Bar No. 19098
ZACHARY A. KELLER
zkeller@ftc.gov; Tex. Bar No. 24087838
DAMA J. BROWN
Dbrown1@ftc.gov; Mi. Bar No. P54775

Federal Trade Commission
1999 Bryan Street, Suite 2150
Dallas, Texas 75201
(214) 979-9395 (Tepfer); (214) 979-9383 (Gallegos);
(214) 979-9382 (Keller); (214) 979-9374 (Brown)
(214) 953-3079 (fax)

RAYMOND MCKOWN
rmckown@ftc.gov; Cal. Bar No. 150975
10877 Wilshire Boulevard, Suite 700
Los Angeles, California 90024
(310) 824-4343(voice); (310) 824-4380 (fax)

Attorneys for Plaintiff Federal Trade Commission

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,**<br><br>Plaintiff,<br><br>v.<br><br>**BUNZAI MEDIA GROUP, INC.**, *et al.*,<br><br>Defendants. | **Case No. CV 15-4527-GW(PLAx)**<br><br>**PLAINTIFF'S OPPOSITION TO REQUEST FOR APPROVAL OF WITHDRAWAL OF COUNSEL** |

Counsel for Defendants Alan Argaman and Secured Merchants[1] has requested to withdraw from representing Defendant Alan Argaman in this case.[2] The Court should deny counsel's request, as it was made in violation of the local rules and would significantly delay this action.

## I.  Argument

### A.  *Counsel failed to satisfy the Local Rules' requirements.*

Attorneys are normally expected to work through the completion of a case.[3] Reflecting this expectation, the Local Rules provide that "[a]n attorney may not withdraw as counsel except by leave of court. . . . The motion for leave to withdraw must be supported by good cause."[4] Moreover, "a motion for leave to withdraw must be made upon written notice given reasonably in advance to the client and to all other parties who have appeared in the action."[5]

Counsel has failed to satisfy any of these requirements. Counsel submitted his request without leave of Court, and he failed to provide Plaintiff any notice of his intent to withdraw. Moreover, counsel, in his request, failed to provide this

---

[1] Doc. No. 489.
[2] Doc. No. 591.
[3] *See FTC v. Intellipay, Inc.*, 828 F. Supp. 33 (S.D. Tex. 1993).
[4]  L.R. 83-2.3.2.
[5] *Id.*

Court good cause, or any explanation at all, for his attempt to withdraw.[6] The Court should deny Counsel's request on this basis alone.

### B. Counsel's withdrawal would delay the proceedings.

Counsel's request should be also denied because of the significant delay his withdrawal would cause. Counsel is at least the fourth attorney to represent Mr. Argaman[7] and the latest to seek withdrawal.[8] However, "withdrawal is only proper if the client's interest will not be unduly prejudiced or delayed."[9] Here, counsel's request comes the week before multiple trial depositions in this matter, as well as the scheduled pretrial meeting of counsel and the due date for the submission of proposed findings of fact and conclusions of law.[10] Moreover, Plaintiff has no contact information for Defendant Argaman, and he is presumably not ECF registered. Accordingly, counsel's withdrawal will almost certainly delay these proceedings and prejudice his client.

---

[6] *See* Doc. No. 591.

[7] *See* Doc. Nos. 404, 405, and 489.

[8] *See* Doc. No. 489.

[9] *Barnett v. Gamboa*, 2015 U.S. Dist. LEXIS 143242, 1:05-cv-01022-BAM PC, *5 (E.D. Ca. October 21, 2015); *see also* California Rules of Professional Conduct, Rule 3-700(A) ("[A] member shall not withdraw from employment until the member has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client[.]").

[10] *See* Doc. 578.

## II. Conclusion

Counsel's request to withdraw was made without good cause and would result in significant delays in this action. His request should be denied accordingly.

Respectfully submitted,

Dated: 5/9/17

/s/ REID TEPFER_____
REID A. TEPFER
LUIS H. GALLEGOS
Attorneys for the Plaintiff
Federal Trade Commission
1999 Bryan Street, Suite 2150
Dallas, Texas 75201
(214) 979-9395 (Tepfer)
(214) 979-9383 (Gallegos)
(214) 953-3079 (facsimile)
rtepfer@ftc.gov
lgallegos@ftc.gov

# CERTIFICATE OF SERVICE

The undersigned certifies that on May 9, 2017, a true and correct copy of the foregoing document was served by ECF to the attorneys listed below.

Shai Oved
Law Offices of Shai Oved
7445 Topanga Canyon Blvd, Ste. 220
Canoga Park, CA 91303
Counsel for Secured Merchants, LLC and Alan Argaman

/S/ REID TEPFER
REID TEPFER