Shai Oved, Esq. (SBN 185526)
The Law Offices of Shai Oved
7445 Topanga Cyn Blvd., Suite 220
Canoga Park, California 91303
Telephone:  (818) 992-6588
Facsimile:   (818) 992-6511
Email:         ssoesq@aol.com

Attorneys for Secured Merchants, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>BUNZAI MEDIA GROUP, INC., et al.,<br><br>Defendants.<br>_____<br><br>SECURED MERCHANTS, LLC, CHARGEBACK ARMOR, INC. AND ALAN ARGAMAN,<br><br>Cross-Claimants<br><br>v.<br><br>ALON NOTTEA, an individual,<br><br>Cross-Defendant | Case No.: 2:15-cv-04527-GW (PLAx)<br><br>**NOTICE OF JOINT [PROPOSED] FINDINGS OF FACT AND CONCLUSION AND JUDGMENT IN FAVOR OF SECURED MERCHANTS, LLC, AND ALAN ARGAMAN AND AGAINST FEDERAL TRADE COMMISSION**<br><br>Trial:  September 8, 2017<br>Time: 8:30 am<br>Location:  Courtroom 10 – Spring St.<br>Judge: Hon. George H. Wu |

1

JOINT [PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW IN FAVOR OF SECURED MERCHANT SERVICES, LLC,  AND ALAN ARGAMAN AND AGAINST FEDERAL TRADE COMMISSION AFTER TRIAL

**PLEASE TAKE NOTICE** that Secured Merchants, LLC, (hereinafter "SM") and Alan Argaman (hereinafter "Argaman") submit their Joint (proposed) Findings of Fact and Conclusions of Law in their favor in accordance with this Court's Scheduling Order (Docket No. 578) as follows:

**FINDING OF FACTS**

1. SM is a technology company that has only had one member, manager, and owner at all times it has existed. (Argaman Decl. at ¶ 1)  (All references are to the Declaration in Support of prior Motion for Summary Judgment and Compendium of Exhibits.)

2. Argaman has been the sole member, manager, and owner of SM since SM was formed.  (Argaman Decl. at ¶ 1).

3. The only business that SM did with the AuraVie Defendants in this case is providing technological services to SBM Management, which services were memorialized in detailed invoices and were arms-length business transactions. (Argaman Decl. at ¶ 5-6, Argaman Depo., 109:8-25, Exhibit 833 )

4. This service provided by SM to the AuraVie Defendants consisted of developing and installing a portal system through which chargebacks made by consumers

could be viewed and processed and providing the technology for the Interactive Voice Response (IVR) system.  (Argaman Decl. at ¶ 5, 6, 13, 16).

5. SM did not process (accept or deny) chargebacks nor did it dictate the content of the IVR system.  (Argaman Decl. at ¶ 5, 6, 17).

6. The only AuraVie website that Argaman created or designed was the straight-sale AuraVie website that did not use negative options, continuity, or risk free trials. (Argaman Depo., 49:8-18)

7. SM never employed any of the other Defendants in this case at any time, nor was ever owned, operated or controlled by any other Defendants in this case. (Argaman Decl. at ¶ 1, 3).

8. Doron Nottea was put as an authorized signer on the SM bank account for convenience purposes, but never actually wrote any checks on behalf of SM. (Argaman Decl. at ¶ 4).

9. Argaman never engaged in any advertising or marketing, directly, or indirectly, for the sale of AuraVie skincare products.  (Argaman Decl. at ¶ 5-7).

10. Argaman never had any control, ownership, or operational role in any of the AuraVie Defendants.  (Argaman Decl. at ¶ 5-7, 10-17).

11. Argaman did not have knowledge of, nor was he recklessly indifferent to, the alleged misrepresentations that the AuraVie Defendants made to consumers. (Argaman Decl. at ¶ 10-16).

12. Argaman never designed, selected, or created any of the products AuraVie sold to consumers. (Argaman Decl. at ¶ 15).

13. Argaman never dealt directly or indirectly with any AuraVie consumers. (Argaman Decl. at ¶ 13, 14, 16).

14. Argaman didn't play a role in the creation of the scripts used by the AuraVie call centers. (Argaman Decl. at ¶ 13).

15. Argaman was never paid by SM or any of the AuraVie Defendants. (Argaman Decl. at ¶ 22).

16. SM never employed any of the Defendants in this case.

17. SM or Argaman or CBA never approved or denied chargebacks for the AuraVie Defendants. (Argaman Decl. at ¶ 6, 17, Costache Decl. at ¶ 4).

18. CBA was not formed until February 2015, by Mike Costache. (Costache Decl. at ¶ 4, Exh. 811).

19. Costache has at all times been the sole incorporator, shareholder, director, and board member of CBA. (Costache Decl. at ¶ 1).

20. Argaman was never employed by or had any ownership interest in CBA. (Argaman Decl. at ¶ 21, Costache Decl. at ¶ 7).

21. The $250,000 that SM invested in CBA was an arms-length business transaction and these funds came from non AuraVie Defendant entities. (Argaman Decl. at ¶ 18, 19, 20, Costache Decl. at ¶ 5, Exh. 834-838)

**CONCLUSIONS OF LAW**

1. Section 5 of the FTC Act prohibits unfair or deceptive acts or practices. 15 U.S.C. 45(a)(1).

2. An act or practice is "unfair" if it causes or is likely to cause substantial injury to consumers which is not reasonably avoidable by consumers themselves and not outweighed by countervailing benefits to consumers or to competition. 15 U.S.C. §45(n).

3. An act or practice is "deceptive" if: (1) there is a representation; (2) that is likely to mislead consumers acting reasonably under the circumstances; and (3) the

representation is material. See *FTC v. Pantron I Corp.*, 33 F.3d 1088, 1095 (9th Cir. 1994).

4. A corporation is liable for monetary relief under section 13(b) of the FTC Act for violations of section 5 if the FTC shows that the corporation engaged in misrepresentations or omissions of a kind usually relied on by reasonably prudent persons and that consumer injury resulted. See *FTC v. Pantron I Corp.*, 33 F.3d 1088, 1102 (9th Cir. 1994).

5. To establish liability of an individual for a corporate violation of FTC Act §5, the FTC may establish knowledge by demonstrating that the individual defendant had actual knowledge of material misrepresentations, was recklessly indifferent to the truth or falsity of a misrepresentation, or had an awareness of a high probability of fraud along with an intentional avoidance of the truth. *See FTC* v. *Network Serv. Depot, Inc.*, 617 F.3d 1127, 1138 (9th Cir. 2010) (discussing individual liability for restitution); *FTC* v. *Publishing Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997) (same).

6. Argaman and SM should be granted judgment in their favor and against the FTC on all of the claims the FTC alleges against these Defendants as there is simply no evidence that these Defendants can be held liable for any wrongdoing.  An order of

6

JOINT [PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW IN FAVOR OF SECURED MERCHANT SERVICES, LLC, AND ALAN ARGAMAN AND AGAINST FEDERAL TRADE COMMISSION AFTER TRIAL

dismissal must be entered as to these Defendants who shall be awarded their costs and a release of any monies frozen by the FTC.

**THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED** that:

1. Judgment is entered in favor of Defendants Secured Merchant, LLC, and Alan Argaman and against Plaintiff Federal Trade Commission,

2. As such, it is Ordered that the action is dismissed as to Secured Merchant, LLC, and Alan Argaman.

3. Defendants Secured Merchant, LLC, and Alan Argaman are entitled to their costs of suit.

4. Any monies frozen by the FTC and the Receiver that belong to Secured Merchant, LLC, and Alan Argaman shall be unfrozen and released.

It is so ORDERED.

Dated: _____

The Honorable George H. Wu, United States District Court Judge

Respectfully submitted,

/s/ Shai Oved_____
Attorneys for Secured Merchants, LLC

/s/ Alan Argaman, in pro per
(Counsel submitting this form attests and confirms that the electronic signature of Alan Argaman is authorized and consents to this filing.