Shai Oved, Esq. (SBN 185526)
The Law Offices of Shai Oved
7445 Topanga Cyn Blvd., Suite 220
Canoga Park, California 91303
Telephone:  (818) 992-6588
Facsimile:   (818) 992-6511
Email:        ssoesq@aol.com

Attorneys for Secured Merchants, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>BUNZAI MEDIA GROUP, INC., et al.,<br><br>Defendants.<br>_____<br>SECURED MERCHANTS, LLC, CHARGEBACK ARMOR, INC. AND ALAN ARGAMAN,<br><br>Cross-Claimants<br><br>v.<br><br>ALON NOTTEA, an individual,<br><br>Cross-Defendant | Case No.: 2:15-cv-04527-GW (PLAx)<br><br>**REPORT OF PRE-TRIAL MEETING UNDER L.R. 16-2 AND JUDGE'S STANDING ORDER/SCHEDULING ORDER**<br><br>Trial: September 8, 2017<br>Time: 8:30 am<br>Location: Courtroom 10 – Spring St.<br>Judge: Hon. George H. Wu |

1

JOINT [PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW IN FAVOR OF SECURED MERCHANT SERVICES, LLC,  AND ALAN ARGAMAN AND AGAINST FEDERAL TRADE COMMISSION AFTER TRIAL

1  **PLEASE TAKE NOTICE** that Secured Merchants, LLC, (hereinafter "SM") and
2  Alan Argaman (hereinafter "Argaman") submit their Joint Report of the Pre-Trial
3  Meeting conducted under Local Rule 16-2, this Court's Standing Order [Doc. No. 25]
4  and Scheduling Order [Doc. No. 578] as follows:
5      Plaintiff's counsel noticed the meeting for telephonic conference on [Doc. No.
6  598].  On May 26, 2017, the Reid Tepfer and Zackary Keller, appeared via phone for
7  Plaintiff, FTC; Shai Oved, appeared via phone for Secured Merchants, LLC, (hereinafter
8  "SM"); and Alan Argaman, in pro per, appeared via phone.
9      Mr. Argaman requested that a meeting take place in person as required by Local
10 Rule 16-2, and the Standing Orders of this Court.  The FTC refused.  Argaman suggested,
11 and counsel for SM concurred, that the Pre-Trial Meeting be continued as the meeting
12 may be conducted up to 21 days prior (ie, August 3, 2017) to the Final Pre-Trial
13 Conference which is set for August 24, 2017.  The FTC refused.  The actual exchange of
14 exhibits/witnesses lists need not occur until 21 and the in-person meeting to exchange is
15 required 10 days before the Final Pre-Trial Conference according to the Standing Order.
16     Counsel for SM suggested that the telephonic meeting proceed without prejudice to
17 seeking a further extension, or raising the issue to the Court.  The Scheduling Order
18 reflects an Amended Joint proposed Pre-trial Conference Order Deadline on July 31,
19 2016.  At the last status conference on May 15, 2017, this Court extended the date to
20
21

1  complete depositions through and including July 31, 2017.  Until such time, Secured
2  Merchants and Argaman submit, it would be pre-mature to complete the meet and confer
3  (which they maintain should be conducted in person).  They proposed an in-person
4  meeting when the FTC's counsel is present at a hearing or deposition to minimize its
5  expense. It should be noted the FTC filed the action locally, and while lead counsel is in
6  Texas, the FTC's counsel has a local office which is used in all its pleadings and the
7  Rules require a meeting in person.

   As to the telephonic meeting, the parties discussed:

*L.R. 16-2.1 Subject Matter Jurisdiction.*   No disputes.

*L.R. 16-2.2 Stipulation to Facts.*  No resolution at present.  Certain facts proposed are based on deposition testimony where neither counsel, nor Argaman were present, have had no opportunity to observe witness demeanor nor cross-examine the witnesses. Counsel for SM requested copies of Deposition Transcripts.  Shortly before the telephonic meeting, counsel for FTC provided a purported link to over 800 Exhibits. Counsel had not been able to access them electronically.  FTC suggested that it would cost $50-$100 in copy costs to produce the documents.  Counsel for SM offered to pay $100 for the copies.  FTC refused to provide the documents in a hard copy.  Counsel believes the in person meeting would have alleviated this type of issue.

*L.R. 16-2.3 Disclosure of Exhibits.*  The FTC suggested that the 800 Exhibits were

3

JOINT [PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW IN FAVOR OF SECURED MERCHANT SERVICES, LLC,  AND ALAN ARGAMAN AND AGAINST FEDERAL TRADE COMMISSION AFTER TRIAL

1  sufficiently produced electronically.  Counsel for SM, as noted above, was not able to
2  download them and again offered to pay $100.  FTC counsel suggested that a hard copy
3  was provided to SM's former counsel.  Counsel attempted to coordinate receipt of the
4  same but was advised that only a link was provided and no hard copies ever given. SM
5  advised that it was relying on its former exhibits but reserves to supplement following
6  depositions which have not yet been completed.

7  **L.R. 16-2.4 Disclosure of Witnesses.**  The parties are relying on their former Witness
8  Lists.  Argaman advised that he would be adding the FTC's representatives, and
9  receiver, additionally Argaman indicated that he would be conducting his own
10  depositions of additional witnesses prior to the July 31, 2017, deadline.

11  **L.R. 16-2.5 Expert Witnesses.**  The FTC and SM had none.  Argaman advised that he
12  would seek expert witnesses related to the handling of the FTC matter, raid, receiver
13  conduct, and technology and accounting experts.  The FTC objected to any experts.

14  **L.R. 16-2.6 Evidentiary Matters.** The matter seemed premature because counsel had not
15  received exhibits, transcripts.

16  **L.R. 16-2.7 Depositions.**  Deposition cut-off of July 31, 2017, has not yet passed so it
17  was premature to advise.  Counsel for SM had not received deposition transcripts so it
18  was premature to identify was evidence would be presented by deposition testimony.

19  **L.R. 16-2.8 Contentions of Law and Fact**.  The parties each timely filed their proposed

20
21

1 Findings of Fact and Conclusions of Law; however, given that depositions have not

2 concluded and the Local Rules provide that the in-person meeting take place 40 days

3 prior to the Final Pre-Trial Conference, SM and Argaman suggested continuing the

4 initial telephonic meet and confer to a later date so that depositions could be completed,

5 exhibits could be personally exchanged/received.

6 **L.R. 16-2.9 Settlement.**  SM and Argaman believe a settlement conference with

7 Magistrate Judge Abrams may be appropriate.  Previously Chargeback Armor, Inc., was

8 the impediment to settlement – but the FTC filed a motion to dismiss which this Court

9 granted.  SM inquired as to available dates with the Magistrate Judge.

10 **Scheduled Hearing.** A post-mediation/status conference is set for June 19, 2017, at 8:30

11 a.m. in which counsel will raise these housekeeping matters.  SM and Argaman hereby

12 respectfully request the Court to order Plaintiff to comply with the Court's Standing

13 Order and the Local Rules with regards to doing a Pre-Trial Meeting of Counsel in

14 person no later than 10 days before August 24, 2017, and exchange lists 21 days before.

15 

16 Date: May 27, 2017

Respectfully submitted,
The Law Offices of Shai Oved
/s/ Shai Oved_____
Attorneys for Secured Merchants, LLC

17 

18 Date: May 27, 2017

Alan Argaman, in pro per
/s/ Alan Argaman_____

19 (Counsel submitting this form attests and confirms that the electronic signature of Alan Argaman is authorized and consents to this filing.

20 

5

21 JOINT [PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW IN FAVOR OF SECURED MERCHANT SERVICES, LLC, AND ALAN ARGAMAN AND AGAINST FEDERAL TRADE COMMISSION AFTER TRIAL

# CERTIFICATE OF SERVICE

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 7445 Topanga Cyn Blvd., Suite 220, Canoga Park, CA 91303. A true and correct copy of the foregoing document **REPORT OF PRE-TRIAL MEETING UNDER L.R. 16-2 AND JUDGE'S STANDING ORDER/SCHEDULING ORDER,** will be served or was served **(a)** on the judge in chambers and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** –The foregoing document will be served by the court via NEF and hyperlink to the document. On May 27, 2017, I checked the CM/ECF docket for this case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

Reid A Tepfer        rtepfer@ftc.gov, dbrown1@ftc.gov, egarcia@ftc.gov, jelliott@ftc.gov
Luis H Gallegos      lgallegos@ftc.gov;
Dama J Brown         dbrown1@ftc.gov
Zachary A Keller     zkeller@ftc.gov

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On _____, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on 5/27/17, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

Defendant Alan Argaman, pro se  via Email to AlanLeAAA@gmail.com

The Honorable George Wu
US District Court
312 North Spring Street
Los Angeles, CA 90012-4701

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 5/27/17 | Shai Oved | /s/ Shai Oved |
|---------|-----------|---------------|
| Date    | Type Name | Signature     |

JOINT [PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW IN FAVOR OF SECURED MERCHANT SERVICES, LLC,  AND ALAN ARGAMAN AND AGAINST FEDERAL TRADE COMMISSION AFTER TRIAL