DAVID C. SHONKA
Acting General Counsel

REID TEPFER
rtepfer@ftc.gov; Tex. Bar No. 24079444
LUIS GALLEGOS
lgallegos@ftc.gov; Okla. Bar No. 19098
ZACHARY A. KELLER
zkeller@ftc.gov; Tex. Bar No. 24087838
DAMA J. BROWN
Dbrown1@ftc.gov; Mi. Bar No. P54775

Federal Trade Commission
1999 Bryan Street, Suite 2150
Dallas, Texas 75201
(214) 979-9395 (Tepfer); (214) 979-9383 (Gallegos);
(214) 979-9382 (Keller); (214) 979-9374 (Brown)
(214) 953-3079 (fax)

RAYMOND MCKOWN
rmckown@ftc.gov; Cal. Bar No. 150975
10877 Wilshire Boulevard, Suite 700
Los Angeles, California 90024
(310) 824-4343(voice); (310) 824-4380 (fax)

Attorneys for Plaintiff Federal Trade Commission

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,**<br><br>Plaintiff,<br><br>v.<br><br>**BUNZAI MEDIA GROUP, INC.,** *et al.,*<br><br>Defendants. | **Case No. CV 15-4527-GW(PLAx)**<br><br>**NOTICE OF MOTION AND MOTION TO PRECLUDE DEFENDANTS ALAN ARGAMAN AND SECURED MERCHANTS LLC'S UNDISCLOSED EXHIBITS, WITNESSES, AND EXPERT WITNESSES**<br><br>**Hearing: July 10, 2017; 8:30 a.m.**<br>**Location: 350 W. 1st St., Los Angeles, CA, Courtroom 9D**<br>**Judge: Hon. George H. Wu** |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20

**PLEASE TAKE NOTICE** that on July 10, 2017, at 8:30 a.m., before the Honorable George Wu, United States District Judge, Plaintiff Federal Trade Commission will move for an order precluding the use, for any purpose, of Defendants Alan Argaman and Secured Merchants LLC's exhibits, witnesses, and experts.

This motion is made pursuant to Rule 16-2 of the Local Rules of Practice for the Central District of California and Rule 26(a)(3) of the Federal Rules of Civil Procedure.

## I. Introduction

On May 26, 2017, the parties held their second pretrial meeting of counsel in this matter pursuant to the Court's revised scheduling order. *See* Doc. No. 578. During the meeting, Defendant Alan Argaman stated he had many previously undisclosed exhibits, witnesses, and experts but refused to provide them to Plaintiff or even verbally identify them. Defendant Secured Merchants, through counsel, stated it may also have undisclosed experts. Because these exhibits, witnesses, and experts were due to be disclosed at the second pretrial meeting, the FTC respectfully moves for this Court to issue an order precluding the use at trial or for any other purpose Defendants' exhibits, witnesses, and experts that were not timely disclosed under the Local Rules and the Federal Rules of Civil Procedure.

## II. Facts
### A. *An In-Person Pretrial Meeting Was Conducted in This Matter*

Two pretrial meetings of counsel have been conducted in this proceeding. The first pretrial meeting was held in Los Angeles on April 26, 2016, in person. The FTC appeared at the meeting with witness lists, exhibit lists, and digital copies of all exhibits for Defendants. However, the defense counsel came unprepared to discuss the matters specified in Local Rule 16-2. Most counsel arrived late, and none were prepared to make exhibit or witness disclosures. As a result, the first meeting was largely unproductive.

MOTION TO PRECLUDE DEFENDANTS' UNDISCLOSED
EXHIBITS, WITNESSES, AND EXPERTS

### B. Defendants Were Uncooperative in Scheduling a Second Pretrial Meeting

The FTC subsequently settled with the majority Defendants in this matter. *See* Doc. No. 547. Because the original trial date had passed, the Court issued a new scheduling order. *See* Doc. No. 578. In this order, the Court adopted Defendants' proposed cutoff date—May 27, 2017—for conducting a second pretrial meeting of counsel. *See* Doc. No. 577 at 3.

As the deadline for the pretrial meeting approached, Plaintiff's counsel made many unsuccessful attempts to schedule the meeting with Defendants. Defense counsel, Mr. Shai Oved,[1] initially agreed to meet at some point the week of May 15 after one of the trial depositions set for that week. *See* Att. A at 1. However, these trial depositions were later postponed at the request of the witnesses' counsel. *See* Att. B at 4.

Given that the parties would no longer be meeting at depositions, FTC counsel made several requests for Messrs. Argaman and Oved's availability to schedule the meeting for a set date and time.[2] FTC counsel also requested multiple times that the meeting be conducted telephonically. *See* Att. C. at 1; Att. D at 1;

---

[1] Shai Oved, Secured Merchants LLC's current counsel, previously represented both Defendants Secured Merchants LLC and Alan Argaman. On May 16, 2017, the Court granted a motion for substitution of counsel to permit Alan Argaman to represent himself *pro se*. *See* Doc. No. 597.

[2] Specifically, on May 15, FTC counsel emailed Mr. Oved and Defendant Argaman requesting their availability for the pretrial meeting. *See* Att. C. FTC counsel received no response from either party.  On May 17, FTC counsel contacted both parties once more by email. *See* Att. D at 1. FTC counsel also contacted Mr. Oved by phone around May 16. *See* Att. E at 1.

MOTION TO PRECLUDE DEFENDANTS' UNDISCLOSED
EXHIBITS, WITNESSES, AND EXPERTS

Att. E at 1. Mr. Oved never responded with his availability; Defendant Argaman never responded at all.

Because Messrs. Argaman and Oved never responded with any times they were unavailable, FTC counsel set the meeting for May 26 at 11:00 a.m. Pacific, and emailed Messrs. Argaman and Oved a notice concerning the meeting with a conference telephone number. *See* Att. F. After receiving no response from either party about the scheduled pretrial meeting, FTC counsel filed a notice of the meeting with the Court. Doc. No. 598. Defendants did not respond to the filed notice concerning their availability or intent to appear.

The day before the noticed pretrial meeting, FTC counsel emailed a secure link containing its exhibits. That evening, Defendant Argaman sent an email objecting, for the first time, to the meeting being held telephonically. *See* Att. H.[3] However, the day of the meeting, both Messrs. Oved and Argaman confirmed they would participate in the meeting. *See* Att. G and I.

### C. Defendants Refused to Disclose Exhibits, Witnesses, or Experts, And Refused to Participate Substantively in The Second Pretrial Meeting

Despite objections, Messrs. Oved and Argaman joined the conference with FTC counsel.  However, Defendant Argaman refused to participate substantively

---

[3] While the FTC was not opposed to meeting in person to conduct the second pretrial meeting, no party objected to the meeting being held telephonically—or even responded concerning the scheduled meeting—until the evening before the meeting was to be held.

MOTION TO PRECLUDE DEFENDANTS' UNDISCLOSED
EXHIBITS, WITNESSES, AND EXPERTS

in the meeting and actively obstructed[4] the discussion of FTC counsel and Mr.

Oved.[5] Moreover, Defendant Argaman stated that he had additional trial exhibits,

witnesses, experts, and an expert report that had never been disclosed to the FTC.

Defendant Argaman refused to identify any of these new witnesses and exhibits.

Based on Defendant Argaman's representation, Mr. Oved then indicated for the

first time that Secured Merchants too may have undisclosed experts. Defendant

Argaman informed FTC counsel that he would not provide the FTC any of this

information unless another in-person meeting was held—which would require an

extension of the pretrial conference deadline.

### III.    Argument
#### A. *Defendants Were Obligated to Disclose Trial Exhibits And Witnesses by the Pretrial Meeting of Counsel*

Defendants were obligated to disclose their trial exhibits, witnesses, and

experts at the pretrial meeting of counsel like the FTC did. The Local Rules

provide that, among other things, the parties must disclose exhibits and witness

---

[4] In light of Defendant Argaman's history of unruly conduct, the FTC initially proposed recording the telephone conference. But after Defendant Argaman objected, the FTC agreed not to record the call.

[5] For example, Mr. Oved indicated during the conference that he had difficulty downloading Plaintiff's emailed exhibits. However, Defendant Argaman would not permit FTC counsel and Mr. Oved to discuss how to download the exhibits, interrupting each time FTC counsel attempted to explain the download process. As a result, Plaintiff's counsel and Mr. Oved were forced to plan a second call to discuss the issue.

MOTION TO PRECLUDE DEFENDANTS' UNDISCLOSED
EXHIBITS, WITNESSES, AND EXPERTS

information at the pretrial meeting of counsel in accordance with FED. R. CIV. P. 26(a)(3). *See* L.R. 16-2.3 and 16-2.4.

Moreover, Defendants were obligated to disclose any expert long before the second pretrial meeting. The expert discovery cutoff in this matter was April 8, 2016. *See* Doc. No. 223. Defendants did not request an extension of expert discovery in their proposed scheduling order, and the Court did not provide one. *See* Doc. Nos. 577 and 578. At the first pretrial meeting, both Defendants had indicated they had no expert witnesses. No expert report has ever been provided to the FTC. Defendants should not be permitted to backtrack on this representation and introduce an expert witness well over a year after the expert-discovery cutoff, as the FTC relied on Defendants' representations in its discovery strategy and trial preparations.[6]

Defendants' refusal to disclose its exhibits, witnesses, and experts violated both the Federal Rules of Civil Procedure and the Central District's Local Rules. *See* FED. R. CIV. P. 26(a)(2)-(3) and L.R. 16-2. And it is not excused by the fact this meeting was conducted telephonically, as Defendants appear to claim. *See, e.g.*, Doc. No. 601 at 5. As noted, a pretrial meeting of counsel was conducted in person in April 2016. FTC counsel reached out to Defendants nearly two weeks

---

[6] The Court ordered experts to be designated by April 1, 2016, and the end of expert discovery was May 1, 2016. Doc. No. 344.

MOTION TO PRECLUDE DEFENDANTS' UNDISCLOSED
EXHIBITS, WITNESSES, AND EXPERTS

before the second pretrial meeting seeking cooperation in scheduling the meeting and requested multiple times that it be conducted telephonically. *See See* Att. C. at 1; Att. D at 1; Att. E at 1.Neither party objected until after close of business the evening before the second meeting, and neither ever provided the FTC with their availability for scheduling the meeting. *See* Att. H and Att. I. FTC counsel could not be expected to fly to Los Angeles for a meeting that neither party confirmed they would actually participate until the day it was to be held. And while Defendants complain that the cutoff date for conducting this meeting is too early (*see* Doc. No. 601), Defendants themselves proposed the date in their proposed scheduling order. *See* Doc. No. 577 at 3. The FTC has complied with these dates, while Defendants have ignored their obligations under the Federal and Local Rules without seeking any relief from the Court.

### B. The Court Should Preclude All of Defendants' Undisclosed Exhibits, Witnesses, or Experts from Use In This Proceeding

Defendants should not be permitted to use their undisclosed witnesses, exhibits, or experts for any purpose. The Federal Rules provide that a party is not allowed to use information or witnesses it failed to properly disclose under FED.

MOTION TO PRECLUDE DEFENDANTS' UNDISCLOSED
EXHIBITS, WITNESSES, AND EXPERTS

R. CIV. P. 26(a) in support of "a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c).[7]

To determine whether Defendants' nondisclosure was harmless, courts may consider: "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure that prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." *Lanard Toys, Ltd. v. Novelty, Inc.*, 375 Fed. Appx. 705, 713 (9th Cir. 2010) (citing *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003)). Defendants bear the burden of "demonstrat[ing] that its witness should not be excluded under Rule 37(c)(1)." *Churchill v. United States*, Case No. 1:09-cv-01846 LJO JLT, 2011 U.S. Dist. LEXIS 13761, *13-14 (E.D. Cal. February 8, 2011) (citing *Torres v. City of Los Angeles*, 548 F.3d 1197, 1213 (9th Cir. 2008).

Defendants have no substantial justification for refusing to disclose their exhibits, witnesses, and experts. During the call, Defendants appeared to contend

---

[7] The Federal Rules also provide that "[i]n addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard: (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure; (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)." *See* FED. R. CIV. P. 37(c)(1). The possible sanctions include: "(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; [or] (vi) rendering a default judgment against the disobedient party." FED. R. CIV. P. 37(b)(2)(A)(i)-(vi).

that they are substantially justified in their refusal because trial is not imminent. But Defendants proposed the deadline for these disclosures. *See* Doc. No. 577 at 3. Moreover, if Defendants later came to believe these dates were inappropriate, Defendants should have sought relief from the Court.[8] By failing to do so, Defendants "proceeded at [their] own peril in failing to request an extension of time from the Court and in assuming" that their disclosures would "be deemed timely." *Id.* at *13.[9] And while Defendant Argaman recently became *pro se*, the Court conditioned its grant of the motion to substitute counsel upon Mr. Oved's representation at the May 15 status conference that substitution would not delay litigation deadlines.

Further, Defendants' refusal to disclose is not harmless. The FTC will be prejudiced by reopening expert discovery and will not have the benefit of asking

---

[8] *See, e.g.*, *Churchill*, 2011 U.S. Dist. LEXIS 13761, at *11-12 ("[Counsel] also fails to provide any cogent explanation as to the question at the heart of this matter: Why did counsel not seek modification of the scheduling order to allow a later disclosure or request an extension of time from the Court? The need to do so was readily apparent to [counsel] prior to the expiration of the disclosure deadline, as demonstrated by the alleged conversation between the parties regarding a possible stipulation to that effect. Despite his apparent awareness of the situation, [counsel] made no attempt to contact or notify the Court.").

[9] *See also Shore v. Brown*, 1:07-CV-01160 OWW SMS, 2009 U.S. Dist. LEXIS 94828 at *7 (E.D. Cal. 2009) ("The Ninth Circuit has consistently demonstrated that Rule 16's deadlines are firm, real and are to be taken seriously by the parties and their counsel"); *Hostnut.Com, Inc. v. Go Daddy Software, Inc.*, No. CV05-0094-PHX-DCG, 2006 U.S. Dist. LEXIS 64098, 2006 WL 2573201, at *3 (D. Ariz. 2006) (precluding evidence at trial that was not disclosed until more than two months after the discovery deadline); *U.S. ex rel. O'Connell v. Chapman University*, 245 F.R.D. 652 (C.D. Cal. 2007)  (awarding sanction of attorney's fees in the amount of $5,805.00 under Rule 37(c) for parties' untimely expert disclosure and noncompliance with Rule 26(a)(2)(B)).

MOTION TO PRECLUDE DEFENDANTS' UNDISCLOSED
EXHIBITS, WITNESSES, AND EXPERTS

previously deposed witnesses about this new evidence. The Ninth Circuit has held untimely disclosures to not be harmless "[e]ven though the ultimate trial date was some months away" based on the "[d]isruption to the schedule of the court and other parties." *Wong v. Regents of University of California*, 410 F.3d 1052, 1062 (9th Cir. 2005).[10]

Insufficient time remains for Defendants to cure adequately their failure to disclose, and Defendants' failure to disclose will likely disrupt the trial schedule. Confronting a similar situation, the *Churchill* court noted that to avoid prejudice, "the Court would need to overhaul the already amended scheduling order in this case" and "re-open discovery to allow [for the deposition of] expert witnesses." *Churchill*, 2011 U.S. Dist. LEXIS 13761, at *18-20. The Court noted this would have a cascading effect on case deadlines, either necessitating a postponement of the trial date or imposing an ambitious schedule on an innocent party. *Id.* at 20. Here, Defendants claim to have undisclosed exhibits, witnesses, and experts. Defendant Argaman could not confirm that his exhibits had been disclosed during discovery. Accordingly, the FTC did not have the opportunity to question previously deposed witnesses about Defendants' new exhibits. While trial is not

---

[10] *See also Ollier v. Sweetwater Union High School Dist.*, 267 F.R.D. 339, 343 (S.D. Ca. 2010) (holding that the untimely disclosure of multiple witnesses at final pretrial conference was not harmless, as disclosure might have affected the decisions the opposing party made during litigation and reopening discovery would be unduly costly and disrupt the court's schedule).

MOTION TO PRECLUDE DEFENDANTS' UNDISCLOSED
EXHIBITS, WITNESSES, AND EXPERTS

set to proceed in this matter until September 8, 2017, Defendants' new exhibits, witnesses, and experts would require re-opening discovery and result in prejudice to the FTC.

Importantly, Defendants' failure to disclose was not inadvertent. Defendants were aware of the new deadline for the parties' pretrial meeting. But Defendant Argaman asserted during the call that he will refuse to disclose exhibits, witnesses, and experts until an in-person meeting is held—despite the fact that he obstructed efforts to schedule such a meeting and the deadline for conducting the pretrial meeting has passed. Accordingly, the FTC contends Defendants' undisclosed exhibits, witnesses, and experts should be precluded from use in this proceeding for all purposes.

## IV.    Conclusion

For the forgoing reasons, the FTC respectfully requests that the Court issue an order precluding the issue at trial or for any other purpose exhibits, witnesses, or experts not disclosed by Defendants at the May 26, 2017 pretrial meeting of counsel.

Respectfully submitted,

Dated: 6/2/17                              /s/ REID TEPFER_____
                                           REID A. TEPFER
                                           LUIS H. GALLEGOS
                                           Attorneys for the Plaintiff
                                           Federal Trade Commission

MOTION TO PRECLUDE DEFENDANTS' UNDISCLOSED
EXHIBITS, WITNESSES, AND EXPERTS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

1999 Bryan Street, Suite 2150
Dallas, Texas 75201
(214) 979-9395 (Tepfer)
(214) 979-9383 (Gallegos)
(214) 953-3079 (facsimile)
rtepfer@ftc.gov
lgallegos@ftc.gov

MOTION TO PRECLUDE DEFENDANTS' UNDISCLOSED
EXHIBITS, WITNESSES, AND EXPERTS

1

2

## **CERTIFICATE OF CONFERENCE**

3

4

This motion is made following conference with *pro se* Defendant Alan Argaman and counsel for Defendant Secured Merchants LLC, pursuant to L.R. 7-3, which took place telephonically and via email on May 26, 2017. Defendants Alan Argaman and Secured Merchants LLC oppose.

5

## **CERTIFICATE OF SERVICE**

6

7

The undersigned certifies that on June 2, 2017, a true and correct copy of the foregoing document was served by ECF to the attorneys listed below.

8

Shai Oved

9

Law Offices of Shai Oved
7445 Topanga Canyon Blvd, Ste. 220
Canoga Park, CA 91303

10

Counsel for Secured Merchants, LLC

11

Alan Argaman, *pro se*
AlanLeAAA@gmail.com

12

13

*/S/ REID TEPFER*
REID TEPFER

14

15

16

17

18

19

20

MOTION TO PRECLUDE DEFENDANTS' UNDISCLOSED
EXHIBITS, WITNESSES, AND EXPERTS