**Tepfer, Reid A.**

| | |
|---|---|
| **From:** | Shai Oved <ssoesq@aol.com> |
| **Sent:** | Thursday, May 11, 2017 4:48 PM |
| **To:** | Tepfer, Reid A. |
| **Subject:** | Re: Trial coordination |

Hi Reid.

I hope you're well. As I explained to you previously. I will not be available for all of the notice to depot dates. In particular, I have a court hearing on Tuesday morning, a bankruptcy hearing on Tuesday mid day. I have my court on the 22nd midday and on Tuesday morning and after noon

As well as on the 25th and 26th at 9:30 AM

Hopefully we can address these things on the 15th if not during one of the Deppe dates. One of the reasons for my substituting out was so that my client has the ability to appear at each of these depositions individually and to help facilitate some of these overlap in hearings for me.

Very truly yours,
Shai Oved
The Law Offices of Shai Oved
7445 Topanga Cyn. Blvd., Suite 220
Canoga Park, California  91303
Tel: (818) 992-6588
Fax: (818) 992-6511
Email: ssoesq@aol.com
www.shaioved.com

_____

The information contained in this email is intended only for the individual or entity named above and may contain attorney privileged and confidential information.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copy of this communication is strictly prohibited.  If you received this communication in error, please immediately notify us by the telephone number above and return any hard copies to us via the postal service.. The Law Offices of Shai Oved is a debt relief agency which helps people file for bankruptcy under the Bankruptcy Code. Shai Oved is a Certified Bankruptcy Law Specialist by The State Bar of California Board of Legal Specialization.

Sent from my iPhone

On May 8, 2017, at 8:06 AM, Tepfer, Reid A. <rtepfer@ftc.gov> wrote:

> Shai,
>
> I wanted to follow up on my email below. Please advise concerning your position on stipulating to prior testimony.
>
> I also wanted to see if you plan to attend the upcoming trial depositions. Please let us know as soon as possible so that we have time to prepare additional copies of exhibits for you.

Att. A

Reid

---

**From:** Tepfer, Reid A.
**Sent:** Tuesday, May 02, 2017 1:22 PM
**To:** 'Shai Oved'
**Cc:** Gallegos, Luis; Keller, Zachary A.; Sagar Parikh
**Subject:** RE: Trial coordination

Shai,

Following up on your email, I do have a suggestion that could make these trial depositions more time efficient. We could stipulate to the use, upon the Court's approval, of the discovery depositions at trial. Please advise at your earliest convenience whether you would be amendable to this stipulation so that we can plan accordingly.

Thanks,
Reid

---

**From:** Tepfer, Reid A.
**Sent:** Monday, May 01, 2017 3:09 PM
**To:** 'SSOESQ@aol.com'
**Cc:** 'sp@beverlyhillslawcorp.com'; Gallegos, Luis; Keller, Zachary A.
**Subject:** RE: Trial coordination

Good afternoon Shai,

We are conducting these trial depositions pursuant to the Court's scheduling order. (Doc No. 578). Your proposed scheduling order included trial depositions, and the Court adopted the cutoff date you recommended. (Doc. No. 577 at 4).

In my opinion, that joint filing would've been the appropriate time to raise the issue of whether trial depositions should be conducted. At this point, the FTC has already gone through the expense of serving these witnesses and made travel arrangements.

To explain why the FTC included trial depositions in our proposed scheduling order, the Court previously advised that it wanted direct testimony for trial to be provided by witness narratives. Where witness narratives are likely to be difficult (because the witness may be hostile to the FTC or for other reasons) the FTC is accordingly seeking to conduct trial depositions pursuant to the Court's scheduling order.

I don't believe that other additional discovery is necessary or appropriate at this time. Please let me know if you have any other questions.

Thanks,
Reid

---

**From:** SSOESQ@aol.com [mailto:SSOESQ@aol.com]
**Sent:** Monday, May 01, 2017 2:46 PM
**To:** SSOESQ@aol.com; Tepfer, Reid A.
**Cc:** sp@beverlyhillslawcorp.com; Gallegos, Luis; Keller, Zachary A.
**Subject:** Re: Trial coordination

Reid,

Att. A

In reviewing the deposition notices, I was wondering what is the purpose? If we are reopening discovery, we should get a court order advising that each party may seek limited discovery and for what purpose.?

Have these parties been deposed? Were they already included on the witness list - ? what has changed since the trial date. I assume discovery cutoffs has long-passed and not aware of any order extending or modifying.

Very truly yours,
Shai Oved
The Law Offices of Shai Oved
7445 Topanga Cyn. Blvd., Suite 220
Canoga Park, California  91303
Tel: (818) 992-6588
Fax: (818) 992-6511
Email: ssoesq@aol.com www.shaioved.com
_____

The information contained in this email is intended only for the individual or entity named above and may contain attorney privileged and confidential information.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copy of this communication is strictly prohibited.  If you received this communication in error, please immediately notify us by the telephone number above and return any hard copies to us via the postal service.. The Law Offices of Shai Oved is a debt relief agency which helps people file for bankruptcy under the Bankruptcy Code. Shai Oved is a Certified Bankruptcy Law Specialist by The State Bar of California Board of Legal Specialization.

In a message dated 4/27/2017 8:37:48 A.M. Pacific Daylight Time, SSOESQ@aol.com writes:

> I should be available the week of the 15th.  Just double booked on matters since passover/Easter.
>
> I am just monitoring the call for today on the mtd.
>
> Shai
>
> In a message dated 4/20/2017 7:30:58 A.M. Pacific Daylight Time, rtepfer@ftc.gov writes:
>
>> Shai,
>>
>> Just wanted to follow up on my email below. Can you let me know what your availability is the week of May 15 for our pretrial meeting?
>>
>> Reid Tepfer
>>
>> Attorney
>>
>> Federal Trade Commission
>>
>> 214-979-9395
>>
>> **From:** Tepfer, Reid A.
>> **Sent:** Tuesday, April 18, 2017 10:29 AM
>> **To:** 'Shai Oved'

3

Att. A

**Cc:** Sagar Parikh; Gallegos, Luis; Keller, Zachary A.
**Subject:** RE: Trial coordination

Shai,

I wanted to coordinate our pretrial meeting of counsel pursuant to the Court's Scheduling Order (Doc. No. 578). Our deadline is 5/27, so I thought we could conduct this meeting while the FTC is in LA for trial depositions. My preference is for the week of May 17. Please let me know if there is a particular date that works best for you.

Additionally, in anticipation of the meeting, I also wanted to reach out to you again concerning fact stipulations. I've re-attached the email I previously provided you containing fact stipulations for all defendants to see if you would be amenable to stipulating to the facts admitted by the various defendants. When we last spoke, I believe you stated that you were unwilling to stipulate to facts other than jurisdiction and venue. However, I think this will needlessly prolong our trial and is contrary to the local rules, which provide that "[t]he parties shall make every effort to stipulate to facts upon which the parties know or have reason to know there can be no dispute." L.R. 16-2.2.

If you would like to discuss any fact stipulations, please feel free to give me a call at the number below.

Reid Tepfer

Attorney

Federal Trade Commission

214-979-9395

**From:** Tepfer, Reid A.
**Sent:** Wednesday, August 10, 2016 11:27 AM
**To:** 'SSOESQ@aol.com'
**Cc:** Gallegos, Luis; Keller, Zachary A.; Elliott, James E.
**Subject:** RE: Trial coordination

Good morning Shai,

Att. A

Attached are the FTC's amended initial disclosures, as well as the previously filed joint witness and exhibit lists. The FTC will likely amend these lists given the recent settlements.

In addition, I attached an email in which I asked counsel to review certain facts admitted by the Defendants in various contexts to see if we could work out stipulations for trial. We separated the admissions into separate documents by Defendant making those admissions. I wanted to ask that you review the stipulations in those documents (for all defendants) to see if you would be amenable to stipulating to the facts admitted by the various defendants. As I mentioned in my previous email, we had had some difficulty working out fact stipulations initially given the number of defendants, but I am hopeful that we will be able to work out additional stipulations given the limited number of Defendants.

Lastly I will allow Jim and Dama to respond to inquiries concerning settlement, as I believe they are taking the lead on that issue; however, I will say that I believe there is a misunderstanding concerning dismissing Mr. Argaman. I am unaware of the FTC ever offering dismissal or discussing it as a possibility. Additionally, I just discussed the matter with Jim, and he has stated that we won't be able to dismiss Mr. Argaman individually under any circumstances.

Thank you,

Reid

**From:** SSOESQ@aol.com [mailto:SSOESQ@aol.com]
**Sent:** Wednesday, August 10, 2016 11:05 AM
**To:** Tepfer, Reid A.
**Cc:** Gallegos, Luis; Keller, Zachary A.
**Subject:** Re: Trial coordination

Hi Reid,

Thanks for the email. I will gladly work with you in regards to trial preparation. I would like to see the FTC's Rule 26 disclosures and exhibit(s). Can you please provide me with the former Exhibit Lists (and/or your revised list), as well as witness list(s).

Att. A

I do believe we can resolve this matter and should concentrate on the settlement, but there were some emails that made it seem like the FTC would dismiss Argaman which is now making settlement a hurdle.

Shai

In a message dated 8/9/2016 12:59:45 P.M. Pacific Daylight Time, rtepfer@ftc.gov writes:

Good afternoon Shai,

While I know you are still engaged in settlement discussions with Dama and Jim, I wanted to reach out to begin coordinating for trial in the event that those negotiations are unsuccessful. I think the Court would appreciate our being ready to proceed under those circumstances.

First, I wanted to see when you would be able to exchange witness and exhibit lists and when we might be able to coordinate concerning the admissibility of the FTC's exhibit.

Second, I also wanted to see if you could provide an estimate of how long you would need to try your case. I believe the FTC would need approximately five to seven days.

Third, I also wanted to see if we could begin working out fact stipulations. I had attempted to coordinate those between defense counsel previously, but it was difficult given the number of parties. Now that most parties have settled, I believe that we should be able to work out more fact stipulations, which will allow us to take up less of the Court's time. Accordingly I wanted when would work for you to exchange proposed stipulation and responses to these proposed stipulations.

Lastly, I wanted to discuss the proposed pretrial order previously filed with the Court at docket number 447-1. I think we'll need to file an

Att. A

amended pretrial order limiting it to defendants (and defenses) that remain. If you anticipate making any changes to your clients' portion of the pretrial order, please provide me your revised section.

Thanks,

Reid

Reid Tepfer

Attorney

FEDERAL TRADE COMMISSION

1999 Bryan Street, Suite 2150

Dallas, Texas 75201

Direct: (214) 979-9395|Fax: (214) 953-3079

rtepfer@ftc.gov

=

Att. A