**Tepfer, Reid A.**

| | |
|---|---|
| **From:** | Tepfer, Reid A. |
| **Sent:** | Friday, May 26, 2017 1:04 PM |
| **To:** | 'Alan Argaman' |
| **Cc:** | Gallegos, Luis; Keller, Zachary A.; 'Shai Oved' |
| **Subject:** | RE: FTC v. BMG - Pretrial Meeting of Counsel (11:00 a.m. Pacific, May 26, 2017) |

Mr. Argaman,

We have previously met in person for a pretrial meeting of counsel. We did not fly out for this meeting because you failed to respond to several emails I sent attempting to schedule this meeting.

Concerning the witnesses/exhibits for trial, I have not yet received any exhibits from you or Mr. Oved. Please be advised the FTC reserves the right to object to any exhibits or witnesses not properly disclosed or identified during this meeting.

As to the depositions, because we have already subpoenaed and agreed to a time with the witnesses and their counsel, we do not agree to postpone these depositions. You will have to file a motion for protective order if you do not wish for these depositions to proceed.

I wanted to note that, while the Court permitted us to continue mediation, it did not order us to do so. If you contact the Magistrate's chambers and determine his availability, we will consider continued mediation. However, we have flown to California already on two occasions for mediation and are not included to do so again. Furthermore, as mentioned previously, we are not interested in further mediation if you are solely seeking a dismissal.

Reid Tepfer
Attorney
Federal Trade Commission

**From:** Alan Argaman [mailto:alanleaaa@gmail.com]
**Sent:** Friday, May 26, 2017 12:29 PM
**To:** Tepfer, Reid A.
**Cc:** Gallegos, Luis; Keller, Zachary A.; Shai Oved
**Subject:** Re: FTC v. BMG - Pretrial Meeting of Counsel (11:00 a.m. Pacific, May 26, 2017)

Counsel,

1.  First, you are flat-out disregarding the Judge's Standing Order I previously sent you by refusing to meet in person for this conference.  As there are a multitude of topics to cover, in person would be the most prudent way to do this.

Additionally, you are unilaterally setting times for this conference based on your schedule and Central Time, conveniently ignoring my schedule and forgetting that this case is in CA and thus should be scheduled based on Pacific Time.

Att. I

I have also offered to stipulate to extend the May 27 deadline as it seems incorrect that the deadline would be on a Saturday, and also seems like a premature deadline, as the actual final pre-trial conference is not until August 24.

Regardless, I will be on the call and make a good-faith effort to participate, but I will note the two points above (most notably your failure to meet in person, despite me making myself available) and the fact that you sent nearly 800 documents to me just 18 hours ago and somehow expect to review in detail all of these before our call today.

I have been in pro per for only a few days now and have not received "numerous" emails from you on this topic as you falsely claim.  I have received just this one, which I am responding to now.

**Please be advised that I do not consent to the recording of this call. I suggest that instead you follow the order and make an effort to meet in person. For your connivance I am pasting below the CA Penal Code 632. I suggest you follow it.**

**California's wiretapping law is a "two-party consent" law. California makes it a crime to record or eavesdrop on any confidential communication, including a private conversation or telephone call, without the consent of all parties to the conversation. See Cal. Penal Code § 632.**

2.  With regards to the depositions, I understand that you wish to bully an in pro per party such as myself, but rest assured I am well versed in the applicable procedures here and setting unilateral depositions is not proper procedure.  If necessary, I will file a Motion for Protective Order.

Thus, I urge you to work cooperatively with myself and Mr. Oved in coming up with available deposition dates that work for everybody, not just at the pure convenience of the FTC.

3.  With regards to mediation, no, I am not open to considering your one-side, baseless last "offer" you presented.  I again demand that you comply with the Judge's orders and engage in a good-faith mediation.

With regards to leniency, no leniency will be necessary as after the trial in this matter, I will be the prevailing party and will be sure to seek reimbursement of my many costs and fees caused by the FTC's bullying, harassment, improper threats, and bootstrapping in this case.

Thanks,
Alan Argaman

Att. I

On Fri, May 26, 2017 at 7:32 AM, Tepfer, Reid A. <rtepfer@ftc.gov> wrote:

Mr. Argaman,


Pursuant to the Court's Order (Dkt. 578), we have until May 27, 2017 (tomorrow) to conduct the pretrial meeting of counsel, and I am unavailable Saturday. This is why I have emailed both you and Mr. Oved several times over the past few weeks to schedule this conference, and you failed to provide notice of any conflicts. Despite this, I am willing to accommodate you to the extent possible under the order. If there is another time today during business hours in Central time that works better for you (and if Mr. Oved agrees to this time), we can discuss moving the call to another time today. But we cannot postpone the pretrial conference to the dates you've discussed without order of the Court. Shai has indicated that he will participate in the meeting today, so I hope that you can adjust your schedule to join. Shai, I wanted to advise again of the call-in information. **The conference line is (877)848-7030; the access code is 9799395.** I believe that it is appropriate that this meeting be conducted telephonically, as no one stated an intent to participate in this meeting (or even responded to my numerous emails) until the night before the meeting was to be held.


**Please be advised we intend to use the conference line's recording services to record our meeting.**


Under the local rules you and Secured Merchants have several obligations, including providing notice of witnesses and exhibits. If you refuse to conduct the pretrial meeting of counsel within the time specified by the order and/or fail to meet your obligations under the local rules, please be advised that I intend to file a motion to show cause why you should not be defaulted. Please consider this email the meet and confer on this motion pursuant to the local rules.


Concerning the trial depositions, those are the dates that the witnesses and their counsel stated they were available. Your prior counsel was CC'ed on all emails scheduling those depositions, and I received no notification concerning any conflict that you or Mr. Oved had. Accordingly, the depositions will proceed on those dates. As the Court stated at the previous status conference, you may subpoena these witnesses to have them available at trial for cross-examination if you so desire. Please be aware that at this time the FTC has no intention of subpoenaing these individuals to be available at trial.


As I stated in our status report, I am open to mediation. Because the Court stated that we needed to get in touch with the Magistrate on the day of the status conference to get on his calendar. I emailed you and Mr. Oved that day, (5/15) concerning this and never received any response. You can contact the Magistrate's chambers, but there is a significant possibility that he may now be unable to put us on his calendar before the mediation cutoff. Further, the FTC does not agree to hire a private mediator. That said, if you have a genuine interest in settlement, I ask that you review the last proposed order that we provided you and your counsel. I believe that that order contains every accommodation we can possibly make for you. I should note that as we incur additional expenses and expend even more resources on this case, I am becoming less inclined to recommend the Commission accept such a lenient settlement for you.


Reid Tepfer

Att. I

Attorney

Federal Trade Commission


**From:** alan le [mailto:alanleaaa@gmail.com]
**Sent:** Thursday, May 25, 2017 6:27 PM
**To:** Tepfer, Reid A.
**Cc:** Shai Oved; Keller, Zachary A.; Gallegos, Luis; Sagar Parikh
**Subject:** Re: FTC v. BMG - Pretrial Meeting of Counsel (11:00 a.m. Pacific, May 26, 2017)


Reid,


I am reviewing the Standing Order Re Pre-Trial Conferences (see attached) and it seems that
1.  we have until 21 days before the Final Pretrial Conference (August 24, 2017) and
2.  there is quite a bit involved with this conference.


Thus, it would not be prudent to do it over the phone on such short notice, especially when you have just sent me over 1.25 gb of information hours before our conference.  How do you expect me to go through this stuff and prepare for the pretrial conference this quickly?


Please let me know some dates you are available in June or July.  I am not amenable to doing it over the phone, as the Standing Order clearly states counsel are to meet in person.


Thanks,
Alan Argaman


On Thu, May 25, 2017 at 11:44 AM, Tepfer, Reid A. <rtepfer@ftc.gov> wrote:

Messrs. Oved and Argaman:


I have had the exhibits sent to you both by secure file transfer in anticipation of our meeting tomorrow. It will be coming from Tina Garcia. Please let me know if you do not receive the email.


**The download link is only active for 72 hours, so please download these exhibits as soon as possible.**


Reid Tepfer

Att. I

Attorney

Federal Trade Commission

---

**From:** Tepfer, Reid A.
**Sent:** Friday, May 19, 2017 10:26 AM
**To:** 'Shai Oved'; 'AlanLeAAA@gmail.com'
**Cc:** Keller, Zachary A.; Gallegos, Luis

**Subject:** FTC v. BMG - Pretrial Meeting of Counsel (11:00 a.m. Pacific, May 26, 2017)

Messrs. Oved and Argaman,

Despite numerous requests, I have not received a response from either of you providing your availability next week for our pretrial meeting of counsel. As you know, the deadline for us to complete this pretrial meeting is next week.

Because you have not identified any dates or times you would be unavailable, I have set the meeting, to be conducted telephonically, for **11:00 a.m. Pacific on May 26, 2017**. All pertinent information is in the attached notice.

Reid Tepfer

Attorney

Federal Trade Commission

---

**From:** Tepfer, Reid A.
**Sent:** Thursday, May 18, 2017 8:45 AM
**To:** 'Shai Oved'
**Cc:** 'Sagar Parikh'; Keller, Zachary A.; Gallegos, Luis; 'AlanLeAAA@gmail.com'
**Subject:** RE: FTC v. Bunzai - Deposition of Tyler Reitenbach

Thanks, Shai. I was actually calling to get your availability for next week. As you know, next week is our deadline for our pretrial meeting of counsel. Please let me know specific dates and times that work for you and Mr. Argaman to have this meeting. Additionally, please advise as soon as possible whether you and Mr. Argaman object to conducting the pretrial meeting of counsel telephonically. If that works for you both, I can provide call-in information for our conference line.

Att. I

Concerning Friday's deposition (Mr. Stayner), we are postponing that deposition, as well as next Tuesday's (Mr. Reitenbach), pursuant to the agreement with Sagar. Those depositions are now scheduled for July 18 and 19th. Both you and Mr. Argaman were CC'ed on the emails discussing those changes. The depositions and dates are listed in our amended notice of trial depositions, which we previously sent you.

To answer your question, we may notice additional depositions before the July 30 deposition cutoff. However, we have not noticed any depositions at this time other than those listed in the amended notice you received.

As for copies of deposition transcripts, all are available on the docket except Roi Reuveni's, which we intend to file eventually. If you need his sooner, I can provide you the contact information for the court reporter so that you can request a copy. Please let me know if you'd like me to provide that contact information.

Reid Tepfer

Attorney

Federal Trade Commission

---

**From:** Shai Oved [mailto:ssoesq@aol.com]
**Sent:** Wednesday, May 17, 2017 4:24 PM
**To:** Tepfer, Reid A.
**Cc:** Sagar Parikh; Keller, Zachary A.; Gallegos, Luis; AlanLeAAA@gmail.com
**Subject:** Re: FTC v. Bunzai - Deposition of Tyler Reitenbach

Reid,

I understand you called my office and left a message. As I stated previously, this week I am incredibly busy with court hearings.

This is precisely why I could not attend depositions this week. I thought you had scheduled a deposition for Friday but I don't not see that on the amended notice of deposition list.

Are these the only remaining depositions you intend to proceed proceed with in this case?

With respect to the former depositions in stipulated facts, I was not present at those depositions and not able to cross examine witnesses, nor was I able to observe the demeanor of each of the witnesses and whether the testimony is accurate or not.

Att. I

If you are able to provide me with the former rule 26 exchanges and any transcripts that would be appreciated.

My schedule will be more open next week, so we should be able to get our meet and confer in.

Very truly yours,
Shai Oved
The Law Offices of Shai Oved
7445 Topanga Cyn. Blvd., Suite 220
Canoga Park, California  91303
Tel: (818) 992-6588
Fax: (818) 992-6511
Email: ssoesq@aol.com
www.shaioved.com
_____
The information contained in this email is intended only for the individual or entity named above and may contain attorney privileged and confidential information.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copy of this communication is strictly prohibited.  If you received this communication in error, please immediately notify us by the telephone number above and return any hard copies to us via the postal service.. The Law Offices of Shai Oved is a debt relief agency which helps people file for bankruptcy under the Bankruptcy Code. Shai Oved is a Certified Bankruptcy Law Specialist by The State Bar of California Board of Legal Specialization.

Sent from my iPhone

On May 17, 2017, at 11:17 AM, Tepfer, Reid A. <rtepfer@ftc.gov> wrote:

Please find attached Plaintiff's amended notice of trial depositions.

Reid Tepfer

Attorney

Federal Trade Commission

**From:** Tepfer, Reid A.
**Sent:** Wednesday, May 17, 2017 10:08 AM
**To:** 'Sagar Parikh'
**Cc:** Keller, Zachary A.; Gallegos, Luis; 'AlanLeAAA@gmail.com'; 'Shai Oved'
**Subject:** RE: FTC v. Bunzai - Deposition of Tyler Reitenbach

Att. I

Sagar,

Those dates work for us. We will send a revised notice.

Reid Tepfer

Attorney

Federal Trade Commission

**From:** sp1085@gmail.com [mailto:sp1085@gmail.com] **On Behalf Of** Sagar Parikh
**Sent:** Wednesday, May 17, 2017 9:04 AM
**To:** Tepfer, Reid A.
**Cc:** Keller, Zachary A.; Gallegos, Luis; AlanLeAAA@gmail.com; Shai Oved
**Subject:** RE: FTC v. Bunzai - Deposition of Tyler Reitenbach

July 18 and 19 work for us. Service is waived.

However, I don't know if those dates work for Messrs. Oved or Argaman.

Sagar Parikh, Esq.
Beverly Hills Law Corp, PC
433 N Camden Drive, 6th Floor
Beverly Hills, CA 90210
Tel: 310-887-1338
Fax: 310-982-2603
Email: SP@BeverlyHillsLawCorp.com

On May 17, 2017 6:59 AM, "Tepfer, Reid A." <rtepfer@ftc.gov> wrote:

Sagar,

I understand that you've stated you are unavailable those dates. This is why we're trying to work out a new date with you and have offered witness narratives as a possible alternative. But we cannot agree to accrue additional expenses to accommodate you or your client, which is why we need to agree to consecutive dates and the waiver of service before we can agree to postpone.

Att. I

The Court indicated that if we do not resolve our disagreements concerning the trial depositions, we need to bring this matter before the Court via a joint ex parte motion as soon as possible. Your clients cannot simply elect not to appear when they have been properly served. We must either reach an agreement, or they must seek relief from the Court.

Please let us know consecutive dates you and your client are available and whether your client agrees to waive service by COB today. Otherwise, we'll have to begin working on the joint ex parte motion. Please be advised that in such a motion we would be requesting that your clients be held in contempt.

Reid Tepfer

Attorney

Federal Trade Commission

**From:** sp1085@gmail.com [mailto:sp1085@gmail.com] **On Behalf Of** Sagar Parikh
**Sent:** Tuesday, May 16, 2017 4:12 PM
**To:** Tepfer, Reid A.
**Cc:** Gallegos, Luis; Keller, Zachary A.
**Subject:** Re: FTC v. Bunzai - Deposition of Tyler Reitenbach

I don't understand why this is so hard for you Reid.

**As I have already said to you 4 different times, I am not available this Friday or on the 23rd for either of the two depos of my Clients.**

Thus, I am hereby notifying you that regardless of whether or not the Declarations are signed, we are not going to show up and **yes, we will provide you with two dates between now and July 30, excluding June 7 through 19 for the two depos.**

We cannot guarantee they will be consecutive dates, as it depends on my schedule, my Clients' schedule and presumably, the schedule of Messrs. Argaman and Oved.  Travel expenses are not our concern, as it is not my Clients' nor my problem that the FTC has an office in Texas working on a California case.

Att. I

Sagar Parikh, Esq.


# BEVERLY HILLS LAW CORP., PC

### 433 N. CAMDEN DRIVE, 6TH FLOOR

### BEVERLY HILLS, CA 90210

Tel |     (310) 887-1338

Fax |    (310) 982-2603
Email |   SP@BeverlyHillsLawCorp.com

Web |    www.BeverlyHillsLawCorp.com

_____

CONFIDENTIALITY NOTICE: This message and any attachments are intended solely for the person or entity to which it is addressed and may contain confidential or privileged information, the disclosure of which is governed by applicable law. If the recipient of this message is not the addressee or employee or agent responsible for delivering the message to the addressee, such recipient is prohibited from reading or using this message in any way. If you have received this message in error, please call the sender of this message and destroy the related message immediately.

_____


On Tue, May 16, 2017 at 2:07 PM, Tepfer, Reid A. <rtepfer@ftc.gov> wrote:

Sagar,


We need to reach an agreement concerning these scheduling issues by tomorrow, as we need to provide the Court reporter 48 hours' notice of a cancellation to avoid charges. At this time, your clients' depositions remain on calendar.


As mentioned previously, to minimize our travel expenses, we need to schedule your clients' depositions for consecutive days. We are only willing to discuss postponing the depositions if your clients waive formal service. I am unavailable June 7 through June 19.

Att. I

If we are unable to reach an agreement on these matters and determine a mutually agreeable date, we will need to get this matter before the Court via a joint *ex parte* motion.

Reid Tepfer

Attorney

Federal Trade Commission

**From:** sp1085@gmail.com [mailto:sp1085@gmail.com] **On Behalf Of** Sagar Parikh
**Sent:** Tuesday, May 16, 2017 3:23 PM

**To:** Tepfer, Reid A.
**Cc:** Gallegos, Luis; Keller, Zachary A.
**Subject:** Re: FTC v. Bunzai - Deposition of Tyler Reitenbach

Will advise when I know.

Sagar Parikh, Esq.

# BEVERLY HILLS LAW CORP., PC

433 N. CAMDEN DRIVE, 6TH FLOOR

BEVERLY HILLS, CA 90210

Tel | (310) 887-1338

Fax | (310) 982-2603
Email | SP@BeverlyHillsLawCorp.com

Web | www.BeverlyHillsLawCorp.com

---

CONFIDENTIALITY NOTICE: This message and any attachments are intended solely for the person or entity to which it is addressed and may contain confidential or privileged information, the disclosure of which is governed by applicable law. If the recipient of this message is not the addressee or employee or agent responsible for delivering the message to the addressee, such recipient is prohibited from reading or using this message in any way. If you have received this message in error, please call the sender of this message and destroy the related message immediately.

Att. I

On Tue, May 16, 2017 at 1:04 PM, Tepfer, Reid A. <rtepfer@ftc.gov> wrote:

Sagar,

Can you give us an update concerning the status of Robert Stayner's witness narrative? Additionally, if Mr. Reitenbach is interested in proceeding with a witness narrative, we would need to get an interview scheduled with him soon.

Reid Tepfer

Attorney

Federal Trade Commission

---

**From:** Tepfer, Reid A.
**Sent:** Monday, May 15, 2017 9:37 AM
**To:** 'Sagar Parikh'
**Cc:** Gallegos, Luis; Keller, Zachary A.
**Subject:** RE: FTC v. Bunzai - Deposition of Tyler Reitenbach

The document is attached. If you wish to discuss the declaration, please give me a call.

Please be advised that if his declaration contradicts or otherwise does not reflect his prior statements during our interview, we will have to proceed with the deposition to determine the reason for any discrepancies.

Reid Tepfer

Attorney

Federal Trade Commission

**From:** sp1085@gmail.com [mailto:sp1085@gmail.com] **On Behalf Of** Sagar Parikh
**Sent:** Friday, May 12, 2017 5:52 PM

Att. I

**To:** Gallegos, Luis
**Cc:** Tepfer, Reid A.

**Subject:** Re: FTC v. Bunzai - Deposition of Tyler Reitenbach

Counsel,

We would like to make some changes, so please provide the document in Word, so we can redline and send back to you.

Thanks

Sagar Parikh, Esq.

# BEVERLY HILLS LAW CORP., PC

**433 N. CAMDEN DRIVE, 6TH FLOOR**

**BEVERLY HILLS, CA 90210**

Tel |    (310) 887-1338

Fax|    (310) 982-2603
Email |  SP@BeverlyHillsLawCorp.com

Web |    www.BeverlyHillsLawCorp.com

CONFIDENTIALITY NOTICE: This message and any attachments are intended solely for the person or entity to which it is addressed and may contain confidential or privileged information, the disclosure of which is governed by applicable law. If the recipient of this message is not the addressee or employee or agent responsible for delivering the message to the addressee, such recipient is prohibited from reading or using this message in any way. If you have received this message in error, please call the sender of this message and destroy the related message immediately.

Att. I

On Fri, May 12, 2017 at 2:07 PM, Sagar Parikh <sp@beverlyhillslawcorp.com> wrote:

Thanks.  Will review, discuss with my Client, and advise.

Sagar Parikh, Esq.

## BEVERLY HILLS LAW CORP., PC

### 433 N. CAMDEN DRIVE, 6TH FLOOR

### BEVERLY HILLS, CA 90210

Tel | (310) 887-1338

Fax | (310) 982-2603
Email | SP@BeverlyHillsLawCorp.com

Web | www.BeverlyHillsLawCorp.com

_____

CONFIDENTIALITY NOTICE: This message and any attachments are intended solely for the person or entity to which it is addressed and may contain confidential or privileged information, the disclosure of which is governed by applicable law. If the recipient of this message is not the addressee or employee or agent responsible for delivering the message to the addressee, such recipient is prohibited from reading or using this message in any way. If you have received this message in error, please call the sender of this message and destroy the related message immediately.

_____

On Fri, May 12, 2017 at 12:12 PM, Gallegos, Luis <LGALLEGOS@ftc.gov> wrote:

Sagar,

The draft of Mr. Stayner's declaration is attached for his review. Please get back to us ASAP given the time constraints.

Luis Gallegos

Attorney

Att. I

Federal Trade Commission

1999 Bryan St., Suite 2150

Dallas, Texas 75201

(214) 979-9383

**From:** sp1085@gmail.com [mailto:sp1085@gmail.com] **On Behalf Of** Sagar Parikh
**Sent:** Friday, May 12, 2017 12:30 PM

**To:** Tepfer, Reid A.
**Cc:** Keller, Zachary A.; Gallegos, Luis
**Subject:** RE: FTC v. Bunzai - Deposition of Tyler Reitenbach

Send over the Stayner declaration. I'll talk to Reitenbach re interviews.

Sagar Parikh, Esq.
Beverly Hills Law Corp, PC
433 N Camden Drive, 6th Floor
Beverly Hills, CA 90210
Tel: 310-887-1338
Fax: 310-982-2603
Email: SP@BeverlyHillsLawCorp.com

On May 12, 2017 10:13 AM, "Tepfer, Reid A." <rtepfer@ftc.gov> wrote:

Sagar,

The declaration would have to be based upon interviews with Mr. Reitenbach, which we have not yet conducted. If Mr. Reitenbach would like to proceed with a narrative statement, we would need to conduct an interview with him as soon as possible. Please advise of you and your client's availability for today or Monday if you would like to proceed with the narrative statement.

We have almost completed a draft declaration for Mr. Stayner based on his earlier interview. We would be able to share that shortly if he would like to consider that route as well. We do not agree to postpone Mr. Stayner's deposition, and it does not appear to conflict with the dates you gave for your arbitration.

Att. I

We followed up with Mr. Stayner concerning the draft declaration before we learned of your
representation. Accordingly, please advise him to contact us only through you.

Reid Tepfer

Attorney

Federal Trade Commission

**From:** sp1085@gmail.com [mailto:sp1085@gmail.com] **On Behalf Of** Sagar Parikh
**Sent:** Friday, May 12, 2017 12:06 PM
**To:** Tepfer, Reid A.
**Cc:** Keller, Zachary A.; Gallegos, Luis
**Subject:** RE: FTC v. Bunzai - Deposition of Tyler Reitenbach

We can't say one way or another, without seeing a draft of the Declaration.

Please send it over and we'll advise.

Note that my firm has just been retained to represent Mr. Stayner at his deposition as well and as
I previously advised, the deposition will have to be continued, as I'm unavailable on the
unilaterally selected date.

If you want to propose a Declaration for him too, we'll also take a look.

Sagar Parikh, Esq.
Beverly Hills Law Corp, PC
433 N Camden Drive, 6th Floor
Beverly Hills, CA 90210
Tel: 310-887-1338
Fax: 310-982-2603
Email: SP@BeverlyHillsLawCorp.com

On May 12, 2017 8:13 AM, "Tepfer, Reid A." <rtepfer@ftc.gov> wrote:

Sagar,

Att. I

I wanted to offer a possible solution. We would be willing to explore drafting a witness narrative (i.e., declaration) in lieu of the trial deposition.

I know you are familiar with that process, but I should expressly mention several caveats. The witness narrative would be drafted by us based on interviews with your client, and your client would have the opportunity to review before signing to make sure it is completely accurate. The cancellation of the trial deposition would be solely at the FTC's discretion, and we would only agree to do so upon receiving a signed declaration that was drafted with your client's full and accurate testimony. As you know, the process would require your client's full cooperation and complete candor in these interviews.  Given that these dates are fast approaching, we would need receive a signed declaration from your client by 5/19/17 to agree to cancel.

Please advise as soon as possible whether your client would be open to this process.

Reid Tepfer

Attorney

Federal Trade Commission

**From:** sp1085@gmail.com [mailto:sp1085@gmail.com] **On Behalf Of** Sagar Parikh
**Sent:** Thursday, May 11, 2017 4:27 PM
**To:** Tepfer, Reid A.
**Cc:** Gallegos, Luis; Keller, Zachary A.
**Subject:** Re: FTC v. Bunzai - Deposition of Tyler Reitenbach

Actually, you're wrong.

We are not trying to "quash" the subpoena as we do not claim that it was improperly served or anything of the sort.  We only wish to do the deposition at a mutually convenient time on a mutually convenient day.

Under FRCP 45(g), The court for the district where compliance is required — and also, after a motion is transferred, the issuing court — may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

Att. I

A party's counsel being unavailable due to being engaged in another matter is an "adequate excuse" to not obey the show up on the date my Client was subpoenaed for.

You can choose to waste the Court's time with additional Motions, cause all parties to incur additional costs and expenses, and delay things even further, or you can be reasonable and work with me in finding a mutually agreeable date.

Sagar Parikh, Esq.

# BEVERLY HILLS LAW CORP., PC

433 N. CAMDEN DRIVE, 6TH FLOOR

BEVERLY HILLS, CA 90210

Tel |    (310) 887-1338

Fax|    (310) 982-2603
Email |  SP@BeverlyHillsLawCorp.com

Web |    www.BeverlyHillsLawCorp.com

_____

CONFIDENTIALITY NOTICE: This message and any attachments are intended solely for the person or entity to which it is addressed and may contain confidential or privileged information, the disclosure of which is governed by applicable law. If the recipient of this message is not the addressee or employee or agent responsible for delivering the message to the addressee, such recipient is prohibited from reading or using this message in any way. If you have received this message in error, please call the sender of this message and destroy the related message immediately.

_____

On Thu, May 11, 2017 at 2:14 PM, Tepfer, Reid A. <rtepfer@ftc.gov> wrote:

Sagar,

Your client has been properly served with a subpoena for this deposition. Accordingly, Mr. Reitenbach cannot simply elect not to attend. Under the federal rules, the appropriate action would be filing a

Att. I

motion to quash. If Mr. Reitenbach fails to appear, we will file a motion seeking to have him held in contempt.

Please advise immediately if and when Mr. Stayner retains you as counsel.

Thanks,

Reid

**From:** sp1085@gmail.com [mailto:sp1085@gmail.com] **On Behalf Of** Sagar Parikh
**Sent:** Thursday, May 11, 2017 3:52 PM

**To:** Tepfer, Reid A.
**Cc:** Gallegos, Luis; Keller, Zachary A.
**Subject:** Re: FTC v. Bunzai - Deposition of Tyler Reitenbach

Reid,

You are not accommodating anything as I am in trial (arbitration hearing) all week.  Thus, moving dates within the week has no effect whatsoever.

And with all due respect, this entire case has caused all the parties to incur costs and expenses, so that is not a valid consideration.

As far as the time constraints, again, the deadline is June 13, so there are numerous days to do the deposition on or before that date.

Additionally, I have already offered to stipulate to a continuance of the June 13 date.

Note that Mr. Reitenbach will NOT be appearing as noticed at this time, as his counsel (myself) is not available.

Att. I

We are putting you on notice of that, so the FTC does not improperly take that as a non-appearance and file a Motion to Compel.

Rather than going down that road, I suggest we work together to come up with some dates.

And again, as my firm will likely be retained by Mr. Stayner, we will have to reschedule his deposition to later in May or June as well.

Sagar Parikh, Esq.

## BEVERLY HILLS LAW CORP., PC

433 N. CAMDEN DRIVE, 6TH FLOOR

BEVERLY HILLS, CA 90210

Tel |   (310) 887-1338

Fax |   (310) 982-2603
Email |   SP@BeverlyHillsLawCorp.com

Web |   www.BeverlyHillsLawCorp.com

CONFIDENTIALITY NOTICE: This message and any attachments are intended solely for the person or entity to which it is addressed and may contain confidential or privileged information, the disclosure of which is governed by applicable law. If the recipient of this message is not the addressee or employee or agent responsible for delivering the message to the addressee, such recipient is prohibited from reading or using this message in any way. If you have received this message in error, please call the sender of this message and destroy the related message immediately.

On Thu, May 11, 2017 at 1:45 PM, Tepfer, Reid A. <rtepfer@ftc.gov> wrote:

Sagar,

Att. I

Regrettably, as mentioned we do not have much flexibility given the time constraints and the expenses we would accrue from postponing the deposition.

We've offered to accommodate you by moving the deposition to a different time that week. But we cannot otherwise agree to move the deposition.

Thanks,

Reid

**From:** sp1085@gmail.com [mailto:sp1085@gmail.com] **On Behalf Of** Sagar Parikh
**Sent:** Thursday, May 11, 2017 1:47 PM

**To:** Tepfer, Reid A.
**Cc:** Gallegos, Luis; Keller, Zachary A.
**Subject:** Re: FTC v. Bunzai - Deposition of Tyler Reitenbach

I am happy to do the deposition before the deadline for submitting deposition testimony.

As a courtesy to the FTC, I will also be amenable to stipulating to a continuance of that date.

Not sure what you would like me to do when I am in an arbitration hearing all week.

Sagar Parikh, Esq.

# BEVERLY HILLS LAW CORP., PC

433 N. CAMDEN DRIVE, 6TH FLOOR

BEVERLY HILLS, CA 90210

Tel |   (310) 887-1338

Att. I

Fax |    (310) 982-2603
Email |   SP@BeverlyHillsLawCorp.com

Web |   www.BeverlyHillsLawCorp.com

_____

CONFIDENTIALITY NOTICE: This message and any attachments are intended solely for the person or entity to which it is addressed and may contain confidential or privileged information, the disclosure of which is governed by applicable law. If the recipient of this message is not the addressee or employee or agent responsible for delivering the message to the addressee, such recipient is prohibited from reading or using this message in any way. If you have received this message in error, please call the sender of this message and destroy the related message immediately.

_____

On Thu, May 11, 2017 at 11:44 AM, Tepfer, Reid A. <rtepfer@ftc.gov> wrote:

Sagar,

As I mentioned, we cannot agree to reschedule beyond that week. The deadline for submitting deposition testimony to the Court is fast approaching, and we will accrue expenses if we reschedule to a different week.

Reid Tepfer

Attorney

Federal Trade Commission

**From:** sp1085@gmail.com [mailto:sp1085@gmail.com] **On Behalf Of** Sagar Parikh
**Sent:** Thursday, May 11, 2017 1:39 PM
**To:** Tepfer, Reid A.
**Cc:** Gallegos, Luis; Keller, Zachary A.
**Subject:** Re: FTC v. Bunzai - Deposition of Tyler Reitenbach

Reid,

As I stated, I was just retained.  Thus, being aware of the deposition months ago is not relevant.

Att. I

I was not planning on attending this deposition until Mr. Reitenbach hired me, which is why I never raised the conflict previously.

I have an arbitration that week and am not available.  Please provide some other dates.

As a heads up, Mr. Stayner may also retain me, although he has not officially done so yet.

Sagar Parikh, Esq.

## BEVERLY HILLS LAW CORP., PC

433 N. CAMDEN DRIVE, 6TH FLOOR

BEVERLY HILLS, CA 90210

Tel |   (310) 887-1338

Fax|   (310) 982-2603
Email |  SP@BeverlyHillsLawCorp.com

Web |   www.BeverlyHillsLawCorp.com

_____

CONFIDENTIALITY NOTICE: This message and any attachments are intended solely for the person or entity to which it is addressed and may contain confidential or privileged information, the disclosure of which is governed by applicable law. If the recipient of this message is not the addressee or employee or agent responsible for delivering the message to the addressee, such recipient is prohibited from reading or using this message in any way. If you have received this message in error, please call the sender of this message and destroy the related message immediately.

_____

On Thu, May 11, 2017 at 11:28 AM, Tepfer, Reid A. <rtepfer@ftc.gov> wrote:

Sagar,

You've been aware of this deposition date since February, and Mr. Reitenbach was served over two month ago. Additionally, we've already made travel arrangements and intended to conduct all of our depositions the week of May 23.

Att. I

Because moving the deposition would cause the FTC to accrue additional expenses, we cannot agree to postpone this deposition beyond that week.

We could agree to move it to earlier in the week to the 22nd. We may also be able to move it to the 24th, although we may have another deposition that date. We could also potentially agree to delay the start time on the 23rd until later in the day.

Reid Tepfer

Attorney

Federal Trade Commission

**From:** sp1085@gmail.com [mailto:sp1085@gmail.com] **On Behalf Of** Sagar Parikh
**Sent:** Thursday, May 11, 2017 10:25 AM
**To:** Tepfer, Reid A.; Gallegos, Luis
**Subject:** FTC v. Bunzai - Deposition of Tyler Reitenbach

Dear Counsel,

This firm has just been retained as counsel for Mr. Reitenbach for the purpose of representing him at his deposition in this case.

I am emailing you to respectfully request that we meet and confer as to dates for Mr. Reitenbach's deposition.

I have an all day arbitration on the currently noticed date of May 23 (that entire week actually) and am thus unavailable.

Please provide 3-5 other proposed dates in June/July for this deposition.

Att. I

Thank you

Sagar Parikh, Esq.
Beverly Hills Law Corp, PC
433 N Camden Drive, 6th Floor
Beverly Hills, CA 90210
Tel: 310-887-1338
Fax: 310-982-2603
Email: SP@BeverlyHillsLawCorp.com

<FTC v. BMG. Second Amended Notice of Trial Depositions.pdf>

Att. I