DAVID C. SHONKA
Acting General Counsel

REID TEPFER
rtepfer@ftc.gov; Tex. Bar No. 24079444
LUIS GALLEGOS
lgallegos@ftc.gov; Okla. Bar No. 19098
ZACHARY A. KELLER
zkeller@ftc.gov; Tex. Bar No. 24087838
DAMA J. BROWN
Dbrown1@ftc.gov; Mi. Bar No. P54775

Federal Trade Commission
1999 Bryan Street, Suite 2150
Dallas, Texas 75201
(214) 979-9395 (Tepfer); (214) 979-9383 (Gallegos);
(214) 979-9382 (Keller); (214) 979-9374 (Brown)
(214) 953-3079 (fax)

RAYMOND MCKOWN
rmckown@ftc.gov; Cal. Bar No. 150975
10877 Wilshire Boulevard, Suite 700
Los Angeles, California 90024
(310) 824-4343(voice); (310) 824-4380 (fax)

Attorneys for Plaintiff Federal Trade Commission

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,**<br><br>**Plaintiff,**<br><br>v.<br><br>**BUNZAI MEDIA GROUP, INC.,** *et al.*<br><br>**Defendants.** | Case No. CV 15-4527-GW(PLAx)<br><br>**DECLARATION OF PLAINTIFF'S COUNSEL IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST KHRISTOPHER BOND** |

1  I, Reid Tepfer, pursuant to Federal Rule of Civil Procedure 55 and Local Rule 55-1, declare as follows:

2  1. I am an attorney for the Federal Trade Commission (FTC), an agency of the United States and the Plaintiff in this lawsuit.

3  2. On June 15, 2015, the FTC filed its Complaint for Injunctive and Other Equitable Relief ("Complaint") in the United States District Court for the Central District of California against Bunzai Media Group, Inc.; Pinnacle Logistics, Inc.; DSA Holdings, Inc.; Lifestyle Media Brands, Inc.; Agoa Holdings, Inc.; Zen Mobile Media, Inc.; Safehaven Ventures, Inc.; Heritage Alliance Group, Inc.; AMD Financial Network, Inc.; SBM Management Inc.; Media Urge, Inc.; Adageo, Inc.; Calenergy, Inc.; Kai Media, Inc.; Insight Media, Inc.; Alon Nottea; Motti Nottea; Doron Nottea; Igor Latsanovski; Oz Mizrahi; Roi Reuveni; and Kristopher Bond, a/k/a Ray Ibbot ("Defendant Bond"). (Dkt. 1). The Complaint alleges that acting as a common enterprise, Defendants violated Section 5(a) of the Federal Trade Commission Act, 15 U.S.C. § 5(a), Section 5 of the Restore Online Shoppers' Confidence Act, 15 U.S.C. § 8404, and Section 917(c) of the Electronic Fund Transfer Act, 15 U.S.C. § 1693o(c). *Id.*

4  3. The FTC properly served the Complaint on Bunzai Media Group, Inc. (Dkt. 71); Pinnacle Logistics, Inc. (Dkt. 109); DSA Holdings, Inc. (Dkt. 72); Lifestyle Media Brands, Inc. (Dkt. 73); Agoa Holdings, Inc. (Dkt. 74); Zen

Mobile Media, Inc. (Dkt. 75); Safehaven Ventures, Inc. (Dkt. 76); Heritage Alliance Group, Inc. (Dkt. 77); SBM Management Inc. (Dkt. 79); Media Urge, Inc. (Dkt. 85); Adageo, Inc. (Dkt. 80); Calenergy, Inc. (Dkt. 81); Kai Media, Inc. (Dkt. 82); Insight Media, Inc. (Dkt. 83); Alon Nottea (Dkt. 110); Motti Nottea (Dkt.89); Doron Nottea (Dkt. 84); Igor Latsanovski (Dkt. 88); Oz Mizrahi (Dkt. 111); Roi Reuveni (Dkt. 87); and Kristopher Bond (Dkt. 86).

4. On October 9, 2015, the FTC filed its First Amended Complaint for Permanent Injunction and Other Equitable Relief ("Amended Complaint") (Dkt. 235). The Amended Complaint added the following defendants: Focus Media Solutions, Inc.; Secured Commerce, LLC; Secured Merchants, LLC; USM Products, Inc.; Merchant Leverage Group, Inc.; DMA Media Holdings, Inc.; Shalita Holdings, Inc.; All Star Beauty Products, Inc.; Alan Argaman; Paul Medina; and Relief Defendant Chargeback Armor, Inc. (Dkt. 235) The claims and relief sought in the Amended Complaint were identical to those sought in the Complaint. (C*ompare* Dkt. 1 *with* Dkt. 235).

5. The FTC properly served the Summons, Amended Complaint, and a copy of the proposed default judgment against Khristopher Bond submitted concurrently with this declaration. (Dkt. 569 at 6).

6. Defendant Bond has not filed an answer or otherwise responded to the Complaint or Amended Complaint.

7. The Clerk entered a default against Defendant Bond on January 27, 2017. (Dkt. 575).

8. Plaintiff is concurrently filing an Amended Second Motion for Default Judgment and Memorandum of Points and Authorities in Support Thereof against Defendant Bond.

9. Individual Defendant Bond is not an infant or minor. Plaintiff is unaware of any condition that would classify Defaulting Defendant as incompetent. To Plaintiff's knowledge Defaulting Defendants are not represented by a general guardian, committee, conservator, or other representative.

10. The Service members Civil Relief Act, 50 U.S.C. § 521, does not apply to Defendant Bond.

11. Notice required by Federal Rule of Civil Procedure 55(b)(2) is not required since Defendant Bond has not personally appeared in this matter. In any event, Defendant Bond was served with a copy of the proposed default order filed concurrently with Plaintiff's Motion for Default Judgment against Defendant Bond. (*See* Dkt. 569).

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: June 14, 2017  */s/ REID TEPFER*
REID A. TEPFER