DAVID C. SHONKA
Acting General Counsel

REID TEPFER
rtepfer@ftc.gov; Tex. Bar No. 24079444
LUIS GALLEGOS
lgallegos@ftc.gov; Okla. Bar No. 19098
ZACHARY A. KELLER
zkeller@ftc.gov; Tex. Bar No. 24087838
DAMA J. BROWN
Dbrown1@ftc.gov; Mi. Bar No. P54775

Federal Trade Commission
1999 Bryan Street, Suite 2150
Dallas, Texas 75201
(214) 979-9395 (Tepfer); (214) 979-9383 (Gallegos);
(214) 979-9382 (Keller); (214) 979-9374 (Brown)
(214) 953-3079 (fax)

RAYMOND MCKOWN
rmckown@ftc.gov; Cal. Bar No. 150975
10877 Wilshire Boulevard, Suite 700
Los Angeles, California 90024
(310) 824-4343(voice); (310) 824-4380 (fax)

Attorneys for Plaintiff Federal Trade Commission

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,**<br><br>Plaintiff,<br><br>v.<br><br>**BUNZAI MEDIA GROUP, INC.,** *et al.,*<br><br>Defendants. | **Case No. CV 15-4527-GW(PLAx)**<br><br>**JOINT STATUS REPORT TO MAGISTRATE JUDGE ABRAMS CONCERNING MEDIATION AND TO JUDGE WU RE: SETTLEMENT STATUS** |

Plaintiff FTC and Defendants Secured Merchants LLC and Alan Argaman submit the following status report concerning mediation pursuant to the Court's Order. (Doc. No. 603).

**Position of the FTC**

Although the FTC is willing to participate in further mediation proceedings, FTC staff has already communicated to Defendants the best settlement offer that it can recommend to the Commission.[1] Indeed, the FTC's most recent proposal includes modest injunctive relief and monetary relief that is wholly or partially suspended to reflect Defendants' actual abilities to pay the settlement.[2] This proposal is the result of extensive prior negotiations with Defendants and includes a significant number of modifications that were requested by Defendants.

The FTC is not able to recommend any further changes to its proposed recommendation. However, in past settlement discussions, Defendants and counsel appeared to misunderstand many of the order's terms and their

---

[1] Settlement authority for the FTC resides exclusively in the Commission itself, which can act only upon a majority vote of a quorum. *See FTC v. Flotill Products, Inc.*, 389 U.S. 179, 183 (1967); *see also* COMMISSION RULE OF PRACTICE 4.14(c), 16 C.F.R. Part 4.14; 15 U.S.C. § 56(a)(2).

[2] The FTC determines a defendant's ability to pay based on financial statements detailing his or her current financial status. FTC counsel cannot recommend a suspended or partially suspended judgment without this information. If additional mediation were to be held, the FTC requests that Defendants be required to attend after updating their FTC financial statements to ensure that mediation is productive.

consequences. FTC counsel is willing to participate in mediation to further explain the proposed order's provisions and their potential legal consequences, as well as to discuss Defendants' abilities to pay a settlement.

Notably, the FTC has incurred significant expenses in the interest of reaching a settlement in this matter. The parties have met twice for in-person mediation and have had numerous settlement phone calls facilitated by a private mediator. At each mediation, the parties seemed to make progress, only for FTC counsel to learn afterwards that Defendants again state they will only agree to an outright dismissal from the lawsuit. Based on the extensive evidence against Defendants, FTC counsel cannot make such a recommendation to the Commission.

**Position of Defendants Secured Merchants, LLC and Alan Argaman**

Counsel for Secured Merchants contacted Magistrate Judge Abrams to inquire about availability.

Both Argaman and Secured Merchants believe a further settlement conference is appropriate and will be meaningful as the former impediment to settlement, Chargeback Armor, has now been dismissed from this matter.

/ / /

2
Joint Status Report Concerning Mediation

In order to accommodate the FTC schedules and to coordinate with the depositions in late July, we suggest a settlement conference on July 20 or the 27th.

Respectfully submitted,

Dated: 6/15/17

*/s/ REID TEPFER*_____
REID A. TEPFER
LUIS H. GALLEGOS
Attorneys for the Plaintiff
Federal Trade Commission
1999 Bryan Street, Suite 2150
Dallas, Texas 75201
(214) 979-9395 (Tepfer)
(214) 979-9383 (Gallegos)
(214) 953-3079 (facsimile)
rtepfer@ftc.gov
lgallegos@ftc.gov

Dated: 6/15/17

/s/ Shai Oved_____
Shai Oved
Attorney for Secured Merchants LLC

Dated: 6/15/17

/s/ Alan Argaman_____
Alan Argaman
*Pro se* defendant

(Counsel submitting this form attests and confirms that the electronic signature of Alan Argaman and Reid Tepfer is authorized and that they consent to this filing.

3
Joint Status Report Concerning Mediation

**CERTIFICATE OF SERVICE**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 7445 Topanga Cyn Blvd., Suite 220, Canoga Park, CA 91303.  A true and correct copy of the foregoing document **JOINT STATUS REPORT TO MAGISTRATE JUDGE ABRAMS CONCERNING MEDIATION AND TO JUDGE WU RE: SETTLEMENT STATUS,** will be served or was served **(a)** on the judge in chambers and **(b)** in the manner indicated below:

I.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** –The foregoing document will be served by the court via NEF and hyperlink to the document. I checked the CM/ECF docket for this case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

Reid A Tepfer          rtepfer@ftc.gov, dbrown1@ftc.gov, egarcia@ftc.gov, jelliott@ftc.gov
Luis H Gallegos        lgallegos@ftc.gov;
Dama J Brown           dbrown1@ftc.gov
Zachary A Keller       zkeller@ftc.gov

II.  **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On _____, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

III.  **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LR, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

Defendant Alan Argaman, pro se  via Email to AlanLeAAA@gmail.com


The Honorable George Wu          The Honorable Paul Abrams
US District Court, Courtroom 9D   US District Court, Courtroom 708
350 West 1st Street              255 East Temple Street
Los Angeles, CA 90012-4701       Los Angeles, CA 90012

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 6/15/17 | Shai Oved | /s/ Shai Oved |
|---------|-----------|---------------|
| *Date* | *Type Name* | *Signature* |

4
Joint Status Report Concerning Mediation