Shai Oved, Esq. (SBN 185526)
The Law Offices of Shai Oved
7445 Topanga Cyn Blvd., Suite 220
Canoga Park, California 91303
Telephone:   (818) 992-6588
Facsimile:   (818) 992-6511
Email:        ssoesq@aol.com

Attorneys for Secured Merchants, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>BUNZAI MEDIA GROUP, INC., et al.,<br><br>Defendants.<br>_____<br>SECURED MERCHANTS, LLC,<br>CHARGEBACK ARMOR, INC. AND<br>ALAN ARGAMAN,<br><br>Cross-Claimants<br><br>v.<br><br>ALON NOTTEA, an individual,<br><br>Cross-Defendant | **Case No.: 2:15-cv-04527-GW (PLAx)**<br><br>**SECURED MERCHANTS, LLC'S OPPOSITION TO FTC'S MOTION TO PRECLUDE UNDISCLOSED WITNESSES, EXHIBITS, EXPERTS; DECLARATION OF SHAI OVED**<br><br>**Hearing: July 20, 2017; 8:30 a.m.**<br>**Location: 350 W. 1st St., Courtroom 9D**<br>**Los Angeles, CA 90012**<br>**Judge: The Honorable George H. Wu** |

1

1    **COME NOW** Secured Merchants, LLC, (hereinafter "SM"), through its counsel,

2    The Law Offices of Shai Oved, and Alan Argaman (hereinafter "Argaman"), in pro per,

3    who joins in this Joint Opposition to the FTC's Motion to preclude undisclosed

4    witnesses, exhibits, and experts (hereinafter the "Motion") as follows:

5    ### A. <u>Summary of Arguments</u>

6    1.  The Motion does not follow this Court's direction as to trial related matters, ie,

7       the submission of an ex parte stipulation for the Court to consider without a

8       hearing or otherwise setting for hearing.

9    2.  The Motion was filed without a genuine attempt to meet and confer and follows

10      the continued bullying tactics of the FTC to the non-settling Defendants who

11      want their day in Court.   This is in violation of Local Rule 7-3.

12   3.  The deadlines to exchange exhibits and/or witnesses has not yet passed based

13      on the Court's Standing Order (Docket No.25) , Scheduling Order (Docket No.

14      578 and 596), and the Local Rules 16-2 (ie, 21 days prior to the Pre-Trial

15      Conference).

16   For all of these reasons, the Court is requested to deny the FTC's Motion, allow

17   discovery to continue, including all duly noticed depositions, so that all testimony,

18   exhibits, and experts can be determined and a final IN PERSON meeting conducted, no

19   later than 21 days prior to the Final Pre-Trial Conference set for August 24, 2017, i.e., no

20   later than **<u>August 3, 2017.</u>**

21

**SECURED MERCHANTS, LLC'S OPPOSITION TO FTC'S MOTION TO  PRECLUDE
UNDISCLOSED WITNESSES, EXHIBITS, EXPERTS; DEC. OF SHAI OVED**

## B. **The Court Extended the Deposition Cutoff to July 31, 2017**

On or about April 17, 2017, the FTC opened the door and noticed 7 depositions in this matter to commence on May 16, 17, 18, 19, 22, 23, and 24, 2017. Mr. Argaman, while in pro per, has the same right as any other party to appear, cross-examine and otherwise protect his interests at the depositions, as does SM. Counsel for SM and Argaman are not available on all the dates that were unilaterally chosen by the FTC. Until May 15, the FTC would not modify or change any dates and on that date unilaterally canceled 3 depositions noticed for May 16, 17, and 22, and thereafter postponed those dates. On May 15, for trial preparation and house-keeping matters, this Court sua sponte extended the deposition cutoff to July 31, 2017, at the FTC's request.

As such, discovery is still being conducted and Argaman intends on conducting his own depositions before the Court's July 31, 2017 deadline. The FTC has currently noticed depositions for July 17, 18, and 19.

Counsel understood that in the event of any discovery or trial-related disputes, the parties would submit an ex parte stipulation related to such controversy for the Court to determine on the papers or at a hearing the Court would set.

Rather than submit the matter to the Court via stipulation, the FTC filed the underlying meritless Motion in order to further bully an in pro per Defendant.

/ / /

/ / /

3

**SECURED MERCHANTS, LLC'S OPPOSITION TO FTC'S MOTION TO  PRECLUDE UNDISCLOSED WITNESSES, EXHIBITS, EXPERTS; DEC. OF SHAI OVED**

## C. <u>The Telephonic Meet and Confer Was Insufficient and Inconclusive.</u>

As noted in the Motion, the parties and counsel conducted a telephonic meeting unilaterally set by the FTC.  Despite having been advised that counsel (and Argaman) were simply unable to attend the each of the May deposition dates because of an already packed schedule and calendaring conflicts, the call was initiated.  Argaman noted that the Court's standing order and Local Rules clearly required an in-person meeting and believed that such a meeting would not only be more productive but required.  The telephone conference lasted more than one hour (counsel for SM advised that he may be late since he was coming for a morning hearing) and joined the call approximately 6 minutes after it was initiated.

During the hour, counsel for SM suggested that notwithstanding Argman's objection, that the meeting be commenced and continued.  FTC objected to the continuance and Argaman objected to the telephonic conference.  Counsel for SM still had not been able to retrieve the over 800 exhibits from the FTC send via a link only and not provided through any other means, nor the 40 additional exhibits which the FTC sought to introduce.  Counsel for SM offered to pay the estimated $100 for copy costs to the FTC but this offer was rejected.  FTC advised that former counsel had been given the exhibits but when discussed with former counsel, he advised that he was not provided physical exhibits but only electronic copies.

4

**SECURED MERCHANTS, LLC'S OPPOSITION TO FTC'S MOTION TO  PRECLUDE UNDISCLOSED WITNESSES, EXHIBITS, EXPERTS; DEC. OF SHAI OVED**

1    In the FTC's Motion, they refer to a prior meeting of counsel, one apparently

2  conducted BEFORE SM's counsel substituted into the case in July of last year, before

3  Mr. Argaman was in pro per, and most notably, before any of the other Defendants

4  settled; however, the dynamics of the case changed, the parties remaining in the case

5  changed, and counsel in the case changed.  As such, reliance on a former meeting with

6  former counsel and former parties is insufficient and not relevant.

7    The Court will note that despite initial efforts to threaten and hold Chargeback

8  Armor, Inc., to the "purported" settlement agreement, the FTC voluntarily sought to

9  dismiss it outright with prejudice.  What an injustice would have occurred if relief

10  Defendant, Chargeback Armor, Inc., would have succumbed to the strong-arm power and

11  bullying tactics and threats of the FTC.  Similarly, the FTC is now flexing its powers

12  against SM, a technical service provider, and its principal Argaman, who had no control,

13  nor ownership of the "common enterprise" by bring unnecessary and improper motions in

14  order to unnecessarily increase litigation costs and expenses and further harass

15  Defendants.

16    The FTC filed its action in this jurisdiction as the Plaintiff  The Court and Local

17  Rules require the Parties to meet in person. The FTC maintains a local address so

18  conducting an in-person meeting makes sense.

19    A closer look at the Court's order (Docket No. 578) says to discuss the exhibits,

20  but it does not say exchange exhibits.  This makes sense since depositions and discovery

21

5

**SECURED MERCHANTS, LLC'S OPPOSITION TO FTC'S MOTION TO  PRECLUDE
UNDISCLOSED WITNESSES, EXHIBITS, EXPERTS; DEC. OF SHAI OVED**

1  have not yet been concluded.  Counsel can assure the Court that a general discussion took

2  place related to the reliance on the initial exhibits but a discussion as to *each* exhibit did

3  not take place.  To the contrary, counsel for SM had not even seen the exhibits nor the

4  "additional exhibits" the FTC was seeking to introduce.

5       Argaman discussed the fact that he may use additional exhibits and witnesses, and

6  possible experts.  Again, since the FTC had still noticed multiple depositions through the

7  end of July, it could not be determined what additional exhibits and witness may be

8  necessary at this early stage.  Under the Local Rules, an in-person meeting and exchange

9  can take place up to 21 days prior to the final pre-trial hearing , or by August 3, 2017.  As

10  such, neither Argaman nor SM, should be precluded from identifying additional exhibits

11  or witnesses, as long as they do so by August 3, 2017.

12       The only discussion about the Motion was during the May 26, telephonic

13  conference where FTC indicated it would seek to preclude and Argaman indicated he

14  would seek to extend.  No efforts were made to present any points raised by the Motion

15  in a meaningful meet and confer prior to its filing.  No legal or factual support related to

16  the Motion was provided to counsel or Argaman before the Motion was filed.  As such,

17  the Motion should be denied for this blatant failure to properly meet and confer, apart

18  from the various reasons identified herein.  This Motion is yet another bullying tactic to

19  unnecessarily increase litigation costs for SM and Argaman, and to obtain an unfair

20  advantage.  Despite having been presented with information and analysis by the FTC's

21

**SECURED MERCHANTS, LLC'S OPPOSITION TO FTC'S MOTION TO  PRECLUDE UNDISCLOSED WITNESSES, EXHIBITS, EXPERTS; DEC. OF SHAI OVED**

1    former counsel Leonard Gordon that SM, Argaman, and Chargeback Armor, Inc., should

2    be dismissed, the FTC continues to flex its muscles against SM and Argaman after finally

3    and reluctantly dismissing Chargeback.

4         As noted in the Report of counsel following the initial meeting (Docket No. 601),

5    SM and Argaman believe a settlement conference with Magistrate Judge Abrams may be

6    appropriate and that they would raise these issues at the post-mediation/status

7    conference set for June 19, 2017, at 8:30 a.m. in which counsel will raise these

8    housekeeping matters.  SM and Argaman hereby respectfully request the Court to deny

9    the Motion in its entirety with prejudice, and to order Plaintiff to comply with the Court's

10   Standing Order and the Local Rules with regards to conducting a Pre-Trial Meeting of

11   Counsel in person no later than 10 days before August 24, 2017, and exchanging

12   exhibits and witness lists no later than 21 days before this date.

13                                    **<u>Conclusion</u>**

14        Wherefore, SM and Argaman respectfully request and pray that this Court deny

15   the FTC's Motion in its entirety as discovery and depositions may still be conducted in

16   this matter in preparation for Trial.  Furthermore, SM and Argaman respectfully request

17   and pray that this Court order an in-person meeting to discuss and exchange final

18   exhibits prior to the pretrial order submission.   Respectfully submitted,

19                                          The Law Offices of Shai Oved
     Date: June 19, 2017                    /s/ Shai Oved
20                                          Attorneys for Secured Merchants, LLC

21
                                         7
     **SECURED MERCHANTS, LLC'S OPPOSITION TO FTC'S MOTION TO  PRECLUDE**
     **UNDISCLOSED WITNESSES, EXHIBITS, EXPERTS; DEC. OF SHAI OVED**

## <u>DECLARATION OF SHAI OVED</u>

I, Shai Oved, declare as follows:

The forgoing facts are within my personal knowledge or knowledge obtained during the course of my employment by the Debtor, and if called as a witness, I am competent to testify thereto.

1.      I am duly admitted to practice before all courts of the state of California, the United States District Court for the Central District of California, the Ninth Circuit Court of Appeal, and the United States Supreme Court. I am a member of the Central District Consumer Bankruptcy Attorneys Association and certified as a Bankruptcy Specialist by the California State Bar, Board of Legal Specialization.

2.      The Motion does not follow this Court's direction as to trial related matters, i.e., the submission of an ex parte stipulation for the Court to consider without a hearing or otherwise setting for hearing

3.      The Motion was filed without a genuine attempt to meet and confer and follows the continued bullying tactics of the FTC to the non-settling Defendants who want their day in Court.

4.      The deadlines to exchange exhibits and/or witnesses has not yet passed based on the Court's Standing Order (Docket No.25) , Scheduling Order (Docket No. 578 and 596), and the Local Rules 16-2 (ie, 21 days prior to the Pre-Trial Conference).

8

**SECURED MERCHANTS, LLC'S OPPOSITION TO FTC'S MOTION TO  PRECLUDE UNDISCLOSED WITNESSES, EXHIBITS, EXPERTS; DEC. OF SHAI OVED**

5.      The Court is requested to deny the FTC's Motion, allow discovery to continue, including all duly noticed depositions, so that all testimony, exhibits, and experts can be determined and a final IN PERSON meeting conducted, 21 days prior to the Final Pre-Trial Conference set for August 24, 2017, ie, August 3, 2017.

6.      On or about April 17, 2017, the FTC noticed 7 depositions in this matter to commence on May 16, 17, 18, 19, 22, 23, and 24, 2017.  One of the reasons I substituted out of the case was to allow Mr. Argaman to appear, cross-examine, and otherwise protect his interests at the depositions because I was not available on all the dates.  Until May 15, the FTC would not modify or change any dates and on that date unilaterally canceled 3 depositions noticed for May 16, 17, and 22, and thereafter postponed those dates.  On May 15, for trial preparation and house-keeping matters, sua sponte extended the deposition cutoff to July 31, 2017, at the FTC's request.

7.      As such discovery is still being pursued and Argaman intends on conducting his own depositions before the Court's July 31, 2017.  The FTC currently noticed depositions on July 17, 18, and 19.

8.      From the last status conference, I understood that in the event of any other discovery or trial related disputes, the parties would submit an ex parte stipulation related to such controversy for the court to determine on the papers or that the court would set for hearing.  Rather than submit the matter to the Court via stipulation, the FTC filed the underlying Motion.

9

**SECURED MERCHANTS, LLC'S OPPOSITION TO FTC'S MOTION TO  PRECLUDE UNDISCLOSED WITNESSES, EXHIBITS, EXPERTS; DEC. OF SHAI OVED**

9.      The telephonic meet and confer was insufficient and inconclusive.  As noted in the Motion, the parties and counsel conducted a telephonic meeting unilaterally set by the FTC.  Despite having been advised that counsel was simply unable to attend each of the May deposition dates because of an already packed schedule and calendaring conflicts, the call was initiated.  Argaman noted that the Court's standing order and Local Rules required an in-person meeting and believed that such a meeting would not only be more productive but required.  The telephone conference last more than one hour. I advised that I may be late since I was coming for a morning hearing and joined the call approximately 6 minutes after initiated.

10.      During the hour, I suggested that notwithstanding Argman's objection, that the meeting be commenced and continued.  FTC objected to the continuance and Argaman objected to the telephonic conference.  I still had not been able to retrieve the over 800 exhibits from the FTC, nor the 40 additional exhibits which the FTC sought to introduce.  I offered to pay the estimated $100 for copy costs to the FTC but this offer was rejected.  FTC advised that former counsel had been given the exhibits but when I discussed with former counsel, he advised that he was not provided physical exhibits but only electronic copies.

11.      In the FTC's Motion, they refer to a prior meeting of counsel, one apparently conducted before I was substituted into the case in July of last year; however the dynamics of the case have changed, the parties remaining in the case have changed, and

10

**SECURED MERCHANTS, LLC'S OPPOSITION TO FTC'S MOTION TO  PRECLUDE UNDISCLOSED WITNESSES, EXHIBITS, EXPERTS; DEC. OF SHAI OVED**

1   counsel in the case has changed.  As such, reliance on a former meeting, with former

2   counsel and former parties, is insufficient.  This Court will note that despite initial efforts

3   to threaten and hold Chargeback Armor, Inc., to the "purported" settlement agreement,

4   the FTC voluntarily sought to dismiss it outright with prejudice.  What an injustice would

5   have occurred if relief Defendant, Chargeback Armor, Inc., would have succumbed to the

6   strong-arm power of the FTC.  Similarly, the FTC is now flexing its powers against SM,

7   a technical service provider, and its principal Argaman,  who had no control, nor

8   ownership of the "common enterprise" by bring unnecessary and improper motions.

9       12.    The FTC filed its action here.  The Court and Local Rules require the Parties

10   to meet in person. The FTC maintains a local address so conducting an in person meeting

11   makes sense.

12       13.    A close look at the Court's order (Docket 578) says to discuss the exhibits, it

13   does not say exchange exhibits.  This makes sense since depositions and discovery has

14   not yet been concluded.  I can assure the Court that a general discussion took place

15   related to the reliance on the initial exhibits but a discussion as to *each* exhibit did not

16   take place.  To the contrary, I had not even seen the exhibits nor the "additional exhibits."

17   Argaman discussed the fact that additional exhibits and witnesses, and possible experts,

18   may be called.  Again, since the FTC had still noticed multiple depositions through the

19   end of July, it could not be determined what additional exhibits and witness may be

20   necessary.  Under the Local Rules, an in person meeting and exchange can take place up

21

**SECURED MERCHANTS, LLC'S OPPOSITION TO FTC'S MOTION TO  PRECLUDE UNDISCLOSED WITNESSES, EXHIBITS, EXPERTS; DEC. OF SHAI OVED**

to 21 days prior to the final pre-trial hearing to be conducted by August 3, 2017.  As such, neither Argaman, nor SM should be precluded from identifying additional exhibits or witnesses.

14.     The only discussion about the Motion was during the May 26, telephonic conference where FTC indicated it would seek to preclude and Argaman indicated he would seek to extend.  No efforts were made to present any points raised by the Motion in a meaningful meet and confer prior to its filing.  As such, the Motion should be denied, apart from the various reasons identified herein.  This Motion is yet another bullying tactic to unnecessarily increase litigation costs to SM, Argaman, and to obtain an unfair advantage.  Despite having been presented with information and analysis by the FTC's former counsel that SM, Argaman, and Chargeback Armor, Inc., should be dismissed, the FTC continues to flex its muscles.

15.     As noted in the Report of counsel following the initial meeting (Docket No. 601), SM and Argaman believe a settlement conference with Magistrate Judge Abrams may be appropriate and that they would raise these issues at the post-mediation/status conference set for June 19, 2017, at 8:30 a.m. in which counsel will raise these housekeeping matters.  SM and Argaman hereby respectfully request the Court to order Plaintiff to comply with the Court's Standing Order and the Local Rules with regard to conducting a Pre-Trial Meeting of Counsel in person no later than 10 days before August 24, 2017, and exchange lists 21 days before.

**SECURED MERCHANTS, LLC'S OPPOSITION TO FTC'S MOTION TO  PRECLUDE UNDISCLOSED WITNESSES, EXHIBITS, EXPERTS; DEC. OF SHAI OVED**

16.     Wherefore, SM and Argaman respectfully request and pray that this Court deny the FTC's Motion in its entirety as discovery and depositions may still be conducted in this matter in preparation for Trial.  SM and Argaman respectfully request and pray that this Court order an in-person meeting to discuss and exchange final exhibits prior to the pretrial order submission.

I declare that the information contained herein is true and correct under penalty of perjury under the laws of the State of California.

Dated:  June 19, 2017                          /s/ Shai Oved

_____

Shai Oved

13

**SECURED MERCHANTS, LLC'S OPPOSITION TO FTC'S MOTION TO  PRECLUDE UNDISCLOSED WITNESSES, EXHIBITS, EXPERTS; DEC. OF SHAI OVED**

# CERTIFICATE OF SERVICE

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 7445 Topanga Cyn Blvd., Suite 220, Canoga Park, CA 91303.  A true and correct copy of the foregoing document **SECURED MERCHANTS, LLC'S OPPOSITION TO FTC'S MOTION TO PRECLUDE UNDISCLOSED WITNESSES, EXHIBITS, EXPERTS; DECLARATION OF SHAI OVED,** will be served or was served **(a)** on the judge in chambers and **(b)** in the manner indicated below:

I.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** –The foregoing document will be served by the court via NEF and hyperlink to the document. I checked the CM/ECF docket for this case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

| | |
|---|---|
| Reid A Tepfer | rtepfer@ftc.gov, dbrown1@ftc.gov, egarcia@ftc.gov, jelliott@ftc.gov |
| Luis H Gallegos | lgallegos@ftc.gov; |
| Dama J Brown | dbrown1@ftc.gov |
| Zachary A Keller | zkeller@ftc.gov |

II.  **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On _____, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

III.  **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

Defendant Alan Argaman, pro se  via Email to AlanLeAAA@gmail.com

The Honorable George Wu

US District Court

312 North Spring Street

Los Angeles, CA 90012-4701

        I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 6/19/17 | Shai Oved | /s/ Shai Oved |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

14

**SECURED MERCHANTS, LLC'S OPPOSITION TO FTC'S MOTION TO  PRECLUDE UNDISCLOSED WITNESSES, EXHIBITS, EXPERTS; DEC. OF SHAI OVED**