DAVID C. SHONKA
Acting General Counsel

DAMA J. BROWN
Dbrown1@ftc.gov
Regional Director

REID TEPFER
rtepfer@ftc.gov
Tex. Bar No. 24079444
LUIS GALLEGOS
lgallegos@ftc.gov
Okla. Bar No. 19098
ZACHARY A. KELLER
zkeller@ftc.gov
Texas Bar No. 24087838 (pro hac vice pending)
Federal Trade Commission
1999 Bryan Street, Ste 2150
 Dallas, Texas 75201
(214) 979-9395 (Tepfer)
(214) 979-9383 (Gallegos)
(214) 979-9382 (Keller)
(214) 953-3079 (fax)
RAYMOND McKOWN
rmckown@ftc.gov; Cal. Bar No. 150975
10877 Wilshire Boulevard, Ste 700
Los Angeles, California 90024
(310) 824-4343(voice); (310) 824-4380 (fax)
Attorneys for Plaintiff Federal Trade Commission

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,**<br><br>Plaintiff,<br><br>v.<br><br>**BUNZAI MEDIA GROUP, INC.,** *et al.*<br><br>Defendants. | Case No. CV 15-4527-GW(PLAx)<br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION IN LIMINE TO PERMIT PAUL MEDINA'S TESTIMONY BY TELEPHONE**<br><br>Hearing Date: August 24, 2017<br>Time: 8:30 a.m.<br>Trial: September 8, 2017<br>Time: 9:00 a.m.<br>Courtroom: 10 |

## PLAINTIFF'S MOTION IN LIMINE TO PERMIT
## PAUL MEDINA'S TESTIMONY BY TELEPHONE

## I. INTRODUCTION

Pursuant to Rule 43(a) of the Federal Rules of Civil Procedure, Plaintiff moves for an order allowing Paul Medina to testify at trial by telephone from his home in Melbourne, Australia. Mr. Medina is a former Defendant in this case. On May 17, 2016, the Court entered a Stipulated Order for Permanent Injunction and Monetary Judgment as to Paul Medina. Dkt. 441. Mr. Medina's testimony is necessary to establish key facts about the Defendants' common enterprise and business practices, as well as various Defendants' knowledge, participation, or control. Mr. Medina's testimony will consist of written direct testimony and oral cross-examination.[1]

## II. THE COURT SHOULD ALLOW PAUL MEDINA TO TESTIFY BY TELEPHONE

Under Rule 43(a), "[f]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." Fed. R. Civ. P. 43. As shown below, good cause exists to allow Mr. Medina to testify, and appropriate safeguards will be in place for his testimony.

---

[1] Local Rule 43-1 permits narrative statements in lieu of direct testimony when ordered by the Court, subject to cross-examination at trial. Here, the Court provided for such narrative statements in its trial schedule. *See* Dkt. 578.

**PLAINTIFF'S MOTION IN LIMINE TO PERMIT
PAUL MEDINA'S TESTIMONY BY TELEPHONE**

1

### *1. Good Cause Exists To Allow Paul Medina To Testify By Telephone*

First, because Mr. Medina would incur prohibitive expense and travel to get to California, good cause and compelling circumstances justify his telephonic testimony.

"[G]ood cause and compelling circumstances may exist where a significant geographic distance separates the witness from the location of court proceedings." *Warner v. Cate*, No. 1:12-CV-1146-LJO-MJS, 2015 WL 4645019, at *1 (E.D. Cal. Aug. 4, 2015). For example, the witness in *Warner* lived in Texas and would have needed to travel to Fresno to testify at trial. The Court held that "Fresno's distance from Texas, and the associated cost and inconvenience [the witness] would incur to travel between them, amount to good cause and compelling circumstances" justifying remote testimony. *Id.* at *2.

Here, too, the significant cost and inconvenience of travel establish good cause and compelling circumstances justifying remote testimony. First, Mr. Medina would incur significant expense traveling from Australia to California. Additionally, Mr. Medina would have to spend nearly 30 hours flying to and from California—nearly five times the amount the witness in *Warner* would have traveled. In all, Mr. Medina may need to miss more than one week of work to

appear at trial. This significant inconvenience establishes good cause and compelling circumstance justifying remote testimony.

### 2. *Appropriate Safeguards Will Be In Place For Mr. Medina To Testify By Telephone*

Next, appropriate safeguards will be in place for Mr. Medina to testify by telephone.

"Appropriate safeguards exist where the opposing party's ability to conduct cross-examination is not impaired, the witness testifies under oath in open court, and the witness's credibility can be assessed adequately." *Warner*, 2015 WL 4645019, at *1 (E.D. Cal. Aug. 4, 2015). For example, the Ninth Circuit has stated that "[telephonic] testimony would have been admissible in a civil court proceeding under Federal Rule of Civil Procedure 43(a)" where the complaining party "had an adequate opportunity to cross-examine" a witness who testified by telephone. *Beltran-Tirado v. I.N.S.*, 213 F.3d 1179, 1186 (9th Cir. 2000).

Furthermore, in *Official Airline Guides, Inc. v. Churchfield Publications, Inc.*, the plaintiffs "continuously objected to the use of telephone testimony of witnesses from out of state or from the United Kingdom." The Court overruled these objections, "as the telephone testimony was made in open court and under

oath." 756 F. Supp. 1393, 1399 (D. Or. 1990), *aff'd*, *Official Airline Guides, Inc. v. Goss*, 6 F.3d 1385 (9th Cir. 1993).

Here, Mr. Medina will submit a sworn narrative statement to the Court. The Defendants will have unimpaired ability to cross-examine him, and the Court will be able to assess his credibility. Accordingly, appropriate safeguards will be in place for Mr. Medina to testify by telephone.

### III.  CONCLUSION

Good cause and compelling circumstances exist to allow Paul Medina to testify by telephone rather than travel from Australia to California. Furthermore, appropriate safeguards will be in place, assuring that Mr. Medina will submit a sworn narrative statement to the Court, be subject to cross-examination, and have his credibility assessed. Accordingly, pursuant to Rule 43(a) of the Federal Rules of Civil Procedure, the Court should allow Mr. Medina to testify at trial by telephone.

Respectfully submitted,

Dated: 6/20/17

     /s/ Reid Tepfer_____
REID TEPFER
Texas Bar No. 24079444
LUIS GALLEGOS
Oklahoma Bar No. 19098
ZACHARY A. KELLER
Texas Bar No. 24087838
(pro hac vice pending)
Federal Trade Commission
1999 Bryan Street, Suite 2150
Dallas, Texas 75201
(214) 979-9395 (Tepfer)
(214) 979-9383 (Gallegos)
(214) 979-9382 (Keller)
 (214) 953-3079 (fax)
rtepfer@ftc.gov; lgallegos@ftc.gov;
zkeller@ftc.gov

RAYMOND MCKOWN,
California Bar No. 150975
10877 Wilshire Boulevard, Suite 700
Los Angeles, California 90024
(310) 824-4343(voice)
(310) 824-4380 (fax)
rmcknown@ftc.gov

**PLAINTIFF'S MOTION IN LIMINE TO PERMIT
PAUL MEDINA'S TESTIMONY BY TELEPHONE**
5

## CERTIFICATE OF SERVICE

The undersigned certifies that on June 20, 2017, a true and correct copy of the foregoing document was electronically filed with the clerk of the U.S. District Court, Central District of California, using the electronic case filing system of the court. The attorneys listed below were served by pursuant to the ECF notice generated by the Court, or by email.

    Shai Oved
    Law Offices of Shai Oved
    7445 Topanga Canyon Blvd, Ste. 220
    Canoga Park, CA 91303
    Counsel for Secured Merchants, LLC

    Alan Argaman, *pro se*
    AlanLeAAA@gmail.com

/S/ REID TEPFER
REID TEPFER


## CERTIFICATE OF CONFERENCE

Plaintiff conferred with Defense Counsel on Friday, May 26, 2017 by telephone.

/S/ REID TEPFER
REID TEPFER

**PLAINTIFF'S MOTION IN LIMINE TO PERMIT
PAUL MEDINA'S TESTIMONY BY TELEPHONE**
6