Shai Oved, Esq. (SBN 185526)
The Law Offices of Shai Oved
7445 Topanga Cyn Blvd., Suite 220
Canoga Park, California 91303
Telephone: (818) 992-6588
Facsimile: (818) 992-6511
Email:     ssoesq@aol.com

Attorneys for Secured Merchants, LLC

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br>vs.<br><br>BUNZAI MEDIA GROUP, INC., et al.,<br><br>Defendants.<br>_____<br><br>SECURED MERCHANTS, LLC, CHARGEBACK ARMOR, INC. AND ALAN ARGAMAN,<br><br>Cross-Claimants<br>v.<br>ALON NOTTEA, an individual,<br><br>Cross-Defendant | Case No. 2:15-cv-04527-GW (PLAx)<br><br>**ALAN ARGAMAN AND SECURED MERCHANTS, LLC'S MOTION IN LIMINE TO EXCLUDE PLAINTIFF FTC'S EVIDENCE AND EXHIBITS**<br><br>Hearing Date: August 24, 2017<br>Time: 8:30 am<br>Location: Courtroom 10<br>Judge: Hon. George H. Wu |

## I. INTRODUCTION

The FTC has engaged in gamesmanship throughout this matter, submitting discovery responses in formats that are unreadable and unable to be accessed, submitting exhibits through electronic links that do not work, and by failing and refusing to cooperate in properly turning over the data and documentation amounting to many terabytes, that was obtained from the computers belonging to the various Defendants in this case. As a result the hundreds of Exhibits the FTC is attempting to

1

introduce in this case all lack foundation, have not and cannot be possibly authenticated, and thus should be excluded.

## II. FTC HAS NOT TURNED OVER DOCUMENTS TO SM AND ARGAMAN

During the discovery process in this case, the FTC sent a hard drive full of data and documentation to Defendant Doron Nottea's counsel. However, this was never sent to Mr. Argaman or SM and thus Argaman or SM have not seen this documentation. See Declaration of Alan Argaman.

Additionally, as Argaman has been in pro per for 3 weeks now, he has attempted to access this data drive, but is unable to open any of the files as they are some sort of .dat file, that cannot be opened. Thus, the FTC has had the benefit of having all of this data at its disposable and usage, but Argaman and SM have been deprived of this.

Thus, pursuant to Fed. R. Civ. P. 37(c) and Fed. R. Evid. 403, this documentation should all be excluded from use at the trial in this matter.

## III. THE FTC HAS NOT TURNED OVER ITS EXHIBITS TO DEFENDANTS

As also outlined in the Opposition to the FTC's Motion to Exclude Evidence, the FTC has failed and refused, and continues to fail and refuse to properly send over Exhibits. It sent new Exhibits over in an electronic link which cannot be opened by Mr. Argaman or SM's counsel Mr. Oved. Mr. Oved even offered to pay for copying costs of the Exhibits, yet, the FTC has still refused to provide this.

Allowing the FTC to use its Exhibits would lead to it being able to surprise the Defendants at trial with documents that Defendants have not seen before. This sort of ambush tactic cannot be allowed.

## IV. A MOTION IN LIMINE IS PROPER HERE

A motion in limine is "any motion whether made before or during trial to exclude anticipated prejudicial evidence before the evidence is actually offered." 1*Luce v. United States*, 469 U.S. 38, 40 (1984). Obtaining a discretionary advance

ruling on the admission of specific evidence or resolving critical evidentiary issues at the outset enhances the efficiency of the trial process. *In re Japanese Electronic Products Antitrust Litig.*, 723 F.2d 238, 260 (3d Cir. 1983), 475 U.S. 574 (1986). Authority is also implied from "the district court's inherent authority to manage the course of trials." *Luce*, 469 U.S. at 41 n.4; *United States v. Holmquist*, 36 F.3d 154, 163 (1st Cir. 1994).

## IV.
## CONCLUSION

For the aforementioned reasons, the Motion in Limine should be granted.

DATED: June 20, 2017        By:  /s/ Shai Oved

                                          Shai Oved, Esq.
                                          *Attorneys for* Secured Merchants, LLC


                              By:  /s/ Alan Argaman
                                 Alan Argaman, Defendant in Pro Per

3

## DECLARATION OF ALAN ARGAMAN

I, Alan Argaman, declare:

I have personal knowledge of the following facts and, if called upon to testify, I could and would so competently and truthfully testify to these facts:

1. I am the founder, only current member, and only current manager of Secured Merchants, LLC ("SM"). I have always been the only member and only manager of SM.

2. I am currently in Pro Per in this matter.

3. I attempted to access the hard drive the FTC gave to Doron Nottea's counsel, but was unable to access the hard drive or open the files located on the multiple terabyte hard drive.

4. The FTC refuses to send me the Exhibits through any other means.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: May 13, 2016                         By:___/Alan Argaman/

Alan Argaman