# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES-GENERAL

**Case No.:** **CV 15-4527-GW (PLAx)**                                           **Date:** **July 14, 2017**

**Title:**   Federal Trade Commission v. Bunzai Media Group, Inc. et al., and Related Cross Actions

---

**PRESENT: THE HONORABLE     PAUL L. ABRAMS**
**UNITED STATES MAGISTRATE JUDGE**

| **Christianna Howard** | **N/A** | **N/A** |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

**ATTORNEYS PRESENT FOR PLAINTIFF:**          **ATTORNEYS PRESENT FOR DEFENDANT(S):**
                NONE                                                                  NONE

**PROCEEDINGS:**        **(IN CHAMBERS)**

On July 14, 2017, defendants Secured Merchants, LLC and Alan Argaman (collectively "defendants"), filed an Ex Parte Application and Statement Re: Discovery Dispute ("Application" or "App.") in which defendants purport to seek an ex parte order quashing three depositions that are currently noticed for July 17, 18, and 19, 2017, and/or a protective order staying the depositions so that mutually agreeable dates can be set. (App. at 2). Defendants state that the depositions were unilaterally set by the FTC and that the FTC refused to resolve the matter "by agreeing to extend the deposition deadline or setting mutually agreeable alternative dates" as proposed by defendants. (Id.). Defendants also state that they propose to extend the current deposition cutoff date of July 31, 2017.[1] Along with the Application, defendants attached an exhibit consisting of emails between Argaman and the FTC (Exhibit A), and an exhibit defendants contend contains the FTC's "position on this" in the form of an email from the FTC's counsel to Argaman (Exhibit B).

Ex parte applications are solely for extraordinary relief and should be used with discretion. See Local Rule 37-3 (to be heard on an ex parte basis, the moving party must show "irreparable injury or prejudice not attributable to the lack of diligence of the moving party"). Here, defendants have not shown why they "should be allowed to go to the head of the line in front of all other litigants and receive special treatment." See Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995). Indeed, other than the fact that the Application was filed less than one business day prior to the first scheduled deposition, and defendants' statement that they are not available on July 17, 18, or 19, 2017, "because of work schedules," the Court has been provided with little to no information showing "irreparable injury or prejudice that will result that is *not attributable to the lack of diligence of the moving party*." Although defendants have not provided the Court with any information as to when these depositions were first noticed, a review of the exhibits attached to the Application reflects that the dispute has been ongoing since at least May 25, 2017 (and possibly earlier). (See Ex. B (reflecting email correspondence dated May 25, 2017, regarding counsel's unavailability to attend the noticed depositions). Defendants waited close to two months to bring this dispute to the Court's attention.

---

[1]     This Court will not change, alter, or modify a deadline set by the District Judge.

Based on the foregoing, defendants have not shown that irreparable injury or prejudice not attributable to their own lack of diligence will result if this Application is not heard on an ex parte basis.

Accordingly, defendants' Application is **denied**.


cc: Counsel of Record




Initials of Deputy Clerk _____ch_____