1  DAVID C. SHONKA
   Acting General Counsel

2  REID TEPFER
   rtepfer@ftc.gov; Tex. Bar No. 24079444
3  LUIS GALLEGOS
   lgallegos@ftc.gov; Okla. Bar No. 19098
4  ZACHARY A. KELLER
   zkeller@ftc.gov; Tex. Bar No. 24087838
5  DAMA J. BROWN
   Dbrown1@ftc.gov; Mi. Bar No. P54775

6  Federal Trade Commission
   1999 Bryan Street, Suite 2150
7  Dallas, Texas 75201
   (214) 979-9395 (Tepfer); (214) 979-9383 (Gallegos);
8  (214) 979-9382 (Keller); (214) 979-9374 (Brown)
   (214) 953-3079 (fax)

9  RAYMOND MCKOWN
   rmckown@ftc.gov; Cal. Bar No. 150975
10 10877 Wilshire Boulevard, Suite 700
   Los Angeles, California 90024
11 (310) 824-4343(voice); (310) 824-4380 (fax)

12 Attorneys for Plaintiff Federal Trade Commission

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,**<br><br>Plaintiff,<br><br>v.<br><br>**BUNZAI MEDIA GROUP, INC.,** *et al.,*<br><br>Defendants. | **Case No. CV 15-4527-GW(PLAx)**<br><br>**PLAINTIFF'S *EX PARTE* APPLICATION FOR A PROTECTIVE ORDER TO QUASH DEPOSITION NOTICE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF PLAINTIFF'S APPLICATION FOR PROTECTIVE ORDER**<br><br>Date: TBD<br>Time: TBD<br>Judge: Hon. George Wu |

## *EX PARTE* APPLICATION

Pursuant to Local Rule 7-19, Plaintiff Federal Trade Commission (FTC) applies *ex parte* for a protective order to quash a deposition scheduled for July 28, 2017. In order to be entitled to *ex parte* relief, the moving party must show that its cause will be irreparably prejudiced if the underlying motion is heard according to regular notices motion procedures and that the moving party is without fault in creating the crisis that requires *ex parte* relief. *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. Mar. 14, 1995). In this case, Plaintiff may be irreparably prejudiced if it has to wait for its motion to be heard according to the regular notices motion procedures.

Under Local Rule 6-1, a moving party must wait 28 days before its motion will be heard by the Court. Here the challenged deposition of an FTC employee is scheduled for July 28, 2017. The deponent is a not a party and was not served with a subpoena to compel his appearance under Rule 45. Nonetheless, Plaintiff could be irreparably prejudiced if this matter is not considered before the deposition date in the event that the Court determined that Plaintiff bears the responsibility to voluntarily produce a non-subpoenaed employee witness who is on medical leave from the FTC.

Plaintiff is without fault in creating the crisis that requires *ex parte* relief. Since Plaintiff received Defendant Argaman's Notice of Deposition on July 8th via

email, August 7th would have been the earliest day under the local rules that Plaintiff's Motion for Protective Order could be heard .

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S APPLICATION FOR PROTECTIVE ORDER

Plaintiff moves for a protective order quashing Defendant Argaman's Notice of Deposition pursuant to Federal Rule of Civil Procedure 26(c). Defendant Argaman seeks to depose a witness at a date and time in which the witness will be on approved medical leave. In addition, the deposition is an untimely discovery deposition and defendant has not moved to extend the Court's Scheduling Order's discovery deadline.

### I. Summary

On October 1, 2015, the Court entered a scheduling order that set a discovery cutoff date of March 4, 2016. Dkt. 223. On January 22, 2016, the Court amended the scheduling order and extended the discovery cutoff period to April 4, 2016. Dkt. 321. On February 2, 2017, the Court amended the scheduling order for a third time and provided the parties until June 13, 2017 to submit testimony by deposition transcript, but provided until August 20, 2017 to complete trial depositions. Dkt. 578. That same order provided until August 23, 2017 to exchange witness narratives for trial. Dkt. 578. Because the June 13th and August

20th deadlines were in conflict, the Court revised the August 20th date to July 31st. Dkt. 596.

On July 3, 2017, Defendant Argaman emailed Plaintiff's attorney requesting the availability of the FTC's Federal Investigator, Brent McPeek, for deposition. Plaintiff informed Defendant Argaman that discovery had closed as of April 4, 2016 and that Investigator McPeek was on medical leave until at least August 1, 2017.[1] On July 8, 2017, Defendant Argaman emailed Plaintiff a Notice of Deposition, seeking to take a July 28th deposition of Investigator McPeek. On July 12, 2017, a person delivered a copy of Defendant Argaman's deposition notice to the FTC's Dallas office with no Rule 45 subpoena. On July 13, Plaintiff emailed Defendant Argaman informing him that Plaintiff would seek an ex parte application for a protective order if Investigator McPeek's deposition was not cancelled.[2]

Plaintiff seeks a protective order to quash the deposition notice on two grounds. First, Investigator McPeek is scheduled for approved medical leave until August 1. Second, Investigator McPeek intends to submit a witness narrative and be available for cross-examination at trial. Therefore, no trial deposition is

---

[1] *See* Reid Tepfer Declaration at ¶ 3.
[2] *Id.* at ¶ 4.

appropriate or warranted, and the deposition could only serve as an untimely discovery deposition.

In conjunction with this motion, Plaintiff has filed a certification attesting that it has conferred with Defendant Argaman in an unsuccessful effort to resolve this dispute without the Court's intervention.[3]

## II.     Legal Argument

Federal Rule of Civil Procedure 26(c) allows a court, for good cause, to issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden. Here, the scheduled deposition is unduly burdensome on two grounds: (1) the deponent is on extended medical leave and unavailable for deposition as scheduled; and (2) the deponent is already testifying at trial by witness narrative, subject to cross-examination.

### A. *The Proposed Deponent is On Approved Medical Leave*

Prior to noticing the deposition, Plaintiff's counsel advised Defendant Argaman that Investigator McPeek was scheduled to be on medical leave until August 1, 2017, due to personal health concerns.[4] Therefore, the deponent is unavailable at the date and time scheduled for deposition. Nonetheless, Defendant

---

[3] *See* Declaration of Reid Tepfer at ¶ 4.
[4] *See* Declaration of James Elliott. If requested by the Court, Plaintiff is willing to provide additional information under seal corroborating Investigator McPeek's medical circumstances.

Argaman proceeded to schedule the proposed deposition for a date that he knew Investigator McPeek was unavailable.[5] The proposed deposition is unduly burdensome to Investigator McPeek in light of his medical leave.

### B. The Proposed Deponent Will Be Present at Trial for Examination

In addition to the fact that Investigator McPeek will be on leave for medical reasons, Defendant Argaman's deposition request is also unduly burdensome in light of the fact that Investigator McPeek will be present at the September 8, 2017 trial and available for cross-examination.

On August 25, 2016, this Court ordered that the direct testimony of all witnesses be submitted by way of witness narrative, subject to a right of cross-examination at trial. Accordingly, the FTC has scheduled trial depositions only for witnesses who have refused to prepare or execute narrative statements. Investigator McPeek is not such a witness; he will be executing a narrative statement that will be provided to Defendants on August 23, 2017 as required by the scheduling order. Therefore, it is apparent that the scheduled deposition is not, in fact, a trial deposition, but instead is intended to serve as a discovery deposition.

---

[5] Defendant Argaman also failed to subpoena Investigator McPeek to the deposition to procure his attendance as required by FED. R. CIV. P. 45.

Because discovery in this matter closed on April 4, 2016, the request for a discovery deposition is untimely. Alternatively, requiring Investigator McPeek to submit to both a trial deposition <u>and</u> cross-examination at trial is duplicative, burdensome, and appears intended to oppress or harass the FTC's witness. Accordingly, the noticed deposition of Brent McPeek should be quashed.

## II. CONCLUSION

For the reasons stated above, Plaintiff respectfully moves that the Notice of Deposition for July 28, 2017 be quashed.

Respectfully submitted,

Dated: 7/14/17

*/s/ REID TEPFER*
REID A. TEPFER
LUIS H. GALLEGOS
Attorneys for the Plaintiff
Federal Trade Commission
1999 Bryan Street, Suite 2150
Dallas, Texas 75201
(214) 979-9395 (Tepfer)
(214) 979-9383 (Gallegos)
(214) 953-3079 (facsimile)
rtepfer@ftc.gov
lgallegos@ftc.gov

# CERTIFICATE OF SERVICE

The undersigned certifies that on July 14, 2017, a true and correct copy of the foregoing document was served by ECF and/or email to the individuals listed below.

Shai Oved
Law Offices of Shai Oved
7445 Topanga Canyon Blvd, Ste. 220
Canoga Park, CA 91303
Counsel for Secured Merchants, LLC

Alan Argaman
*Pro Se* Defendant

*/S/ REID TEPFER*
REID TEPFER