# DECLARATION OF REID TEPFER
## PURSUANT TO 28 U.S.C. § 1746

Pursuant to 28 U.S.C. § 1746, I, Reid Tepfer, declare that:

1. I am an attorney with the Federal Trade Commission and lead counsel on the case *FTC v. BunZai Media Group, Inc., et al.*, 2:15-cv-04527.

2. I hereby certify that Plaintiff has made a good faith effort to confer with Defendant Argaman about canceling the July 28th deposition he noticed for Brent McPeek.

3. On July 5, 2017, in response to Defendant Argaman's request to depose Brent McPeek, I informed Defendant Argaman that Mr. McPeek was on medical leave until at least August 1, 2017. In addition, I informed Defendant Argaman that Mr. McPeek would be submitting a witness narrative and available for cross examination. Attachment A is a true and correct copy of an email string that contains communications I had with Defendant Argaman on the subject of the requested trial deposition. *See* Attachment A at A-5.

4. On July 13, 2017, I emailed Defendant Argaman requesting that he cancel Mr. McPeek's noticed deposition. Plaintiff informed Defendant Argaman that Plaintiff would seek an ex parte application for a protective order if the noticed deposition was not canceled. Counsel for Secured Merchants, Shai Oved, responded and stated "[w]e will oppose such a motion." In this email exchange, Plaintiff requested *pro se* Defendant Argaman's fax number so that a copy of this

ex parte application could be provided pursuant to the Court's procedures. While Mr. Argaman responded to this email, he failed to provide Plaintiff a fax number. Accordingly, the FTC intends to email a copy of the *ex parte* application to Mr. Argaman. Attachment B is a true and correct copy of the July 13, 2017 email communications.

5. I declare, under penalty of perjury, that the foregoing statement is true and correct.

Executed on July 14, 2017, in Dallas, Texas.

*/s/ Reid Tepfer*
Reid Tepfer

# Gallegos, Luis

| | |
|---|---|
| **From:** | Tepfer, Reid A. |
| **Sent:** | Thursday, July 06, 2017 9:14 AM |
| **To:** | AlanLeAAA@gmail.com |
| **Cc:** | 'Shai Oved'; Gallegos, Luis; Keller, Zachary A. |
| **Subject:** | RE: Depositions of FTC's Witnesses |

Mr. Argaman,

The FTC does not have a video of the immediate access of the Canby business premises. Accordingly, I cannot provide one to you. As I said, I have never reviewed such a video, and I know that the FTC did not film the immediate access. Perhaps the Receiver did.

Concerning Mr. McPeek, if you are attempting to schedule a discovery deposition, discovery closed in April 2016. Your counsel elected not to depose Mr. McPeek at that time.

If you are attempting to schedule a trial deposition, our position is that a trial deposition is improper because Mr. McPeek will be available at trial for cross-examination. The Court indicated that wherever possible direct testimony should be submitted by witness narrative. We believe that trial depositions are for circumstances where the witness is unwilling to prepare a witness narrative for direct testimony. Because Mr. McPeek's direct testimony will be submitted by witness narrative in advance of trial, we do not agree to a trial deposition and will accordingly move to quash any properly noticed deposition.

Reid Tepfer
Attorney
Federal Trade Commission

**From:** Alan Argaman [mailto:alanleaaa@gmail.com]
**Sent:** Wednesday, July 05, 2017 6:54 PM
**To:** Tepfer, Reid A.
**Cc:** Shai Oved; Keller, Zachary A.; Gallegos, Luis; Sagar Parikh; Robert L. Esensten (resensten@esenstenlaw.com); Robert Ungar; Jeffrey S. Benice; Mike Costache; Brown, Dama J.; charlene.koonce@solidcounsel.com
**Subject:** RE: Depositions of FTC's Witnesses

Reid,

Not much to disagree here as I am NOT trying to cross-examine Brent McPeek. To be more clear, I am requesting to depose Brent McPeek under the court order for allowed trial depositions.

I do not need to ask you for permission to depose Brent as I can simply notice the deposition, however, I am doing so as part of a meet and confer and professional courtesy.

I did not mention Cross-Examine in any of my emails so please save this theory and for the 4th time hear me clear. I am requesting available dates to depose Brent McPeek. I am sure Brent can explain me best all that is alleged against me or maybe the FTC jumped to conclusion and simply added me as a 3rd party carelessly. We shall soon find out.

Additionally, my request of the MISSING VIDEO is not untimely and I would not ask for it if it was simply provided in the request for discovery. What else was missing or didn't get reviewed by you or the FTC?

Did Brent not obtain COMPLETE evidence?

Did he not bother to look at evidence that may exonerate Argaman and SM?

Back to the "MISSING VIDEO", I understand that this video might not mean much to you as you didn't bother to review it.

Did you ever think that this video may exonerate Argaman and SM? Maybe if you reviewed the video and reviewed other evidence we would be in a different place now.

I am requesting that you immediately locate the missing video and then forward the video to me ASAP.

Thanks,

Alan Argaman


On Jul 5, 2017 12:20 PM, "Tepfer, Reid A." <rtepfer@ftc.gov> wrote:

Mr. Argaman:


I believe we simply disagree about when trial depositions are permitted for the reasons I explained below. I understand your position that cross-examining Mr. McPeek is crucial to your defense, but you had the opportunity to do so in discovery and, as previously stated, you will again have the opportunity at trial.


I previously addressed your request for the video you described, as I stated I would not be responding to your untimely informal discovery requests. For what it's worth, I do not know the location of the video you described. If such a video exists, I have never reviewed it.


Reid Tepfer

Attorney

Federal Trade Commission



**From:** Alan Argaman [mailto:alanleaaa@gmail.com]
**Sent:** Wednesday, July 05, 2017 1:52 PM
**To:** Tepfer, Reid A.
**Cc:** Gallegos, Luis; Keller, Zachary A.; Shai Oved; Sagar Parikh; Robert L. Esensten (resensten@esenstenlaw.com); Robert Ungar; Jeffrey S. Benice; Mike Costache; Brown, Dama J.; Charlene Koonce

**Subject:** Re: Depositions of FTC's Witnesses


Reid,

According to the court order and as a deposing party, I have the right to conduct trial depositions and I intend to act upon my rights. I don't need to be educated regarding the "witness narrative statements" or what they are or when they can be filed. Your refusal to cooperate is damaging to my defense and prejudicing my rights.

The FTC seems to think trial depositions are warranted as you have on schedule 3 of them so why play double standards here? Simply recognize that I have the same rights as the FTC otherwise I will request the Court to intervene in this matter.

This is my 3rd and final request to allow me access to depose the FTC's Brent McPeek and/or stipulate to an extension due to his purported medical condition. This is crucial for my defense.

In your last email, you skipped or forgot to answer the below (Bolded). I kindly ask you to point me to it or if not provided by you then simply provide it.

**Additionally, I have been searching for the video tape that was videoed at the time of the FTC/Receiver's first entry to the Canby 105 location but couldn't find it. I am sure you know where it is.**

Thanks

Alan Argaman

On Wed, Jul 5, 2017 at 10:59 AM, Tepfer, Reid A. <rtepfer@ftc.gov> wrote:

Mr. Argaman:

We're not willing to stipulate to extend the deposition deadline because we don't believe a deposition is appropriate, as Brent will be available for cross-examination at trial. I'm unaware of any ruling by the Court stating that a witness narrative in lieu of a deposition is at the election of the deposing party. In fact, the Court directed that the parties submit direct testimony by witness narrative. Accordingly, as previously stated, we will move to quash any properly noticed deposition. Additionally, we will not be providing you Mr. McPeek's medical information.

You can review the FTC's initial disclosures, as those comprehensively describe everyone the FTC is aware of as having relevant information concerning this case. We will not otherwise be responding to your untimely informal discovery requests. Formal discovery in this case ended in April 2016.

Reid Tepfer

Attorney

Federal Trade Commission

**From:** Alan Argaman [mailto:alanleaaa@gmail.com]
**Sent:** Wednesday, July 05, 2017 12:38 PM
**To:** Tepfer, Reid A.
**Cc:** Gallegos, Luis; Keller, Zachary A.; Shai Oved; Robert L. Esensten (resensten@esenstenlaw.com); Robert Ungar; Jeffrey S. Benice; Sagar Parikh; Mike Costache; Brown, Dama J.; Charlene Koonce
**Subject:** Re: Depositions of FTC's Witnesses

Reid,

Thanks for sharing the information with regards to Brent McPeek's medical leave situation.  I wish him all the best.  As I am sure you know, Mr. McPeek's deposition is very crucial to my defense. I intend to pursue my rights.

On that note, please forward a copy of the documentation supporting this medical leave situation.

Are you willing to Stipulate to an extension to the cut-off for the deposition deadline?  Otherwise, I will have to file something ex parte and seek relief from the Court.

Trial depositions seem to be appropriate for the FTC. You scheduled 8 of them recently and you have 3 more scheduled for this month. I would think if the FTC finds trial depositions to be appropriate than Argaman should be able to do the same.

Doing a witness narrative in lieu of a deposition is at the election of the deposing party and in this case, that is Argaman (me).

At this time a full deposition that is videotaped by a licensed videographer is what I am pursuing. Of course, the video part will be later presented in trial.

I would advise you to rethink your motion to quash my rights tactic as it will not be granted and will show that the FTC is acting in bad faith. I am truly trying to work things out with you so please treat me professionally and stop trying to take advantage of me as it is costly to all.

Additionally, I have been searching for the video tape that was videoed at the time of the FTC/Receiver's first entry to the Canby 105 location but couldn't find it. I am sure you know where it is.

Kindly, would you point me to the evidence you provided where I can review it?

Can you also kindly mention all the names of the investigators that worked on this case besides MR. Mcpeek? Maybe we can start by interviewing or deposing them until Mr. Mcpeek gets better.

Please try to respond today as we have deadlines to meet.

Thanks,

Alan Argaman

On Wed, Jul 5, 2017 at 7:35 AM, Tepfer, Reid A. <rtepfer@ftc.gov> wrote:

Mr. Argaman:

Mr. McPeek is on medical leave until at least August 1.

In any case, we do not agree to the deposition. If this is intended as a discovery deposition, discovery closed in April 2016. If this intended as a deposition in lieu of a witness narrative (trial deposition), Mr. McPeek will actually be submitting a witness narrative and will accordingly be available at trial for cross-examination. As such, a trial deposition is inappropriate, and we would move to quash any properly noticed deposition.

Reid Tepfer

Attorney

Federal Trade Commission


**From:** Alan Argaman [mailto:alanleaaa@gmail.com]
**Sent:** Monday, July 03, 2017 12:09 AM
**To:** Tepfer, Reid A.; Gallegos, Luis; Shai Oved; Sagar Parikh; Mike Costache; Keller, Zachary A.; Robert Ungar; Jeffrey S. Benice; rgeffner@esenstenlaw.com; Robert L. Esensten (resensten@esenstenlaw.com)
**Subject:** Fwd: Depositions of FTC's Witnesses


Counsel,

I will be deposing the following person.  Please provide the availability for Brent McPeek:

These are the range of dates I will be available. July 10th to July 14th$^{st}$ and July 17th to 21st.

I will be taking his deposition in Texas.

Thank you,

Alan Argaman

**Tepfer, Reid A.**

| | |
|---|---|
| **From:** | Alan Argaman <alanleaaa@gmail.com> |
| **Sent:** | Thursday, July 13, 2017 7:47 PM |
| **To:** | Sagar Parikh |
| **Cc:** | Shai Oved; Gallegos, Luis; Keller, Zachary A.; Tepfer, Reid A. |
| **Subject:** | Re: Ex Parte Motion for Protective Order - FTC v. BunZai Media Group, Inc., et al. |
| **Attachments:** | May25th - 1st Gmail to FTC .pdf; June 2nd - 2nd Email to FTC.pdf; July13th 3rd Email to FTC.pdf |

Sagar,

In regards to the scheduled depostions for Tyler and Robert.

You were included in all the emails with the FTC regarding your clients depositions dates. You are aware that there is a scheduling conflict.

I have every legal right to be present at the depos so that my legal interest will be protected.
As such, this should be something that the other attorney needs to cooperate with or else the Judge will have to step in and not be happy.

I am attaching 3 good faith email attempts explaining the scheduling conflict. I provided alternative dates as well.

My emails have been ignored.

If you and the FTC are unwilling to cooperate, then I would just set it before the Judge and show evidence to the Judge of all the efforts made to coordinate with you and the FTC.
I will advice the Judge that opposing counsel has been uncooperative.

Are you willing to work with the FTC, Shai and I in regards to scheduling ?

Thanks,
Alan Argaman


On Thu, Jul 13, 2017 at 4:58 PM, Alan Argaman <alanleaaa@gmail.com> wrote:
Reid,

On May 25th at 4:02pm I sent you an email stating per below (bold)
**I am not avalable on July 17 or July 19.**
**I am available on July 13, July 18, or July 25 for the 3 depositions.**

On June 2nd I wrote you again per below (bold)
**Counsel, following up here.  I would appreciate the professional courtesy of a response, rather than ignoring me.**

It's unfortunate that you choose to unilaterally schedule these depositions without involving either myself or Shai.

Today for the **3rd time** I am asking that you stop operating unilaterally and discuss scheduling with me and Shai.

As shai already agreed, I also agree to continue these depositions for mutually agreeable dates before or after the discovery cut off so there is no prejudice to the FTC.

This is not how you do things as a professional. You have knows about this scheduling conflict since my first May 25th email.
Let me know what is a convenient time for you to discuss scheduling with Shai and I.

Thanks,
Alan Argaman


On Thu, Jul 13, 2017 at 4:05 PM, Tepfer, Reid A. <rtepfer@ftc.gov> wrote:

Shai,

I disagree with your statement that the Court wanted all trial related disputes presented in a joint application. When the Court requested joint briefing, the Court was specifically addressing Sagar's unavailability for the July depositions, which were to take place the following week. The Court did not indicate that all "trial related disputes" must be presented by *ex parte* joint filing. Accordingly, we do not intend to do so here and will be filing separately.

Concerning next week's depositions, we do not agree to postpone these depositions. These depositions have already been postponed by about two months, and the depositions were moved to dates selected by the deponent's counsel. I am also unclear what your basis would be for requesting this postponement. These depositions have been on calendar since May, and you have never stated that you had a conflict or issue with these dates.

Concerning your *ex parte* application, we will be filing our opposition separately. The Court's rules provide that we have 24 hours to draft our opposition to an *ex parte* application. You cannot expect us to have our position drafted by tomorrow morning, particularly when you have failed to inform us why you are seeking to postpone these depositions.

Moreover, please be aware that we will also be objecting to this filing as an inappropriate use of *ex parte* filing. The Court has indicated that "[e]x parte applications are for extraordinary relief." No such extraordinary

measures were needed here. In this case, these depositions have been on calendar for about two months, and you failed to timely seek a protective order.

Reid Tepfer

Attorney

Federal Trade Commission

---

**From:** Shai Oved [mailto:ssoesq@aol.com]
**Sent:** Thursday, July 13, 2017 5:15 PM
**To:** Tepfer, Reid A.
**Cc:** AlanLeAAA@gmail.com; Gallegos, Luis; Keller, Zachary A.; Sagar Parikh
**Subject:** Re: Ex Parte Motion for Protective Order - FTC v. BunZai Media Group, Inc., et al.

Reid,

I am currently out of the office and in transit traveling.

I understood the court wanted any trial related disputes to be resolved in an Ex parte joint application with each party providing their written position and filing it with a proposed order for the court to determine on the papers and or setting it for hearing.

Filing an individual motion, does not follow the court's procedure as I understand it.

==We will oppose such motion.==

With respect to the depositions next week, I anticipate filing a joint ex parte application for the court's determination. It will include a proposed order for the court to either set the matter for hearing and or make a ruling.

We will agree to continue these depositions for mutually agreeable dates before or after the discovery cut off so there is no prejudice to the FTC.

I will try to have a draft for you so that you have it when you come into the office tomorrow morning. We will include a reference in the application to the FTC's position so you can provide The FTC's positions with respect to continuing the depositions. If we don't have your comments incorporated into the document, we will file it without the FTC's position.

Very truly yours,
Shai Oved
The Law Offices of Shai Oved
7445 Topanga Cyn. Blvd., Suite 220
Canoga Park, California  91303
Tel: (818) 992-6588
Fax: (818) 992-6511
Email: ssoesq@aol.com
www.shaioved.com
_____

The information contained in this email is intended only for the individual or entity named above and may contain attorney privileged and confidential information.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copy of this communication is strictly prohibited.  If you received this communication in error, please immediately notify us by the telephone number above and return any hard copies to us via the postal service.. The Law Offices of Shai Oved is a debt relief agency which helps people file for bankruptcy under the Bankruptcy Code. Shai Oved is a Certified Bankruptcy Law Specialist by The State Bar of California Board of Legal Specialization.


Sent from my iPhone


On Jul 13, 2017, at 12:43 PM, Tepfer, Reid A. <rtepfer@ftc.gov> wrote:

> Mr. Argaman:
>
> I wanted to advise that the FTC anticipates filing an *ex parte* application for protective order under Fed. R. Civ. P. 26(c) concerning your scheduled deposition of Brent McPeek. We anticipate filing this motion tomorrow or Monday at the latest.
>
> Please provide your fax number so that we can fax you a copy of the motion upon filing.
>
> Please also advise whether you will agree to take this deposition off calendar to obviate the need for this *ex parte* application.
>
> I also wanted to notify you that any opposition to the FTC's *ex parte* application must be filed within 24 hours of our filing of the motion pursuant to the Court's rules.

Reid Tepfer

Attorney

Federal Trade Commission

(214) 979-9395