Alan Argaman
15021 Ventura Blvd. #421
Sherman Oaks, CA 91403
Tel: 818-588-2405
Email: AlanLeAAA@gmail.com
Defendant, In Pro Per

FILED
2017 JUL 17 AM 10: 24
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY: ___

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, <br><br> Plaintiff, <br><br> vs. <br><br> BUNZAI MEDIA GROUP, INC., et al., <br><br> Defendants. <br><br> SECURED MERCHANTS, LLC, CHARGEBACK ARMOR, INC. AND ALAN ARGAMAN, <br><br> Cross-Claimants <br><br> v. <br><br> ALON NOTTEA, an individual, <br><br> Cross-Defendant | Case No. 2:15-cv-04527-GW (PLAx) <br><br> **ALAN ARGAMAN'S OPPOSITION TO FTC'S EX PARTE APPLICATION FOR PROTECTIVE ORDER** <br><br> Hearing Date: TBA <br> Time: TBA <br> Location: TBA <br> Judge: Hon. George H. Wu |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

ALAN ARGAMAN ("Defendant") hereby opposes the Ex Parte Application for Protective Order filed by the Plaintiff FEDERAL TRADE COMMISSION ("FTC").

As shown herein, the FTC is using a double standard, prejudicing Defendant's rights to properly defending himself, and confuses the issue by

misinterpreting the Notice of Deposition of Brent McPeek as a discovery deposition, when it is a trial deposition.

Defendant asks the Court to deny the Application and order McPeek to appear for the July 28 deposition as noticed. Alternatively, Defendant respectfully asks that due to McPeek's purported medical issues, this Court to continue the July 31, 2017 cutoff date for trial depositions to a date in August, before which McPeek be ordered to appear for his deposition.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. Factual Background

The FTC has noticed numerous trial depositions, despite Argaman and Secured Merchants representing that these trial depositions are unnecessary, as the witnesses will submit witness narratives and be available at trial for cross-examination.

Indeed, just this week, the FTC has scheduled a July 17 deposition of David Migdal, a July 18 deposition of Robert Stayner, and a July 19 deposition of Tyler Reitenbach. Both Reitenbach and Stayner have represented that they will sign witness narratives, however, the FTC is still proceeding with their depositions, claiming that it is now too late to submit witnesses narratives for these persons.

Yet, when Defendant wishes to take the deposition of the FTC's chief investigator in this alleged $70m scheme to defraud consumers, the FTC claims

ALAN ARGAMAN'S OPPOSITION TO FTC'S EX PARTE APPLICATION
FOR PROTECTIVE ORDER
Page | 2

that the witness is unavailable due to medical leave and also refuses to stipulate to continue the July 31 deadline for trial depositions.

The FTC cannot have it both ways; it cannot take its own numerous trial depositions, not allow Defendant to take his trial deposition of McPeek, and simultaneously also refuse to agree to continue the July 31 trial deposition deadline, despite McPeek purportedly being on medical leave until August.

The burden for a protective order in this instance is high, as further shown below, and the FTC has not even come close to meeting it. Indeed, the FTC does not even include a declaration from McPeek, but yet relies on other individuals to speak for him, which lacks foundation, is not trustworthy testimony as it is not directly from McPeek, and thus the Application must be denied in its entirety; alternatively, the Court should push the July 31, 2017 trial deposition deadline back and order that the FTC make McPeek available for his deposition on a mutually convenient date in August.

### III.

### LEGAL ARGUMENT

#### A. Ex Parte Is Not Warranted Here

Ex parte applications are solely for extraordinary relief and should be used with discretion. See Local Rule 37-3 (to be heard on an ex parte basis, the moving party must show "irreparable injury or prejudice not attributable to the lack of

diligence of the moving party"). Here, defendants have not shown why they should be allowed to go to the head of the line in front of all other litigants and receive special treatment." See *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

Based on the foregoing, the FTC has not shown that irreparable injury or prejudice not attributable to their own lack of diligence will result if this Application is not heard on an ex parte basis.

### B. FTC Has the Burden of Proof in Quashing the Deposition

"The party seeking to quash a subpoena bears a heavy burden of proof...." *Irons v. Karceski,* 74 F.3d 1262, 1264 (D.C. Cir. 1995); *see Diamond State Ins. Corp. v. Rebel Oil Co.,* 157 F.R.D. 691, 698-700 (D. Nev. 1994) (placing burden on movant under Rule 45(c)(3)(A)(iv)); 9 *Moore's Federal Practice* § 45.04[3][a] (Supp. 2003).

"[A] party seeking to quash a subpoena has the burden of demonstrating that the request is unduly burdensome .... [Yet even given] a substantial degree of burden, inconvenience, and cost, **that will not excuse producing information that appears generally relevant to the issues in the proceeding.**'" *In re Laboratory Corp. of America,* 2011 FTC LEXIS 31, at *7 (Feb. 28, 2011) (emphasis added) (citations omitted).

Here, the FTC fails to any justification for quashing the subpoena under the enumerated list provided in Rule 45(c)(3), and thus cannot meet that burden.

Additionally, McPeek's testimony at trial is likely to be the main trial testimony against Defendant and on behalf of the FTC; thus, Defendant has a right to do a trial deposition of McPeek.

### C. The FTC Has Not Met Any of Rule 45's Requirements for Quashing a Subpoena

Rule 45(c)(3) provides the exclusive mechanism in the rules for quashing non-party subpoenas. See *Continental Coatings Corp. v. Metco, Inc.* 50 F.R.D. 382, 384 (N.D. 111. 1970) (holding other rules inapplicable when Rule 45 is exclusive mechanism for non-party subpoenas).

A subpoena must be modified or quashed under Rule 45(c)(3)(A) when it: (i) "fails to allow reasonable time for compliance;" (iii) requires the disclosure of privileged information; or (iv) subjects the witness to "undue burden." See Fed. R. Civ. P. 45(c)(3)(A)(i), (iii) & (iv).1 T

The trial deposition subpoena issued for McPeek provides plenty of time for compliance, namely because it is a deposition taking place in Texas, where McPeek resides; it is not even forcing McPeek to travel.

Next, McPeek will not testify regarding privileged information; and finally, there is no undue burden on McPeek, as while he may be on medical leave until

early August, Defendant has already agreed to continue the July 31, 2017 trial deposition deadline, so McPeek may be deposed after his return from medical leave. Thus, there is no "substantial burden." See *id*.

The heavy prejudice and undue burden would be placed on Defendant in this situation

Additionally, a subpoena may be modified or quashed under Rule 45(c)(3)(B) when it: (i) requires the disclosure of trade secrets; (ii) requires disclosure of an unretained expert's opinion or conclusions; or (iii) requires a "substantial expense" due to travel. See Fed. R. Civ. P. 45(c)(3)(B)(i)-(m).

The subpoena at issue is not one that requires quashing under Rule 45(c)(3)(B) because: (1) it does not require the disclosure of confidential information or trade secrets; (2) McPeek is not an unretained expert; and (3) McPeek will not incur a "substantial expense" since Defendant is the one who will have to fly to McPeek out of state to take the deposition.

### D. McPeek Did Not Submit a Declaration

Remarkably, the FTC attempts to rely on a Declaration from Reid Tepfer and Declaration from Jim Elliot. Yet, Brent McPeek, the deponent, does not have submit a Declaration confirming his medical leave. The FTC's Declarations lack foundation and personal knowledge and are thus not persuasive here.

### E. The July 31, 2017 Deadline Should Be Continued

1     The FTC claims that McPeek is not available until August 1, 2017 or later, which is conveniently and coincidentally literally the next day after Defendant's right to take trial depositions in this case would terminate.

    This unduly prejudicial result cannot occur, as it would be nothing more than a further bullying/harassing tactic by the FTC.

    A simple solution would be continue the July 31, 2017 deadline, so Defendant can take the McPeek deposition when he returns from medical leave.

### F. A Witness Narrative Is Not Useful Here

    The FTC claims that by August 23, 2017, it will submit a witness narrative from McPeek.

    However, this narrative will be submitted without any input from Defendant and will obviously be one-sided and biased in the FTC's favor. It will not leave any time for Defendant to comment upon the witness narrative or revise it.

    Indeed, the FTC used this same literal argument in refusing to take Robert Stayner and Tyler Reitenbach's depositions off-calendar, yet now argues the opposite in the Application. See EXHIBIT A for an email exchange between counsel for Stayner and Reitenbach and the FTC.

### IV.

### CONCLUSION

For the aforementioned reasons, Defendant should be allowed to take McPeek's deposition on July 28, 2017 as noticed, or the July 31, 2017 trial deposition should be continued so the deposition can be taken in Texas, at a mutually convenient date and time.

The Application should be denied.

DATED: July 16, 2017                By:   /s/ Alan Argaman
                                          Alan Argaman

1

# EXHIBIT A

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20

# Gmail

## FTC v. Bunzai - Reitenbach and Stayner Depositions

**Tepfer, Reid A.** <rtepfer@ftc.gov>  
To: Sagar Parikh <sp@beverlyhillslawcorp.com>  
Cc: "Gallegos, Luis" <LGALLEGOS@ftc.gov>, "Keller, Zachary A." <zkeller@ftc.gov>

Sagar Parikh <sp1085@gmail.com>

Thu, Jul 13, 2017 at 9:34 AM

Sagar,

We do not agree to cancel the depositions for your clients.

As I informed you over two months ago, we would have been glad to work with your clients on declarations in lieu of trial depositions. But we received no response to our requests until now. At this late date, there is no longer time to draft and finalize a declaration, as we will be traveling to LA Sunday. In fact, we have not even interviewed Mr. Reitenbach, as you refused to cooperate in scheduling such an interview.

Moreover, we cannot agree to cancel a deposition based on a declaration you drafted that we have not read, particularly when you drafted it without knowing what topics we intended to question your clients about.

Please be aware that if your clients are not present at next week's depositions as subpoenaed, we will file a motion with the Court seeking appropriate relief.

Reid Tepfer

Attorney

Federal Trade Commission

**From:** sp1085@gmail.com [mailto:sp1085@gmail.com] **On Behalf Of** Sagar Parikh  
**Sent:** Thursday, July 13, 2017 11:09 AM

**To:** Tepfer, Reid A.
**Subject:** FTC v. Bunzai - Reitenbach and Stayner Depositions

[Quoted text hidden]