UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES-GENERAL

Case No.: **CV 15-4527-GW (PLAx)**             Date: **July 18, 2017**

Title:    Federal Trade Commission v. Bunzai Media Group, Inc. et al., and Related Cross Actions

---

**PRESENT:** THE HONORABLE    **PAUL L. ABRAMS**
                              **UNITED STATES MAGISTRATE JUDGE**

| **Christianna Howard** | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

**ATTORNEYS PRESENT FOR PLAINTIFF:**          **ATTORNEYS PRESENT FOR DEFENDANT(S):**
     NONE                                                        NONE

**PROCEEDINGS:**      **(IN CHAMBERS)**

On July 8, 2017, defendant Alan Argaman ("defendant") emailed plaintiff a notice of deposition for FTC Investigator Brent McPeek, setting July 28, 2017, as the deposition date. A copy of the notice was delivered to plaintiff's office on July 12, 2017. On July 14, 2017, just six days after that email notice, and two days after delivery of the notice, plaintiff filed an ex parte application seeking to quash the deposition notice ("Application", ECF No. 619), arguing that McPeek is not a party and was not served with a subpoena to compel his appearance under Rule 45 of the Federal Rules of Civil Procedure, and that in any event McPeek is on medical leave from the FTC until at least August 1, 2017, and is thus not available on the noticed date. Plaintiff further contends that to the extent defendant is seeking to conduct discovery through this deposition, the discovery cutoff has long passed, and to the extent defendant is seeking to conduct a trial deposition, McPeek intends to submit a witness narrative as authorized by the District Judge and will be available for cross-examination at trial. Accordingly, a trial deposition is not appropriate. On July 17, 2017, defendant Argaman filed an opposition to the Application.

While ex parte applications are solely for extraordinary relief and should be used with discretion (see Local Rule 37-3), plaintiff here has shown why it "should be allowed to go to the head of the line in front of all other litigants and receive special treatment." See Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995). By noticing, on July 8, 2017, a deposition to be taken on July 28, 2017, defendant did not leave plaintiff sufficient time to challenge that notice with the Court through a regularly-filed motion. Nor did plaintiff delay in bringing this dispute to the Court's attention.

The District Judge clearly established that "[a]ll depositions will be completed by July 31, 2017" (ECF No. 596). While plaintiff has made an initial showing that McPeek is not available to be deposed until August 1, 2017, at the earliest (see Declaration of James E. Elliott, ECF No. 619-2), plaintiff did not submit a declaration from McPeek to that effect or any details as to why he is on medical leave, or why he cannot be deposed near his residence even though he is presently on medical leave. Accordingly, **no later than noon Pacific time on Thursday, July 20, 2017**, plaintiff shall submit, under seal, any additional information it wishes the Court to consider in determining if the deposition subpoena for FTC Investigator Brent McPeek will be quashed. The Court advises that if it determines that McPeek's condition is such that he cannot be deposed before August 1,

---

2017, and should defendant seek and be given leave by the District Judge to take this deposition *beyond* the July 31, 2017, deposition completion date (this Court will not alter a deadline established by the District Judge), the Court does not believe that plaintiff's additional objections to this deposition would prevent it from going forward, and trusts that the parties, working together in good faith, would be able to mutually agree on a deposition date in advance of the September 8, 2017, trial date.


cc:     Counsel of Record
        Alan Argaman, pro se

Initials of Deputy Clerk _____ch_____