DAVID C. SHONKA
Acting General Counsel

REID TEPFER
rtepfer@ftc.gov; Tex. Bar No. 24079444
LUIS GALLEGOS
lgallegos@ftc.gov; Okla. Bar No. 19098
ZACHARY A. KELLER
zkeller@ftc.gov; Tex. Bar No. 24087838
DAMA J. BROWN
Dbrown1@ftc.gov; Mi. Bar No. P54775

Federal Trade Commission
1999 Bryan Street, Suite 2150
Dallas, Texas 75201
(214) 979-9395 (Tepfer); (214) 979-9383 (Gallegos);
(214) 979-9382 (Keller); (214) 979-9374 (Brown)
(214) 953-3079 (fax)

RAYMOND MCKOWN
rmckown@ftc.gov; Cal. Bar No. 150975
10877 Wilshire Boulevard, Suite 700
Los Angeles, California 90024
(310) 824-4343(voice); (310) 824-4380 (fax)

Attorneys for Plaintiff Federal Trade Commission

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,**<br><br>**Plaintiff,**<br><br>v.<br><br>**BUNZAI MEDIA GROUP, INC.,** *et al.,*<br><br>**Defendants.** | **Case No. CV 15-4527-GW(PLAx)**<br><br>**PLAINTIFF'S UNOPPOSED *EX PARTE* APPLICATION FOR AN ORDER ALLOWING PLAINTIFF TO SUBMIT FOR *IN CAMERA* REVIEW ADDITIONAL DOCUMENTATION IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER TO QUASH DEPOSITION NOTICE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:  TBD |

|   |   |
|---|---|
|   | **Time:** TBD<br>**Judge:** Hon. George Wu |

## *EX PARTE* APPLICATION

Pursuant to Local Rules 7-19 and 79-6, Plaintiff Federal Trade Commission (FTC) applies *ex parte* for an order allowing Plaintiff to submit for *in camera* review additional documentation in support of its *ex parte* Motion for a Protective Order to quash a deposition scheduled for July 28, 2017 ("Motion to Quash"). In order to be entitled to *ex parte* relief, the moving party must show that its cause will be irreparably prejudiced if the underlying motion is heard according to regular notices motion procedures and that the moving party is without fault in creating the crisis that requires *ex parte* relief. *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. Mar. 14, 1995). In this case, Plaintiff may be irreparably prejudiced if it has to wait for its motion to be heard according to the regular notices motion procedures.

Under Local Rule 6-1, a moving party must wait 28 days before its motion will be heard by the Court. Here the challenged deposition of an FTC employee is scheduled for July 28, 2017. Additionally, pursuant to the Court's minute entry, Plaintiff was given until noon on July 20th to submit any additional evidence it would like the Court to consider in making its determination. Dkt. 621. Plaintiff intends to submit a Second Declaration of James Elliott that discusses sensitive

health information of its investigator, Brent McPeek.[1]  Because the Second Declaration of James Elliott contains Mr. McPeek's sensitive health information, Plaintiff is seeking an *ex parte* application allowing Plaintiff to submit the Second Declaration of James Elliott for *in camera* review.[2]  Plaintiff could be irreparably prejudiced if this matter is not considered before the noon deadline ordered by the Court.

Plaintiff is without fault in creating the crisis that requires *ex parte* relief. Since entry of the Court's order, Plaintiff has worked diligently to obtain the requested information.

Plaintiff informs the Court that after conferring with Defendants about its *ex parte* application to submit additional documentation for *in camera* review, Defendants notified Plaintiff that they had no opposition to the Court reviewing the documents *in camera*.[3]

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S UNOPPOSED APPLICATION FOR AN ORDER ALLOWING PLAINTIFF TO FILE *IN CAMERA* ADDITIONAL DOCUMENTATION IN SUPPORT OF ITS MOTION TO QUASH**

Pursuant to Local Rule 79-6, Plaintiff applies for an order allowing Plaintiff to submit for <u>in camera</u> review additional documentation in support its Motion to

---

[1] *See* Declaration of Luis Gallegos ¶¶ 4-6 .
[2] Id.
[3] Id. at ¶ 10.

Quash.  This application is made on the basis that Plaintiff intends to submit a Second Declaration of James Elliott that contains sensitive health information of Brent McPeek.[4]

## I. Summary

On July 14, 2017, Plaintiff filed an *ex parte* application seeking to quash the deposition notice sent by Defendant Alan Argaman for Brent McPeek's deposition on July 28, 2017.  Dkt. 619.  In support of its *ex parte* application, Plaintiff submitted the Declaration James Elliott attesting that Mr. McPeek was on medical leave until August 1, 2017.  Dkt. 619-2.  On July 18, 2017, the Court entered a minute entry requesting additional documentation be filed under seal.  Dkt. 621.  Because Plaintiff intends to file a Second Declaration of James Elliott that contains sensitive health information of Mr. McPeek, Plaintiff is seeking an order to allow it to submit the Second Declaration of James Elliott for *in camera* review.

## II. Legal Authority and Argument

Local Rule 79-6.2 requires that a party seeking *in camera* review of a document to describe its general nature and establish why it should be reviewed *in camera* .  As shown by the Declaration Luis H. Gallegos, Plaintiff intends to submit a Second Declaration of James Elliott that contains sensitive health

---

[4] Id at ¶¶ 5 & 6.

information of Mr. Brent McPeek.[5]  Courts have long held the view that *in camera* review is a highly appropriate and useful means of dealing with claims of governmental privilege.  *E.g., United States* v. *Nixon,* 418 U.S. 683, 706 (1974); *United States* v. *Reynolds,* 345 U.S. 1 (1953); K*err v. United States Dist. Court for Northern Dist.*, 426 U.S. 394, 405-406 (U.S. June 14, 1976).  *In camera* review of the documents is a relatively costless and eminently worthwhile method to insure that the balance between petitioners' claims of irrelevance and privilege and plaintiffs' asserted need for the documents is correctly struck.  *Kerr*, 426 U.S. at 405.  The Privacy Act of 1974 states that "[n]o agency shall disclose any record of which is contained in a system of records by any means . . . to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains . . .." 5 U.S.C. § 552a(b).

In this case, Mr. McPeek's privacy outweighs Defendants' need for information that has no evidentiary value.  Mr. McPeek has a reasonable expectation that his sensitive health information will be maintained private and not shared with defendant or defense counsel, who have no legitimate expectation to receive the information.  Disclosure of Mr. McPeek's sensitive health information could lead to embarrassment, harassment, or anxiety.  Submission of James Elliott's Second Declaration is being submitted solely to aid the Court's

---

[5] See Declaration of Luis H. Gallegos at ¶¶ 4 and 6.

determination concerning whether the July 28 deposition should proceed. In an effort to provide disclosure, Plaintiff is providing Defendants a redacted copy of James Elliott's Second Declaration that removes Mr. McPeek's sensitive health information.

## II. CONCLUSION

For the reasons stated above, Plaintiff respectfully moves that the Plaintiff be allowed to submit the Second Declaration of James Elliott for *in camera* review.

Respectfully submitted,

Dated: 7/20/17

*/s/ LUIS H. GALLEGOS*
REID A. TEPFER
LUIS H. GALLEGOS
Attorneys for the Plaintiff
Federal Trade Commission
1999 Bryan Street, Suite 2150
Dallas, Texas 75201
(214) 979-9395 (Tepfer)
(214) 979-9383 (Gallegos)
(214) 953-3079 (facsimile)
rtepfer@ftc.gov
lgallegos@ftc.gov

**CERTIFICATE OF SERVICE**

The undersigned certifies that on July 20, 2017, a true and correct copy of the foregoing document was served by ECF and/or email to the individuals listed below.

Shai Oved
Law Offices of Shai Oved
7445 Topanga Canyon Blvd, Ste. 220
Canoga Park, CA 91303
Counsel for Secured Merchants, LLC

Alan Argaman
*Pro Se* Defendant

　　　　　　　　　　　　　　*/S/ LUIS H. GALLEGOS*
　　　　　　　　　　　　　　LUIS H. GALLEGOS

PLAINTIFF'S *EX PARTE* UNOPPOSED APPLICATION SUBMIT ADDITIONAL DOCUMENTATION FOR IN CAMERA REVIEW