**DECLARATION OF LUIS H. GALLEGOS**
**PURSUANT TO 28 U.S.C. § 1746**

Pursuant to 28 U.S.C. § 1746, I, Luis H. Gallegos, declare that:

1. I am an attorney duly licensed by the Oklahoma Bar Association and have been employed by the Federal Trade Commission (FTC) as a staff attorney since November 2004.

2. On June 21, 2015, in connection with the matter *FTC v. BunZai Media Group, Inc.*, Civil No. 2:15-cv-04527-GW-PLA, my *Pro Hac Vice* application to appear as counsel for Plaintiff was granted.

3. On July 14, 2017, Plaintiff filed an *ex parte* application seeking to quash the deposition notice sent by Defendant Argaman demanding that the deposition of FTC Investigator Brent McPeek be held on July 28, 2017. Dkt. 619. In support of its *ex parte* application, Plaintiff submitted the Declaration James Elliott attesting that Mr. McPeek was on medical leave until August 1, 2017. Dkt. 619-2. On July 18, 2017, the Court entered a minute entry requesting additional information under seal. Dkt. 621.

4. Plaintiff now seeks to submit a Second Declaration of James Elliott that provides additional detail concerning Mr. McPeek's medical condition and treatment. Additionally, the Second Declaration of James Elliott discusses Mr. McPeek's inability to prepare for, to appear and testify at a deposition in this matter on or before August 1, or longer, depending on his recovery.

**DECLARATION OF LUIS H. GALLEGOS** Page | 1

5.      Because the Second Declaration of James Elliott contains sensitive health information of Mr. McPeek, Plaintiff is seeking an order from the Court allowing Plaintiff to submit the Second Declaration of James Elliott for *in camera* review and to serve Defendants with a redacted version of the declaration, a copy of which is attached, that protects Mr. McPeek's sensitive health information.

6.      After having personally reviewed and considered the contents of the Second Declaration of James Elliott, it is my opinion that the Second Declaration of James Elliott contains information that is sensitive in that it contains non-public, sensitive health information concerning Mr. McPeek.  In addition, it is my opinion that this sensitive health information has no evidentiary value to the merits of the underlying case, or to the defendants' defense.  This information is being submitted solely to aid the Court's determination concerning whether the July 28 deposition should proceed.

7.      Mr. McPeek has a reasonable expectation that his personal health information will not be disclosed or shared with defendant and defense counsel, given that his health is not an issue in the underlying case.  The Privacy Act of 1974 states that "[n]o agency shall disclose any record of which is contained  in a system of records by any means . . . to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains . . .." 5 U.S.C. § 552a(b).

8. Allowing Plaintiff to file the documents under seal would not be sufficient given that details concerning Mr. McPeek's sensitive health information would be shared with defendant and defense counsel, who have no legitimate expectation to receive the information.

9. Disclosure of the employee's sensitive health information is contrary to his reasonable expectation of privacy and could lead to embarrassment, harassment, or anxiety.

10. On July 20th, after notifying Defendant and defense counsel of our anticipated ex parte application to submit James Elliott's Second Declaration for *in camera* review, Defense Counsel for Secured Merchants stated that after speaking with Mr. Argaman they had to no opposition to the documents being filed for *in camera* review.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 20, 2017, in Dallas, Texas.

*/s/ LUIS H. GALLEGOS*
Luis H. Gallegos

# SECOND DECLARATION OF JAMES ELLIOTT
## PURSUANT TO 28 U.S.C. § 1746

Pursuant to 28 U.S.C. § 1746, I, James E. Elliott, declare that:

1. I have been employed by the Federal Trade Commission (FTC) since March of 1988. I have been the Assistant Director of the FTC's Southwest Region since December 2013. I am an attorney licensed by the State of Texas. I am the immediate supervisor of the office's attorneys, investigators, and support staff. My responsibilities in this position include, among other things, approving the office staff's time and attendance. This involves approval of staff member's requests for leave of absences from work.

2. Brent McPeek is an investigator with the FTC's Southwest Region. I am his immediate supervisor.

3. I previously submitted a Declaration in the matter of *FTC v. Bunzai Media Group Inc.*, Civil No. 2:15-cv-04527-GW-PLA, attesting to Mr. McPeek's unavailability for deposition on July 28, 2017, due to approved medical leave. (Dkt. 619-2). On July 18, the Honorable Magistrate Judge Paul L. Abrams issued a civil minutes order, directing that plaintiff submit, under seal, additional information it wishes the Court to consider in determining if the deposition for FTC Investigator Brent McPeek will be quashed. This Second Declaration is being submitted pursuant to that request, to provide additional details and circumstances surrounding the approval of Mr. McPeek's medical leave.

**SECOND DECLARATION OF JAMES E. ELLIOTT**     Page | 1

1      4.    Mr. McPeek sought permission to take medical leave as far back as

2  May 25, 2017, for purposes of [Redacted]. Prior to that

3  date, I was aware that Mr. McPeek experienced difficulty with and was seeking

4  treatment for his [Redacted], following an injury he sustained during

5  [Redacted]. Therefore, I approved Mr. McPeek's

6  request for medical leave, commencing on June 27, 2017 and continuing until

7  August 1, 2017.  (*See* Attachment A).

8      5.    Mr. McPeek has been away from the office since June 29 and, out of

9  respect for his recovery and welfare, I have minimized work-related disruptions to

10 his medical leave.  However, my office and I have communicated with him on a

11 few occasions during the course of his leave and those communications form the

12 basis of my statements in this Second Declaration.

13     6.    Based upon the information provided to me by Mr. McPeek, he

14 underwent [Redacted] on June 29.  He was [Redacted] the

15 following day and sent home for [Redacted], with [Redacted]

16 [Redacted]

17     7.    Approximately 7-10 days [Redacted], Mr. McPeek reported to me

18 that he experienced [Redacted]

19 during [Redacted].  He reported that this event caused him further

20 [Redacted].  His physician diagnosed

**SECOND DECLARATION OF JAMES E. ELLIOTT**    Page | 2

1 this [Redacted] as [Redacted]. He has consulted with his physician
2 concerning appropriate treatment and recovery following this incident.
3     8. Mr. McPeek reported that he has attended [Redacted] and
4 [Redacted] sessions to facilitate his recovery. He has strictly limited his
5 activities, using a [Redacted] when necessary, and is
6 following doctors' recommendations. As of July 19, Mr. McPeek reported that he
7 is [Redacted]
8 [Redacted]. He also reported on that date that he
9 could not comfortably ride in a car for more 20 minutes, sit in upright chair for
10 more than 5 minutes without [Redacted], and that physical activity of any
11 sort – including [Redacted] – leave him
12 [Redacted]. Because of the [Redacted], Mr. McPeek
13 stated he did not believe it was appropriate for him to execute a signed, written
14 declaration under oath at the current time.
15     9. Although it is impossible to determine with certainty the course that
16 his recovery will take during the next two weeks, upon information and belief, Mr.
17 McPeek's physical condition and [Redacted] render it impracticable,
18 if not impossible, for him to prepare for, to appear and to testify at a deposition in
19 this matter on or before August 1, or longer, depending on his recovery.
20

**SECOND DECLARATION OF JAMES E. ELLIOTT**     Page | 3

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 20, 2017, in Dallas, Texas.

                                           JAMES E. ELLIOTT *(Digitally signed by JAMES E. ELLIOTT, DN: cn=JAMES E. ELLIOTT, o=Federal Trade Commission, ou=Southwest Region, email=jelliott@ftc.gov, c=US, Date: 2017.07.20 09:27:20 -05'00')*

                                           James E. Elliott

**SECOND DECLARATION OF JAMES E. ELLIOTT**             Page | 4



Attachment A