Thomas H. Vidal (SBN 204432)
**PRYOR CASHMAN LLP**
1801 Century Park E, 24th Floor
Los Angeles, CA 90067
310-556-9608
310-556-9670- Fax
tvidal@pryorcashman.com

Charlene C. Koonce (TX Bar No 11672850)
*Admitted Pro Hac Vice*
**SCHEEF & STONE, L.L.P.**
500 N. Akard, Suite 2700
Dallas, Texas 75201
214-706-4200
214-706-4242 - Fax
Charlene.koonce@solidcounsel.com
RECEIVER

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>BUNZAI MEDIA GROUP, INC., a California corporation, also doing business as AuraVie and Miracle Face Kit, et al.,<br><br>Defendants. | Case No. 2:15-CV-4527-GW(PLAx)<br><br>RECEIVER'S *EX PARTE* APPLICATION FOR A PROTECTIVE ORDER AND MOTION TO QUASH SUBPOENA AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT<br><br>Date: TBD<br>Time: TBD<br>Judge: Magistrate Paul L. Abrams |

## APPLICATION

Pursuant to Local Rule 7-19, Receiver, Charlene C. Koonce ("Receiver") applies *ex parte* for a protective order to quash a subpoena to testify at a deposition in this civil action on July 31,

2017. In order to be entitled to *ex parte* relief, the moving party must show that its cause will be irreparably prejudiced if the underlying motion is heard according to regular notices motion procedures and that the moving party is without fault in creating the crisis that requires *ex parte* relief. *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. Mar. 14, 1995). In this case, the Receiver will be irreparably prejudiced if she has to wait for her motion to be heard according to the regular notice and motion procedures.

Under Local Rule 6-1, a moving party must wait 28 days before its motion will be heard by the Court. Here the challenged subpoena requires the Receiver to testify at a deposition on July 31, 2017- a date on which the Receiver will be out of state with her family on vacation. Although alternate dates for the deposition were immediately requested, the party who served the Subpoena, Alan Argaman, has not agreed to reschedule it unless the FTC agrees to extend the discovery deadline – an extension over which the Receiver has no control. Unless the Court rules on this Motion before July 31st, the Receiver could be irreparably prejudiced in the event the Court determines the Receiver must testify at the deposition.

The Receiver is without fault in creating the crisis that requires *ex parte* relief. The Receiver was served with the Subpoena to Testify at a Deposition in a Civil Action on July 17, 2017 via hand delivery, and thus August 16 would have been the earliest day under the local rules that Receiver's Motion for Protective Order could be heard. The slight delay in filing this Motion was due to the Receiver's requests for a different date, and Argaman's delays in definitively responding.

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RECEIVER'S APPLICATION FOR PROTECTIVE ORDER

Receiver moves for a protective order quashing the Subpoena to Testify at a Deposition in a Civil Action pursuant to Federal Rule of Civil Procedure 26(c). Defendant Argaman seeks to depose Receiver at a date and time in which the Receiver will be on vacation and out of state.

## I. Summary

On July 17, 2017, Receiver was served via hand delivery with a Subpoena to Testify at a Deposition in a Civil Action. Less than an hour after being served, the Receiver notified Argaman that she was not available on the date noticed and requested an alternate date.

The Receiver seeks a protective order to quash the Subpoena to Testify at a Deposition in a Civil Action on the grounds that Receiver will be on vacation and out of the state on July 31, 2017.

In conjunction with this motion, Receiver has filed a certification attesting that she has conferred with Defendant Argaman in an unsuccessful effort to resolve this dispute without the Court's intervention.[1]

## II. Legal Argument

Federal Rule of Civil Procedure 26(c) allows a court, for good cause, to issue an order protecting a party or person from annoyance, embarrassment, oppression or undue burden. Here, the scheduled deposition is unduly burdensome on the grounds that Receiver will be on vacation and out of state on the date the deposition is scheduled.

### A. The Receiver Will Be on Vacation on the Date Noticed

The Receiver consented to a telephone interview by Defendant Argaman, which occurred on or about July 11, 2017. Argaman, however, did not confer with the Receiver prior to serving the Subpoena and did not seek any dates convenient to the Receiver for the deposition prior to

---

[1] *See* Declaration of Charlene C. Koonce, and attachments thereto.

serving the Subpoena.  Immediately upon being served, the Receiver provided alternate dates to Argaman, none of which were acceptable to Argaman or his co-counsel.[2]  Argaman suggested the deposition be set after the discovery cut-off, and requested agreement to extend that deadline, but the Receiver has no authority to extend any deadlines.[3]

The Receiver is unavailable at the date and time scheduled for deposition.  The proposed deposition is accordingly unduly burdensome to Receiver in light of her scheduled vacation.

### III.  Conclusion

For the reasons stated above, Receiver respectfully moves that the Subpoena to Testify at a Deposition in a Civil Action on July 31, 2017, be quashed.

Respectfully submitted,

/s/ Charlene C. Koonce
Charlene C. Koonce
**Receiver**
**Scheef & Stone, LLP**
500 N. Akard Street, Suite 2700
Dallas, Texas 75201
Telephone: 214-706-4200
Telecopier: 214-706-4242
*Admitted Pro Hac Vice* (TX SBN 11672850)

---

[2] *Id.*
[3] The Receiver returns from vacation on August 7 and could be available for deposition on the afternoon of the 7th, before 2:00 CST on the 8th, after 3:00 CST on the 9th or any time on the 10th if the parties or the Court extend the discovery deadline.

4

## CERTIFICATE OF SERVICE

The undersigned certifies that on July 20, 2017 a true and correct copy of the foregoing document was electronically filed with the clerk of the U.S. District Court, Central District of California, using the CM/ECF system which will send notification of such filing to all persons registered for service in this case, including but not limited to the following:

Shai Oved
The Law Offices of Shai Oved
433 N. Camden Drive, 6th Floor
Beverly Hills, CA 90210
*Counsel for Secured Merchants, LLC*

Reid Tepfer
Luis H. Gallegos
1999 Bryan Street, Suite 2150
Dallas, Texas 75201
*Attorneys for the Plaintiff*
*Federal Trade Commission*

Alan Argaman
*Pro Se* Defendant

/s/ Charlene C. Koonce
CHARLENE C. KOONCE