UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES-GENERAL

Case No.: **CV 15-4527-GW (PLAx)**                                     Date: **July 24, 2017**

Title:   Federal Trade Commission v. Bunzai Media Group, Inc. et al., and Related Cross Actions

------------------------------------------------------------------------

PRESENT: THE HONORABLE   **PAUL L. ABRAMS**
                     UNITED STATES MAGISTRATE JUDGE

| **Christianna Howard** | **N/A** | **N/A** |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

**ATTORNEYS PRESENT FOR PLAINTIFF:**                **ATTORNEYS PRESENT FOR DEFENDANT(S):**
            NONE                                                                  NONE

**PROCEEDINGS:**     **(IN CHAMBERS)**

On July 20, 2017, Charlene C. Koonce, a third-party former Receiver in this action ("Receiver"), filed an ex parte application ("Application" or "App.") for a "protective order quashing" the deposition subpoena served on her on July 17, 2017, by defendant Alan Argaman ("Argaman" or "defendant"), noticing her deposition for July 31, 2017 -- the date set by the District Judge for all depositions to be completed in this action. (ECF No. 625; see also ECF No. 596). On July 21, 2017, the Federal Trade Commission filed a "Nonopposition to Receiver's *Ex Parte* Application." (ECFNo. 626). As of the date of this Order, no opposition has been filed by defendant.

The Receiver states that less than one hour after being served with the subpoena, she notified Argaman that she would be out of state on vacation on the noticed date and requested an alternate date. (App. at 2-3). She informed him that she was available on July 27, 2017, or "some other day between the 24th and the 27th" of July. (App. Koonce Decl. Ex. A). As of the time she filed the Application, defendant had not agreed to any of the alternate dates prior to July 31, 2017.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Receiver moved for a "protective order to quash" the subpoena. (App. at 3). A party "from whom discovery is sought" may seek a protective order pursuant to Rule 26(c) to protect that party from "annoyance, embarrassment, oppression, or undue burden or expense." To obtain a protective order, the party resisting discovery must show "good cause" for its issuance, by making a clear showing of a particular and specific need for the order. Fed. R. Civ. P. 26(c)(1); Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975). When discovery is sought from third parties, a protective order may be more easily obtained. Dart Indus. Co., Inc. v. Westwood Chem. Co., Inc., 649 F.2d 646, 649 (9th Cir. 1980).

In this case, by unilaterally noticing, on July 17, 2017, a deposition to be taken on July 31, 2017 -- the last day to conduct depositions -- defendant did not leave the Receiver sufficient time to challenge that notice with the Court through a regularly-filed motion. Ex parte relief is thus appropriate. The *former* Receiver -- a third party -- has established that she is not available for a deposition on the noticed date of July 31, 2017, as she will be out of state on a scheduled vacation. Upon receipt of the subpoena, the Receiver promptly informed defendant

of the conflict with her previously-scheduled vacation and proposed alternate deposition dates. None of the dates prior to July 31, 2017, however, was accepted by defendant and his co-counsel. (App. at 4). Although defendant suggested to the Receiver that her deposition could be set *after* the deposition cutoff date, the Receiver correctly notes that she "has no authority to extend any deadlines." (Id.). She argues that requiring her to attend the deposition scheduled on July 31, 2017, when she will be on vacation and out of state, would constitute an undue burden. (App. at 3).

Having reviewed the Application, and under the entirety of the circumstances, the Court finds that the Receiver has shown that it would be unduly burdensome to require her to appear for her deposition on July 31, 2017, when she is on a previously-scheduled vacation, especially in light of the facts that defendant waited until the very end of the Court-imposed period to schedule this deposition, and that the Receiver attempted to accommodate defendant by providing several alternate dates prior to the deposition cutoff date that she could make herself available.

Accordingly, the Receiver's Application is **granted**, and the Court hereby enters a protective order preventing the subject deposition from going forward as noticed.

cc: Counsel of Record
    Alan Argaman, pro se

Initials of Deputy Clerk _____ch_____