FILED

2017 JUL 24  AM 10: 06

1  Alan Argaman
   15021 Ventura Blvd. #421
   Sherman Oaks, CA 91403
2  Tel: 818-588-2405
   Email: AlanLeAAA@gmail.com

3  Defendant, In Pro Per

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Case No. 2:15-cv-04527-GW (PLAx) |
| Plaintiff, | **ALAN ARGAMAN'S LIMITED OPPOSITION TO RECEIVER'S EX PARTE APPLICATION FOR PROTECTIVE ORDER AND/OR ORDER QUASHING SUBPOENA; JOINDER BY SECURED MERCHANTS, LLC** |
| vs. | |
| BUNZAI MEDIA GROUP, INC., et al., | |
| Defendants. | |
| SECURED MERCHANTS, LLC, CHARGEBACK ARMOR, INC. AND ALAN ARGAMAN, | **Hearing Date: TBA**<br>**Time: TBA**<br>**Location: TBA**<br>**Judge: Hon. George H. Wu** |
| Cross-Claimants | |
| v. | |
| ALON NOTTEA, an individual, | |
| Cross-Defendant | |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

ALAN ARGAMAN ("Defendant") hereby files his limited opposition to the Ex Parte Application to Quash Deposition Subpoena and/or for Protective Order filed by the Plaintiff FEDERAL TRADE COMMISSION ("FTC").

ALAN ARGAMAN'S OPPOSITION TO THE RECEIVER'S EX PARTE
APPLICATION FOR PROTECTIVE ORDER
Page | 1

As shown herein, the Receiver has not met her burden to with respect to quashing the subpoena or seeking a protective order; Argman has been tied up in depositions by the FTC for 3 of 5 days last week, is back in hearings in this matter on Monday (when this Opposition is being filed), and again on Thursday for a Settlement Conference with the Magistrate Judge.

Argaman does not oppose re-setting the deposition to a mutually convenient date and time which works with the FTC's calendar and all other counsel. Similarly, with the deposition of Mr. McPeek, the Magistrate Court; however, the court is requested to extend the discovery cutoff.

The FTC has set dates and has conducted its trial depositions. Mr. Argaman set dates for his trial depositions on July 28, 2017, and July 31, 2017; however, both the FTC's lead investigator and the Receiver appointed in this case have advised that they cannot appear due to medical leave and vacation schedule, respectively. Argaman and Secured Merchants, LLC, will be unfairly disadvantaged because of their unavailability and do not oppose re-setting their respective depositions to a mutual convenient date and date; however, it will necessarily be after the deposition cutoff of July 31, 2017.

Denying such relief for duly noticed/served depositions is using a double standard, prejudicing Defendant's rights to properly defending himself.

Defendant files this limited Opposition asks the Court to require Ms. Koonce to appear for deposition on a mutually agreeable date after the July 31, discovery cut-off.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  Factual Background

The FTC has noticed numerous trial depositions, despite Argaman and Secured Merchants representing that these trial depositions are unnecessary, as the witnesses will submit witness narratives and be available at trial for cross-examination.

Indeed, just last week, the FTC has conducted depositions as follows: July 17 deposition of David Migdal, a July 18 deposition of Robert Stayner, and a July 19 deposition of Tyler Reitenbach. Mr. Argman noticed depositions and served subpoenas on Mr. Peak, lead investigator with the FTC for July 28 (but the Magistrate Judge has entered an order quashing his Subpoena, initially suggesting that the parties work out a date beyond the discovery but refusing to extend this Court's deposition cut-off date on its own), and Ms. Koonce for July 31, the receiver appointed by this Court to handle this matter on behalf of the FTC..

Conveniently for the FTC, neither McPeak, nor Ms. Koonce are available on the dates noticed for their depsotions and have sought protective orders which

will unduly prejudice Argaman and Secured Merchants with respect to defending themselves in this matter.

The FTC cannot have it both ways; it cannot take its own numerous trial depositions, not allow Defendant to take his trial deposition of McPeek and/or Ms. Koonce, and simultaneously also refuse to agree to continue the July 31 trial deposition deadline, despite McPeek purportedly being on medical leave until August.

As the Magistrate Court has entered an order quashing Mr. McPeek's deposition, and as provided in this limited Opposition, Argaman does not oppose a protective order and continuing both depositions to a date after the discovery cut-off.

## II.   LEGAL ARGUMENT

### A. Ex Parte Is Not Warranted Here

Ex parte applications are solely for extraordinary relief and should be used with discretion. See Local Rule 37-3 (to be heard on an ex parte basis, the moving party must show "irreparable injury or prejudice not attributable to the lack of diligence of the moving party"). Here, defendants have not shown why they should be allowed to go to the head of the line in front of all other litigants and receive special treatment." See *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

Based on the foregoing, the FTC has not shown that irreparable injury or prejudice not attributable to their own lack of diligence will result if this Application is not heard on an ex parte basis.

### B. Receiver Has the Burden of Proof in Quashing the Deposition

"The party seeking to quash a subpoena bears a heavy burden of proof...." *Irons v. Karceski,* 74 F.3d 1262, 1264 (D.C. Cir. 1995); *see Diamond State Ins. Corp. v. Rebel Oil Co.,* 157 F.R.D. 691, 698-700 (D. Nev. 1994) (placing burden on movant under Rule 45(c)(3)(A)(iv)); 9 *Moore's Federal Practice* § 45.04[3][a] (Supp. 2003).

"[A] party seeking to quash a subpoena has the burden of demonstrating that the request is unduly burdensome .... [Yet even given] a substantial degree of burden, inconvenience, and cost, **that will not excuse producing information that appears generally relevant to the issues in the proceeding.**'" *In re Laboratory Corp. of America,* 2011 FTC LEXIS 31, at *7 (Feb. 28, 2011) (emphasis added) (citations omitted).

Here, the Receiver fails to any justification for quashing the subpoena under the enumerated list provided in Rule 45(c)(3), and thus cannot meet that burden.

Additionally, Ms. Koonce's testimony at trial is likely to be one of the main trial testimony against Defendant and on behalf of the FTC; thus, Defendant has a right to do a trial deposition of McPeek.

### C. The FTC Has Not Met Any of Rule 45's Requirements for Quashing a Subpoena

Rule 45(c)(3) provides the exclusive mechanism in the rules for quashing non-party subpoenas. See *Continental Coatings Corp. v. Metco, Inc.* 50 F.R.D. 382, 384 (N.D. 111. 1970) (holding other rules inapplicable when Rule 45 is exclusive mechanism for non-party subpoenas).

A subpoena must be modified or quashed under Rule 45(c)(3)(A) when it: (i) "fails to allow reasonable time for compliance;" (iii) requires the disclosure of privileged information; or (iv) subjects the witness to "undue burden." See Fed. R. Civ. P. 45(c)(3)(A)(i), (iii) & (iv).1 T

The heavy prejudice and undue burden would be placed on Defendant in this situation

Additionally, a subpoena may be modified or quashed under Rule 45(c)(3)(B) when it: (i) requires the disclosure of trade secrets; (ii) requires disclosure of an unretained expert's opinion or conclusions; or (iii) requires a "substantial expense" due to travel. See Fed. R. Civ. P. 45(c)(3)(B)(i)-(m).

The subpoena at issue is not one that requires quashing under Rule 45(c)(3)(B) because: (1) it does not require the disclosure of confidential information or trade secrets; (2) Ms. Koonce is not an unretained expert; and (3) it is unclear where Ms. Koonce will be on vacation as it may be more convenient to

have her local as opposed to in Texas where he deposition was noticed. It is unclear where she is going and for how long.

### D. The July 31, 2017 Deadline Should Be Continued

After reviewing possible dates, none have been available before the deposition cutoff of July 31, 2017, so the deposition cutoff should be extended. The parties are in court for a final good faith effort to resolve on July 27, 2017, and extending the deposition cut off of July 31, 2017, should be extended.

Not being able to depose and Ms. Koonce and unwillingness to extend the deposition cutoff is unduly prejudicial and should not occur, as it would be nothing more than a further bullying/harassing tactic by the FTC.

### CONCLUSION

For the aforementioned reasons, Defendant should be allowed to take Ms. Koonce's deposition, if not on July 31, 2017, then on a mutually convenient date thereafter.

DATED: July 24, 2017            By: _____
                                Alan Argaman, in pro per

Secured Merchants, LLC, joins in this Limited Opposition and does not oppose extending the deposition cutoff to allow the depositions of Mr. McPeek and Ms. Koonce to proceed on a mutually convenient date and time.

DATED: July 24, 2017            By: _____
                                Shai Oved, Attorneys for Secured Merchant, LLC