# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 15-4527-GW(PLAx) | Date | July 24, 2017 |
|---|---|---|---|
| Title | *Federal Trade Commission v. Bunzai Media Group, Inc., et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | Katie Thibodeuax | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Reid Tepfer by telephone<br>Luis Gallegos by telephone | None Present |

**PROCEEDINGS:**     **PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AS TO DEFENDANT KHRISTOPHER BOND, AKA RAY IBBOT [607]**

Court and counsel confer.  The Tentative circulated and attached hereto, is adopted as the Court's Final Ruling.  Plaintiff's Motion is GRANTED; a proposed default judgment with amendments will be filed forthwith.

|  | : | 02 |
|---|---|---|
| Initials of Preparer | JG | |

***Fed. Trade Comm'n v. Bunzai Media Grp., Inc., et al.***, Case No. CV-15-4527-GW-(PLAx); Tentative Ruling on Motion for Default Judgment as to Defendant Khristopher Bond, aka Ray Ibbot

Plaintiff Federal Trade Commission ("Plaintiff") moves for a default judgment against defendant Khristopher Bond, aka Ray Ibbot ("Bond").  Plaintiff personally served Bond with the First Amended Complaint for Permanent Injunction and Other Equitable Relief ("FAC"), *see* Docket No. 235, and a copy of the proposed default judgment on December 5, 2016.  *See* Docket No. 569.  Bond failed to respond to the FAC, and the Clerk of Court entered default against Bond on January 27, 2017.  *See* Docket No. 575.

**Local Rule 55-1**

Under Local Rule 55-1, a party requesting default judgment must make a showing as to the following:  (1) when and against what party the default was entered; (2) identification of the pleading to which default was entered; (3) whether the defaulting party is an infant or incompetent person; (4) that Defendant is not in military service such that the Servicemembers Civil Relief Act does not apply; and (5) that notice has been served on the defaulting party, if required by Fed. R. Civ. P. 55(b)(2).  *See* C.D. Cal. L.R. 55-1; *see also Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003).  As noted above, on January 27, 2017, Bond's default was entered for failure to respond to the FAC.  Plaintiff has also provided the other information Local Rule 55-1 requires, and indicates that Bond was served with notice of this motion (though it was not required to do so due to his nonappearance in this action).  *See* Tepfer Decl. (Docket No. 607-1) ¶¶ 9-11.

Plaintiff has also fully complied with Local Rule 58-11, which requires that it submit a separate proposed default judgment in compliance with Fed. R. Civ. P. 58.  *See* Docket No. 607-2.[1]

**The Merits of a Default Judgment**

On entry of a default, well-pled allegations in the complaint regarding liability are

---

[1] Before it is issued, however, the proposed default judgment/order contains a number of blanks to be filled-in, *see, e.g.*, Docket No. 607-2, at 3:1-5, and will require an update to the date thereof, *see id.* at 34:8-9.  In addition, the word "for" at 31:20 of the proposed default judgment/order should be changed to "or."

generally deemed true.  *See Geddes v. United Fin. Corp.*, 559 F.2d 557, 560 (9th Cir. 1977); *see also Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988) (holding that "facts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support the [default] judgment").  The Court need not make detailed findings of fact in the event of default.  *See Adriana Int'l Corp.. v. Thoeren*, 913 F.2d 1406, 1414 (9th Cir. 1990).

This Court has discretion to refuse to enter a default judgment in an appropriate case.  *See Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  It may consider a variety of factors in the exercise of such discretion, including:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  For the reasons addressed in Plaintiff's motion, *see* Docket No. 607, at 20:8-23:16, arguably all of the *Eitel* factors but the last factor (which would appear to always work in a defaulting defendant's favor) are in Plaintiff's favor here.[2]

Although well-pled allegations are taken as true, "claims which are legally insufficient, are not established by default."  *Cripps v. Life Insurance Co. of North America*, 980 F.2d 1261, 1267 (9th Cir. 1992).  Whether a plaintiff has properly stated a

---

[2] The only pause in assessment of those factors that the Court might have as to an individual defendant such as Bond is the "sum of money at stake in the action."  Plaintiff seeks a joint and several judgment of almost $73 million.  However, insofar as Bond had notice of the amount in question because of service upon him of the proposed default judgment, his failure to respond cannot elevate that factor to be of preeminent importance over all others.  In other words, it is not, by itself, a basis to deny Plaintiff default judgment against Bond here (and if there was some defect in service preventing Bond from responding to the FAC, he may attempt to raise that issue at a future date).  Nevertheless, the Court still would inquire with Plaintiff as to why, in July 2016, it was prepared to seek only slightly over $45 million from Bond, in particular, but now it seeks much more.  *See* Docket No. 483, at pg. 4 of 5; Docket No. 454, at 18 n.12 ("Bond owned BunZai Media and participated [*sic*] and controlled its operations from 2010 through March 2013.  During that period, the common enterprise generated…$45,095,123 in revenues."); *id.* at 22:9-10; *see also* Docket No. 607-2, at 13:4-6 (proposed judgment/order adjudging Bond jointly and severally liable for $72,692,812 in equitable monetary relief); *id.* at 24:14-25:4 (proposed judgment ordering joint and several judgment in that amount).

claim is related to the second and third *Eitel* factors.  *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002) (referring to "the first two *Eitel* factors"). As the Court previously ultimately concluded in this case in connection with default judgment proceedings against other defendants, and as Plaintiff has taken pains to demonstrate again on this motion, Plaintiff has properly stated its claims here.  *See* Docket No. 531, at pgs. 2-4 of 4 & n.1; Docket No. 607, at 10:3-17:18.[3]

Plaintiff has also pled – at least in the absence of any response or participation in this litigation from Bond – a proper basis to obtain monetary and injunctive relief against Bond, though he is an individual defendant.  *See FTC v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1170-71 (9th Cir. 1997).  The Court previously considered whether Plaintiff had sufficiently demonstrated a basis for injunctive relief in connection with its pursuit of a default judgment against other defendants.  *See* Docket No. 531, at pg. 4 of 4; Docket No. 524, at pgs. 5-11 of 13.  There is no reason to reach any different conclusion here.  The same is true with respect to the other forms of relief included in the proposed default judgment/order.  *See* Docket No. 531, at pg. 4 of 4; Docket No. 524, at pgs. 11-12 of 13.

There being no apparent reason to refrain from doing so, the Court would grant Plaintiff's motion, albeit with possible amendments as discussed above.

---

[3] In those earlier proceedings, the Court initially raised the issue of whether Plaintiff had sufficiently pled the existence of a common enterprise amongst all the defendants.  *See* Docket No. 531, at pg. 2 of 4.  In ultimately granting those earlier default judgments, however, the Court impliedly indicated that it was satisfied that Plaintiff had adequately done so.  As to Bond in particular, Plaintiff pled (in terms of *non-*conclusory allegations) only that he "is or has been an owner of [co-defendant] BunZai Media Group, Inc.," and that he "trained customer-service representatives on responding to consumer complaints."  FAC ¶ 38. But this is roughly equivalent – in terms of detail, or lack thereof – to the allegations concerning many of the other defendants in this case.  *See* Docket No. 531 at pg. 3 of 4.  As the Court was satisfied previously, there is no reason for it to change its conclusion as to Bond.