UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-4527-GW(PLAx) | Date | July 24, 2017 |
|---|---|---|---|
| Title | *Federal Trade Commission v. Bunzai Media Group, Inc., et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | Katie Thibodeuax | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Reid Tepfer by telephone | Shai Oved |
| Luis Gallegos by telephone | Alan Argaman, PRO SE |

**PROCEEDINGS:** PLAINTIFF'S MOTION TO PRECLUDE DEFENDANTS ALAN ARGAMAN AND SECURED MERCHANTS LLC'S UNDISCLOSED EXHIBITS, WITNESSES, AND EXPERT WITNESSES [602]

The Court's Tentative Ruling is circulated and attached hereto. Court hears oral argument. For reasons stated on the record, Plaintiff's motion is continued to August 3, 2017 at 8:30 a.m. Parties will meet and confer regarding any disagreements, with a joint document to be filed by noon on August 1, 2017.

                                                                                             :   20

                                                          Initials of Preparer    JG

*Federal Trade Commission v. Bunzai Media Grp. Inc., et al.*, Case No. CV-15-04527-GW (PLAx); Tentative Ruling on Motion to Preclude Defendants Alan Argaman and Secured Merchants LLC's Undisclosed Exhibits, Witnesses, and Expert Witnesses

The Federal Trade Commission ("Plaintiff") moves to preclude defendants Alan Argaman and Secured Merchants LLC ("Secured") from being able to use, for any purposes, any exhibits, witnesses and/or experts they failed to disclose at the pre-trial meeting of counsel held, telephonically, on May 26, 2017.  Argaman and Secured have filed identical opposition briefs, in which they argue that: 1) the motion is flawed because it does not consist of an *ex parte* stipulation for the Court to consider without a hearing; 2) Plaintiff did not engage in a genuine attempt to meet and confer; and 3) the deadlines to exchange exhibits and witnesses has not yet passed based on the Court's Standing Order (Docket No. 25), Scheduling Order (Docket Nos. 578 and 596) and Local Rule 16-2.  Plaintiff did not file a Reply brief.

Argaman and Secured offer no citation for any rule that this motion must be by way of an *ex parte* stipulation for the Court to consider without a hearing.  They only state that they "understood that in the event of any discovery or trial-related disputes, the parties would submit an ex parte stipulation related to such controversy for the Court to determine on the papers or at a hearing the Court would set." *See* Docket Nos. 609 & 613, at 3:14-16.  Even if the Court had indicated, at some point in time, that such a practice was to be followed, it now exercises its discretion to consider this motion as presented.  Given the fast-approaching trial date and the parties' demonstrated inability to effectively communicate with one another, the Court also exercises its discretion, in this instance, to permit deviation from this District's meet-and-confer requirement.

That leaves Argaman's and Secured's third basis for opposition to the motion. With respect to the timing of the exchange of exhibits and disclosure of witnesses, the Court's Standing Order re Final Pre-Trial Conferences for Civil Jury Trials Before Judge George H. Wu ("Standing Order") indicates that the parties are to – among other things – exchange trial exhibits and identify trial witnesses "*[a]t least* twenty-one (21) days prior to the Final Pre-Trial Conference."[1]  Docket No. 25, at 1-2 (emphasis added).  The Court

---

[1] Here, the pre-trial conference is scheduled for August 24, 2017.

held a Scheduling Conference on February 2, 2017. *See* Docket No. 578. In advance of that Scheduling Conference, the parties submitted competing proposed trial schedules. *See* Docket No. 577, at 2-4. Secured and Argaman asked for a May 27, 2017 deadline for the pretrial meeting of counsel to be held. *See id.* at 3. As a result of that February 2 conference, the Court adopted their request, and ordered May 27, 2017, as the "[d]eadline for pretrial meeting of counsel to discuss amended joint witness list, exhibit list, fact stipulations, and other issues discussed in this Court's standing order (Doc. No. 25)."[2] Docket No. 578. On May 15, 2017, the Court held a Status Conference, but the "Civil Minutes – General" from that conference reflect no discussion (or alteration) of the May 27 deadline. *See* Docket No. 596.

Finally, Local Rule 16-2 provides that, with respect to the "Meeting of Counsel Before Final Pretrial Conference," "[a]t least forty (40) days before the date set for the Final Pretrial Conference, lead trial counsel for the parties shall meet in person and shall accomplish the following," before listing (in Local Rules 16-2.1 through 16-2.9) nine different subjects the parties must "accomplish." C.D. Cal. L.R. 16-2. But this Court's Standing Order states, in the very first paragraph, that "[y]ou are instructed to read and to follow (*unless otherwise superseded herein*) the Central District of California Local Rules…16-1 through 16-15 regarding pre-trial requirements." Docket No. 25, at 1 (emphasis added). The second paragraph of that Standing Order covers the timing of the parties' preparation and exchange of materials. *See id.*, at 1-2. By setting the May 27 deadline, and by failing to exchange exhibits and identify witnesses by that deadline, Argaman and Secured *missed* that deadline.

Moreover, unlike Local Rule 16-2, the second paragraph of the Court's Standing Order – which "supersede[s]" Local Rule 16-2 in at least certain respects, and which is the paragraph governing the identification of witnesses and exchange of exhibits – says nothing about any "in person" meeting requirement. Argaman's and Secured's insistence that such an "in person" meeting take place, therefore, does not find a basis in this

---

[2] Although Argaman and Secured correctly note in their Oppositions that Docket No. 578 does set a deadline to "discuss" the witness and exhibit lists, paragraph 2 of the Court's Standing Order (Docket No. 25) speaks of an *exchange* of exhibits and list of trial witnesses. Whether the May 27 date was originally designed as the deadline for accomplishing the exchange tasks set out in paragraph 2 of this Court's Standing Order or the discussion/preparation tasks set out in paragraph 3 of this Court's Standing Order (discussed further *infra*), by not actually exchanging exhibits or witness lists by that date, Argaman and Secured clearly missed the date by which they must have done so.

Court's orders regarding exchange-and-identify obligations.[3] Moreover, in the parties' "Joint Scheduling Report Concerning Trial as to Defendants Alan Argaman, Secured Merchants, LLC, and Relief Defendant Chargeback Armor, Inc.," Plaintiff, Secured and Argaman all requested permission to attend the pretrial meeting telephonically. *See* Docket No. 577, at 2 n.1. Even if the in-person meeting was a requirement of this Court's Standing Order, or even if Local Rule 16-2's requirement of such a meeting was effective here, or even if the parties had not specifically requested permission to hold such meeting telephonically, Plaintiff indicates that neither Argaman nor Secured objected to the meeting being held telephonically until Argaman did so at 6:27 p.m. the evening before the meeting was to occur. *See* Docket No. 602-9. This is despite Plaintiff's counsel's multiple attempts, in the days and weeks leading up to the meeting, to inquire as to whether there would be any objection to a telephonic meeting (notwithstanding the aforementioned joint request to the Court for permission to conduct such meeting telephonically). *See* Docket Nos. 602-4, 602-5, 602-6. Neither Argaman nor Secured ever sought relief from the May 27 deadline (which, again, was a date they proposed). Their objection – raised only with Plaintiff, not with the Court – on the eve of the May 26 meeting came too late.

As the foregoing demonstrates, Argaman's and Secured's failure to exchange and/or /identify by the May 27 deadline was not "substantially justified." They have made no effort to argue that it is "harmless," as clearly would not be the case given the quickly-approaching trial date and the scurrying Plaintiff would have to undertake were it suddenly to be presented with new exhibits/witnesses. As a result, the Court grants Plaintiff's motion pursuant to Rule 37(c)(1) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.").

---

[3] The only "in person" obligation comes in the third paragraph of the Standing Order, which governs not the exchange of materials/identification of witnesses, but instead a meeting for preparing various "joint" materials to file with the Court at least five days before the final pre-trial conference. *See* Docket No. 25, at 2. That in-person meeting must necessarily – by virtue of joint preparation obligations and the earlier exchange of exhibits and identification of witnesses – *post-date* the exchange of exhibits and identification of witnesses, and therefore must still occur in this case.