DAVID C. SHONKA
Acting General Counsel

REID TEPFER
rtepfer@ftc.gov; Tex. Bar No. 24079444
LUIS GALLEGOS
lgallegos@ftc.gov; Okla. Bar No. 19098
ZACHARY A. KELLER
zkeller@ftc.gov; Tex. Bar No. 24087838
DAMA J. BROWN
Dbrown1@ftc.gov; Mi. Bar No. P54775

Federal Trade Commission
1999 Bryan Street, Suite 2150
Dallas, Texas 75201
(214) 979-9395 (Tepfer); (214) 979-9383 (Gallegos);
(214) 979-9382 (Keller); (214) 979-9374 (Brown)
(214) 953-3079 (fax)

RAYMOND MCKOWN
rmckown@ftc.gov; Cal. Bar No. 150975
10877 Wilshire Boulevard, Suite 700
Los Angeles, California 90024
(310) 824-4343(voice); (310) 824-4380 (fax)

Attorneys for Plaintiff Federal Trade Commission

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,**<br><br>**Plaintiff,**<br><br>v.<br><br>**BUNZAI MEDIA GROUP, INC.,** *et al.,*<br><br>**Defendants.** | **Case No. CV 15-4527-GW(PLAx)**<br><br>**PLAINTIFF'S OPPOSITION TO ALAN ARGAMAN AND SECURED MERCHANTS, LLC'S MOTION IN LIMINE TO EXCLUDE PLAINTIFF FTC'S EVIDENCE AND EXHIBITS** |

Defendants Alan Argaman and Secured Merchants, LLC have moved the Court to exclude the evidence and exhibits of Plaintiff Federal Trade Commission (the "FTC"). The Court should deny Defendants' request because (1) Defendants' claim that the FTC's failed to produce these exhibits is baseless—grounded only in Defendants' own refusal to access documents the FTC has provided on multiple occasions—and (2) any other claim relating to authentication is untimely, overbroad, and baseless.

**I.     Argument**

   ***A.     The FTC has Provided Defendant Argaman Every Proposed Exhibit Multiple Times.***

Defendants have claimed that they never received or were otherwise unable to download all of the FTC's proposed exhibits.[1] These exhibits consist of the initial exhibits first produced on April 26, 2016 (the "Initial Exhibits") and 41 additional exhibits that the FTC produced after the April 2016 meeting (the "Additional Exhibits"). The following provides the background for each group of exhibits in turn and demonstrates that the FTC has provided these exhibits on multiple occasions while making every reasonable effort to assist Defendants in accessing them:

---

[1] *See* Dkt. 614.

1

PLAINTIFF'S OPPOSITION TO DEFENDANTS ALAN ARGAMAN
AND SECURED MERCHANTS LLC'S MOTION IN LIMINE

1  **1.  The Initial Exhibits**.

2       The Initial Exhibits are those exhibits the FTC prepared for this case's first

3  trial, which was set to occur in June 2016. The FTC first provided these exhibits

4  in electronic format to all Defendants at the first pretrial meeting of counsel on

5  April 26, 2016.[2] Because trial was scheduled for June 2016 at the time, the FTC

6  followed these electronic copies with paper copies to all parties in June 2016.[3]  In

7  addition, many of the Initial Exhibits are part of the public record as they were

8  included with Plaintiff's Motion for Summary Judgment.[4] Defendants have had

9  access to a joint exhibit list describing the Initial Exhibits since the April 26

10  meeting.[5]

11       The FTC also produced the Initial Exhibits again prior to the second

12  pretrial meeting of counsel.[6] Here, the FTC first produced the Initial Exhibits

13  through a secure file transfer on May 25, 2017.[7] When Defendants expressed

14  either an inability or unwillingness to download the files during the second pretrial

15  meeting the next day, FTC counsel offered to assist in any way he could during

---

16  [2] *See* Declaration of Reid Tepfer at ¶ 2 and corresponding Attachment A at p. 1 and 2.
Moreover, as part of the discovery process and an agreement of the parties, Plaintiff provided
defendants a hard drive that contained the FTC's evidence.

17  [3] *See* Declaration of Reid Tepfer at ¶ 3 and corresponding Attachment B.
[4] *See* Dkts. 353-3-353-32; 369-1; 380-1; 380-2; 387-1; 396-1-396-6.

18  [5] *See* Declaration of Reid Tepfer at ¶ 2 and corresponding Attachment A at p. 1 and 2.
[6] *See* Declaration of Reid Tepfer at ¶ 5 and corresponding Attachment D at p. 1.

19  [7] *See* Declaration of Reid Tepfer at ¶ 5 and corresponding Attachment D at p. 1.  Plaintiff sent
the files using Accellion, a secured, cloud-based file transfer program typically utilized in large
data transfers.

20

PLAINTIFF'S OPPOSITION TO DEFENDANTS ALAN ARGAMAN
AND SECURED MERCHANTS LLC'S MOTION IN LIMINE

the call and followed this up with an email that evening to the same effect.[8] FTC counsel then sent an additional email on May 31, 2017, asking Defendants whether they have accessed the exhibits through the secure file transfer.[9] When counsel for Defendant SM replied on June 5, 2017 that he had not, FTC counsel sent a second secure file transfer that same day.[10] Defendant Argaman did not respond during this period, so the FTC's sending the second secure file transfer concluded the substantive correspondence regarding the Initial Exhibits.

### 2.  The Additional Exhibits.

The FTC produced the Additional Exhibits in both the May 25 and June 5 secure file transfers described above.[11] In addition, FTC counsel provided the Additional Exhibits directly through an encrypted .zip file containing .pdf files of each Additional Exhibit on May 26, 2017.[12] The FTC followed this up with a joint exhibit list to Defendants on May 31, 2017, which includes a description of each Additional Exhibit.[13]

---

[8] *See* Declaration of Reid Tepfer at ¶ 6 and corresponding Attachment G at p. 1.
[9] *See* Declaration of Reid Tepfer at ¶ 7 and corresponding Attachment H at p. 1.
[10] *See* Declaration of Reid Tepfer at ¶ 8 and corresponding Attachment I at p. 1.
[11] *See* Declaration of Reid Tepfer at ¶¶ 5 and 8 and corresponding Attachments D at p. 1 and I at p. 1.
[12] *See* Declaration of Reid Tepfer at ¶ 6 and corresponding Attachments E at p. 1 and F at p. 1.
[13] *See* Declaration of Reid Tepfer at ¶ 7 and corresponding Attachment H at p. 1.

PLAINTIFF'S OPPOSITION TO DEFENDANTS ALAN ARGAMAN
AND SECURED MERCHANTS LLC'S MOTION IN LIMINE

**3. Defendants' Claim that They Have Only Received Unreadable or Inaccessible Exhibits is Baseless.**

Simply put, if Defendants' claim that the FTC will "surprise the Defendants at trial with documents that Defendants have not seen before"[14] ends up being true, it will only be due to Defendants' own choice not to review them. As described above, the FTC has produced the Initial Exhibits by way of paper copy and two separate secure file transfers. Many of these exhibits are also part of the public record. The FTC has produced the Additional Exhibits by way of .zip files containing .pdf copies, as well as two separate secure file transfers. The FTC has attempted to facilitate Defendants' downloading the materials with each transfer and remains willing to assist Defendants to the extent that their requests are reasonable.

**B. Defendants' Remark Regarding Foundation is Untimely, Vague, and Baseless.**

The introductory paragraph to Defendants' motion notes that all FTC exhibits "lack foundation, have not and cannot be possibly authenticated, and thus should be excluded,"[15] but Defendants do not revisit or otherwise explain their objection except to the extent that it relates to whether they have access to the exhibits. Because it is unclear whether Defendants are attempting to object

---

[14] Dkt. 614, at 2.
[15] Dkt. 614, at 2.

4

generally to the exhibits' foundation, however, the FTC here addresses their

remark, to the extent that it could be so interpreted, for the sake of completeness.

Defendants' claim fails for the following three reasons:

### 1.  Defendants' Authentication Remark is Overbroad and Vague.

"Generally, motions in limine that seek exclusion of broad and

unspecific categories of evidence are disfavored. A court 'is almost always better

situated during the actual trial to assess the value and utility of evidence.'

Therefore, the Sixth Circuit explained, '[A] better practice is to deal with

questions of admissibility of evidence as they arise [in trial]' as opposed to ruling

on a motion in limine."[16] This Court's standing order echoes these sentiments:

"Do not submit blanket or boilerplate objections as they will be disregarded and

overruled."[17]

Here, if Defendants intended an authentication objection not related to

whether they have access to the exhibits, then it's precisely the type of "blanket or

boilerplate" that this Court disallows.[18] Defendants remark that "all [Plaintiff's

---

[16] *Thomas v. Garcia*, 2013 U.S. Dist. LEXIS 100046, 2013 WL 3773861 at 3-*4 (E.D. Cal. July 17, 2013) (internal citations omitted).
[17] Dkt. 25, at 3.
[18] *Id.*

PLAINTIFF'S OPPOSITION TO DEFENDANTS ALAN ARGAMAN
AND SECURED MERCHANTS LLC'S MOTION IN LIMINE

exhibits] lack foundation" yet do not explain or otherwise elaborate on the claim. This Court should thus "disregard[] and overrule[]" Defendants' objection.[19]

### 2. Defendants' Authentication Remark is Untimely.

This Court's Standing Order provides the Joint Exhibit List as the parties' forum for objecting to evidence: "Any and all objections to an exhibit must be included in the joint exhibit list. Any objections not so included will be deemed by this Court to have been waived."[20]

Here, Defendants failed to raise any authentication objection in the Amended Joint Exhibit List.[21] In fact, Defendants even failed to include authentication in what was already an overbroad and boilerplate objection to all Plaintiff's exhibits "based on hearsay, best evidence and relevance."[22] Thus, again, this Court should "disregard[] and overrule[]" Defendants' objection.

### 3. Defendants' Authentication Claim Relate to Exhibits that Largely Consist of Their Own Business Records.

Finally, Defendants' claims regarding the chance of "surprise" regarding the trial documents further strains credulity given that the vast majority of the exhibits were generated from records the FTC secured while at Defendant Secured

---

[19] *Id.*
[20] *Id.*
[21] *See* Dkt. 606.
[22] *Id.* at 4.

PLAINTIFF'S OPPOSITION TO DEFENDANTS ALAN ARGAMAN
AND SECURED MERCHANTS LLC'S MOTION IN LIMINE

Merchants LLC's business premises[23]—indeed, premises that were leased to

Defendant Argaman.[24] Moreover, most exhibits consist of the Defendants'

business records, including correspondence, that were secured by forensic

examiners and FTC investigators who have submitted declarations detailing how

those documents were secured.[25] Thus, any claim Defendants make regarding

"ambush tactics" is hard to square with evidence that they themselves sent or

received during the course of their AuraVie business operations.

**II.    Conclusion**

For the reasons explained above, this Court should deny Defendants'

motion.

Respectfully submitted,

Dated: 7/27/17                              */s/ REID TEPFER*_____

REID A. TEPFER
LUIS H. GALLEGOS
ZACHARY KELLER
DAMA BROWN
Attorneys for the Plaintiff
Federal Trade Commission
1999 Bryan Street, Suite 2150
Dallas, Texas 75201
(214) 979-9395 (Tepfer)
(214) 979-9383 (Gallegos)
(214) 979-9382 (Keller)
(214) 979-9374 (Brown)

---

[23] *See* Dkt. 120, at 24-25.
[24] *See* Dkt. 120, at 12.
[25] *See, e.g.,* Dkt. 93-1; 369-1 at 43-44; 369-1 at 45-46; 369-1 at 47-48.

PLAINTIFF'S OPPOSITION TO DEFENDANTS ALAN ARGAMAN
AND SECURED MERCHANTS LLC'S MOTION IN LIMINE

1

(214) 953-3079 (facsimile)
rtepfer@ftc.gov;lgallegos@ftc.gov;

2

zkeller@ftc.gov; dbrown1@ftc.gov.

3

## CERTIFICATE OF SERVICE

4

5

The undersigned certifies that on July 27, 2017, a true and correct copy of
the foregoing document was served by ECF or email to the individuals listed
below.

6

7

Shai Oved
Law Offices of Shai Oved
7445 Topanga Canyon Blvd, Ste. 220
 Canoga Park, CA 91303
Counsel for Secured Merchants, LLC

8

9

Alan Argaman, *Pro Se* Defendant

10

11

*/S/ REID TEPFER*
REID TEPFER

12

13

14

15

16

17

18

19

20

PLAINTIFF'S OPPOSITION TO DEFENDANTS ALAN ARGAMAN
AND SECURED MERCHANTS LLC'S MOTION IN LIMINE