DAVID C. SHONKA
Acting General Counsel

REID TEPFER
rtepfer@ftc.gov; Tex. Bar No. 24079444
LUIS GALLEGOS
lgallegos@ftc.gov; Okla. Bar No. 19098
ZACHARY A. KELLER
zkeller@ftc.gov; Tex. Bar No. 24087838
DAMA J. BROWN
Dbrown1@ftc.gov; Mi. Bar No. P54775

Federal Trade Commission
1999 Bryan Street, Suite 2150
Dallas, Texas 75201
(214) 979-9395 (Tepfer); (214) 979-9383 (Gallegos);
(214) 979-9382 (Keller); (214) 979-9374 (Brown)
(214) 953-3079 (fax)

RAYMOND MCKOWN
rmckown@ftc.gov; Cal. Bar No. 150975
10877 Wilshire Boulevard, Suite 700
Los Angeles, California 90024
(310) 824-4343(voice); (310) 824-4380 (fax)

Attorneys for Plaintiff Federal Trade Commission

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,**<br><br>Plaintiff,<br><br>v.<br><br>**BUNZAI MEDIA GROUP, INC.,** *et al.,*<br><br>**Defendants.** | **Case No. CV 15-4527-GW(PLAx)**<br><br>**FEDERAL TRADE COMMISSION'S NOTICE OF MOTION AND MOTION TO DETERMINE THAT AUTOMATIC STAY HAS NO EFFECT ON PLAINTIFF'S ENFORCEMENT ACTION AND TO RESET TRIAL DATE AND LITIGATION SCHEDULE**<br><br>Date: September 28, 2017<br>Time: 8:30 a.m.<br>Judge: Hon. George Wu |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on September 28, 2017, at 8:30 a.m., before the Honorable George H. Wu, Plaintiff Federal Trade Commission will move for an Order resetting this matter's trial schedule requiring the parties to submit a joint report with proposed litigation deadlines.

## I. Introduction

The FTC respectfully requests that the Court determine that the automatic stay has no effect on Plaintiff's enforcement action and to reset the trial schedule in this matter. Although Defendant Secured Merchants LLC ("SM") recently filed for bankruptcy, it is appropriate to continue the litigation in this matter for the following reasons: (1) this Court has jurisdiction to determine whether the Bankruptcy Code's automatic stay applies to this case; (2) it is well settled that the Bankruptcy Code's automatic stay provisions have no effect on the prosecution of FTC enforcement actions; (3) even if the automatic stay affected the case as to Defendant SM, it would not affect the case as to Defendant Argaman; and (4) a discretionary stay would be inappropriate, as there is more than a "fair possibility" of harm to consumers if a stay is granted and Defendants have not, and cannot, established hardship.

## II. Facts

The FTC sued Defendants Alan Argaman, Secured Merchants ("SM"), and 30 other Defendants to stop a deceptive online negative-option scheme that had deprived consumers of over $73 million. Trial was originally set for June 2016 (Doc. No. 223); however, it was postponed until August 8, 2017, a date selected by Defendants, after the parties' original settlement fell through. Doc. Nos. 577 and 578.

Following a third Court-ordered mediation session on July 27, 2017, Defendants represented to the Court and Plaintiff, on July 31, that they had "tentatively agree[d]" to a settlement and required only "further explanation and clarification" of certain provisions in the proposed stipulated order. Doc. No. 640. But contrary to Defendants' representation, Defendants once again have refused to finalize the settlement agreement. On August 3, the day of the mediation status conference, SM filed a notice with the Court incorrectly claiming that this litigation was subject to an automatic stay due to its bankruptcy petition filed the day before. *See* Doc. No. 645. As a result, the Court vacated all future dates and set a status conference concerning state of SM's bankruptcy case. *See* Doc. No. 649.

In fact, Defendant SM filed only a bare-bones bankruptcy petition, without any of the required documents concerning their assets or liabilities or their financial statement. *See In re Secured Merchants LLC*, 1:17-bk-12058-MT (Bankr. C.D. Cal. Aug. 15, 2017), Doc. No 1-2 ("Order to Comply with Bankruptcy Rule 1007 and Notice of Intent to Dismiss Case"). In a subsequent filing with the bankruptcy court, in which SM sought additional time to file these preliminary bankruptcy documents, SM acknowledged that this bankruptcy petition was filed merely to delay the trial in this case: "The case was filed in order for Debtor to avoid disputed federal court litigation matters . . . ." *See id.*,

Doc. No. 6 at 3. This Court should not reward Defendants' bad faith litigation tactics.

### III. Law

#### A. *This Court Has Jurisdiction to Determine Whether this Litigation Is Subject to the Bankruptcy Code's Automatic Stay*

A district court has jurisdiction to determine whether the Bankruptcy Code's automatic stay applies to a case pending before it. *Lockyer v. Mirant*, 398 F.3d 1098, 1105–07 (9th Cir. 2005) (collecting cases holding that the district court had authority to determine whether an action is subject to the automatic stay). Moreover, while the Bankruptcy Court also has jurisdiction to determine this issue, because this Court's jurisdiction "attached first in time, it [is] superior." *HUD v. Cost Control Mktg. & Sales Mgm't*, 64 F.3d 920, 927 n.11 (4th Cir. 1995) (citing *Kline v. Burke Const. Co.*, 260 U.S. 226 (1922)); *accord FTC v. QT, Inc.*, 359 B.R. 889, 890 (N.D. Ill. 2007).

#### B. *SM's Assertion that the Automatic Stay Prevents This Litigation from Proceeding is Wrong*

The automatic stay provision of the Bankruptcy Code generally stays litigation against a debtor upon the filing of a bankruptcy petition. 11 U.S.C. § 362(a). But the Bankruptcy Code provides several exceptions. The Bankruptcy Code specifically exempts from the automatic stay "the commencement or continuation of an action or proceeding by a governmental unit . . . to enforce such

governmental unit's . . . police and regulatory power." *Id.* § 362(b)(4). The "purpose of this exception is to prevent a debtor from 'frustrating necessary governmental functions by seeking refuge in bankruptcy court.'" *SEC v. Brennan*, 230 F.3d 65, 71 (2d Cir. 2000) (quoting *New York v. Exxon Corp.*, 932 F.2d 1020, 1024 (2d Cir. 1990)); *see also CFTC v. Co Petro Mktg. Group.*, 700 F.2d 1279, 1283 (9th Cir. 1983) (stating that the purpose "is to prevent the bankruptcy court from becoming a haven for wrongdoers"). [1] Courts have repeatedly held that FTC enforcement actions are covered by this exception and may proceed regardless of the filing of a bankruptcy petition. *See*, *e.g.*, *FTC v. Consumer Health Benefits Ass'n,* No. 10-CV-3551, 2011 WL 2341097, at *1-4 (E.D.N.Y. June 8, 2011); *FTC v. Holiday Enters., Inc.*, No. 1:06-CV-2939, 2008 WL 953358, at *12 (N.D. Ga. Feb. 5, 2008); *FTC v. AmeriDebt, Inc.*, 343 F. Supp. 2d 451, 459 (D. Md. 2004); *FTC v. American Std. Credit Sys., Inc.*, 874 F. Supp. 1080, 1083 & n.2 (C.D. Cal. 1994); *In re First Alliance Mortg. Co.*, 264 B.R. 634, 645-51 (C.D. Cal. 2001) ("FAMCO"); *FTC v. R.A. Walker & Assocs., Inc.*, 37 B.R. 608 (D.D.C. 1983).

---

[1] Moreover, Congress explained that "where a governmental unit is suing a debtor to prevent or stop violation of fraud, environmental protection, *consumer protection*, safety, or similar police or regulatory laws, or attempting to fix damages for violation of such a law, the action or proceeding is not stayed under the automatic stay." H.R. Rep. No. 95-595, at 343 (1977), reprinted in 1978 U.S.C.C.A.N. 5963, 6299 (emphasis added).

That the FTC seeks monetary as well as conduct relief does not affect this analysis. The FTC is permitted to pursue its "claims for rescission, restitution and disgorgement" because this "would primarily serve the public purposes of justice and deterrence." *AmeriDebt*, 343 F. Supp. at 458; *see also FAMCO*, 264 B.R. at 649–52 (holding that an FTC action for restitution and disgorgement fell within this exception).

This law makes clear that the automatic stay does not apply in this case. This FTC enforcement action falls within the governmental unit exception, as it concerns a governmental agency suing to enforce consumer protection laws. This exception was created to prevent bankruptcy from being misused to avoid enforcement actions,[2] which is precisely what SM has admitted to doing in its pleadings. *See In re Secured Merchants LLC*, 1:17-bk-12058-MT (Bankr. C.D. Cal. Aug. 15, 2017), Doc. No. 6 at 3.

That the automatic stay is inapplicable here should have been clear to SM's counsel, particularly given that he purports to specialize in bankruptcy law. In fact, at least one district court issued a show cause order against defense counsel in an FTC case for improperly attempting to invoke the automatic stay. *See FTC v. Consumer Health Benefits Association*, No. 1:10-cv-3551 (E.D. NY May 6, 2011), Doc. No. 168 (order to show cause concerning, among other things, "why

---

[2] *See CFTC v. Co Petro Mktg. Group.*, 700 F.2d 1279, 1283 (9th Cir. 1983).

sanctions should not be imposed for counsel's attempt to stay this action without reasonable basis therefor").

### C. Even If the Automatic Stay Applied in This Case, It Would Not Affect the Litigation against Defendant Argaman

The automatic stay would not affect the litigation against Defendant Argaman, as he is a non-debtor. As a general rule, the automatic stay protects only the debtor, property of the debtor, or property of the estate—not non-debtors or their property. *Boucher v. Shaw*, 572 F.3d 1087, 1092 (9th Cir. 2009). A district court "does not have the jurisdiction to extend the stay to a non-debtor party." *Toten v. Kellogg Brown & Root, LLC*, 152 F.Supp.3d 1243, 1267 (C.D. Cal. 2016) (citing *Placido v. Prudential Ins. Co. of Am.*, No. C 09-00668 WHA, 2010 U.S. Dist. LEXIS 12147, at *2–3 (N.D.Cal. Jan. 21, 2010)). "A determination concerning whether the automatic stay under § 362(a) should be extended to non-debtor parties is a determination to be made by a bankruptcy court.". *Del Campo v. Am. Corrective Counseling Serv.*, No. C 01-21151 JW, 2009 U.S. Dist. LEXIS 23036, at *10 (N.D.Cal. Mar. 12, 2009) (citing *In re Chugach Forest Products, Inc.*, 23 F.3d 241, 247 (9th Cir.1994).

Accordingly, the automatic stay does not affect litigation against Defendant Argaman, as Defendant Argaman has not declared bankruptcy, even if the Court were to stay the action as to Defendant SM.

### *D. The Court Should Not Grant Defendants A Discretionary Stay*

A discretionary stay as to Defendant Argaman would be improper. To be sure, this Court has broad inherent authority to manage its own docket. *Vassar v. Apfel*, Nos. 99-15003, 99-15008, 1999 U.S. App. LEXIS 9259, *3 (9th Cir. May 13, 1999) (citing *Hamilton Copper & Steel Corp. v. Primary Steel, Inc.*, 898 F.2d 1428, 1429 (9th Cir. 1990)). Moreover, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936); *see also Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.") But "if there is even a fair possibility that the stay . . . will work damage to someone else," the party seeking the stay "must make out a clear case of hardship or inequity." *Id.* at 255.

Considering factual circumstances similar to this case, the *Lockyer* Court held that a district court had abused its discretion by staying a lawsuit brought by the California Attorney General against a bankrupt defendant. In its analysis, the *Lockyer* Court noted that a "fair possibility" of harm existed because the

California Attorney General was not merely seeking damages for past harm" but "injunctive relief against ongoing and future harm." *Lockyer*, 398 F.3d at 1112.

Similarly, a *Landis* stay would be inappropriate in this case. Like in *Lockyer*, there is more than a "fair possibility" of harm if this case is stayed. Although Defendants' AuraVie scheme has ceased, without injunctive relief, nothing prevents Defendant Argaman from initiating a similar scam. Moreover, Defendants have not made a "clear case of hardship or inequity." *See id.* Lastly, Defendant SM's bankruptcy proceedings do not "bear upon" this case and would not otherwise narrow the issues before the Court. *See Leyva*, 593 F.2d at 863-64; *Lockyer*, 398 F.3d at 1112.

## IV. Conclusion

For the foregoing reasons, the FTC respectfully requests that this Court hold that the automatic stay does not preclude this litigation from proceeding. Moreover, the FTC further requests that the Court order the parties to submit a joint proposed scheduling order for the Court's consideration.

Respectfully submitted,

Dated: 8/28/17

*/s/ REID TEPFER*
REID A. TEPFER
LUIS H. GALLEGOS
Attorneys for the Plaintiff
Federal Trade Commission
1999 Bryan Street, Suite 2150
Dallas, Texas 75201

(214) 979-9395 (Tepfer)
(214) 979-9383 (Gallegos)
(214) 953-3079 (facsimile)
rtepfer@ftc.gov
lgallegos@ftc.gov

MOTION TO RESET TRIAL SCHEDULE

## CERTIFICATE OF CONFERENCE

This motion is made following the conference with counsel for the Defendant SM, Shai Oved, pursuant to L.R. 7-3.  On August 25, 2017, Defendant Secured Merchants, through their counsel, notified Plaintiff that Secured Merchants opposed Plaintiff's motion.  P*ro se* Defendant Alan Argaman did not respond as of the filing of this motion.

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 28, 2017, a true and correct copy of the foregoing document was served by ECF and/or email to the individuals listed below.

Shai Oved
Law Offices of Shai Oved
7445 Topanga Canyon Blvd, Ste. 220
Canoga Park, CA 91303
Counsel for Secured Merchants, LLC

Alan Argaman
*Pro Se* Defendant


*/S/ REID TEPFER*
REID TEPFER