DAVID C. SHONKA
Acting General Counsel

REID TEPFER
rtepfer@ftc.gov; Tex. Bar No. 24079444
LUIS GALLEGOS
lgallegos@ftc.gov; Okla. Bar No. 19098
ZACHARY A. KELLER
zkeller@ftc.gov; Tex. Bar No. 24087838
DAMA J. BROWN
Dbrown1@ftc.gov; Mi. Bar No. P54775

Federal Trade Commission
1999 Bryan Street, Suite 2150
Dallas, Texas 75201
(214) 979-9395 (Tepfer); (214) 979-9383 (Gallegos);
(214) 979-9382 (Keller); (214) 979-9374 (Brown)
(214) 953-3079 (fax)

RAYMOND MCKOWN
rmckown@ftc.gov; Cal. Bar No. 150975
10877 Wilshire Boulevard, Suite 700
Los Angeles, California 90024
(310) 824-4343(voice); (310) 824-4380 (fax)

Attorneys for Plaintiff Federal Trade Commission

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,**<br><br>Plaintiff,<br><br>v.<br><br>**BUNZAI MEDIA GROUP, INC.,** *et al.,*<br><br>Defendants. | **Case No. CV 15-4527-GW(PLAx)**<br><br>**REPLY IN SUPPORT OF FEDERAL TRADE COMMISSION'S MOTION TO DETERMINE THAT AUTOMATIC STAY HAS NO EFFECT ON PLAINTIFF'S ENFORCEMENT ACTION AND TO RESET TRIAL DATE AND LITIGATION SCHEDULE**<br><br>Date: September 28, 2017<br>Time: 8:30 a.m.<br>Judge: Hon. George Wu |

## I. Introduction

The FTC has respectfully requested a ruling from the Court that the automatic stay does not apply to this action. *See* Doc. No. 650. The law is clear that consumer protection enforcement actions, like this case, are excepted from the automatic stay, regardless of whether the debtor is still operating. Moreover, this exception, like the automatic stay itself, applies automatically; the FTC need not seek relief from the bankruptcy court.

While Defendant Secured Merchants ("SM") concedes that "this Court can determine if the stay applies," SM asserts, in its untimely Opposition, that the FTC has willfully violated the automatic stay by merely asking the Court to make that determination. The Court should reject SM's inconsistent and legally incorrect position, declare this action not subject to the automatic stay, and order the parties to submit proposed trial dates.

## II. Argument

### a. The FTC's Enforcement Action is Excepted from the Automatic Stay Regardless of SM's Operational Status

As SM acknowledges, regulatory enforcement actions are excepted from the Bankruptcy Code's automatic stay. *See* 11 U.S.C. § 362(b)(4); *see also* Doc. No. 651 at 3. The automatic stay merely precludes the FTC from efforts to collect

on a judgment. *See* 11 U.S.C. § 362(b)(4). Numerous courts have held that FTC actions, like this one, fall within the police or regulatory powers exception to the automatic stay.[1]

The plain language of the statute makes clear that the Enforcement Action is excepted from the automatic stay, but it also meets both the "pecuniary purpose" and "public purpose" tests that courts in this Circuit apply in interpreting the exception. *In re Universal Life Church, Inc.*, 128 F.3d 1294, 1297 (9th Cir.1997). Under the pecuniary purpose test, "the court determines whether the [government] action relates primarily to the protection of the government's pecuniary interest in the debtors' property," in which case the exception does not apply, "or to matters of public safety and health," in which case it does. *Mirant,* 398 F.3d at 1108-09 (internal quotations and citations omitted). This enforcement action satisfies the pecuniary purpose test because it relates primarily to the FTC's interest in protecting the public safety and welfare by preventing consumer harm, rather than any pecuniary interest in SM's property, which, according to its bankruptcy schedules, appears to be negligible ($1,177). *See In re Secured*

---

[1] *See, e.g.*, *In re First Alliance Mortg. Co.*, 264 B.R. 634, 645-51 (C.D. Cal. 2001) ("*FAMCO*"); *FTC v. Am. Std. Credit Sys., Inc.*, 874 F. Supp. 1080, 1083, n.2 (C.D. Cal. 1994); *FTC v. Consumer Health Benefits Ass'n*, No. 10-cv-3551, 2011 WL 2341097 (E.D.N.Y. June 8, 2011) ("*CHBA*"); *FTC v. Ameridebt, Inc.*, 343 F. Supp. 2d 451, (D. Md. 2004).

2
REPLY IN SUPPORT OF MOTION TO RESET TRIAL SCHEDULE

*Merchants LLC*, 1:17-bk-12058-MT (Bankr. C.D. Cal. Sept. 8, 2017), Doc. 12 at 5 (Schedule A). For the same reasons, it satisfies the public purpose test because the FTC seeks to "effectuate public policy" to protect consumers under its organic statute, not to adjudicate any "private rights." *Id.* at 1109.

SM appears to concede that the FTC would be permitted to proceed against SM in this action if SM were operational but contends that the exception no longer applies because SM is defunct. *See* Doc. No. 651 ("Here, there is no required police or regulatory power as the business has long ceased operating."). SM provides no authority to support the distinction it draws.

In truth, the FTC's action is not stayed simply because SM claims to be defunct;[2] numerous courts have already rejected this argument.[3] The FTC here

---

[2] It is unclear whether SM was truly defunct when it declared bankruptcy. In its Opposition, SM claimed "it is no longer operating its business and has not been operating since the receiver marshalled all of its assets" in June 2015. Doc. No. 651 at 2. Yet SM's own bankruptcy filings appear to contradict this statement. Its bankruptcy schedules reflect revenue exceeding $66,000 so far in 2017. *See In re Secured Merchants LLC*, 1:17-bk-12058-MT (Bankr. C.D. Cal. Sept. 8, 2017), Doc. No 12 at 27. Moreover, California Secretary of State records show SM remains an active corporation. The FTC requests that the Court take judicial notice of this fact based on records publicly available on the California Secretary of State's website, businesssearch.sos.ca.gov/.

[3] *See, e.g.*, *Minn. Corp. v. First Alliance Mortgage Co. (In re First Alliance Mortgage Co.)*, 264 B.R. 634, 648-49 (C.D. Cal. 2001) ("[T]he regulatory and police powers exception is not limited to situations in which future harm must be stopped. It includes actions to fix the amount of damages for past conduct, whether or not that conduct is continuing."); *CHBA*, 2011 WL 2341097 *3 (holding that FTC's right to "to fix the amount of damages for past violations of consumer fraud laws" against bankrupt defendants whose businesses were closed "falls squarely

3
REPLY IN SUPPORT OF MOTION TO RESET TRIAL SCHEDULE

seeks non-pecuniary equitable relief that the bankruptcy court is without power to award, including the entry of permanent injunctions against SM and non-debtor Defendant Alan Argaman.

Moreover, where there is a continuing risk of harm, as there is here, the enforcement action falls squarely within the scope of the stay exception regardless of whether the unlawful conduct has ceased. *See, e.g.*, *In re First Alliance Mortg. Co.*, 264 B.R. 634, 647-48 (C.D. Cal. 2001) ("*FAMCO*").  Here, the record in this case evinces a continuing risk of harm because the Debtor and its co-defendants used multiple dissolved or defunct corporations to perpetrate their deceptive online marketing scheme and did not cease their unlawful conduct until the FTC sued them.  Additionally, long after all of its co-defendants have settled or

---

within the parameters of the [§ 362(b)(4)] exception to the automatic stay," citing  *SEC v. Brennan*, 230 F.3d 65, 71 (2d Cir. 2000)); *In re Compton Corp.*, 90 B.R. 798, 804 (N.D. Tex. 1988) (holding that a Department of Energy action fell within the exception to the automatic stay even though "Compton is now long out of the business of reselling crude oil, *i.e.*, there is no longer any activity to police or regulate"); *United States v. Nicolet*, 857 F.2d 202, 208 (3d Cir. 1988) (government suit to determine past cleanup costs for environmental contamination not stayed); *NLRB v. Edward Cooper Painting, Inc.*, 804 F.2d 934, 937 (6th Cir. 1986) (holding that agency backpay litigation against a company was not barred, even though company had liquidated and bankruptcy case was closed when backpay order issued); *see also FAMCO*, 264 B.R. at 648 (citing *Board of Governors v. MCorp Fin., Inc.*, 502 U.S. 32, 40 (1991) (noting that the "Supreme Court has explained that, in considering whether governmental actions fall within the regulatory and police powers exception to the automatic stay, courts should not attempt to evaluate the actions' likelihood of success on the merits.").

defaulted, SM and its principal are using every delay tactic available to avoid the injunctive relief necessary to protect consumers.

This law is consistent with the FTC Act, under which the FTC may obtain permanent injunctive relief against Defendants SM and Argaman, even after illegal conduct has ceased, if there is a possibility that it might reoccur. *FTC v. Affordable Media, LLC*, 179 F.3d 1228, 1237 (9th Cir. 1999) (quoting *FTC v. Amer. Standard Credit Sys., Inc.*, 874 F. Supp. 1080, 1087 (C.D. Cal. 1994)) ("'[A]n action for injunction does not become moot merely because the conduct complained of was terminated, if there is a possibility of recurrence, since otherwise the defendants would be free to return to [their] old ways.'"). Accordingly, this enforcement action is excepted from the automatic stay pursuant to § 362(b)(4).

### b. The FTC Need Not Seek Relief from the Automatic Stay in Bankruptcy Court

A district court has authority to determine whether the action pending before it is subject to the automatic stay. Indeed, SM admits that "this Court can determine if the stay applies[.]" Doc. No. 651 at 4; *see also Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1106-07 (9th Cir. 2005). The FTC has simply requested that the Court make this determination.

But contrary to its admission, SM suggests that the FTC was required to seek relief from the automatic stay at the bankruptcy court. *See* Doc. No. 651 at 4 ("The FTC's conduct should be sanctioned to deter such further despicable conduct and knowing stay violations."). SM is wrong. Just as the automatic stay is automatic, so too are the exceptions to the stay, including the police or regulatory power exception. *Lockyer* F.3d at 1107 ("A government unit need not affirmatively seek relief from the automatic stay to initiate or continue an action subject to the exemption."). That this exception applies automatically is clear from the language of the statute itself, which states that a bankruptcy filing "does not operate as a stay" under the listed exceptions. 11 U.S.C. § 362(b). The FTC's motion was therefore proper and did not violate the stay.[4]

Moreover, this Court is the proper forum for seeking this determination, as the bankruptcy court cannot make the type of non-bankruptcy law determinations SM contends are necessary. SM asserts that the regulatory or police powers exception to the automatic stay is inapplicable because SM has purportedly been defunct since June 2015. In essence, SM claims this regulatory action is moot. But

---

[4] In arguing for an award of attorney's fees, SM oddly contends that "[b]ecause Debtor had to retain bankruptcy counsel to prepare this Motion, attorney fees [sic] against the FTC for their intentional conduct is appropriate." Doc. No. 651 at 5. In fact, SM's counsel in this matter is also its counsel in SM's bankruptcy proceeding and has held himself out to be an expert in bankruptcy matters. *See In re Secured Merchants LLC*, 1:17-bk-12058-MT (Bankr. C.D. Cal.).

REPLY IN SUPPORT OF MOTION TO RESET TRIAL SCHEDULE

the bankruptcy court cannot make this determination. *See In re Charter First Mortgage, Inc.,* 42 B.R. 380, 384 (Bankr. D. Or. 1984) (stating that "[t]he bankruptcy court is not the appropriate forum" to determine whether claims for injunctive relief brought by a governmental unit are moot); *FAMCO*, 264 B.R. at 648 ("Other courts have held that it is inappropriate for it to be determined in the bankruptcy proceeding that governmental actions will serve no purpose because the offending behavior has allegedly stopped.") (citations omitted). Accordingly, the FTC properly sought for this determination to be made in the district court.

### III. Conclusion

For the foregoing reasons, the FTC respectfully requests that the Court issue an order declaring that the automatic stay does not apply to this action and order the parties to submit proposed scheduling orders for the Court's consideration.

Respectfully submitted,

Dated: 9/15/17

*/s/ REID TEPFER*
REID A. TEPFER
LUIS H. GALLEGOS
Attorneys for the Plaintiff
Federal Trade Commission
1999 Bryan Street, Suite 2150
Dallas, Texas 75201
(214) 979-9395 (Tepfer)
(214) 979-9383 (Gallegos)

7
REPLY IN SUPPORT OF MOTION TO RESET TRIAL SCHEDULE

1
2          (214) 953-3079 (facsimile)
           rtepfer@ftc.gov
3          lgallegos@ftc.gov
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20

8
REPLY IN SUPPORT OF MOTION TO RESET TRIAL SCHEDULE

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on September 15, 2017, a true and correct copy of the foregoing document was served by ECF to the individuals listed below.

Shai Oved
Law Offices of Shai Oved
7445 Topanga Canyon Blvd, Ste. 220
Canoga Park, CA 91303
Counsel for Secured Merchants, LLC

Alan Argaman
*Pro Se* Defendant

*/S/ REID TEPFER*
REID TEPFER

9
REPLY IN SUPPORT OF MOTION TO RESET TRIAL SCHEDULE