**LAW OFFICES OF SHAI OVED**
**Shai Oved, Esq.  CBN 185526**
**7445 Topanga Cyn Blvd, Suite 220**
**Canoga Park, California 91303**
**Email - ssoesq@aol.com**
**Tel: (818) 992-6588**
**Fax: (818) 992-6511**

**Attorneys for Debtor**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re | CASE NO.  1:17-bk-12058-MT |
| | Chapter 7 |
| Secured Merchants, LLC, | **REPLY TO OPPOSITION TO MOTION FOR SANCTIONS IN THE MINIMUM AMOUNT OF $5,037.50 AGAINST THE FEDERAL TRADE COMMISSION FOR VIOLATING THE AUTOMATIC STAY** |
| Debtor. | |
| | HEARING INFORMATION |
| | Date:       September 27, 2017 |
| | Time:       11:00 a.m. |
| | Place:      Courtroom 302 |
| |                21041 Burbank Blvd. |
| |                Woodland Hills, CA 91367 |
| _____ | |

    **Debtor, Secured Merchants, LLC, replies to the opposition of the Federal Trade Commission as follows:**

    Debtor, Secured Merchants, LLC, vehemently disagrees with the Federal Trade Commission's ("FTC") allegations of wrongdoing and maintains that it finds itself in a Kafkaesque nightmare, having been effectively put out of business a couple years ago by a heavy handed federal government with unlimited resources.  Debtor was merely a sublease and technical advisor for others, no longer active defendants in the District Court action,  whose alleged nefarious actions resulted in the FTC's filing of the District Court action. Debtor, despite all the FTC's hyperbole, was

1  not a knowing participant in any of the alleged nefarious activities.  Regardless, the issue at hand is

2  whether the automatic stay under 11 U.S.C. 362 applies and if so did the FTC's conduct violate it.

### I. DEBTOR'S COUNSEL'S PROVIDING NOTICE OF THE AUTOMATIC STAY IN THE DISTRICT COURT ACTION DID NOT SERVE TO SUBMIT THE AUTOMATIC STAY ISSUE TO THE DISTRICT COURT'S JURISDICTION.

6  Contrary to the FTC's allegation on page 2 lines 2-5, Debtor's counsel filing the Notice of

7  Automatic Stay in the District Court action, attached as Exhibit B to its opposition was not some sort

8  of submission to the District Court to determine the status of the automatic stay.  Debtor's counsel

9  was complying with  Central District of California Bankruptcy Local Bankruptcy Rule 2072-1

10  regarding Notice to Other Courts:

> (a) **Notice of Bankruptcy Petition**.  Notice of the filing of a bankruptcy petition in this district must be given by the debtor or debtor's counsel, at the earliest possible date, to
>> (1) The clerk of any federal or state court in which the debtor is a party to pending litigation or other proceedings: and
>> (2) the federal or state judge to whom the matter is assigned, all counsel of record in the matter, and to all parties to the action not represented by counsel.
>
> (b) **Effect of Not Giving Notice**.  The failure to give the notice required by subsection (a) of this rule may constitute cause for annulment of the stay imposed by 11 U.S.C. §§362, 922, 1201, or 1301, or may result in the imposition of sanctions or other relief.

17  The filing of that notice was nothing other than Debtor's counsel complying with his obligations to

18  notify the District Court of the Chapter 7 case being filed.

### II. UNDER THE FACTS OF THIS CASE, THE FTC's DISTRICT COURT ACTION  DOES NOT QUALIFY UNDER THE 11 U.S.C. §362(b)(2) EXCEPTION TO THE AUTOMATIC STAY AS TO THIS DEBTOR.

21  The FTC's District Court action against the Debtor is not, at this point, being pursed to

22  enforce its police and regulatory power.  While the FTC may be pursuing its police and regulatory

23  power in the District Court against Codefendant Alan Argaman, at this point the FTC is pursuing

24  a pecuniary interest in Debtor's property not seeking to protect public safety and welfare.  Debtor has

25  not conducted business since 2015.  All its assets now belong to the Chapter 7 bankruptcy estate and

26  are entirely under the control of the Chapter 7 trustee.  The Federal Trade Commission acknowledges

27  in paragraph 15 of its opposition that Debtor has not operated since 2015.  Nevertheless, the Federal

28

2

Trade Commission in its perceived omnipotence, inaccurately maintains it can ignore the automatic stay by relying on 11 U.S.C. §362(b)(4) because it is an enforcement action by the FTC to enforce its police and regulatory power.  The Federal Trade Commission's heavy reliance on In Re First Alliance Mortgage Company, 264 B.R. 634, 645-51(C.D. Cal. 2001) ("*FAMCO")* is simply inapplicable to the facts of this case, where a defunct business is entirely under the control of the Chapter 7 trustee.  *FAMCO* was a Chapter 11 case where there was a Debtor in possession, whose principles involved in the company were codefendants in that FTC and numerous state actions against them.  The codefendants were still in control of the Debtor in Possession in *FAMCO*.    If the underlying Chapter 7 case were filed by District Court codefendant Alan Argaman or if the case was filed under Chapter 11, like *FAMCO*, the Federal Trade Commission argument would stand on better ground.  Here it is the Chapter 7 Trustee in control of the Debtor and its assets, not a Debtor is possession.  There are no allegations that Chapter 7 Trustee Amy Goldman had any previous involvement with DEBTOR or any of the other defendants subject to the FTC's District Court action. Accordingly, with the Chapter 7 trustee controlling the assets of the Debtor's bankruptcy estate and the Debtor's continued nonoperation, there is no possibility of future reoccurrence of the alleged improprieties by this debtor for which the FTC seeks injunctive relief.

The FTC at this point is pursuing a pecuniary interest in Debtor's property, to the detriment of its other creditors.  Among the relief sought by the FTC is monetary restitution for alleged third party consumer victims.  While the case law is inconsistent on the issue, the decisions in In re Dunbar, 235 B.R. 465, 475 (9th Cir. BAP 1999), In re Poule 91 B.R. 83, 87 (9th Circuit BAP 1988) are better reasoned than the District Court's decision on *FAMCO*.  The FTC's motivations to pursue pecuniary interest in Debtor's property at the expense of its other creditors is highlighted by it declining when Debtor offered to stipulate to relief from stay for the purpose of reducing the FTC's disputed claim to judgment, if any, (without enforcement/collection activities). See Debtor's Exhibit C attached to its Motion for Sanctions.

Accordingly, the automatic stay applies to the FTC's District Court action against the Debtor.

3

**III.   THE FTC'S PURSUIT OF SETTING A NEW TRIAL DATE AND LITIGATION SCHEDULE IS A VIOLATION OF THE AUTOMATIC STAY.**

Had the FTC merely, requested the District Court to determine whether the automatic stay under 11 U.S.C. §362 applied to its action in the District Court against the Debtor, there would have been no stay violation as the District Court has the right to determine its own jurisdiction.  Had the FTC merely requested the District Court set a new trial date and litigation schedule as to only codefendant Alan Argaman, there would have been no stay violation, because Argaman does not have the protection of the automatic stay.  However, when the FTC just continues on with the litigation, without a determination that the automatic stay applies or obtains relief from stay from the Bankruptcy Court, it violates the automatic stay under 11 U.S.C. §362(a)(1).  The FTC in its August 28, 2017 Motion to Reset Trial Date and Litigation Schedule, arrogantly assumes the automatic stay does not apply to it.  Despite its assertion in its Opposition to the Motion for Sanctions that its August 28, 2017 motion was only to have the District Court determine whether the automatic stay apples, its caption and footer on each page of its motion "Motion to Reset Trial Schedule", belie that assertion.  Regardless of the fact that the FTC may believe the 11 U.S.C. §362(b)(4) exception applies, even the District Court recommended the FTC seek relief from stay from the Bankruptcy Court before proceeding further in the District Court.  See Court transcript pages 6-7, attached as Exhibit B to Debtor's Motion for Sanctions.  The District Court cannot grant relief from the automatic stay, only the Bankruptcy Court may.  Debtor was forced to defend itself from having a trial date set and litigation schedule set while a debtor under the bankruptcy code.

Accordingly, the FTC violated the automatic stay under 11 U.S.C. §362(a)(1).

**IV.   AS THE BANKRUPTCY COURT IS THE ONLY COURT THAT MAY HERE A MOTION FOR SANCTIONS FOR VIOLATION OF THE AUTOMATIC STAY, IT SHOULD NOT DEFER TO THE  DISTRICT COURT.**

While, the District Court has the right to determine whether the automatic stay under 11 U.S.C. §362 removes the FTC's action from its jurisdiction, the Bankruptcy Court has the right to make that same determination.  The FTC's request that the Bankruptcy Court defer to the District Court, again arrogantly assumes, the infalliblity of its argument that 11 U.S.C. §362(b)(4) excepts

1   its action in the District Court from the automatic stay.  If the Bankruptcy Court were to defer to the

2   District Court and the District Court were to determine the automatic stay applies, Debtor would be

3   forced to file another motion in the bankruptcy Court or at the very least come back for an additional

4   hearing on its Motion for Sanctions.  The District Court even told the FTC to seek relief from stay

5   from the Bankruptcy Court before proceeding further in the District Court, deferring to the

6   Bankruptcy Court's expertise, because the District Court did not want to need to spend time

7   researching the issue.  See Court transcript pages 6-7, attached as Exhibit B to Debtor's Motion for

8   Sanctions. For that reason and as the hearing in the Bankruptcy Court is scheduled first, it is the best

9   Court to determine the application of the automatic stay to the FTC's action against Debtor in the

10  District Court.

11  **V.      SANCTIONS ARE APPROPRIATE AGAINST THE FTC UNDER 11 UNDER
            THE BANKRUPTCY COURT'S INHERENT AUTHORITY UNDER 11 U.S.C.**
12  **        §105.**

13          The Bankruptcy Court's inherent authority to enforce the bankruptcy code and rules against

14  violations, allow it to sanction the FTC for its violation of the automatic stay under 11 U.S.C. §105,

15  which states the Bankruptcy Court can,

16          "issue any order, process, or judgment that is necessary or appropriate to carry out the
            provisions of this title.  No provision of this title providing for the raising of an issue by a
17          party in interest shall be construed to preclude the court from, sua sponte, taking any action
            or making any determination necessary or appropriate to enforce or implement court orders
18          or rules, or to prevent an abuse of process."

19  Debtor here is a limited liability Company.  Damages for violation of the automatic stay of a

20  corporate debtor are properly sought under §105(a). <u>Cal. Employment Dev. Dep't v. Taxel; (In Re</u>

21  <u>Del Mission Ltd.)</u> 98 F. 3d 1147, 1152 (9th Cir. 1996)   The FTC was aware of the bankruptcy case,

22  yet willfully undertook action via a Motion to Reset Trial Date and Litigation Schedule.

23  The propriety of an award made under § 105(a) turns not on a finding of bad faith or subjective

24  intent, but rather on a finding of willfulness, where willfulness has a particularized meaning:

25          A Willful violation does not require a specific intent to violate the automatic stay. Rather,
            the statute provides for damages upon a finding that the defendant knew of the automatic
26          stay and that the defendant's actions which violated the stay were intentional. Whether the
            party believes in good faith that it had a right to the property is not relevant to whether the
27          act was "willful" or whether compensation must be awarded.  <u>Havelock v. Taxel (In re</u>

28

                                                    5

1   Pace), 67 F.3d 187, 191 (9th Cir. 1995) citing Pinkstaff v. United States (In Re Pinkstaff)
2   974 F. 2nd 113, 116 (9th Cir. 1992)

3   The FTC's action clearly meet that definition of willfulness.  As a result Debtor was forced to

4   have counsel oppose that Motion to Reset Trial Date and Litigation Schedule and to pursue the

5   Motion for Sanctions in the Bankruptcy Court at a minimum amount of $5,037.50.

6        Sanctions against the FTC should be awarded accordingly.

7                                          Respectfully submitted,

8   Dated: September 19, 2017              The Law Offices of Shai Oved

9                                          /s/ Shai Oved
                                           By:  Shai Oved, Attorneys for Movant
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

**( )      BY U.S. MAIL AT <u>WOODLAND HILLS</u>, CALIFORNIA**

**( )      BY HAND DELIVERY** (IN COURT IF PRESENT OTHERWISE BY MAIL)

**( )      BY FAX**

**(xx)    BY SPECIAL DELIVERY/FEDERAL EXPRESS/EXPRESS MAIL/EMAIL**

   I am a resident of Los Angeles County, California.  I am over the age of 18 and not a party to the within action.  My business address is 7445 Topanga Cyn Blvd, Suite 220, Canoga Park, California 91303.  On September 19, 2017, I served a true and correct copy of **REPLY TO OPPOSITION TO MOTION FOR SANCTIONS IN THE MINIMUM AMOUNT OF $5,037.50 AGAINST THE FEDERAL TRADE COMMISSION FOR VIOLATING THE AUTOMATIC STAY** on the <u>Parties-in-Interest</u> in this action, in the manner referenced above and addressed or telecopied as follows:   None.

   The following will be served electronically by BNC/ECMCF:

| | |
|---|---|
| Amy L Goldman (TR) | marisol.jaramillo@lewisbrisbois.com, |
| | AGoldman@iq7technology.com |
| Michael P Mora | mmora@ftc.go |
| Shai S Oved | ssoesq@aol.com |
| United States Trustee (SV) | ustpregion16.wh.ecf@usdoj.gov |

   The following will be served by personal delivery within one business day after filing:

The Honorable Maureen Tighe
United States Bankruptcy Court
21041 Burbank Blvd.,
Woodland Hills, CA 91367

Executed on September 19, 2017, at Woodland Hills, California.

           /s/ Shai Oved
           Shai Oved