DAVID C. SHONKA
Acting General Counsel

REID TEPFER
rtepfer@ftc.gov; Tex. Bar No. 24079444
LUIS GALLEGOS
lgallegos@ftc.gov; Okla. Bar No. 19098
ZACHARY A. KELLER
zkeller@ftc.gov; Tex. Bar No. 24087838
DAMA J. BROWN
Dbrown1@ftc.gov; Mi. Bar No. P54775

Federal Trade Commission
1999 Bryan Street, Suite 2150
Dallas, Texas 75201
(214) 979-9395 (Tepfer); (214) 979-9383 (Gallegos);
(214) 979-9382 (Keller); (214) 979-9374 (Brown)
(214) 953-3079 (fax)

RAYMOND MCKOWN
rmckown@ftc.gov; Cal. Bar No. 150975
10877 Wilshire Boulevard, Suite 700
Los Angeles, California 90024
(310) 824-4343(voice); (310) 824-4380 (fax)

Attorneys for Plaintiff Federal Trade Commission

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,** Plaintiff, v. **BUNZAI MEDIA GROUP, INC.,** *et al.,* Defendants. | Case No. CV 15-4527-GW(PLAx) **JOINT REPORT CONCERNING THE STATUS OF THE AUTOMATIC STAY RELATING TO DEFENDANT SECURED MERCHANTS LLC'S BANKRUPTCY AND THE REQUESTED RELIEF** Date: September 28, 2017 Time: 8:30 a.m. Judge: Hon. George Wu |

The parties file this status report pursuant to the Court's Order (Doc. No. 649) to update the Court concerning the status of Secured Merchants, LLC's ("SM") bankruptcy proceeding and the related automatic stay.

## I. FTC's Position

SM filed a notice of automatic stay (Doc. No. 645) on August 3, the date that the Court was set to hear a critical pending motion against Defendants SM and Argaman.[1] As a result of SM's filing, the Court took the trial date, set for the following month, off calendar and requested that the parties submit this joint report concerning the status of the automatic stay and the relief requested.

On August 28, 2017, the FTC filed a Motion to Determine that Automatic Stay Has No Effect on Plaintiff's Enforcement Action And to Reset Trial Date and Litigation Schedule. Doc. No. 650. This Court has jurisdiction to determine

---

[1] The FTC filed a Motion to Preclude Defendants Alan Argaman and Secured Merchants LLC's Undisclosed Exhibits, Witnesses, and Expert Witnesses on June 2, 2017. Doc. No. 602. The FTC filed this motion because Defendants referenced the existence of numerous additional undisclosed exhibits, witnesses, and experts at the second pretrial meeting of counsel that Defendants intended to use at trial. Defendants refused even to verbally identify this evidence despite numerous requests. Based on Defendants' representations, it appeared this evidence was not properly disclosed during discovery. The Court had previously ruled against SM in a tentative order (Doc. No. 631). However, SM's counsel suggested, at the previous hearing on July 24, that SM had in fact disclosed the evidence at issue to the FTC previously, contrary to his previous statements. As a result, the Court permitted SM to identify the evidence and its respective date of disclosure in a joint filing and continued the motion to a second hearing date on August 3. Despite being provided this opportunity, SM failed to identify its evidence or when it had been previously disclosed. Instead, SM merely stated that "Mr. Argaman's supplement exhibits include recently discovery items from the receiver, experts on technology and accountings" (Doc. No. 642 at 2) and claimed that "the identification of any further exhibits, witnesses, or experts is premature." Doc. No. 643 at 4.

whether the stay applies. SM has opposed this motion, incorrectly asserting that the FTC was required to seek relief from the bankruptcy court and that the police and regulatory powers exception does not apply because SM is no longer operating. *See* Doc. No. 651 at 3. The FTC responded that: (1) courts have rejected SM's argument that the police and regulatory powers exception does not apply because SM is defunct; (2) it is unclear whether SM was in fact defunct when it sought bankruptcy protection; (3) that determination—whether the regulatory action is moot—cannot be made by the bankruptcy court and accordingly this motion is properly before the district court. *See generally* Doc. No. 652.

SM admits "this Court can determine if the stay applies" (Doc. No. 651 at 4). Despite this, in the parallel bankruptcy proceeding, SM has sought sanctions against the FTC for filing a motion merely requesting that the Court make this determination. The FTC has opposed this motion, and a motion hearing is set for September 27, 2017, at 11:00 a.m.

**II.     Alan Argaman's Position**

No automatic stay applies as to him individually. The automatic stay applies only to Secured Merchants as noted below.

### III. Secured Merchants LLC's Position

The automatic stay applies to Secured Merchants only. A motion for sanctions for Violating the automatic stay is set in the United States Bankruptcy Court for September 27, 2017, one day before this hearing in the District Court. The Court is requested to take Judicial Notice of Secured Merchant's opposition to the FTC's motion to determine whether the stay applies and the request for Judicial Notice filed in support of the opposition. Updates will follow after the Bankruptcy Court's decision.

The Bankruptcy Code meeting of creditors took place on September 22, 2017. Debtor's representative and counsel both appeared. No other creditors appeared. The FTC participated by submitting questions to the chapter 7 trustee in advance of the hearing. The meeting of creditors was continued to October 27, 2017, for the trustee to examine documentation requested with respect to potential claims and assets of the Debtor.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: 9/25/17 | */s/ REID TEPFER*<br>REID A. TEPFER<br>LUIS H. GALLEGOS<br>Attorneys for the Plaintiff<br>Federal Trade Commission<br>1999 Bryan Street, Suite 2150<br>Dallas, Texas 75201<br>(214) 979-9395 (Tepfer)<br>(214) 979-9383 (Gallegos)<br>(214) 953-3079 (facsimile)<br>rtepfer@ftc.gov<br>lgallegos@ftc.gov |
|  | */s/ ALAN ARGAMAN*<br>Alan Argaman, Pro Se |
|  | */s/ SHAI OVED*<br>Shai Oved<br>Attorney for Defendant Secured Merchants, LLC |

JOINT STATUS REPORT CONCERNING
STATUS OF AUTOMATIC STAY AND RELIEF REQUESTED

# CERTIFICATE OF SERVICE

The undersigned certifies that on September 25, 2017, a true and correct copy of the foregoing document was served by ECF and/or email to the individuals listed below.

Shai Oved
Law Offices of Shai Oved
7445 Topanga Canyon Blvd, Ste. 220
Canoga Park, CA 91303
Counsel for Secured Merchants, LLC

Alan Argaman
*Pro Se* Defendant

                              */S/ REID TEPFER*
                              REID TEPFER