# United States Bankruptcy Court
## Central District of California
### San Fernando Valley
### Judge Maureen Tighe, Presiding
### Courtroom 302 Calendar

**Wednesday, September 27, 2017**                                   **Hearing Room   302**

---

11:00 AM
**1:17-12058   Secured Merchants, LLC**                                                 **Chapter 7**

#55.00    Motion for Sanctions in the Minimum Amount of
          $5,037.50 Against the Federal Trade Commission
          for Violating the Automatic Stay

                        Docket        10

**Tentative Ruling:**

     The Federal Trade Comission ("FTC"") filed FTC v. Bunzai Media Group,
Inc., No. 15-CV-4527-GW (C.D. Cal. filed June 16, 2015) ("Enforcement Action"),
against a group of defendants that operated as a common enterprise in a scheme
that FTC alleges caused over $72.7 million in consumer injury.  Working collectively
and using dozens of websites, companies, and billing descriptors, FTC alleged that
the defendants, including Debtor, marketed "AuraVie," "LeOR," and other brands of
skincare products online using deceptive sales offers that failed to disclose the
costs, negative option features, and return policies of the products offered. FTC
alleges that the defendants promoted their products on internet banners, pop-up
advertisements, and websites that falsely touted the availability of "risk-free" trials. It
was further alleged that the defendants required consumers who accepted the "risk-
free" trial offers to provide their credit or debit card billing information, purportedly to
pay nominal shipping and handling fees to receive the advertised products. Ten days
after receiving consumers' billing information, however, FTC claims that the
defendants charged consumers the full costs of the products included in the "risk-
free" trials, imposing unauthorized charges up to $97.88 onto consumers' credit or
debit cards.

     FTC also contends in the Enforcement Action that the defendants enrolled
consumers without their knowledge into a negative option continuity plan. Under the
plan, FTC alleges that the defendants shipped additional products to consumers
each month and charged their credit or debit cards, usually $97.88 per month,
without authorization. After charging consumers, the defendants allegedly refused to
provide refunds for product returns unless the products were returned unused and
unopened within 30 days of placing the order – and often failed to provide
consumers refunds even when these conditions were met. FTC maintains that rather
than honoring their refund policy, defendants aggressively contested consumer
chargeback requests by submitting false information to financial institutions to
obstruct consumers' efforts to get their money back.

# United States Bankruptcy Court
## Central District of California
### San Fernando Valley
### Judge Maureen Tighe, Presiding
### Courtroom 302 Calendar

**Wednesday, September 27, 2017**                               **Hearing Room**          **302**

---

<u>11:00 AM</u>
**CONT...**      **Secured Merchants, LLC**                                                    **Chapter 7**

Based on these alleged facts, the FTC sought, and the District Court granted, preliminary injunctive relief against the defendants, and appointed a receiver for the corporate defendants. The FTC subsequently amended its complaint, in October 2015, to name Debtor and its principal Alan Argaman ("Argaman") along with 31 other defendants, for their role in the deceptive scheme. Decl. of FTC Counsel Reid Tepfer, Ex. A, ¶ 1.

After filing its facesheet petition for Chapter 7 relief on August 2, 2017, Debtor filed a Notice of Automatic Stay issue in the Enforcement Action the next day. On that same day, August 3, the District Court judge took the imminent trial date, September 8, off calendar as to both Debtor and Argaman, before giving the FTC an opportunity to show that the stay does not apply. FTC filed a motion in District Court asking it to rule that the Enforcement Action is excepted from the stay pursuant to 11 U.S.C. § 362(b)(4), and Debtor has filed its response to that Motion.  Irrespective of the briefing of the issues of whether the District Court could make rulings on issues arising under Title 11 and whether the § 362(b)(4) exception to the stay applies in the Enforcement Action, at a hearing held on August 3, 2017, the District Court strongly encouraged FTC to seek relief from the stay in this Court to proceed with the Enforcement Action.

Debtor now moves for sanctions against FTC for violating the of the automatic stay, by filing of its motion for a determination that the automatic stay does not apply to the Enforcement Action and to reset the trial date against Debtor and Argaman (the "FTC 362 Motion").  Debtor contends that the FTC's actions in filing the FTC 362 Motion, and continuing to pursue the Enforcement Action against Debtor, is not covered by the exception to the automatic stay under § 362(b)(4) for a government agency to enforce its "police and regulatory power."  FTC opposes the Motion.

**<u>Standard</u>**

*Violations of the Automatic Stay, where Debtor is an Entity*

The filing of a bankruptcy petition under chapter 11 of the Bankruptcy Code creates an automatic stay which prohibits, *inter alia*, "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title[.]" 11 U.S.C. § 362(a)(1); <u>Snavely v. Miller (In re Miller)</u>, 397 F.3d 726,

# United States Bankruptcy Court
## Central District of California
### San Fernando Valley
### Judge Maureen Tighe, Presiding
### Courtroom 302 Calendar

**Wednesday, September 27, 2017**                                    **Hearing Room      302**

<u>11:00 AM</u>
**CONT...        Secured Merchants, LLC**                                           **Chapter 7**

730-31 (9th Cir. 2006) ("The stay of section 362 is extremely broad in scope and . . . should apply to almost any type of formal or informal action against the debtor or property of the estate.").

11 U.S.C. § 362(k)(1), states that "an individual injured by any willful violation of a stay ... shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." Actual damages include "fees … properly allocable to efforts to enforce the automatic stay," and any fees the debtor incurs after that point in pursuit of a damage award. In re Schwarz-Tallard, 803 F.3d 1095, 1100 (finding that § 362(k) authorizes an award of attorney's fees incurred in prosecuting an action for damages, *overruling* Sternberg v. Johnson, 595 F.3d 937, 947 (9th Cir. 2009)).

Ninth Circuit authority, however, clearly forecloses Debtor from asserting claims under § 362(k) because it is an artificial entity, rather than an individual. In *In re Goodman*, the Ninth Circuit held that only "natural, or individual, debtors" are eligible for relief under § 362(k), "not a corporation or other artificial entity." *In re Goodman*, 991 F.2d 613, 619–20 (9th Cir.1993). While Maxim may not recover damages under § 362(k), an injured corporation may recover damages caused by a violation of the automatic stay under a different theory: ordinary civil contempt. Id. 991 F.2d at 620.

The primary difference between proceeding on the basis of the language of § 362(k) on one hand, and civil contempt on the other, is the mandatory nature of an award of damages as to the former compared to the permissive nature of such an award under the latter. Pursuant to § 362(k), an individual injured "shall" recover actual damages; pursuant to civil contempt, however, whether damages shall be awarded is discretionary. This distinction makes a difference because the bankruptcy court may decide not to award damages if, in its view, the violation was "not [sufficiently] egregious" to justify damages. Id.

*Exceptions to the Stay under § 362(b)(4)*

The Code provides certain exceptions to the automatic stay, which are read narrowly. In re Dunbar, 235 B.R. 465, 470 (9th Cir. BAP 1999), *aff'd*, 245 F.3d 1058 (9th Cir.2001). Section 362(b)(4) provides an exception for certain governmental police and regulatory actions. Section 362(b)(4) provides that the filing of a petition does not stay

the commencement or continuation of an action or proceeding by a

# United States Bankruptcy Court
## Central District of California
### San Fernando Valley
### Judge Maureen Tighe, Presiding
### Courtroom 302 Calendar

---

**Wednesday, September 27, 2017**                                    **Hearing Room       302**

---

<u>11:00 AM</u>
**CONT...**        **Secured Merchants, LLC**                                    **Chapter 7**

governmental unit ... to enforce such governmental unit's ... police
and regulatory power, including the enforcement of a judgment other
than a money judgment, obtained in an action or proceeding by the
governmental unit to enforce such governmental unit's ... police or
regulatory power;

11 U.S.C. § 362(b)(4).

In the Ninth Circuit, two tests are used to determine whether the § 362(b)(4)
exemption applies: the "pecuniary purpose" test and the "public policy" test. <u>See In
re Universal Life Church</u>, 128 F.3d 1294, 1297 (9th Cir.1997). Satisfaction of either
test will suffice.  <u>In re Chapman</u>, 264 B.R. 565, 569 (B.A.P. 9th Cir. 2001).  In
<u>Universal Life Church</u>, the Ninth Circuit explained the two tests as follows:

> Under the pecuniary purpose test, the court determines whether the
> government action relates primarily to the protection of the
> government's pecuniary interest in the debtor's property or to matters
> of public safety and welfare. If the government action is pursued
> *solely* to advance a pecuniary interest of the governmental unit, the
> stay will be imposed. The public policy test "distinguishes between
> government actions that effectuate public policy and those that
> adjudicate private rights."

<u>In re Universal Life Church</u>, 128 F.3d at 1297 (citations omitted)(emphasis
added).

This provision permits a governmental unit to "commence or continue any police or
regulatory action, including one seeking a money judgment, but it may enforce only
those judgments and orders that do not require payment or authorize the
government to exercise control over property of the estate." 3 Collier, at 362–59 to
362–60.

### Discussion

Debtor argues that FTC could not be enforcing its police and regulatory
power here because the entity has "long ceased operating" and the chapter 7 trustee
is in control of the assets, thus there is "no possibility of future recurrence of the
alleged improprieties by this debtor."  Reply, 3:14-16.  For these reasons, Debtor
posits that FTC is not seeking to protect public safety and welfare, but is instead
seeking to protect its pecuniary interest by seeking restitution for alleged third party

# United States Bankruptcy Court
## Central District of California
### San Fernando Valley
### Judge Maureen Tighe, Presiding
### Courtroom 302 Calendar

**Wednesday, September 27, 2017**                    **Hearing Room       302**

<u>11:00 AM</u>
**CONT...       Secured Merchants, LLC**                            **Chapter 7**

victims, at the expense of other creditors of the bankruptcy estate.

FTC opposes the Motion, arguing that it is seeking injunctive relief against Debtor and Argaman to prevent them from harming consumers in the future.  FTC alleges that its actions there is still a risk that Debtor and Argaman may harm consumers because it alleges in the Enforcement Action that Debtor and the co-defendants used multiple defunct or dissolved corporations to carry out their "deceptive online marketing scheme."

Here, it is clear that the Enforcement Action satisfies the pecuniary purpose test.  FTC primary purpose in prosecuting the Enforcement Action is protecting the public safety and welfare by preventing consumer harm, rather than protecting an pecuniary interest in the Debtor's property.  FTC notes that a review of Debtor's schedules shows that any pecuniary interest in Debtor's property appears to be negligible ($1,177).  <u>See</u> Doc. 12 at 5 (Schedule A). For the same reasons, it satisfies the public purpose test because the FTC seeks to "effectuate public policy" to protect consumers under its organic statute, not to adjudicate any "private rights." Id. at 1109.  While Debtor maintains that FTC is seeking to obtain monetary restitution for the alleged third-party victims shows that it is pursuing its pecuniary interest to the detriment of other creditors.  This is an oversimplification of the FTC's position, as it is not *solely* seeking to advance any pecuniary interest it may have in Debor's property.  The detection of fraud had been sustained as a valid basis for invoking the exception *even when* there is an additional pecuniary interest at stake. <u>In re Universal Life Church</u>, 128 F.3d at 1298 (citations omitted)(emphasis added).

The legislative history of this section supports this ruling.  When a debtor is sued by a governmental unit in order "to prevent or stop violation of fraud, environmental protection, consumer protection, safety, or similar police or regulatory laws, or attempting to fix damages for violation of such a law, the action or proceeding is not stayed under the automatic stay." H.R.Rep. No. 595, 95th Cong., 1st Sess. 343 (1977), reprinted in 1978 U.S.C.C.A.N. 5963, 6299; S.Rep. No. 989, 95th Cong., 2d Sess. 52 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5838 (emphasis added). By allowing such actions to proceed, this exemption prevents the bankruptcy court from becoming a "haven for wrongdoers." <u>In re First Alliance Mortg. Co.</u>, 263 B.R. 99, 107 (B.A.P. 9th Cir. 2001) (internal citation omitted).

Motion DENIED.  APPEARANCE REQUIRED.

| **Party Information** |
| --- |