UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-4527-GW(PLAx) | Date | September 28, 2017 |
|---|---|---|---|
| Title | *Federal Trade Commission v. Bunzai Media Group, Inc., et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | Katie Thibodeuax | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Reid Tepfer by telephone | Shai Oved | |
| Luis Gallegos by telephone | Alan Argaman, PRO SE | |

**PROCEEDINGS:** FEDERAL TRADE COMMISSION'S MOTION TO DETERMINE THAT AUTOMATIC STAY HAS NO EFFECT ON PLAINTIFF'S ENFORCEMENT ACTION AND TO RESET TRIAL DATE AND LITIGATION SCHEDULE [650];

STATUS CONFERENCE

The Court's Tentative Ruling is circulated and attached hereto. Court hears oral argument. Based on the Tentative, and for reasons stated on the record, Plaintiff's Motion is GRANTED.

The Court continues the status conference to November 2, 2017 at 9:45 a.m. Parties will file a status report regarding bankruptcy action by October 31, 2017.

: 06

Initials of Preparer   JG

*Federal Trade Commission v. Bunzai Media Grp. Inc., et al.*, Case No. CV-15-04527-GW-(PLAx); Tentative Ruling on Motion to Determine That Automatic Stay Has No Effect on Plaintiff's Enforcement Action and to Reset Trial Date and Litigation Schedule

On August 3, 2017, defendant Secured Merchants LLC ("SM") filed a "Notice of Automatic Stay in Bankruptcy," indicating that it had filed a petition in bankruptcy the prior day, and also taking the position that its filing in bankruptcy was the "equivalent to an automatic restraining order against creditors from commencing or continuing any lawsuit, or enforcement of any judgement [*sic*], or enforcement of any lien against property of the estate, without FIRST applying to the Bankruptcy Court for relief from stay."  Docket No. 645; *see also* 11 U.S.C. § 362(a) (setting forth the automatic stay). That same day, this Court "vacate[d] all remaining dates including dates pertaining to" SM's co-defendant, Alan Argaman.  *See* Docket No. 649.  Plaintiff Federal Trade Commission ("FTC") now moves for a determination that, because of an exception provided in 11 U.S.C. § 362(b)(4),[1] the bankruptcy "automatic stay" does not apply to its enforcement action against SM[2] and to have the Court, consequently, reset the trial date and litigation schedule for the action.

**Who Decides the Applicability of the Automatic Stay and its Exceptions?**

The FTC cites *Lockyer v. Mirant*, 398 F.3d 1098, 1105-07 (9th Cir. 2005), for the proposition that there is no question that this Court – as opposed to *only* the bankruptcy court presiding over SM's bankruptcy case – has jurisdiction to decide the effect of the automatic stay in this instance.  It also cites a Fourth Circuit case supporting the

---

[1] "The filing of a petition…does not operate as a stay --…(4) under paragraph (1), (2), (3), or (6) of subsection (a) of this section, of the commencement or continuation of an action or proceeding by a governmental unit…to enforce such governmental unit's…police and regulatory power, including the enforcement of a judgment other than a money judgment, obtained in an action or proceeding by the governmental unit to enforce such governmental unit's or organization's police or regulatory power."  11 U.S.C. § 362(b)(4); *see generally* March, Ahart, et al., California Practice Guide:  Bankruptcy (2016) ("March & Ahart") §§ 8:520-562, at 8(I)-58 – 64.

[2] The FTC likewise argues that the automatic stay does not apply to defendant Alan Argaman, who did not file for bankruptcy protection.  In its Opposition to the motion, SM makes no contention that Argaman would ever enjoy such protection.  *See* March & Ahart § 8:100, at 8(I)-8.  Argaman did not submit a brief in connection with the motion.

1

conclusion that this Court's jurisdiction is "superior" with respect to addressing the issue because this Court's jurisdiction "attached first in time." *HUD v. Cost Control Mktg. & Sales Mgmt.*, 64 F.3d 920, 927 n.11 (4th Cir. 1995).

In *Lockyer*, the Ninth Circuit called "unfounded" a district court's "concern that it did not have jurisdiction to determine the applicability of the automatic stay," later observing that "there are a number of cases, in this circuit and elsewhere, in which a federal court has decided whether the automatic stay applies to a proceeding pending before it." 398 F.3d at 1105-06. That case, like this one, specifically involved the same exception to the automatic stay, resident in Section 362(b)(4), discussed further below. *See id.* at 1101, 1107. The Fourth Circuit decision the FTC cites likewise reached the same conclusion as *Lockyer*, and Plaintiff's comment regarding footnote 11 of that decision is accurate. *See Cost Control*, 64 F.3d at 927 n.11 ("The district court had concurrent jurisdiction with the bankruptcy court to determine the effect of the bankruptcy proceeding in this case, and, because the district court's jurisdiction attached first in time, it was superior.") (omitting internal citations).

SM acknowledges that this Court "can determine if the stay applies," but argues that "only the Bankruptcy Court can grant relief from the automatic [stay]." Docket No. 651, at 4:7-9.[3] In response, the FTC contends – again citing *Lockyer*, and quoting specific language from that decision – that the exception applies automatically (just as does the automatic stay, with respect to actions falling within its scope). Indeed, *Lockyer* states that "[a] government unit need not affirmatively seek relief from the automatic stay to initiate or continue an action subject to the exemption." 398 F.3d at 1107. The Court concludes that it may decide the question of whether this case fits within an exception to the automatic stay.

**The Applicability of the Section 362(b)(4) Exception**

The Bankruptcy Code provides for certain express exceptions to the automatic stay provided by 11 U.S.C. § 362(a). As noted *supra*, Footnote 1, one covers "the

---

[3] The Court notes that SM has set for a hearing, one day before the hearing on this motion, a motion seeking sanctions against the FTC for filing this motion in this Court. The Court anticipates that the sanctions motion will be denied given the authority the FTC has presented in connection with the instant motion.

2

commencement or continuation of an action or proceeding by a governmental unit…to enforce such governmental unit's…police and regulatory power." *Id.* § 362(b)(4). The FTC argues – with support from the Ninth Circuit – that FTC enforcement actions fall within this exception, as such an action concerns a governmental agency suing to enforce consumer protection laws. *See Lockyer*, 398 F.3d at 1107 ("The 'police or regulatory power' exception allows the enforcement of laws affecting health, welfare, morals, and safety despite the pendency of the bankruptcy proceeding. The exception applies, for example, to suits…to enforce state consumer protection laws.") (citing *In re First Alliance Mortg.*, 263 B.R. 99 (9th Cir. BAP 2001)). In fact, as the FTC points out, a number of courts have concluded that FTC enforcement actions fall within this exception. *See, e.g.*, *FTC v. Commerce Planet, Inc.*, 815 F.3d 593, 596-97 & n.1 (9th Cir. 2016); *FTC v. Infinity Grp. Servs.*, No. SACV 09-977 DOC (MLGx), 2009 WL 10670551, *2 (C.D. Cal. Oct. 1, 2009).

SM contends there is no required police or regulatory power in connection with this proceeding insofar as it is involved, because "the business has long ceased operating." The FTC points out, in response, that SM cites *no case law whatsoever* supporting this reading of Section 362(b)(4) (while the FTC cites a number of cases reaching – or at least suggesting – the opposite conclusion, *see* Docket No. 652, at 3 n.3) and, as a factual matter, provides reason to question whether the assertion about the business's cessation is even true. *See id.* at 3:9-10 & n.2.[4]

The FTC's Reply concerns itself not just with responding to SM's arguments in the Opposition, but in also attempting to demonstrate that this case also meets the "pecuniary purpose" and "public purpose" tests that – the FTC then acknowledges – "courts in this Circuit apply in interpreting the exception." Docket No. 652, at 2:5-8 (citing *In re Universal Life Church, Inc.*, 128 F.3d 1294, 1297 (9th Cir. 1997)). It is curious why the FTC did not raise these tests in its opening brief, especially considering their discussion in *Lockyer*, *see* 398 F.3d at 1108-09, a case that the FTC relies upon for

---

[4] SM closes its Opposition brief by asking that this Court award it attorney's fees of $2,500.00 due to SM's having to file its Opposition. Putting aside the fact that the Court is persuaded by the FTC's side on this motion, it would not have awarded sanctions in any event due to SM having filed the sanctions motion pending before the Bankruptcy Court, as referenced *supra*, Footnote 3.

more than one proposition in its opening brief. *See also* March & Ahart, §§ 8:532-557, at 8(I)-60 – 63. Of course, SM arguably should have raised the tests itself if it felt they favored its desired outcome, considering that Section 362(b)(4) was unquestionably at issue on the FTC's motion. But ordinarily the Court does not allow a moving party such as the FTC to raise arguments for the first time in its Reply brief, at least not where the argument is one that foreseeably should have been raised in an opening brief.

The Court finds the FTC's argument concerning satisfaction of the "pecuniary purpose" and "public purpose" tests relatively persuasive, however.[5] *See* March & Ahart, § 8:533, at 8(I)-60; *id.* § 8:540, at 8(I)-61. As such, and especially considering that SM should have known as much to raise the tests in its Opposition if it felt they had a chance of aiding its argument, the Court is not inclined to give SM a further opportunity to brief the issue of analysis under the tests unless it can offer an explanation, at oral argument, both as to 1) why it did not discuss the tests in its Opposition brief and 2) what possible argument it could make to demonstrate that this action does not satisfy the tests.

Ultimately, even if the Court were to ignore the "pecuniary purpose" and "public purpose" tests, the FTC also asserts that the plain language of Section 362(b)(4) demonstrates that the exception resident therein applies to this case. That is, in essence, the nature of its argument in its opening brief. Again, the Court finds the FTC's position convincing considering the language of Section 362(b)(4) and the FTC's nature and role in our government.

In short, the Court is persuaded by the FTC's arguments concerning the application of the Section 362(b)(4) exception. The only activity connected to an FTC

---

[5] "Under the 'pecuniary purpose' test, 'the court determines whether the [government] action relates primarily to the protection of the government's pecuniary interest in the debtors' property or to matters of public safety and health.' If the suit seeks to protect the government's pecuniary interest, the § 362(b)(4) exception does not apply. On the other hand, if the suit seeks to protect public safety and welfare, the exception does apply." *Lockyer*, 398 F.3d at 1108-09 (quoting *NLRB v. Continental Hagen Corp.*, 932 F.2d 828, 828 (9th Cir. 1991)) (omitting internal citations). "Under the 'public purpose' test, the court determines whether the government seeks to 'effectuate public policy' or to adjudicate 'private rights.' If the government seeks the former, the exception applies; if the government seeks the latter, it does not. A suit does not satisfy the 'public purpose' test if it is brought primarily to advantage discrete and identifiable individuals or entities rather than some broader segment of the public." *Id.* at 1109 (quoting *Continental Hagen*, 932 F.2d at 833). "A suit comes within the exception of § 362(b)(4) if it satisfies either test." *Id.* at 1108.

4

action that would be prohibited by the automatic stay would be efforts to enforce a money judgment. *See* March & Ahart, § 8:560, at 8(I)-63. This case is – as to SM and Argaman – pre-trial, thus not yet at that stage.

For the foregoing reasons, unless 1) by the time of this hearing the Bankruptcy Court has already ruled – as part of SM's sanctions motion before that court – that this action *is* covered by the automatic stay, or 2) SM can provide satisfactory responses to the two questions posed three paragraphs above, the Court is inclined to grant the FTC's motion.[6]

---

[6] The FTC also argues in its opening brief that there would be no basis for the Court to impose a *discretionary* stay on the further prosecution of this case. No defendant has moved for such a stay (at least following SM's bankruptcy filing) and SM does not even mention the concept in its Opposition brief, despite the FTC raising the issue in its opening papers.

5