DAVID C. SHONKA
Acting General Counsel

REID TEPFER
rtepfer@ftc.gov; Tex. Bar No. 24079444
LUIS GALLEGOS
lgallegos@ftc.gov; Okla. Bar No. 19098
ZACHARY A. KELLER
zkeller@ftc.gov; Tex. Bar No. 24087838
DAMA J. BROWN
Dbrown1@ftc.gov; Mi. Bar No. P54775

Federal Trade Commission
1999 Bryan Street, Suite 2150
Dallas, Texas 75201
(214) 979-9395 (Tepfer); (214) 979-9383 (Gallegos);
(214) 979-9382 (Keller); (214) 979-9374 (Brown)
(214) 953-3079 (fax)

JOHN JACOBS
jjacobs@ftc.gov; Cal. Bar No. 134154
10990 Wilshire Blvd., Suite 400
Los Angeles CA 90024
(310) 824-4343(voice); (310) 824-4380 (fax)

Attorneys for Plaintiff Federal Trade Commission

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,**<br><br>Plaintiff,<br><br>v.<br><br>**BUNZAI MEDIA GROUP, INC.**, *et al.*,<br><br>**Defendants.** | **Case No. CV 15-4527-GW(PLAx)**<br><br>**JOINT STATUS REPORT CONCERNING DEFENDANT SECURED MERCHANTS, LLC'S BANKRUPTCY ACTION**<br><br>Date: November 2<br>Time: 9:45 a.m.<br>Judge: Hon. George Wu |

The parties file this status report pursuant to the Court's Order (Doc. No. 658) to update the Court concerning the status of Secured Merchants, LLC's ("SM") bankruptcy action.

## I. FTC's Position

Secured Merchants LLC's ("SM") bankruptcy action remains pending. *See In Re Secured Merchants, LLC*, 1:170bk-12058 (Bankr. C.D. Cal. 2017). But SM's bankruptcy proceeding presents no impediment to the continuation of this case.

While SM's case is a simple no-asset bankruptcy, SM has managed to forestall its resolution. For example, the meeting of creditors has been postponed three times—twice because of Defendant Argaman's failure to appear or at request of his counsel in this action, who also serves as his bankruptcy counsel. *See id.* at Doc. Nos. 15, 23, and 44. Defendant Argaman has also failed to produce to the trustee requested bank documents needed to resolve the case. Moreover, Defendant SM filed a notice of intent to appeal the bankruptcy court's denial of its motion for sanctions against the FTC. *See id.*, Doc. No. 32.

SM's counsel suggests below that it would be appropriate to postpone this litigation at least three months further while its interlocutory appeal in the bankruptcy action is pending. Defendants make this recommendation despite this

Court's independent conclusion that the automatic stay does not apply to this enforcement action, which was not appealed. *See* Doc. No. 658.

Defendants' actions make clear they again seek delay for delay's sake. But the FTC and consumers have an interest in resolving this matter sooner rather than later. At this time, Defendants are not under any injunction preventing them from harming consumers now or in the future. Accordingly, the FTC respectfully requests that the Court reset the trial date.

Lastly, at the prior status conference, SM's counsel stated an interest in a third Court-ordered mediation session. However, while the FTC remains open to settlement, Defendants showed little interest in settling at the previous two settlement conferences and have shown little serious interest in settlement discussion since the last status conference despite the FTC's efforts to continue negotiations.[1] Defendants have demonstrated their lack of interest by refusing to produce the updated financial statements, which are a prerequisite to any settlement with the FTC that does not include a full money judgment.

---

[1] Defendants, in their portion of the joint report, misrepresent their settlement efforts. FTC counsel reached out to Defendants on September 28, the day of the last status conference, proposing additional settlement discussions contingent upon the receipt of financial statements. Defendants failed to respond to the email until nearly a month later, when Defendant Argaman again refused to provide financial statements and instead insisted on an outright dismissal from the lawsuit despite previously representing to the Court that a settlement had been reached in principle. Doc. No. 640 at 2.

Accordingly, the FTC respectfully requests that the amended scheduling order not include further Court-ordered mediation.

## II. Defendants Alan Argaman and Secured Merchants, LLC (Chapter 7 Debtor) Statement:

Secured Merchants, LLC, remains a chapter 7 Debtor. The Chapter 7 Trustee for the estate is still investigating the financial affairs of the Debtor and has continued the meeting of creditors provided under 11 U.S.C. §341(a) to December 1, 2017. The Trustee has not employed counsel on behalf the estate for this matter.

Secured Merchants, LLC, appealed the Bankruptcy Court's Order Denying its Motion for Sanctions for violating the automatic stay. The opening brief is due December 11, 2017. (Bankruptcy Appellate Panel for the Ninth Circuit Court of Appeals, Case No. CC-17-1301). A statement of issues on appeal, designation of record on appeal, and notice of ordering transcripts have already been filed.

In accordance with this Court's instructions related to settlement, Defendant Argaman suggested a phone conference to further discuss settlement. The FTC refuses to consider any settlement without updated financial statements. Secured Merchant, LLC's financial information is on-file with the Bankruptcy Court under penalty of perjury.

In accordance with the Court's instructions related to a continuance and avoiding additional hearings (and further potential stay violations pending review), counsel for Secured Merchants, LLC, suggested a continuance to avoid additional administrative expense to allow the meeting of creditors to be concluded as well as briefing related to the appeal. A proposed continued status conference for a Monday or Thursday in March or April was proposed but rejected by the FTC.

Argaman and SM respectfully request at this Court continue the status conference without appearance, and continue the matter for a minimum of 90 days.

To the extent the FTC maintains the appeal of the bankruptcy court order is interlocutory, Secured Merchants disagrees as there is nothing left for determination as to the motion. If the issue is raised at the BAP, Secured Merchants will seek leave to proceed as to the order. As to the District Court's order, the appeal time has not yet a run.

Respectfully submitted,

Dated: 10/31/17

/s/ REID TEPFER
REID A. TEPFER
LUIS H. GALLEGOS
Attorneys for the Plaintiff
Federal Trade Commission
1999 Bryan Street, Suite 2150
Dallas, Texas 75201

4
JOINT STATUS REPORT CONCERNING DEFENDANT SECURED MERCHANTS, LLC'S
BANKRUPTCY PROCEEDING

|   |   |
|---|---|
| 1 | (214) 979-9395 (Tepfer) |
| 2 | (214) 979-9383 (Gallegos) |
|   | (214) 953-3079 (facsimile) |
|   | rtepfer@ftc.gov |
| 3 | lgallegos@ftc.gov |

Dated: 10/31/17          */s/  Alan Argaman*
                         Alan Argaman, Pro Se

Dated: 10/31/17          */s/  Shai Oved*
                         Shai Oved
                         Attorney for Defendant Secured
                         Merchants, LLC

# CERTIFICATE OF SERVICE

The undersigned certifies that on October 31, 2017, a true and correct copy of the foregoing document was served by ECF and/or email to the individuals listed below.

Shai Oved
Law Offices of Shai Oved
7445 Topanga Canyon Blvd, Ste. 220
Canoga Park, CA 91303
Counsel for Secured Merchants, LLC

Alan Argaman
*Pro Se* Defendant


*/S/ REID TEPFER*
REID TEPFER