1  DAVID C. SHONKA
   Acting General Counsel

2  REID TEPFER
   rtepfer@ftc.gov; Tex. Bar No. 24079444
3  LUIS GALLEGOS
   lgallegos@ftc.gov; Okla. Bar No. 19098
4  ZACHARY A. KELLER
   zkeller@ftc.gov; Tex. Bar No. 24087838
5  DAMA J. BROWN
   Dbrown1@ftc.gov; Mi. Bar No. P54775

6  Federal Trade Commission
   1999 Bryan Street, Suite 2150
7  Dallas, Texas 75201
   (214) 979-9395 (Tepfer); (214) 979-9383 (Gallegos);
8  (214) 979-9382 (Keller); (214) 979-9374 (Brown)
   (214) 953-3079 (fax)

9  JOHN JACOBS
   jjacobs@ftc.gov; Cal. Bar No. 134154
10 10990 Wilshire Blvd., Suite 400
   Los Angeles CA 90024
11 (310) 824-4343(voice); (310) 824-4380 (fax)

12 Attorneys for Plaintiff Federal Trade Commission

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,**<br><br>Plaintiff,<br><br>v.<br><br>**BUNZAI MEDIA GROUP, INC.,** *et al.,*<br><br>Defendants. | **Case No. CV 15-4527-GW(PLAx)**<br><br>**JOINT STATUS REPORT CONCERNING DEFENDANT SECURED MERCHANTS, LLC'S BANKRUPTCY ACTION**<br><br>Date: February 1, 2017<br>Time: 8:30 a.m.<br>Judge: Hon. George Wu |

The parties file this joint status report pursuant to the Court's Order (Doc. No. 662).

## I. FTC Position

On January 2, the trustee administrator advised FTC counsel via email that "Trustee Amy Goldman asserts no interest in the pending litigation." Later that week, the Trustee for Secured Merchant's bankruptcy action filed a report of no assets with the bankruptcy court. *See* 1:17-bk-12058, January 4, 2018.

Concerning settlement negotiations, the FTC has not received updated financials from Defendants and it is unclear when Defendants intend to provide them, if at all. Yesterday—for the first time since November 9, 2017—defense counsel communicated concerning settlement negotiations and requested prior versions of Defendants' financial statements, presumably to update them. Yesterday's communications do not constitute diligent settlement efforts by Defendants and fail to justify their requested 90-day continuance. Moreover, settlement counsel's representation that he was unaware the FTC required updated financial statements is misleading. Counsel has negotiated settlements for other Defendants in this case before, and financial statements were required for each of these Defendants. Moreover, Defendants were made aware of the need for updated financials many months ago.

Accordingly, because Secured Merchants LLC's bankruptcy is not an impediment to this litigation and settlement is not imminent, the FTC respectfully requests that the Court reset this matter for trial.

**II. Secured Merchants and Argaman's Joint Statement...**

**Status of Bankruptcy**

In late 2017, the meeting of creditors had been continued to January 22, 2018, for the Trustee to further consider whether to administer assets. On January 4, 2018, the Trustee filed a Report of No Distribution signaling her conclusion of taking any action to administer assets. Under Bankruptcy Code Section 544

Once the case closes, all assets and claims of the estate are abandoned to back to the Debtor under 11 U.S.C. §554 (c) which provides: "Unless the court orders otherwise, any property scheduled under section 521(a)(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350 of this title."

**Status of Bankruptcy Appeal**

During the pendency of the Bankruptcy, Secured Merchants filed a motion for sanctions for violating the automatic stay. (Almost simultaneously, the FTC filed a motion to confirm that no stay applied with the District Court. The District Court and Bankruptcy Court reached similar conclusions but inconsistent applications, and the Bankruptcy Court was more expansive than the District

Court decision. Secured Merchants appeal the Bankruptcy Court decision to the Bankruptcy Appellate Panel. The FTC elected to proceed in the District Court as opposed to the Bankruptcy Appellate Panel. On or about January 16, 2018, Secured Merchants filed an initial request to extend the time to file its opening brief and to consider the mediation program. The Court granted the request and the opening brief is due March 20, 2018. The FTC did not believe the mediation program of the appeal would be productive but settlement discussions have commenced on trying to resolve informally notwithstanding.

### Status of Settlement

Counsel requested copies of the former Financial Statements via the FTC's secured link. The former link was provided when counsel was unavailable and could not download the document(s). It is anticipated that once the Bankruptcy Case is officially closed (now that the Trustee has filed her Report of No Distribution), all of Debtor's assets and claims will be abandoned to the Debtor so that it can proceed directly (as opposed to on behalf of the Bankruptcy Estate for which counsel had not been retained by the Trustee). It is anticipated that closure of the Bankruptcy Case will take no more than 60 days.

### FTC shutdown

The FTC sought an ex parte application to stay the action while federal funding had not yet been appropriated for ongoing litigation and closure of the federal

1  government. Secured Merchants did not oppose the request. The Request was
2  ultimately withdrawn because temporary funding was provided through the first
3  part of February. It is unclear what will happen next. Secured Merchants has
4  ceased operations and Argaman has re-engaged settlement counsel so that a
5  framework can be made for him to re-start his life and put this traumatic and
6  disputed matter behind him.

7  **Statement by Defendant Argaman's Settlement Counsel**

8  I initiated a settlement discussion with the FTC on behalf of Mr. Argaman. I
9  was informed by the FTC that they need updated financial information from my
10 Client. The FTC was already previously provided a signed copy of Argaman's
11 financials and in fact, the parties previously discussed settlement. I am now
12 reviewing the latest secured links the FTC submitted and plan on discussing this
13 issue with Mr. Argaman. There are multiple financial documents to review and
14 update and some technical issues with the secured links. I respectfully request the
15 Court continue the matter for 90 days to allow time to deal with these latest FTC
16 requirements for settlement that I was not aware of until a couple of days ago, as
17 well as to actually engage in substantive settlement talks with the FTC on behalf
18 of Mr. Argaman.

19

20                                          Respectfully submitted,

| | | |
|---|---|---|
| 1 | Dated: 1/30/17 | */s/ REID TEPFER* |
| 2 | | REID A. TEPFER |
| | | LUIS H. GALLEGOS |
| 3 | | Attorneys for the Plaintiff |
| | | Federal Trade Commission |
| 4 | | 1999 Bryan Street, Suite 2150 |
| | | Dallas, Texas 75201 |
| 5 | | (214) 979-9395 (Tepfer) |
| | | (214) 979-9383 (Gallegos) |
| 6 | | (214) 953-3079 (facsimile) |
| | | rtepfer@ftc.gov |
| 7 | | lgallegos@ftc.gov |
| 8 | Dated: 1/30/17 | *Alan Argaman* |
| | | Alan Argaman, Pro Se |
| 9 | | |
| 10 | Dated: 1/30/17 | *Shai Oved* |
| 11 | | Shai Oved |
| | | Attorney for Defendant Secured |
| 12 | | Merchants, LLC |

## CERTIFICATE OF SERVICE

The undersigned certifies that on January 30, 2018, a true and correct copy of the foregoing document was served by ECF to the individuals listed below.

Shai Oved
Law Offices of Shai Oved
7445 Topanga Canyon Blvd, Ste. 220
Canoga Park, CA 91303
Counsel for Secured Merchants, LLC

Alan Argaman

1  *Pro Se* Defendant

3           */S/ REID TEPFER*
            REID TEPFER