DAVID C. SHONKA
Acting General Counsel

REID TEPFER
rtepfer@ftc.gov; Tex. Bar No. 24079444
LUIS GALLEGOS
lgallegos@ftc.gov; Okla. Bar No. 19098
ZACHARY A. KELLER
zkeller@ftc.gov; Tex. Bar No. 24087838
DAMA J. BROWN
Dbrown1@ftc.gov; Mi. Bar No. P54775

Federal Trade Commission
1999 Bryan Street, Suite 2150
Dallas, Texas 75201
(214) 979-9395 (Tepfer); (214) 979-9383 (Gallegos);
(214) 979-9382 (Keller); (214) 979-9374 (Brown)
(214) 953-3079 (fax)

JOHN JACOBS
jjacobs@ftc.gov; Cal. Bar No. 134154
10990 Wilshire Blvd., Suite 400
Los Angeles CA 90024
(310) 824-4343(voice); (310) 824-4380 (fax)

Attorneys for Plaintiff Federal Trade Commission

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,** | **Case No. CV 15-4527-GW(PLAx)** |
| **Plaintiff,** | **JOINT STATUS REPORT CONCERNING SETTLEMENT AND OUTSTANDING ISSUES** |
| **v.** | |
| **BUNZAI MEDIA GROUP, INC.,** *et al.,* | **Date:  March 29, 2017** |
| **Defendants.** | **Time: 8:30 a.m.** |
| | **Judge: Hon. George Wu** |

1   The parties file this joint status report pursuant to the Court's Order (Doc.

2   No. 662).

3        **FTC Position**

4        *I.   Status of Settlement Negotiations*

5        At this time, settlement appears unlikely. Accordingly, the FTC respectfully

6   requests that the Court set this matter for trial.

7        On February 1, 2018, the Court ordered Defendants Alan Argaman and

8   Secured Merchants to provide the FTC with updated financials by February 28,

9   2018. Doc. No. 667. Defendants produced financials on February 28; these

10  financials had deficiencies, however. The FTC notified Defendants of these

11  deficiencies via email on March 9, 2018, and requested that they be remedied by

12  March 16, 2018. On March 20, Defendant Argaman provided additional

13  documents and information; however, much of the required information provided

14  was not included in the sworn financial statements but merely stated in an email.

15  The following day, the FTC requested that the financial statements be revised to

16  include this information under penalty of perjury but has not as of this filing

17  received these updated financial statements.[1]

18

19

20  _____
    [1] The FTC is continuing to review the recently provided financial information for completeness.

JOINT STATUS REPORT CONCERNING SETTLEMENT AND OUTSTANDING ISSUES

While awaiting Defendants' finalized financial statements, the FTC provided Defendants the FTC's last and best settlement offer.[2] This bare-bones order includes a fully suspended judgment[3] and requires Defendant to do little more than agree to follow the law. Despite this, Defendants have not yet responded to this offer, and settlement under these terms is unlikely. Instead, Defendants appear intent on forcing this matter to trial.

Defendants, in their portion of their joint statement, once again request a continuance based on their limited settlement efforts this month.[4] But this case has already been delayed numerous times due to Defendants' dilatory tactics, and Defendants would be unlikely to use additional time to pursue settlement diligently.[5] Accordingly, no such further delay is merited here.

---

[2] FTC counsel can only recommend that the Commission accept a settlement; counsel has no authority to bind the Commission.

[3] FTC counsel may recommend the Commission agree to a suspension of judgment upon Defendants' showing of an inability to pay the judgment. Before FTC counsel could recommend that the Commission accept such a proposed settlement, FTC counsel would need to receive the requested finalized financial statements supporting Defendants' purported inability to pay.

[4] Defendants also argue that a continuance is appropriate to allow them to consider recent changes to the FTC's proposed stipulated order. These changes were minimal, however, and the FTC's proposed order has been substantially the same for the last year. The FTC merely deleted unused definitions from the definition section, as Defendants suggested, and made a final concession, removing the "Order Acknowledgment" section, which required Defendants to provide the Order to certain individuals.

[5] This case was originally set for trial nearly two years ago when a settlement was reached as to nearly all Defendants. Since that time, Defendants Argaman and SM have sought to delay the resolution of this matter by requesting multiple Court-supervised mediation sessions and declaring bankruptcy. Now, Defendants request that trial and the resolution of pending motions

JOINT STATUS REPORT CONCERNING SETTLEMENT AND OUTSTANDING ISSUES

1      *II. Outstanding Matters*

2          At the last status conference, the Court advised the FTC to note any

3      outstanding matters in this status report. The only outstanding matter before the

4      Court at this time is the FTC's Motion to Preclude Defendants' Undisclosed

5      Exhibits, Witnesses, and Expert Witnesses. Doc. No. 631. For the Court's

6      convenience, the pertinent filings are as follows:

7          -    FTC's Notice of Motion and Motion to Preclude Defendants Alan
                Argaman and Secured Merchants LLC's Undisclosed Exhibits,
8               Witnesses, and Expert Witnesses [Doc. No. 602];

9          -    Argaman's Opposition to FTC's Motion to Preclude Undisclosed
                Witnesses, Exhibits, Experts; Declaration of Argaman [Doc. No.
10              613];

11         -    Minute Entry from Hearing on FTC's Motion to Preclude and
                Tentative Order [Doc. No. 631];
12
13         -    FTC's Status Report Concerning the FTC's Motion to Preclude
                Defendants' Undisclosed Exhibits, Witnesses, and Expert Witnesses
                [Doc. No. 642];
14
15         -    Joint statement of Argaman and Secured Merchant LLCS, Separate
                Joint Report Re: FTC's Motion to Preclude Undisclosed Witnesses,
                Exhibits, Experts [Doc. No. 643];
16
17         -    Supplement to the FTC's Status Report Concerning the FTC's
                Motion to Preclude [Doc. No. 644];

18     _____

19     be postponed again based on purported progress in settlement negotiations. But Defendants
       have made such a claim several times before, even stating last July that they had "tentatively
       agree[d] to the FTC's proposed order pending further explanation and clarification of the
20     proposed order's various provisions" only to later withdraw from the agreement. Doc. No. 640.

JOINT STATUS REPORT CONCERNING SETTLEMENT AND OUTSTANDING ISSUES

- Minute Entry Concerning Hearing on FTC's Motion to Preclude [Doc. No. 649];

- Minutes of Status Conference [Doc. No. 660].

The Court previously issued a tentative order granting the FTC's motion [Doc. No. 631] and indicated that a ruling would be issued without an additional hearing. Doc. No. 660. Despite this, Defendants claim below that a ruling before the deposition of an FTC investigator would be premature.[6] This deposition has no relevance to the FTC's motion. Defendants merely seek again to delay this ruling, which seeks to exclude undisclosed evidence, experts, and witnesses that Defendants were ordered to disclose over two years ago.

Other outstanding issues to be addressed before trial include: Defendants' Motion in Limine [Doc. No. 614]; Plaintiff's Unopposed Motion in Limine [Doc. No. 611]; the exchange of witness narratives; and the Final Pretrial Conference.

## Secured Merchants and Argaman's Joint Statement

*I. Status of Bankruptcy*

In late 2017, the meeting of creditors had been continued to January 22, 2018, for the Trustee to further consider whether to administer assets. On January 4, 2018, the Trustee filed a Report of No Distribution signaling her conclusion of taking

---

[6] While the deposition was previously postponed for medical reasons, FTC investigator Brent McPeek has been available for deposition since August 14. Since that time, Defendants have not attempted to reschedule this deposition or even inquired about doing so.

JOINT STATUS REPORT CONCERNING SETTLEMENT AND OUTSTANDING ISSUES

1   any action to administer assets. Under Bankruptcy Code Section 544, once the

2   case closes, all assets and claims of the estate are abandoned to back to the Debtor

3   under 11 U.S.C. §554 (c) which provides: "Unless the court orders otherwise, any

4   property scheduled under section 521(a)(1) of this title not otherwise administered

5   at the time of the closing of a case is abandoned to the debtor and administered for

6   purposes of section 350 of this title." Counsel for Secured Merchants contacted

7   the Bankruptcy Court to follow-up on status of closing. Due to the pending

8   appeal, the clerk's office will not close the case.

9   *II. Status of Bankruptcy Appeal*

10   During the pendency of the Bankruptcy, Secured Merchants filed a motion for

11   sanctions against the FTC for violating the automatic stay. Almost simultaneously,

12   the FTC filed a motion to confirm that no stay applied with the District Court. The

13   District Court and Bankruptcy Court reached similar conclusions but inconsistent

14   applications, and the Bankruptcy Court was more expansive than the District

15   Court decision. Secured Merchants appealed the Bankruptcy Court decision to the

16   Bankruptcy Appellate Panel. The FTC elected to proceed in the District Court as

17   opposed to the Bankruptcy Appellate Panel. On or about January 16, 2018,

18   Secured Merchants filed an initial request to extend the time to file its opening

19   brief and to consider the mediation program. The Court granted the request and

20   the opening brief was due March 20, 2018. Prior to the deadline, Secured

JOINT STATUS REPORT CONCERNING SETTLEMENT AND OUTSTANDING ISSUES

1 | Merchants filed a second unopposed request for an additional 30-day continuance

2 | as the Parties had been concentrating on good faith settlement discussions. See

3 | Supra. The FTC's appellate counsel did not believe the mediation program of the

4 | appeal would be productive, but settlement discussions have commenced on

5 | trying to resolve informally notwithstanding in the main case.

6 | *III. Status of Settlement*

7 | Secured Merchants and Argaman completed and updated the Financial

8 | Statements required by the FTC and provided supporting documents, tax returns,

9 | bank statements, and other requested information. Secured Merchants, Argaman,

10 | and Argaman's settlement counsel participated in two telephonic settlement

11 | conferences with the FTC: one on March 16, 2018, and most recently on March

12 | 20, 2018. Secured Merchants and Argaman understand that the FTC's

13 | financial/forensic unit is reviewing the financials and discussions have

14 | commenced related to proposed settlement documents. Secured Merchants and

15 | Argaman are awaiting confirmation that the financials are acceptable. Secured

16 | Merchants and Argaman remain optimistic about the settlement discussion,

17 | however, and in light of these facts ask the court to grant a continuance in order to

18 | review the recent changes to the order and discuss them with their counsel.

19 | *IV. Status of Rulings*

20 |

JOINT STATUS REPORT CONCERNING SETTLEMENT AND OUTSTANDING ISSUES

Secured Merchants and Argaman oppose any rulings on the pending Motions. They have concentrated on settlement discussions with their counsel and accountants, in good faith, to comply with completion of the FTC's tedious required financial disclosures. They respectfully request that no rulings be made with respect to excluding any additional witness, exhibits, or designation of experts. The Court may recall that the deposition of the FTC's primary investigator, Brent McPeek, did not proceed because of his purported illness. Secured Merchants and Argaman did not oppose the request to file documents under seal in connection with his medical condition, nor the request to stay the deposition, with the understanding that the deposition would ultimately proceed. They have inquired about Mr. McPeek's availability and the FTC has agreed to a deposition pending a mutually agreeable date. Correspondingly, witnesses and exhibits should not be excluded until the deposition is completed. Furthermore, Secured Merchants anticipates retaining one technology/software expert witness. Again, one has not yet been retained because of the concentration on completing the financial information required by the FTC in order to resume settlement discussions.

*V.  Further Statement by Defendant Argaman's Settlement Counsel*

I initiated a settlement discussion with the FTC on behalf of Mr. Argaman. As recently retained settlement counsel, I participated in two telephonic conferences:

JOINT STATUS REPORT CONCERNING SETTLEMENT AND OUTSTANDING ISSUES

1    one on March 16, 2018, and most recently on March 20, 2018. We have made

2    progress in settlement negotiations and remain optimistic about a favorable

3    conclusion. I respectfully request the Court continue the matter 60-90 days to

4    allow time to review the latest proposed Stipulated Order and to continue

5    engaging in substantive settlement talks with the FTC on behalf of Mr. Argaman.

6     Further, in light of the complex bankruptcy litigation for Secured Merchants

7    which resulted in an automatic stay of the case, I respectfully request that no

8    rulings be made on the FTC's motion to exclude any additional witnesses,

9    exhibits, or designation of experts. If, however, this Court decides to rule on any

10   of these issues at the present time, I would respectfully ask the court to grant a

11   continuance in order to allow adequate time for counsel to review and respond to

12   the motion at a hearing. In the alternative, should this Court decide to rule

13   immediately, counsel would ask that the court rule against the exclusion of any

14   additional witnesses, exhibits, or designation of experts and to set a new deadline

15   for these submissions.

16   *VI.  Further Statement by Defendant Argaman*

17    As outlined above, I, Alan Argaman, have now diligently provided my financial

18   information to the FTC for the second time, in attempt to facilitate settlement

19   discussions. Indeed, I, along with my counsel Mr. Oved and Mr. Parikh, have

20   actively pursued ongoing settlement discussions with the FTC. Specifically, this

JOINT STATUS REPORT CONCERNING SETTLEMENT AND OUTSTANDING ISSUES

has taken place during two telephonic conferences: one on March 16, 2018, and most recently on March 20, 2018.   As a technology service provider not involved in online sales, alleged to be part of a common enterprise in this case, I want to be sure that any settlement framework is workable moving forward. I am, however, optimistic about the settlement discussion and, in light of these facts, I would ask the court to grant me a continuance in order to review the recent changes to the order and discuss them with counsel.

 At our last status hearing, the FTC asked the court to rule on a motion with respect to excluding any additional witnesses, exhibits, or designation of experts. As such, at this time I respectfully request that no rulings be made with respect to excluding any additional witness, exhibits, or designation of experts. The Court may recall that the deposition of the FTC's primary investigator, Brent McPeek, did not proceed because of his purported illness. It was my understanding that the deposition would ultimately proceed. Correspondingly, witnesses and exhibits should not be excluded until the deposition is completed. I have inquired about Mr. McPeek's availability and the FTC has agreed to a deposition pending a mutually agreeable date. Furthermore, I anticipate retaining one technology/software expert witness, however, I have not yet had the opportunity to do so because of 1) the uncertainty regarding dates and deadlines as a result of the stay on the case and 2) the concentration on completing the financial

JOINT STATUS REPORT CONCERNING SETTLEMENT AND OUTSTANDING ISSUES

1   information required by the FTC in order to resume settlement discussions. If,

2   however, this Court decides to rule on any of these issues at the present time, I

3   would respectfully ask the court to grant me a continuance in order to allow my

4   counsel adequate time to prepare oral arguments, as well as to allow me adequate

5   time to prepare a response under the advisement of counsel. In the alternative,

6   should this Court decide to rule immediately, I would ask that the court rule

7   against the exclusion of any additional witnesses, exhibits, or designation of

8   experts in the interest of justice and full transparency of the facts of this case.

9                                                   Respectfully submitted,

10   Dated: 3/22/18                                 */s/ REID TEPFER*
                                                    REID A. TEPFER
11                                                  LUIS H. GALLEGOS
                                                    Attorneys for the Plaintiff
12                                                  Federal Trade Commission
                                                    1999 Bryan Street, Suite 2150
13                                                  Dallas, Texas 75201
                                                    (214) 979-9395 (Tepfer)
14                                                  (214) 979-9383 (Gallegos)
                                                    (214) 953-3079 (facsimile)
15                                                  rtepfer@ftc.gov
                                                    lgallegos@ftc.gov
16

17   Dated: 3/22/18                                 */s/Alan Argaman*
                                                    Alan Argaman, Pro Se
18

19   Dated: 3/22/18                                 */s/ Shai Oved*
20                                                  Shai Oved

JOINT STATUS REPORT CONCERNING SETTLEMENT AND OUTSTANDING ISSUES

Attorney for Defendant Secured Merchants, LLC

## CERTIFICATE OF SERVICE

The undersigned certifies that on March 22, 2018, a true and correct copy of the foregoing document was served by ECF to the individuals listed below.

Shai Oved
Law Offices of Shai Oved
7445 Topanga Canyon Blvd, Ste. 220
Canoga Park, CA 91303
Counsel for Secured Merchants, LLC

Alan Argaman
*Pro Se* Defendant

*/S/ REID TEPFER*
REID TEPFER

JOINT STATUS REPORT CONCERNING SETTLEMENT AND OUTSTANDING ISSUES