ALDEN F. ABBOTT
Acting General Counsel

REID TEPFER
rtepfer@ftc.gov; Tex. Bar No. 24079444
LUIS GALLEGOS
lgallegos@ftc.gov; Okla. Bar No. 19098
ZACHARY A. KELLER
zkeller@ftc.gov; Tex. Bar No. 24087838
DAMA J. BROWN
Dbrown1@ftc.gov; Mi. Bar No. P54775

Federal Trade Commission
1999 Bryan Street, Suite 2150
Dallas, Texas 75201
(214) 979-9395 (Tepfer); (214) 979-9383 (Gallegos);
(214) 979-9382 (Keller); (214) 979-9374 (Brown)
(214) 953-3079 (fax)

JOHN JACOBS
jjacobs@ftc.gov; Cal. Bar No. 134154
10990 Wilshire Blvd., Suite 400
Los Angeles CA 90024
(310) 824-4343(voice); (310) 824-4380 (fax)

Attorneys for Plaintiff Federal Trade Commission

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,**<br><br>Plaintiff,<br><br>v.<br><br>**BUNZAI MEDIA GROUP, INC.**, *et al.*,<br><br>**Defendants.** | Case No. CV 15-4527-GW(PLAx)<br><br>**SCHEDULING REPORT**<br><br>Date: **April 5, 2018**<br>Time: **8:30 a.m.**<br>Judge: **Hon. George Wu** |

The parties file this joint scheduling report pursuant to the Court's Order.[1] (Doc. No. 669).

**FTC Position**

**I. Proposed Deadlines**

The FTC proposes the following litigation schedule:

- **Final Pretrial Conference; Hearing on Pending Motion in Limine**: June 10, 2018.
- **Deposition of FTC investigator Brent McPeek**: before June 10, 2018.
- **Exchange of Witness Narratives:** before July 9, 2018.[2]
- **Trial**: The FTC anticipates that trial will take five days. The FTC proposes either the week of July 16 or July 23, 2018.

**II. Pending FTC Motions**

The FTC has two motions pending before the Court: a motion to preclude undisclosed exhibits, witnesses, and expert witnesses and an unopposed motion to permit a witness to appear telephonically at trial.

**A. Motion to Preclude**

The FTC further requests that the Court rule on the FTC's Motion to

[1] The FTC received a section entitled "Position of Defendants Secured Merchants LLC and Alan Argaman" from counsel for Secured Merchants, LLC. However, Defendant Argaman, who is *pro se* in this matter, did not provide authorization to sign electronically on his behalf, despite multiple requests by FTC counsel.

[2] The Court had previously advised the parties that direct testimony in this matter was to be provided to the Court, where possible, by witness narrative.

Preclude Defendants Alan Argaman and Secured Merchants LLC's Undisclosed Exhibits, Witnesses, and Expert Witnesses (Doc. No. 602) at the Court's earliest convenience and without further hearing. For the Court's convenience, the filings related to this motion are as follows:

- FTC's Notice of Motion and Motion to Preclude Defendants Alan Argaman and Secured Merchants LLC's Undisclosed Exhibits, Witnesses, and Expert Witnesses (Doc. No. 602);
- Argaman's Opposition to FTC's Motion to Preclude Undisclosed Witnesses, Exhibits, Experts; Declaration of Argaman (Doc. No. 613);
- Minute Entry from Hearing on FTC's Motion to Preclude and Tentative Order (Doc. No. 631);
- FTC's Status Report Concerning the FTC's Motion to Preclude Defendants' Undisclosed Exhibits, Witnesses, and Expert Witnesses (Doc. No. 642);
- Joint statement of Argaman and Secured Merchant LLCS, Separate Joint Report Re: FTC's Motion to Preclude Undisclosed Witnesses, Exhibits, Experts (Doc. No. 643);
- Supplement to the FTC's Status Report Concerning the FTC's Motion to Preclude (Doc. No. 644);
- Minute Entry Concerning Hearing on FTC's Motion to Preclude (Doc. No. 649);
- Minutes of Status Conference (Doc. No. 660).

The FTC's motion to preclude was filed June 2, 2017; a hearing on the motion occurred on July 24, 2017. (Doc. Nos. 602 and 631). At the hearing, the Court circulated a tentative order granting the FTC's motion. *See id.* However, the Court continued the hearing after counsel for Defendant Secured Merchants ("SM") falsely represented that the exhibits and witnesses at issue had been disclosed to the FTC previously. The Court requested a joint report to determine whether Defendants had disclosed the evidence, experts, and witnesses in a timely

1  manner. However, contrary to their earlier representation and the Court's request

2  for a joint report, Defendants stated in a separate joint report that "the

3  identification of any further exhibits, witnesses, or experts is premature." (*See*

4  Doc. No. 643 at 4).

5  On the morning the re-scheduled motion hearing was set, Defendant SM

6  filed a Notice of Automatic Stay in Bankruptcy (Doc. No. 645), thus preventing

7  further hearing of the motion. However, as discussed in Section III, both this

8  Court and the bankruptcy court subsequently held that the FTC's enforcement

9  action was not subject to the bankruptcy code's automatic stay.

10  It is appropriate that this Court enter a decision on the pending motion to

11  preclude for several reasons. First, the Court's ruling will significantly affect the

12  FTC's trial preparations. As detailed in the motion, during the May 26, 2017

13  pretrial meeting of counsel, Defendant Alan Argaman stated that he had many

14  previously undisclosed exhibits, witnesses, and experts. At this time—more than

15  two years after the discovery cutoff—Defendants have still not disclosed this

16  evidence. In the most recent filing, Defendants contend that they "anticipate[]

17  retaining one technology/software expert witness" but that "one has not yet been

18  retained," despite the fact the deadline for designating an expert in this case was

19  April 1, 2016. (Doc. No. 668 at 8).

20

Defendants should not be permitted to ambush the FTC with additional exhibits, witnesses, and experts approximately two years after the discovery cutoff. Defendants' use of such evidence at trial is contrary to the Federal Rules of Civil Procedure and will cause significant hardship to the FTC. For example, the FTC has never received an expert report or had the opportunity to depose this expert, as he or she has not been designated yet. And although the Court has indicated in its tentative order (Doc. No. 631) that it is likely to side with the FTC on this matter, a definitive ruling is critical to the parties' trial preparations. Moreover, a ruling on this matter could benefit settlement negotiations.

### B. Motion to Appear Telephonically

The FTC has also filed one unopposed motion in limine. The FTC requested the Court permit the telephonic testimony at trial of witness Paul Medina, who currently lives in Australia. Doc. No. 611. Defendants have filed a notice of nonopposition to the FTC's motion. Doc. No. 637.  The FTC requests that the Court rule on this pending motion at the Final Pretrial Conference.

### III.   Orders Exempting FTC from the Automatic Stay

At the Court's direction, the FTC has attached the Court's Order on the FTC's Motion to Determine That Automatic Stay Has No Effect on Plaintiff's Enforcement Action And to Reset Trial Date and Litigation Schedule (**Att. A**) and the bankruptcy Court's Order Denying SM's Motion for Sanctions against the

FTC for purportedly violating the automatic stay (**Att. B**). In its ruling, this Court stated that "the Court is persuaded by the FTC's arguments concerning the application of the Section 362(b)(4) exception. The only activity connected to an FTC action that would be prohibited by the automatic stay would be efforts to enforce a money judgment." (*See* Doc. No. 658 at 5-6 (citation omitted)). Similarly, the bankruptcy court held, in denying Defendant SM's motion for sanctions, that the automatic stay did not apply to the FTC's enforcement action. (*See* Doc. No. 1:17-bk-12058-MT, Doc. No. 25).

Defendant SM is currently appealing the bankruptcy court's denial of its motion for sanctions. *See Secured Merchants v. FTC*, 17-cv-08374-GW(PLAx). The appeal in the bankruptcy proceeding—which concerns an issue nearly identical to one already decided by the Court in this parallel enforcement action—is also before this Court. *See id.*

**Position of Defendants Secured Merchants LLC and Alan Argaman**

To begin with, the Court should disregard and strike the FTC's submission with regards to ruling on the Motion to Exclude.  As the Court already ruled at the last hearing, this Motion will be heard 30 days before the trial date.  Yet, the FTC blatantly ignores this and remarkably asks the Court to rule on the Motion without any sort of hearing.

If requested, Mr. Argaman will submit a formal response to the FTC's request. However, as the Court did not invite such argument about the timing of the ruling on the Motion to Exclude, Argaman will not include it here.

With regards to trial dates, the Court only asked for a trial date, yet the FTC submits other proposed dates which the Court did not ask for.

Currently, Sagar Parikh, Esq. is settlement counsel for Argaman and attempting to discuss settlement with the FTC. However, it is anticipated that Mr. Parikh will be litigation counsel for Mr. Argaman should this matter proceed to trial. Mr. Parikh is a sole practitioner and based on his trial calendar for 2018, he would not be available for a 1 week or longer trial in this matter until March 2019. Thus, the proposed trial date would be some time in March 2019 or later.

Secured Merchants' proposed trial date and status report.

Counsel is presently scheduled for a 7-day trial with multiple parties, cross-action, and experts set for the end of July and has June limited by pre-planned /pre-paid vacation dates.

Mid-August is tied up with an arbitration matter but counsel can be available for trial in this matter at the end of August, intermittently in September and October but is concerned that the bankruptcy appeal will not have been concluded and the case still remaining open vesting all assets and claims within the bankruptcy estate.

Counsel is set for 5 day jury trial mid November and will be unavailable for Thanksgiving toward the end of the month.

Counsel can be available December, January and February but is concerned that the appeal of the bankruptcy matter will not have been concluded and the bankruptcy case still open vesting all assets and claims in the bankruptcy estate.

Counsel is a sole practitioner.

While counsel believes the pending motions should be reset for argument, if the court makes rulings, it should also rule in defendants' motion in limine filed on June 20, 2017, as docket number 614.

Respectfully submitted,

Dated: 4/3/18   */s/ REID TEPFER*

|   |   |
|---|---|
| 1 | REID A. TEPFER |
|   | LUIS H. GALLEGOS |
| 2 | Attorneys for the Plaintiff |
|   | Federal Trade Commission |
| 3 | 1999 Bryan Street, Suite 2150 |
|   | Dallas, Texas 75201 |
| 4 | (214) 979-9395 (Tepfer) |
|   | (214) 979-9383 (Gallegos) |
| 5 | (214) 953-3079 (facsimile) |
|   | rtepfer@ftc.gov |
| 6 | lgallegos@ftc.gov |

Dated: 4/3/18              <u>NO AUTHORIZATION RECEIVED</u>
                           Alan Argaman, *Pro Se*

Dated: 4/3/18               */s/ Shai Oved*
                            Shai Oved
                            Attorney for Defendant Secured
                            Merchants, LLC

### **CERTIFICATE OF SERVICE**

The undersigned certifies that on April 3, 2018, a true and correct copy of the foregoing document was served by ECF to the individuals listed below.

Shai Oved
Law Offices of Shai Oved
7445 Topanga Canyon Blvd, Ste. 220
Canoga Park, CA 91303
Counsel for Secured Merchants, LLC

Alan Argaman
*Pro Se* Defendant

*/S/ REID TEPFER*
REID TEPFER