1

2

3

4

5

6

7

8

9

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

10

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,** | **Case No. CV 15-4527-GW(PLAx)** |
| **Plaintiff,** | **STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT AS TO STIPULATING DEFENDANTS ALAN ARGAMAN AND SECURED MERCHANTS, LLC, ONLY** |
| **v.** | |
| **BUNZAI MEDIA GROUP, INC.,** *et al.* | |
| **Defendants.** | |

11

12

13

14

15

16        Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), filed

17 its Complaint for Permanent Injunction and Other Equitable Relief (Dkt #3),

18 subsequently amended as First Amended Complaint ("Complaint," Dkt #235),

19 seeking a permanent injunction and other equitable relief in this matter, pursuant

20 to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15

U.S.C. §§ 53(b) and 57b, Section 5 of the Restore Online Shoppers' Confidence

1 | Act ("ROSCA"), 15 U.S.C. § 8404, and Section 917(c) of the Electronic Funds

2 | Transfer Act ("EFTA"), 15 U.S.C. § 1693o(c).

3 |      The Commission and Alan Argaman and Secured Merchants, LLC

4 | (collectively, "Stipulating Defendants") stipulate to the entry of this Stipulated

5 | Order for Permanent Injunction and Monetary Judgment ("Order") to resolve all

6 | matters in dispute in this action between them.

7 |      **THEREFORE, IT IS ORDERED** as follows:

8 |                **FINDINGS**

9 |      1.    This Court has jurisdiction over this matter.

10 |      2.    The Complaint charges that Defendants, through a common

11 | enterprise and a unity of ownership and control between Individual Defendants

12 | and Corporate Defendants, participated in deceptive and unfair acts or practices in

13 | violation of Section 5 of the FTC Act, 15 U.S.C. § 45, Section 4 of ROSCA, 15

14 | U.S.C. § 8403, and Section 907(a) of EFTA, 15 U.S.C. § 1693e(a), in connection

15 | with the online sale of skincare products through a negative option continuity

16 | plan.

17 |      3.    Stipulating Defendants neither admit nor deny any of the allegations

18 | in the Complaint, except as specifically stated in this Order. Only for purposes of

19 | this action, Stipulating Defendants admit the facts necessary to establish

20 | jurisdiction.

STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT
AS TO STIPULATING DEFENDANTS ALAN ARGAMAN AND SECURED MERCHANTS, LLC, ONLY

1       4.     Stipulating Defendants waive any claim that they may have under the

2   Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this

3   action through the date of this Order, and agree to bear their own costs and

4   attorney fees.

5       5.     Stipulating Defendants waive all rights to appeal or otherwise

6   challenge or contest the validity of this Order. Plaintiff and Stipulating Defendants

7   agree that this Order resolves all allegations and claims in the Complaint against

8   the Stipulating Defendants.

9                         **DEFINITIONS**

10       For the purpose of this Order, the following definitions apply:

11       A.    **"Charge"** or **"Charging"** means causing billing information to be

12   submitted for payment, including against a consumer's credit card, debit card,

13   bank account, phone bill, or other account, or otherwise attempting to collect

14   money or other consideration.

15       B.    **"Clear and conspicuous"** means that a required disclosure is

16   difficult to miss (*i.e.*, easily noticeable) and easily understandable by ordinary

17   consumers, including in all of the following ways:

18           1.    In any communication that is solely visual or solely audible,

19       the disclosure must be made through the same means through which the

20       communication is presented. In any communication made through both

STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT
AS TO STIPULATING DEFENDANTS ALAN ARGAMAN AND SECURED MERCHANTS, LLC, ONLY

                                               **Page   3**

visual and audible means, such as a television advertisement, the disclosure must be presented simultaneously in both the visual and audible portions of the communication even if the representation requiring the disclosure is made in only one means.

2.     A visual disclosure, by its size, contrast, location, the length of time it appears, and other characteristics, must stand out from any accompanying text or other visual elements so that it is easily noticed, read, and understood.

3.     An audible disclosure, including by telephone or streaming video, must be delivered in a volume, speed, and cadence sufficient for ordinary consumers to easily hear and understand it.

4.     In any communication using an interactive electronic medium, such as the Internet or software, the disclosure must be unavoidable.

5.     On a product label, the disclosure must be presented on the principal display panel.

6.     The disclosure must use diction and syntax understandable to ordinary consumers and must appear in each language in which the representation that requires the disclosure appears.

7.     The disclosure must comply with these requirements in each

STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT
AS TO STIPULATING DEFENDANTS ALAN ARGAMAN AND SECURED MERCHANTS, LLC, ONLY

Page     4

1  medium through which it is received, including all electronic devices and

2  face-to-face communications.

3      8.    The disclosure must not be contradicted or mitigated by, or

4  inconsistent with, anything else in the communication.

5      9.    When the representation or sales practice targets a specific

6  audience, such as children, the elderly, or the terminally ill, "ordinary

7  consumers" includes reasonable members of that group. "

8      C.    **"Continuity Plan"** means any plan, arrangement, or system in

9  which a consumer is periodically charged for products or services *without* prior

10  notification by the seller before each charge.

11      D.    **"Defendants"** means Bunzai Media Group, Inc., d/b/a AuraVie and

12  Miracle Face Kit; Pinnacle Logistics, Inc.; DSA Holdings, Inc.; Lifestyle Media

13  Brands, Inc.; Agoa Holdings, Inc.; Zen Mobile Media, Inc.; Safehaven Ventures,

14  Inc.; Heritage Alliance Group, Inc., also doing business as AuraVie Distribution;

15  AMD Financial Network, Inc.; SBM Management, Inc.; Media Urge, Inc.;

16  Adageo, LLC; Calenergy, Inc.; KAI Media, Inc.; Insight Media, Inc.; Focus

17  Media Solutions, Inc.; Secured Commerce, LLC; Secured Merchants, LLC; USM

18  Products, Inc.; Merchant Leverage Group, Inc.; DMA Media Holding, Inc.;

19  Shalita Holdings, Inc.; All Star Beauty Products, Inc., and their successors and

20  assigns, and Alon Nottea, Motti Nottea, Doron Nottea, Igor Latsanovski, Oz

1    Mizrahi, Roi Reuveni, Kristopher Bond a/k/a Ray Ibbot, Alan Argaman, and Paul

2    Medina individually, collectively, or in any combination.

3        1.    **"Stipulating Defendants"** means Alan Argaman and Secured

4        Merchants, LLC, and its successors and assigns.

5        E.    **"Electronic Fund Transfer"** means any transfer of funds, other than

6    a transaction originated by check, draft, or similar paper instrument, which is

7    initiated through an electronic terminal, telephonic instrument, or computer or

8    magnetic tape so as to order, instruct, or authorize a financial institution to debit or

9    credit an account. Such term includes point-of-sale transfers, automated teller

10   machine transactions, direct deposits or withdrawals of funds, and transfers

11   initiated by telephone. Such term does not include:

12       1.    Any check guarantee or authorization service that does not

13       directly result in a debit or credit to a consumer's account;

14       2.    Any transfer of funds, other than those processed by automated

15       clearinghouse, made by a financial institution on behalf of a consumer by

16       means of a service that transfers funds held at either Federal Reserve banks

17       or other depository institutions and that is not designed primarily to transfer

18       funds on behalf of a consumer;

19

20

**STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT**
**AS TO STIPULATING DEFENDANTS ALAN ARGAMAN AND SECURED MERCHANTS, LLC, ONLY**

1      3.     Any transaction the primary purpose of which is the purchase

2  or sale of securities or commodities through a broker-dealer registered with

3  or regulated by the Securities and Exchange Commission;

4      4.     Any automatic transfer from a savings account to a demand

5  deposit account pursuant to an agreement between a consumer and a

6  financial institution for the purpose of covering an overdraft or maintaining

7  an agreed upon minimum balance in the consumer's demand deposit

8  account; or

9      5.     Any transfer of funds, which is initiated by a telephone

10  conversation between a consumer and an officer or employee of a financial

11  institution which is not pursuant to a prearranged plan and under which

12  periodic or recurring transfers are not contemplated.

13  F.    **"Material"** means likely to affect a person's choice of, or conduct

14  regarding, goods or services.

15  G.    **"Negative Option Feature"** means, in an offer or agreement to sell

16  or provide any good or service, a provision under which the consumer's silence or

17  failure to take an affirmative action to reject a good or service or to cancel the

18  agreement is interpreted by the seller or provider as acceptance or continuing

19  acceptance of the offer or agreement.

20

1       H.    **"Preauthorized Electronic Fund Transfer"** as defined by the

2  Electronic Fund Transfer Act, 15 U.S.C. § 1693a(10), means an electronic fund

3  transfer authorized in advance to recur at substantially regular intervals.

4       I.    **"Receiver"** means **Charlene Koonce** of **Scheef & Stone, LLP**, the

5  person appointed by the Court in this matter to serve as Receiver over Corporate

6  Defendants Bunzai Media Group, Inc.; Pinnacle Logistics, Inc.; DSA Holdings,

7  Inc.; Lifestyle Media Brands, Inc.; Agoa Holdings, Inc.; Zen Mobile Media, Inc.;

8  Safehaven Ventures, Inc.; Heritage Alliance Group, Inc.; AMD Financial

9  Network, Inc.; SBM Management, Inc.; Media Urge, Inc.; Adageo, LLC;

10  Calenergy, Inc.; KAI Media, Inc.; Insight Media, Inc.; Focus Media Solutions,

11  Inc.; Secured Commerce, LLC; Secured Merchants, LLC; USM Products, Inc.;

12  Merchant Leverage Group, Inc.; DMA Media Holding, Inc.; Shalita Holdings,

13  Inc.; and All Star Beauty Products, Inc.

14       J.    **"Receivership Estate"** means all assets transferred to the Receiver

15  pursuant to prior orders of this Court.

16                    **ORDER**

17       **I.    PROHIBITED BUSINESS ACTIVITY**

18       **IT IS FURTHER ORDERED** that Stipulating Defendants, Stipulating

19  Defendants' officers, agents, and employees, and all other persons in active

20  concert or participation with any of them, who receive actual notice of this Order,

STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT
AS TO STIPULATING DEFENDANTS ALAN ARGAMAN AND SECURED MERCHANTS, LLC, ONLY

1  whether acting directly or indirectly, in connection with promoting or offering for

2  sale any good or service, are permanently restrained and enjoined from:

3       A.     Before a customer consents to pay for such good or service, failing to

4  disclose, or assisting others in failing to disclose, in a clear and conspicuous

5  manner all material terms and conditions of any offer, including:

6            1.     The amount, timing, and manner of all fees, charges, or other

7       amounts that a consumer will be charged or billed, including but not

8       limited to the date of the charge and whether it will be a credit card charge

9       or checking account debit;

10           2.     The dates that any limited time sales offer begins and ends;

11           3.     The identity of the seller, including the seller's name, physical

12      address, and customer service telephone number;

13           4.     The total costs to purchase, receive, or use, and the quantity of,

14      any goods or services that are the subject of the sales offer;

15           5.     Any material restriction, limitation, or condition to purchase,

16      receive, or use goods or services that are the subject of a sales offer;

17      B.     Before a customer consents to pay for such good or service, failing to

18  disclose, or assisting others in failing to disclose, in a clear and conspicuous

19  manner all material terms and conditions of any refund or cancellation policies,

20  including:

**STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT**
**AS TO STIPULATING DEFENDANTS ALAN ARGAMAN AND SECURED MERCHANTS, LLC, ONLY**

1           1.     The specific steps and means by which such requests must be

2  submitted;

3           2.     The customer service telephone number that a customer must

4  call to cancel or return goods or services;

5           3.     The email address, web address, or street address to which

6  such requests must be directed;

7           4.     Any mechanism that customers must use to return any goods

8  or services, including any requirement for specific tracking methods or

9  delivery confirmation for a package;

10           5.     If there is any policy of not making refunds or cancellations,

11  including any requirement that a product will not be accepted for return or

12

13  refund unless it is unopened and in re-sellable condition, a statement

14  regarding this policy; and

15           6.     The date by which a customer is required to request a refund;

16  C.     Misrepresenting, or assisting others in misrepresenting, expressly or

17  by implication, any fact material, including:

18           1.     That a good or service is free, a bonus, a gift, a trial, without

19  cost;

20           2.     That a good or service is available for a minimal processing,

1    service, or administrative fee or without further obligation;

2         3.    That a purchase is "risk free" or offered with a satisfaction

3    guarantee or money-back guarantee;

4         4.    That the seller is accredited or rated favorably by the Better

5    Business Bureau;

6         5.    A seller's affiliation with, or endorsement or sponsorship by,

7    any person or entity;

8         6.    The amount that a consumer's credit or debit card will be

9    charged and the timing of the charge(s);

10        7.    That a transaction has been authorized by a consumer;

11        8.    The dates that any limited time sales offer begins and ends;

12

13        9.    The requirements or terms of the seller's refund or cancellation

14   policies;

15        10.   The identity of the seller, including the seller's name, physical

16   address, and customer service telephone number;

17        11.   The total costs to purchase, receive, or use, and the quantity of,

18   any goods or services that are the subject of the sales offer;

19        12.   Any material restriction, limitation, or condition to purchase,

20   receive, or use goods or services that are the subject of a sales offer;

1              13.    Any material aspect of the performance, efficacy, nature, or

2       central characteristics of a good or service;

3            D.    Providing false information to any bank or other billing entity,

4       directly or indirectly, to contest a consumer's request for a refund, cancellation,

5       chargeback, or reversal of payment;

6            E.    Failing to obtain a consumer's express informed consent by causing

7       billing information to be submitted for payment, or collecting or attempting to

8       collect payment for goods or services without the consumer's express verifiable

9       authorization, which shall include: (a) the customer's signature, including an

10      electronic or digital form of signature that is recognized as a valid signature under

11      federal law; or (b) express oral authorization that is audio-recorded and made

12      available to the customer and the customer's bank or other billing entity and that

13      evidences clearly both the customer's authorization of payment and the

14      customer's receipt of the following information: (i) The number of debits,

15      charges, or payments (if more than one); (ii) the date(s) the debit(s), charge(s), or

16      payment(s) will be submitted for payment; (iii) the amounts of the debit(s),

17      charge(s), or payment(s); (iv) the customer's name; (v) the customer's billing

18      information identified with sufficient specificity such that the customer

19      understands what account will be used to collect payment; (vi) identification of

20

the seller's name, physical address, and telephone number; and (vii) the date of the customer's oral authorization;

F.     Failing to obtaining written authorization signed or similarly authenticated from consumers for Preauthorized Electronic Fund Transfers from the consumer's account; or

G.     Failing to provide a copy of a written authorization signed or similarly authenticated by a consumer for Preauthorized Electronic Fund Transfers from the consumer's account.

## II.     PROHIBITIONS RELATED TO MERCHANT ACCOUNTS

**IT IS FURTHER ORDERED** that Stipulating Defendants, Stipulating Defendants' officers, agents, and employees, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting or offering for sale any good or service, are permanently restrained and enjoined from violating any provision of the Telemarketing Sales Rule, including 16 CFR 310.3(c) of the Telemarketing Sales Act.

## III.     MONETARY JUDGMENT AGAINST STIPULATING DEFENDANTS

**IT IS FURTHER ORDERED** that:

A.     Judgment in the amount of THREE HUNDRED AND TWENTY

THOUSAND SIX HUNDRED AND SIXTY-FIVE DOLLARS AND EIGHTY-

NINE CENTS ($320,665.89) is entered in favor of the Commission against

Stipulating Defendants Alan Argaman and Secured Merchants, LLC, jointly and

severally, as equitable monetary relief.

  B. Stipulating Defendants Alan Argaman and Secured Merchants, LLC

relinquish dominion and all legal and equitable right, title, and interest in all assets

of the Receivership Estate, including the assets identified in Attachment A to this

Order, and may not seek the return of any such assets.

  C. Upon the relinquishment of assets as specified in Subsection III. B.,

the remainder of the judgment is suspended, subject to the Subsections below.

The Commission's agreement to the suspension of part of any judgment is

expressly premised upon the truthfulness, accuracy, and completeness of

Stipulating Defendants' sworn financial statements and related documents

(collectively, "financial representations") submitted to the Commission, namely:

   1. The Financial Statement of Stipulating Defendant Alan

  Argaman signed on February 26, 2018, including all tax filings, bank

  statements, and attachments;

   2. The Financial Statement of Stipulating Defendant Secured

  Merchants, LLC, signed on February 26, 2018, including all tax filings,

  bank statements, and attachments;

3.     The bankruptcy filings of Stipulating Defendant Secured Merchants, LLC, located at Doc. No. 12, case no. 1:17-bk-12058-MT.

4.     The Financial Statement of Defendant Secured Commerce, LLC, signed on July 6, 2016, including all tax filings, bank statements, and attachments;

5.     The Financial Statement of Vbonita, Inc., signed on February 26, 2018, including all tax filings, bank statements, and attachments;

6.     The Financial Statement of E-Commerce Pack, LLC, signed on February 26, 2018, including all tax filings, bank statements, and attachments;

7.     The Financial Statement of Pros Online, Inc., signed on February 26, 2018, including all tax filings, bank statements, and attachments;

8.     The Financial Statement of Inventory Way, Inc. signed on February 26, 2018, including all tax filings, bank statements, and attachments.

9.     The Financial Statement of E-Commerce Pack, Inc., signed on March 19, 2018, including all tax filings, bank statements, and attachments;

D.     The suspension of judgment will be lifted as to Alan Argaman and Secured Merchants, LLC, if upon motion by the Commission, the Court finds that any such

1   Stipulating Defendant, individually or as a corporate representative, failed to

2   disclose any material asset, materially misstated the value of any asset, or made

3   any other material misstatement or omission in the financial representations

4   identified above.

5          E.      If the suspension of the judgment is lifted as to the Stipulating

6   Defendants, the judgment becomes immediately due in the amount specified in

7   Subsection A above, which the parties stipulate only for purposes of this Section

8   represents the unjust enrichment alleged in the Complaint, less any payment

9   previously made pursuant to this Section, plus interest computed from the date of

10  entry of this Order.

11              **IV.    ADDITIONAL MONETARY PROVISIONS**

12          **IT IS FURTHER ORDERED** that:

13          A.      The facts alleged in the Complaint will be taken as true, without

14  further proof, in any subsequent civil litigation by or on behalf of the

15  Commission, including in a proceeding to enforce its rights to any payment or

16  monetary judgment pursuant to this Order, such as a nondischargeability

17  complaint in any bankruptcy case.

18

19          B.      The facts alleged in the Complaint establish all elements necessary to

20  sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the

**STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT
AS TO STIPULATING DEFENDANTS ALAN ARGAMAN AND SECURED MERCHANTS, LLC, ONLY**

1  Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral

2  estoppel effect for such purposes.

3      C.    Stipulating Defendants acknowledge that their Taxpayer

4  Identification Numbers (Social Security Numbers or Employer Identification

5  Numbers), which Stipulating Defendants previously submitted to the Commission,

6  may be used for collecting and reporting on any delinquent amount arising out of

7  this Order, in accordance with 31 U.S.C. § 7701.

8      D.    All money paid to the Commission pursuant to this Order may be

9  deposited into a fund administered by the Commission or its designee to be used

10  for equitable relief, including consumer redress and any attendant expenses for the

11  administration of any redress fund. If a representative of the Commission decides

12  that direct redress to consumers is wholly or partially impracticable or money

13  remains after redress is completed, the Commission may apply any remaining

14  money for such other equitable relief (including consumer information remedies)

15  as it determines to be reasonably related to Defendants' practices alleged in the

16  Complaint. Any money not used for such equitable relief is to be deposited to the

17  U.S. Treasury as disgorgement. Stipulating Defendants have no right to challenge

18

19  any actions the Commission or its representatives may take pursuant to this

20  Subsection.

**STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT**
**AS TO STIPULATING DEFENDANTS ALAN ARGAMAN AND SECURED MERCHANTS, LLC, ONLY**

1    E.    The asset freeze is modified to permit the payments/transfers

2    identified in the Monetary Judgment Section of this Order at Section III. Upon

3    completion of those payments/transfers, the asset freeze is dissolved as to

4    Stipulating Defendants.

5    **V. CUSTOMER INFORMATION**

6    **IT IS FURTHER ORDERED** that Stipulating Defendants, Stipulating

7    Defendants' officers, agents, and employees, and all other persons in active

8    concert or participation with any of them, who receive actual notice of this Order,

9    whether acting directly or indirectly, are permanently restrained and enjoined

10   from directly or indirectly:

11   A.    Failing to provide sufficient customer information to enable the

12   Commission to efficiently administer consumer redress. If a representative of the

13   Commission requests in writing any information related to redress, Stipulating

14   Defendants must provide it, in the form prescribed by the Commission, within 14

15   days.

16   B.    Disclosing, using, or benefitting from customer information,

17   including the name, address, telephone number, email address, social security

18   number, other identifying information, or any data that enables access to a

19   customer's account (including a credit card, bank account, or other financial

20   account), that any Defendant obtained prior to entry of this Order in connection

with the sale of any product through a negative option continuity plan; and

C.    Failing to destroy such customer information in all forms in his possession, custody, or control within 30 days after receipt of written direction to do so from a representative of the Commission.

*Provided, however*, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

## VI. COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that Stipulating Defendants make timely submissions to the Commission:

A.    One year after entry of this Order, each Stipulating Defendant must submit a compliance report, sworn under penalty of perjury:

1.    Each Stipulating Defendant must: (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with that Stipulating Defendant; (b) identify all of that Stipulating Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the

1   means of advertising, marketing, and sales, and the involvement of any

2   other Defendant (which each Stipulating Defendant must describe if he

3   knows or should know due to his own involvement); and (d) describe in

4   detail whether and how that Stipulating Defendant is in compliance with

5   each Section of this Order.

6       2.    Additionally, Stipulating Defendant Alan Argaman must: (a)

7   identify all telephone numbers and all physical, postal, email and Internet

8   addresses, including all residences; (b) identify all business activities,

9   including any business for which he performs services whether as an

10   employee or otherwise and any entity in which he has any ownership

11   interest; and (c) describe in detail his involvement in each such business,

12   including title, role, responsibilities, participation, authority, control, and

13   any ownership.

14   B.    For 5 years after entry of this Order, each Stipulating Defendant must

15   submit a compliance notice, sworn under penalty of perjury, within 14 days of any

16   change in the following:

17       1.    Each Stipulating Defendant must report any change in: (a) any

18   designated point of contact; or (b) the structure of any corporate Defendant

19   or any entity that Stipulating Defendant has any ownership interest in or

20   controls directly or indirectly that may affect compliance obligations arising

1   under this Order, including:  creation, merger, sale, or dissolution of the

2   entity or any subsidiary, parent, or affiliate that engages in any acts or

3   practices subject to this Order.

4           2.      Additionally, Stipulating Defendant Alan Argaman must report

5   any change in: (a) name, including aliases or fictitious names, or residence

6   address; or (b) title or role in any business activity, including any business

7   for which he performs services whether as an employee or otherwise and

8   any entity in which he has any ownership interest, and identify the name,

9   physical address, and any Internet address of the business or entity.

10   C.     Each Stipulating Defendant must submit to the Commission notice of

11   the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding

12   by or against such Stipulating Defendant within 14 days of its filing.

13   D.     Any submission to the Commission required by this Order to be

14   sworn under penalty of perjury must be true and accurate and comply with 28

15   U.S.C. § 1746, such as by concluding:  "I declare under penalty of perjury under

16   the laws of the United States of America that the foregoing is true and correct.

17   Executed on: _____" and supplying the date, signatory's full name, title (if

18   applicable), and signature.

19   E.     Unless otherwise directed by a Commission representative in writing,

20   all submissions to the Commission pursuant to this Order must be emailed to

**STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT
AS TO STIPULATING DEFENDANTS ALAN ARGAMAN AND SECURED MERCHANTS, LLC, ONLY**

**Page    21**

1    DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to:

2    Associate Director for Enforcement, Bureau of Consumer Protection, Federal

3    Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The

4    subject line must begin: *FTC v. BunZai Media Group, Inc.*, *et al.* FTC File No.

5    X150047.

6                               **VII. RECORDKEEPING**

7          **IT IS FURTHER ORDERED** that Stipulating Defendants must create

8    certain records for 5 years after entry of the Order, and retain each such record for

9    5 years. Specifically, Secured Merchants, LLC, and Alan Argaman, for any

10   business that such Stipulating Defendant, individually or collectively with any

11   other Defendant, is a majority owner or controls directly or indirectly, must create

12   and retain the following records:

13         A.    Accounting records showing the revenues from all goods or services

14   sold;

15         B.    Personnel records showing, for each person providing services,

16   whether as an employee or otherwise, that person's:  name; addresses; telephone

17   numbers; job title or position; dates of service; and (if applicable) the reason for

18   termination;

19         C.    Records of all consumer complaints and refund requests, whether

20   received directly or indirectly, such as through a third party, that concern or

STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT
AS TO STIPULATING DEFENDANTS ALAN ARGAMAN AND SECURED MERCHANTS, LLC, ONLY

1 reference: (1) a negative option feature; (2) a continuity plan; or (3) Better

2 Business Bureau ratings or accreditation, and any response;

3      D.    All records necessary to demonstrate full compliance with each

4 provision of this Order, including all submissions to the Commission; and

5 A copy of each unique advertisement or other marketing material that contains

6 any reference to (1) a negative option feature; (2) a continuity plan; or (3) Better

7 Business Bureau ratings or accreditation, unless, in comparison to an

8 advertisement or other marketing material already maintained by Respondent

9 pursuant to this Section, it differs only in the description of the product or service

10 or other ways not related to any representations concerning (1) a negative option

11 feature; (2) a continuity plan; or (3) Better Business Bureau ratings or

12 accreditation.

13                     **VIII. COMPLIANCE MONITORING**

14      **IT IS FURTHER ORDERED** that, for the purpose of monitoring

15 Stipulating Defendants' compliance with this Order, including the financial

16 representations upon which part of any judgment was suspended and any failure to

17 transfer any assets as required by this Order:

18      A.    Within 14 days of receipt of a written request from a representative

19 of the Commission, each Stipulating Defendant must: submit additional

20 compliance reports or other requested information, which must be sworn under

**STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT
AS TO STIPULATING DEFENDANTS ALAN ARGAMAN AND SECURED MERCHANTS, LLC, ONLY**

1  penalty of perjury; appear for depositions; and produce documents for inspection

2  and copying. The Commission is also authorized to obtain discovery, without

3  further leave of court, using any of the procedures prescribed by Federal Rules of

4  Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and

5  69.

6       B.    For matters concerning this Order, the Commission is authorized to

7  communicate directly with each Stipulating Defendant. Stipulating Defendants

8  must permit representatives of the Commission to interview any employee or

9  other person affiliated with any Defendant who has agreed to such an interview.

10  The person interviewed may have counsel present.

11       C.    The Commission may use all other lawful means, including posing,

12  through its representatives as consumers, suppliers, or other individuals or entities,

13  to Stipulating Defendants or any individual or entity affiliated with Stipulating

14  Defendants, without the necessity of identification or prior notice. Nothing in this

15  Order limits the Commission's lawful use of compulsory process, pursuant to

16  Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49 and 57b-1.

17       D.    Upon written request from a representative of the Commission, any

18  consumer reporting agency must furnish consumer reports concerning Stipulating

19  Defendant Alan Argaman pursuant to Section 604(1) of the Fair Credit Reporting

20  Act, 15 U.S.C. §1681b(a)(1).

**STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT**
**AS TO STIPULATING DEFENDANTS ALAN ARGAMAN AND SECURED MERCHANTS, LLC, ONLY**

1

## IX.   RETENTION OF JURISDICTION

2        **IT IS FURTHER ORDERED** that this Court retains jurisdiction of this

3   matter for purposes of construction, modification, and enforcement of this Order.

4
    **SO ORDERED** this ___ day of _____, 2018.
5

6

7                                    _____

8                                    **GEORGE H. WU**
                                     **UNITED STATES DISTRICT JUDGE**
9

10

11

12

13

14

15

16

17

18

19

20

1

**SO STIPULATED AND AGREED:**

2

3

**FOR PLAINTIFF**
**FEDERAL TRADE COMMISSION**

4

5

*/s/ Reid Tepfer*                                    Date:___6/26/18___

6

**REID A. TEPFER**, Texas Bar #24079444
**LUIS H. GALLEGOS**, Oklahoma Bar #19098

7

**ZACHARY KELLER**, Texas Bar #24087838
**DAMA J. BROWN**, Michigan Bar #P54775

8

(214) 979-9395 (Tepfer)
(214) 979-9383 (Gallegos)

9

(214) 979-9382 (Keller)
(214) 979-9374 (Brown)

10

(214) 953-3079 (facsimile)
RTepfer@FTC.gov

11

LGallegos@FTC.gov
ZKeller@ftc.gov

12

Dbrown1@ftc.gov
**COUNSEL FOR FEDERAL TRADE COMMISSION**

13

14

15

16

17

18

19

20

STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT
AS TO STIPULATING DEFENDANTS ALAN ARGAMAN AND SECURED MERCHANTS, LLC, ONLY

1    FOR DEFENDANTS ALAN ARGAMAN AND
     SECURED MERCHANTS, LLC:

2

3

4    _____          Date: 4/11/18
     _____
     SHIA OVED

5    The Law Offices of Shai Oved
     7445 Topanga Canyon Blvd., Suite 220

6    Canoga Park, California 91303
     (818) 992-6588

7    (818) 992-6511 (fax)
     ssoesq@aol.com

8    COUNSEL FOR SECURED MERCHANTS, LLC

9

10

11   _____          Date: 4 - 10 - 18

12   ALAN ARGAMAN, INDIVIDUALLY
     AND AS AN OFFICER OR MANAGER OF
     SECURED MERCHANTS, LLC

13

14

15

16

17

18

19

20

STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT
AS TO STIPULATING DEFENDANTS ALAN ARGAMAN AND SECURED MERCHANTS, LLC, ONLY